**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Gawker Media, LLC |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | FDBA  Gawker Sales, LLC<br>FDBA  Gawker Entertainment, LLC<br>FDBA  Gawker Technology, LLC<br>FDBA  Blogwire, Inc. |
| 3. | Debtor's federal Employer Identification Number (EIN) | 20-3040492 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **114 5th Ave.**<br>**2nd Floor**<br>**New York, NY 10011**<br>Number, Street, City, State & ZIP Code | <br><br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **New York**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | **www.gawker.com** |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

| Debtor | Gawker Media, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.    Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

8129

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| | Debtor | See Attachment | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | | Case number, if known |

| Debtor | Gawker Media, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)

  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

  - ☐ It needs to be physically secured or protected from the weather.
  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - ☐ Other _____

  **Where is the property?** _____

  Number, Street, City, State & ZIP Code

  **Is the property insured?**

  - ☐ No
  - ☐ Yes.    Insurance agency _____
    Contact name _____
    Phone _____

---

**▉ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ■ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | Gawker Media, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  6 / 9 / 2016
MM / DD / YYYY

X _____      William Holden
Signature of authorized representative of debtor      Printed name

Title   **Chief Restructuring Officer**

18. Signature of attorney

X _____      Date 06 / 09 / 2016
Signature of attorney for debtor      MM / DD / YYYY

**Gregg M. Galardi**
Printed name

**Ropes & Gray LLP**
Firm name

**1211 Avenue of the Americas**
**New York, NY 10036-8704**
Number, Street, City, State & ZIP Code

Contact phone   212-596-9000      Email address   gregg.galardi@ropesgray.com

4535506
Bar number and State

## GAWKER MEDIA LLC

### June 9, 2016

I, Nicholas G.A. Denton, Manager of Gawker Media LLC, a Delaware limited liability company (the "Company"), do hereby certify the following:

1. I am the duly qualified and appointed Manager of the Company.

2. Attached hereto as **Exhibit A** is a true, correct, and complete copy of the written consent (the "Resolutions") duly adopted by the sole member of the Company acting pursuant to the Second Amended and Restated Operating Agreement of the Company, as amended by that certain Amendment No. 3 to the Operating Agreement of Gawker Media LLC, dated as of June 7, 2016 (as amended, amended and restated, modified, supplemented or replaced from time to time, the "Operating Agreement").

3. The Resolutions are not inconsistent with the Operating Agreement.

4. The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date
first written above.

By: Nicholas Denton
Title: Manager

**EXHIBIT A**

## RESOLUTIONS OF THE MANAGEMENT
## OF GAWKER MEDIA LLC

WHEREAS, the sole member (the "Member") and the manager (the "Manager" and, together with the Member, the "Management") of Gawker Media LLC (the "Company"), a Delaware limited liability company, do hereby consent to the taking of the following actions and does hereby adopt the following resolutions;

### Chapter 11 Filing

RESOLVED:    That in the judgment of the Management of the Company, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

RESOLVED:    That any officer of the Company, including the Chief Executive Officer, the President or the Chief Restructuring Officer (collectively, the "Authorized Officers") be, and hereby are, authorized to execute and file on behalf of the Company a chapter 11 petition for relief in the Bankruptcy Court.

RESOLVED:    That any Authorized Officer of the Company, acting alone or with one or more other Authorized Officers be, and hereby are, authorized to execute and file on behalf of the Company all schedules, lists and other papers or documents, and to take any and all action which they deem reasonable, advisable, expedient, convenient, necessary or proper to obtain chapter 11 relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

### Retention of Professionals

RESOLVED:    That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ the law firm of Ropes & Gray LLP as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers be, and they are, and each of them acting singly is, authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

RESOLVED:    That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ and retain the firm of Opportune LLP (including

57131232_1

for William Holden of Opportune to serve as the Company's Chief Restructuring Officer), to provide management services, in accordance with the terms of an engagement agreement between the Company and Opportune, LLP (the "Opportune Services Agreement"), to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and they are, and each of them acting singly is, authorized to negotiate the final terms of the Opportune Services Agreement, execute the Services Agreement, and cause to be filed an appropriate application for authority to retain the services of Opportune LLP.

RESOLVED:    That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ and retain the firm of Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), as investment banker in accordance with the terms of an engagement agreement between the Company and Houlihan Lokey (the "HL Services Agreement") to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and they are, and each of them acting singly is, authorized to negotiate the final terms of the HL Services Agreement, execute the HL Services Agreement, and cause to be filed an appropriate application for authority to retain the services of Houlihan Lokey.

RESOLVED:    That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ and retain the firm of Prime Clerk LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and they are, and each of them acting singly is, authorized to negotiate the final terms of Prime Clerk LLC's retention, execute appropriate retention agreements, and cause to be filed an appropriate application for authority to retain the services of Prime Clerk LLC.

RESOLVED:    That the Authorized Officers be, and they hereby are, and each of them acting singly is, authorized to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**Cash Collateral & Adequate Protection**

RESOLVED:    That the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

    a.   The loan and security agreement (as subsequently amended, the "First Lien Credit Agreement") with Silicon Valley Bank ("Silicon Valley Bank"), pursuant to which Silicon Valley Bank agreed to provide to the Company a term loan facility in the aggregate principal amount of $7,666,666.67 (the "First Lien Term Loan") and a letter of credit with an undrawn face amount of $5,302,066.00 (the "First Lien Letter of Credit"). The obligations under the First Lien Credit Agreement are guaranteed by Gawker Media Group, Inc. and Kinja Kft. and are secured on a first priority basis by liens on substantially all of the assets of Gawker Media Group, Inc., Kinja Kft., and the Company.

    b.   The loan and security agreement (the "Second Lien Credit Agreement") with US VC Partners LP ("US VC Partners"), a Delaware limited partnership, pursuant to which US VC Partners agreed to extend a term loan facility to Gawker Media Group, Inc. in the initial amount of $15,000,000 (the "Second Lien Term Loan"). The obligations under the Second Lien Credit Agreement are guaranteed by Gawker Media Group, Inc. and Kinja Kft. and the Second Lien Debt is secured by a second priority lien on substantially all of the assets of the Company, Gawker Media Group, Inc., and Kinja Kft.

RESOLVED:    That in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), to be documented in a proposed order with terms substantially similar to those considered by the Board (the "Cash Collateral Order").

RESOLVED:    That the general terms proposed to be included in the Cash Collateral Order to which the Company will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized and approved, and each of the Authorized Officers of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the terms proposed to be included in the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party, incur and pay or cause to be paid all fees and expenses and engage such persons, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED:    That the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions, and that that the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to secure and maintain use of the Cash Collateral.

RESOLVED:    That each of the Authorized Officers of the Company be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the filing of any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that are deemed necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the Cash Collateral Order.

RESOLVED:    That each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Obligations and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other adequate protection documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**Debtor-In-Possession Financing**

RESOLVED:    That the Company would obtain benefits from debtor-in-possession financing ("DIP Financing") in connection with the chapter 11 case, part of which would be used to satisfy the Company's and subsidiaries' obligations under the First Lien Credit Agreement, depending on the size of the DIP Financing. Accordingly, (a) the Management authorizes and approves (i) the execution, delivery, and performance of a debtor in possession credit agreement (the "Credit Agreement"), in the initial amount of up to $22 million, generally on the terms described to the Management (but with any such changes thereto as the Authorized Officer(s) executing the same shall approve), and any security agreements, guarantee

agreements, other agreements, notes, consents, certificates, amendments, assignments, and instruments in connection therewith (the "Credit Documents," together with the Credit Agreement, the "Financing Documents"), (ii) the granting of a security interest in any assets of the Company as collateral or the guaranty of the obligations of the debtors under the Credit Agreement, and (iii) any transactions effected or to be effected pursuant to the terms and provisions of the Financing Documents; and (b) any Authorized Officer(s) be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the Financing Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Financing Documents and other financing arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the chapter 11 case, such determination to be conclusively evidenced by such execution or taking of such action.

## Sale of Assets

RESOLVED:    That each of the Authorized Officers shall be, and hereby are, authorized to commence the process of marketing and selling the assets of the Company and its subsidiaries outside of a chapter 11 filing and/or in a process approved by the Bankruptcy Court after a chapter 11 filing.  Furthermore, each of the Authorized Officers shall be, and hereby are, authorized to enter into an asset purchase agreement to sell the assets of the Company and its subsidiaries (the "Sale"), which Sale may be subject to potential higher or better offers in a chapter 11 proceeding.  Each of the Authorized Officers are authorized to adjust the terms of the Sale as necessary, including with respect to price and the particular assets to be sold.

## General

RESOLVED:    That each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

RESOLVED:    That the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable,

advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

RESOLVED:   That all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions previously done, on or prior to the date hereof, in the name and on behalf of the Company, in connection with the transactions contemplated by the foregoing resolutions, are in all respects ratified, approved, confirmed and adopted as acts and deeds by and on behalf of the Company.

RESOLVED:   That each of the Authorized Officers (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

RESOLVED:   That all members of the Management of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

IN WITNESS WHEREOF, the undersigned has executed these Resolutions of the Management of Gawker Media LLC as of the date first written above.

**GAWKER MEDIA GROUP, INC.,**
as sole member of Gawker Media LLC

Name: Heather Dietrick
Title:   President

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (the "Debtors") has filed or will file a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors will file a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Gawker Media Group, Inc.

| Company |
| --- |
| Gawker Media Group, Inc. |
| Gawker Media LLC |
| Kinja, Kft. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re                                                  :      Chapter 11
                                                       :
Gawker Media, LLC                                      :      Case No. 16-_____ (   )
                                                       :
                        Debtor.                        :
                                                       :
-------------------------------------------------------x

**LIST OF EQUITY SECURITY HOLDER PURSUANT TO FED. R. BANKR. P 1007(a)(3)**

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Gawker Media Group, Inc. | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name __Gawker Media, LLC__

United States Bankruptcy Court for the: __Southern__ District of __NY__
(State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __6 / 9 / 2016__
MM / DD / YYYY

_____
Signature of individual signing on behalf of debtor

__William D. Holden__
Printed name

__Chief Restructuring Officer__
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
Gawker Media, LLC                             :        Case No. 16-_____ (    )
                                              :
                    Debtor.                   :
                                              :
-------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure

and Rule 7007.1-1 of the Local Bankruptcy Rules for the Southern District of New York, the

following are corporations, other than a governmental unit, that directly or indirectly own 10% or

more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Gawker Media Group, Inc. | 100% |

---

**Fill in this information to identify the case and this filing:**

Debtor Name  Gawker Media, LLC

United States Bankruptcy Court for the:  Southern          District of  NY
                                                                    (State)

Case number (*If known*):  _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑  *Schedule H: Codebtors* (Official Form 206H)

❑  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑  Amended *Schedule* ____

❑  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑  Other document that requires a declaration  Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/09/2016          X _____
             MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                         William D. Holden
                                         Printed name

                                         Chief Restructuring Officer
                                         Position or relationship to debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
Gawker Media, LLC                   :        Case No. 16-_____ (    )
                                    :
            Debtor.                 :
                                    :
-------------------------------------------------------x

## LIST OF CREDITORS HOLDING TOP 20 LARGEST UNSECURED CLAIMS

The above-captioned debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the list of the Debtor's creditors holding the twenty (20) largest unsecured claims based on the Debtor's books and records as of approximately June 9, 2016 (the "Creditor List"). This list is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Creditor List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors. The information contained herein shall neither constitute an admission of liability by, nor bind, the Debtor. The information herein, including the failure of the Debtor to list any claim as contingent, liquidated, or disputed, does not constitute a waiver of the Debtor's right to contest the validity, priority, or amount of any claim.

**Fill in this information to identify the case:**

Debtor Name: Gawker Media, LLC

United States Bankruptcy Court for the Southern District of New York

Case number (if known): _____

• Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Terry Gene Bollea Harder Mirell & Abrams 132 S Rodeo Dr Ste 301 Beverly Hills, CA 90212 | Terry Gene Bollea Harder Mirell & Abrams PHONE: 424-203-1600 FAX: EMAIL: charter@hmafirm.com | Litigation | **Disputed** | | | $130,000,000.00 |
| 2 | Morrison Cohen LLP Attn: General Counsel 909 Third Avenue 27th Floor New York, NY 10022 | Morrison Cohen LLP Attn: General Counsel PHONE: 212-735-8640 FAX: EMAIL: dcohen@morrisoncohen.com | Trade Debt | | | | $115,379.48 |
| 3 | Risk Strategies Company DeWitt Stern Group 420 Lexington Avenue Suite 2700 New York, NY 10170 | Risk Strategies Company DeWitt Stern Group PHONE: 617-330-5700 FAX: EMAIL: | Trade Debt | | | | $82,300.38 |
| 4 | SimpleReach, Inc. Attn: General Counsel 122 W. 27th St., 7th Floor New York, NY 10001 | SimpleReach, Inc. Attn: General Counsel PHONE: 646-398-7633 FAX: EMAIL: ops@simplereach.com | Trade Debt | | | | $82,215.06 |

Debtor__Gawker Media, LLC_____     Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode<br>Name | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|
| 5 | Google Inc. (DoubleClick)<br>Attn: General Counsel<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Google Inc. (DoubleClick)<br>Attn: General Counsel<br>PHONE: 800-786-6139<br>FAX: 212-287-1203<br>EMAIL: collections-us@google.com | Trade Debt | | $67,603.25 |
| 6 | Cloudinary Ltd.Attn: General Counsel111 W. Evelyn Ave. Suite 206<br>Sunnyvale, CA 94086 | Cloudinary Ltd.Attn: General Counsel<br>PHONE:<br>FAX:<br>EMAIL: billing@cloudinary.com | Trade Debt | | $54,022.68 |
| 7 | Krux Digital<br>Attn: General Counsel<br>660 4th St<br>#269<br>San Francisco, CA 94107 | Krux Digital<br>Attn: General Counsel<br>PHONE: 888-415-5789<br>FAX:<br>EMAIL: billing@krux.com | Trade Debt | | $51,143.32 |
| 8 | Fastly<br>Attn: General Counsel<br>475 Brannan St Ste 320<br>San Francisco, CA 94107 | Fastly<br>Attn: General Counsel<br>PHONE:<br>FAX: marketing@fastly.com<br>EMAIL: billing@fastly.com | Trade Debt | | $42,051.23 |
| 9 | Fried, Frank, Harris, Shriver & Jacobson LLP<br>Attn: General Counsel<br>One New York Plaza<br>New York, NY 10004-1980 | Fried, Frank, Harris, Shriver & Jacobson LLP<br>Attn: General Counsel<br>PHONE: 212-859-8000<br>FAX: 212-859-4000<br>EMAIL: annemarie.crouch@friedfrank.com | Trade Debt | | $39,578.48 |
| 10 | Medialink<br>Attn: General Counsel<br>1901 Avenue of the Stars<br>Suite 1775<br>Los Angeles, CA 90067 | Medialink<br>Attn: General Counsel<br>PHONE: (310) 424-4444<br>FAX:<br>EMAIL: accounting@medialink.com | Trade Debt | | $37,800.00 |
| 11 | DataGram<br>Attn: General Counsel<br>500 West Madison Street<br>Suite 801<br>Chicago, IL 60661 | DataGram<br>Attn: General Counsel<br>PHONE: (312) 447-2580<br>FAX:<br>EMAIL: billing@datagram.com | Trade Debt | | $30,006.96 |
| 12 | Getty Images<br>Attn: General Counsel<br>605 5th Avenue South<br>Suite 400<br>Seattle, WA 98104 | Getty Images<br>Attn: General Counsel<br>PHONE: 206-925-5000<br>FAX: 206-925-5623<br>EMAIL: sales@gettyimages.com | Trade Debt | | $29,680.00 |

57165036_1

Debtor__Gawker Media, LLC_____     Case number (if known) _____
　　　　Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 13 | The Hartford Attn: General Counsel One Hartford Plaza Hartford, CT 6155 | The Hartford Attn: General Counsel PHONE: 866-467-8730 FAX: EMAIL: | Trade Debt | | $27,470.60 |
| 14 | JW Player (Longtail Ad Solutions, Inc.) Longtail Ad Solutions, Inc. 8 West 38th Street Floor 6 New York , NY 10018 | JW Player (Longtail Ad Solutions, Inc.) Longtail Ad Solutions, Inc. PHONE: 212-244-0140 FAX: EMAIL: payments@jwplayer.com | Trade Debt | | $22,900.00 |
| 15 | Specless Attn: General Counsel 116 W. Illinois St Suite 6E-M Chicago, IL 60610 | Specless Attn: General Counsel PHONE: 312-212-8491 FAX: EMAIL: steve@gospecless.com | Trade Debt | | $22,500.00 |
| 16 | Moat Inc. Attn: General Counsel 222 S Albany Street#2 Ithaca, NY 14850 | Moat Inc.Attn: General Counsel PHONE: 917-848-1190 FAX: EMAIL: jonah@moat.com | Trade Debt | | $20,443.76 |
| 17 | Google, Inc. (Analytics) Attn: General Counsel 1600 Amphitheatre Parkway Mountain View, CA 94043 | Google, Inc. (Analytics) Attn: General Counsel PHONE: 800-786-6139 FAX: EMAIL: collections-us@google.com | Trade Debt | | $17,500.00 |
| 18 | Brandtale 588 Broadway Ste 503 New York, NY 10012 | Brandtale PHONE: 917-640-4978 FAX: EMAIL: ben@brandtale.com | Trade Debt | | $16,331.25 |
| 19 | STAQ, INC. Attn: General Counsel 44 West 28th Street 14th Floor New York, NY 10001 | STAQ, INC. Attn: General Counsel PHONE: FAX: EMAIL: ar@staq.com | Trade Debt | | $15,750.00 |
| 20 | Shenker & Bonaparte, LLP Attn: General Counsel 1500 SW 1st Ave #765 Portland, OR 97201 | Shenker & Bonaparte, LLP Attn: General Counsel PHONE: 503-294-1118 FAX: EMAIL: brooke@bb-law.net | Trade Debt | | $13,566.84 |

57165036_1

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case and this filing:</b></td></tr>
</table>

Debtor Name  Gawker Media, LLC

United States Bankruptcy Court for the:  Southern    District of  NY
(State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   List of creditors holding 20 largest unsecured claims

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/09/2016
MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of debtor

William D. Holden
Printed name

Chief Restructuring Officer
Position or relationship to debtor