ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtor
and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
:
In re                                           :    Chapter 11
:
Gawker Media, LLC,                              :    Case No. 16-_____ (    )
:
Debtor.                         :
:
----------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER (I) GRANTING A WAIVER OF THE REQUIREMENTS OF LOCAL RULE 1007-2(a), (b), AND (c), AND (II) GRANTING AN EXTENSION OF TIME TO FILE LISTS REQUIRED BY BANKRUPTCY RULE 1007**

Gawker Media, LLC ("Gawker Media"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, granting the Debtor a brief extension of time to file the Debtor's affidavit required under Local Rule 1007-2 (the "Local Rule 1007-2 Affidavit"), to Sunday, June 12, 2016. In support of the Motion, the Debtor incorporates by reference the *Declaration of William D. Holden in Support of Debtor's Motion For an Order (I) Granting a Waiver of the Requirements of Local Rule 1007-2(a), (b), and (c) and (II) Granting an Extension of Time to File Lists Required by Bankruptcy Rule 1007*, annexed

1

57133883_4

hereto as Exhibit B (the "Holden Declaration"). In further support of the Motion, the Debtor, by and through its undersigned proposed counsel, respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(a)(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Procedural Background

4. On the date hereof (the "Petition Date"), the Debtor commenced this bankruptcy cases by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor is operating its business as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in this case.

## Basis for Relief

**A. A Temporary Waiver Pursuant to Local Rule 1007-2(d) is Appropriate**

7. Local Rule 1007-2(a) requires a debtor in a chapter 11 case to file with the petition an affidavit that contains various details related to the debtor's business, expenses, creditors, and assets, among other things. Local Rule 1007-2(b) requires the affidavit to contain financial information related to payroll and expenses if the debtor intends to continue operating

the business. Local Rule 1007-2(d) permits a debtor to request a waiver of the requirements of Local Rule 1007-2(a)-(c), provided that: (i) the Debtor gives notice to the United States Trustee, (ii) provides the information in subsections (1) through (4) of subdivision (a), and (iii) the Debtor shows that "it is impracticable or impossible" to furnish the information required by Local Rule 1007-2.

8. The Debtor respectfully submits that a waiver is appropriate here. As set forth in the Holden Declaration, the Debtor was forced to file a petition for relief under the Bankruptcy Code on an emergency basis, because, this morning, the Debtor was denied a complete, temporary stay in Florida state court to pursue its appellate rights. Specifically, Gawker Media is a defendant in *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.) (the "Bollea Litigation"), and a judgment of $130 million has been issued against Gawker Media. At a hearing this morning, the state court ruled that it would enter an order proposed by the plaintiffs that would permit the plaintiffs to begin the process of executing on the judgment by securing liens on the Debtor's property. Accordingly, the Debtor was forced to file its petition for relief under the Bankruptcy Code on an emergency basis.

9. While the Debtor has worked tirelessly to gather all of the information required by Local Rule 1007-2, given the exigencies of the filing, the Debtor was not able to compile all of the information required by the Rule prior to the filing of the Petition. Accordingly, it is impractical and not possible to file the affidavit containing all of the information set forth in Local Rule 1007-2 today, and the Debtor requires two days (the weekend) to compile and submit the additional information. The Debtor intends to gather the remaining information and file the Local Rule 1007-2 Affidavit and additional motions for "first day" relief no later than Sunday, June 12, 2016.

57133883_4

10. The Debtor respectfully submits that it has provided all of the information required in order to obtain a waiver of the full requirements of Local Rule 1007-2, as set forth in the Holden Declaration. The Holden Declaration sets forth the nature of the Debtor's business and describes the circumstances leading to the Debtor's chapter 11 filing, in satisfaction of Local Rule 1007-2(a)(1). Additionally, annexed as <u>Schedule 1</u> to the Holden Declaration is a list of the holders of the twenty largest unsecured claims, excluding insiders, with all of the details required by Local Rule 1007-2(a)(4).

11. Finally, the Debtor has conferred with the United States Trustee regarding its need to file this petition today and the remaining pleadings over the course of the weekend. Accordingly, the Debtor has met all of the requirements for obtaining a waiver,[1] and respectfully requests this Court enter the Proposed Order.

**B. An Extension of Time to file lists required by Bankruptcy Rule 1007 is Warranted**

12. In relevant part, Bankruptcy Rule 1007(a)(1) requires a debtor to "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms. If the Debtor is a corporation, other than a governmental unit, the debtor shall file with the petition a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1" The Debtor has filed a corporate ownership statement contemporaneously herewith with its petition, and will file a standard motion to prepare and maintain a list of creditors in lieu of submitting a formatted mailing matrix, and file a consolidated list of the Debtors' 50 largest unsecured creditors upon the filing of affiliates.

---

[1] Local Rule 1007-2(d) also requires a Debtor to provide the information set forth in paragraphs (2) and (3) of paragraph (a). The Debtor respectfully submits that neither paragraph (2) nor paragraph (3) apply to the facts and circumstances of the Debtor's case.

4

57133883_4

13.    Rule 1007(a)(5) of the Bankruptcy Rules permits an extension of time for the filing of the lists required by subsection (a) of Rule 1007, "for cause shown." As with the Debtor's request for a waiver of the requirements of Local Rule 1007-2(a), (b), and (c), the Debtor respectfully submits that the requisite "cause" exists here.

**Notice**

14.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the 20 largest unsecured creditors of the Debtor; (iii) counsel to Silicon Valley Bank, as prepetition first lien lender; (iv) counsel to US VC Partners LP, as prepetition second lien lender; (v) the Internal Revenue Service; and (vii) the United States Attorney for the Southern District of New York. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief for the Debtor as may be just or proper.

Dated:  June 10, 2016
New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
jonathan.agudelo@ropesgray.com

*Proposed Counsel to the Debtor
and Debtor in Possession*

# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                                           :

In re                                                :         Chapter 11
                                                     :

Gawker Media, LLC.,                    :         Case No. 16-_____ (    )
                                                   :
                  Debtor.                   :
                                                   :
------------------------------------------------------x

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER
(I) GRANTING A WAIVER OF THE REQUIREMENTS OF LOCAL
RULE 1007-2(a), (b), AND (c), AND (II) GRANTING AN EXTENSION
OF TIME TO FILE LISTS REQUIRED BY BANKRUPTCY RULE 1007**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order") granting a waiver of the requirements of local rule 1007-2(a), (b), and (c), and granting an extension of time to file a motion to address Bankruptcy Rule 1007; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and the Holden Declaration establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or

---

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

1

57133883_4

overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT**:

    1.    The Motion is GRANTED to the extent provided herein.

    2.    Pursuant to Local Rule 1007-2(d) of the Local Rules, the Debtor may file the Debtor's Affidavit required by Local Rule 1007-2(a) on or before June 12, 2016.

    3.    Pursuant to Rule 1007(a)(5) of the Bankruptcy Rules, the Debtor does not need to file the creditor list required by Rule 1007(a) at this time, pending its motion to prepare and maintain a list of creditors in lieu of submitting a formatted mailing matrix.

    4.    The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Motion.

    5.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of the Order.

Dated: _____, 2016
       New York, New York

                                                    UNITED STATES BANKRUPTCY JUDGE

57133883_4

## Exhibit B

## Holden Declaration

57133883_4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                        :
In re                                                   :    Chapter 11
                                                        :
Gawker Media, LLC.,                                     :    Case No. 16-_____ ( )
                                                        :
              Debtor.                                  :
                                                        :
-------------------------------------------------------x

**DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF DEBTOR'S MOTION
FOR AN ORDER (I) GRANTING A WAIVER OF THE REQUIREMENTS OF LOCAL
RULE 1007-2(a), (b), and (c) AND (II) GRANTING AN EXTENSION OF TIME TO
FILE LISTS REQUIRED BY BANKRUPTCY RULE 1007**

I, William D. Holden, hereby certify and declare as follows:

      I am a Managing Director in the restructuring practice of Opportune LLP. I am serving as the Chief Restructuring Officer for Gawker Media, LLC, a Delaware limited liability company ("Gawker Media" or the "Debtor"). The Debtor is the above-referenced debtor and debtor-in-possession in this chapter 11 case currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). I make this declaration in support of the *Debtor's Motion for an Order (I) Granting a Waiver of the Requirements of Rule 1007-2(a), (b), and (c) and (II) Granting an Extension of Time to File Lists Required by Bankruptcy Rule 1007* (the "Rule 1007 Motion").

**I.    OVERVIEW OF THE DEBTOR'S BUSINESS**

    1.    The Debtor, Gawker Media, is a wholly-owned subsidiary of Gawker Media Group, Inc. ("GMGI"). GMGI also owns 100% interest in Kinja, Kft., a corporation incorporated in Hungary ("Kinja", and, together with GMGI and Gawker Media, the "Company").

1

57133883_4

2. Gawker Media is a privately-held, online media company that operates seven distinct media brands with corresponding websites under the names *Gawker*, *Deadspin*, *Lifehacker*, *Gizmodo*, *Kotaku*, *Jalopnik*, and *Jezebel* (the "Websites"), all pursuant to intellectual property owned by and licensed from Kinja. While *Gawker* is the most well-known brand and website, the Company is underpinned by the six other brands identified above, which actually represent a majority of revenues. The Company's commercial flagship is Gizmodo, a technology news brand and website, and the Company's video game, sports, how-to and automotive properties (*Kotaku*, *Deadspin*, *Lifehacker*, *and Jalopnik*) are also leaders in their categories. The Company also licenses its web content internationally to third parties that run similar websites based on the Company's brands, such as *Gizmodo en Espanol*, *Gizmodo Australia*, *Kotaku Australia*, and *Lifehacker Australia*.

3. Gawker Media's various websites cover, among other things, news and commentary on current events, politics, pop culture, sports, cars, fashion, productivity, technology and video games. The Websites have a collective global readership of over 90 million (approximately 50 million in the United States), generally in the age range of 18 to 34 years old. The Debtor is recognized as the only digital media company to grow to scale and viability with minimal external investment. Between 2012 and 2015, the Company experienced high annual growth had revenue in 2015 of approximately $49.9 million. The Company's business is run from leased offices at 114 Fifth Avenue in New York, New York.

4. Gawker Media has five key departments: sales, technology, editorial, legal, and operations. The head of each department reports to Nick Denton. Each of Gawker Media's Websites has its own "editor-in-chief," and those editors report to the Executive Editor. The Websites' individual editors-in-chief manage editorial staff, including writers, to generate

content for the Websites. Other key roles at the company include the executive editor for feature pieces, the manager of publishing partnerships, the executive managing editor, the director of the Debtor's editorial labs, the art direction department, and the video direction department. These individuals provide services across the Websites and brands.

## II.    EVENTS LEADING TO THE DEBTOR'S CHAPTER 11 FILING

5.    Since its inception in 2002 as a single blog operated from Mr. Denton's apartment, the Company has grown into a network of seven branded news and lifestyle Websites, each with millions of readers. Historically, the Company's financial health was good; it survived the 2008-2009 recession and was profitable from 2010 until 2015. However, despite its long-running success and commendable growth trajectory, Gawker Media suffered this year from exorbitant legal expenses and the recent judgment totaling more than $130 million.

6.    Specifically, Gawker Media is a defendant in *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.) (the "Bollea Litigation"), and a judgment of $130 million has been issued against Gawker Media. At a hearing this morning, the state court ruled that it would enter an order proposed by the plaintiffs that would permit the plaintiffs to begin the process of executing on the judgment by securing liens on the Debtor's property. Accordingly, the Debtor was forced to file a petition for relief under the Bankruptcy Code on an emergency basis.

## III.    DEBTOR'S REQUEST FOR WAIVER AND EXTENSION OF TIME

7.    The Debtor and its professionals, including myself and Opportune, are working diligently to gather all of the necessary information as required by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

3

57133883_4

8.      Given the exigency of the Debtor's filing, the Debtor and its professionals are still working to gather, organize, analyze, and summarize the voluminous data as is necessary to compile the schedules and lists required by the Bankruptcy Rules and Local Rules. It is impractical and not possible today to file the affidavit containing all of the information set forth in Local Rule 1007-2, but the Debtor will be prepared to do so in short order.  A brief, two-day extension of time over the weekend will enable the Debtor to complete the necessary work to submit the information required by Sunday, June 12, 2016.

## Conclusion

9.      For all the reasons described herein I respectfully request that the Court grant the relief requested in the Debtor's Rule 1007 Motion.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

By: _____
William D. Holden

Executed On: __6/10/16__

## Schedule 1

## List of Creditors

57133883_4

| Fill in this information to identify the case: | |
|---|---|
| Debtor Name: Gawker Media, LLC | |
| United States Bankruptcy Court for the Southern District of New York | • Check if this is an amended filing |
| Case number (if known): _____ | |

## Official Form 204
**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Terry Gene Bollea<br>Harder Mirell & Abrams<br>132 S Rodeo Dr Ste 301<br>Beverly Hills, CA 90212 | Terry Gene Bollea<br>Harder Mirell & Abrams<br>PHONE: 424-203-1600<br>FAX:<br>EMAIL: charter@HMAfirm.com | Litigation | **Disputed** | | | $130,000,000.00 |
| 2 | Morrison Cohen LLP<br>Attn: General Counsel<br>909 Third Avenue<br>27th Floor<br>New York, NY 10022 | Morrison Cohen LLP<br>Attn: General Counsel<br>PHONE: 212-735-8640<br>FAX:<br>EMAIL: dcohen@morrisoncohen.com | Trade Debt | | | | $115,379.48 |
| 3 | Risk Strategies Company<br>DeWitt Stern Group<br>420 Lexington Avenue<br>Suite 2700<br>New York, NY 10170 | Risk Strategies Company<br>DeWitt Stern Group<br>PHONE: 617-330-5700<br>FAX:<br>EMAIL: | Trade Debt | | | | $82,300.38 |

57133883_4

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 4 | SimpleReach, Inc. Attn: General Counsel 122 W. 27th St., 7th Floor New York, NY 10001 | SimpleReach, Inc. Attn: General Counsel PHONE: 646-398-7633 FAX: EMAIL: ops@simplereach.com | Trade Debt | | | | $82,215.06 |
| 5 | Google Inc. (DoubleClick) Attn: General Counsel 1600 Amphitheatre Parkway Mountain View, CA 94043 | Google Inc. (DoubleClick) Attn: General Counsel PHONE: 800-786-6139 FAX: 212-287-1203 EMAIL: collections-us@google.com | Trade Debt | | | | $67,603.25 |
| 6 | Cloudinary Ltd.Attn: General Counsel111 W. Evelyn Ave. Suite 206 Sunnyvale, CA 94086 | Cloudinary Ltd.Attn: General Counsel PHONE: FAX: EMAIL: billing@cloudinary.com | Trade Debt | | | | $54,022.68 |
| 7 | Krux Digital Attn: General Counsel 660 4th St #269 San Francisco, CA 94107 | Krux Digital Attn: General Counsel PHONE: 888-415-5789 FAX: EMAIL: billing@krux.com | Trade Debt | | | | $51,143.32 |
| 8 | Fastly Attn: General Counsel 475 Brannan St Ste 320 San Francisco, CA 94107 | Fastly Attn: General Counsel PHONE: FAX: marketing@fastly.com EMAIL: billing@fastly.com | Trade Debt | | | | $42,051.23 |
| 9 | Fried, Frank, Harris, Shriver & Jacobson LLP Attn: General Counsel One New York Plaza New York, NY 10004-1980 | Fried, Frank, Harris, Shriver & Jacobson LLP Attn: General Counsel PHONE: 212-859-8000 FAX: 212-859-4000 EMAIL: annemarie.crouch@friedfrank.com | Trade Debt | | | | $39,578.48 |
| 10 | Medialink Attn: General Counsel 1901 Avenue of the Stars Suite 1775 Los Angeles, CA 90067 | Medialink Attn: General Counsel PHONE: (310) 424-4444 FAX: EMAIL: accounting@medialink.com | Trade Debt | | | | $37,800.00 |

57133883_4

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 11 | DataGram<br>Attn: General Counsel<br>500 West Madison Street<br>Suite 801<br>Chicago, IL 60661 | DataGram<br>Attn: General Counsel<br>PHONE: (312) 447-2580<br>FAX:<br>EMAIL: billing@datagram.com | Trade Debt | | | | $30,006.96 |
| 12 | Getty Images<br>Attn: General Counsel<br>605 5th Avenue South<br>Suite 400<br>Seattle, WA 98104 | Getty Images<br>Attn: General Counsel<br>PHONE: 206-925-5000<br>FAX: 206-925-5623<br>EMAIL: sales@gettyimages.com | Trade Debt | | | | $29,680.00 |
| 13 | The Hartford<br>Attn: General Counsel<br>One Hartford Plaza<br>Hartford, CT 6155 | The Hartford<br>Attn: General Counsel<br>PHONE: 866-467-8730<br>FAX:<br>EMAIL: | Trade Debt | | | | $27,470.60 |
| 14 | JW Player (Longtail Ad Solutions, Inc.)<br>Longtail Ad Solutions, Inc.<br>8 West 38th Street<br>Floor 6<br>New York , NY 10018 | JW Player (Longtail Ad Solutions, Inc.)<br>Longtail Ad Solutions, Inc.<br>PHONE: 212-244-0140<br>FAX:<br>EMAIL: payments@jwplayer.com | Trade Debt | | | | $22,900.00 |
| 15 | Specless<br>Attn: General Counsel<br>116 W. Illinois St<br>Suite 6E-M<br>Chicago, IL 60610 | Specless<br>Attn: General Counsel<br>PHONE: 312-212-8491<br>FAX:<br>EMAIL: steve@gospecless.com | Trade Debt | | | | $22,500.00 |
| 16 | Moat Inc.<br>Attn: General Counsel<br>222 S Albany Street#2<br>Ithaca, NY 14850 | Moat Inc.Attn: General Counsel<br>PHONE: 917-848-1190<br>FAX:<br>EMAIL: jonah@moat.com | Trade Debt | | | | $20,443.76 |
| 17 | Google, Inc. (Analytics)<br>Attn: General Counsel<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Google, Inc. (Analytics)<br>Attn: General Counsel<br>PHONE: 800-786-6139<br>FAX:<br>EMAIL: collections-us@google.com | Trade Debt | | | | $17,500.00 |

57133883_4

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 18 | Brandtale 588 Broadway Ste 503 New York, NY 10012 | Brandtale PHONE: 917-640-4978 FAX: EMAIL: ben@brandtale.com | Trade Debt | | | | $16,331.25 |
| 19 | STAQ, INC. Attn: General Counsel 44 West 28th Street 14th Floor New York, NY 10001 | STAQ, INC. Attn: General Counsel PHONE: FAX: EMAIL: ar@staq.com | Trade Debt | | | | $15,750.00 |
| 20 | Shenker & Bonaparte, LLP Attn: General Counsel 1500 SW 1st Ave #765 Portland, OR 97201 | Shenker & Bonaparte, LLP Attn: General Counsel PHONE: 503-294-1118 FAX: EMAIL: brooke@bb-law.net | Trade Debt | | | | $13,566.84 |

57133883_4