ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 11
                                                       :
Gawker Media LLC, *et al.*,[1]                         :   Case No. 16-11700 (SMB)
                                                       :
              Debtors.                                 :   (Joint Administration Requested)
                                                       :
-------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PREPARE A LIST OF CREDITORS IN LIEU OF SUBMITTING
A FORMATTED MAILING MATRIX AND (B) FILE A CONSOLIDATED LIST
OF THE DEBTORS' 50 LARGEST UNSECURED CREDITORS AND
(II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS
OF COMMENCEMENT OF THESE CHAPTER 11 CASES**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and

Kinja Kft. ("Kinja"), the debtors and debtors in possession in the above-captioned chapter 11

cases (together, the "Debtors"), respectfully submit this motion (the "Motion") for entry of an

order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

57129220_3

prepare a list of creditors in lieu of submitting a formatted mailing matrix and (b) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (c) approving the form and manner of notifying creditors of commencement of these chapter 11 cases. In support of the Motion, the Debtors hereby incorporate by reference the *Declaration of William D. Holden in Support of First Day Motions* (the "First Day Declaration").[2] In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 342(a), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007(a)(1) and (d) and 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

---

[2] Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the First Day Declaration.

**Procedural Background**

4.  On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the date hereof, GMGI and Kinja each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.  The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in these cases.

7.  The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the First Day Declaration.

**Relief Requested**

8.  By this Motion, the Debtors seek entry of the order, substantially in the form attached hereto as **Exhibit A** (the "Order"), in accordance with the Court's General Order M-409, (a) authorizing the Debtors to (i) prepare a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor, (ii) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices through their Proposed Notice and Claims Agent (as defined herein) and (b) approving the form and manner of notifying creditors of commencement of these chapter 11 cases.

**Basis for Relief**

9.  Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-1(a) (collectively, the "Notice Rules") require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address,

-3-

57129220_3

and claim of the creditors holding the 20 largest unsecured claims against the debtor. Bankruptcy Rule 2002(a)(1) also provides that the clerk (or other person directed by the court) must give the debtor, the United States trustee, all creditors, and any indenture trustee at least 21 days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

10. The Debtors submit that permitting them to maintain a single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor is warranted under the circumstances of these chapter 11 cases. Specifically, maintaining a single consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties in interest and reduce the potential for duplicate mailings.

11. More specifically, there are three entities that are Debtors in these chapter 11 cases. As of the Petition Date, the Debtors estimate that there are hundreds of potential creditors and parties in interest (on a consolidated basis) in these chapter 11 cases. As such, requiring the Debtors' to comply with the matrix requirements would be a burdensome task and would greatly increase the risk and recurrence of error of information already on computer systems maintained by the Debtors or their agents.

12. Accordingly, the Debtors, working with the Proposed Claims and Noticing Agent (as defined below), have prepared a single, consolidated list of the Debtors' creditors in electronic format. To ensure that no parties in interest are prejudiced, the Debtors will make their consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense).

57129220_3

The Debtors therefore submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

13. In accordance with the Court's General Order M-409, the Debtors will be filing a motion to retain Prime Clerk LLC as their notice and claims agent in these chapter 11 cases (the "Proposed Notice and Claims Agent").[3] If this application is granted, the Proposed Notice and Claims Agent will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database.

14. Specifically, the Debtors propose that the Proposed Notice and Claims Agent undertake all mailings directed by the Court, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), or as required by the section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached hereto as **Exhibit B** (the "Notice of Commencement"). The Debtors believe that using the Proposed Notice and Claims Agent, will promptly provide notices to all applicable parties, thus maximizing efficiency in administering these chapter 11 cases and will ease administrative burdens that otherwise fall upon the Court and the U.S. Trustee. Additionally, the Proposed Notice and Claims Agent will assist the Debtors in preparing creditor lists and mailing initial notices. Accordingly, the Debtors believe maintaining electronic-format lists of creditors rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs.

---

[3] The request to retain the Proposed Notice and Claims Agent will be made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate. *See* 28 U.S.C. § 156(c).

-5-

57129220_3

**I.    Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix**

15.    As stated above, unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, the Notice Rules require a debtor to file a list containing the name and address of each creditor. In addition, and as discussed below, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the 20 largest unsecured claims against the debtor. Further, Bankruptcy Rule 2002(a)(1) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code." Fed. R. Bankr. P. 2002(a)(1). Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

16.    Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these cases. Indeed, because the Debtors have a multitude of potential creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk and recurrence of error with respect to information already on computer systems maintained by the Debtors or their agents.

17.    The Debtors, working together with the Proposed Notice and Claims Agent, already have prepared a single, consolidated list of the Debtors' creditors in electronic format. The Debtors are prepared to make that list available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of the Court.

-6-

18.  The Debtors submit that the proposed maintenance of an electronic list of creditors under the auspices of the Proposed Notice and Claims Agent is consistent with applicable Local Bankruptcy Rules. Local Bankruptcy Rule 1007-1 directs a debtor to comply with any standing orders issued by the Court regarding the filing of creditor lists. Pursuant to Local Rule 5075-1, the debtor must, subject to approval of the Court, retain a claims and noticing agent in a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, as is the case here.

19.  Courts in this jurisdiction have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. See, e.g., In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re Hawker Beechcraft, Inc., No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012); In re United Retail Grp., Inc., No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); In re Eastman Kodak Co., No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012).

II.  **Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Debtors' 50 Largest Unsecured Creditors**

20.  Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).

21.  The Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors. As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured creditors in these chapter 11 cases is appropriate.

22.  Courts in this jurisdiction have approved relief similar to the relief requested in this Motion with respect to filing a single consolidated list of the largest unsecured creditors of a

-7-

57129220_3

debtor and its debtor affiliates.  See, e.g., In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re Hawker Beechcraft, Inc., No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012); In re United Retail Grp., Inc., No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); In re Eastman Kodak Co., No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012).

**III.    Authority to Mail Initial Notices to Creditors**

23.    As stated above, the Debtors request that the Proposed Notice and Claims Agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases.  The Proposed Notice and Claims Agent's assistance with the mailing and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee.  With such assistance, the Debtors can file a computer-readable consolidated list of creditors and also undertake all necessary mailings.

**Reservation of Rights**

24.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Notice**

25.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the 50 largest unsecured creditors of the

Debtors (on a consolidated basis); (iii) counsel to the First Lien Lenders; (iv) counsel to the Second Lien Lenders; (v) the Internal Revenue Service; and (vii) the United States Attorney for the Southern District of New York.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## **No Prior Request**

26.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: June 12, 2016
New York, New York

/s/ Gregg. M. Galardi
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
stacy.dasaro@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :   Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :   Case No. 16-11700 (SMB)
                                                      :
          Debtors.                       :   (Joint Administration Requested)
                                                      :
------------------------------------------------------x

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST OF
CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX AND
(B) FILE A CONSOLIDATED LIST OF THE DEBTORS' 50 LARGEST UNSECURED
CREDITORS AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING
CREDITORS OF COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) authorizing the Debtors to (i) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (ii) file a consolidated list of the debtors' 50 largest unsecured creditors, and (iii) mail initial notices through their Proposed Notice and Claims Agent, (b) approving the form and manner of notifying creditors of commencement of the Debtors' chapter 11 cases, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C §

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

57129220_3

157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3. In lieu of submitting a formatted mailing matrix, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4. The Notice of Commencement of these chapter 11 cases, substantially in the form attached to the Motion as **Exhibit B**, is hereby approved.

5. The Debtors, with the assistance of the Proposed Notice and Claims Agent (upon the Court's approval of the Debtors' retention of the Proposed Notice and Claims Agent), are authorized, but not directed, to undertake all mailings directed by the Court, the U.S. Trustee, or

as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Dated: _____, 2016

                                        UNITED STATES BANKRUPTCY JUDGE

-3-

57129220_3

# Exhibit B

## Form of Notice of Commencement of Chapter 11 Cases

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11
                                                    :
Gawker Media LLC, *et al.*,[1]                      :    Case No. 16-11700 (SMB)
                                                    :
                         Debtors.                   :    (Joint Administration Requested)
                                                    :
------------------------------------------------------x

**NOTICE OF COMMENCEMENT OF CHAPTER 11
CASES AND HEARING ON FIRST DAY MOTIONS**

       **PLEASE TAKE NOTICE** that on June 10, 2016 (the "Petition Date"), Gawker Media LLC ("Gawker Media"), as a debtor and debtor in possession, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Gawker Media's affiliates, Gawker Media Group, Inc. ("GMGI"), and Kinja Kft. ("Kinja"), as debtors

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and GMGI are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja's offices are located at Andrassy ut 66. 1062 Budapest.

57129220_3

and debtors in possession (together with Gawker Media, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court on June 12, 2016.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, in addition to their chapter 11 petitions, the Debtors have filed or will file the following first day motions and related pleadings (collectively, the "First Day Pleadings"):

1. *First Day Declaration.* Declaration of William D. Holden in Support of First Day Motions. [Docket No. [ ]].

2. *Joint Administration Motion.* Debtors' Motion for Joint Administration. [Docket No. [ ]].

3. *Case Management Motion.* Debtors' Motion for Entry of an Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates. [Docket No. [ ]].

4. *Schedules Extension Motion.* Debtors' Motion for Entry of an Order Extending Deadline for Debtors to File Their Schedules of Assets and Liabilities and Statements of Financial Affairs. [Docket No. [ ]].

5. *Consolidated Creditors List Motion.* Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Prepare a list of Creditors in Lieu of Submitting a Formatted Mailing Matrix and (B) File a Consolidated List of the Debtors' 50 Largest Unsecured Creditors and (II) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases.

6. *Cash Management Motion.* Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Continue Using the Debtors' Bank Accounts, Business Forms, and Cash Management System and Granting Related Relief. [Docket No. [ ]].

7. *Wages Motion.* Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing, but Not Directing, Payment of Prepetition Wages, Salaries, Business Expenses, Employee Benefits and Related Items, and (II) Directing All Financial Institutions to Honor Checks for Payment of Such Obligations. [Docket No. [ ]].

8. *Taxes Motion.* Debtors' Motion for Entry of Interim and Final Orders Authorizing Payment of Income Taxes, Property Taxes, Sales and Use Taxes and Hungarian Taxes. [Docket No. [ ]].

57129220_3

9. *Critical Vendors Motion.* Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors and Foreign Vendors and to Continue Paying the Critical Vendors and Foreign Vendors in the Ordinary Course of Business. [Docket No. [ ]].

10. *Insurance Motion.* Debtors' Motion for Entry of Interim and Final Orders Authorizing, but Not Directing, the Debtors to (A) Continue Insurance Coverage Entered into Prepetition, (B) Renew or Purchase New Insurance Policies in the Ordinary Course of Business, and (C) Pay All Prepetition Obligations Relating Thereto. [Docket No. [ ]].

11. *Utilities Motion.* Debtors' Motion for Entry of an Order (A) Prohibiting Utility Companies from Discontinuing, Altering, or Refusing Service, (B) Deeming Utility Companies to Have Adequate Assurance of Payment, and (C) Establishing Procedures for Resolving Requests for Additional Assurance. [Docket No. [ ]].

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider these motions (the "First Day Hearing") has been scheduled by the Court for **June [ ], 2016, at [ ] (prevailing Eastern Time)**, with such hearing to be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 723 at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 in accordance with the Court's schedule. The Debtors have requested that the Court consider the relief requested in the First Day Pleadings on a final basis, in certain cases, or on an interim basis pending a final hearing to be scheduled at a later date. The Debtors will file an agenda in advance of the First Day Hearing once all of the First Day Pleadings have been filed.

**PLEASE TAKE FURTHER NOTICE** that copies of the First Day Pleadings may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

4

**PLEASE TAKE FURTHER NOTICE that *your rights may be affected*.  You should read the First Day Pleadings carefully and discuss them with your attorney, if you have one in connection with the chapter 11 cases.  (If you do not have an attorney, you may wish to consult with one).**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the First Day Pleadings, or if you want the Court to consider your views on the First Day Pleadings, then you or your attorney must attend the First Day Hearing. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the First Day Pleadings and may enter orders granting the relief requested in the First Day Pleadings.

Dated: June 12, 2016
      New York, New York

                              */s/ Gregg M. Galardi*
                              ROPES & GRAY LLP
                              Gregg M. Galardi
                              Jonathan P. Gill
                              Kristina K. Alexander
                              Stacy A. Dasaro
                              1211 Avenue of the Americas
                              New York, NY 10036-8704
                              Telephone: (212) 596-9000
                              Facsimile: (212) 596-9090
                              gregg.galardi@ropesgray.com
                              jonathan.gill@ropesgray.com
                              kristina.alexander@ropesgray.com
                              stacy.dasaro@ropesgray.com

                              *Proposed Counsel to the Debtors*
                              *and Debtors in Possession*