Ropes & Gray LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                      :
In re                                 :        Chapter 11
                                      :
Gawker Media LLC., *et al.*,[1]       :        Case No. 16-11700 (SMB)
                                      :
              Debtors.                :        (Joint Administration Requested)
                                      :
-------------------------------------------------------x

### DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND OMNIBUS HEARING DATES

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and

Kinja Kft. ("Kinja"), debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), respectfully submit this motion (the "Motion") for entry of an

order, substantially in the form attached hereto as Exhibit A, under sections 102(1), 105(a) and

105(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(c), 2002(m),

9006, 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

and rule 2002-2 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Bankruptcy Rules").  In support of the Motion, the Debtors hereby incorporate by

reference the *Declaration of William D. Holden in Support of First Day Motions* (the "First Day

Declaration"), filed concurrently herewith.[2]  In further support of the Motion, the Debtors, by

and through their undersigned proposed counsel, respectfully represent as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 102(1), 105(a) and

105(d) of the Bankruptcy Code, Local Bankruptcy Rules 2002-2 and 9006-2, and General Order

M-399.

### Procedural Background

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.   On the date hereof, GMGI and Kinja each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No official committee of unsecured creditors, nor any trustee or examiner, has

been appointed in these cases.

---

[2]  Capitalized terms but not otherwise defined herein shall have the meanings ascribed in the First Day Declaration.

7.      The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the First Day Declaration.

## Relief Requested

8.      By this Motion, the Debtors seek entry of an order: (a) establishing notice, case management and administrative procedures (the "Case Management Procedures") in this case; (b) directing that all matters be heard at regular monthly hearings to be scheduled in advance, and (c) approving certain filing procedures.  The Debtors further request that, in the event of any conflict between the Case Management Procedures and the Bankruptcy Rules or the Local Bankruptcy Rules, the Case Management Procedures shall govern and supersede.

9.      The proposed Case Management Procedures, among other things: (a) establish requirements for filing and serving Court Filings (as defined herein); (b) delineate standards for notices of hearings and agenda letters; and (c) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines.  Given the size and complexity of these chapter 11 cases, the Debtors believe that implementing the proposed Case Management Procedures will facilitate the fair and efficient administration of these cases and promote judicial economy. Among other things, the proposed Case Management Procedures reduce the need for emergency hearings, provide for omnibus hearings, assure prompt and appropriate notice of matters affecting parties' interests, allow for electronic notice pursuant to the Court's electronic filing system, and reduce the administrative burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these chapter 11 cases, and reduce the administrative burdens on the Court and the clerk of the Court.

## I.    Filing and Service Procedures

10.    All notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies and other documents filed in support  of such papers seeing relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (the "Objections", and together with the Requests for Relief and all other filed documents, the "Court Filings") filed in these chapter 11 cases shall be filed electronically with the Court on the Docket of *In re Gawker Media LLC*, Case No. 16-11700 (SMB), in accordance with the Court's General Order M-399.  Further, pursuant to Local Bankruptcy Rule 9070-1, at least one hard copy of any Court Filing (other than proofs of claim) shall be (a) marked "Chambers Copy" and delivered to the chambers of the Honorable Judge Stuart M. Bernstein, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1418, not later than the next business day following the date on which such Court Filing is electronically filed, and (b) delivered by first class mail to the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") Attn: Greg Zipes and Susan Arbeit.

### A.  The Service List

11.    All Court Filings (as defined herein) (other than proofs of claim) shall be served on the following parties (collectively, the "Service List") according to the following notice procedures:

> (a) **Master Service List**.  Except for those notices and related pleadings supplied by the Debtors pursuant to Bankruptcy Rules 2002(a)(1), 2002(a)(4), 2002(a)(7), 2002(b), 2002(d), 2002(f)(1), 2002(f)(2), 2002(f)(3) and 2002(f)(7), and unless otherwise provided by the Case Management Order or another order of this Court, every motion, application, complaint, objection, notice brief, memorandum, affidavit, declaration or other writing filed in these cases (including notices and order by the Court, but not including proofs of claim or proofs of interest) (collectively, the "Filings") shall be served by e-mail (in electronic PDF format) upon the following parties (collectively, the "Master Service List"), except the

4

U.S. Trustee, who shall be served only by regular U.S. mail, fax, or overnight delivery service:

    (i)    the Debtors and their counsel;

    (ii)    the U.S. Trustee;

    (iii)    the Internal Revenue Service;

    (iv)    the United States Attorney for the Southern District of New York,

    (v)    any other federal, state, or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or order of the Court;

    (vi)    counsel to the First Lien Lender

    (vii)    counsel to the Second Lien Lender

    (viii)    those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

(b)    **Rule 2002 List**.  Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "Rule 2002 List").[3]

    (i)    Any creditor or party-in-interest who files a notice of appearance and a request for service of papers pursuant to Bankruptcy Rule 2002 (a "Notice Request") shall be deemed to have consented to electronic service of papers.  The Debtors request that a valid Notice Request be required to include: (a) the party's name and address; (b) the name of the client (unless the party is appearing solely on its own behalf); (c) an e-mail address at which the requesting party can be served; (d) an address at which the requesting party may be served by United States mail, hand delivery, and overnight delivery; and (e) a facsimile number for the requesting party.  Furthermore, the Debtors request that, notwithstanding Bankruptcy Rules 2002 and 9010(b), no Notice Request be deemed effective unless all of the foregoing requirements are satisfied.  The Debtors shall be responsible for maintaining an updated list of those who have submitted proper notice requests.

    (ii)    Any individual or entity filing a Notice Request who does not maintain (and cannot practicably obtain) an email address and, thus, cannot receive service by e-mail must include in its Notice Request a certification to that effect (the "Certification").  The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail.  Such individual entity will thereafter receive paper service.

---

[3] The Debtors will file a motion seeking this Court's approval of the retention of Prime Clerk LLC, as the claims and noticing agent (the "Claims and Noticing Agent") for these chapter 11 cases.

56586061_7

     (iii)     If a Notice Request fails to include an e-mail address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within ten (10) business days specifically requesting an e-mail address.  If no e-mail address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of the Filings filed in these cases unless such pleadings and/or documents directly affect such party.

    (c)  **Affected Parties**. In addition, any party whose interests are directly affected by a specific pleading shall be deemed to be included on the Master Service List for any such pleading.

12.      **Maintenance of the Service List**. At least every 15 days during the first 60 days of these chapter 11 cases, and at least 30 days thereafter, Prime Clerk shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website (together, the "Monthly Service List"), but shall periodically post a copy of the Monthly Service List to the case website, and upon the written request of a creditor or other party in interest shall provide a copy of the Monthly Service List.

**B. Filing and Service of Court Filings Generally**

13.      **Service by Electronic Mail**.  All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via e-mail where available on the Master Service List (except for the U.S. Trustee, who shall be served in hard copy format), other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  All other parties shall be served in hard copy format.  Subject to the limited exclusions, each party that files a notice of appearance and a Notice request shall be deemed to have consented to electronic service of all Court Filings, except as provided below. Service by email shall be subject to the following rules:

    (a)    **Email Subject Line**.  With respect to the service of any Filing, the subject line of the e-mail shall include the following: (i) the Debtors' jointly administered case

name and case number; (ii) the name of the party serving such Filing; and (iii) the title or a summary of the Filing being served.

(b)     **Email Attachments**.  All Filings served by e-mail shall include access to a computer file containing the entire document, including any proposed form of order and exhibits, attachments or other materials in PDF format.  The relevant Filing shall either be attached to the email in the format specified above or the email shall contain a link to the Filing in such format.

(c)     **Alternative Service**.  Notwithstanding the foregoing, if a party is unable to serve a Filing by e-mail due to technological difficulties (i.e., the electronic file is too large or the party's e-mail system is not functioning at the time of service), service by such party, including those parties on the Master Service List, shall be adequate if by U.S. mail or hand or overnight delivery.

14.     **Waiver of Filing Deadlines**.  If any Court filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set forth in rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

15.     **Form of Papers**.  Unless granted prior permission, motions, applications, and objections are limited to 40 pages and replies and statements are limited to 20 pages.  All Court Filings (other than exhibits) shall be double-spaces, 12-point font, with one-inch margins.

16.     **Certificates of Service**.  Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

17.     **Right to Request Special Notice Procedures**.  Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

56586061_7

18.      **Section 342 Requirements**. Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

19.      **Special Service Rules.**  In addition to serving the parties on the Master Service List, the Debtors propose that pleadings or notices for which particular notice is required by Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), 4001, 6004, 6006, 6007 or 9019 be served by e-mail or United States first class mail on the parties identified on the Master Service List (and the Rule 2002 List if such Filing is a motion) and on any person or entity known to have a particularized interest in the subject of the Filing, in accordance with the following procedures, unless otherwise authorized by this Court:

(a)      filings related to the use, sale, lease or abandonment of property other than in the ordinary course of business will be served on each entity asserting an interest in the property;

(b)      filings related to relief from, or otherwise related to, the automatic stay will be served on each entity asserting a lien or encumbrance on the affected property;

(c)      filings relating to the use of cash collateral or obtaining credit will be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted;

(d)      filings relating to approval of proposed compromises or settlements under Bankruptcy Rule 9019 will be served on any entity that is a party to the compromise or settlement or which may be directly and adversely affected thereby;

(e)      filings relating to rights under section 365 of the Bankruptcy Code will be served on each party to the executory contract(s) or unexpired lease(s) affected thereby;

(f)      filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases; and

(g)    notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors, unless otherwise ordered by the Court.

20.    In addition, pleadings and other documents filed by the Debtors and other parties with the Court will be available on the Internet either free of charge on the Claims and Noticing Agent's website at https://cases.primeclerk.com/gakwer or from www.nysb.uscourts.gov (a PACER login and password are required to access the Court's PACER system).  Upon request of any party, the Debtors will provide copies of any filings in these cases at the expense of the requesting party.

**B.    Hearing Procedures**

21.    **Omnibus Hearings**.  The Debtors request that the Court schedule regular omnibus hearings to consider all notices, motions, application and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief, and all objections and responses to such request for relief (collectively, the "Omnibus Hearings").  Unless otherwise ordered by the Court for good cause shown, the Debtors request that all matters will be heard initially at these Omnibus Hearings.  If Omnibus Hearing dates are known in advance, parties will be better able to plan for hearings, thus reducing the need for emergency hearings and/or expedited relief and fostering the consensual resolution of important matters.  Accordingly, this relief will likely minimize the costs and expenses associated with the otherwise numerous, and potentially irregularly scheduled, hearing dates.  The Debtors request that the Court establish the initial schedule of Omnibus Hearings in its initial Order approving case management procedures.  Thereafter, the Debtors request that the Court establish a schedule of additional Omnibus Hearing dates based on the needs of the case, the dates and times of which shall be set forth in separate orders of the Court and shall be served

on the Monthly Service List.  All Omnibus Hearings shall be scheduled in an available courtroom at The United States Bankruptcy Courthouse, One Bowling Green, New York, New York, 10014.

22.    **Hearing Agenda**.  The Debtors propose to file a hearing agenda (the "Agenda") with the Court and serve on the Master Service List a proposed hearing agenda no later than noon (ET), two (2) business days prior to any Omnibus Hearing Date.  The Agenda will include, to the extent known by Debtors' counsel: (a) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) other comments that will assist the Court; and (e) a suggestion for the order in which the matters should be addressed.  The Debtors may file an amended Agenda to reflect any changes to the Agenda at any time prior to an Omnibus Hearing Date.

23.    **Telephonic Appearances at Hearings**.  If a party desires to participate in a hearing by telephone, such party must request permission from Chambers by e-mail at least two (2) business days prior to the scheduled hearing, and should be prepared to provide the following information: (a) name of party that the attorney is representing; (b) the motion on which the attorney intends to argue; and (c) the reason that a telephonic appearance is necessary.  Those parties participating by telephone may not use speakerphones, unless first authorized by the Court; by reason of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.  Parties participating by telephone must put their phones on "mute" except when they need to be heard. Parties so participating are not to put their phones on "hold" in any circumstances.

56586061_7

24.     **Listen-Only Lines**.  Any party may attend hearings through a listen-only line. For the avoidance of doubt, any party wishing to use a listen-only line need not seek permission from the Debtors or the Court.

25.     **Evidentiary Hearing**.  With respect to any Court Filing, if any objection or other responsive pleading is filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify, unless the Proposed Hearing Agenda provides otherwise. Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (e.g., declarations, affidavits, and exhibits).

**C.     General Motion Practice**

26.     The Debtors request that the following procedures be followed for motions and objections generally, except those filed by non-debtor parties seeking relief pursuant to section 362 of the Bankruptcy Code:

> (i)     **Ordinary Scheduling Procedures**.    Any motion or professional retention application, other than fee applications, shall be filed and served at least 14 calendar days prior to an Omnibus Hearing or other scheduled hearing in order to be heard at that hearing, not taking into account Bankruptcy Rule 9006(f).  If a Motion is to be served by U.S. Mail only, it must be filed and served at least 17 days prior to the hearing.

> (ii)    **Service**.  Each motion shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and the Case Management Order, with a hard copy to Chambers. In addition, each motion shall state in the upper right-hand corner of its caption the objection date and time for the Motion and the hearing date and time for the motion.

> (iii)   **Objections**.  Any objection to a motion (an "Objection") shall be filed and served, with a hard copy to Chambers, no later than 4:00 p.m. (ET) on the earlier of (i) ten (10) days after the date of the filing of a Motion (13 days if the motion is served by regular U.S. Mail) or (ii) the date that is five (5) days prior to the date of the Omnibus Hearing at which the motion is scheduled to be heard.  The movant and objecting party may

11

mutually agree to extend such deadline.  The Objection shall be served upon the movant, the parties on the Master Service List and such parties upon whom the motion was required to be served pursuant to the Case Management Order.  The Objection deadline may be extended without further order of the Court upon the consent of the entity filing the original motion.

(iv)   **Certificate of No Objection**.  If no Objection(s) is filed and served in a timely fashion, the movant may submit an order granting the relief requested in the motion to the Court along with a Certificate of No Objection ("CNO") stating that no Objection has been filed or served on the movant, and including a copy of the motion and its exhibits.  By filing the CNO, counsel for the movant is representing to the Court that the movant is unaware of any Objection to the motion and that counsel has reviewed the Court's docket and no Objection appears thereon. Upon receipt of the CNO, the Court may enter the order submitted with the CNO without conducting a hearing.

(v)   **Replies**.  If an Objection is filed, the movant or another interested party may file and serve a reply to the Objection, with a hard copy to Chambers, by no later than 12:00 p.m. (ET) on the business day prior to the date of the Omnibus Hearing.

(vi)   **Affidavits of Service**.  With respect to all Filings, an appropriate affidavit of service indicating the party serving the Filing, the parties on which the Filing was served, and the date and manner of service shall be filed with the Court within three (3) business days of such service. Parties may certify in an affidavit of service that they have served the Filing on a Master Service List by referencing such list and the date thereof in an affidavit of service.  Such reference shall obviate the need to attach the Master Service List or the addresses included therein to the affidavit of service.  All other parties not on such list who have been served shall be identified by name and service address.

27.   **Motion Practice for Lift Stay Actions**.  The Debtors request that motions filed by non-debtor parties seeking relief pursuant to section 362 ("362 Motion") of the Bankruptcy Code and objections thereto shall be governed by the following procedures:

(a)   **Filing**.  Any 362 Motion shall be filed and served at least 20 days prior to an Omnibus Hearing to be heard initially at such hearing.

(b) **Service of 362 Motions**.  Each 362 Motion shall be served in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, and the provisions of the Case Management Order.

(c) **Schedule of Hearing**.  If the Omnibus Hearing at which such 362 Motion is heard is more than 30 days after the date of service of the 362 Motion, the movant shall be deemed to have consented to the continuation of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until such Omnibus Hearing.  If parties agree to adjourn a hearing on a 362 Motion, any such adjournment shall constitute consent to the continuation of the automatic stay pursuant to section 362(e) of the Bankruptcy Code.

(d) **Objections to 362 Motions**.  Any Objections to a 362 Motion shall be filed and served, with a hard copy to Chambers, no later than 4:00 p.m. (ET) on the date that is five (5) days prior to the date of the Omnibus Hearing at which the motion is scheduled to be heard.

(e) **362 Waivers**.  To prevent the expiration of the 60-day period set forth in section 362(e)(2) of the Bankruptcy Code, the Debtors or any party objecting to the 362 Motion may file a motion with the Court on shortened notice, which shall be no less than three (3) business days, seeking the entry of an order by the Court containing findings extending such period for cause, and a hearing will be scheduled promptly on such motion

28.    **Request for Emergency Hearings or Shortening of Time**.  Nothing herein shall prejudice (a) the rights of any party-in-interest to move the Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency or ex parte consideration or consideration upon shortened time, or (b) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

29.    **Bridge Orders Not Required in Certain Circumstances**.  Pursuant to Local Bankruptcy Rule 9006-2, the Debtors request that when a motion to extend time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or order of the Court, the time to take such action shall be

automatically extended until the Court acts on the motion, as long as the movant files the motion

with a return date that is no later than fourteen (14) days after the filing of such motion.

**D.      Additional Case Management Procedures**

30.      **Adversary Proceedings**.  Notwithstanding anything to the contrary herein, the

prosecution of any adversary proceedings commenced in this case shall be subject to the Court's

general case management procedures for adversary proceedings or any separate case

management and scheduling orders entered with respect to such adversary proceedings.

31.      **Modifications of the Case Management Procedures**.  Nothing in the Case

Management Order shall prejudice the rights of any party-in-interest to seek an amendment or

waiver of the provisions of the Case Management Procedures upon a showing of good cause.

32.      **Honoring Waiver of the 21-Day Objection Period for Transfers**.  If an

evidence of transfer of a claim is filed with the Court pursuant to Bankruptcy Rule 3001(e), and

if the evidence of transfer or notice thereof executed by the parties purports to waive the 21-day

notice and objection period required under Bankruptcy Rule 3001(e), then  the Claims and

Noticing Agent may process the transfer of claim to change the name and address of the claimant

of such claim to reflect the transfer, and the effective date of such transfer will be date the

evidence of such transfer was docketed in the case.

**Basis for Relief**

33.      Under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order,

process or judgment that is necessary or appropriate to carry out the provisions" of the

Bankruptcy Code. 11 U.S.C. § 105(a).  The Bankruptcy Code, the Bankruptcy Rules, and the

Local Bankruptcy Rules provide the Court with authority to approve notice, case management,

and administrative procedures.

14

34.    The Debtors believe that adopting the Case Management Procedures will significantly reduce the administrative and economic burden placed on this Court, the Debtors, creditors, and parties-in-interest with respect to hearings and the filing and serving of documents in these cases.

35.    In addition, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties-in-interest.  The Bankruptcy Rules further provide, however, that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, . . . the form and manner in which the notice shall be given."). Local Bankruptcy Rule 2002-2 also allows this Court to set notice requirements and objections deadlines that are appropriate under the facts and circumstances of this case.

36.    Furthermore, General Order M-399 provides that:

> Whenever service is required to be made on a person who has requested, or is deemed to have requested, electronic notice in accordance with Federal Rule of Bankruptcy Procedure 9036 or [General Order M-399], the service may be made by serving the 'Notice of Electronic Filing' generated by the [Electronic Filing] System by e-mail, facsimile or hand delivery in the first instance, or by overnight mail if service by e-mail, facsimile or hand delivery is impracticable.  The Court's issuance of an account to [an Electronic Filing] System user constitutes a waiver of conventional service with respect to that user, who agrees to accept service in the manner described in the previous sentence.  The automatic e-mailing of the 'Notice of Filing' generated by the [Electronic Filing] System does not constitute service.

General Order M-399.  Accordingly, any party submitting a document pursuant to the Court's electronic filing system already has consented to electronic service as provided by the proposed

order, and no such party will be prejudiced by electronic service.  Such registered participants

will receive a "Notice of Electronic Filing" via e-mail whenever a filing is affected, which will

provide additional notice to such parties.  If a party cannot reasonably obtain access to e-mail,

then such party may seek an exemption from electronic service pursuant to the General Order M-

399 to receive paper copies of any documents.  No party will be affected adversely by the

proposed electronic service set forth therein.

37.    In addition, the costs and burdens associated with the possibility of numerous,

fragmented hearings, plus the costs associated with copying and mailing or otherwise serving all

filings to parties without the limitation proposed herein, will impose an administrative and

economic burden on the Debtors' estates, this Court, and the parties-in-interest.  Indeed, mass

mailings could be costly to the Debtors' estates and would require the Debtors to divert limited

resources to comply with all administrative requirements.

38.    Under the Case Management Procedures proposed herein, all parties-in-interest

who may be directly affected by the relief sought by a particular filing will receive notice of that

filing directly from the party submitting such documents to the Court well in advance of the

applicable Omnibus Hearing Date.  Accordingly, all parties will be assured of receiving

appropriate notice of matters affecting their interests and an ample opportunity to prepare and

respond.  Thus, no party will be adversely affected by such procedures.

### Notice

39.    Notice of this Motion has been provided to: (i) the Office of the United States

Trustee for the Southern District of New York; (ii) the 30 largest unsecured creditors of the

Debtors (on a consolidated basis); (iii) counsel to the First Lien Lender; (iv) counsel to the

Second Lien Lender; (v) the Internal Revenue Service; and (vi) the United States Attorney for

16

the Southern District of New York.  In light of the nature of the relief requested, the Debtors

submit that no other or further notice is necessary.

**No prior request**

40.     No previous motion for the relief requested herein has been made to this or to any

other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion

and such other and further relief for the Debtors as may be just or proper.

Dated: June 12, 2016
New York, New York

*/s/ Gregg M. Galardi*_____
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
stacy.dasaro@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

## Exhibit A

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
Gawker Media LLC, *et al.*,[1]      :        Case No. 16-11700 (SMB)
                                    :
            Debtors.                :        (Joint Administration Requested)
                                    :
-------------------------------------------------------x

## ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND OMNIBUS HEARING DATES

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order") limiting notice and establishing case management and administrative procedures in the Debtors' chapter 11 cases; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests of this estate, its creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Case Management Procedures attached as Exhibit 1 are approved to the extent set forth herein and shall govern all applicable aspects of this case, except as otherwise ordered by the Court.

3.      The first three Omnibus Hearing dates are scheduled on:

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft's offices are located at Andrassy ut 66. 1062 Budapest, Hungary.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

i.        _____, 2016, at _____

ii.       _____, 2016, at _____

iii.      _____, 2016, at _____

4.        All Omnibus Hearings shall be heard in Courtroom 723 at The United States Bankruptcy Court Southern District of New York, One Bowling Green, New York, New York, 10004.

5.        The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in this case except to the extent that any provision of this Order by its terms is superseded or is inconsistent with such rules.

6.        The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.        The Debtors shall serve a copy of this Order within five (5) business days after entry hereof upon the Master Service List and Rule 2002 List.  Notice served pursuant to the preceding sentence shall be via e-mail or first class mail.

8.        The Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.


Dated: _____, 2016
          New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

56586061_7

## **Exhibit 1**

**Case Management Procedures**

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

**I. Filing and Service Procedures**

1.      All notices, motions, applications, and other requests for relief, briefs,

memoranda, affidavits, declarations, replies and other documents filed in support  of such papers

seeing relief (collectively, the "Requests for Relief"), and all objections and responses to such

Requests for Relief (the "Objections", and together with the Requests for Relief and all other

filed documents, the "Court Filings") filed in these chapter 11 cases shall be filed electronically

with the Court on the Docket of *In re Gawker Media LLC*, Case No. 16-11700 (SMB), in

accordance with the Court's General Order M-399.  Further, pursuant to Local Bankruptcy Rule

9070-1, at least one hard copy of any Court Filing (other than proofs of claim) shall be (a)

marked "Chambers Copy" and delivered to the chambers of the Honorable Judge Stuart M.

Bernstein, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-

1418, not later than the next business day following the date on which such Court Filing is

electronically filed, and (b) delivered by first class mail to the Office of the United States Trustee

for the Southern District of New York (the "U.S. Trustee") Attention Greg Zipes and Susan

Arbeit.

**C.  The Service List**

2.      All Court Filings (as defined herein) (other than proofs of claim) shall be served

on the following parties (collectively, the "Service List") according to the following notice

procedures:

(a) **Master Service List**.  Except for those notices and related pleadings supplied by
the Debtors pursuant to Bankruptcy Rules 2002(a)(1), 2002(a)(4), 2002(a)(7),
2002(b), 2002(d), 2002(f)(1), 2002(f)(2), 2002(f)(3) and 2002(f)(7), and unless
otherwise provided by the Case Management Order or another order of this Court,

every motion, application, complaint, objection, notice brief, memorandum, affidavit, declaration or other writing filed in these cases (including notices and order by the Court, but not including proofs of claim or proofs of interest) (collectively, the "Filings") shall be served by e-mail (in electronic PDF format) upon the following parties (collectively, the "Master Service List"), except the U.S. Trustee, who shall be served only by regular U.S. mail, fax, or overnight delivery service:

   (i)    the Debtors and their counsel;

   (ii)   the U.S. Trustee;

  (iii)   the Internal Revenue Service;

  (iv)   the United States Attorney for the Southern District of New York,

   (v)    any other federal, state, or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or order of the Court;

  (vi)   counsel to the First Lien Lender

 (vii)   counsel to the Second Lien Lender

(viii)   those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

(b) **Rule 2002 List**.  Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "Rule 2002 List").

   (i)    Any creditor or party-in-interest who files a notice of appearance and a request for service of papers pursuant to Bankruptcy Rule 2002 (a "Notice Request") shall be deemed to have consented to electronic service of papers.  The Debtors request that a valid Notice Request be required to include: (a) the party's name and address; (b) the name of the client (unless the party is appearing solely on its own behalf); (c) an e-mail address at which the requesting party can be served; (d) an address at which the requesting party may be served by United States mail, hand delivery, and overnight delivery; and (e) a facsimile number for the requesting party.  Furthermore, the Debtors request that, notwithstanding Bankruptcy Rules 2002 and 9010(b), no Notice Request be deemed effective unless all of the foregoing requirements are satisfied.  The Debtors shall be responsible for maintaining an updated list (the "2002 List") of those who have submitted proper notice requests.

   (ii)   Any individual or entity filing a Notice Request who does not maintain (and cannot practicably obtain) an email address and, thus, cannot receive service by e-mail must include in its Notice Request a certification to that effect (the "Certification").  The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail

address at which the individual or entity could receive service by e-mail. Such individual entity will thereafter receive paper service.

(iii)    If a Notice Request fails to include an e-mail address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within ten (10) business days specifically requesting an e-mail address.  If no e-mail address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of the Filings filed in these cases unless such pleadings and/or documents directly affect such party.

(c)  **Affected Parties**. In addition, any party whose interests are directly affected by a specific pleading shall be deemed to be included on the Master Service List for any such pleading.

3.      **Maintenance of the Service List**. At least every 15 days during the first 60 days of these chapter 11 cases, and at least 30 days thereafter, Prime Clerk shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website. (together, the "Monthly Service List"), but shall periodically post a copy of the Monthly Service List to the case website, and upon the written request of a creditor or other party in interest shall provide a copy of the Monthly Service List.[6]

**D.  Filing and Service of Court Filings Generally**

4.      **Service by Electronic Mail**.  All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via e-mail where available on the Master Service List (except for the U.S. Trustee, who shall be served in hard copy format), other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  All other parties shall be served in hard copy format.  Subject to the limited exclusions, each party that files a notice of appearance and a Notice request shall be deemed to

---

[6] The Debtors have filed contemporaneously herewith a motion seeking this Court's approval of the retention of Prime Clerk LLC, as the claims and noticing agent (the "Claims and Noticing Agent") for these chapter 11 cases.

have consented to electronic service of all Court Filings, except as provided below. Service by

email shall be subject to the following rules:

(a) **Email Subject Line**.  With respect to the service of any Filing, the subject line of the e-mail shall include the following: (i) the Debtors' jointly administered case name and case number; (ii) the name of the party serving such Filing; and (iii) the title or a summary of the Filing being served.

(b) **Email Attachments**. All Filings served by e-mail shall include access to a computer file containing the entire document, including any proposed form of order and exhibits, attachments or other materials in PDF format.  The relevant Filing shall either be attached to the email in the format specified above or the email shall contain a link to the Filing in such format.

(c) **Alternative Service**.  Notwithstanding the foregoing, if a party is unable to serve a Filing by e-mail due to technological difficulties (i.e., the electronic file is too large or the party's e-mail system is not functioning at the time of service), service by such party, including those parties on the Master Service List, shall be adequate if by U.S. mail or hand or overnight delivery.

5. **Waiver of Filing Deadlines**.  If any Court filing is filed and served electronically

via the Electronic Filing System, the filing deadlines requiring three additional days' notice set

forth in rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary

proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

6. **Form of Papers**.  Unless granted prior permission, motions, applications, and

objections are limited to 40 pages and replies and statements are limited to 20 pages.  All Court

Filings (other than exhibits) shall be double-spaces, 12-point font, with one-inch margins.

7. **Certificates of Service**.  Certificates of service for all Court Filings, including the

Service List, need only be filed with the Court.

8. **Right to Request Special Notice Procedures**.  Nothing in the Case Management

Procedures shall prejudice the right of any party to seek an amendment or waiver of the

provisions of the Case Management Procedures upon a showing of good cause including,

without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon

shortened notice.

9.      **Section 342 Requirements**. Any notice sent by the Debtors or any other party in

interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the

Bankruptcy Code.

10.      **Special Service Rules.**  In addition to serving the parties on the Master Service

List, the Debtors propose that pleadings or notices for which particular notice is required by

Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), 4001, 6004, 6006, 6007 or 9019 be served

by e-mail or United States first class mail on the parties identified on the Master Service List

(and the Rule 2002 List if such Filing is a motion) and on any person or entity known to have a

particularized interest in the subject of the Filing, in accordance with the following procedures,

unless otherwise authorized by this Court:

    (a)    filings related to the use, sale, lease or abandonment of property other than in the ordinary course of business will be served on each entity asserting an interest in the property;

    (b)    filings related to relief from, or otherwise related to, the automatic stay will be served on each entity asserting a lien or encumbrance on the affected property;

    (c)    filings relating to the use of cash collateral or obtaining credit will be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted;

    (d)    filings relating to approval of proposed compromises or settlements under Bankruptcy Rule 9019 will be served on any entity that is a party to the compromise or settlement or which may be directly and adversely affected thereby;

    (e)    filings relating to rights under section 365 of the Bankruptcy Code will be served on each party to the executory contract(s) or unexpired lease(s) affected thereby;

    (f)    filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of

compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases; and

(g)     notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors, unless otherwise ordered by the Court.

11.     In addition, pleadings and other documents filed by the Debtors and other parties with the Court will be available on the Internet either free of charge on the Claims and Noticing Agent's website at https://cases.primeclerk.com/gakwer from www.nysb.uscourts.gov (a PACER login and password are required to access the Court's PACER system).  Upon request of any party, the Debtors will provide copies of any filings in these cases at the expense of the requesting party.

**B.     Hearing Procedures**

12.     **Omnibus Hearings**.  The Debtors request that the Court schedule regular omnibus hearings to consider all notices, motions, application and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief, and all objections and responses to such request for relief (collectively, the "Omnibus Hearings").  Unless otherwise ordered by the Court for good cause shown, the Debtors request that all matters will be heard initially at these Omnibus Hearings.  If Omnibus Hearing dates are known in advance, parties will be better able to plan for hearings, thus reducing the need for emergency hearings and/or expedited relief and fostering the consensual resolution of important matters.  Accordingly, this relief will likely minimize the costs and expenses associated with the otherwise numerous, and potentially irregularly scheduled, hearing dates.  The Debtors request that the Court establish the initial schedule of Omnibus Hearings in its initial Order approving case management procedures.  Thereafter, the Debtors request that the Court establish a schedule of additional Omnibus Hearing dates based on the needs of the case,

the dates and times of which shall be set forth in separate orders of the Court and shall be served

on the Monthly Service List.  All Omnibus Hearings shall be scheduled in an available

courtroom at The United States Bankruptcy Courthouse, One Bowling Green, New York, New

York, 10014.

13.      **Hearing Agenda**.  The Debtors propose to file a hearing agenda (the "Agenda")

with the Court and serve on the Master Service List a proposed hearing agenda no later than

noon (ET), two (2) business days prior to any Omnibus Hearing Date.  The Agenda will include,

to the extent known by Debtors' counsel: (a) the docket number and title of each matter to be

scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses,

replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c)

whether the matters have settled or are proposed to be continued; (d) other comments that will

assist the Court; and (e) a suggestion for the order in which the matters should be addressed.  The

Debtors may file an amended Agenda to reflect any changes to the Agenda at any time prior to

an Omnibus Hearing Date.

14.      **Telephonic Appearances at Hearings**.  If a party desires to participate in a

hearing by telephone, such party must request permission from Chambers by e-mail at least two

(2) business days prior to the scheduled hearing, and should be prepared to provide the following

information: (a) name of party that the attorney is representing; (b) the motion on which the

attorney intends to argue; and (c) the reason that a telephonic appearance is necessary.  Those

parties participating by telephone may not use speakerphones, unless first authorized by the

Court; by reason of technical limitations of the equipment and the way speakerphones disrupt

proceedings in the courtroom, speakerphone authorizations usually will not be granted.  Parties

participating by telephone must put their phones on "mute" except when they need to be heard. Parties so participating are not to put their phones on "hold" in any circumstances.

15.     **Listen-Only Lines**.  Any party may attend hearings through a listen-only line. For the avoidance of doubt, any party wishing to use a listen-only line need not seek permission from the Debtors or the Court.

16.     **Evidentiary Hearing**.  With respect to any Court Filing, if any objection or other responsive pleading is filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify, unless the Proposed Hearing Agenda provides otherwise. Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (e.g., declarations, affidavits, and exhibits).

**C.     General Motion Practice**

17.     The Debtors request that the following procedures be followed for motions and objections generally, except those filed by non-debtor parties seeking relief pursuant to section 362 of the Bankruptcy Code:

(i)     **Ordinary Scheduling Procedures**.   Any motion or professional retention application, other than fee applications, shall be filed and served at least 14 calendar days prior to an Omnibus Hearing or other scheduled hearing in order to be heard at that hearing, not taking into account Bankruptcy Rule 9006(f).  If a Motion is to be served by U.S. Mail only, it must be filed and served at least 17 days prior to the hearing.

(ii)    **Service**.  Each motion shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and the Case Management Order, with a hard copy to Chambers. In addition, each motion shall state in the upper right-hand corner of its caption the objection date and time for the Motion and the hearing date and time for the motion.

(iii)   **Objections**.  Any objection to a motion (an "Objection") shall be filed and served, with a hard copy to Chambers, no later than 4:00 p.m. (ET) on the earlier of (i) ten (10) days after the date of the filing of a Motion

(13 days if the motion is served by regular U.S. Mail) or (ii) the date that is five (5) days prior to the date of the Omnibus Hearing at which the motion is scheduled to be heard.  The movant and objecting party may mutually agree to extend such deadline.  The Objection shall be served upon the movant, the parties on the Master Service List and such parties upon whom the motion was required to be served pursuant to the Case Management Order.  The Objection deadline may be extended without further order of the Court upon the consent of the entity filing the original motion.

(iv)    **Certificate of No Objection**.  If no Objection(s) is filed and served in a timely fashion, the movant may submit an order granting the relief requested in the motion to the Court along with a Certificate of No Objection ("CNO") stating that no Objection has been filed or served on the movant, and including a copy of the motion and its exhibits.  By filing the CNO, counsel for the movant is representing to the Court that the movant is unaware of any Objection to the motion and that counsel has reviewed the Court's docket and no Objection appears thereon.  Upon receipt of the CNO, the Court may enter the order submitted with the CNO without conducting a hearing.

(v)    **Replies**.  If an Objection is filed, the movant or another interested party may file and serve a reply to the Objection, with a hard copy to Chambers, by no later than 12:00 p.m. (ET) on the business day prior to the date of the Omnibus Hearing.

(vi)    **Affidavits of Service**.  With respect to all Filings, an appropriate affidavit of service indicating the party serving the Filing, the parties on which the Filing was served, and the date and manner of service shall be filed with the Court within three (3) business days of such service.  Parties may certify in an affidavit of service that they have served the Filing on a Master Service List by referencing such list and the date thereof in an affidavit of service.  Such reference shall obviate the need to attach the Master Service List or the addresses included therein to the affidavit of service.  All other parties not on such list who have been served shall be identified by name and service address.

18.    **Motion Practice for Lift Stay Actions**.  The Debtors request that motions filed by non-debtor parties seeking relief pursuant to section 362 ("362 Motion") of the Bankruptcy Code and objections thereto shall be governed by the following procedures:

(a) **Filing**.  Any 362 Motion shall be filed and served at least 20 days prior to an Omnibus Hearing to be heard initially at such hearing.

(b) **Service of 362 Motions**. Each 362 Motion shall be served in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, and the provisions of the Case Management Order.

(c) **Schedule of Hearing**. If the Omnibus Hearing at which such 362 Motion is heard is more than 30 days after the date of service of the 362 Motion, the movant shall be deemed to have consented to the continuation of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until such Omnibus Hearing. If parties agree to adjourn a hearing on a 362 Motion, any such adjournment shall constitute consent to the continuation of the automatic stay pursuant to section 362(e) of the Bankruptcy Code.

(d) **Objections to 362 Motions**. Any Objections to a 362 Motion shall be filed and served, with a hard copy to Chambers, no later than 4:00 p.m. (ET) on the date that is five (5) days prior to the date of the Omnibus Hearing at which the motion is scheduled to be heard.

(e) **362 Waivers**. To prevent the expiration of the 60-day period set forth in section 362(e)(2) of the Bankruptcy Code, the Debtors or any party objecting to the 362 Motion may file a motion with the Court on shortened notice, which shall be no less than three (3) business days, seeking the entry of an order by the Court containing findings extending such period for cause, and a hearing will be scheduled promptly on such motion.

19. **Request for Emergency Hearings or Shortening of Time**. Nothing herein shall prejudice (a) the rights of any party-in-interest to move the Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency or ex parte consideration or consideration upon shortened notice, or (b) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

20. **Bridge Orders Not Required in Certain Circumstances**. Pursuant to Local Bankruptcy Rule 9006-2, the Debtors request that when a motion to extend time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or order of the Court, the time to take such action shall be

automatically extended until the Court acts on the motion, as long as the movant files the motion

with a return date that is no later than fourteen (14) days after the filing of such motion.

**D.      Additional Case Management Procedures**

21.      **Adversary Proceedings**.  Notwithstanding anything to the contrary herein, the

prosecution of any adversary proceedings commenced in this case shall be subject to the Court's

general case management procedures for adversary proceedings or any separate case

management and scheduling orders entered with respect to such adversary proceedings.

22.      **Modifications of the Case Management Procedures**.  Nothing in the Case

Management Order shall prejudice the rights of any party-in-interest to seek an amendment or

waiver of the provisions of the Case Management Procedures upon a showing of good cause.

23.      **Honoring Waiver of the 21-Day Objection Period for Transfers**.  If an

evidence of transfer of a claim is filed with the Court pursuant to Bankruptcy Rule 3001(e), and

if the evidence of transfer or notice thereof executed by the parties purports to waive the 21-day

notice and objection period required under Bankruptcy Rule 3001(e), then  the Claims and

Noticing Agent may process the transfer of claim to change the name and address of the claimant

of such claim to reflect the transfer, and the effective date of such transfer will be date the

evidence of such transfer was docketed in the case.