ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :   Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :   Case No. 16-11700 (SMB)
                                                      :
                    Debtors.                          :   (Joint Administration Requested)
                                                      :
------------------------------------------------------x

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING PAYMENT OF INCOME TAXES, PROPERTY TAXES, SALES AND USE TAXES AND HUNGARIAN TAXES

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Kinja Kft. ("Kinja"), debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submit this motion (the "Motion") for entry of an order, substantially in the forms attached hereto as Exhibit A and Exhibit B (respectively, the "Interim Order" and "Final Order"), authorizing, but not directing, the Debtors to pay Taxes (as defined below) that accrued prior to the Petition Date (as defined below) and granting related

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

relief. In support of the Motion, the Debtors hereby incorporate by reference the *Declaration of William D. Holden in Support of First Day Motions* (the "First Day Declaration"), filed concurrently herewith.[2] In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8) and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003(b) and 6004(a) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Procedural Background

4. On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the date hereof, GMGI and Kinja each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in these cases.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

-2-

7. The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the First Day Declaration.

**Relief Requested**

8. The Debtors seek entry of orders substantially in the forms attached hereto as Exhibit A and Exhibit B, which authorize, but do not direct, the Debtors to pay the Income Taxes, Property Taxes, Sales and Use Taxes, and Hungarian Taxes (each as defined below) (collectively, the "Taxes") that accrued before the Petition Date.

9. The Interim Order and Final Order each also authorize and direct financial institutions to receive, process, honor and pay all checks and /or electronic funds transfers presented or requested for payment and electronic payment requests relating to the foregoing to the extent the Debtors have sufficient funds available with such financial institution, whether such payment was requested prior to or after the Petition Date.

10. In the ordinary course of business, the Debtors incur various taxes that they remit periodically to the federal, state, and local governmental authorities (each, a "Taxing Authority").

11. The Debtors are subject to a variety of federal, state, and local income taxes (the "Income Taxes"). Income taxes are generally paid on an annual basis to the applicable Taxing Authority. As of the Petition Date, GMGI and Gawker Media believe they are current on all Income Taxes, and do not anticipate a net income tax liability for the prepetition period.

12. The Debtors are subject to Commercial Rent Tax, which is charged by the City of New York to certain tenants who occupy or use property for commercial purposes south of 96th

-3-

Street (the "Property Taxes"). The Debtors estimate that approximately $45,000 is due on or before June 20, 2016.

13. In the ordinary course of business, the Debtors incur Sales and Use Taxes imposed by New York State for the purchase of goods (the "Sales and Use Taxes"). As of the Petition date, the Debtors believe they are current on all Sales and Use Taxes currently due and owing.[3]

14. Kinja is a Hungarian corporation (Kft.) operating in Budapest, Hungary and incurs various taxes levied by the Hungarian government including, but not limited to, corporate income, local business, innovation contribution and value added taxes ("Hungarian Taxes"). As of the Petition Date, the Kinja owes approximately $67,300[4] in Hungarian Taxes, $20,006 of which will become due within the first twenty-one days following the Petition Date.

## Basis For Relief

15. The bases for granting the relief requested in this Motion are as follows: (i) portions of the Taxes may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code; (ii) to the extent that Taxes are "trust fund" taxes, they are not property of the Debtors' estates; (iii) payment of the Taxes is justified under section 363(b) of the Bankruptcy Code; and (iv) section 105(a) of the Bankruptcy Code and this Court's general equitable powers permit this Court to grant the requested relief.

16. **First**, a portion of the Taxes may be entitled to priority status under section 507(a)(8) of the Bankruptcy Code and to that extent, must be paid in full under any plan of

---

[3] The State of New York is currently conducting an audit of the Sales and Use Taxes, which could result in increased prepetition amounts due.

[4] All U.S. Dollar amounts referenced herein, which related to obligations of Kinja, are converted from Hungarian Forints into U.S. Dollars, using the current published rate of exchange.

reorganization. See 11 U.S.C. § 1129(a)(9)(C). For example, certain prepetition income and property taxes are expressly covered by sections 507(a)(8)(A) and (B) of the Bankruptcy Code. Payment of the Taxes entitled to priority claim status in the ordinary course of business will therefore affect only the timing of the payments and not the amounts that the applicable Taxing Authorities will ultimately receive. Thus, such payment will not prejudice the rights of the Debtors' general unsecured creditors.

17.    **Second**, certain of the Taxes are collected or withheld by the Debtors on behalf of the applicable Taxing Authorities and are held in trust by the Debtors. *See, e.g.*, I.R.C. § 7501 (certain taxes and fees are held in trust). As such, these taxes are not property of the Debtors' estates under section 541 of the Bankruptcy Code. See, e.g., 11 U.S.C. § 541(d); Begier v. IRS, 496 U.S. 53, 57-60 (1990) (prepetition payment of trust fund taxes is not an avoidable preference since funds are not the debtor's property); DeChiaro v. N.Y. State Tax Comm'n, 760 F.2d 432, 435-36 (2d Cir. 1985) (taxes required by state law to be collected is a "trust fund" tax and not released by bankruptcy discharge). To the extent these "trust fund" taxes are collected, they are not property of the Debtors' estates under section 541 (d) of the Bankruptcy Code. See In re Am. Int'l Airways, 70 B.R. 102, 104-05 (Bankr. E.D. Pa. 1987). Because the Debtors may not have an equitable interest in funds held on account of such "trust fund" taxes, the Debtors should be permitted to pay those funds to the Taxing Authorities as they become due.[5]

18.    **Third**, this Court may authorize the Debtors to pay the prepetition Taxes under Section 363(b)(1), which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). This section gives the court "broad flexibility in tailoring its orders to meet a wide

---

[5] For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes as provided herein regardless of whether such Taxes constitute trust fund obligations.

-5-

variety of circumstances." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). Before the court can apply section 363(b) in its favor, the debtor must "articulate some business justification, other than mere appeasement of major creditors." Id. (finding that the debtor gave "sound business reasons for its decision to pay pre-petition wages," those reasons being that it was necessary to "preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale").

19.  **Fourth**, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . ." 11 U.S.C. § 105(a).

20.  Under the "doctrine of necessity" or "necessity of payment" rule, first articulated in Miltenberger v. Logansport, C. & S. W. R. Co., 106 U.S. 286 (1882), bankruptcy courts can exercise these equitable powers "to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." In re Ionosphere Clubs, 98 B.R. at 176; see also In re Lehigh & N.E. Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981) (stating that payment of a claim arising before reorganization is authorized if it is "essential to the continuing operation of the [debtor]"); In re Columbia Gas Sys., Inc., 171 B.R. 189, 192 (Bankr. D. Del. 1994) (noting that, in the Third Circuit, a debtor may pay pre-petition creditors "in advance of a confirmed plan," where such payments are "essential to the continued operation of the [debtor's] business"); In re Fin. News Network, Inc., 134 B.R. 732, 735-36 (Bankr. S.D.N.Y. 1991) (observing that the doctrine of necessity "stands for the principle that a bankruptcy court may allow pre-plan payments of prepetition obligations where such payments are critical to the debtor's reorganization"). The doctrine of necessity permits a deviation from the equal treatment of creditors because "otherwise there will be no reorganization and no

creditor will have an opportunity to recoup any part of its prepetition claim." In re United Am., Inc., 327 B.R. 776, 781 (Bankr. E.D. Va. 2005); see also In re NVR L.P., 147 B.R. 126, 128 (Bankr. E.D. Va. 1992) (stating that the necessity of payment exception is "well-established in bankruptcy common law").

21.    While section 105(a) alone is sufficient, see In re Ionosphere Clubs, 98 B.R. at 176, other courts have applied it in conjunction with sections 1107(a) and 362(d) to allow payment of prepetition claims under the doctrine of necessity.  See In re CoServ, L.L.C., 273 B.R. 487, 496 (Bankr. N.D. Tex. 2002) (holding that there are occasions when the debtor in possession's fiduciary duty to protect and preserve the estate "can only be fulfilled by the preplan satisfaction of a prepetition claim"); In re CEI Roofing, Inc., 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (opining that the debtor-in-possession and its "critical vendors" could request relief under section 362(d) for cause, such cause "being the urgency and necessity of paying the prepetition claims, such payment being the only means of protecting the going concern value of the operating business in Chapter 11").

22.    Many courts have also authorized debtors to pay critical prepetition claims pursuant to the doctrine of necessity, including claims that are not accorded priority in section 507 of the Bankruptcy Code.  For example, in In re Just for Feet, Inc., the Delaware District Court authorized the debtor to pay prepetition claims of certain trade vendors because they were "essential to the survival of the debtor during the chapter 11 reorganization," stating that "[t]he Supreme Court, the Third Circuit, and the District of Delaware all recognize the court's power [under section 105(a)] to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11."  242 B.R. 821, 825-26 (D. Del. 1999); see also In re Mirant Corp., 296 B.R. 427, 429 (Bankr. N.D. Tex. 2003) (setting procedural rules to

-7-

authorize the debtor to pay "critical" creditors outside of a confirmed plan without advance court approval); In re Eagle-Picher Indus., Inc. 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (authorizing the debtor, an automobile part supplier, to pay prepetition obligations to its toolmakers because the payments were "necessary to avert a serious threat to the Chapter 11 process").

23.  The Debtors' failure to pay the prepetition Taxes accrued prior to the Petition Date could have a material adverse effect on the Debtors' operations, because the taxing authorities could take actions (which could include the initiation of audits, lien filings, and lift-stay motions) against the Debtors for such non-payment which could cause significant administrative problems for the estates and consume the Debtors' valuable time and resources. Prompt and regular payment of the prepetition Taxes will avoid those unnecessary and distracting governmental actions.

24.  In numerous chapter 11 cases, bankruptcy courts in this District have authorized debtors to pay their prepetition tax obligations. See, e.g., In re Sunedison, Inc., Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 26, 2016) [Docket No. 79] (authorizing payment of prepetition taxes and fees); In re Republic Airways Holdings Inc., Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Mar. 23, 2016) [Docket No. 205] (same); In re Sabine Oil & Gas Corp., Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015) [Docket No. 152] (same); In re dELiA*s, Inc., Case No. 14-23678 (RDD) (Bankr. S.D.N.Y. Dec. 24, 2014) (same); In re The Great Atlantic & Pacific Tea Company, Inc., Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 11, 2015) (same);

25.  Accordingly, based on the foregoing facts and authorities, the Debtors respectfully submit that the relief requested in this Motion should be granted. Nothing in this

Motion, however, or Proposed Order granting this Motion should be construed as impairing the Debtors' ability to contest the amounts or validity of any Taxes owed or requiring the Debtors to pay any of the applicable Taxes, and the Debtors expressly reserve all of their rights with respect thereto.

### The Requirements of Bankruptcy Rule 6003 Have Been Satisfied

26. Bankruptcy Rule 6003 empowers this Court to grant relief within the first 21 days after the Petition Date to the extent that such relief is "necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(b). For reasons stated herein, the Debtors submits that the requested relief is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted promptly in all respects to avoid immediate and irreparable harm to the Debtors' estate, notwithstanding the 21-day period provided in Bankruptcy Rule 6003.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

27. To implement the foregoing successfully, the Debtors request that the Court enter an order waiving the notice requirements of Bankruptcy Rule 6004(a) and finding that the Debtors have established cause to exclude such relief from any stay imposed by Bankruptcy Rule 6004(h).

### Reservation of Rights

28. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. If this Court grants the relief sought herein, any

payment made pursuant to this Court's order is not intended and should not be construed as an admission of the validity of any claim or a waiver of the Debtors' or any other party's rights subsequently dispute such claim.

## Notice

29.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the 50 largest unsecured creditors of the Debtors (on a consolidated basis); (iii) counsel to the First Lien Lender; (iv) counsel to the Second Lien Lender; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) the Taxing Authorities.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, substantially in the forms attached hereto as Exhibit A and Exhibit B, granting the relief requested in the Motion and such other and further relief for the Debtors as may be just or proper.

Dated: June 12, 2016
New York, New York

/s/ Gregg M. Galardi
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
stacy.dasaro@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

# Exhibit A

## Proposed Interim Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
: 
In re                                                              :    Chapter 11
:
Gawker Media LLC, *et al.*,[1]                      :    Case No. 16-11700 (SMB)
:
             Debtors.                       :    (Joint Administration Requested)
:
------------------------------------------------------x

**INTERIM ORDER APPROVING DEBTORS' MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF INCOME TAXES, PROPERTY
<u>TAXES, SALES AND USE TAXES, AND HUNGARIAN TAXES</u>**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") for entry of an interim order (this "<u>Interim Order</u>") authorizing the payment of prepetition Income Taxes, Property Taxes, Sales and Use Taxes, and Hungarian Taxes; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

56697624_10

of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT**:

    1.    The Motion is GRANTED on an interim basis to the extent provided herein.

    2.    A final hearing on the relief requested in the Motion shall be set for _____, 2016 at _____ (Prevailing Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court and served upon (i) proposed counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (ii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes and Susan Arbeit; (iii) attorneys for any statutory committee of unsecured creditors appointed in these chapter 11 cases; (iv) counsel to Silicon Valley Bank, Riemer & Braunstein, LLP, 3 Center Plaza, Boston, MA 02108, Attn: Alexander Rheaume (ARheaume@riemerlaw.com); (v) counsel to US VC Partners LP, Latham & Watkins, 355 South Grand Ave., Los Angeles, CA 90071, Attn: Mark O. Morris (mark.morris@lw.com); and (vi) the 50 largest unsecured creditors of the Debtors (on a consolidated basis); in each case so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on _____, 2016.

    3.    Subject to further order of this Court, the Debtors are authorized, but not directed, to pay or remit the Taxes described below in an aggregate amount not to exceed $65,006 without further order of the Court.

| Category | Description | Amount Approved on an Interim Basis |
|---|---|---|
| Property Taxes | Taxes related to leased property in New York City. | $45,000 |
| Hungarian Taxes | Taxes related to corporate income, local business, innovation contribution and value added taxes. | $20,006 |

4. All banks and other financial institutions on which checks were drawn or electronic payment requests were made in connection with the payments approved by this Interim Order are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order. The Debtors are authorized to reissue checks, wire transfers, automated clearing house payments, electronic payments, or other similar methods of payment for all payments approved by this Interim Order where such method of payment has been dishonored postpetition.

5. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Interim Order shall be deemed: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion (including any exhibits attached thereto); (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (vii) to create any rights in favor of, or enhance the status of, any claim held by any person or entity.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

7. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order in accordance with the Motion.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of the Interim Order.

Dated: _____, 2016
       New York, New York

                                                      _____
                                                      UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

## Proposed Final Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                 :

In re                                        :         Chapter 11
                                              :

Gawker Media LLC, *et al.*,[1]      :         Case No. 16-11700 (SMB)
                                              :

                    Debtors.       :         (Joint Administration Requested)
                                              :
------------------------------------------------------x

**FINAL ORDER APPROVING DEBTORS' MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF INCOME TAXES, PROPERTY
TAXES, SALES AND USE TAXES, AND HUNGARIAN TAXES**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") for entry of an order (this "<u>Final Order</u>") authorizing the payment of prepetition Income Taxes, Property Taxes, Sales and Use Taxes, and Hungarian Taxes; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT**:

1. The Motion is GRANTED on a final basis to the extent provided herein.

2. The Debtors are authorized, but not directed, to pay or remit the Taxes described below that accrued prior to the Petition Date and that will become payable during the pendency of these chapter 11 cases at such time when the Taxes are payable in an aggregate amount not to exceed $112,300 without further order of the Court.

| Category | Description | Amount Approved on a Final Basis |
|---|---|---|
| Property Taxes | Taxes related to leased property in New York City. | $45,000 |
| Hungarian Taxes | Taxes related to corporate income, local business, innovation contribution and value added taxes. | $67,300 |

3. All banks and other financial institutions on which checks were drawn or electronic payment requests were made in connection with the payments approved by this Final Order are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.  The Debtors are authorized to reissue checks, wire transfers, automated clearing house

-2-

payments, electronic payments, or other similar methods of payment for all payments approved by this Final Order where such method of payment has been dishonored postpetition.

4. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Final Order shall be deemed: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion (including any exhibits attached thereto); (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (vii) to create any rights in favor of, or enhance the status of, any claim held by any person or entity.

5. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of the Final Order.

Dated: _____, 2016
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

-3-

56697624_10