R OPES & G RAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
: 
In re                                              :    Chapter 11
                                                   : 
Gawker Media LLC *et al.*,[1]                      :    Case No. 16-11700 (SMB)
                                                   : 
             Debtors.                              :    (Joint Administration Requested)
                                                   : 
-------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) PROHIBITING UTILITY
COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE,
(B) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE
OF PAYMENT, AND (C) ESTABLISHING PROCEDURES
FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Kinja Kft. ("Kinja"), debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, (a) prohibiting providers of certain utility services to the Debtors (collectively, the "Utility Companies") from discontinuing,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

altering, or refusing service to the Debtors except as set forth in this Motion; (b) determining that the Utility Companies have been provided with adequate assurance of payment on the basis of the establishment of the Utility Deposits (as defined below); and (c) approving the Debtors' proposed procedures for Utility Companies to request additional assurance of payment. In support of the Motion, the Debtors hereby incorporate by reference the *Declaration of William Holden in Support of First Day Motions* (the "First Day Declaration"), filed concurrently herewith.[2] In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

### Jurisdiction

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 105, 363, and 366 of title 11 of the United States Code (the "Bankruptcy Code").

### Procedural Background

4.  On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the date hereof, GMGI and Kinja each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.  The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in these cases.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

56585725_10

7.     The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the First Day Declaration.

### The Utility Companies

8.     The Debtors regularly incur expenses for certain utility services (the "Utility Services"), provided by Utility Companies,[3] in the ordinary course of business. The Debtors spend approximately $14,000 per month for Utility Services.[4] The Debtors anticipate that their utility service costs will not materially change during these chapter 11 cases. The Debtors have an established history of timely paying their utility expenses. Accordingly, the Debtors do not believe that they owe any past due amounts to the Utility Companies.

9.     Uninterrupted utility services are essential to the Debtors' continued operations. Should one or more of the Utility Companies refuse or discontinue service—even for a brief period—it would disrupt the Debtors' operations to the detriment of its estate, creditors, and employees. It is, therefore, critical that Utility Companies be prevented from interrupting the Debtors' utility services.

### Relief Requested

10.    By this Motion, the Debtors seek entry of an order (a) prohibiting the Utility Companies from discontinuing, altering, or refusing service to the Debtors except as set forth in

---

[3] A non-exhaustive list of the Utility Companies is attached as Schedule 1 to Exhibit A. Although the Debtors believe that Schedule 1 includes all of the Utility Companies, the Debtors reserve the right, without further order of the Court, to supplement the list if any Utility Company has been omitted. The relief requested in this Motion is with respect to all utility service providers and is not limited only to those identified in Schedule 1. Additionally, the listing of any entity on Schedule 1 is not an admission that any particular entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

[4] Kinja's monthly utility expenses are excluded from this amount, as approval is sought for payment of Kinja's utilities, to the extent any amount is owed, through the motion for approval of payments to foreign vendors.

this Motion; (b) determining that the Utility Companies have been provided with adequate assurance of payment on the basis of the establishment of the Utility Deposits (as defined below); and (c) approving the Debtors' proposed procedures for Utility Companies to request additional assurance of payment. Although the Debtors seek continued utility services from the Utility Companies, the Debtors are not seeking authority or direction to pay any specific claim pursuant to this Motion.

### Proposed Adequate Assurance and Adequate Assurance Procedures

11. Section 366(a) of the Bankruptcy Code prevents utility companies from discontinuing, altering, or refusing service to a debtor during the first twenty days of a bankruptcy case. See 11 U.S.C. § 366(a). Thirty days following the petition date, however, a utility company may discontinue its services to a chapter 11 debtor, pursuant to section 366(c)(2) of the Bankruptcy Code, if the debtor has not provided such utility company with adequate assurance of payment. See id. § 366(c)(2).

12. To provide adequate assurance of payment for future services to its Utility Companies, the Debtors propose to provide a deposit to each of the Utility Companies equal to approximately 50% of the Debtors' estimated monthly utility spend attributable to such Utility Company (a "Utility Deposits"), immediately upon request of such Utility Company. If the Debtors identify an Added Utility Company (as defined below), the Debtors will provide a deposit to the Added Utility Company, by an amount equal to the value of two weeks of services used by the Debtors, based on historical averages, from such Added Utility Company, immediately upon request of such Added Utility Company.

13. In addition, the Debtors seek to establish reasonable procedures (the "Adequate Assurance Procedures") by which a Utility Company may request additional assurance of future

-4-

payment, if such Utility Company believes that the Utility Deposit does not provide it with satisfactory adequate assurances. Such Adequate Assurance Procedures would provide that:

    i. Absent any further order of this Court and except as otherwise provided in this Motion, Utility Companies may not (a) alter, refuse, or discontinue service to, or discriminate against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges, or (b) request provision of a deposit or receipt of other security in connection with any unpaid prepetition charges.

    ii. The Debtors shall serve a copy of the Motion and signed copy of the order via first-class mail, within five business days after the date that the order is entered by this Court, on each of the Utility Companies identified in Schedule 1 to Exhibit A. If the Debtors learn that a Utility Company was omitted from Schedule 1, the Debtors shall file a supplement to Schedule 1, adding the name of such Utility Company (the "Added Utility Company"), and shall promptly serve such Added Utility Company with a copy of the Motion and order (each such service, a "Supplemental Service"). Any Utility Company can then demand a Utility Deposit and provide payment instructions to the Debtors.

    iii. Any Utility Company may request additional adequate assurance of payment (an "Additional Payment Request") within thirty days after the Petition Date or, in the case of an Added Utility Company, within thirty days of such company's Supplemental Service (collectively, the "Additional Payment Request Deadline") by submitting a written request to proposed counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York, 10036, Attn: Stacy Dasaro.

    iv. Any Additional Payment Request must (a) be in writing; (b) set forth the location for which utility services are provided; (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (d) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth in this Motion does not constitute satisfactory adequate assurance of payment; and (e) include a proposal for what would constitute adequate

-5-

56585725_10

        assurance of payment from the Debtors, along with an explanation of why such proposal is reasonable.

   v.     If a Utility Company makes a timely Additional Payment Request that the Debtors believe is reasonable, the Debtors shall be authorized to comply, in their sole discretion, with such request without further order of this Court.

   vi.    If the Debtors believe that a Utility Company's Additional Payment Request is unreasonable, the Debtors will schedule a hearing within a reasonable time following the submission of such Request (a "Determination Hearing") to determine whether additional assurance of payment to such Utility Company is necessary. If the Utility Company reaches an agreement with the Debtors before the Determination Hearing, such agreement shall be deemed to be adequate assurance of payment that is satisfactory to the Utility Company.

   vii.   Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such party will be prohibited from altering, refusing, or discontinuing service to the Debtors or discriminating against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges.

   viii.  If a Utility Company fails to send an Additional Payment Request by the Additional Payment Request Deadline, such Utility Company will have waived its right to make an Additional Payment Request and will be deemed to have received, by virtue of the Utility Deposit, adequate assurance of payment in accordance with section 366(c)(l)(A)(vi) of the Bankruptcy Code.

   ix.    Upon receipt of a Utility Deposit, a Utility Company will be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment.

### Basis for Relief

14.    This Court has the authority to grant the relief requested in this Motion pursuant to sections 105(a) and 366 of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary or appropriate to

-6-

carry out the provisions of this title." 11 U.S.C. § 105(a). This equitable power is granted to effect the policies and goals of chapter 11 reorganization, which are to rehabilitate the debtor, In re Ionosphere Clubs, Inc., 98 B.R. 174, 176-77 (Bankr. S.D.N.Y. 1989), and to "create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately." Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 287 (S.D.N.Y. 1987); see also In re Structurlite Plastics Corp., 86 B.R. 922, 932 (Bankr. S.D. Ohio 1998) (rejecting a bright line rule prohibiting payment of prepetition debts because it "may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code").

15.     Courts are also empowered to authorize debtors to pay for postpetition services under section 363(b)(1), which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). This section gives the court "broad flexibility in tailoring its orders to meet a wide variety of circumstances." Ionosphere Clubs, Inc., 98 B.R. at 175. Before the court can apply section 363(b) in its favor, the debtor must "articulate some business justification, other than mere appeasement of major creditors." Id. (finding that the debtor gave "sound business reasons for its decision to pay pre-petition wages," those reasons being that it was necessary to "preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale"); see also In re New Bedford Capacitor, Inc., No. 01-14680-JNF, 2003 WL 25889620, at *5 (Bankr. D. Mass. June 27, 2003) (holding that debtor's purchase of additional directors and officers liability insurance when the estate had "potential risks of liability" and "the fees that might be incurred by estate professionals litigating any uninsured claims or objecting to indemnification claims, could likely exceed" the cost of the policy was

within the debtor's sound business judgment pursuant to § 363(b)(1)). Here, the Debtors' request to pay the Utility Deposits at any Utility Company's request satisfies this standard because the failure to do so could have an adverse impact on the Debtors' continued business operations.

16. Section 366 of the Bankruptcy Code is designed to protect the debtor from utility service cutoffs, while also providing utility companies with adequate assurance that the debtor will be able to pay for postpetition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306. Under this section, a utility may not, during the first twenty days of the case, alter, refuse, or discontinue services to a debtor in a chapter 11 case solely because of unpaid prepetition amounts. See 11 U.S.C. § 366(a). The utility may do so thereafter, however, unless the debtor furnishes "adequate assurance" of payment, which the Debtors seek to do through this Motion, in the form of a deposit or otherwise, for postpetition services in a form "satisfactory" to the utility within thirty days of the petition date. See id. § 366(c)(2).

17. Section 366(c)(l)(A) of the Bankruptcy Code provides that "adequate assurance of payment" means (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee. Id. § 366(c)(1)(A). The statute specifies the *form* of assurance that will be deemed to be adequate, but it leaves the question of the *amount* of assurance that must be provided within this Court's discretion. See id. § 366(b) & (c)(3)(A).

18. As set forth above, if the Utility Companies are permitted to terminate utility services on the thirty-first day after the Petition Date, a disruption to the Debtors' continued

operations will occur and the Debtors' business will be harmed. If faced with imminent termination of utility services, the Debtors may be forced to pay whatever amounts are demanded by the Utility Companies to avoid the cessation of essential utility services and a disruption of the Debtors' business.

19. The Debtors submit that providing the Utility Deposits, to the extent requested by a Utility Company, provides adequate assurance to the Utility Companies under section 366(c) of the Bankruptcy Code. In addition, the Debtors submit that the Adequate Assurance Procedures set forth in this Motion, whereby any Utility Company can request additional adequate assurance if it believes there are facts and circumstances that would merit greater protection, provide an orderly process for giving adequate assurance of payment to the Utility Companies without risking irreparable harm to the estate.

20. Procedures similar to those detailed in this Motion have been approved by bankruptcy courts in this District. See, e.g., In re dELiA*s, Inc., Case No. 14-23678 (RDD) (Bankr. S.D.N.Y. Dec. 24, 2014); In re MPM Silicones, LLC, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. May 16, 2014); In re Am. Roads LLC, Case No. 13-12412 (BRL) (Bankr. S.D.N.Y. Aug. 21, 2013); In re Broadview Networks Holdings, Inc., Case No. 12-13581 (SCC) (Bankr. S.D.N.Y. Sept. 14, 2012); In re Velo Holdings Inc., Case No. 12-11384 (MG) (Bankr. S.D.N.Y. Apr. 23, 2012); In re TBS Shipping Servs. Inc., Case No. 12-22224 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2012); In re United Retail Grp, Inc., Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 22, 2012); In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Feb. 16, 2012); In re Old HB, Inc. (f/k/a Hostess Brands, Inc.), Case No. 12-22052 (RDD) (Bankr. S.D.N.Y. Jan. 27, 2012).

**Notice**

21.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the 50 largest unsecured creditors of the Debtors (on a consolidated basis); (iii) counsel to the First Lien Lender; (iv) counsel to the Second Lien Lender; (v) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; and (viii) the Utility Companies.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

**No prior request**

22.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form filed contemporaneously herewith (a) prohibiting the Utility Companies from discontinuing, altering, or refusing service to the Debtors except as set forth in this Motion; (b) determining that the Utility Companies have been provided with adequate assurance of payment through the availability of the Utility Deposits; (c) approving the Debtors' proposed procedures for Utility Companies to request additional assurance of payment; and (d) granting such other and further relief as the Court deems appropriate.

Dated: June 12, 2016
      New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
stacy.dasaro@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

-11-

## Exhibit A

**Proposed Order**

16-11700-smb    Doc 17    Filed 06/13/16    Entered 06/13/16 00:52:48    Main Document
Pg 12 of 18

56585725_10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                                          :
In re                                                               :         Chapter 11
                                                                          :
Gawker Media LLC, *et al.*,[1]                        :         Case No. 16-11700 (SMB)
                                                                          :
                Debtors.            :         (Joint Administration Requested)
                                                                          :
------------------------------------------------------x

### ORDER (A) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE, (B) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF PAYMENT, AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"): (a) prohibiting providers of utility services to the Debtors (collectively, the "Utility Companies") from discontinuing, altering, or refusing service to the Debtors except as set forth in the Motion; (b) determining that the Utility Companies have been provided with adequate assurance of payment; and (c) approving the Debtors' proposed procedures for Utility Companies to request additional assurance of payment; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these chapter 11 cases

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

56585725_10

and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a further hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good and sufficient cause appearing therefor, it is

**ORDERED, THAT:**

    1.    The Motion is GRANTED to the extent set forth herein.

    2.    The Debtors shall pay all postpetition utility charges in accordance with its prepetition practices for postpetition utility services rendered by the Utility Companies to the Debtors.

    3.    The Debtors shall provide a Utility Deposit to any Utility Company immediately upon request of such Utility Company. The Debtors are deemed to have furnished the Utility Companies with adequate assurance of payment for postpetition services by making the Utility Deposits available to the Utility Companies. With respect to any Added Utility Company, the Debtors shall provide a deposit to the Added Utility Company equal to 50% of the estimated cost of one month of such Added Utility Company's services utilized by the Debtors, based on a yearly average, immediately upon request of such Added Utility Company.

    4.    Absent any further order of this Court, and except as set forth otherwise in this Order, all Utility Companies are prohibited from: (a) discontinuing, altering, or refusing service

to the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges; and (b) discriminating against the Debtors, or requiring the payment of a security deposit or receipt of any other security from the Debtors for continued service, as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices.

     5.     The procedures for determining requests for additional assurance of payment as described in the Motion are approved as follows:

     i.     Absent any further order of this Court and except as provided in this Final Order, Utility Companies shall not (a) alter, refuse, or discontinue service to, or discriminate against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges, or (b) request provision of a deposit or receipt of other security in connection with any unpaid prepetition charges.

     ii.     The Debtors previously served the Motion on each of the Utility Companies identified on the list attached hereto as Schedule 1, as supplemented. If the Debtors learn that a Utility Company was omitted from Schedule 1, the Debtors shall file a supplement to Schedule 1, adding the name of such Utility Company (the "Added Utility Company"), and shall promptly serve such Added Utility Company with a copy of the Motion and this Order (each such service, a "Supplemental Service"). Any utility company can then demand a Utility Deposit and provide payment instructions to the Debtors.

     iii.     Any Utility Company may request additional adequate assurance of payment (an "Additional Payment Request") within thirty days after the Petition Date or, in the case of an Added Utility Company, within thirty days of such company's Supplemental Service (collectively, the "Additional Payment Request Deadline") by submitting a written request to counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Stacy Dasaro.

     iv.     Any Additional Payment Request must (a) be in writing; (b) set forth the location for which utility services are provided; (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances

-15-

56585725_10

        previously provided by the Debtors; (d) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth in this Order does not constitute satisfactory adequate assurance of payment; and (e) include a proposal for what would constitute adequate assurance of payment from the Debtors, along with an explanation of why such proposal is reasonable.

v. If a Utility Company makes a timely Additional Payment Request that the Debtors believe is reasonable, the Debtors are authorized to comply, in their sole discretion, with such request without further order of this Court.

vi. If the Debtors believe that a Utility Company's Additional Payment Request is unreasonable, the Debtors shall schedule a hearing within a reasonable time following the submission of such Request (a "Determination Hearing") to determine whether additional assurance of payment to such Utility Company is necessary. If the Utility Company reaches an agreement with the Debtors before the Determination Hearing, such agreement shall be deemed to be adequate assurance of payment that is satisfactory to the Utility Company.

vii. Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such party shall be prohibited from altering, refusing, or discontinuing service to the Debtors or discriminating against the Debtors on account of the commencement of these Chapter 11 Case or any unpaid prepetition charges.

viii. If a Utility Company fails to send an Additional Payment Request by the Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received, by virtue of the Utility Deposit, adequate assurance of payment in accordance with section 366(c)(l)(A)(vi) of the Bankruptcy Code.

ix. Upon receipt of a Utility Deposit, a Utility Company shall be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment.

6. The Debtors are authorized, in its sole discretion, to amend the list of Utility Companies attached as Schedule 1 to add or delete any Utility Company.

7. Nothing in this Order or on <u>Schedule 1</u> constitutes a finding that any entity is or is not a utility company for purposes of this Order or under section 366 of the Bankruptcy Code.

8. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: _____, 2016
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

**List of Utility Companies**

| Utility Name | Address | City | State | Zip Code | Type of Utility | Proposed Deposit, if Requested |
|---|---|---|---|---|---|---|
| 114 Fifth Ave. Ground Lessee[7] | PO Box 1965 | Hicksville | NY | 11802 | Electricity | $3,409.00 |
| ShoreTel Inc. | 4921 Solution Center | Chicago | IL | 60677 | Phone | $1,675.00 |
| Con Edison | JAF Station PO Box 1702 | New York | NY | 10116 | Electricity | $460.00 |
| Cogent Communications | PO Box 791087 | Baltimore | MD | 21279 | Internet | $605.00 |
| Atlantic Metro Communications | 4 Century Drive, Suite 102 | Parsippany | NJ | 07054 | Internet | $1,204 |
| | | | | | **Total** | **$7,352.00** |

---

[7] Electricity at the headquarter offices at 2 West 17th Street are paid through the Landlord.

56585725_10