**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                                         :

In re                                          :         Chapter 11
                                            :

Gawker Media LLC, *et al.*,[1]              :         Case No. 16-11700 (SMB)
                                            :
                   Debtors.           :         (Joint Administration Requested)
                                            :
------------------------------------------------------x

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, PAYMENT OF
PREPETITION WAGES, SALARIES, BUSINESS EXPENSES, EMPLOYEE BENEFIT
AND RELATED ITEMS, AND (II) DIRECTING ALL FINANCIAL INSTITUTIONS TO
<u>HONOR CHECKS FOR PAYMENT OF SUCH OBLIGATIONS</u>**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors (the "<u>Debtors</u>"), for entry of an Interim Order (the "<u>Interim Order</u>") (i) authorizing, but not directing, the Debtors to pay or otherwise honor the Debtors' prepetition Employee Obligations to or for the benefit of Employees earned and accrued prior to the Petition Date that, but for the commencement of these cases, would have otherwise been due and payable in the ordinary course of business; (ii) authorizing, but not directing, the Debtors to continue to pay the Employee Obligations postpetition in the ordinary course of business; and (iii) directing all Financial Institutions to honor checks for payment on account of such Employee Obligations; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this Court being proper pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of the Motion having been given; and the Court having found that no

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

57378598_2

other or further notice is needed or necessary; and the Court having reviewed the Motion and the First Day Declaration and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1. The Motion is GRANTED on an interim basis to the extent provided herein.

2. A final hearing on the relief requested in the Motion shall be set for July 7, 2016 at 2:00 p.m. (Prevailing Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court and served upon (i) proposed counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (ii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes and Susan Arbeit; (iii) attorneys for any statutory committee of unsecured creditors appointed in these chapter 11 cases; (iv) counsel to US VC Partners LP, Latham & Watkins, 355 South Grand Ave., Los Angeles, CA 90071, Attn: David S. Heller (david.heller@lw.com) and Keith A. Simon (keith.simon@lw.com); in each case so as to be received no later than 5:00 p.m. (Prevailing Eastern Time) on July 1, 2016.

3. The Debtors are authorized, but not directed, to continue paying Employee Obligations on a postpetition basis, in the ordinary course of business, in accordance with the

-2-

Debtors' prepetition policies and practices, and in the Debtors' discretion, to pay and honor prepetition amounts related thereto in interim amounts as set forth in the Motion, for an aggregate interim amount not to exceed $433,0000; *provided that,* the Debtors shall not make any payments on account of (i) the Sales Incentive Program; (ii) Editorial Employee Incentives; (iii) the Health Club Membership Program; (iv) Combined AD&D and Group Life Insurance, Short Term Disability, Long Term Disability, New York Disability; (v) or Severance Obligations during the interim period, as payments for such obligations shall be considered at the final hearing on July 7, 2016 at 2:00 p.m., and shall not make payments on account of Withholding and Payroll Taxes in an aggregate amount greater than $30,000; *provided further that*, the Debtors shall not make any payments on account of prepetition Employee Wages, Independent Contractor Obligations, Temporary Employee Obligations, or Employee Benefits that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) for prepetition amounts owed to any Employee, pursuant to this Interim Order; *provided further that*, such amounts are due and owing and have not been accelerated.

   4. The Debtors are authorized, but not directed, to continue the Employee Benefit Plans in the ordinary course of business and perform their obligations thereunder.

   5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or in this Interim Order, or any payments made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease (including the CBA) under section 365 of the Bankruptcy Code.

-3-

57378598_2

6. All banks and other financial institutions on which checks were drawn or electronic payment requests were made in connection with the payments approved by this Interim Order are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

7. All banks and other financial institutions are hereby prohibited from placing any holds on, or attempting to reverse, any automatic transfers to Employees' accounts for Employee Obligations.

8. The Debtors are authorized to reissue checks, wire transfers, automated clearing house payments, electronic payments, or other similar methods of payment for all payments approved by this Interim Order where such method of payment has been dishonored postpetition.

9. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

11. The requirements of Bankruptcy Rule 6004(a) are hereby waived.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from, or related to, the implementation and interpretation of this Interim Order.

Dated: June 16, 2016
    New York, New York

57378598_2

        /s/ *Stuart M. Bernstein*
        STUART M. BERNSTEIN
        UNITED STATES BANKRUPTCY JUDGE

-5-

57378598_2