Hearing Date and Time: June 27, 2016 at 10:00 a.m. EDT
Objection Deadline: June 20, 2016 at 5:00 p.m. EDT

**COHEN & GRESSER LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514
Daniel H. Tabak
Mark Spatz

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
:
In re                                                     :   Chapter 11
                                                          :
Gawker Media LLC, *et al*                                 :
                                                          :   Case No. 16- 11700 (SMB)
            Debtor.                                       :
                                                          :   (Jointly Administered)
                                                          :
----------------------------------------------------------x

**LIMITED OBJECTION OF TERRY G. BOLLEA TO DEBTORS' MOTION FOR (I) AN ORDER (A) AUTHORIZING AND APPROVING BIDDING PROCEDURES, BREAKUP FEE AND EXPENSE REIMBURSEMENT, (B) AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO AND ASSUMPTION OF THE STALKING HORSE ASSET PURCHASE AGREEMENT, (C) APPROVING NOTICE PROCEDURES, (D) SCHEDULING A SALE HEARING AND (E) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES AND DETERMINING CURE AMOUNTS AND (II) AN ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (B) APPROVING THE ASSET PURCHASE AGREEMENT AND (C) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO:   THE HONORABLE STUART M. BERNSTEIN,
      UNITED STATES BANKRUPTCY JUDGE:

Terry G. Bollea objects to a limited portion of the above-referenced motion Debtors'

Motion For (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and

Expense Reimbursement, (B) Authorizing and Approving The Debtors' Entry Into and Assumption of The Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling a Sale Hearing and (E) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts and (II) an Order (A) Authorizing the Sale of Substantially All of The Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases ("Debtors' Sale Motion") for the following reasons:

**Objection To Sale of Avoidance Actions**

1. Paragraph 29(d) of Debtors' Sale Motion recognizes that the sale of avoidance actions is an Extraordinary Provision under any circumstances under Section I.D.11 United States Bankruptcy Southern District of New York Guidelines for the Conduct of Asset Sales. It is particularly extraordinary here.

2. These are very new bankruptcy cases. The first-filed petition will have been filed only 17 days prior to the hearing on Debtors' motion. This is an insufficient amount of time for relevant parties in interest to determine the existence and value of any avoidance actions currently available to the Debtors. It is simply too soon to know whether Debtors are receiving fair value for selling their avoidance actions.

3. The rationale for the sale of the avoidance actions would not be compelling even if parties in interest had time to evaluate potential avoidance claims. According to the Declaration of Reid Snellenbarger in Support of Debtors' Sale Motion, the Stalking Horse Bidder intends to continue the Debtors' business as a going concern and "to continue the Debtors' relationships with certain vendors and contract counterparties." Snellenbarger Decl. ¶ 24. The Stalking Horse Bidder would like to acquire the avoidance actions "to assure [the

vendors and contract counterparties] that they will not be subject to litigation with respect to the Avoidance Actions after the closing of the Sale Transaction." *Id.*

4.  This logic frustrates the policy goals of avoidance powers in two ways. First, by its own terms, it could apply to any purchaser of assets in a bankruptcy sale or to any Chapter 11 debtor that intends to reorganize as a going concern – so long as the goal is to have a going concern, valid avoidance actions could be discarded at the expense of creditors. Second, it has the effect of treating all pre-petition transfer recipients for the last six years – no matter their current or future relationship to the Debtors – as though they were critical vendors necessary to the going concern and, for these purposes, too important to be offended by avoidance actions.

5.  These bankruptcies, involving affiliated companies, present an even more compelling reason not to permit a sale of all avoidance actions. The Debtors have various intercompany agreements and have transferred funds between each other in the past. Most creditors in these cases are creditors of only one Debtor, Gawker Media, LLC. For these creditors, avoidance might be critical to any recovery if Gawker Media, LLC made avoidable transfers to another Debtor. The Stalking Horse Bidder, on the other hand, should be indifferent to any actions to avoid inter-Debtor transfers because it is acquiring substantially all the assets of all three Debtors and is obtaining a release of successor and transferee liability. As a result, the sale (and resulting extinguishment) of inter-Debtor avoidance actions provides no benefit to the Stalking Horse Bidder but threatens substantial harm to the recovery of creditors.

6.  In sum, sections 544(b) and 550 of the Bankruptcy Code grant the trustee (or the debtor-in-possession) the authority to avoid and recover transfers that are voidable under applicable law for the benefit of the creditors of the bankruptcy estate. Here, it is simply too soon to know the value of these avoidance actions to the unsecured creditors and whether the

proposed sale of these actions is consistent with the Debtors' fiduciary duty to the creditors of the estate.

WHEREFORE Terry G. Bollea respectfully requests that Debtors' Sale Motion be denied only insofar as it contains an extraordinary provision permitting the sale of all avoidance actions.

Date: June 20, 2016
New York, New York

Respectfully submitted

*/s/ Daniel Tabak*

Daniel H. Tabak
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, New York 10003
Tel: (212) 957-7600
dtabak@cohengresser.com

Eric B. Fisher
BINDER & SCHWARTZ LLP
366 Madison Avenue, Sixth Floor
New York, New York 10017
Tel: (212) 933-4551
efisher@binderschwartz.com

*Attorneys for Terry G. Bollea*