**Hearing Date: July 7, 2016 at 2:00 p.m.**
**Objection Deadline: July 1, 2016 at 5:00 p.m.**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina Alexander
Stacy A. Dasaro

1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                       :
In re                                                  :          Chapter 11
                                                       :
Gawker Media LLC, et al.,[1]                           :          Case No. 16-11700 (SMB)
                                                       :
                         Debtors.                      :          (Jointly Administered)
                                                       :
------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the motion (the "Motion")

of Gawker Media LLC, Gawker Media Group, Inc., and Kinja Kft., the debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for Entry of an

Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals, will be held before the Honorable Stuart M. Bernstein of the United States

Bankruptcy Court for the Southern District of New York (the "Court"), in Room 723, One

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

57029565_7

Bowling Green, New York, New York 10004-1408, on **July 7, 2016 at 2:00 p.m. (prevailing Eastern Time).**

      **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **July 1, 2016**, at **5:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline"), upon: (i) the Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, New York  10011, Attn. Heather Dietrick (heather@gawker.com); (ii) proposed counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com);  (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and (vi) parties that have requested notice pursuant to Bankruptcy Rule 2002.

2

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

Dated: June 20, 2016
New York, New York

/s/ Gregg M. Galardi
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
stacy.dasaro@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

3

**Hearing Date: July 7, 2016 at 2:00 p.m.**
**Objection Deadline: July 1, 2016 at 5:00 p.m.**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                     :

In re                                :         Chapter 11
                                     :

Gawker Media LLC, *et al.*,[1]      :         Case No. 16-11700 (SMB)
                                   :

               Debtors.       :         (Jointly Administered)
                                   :
------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and

Kinja Kft. ("Kinja"), debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), respectfully request entry of an order, substantially in the form

attached hereto as Exhibit A, approving the Compensation Procedures (as defined herein), and

procedures for reimbursement of reasonable out-of-pocket expenses incurred by members of the

official committee of unsecured creditors (if any) appointed in these chapter 11 cases (the

"Committee"), and granting related relief.  In support of the Motion, the Debtors hereby

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

1

incorporate by reference the *Declaration of William D. Holden in Support of First Day Motions* (the "First Day Declaration") [Docket No. 7].[2]  In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## Jurisdiction and Venue

1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.       Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3.       The statutory bases for the relief requested herein are sections 105(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and standing General Order M-412, *Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* (Bankr. S.D.N.Y. Dec. 21, 2010) ("General Order M-412").

## Procedural Background

4.       On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   On June 12, 2016, GMGI and Kinja each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.       On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6.       The Debtors are operating their businesses as debtors in possession pursuant to

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

sections 1107(a) and 1108 of the Bankruptcy Code.

7.      No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in these cases.

8.      The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the First Day Declaration.

### **Relief Requested**

9.      By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A, (a) approving the Compensation Procedures (as defined herein) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327, 328 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code; (b) approving procedures for reimbursement of reasonable out-of-pocket expenses incurred by members of the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (the "Committee") by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); and (c) granting related relief.

### **Retention of Professionals**

10.     Given the size and complex nature of these chapter 11 cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings. Accordingly, the Debtors have filed or will file applications to retain the following professionals (the "Debtors' Professionals"):  (a) Ropes & Gray LLP, as restructuring counsel; (b) Prime Clerk

LLC, as claims and noticing agent, and administrative advisor;  and (c) Houlihan Lokey Capital, Inc. as investment banker.  The Debtors also anticipate that they may retain other professionals pursuant to section 327 of the Bankruptcy Code, during the pendency of these chapter 11 cases. In addition, if a Committee is appointed, the Committee may retain counsel or other professionals to represent it in connection with these chapter 11 cases (together with the Debtors' Professionals, the "Professionals").

11.     The Debtors believe that establishing regular orderly procedures for payment of the Professionals will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest.  Specifically, a streamlined process for serving interim and final fee applications (each, an "Application"), and the notices thereof, is in the best interests of the Debtors' estates because it will facilitate efficient review of the Professionals' fees and expenses while saving the Debtors' estates unnecessary  administrative expenses.

## The Proposed Compensation and Reimbursement Procedures

12.     Pursuant to section 331 of the Bankruptcy Code, the Professionals are entitled to submit Applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. See 11 U.S.C. § 331. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers.  See 11 U.S.C. § 105(a).

13.     The Debtors propose the following procedures to govern the payment of compensation and reimbursement of expenses of Professionals in accordance with General Order M-412 (the "Compensation Procedures"):

a. On or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation shall serve a monthly statement (a "Monthly Fee Statement"), by hand, overnight delivery, or to an e-mail address designated by that Notice Party, on: (i) the Debtors, 114 Fifth Avenue, New York, New York 10011, Attn: Heather Dietrick (heather@gawker.com) and William D. Holden (profinvoices@gawker.com); (ii) proposed counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes and Susan Arbeit; (iv) attorneys for any statutory committee of unsecured creditors appointed in these chapter 11 cases; (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and (vi) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); and (vii) other parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party," and collectively, the "Notice Parties");

b. On or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the presiding judge's chambers; *provided* that filing a Monthly Fee Statement with the Court does not alter the requirements outlined in sections 330 and 331 of the Bankruptcy Code. The Professionals are still required to serve and file interim and final fee Applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and other applicable laws in this district;

c. Each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred (no Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under*

*11 U.S.C. § 330*, dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

    d.    If a party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "<u>Objection</u>"), such party shall, by no later than fifteen (15) days following receipt of the Monthly Fee Statement (the "<u>Objection Deadline</u>"), serve upon the Professional whose Monthly Fee Statement is the subject of an Objection, and the Notice Parties, a written "<u>Notice of Objection to Fee Statement</u>," setting forth the nature of the Objection and the amount of fees or expenses at issue;

    e.    At the expiration of the Objection Deadline, the Debtors promptly shall pay eighty percent (80%) of the fees and 100% of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d);[3]

    f.    If the Debtors receive a Notice of Objection to Fee Statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and expenses in percentages set forth in paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

    g.    If an Objection is resolved, the Professional whose Monthly Fee Statement was the subject of the Objection shall serve a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, and the Debtors shall pay, in accordance with paragraph (e) above, that portion of the Monthly Fee Statement that is no longer subject to the Objection;

    h.    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below;

    i.    The service of a Notice of Objection to Fee Statement in accordance with paragraph (d) above shall not prejudice the objective party's right to object to any fee Application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or otherwise.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind and shall not

---

[3] The remaining 20 percent of the Professional's fees for each Monthly Fee Statement shall be withheld from payment until further order of the Court (the "<u>Monthly Fee Holdback</u>").

prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j.  Approximately every 120 days, but no more than every 150 days, each of the Professionals shall serve and file with the Court an Application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested.  Upon allowance by the Court of a Professional's fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the Monthly Fee Holdback) and expenses not previously paid;

k.  Any Professional who fails to file an Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement when such Application is due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (ii) may be required to disgorge any fees paid since retention or the last fee Application, whichever is later;

l.  The pendency of an Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

m.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses, as provided herein, shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Professional; and

n.  Counsel to the Committee (if any) may, in accordance with the Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee; provided that such Committee counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

14.  The Debtors further request that the Court limit service of the Applications to the

Notice Parties.  The Debtors further request that all other parties that file a notice of appearance

with the clerk of the Court and request notice of pleadings in these chapter 11 cases be entitled to receive only notice of hearings on the Applications (the "Hearing Notices"), with a right to receive copies of the Applications upon request. Because the Applications are anticipated to be voluminous, the Debtors submit that serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the payment of fees and reimbursement of expenses efficiently and will save unnecessary duplication and mailing expenses.

### Basis for Relief

15.    Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. See 11 U.S.C. § 331. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. See 11 U.S.C. § 105(a).

16.    Factors generally considered by courts in determining whether more frequent payment of fees and expenses is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." In re Int'l Horizons, Inc., 10 B.R. 895, 897–98 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having professionals fund a debtor's reorganization proceedings. Id.

17.    The size of these chapter 11 cases and the amount of time and effort that will be required from the Professionals to successfully reorganize the Debtors' businesses justifies

the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these cases, and are not forced to bear undue financial burden or risk caused by delays in payment.

18.     Courts in this jurisdiction have recently approved relief similar to the relief requested in this Motion and as set forth in the Order. See, e.g., In re Aéropostale, Inc., Case No. 16-11275 (SHL), (Bankr. S.D.N.Y. June 3, 2016) [Docket No. 251]; In re The Great Atlantic & Pacific Tea Company, Inc., Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Sept. 2, 2015) [Docket No. 765]; In re Sabine Oil & Gas Corp., Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015) [Docket No. 156]; In re dELiA*s, Inc., Case No. 14-23678 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2015) [Docket No. 137]; In re Chassix Holdings, Inc., No. 15-10578 (MEW) (Bankr. S.D.N.Y.  Apr.  14, 2015) [Docket No. 272].

19.     The Debtors believe that the Compensation Procedures will enable them and other parties in interest to closely monitor case administration costs and implement efficient cash management procedures.   Moreover, the Compensation Procedures will allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation  and reimbursement of expenses sought by Professionals.

20.     The Debtors submit that implementing the Compensation Procedures will significantly aid in the efficient administration of these chapter 11 cases. The Debtors further submit that the Compensation Procedures comply with the guidelines promulgated by the Court pursuant to Local Bankruptcy Rule 2016-1 and General Order M-412. Accordingly, the relief requested herein is in the best interests of the Debtors, their estates, creditors, and all other parties in interest, and therefore should be approved.

**Notice**

21. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the 50 largest unsecured creditors of the Debtors on a consolidated basis; (iii) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (v) Counsel to the Stalking Horse Bidder, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004; Attn: Michael H. Torkin, Esq. (torkinm@sullcrom.com) and Alexa J. Kranzley, Esq. (kranzleya@sullcrom.com), (vi) parties that have requested notice pursuant to Bankruptcy Rule 2002; (vii) the Internal Revenue Service; and (viii) the United States Attorney for the Southern District of New York.  A copy of this Application is also available on the website of the Debtors' proposed notice and claims agent at https://cases.primeclerk.com/gawker.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion

and such other and further relief for the Debtors as may be just or proper.

Dated: June 20, 2016
        New York, New York

                                    */s/ Gregg M. Galardi*
                                    ROPES & GRAY LLP
                                    Gregg M. Galardi
                                    Jonathan P. Gill
                                    Kristina K. Alexander
                                    Stacy A. Dasaro
                                    1211 Avenue of the Americas
                                    New York, NY 10036-8704
                                    Telephone: (212) 596-9000
                                    Facsimile: (212) 596-9090
                                    gregg.galardi@ropesgray.com
                                    jonathan.gill@ropesgray.com
                                    kristina.alexander@ropesgray.com
                                    stacy.dasaro@ropesgray.com

                                    *Proposed Counsel to the Debtors*
                                    *and Debtors in Possession*

## Exhibit A

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :        Case No. 16-11700 (SMB)
                                          :
               Debtors.                   :        (Jointly Administered)
                                          :
-------------------------------------------------------x

## ORDER ESTABLISHING PROCEDURES FOR
## INTERIM COMPENSATION AND REIMBURSEMENT
## OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (the "Debtors"), for entry of an order (the "Order") (i) approving the Compensation

Procedures and (ii) granting related relief, all as more fully set forth in the Motion; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion

in this Court being proper pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of

the Motion having been given; and the Court having found that no other or further notice is

needed or necessary; and the Court having reviewed the Motion and the First Day Declaration

and having heard statements in support of the Motion at a hearing held before the Court (the

"Hearing"); and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and the relief

requested in the Motion being in the best interests of the Debtors' estates, their creditors, and

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

other parties in interest; and any objections to the relief requested in the Motion having been

withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing

therefor, it is hereby

**ORDERED, THAT:**

1.      The Motion is GRANTED to the extent provided herein.

2.      Except as otherwise provided in orders of this Court authorizing the

retention of specific professionals, all Professionals in these cases may seek monthly

compensation in accordance with the following Compensation Procedures:

    a.  On or before or before the 20th day of each month following the
month for which compensation is sought, each Professional seeking
compensation under this Order shall serve a monthly statement (a
"Monthly Fee Statement"), by hand, overnight delivery, or to an e-
mail address designated by that Notice Party, on: (i) the Debtors, 114
Fifth Avenue, New York, New York 10011, Attn: Heather Dietrick
(heather@gawker.com) and William D. Holden
(profinvoices@gawker.com); (ii) proposed counsel for the Debtors,
Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New
York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com);
(iii) the United States Trustee for the Southern District of New York,
201 Varick Street, Suite 1006, New York, New York 10014, Attn:
Greg Zipes and Susan Arbeit; (iv) attorneys for any statutory
committee of unsecured creditors appointed in these chapter 11 cases;
(v) counsel to US VC Partners LP, as Prepetition Second Lien Lender,
Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800,
Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) &
Keith A. Simon, 885 Third Avenue, New York, New York 10022,
Attn: Keith A. Simon (keith.simon@lw.com); and (vi) counsel to
Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth &
Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn:
Adam C. Harris (adam.harris@srz.com); and (vii) other parties
requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice
Party," and collectively, the "Notice Parties");

    b.  On or before the 20th day of each month following the month for
which compensation is sought, each Professional seeking
compensation under this Order shall file a Monthly Fee Statement with
the Court; however, a courtesy copy need not be delivered to the
presiding judge's chambers; *provided* that filing a Monthly Fee

2

Statement with the Court does not alter the requirements outlined in sections 330 and 331 of the Bankruptcy Code. The Professionals are still required to serve and file interim and final fee Applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and other applicable laws in this district;

c.  Each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred (no Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

d.  If a party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than fifteen (15) days following receipt of the Monthly Fee Statement (the "Objection Deadline"), serve upon the Professional whose Monthly Fee Statement is the subject of an Objection, and the Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue;

e.  At the expiration of the Objection Deadline, the Debtors promptly shall pay eighty percent (80%) of the fees and 100% of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d);[3]

f.  If the Debtors receive a Notice of Objection to Fee Statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and expenses in percentages set forth in paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

g.  If an Objection is resolved, the Professional whose Monthly Fee Statement was the subject of the Objection shall serve a statement

---

[3] The remaining 20 percent of the Professional's fees for each Monthly Fee Statement shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

57029565_7

indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, and the Debtors shall pay, in accordance with paragraph (e) above, that portion of the Monthly Fee Statement that is no longer subject to the Objection;

h.    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below;

i.    The service of a Notice of Objection to Fee Statement in accordance with paragraph (d) above shall not prejudice the objective party's right to object to any fee Application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or otherwise.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j.    Approximately every 120 days, but no more than every 150 days, each of the Professionals shall serve and file with the Court an Application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested.  Upon allowance by the Court of a Professional's fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the Monthly Fee Holdback) and expenses not previously paid;

k.    Any Professional who fails to file an Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement when such Application is due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (ii) may be required to disgorge any fees paid since retention or the last fee Application, whichever is later;

l.    The pendency of an Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

m.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses, as provided

herein, shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Professional; and

n.  Counsel to the Committee (if any) may, in accordance with the Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee; provided that such Committee counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

3.  All fees and expenses paid to the Professionals under the Compensation Procedures are subject to full disgorgement until final allowance by the Court.

4.  Each Professional may seek, in its first request for compensation or reimbursement of expenses pursuant to this Order, compensation for any work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on July 31, 2016.

5.  The amount of fees and expenses sought shall be set out in U.S. dollars, and if the fees and expenses are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the Application.

6.  The Debtors shall include all payments to the Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

7.  Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of the Court, *otherwise*, this Order shall continue and shall remain in effect during the pendency of this case.

8.  The Professionals must serve Applications upon the Notice Parties, and all other

parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notices of hearings on the Applications, with a right to receive copies of the Applications upon request.

9.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.      The Debtors shall serve a copy of this Order on each of the Retained Professionals.

11.      Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases.

12.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion.

14.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated _____, 2016
      New York, New York


_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

57029565_7