**Hearing Date: July 7, 2016 at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: July 1, 2016 at 5:00 p.m. (prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                            :
In re                                       :        Chapter 11
                                            :
Gawker Media LLC, et al.,[1]                :        Case No. 16-11700 (SMB)
                                            :
                    Debtors.                :        (Jointly Administered)
                                            :
-------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

        **PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the motion (the "Motion")

of Gawker Media LLC, Gawker Media Group, Inc., and Kinja Kft., the debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for Entry of an

Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the

Ordinary Course of Business, will be held before the Honorable Stuart M. Bernstein of the

United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

723, One Bowling Green, New York, New York 10004-1408, on July 7, 2016 at 2:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **July 1, 2016**, at **5:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline"), upon: (i) the Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, New York  10011, Attn. Heather Dietrick (heather@gawker.com); (ii) proposed counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com);  (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and (vi) parties that have requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

Dated: June 20, 2016
New York, New York

/s/ Gregg M. Galardi
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
stacy.dasaro@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**Hearing Date: July 7, 2016 at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: July 1, 2016 at 5:00 p.m. (prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                           :
In re                                      :        Chapter 11
                                           :
Gawker Media LLC, *et al.*,[1]             :        Case No. 16-11700 (SMB)
                                           :
                        Debtors.           :        (Jointly Administered)
                                           :
-------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and

Kinja Kft. ("Kinja"), debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), respectfully submit this motion (the "Motion") for entry of an

order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to

continue to retain and compensate the Ordinary Course Professionals (as defined below) on a

post-petition basis in accordance with the OCP Procedures (as defined below), without the need

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

for each Ordinary Course Professional to file formal applications for retention and compensation pursuant to sections 327, 328, 330, and 331 of the Bankruptcy Code; and (b) granting related relief.  In support of the Motion, the Debtors hereby incorporate by reference the *Declaration of William Holder in Support of First Day Motions* (the "First Day Declaration"), filed concurrently herewith.[2]  In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327, 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code").

## Procedural Background

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   On June 12, 2016, GMGI and Kinja each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in these cases.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

56747668_8

7.     The factual background regarding the Debtors, their business operations, their

capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set

forth in detail in the First Day Declaration.

**Ordinary Course Professionals**

8.     The Debtors employ various professionals (the "Ordinary Course Professionals"

or "OCPs"), who render professional services to the Debtors on various litigation and legal

matters, some of which may be necessary to the continued operation of the Debtors' business

without interruption.  The Debtors' current OCPs are listed on Exhibit B attached hereto.

9.     The Debtors submit that the services rendered by the OCPs are necessary and in

the best interests of the Debtors' estates, the Debtors' creditors, and other parties in interest.  If

the Debtors had to retain and educate new professionals to provide the same services currently

being provided by the OCPs, the Debtors would incur additional costs that could be avoided by

this Court's approval of the Motion.

10.     Certain OCPs may hold *de minimis* prepetition claims against the Debtors, in

connection with prepetition services rendered.  The Debtors do not believe that these relatively

small prepetition claims, none of which exceeds $5,000, give rise to an interest that is materially

adverse to the Debtors, their creditors, or other parties in interest.

11.     The Debtors request this Court's approval of the following procedures (the "OCP

Procedures") for retaining and compensating OCPs:[3]

    a.     Within thirty (30) days of the entry of the Proposed Order, each OCP
shall file with the Court and serve upon (i) the Debtors, 115 Fifth
Avenue, New York, New York 10011, Attn: Heather Dietrick
(heather@gawker.com) and William Holden
(ocpinvoices@gawker.com); (ii) counsel for the Debtors, Ropes &

---

[3] The OCP Procedures will not apply to those professionals for whom the Debtors have filed or do file separate
applications for employment.

Gray LLP, 1211 Avenue of the Americas, New York, New York
10036 Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii)
the United States Trustee for the Southern District of New York, 201
Varick Street, Suite 1006, New York, New York 10014, Attn. Greg
Zipes and Susan Arbeit; (iv) attorneys for any statutory committee of
unsecured creditors appointed in these chapter 11 cases; (v) counsel to
Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth &
Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn:
Adam C. Harris (adam.harris@srz.com); (vi) counsel to US VC
Partners LP, as Prepetition Second Lien Lender, Latham & Watkins
LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611,
Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885
Third Avenue, New York, New York 10022, Attn: Keith A. Simon
(keith.simon@lw.com); and (vii) Counsel to the Stalking Horse
Bidder, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY
10004; Attn: Michael H. Torkin, Esq. (torkinm@sullcrom.com) and
Alexa J. Kranzley, Esq. (kranzleya@sullcrom.com), Fax: (212) 291-
9376; (collectively, the "Notice Parties"):

    i.  a declaration of disinterestedness (the "OCP Delcaration"),
       substantially in the form attached hereto as Exhibit C; and

    ii.  a completed questionnaire (the "OCP Questionnaire")
       substantially in the form attached hereto as Exhibit D;

b.  The Notice Parties shall have ten (10) days after the filing and service
of the OCP Declaration and the OCP Questionnaire to notify the
Debtors, the Notice Parties, and the relevant OCP, in writing, of any
objection to the retention, employment, or compensation of the OCP
based on the contents of the OCP Declaration or the OCP
Questionnaire (the "Objection Deadline").

c.  If no objections are asserted by the Objection Deadline, the retention,
employment, and compensation of the OCP will be deemed approved
pursuant to sections 327 and 328 of the Bankruptcy Code without the
need for a hearing and without further Order of the Court; *provided,
however,* that if an objection is asserted and such objection cannot be
resolved within twenty (20) days, the Debtors shall schedule the matter
for a hearing before the court.

d.  Once the retention and employment of an OCP is approved, the
Debtors will be authorized to pay compensation and reimburse
expenses to such OCP in the ordinary course of business, without a
prior application to the Court by such OCP, in the full undisputed
amount billed by each such OCP upon receipt of reasonably detailed
invoices indicating the nature of services rendered and expenses

incurred, in each case calculated in accordance with such OCP's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), subject to the Monthly Cap and Aggregate Cap (each, as defined below).

e.   The Debtors will be authorized to retain and employ additional OCPs throughout these cases, *provided*, that each additional OCP shall file an OCP Declaration and OCP Questionnaire with the Court, serve the Notice Parties, and, subject to the same objection procedure described above, the approved retention will be effective as of the date requested in any supplemental list of OCPs or the expiration of the Objection Deadline applicable for each OCP, whichever is earlier.

f.   Each OCP's fees, excluding costs and disbursements, during the pendency of the Debtors' chapter 11 cases shall not exceed  $50,000 per month per professional (the "Monthly Cap") or $500,000 in the aggregate (the "Aggregate Cap").  The Monthly Cap or the Aggregate Cap may be increased by mutual agreement between the Notice Parties, *provided* that the Debtors shall file a notice with the Court of any such agreed increase.

g.   At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), beginning on September, 2016, the Debtors shall file with the Court and serve on the Notice Parties, no later than thirty (30) days after such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

h.   Unless the Court orders otherwise, in the event payment to any OCP would exceed the Aggregate Cap, such OCP will be required to file a separate application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code.

i.   Unless the Court orders otherwise, in the event that an OCP seeks more than $50,000 for any month during the pendency of these chapter 11 cases, such OCP shall file a fee application, on notice and in accordance with the notice requirements of the Bankruptcy Rules and any applicable local rules, for the full amount of its fees and expenses for any month where such OCPs fees and disbursements exceeded the Monthly Cap.  The Debtors are permitted, but not required, to make an interim payment to each OCP whose fees exceed the Monthly Cap in any given month, up to the Monthly Cap.

12.     By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

### Basis for Relief

13.     The Debtors seek to employ the OCPs to render services similar to those rendered prior to the commencement of this chapter 11 case.  The expected number of OCPs, however, makes it inefficient for the Debtors to submit individual applications and proposed retention orders to this Court for each OCP.  Additionally, certain OCPs might decline to continue providing services if they were compelled to comply with the administrative burdens of seeking retention and filing fee applications in a chapter 11 case.  Further, the procedures outlined in this Motion will relieve this Court and the U.S. Trustee of the burden of reviewing numerous fee applications involving relatively modest fees and expenses.

14.     The Debtors submit that the continued employment and compensation of the OCPs in accordance with the OCP Procedures is in the best interests of the Debtors' estates, creditors, and other parties-in-interest.  If the Debtors lose the expertise and background knowledge of the OCPs for the particular matters for which they were responsible prior to the Petition Date, the Debtors' estate will incur additional and unnecessary expenses in retaining and familiarizing new counsel with such matters.  It therefore is in the best interests of the Debtors' estate to avoid any disruption in the professional services required for the day-to-day operations of the Debtors' business.

15.     Although some of the OCPs may hold small unsecured claims against the Debtors for prepetition services rendered, the Debtors expects that none of the OCPs has an interest materially adverse to any of the Debtors, their creditors, or other parties-in-interest.  In any event, the OCP Procedures include a requirement that the OCPs each complete a declaration that

they do not represent or hold any interest adverse to the Debtors or its estate with respect to the

engagement for which such professional is to be retained before they can be compensated.

16.     Bankruptcy courts in this District and others routinely have granted the same or

similar relief to debtors in other chapter 11 cases.  See, e.g., In re dELiA*s, Inc., Case No. 14-

23678 (Bankr. S.D.N.Y. Jan. 9, 2015) [Docket No. 136]; In re MPM Silicones, LLC, Case No.

14-22503 (RDD) (Bankr. S.D.N.Y. May 16, 2014) [Docket No. 211]; In re Velo Holdings Inc.,

Case No. 12-11384 (MG) (Bankr. S.D.N.Y. May 29, 2012) [Docket No. 201]; In re TBS

Shipping Servs. Inc., Case No. 12-22224 (RDD) (Bankr. S.D.N.Y. Feb. 29, 2012) [Docket No.

93]; In re United Retail Grp, Inc., Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 29, 2012)

[Docket No. 291]; In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Feb.

15, 2012) [Docket No. 366]; In re Old HB, Inc. (f/k/a Hostess Brands, Inc.), Case No. 12-22052

(RDD) (Bankr. S.D.N.Y. Jan. 27, 2012) [Docket No. 211].

**Notice**

17.     Notice of this Motion has been provided to (i) the Office of the United States

Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY

10014, Attn: Greg Zipes & Susan Arbeit; (ii) the 50 largest unsecured creditors of the Debtors

on a consolidated basis; (iii) counsel to Cerberus Business Finance, LLC, as DIP Lender,

Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C.

Harris (adam.harris@srz.com); (iv) counsel to US VC Partners LP, as Prepetition Second Lien

Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611,

Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York,

New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (v) Counsel to the Stalking

Horse Bidder, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004; Attn:

-10-

Michael H. Torkin, Esq. (torkinm@sullcrom.com) and Alexa J. Kranzley, Esq.

(kranzleya@sullcrom.com), Fax: (212) 291-9376; (vi) parties that have requested notice

pursuant to Bankruptcy Rule 2002; (vi) the Internal Revenue Service; and (viii) the United

States Attorney for the Southern District of New York.  A copy of this Application is also

available on the website of the Debtors' proposed notice and claims agent at

https://cases.primeclerk.com/gawker.  In light of the nature of the relief requested, the Debtors

submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief for the Debtors as may be just and proper.

Dated: June 20, 2016
        New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
stacy.dasaro@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

56747668_8

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                          :
In re                                     :         Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :         Case No. 16-11700 (SMB)
                                          :
                    Debtors.              :         (Joint Administration Requested)
                                          :
-------------------------------------------------------x

**ORDER AUTHORIZING**
**THE EMPLOYMENT AND COMPENSATION OF**
**CERTAIN PROFESSIONALS  IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for

entry of an order (this "Order"):  authorizing the Debtors to employ and compensate OCPs; and

this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §

1334; and this Court having found that the Motion is a core proceeding pursuant to

28 U.S.C. § 157(b); and this Court having found that venue of this chapter 11 case and the

Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors, and other parties in interest; and it appearing that proper and adequate notice of

the Motion has been given and that no other or further notice is necessary; and this Court having

reviewed the Motion and having heard statements in support of the Motion at a hearing held

before this Court (the "Hearing"); and this Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media and GMGI are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and any objections to the relief requested herein having been withdrawn or overruled on the

merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is

**ORDERED THAT:**

1.        The Motion is GRANTED to the extent set forth herein.

2.        The Debtors are authorized to employ and pay reasonable fees and expenses of

the OCPs in the ordinary course of the Debtors' business pursuant to the following OCP

Procedures:[3]

> a.  Within thirty (30) days of the entry of the Proposed Order, each OCP
> shall file with the Court and serve upon (i) the Debtors, 115 Fifth
> Avenue, New York, New York 10011, Attn: Heather Dietrick
> (heather@gawker.com) and William Holden
> (ocpinvoices@gawker.com); (ii) counsel for the Debtors, Ropes &
> Gray LLP, 1211 Avenue of the Americas, New York, New York
> 10036 Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii)
> the United States Trustee for the Southern District of New York, 201
> Varick Street, Suite 1006, New York, New York 10014, Attn. Greg
> Zipes and Susan Arbeit; (iv) attorneys for any statutory committee of
> unsecured creditors appointed in these chapter 11 cases; (v) counsel to
> Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth &
> Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn:
> Adam C. Harris (adam.harris@srz.com); (vi) counsel to US VC
> Partners LP, as Prepetition Second Lien Lender, Latham & Watkins
> LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611,
> Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885
> Third Avenue, New York, New York 10022, Attn: Keith A. Simon
> (keith.simon@lw.com); and (vii) Counsel to the Stalking Horse
> Bidder, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY
> 10004; Attn: Michael H. Torkin, Esq. (torkinm@sullcrom.com) and
> Alexa J. Kranzley, Esq. (kranzleya@sullcrom.com), Fax: (212) 291-
> 9376; (collectively, the "Notice Parties"):
>
> > i.  a declaration of disinterestedness (the "OCP Delcaration"),
> > substantially in the form attached to the Motion as Exhibit C;
> > and

---

[3] The OCP Procedures will not apply to those professionals for whom the Debtors have filed or do file
separate applications for employment.

    j.   a completed questionnaire (the "OCP Questionnaire")
substantially in the form attached to the Motion as Exhibit D;

b.   The Notice Parties shall have ten (10) days after the service of the
OCP Declaration and the OCP Questionnaire to notify the Debtors, the
Notice Parties, and the relevant OCP, in writing, of any objection to
the retention, employment, or compensation of the OCP based on the
contents of the OCP Declaration or the OCP Questionnaire (the
"Objection Deadline").

c.   If no objections are asserted by the Objection Deadline, the retention,
employment, and compensation of the OCP will be deemed approved
pursuant to sections 327 and 328 of the Bankruptcy Code without the
need for a hearing and without further Order of the Court; *provided,
however,* that if an objection is asserted and such objection cannot be
resolved within twenty (20) days, the Debtors shall schedule the matter
for a hearing before the court.

d.   Once the retention and employment of an OCP is approved, the
Debtors will be authorized to pay compensation and reimburse
expenses to such OCP in the ordinary course of business, without a
prior application to the Court by such OCP, in the full undisputed
amount billed by each such OCP upon receipt of reasonably detailed
invoices indicating the nature of services rendered and expenses
incurred, in each case calculated in accordance with such OCP's
standard billing practices (without prejudice to the Debtors' right to
dispute any such invoices), subject to the Monthly Cap and Aggregate
Cap (each, as defined below).

e.   The Debtors will be authorized to retain and employ additional OCPs
throughout these cases, *provided*, that each additional OCP shall file
an OCP Declaration and OCP Questionnaire with the Court, serve the
Notice Parties, and, subject to the same objection procedure described
above, the approved retention will be effective as of the date requested
in any supplemental list of OCPs or the expiration of the Objection
Deadline applicable for each OCP, whichever is earlier.

f.   Each OCP's fees, excluding costs and disbursements, during the
pendency of the Debtors' chapter 11 cases shall not exceed $50,000
per month per professional (the "Monthly Cap") or $500,000 in the
aggregate (the "Aggregate Cap").  The Monthly Cap or the Aggregate
Cap may be increased by mutual agreement between the Notice
Parties, *provided* that the Debtors shall file a notice with the Court of
any such agreed increase.

g.  At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), beginning on September 1, 2016, the Debtors shall file with the Court and serve on the Notice Parties, no later than thirty (30) days after such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

h.  Unless the Court orders otherwise, in the event payment to any OCP would exceed the Aggregate Cap, such OCP will be required to file a separate application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code.

i.  Unless the Court orders otherwise, in the event that an OCP seeks more than $50,000 for any month during the pendency of these chapter 11 cases, such OCP shall file a fee application, on notice and in accordance with the notice requirements of the Bankruptcy Rules and any applicable local rules, for the full amount of its fees and expenses for any month where such OCPs fees and disbursements exceeded the Monthly Cap.  The Debtors are permitted, but not required, to make an interim payment to each OCP whose fees exceed the Monthly Cap in any given month, up to the Monthly Cap.

3.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: _____, 2016
       New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**List of Ordinary Course Professionals**

| Name of OCP Professional | Service Provided to Debtor |
|---|---|
| Proskauer Rose LLP | Litigation Services |
| John Duncan | Outside General Counsel Services |
| Maples & Calder | Cayman Islands Corporate Counsel |
| Klasko Immigration Law Partners, LLP | Immigration Counsel |
| Jalsovszky Law Firm | Hungarian Corporate and Other Legal Counsel |
| Levine Sullivan Koch & Schulz, LLP | Litigation Services |
| Thomas & LoCicero PL | Litigation Services |

## **Exhibit C**

**Form of OCP Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :        Case No. 16-11700 (SMB)
                                          :
                    Debtors.              :        (Joint Administration Requested)
                                          :
-------------------------------------------------------x

**DECLARATION IN SUPPORT OF**
**EMPLOYMENT AND RETENTION OF [_____] AS A**
**PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [_____], declare as follows:

1.      I am a [member] of the firm [_____] (the "Firm"), which has been employed by the debtors in possession in the above-captioned case (the "Debtors") in the ordinary course of its business.  The Debtors wish to employ and retain the Firm to continue providing such ordinary course services during the chapter 11 cases.  This declaration is submitted in compliance with the Order Authorizing The Employment and Compensation of Certain Professionals in the Ordinary Course of Business (the "OCP Order").

2.      Neither I, the Firm, nor any member, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, its creditors, or any party in interest herein, except as set forth hereinafter:

3.      [FIRM TO INCLUDE ANY DISCLOSURES]

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

4.      The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

5.      This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases.  None of those past or current representations are material.  The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with the OCP Order, through the submission of an invoice and detailed time records based on the hourly rates set forth below, plus reimbursement of actual necessary expenses and other charges incurred by the Firm.  The principal [attorneys and paralegals / other professionals] designated to represent the Debtors and their current standard rates are as follows: _____.

6.      The rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its [attorneys and paralegals / other professionals] and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with said client's case.  The expenses charged to clients include, among other things, [DESCRIPTION OF EXPENSES] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

56747668_8

7.      Except as provided in the OCP Order, no representations or promises have been received by the Firm [nor by any member, counsel, or associate thereof] as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.   The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case.

I declare under penalty of perjury that the foregoing is true and correct.

_____

[Professional Name]
[Tittle]
[Address]

56747668_8

**<u>Exhibit D</u>**

**OCP Questionnaire**

56747668_8

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
:
In re                                           :          Chapter 11
:
Gawker Media LLC, *et al.*,[1]                   :          Case No. 16-11700 (SMB)
:
                          Debtors.              :          (Joint Administration Requested)
:
---------------------------------------------------------x

## RETENTION QUESTIONNAIRE

      TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY Gawker Media Group, Inc., or Gawker Media LLC. (the "Debtors"):

      If more space is needed, please complete on a separate page and attach.

1.    Name and address of firm:

_____
_____
_____
_____

2.    Date of retention: _____

3.    Type of services provided:

_____
_____
_____
_____

4.    Brief description of services to be provided:

_____
_____
_____
_____

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

5.    Arrangements for compensation:

_____

(a)    Average rate (if applicable):

(b)    Estimated compensation:

6.    Prepetition claims against any the Debtors held by the firm:

Amount of Claims: $ _____

Date claim arose: _____

Source of Claim: _____

7.    Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

Name: $ _____

Status: _____

Amount of Claim: _____

Date claim arose: _____

Source of Claim: _____

8.    Disclose the nature, and provide a brief description, of any interest adverse to the Debtors or to their estate respecting the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

56747668_8