**Hearing Date and Time: July 7, 2016 at 2:00 p.m. (ET)**
**Objection Date and Time: July 1, 2016 at 5:00 p.m. (ET)**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
Gawker Media LLC, *et al.*,[1]                :        Case No. 16-11700 (SMB)
                                              :
              Debtors.                        :        (Joint Administration Requested)
                                              :
------------------------------------------------------x


## NOTICE OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ROPES & GRAY LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

        **PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the application (the

"Application," a copy of which is attached hereto) of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") to retain and employ Ropes & Gray LLP as their

attorneys effective *nunc pro tunc* to the Petition Date (as defined in the Application) will be held

before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

District of New York (the "Court"), in Room 723, One Bowling Green, New York, New York

10004-1408, on **July 7, 2016 at 2:00 p.m. (prevailing Eastern Time).**

      **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application

and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall set forth the basis for the response or objection and the specific grounds therefore, and shall

be filed with the Court electronically in accordance with General Order M-399 by registered

users of the Court's case filing system (the User's Manual for the Electronic Case Filing System

can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard

copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as

to be actually received no later than **July 1, 2016,** at **5:00 p.m.** (prevailing Eastern Time) (the

"Objection Deadline"), upon: (i) the Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor,

New York, New York  10011, Attn. Heather Dietrick (heather@gawker.com); (ii) proposed

counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New

York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com);  (iii) the Office of the

United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New

York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) counsel to Cerberus Business Finance,

LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York

10022, Attn: Adam C. Harris (adam.harris@srz.com); (v) counsel to US VC Partners LP, as

Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite

2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885

Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and

(vi) parties that have requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Application to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Application, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the fore annexed as **Exhibit A** to the Application, which order the Court may enter with no further notice or opportunity to be heard.

Dated:  June 20, 2016
      New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
kristina.alexander@ropesgray.com
stacy.dasaro@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

56649008_4

**Hearing Date and Time: July 7, 2016 at 2:00 p.m. (ET)**
**Objection Date and Time: July 1, 2016 at 5:00 p.m. (ET)**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Kristina K. Alexander
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11
                                                    :
Gawker Media LLC, *et al.*,[1]                      :        Case No. 16-11700 (SMB)
                                                    :
                    Debtors.                        :        (Joint Administration Requested)
                                                    :
------------------------------------------------------x


**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF ROPES & GRAY LLP AS**
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**
**EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and

Kinja Kft. ("Kinja") debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), respectfully submit this application (the "Application") for entry of

an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and

retention of Ropes & Gray LLP ("Ropes & Gray") as counsel for the Debtors, effective *nunc pro*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

Gregg M. Galardi, a partner at Ropes & Gray, which is attached hereto as **Exhibit B** (the "Galardi Declaration"), and the declaration of William D. Holden, the Chief Restructuring Officer of GMGI and Gawker Media, which is attached hereto as **Exhibit C** (the "Holden Declaration"), both of which are incorporated herein by reference.   In further support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Procedural Background

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   On June 12, 2016, GMGI and Kinja each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in these cases.

7.      The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are

set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions*

[Docket No. 7].

## Relief Requested

8.　　By this Application, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A**, authorizing the retention and employment of Ropes & Gray as

their attorneys in accordance with the terms and conditions set forth in that certain engagement

letter between the Debtors and Ropes & Gray effective as of May 11, 2016 (the "Engagement

Letter"), a copy of which is annexed hereto as **Exhibit 1** to **Exhibit A**, as amended, and

incorporated herein by reference.

## Ropes & Gray's Qualifications

9.　　The Debtors seek to retain Ropes & Gray because of its recognized expertise and

extensive experience and knowledge in the field of business restructuring and reorganizations

under chapter 11 of the Bankruptcy Code. Ropes & Gray has extensive experience in chapter 11

matters and has represented debtors, creditors' committees, and other significant parties-in-

interest in many cases, including, most recently: In re Linn Energy, LLC, No. 16-60040 (Bankr.

S.D. Tex.) (Counsel to the Official Committee of Unsecured Creditors); In re Verso Corp., No.

16-10163 (Bankr. D. Del. Jan. 26, 2016) (Counsel to Steering Committee of NewPage Term

Loan Lenders); In re Magnum Hunter Resources Corporation, No. 15-12533 (Bankr. D. Del.

Dec. 15, 2015) (Counsel to the Official Committee of Unsecured Creditors); In re Sabine Oil &

Gas Corporation, No. 15-11835 (Bankr. S.D.N.Y. July 15, 2015) (Counsel to the Official

Committee of Unsecured Creditors); In re Doral Financial Corporation, No. 15-10573 (Bankr.

S.D.N.Y. Mar. 11, 2015) (Counsel to the Debtors);

3

10.     In addition, prior to joining Ropes & Gray, Gregg Galardi, the lead partner

overseeing these chapter 11 cases has extensive experience in corporate restructurings, Chapter

11 reorganizations and sales and related matters, and has twenty-five years of experience in

Chapter 11 reorganization cases nationwide, including numerous debtor representations such as

In re dELiA*s, INC., No. 14-23678 (RDD) (Bankr. S.D.N.Y.); In re Noble Logistics, Inc., No.

14-10442 (CSS) (Bankr. D. Del.); In re Reddy Ice Holdings, Inc., No. 12-32349 (SGJ) (Bankr.

N.D. Tex.); In re Trailer Bridge, Inc., No. 11-08348 (Bankr. M.D. Fla.); In re CIT Group, Inc.,

No. 09-16565 (ALG) (Bankr. S.D.N.Y.).

11.     In preparing for its representation of the Debtors in these chapter 11 cases, Ropes

& Gray has become familiar with the Debtors' businesses and many of the potential legal issues

that may arise in the context of these chapter 11 cases.  The Debtors believe that Ropes & Gray

is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an

efficient and timely manner.

**<u>Services to be Provided</u>**

12.     Subject to further order of the Court, and consistent with the Engagement Letter,

the Debtors request the retention and employment of Ropes & Gray to render the following,

among other, legal services:[2]

> a.     advising the Debtors with respect to their powers and duties
> as debtors in possession in the continued management and
> operation of their businesses and properties;
>
> b.     advising and consulting on the conduct of these chapter 11
> cases, including all of the legal and administrative requirements of
> operating in chapter 11;
>
> c.     advising the Debtors in connection with the potential sale
> of substantially all of their assets;

---

[2] Ropes & Gray LLP is proposed counsel to the Debtors in these chapter 11 cases.  For the avoidance of doubt,
Ropes & Gray LLP does not represent any of the Debtors' principals in these chapter 11 cases.

4

d.    attending meetings and negotiating with representatives of creditors and other parties in interest;

e.    taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning litigations in which the Debtors are involved, including objections to the claims filed against the Debtors' estates;

f.    preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

g.    representing the Debtors in connection with obtaining authority to obtain postpetition financing;

h.    appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.    advising the Debtors regarding related tax matters;

j.    taking any necessary action on behalf of the Debtors to negotiate, draft, and obtain approval of a chapter 11 plan and all documents related thereto;

k.    performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

## **Professional Compensation**

13.    Ropes & Gray intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Ropes & Gray will use in these chapter 11 cases are the same as the hourly rates and

5

corresponding rate structure that Ropes & Gray uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

14.    Subject to court approval, in accordance with sections 330(a) and 331 of the Bankruptcy Code and as set forth in the Galardi Declaration, compensation will be paid to Ropes & Gray on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Ropes & Gray according to its customary reimbursement policies.

15.    Ropes & Gray operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

16.    Ropes & Gray's current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Range |
|---|---|
| Partner | $880 - $1,450 |
| Counsel | $605 - $1,425 |
| Associate | $460 - $1,050 |
| Paralegals | $160 - $415 |

17.    The hourly rates set forth above are set at a level designed to compensate Ropes & Gray fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine

56649008_4

expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

18.      The rate structure provided by Ropes & Gray for postpetition services is not significantly different from (a) the rates that Ropes & Gray charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Ropes & Gray will perform in these chapter 11 cases.

19.      It is Ropes & Gray's policy to charge its clients in all areas of practice for all identifiable, non-overhead expenses incurred in connection with each client's case that would not have been incurred except for representation of that particular client.  It is also Ropes & Gray's policy to charge its clients only the amount actually incurred by Ropes & Gray in connection with such items.  Examples of such expenses include, among other things, postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.  In addition, Ropes & Gray professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

20.      Ropes & Gray will charge the Debtors $0.10 per page for standard duplication in its offices in accordance with Local Rule 2016-1 and the Amended Guidelines for *Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*. Ropes & Gray does not charge its clients for incoming facsimile transmissions.

## Compensation Received by Ropes & Gray from the Debtors

21.      Ropes & Gray represented the Debtors for approximately six weeks prior to the Petition Date.  For services incurred prior to the Petition Date, Ropes & Gray agreed to a certain fee structure that provided for a limited discount to its ordinary hourly rates, only in connection

7

with services for preparing the Debtors for the filing of a case under Chapter 11 and a possible sale to a third party, as set forth more fully in the Engagement Letter. This discount was negotiated because prior to the retention of Ropes & Gray, the Debtors had engaged another law firm to advise on and prepare for a possible chapter 11 filing. Accordingly, Ropes & Gray agreed to this limited discount, due to the fact that some of the work Ropes & Gray would be performing would overlap with work performed by the prior-engaged law firm. The agreed discount was to provide a $100,000 credit for the first $100,000 of fees incurred above $750,000 and a 15% discount on additional fees after total fees exceeded $850,000 through the Petition Date.

22.    As set forth in the Galardi Declaration, the Debtors paid $300,000 to Ropes & Gray on May 17, 2016 as an advance payment retainer. As of the Petition Date, the Debtors' retainer balance with Ropes & Gray was approximately $279,000 as a result of the Debtors' use of approximately $21,00 of the $100,000 credit. Subject to this Court's approval, Ropes & Gray intends to apply this advance to any outstanding amounts relating to the period prior to the Petition Date that were not processed through Ropes & Gray's billing system as of the Petition Date. The amount of the advance payment retainer to be applied will reflect the discount Ropes & Gray agreed to provide the Debtors, and Ropes & Gray will retain the balance as a post-petition retainer to be applied to the fees and expenses approved in Ropes & Gray's final fee application. The amounts Ropes & Gray has invoiced the Debtors for professional services and for reimbursement of reasonable and necessary expenses incurred in connection therewith, which were paid by application against the retainer, are set forth in the Galardi Declaration.

23.    Pursuant to Bankruptcy Rule 2016(b), Ropes & Gray has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person,

other than with the partners, associates, and other attorneys associated with Ropes & Gray; or (b) any compensation another person or party has received or may receive. As of the Petition Date, the Debtors did not owe Ropes & Gray any amounts for legal services rendered before the Petition Date. Although certain expenses and fees may have been incurred, but not yet applied to Ropes & Gray's retainer, such amounts, if any, would be less than the balance of Ropes & Gray's retainer as of the Petition Date.

## Ropes & Gray's Disinterestedness

24.     To the best of the Debtors' knowledge and as disclosed herein and in the Galardi Declaration, (a) Ropes & Gray is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estate; and (b) Ropes & Gray has no connection to the Debtors, their creditors or other parties in interest, except as may be disclosed in the Galardi Declaration.

25.     Ropes & Gray is continuing to review, and will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or connections are discovered or arise, Ropes & Gray will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Basis for Relief

26.     The Debtors seek retention of Ropes & Gray as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

9

persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

27.    Bankruptcy Rule 2014(a) requires that an application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

28.    The Debtors submit that for all the reasons stated above and in the Galardi Declaration, the retention and employment of Ropes & Gray as counsel to the Debtors is warranted.  Further, as set forth in the Galardi Declaration (a) Ropes & Gray is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtors' estates, and (b) Ropes & Gray has not represented the Debtors' creditors or any other parties in interest or their respective attorneys in any matter relating to the Debtors' estates.

**<u>Notice</u>**

29.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the 50 largest unsecured creditors of the Debtors on a consolidated basis; (iii) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (iv) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (v) parties that have

10

requested notice pursuant to Bankruptcy Rule 2002; (vi) the Internal Revenue Service; and (vii) the United States Attorney for the Southern District of New York.  A copy of this Application is also available on the website of the Debtors' proposed notice and claims agent at https://cases.primeclerk.com/gawker.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: Jun 20, 2016
New York, New York

Heather Dietrick
President & General Counsel

12

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                 :

In re                               :          Chapter 11
                                 :

Gawker Media LLC, *et al.*,[1]      :          Case No. 16-11700 (SMB)
                                 :

               Debtors.        :          (Jointly Administered)
                                 :
-------------------------------------------------------x

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROPES & GRAY LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors (the

"Debtors"), for entry of an order (the "Order") authorizing the Debtors to employ and retain

Ropes & Gray LLP ("Ropes & Gray") as their attorneys, effective *nunc pro tunc* to the Petition

Date, pursuant to sections 327(a) and 330 of title 11 of the United States Codes (the "Bankruptcy

Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Bankruptcy Rules"); and the Court having reviewed

the Application, the Declaration of Gregg M. Galardi, a partner at Ropes & Gray (the "Galardi

Declaration"), and the declaration of William D. Holden (the "Holden Declaration")

Declaration"); and the Court having found that the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application (including the Galardi Declaration).

of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Galardi Declaration that (a) Ropes & Gray does not hold or represent an interest adverse to the Debtors' estates and (b) Ropes & Gray is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.    The Application is GRANTED to the extent provided herein.

2.    Pursuant to sections 327(a), 328(a), and 329 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 5002, and Local Rule 2014-1, the Debtors, as debtors in possession, are authorized to employ and retain Ropes & Gray as their counsel, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **<u>Exhibit 1</u>**.

2

3.       Ropes & Gray is authorized to perform the services as described in the

Application and the Engagement Letter.  Specifically, but without limitation, Ropes & Gray will

render the following, among other, legal services:

>       a.       advising the Debtors with respect to their powers and duties
>       as debtors in possession in the continued management and
>       operation of their businesses and properties;
>
>       b.       advising and consulting on the conduct of these chapter 11
>       cases, including all of the legal and administrative requirements of
>       operating in chapter 11;
>
>       c.       advising the Debtors in connection with the potential sale
>       of substantially all of their assets;
>
>       d.       attending meetings and negotiating with representatives of
>       creditors and other parties in interest;
>
>       e.       taking all necessary actions to protect and preserve the
>       Debtors' estates, including prosecuting actions on the Debtors'
>       behalf, defending any action commenced against the Debtors, and
>       representing the Debtors' interests in negotiations concerning
>       litigations in which the Debtors are involved, including objections
>       to the claims filed against the Debtors' estates;
>
>       f.       preparing pleadings in connection with these chapter 11
>       cases, including motions, applications, answers, orders, reports and
>       papers necessary or otherwise beneficial to the administration of
>       the Debtors' estates;
>
>       g.       representing the Debtors in connection with obtaining
>       authority to obtain postpetition financing'
>
>       h.       appearing before the Court and any appellate courts to
>       represent the interests of the Debtors' estates;
>
>       i.       advising the Debtors regarding related tax matters;
>
>       j.       taking any necessary action on behalf of the Debtors to
>       negotiate, draft, and obtain approval of a chapter 11 plan and all
>       documents related thereto;
>
>       k.       performing all other necessary legal services for the
>       Debtors in connection with the prosecution of these chapter 11

cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4.    Ropes & Gray shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

5.    Notwithstanding anything to the contrary in the Engagement Letter to the contrary, Ropes & Gray shall apply any remaining amounts of its prepetition retainer as a credit towards postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Ropes & Gray.  Ropes & Gray may reserve and apply amounts from the retainer(s) that would otherwise be applied towards payment of postpetition fees and expenses as are necessary and appropriate to reimburse Ropes & Gray for prepetition expenses consistent with its ordinary course billing practices.

6.    Ropes & Gray shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Ropes & gray to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7.    Ropes & Gray shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any creditors' committee appointed in these chapter 11 cases, before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy

56651969_1

Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.      Ropes & Gray shall not withdraw as Debtors' counsel before the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

9.      The Debtors and Ropes & Gray are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11.     To the extent the Application, the Galardi Declaration, the Holden Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.


    Dated: _____, 2016
            New York, New York


                                        _____
                                        HONORABLE STUART M. BERNSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1 to Proposed Order**

**Engagement Letter**



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

May 11, 2016

Gregg M. Galardi
T +1 212 596 9139
F +1 646 728 1886
gregg.galardi@ropesgray.com

Gawker Media, LLC
114 Fifth Avenue, 2d Floor
New York, New York 10011

Attention:      Heather Dietrick
                President and General Counsel

Re:     *Representation by Ropes & Gray LLP*

Dear Ms. Dietrick:

We appreciate being asked to represent Gawker Media, LLC (the "Client" or "you"). Our
experience has been that it is mutually beneficial to set forth, at the outset of our representation, the
terms of our engagement. That is the purpose of this letter.

Engagement

As your counsel, we will represent you in a potential restructuring, including to the extent necessary
the possible sale of you to a third party and the commencement of cases under Chapter 11 of the
United States Bankruptcy Code (the "Matter"). The scope and nature of this representation may be
enlarged in the future, but only as you and we may jointly agree.

In connection with this engagement, we understand that Morrison Cohen LLP ("Morrison Cohen")
will remain as counsel to you. While this engagement does not create an attorney-client
relationship between us and Morrison Cohen, you have authorized our firm to, and the firm shall,
share all confidential information regarding this engagement with Morrison Cohen.

Customarily, each client of the firm is served by a principal lawyer contact. I will be your principal
lawyer. Subject to the supervisory role of the principal lawyer, work on your behalf or parts of it
may be performed by other lawyers and legal assistants in the firm. This may be done for the
purpose of involving lawyers or legal assistants with special expertise in a given area or for the
purpose of providing services on the most efficient and timely basis.

ROPES & GRAY LLP

- 2 -                                                                          May 11, 2016

<u>Fees</u>

Generally, our fees for professional services in connection with this engagement are based on the hours worked by Ropes & Gray LLP professionals and the hourly rates in effect at the time services are rendered. In some cases, our fees may vary based on factors such as the complexity of the legal issues involved, time limitations that are beyond our control and the results of the representation. As discussed, we are prepared to provide you with a modified fee arrangement with respect to the preparation of the Client for a potential Chapter 11 filing.

Associates' and law clerks' hourly billing rates are set by class without regard to the status of bar memberships of junior lawyers. Our fees are determined net of any withholdings, deductions or payments that you or we may be required to make in respect of any taxes or duties, including, without limitation, taxes in the nature of "value added taxes," sales taxes, or taxes imposed upon gross receipts that we might be required to pay (but excluding taxes payable by us with respect to our net income by reason of our having an office in the jurisdiction imposing the tax).

We will charge for all time spent in representing your interests, including, by way of illustration, telephone and office conferences with you and your representatives, consultants (if any), opposing counsel, and others; conferences among our legal and paralegal personnel; factual investigation; legal research; responding to your requests for us to provide information to your auditors in connection with reviews or audits of financial statements; drafting letters and other documents; and travel. We may use temporary contract staff to perform certain tasks on your engagement and will bill for that time at the rate that corresponds to the rate for Ropes & Gray LLP personnel providing a similar level of service.

Finally, as discussed, we have estimated that the fees for preparing the Client for a filing of a case under Chapter 11 and a possible sale to a third party would be $750,000. Based on that estimate, which excludes litigation costs and other expenses, we are prepared to provide the Client with (i) a credit of $100,000 upon the realization by the firm of billed and collected fees in the amount of $750,000 to be applied to fees in excess of $750,000 and (ii) a discount of 15% for professional fees in excess of $850,000 (calculated before applying the $100,000 credit) through the commencement of a case under Chapter 11. In the event that the aggregate fees prior to commencement of a case under Chapter 11 are less than $750,000 but greater than $100,000, we will provide you with a discount of 10%. As discussed, in the event that a case under Chapter 11 is commenced, we will be billing at our standard hourly rates, with all fees and expenses being subject to approval of the Bankruptcy Court.

In addition to our fees, there may be other charges for items incident to the performance of our legal services, such as photocopying, couriers, travel expenses, local counsel, specialized computer applications such as computerized legal research, and filing fees. Our policy is to pass through these charges simply to recover our costs without any mark-up. For certain of these items, particularly those that involve significant technology and/or support services such as imaging and

ROPES & GRAY LLP

- 3 -                                                                                May 11, 2016

storing electronic data and documents and the use of specialized software for legal research and data processing, we are sometimes able to reduce costs by contracting with vendors to purchase a quantity of service over time that is beyond the needs of any single client. In those instances, we may bill you at a reduced per unit rate that does not fully reflect the quantity discounts we ultimately obtain. Unless special arrangements are made, the fees, expenses and charges of others (such as experts, investigators, local counsel and consultants) and other large disbursements will not be paid by us, but will be the sole responsibility of, and billed directly to, the Client.

The rates of our lawyers and legal assistants are reviewed and adjusted from time to time, usually at least once a year on a firm-wide basis, to reflect current levels of legal experience, changes in overhead costs, and other factors. Our time recording increment is the quarter of an hour.

Although we may from time to time, at the Client's request, furnish estimates of legal fees and other charges that we anticipate will be incurred, these estimates are by their nature inexact and, therefore, the actual fees and charges ultimately payable may vary from such estimates.

If at any time we are asked to testify (by deposition or otherwise) or respond to a subpoena or other discovery request as a result of our representation of you, or if we must defend the confidentiality of your communications in any proceeding, you agree, subject to applicable law, to pay us for our time, calculated at the hourly rate at the time for the particular individuals involved, and for any associated charges, even if our representation of you has ended.

Payment

Our fees are based on the assumption of prompt payment. Consequently, unless other arrangements are made, fees for services and other charges generally will be billed no less frequently than monthly and are payable within 30 days of receipt.

In engagements of this sort the firm requests the Client to deposit funds as an advance payment retainer with the firm. At the outset of the engagement, you agree to deposit $150,000 with the firm as an advance payment retainer. The advance payment retainer will be applied first to payment of charges for such items as photocopying, messengers, travel, etc., as more fully described above, and then to fees for services. No less frequently than bi-weekly, we will bill you for fees and expenses, including any charges and fees in excess of the advance payment retainer. Upon issuing our invoice, we will be permitted to apply the advance payment retainer towards the amount of the invoice and you agree to remit payment in the full amount of the remaining balance after application of the retainer plus an amount sufficient to return the advance payment retainer to $150,000. In the event that the fees and expenses are expected to exceed $150,000 on a bi-weekly basis, we will discuss with you an increase in the amount of the advance payment retainer that is sufficient to cover reimbursement of the expected fees and expenses. In all circumstances, any remaining portion of amounts held as the advance payment retainer will be refundable at the conclusion of our representation, as more fully described below.

ROPES & GRAY LLP

- 4 -                                                                                                  May 11, 2016

You consent to our maintaining this advance payment retainer in a general account.  If we deposited the payment in a client trust account, the funds would remain your property and may be subject to the claims of your creditors, thereby making it difficult for you to retain counsel.  Accordingly, you acknowledge and agree to our depositing the advance payment retainer in our general account in order to, among other things, secure counsel in connection with our representation of you in a potential Chapter 11 filing.  Consequently, upon our receipt of the advance payment retainer, the funds will become our property and you will have no interest in the funds.

Upon the commencement of the bankruptcy case, any remaining balance of the advance payment retainer shall continue to remain with us, without any application to our fees and expenses incurred during the bankruptcy case.  Upon final approval by the Bankruptcy Court of our final application for fees and expenses, any remaining balance of the advance payment retainer will be applied to amounts due to us pursuant to such final fee application, with any remaining amount to be returned to you after such application.  To the extent the advance payment retainer is insufficient to cover all amounts due and owing to us pursuant to an order approving our final fee application, such fees and expenses shall be promptly paid by you.  Our allowed interim fees and expenses incurred during the bankruptcy case will be paid from the bankruptcy estate assets, pursuant to an order of the Bankruptcy Court in the Chapter 11 case.

Sometimes our fees, or a portion of them, are paid by a third party, such as an insurer.  In this event, you will remain responsible for paying the difference, if any, between the amount of our bills and the amount paid by the third party.

Documents and Files

We will maintain necessary documents relating to this matter in our client files.  At the conclusion of the matter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, of the documents in our files you wish us to make available to you.  These documents will be delivered to you within a reasonable time after receipt of payment for outstanding fees and other charges, subject to applicable rules of attorney conduct.  We will retain any remaining documents in our files for a certain period of time and ultimately destroy them in accordance with our record retention program schedule then in effect.  Under our current policy, unfiled emails sent or received by Ropes & Gray LLP are generally not retained after 60 days from the date of transmission or receipt.  With the exception of certain original paper documents, such as official or certified documents, original signed documents, and other documents that you have told us may be of legal or evidentiary significance as original documents, you agree that we may discard paper copies of documents and maintain our files electronically.

56586362_4

ROPES & GRAY LLP

- 5 -                                                                                              May 11, 2016

<u>E-mail Communication</u>

We recommend that all e-mail communication between us be encrypted. Encryption can help avoid
the risks attendant to communication by e-mail, which is capable of being intercepted by
others. Our systems are configured to send and receive encrypted e-mail by default, and we would
be happy to work with you if you choose to configure your systems to communicate in an encrypted
format. If that is not feasible or you choose not to do so, you consent to the use of unencrypted e-
mail in our communications.

<u>Conflicts of Interest</u>

As you know, Ropes & Gray LLP is a large law firm with a national and international practice, with
many existing clients and many new clients each year. Because many of our clients interact with
other clients in many different respects, we often are in a position to undertake new matters like this
one only because another client has agreed to an advance waiver. Accordingly, our representation
of you is conditioned upon your agreement that you will not object to our representation in any
matter of any other client or prospective client of our firm with interests directly adverse to yours,
including without limitation our representation of another such client in any business dealings,
negotiations, or disputes with you (including litigation against you) provided that the matter in
which we represent any party adverse to you is not substantially related to any matter in which we
are representing or have represented you, and with the understanding that we will not disclose any
confidential information we have received from you and will not use any such information on
behalf of any other party. This means, among other things, that we may obtain confidential
information from other clients that might be of interest to you but which we cannot share with you.
You also agree that in auctions and other situations where you are seeking to acquire companies or
investments, we may also represent other prospective purchasers. It is understood that your
agreement above not to object to our representation of other clients is made on your own behalf and
on behalf of any affiliate or other entity or person to the extent such affiliate, other entity or person
would assert rights arising out of this engagement.

To facilitate our compliance with professional responsibility rules and to address internally our
provision of legal services, it is sometimes necessary for firm lawyers to consult with in-house or
outside counsel to the firm. You agree that any such consultations related in any way to this
representation will be deemed attorney-client privileged communications between us and our in-
house or outside counsel. Your consent in this regard applies even if the consultation might be
considered adverse to your interests. In that event and in jurisdictions that consider such
consultations to constitute conflicts of interests, you consent to the consultation notwithstanding any
conflict and agree that it may remain confidential and subject to the firm's attorney-client privilege.

As with any of the provisions of this engagement letter, you are of course free to consult with
independent counsel concerning the terms of this section of this letter, and we advise you to do so.

ROPES & GRAY LLP

- 6 -                                                                                    May 11, 2016

Identity of Client

The client for this engagement is Gawker Media, LLC. This engagement does not create an attorney-client relationship with any related persons or entities, such as parents, subsidiaries, affiliates, employees, officers, directors, shareholders, members or partners not expressly identified in the preceding sentence.

From time to time in developing our practice and recruiting personnel it is useful to identify representative clients and matters and to use client logos without, of course, divulging any confidential information. This engagement letter will constitute your consent to such use and disclosure.

Termination

This engagement will end when we have completed our work on the matters for which you have engaged us, or when either of us informs the other that the representation has ended (including by transmittal of our final bill on those matters). We specifically reserve the right, consistent with applicable rules of professional conduct, to suspend or terminate work on behalf of the Client if our statements are not paid within 30 days after they are rendered.

Discussion and Disputes

We appreciate the opportunity to serve as your attorneys and anticipate a productive and harmonious relationship. If, however, you become dissatisfied for any reason with our services or the fees charged, we encourage you to bring your concerns to our attention immediately. On our side, if we perceive a problem with the representation, we will discuss it with you. In our experience, most problems can and will be rectified through such communication.

In the unlikely event that a dispute should arise between us that cannot be resolved through communication and discussion, we both agree that, prior to instituting any formal proceeding, we will attempt to resolve the dispute through non-binding mediation, before a mediator who is agreed to by both parties. In the event that we both are unable to agree upon a mediator, we both agree to submit our dispute for non-binding mediation to the American Arbitration Association ("AAA"), which will then appoint a mediator for us and the mediation shall be conducted pursuant to the AAA's rules. We both agree that any such mediation will take place in Manhattan, New York and that we both will equally share the costs of mediation. If, despite our efforts, mediation does not resolve the dispute, pursuant to the Fee Dispute Resolution Program established by Part 137 of the Rules of the Chief Administrator of the Courts of New York State, clients whom we represent in civil matters have the right to initiate arbitration of any dispute with our firm involving amounts between $1,000 and $50,000.

Subject to the preceding sentence, any action by either of us to resolve any dispute with respect to our services shall be brought exclusively in either the Supreme Court of the State of New York,

56586362_4

ROPES & GRAY LLP

- 7 -                                                      May 11, 2016

County of New York or in the U.S. District Court for the Southern District of New York, and you
consent to the jurisdiction of such Courts for that purpose and agree that they are a convenient
forum. New York law will govern the terms of our representation, as well as any dispute, claim or
issue arising out of or relating to our representation.

Limited Liability

Ropes & Gray LLP is registered as a limited liability partnership under the laws of the State of
Delaware. Each lawyer in a registered limited liability partnership is personally and fully liable and
accountable for any negligent or wrongful act or misconduct committed by him or her while
rendering professional services on behalf of the firm, but is not otherwise liable or accountable,
directly or indirectly, for any debts, obligations or liabilities of Ropes & Gray LLP.

Miscellaneous

Where London-based lawyers associated with Ropes & Gray International LLP ("R&GI") perform
legal services for you, additional Terms of Business, which can be found at
https://www.ropesgray.com/footer/Legal-Notices/Terms-of-Business.aspx, will apply to the
performance of such services.

Ropes & Gray LLP looks forward to maintaining its close and cooperative relationship with you.
We will rely on you to assist and cooperate with us as appropriate. We anticipate that you will
disclose fully and accurately to us all facts that may be relevant to matters on which you engage us
or that we may otherwise reasonably request, and keep us apprised of developments relating to the
matters on which you engage us.

If the foregoing correctly reflects your understanding of the terms and conditions of our
representation, please so indicate by executing the enclosed copy of this letter in the space provided
below and returning it to me in the enclosed envelope.

ROPES & GRAY LLP

- 8 -                                                      May 11, 2016

Please contact me if you have any questions.  We are pleased to have this opportunity to be of service and to work with you.

Very truly yours,

Ropes & Gray LLP

By: _____
        Gregg M. Galardi

**AGREED TO AND ACCEPTED:**

GAWKER MEDIA, LLC

By: _____
        Heather Dietrick
        President and General Counsel



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

May 18, 2016

Gregg M. Galardi
T +1 212 596 9139
F +1 646 728 1886
gregg.galardi@ropesgray.com

Gawker Media, LLC
114 Fifth Avenue, 2d Floor
New York, New York  10011

Attention:    Heather Dietrick
              President and General Counsel

Re:    *Representation by Ropes & Gray LLP*

Dear Heather:

As you know, pursuant to the engagement letter dated May 11, 2016 (the "Engagement Agreement"), we were retained to represent Gawker Media, LLC in a potential restructuring, including to the extent necessary the possible sale to a third party and the commencement of cases under Chapter 11 of the United States Bankruptcy Code (the "Matter").  As events have unfolded, you have requested and we have agreed to amend the Engagement Agreement to also include the representation of Gawker Media Group, Inc. and Kinja, KfT (the "Additional Clients") in the Matter.

This letter confirms that effective as of the date set forth above, Ropes & Gray, LLP will represent the Additional Clients in the Matter and that all of terms and conditions set forth in the Engagement Agreement will remain the same

Please contact me if you have any questions.  We again very much appreciate the opportunity work with you on this engagement.

Very truly yours,

Ropes & Gray LLP

By: _____
        Gregg M. Galardi

57301451_1

ROPES & GRAY LLP

- 2 -                                                          May 18, 2016

AGREED TO AND ACCEPTED:

GAWKER MEDIA, LLC

By: _____

    Heather Dietrick
        President and General Counsel

**<u>Exhibit B</u>**

**Galardi Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :        Case No. 16-11700 (SMB)
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
---------------------------------------------------------x


### DECLARATION OF GREGG M. GALARDI IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ROPES & GRAY LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE COUNSEL TO THE DEBTORS

I, Gregg M. Galardi, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.     I am a partner of the firm of Ropes & Gray LLP ("Ropes & Gray"), which maintains offices at 1211 Avenue of the Americas, New York, New York 10036. I am the lead attorney from Ropes & Gray working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2.     I submit this declaration (this "Declaration") in support of the *Debtors' Application for Entry of An Order Authorizing the Retention and Employment of Ropes & Gray LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

*Petition Date* (the "Application").[2]  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### Ropes & Gray's Qualifications

3.       The Debtors seek to retain Ropes & Gray because of its recognized expertise and extensive experience and knowledge in the field of business restructuring and reorganizations under chapter 11 of the Bankruptcy Code. Ropes & Gray has extensive experience in chapter 11 matters and has represented debtors, creditors' committees, and other significant parties-in-interest in many cases, including, most recently: In re Linn Energy, LLC, No. 16-60040 (Bankr. S.D. Tex.) (Counsel to the Official Committee of Unsecured Creditors);  In re Verso Corp., No. 16-10163 (Bankr. D. Del. Jan. 26, 2016) (Counsel to Steering Committee of NewPage Term Loan Lenders); In re Magnum Hunter Resources Corporation, No. 15-12533 (Bankr. D. Del. Dec. 15, 2015) (Counsel to the Official Committee of Unsecured Creditors); In re Sabine Oil & Gas Corporation, No. 15-11835 (Bankr. S.D.N.Y. July 15, 2015) (Counsel to the Official Committee of Unsecured Creditors); In re Doral Financial Corporation, No. 15-10573 (Bankr. S.D.N.Y. Mar. 11, 2015) (Counsel to the Debtors).

4.       I have extensive experience in corporate restructurings, Chapter 11 reorganizations and sales and related matters, and have twenty-five years of experience in Chapter 11 reorganization cases nationwide, including numerous debtor representations such as In re dELiA*s, INC., No. 14-23678 (RDD) (Bankr. S.D.N.Y.); In re Noble Logistics, Inc., No. 14-10442 (CSS) (Bankr. D. Del.); In re Reddy Ice Holdings, Inc., No. 12-32349 (SGJ) (Bankr. N.D. Tex.); In re Trailer Bridge, Inc., No. 11-08348 (Bankr. M.D. Fla.); In re CIT Group, Inc., No. 09-16565 (ALG) (Bankr. S.D.N.Y.).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

56650853_3

5.      In preparing for its representation of the Debtors in these chapter 11 cases, Ropes & Gray has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these chapter 11 cases.  I believe that Ropes & Gray is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

## Services to be Provided

6.      Subject to further order of the Court, and consistent with the Engagement Letter, as amended, the Debtors request the retention and employment of Ropes & Gray to render the following, among other, legal services: [3]

> (a)      advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;
>
> (b)      advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;
>
> (c)      advising the Debtors in connection with the potential sale of substantially all of their assets;
>
> (d)      attending meetings and negotiating with representatives of creditors and other parties in interest;
>
> (e)      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning litigations in which the Debtors are involved, including objections to the claims filed against the Debtors' estates;
>
> (f)      preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

---

[3] Ropes & Gray LLP is proposed counsel to the Debtors in these chapter 11 cases.  For the avoidance of doubt, Ropes & Gray LLP does not represent any of the Debtors' principals in these chapter 11 cases.

3

(g)      representing the Debtors in connection with obtaining authority to obtain postpetition financing;

(h)      appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

(i)      advising the Debtors regarding related tax matters;

(j)      taking any necessary action on behalf of the Debtors to negotiate, draft, and obtain approval of a chapter 11 plan and all documents related thereto;

(k)      performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

## Professional Compensation

7.      Ropes & Gray intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Ropes & Gray will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Ropes & Gray uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

8.      Subject to court approval, in accordance with sections 330(a) and 331 of the Bankruptcy Code, compensation will be paid to Ropes & Gray on an hourly basis, plus

4

reimbursement of actual, necessary expenses and other charges incurred by Ropes & Gray according to its customary reimbursement policies.

9.      Ropes & Gray operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

10.      Ropes & Gray's current hourly rates for matters related to these chapter 11 cases range as follows:

| **Billing Category** | **Range** |
|----------------------|-----------|
| Partner | $880 - $1,450 |
| Counsel | $605 - $1,425 |
| Associate | $460 - $1,050 |
| Paralegals | $160 - $415 |

11.      The hourly rates set forth above are set at a level designed to compensate Ropes & Gray fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

12.      The rate structure provided by Ropes & Gray for postpetition services is not significantly different from (a) the rates that Ropes & Gray charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Ropes & Gray will perform in these chapter 11 cases.

13.      It is Ropes & Gray's policy to charge its clients in all areas of practice for all identifiable, non-overhead expenses incurred in connection with each client's case that would not

5

have been incurred except for representation of that particular client. It is also Ropes & Gray's policy to charge its clients only the amount actually incurred by Ropes & Gray in connection with such items. Examples of such expenses include, among other things, postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging. In addition, Ropes & Gray professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

14.    Ropes & Gray will charge the Debtors $0.10 per page for standard duplication in its offices in accordance with Local Rule 2016-1 and the Amended Guidelines for *Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*. Ropes & Gray does not charge its clients for incoming facsimile transmissions.

## Compensation Received by Ropes & Gray from the Debtors

15.    Ropes & Gray represented the Debtors for approximately six weeks prior to the Petition Date. For services incurred prior to the Petition Date, Ropes & Gray agreed to a certain fee structure that provided for a limited discount to its ordinary hourly rates, only in connection with services for preparing the Debtors for the filing of a case under Chapter 11 and a possible sale to a third party, as set forth more fully in the Engagement Letter. This discount was negotiated because prior to the retention of Ropes & Gray, the Debtors had engaged another law firm to advise on and prepare for a possible chapter 11 filing. Accordingly, Ropes & Gray agreed to this limited discount, due to the fact that some of the work Ropes & Gray would be performing would overlap with work performed by the prior-engaged law firm. The agreed discount was to provide a $100,000 credit for the first $100,000 of fees incurred above $750,000 and a 15% discount on additional fees after total fees exceeded $850,000 through the Petition Date.

6

16.     The Debtors paid $300,000 to Ropes & Gray on May 17, 2016 as an advance payment retainer. As of the Petition Date, the Debtors' retainer balance with Ropes & Gray was approximately $279,000 as a result of the Debtors' use of approximately $21,000 of the $100,000 credit.  Subject to this Court's approval, Ropes & Gray intends to apply this advance to any outstanding amounts relating to the period prior to the Petition Date that were not processed through Ropes & Gray's billing system as of the Petition Date.  The amount of the advance payment retainer to be applied will reflect the discount Ropes & Gray agreed to provide the Debtors, and Ropes & Gray will retain the balance as a post-petition retainer to be applied to the fees and expenses approved in Ropes & Gray's final fee application.

17.     During the 90-day period before the Petition Date, Ropes & Gray invoiced the Debtors, and the Debtors paid Ropes & Gray the following amounts:

| Transaction Type | Invoice / Payment Date | Billed Amount | Payment Amount | Retainer Balance |
|---|---|---|---|---|
| Retainer Deposit | 5/17/2016 | | $300,000.00 | $300,000.00 |
| Invoice 1008061 | 5/18/2016 | $194,175.00 | | $105,825.00 |
| Retainer Replenishment | 5/20/2016 | | $194,175.00 | $300,000.00 |
| Invoice 1009134 | 5/25/2016 | $209,364.50 | | $90,635.50 |
| Retainer Replenishment | 5/25/2016 | | $188,428.95 | $279,064.45 |
| Invoice 1010678 | 6/1/2016 | $92,827.50 | | $186,236.95 |
| Retainer Replenishment | 6/3/2016 | | $92,827.50 | $279,064.45 |
| Invoice 1011483 | 6/8/2016 | $242,154.00 | | $36,910.45 |
| Retainer Replenishment | 6/9/2016 | | $242.154.00 | $279,064.45 |
| | | | | |
| | | | Current Retainer Balance | $279,064.45 |

18.     As of the Petition Date, the Debtors did not owe Ropes & Gray any amounts for legal services rendered before the Petition Date.  Although certain expenses and fees may have been incurred but not yet applied to Ropes & Gray's advance payment retainer, Ropes & Gray's total retainer always exceeded any amounts listed or to be listed on statements describing

7

services rendered and expenses incurred (on a "rates time hours" and "dates of expenses incurred" basis) prior to the Petition Date.

19.    Pursuant to Bankruptcy Rule 2016-1, Ropes & Gray has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Ropes & Gray or (B) any compensation another person or party has received or may receive.

### Statement Regarding U.S. Trustee Guidelines

20.    Ropes & Gray shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Ropes & Gray also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 440 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Ropes & Gray in these chapter 11 cases.

21.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Revised UST Guidelines:

| | |
|---|---|
| **Question:** | **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?** |
| Answer: | Yes.  Ropes & Gray agreed to (i) a credit of $100,000 upon the realization by Ropes & Gray of billed and collected fees in the amount of $750,000 to be applied to fees in excess of $750,000; (ii) a discount of 15% for professional fees in excess of $850,000 (calculated before applying the $100,000 credit) through the commencement of a case under chapter 11 of the Bankruptcy Code.  Ropes & Gray further agreed that, in the event that |

aggregate fees prior to the commencement, were less than $750,000 but greater than $100,000, to provide a discount of 10%.

**Question:**    **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer:    No.

**Question:**    **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Answer:    Ropes & Gray has represented the Debtors since May 11, 2016.  As set forth in the engagement letter, the limited discount for services provided prepetition would not apply to fees incurred by Ropes & Gray incurred subsequent to the filing of a petition under chapter 11 of the Bankruptcy Code.

Pursuant to the terms of the Engagement Letter, Ropes & Gray will be billing at its standard hourly rates, with all fees and expenses being subject to approval of the Bankruptcy Court, subsequent to the commencement of a case under chapter 11 of the Bankruptcy Code.

Ropes & Gray's current hourly rates for services rendered on behalf of the Debtors range as follows:

| **Billing Category**[4] | **Range** |
|---|---|
| Partner | $880 - $1,450 |
| Of Counsel | $605 - $1,425 |
| Associate | $460 - $1,050 |
| Paraprofessionals | $160 - $415 |

**Question:**    **Have the Debtors approved your prospective budget and staffing plan, and, if so for what budget period?**

---

[4] Ropes & Gray also currently uses contract attorneys and will not charge a markup to the Debtors with respect to fees billed by such attorneys.  Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Ropes & Gray have been and will continue to be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

56650853_3

Answer:    The Debtors' management, Chief Restructuring Officer, and Ropes & Gray are working on a budget for this case, but this budget has not, as of the date of this Declaration, been formally adopted by the Debtors' Board of Directors. The budget will reflect that Ropes & Gray will assist the Debtors in selling substantially all of the Debtors' assets, negotiating with creditors and other constituencies, complying with disclosure and other chapter 11 obligations, and pursuing distribution to creditors through a chapter 11 plan. The budget necessarily involves a projection of future events with limited information and is subject to change as the case develops. The Debtors recognize that it is possible that in these chapter 11 cases there may be unforeseen fees and expenses that will need to be addressed by the Debtors and Ropes & Gray. Ropes & Gray will work with the Debtors to develop a staffing plan to accompany the budget. The Debtors anticipate the budget and staffing plan will be presented to the board for approval by July 5, 2016.

### **Ropes & Gray's Disinterestedness**

22.    Neither I nor Ropes & Gray is an insider of the Debtor.  Neither I nor Ropes & Gray holds directly any claim against or debt security of the Debtor.

23.    Ropes & Gray solicited information by firm-wide email to its partners and employees to determine if any partner or employee of Ropes & Gray was a director, officer, or employee of any of the Debtors within the past two years.  To the best of my knowledge and information based on the responses received to the foregoing information request, no partner or employee of Ropes & Gray was a director, officer, or person in control of any of the Debtors within the past two years.

24.    Ropes & Gray further solicited information by firm-wide email to its partners and employees to determine if any partner or employee of Ropes & Gray is a close relative of a director or officer of the Debtors.  To the best of my knowledge and information based on the responses received to the foregoing information request, no partner or employee of Ropes & Gray is a close relative of a director, officer, or person in control of the Debtors.

56650853_3

25.     Ropes & Gray further solicited information by firm-wide email to its partners and employees to determine if any partner or employee of Ropes & Gray holds any equity, options to purchase equity, or debt securities in the Debtors or any claim against the Debtors.  To the best of my knowledge and information based on the responses received to the foregoing information request, no partner or employee of Ropes & Gray holds such interests.

26.     Ropes & Gray further solicited information by firm-wide email to its partners and employees to determine if any partner or employee of Ropes & Gray has a close personal relationship with, or is related to, any employees of the Office of the United States Trustee for the Southern District of New York, or any bankruptcy court judge for the Southern District of New York.  To the best of my knowledge and information based on the responses received to the foregoing information request, no partner or employee of Ropes & Gray has a close personal relationship with, or is related to, any employees of the Office of the United States Trustee for the Southern District of New York, or any bankruptcy court judge for the Southern District of New York.

27.     Except as otherwise provided herein, to the best of my knowledge and information, Ropes & Gray does not have any interest materially adverse to the interests of the Debtors' estates, or of any class of creditors of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors.  To the best of my knowledge and information, Ropes & Gray and its partners and employees neither hold nor represent any interest adverse to the Debtors in connection with these chapter 11 cases.  Based upon the information available to me, I believe that Ropes & Gray is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

28.     Of the entities listed on **Schedule 2**, none represented more than one percent of Ropes & Gray's fee receipts for the twelve month period ending May 31, 2016.

29.     Also in connection with its proposed retention by the Debtors in these chapter 11 cases, Ropes & Gray undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, Ropes & Gray obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest") and such parties are listed on **Schedule 1** hereto. Ropes & Gray has searched and is continuing to search on its electronic database for its connections to the entities listed on **Schedule 1** hereto. To the extent that I have been able to ascertain that Ropes & Gray has been retained within the last five years to represent any of the Potential Parties in Interest (or their affiliates, as the case may be) in matters unrelated to these cases, such facts are disclosed on **Schedule 2** attached hereto.

30.     Ropes & Gray and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases.  Ropes & Gray has searched and is continuing to search on its electronic database for its connection to the entities listed on **Schedule 1** attached hereto.  Accordingly, Ropes & Gray will update this Declaration as necessary if Ropes & Gray becomes aware of additional material information.  The following is a list of the categories that Ropes & Gray has searched or is continuing to search:

| **Schedule** | **Category** |
| --- | --- |
| 1(a) | Debtors and Trade Names |
| 1(b) | Current and Recent Former Directors and Officers |

12

| 1(c) | Potential Contract Counterparties |
| 1(d) | Insurers |
| 1(e) | Other Interested Parties |
| 1(f) | Landlords |
| 1(g) | Litigants |
| 1(h) | Professionals |
| 1(i) | Shareholders |
| 1(j) | Significant Customers |
| 1(k) | Significant Unsecured Creditors |
| 1(l) | Significant Vendors |
| 1(m) | Taxing Authorities |
| 1(n) | U.S. Trustee and Key Court Personnel for the Southern District of New York |
| 1(o) | Utilities |
| 1(p) | Employees and Independent Contractors |

31.     Listed on **Schedule 2** to this Declaration are the results of Ropes & Gray's conflicts searches of the above-listed entities. For the avoidance of doubt, Ropes & Gray will not commence a cause of action in these chapter 11 cases against the entities listed on **Schedule 2** that are current or ongoing clients of Ropes & Gray (including parties listed below under the "Specific Disclosures" section of this Declaration) unless Ropes & Gray has an applicable waiver on file or first receives a waiver from such entity allowing Ropes & Gray to commence such an action. To the extent that a waiver does not exist or is not obtained from such entity and it is necessary for the Debtors to commence an action against that client, the Debtors will be represented in such particular matter by conflicts counsel.

32.     None of the entities listed on **Schedule 2** represent more than one percent of Ropes & Gray's fee receipts for the twelve-month period ending June 10, 2016.

33.     Ropes & Gray's conflicts search of the entities listed on Schedules 1(a)-1(p) (that Ropes & Gray was able to locate using its reasonable efforts) reveals, to the best of Ropes &

13

Gray's knowledge, that those Ropes & Gray attorneys and paraprofessionals who previously worked at other law firms that represented such entities have not worked on matters relating to the Debtors' restructuring efforts while at Ropes & Gray.

34.    Ropes & Gray will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Ropes & Gray will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

35.    Generally, it is Ropes & Gray's policy to disclose entities in the capacity that they first appear in a conflicts search. For example, if an entity already has been disclosed in this Declaration in one capacity (e.g., a customer), and the entity appears in a subsequent conflicts search in a different capacity (e.g., a vendor), Ropes & Gray does not disclose the same entity again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

36.    From time to time, Ropes & Gray has referred work to other professionals to be retained in chapter 11 cases. Likewise, certain such professionals have referred work to Ropes & Gray.

37.    Certain insurance companies pay the legal bills of Ropes & Gray clients. Some of these insurance companies may be involved in these chapter 11 cases. None of these insurance companies, however, are Ropes & Gray clients as a result of the fact that they pay legal fees on behalf of Ropes & Gray clients.

38.    As specifically set forth below and in the attached exhibits, Ropes & Gray represents certain of the Debtors' creditors or other parties in interest in ongoing matters

14

unrelated to the Debtors and these chapter 11 cases.  None of the representations described

herein are materially adverse to the interests of the Debtors' estates.  Moreover, pursuant to

section 327(c) of the Bankruptcy Code, Ropes & Gray is not disqualified from acting as the

Debtors' counsel merely because it represents the Debtors' creditors or other parties in interest in

matters unrelated to these cases.  Although I do not believe they would in any way affect Ropes

& Gray's ability to effectively represent the Debtors, any material connections of Ropes & Gray

to specific parties in interest are set forth below as additional disclosures.  Ropes & Gray

currently represents the following entities (or their affiliates) on matters unrelated to the Debtors:

|  |  |
|---|---|
| i. | Google, Inc. |
| ii. | Sony Computer Entertainment America LLC |
| iii. | Automatic Data Processing Inc. |
| iv. | CDW Corporation |
| v. | RSC Insurance Brokerage Inc. |
| vi. | SAP SE |
| vii. | SUPER SW Management Inc. |
| viii. | Nielsen Company BV |
| ix. | WPP Global USA Inc. |

39.    Ropes & Gray may have in the past represented entities, in matters unrelated to

these chapter 11 cases, that may be parties in interest in theses cases and who are not listed on

**Schedule 2**, either because the representation is more than five years old or because the entities'

names do not appear on **Schedule 1**.  Ropes & Gray may currently represent entities, in matters

wholly unrelated to these chapter 11 cases, that may be parties in interest and that are not listed

on **Schedule 1**.  Further, Ropes & Gray may in the future represent parties listed on **Schedule 1**

in matters unrelated to these chapter 11 cases.

40.    To the extent necessary, Ropes & Gray will update the information disclosed

herein by filing a supplemental declaration pursuant to Bankruptcy Rule 2014 and Local Rule

2014-1.

56650853_3

41.    I will amend this statement immediately upon learning that (i) any of the within

representations are incorrect or (ii) there is any change of circumstance relating thereto.


Dated: June 20, 2016


_____
Gregg M. Galardi

56650853_3

**<u>Schedule 1</u>**

**Conflicts List**

56649008_4

# SCHEDULE 1

## List of Schedules

| Schedule | Category |
|---|---|
| 1(a) | Debtors and Trade Names |
| 1(b) | Current and Recent Former Directors and Officers |
| 1(c) | Potential Contract Counterparties |
| 1(d) | Insurers |
| 1(e) | Other Interested Parties |
| 1(f) | Landlords |
| 1(g) | Litigants |
| 1(h) | Professionals |
| 1(i) | Shareholders |
| 1(j) | Significant Customers |
| 1(k) | Significant Unsecured Creditors |
| 1(l) | Significant Vendors |
| 1(m) | Taxing Authorities |
| 1(n) | U.S. Trustee and Key Court Personnel for the Southern District of New York |
| 1(o) | Utilities |
| 1(p) | Employees and Independent Contractors |

## SCHEDULE 1(a)

### Debtors and Trade Names

Gawker Media Group, Inc.

Gawker Media LLC

Kinja Kft.

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Gawker.Com

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Curbed.com LLC

Gawker Sales LLC

Gawker.Com

RGFREE

Vox Media, Inc.

Blogwire

Deadspin

Defamer

Gawker

Gawker Stalker

Gizmodo

io9

Jalopnik

Jezebel

Kinja

Kotaku

Lifehacker

Sploid

Valleywag

**SCHEDULE 1(b)**

**Current and Recent Former Directors and Officers**

Albertson, Josh

Darbyshire, Gabrielle

Denton, Nicholas

Dietrick, Heather

Epstein, Jason

Fette, Ian

Holden, William

Kidder, Scott

Plunkett, Thomas

Szasz, Peter

Tillman, Scott

Weinbrecht, Adrian

## SCHEDULE 1(c)

### Potential Contract Counterparties

114 Fifth Avenue Ground Lessee LLC

114 Fifth Owner LP

204-210 Elizabeth Street LLC c/o S.W. Management LLC

204-210 Elizabth Street LLC

3293 Pacific LLC

A Mediocre Corporation

A Small Orange, LLC.

A9.com, Inc.

Access Inteligence, LLC

Adam Clark Estes

Adam Pash

Adam Weinstein

Ad-Juster, Inc.

Admeld, LLC

Adsfactor Holdings Limited

AdSlot Technologies, LTD.

Adtech US, Inc.

Aegon Magyarorszag Zrt.

AGIS Fire & Security Kft.

AIG

Alan Henry

Alan Kwon

Albert Burneko

Aleksander Chan

Alex Cranz

Alex Dickinson

Alex Pareene

Alexandra Cannon

Alexandra Philippides

Alexandre Dohrmann

Alissa Walker

All You Can Move SportPass Europe

Allison Jones

Allison Wentz

Allure Media Pty Limited

AM Lab Americas, LLC.

Amanda Marandola

Amazon Services LLC

Amazon Web Services, Inc.

Amazon.com, Inc.

Anastasia Weeks

Andrassy Palota Ingatlanfogalmazo Kft.

Andrea Park

Andrew Collins

Andrew Cush

Andrew Gorenstein

Andrew Harding

Andy Orin

Angela Alzona

Angela Wang

Anna Merlan

Anthony Carnevale

Anthony Hack

AOL Advertising Inc.

Ariana Cohen

Ariel Viera

Ashley Feinberg

Ashton Galloway

Atlantic Metro Communications II, Inc.

Attila Illes

Ava Gyurina

Balazs Keki

BarkBox, Inc.

Barry Petchesky

Ben Regenspan

BlueApron.com

Brainy Labs, LLC

Brandon McCoy

Brendan O'Connor

Bridget Brown

Bryan Lufkin

Bryan Menegus

C&G Group Kft c/o Brody House Group

Cadreon, LLC.

Caitleen Weaver

Camila Cabrer

Camilla Baker

Casey Speer

Casper Sleep Inc.

Catherine LeClair

Cecilia D'Anastasio

Chad Bernstein

Chelsey Hoffman

Cheryl Eddy

Chris Neveu

Chris Person

Chris Vespoli

Christina Blacken

ClickMeter

ClickStream

Cloudinary Ltd.

Clover Hope

ClubW

Colleen McMillan

Colliers International

Colliers International Kft.

Coltiers Nemzetkozi Ingattanuzemeltet6 es Kezel6 Kft.

Combat Flip Flops, LLC.

Comic Cartel

ComScore, Inc.

Corporate Communications Bt.

Courtenay O'Connor

Daniel Morgan

Darren Orf

Dashlane Inc.

DataGram

Datagram Incorporated

Dave McKenna

David Tracy

Dayna Evans

Devin Clark

Diana Moskovitz

Diane Kelly

Diego Pineda

DineInFresh, Inc. dba Plated

Dollar Shave Club, Inc.

DOUBLECLICK

Dr. Torzsa Peter Bt.

DreamHost

Drew Magary

Driftaway Inc.

Earnest Inc.

Eleanor Shechet

57491981_3

Elisa Solinas

Emily Ambruso

Emily Herzig

Emma Carmichael

Emprese Cedente

Eric Goldfarb

Eric Ravenscraft

Erika Audie

Erin Gloria Ryan

Erin Pettigrew

Esther Inglis-Arkell

Ethan Sommer

Evan Narcisse

Eyal Ebel

F451

F451 fka Spicy Media Editora Ltda

F451 Media Editora Ltda.

Fabiola Lara

Facebook Ireland Limited

Facebook, Inc.

Fastly, Inc.

Federal Insurance Company

Fluxmob, LLC.

Framebridge, Inc.

Fritzie Andrade

Future Publishing Limited

Gabrielle Bluestone

GeekFuel, LLC.

Germain Lussier

Giri Nathan

Globalway Participacoes Ltda.

Gloria Clark

Google Inc.

Gorilla Nation Media, LLC

Grace Robertson

Graze Inc.

Green Fox Academy

Greg Howard

Greg Lopez

GroupDynamics Kft

Gunnar Optiks

Gyorgy Bokros

Hajtas Pajtas Kft.

Handy.com

Hannah Keyser

Happy Socks

Heather Dietrick

Heather Hynes

Heidi Grothaus

HelloFresh

Hillary Crosley

Hostgator.com, LLC.

Huckberry

Hunter Slaton

Ian Fette

IDrive Inc.

Ilona Bilevych

Incisive Ltd

Incisive VNU Limited dba Incisive Incisive Ltd

Incisive VNU Ltd

Index Exchange Inc.

Infobahn Inc.

Integral Ad Science, Inc.

IseeQ Kft.

J.K Trotter

Jake Inferrera

Jalsovszky Law

James Bartus

James Bit Design

James Delgiudice

Jamie Weber

JapanCrate

Jared Auslander

Jason Parham

Jason Schreier

Jason Torchinsky

Jay Hathaway

Jeffrey Hilder

Jennifer Ouellette

Jia Tolentino

Jillian Marie Lucas

Jim Boos

Jim Cooke

Jim Cooke

Joanna Rothkopf

Joel Johnson

John Appel

John Cook

John Gelini

Jordan Sargent

Josh Bottino

Josh Laurito

Joshua Albertson

Judy Steinbach

Julia Alvidrez

Julian Muller

Julianne Escobedo Shepherd

Jung Sin

Justin Cross

Justin Potter

JW Player / LongTail Ad Solutions, Inc.

Kaila Hale-Stern

Kanwar Gill

Kara Brown

Kargo Global, Inc.

Karma Mobility Inc.

Kate Dries

Kate Knibbs

Kate Lovejoy

Katharine Trendacosta

Kathryn McGinnis

Katie Drummond

Kavitha Reddy

Kelly Conaboy

Kelly Faircloth

Kelly Monson

Kelly Stout

Kerrie Uthoff

Kevin Draper

Kid Thursday LLC., dba Staus Audio

Kirk Hamilton

Kixer

Kolozsvari Timea

Kravitha Reddy

Krux Digital, Inc.

Lacey Donohue

Lauren Bertolini

Leah Beckmann

Leah Finnegan

LendingTree, LLC.

Lindsay Chipman

57491981_3

Lindsey Jaffe

Lisa Bolano

LiveIntent, Inc.

LiveRail, Inc.

LOLA

Lucy Haller

Madeleine Davies

Madeleine Stone

Madison Plus Select, Inc.

Malcolm Read

Mandy Mandelstein

Margaret Taormina

Marina Galperina

Mario Aguilar

Maritza Sanche

Mark Weldon

Market Halsey Urban Renewal, LLC.

MarkMonitor Inc.

Matt Hardigree

Matt Novak

Matthew Hamer

Matthew Kulper

Mediagene, Inc.

MediaGene, Inc. fka Infobahn, Inc.

MediaMind Technologies, Inc.

Megan Gilbert

Megbizott

Melissa Green

Melissa Murray

Merch Direct, LLC

Merchant Importacao, Exportacao e Comercio, Ltda - ME

MeUndies

Mia Libby

Michael Fahey

Michael Kuntz

Michael Lindsay

Michael Nunez

Michael Orell

Michael Roselli

Michele LaFauci

Michelle Chiang

Mike Ballaban

Mikolaj Szabo

Ministry of Supply

Miranda Langrehr

Moat, Inc.

Mobiles Republic, Inc.

Mollie Horan

Moore Stephens Hezicomp Kft.

Mott & Bow

MoviePass

MVMT Watches

Nameaction Brasil Serv de Inter Ltda ME

NameAction Inc.

Nandita Raghuram

Natasha Vargas-Cooper

Nathan Grayson

NatureBox

Nervora Digital Media Group, FZ-LLC

NetMediaEurope

Netus Media Pty Limited dba Allure Media Pty LTD

Nevora Digital Media Group

NewsCred, Inc.

Nicholas Murphy

-8-

Nick Stango

Noble People

OCP Collective Corp. dba Adcade, Inc.

Omar Kardoudi

OnMarc Media

Operative Media, Inc.

Oppenheim Ugyvedi Iroda

Opportune LLP

Optimizely, Inc.

Oriole Media Corporation dba Juice Mobile

Oscar Z. Ianello Associates, Inc.

Owen & Fred Corp.

Pacific Shaving Company

Parachute Home

Patricia Hernadez

Patrick Ballester

Patrick Klepek

Patrick Laffoon

Patrick Redford

Paul Sundue

PAX

Percona, Inc.

Perfect World Entertainment

Peri Hochwald

Pixel Media Asia Limited

Platinum Rye, LLC.

Pop Chart Lab

Poprageous

Puja Patel

Quench USA, Inc.

Quip NYC Inc.

Rhone Apparel Inc.

Riley MacLeod

Rob Harvilla

Robert Finger

Ryan Brown

S&T Consulting Hungary Kft.

Sam Biddle

Sam Scherer

Sam Woolley

Samantha Lagani

Samer Kalaf

Samuel Griffel

Sarah Dedewo

Sarah Wiest

Scott Kidder

Sean Buckley

Sean MacDonald

SeatGeek

Shane Roberts

Shep McAllister

Shopify

SimpleReach, Inc.

Skillshare, Inc.

Skimbit Limited

SkimBit LTD.

SmartFX

SocialFlow, Inc.

Sophie Kleeman

Soundfreaq

Specless, LLC.

Spicy Media Editora LTDA

SpruceWares

Squarespace, Inc.

Stackcommerce

Staq, Inc.

-9-

Starcom SMG

Stassa Edwards

Stephanie Schrader

Stephen Totilo

Steve Climaco

Steven Polletta

Stowawy Cosmetics

STS Meida, Inc.

Stuart Cheshire

Sultana Khan

Superdry Wholesale, LLC

Suzy Kuzy, LLC.

Szolgaltato

Taboola Inc.

Tamas Neltz

Tara Jacoby

Taylor Berman

Technorati, Inc.

Terra Networks Brasil S.A.

TGT

The Rubicon Project, Inc.

The Sasquatch Soap Co., LLC. dba Dr. Squatch

The Status Audio

Thorin Klosowski

Tim Burke

Time Shred Services, Inc.

Times Internet Limited

Tom Ley

Tom Plunkett

Tom Scocca

Tommy Craggs

Toth Eva Nagykanizsa

Tremor Video, Inc.

UCMS Group Hungary Kft.

Udemy.com

Veronica de Souza

Victor Jeffreys

Viddler, Inc.

VNU Business Media Europe Limited

Waves Gear, LLC.

We Work

Wesley Siler

WeWork LA LLC

Whitson Gordon

William Arkin

William Haisley

William Turton

Wine Awesomeness

Wrights Media, LLC

Writers Guild of America, East

Yannick LeJacq

Zach Custer

Zachary Connett

Zoe Stahl

**SCHEDULE 1(d)**

**Insurers**

Aegon Magyarorszag Zrt.

AIG Europe Limited

Dewitt Stern Group, Inc.

Federal Insurance Company

Hartford Casualty Insurance Company

Hudson Insurance Company

National Union Fire Insurance Co. of Pittsburgh PA

United Healthcare Insurance Company

## SCHEDULE 1(e)

## Other Interested Parties

Cerberus Business Finance LLC

Houlihan Lokey, Inc.

K&H Bank

Latham & Watkins

Prime Clerk LLC

Riemer & Braunstein, LLP

Schulte Roth & Zabel LLP

Securities & Exchange Commission

Securities & Exchange Commission – NY Office

Silicon Valley Bank

Sullivan & Cromwell LLP

US VC Partners LP

## SCHEDULE 1(f)

## <u>Landlords</u>

Andrassy Palota Ingatlanforgalmazo Korlatolt Felelossegu Tarsasag

114 Fifth Owner LP

# SCHEDULE 1(g)

## Litigants

Aulistar Mark

Andrew Hudson

Zachary Cianflone

Lindsay MaHarry

Katherine Castellana

Elizabeth Nadybal

Chelsea Lo Pinto

Tim Barribeau

Patrick Frawley

Elizabeth Weinbloom

Kristin Chan

Samuel Julian

Brian Colgan

Benjamin Dorson

Rachel Atwood

Michael Kennelly

Alyssa Bereznak

Lily Newman

Kwame Opam

Terry Gene Bollea

Mitchell Williams

Meanith Huon

Ashley Terril

Charles Johnson and Got News, LLC

Teresa Thomas

Shiva Ayyadurai

Christopher Sadowski

**SCHEDULE 1(h)**

**Professionals**

Akerman LLP

Cahill Gordon & Reindel LLC

Citrin Cooperman & Co., LLP

Giskan Solotaroff & Anderson LLP

Goldin Solutions

Jalsovszky Law Firm

John Duncan

Klasko Immigration Law Partners, LLP

Levine Sullivan Koch & Schulz, LLP

Maples & Calder

Morrison Cohen LLP

Newmark & Co. Real Estate, Inc.

Oppenheim Law Firm

Opportune LLP

Proskauer Rose LLP

Trifolium LLC

Wilk Auslander

Zwillgen PLLC

## SCHEDULE 1(i)

### Shareholders

| | |
|---|---|
| Berman, Taylor | Hamer, Matt |
| Bertolini, Lauren | Hardigree, Matt |
| Blakeley, Richard Erand | Holmes, Anna |
| Bluestone, Gabrielle | Jefferson, Whitney |
| Brown, Ryan | Kang, Daniel |
| Carmichael, Emma | Kidder, Scott |
| Carmon, Irin | Kozma, Jozsef |
| Chan, Casey | Lam, Brian |
| Coen, Jessica | Layne, Ken |
| Cooke, Jim | Lehnhoff, Jim |
| Craggs, Tommy | Leitch, Will |
| Crecente, Brian | Lisanti, Mark |
| D'Addario, John | Lopez, Greg |
| Darbyshire, Gaby | Ma, Jesse |
| Daulerio, Albert | McGill, Erin |
| DelGiudice, James | Nachlin, Jim |
| Denton, Nick | Newitz, Annalee |
| Diaz, Jesus | Nolan, Hamilton |
| Dietrick, Heather | O'Connor, Maureen |
| Dimmitt, Elizabeth | Pash, Adam |
| Dimmitt, Genevieve | Petrány, Máté |
| Duncan, John | Pettigrew, Erin |
| Ebel, Eyal | Plunkett, Tom |
| Furman, Eliot, as custodian for Alexander Tiberius Furman under the NYUTMA | Read, Malcom |
| | Robischon, Noah |
| Futrelle, Genevieve | Schreier, Jason |
| Giacoman, Gabriela | Schwartz, Diane |
| Gorenstein, Andrew | Schweizer, Julia |
| Greenmount Creek Limited | Scocca, Thomas |
| Hale-Stern, Kaila | |

Sicha, Choire

Spinelli, Mike

Steele, Lockhart

Stein, Sadie

Takayama, Greg

Tate, Ryan

Thomas, Owen

Toder, Matthew

Trapani, Gina

US VC Partners LP

Vuong, Phillip

Wert, Ray

Winkelman (Ortega), Samantha

Woerner, Meredith

Albertson, Josh

Annis, Rose

Baker, Camie

Batty, Chris

Biddle, Sam

Bodnár, István

Burke, Tim

Climaco, Steve

Cook, John

Curtis, Dustin

Donohue, Lacey

Drummond, Katie

Fette, Ian

George, Patrick

Georgopulos, Steph

Gonzalez, Robert

Graham, Kevin

Grothaus, Heidi

Hathaway, Jay

Henry, Alan

Hilder, Jeff

Jeffries, Victor

Juzwiak, Rich

Kéki, Balázs

Knibbs, Katharine

Körtesi, Gáspár

Laurito, Josh

Libby, Mia

Magary, Drew

Marchman, Tim

McAllister, Shep

McKenna, Dave

Mittelhammer, Eric

Morgan, Daniel

Neltz, Tamas

Nevins, Maxwell

Novak, Matt

O'Connor, Courtenay

Pareene, Alex

Parham, Jason

Petchesky, Barry

Popken, Ben

Price, John

Reddy, Kavi

Regenspan, Ben

Roberts, Shane

Sargent, Jordan

Sommer, Ethan

Sundue, Paul

Szász, Péter

Szatmári, András

Taomina, Margaret

-17-

Tiku, Nitasha

Totilo, Stephen

Trotter, JK

Udvardi, Ramóna

Walker, Alissa

Weaver, Caity

Weinstein, Adam

Wentz, Allison

57491981_3

## SCHEDULE 1(j)

## Significant Customers

| | |
|---|---|
| 20th Century Fox | Earnest |
| 360i | Empowering Media LA |
| A9.com Inc. (Amazon Match Buy) | Empowering Media NY |
| Accordant Media | Essence |
| Adslot | f451 - US |
| Aegis Group | Facebook |
| Alliance Games | Factorylabs |
| Allure Media - GM | Fallon |
| Amazon | Future Publishing Ltd (US) |
| Amazon Commerce Revenue | General Mills, Inc. |
| AOL One | Google (BizDev) |
| Asana (Customer) | Graze |
| Assembly | Havas |
| Baru Advertising | Horizon Media |
| Blue Apron | HostGator |
| Blue Wheel Media | Hover |
| Bluehost | HTC Blinkfeed |
| Brigade Marketing | IBM |
| Casper | Indochino |
| Centro | Initiative LA |
| Cisco | Initiative NY |
| Cramer-Krasselt | Interpublic Group of Companies |
| Criteo | iSocket, Inc. |
| Crossmedia | ITVS |
| Desk.com | Kepler Group |
| Dialect Inc | Ketchum |
| DigitasLBi | Kovel Fuller |
| Dollar Shave Club | Kruskopf & Company |
| Draftkings | Liquid Advertising |

LivWell

Logmein.com

MarkLogic

McGarrah Jessee

Me Undies

Mediagene Inc - US

Mediasmith

Mediastorm, LLC

Merkley and Partners

MillerCoors

MNI

MODCo Media

Mullen

NameCheap

Newscred

Nokia

NVIDIA

Omnicom Group

Pereira & Odell

Petrol

PGR Media

Protein

Publicis Groupe

R/West

Rachael Piper Consulting

Randomhouse

RED Interactive Agency

Rodger's Townsend

RPA

Rubicon

Skillshare

Slack

Spacetime Media

SquareSpace

StackSocial

Status Audio

Sterling Rice Group

Superdry Wholesale LLC

Taboola (Biz Dev)

Tangible Media

TaxFyle

The Garage Team Mazda

TubeMogul

UCB

Udemy

Varidesk

Viewster.com

VOX Media - Curbed Investment

VSN

WavesGear

weBoost

Wieden & Kennedy

Wildcard Properties LLC

WPP

Wright's Media

Zeno Group

-20-

## SCHEDULE 1(k)

### Significant Unsecured Creditors

Ad-Juster, Inc. (media)

ADP Workforce Now

Akerman LLP

Alex Palmer

Andrew Harding

AOL Advertising

Associated Press

Blane Bachelor

Brandtale

CDW Direct

Cloudinary Ltd.

Concur Technologies, Inc.

Corbis Corporation

Corey  Foster

Creative Circle, LLC.

DataGram

DoubleVerify, Inc.

DRH Internet Inc

Equinox Fitness Clubs - Corp Accts

Fastly

Fried, Frank, Harris, Shriver & Jacobson LLP

Getty Images

Giaco Furino

Google Inc. (DoubleClick)

Google, Inc. (Analytics)

Hunter Slaton

Ian Fette

Jelle Claeys Automotive Artwork

Joshua M Lees

JW Player (Longtail Ad Solutions, Inc.)

Katherine Fry

Kinja Accounts Payable

Krux Digital

L-Cut Digital Media, Inc.

Market Halsey Urban Renewal, LLC

Marlena Agency Inc.

Medialink

Merrill Communications, LLC

Metropolitan Cleaning, LLC

Moat Inc.

Morrison Cohen LLP

Newmark & Co. Real Estate, Inc.

Nick Wong Photography

NSONE Inc.

Operative Media, Inc

Optimizely, Inc.

Pacific Coast News

Plant Specialists LLC

QZZR

REDBOOKS

Risk Strategies Company

Shenker & Bonaparte, LLP

SimpleReach, Inc.

Sizmek Technologies Inc.

Specless

STAQ, INC.

Submarine Leisure Club, Inc. (Wirecutter)

Submersive Media

The Hartford

The Oliver Group

Viddler, Inc.

## SCHEDULE 1(l)

## Significant Vendors

| | |
|---|---|
| 114 Fifth Avenue | Kforce Inc. |
| ADP PayEx | Kornhaber Brown, LLC |
| Advanced Electronic Solutions, Inc. | Lay It Out, Inc. |
| AMA Consulting Engineers P.C. | Leiberts Royal Green Appliances Inc. |
| AMEX Corporate GM - 01006 | Lewis Rice LLC |
| Andrew Liszewski | LionTree Advisors LLC |
| Apple Inc. (media) | LJ DUFFY, Inc. |
| Baby Llama Productions LLC | Maples & Calder (GM LLC) |
| Bajibot Media | NetRatings, LLC |
| Big Mango, Inc. | Netsuite, Inc. |
| Bird & Bird LLP | NVE, Inc. |
| Brannock & Humphries | OCP Collective Corp. |
| Cahill Gordon & Reindel LLP | Olson Kundig Architects |
| Cannes Trip 2015 | Olson Kundig Interiors |
| Catalyst | OnMarc Media Inc. |
| Cerberus Capital Management LP | Opportune LLP |
| ComScore Inc. | Redscout LLC |
| Con Edison (210) | Robert Half |
| CytexOne Technology, LLC | Ropes & Gray LLP |
| Dynect, Inc | Santa Monica Air Center, Inc. |
| Emma C Lanigan (Cookson) | Structure Tone |
| Fidelity 401k | SW Management LLC |
| Harder Mirell & Abrams | TangentVector, Inc. |
| Hatch Content, LLC | Tapestry Associates LLC |
| HeartWork, Inc. | Thomas & Locicero PL |
| Houlihan Lokey | Treasury of the United States |
| Howard Kennedy | TrueForm Concrete, LLC |
| Inform Interiors | Veritas Pictures, Inc. |
| Jesus Diaz (vendor) | Versus LLC |

Vizu Corporation

Voya Financial 401K

WB Wood NY

Young America Capital

**SCHEDULE 1(m)**

**Taxing Authorities**

Internal Revenue Service

Budapesti Önkormányzat

Hungary National Tax Authority

New York City Department of Finance

New York State Commissioner of Taxation and Finance

## SCHEDULE 1(n)

### U.S. Trustee and Key Court Personnel for the Southern District of New York

Cecilia G. Morris

James L. Garrity

Martin Glenn

Mary Kay Vyskocil

Michael E. Wiles

Robert D. Drain

Robert E. Grossman

Sean H. Lane

Shelley C. Chapman

Stuart M. Bernstein

Alicia Leonhard

Amanda Cassara

Andrea B. Schwartz

Andy Velez-Rivera

Anna M. Martinez

Brian S. Masumoto

Cheuk M. Ng

Danny A. Choy

Ercilia A. Mendoza

Greg M. Zipes

Guy A. Van Baalen

Ilusion Rodriguez

Kathleen Schmitt

Linda A. Riffkin

Lisa Penpraze

Maria Catapano

Mary V. Moroney

Myrna R. Fields

Nadkarni Joseph

Paul K. Schwartzberg

Richard C. Morrissey

Serene Nakano

Susan Arbeit

Susan Golden

Sylvester Sharp

Victor Abriano

William K. Harrington

**SCHEDULE 1(o)**

**Utilities**

114 Fifth Avenue Ground Lessee

Atlantic Metro Communications

Benefit Resource, Inc.

Cogent Communications

Con Edison

ShoreTel Inc.

## SCHEDULE 1(p)

### Employees and Independent Contractors

| | |
|---|---|
| Asd Mario Aguilar | Devin Clark |
| Joshua Albertson | Gloria Clark |
| Angelica Alzona | Steve Climaco |
| Fritzie Andrade | Ariana Cohen |
| Erika Audie | Andrew Collins |
| Jared Auslander | Zachary Connett |
| Ilene Baker | John Cook |
| Michael Ballaban | James Cooke |
| Patrick Ballester | Alexandra Cranz |
| Chad Bernstein | Hillary Crosley |
| Lauren Bertolini | Justin Cross |
| Sam Biddle | Andrew Cush |
| Ilona Bilevych | Zach Custer |
| Christina Blacken | Madeleine Davies |
| Gabrielle Bluestone | Maritza De Leon |
| James Boos | Veronica de Souza |
| Joshua Bottino | Sarah Dedewo |
| Robert Bricken | Ernest Deeb |
| Ryan Brown | Nick Denton |
| Kara Brown | Alexander Dickinson |
| Bridget Brown | Heather Dietrick |
| Timothy Burke | Alexandre Dohrmann |
| Albert Burneko | Lacey Donohue |
| Camila Cabrer | Kevin Draper |
| Alexandra Cannon | Kathryn Dries |
| Emma Carmichael | Katherine Drummond |
| Anthony Carnevale | Eyal Ebel |
| Casey Chan | Cheryl Eddy |
| Michelle Chiang | Stassa Edwards |

| | |
|---|---|
| Adam Estes | Samer Kalaf |
| Michael Fahey | Omar Kardoudi Segarra |
| Georgia Faircloth | Hannah Keyser |
| Ashley Feinberg | Sophie Kleeman |
| Ian Fette | Patrick Klepek |
| Robert Finger | Thorin Klosowski |
| Ashton Galloway-Taylor | Michele Lafauci |
| Marina Galperina | Patrick Laffoon |
| John Gelini | Samantha Lagani |
| Patrick George | Miranda Langrehr |
| Kanwar Gill | Joshua Laurito |
| Ariel Gononsky | Catherine LeClair |
| George Grayson | Thomas Ley |
| Melissa Green | Mia Libby |
| Samuel Griffel | Michael Lindsay |
| Heidi Grothaus | Katelyn Lovejoy |
| Ava Gyurina | Germain Lussier |
| Anthony Hack | Riley MacLeod |
| William Haisley | Andrew Magary |
| Lucy Haller | Amanda Mandelstein |
| Kirk Hamilton | Timothy Marchman |
| Matt Hardigree | Alex Mason |
| Andrew Harding | Shepherd McAllister |
| Alan Henry | Kathryn McGinnis |
| Patricia Hernandez-Ramos | David McKenna |
| Emily Herzig | Colleen McMillan |
| Clover Hope | Bryan Menegus |
| Mollie Horan | Anna Merlan |
| Heather Hynes | Maria Misra |
| Attila Illes | Kelly Monson |
| Jacob Inferrera | Daniel Morgan |
| Victor Jeffreys | Diana Moskovitz |
| Richard Juzwiak | Julian Muller |

57491981_3

Nick Murphy

Melissa Murray

Evan Narcisse

Giri Nathan

Tamas Neltz

Chris Neveu

Hamilton Nolan

Matthew Novak

Michael Nunez

Brendan O'Connor

Courtenay O'Connor

Michael Orell

Darren Orf

Andrew Orin

Raphael Orlove

Jennifer Ouellette

Alexander Pareene

Andrea Park

Adam Pash

Puja Patel

Christopher Person

Barry Petchesky

Alexandra Philippides

Diego Pineda

Steven Polletta

John Price

Nandita Raghuram

Eric Ravenscraft

Kavitha Reddy

Patrick Redford

Benjamin Regenspan

Shane Roberts

Grace Robertson

Michael Roselli

Joanna Rothkopf

William Sansom

Jordan Sargent

Samuel Scherer

Stephanie Schrader

Jason Schreier

Jillian Schulz

Taryn Schweitzer

Thomas Scocca

Eleanor Shechet

Julianne Shepherd

Hunter Slaton

Elisa Solinas

Ethan Sommer

Casey Speer

Zoe Stahl

Nicholas Stango

Judith Steinbach

Madeleine Stone

Kelly Stout

Richard Sundue

Margaret Taormina

Jia Tolentino

Jason Torchinsky

Stephen Totilo

David Tracy

Katharine Trendacosta

Joseph Trotter

William Turton

Kerrie Uthoff

Christopher Vespoli

Alissa Walker

-30-

| | |
|---|---|
| Angela Wang | Jamie Condliffe |
| Jamie Weber | Chris Mills |
| Anastasia Weeks | James Whitbrook |
| Allison Wentz | David Nield |
| Samuel Woolley | Kathryn Jezer-Morton |
| András Szatmári | Madeleine Collier |
| Attila Kocsis | Fruzsina Kuhari |
| Balázs Kéki | Robert Stokes |
| Balázs Pőcze | Adam Kovac |
| Dmitry Lambrianov | Jared "Jay Allen" Goodwin |
| Gábor Kacsik | Anthony Dejolde |
| Gáspár Körtesi | Carlos Rebato |
| György Bokros | Carlos Hierro |
| Ildikó Kriston | Matias Martinez |
| István Bodnár | Eduardo Marin |
| János Hardi | Miguel Redondo |
| László Heves | Zolani Stewart |
| Levente Molnár | Reshma Bhai |
| Linda Bucsánszki | Manisha Aggarwal |
| Luca Németh | Lindsay Handmer |
| Márton Borlay | Daniel Strudwick |
| Mikhail Mitrofanov | Eva Jurczyk |
| Olivér Kovács | Mihir Patkar |
| Péter Szász | Toshihisa Nakamura |
| Ramóna Udvardi | Kirsten O'Regan |
| Szabolcs Vida | Alexandra Nursall |
| Szilvia Németh | Nicholas Cameron |
| Zoltán Balázs | Ralph Jones |
| Zoltán Kalmár | Elizabeth Edgar |
| George Dvorsky | Rawiya Elkhadir |
| Luke Plunkett | Ian Dransfield |
| Brian Ashcraft | Stefan Janke |
| Andrew Liszewski | Mark Wilson |

57491981_3

Sniff Petrol Limited

James Fell

Peter Ryan

Manuel Mendez Perez

Angel Jiminez

Jacob Rose

Bram Gieben

Eva Holland

Nathan Thompson

Priya Elias

Scaachi Koul

Helen Appleyard

Omar Karduodi Segarra

Cara Ellison

Estelle Tang

Anupa Mistry

Brodie Lancaster

Jess Shanahan

Jesus Diaz

Herbert Lui (Wonder Shuttle Media, Inc)

Graham Ruthven

Stacy May Fowles

Andrew Gibney

Daniel Harris

Alex Hess

Chris Koentges

Kevin O'Brien

Achal Prabhala

David Sommer

Monica Heisey

Sara Mcculloch

Jakob Wenngren

Alex Bejerstrand

Halmar Sveinbjornsson

Amit Reut

Rosa Gregori

Sarah Moroz

Jason Richards

Ravi Somaiya

Reut Amit

Michael "Massoud" Martin

Fariha Roisin

William Herkewitz

Lev Hellebust (Bratishenko)

Pranav Dixit

Danny Allen

Karan Atul Shah

James Baker

Gary Cutlack

Adelaide Dugdale

Katherine Hannaford

Brian Hogg

Andrew James

Chris Mcveigh

Apoorva Prasad

Michelle Tofi

Yareniz Saavedra Padilla

Carlos Risco

Elias Notario Perez

Eric Tecayehuatl

Robert Boffard

Guy Combs

Joel Meadows

Chris Harris

Guy Porepp

Anthony Mark Dewhurst

-32-

Peter Orosz

Ryan Pierce

Neill Watson

George Williams

Chris Harris

Natasha Chenier

Esther Sassaman

Luke Malone

Mikhail Mitrofanov

Leo Wichtowski

Kevin Mahon

Simon Parkin

Quintin Smith

Kathleen Williams

Ollie Barder

Simon Mapp

Andrew Mcmillen

David Veselka

Kevin Mahon

David Gilson

Mark O'Neill

Spanner Spencer

Tom Cassell

Kenneth Gibson

Clare Kane

Zolani Stewart

Josephine Huetlin

### Schedule 2

The following lists the names of entities searched from Schedule 1, where the entity, and/or a parent or affiliate of the entity, is a current or former client of Ropes & Gray on matters that, on information and belief, are unrelated to the Debtors:

| Searched Entity | Name of Entity and/or Affiliate of Entity, that is a R&G Client | Relationship |
|---|---|---|
| Silicon Valley Bank | SVB Financial Group | Former client in matters wholly unrelated to these chapter 11 cases |
| Google Inc.<br>Admeld, LLC<br>DoubleClick Inc. | Google Inc. | Current client in matters wholly unrelated to these chapter 11 cases |
| Structure Tone Inc. | Structure Tone Inc. | Former client in matters wholly unrelated to these chapter 11 cases |
| Universal McCann LA / Sony Corporation | Sony Computer Entertainment America LLC | Current client in matters wholly unrelated to these chapter 11 cases |
| ADP Workforce Now | Automatic Data Processing Inc. | Current client in matters wholly unrelated to these chapter 11 cases |
| AIG<br>AIG Europe Limited | American International Group | Former client in matters wholly unrelated to these chapter 11 cases |
| Akerman LLP | Akerman LLP | Former client in matters wholly unrelated to these chapter 11 cases |
| CDW Direct LLC | CDW Corporation | Current client in matters wholly unrelated to these chapter 11 cases |
| Dewitt Stern Group Inc. | RSC Insurance Brokerage Inc. | Current client in matters unrelated to these chapter 11 cases |
| Concur Technologies Inc. | SAP SE | Current client in matters unrelated to these chapter 11 cases |
| Nokia | Nokia Corporation | Former client in matters unrelated to these chapter 11 cases |
| SW Management | SUPER SW Management INC | Current client in matters unrelated to these chapter 11 cases |
| UCB | UCB Inc. | Current client in matters unrelated to these chapter 11 cases |
| Vizu | Nielsen Company BV | Current client in matters |

57491981_3

| | | unrelated to these chapter 11 cases |
|---|---|---|
| WPP | WPP Global USA Inc | Current client in matters unrelated to these chapter 11 cases |
| MarkMonitor Inc. | Thomson Reuters Corporation | Former client in matters unrelated to these chapter 11 cases |

-35-

**<u>Exhibit C</u>**

**Holden Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re                                         :        Chapter 11
:
Gawker Media LLC, *et al.*,[1]               :        Case No. 16-11700 (SMB)
:
       Debtors.            :        (Jointly Administered)
:
---------------------------------------------------------x

**DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT**
**OF THE DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF ROPES & GRAY LLPAS**
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**
**EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, William D. Holden, being duly sworn, state the following under penalty of perjury:

1.      I am the Chief Restructuring Officer of Gawker Media LLC located at 114 Fifth

Avenue, 2d Floor, New York, New York 10014.

2.      I submit this declaration (this "Declaration") in support of the Debtors'

Application for Entry of an Order Authorizing the Retention and Employment of Ropes & Gray

LLP ("Ropes & Gray") as Attorneys for the Debtors and Debtors in Possession Effective *Nunc*

*Pro Tunc* to the Petition Date (the "Application").[2] The facts set forth herein are based on my

personal knowledge or information provided to me by the Debtors' management or other

professionals.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

<u>The Debtors' Selection of Counsel</u>

3.      The Debtors recognize that a careful review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.      The Debtors selected Ropes & Gray as proposed counsel based on its experience and expertise regarding the relevant legal issues, including its extensive experience in large and complex corporate restructurings, both out of court and in chapter 11, in a variety of industries. Ropes & Gray has become familiar with the Debtors' business operations and many of the potential legal issues that may arise in the context of these chapter 11 cases. The Debtors believe that Ropes & Gray is both well qualified and uniquely able to represent them in these chapter 11 cases in an efficient and timely manner.

**Rate Structure**

5.      In my capacity as Chief Restructuring Officer of Gawker Media LLC and Gawker Media Group, Inc., I am responsible, along with Heather Dietrick (General Counsel), for monitoring outside counsel retained by the Debtors in the ordinary course of business. Ropes & Gray has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Ropes & Gray charges for non-bankruptcy representations. As discussed below, I am responsible for reviewing the invoices regularly submitted by Ropes & Gray.  Ropes & Gray represented the Debtors for approximately six weeks prior to the Petition Date.  For services incurred prior to the Petition Date, Ropes & Gray agreed to a certain fee structure that provided for a limited discount to its ordinary hourly rates, only in connection with services for preparing the Debtors for the filing of a case under Chapter 11 and a possible sale to a third party, as set forth more fully in the Engagement Letter.  This discount was negotiated because prior the

2

retention of Ropes & Gray, the debtors had engaged another law firm to advise on and prepare for a chapter 11 filing, if necessary. Accordingly, Ropes & Gray agreed to this limited discount, due to the fact that some of the work Ropes & Gray would be performing would overlap with work performed by the prior-engaged law firm. The agreed discount was to provide a $100,000 credit for the first $100,000 of fees incurred above $750,000 and a 15% discount on any additional fees incurred to prepare a chapter 11 filing.

**Cost Supervision**

6.      The Debtors and Ropes & Gray are working on a prospective budget and staffing plan for the period from the Petition Date to 120 days after the Petition Date, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Ropes & Gray. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases. The Debtors will continue to review the invoices that Ropes & Gray regularly submits, and, together with Ropes & Gray, amend the budget and staffing plans periodically, as the case develops.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 20 , 2016

Respectfully submitted,

_____
William D. Holden

57486244_2