ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Kristina K. Alexander
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:
In re                                   :    Chapter 11
:
Gawker Media LLC, *et al.*,[1]          :    Case No. 16-11700 (SMB)
:
Debtors.                         :    (Jointly Administered)
:
:    **Re: Docket Nos. 21, 51**
:
------------------------------------------------------x

**DEBTORS' REPLY IN FURTHER SUPPORT**
**OF THE SALE MOTION [DOCKET NO. 21]**

Gawker Media LLC and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby respond to the *Limited Objection of Terry G. Bollea to Debtors' Motion for (I) An Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and Approving the Debtors' Entry Into and Assumption of the Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling a Sale Hearing and (E) Approving Procedures for*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

57603636_6

*Assumption Assignment of Certain Contracts and Leases and Determining Cure Amounts and (II) An Order (A)Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* (the "Limited Objection") [Docket No. 51]. For the reasons set forth below, the Court should overrule the Limited Objection and enter the Bidding Procedures and APA Assumption Order.[2]

### I.    The Avoidance Actions Being Sold Relate Solely to the Acquired Assets

The principal concern raised in the Limited Objection is that the Debtors should not sell avoidance actions that relate to (1) any intercompany agreements and transfers between the Debtors, and (2) any payments to insiders of any of the Debtors (collectively, the "Insider Avoidance Actions"). The Debtors agree. Indeed, the Stalking Horse APA specifically excludes the transfer of the Insider Avoidance Actions to the Buyer.[3] The Debtors intend to file a revised proposed Sale Order further clarifying that the Insider Avoidance Actions shall not be transferred to the Successful Bidder.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Debtors' Motion for (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and Approving the Debtors' Entry Into and Assumption of the Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling A Sale Hearing and (E) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 21] (the "Sale Motion").

[3] The Stalking Horse APA provides that "any intercompany payment[s] due to a Seller from any other Seller" are "Excluded Assets," which are not transferred to the Buyer. *See* Stalking Horse APA at 7. In addition, the Avoidance Actions (as defined in the Stalking Horse APA) being transferred are those "claims, rights or causes of action under Chapter 5 of the Bankruptcy Code or any analogous state law claims, ***in each case, that relate to the Acquired Assets.***" *Id.* at 3 (emphasis added).

2

## II. The Sale of the Avoidance Actions that Relate to the Acquired Assets is a Sound Exercise of the Debtors' Business Judgment

The proposed sale of the Avoidance Actions—defined in the Stalking Horse APA as only those actions under chapter 5 of the Bankruptcy Code or analogous state law that relate to the continued operation of the Debtors' businesses—was designed to inure to the benefit of unsecured creditors by maximizing the purchase price for the Acquired Assets. Because the Debtors are being sold as a going concern, the preservation of relationships with the Debtors' vendors is crucial. Indeed, the Debtors transact with numerous vendors and counterparties on a daily basis, and the Stalking Horse Bidder and any other potential bidder will likely seek to continue transacting with those parties after the closing. To that end, the Debtors and the Stalking Horse Bidder negotiated the terms of the Stalking Horse APA to ensure that those parties would not be subject to post-closing litigation that could significantly harm those relationships and, in turn, the viability of the Debtors' businesses.[4] The Debtors, in their reasonable business judgment, believe that selling the non-insider, non-intercompany Avoidance Actions as part of the Acquired Assets will maximize value for all stakeholders.

Courts in this and other districts have approved asset purchase agreements with similar provisions. *See, e.g., In re Advance Watch Company Ltd.*, No. 15-12690 (MG) (Bankr. S.D.N.Y. Nov. 16, 2015) [Docket No. 166] (approving sale of substantially all of the debtors' assets, where purchased assets included rights or claims under chapter 5 of the Bankruptcy code against "Critical Trade Vendors"); *In re Quirky, Inc.*, No. 15-12596 (MG) (Bankr. S.D.N.Y. Nov. 6, 2015) [Docket No. 178] (approving sale of assets that carved out from excluded assets avoidance actions against ongoing suppliers, licensors, manufacturers, strategic or other business partners of the business); *In re The Great Atlantic & Pacific Tea Company*, No. 15-23007 (RDD) (Bankr.

---

[4] *See* Sale Declaration ¶ 24 [Docket No. 21, Ex. A].

S.D.N.Y. Oct. 21, 2015) [Docket No. 1510] (approving purchase agreement where purchased assets included causes of action, claims, credits, demands, remedies or rights of set-off against third parties arising out of the operation of the business); *In re Tactical Intermediate Holdings, Inc.*, No. 14-11659 (KG) (Bankr. D. Del. Aug. 22, 2014) [Docket No. 225] (approving asset purchase agreement, pursuant to which all avoidance actions of the seller against vendors, contract counterparties, and current employees of the seller were included in the purchased assets, as defined in sale motion, *see* Docket No. 40).

The Debtors submit that they have demonstrated a sound business justification for the sale of the Avoidance Actions. The Stalking Horse Bidder insisted on acquiring all Avoidance Actions that relate to the continued operation of the Debtors' business relationships with vendors and contract counterparties. The sale of the Avoidance Actions must not be viewed in isolation, but rather as part of a Stalking Horse APA that, if consummated, will bring $90 million of value into the Debtors' estates, continue the Debtors' businesses, and preserve the jobs of substantially all of the Debtors' employees. Accordingly, the Debtors exercised sound business judgment in determining that the sale of the Avoidance Actions is in the best interests of the estates.

WHEREFORE, the Debtors respectfully request that this Court overrule the Limited Objection, grant the relief sought in the Sale Motion, and enter the Bidding Procedures and APA Assumption Order.

Dated: June 24, 2016
New York, New York

       /s/ *Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Kristina K. Alexander
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
marc.roitman@ropesgray.com
kristina.alexander@ropesgray.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

5

57603636_6