### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                    :
In re                               :          Chapter 11
                                    :
Gawker Media LLC, *et al.*,[1]      :          Case No. 16-11700 (SMB)
                                    :
                    Debtors.        :          (Jointly Administered)
                                    :
-------------------------------------------------------x

### ORDER AUTHORIZING
### THE EMPLOYMENT AND COMPENSATION OF
### CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for

entry of an order (this "Order"):  authorizing the Debtors to employ and compensate OCPs; and

this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §

1334; and this Court having found that the Motion is a core proceeding pursuant to

28 U.S.C. § 157(b); and this Court having found that venue of this chapter 11 case and the

Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors, and other parties in interest; and it appearing that proper and adequate notice of

the Motion has been given and that no other or further notice is necessary; and this Court having

reviewed the Motion and having heard statements in support of the Motion at a hearing held

before this Court (the "Hearing"); and this Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media and GMGI are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and any objections to the relief requested herein having been withdrawn or overruled on the

merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is

**ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized to employ and pay reasonable fees and expenses of

the OCPs in the ordinary course of the Debtors' business pursuant to the following OCP

Procedures:[3]

      a.   Within thirty (30) days of the entry of this Order, each OCP shall file
with the Court and serve upon (i) the Debtors, 115 Fifth Avenue, New
York, New York 10011, Attn: Heather Dietrick
(heather@gawker.com) and William Holden
(ocpinvoices@gawker.com); (ii) counsel for the Debtors, Ropes &
Gray LLP, 1211 Avenue of the Americas, New York, New York
10036 Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii)
the United States Trustee for the Southern District of New York, 201
Varick Street, Suite 1006, New York, New York 10014, Attn. Greg
Zipes and Susan Arbeit; (iv) counsel for the Official Committee of
Unsecured Creditors, Simpson Thacher & Bartlett, Attn: Sandy Qusba
(squsba@stb.com) and William T. Russell (wrussell@stblaw.com); (v)
counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte
Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022,
Attn: Adam C. Harris (adam.harris@srz.com); (vi) counsel to US VC
Partners LP, as Prepetition Second Lien Lender, Latham & Watkins
LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611,
Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885
Third Avenue, New York, New York 10022, Attn: Keith A. Simon
(keith.simon@lw.com); and (vii) Counsel to the Stalking Horse
Bidder, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY
10004; Attn: Michael H. Torkin, Esq. (torkinm@sullcrom.com) and
Alexa J. Kranzley, Esq. (kranzleya@sullcrom.com), Fax: (212) 291-
9376; (collectively, the "Notice Parties"):

            i.   a declaration of disinterestedness (the "OCP Delcaration"),
substantially in the form attached to the Motion as Exhibit C;
and

---

[3] The OCP Procedures will not apply to those professionals for whom the Debtors have filed or do file
separate applications for employment.

    ii.   a completed questionnaire (the "OCP Questionnaire") substantially in the form attached to the Motion as Exhibit D;

b.   The Notice Parties shall have ten (10) days after the service of the OCP Declaration and the OCP Questionnaire to notify the Debtors, the Notice Parties, and the relevant OCP, in writing, of any objection to the retention, employment, or compensation of the OCP based on the contents of the OCP Declaration or the OCP Questionnaire (the "Objection Deadline").

c.   If no objections are asserted by the Objection Deadline, the retention, employment, and compensation of the OCP will be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further Order of the Court; *provided, however,* that if an objection is asserted and such objection cannot be resolved within twenty (20) days, the Debtors shall schedule the matter for a hearing before the court.

d.   Once the retention and employment of an OCP is approved, the Debtors will be authorized to pay compensation and reimburse expenses to such OCP in the ordinary course of business, without a prior application to the Court by such OCP, in the full undisputed amount billed by each such OCP upon receipt of reasonably detailed invoices indicating the nature of services rendered and expenses incurred, in each case calculated in accordance with such OCP's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), subject to the Monthly Cap and Aggregate Cap (each, as defined below).

e.   The Debtors are authorized to employ, retain and pay additional OCPs not presently listed in Exhibit B to the Motion throughout these cases; *provided*, that each additional OCP shall file an OCP Declaration and OCP Questionnaire with the Court, serve the Notice Parties, and are subject to the same objection procedures described above; and *provided further* that the Court approves such retention by further order of the Court.

f.   Each OCP's fees, excluding costs and disbursements, during the pendency of the Debtors' chapter 11 cases shall not exceed $50,000 per month per professional (the "Monthly Cap") or $500,000 in the aggregate (the "Aggregate Cap"). The Monthly Cap or the Aggregate Cap may be increased by mutual agreement between the Notice Parties, *provided* that the Debtors shall file a notice with the Court of any such agreed increase.

g.  At three-month intervals during the pendency of these chapter 11 cases
    (each, a "Quarter"), beginning on September 1, 2016, the Debtors shall
    file with the Court and serve on the Notice Parties, no later than thirty
    (30) days after such Quarter, a statement that shall include the
    following information for each OCP: (i) the name of the OCP; (ii) the
    aggregate amounts paid as compensation for services rendered and
    reimbursement of expenses incurred by that OCP during the reported
    Quarter; (iii) all postpetition payments made to that OCP to date; and
    (iv) a general description of the services rendered by that OCP.

h.  Unless the Court orders otherwise, in the event payment to any OCP
    would exceed the Aggregate Cap, such OCP will be required to file a
    separate application to be retained as a professional pursuant to
    sections 327 and 328 of the Bankruptcy Code.

i.  Unless the Court orders otherwise, in the event that an OCP seeks
    more than $50,000 for any month during the pendency of these chapter
    11 cases, such OCP shall file a fee application, on notice and in
    accordance with the notice requirements of the Bankruptcy Rules and
    any applicable local rules, for the full amount of its fees and expenses
    for any month where such OCPs fees and disbursements exceeded the
    Monthly Cap.  The Debtors are permitted, but not required, to make an
    interim payment to each OCP whose fees exceed the Monthly Cap in
    any given month, up to the Monthly Cap.

3.     The Debtors are authorized to take all actions necessary to effectuate the relief
granted in this Order in accordance with the Motion.

4.     Notice of the Motion as provided therein shall be deemed good and sufficient
notice of such motion.

5.     This Court shall retain jurisdiction to hear and determine all matters arising from
or related to the interpretation, implementation, or enforcement of this Order.

Dated: July 13th, 2016
       New York, New York

                                        /s/ STUART M. BERNSTEIN
                                        HONORABLE STUART M. BERNSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**List of Ordinary Course Professionals**

| Name of OCP Professional | Service Provided to Debtor |
|---|---|
| John Duncan | Outside General Counsel Services |
| Maples & Calder | Cayman Islands Corporate Counsel |
| Klasko Immigration Law Partners, LLP | Immigration Counsel |
| Jalsovszky Law Firm | Hungarian Corporate and Other Legal Counsel |

**<u>Exhibit C</u>**

**Form of OCP Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
In re                                                  :        Chapter 11
                                                       :
Gawker Media LLC, *et al.*,[1]                         :        Case No. 16-11700 (SMB)
                                                       :
                        Debtors.                       :        (Joint Administration Requested)
                                                       :
-------------------------------------------------------x

**DECLARATION IN SUPPORT OF**
**EMPLOYMENT AND RETENTION OF [_____] AS A**
**PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [_____], declare as follows:

1.      I am a [member] of the firm [_____] (the "Firm"), which has been employed by the debtors in possession in the above-captioned case (the "Debtors") in the ordinary course of its business.  The Debtors wish to employ and retain the Firm to continue providing such ordinary course services during the chapter 11 cases.  This declaration is submitted in compliance with the Order Authorizing The Employment and Compensation of Certain Professionals in the Ordinary Course of Business (the "OCP Order").

2.      Neither I, the Firm, nor any member, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, its creditors, or any party in interest herein, except as set forth hereinafter:

3.      [FIRM TO INCLUDE ANY DISCLOSURES]

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

4.     The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

5.     This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases.  None of those past or current representations are material.  The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with the OCP Order, through the submission of an invoice and detailed time records based on the hourly rates set forth below, plus reimbursement of actual necessary expenses and other charges incurred by the Firm.  The principal [attorneys and paralegals / other professionals] designated to represent the Debtors and their current standard rates are as follows: _____.

6.     The rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its [attorneys and paralegals / other professionals] and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with said client's case.  The expenses charged to clients include, among other things, [DESCRIPTION OF EXPENSES] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

57915580_3

7.      Except as provided in the OCP Order, no representations or promises have been received by the Firm [nor by any member, counsel, or associate thereof] as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.   The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case.

I declare under penalty of perjury that the foregoing is true and correct.

_____
[Professional Name]
[Tittle]
[Address]

**<u>Exhibit D</u>**

**OCP Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
Gawker Media LLC, *et al.*,[1]                :        Case No. 16-11700 (SMB)
                                              :
                    Debtors.                  :        (Joint Administration Requested)
                                              :
--------------------------------------------------------x

<u>**RETENTION QUESTIONNAIRE**</u>

      TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY Gawker Media Group, Inc., or Gawker Media LLC. (the "<u>Debtors</u>"):

      If more space is needed, please complete on a separate page and attach.

1.    Name and address of firm:

     _____
     _____
     _____
     _____

2.    Date of retention: _____

3.    Type of services provided:

     _____
     _____
     _____
     _____

4.    Brief description of services to be provided:

     _____
     _____
     _____
     _____

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

5.      Arrangements for compensation:

_____

(a)      Average rate (if applicable):

(b)      Estimated compensation:

6.      Prepetition claims against any the Debtors held by the firm:

Amount of Claims: $ _____

Date claim arose: _____

Source of Claim: _____

7.      Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

Name: $ _____

Status: _____

Amount of Claim: _____

Date claim arose: _____

Source of Claim: _____

8.      Disclose the nature, and provide a brief description, of any interest adverse to the Debtors or to their estate respecting the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

57915580_3