UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
Gawker Media LLC, et al.,[1]                          :    Case No. 16-11700 (SMB)
                                                      :
         Debtors.                                     :    (Jointly Administered)
                                                      :
------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS AND FOREIGN VENDORS

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order") authorizing, but not directing, the Debtors to pay certain prepetition Critical Vendor Claims and Foreign Vendor Claims and to continue paying the Critical Vendors and Foreign Vendors in the ordinary course of business; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having held a hearing on the Motion on July 7, 2016; and after due deliberation and

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

- 1 -

57659296_3

sufficient cause appearing therefore, it is hereby

**ORDERED, THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors are authorized, but not directed, and after reasonable consultation with the official committee of unsecured creditors and the advisors thereof (the "Committee"), to pay all or part of the Critical Vendor Claims identified on Schedule 1 to the Motion ("Schedule 1") in an aggregate amount not to exceed $365,000, as such Critical Vendor Claims become due; *provided that* the Debtors are authorized to amend Schedule 1 and to pay other Critical Vendor Claims not reflected on Schedule 1 in their good faith business judgment, after reasonable consultation with the Committee and as long as such Critical Vendor Claim satisfies the requirements of any order of this Court, the Bankruptcy Rules, the Bankruptcy Code, and the Local Rules, and *provided further that*, the Debtors have provided the Committee with an itemized list of all Critical Vendors and the amounts proposed to be paid to each such Critical Vendor together with such other diligence as the Committee may reasonably request. Notwithstanding the forgoing or anything set forth herein, nothing herein shall be deemed to authorize the Debtors to make any payments, directly or indirectly, to any affiliate, insider, or equityholder of the Debtors.

3. The Debtors are authorized to reallocate the amounts payable among the categories of Critical Vendors set forth on Schedule 1, *provided that* the Debtors (a) will not pay any prepetition Critical Vendor Claims above the aggregate capped maximum of $365,000 absent further order of this Court and (b) shall reasonably consult with the Committee prior to any such reallocation, including by providing the Committee with at least five business days prior notice of such reallocation and the reason therefor.

- 2 -

4.  The Debtors are authorized, but not directed, in their good faith business judgment, to condition the payment of a Critical Vendor Claim on the agreement of each Affected Creditor to continue supplying goods and/or services to the Debtors (a) on Customary Trade Terms or (b) such other trade terms as are agreed to by the Debtors and such Affected Creditor.

5.  If an Affected Creditor ceases to honor Customary Trade Terms, or such other trade terms as are agreed to with the Debtors, any payment of a Critical Vendor Claim made to such Affected Creditor shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, recoverable by the Debtors in cash upon written request.  Upon any such recovery, the claim for which such payment initially was made shall be deemed to be reinstated as a prepetition claim in the amount so recovered.  If an Affected Creditor refuses to acknowledge such recharacterization and to make the requested repayment, the Debtors are authorized, but not directed, to compel such recharacterization and repayment by motion on such notice as is required by this Court or by the Local Rules.  Nothing herein shall be deemed to limit the rights of the Committee with respect to standing or otherwise in connection with the recharacterization, avoidance or recovery of any payments.

6.  The Debtors are authorized, but not directed, to pay all or part of the Foreign Vendor Claims in an aggregate amount not to exceed $20,000, as such Foreign Vendor Claims become due, after reasonable consultation with the Committee and as long as such payments are not being made, directly or indirectly, to any affiliate, insider, or equityholder of the Debtors.

7.  All banks and other financial institutions on which checks were drawn or electronic payment requests were made in connection with the payments approved by this Order are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic

payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order. The Debtors are authorized to reissue checks, wire transfers, automated clearing house payments, electronic payments, or other similar methods of payment for all payments approved by this Order where such method of payment has been dishonored postpetition.

8. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' or the Committee's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion (including any exhibits attached thereto); (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver of the Debtors' or the Committee's rights under the Bankruptcy Code or any other applicable law; or (vii) to create any rights in favor of, or enhance the status of, any claim held by any person or entity.

9. The requirements of Bankruptcy Rule 6004(a) are hereby waived.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. The Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: July 13th, 2016
    New York, New York

                                        /s/ STUART M. BERNSTEIN
                                        HONORABLE STUART M. BERNSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE