UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
:
In re                                      :    Chapter 11
:
Gawker Media LLC, *et al.*,[1]             :    Case No. 16-11700 (SMB)
:
        Debtors.        :    (Jointly Administered)
:
---------------------------------------------------x

**ORDER (A) PROHIBITING UTILITY COMPANIES FROM
DISCONTINUING, ALTERING, OR REFUSING SERVICE,
(B) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE
ASSURANCE OF PAYMENT, AND (C) ESTABLISHING PROCEDURES
FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"): (a) prohibiting providers of utility services to the Debtors (collectively, the "Utility Companies") from discontinuing, altering, or refusing service to the Debtors except as set forth in the Motion; (b) determining that the Utility Companies have been provided with adequate assurance of payment; and (c) approving the Debtors' proposed procedures for Utility Companies to request additional assurance of payment; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

57659289_1

having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a further hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good and sufficient cause appearing therefor, it is

**ORDERED, THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors shall pay all postpetition utility charges in accordance with its prepetition practices for postpetition utility services rendered by the Utility Companies to the Debtors.

3. The Debtors shall provide a Utility Deposit to each Utility Company, to the extent such Utility Company does not already possess a deposit equivalent to a Utility Deposit that was provided to the Utility Company before the Petition Date. The Debtors are deemed to have furnished the Utility Companies with adequate assurance of payment for postpetition services by providing the Utility Deposits to the Utility Companies. With respect to any Added Utility Company, the Debtors shall provide a deposit to the Added Utility Company equal to 50% of the estimated cost of one month of such Added Utility Company's services utilized by the Debtors, based on a yearly average.

4. Absent any further order of this Court, and except as set forth otherwise in this Order, all Utility Companies are prohibited from: (a) discontinuing, altering, or refusing service

to the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges; and (b) discriminating against the Debtors, or requiring the payment of a security deposit or receipt of any other security from the Debtors for continued service, as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices.

5. The procedures for determining requests for additional assurance of payment as described in the Motion are approved as follows:

 i. Absent any further order of this Court and except as provided in this Order, Utility Companies shall not (a) alter, refuse, or discontinue service to, or discriminate against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges, or (b) request provision of a deposit or receipt of other security in connection with any unpaid prepetition charges.

 ii. The Debtors previously served the Motion on each of the Utility Companies identified on the list attached hereto as Schedule 1. If the Debtors learn that a Utility Company was omitted from Schedule 1, the Debtors shall file a supplement to Schedule 1, adding the name of such Utility Company (the "Added Utility Company"), and shall promptly serve such Added Utility Company with a copy of the Motion and this Order (each such service, a "Supplemental Service"), and provide such Added Utility Company with a Utility Deposit.

 iii. Any Utility Company may request additional adequate assurance of payment (an "Additional Payment Request") within thirty days after the Petition Date or, in the case of an Added Utility Company, within thirty days of such company's Supplemental Service (collectively, the "Additional Payment Request Deadline") by submitting a written request to counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Stacy Dasaro.

 iv. Any Additional Payment Request must (a) be in writing; (b) set forth the location for which utility services are provided; (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (d) describe in

-3-

      sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth in this Order does not constitute satisfactory adequate assurance of payment; and (e) include a proposal for what would constitute adequate assurance of payment from the Debtors, along with an explanation of why such proposal is reasonable.

  v.    If a Utility Company makes a timely Additional Payment Request that the Debtors believe is reasonable, the Debtors are authorized to comply, in their sole discretion, with such request without further order of this Court.

  vi.    If the Debtors believe that a Utility Company's Additional Payment Request is unreasonable, the Debtors shall schedule a hearing within a reasonable time following the submission of such Request (a "<u>Determination Hearing</u>") to determine whether additional assurance of payment to such Utility Company is necessary. If the Utility Company reaches an agreement with the Debtors before the Determination Hearing, such agreement shall be deemed to be adequate assurance of payment that is satisfactory to the Utility Company.

  vii.    Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such party shall be prohibited from altering, refusing, or discontinuing service to the Debtors or discriminating against the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges.

  viii.    If a Utility Company fails to send an Additional Payment Request by the Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received, by virtue of the Utility Deposit, adequate assurance of payment in accordance with section 366(c)(l)(A)(vi) of the Bankruptcy Code.

  ix.    Upon receipt of a Utility Deposit, a Utility Company shall be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment.

6.    The Debtors are authorized, in their sole discretion, to amend the list of Utility Companies attached as <u>Schedule 1</u> to add or delete any Utility Company.

7. Nothing in this Order or on Schedule 1 constitutes a finding that any entity is or is not a utility company for purposes of this Order or under section 366 of the Bankruptcy Code.

8. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: July 13th, 2016
      New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

57659289_1

## Schedule 1

## List of Utility Companies

| Utility Name | Address | City | State | Zip Code | Type of Utility | Proposed Deposit, if Requested |
|---|---|---|---|---|---|---|
| 114 Fifth Ave. Ground Lessee | PO Box 1965 | Hicksville | NY | 11802 | Electricity | $3,409.00 |
| ShoreTel Inc. | 4921 Solution Center | Chicago | IL | 60677 | Phone | $1,675.00 |
| Con Edison | JAF Station PO Box 1702 | New York | NY | 10116 | Electricity | $460.00 |
| Cogent Communications | PO Box 791087 | Baltimore | MD | 21279 | Internet | $605.00 |
| Atlantic Metro Communications | 4 Century Drive, Suite 102 | Parsippany | NJ | 07054 | Internet | $1,204 |
|  |  |  |  |  | **Total** | **$7,352.00** |

57659289_1