UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
Gawker Media LLC, et al.,[1]                          :    Case No. 16-11700 (SMB)
                                                      :
        Debtors.                                      :    (Jointly Administered)
                                                      :
------------------------------------------------------x
```

**FINAL ORDER APPROVING DEBTORS' MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF INCOME TAXES, PROPERTY
TAXES, SALES AND USE TAXES, AND HUNGARIAN TAXES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Final Order") authorizing the payment of prepetition Income Taxes, Property Taxes, Sales and Use Taxes, and Hungarian Taxes; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

57900678_1

at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT**:

1.  The Motion is GRANTED on a final basis to the extent provided herein.

2.  The Debtors are authorized, but not directed, to pay or remit the Taxes described below that accrued prior to the Petition Date and that will become payable during the pendency of these chapter 11 cases at such time when the Taxes are payable in an aggregate amount not to exceed $112,300 without further order of the Court, provided that such Taxes described below are due and owing, and have not been accelerated.

| Category | Description | Amount Approved on a Final Basis |
| --- | --- | --- |
| Property Taxes | Taxes related to leased property in New York City. | $45,000 |
| Hungarian Taxes | Taxes related to corporate income, local business, innovation contribution and value added taxes. | $67,300 |

3.  All banks and other financial institutions on which checks were drawn or electronic payment requests were made in connection with the payments approved by this Final Order are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order. The Debtors are authorized to reissue checks, wire transfers, automated clearing house

payments, electronic payments, or other similar methods of payment for all payments approved by this Final Order where such method of payment has been dishonored postpetition.

4. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Final Order shall be deemed: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion (including any exhibits attached thereto); (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (vii) to create any rights in favor of, or enhance the status of, any claim held by any person or entity.

5. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of the Final Order.

Dated: July 13th, 2016
      New York, New York

      /s/ STUART M. BERNSTEIN
      HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE

57900678_1