UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
In re                                                    :    Chapter 11
                                                         :
Gawker Media LLC, *et al.*,[1]                           :    Case No. 16-11700 (SMB)
                                                         :
        Debtors.                                :    (Jointly Administered)
                                                         :
---------------------------------------------------------x

**SECOND INTERIM ORDER (I) AUTHORIZING,
BUT NOT DIRECTING, PAYMENT OF PREPETITION WAGES, SALARIES,
BUSINESS EXPENSES, EMPLOYEE BENEFITS AND RELATED ITEMS,
AND (II) DIRECTING ALL FINANCIAL INSTITUTIONS TO
<u>HONOR CHECKS FOR PAYMENT OF SUCH OBLIGATIONS</u>**

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for entry of a Second Interim Order (the "Second Interim Order") (i) authorizing, but not directing, the Debtors to pay or otherwise honor the Debtors' prepetition Employee Obligations to or for the benefit of Employees earned and accrued prior to the Petition Date that, but for the commencement of these cases, would have otherwise been due and payable in the ordinary course of business; (ii) authorizing, but not directing, the Debtors to continue to pay the Employee Obligations postpetition in the ordinary course of business; and (iii) directing all Financial Institutions to honor checks for payment on account of such Employee Obligations; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this Court being proper pursuant to 28

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. § 1408 and 1409; and due and proper notice of the Motion having been given; and the Court having found that no other or further notice is needed or necessary; and the Court having reviewed the Motion and the First Day Declaration and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1. The Motion is GRANTED on a further interim basis to the extent provided herein.

2. A final hearing on the remaining relief requested in the Motion shall be set for July 26, 2016 at 10:00 a.m. (Prevailing Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (ii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suit 1006, New York, NY 10014, Attn: Greg Zipes and Susan Arbeit; (iii) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William Russell (wrussell@stblaw.com); (iv) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); and (v) counsel to US VC Partners LP, Latham & Watkins, 355 South Grand Ave., Los Angeles, CA 90071, Attn:

David S. Heller (david.heller@lw.com) and Keith A. Simon (keith.simon@law.com), in each case so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on July 21, 2016 at 4 p.m.

3.  Except as otherwise provided herein, the Debtors are authorized, but not directed, to continue paying the Employee Obligations on a postpetition basis, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and in the Debtors' discretion, to pay and honor prepetition amounts related thereto, in an amount not to exceed $846,239; *provided that*, the Debtors shall not make any payments on account of prepetition Employee Wages, Independent Contractor Obligations, or Temporary Employee Obligations that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) for prepetition amounts owed to any Employee, pursuant to this Second Interim Order; *provided further that*, such amounts are due and owing and have not been accelerated.

4.  The Debtors are authorized, but not directed, to continue the Health Club Membership Program, the Combined AD&D and Group Life Insurance, and their Short Term Disability, Long Term Disability, and New York Disability programs, including payment of amounts currently due; *provided further that*, such amounts are due and owing and have not been accelerated.

5.  The Debtors are authorized, but not directed, to continue the Editorial Incentive Program and the Sales Incentive Program, including payment of amounts currently due to employees; *provided that* the aggregate amount payable under (a) the Editorial Incentive Program shall not exceed $25,000 per month and (b) the Sales Incentive Program shall not exceed $340,000 per quarter; *and provided further that* no payments under the Editorial Incentive Program or the Sales Incentive Program shall be paid to any "insider" (as defined in

section 101 of the Bankruptcy Code) or senior employee other than as disclosed in the Motion or to the Committee and U.S. Trustee prior to entry of this Second Interim Order.

6. The Debtors are authorized, but not directed, to pay certain Severance Obligations; *provided that* payments made on account of Severance Obligations shall not exceed four weeks of that employee's ordinary pay for any individual employee; *provided further that*, any Employee who accepts payment of a Severance Obligation pursuant to this Second Interim Order shall be deemed to have waived any claim (whether prepetition or postpetition) for any additional severance payments, and shall be required to execute an acknowledgement of this waiver; *provided further that* the Debtors shall not make any payments on account of severance owed to employees terminated prepetition; *and provided further that* the Debtors shall not make any payments of Severance Obligations to the President and General Counsel of the Debtors pursuant to this Second Interim Order.

7. The Debtors will make a reasonable, good faith effort to provide any Employee that will be terminated, with two weeks' notice of any termination; and the Debtors will provide the Committee with two business days' notice of any proposed payment of Severance Obligations.

8. The Debtors shall not make pay any Severance Obligation to any Employee that receives an offer of employment from any entity that purchases the Debtors' assets pursuant to these chapter 11 cases.

9. The Debtors may seek approval to pay additional Severance Obligations pursuant to the Motion at a later date, with the Committee's rights to oppose such relief being preserved in all respects. Neither the Debtors nor the Committee has waived any legal arguments that may be

-4-

asserted with respect to future relief sought in connection with Severance Obligations that are not specifically approved in this Order.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or in this Second Interim Order, or any payments made pursuant to this Second Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease (including the CBA) under section 365 of the Bankruptcy Code.

11. All banks and other financial institutions on which checks were drawn or electronic payment requests were made in connection with the payments approved by this Second Interim Order are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Second Interim Order.

12. All banks and other financial institutions are hereby prohibited from placing any holds on, or attempting to reverse, any automatic transfers to Employees' accounts for Employee Obligations.

13. The Debtors are authorized to reissue checks, wire transfers, automated clearing house payments, electronic payments, or other similar methods of payment for all payments approved by this Second Interim Order where such method of payment has been dishonored postpetition.

57898355_3

14. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Second Interim Order in accordance with the Motion.

15. The requirements of Bankruptcy Rule 6004(a) are hereby waived.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Second Interim Order shall be immediately effective and enforceable upon its entry.

17. The Court retains jurisdiction with respect to all matters arising from, or related to, the implementation and interpretation of this Second Interim Order.

Dated: July 13th, 2016
      New York, New York

                          /s/ STUART M. BERNSTEIN
                          HONORABLE STUART M. BERNSTEIN
                          UNITED STATES BANKRUPTCY JUDGE

57898355_3