UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                :

In re                                     :          Chapter 11

Gawker Media LLC. *et al.*,[1]     :          Case No. 16-11700 (SMB)

              Debtors.        :          (Jointly Administered)

---------------------------------------------------------x

**FINAL ORDER AUTHORIZING THE DEBTORS TO CONTINUE USING
DEBTORS' BANK ACCOUNTS, BUSINESS FORMS, AND
CASH MANAGEMENT SYSTEM, AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) maintain the existing Bank Accounts; (ii) continue to use their existing business forms; (iii) continue to operate their existing Cash Management System, including honoring certain prepetition obligations related thereto; (iv) continue making Intercompany Transfers and recording Intercompany Claims in the ordinary course of business; (v) grant administrative priority status to postpetition Intercompany Claims, and continue to perform under certain intercompany arrangements consistent with historical practices between the Debtors, and (vi) maintain their corporate American Express Account (as defined herein), including payment of amounts billed to the account prepetition; (b) waiving certain investment and deposit requirements; and (c) granting related relief as is just and proper; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

57899153_2

§ 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is it is hereby

**ORDERED, THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors are authorized to continue to manage their cash pursuant to the Cash Management System maintained by the Debtors before the Petition Date; to collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany funding among the Debtors, and to make ordinary course changes to their Cash Management System without further order of the Court.

3. The Debtors are authorized to maintain and continue to use any or all of their existing Bank Accounts in the names and with the account numbers existing immediately before the Petition Date, deposit funds in and withdraw funds from such accounts by all usual means, pay any bank fees or charges associated with the Bank Accounts, whether arising before or after the Petition Date, and treat their prepetition Bank Accounts for all purposes as debtor in

possession accounts.  Each of the Banks is authorized and directed to continue to honor transfers, as directed by the Debtors, of funds among the Debtors' Bank Accounts.

4. All Banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of debtors in possession, without interruption and in the ordinary course of business.  In this regard, the Banks are authorized to receive, process, honor, and pay any and all checks, ACH payments and other instructions, and drafts payable through, drawn or directed on the Bank Accounts after the Petition Date by holders, makers or other parties entitled to issue instructions with respect thereto.

5. Any existing deposit account control or similar agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks.  All of the provisions of such agreements, including, without limitations, the termination and fee provisions, shall remain in full force and effect.  Either the Debtors or the Banks may, without further Order of this Court, implement changes to the Cash Management System and procedures in the ordinary course of business pursuant to terms of those certain existing deposit account control agreements, including, without limitation, the opening and closing of bank accounts; provided, however, that nothing contained herein shall constitute an assumption of the deposit account control agreements pursuant to section 365 of the Bankruptcy Code.

6. Notwithstanding any other provision of this Order, any Bank may rely on the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors before the Petition Date should be honored pursuant to this or any other order of this Court, and any Bank that honors a prepetition check or other item drawn

on any account that is the subject of this Order shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

7. The Debtors are authorized to continue using their existing Business Forms and checks, without reference to the Debtors' status as debtors in possession, as soon as practicable. Upon ordering new Business Forms and checks, the Debtors shall have their status as debtors in possession noted on such forms and checks.

8. The Debtors are authorized to continue engaging in Intercompany Transfers in the ordinary course of business, *provided that*, the Debtors will notify the U.S. Trustee and the advisors to the Official Committee of Unsecured Creditors (the "Committee") to the extent that aggregate Intercompany Transfers between the Debtors exceeds $150,000 in any calendar month, and will not permit the account balance of the Kinja Hungarian Account to exceed $200,000 at any time, *provided further that*, the receiving company must report the repayment of the transfer as a disbursement and not a balance sheet transaction; *provided further that*, the Debtors will provide the U.S. Trustee and the Committee with the periodic bank statements of the Kinja Hungarian Account. Intercompany Claims are hereby granted administrative expense status pursuant to sections 364(b), 503(b)(1), and 507(a)(2) of the Bankruptcy Code; *provided that* (a) the Debtors are not authorized to offset any prepetition Intercompany Transfers against any postpetition Intercompany Transfers without further Court approval, and (b) all parties' rights to challenge the validity of the Intercompany Transfers, whether prepetition or postpetition, are preserved.

9. The Debtors are authorized to maintain their corporate American Express Account.

57899153_2

10. The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date.

11. In the course of providing cash management services to the Debtors, any Bank, without further order of this Court, is authorized to (i) charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors, and (ii) charge-back returned items to the Bank Accounts, whether such items are dated before, on, or after the Petition Date, in the ordinary course of business during the pendency of these Cases.

12. Nothing herein shall prevent the Debtors from opening any additional bank accounts at authorized depositories, or closing any existing Bank Accounts as they may deem necessary and appropriate. The Banks are authorized to honor the Debtors' request to open or close, as applicable, such Bank Accounts. The Debtors shall notify parties in interest and the United States Trustee of the opening of any new Bank Accounts at authorized depositories or closing of any existing Bank Accounts by providing information regarding any such new or closed account in the Debtors' monthly operating reports.

13. The Debtors are permitted a 45-day extension of the time to comply with section 345(b) of the Bankruptcy Code, subject to consultation with the United States Trustee and request for further extension. During the extension period, the Debtors will continue to engage the U.S. Trustee in discussions over what modifications to their current practices, if any, would be appropriate under the circumstances.

14. The requirements of Bankruptcy Rule 6004(a) are hereby waived.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

17. The Debtors shall serve a copy of this Final Order within five (5) business days after entry hereon upon any Bank at which a Bank Account is maintained, the Master Service List and General Service List. Notice served pursuant to the preceding sentence shall be via e-mail or first class mail.

18. The Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Final Order.

Dated: July 13th, 2016
New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

57899153_2

## Exhibit C

**Bank Accounts**

57899153_2

| *Debtor Account Holder* | Account Type | Institution | Account Number (last 4 digits) |
|---|---|---|---|
| Gawker Media LLC | Operating | Silicon Valley Bank | 2011 |
| Gawker Media LLC | L/C Collateral | Silicon Valley Bank | 7785 |
| Gawker Media LLC | Lockbox | Silicon Valley Bank | 0192 |
| Gawker Media Group Inc. | Operating | Silicon Valley Bank | 2079 |
| Kinja Kft. | Operating Account | K&H Bank Zrt. | 0002 |
| Kinja Kft. | Operating Account | Silicon Valley Bank | 2064 |