UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
: 
In re : Chapter 11
: 
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------x

**ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT,
AND ADMINISTRATIVE PROCEDURES AND OMNIBUS HEARING DATES**

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order") limiting notice and establishing case management and administrative procedures in the Debtors' chapter 11 cases; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of this estate, its creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1.   The Motion is GRANTED to the extent set forth herein.

2.   The Case Management Procedures attached as Exhibit 1 are approved to the extent set forth herein and shall govern all applicable aspects of this case, except as otherwise ordered by the Court.

3.   The first three Omnibus Hearing dates are scheduled on:

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft's offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

57659327_2

    i.  August 2, 2016, at 10:00 a.m.

    ii.  September 13, 2016, at 10:00 a.m.

    iii.  October 4, 2016, at 10:00 a.m.

  4.  All Omnibus Hearings shall be heard in Courtroom 723 at The United States Bankruptcy Court Southern District of New York, One Bowling Green, New York, New York, 10004.

  5.  The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in this case except to the extent that any provision of this Order by its terms is superseded or is inconsistent with such rules.

  6.  The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

  7.  The Debtors shall serve a copy of this Order within five (5) business days after entry hereof upon the Master Service List and Rule 2002 List. Notice served pursuant to the preceding sentence shall be via e-mail or first class mail.

  8.  The Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: July 13th, 2016
   New York, New York

               /s/ STUART M. BERNSTEIN
               HONORABLE STUART M. BERNSTEIN
               UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Case Management Procedures

**NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

**I. Filing and Service Procedures**

1. All notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeing relief, (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (the "Objections"), and all other documents or writings filed in these cases, together with the Requests for Relief and Objections (collectively, the "Court Filings") filed in these chapter 11 cases shall be filed electronically with the United States Bankruptcy Court for the Southern District of New York (the "Court") on the docket of *In re Gawker Media LLC*, Case No. 16-11700 (SMB), in accordance with the Court's General Order M-399. Further, pursuant to Local Bankruptcy Rule 9070-1, at least one hard copy of any Court Filing (other than proofs of claim) shall be (a) marked "Chambers Copy" and delivered to the chambers of the Honorable Judge Stuart M. Bernstein, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1418, not later than the next business day following the date on which such Court Filing is electronically filed, and (b) delivered by first class mail to the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), Attention Greg Zipes and Susan Arbeit.

   A. **The Service List**

2. All Court Filings (as defined herein) (other than proofs of claim) shall be served on the following parties (collectively, the "Service List") according to the following notice procedures:

      (a) **Master Service List**. Prime Clerk LLC ("Prime Clerk") shall maintain the Master Service List (as defined below) on its website. Except for those notices

1

57659327_2

and related pleadings supplied by the Debtors pursuant to Bankruptcy Rules 2002(a)(1), 2002(a)(4), 2002(a)(7), 2002(b), 2002(d), 2002(f)(1), 2002(f)(2), 2002(f)(3) and 2002(f)(7), and unless otherwise provided by the Case Management Order or another order of the Court, every motion, application, complaint, objection, notice, brief, memorandum, affidavit, declaration or other writing filed in these cases (including notices and orders by the Court, but not including proofs of claim or proofs of interest) (collectively, the "Filings") shall be served by e-mail (in electronic PDF format) upon the following parties (collectively, the "Master Service List"), except the U.S. Trustee, who shall be served only by regular U.S. mail, fax, or overnight delivery service:

(i)     the Debtors and their counsel;
(ii)    the U.S. Trustee;
(iii)   the Internal Revenue Service;
(iv)    the United States Attorney for the Southern District of New York,
(v)     any other federal, state, or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or order of the Court;
(vi)    counsel to the Official Committee of Unsecured Creditors
(vii)   counsel to the Second Lien Lender
(viii)  counsel to Cerberus Business Finance, LLC as DIP Lender
(ix)    those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

(b) **Rule 2002 List**.  Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "Rule 2002 List").

(i)   Any creditor or party-in-interest who files a notice of appearance and a request for service of papers pursuant to Bankruptcy Rule 2002 (a "Notice Request") shall be deemed to have consented to electronic service of papers.  A Notice Request shall include: (a) the party's name and address; (b) the name of the client (unless the party is appearing solely on its own behalf); (c) an e-mail address at which the requesting party can be served; (d) an address at which the requesting party may be served by United States mail, hand delivery, and overnight delivery; and (e) a facsimile number for the requesting party.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no Notice Request shall be deemed effective unless all of the foregoing requirements are satisfied.

(ii)  Any individual or entity filing a Notice Request who does not maintain (and cannot practicably obtain) an email address and, thus, cannot receive service by e-mail must include in its Notice Request a certification to that effect (the "Certification").  The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail

2

        address at which the individual or entity could receive service by e-mail. Such individual entity will thereafter receive paper service.

    (iii)    If a Notice Request fails to include an e-mail address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within ten (10) business days specifically requesting an e-mail address.  If no e-mail address or no Certification is provided in response to such request, such party shall not be added to the Rule 2002 List and shall not be served with copies of the Filings filed in these cases unless such pleadings and/or documents directly affect such party.

  (c) **Affected Parties**. In addition, any party whose interests are directly affected by a specific pleading shall be deemed to be included on the Master Service List for any such pleading.

3.    **Maintenance of the Service List**. At least every 15 days during the first 60 days of these chapter 11 cases, and at least 30 days thereafter, Prime Clerk shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website. (together, the "Monthly Service List"), but shall periodically post a copy of the Monthly Service List to the case website, and upon the written request of a creditor or other party in interest shall provide a copy of the Monthly Service List.

**B. Filing and Service of Court Filings Generally**

4.    **Service by Electronic Mail**. Unless the Bankruptcy Code, Bankruptcy Rules, or Local Bankruptcy Rules specifically provide otherwise, all Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via e-mail where available on the Master Service List (except for the U.S. Trustee, who shall be served in hard copy format) which shall be deemed to constitute proper service for all parties who are sent such email service.  All other parties shall be served in hard copy format. Subject to the limited exclusions, each party that files a notice of appearance and a Notice request shall be deemed to have consented to electronic service of all Court Filings, except as provided below. Service by email shall be subject to the following rules:

3

57659327_2

    (a)    **Email Subject Line**. With respect to the service of any Filing, the subject line of the e-mail shall include the following: (i) the Debtors' jointly administered case name and case number; (ii) the name of the party serving such Filing; and (iii) the title or a summary of the Filing being served.

    (b)    **Email Attachments**. All Filings served by e-mail shall include access to a computer file containing the entire document, including any proposed form of order and exhibits, attachments or other materials in PDF format. The relevant Filing shall either be attached to the email in the format specified above or the email shall contain a link to the Filing in such format.

    (c)    **Alternative Service**. Notwithstanding the foregoing, if a party is unable to serve a Filing by e-mail due to technological difficulties (i.e., the electronic file is too large or the party's e-mail system is not functioning at the time of service), service by such party, including those parties on the Master Service List, shall be adequate if by U.S. mail or hand or overnight delivery.

5.    Nothing in this Order authorizes service through the Court's CM/ECF System.

6.    **Form of Papers**. Unless granted prior permission, motions, applications, and objections are limited to 40 pages and replies and statements are limited to 20 pages. All Court Filings (other than exhibits) shall be double-spaced, 12-point font, with one-inch margins. All Court Filings shall be filed in a text-searchable format, with the exception of exhibits which may be scanned.

7.    **Certificates of Service**. Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

8.    **Right to Request Special Notice Procedures**. Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

9.    **Special Service Rules.** In addition to serving the parties on the Master Service List, pleadings or notices for which particular notice is required by Bankruptcy Rules 2002(a)(2),

4

57659327_2

2002(a)(3), 2002(a)(6), 4001, 6004, 6006, 6007 or 9019 shall be served by e-mail or United States first class mail on the parties identified on the Master Service List (and the Rule 2002 List if such Filing is a motion) and on any person or entity known to have a particularized interest in the subject of the Filing, in accordance with the following procedures, unless otherwise authorized by this Court:

    (a)    filings related to the use, sale, lease or abandonment of property other than in the ordinary course of business will be served on each entity asserting an interest in the property;

    (b)    filings related to relief from, or otherwise related to, the automatic stay will be served on each entity asserting a lien or encumbrance on the affected property;

    (c)    filings relating to the use of cash collateral or obtaining credit will be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted;

    (d)    filings relating to approval of proposed compromises or settlements under Bankruptcy Rule 9019 will be served on any entity that is a party to the compromise or settlement or which may be directly and adversely affected thereby;

    (e)    filings relating to rights under section 365 of the Bankruptcy Code will be served on each party to the executory contract(s) or unexpired lease(s) affected thereby;

    (f)    filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases; and

    (g)    notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors, unless otherwise ordered by the Court.

10.    In addition, pleadings and other documents filed by the Debtors and other parties with the Court will be available on the Internet either free of charge on Prime Clerk's website at https://cases.primeclerk.com/gakwer, or through the Court's website at www.nysb.uscourts.gov (a PACER login and password are required to access the Court's PACER system). Upon request

5

57659327_2

of any party, the Debtors will provide copies of any filings in these cases at the expense of the requesting party.

**B.    Hearing Procedures**

11.    **Omnibus Hearings**.  The Court shall schedule regular omnibus hearings to consider all notices, motions, application and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief, and all objections and responses to such request for relief (collectively, the "Omnibus Hearings").  Unless otherwise ordered by the Court for good cause shown, all matters will be heard initially at these Omnibus Hearings.

12.    **Hearing Agenda**.  The Debtors shall file a hearing agenda (the "Agenda") with the Court and serve on the Master Service List a proposed hearing agenda no later than noon (ET), two (2) business days prior to any Omnibus Hearing Date.  The Agenda will include, to the extent known by Debtors' counsel: (a) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) other comments that will assist the Court; and (e) a suggestion for the order in which the matters should be addressed.  The Debtors may file an amended Agenda to reflect any changes to the Agenda at any time prior to an Omnibus Hearing Date.

13.    **Telephonic Appearances at Hearings**.  If a party desires to participate in a hearing by telephone, such party must request permission from Chambers by e-mail at least two (2) business days prior to the scheduled hearing, and should be prepared to provide the following information: (a) name of party that the attorney is representing; (b) the motion on which the

attorney intends to argue; and (c) the reason that a telephonic appearance is necessary. Those parties participating by telephone may not use speakerphones, unless first authorized by the Court; by reason of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted. Parties participating by telephone must put their phones on "mute" except when they need to be heard. Parties so participating are not to put their phones on "hold" in any circumstances.

14. **Listen-Only Lines**. Any party may attend hearings through a listen-only line. For the avoidance of doubt, any party wishing to use a listen-only line need not seek permission from the Debtors or the Court.

15. **Evidentiary Hearing**. With respect to any Court Filing, and subject to Local Bankruptcy Rule 9014-2, if any objection or other responsive pleading is filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify, unless the Court orders otherwise. Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (e.g., declarations, affidavits, and exhibits).

C.  **General Motion Practice**

16. The following procedures shall apply to motions and objections generally, except those filed by non-debtor parties seeking relief pursuant to section 362 of the Bankruptcy Code:

> (i) **Ordinary Scheduling Procedures**. Any motion or professional retention application, other than fee applications, shall be filed and served at least 14 calendar days prior to an Omnibus Hearing or other scheduled hearing in order to be heard at that hearing, not taking into account Bankruptcy Rule 9006(f). If a Motion is to be served by U.S. Mail, it must be filed and served at least 17 days prior to the hearing.
>
> (ii) **Service**. Each motion shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and these Case Management Procedures, with a hard copy to Chambers. In addition,

7

    each motion shall state in the upper right-hand corner of its caption the objection date and time for the Motion and the hearing date and time for the motion.

  (iii) **Objections**.  Any objection to a motion (an "<u>Objection</u>") shall be filed and served, with a hard copy to Chambers, no later than 4:00 p.m. (ET) on the earlier of (i) ten (10) days after the date of the filing of a Motion (13 days if the motion is served by regular U.S. Mail) or (ii) the date that is five (5) days prior to the date of the Omnibus Hearing at which the motion is scheduled to be heard.  The movant and objecting party may mutually agree to extend such deadline.  The Objection shall be served upon the movant, the parties on the Master Service List and such parties upon whom the motion was required to be served pursuant to the Case Management Order.  The Objection deadline may be extended without further order of the Court upon the consent of the entity filing the original motion.

  (iv) **Certificate of No Objection**.  If no Objection(s) is filed and served in a timely fashion, the movant may submit an order granting the relief requested in the motion to the Court along with a Certificate of No Objection ("<u>CNO</u>") stating that no Objection has been filed or served on the movant, and including a copy of the motion and its exhibits.  By filing the CNO, counsel for the movant is representing to the Court that the movant is unaware of any Objection to the motion and that counsel has reviewed the Court's docket and no Objection appears thereon.  Upon receipt of the CNO, the Court may enter the order submitted with the CNO without conducting a hearing.

  (v) **Replies**.  If an Objection is filed, the movant or another interested party may file and serve a reply to the Objection, with a hard copy to Chambers, by no later than 12:00 p.m. (ET) on the business day prior to the date of the Omnibus Hearing.

  (vi) **Affidavits of Service**.  With respect to all Filings, an appropriate affidavit of service indicating the party serving the Filing, the parties on which the Filing was served, and the date and manner of service shall be filed with the Court within three (3) business days of such service. Parties may certify in an affidavit of service that they have served the Filing on a Master Service List by referencing such list and the date thereof in an affidavit of service.  Such reference shall obviate the need to attach the Master Service List or the addresses included therein to the affidavit of service.  All other parties not on such list who have been served shall be identified by name and service address.

8

57659327_2

17. **Motion Practice for Lift Stay Actions**. The following procedures shall apply to Motions filed by non-debtor parties seeking relief pursuant to section 362 ("362 Motion") of the Bankruptcy Code and objections thereto:

   (a) **Filing**. Any 362 Motion shall be filed and served at least 20 days prior to an Omnibus Hearing to be heard initially at such hearing.

   (b) **Service of 362 Motions**. Each 362 Motion shall be served in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, and the provisions of the Case Management Order.

   (c) **Schedule of Hearing**. If the Omnibus Hearing at which such 362 Motion is heard is more than 30 days after the date of service of the 362 Motion, the movant shall be deemed to have consented to the continuation of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until such Omnibus Hearing. If parties agree to adjourn a hearing on a 362 Motion, any such adjournment shall constitute consent to the continuation of the automatic stay pursuant to section 362(e) of the Bankruptcy Code.

   (d) **Objections to 362 Motions**. Any Objections to a 362 Motion shall be filed and served, with a hard copy to Chambers, no later than 4:00 p.m. (ET) on the date that is five (5) days prior to the date of the Omnibus Hearing at which the motion is scheduled to be heard.

   (e) **362 Waivers**. To prevent the expiration of the 60-day period set forth in section 362(e)(2) of the Bankruptcy Code, the Debtors or any party objecting to the 362 Motion may file a motion with the Court on shortened notice, which shall be no less than three (3) business days, seeking the entry of an order by the Court containing findings extending such period for cause, and a hearing will be scheduled promptly on such motion.

18. **Request for Emergency Hearings or Shortening of Time**. Nothing herein shall prejudice (a) the rights of any party-in-interest to move the Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency or ex parte consideration or consideration upon shortened time, or (b) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

9

19. **Bridge Orders Not Required in Certain Circumstances**. Pursuant to Local Bankruptcy Rule 9006-2, when a motion to extend time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or order of the Court, the time to take such action shall be automatically extended until the Court acts on the motion, as long as the movant files the motion with a return date that is no later than fourteen (14) days after the filing of such motion.

D.  Additional Case Management Procedures

20. **Adversary Proceedings**. Notwithstanding anything to the contrary herein, the prosecution of any adversary proceedings commenced in this case shall be subject to the Court's general case management procedures for adversary proceedings or any separate case management and scheduling orders entered with respect to such adversary proceedings.

21. **Modifications of the Case Management Procedures**. Nothing in the Case Management Order shall prejudice the rights of any party-in-interest to seek an amendment or waiver of the provisions of these Case Management Procedures upon a showing of good cause.