UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                              :

In re                                               :           Chapter 11
                                                           :

Gawker Media LLC, *et al.*,[1]              :           Case No. 16-11700 (SMB)
                                                           :

                Debtors.               :           (Jointly Administered)
                                                           :
------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order (the "Order") (i) approving the Compensation Procedures and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this Court being proper pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of the Motion having been given; and the Court having found that no other or further notice is needed or necessary; and the Court having reviewed the Motion and the First Day Declaration and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

57915548_3

other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. Except as otherwise provided in orders of this Court authorizing the retention of specific professionals, all Professionals in these cases may seek monthly compensation in accordance with the following Compensation Procedures:

   a. On or before or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall serve a monthly statement (a "Monthly Fee Statement"), by hand, overnight delivery, or to an e-mail address designated by that Notice Party, on: (i) the Debtors, 114 Fifth Avenue, New York, New York 10011, Attn: Heather Dietrick (heather@gawker.com) and William D. Holden (profinvoices@gawker.com); (ii) proposed counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes and Susan Arbeit; (iv) proposed counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, New York 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and (vi) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com) (each, a "Notice Party," and collectively, the "Notice Parties");

   b. On or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the

2

57915548_3

    presiding judge's chambers; *provided* that filing a Monthly Fee Statement with the Court does not alter the requirements outlined in sections 330 and 331 of the Bankruptcy Code. The Professionals are still required to serve and file interim and final fee applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and other applicable laws in this district;

c. Each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred (no Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

d. If a party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, (the "Objection Deadline"), serve upon the Professional whose Monthly Fee Statement is the subject of an Objection, and the Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue;

e. At the expiration of the Objection Deadline, the Debtors promptly shall pay eighty percent (80%) of the fees and 100% of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d);[3]

f. If a Notice of Objection to Fee Statement is filed, the Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and expenses in percentages set forth in paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

g. If an Objection is resolved, the Professional whose Monthly Fee

---

[3] The remaining 20 percent of the Professional's fees for each Monthly Fee Statement shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

3

57915548_3

Statement was the subject of the Objection shall serve a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, and the Debtors shall pay, in accordance with paragraph (e) above, that portion of the Monthly Fee Statement that is no longer subject to the Objection;

h. All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below;

i. The service of a Notice of Objection to Fee Statement in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or otherwise. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j. Approximately every 120 days, but no more than every 150 days, each of the Professionals shall serve and file with the Court an Application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested. ~~Upon allowance by the Court of a Professional's fee application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the Monthly Fee Holdback) and expenses not previously paid;~~**[SMB: 7/13/16]**

k. Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

l. The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

m. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses, as provided

4

herein, shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Professional; and

n. Counsel to the Committee may, in accordance with the Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee; provided that such Committee counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

3. ~~All fees and expenses paid to the Professionals under the Compensation Procedures are subject to full disgorgement until final allowance by the Court.~~ [SMB: 7/13/16]

4. Each Professional may seek, in its first request for compensation or reimbursement of expenses pursuant to this Order, compensation for any work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on July 31, 2016.

5. The amount of fees and expenses sought shall be set out in U.S. dollars, and if the fees and expenses are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application.

6. The Debtors shall include all payments to the Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

7. Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of the Court, *otherwise*, this Order shall continue and shall remain in effect during the pendency of this case.

8. The Professionals must serve Applications upon the Notice Parties, and all other

5

57915548_3

parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notices of hearings on the Applications, with a right to receive copies of the Applications upon request.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; *provided, however*, that the Debtors shall serve a copy of this Order on each of the Retained Professionals and the Notice Parties.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated July 13th, 2016
   New York, New York

            /s/ STUART M. BERNSTEIN
            HONORABLE STUART M. BERNSTEIN
            UNITED STATES BANKRUPTCY JUDGE