UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
In re                                                              :        Chapter 11
:
Gawker Media LLC, et al.,[1]                              :        Case No. 16-11700 (SMB)
:
                      Debtors.                               :        (Jointly Administered)
:
---------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN HOULIHAN LOKEY AS INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application, dated June 20, 2016 (the "Application"),[2] of Gawker Media LLC and its above-captioned debtor affiliates, as debtors and debtors in possession (the "Debtors"), for an order authorizing the Debtors to (a) retain Houlihan Lokey ("Houlihan Lokey") to serve as the Debtors' investment banker effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions of that certain engagement letter, dated as of May 16, 2016 (the "Engagement Agreement"), a copy of which is annexed hereto as **Exhibit A**; (b) approving the proposed compensation arrangements and the indemnification provisions set forth in the Engagement Agreement; (c) modifying the time-keeping requirements of Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), General Order M-447, the Amended Guidelines for Fees and Disbursements for professionals in the Southern District of New York Bankruptcy Cases ("General Order M-447"), and any other applicable procedures and orders in connection with Houlihan Lokey's engagement; and (d)

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding this proceeding and the Motion in this Court being proper pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of the Motion having been given; and the Court having found that no other or further notice is needed or necessary; and the Court having reviewed the Application and the *Declaration of D. Reid Snellenbarger In Support of Debtors' Application for Entry of an Order Authorizing and Approving the Employment and Retention of Houlihan Lokey as Investment Banker Nunc Pro Tunc to the Petition Date* (the "Snellenbarger Declaration"); and the Court having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1.   The Application is GRANTED to the extent set forth herein, *nunc pro tunc* to the Petition Date.

2.   The Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, to employ and retain Houlihan Local as their investment banker in accordance with the terms and conditions set forth in the Engagement Agreement, effective *nunc pro tunc* to the Petition Date.

3. Houlihan Lokey does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

4. The terms and conditions of Houlihan Lokey's employment as provided in the Engagement Agreement are reasonable as required under section 328 of the Bankruptcy Code and are hereby approved. Further, the Fee Structure, as set forth in the Engagement Agreement, including without limitation, the Monthly Fees, the Sale Transaction Fee, the Restructuring Transaction Fee and the Financing Transaction Fee (each as defined in the Engagement Agreement), is approved pursuant to section 328(a) of the Bankruptcy Code and Houlihan Lokey shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court.

5. The terms of the Engagement Agreement are approved in all respects except as set forth herein.

6. Houlihan Lokey shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code. Notwithstanding anything to the contrary set forth above, the U.S. Trustee shall retain rights to respond or object to Houlihan Lokey's interim and final applications for compensation based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; provided, that, with respect to the U.S. Trustee's retention of rights under section 330 of the Bankruptcy Code, it is understood and agreed that reasonableness for this purpose shall be evaluated by comparing the fees payable in these cases to fees paid to other

investment banking firms offering comparable services in other chapter 11 cases and shall not be evaluated primarily on the basis of time committed or the length of these cases.

7.  Houlihan Lokey shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8.  Houlihan Lokey shall be excused from keeping time records for services rendered in one-tenth of an hour increments as otherwise provided for in Local Rule 2016-1 and General Order M-447, and instead shall only be required to maintain time records in half hour increments.

9.  None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law.

10. In the event Houlihan Lokey seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Agreement, the invoices supporting time records from such attorneys shall be included in Houlihan Lokey's own application and such invoices and time records shall be subject to the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed 11 U.S.C. § 330, dated January 30, 1996 (the "U.S. Trustee Guidelines") and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code.

11. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Engagement Agreement, and will indemnify and hold harmless Houlihan Lokey and its affiliates, and its and their respective directors, officers, members, agents, employees, and controlling persons, and each of their respective successors and assigns (collectively, the "Indemnified Persons"), pursuant to the Engagement Agreement during the pendency of these chapter 11 cases, subject to the following conditions:

      a.    All requests of Indemnified Persons (as defined in the Engagement Agreement) for payment of indemnity, contribution, or otherwise shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided* that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

      b.    In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Agreement if the Debtors or a representative of the Debtors' estates asserts a claim for, and the Court determines by final order that such claim primarily arose out of, such person's bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

      c.    In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be annexed to Houlihan Lokey's own interim and final fee applications, and such invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

12.     Notwithstanding anything to the contrary in the Engagement Agreement or the Indemnification Provisions, in the event that an Indemnified Person is not entitled to indemnification on account of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, it shall also not be entitled to any claim or right of contribution, limitation of liability, or exoneration.

13.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

-5-

57659312_2

14. To the extent this Order is inconsistent with the Engagement Agreement, this Order shall govern.

15. The Court retains exclusive jurisdiction with respect to all matters arising from, or related to, the retention of Houlihan Lokey and the implementation and interpretation of this Order.

Dated: July 14th, 2016
      New York, New York

                              /s/ STUART M. BERNSTEIN
                              HONORABLE STUART M. BERNSTEIN
                              UNITED STATES BANKRUPTCY JUDGE