**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 11
                                                       :
Gawker Media LLC, et al.,[1]                           :   Case No. 16-11700 (SMB)
                                                       :
            Debtors.                                   :   (Jointly Administered)
                                                       :
-------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND APPOINTMENT OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION**
*NUNC PRO TUNC* **TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for employment and retention of Prime Clerk LLC ("Prime Clerk") as administrative advisor ("Administrative Advisor") *nunc pro tunc* to the Petition Date pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, all as more fully described in the Application; and upon the Frishberg Declaration submitted in support of the Application; and the Court being satisfied that Prime Clerk has the capability and experience to provide the services described in the Application and that Prime Clerk does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Prime Clerk is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor; it is hereby:

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

57659317_1

**ORDERED, THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain Prime Clerk as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Prime Clerk is authorized and directed to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Prime Clerk is authorized to take such other actions necessary to comply with the duties set forth in the Application.

4. Prime Clerk shall apply to this Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (the "Amended Guidelines"), the United States Trustee Fee Guidelines (the "U.S. Trustee Guidelines"), and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. All requests by Prime Clerk for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, that in no event shall Prime Clerk be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any),

57659317_1

gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Prime Clerk's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible.

7. Notwithstanding anything to the contrary in the Engagement Agreement, in the event that Prime Clerk is not entitled to indemnification on account of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Prime Clerk's contractual obligations, it shall also not be entitled to any claim or right of contribution, limitation of liability, or exoneration.

8. In the event that Prime Clerk seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Prime Clerk's own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines, the U.S. Trustee Guidelines, and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. Prime Clerk shall not be entitled to reimbursement by the Debtors for any fees, disbursements, or other charges of Prime Clerk's counsel other than those incurred in connection with a request of Prime Clerk for payment of indemnity.

10. Notwithstanding any provision to the contrary in the Engagement Agreement, the Court shall retain and exercise exclusive jurisdiction over any dispute relating to the services provided by Prime Clerk.

57659317_1

11. In the event of an inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

12. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the retention of Prime Clerk as administrative advisor and the implementation, interpretation, and enforcement of this Order.

Dated: July 14th, 2016
       New York, New York

                                       /s/ STUART M. BERNSTEIN
                                       HONORABLE STUART M. BERNSTEIN
                                       UNITED STATES BANKRUPTCY JUDGE