UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
                                                    :
In re                                               :    Chapter 11
                                                    :
Gawker Media LLC, *et al.*,[1]                      :    Case No. 16-11700 (SMB)
                                                    :
        Debtors.                                    :    (Jointly Administered)
                                                    :
---------------------------------------------------x

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROPES & GRAY LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors (the "Debtors"), for entry of an order (the "Order") authorizing the Debtors to employ and retain Ropes & Gray LLP ("Ropes & Gray") as their attorneys, effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Codes (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration of Gregg M. Galardi, a partner at Ropes & Gray (the "Galardi Declaration"), and the declaration of William D. Holden (the "Holden Declaration") Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application (including the Galardi Declaration).

of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Galardi Declaration that (a) Ropes & Gray does not hold or represent an interest adverse to the Debtors' estates and (b) Ropes & Gray is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1. The Application is GRANTED to the extent provided herein.

2. Pursuant to sections 327(a), 328(a), and 329 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 5002, and Local Rule 2014-1, the Debtors, as debtors in possession, are authorized to employ and retain Ropes & Gray as their counsel, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

56651969_1

3. Ropes & Gray is authorized to perform the services as described in the Application and the Engagement Letter. Specifically, but without limitation, Ropes & Gray will render the following, among other, legal services:

    a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

    b. advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

    c. advising the Debtors in connection with the potential sale of substantially all of their assets;

    d. attending meetings and negotiating with representatives of creditors and other parties in interest;

    e. taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning litigations in which the Debtors are involved, including objections to the claims filed against the Debtors' estates;

    f. preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

    g. representing the Debtors in connection with obtaining authority to obtain postpetition financing'

    h. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

    i. advising the Debtors regarding related tax matters;

    j. taking any necessary action on behalf of the Debtors to negotiate, draft, and obtain approval of a chapter 11 plan and all documents related thereto;

    k. performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11

3

cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4. Ropes & Gray shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

5. Notwithstanding anything to the contrary in the Engagement Letter to the contrary, Ropes & Gray shall apply any remaining amounts of its prepetition retainer as a credit towards postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Ropes & Gray. Ropes & Gray may reserve and apply amounts from the retainer(s) that would otherwise be applied towards payment of postpetition fees and expenses as are necessary and appropriate to reimburse Ropes & Gray for prepetition expenses consistent with its ordinary course billing practices.

6. Ropes & Gray shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Ropes & gray to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. Ropes & Gray shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any creditors' committee appointed in these chapter 11 cases, before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy

4

Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. Ropes & Gray shall not withdraw as Debtors' counsel before the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

9. The Debtors and Ropes & Gray are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11. To the extent the Application, the Galardi Declaration, the Holden Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: July 14th, 2016
       New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

56651969_1