ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Jonathan M. Agudelo
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------x
In re                                   :    Chapter 11
                                        :
Gawker Media LLC, et al.,¹              :    Case No. 16-11700 (SMB)
                                        :
                  Debtors.              :    (Jointly Administered)
-----------------------------------------------------x
```

**GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENT OF FINANCIAL AFFAIRS FOR THE DEBTORS**

These Global Notes are incorporated by reference in, and comprise an integral part of the above-captioned debtors' (collectively, the "Debtors") Schedules of Assets and Liabilities (the "Schedules") and their Statements of Financial Affairs (the "SOFAS" and together with the Schedules, "Schedules and SOFAS") and should be referred to and considered in connection with any review of the Schedules and SOFAS.

On June 10, 2016, Gawker Media LLC filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  On June 12, 2016, Gawker Media Group, LLC and Kinja Kft. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

With the assistance of its advisors, the Debtors have prepared their Schedules and SOFAS pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAS are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in

---

¹ The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

the United States ("GAAP"), and they are not intended to be fully reconciled to the Debtors' financial statements.

Although the Debtors have made every reasonable effort to ensure that the Schedules and SOFAS are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and SOFAS, and inadvertent errors or omissions may have occurred.

The Schedules and SOFAS contain unaudited information, which information is subject to further review, verification, and potential adjustment. As a result, there can be no assurance that the Schedules and SOFAS are complete. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAS, and the Schedules and SOFAS remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and SOFAS from time-to-time as may be necessary or appropriate.

The Schedules and SOFAS have been signed by William D. Holden. In reviewing and signing the Schedules and SOFAS, Mr. Holden has necessarily relied upon the efforts, statements, and representations of the Debtors' employees, fiduciaries, and professionals.

## Asset Presentation

In valuing the Debtors' assets for purposes of the Schedules, the Debtors have not sought current market valuations of the Debtors' assets, because the Debtors do not believe this would be an efficient use of estate funds. The Debtors are in the process of selling substantially all of their assets under Bankruptcy Code section 363. The Debtors have received approval from the Bankruptcy Court for a stalking horse bid for substantially all of the Debtors' assets for $90 million. The stalking horse bid does not separately value each Debtor's assets, and therefore no adjustments to the value of the Debtors' assets have been made in light of the stalking horse bid.

When necessary, the Debtors have indicated in the Schedules and SOFAS that the value of certain assets (or liabilities) is "Unknown" or "Undetermined." Wherever possible, the Debtors have provided the net book value of assets (and liabilities) as of May 31, 2016. The actual market value of the Debtors' assets and liabilities may vary materially from any net book values presented in the Schedules and SOFAS.

For assets of Kinja Kft., except as otherwise noted, values have been converted from Hungarian Forints to U.S. Dollars using an exchange ratio of 287:1, to the extent possible.

The Debtors do not track goodwill in their bookkeeping.

There may be additional assets that belong to the Debtors that have not been included on the Schedules and SOFAS. The Debtors reserve the right to amend or adjust the value of each asset set forth herein and to add additional assets, as such information becomes available.

The omission of an asset of the Debtors on the Schedules and SOFAS does not constitute a representation regarding the ownership of the asset, and any such omission shall not constitute a waiver of any rights of the Debtors with respect to that particular asset.

58005709_6

## Liabilities

The Debtors sought to value liabilities and allocate them between the prepetition and postpetition periods based on information and research conducted in connection with the preparation of the Schedules and SOFAS. Liabilities may change as additional information becomes available and further research is conducted. The Debtors reserve the right to change liabilities to the extent additional information becomes available.

There may be additional liabilities that belong to the Debtors that have not been included on the Schedules and SOFAS. The Debtors reserve the right to amend or adjust the value of each liability set forth herein and to add additional assets, as such information becomes available.

## Recharacterization

The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAS. Due to the complexity of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve the right to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAS at a later time as necessary or appropriate as additional information becomes available.

## Contingent Assets/Causes of Action

The Debtors believe they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions under chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of the Debtors' causes of action against third parties as assets in the Schedules and SOFAS. The Debtors reserve all rights with respect to any claims, causes of action, or avoidance actions the Debtors may have. Nothing contained in these Global Notes or the Schedules and SOFAS shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

## Insiders

Where the Schedules and SOFAS require information regarding "insiders," the Debtors have included information with respect to certain individuals who (i) served as officers and/or directors during the relevant time periods and/or (ii) are shareholders holding 5% or more of the equity of any Debtors. Such individuals may no longer serve as an officer or director of the Debtors and/or may no longer be shareholders. Furthermore, the information listed in respect of payments made to insiders does not include expenses paid by an insider using an American Express credit card. The Debtors directly pay the statements issued by American Express.

Inclusion of information with respect to any such individual is not intended to be a binding or legal characterization of such individual as an "insider," as defined under the Bankruptcy Code, federal and state securities laws, or any other applicable law. Additionally, the inclusion of information with respect to any such individual is not intended to be, nor shall it be, an

58005709_6

admission of any fact, claim, right, or defense, and the Debtors reserve any such rights, claims, and defenses.

## Intercompany Accounts Payables and Receivables

The listing by the Debtors of any account or transfer between a Debtor and another Debtor on Schedule E/F and SOFA part 2, question 4 is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account or transfer. The Debtors take no position in the Schedules and SOFAS as to whether such accounts or transfer would be allowed as a claim, an interest, or not allowed at all. The Debtors reserve all rights with respect to such accounts or transfers.

## Claims Paid Pursuant to Court Orders

The Schedules list prepetition creditors and set forth the Debtors' estimate of the balance of claims held by creditors as of the Petition Date, and reflects any post-petition payments that the Bankruptcy Court authorized the Debtors to make after the Petition Date.

With respect to the claims of employees particularly, the Bankruptcy Court entered "first day" orders granting authority to the Debtors to pay prepetition employee wages, salaries, benefits, and other obligations in the ordinary course of business. Gawker Media LLC employed approximately 195 persons on the Petition Date, while Kinja Kft. employed approximately 25 persons on the Petition Date.  Only employee claims against the Debtors for prepetition amounts that have not been paid as of the time that the Schedules and SOFAS were prepared (such as employee litigation claims pending against the Debtors as of the Petition Date) have been included in the Schedules.

## Individuals' Addresses

The Debtors have not included the addresses of their employees on Schedule G or the addresses of individuals listed on SOFA questions 3, 4, and 30.  The Debtors' claims and noticing agent, Prime Clerk, has a list of such addresses in its records.

## Dates

Unless otherwise noted by the Debtors, all information listed on the Schedules and SOFAS is current as of May 31, 2016, except for (i) the lists of payments made by the Debtors and (ii) cash on hand and information relating to checking, savings, money market, or financial brokerage accounts as set forth in questions 2 and 3 of the Schedules, each of which are current as of June 10, 2016 for Gawker Media LLC, and June 12, 2016, for each of Gawker Media Group, Inc. and Kinja Kft. (each such date in respect of each particular Debtor, the "Petition Date").

## Schedule A/B – Real Property

Schedule A lists real property interests held by Gawker Media LLC in New York and Kinja Kft. in Hungary.

-4-

## Schedule A/B – Intangibles and Intellectual Property

Exclusion of certain intangibles or intellectual property shall not be construed as an admission that such rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

## Schedule A/B – Other Contingent and Unliquidated Claims of Every Nature

The Debtors have listed the claims of which it is aware on question 75 of Schedule A/B. Question 75 may not include all claims of the Debtors, including, without limitation, claims arising under Chapter 5 of the Bankruptcy Code. The Debtors reserve the right to amend question 75 and its rights with respect to any and all claims of the Debtors, whether or not listed on question 75.

## Schedule D – Creditors Holding Secured Claims

Listed on Schedule D are creditors holding secured claims as of the Petition Date. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of the Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim unless otherwise provided by an order of the Bankruptcy Court. In certain instances, the Debtors may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of the Debtors are intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and SOFAS shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D. Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D.

## Schedule E/F – Creditors Holding Unsecured Claims

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential, pending, and closed litigation involving the Debtors. In certain instances, the particular Debtor that is the subject of the litigation is unclear or undetermined. To the extent litigation involving the Debtors have been identified, such information is contained in Schedule E/F.

## Schedule G – Executory Contracts

While substantial efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors reserve the right to dispute the validity, status, enforceability, or liability under any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  In an effort to avoid duplication, the Debtors have provided a list of executory contracts and unexpired leases in Schedule G of the Statements and SOFAS only.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors reserve their rights regarding any such omitted contracts or agreements.

## Schedule H – Codebtors

In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Debtors' Schedules and SOFAS, they have not been set forth individually on Schedule H. Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Thus, the Debtors reserve their right to amend the Schedules to the extent additional guarantees are identified or such guarantees are discovered to have expired or be otherwise unenforceable.

## SOFAS 3 & 4

The Debtors have expended substantial efforts to compile a list of transfers in the 90 days prior to the Petition Date for SOFAS question 3 and in the year prior to the Petition Date to insiders for question 4. The Debtors' response to questions 3 & 4 may not include all applicable transfers. The Debtors reserve the right to amend the responses to questions 3 & 4 and reserves all rights with respect to transfers made prior to the Petition Date, whether or not listed in the SOFAS.

The Debtors have not listed in their responses to question 3 any ordinary course compensation and/or benefits paid to any Debtor's employee.

-6-

## SOFAS 10

The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes. Therefore, some losses may have been excluded. Moreover, the Debtors have not listed any losses where the amount of the payment received for the loss or the value of property lost was in any event equal to or less than $1,000.

## SOFAS 18

The Debtors reserve the right to amend the response to question 18 and the Debtors' rights with respect to these accounts.

## SOFAS 26(d)

The Debtors have provided financial statements to certain owners, financial institutions, creditors, and other parties within two years before the Petition Date. Considering the number of such recipients, the confidentiality restrictions that the Debtors have been bound to in certain circumstances, and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of question 26(d).

## General Reservation of Rights

The Debtors specifically reserve the right to amend, modify, supplement, correct, change, or alter any part of the Schedules and SOFAS as and to the extent necessary as the Debtors deem appropriate. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and SOFAS.

58005709_6

**Fill in this information to identify the case:**

Debtor name        **Gawker Media Group, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11719 (SMB)**

☐ Check if this is an
   amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.  ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*............................................................................................ $      **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.......................................................................................... $      **325,249.48**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*........................................................................................... $      **325,249.48**

| Part 2: | Summary of Liabilities |
| --- | --- |

2.  ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $      **26,524,288.00**

3.  ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $      **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................. +$      **0.00**

4.  Total liabilities ........................................................................................................
    Lines 2 + 3a + 3b        | $      **26,524,288.00** |

**Fill in this information to identify the case:**

Debtor name    **Gawker Media Group, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11719 (SMB)**

☐ Check if this is an amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |
| 2.    **Cash on hand** | **$0.00** |

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1.   **Silicon Valley Bank** | **Operating Account** | 2079 | **$7,769.48** |

4.    **Other cash equivalents** *(Identify all)*

| | |
| --- | --- |
| 4.1.   **None.** | **$0.00** |

5.    **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $7,769.48 |
| --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes Fill in the information below.

| Debtor | **Gawker Media Group, Inc.** | Case number *(If known)* **16-11719 (SMB)** |
|---|---|---|
| | Name | |

---

**Part 4:**  Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

■ Yes Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. | **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 14.1. | **None.** | | **$0.00** |

| | | % of ownership | |
|---|---|---|---|
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity: | | |
| 15.1. | **Gawker Media, LLC** | **100** % | **Unknown** |
| 15.2. | **Kinja Kft.** | **100** % | **Unknown** |

| | | | |
|---|---|---|---|
| 16. | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | | |
| 16.1. | **None.** | | **$0.00** |

| 17. | **Total of Part 4.**<br>Add lines 14 through 16.  Copy the total to line 83. | **$0.00** |
|---|---|---|

**Part 5:**  Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.

☐ Yes Fill in the information below.

**Part 6:**  Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.

☐ Yes Fill in the information below.

**Part 7:**  Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.

☐ Yes Fill in the information below.

| Debtor | **Gawker Media Group, Inc.** | Case number *(If known)* **16-11719 (SMB)** |
|---|---|---|
| | Name | |

---

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

---

| Part 9: | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

---

| Part 10: | **Intangibles and intellectual property** |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

---

| Part 11: | **All other assets** |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  | **Current value of debtor's interest** |
|---|---|

**71.** **Notes receivable**
Description (include name of obligor)

| None. | 0.00 - | 0.00 = | $0.00 |
|---|---|---|---|
| | Total face amount | doubtful or uncollectible amount | |

**72.** **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

| None. | Tax year | $0.00 |
|---|---|---|

**73.** **Interests in insurance policies or annuities**

| Directors and Officers Liability | Unknown |
|---|---|

| Employment Practices Liability | Unknown |
|---|---|

| General Liability and Property Liability | Unknown |
|---|---|

| Non-owned and Hired Auto | Unknown |
|---|---|

---

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 3

| Debtor | **Gawker Media Group, Inc.** | Case number *(If known)* **16-11719 (SMB)** |
|---|---|---|
| | Name | |

| **Commercial Excess and Umbrella** | **Unknown** |
|---|---|

| **Errors and Omissions** | **Unknown** |
|---|---|

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

| **None.** | **$0.00** |
|---|---|
| Nature of claim | |
| Amount requested | **$0.00** |

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| **None.** | **$0.00** |
|---|---|
| Nature of claim | |
| Amount requested | **$0.00** |

76. **Trusts, equitable or future interests in property**

| **None.** | **$0.00** |
|---|---|

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| **Intercompany Loan Receivable - Debtor - Gawker Media, LLC** | **$250,000.00** |
|---|---|

| **Intercompany Accounts Receivable - Debtor - Gawker Media, LLC** | **$67,480.00** |
|---|---|

78. **Total of Part 11.**

| | **$317,480.00** |
|---|---|

Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

Debtor    **Gawker Media Group, Inc.**
_____          Case number *(If known)* **16-11719 (SMB)**
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$7,769.48** | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $317,480.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $325,249.48 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $325,249.48 |

**Fill in this information to identify the case:**

Debtor name    **Gawker Media Group, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11719 (SMB)**

☐ Check if this is an
amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br><br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

| 2.1 **Silicon Valley Bank** | Describe debtor's property that is subject to a lien | | |
|---|---|---|---|
| Creditor's Name | **As defined in the underlying documents** | **$6,222,222.00** | **Unknown** |
| **Attn: Jocelyn Hartman<br>275 Grove Street, Suite 2-200<br>Newton, MA 02466** | | | |
| Creditor's mailing address | Describe the lien | | |
| | **Guarantor, First Lien Term Loan - $6,222,222<br>Principal plus interest** | | |
| | **Is the creditor an insider or related party?** | | |
| | ☑ No | | |
| Creditor's email address, if known | ☐ Yes | | |
| | **Is anyone else liable on this claim?** | | |
| **Date debt was incurred** | ☐ No | | |
| **9/24/2012** | ☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| **Last 4 digits of account number** | | | |
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:**<br>Check that all apply | | |
| ☐ No | ☑ Contingent | | |
| ☑ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated | | |
| | ☐ Disputed | | |
| US VC Partners - 2nd Lien | | | |

| 2.2 **Silicon Valley Bank** | Describe debtor's property that is subject to a lien | | |
|---|---|---|---|
| Creditor's Name | **As defined in the underlying documents** | **$5,302,066.00** | **Unknown** |
| **Attn: Jocelyn Hartmann<br>275 Grove Street, Suite 2-200<br>Newton, MA 02466** | | | |
| Creditor's mailing address | Describe the lien | | |
| | **Guarantor - First Lien Letter of Credit, $5,302,066 (Undrawn)** | | |
| | **Is the creditor an insider or related party?** | | |
| | ☑ No | | |
| Creditor's email address, if known | ☐ Yes | | |
| | **Is anyone else liable on this claim?** | | |
| **Date debt was incurred** | ☐ No | | |
| **9/24/2012** | ☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| **Last 4 digits of account number** | | | |
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:**<br>Check that all apply | | |

| Debtor | **Gawker Media Group, Inc.** | Case number (if know) | **16-11719 (SMB)** |
|---|---|---|---|
| | Name | | |

☐ No
☑ Yes. Specify each creditor,
including this creditor and its relative
priority.
US VC Partners - 2nd Lien

☑ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.3 | **US VC Partners LP** | Describe debtor's property that is subject to a lien | $15,000,000.00 | Unknown |
|---|---|---|---|---|
| | Creditor's Name | **As defined in the underlying documents** | | |

**900 Third Ave
19th Floor
New York, NY 10022**
Creditor's mailing address

Describe the lien
**Primary Obligor - Second Lien Term Loan,
$15,000,000 Principal plus interest**
Is the creditor an insider or related party?
☐ No
☑ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred
1/21/2016**
Last 4 digits of account number

Do multiple creditors have an
interest in the same property?
☐ No
☑ Yes. Specify each creditor,
including this creditor and its relative
priority.
Silicon Valley Bank - 1st Lien

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $26,524,288.00 |
|---|---|---|

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name    **Gawker Media Group, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11719 (SMB)**

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.   **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | **Unknown** |

**See attached rider**

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** _

Is the claim subject to offset? ■ No   ☐ Yes

### Part 3:    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.   Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ **0.00** |
| **5b. Total claims from Part 2** | 5b. + | $ **0.00** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ **0.00** |

In re Gawker Media Group, Inc.
Case No. 16-11700 (SMB)

Schedule E/F: Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Carmon, Irin | Chad Bowman, Levine Sullivan Koch & Schulz, LLP | 1899 L Street, NW, Suite 200 | | Washington | DC | 20036 | | Litigation Claim, Case No. 15-3049, US Court of Appeals for the 7th Circuit | Y | Y | Y | | Undetermined |
| Darbyshire, Gaby | Chad Bowman, Levine Sullivan Koch & Schulz, LLP | 1899 L Street, NW, Suite 200 | | Washington | DC | 20036 | | Litigation Claim, Case No. 15-3049, US Court of Appeals for the 7th Circuit | Y | Y | Y | | Undetermined |
| Denton, Nick | Chad Bowman, Levine Sullivan Koch & Schulz, LLP | 1899 L Street, NW, Suite 200 | | Washington | DC | 20036 | | Litigation Claim, Case No. 15-3049, US Court of Appeals for the 7th Circuit | Y | Y | Y | | Undetermined |
| Huon, Meanith | PO Box 441 | | | Chicago | IL | 60690 | | Litigation Claim, Case No. 15-3049, US Court of Appeals for the 7th Circuit | Y | Y | Y | | Undetermined |
| | | | | | | | | | | | | Total: | Undetermined |

**Fill in this information to identify the case:**

Debtor name  **Gawker Media Group, Inc.**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK

Case number (if known)  **16-11719 (SMB)**

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1.  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | **See attached rider** |

In re Gawker Media Group, Inc.
Case No. 16-11700 (smb)

Schedule G: Executory Contracts and Unexpired Leases

| Contract Counterparty | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest |
|---|---|---|---|---|---|---|---|---|---|
| 114 Fifth Avenue Ground Lessee LLC. | Attn: General Counsel | 114 Fifth Avenue | | | New York | NY | 10011 | United States of America | Lease and Guarantor Agreement |
| 114 Fifth Avenue Ground Lessee LLC. | Attn: General Counsel | 114 Fifth Avenue | | | New York | NY | 10011 | United States of America | Lease and Guaranty |
| 114 Owner LP | c/o Allianz Real Estate of America LLC. | Attn: General Counsel | 60 East 42nd Street | Suite 3710 | New York | NY | 10165 | United States of America | Lease and Guarantor Agreement |
| 114 Owner LP | c/o Allianz Real Estate of America LLC. | Attn: General Counsel | 60 East 42nd Street | Suite 3710 | New York | NY | 10165 | United States of America | Lease and Guaranty |
| AIG | Financial Lines Claims | AIG Europe Limited | Attn: General Counsel | 2-8 Altyre Road | Croydon | CR9 | 2LG | United Kingdom | Directors & Officers Liability Insurance, Policy #33025154 |
| Amazon Services LLC | P.O. Box 81226 | | | | Seattle | WA | 98108-1226 | United States of America | MASTER TERMS AND CONDITIONS FOR INTERNET ADVERTISING Effective date 4/24/2013 |
| Andrassy Palota Ingatlanforgalmazo Kft. | Attn: General Counsel | H-1095 | Mariassy | u. 7 | Budapest | | | Hungary | Suretyship Agreement |
| Bernstein, C. | c/o Gawker Media LLC | 114 Fifth Avenue, 2nd floor | | | New York | NY | 10011 | United States of America | Employment Agreement |
| C&G Group Kft c/o Brody House Group | General Counsel | 1064 Budapest, Vorosmarty | utca 38 | | Budapest | | | Hungary | Consultancy Agreement, dated 10/1/14 |
| Cranz, A. | c/o Gawker Media LLC | 114 Fifth Avenue, 2nd floor | | | New York | NY | 10011 | United States of America | Employment Agreement |
| DeWitt Stern Group, Inc. | Attn: General Counsel | 420 Lexington Avenue | | | New York | NY | 10170 | United States of America | Premium Finance Agreement, Quote No. 4482361 |
| DeWitt Stern Group, Inc. | Attn: General Counsel | 420 Lexington Avenue | | | New York | NY | 10170 | United States of America | Premium Finance Agreement, Quote No. 4482361 |
| DeWitt Stern Group, Inc. | Attn: General Counsel | 420 Lexington Avenue | | | New York | NY | 10170 | United States of America | Premium Finance Agreement, Quote No. 4514647 |
| Dewitt Stern Group, Inc. | 420 Lexington Ave. #2700 | | | | New York | NY | 10170-0000 | United States of America | Property Policy |
| Euclid Managers, LLC | Attn: General Counsel | 2345 Grand Blvd. | Suite 1150 | | Kansas City | MO | 64108 | United States of America | Connected Services Policy, #ELW112704 |
| Euclid Managers, LLC | Attn: General Counsel | 2345 Grand Blvd. | Suite 1150 | | Kansas City | MO | 64108 | United States of America | Insurance Policy |
| Euclid Managers, LLC | Attn: General Counsel | 2345 Grand Blvd. | Suite 1150 | | Kansas City | MO | 64108 | United States of America | Insurance Policy, #ELW112704 |
| Federal Insurance Company | Chubb Group of Insurance Companies | Attn: General Counsel | 15 Mountain View Rd | | Warren | NJ | 07059 | United States of America | Advisory Notice to Policyholders |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 160 Federal Street | | Boston | MA | 02110 | United States of America | Advisory Notice to Policyholders |
| Federal Insurance Company | Chubb Group of Insurance Companies | Attn: General Counsel | 15 Mountain View Rd | | Warren | NJ | 07059 | United States of America | Chubb Commercial Excess And Umbrella Insurance, Policy #7993-98-85 |
| Federal Insurance Company | Chubb Group of Insurance Companies | Attn: General Counsel | 15 mountain View Rd | | Warren | NJ | 07059 | United States of America | Chubb Commercial Excess And Umbrella Insurance, Policy #7993-98-85 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 420 Lexington Avenue | Suite 2700 | New York | NY | 10170 | United States of America | Chubb Commercial Excess And Umbrella Insurance, Policy #7993-98-85 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 160 Federal Street | | Boston | MA | 02110 | United States of America | Chubb Commercial Excess And Umbrella Insurance, Policy #7993-98-85 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 160 Federal Street | | Boston | MA | 02110 | United States of America | Chubb Commercial Excess And Umbrella Insurance, Policy #7993-98-85 |
| Federal Insurance Company | Chubb Group of Insurance Companies | Attn: General Counsel | 15 Mountain View Rd | | Warren | NJ | 07059 | United States of America | Customarq Series Entertainment Insurance Program - Policy #7993-98-83 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 160 Federal Street | | Boston | MA | 02110 | United States of America | Customarq Series Entertainment Insurance Program - Policy #7993-98-83 |

In re Gawker Media Group, Inc.
Case No. 16-11700 (SMB)

Schedule G: Executory Contracts and Unexpired Leases

| Contract Counterparty | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest |
|---|---|---|---|---|---|---|---|---|---|
| Federal Insurance Company | Chubb Group of Insurance Companies | Attn: General Counsel | 15 mountain View Rd | | Warren | NJ | 07059 | United States of America | Cutomarq Series Entertainment Program, Policy #7993-98-83 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 420 Lexington Avenue | Suite 2700 | New York | NY | 10170 | United States of America | Cutomarq Series Entertainment Program, Policy #7993-98-83 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 160 Federal Street | | Boston | MA | 02110 | United States of America | Cutomarq Series Entertainment Program, Policy #7993-98-83 |
| Federal Insurance Company | Chubb Group of Insurance Companies | Attn: General Counsel | 15 Mountain View Rd | | Warren | NJ | 07059 | United States of America | Entertainment Insurance Program, Policy #7993-98-83 |
| Federal Insurance Company | Chubb Group of Insurance Companies | Attn: General Counsel | 15 mountain View Rd | | Warren | NJ | 07059 | United States of America | Entertainment Insurance Program, Policy #7993-98-83 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 420 Lexington Avenue | Suite 2700 | New York | NY | 10170 | United States of America | Entertainment Insurance Program, Policy #7993-98-83 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 160 Federal Street | | Boston | MA | 02110 | United States of America | Entertainment Insurance Program, Policy #7993-98-83 |
| Federal Insurance Company | Chubb Group of Insurance Companies | Attn: General Counsel | 15 mountain View Rd | | Warren | NJ | 07059 | United States of America | Insurance Program, Policy #7993-98-93 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 420 Lexington Avenue | Suite 2700 | New York | NY | 10170 | United States of America | Insurance Program, Policy #7993-98-93 |
| Federal Insurance Company | DeWitt Stern Group, Inc. | Attn: General Counsel | 160 Federal Street | | Boston | MA | 02110 | United States of America | Insurance Program, Policy #7993-98-93 |
| Hudson Insurance Company | Attn: General Counsel | 100 William Street, 5th Fl | | | New York | NY | 10038 | United States of America | Connected Services Policy, #ELW112704 |
| Hudson Insurance Company | 100 William Street, 5th Floor | | | | New York | NY | 10038 | United States of America | Insurance Policy |
| Hudson Insurance Company | 100 William Street, 5th Floor | | | | New York | NY | 10038 | United States of America | Insurance Policy, #ELW112704 |
| IPFS Corporation | Attn: General Counsel | 30 Montgomery Street | Suite 1000 | | Jersey City | NJ | 07302 | United States of America | Premium Finance Agreement, Quote No. 4482361 |
| IPFS Corporation | Attn: General Counsel | 30 Montgomery Street | Suite 1000 | | Jersey City | NJ | 07302 | United States of America | Premium Finance Agreement, Quote No. 4482361 |
| IPFS Corporation | Attn: General Counsel | 30 Montgomery Street | Suite 1000 | | Jersey City | NJ | 07302 | United States of America | Premium Finance Agreement, Quote No. 4514647 |
| Krux Digital, Inc. | Attn: General Counsel | 181 South Park | Suite 200 | | San Francisco | CA | 94107 | United States of America | Krux Digital, Inc. Service Order #2 effective 12/31/2014 |
| Risk Strategies Company | DeWitt Stern Group | Attn: General Counsel | 420 Lexington Avenue | Suite 2700 | New York | NY | 10170 | United States of America | Invoice # 708144, dated 10/21/15 |
| Risk Strategies Company | Attn: General Counsel | 160 Federal Street | | | Boston | MA | 02110 | United States of America | Invoice # 748914 re Employment Practices Liab policy renewal |
| Risk Strategies Company dba RSC Insurance Brokerage- NY | DeWitt Stern Group | Attn: General Counsel | 420 Lexington Avenue | | New York | NY | 10170 | United States of America | Invoice # 708024, re Federal Insurance Company- Chubb Commercial Umbrella |
| Risk Strategies Company dba RSC Insurance Brokerage- NY | Attn: General Counsel | 160 Federal Market Street | | | Boston | MA | 02110 | United States of America | Invoice #667032, dated 8/13/15 |
| Risk Strategies Company dba RSC Insurance Brokerage-NY | Attn: General Counsel | 160 Federal Street Company | | | Boston | MA | 02110 | United States of America | Invoice # 708024, re Federal Insurance Company- Chubb Commercial Umbrella |
| Risk Strategies Company dba RSC Insurance Brokerage-NY | DeWitt Stern Group | Attn: General Counsel | 420 Lexington Ave | Suite 2700 | New York | NY | 10170 | United States of America | Invoice #667032, dated 8/13/15 |
| Risk Strategy Company | Attn: General Counsel | 160 Federal Street | | | Boston | MA | 02110 | United States of America | Invoice # 708144, dated 10/21/15 |
| Silicon Valley Bank | Attn: General Counsel | 3003 Tasman Drive | | | Santa Clara | CA | 95054 | United States of America | Bank Depositor Agreement (Business Deposit Accounts) |

In re: Gawker Media Group, Inc.
Case No. 16-11700 (SMB)
Schedule G: Executory Contracts and Unexpired Leases

| Contract Counterparty | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest |
|---|---|---|---|---|---|---|---|---|---|
| Silicon Valley Bank | Attn: General Counsel | 3003 Tasman Drive | | | Santa Clara | CA | 95054 | United States of America | Client Profile |
| Silicon Valley Bank | Attn: General Counsel | 3003 Tasman Drive | | | Santa Clara | CA | 95054 | United States of America | SVBeConnect Enrollment Form |

**Fill in this information to identify the case:**

Debtor name     **Gawker Media Group, Inc.**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF NEW YORK

Case number (if known)     **16-11719 (SMB)**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **Denton, Nicholas** | **114 Fifth Avenue Floor 2 New York, NY 10011** | **Silicon Valley Bank** | ■ D ___2.1___ ☐ E/F _____ ☐ G _____ |
| 2.2 | **Denton, Nicholas** | **114 Fifth Avenue Floor 2 New York, NY 10011** | **Silicon Valley Bank** | ■ D ___2.2___ ☐ E/F _____ ☐ G _____ |
| 2.3 | **Gawker Media, LLC** | **114 Fifth Avenue Floor 2 New York, NY 10011** | **US VC Partners LP** | ■ D ___2.3___ ☐ E/F _____ ☐ G _____ |
| 2.4 | **Gawker Media, LLC** | **114 Fifth Avenue Floor 2 New York, NY 10011** | **Silicon Valley Bank** | ■ D ___2.1___ ☐ E/F _____ ☐ G _____ |

Debtor    **Gawker Media Group, Inc.**                                   Case number *(if known)*   **16-11719 (SMB)**

---

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| 2.5 | **Gawker Media, LLC** | **114 Fifth Avenue Floor 2 New York, NY 10011** | **Silicon Valley Bank** | ■ D  **2.2** ☐ E/F _____ ☐ G _____ |
| 2.6 | **Kinja, Kft.** | **1124 Budapest, Csörsz utca 41, Hungary** | **Silicon Valley Bank** | ■ D  **2.1** ☐ E/F _____ ☐ G _____ |
| 2.7 | **Kinja, Kft.** | **1124 Budapest, Csörsz utca 41, Hungary** | **Silicon Valley Bank** | ■ D  **2.2** ☐ E/F _____ ☐ G _____ |
| 2.8 | **Kinja, Kft.** | **1124 Budapest, Csörsz utca 41, Hungary** | **US VC Partners LP** | ■ D  **2.3** ☐ E/F _____ ☐ G _____ |

---

Official Form 206H                          Schedule H: Your Codebtors                          Page 2 of 2

**Fill in this information to identify the case:**

Debtor name   **Gawker Media Group, Inc.**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK

Case number (if known)  **16-11719 (SMB)**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   7/20/2016      X  **/s/ William Holden**
                                  Signature of individual signing on behalf of debtor

                                  **William Holden**
                                  Printed name

                                  **Chief Restructuring Officer**
                                  Position or relationship to debtor