RₒPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Jonathan M. Agudelo
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, et al.,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------**x**

## GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND
## STATEMENT OF FINANCIAL AFFAIRS FOR THE DEBTORS

These Global Notes are incorporated by reference in, and comprise an integral part of the above-captioned debtors' (collectively, the "Debtors") Schedules of Assets and Liabilities (the "Schedules") and their Statements of Financial Affairs (the "SOFAS" and together with the Schedules, the "Schedules and SOFAS") and should be referred to and considered in connection with any review of the Schedules and SOFAS.

On June 10, 2016, Gawker Media LLC filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  On June 12, 2016, Gawker Media Group, LLC and Kinja Kft. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

With the assistance of its advisors, the Debtors have prepared their Schedules and SOFAS pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAS are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

the United States ("GAAP"), and they are not intended to be fully reconciled to the Debtors' financial statements.

Although the Debtors have made every reasonable effort to ensure that the Schedules and SOFAS are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and SOFAS, and inadvertent errors or omissions may have occurred.

The Schedules and SOFAS contain unaudited information, which information is subject to further review, verification, and potential adjustment. As a result, there can be no assurance that the Schedules and SOFAS are complete. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAS, and the Schedules and SOFAS remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and SOFAS from time-to-time as may be necessary or appropriate.

The Schedules and SOFAS have been signed by William D. Holden. In reviewing and signing the Schedules and SOFAS, Mr. Holden has necessarily relied upon the efforts, statements, and representations of the Debtors' employees, fiduciaries, and professionals.

## Asset Presentation

In valuing the Debtors' assets for purposes of the Schedules, the Debtors have not sought current market valuations of the Debtors' assets, because the Debtors do not believe this would be an efficient use of estate funds. The Debtors are in the process of selling substantially all of their assets under Bankruptcy Code section 363. The Debtors have received approval from the Bankruptcy Court for a stalking horse bid for substantially all of the Debtors' assets for $90 million. The stalking horse bid does not separately value each Debtor's assets, and therefore no adjustments to the value of the Debtors' assets have been made in light of the stalking horse bid.

When necessary, the Debtors have indicated in the Schedules and SOFAS that the value of certain assets (or liabilities) is "Unknown" or "Undetermined." Wherever possible, the Debtors have provided the net book value of assets (and liabilities) as of May 31, 2016. The actual market value of the Debtors' assets and liabilities may vary materially from any net book values presented in the Schedules and SOFAS.

For assets of Kinja Kft., except as otherwise noted, values have been converted from Hungarian Forints to U.S. Dollars using an exchange ratio of 287:1, to the extent possible.

The Debtors do not track goodwill in their bookkeeping.

There may be additional assets that belong to the Debtors that have not been included on the Schedules and SOFAS. The Debtors reserve the right to amend or adjust the value of each asset set forth herein and to add additional assets, as such information becomes available.

The omission of an asset of the Debtors on the Schedules and SOFAS does not constitute a representation regarding the ownership of the asset, and any such omission shall not constitute a waiver of any rights of the Debtors with respect to that particular asset.

58005709_6

## Liabilities

The Debtors sought to value liabilities and allocate them between the prepetition and postpetition periods based on information and research conducted in connection with the preparation of the Schedules and SOFAS. Liabilities may change as additional information becomes available and further research is conducted. The Debtors reserve the right to change liabilities to the extent additional information becomes available.

There may be additional liabilities that belong to the Debtors that have not been included on the Schedules and SOFAS. The Debtors reserve the right to amend or adjust the value of each liability set forth herein and to add additional assets, as such information becomes available.

## Recharacterization

The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAS. Due to the complexity of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve the right to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAS at a later time as necessary or appropriate as additional information becomes available.

## Contingent Assets/Causes of Action

The Debtors believe they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions under chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of the Debtors' causes of action against third parties as assets in the Schedules and SOFAS. The Debtors reserve all rights with respect to any claims, causes of action, or avoidance actions the Debtors may have. Nothing contained in these Global Notes or the Schedules and SOFAS shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

## Insiders

Where the Schedules and SOFAS require information regarding "insiders," the Debtors have included information with respect to certain individuals who (i) served as officers and/or directors during the relevant time periods and/or (ii) are shareholders holding 5% or more of the equity of any Debtors. Such individuals may no longer serve as an officer or director of the Debtors and/or may no longer be shareholders. Furthermore, the information listed in respect of payments made to insiders does not include expenses paid by an insider using an American Express credit card.  The Debtors directly pay the statements issued by American Express.

Inclusion of information with respect to any such individual is not intended to be a binding or legal characterization of such individual as an "insider," as defined under the Bankruptcy Code, federal and state securities laws, or any other applicable law. Additionally, the inclusion of information with respect to any such individual is not intended to be, nor shall it be, an

admission of any fact, claim, right, or defense, and the Debtors reserve any such rights, claims, and defenses.

## Intercompany Accounts Payables and Receivables

The listing by the Debtors of any account or transfer between a Debtor and another Debtor on Schedule E/F and SOFA part 2, question 4 is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account or transfer. The Debtors take no position in the Schedules and SOFAS as to whether such accounts or transfer would be allowed as a claim, an interest, or not allowed at all. The Debtors reserve all rights with respect to such accounts or transfers.

## Claims Paid Pursuant to Court Orders

The Schedules list prepetition creditors and set forth the Debtors' estimate of the balance of claims held by creditors as of the Petition Date, and reflects any post-petition payments that the Bankruptcy Court authorized the Debtors to make after the Petition Date.

With respect to the claims of employees particularly, the Bankruptcy Court entered "first day" orders granting authority to the Debtors to pay prepetition employee wages, salaries, benefits, and other obligations in the ordinary course of business. Gawker Media LLC employed approximately 195 persons on the Petition Date, while Kinja Kft. employed approximately 25 persons on the Petition Date.  Only employee claims against the Debtors for prepetition amounts that have not been paid as of the time that the Schedules and SOFAS were prepared (such as employee litigation claims pending against the Debtors as of the Petition Date) have been included in the Schedules.

## Individuals' Addresses

The Debtors have not included the addresses of their employees on Schedule G or the addresses of individuals listed on SOFA questions 3, 4, and 30.  The Debtors' claims and noticing agent, Prime Clerk, has a list of such addresses in its records.

## Dates

Unless otherwise noted by the Debtors, all information listed on the Schedules and SOFAS is current as of May 31, 2016, except for (i) the lists of payments made by the Debtors and (ii) cash on hand and information relating to checking, savings, money market, or financial brokerage accounts as set forth in questions 2 and 3 of the Schedules, each of which are current as of June 10, 2016 for Gawker Media LLC, and June 12, 2016, for each of Gawker Media Group, Inc. and Kinja Kft. (each such date in respect of each particular Debtor, the "Petition Date").

## Schedule A/B – Real Property

Schedule A lists real property interests held by Gawker Media LLC in New York and Kinja Kft. in Hungary.

-4-

## Schedule A/B – Intangibles and Intellectual Property

Exclusion of certain intangibles or intellectual property shall not be construed as an admission that such rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

## Schedule A/B – Other Contingent and Unliquidated Claims of Every Nature

The Debtors have listed the claims of which it is aware on question 75 of Schedule A/B. Question 75 may not include all claims of the Debtors, including, without limitation, claims arising under Chapter 5 of the Bankruptcy Code. The Debtors reserve the right to amend question 75 and its rights with respect to any and all claims of the Debtors, whether or not listed on question 75.

## Schedule D – Creditors Holding Secured Claims

Listed on Schedule D are creditors holding secured claims as of the Petition Date. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of the Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim unless otherwise provided by an order of the Bankruptcy Court. In certain instances, the Debtors may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of the Debtors are intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and SOFAS shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D. Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D.

## Schedule E/F – Creditors Holding Unsecured Claims

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential, pending, and closed litigation involving the Debtors. In certain instances, the particular Debtor that is the subject of the litigation is unclear or undetermined. To the extent litigation involving the Debtors have been identified, such information is contained in Schedule E/F.

## Schedule G – Executory Contracts

While substantial efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors reserve the right to dispute the validity, status, enforceability, or liability under any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  In an effort to avoid duplication, the Debtors have provided a list of executory contracts and unexpired leases in Schedule G of the Statements and SOFAS only.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors reserve their rights regarding any such omitted contracts or agreements.

## Schedule H – Codebtors

In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Debtors' Schedules and SOFAS, they have not been set forth individually on Schedule H. Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Thus, the Debtors reserve their right to amend the Schedules to the extent additional guarantees are identified or such guarantees are discovered to have expired or be otherwise unenforceable.

## SOFAS 3 & 4

The Debtors have expended substantial efforts to compile a list of transfers in the 90 days prior to the Petition Date for SOFAS question 3 and in the year prior to the Petition Date to insiders for question 4. The Debtors' response to questions 3 & 4 may not include all applicable transfers. The Debtors reserve the right to amend the responses to questions 3 & 4 and reserves all rights with respect to transfers made prior to the Petition Date, whether or not listed in the SOFAS.

The Debtors have not listed in their responses to question 3 any ordinary course compensation and/or benefits paid to any Debtor's employee.

-6-

## SOFAS 10

The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.  Therefore, some losses may have been excluded.  Moreover, the Debtors have not listed any losses where the amount of the payment received for the loss or the value of property lost was in any event equal to or less than $1,000.

## SOFAS 18

The Debtors reserve the right to amend the response to question 18 and the Debtors' rights with respect to these accounts.

## SOFAS 26(d)

The Debtors have provided financial statements to certain owners, financial institutions, creditors, and other parties within two years before the Petition Date.  Considering the number of such recipients, the confidentiality restrictions that the Debtors have been bound to in certain circumstances, and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of question 26(d).

## General Reservation of Rights

The Debtors specifically reserve the right to amend, modify, supplement, correct, change, or alter any part of the Schedules and SOFAS as and to the extent necessary as the Debtors deem appropriate. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and SOFAS.

58005709_6

**Fill in this information to identify the case:**

Debtor name    **Gawker Media Group, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11719 (SMB)**

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy       04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|
   | 3.1.    **See attached rider** | | $51,000.16 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

| Debtor | **Gawker Media Group, Inc.** | Case number *(if known)* **16-11719 (SMB)** |
|---|---|---|

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.   **See attached rider** | | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.   **Huon v. Denton, et al. No. 15-3049** | **Tort (defamation and related claims)** | **US Court of Appeals for the 7th Circuit 219 S. Dearborn Street Room 2722 Chicago, IL 60604** | ☐ Pending ■ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

Debtor    **Gawker Media Group, Inc.**                                        Case number *(if known)* **16-11719 (SMB)**

---

| Part 5: | Certain Losses |

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
| --- | --- | --- | --- |

---

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- |

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
| --- | --- | --- | --- |

---

| Part 7: | Previous Locations |

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
| --- | --- |

---

| Part 8: | Health Care Bankruptcies |

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

---

Debtor    **Gawker Media Group, Inc.**                                    Case number *(if known)* **16-11719 (SMB)**

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

<table>
<tr><td style="background:black;color:white">Part 9:</td><td>Personally Identifiable Information</td></tr>
</table>

16. **Does the debtor collect and retain personally identifiable information of customers?**

  ■  No.
  ☐  Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

  ■  No. Go to Part 10.
  ☐  Yes. Does the debtor serve as plan administrator?

<table>
<tr><td style="background:black;color:white">Part 10:</td><td>Certain Financial Accounts, Safe Deposit Boxes, and Storage Units</td></tr>
</table>

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

  ■  None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

  ■  None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

  ■  None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

<table>
<tr><td style="background:black;color:white">Part 11:</td><td>Property the Debtor Holds or Controls That the Debtor Does Not Own</td></tr>
</table>

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

  ■  None

<table>
<tr><td style="background:black;color:white">Part 12:</td><td>Details About Environment Information</td></tr>
</table>

For the purpose of Part 12, the following definitions apply:
  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the

Debtor    **Gawker Media Group, Inc.**                                    Case number *(if known)* **16-11719 (SMB)**

medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24.  **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25.  **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|
| 25.1.    Gawker Media, LLC 114 Fifth Avenue 2nd Floor New York, NY 10011 | Online Media | EIN:    20-3040492 From-To    2002 - Present |
| 25.2.    Kinja, Kft. 1124 Budapest, Csörsz utca 41, Hungary | Online Media | EIN:    HU 12945056 From-To    2004 - Present |

26.  **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | | Date of service From-To |
|---|---|---|

Debtor    **Gawker Media Group, Inc.**                                    Case number *(if known)*  **16-11719 (SMB)**

| Name and address | Date of service From-To |
|---|---|
| 26a.1. | **Adams, Tracey**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | **3/7/16 - Present** |
| 26a.2. | **Baker, Ilene**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | **6/1/06 - Present** |
| 26a.3. | **Getzoff, Elizabeth**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | **10/20/14 - 12/29/15** |
| 26a.4. | **Herrmann, Jessica**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | **8/7/12 -7/21/14** |
| 26a.5. | **Lopez, Gregory**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | **10/1/11 - 3/11/16** |
| 26a.6. | **Sommer, Ethan**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | **9/8/14 - Present** |
| 26a.7. | **Weber, Jamie**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | **5/2/16 - Present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1. | **Citrin Cooperman LLP**<br>**529 5th Ave**<br>**New York, NY 10017** | **2014 - Present** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. | **Adams, Tracey**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | |
| 26c.2. | **Albertson, Josh**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | |

Debtor    **Gawker Media Group, Inc.**                                    Case number (if known)  **16-11719 (SMB)**

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.3.  **Baker, Ilene**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | |
| 26c.4.  **Citrin Cooperman LLP**<br>**529 5th Ave**<br>**New York, NY 10017** | |
| 26c.5.  **Opportune LLP**<br>**10 East 53rd Street**<br>**33rd Floor**<br>**New York, NY 10022** | |
| 26c.6.  **Sommer, Ethan**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | |
| 26c.7.  **Weber, Jamie**<br>**114 Fifth Avenue**<br>**Floor 2**<br>**New York, NY 10011** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  **See Global Notes** |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **See attached rider** | | | |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
■ Yes. Identify below.

Debtor    **Gawker Media Group, Inc.**                                Case number *(if known)* **16-11719 (SMB)**

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **See attached rider** | | | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
   Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | **See attached rider** | | | |
| | Relationship to debtor | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**Part 14:    Signature and Declaration**

   **WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
   18 U.S.C. §§ 152, 1341, 1519, and 3571.

   I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on    7/20/2016

/s/ William Holden                                    William Holden
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    Chief Restructuring Officer

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☐ No
☑ Yes

Hirschowker Media Group, Inc
Case 16-11700-smb

SOFA Part 2, Question 3 -  All payments or transfers, including expense reimbursements, to creditors, other than regular employee compensation, within 90 days before filing

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Reasons for payment or transfer | Dates of Payments | Total Amount or value |
|---|---|---|---|---|---|---|---|---|---|---|
| Howard Kennedy | No. 1 London Bridge | | | London | | SE1 9BG | United Kingdom | Services | 5/9/2016 | $35,450.16 |
| Maples & Calder | PO Box 309 Ugland House | | | | | | Cayman Islands | Services | 4/8/2016 | $15,550.00 |
| **Total** | | | | | | | | | | **$51,000.16** |

1 of 1

**In re Gawker Media Group, Inc.**
**Case No. 16-11719 (SMB)**

**SOFA Part 2, Question 4 - Payments or transfers made within 1 year preceding commencement of this case to creditors who are or were insiders**

| Insider Name | Address1 | Address2 | City | State | Zip | Country | Relationship to Debtor | Reasons for payment or transfer | Dates of Payments | Amount Paid |
|---|---|---|---|---|---|---|---|---|---|---|
| Denton, Nick G. A. | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | USA | | Loan | 6/8/2016 | $    200,000.00 |

**In re Gawker Media Group, Inc.**
**Case No. 16-11719 (SMB)**

**SOFA Part 2, Question 4 - Payments or transfers made within 1 year preceding commencement of this case to creditors who are or were insiders - Intercompany Balances**

| Account Description - Due (to) / from | 5/31/2015 | 5/31/2016 | Net Change |
|---|---|---|---|
| Debtor - Gawker Media, LLC | $ 112,480.00 | $ 67,480.00 | $ (45,000.00) |
| Debtor - Gawker Media, LLC - I/C Note | $ - | $ 250,000.00 | $ 250,000.00 |

In re Gawker Media Group, Inc.
Case No. 16-11700 (SMB)

SOFA Part 13, Question 28 - Current Officers, Directors, Managing Members, Controlling Shareholders, etc.

| Name | Address1 | Address2 | City | State | Zip | Position and nature of any interest | Percentage of interest, if any |
|------|----------|----------|------|-------|-----|-------------------------------------|-------------------------------|
| Denton, Nicholas | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | Chief Executive Officer / Chairman of the Board | 29.52% |
| Dietrick, Heather | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | President & General Counsel / Board Member | 6.37% |
| Greenmount Creek Limited | c/o Howard Kennedy, No. 1 London Bridge, London, SE19BG, UK | | | | | Shareholder | 15.34% |
| Holden, William | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | Chief Restructuring Officer | 0.00% |
| Plunkett, Tom | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | Board Member | 4.48% |
| Tillmann, Scott | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | Board Member | 0.00% |
| US VC Partners LP | 900 Third Ave | 19th Floor | New York | NY | 10022 | Lender / Shareholder | 11.76% |

1 of 1

In re Gawker Media Group, Inc.
Case No. 16-11719 (SMB)

SOFA Part 13, Question 29 -  Debtor's former officers, directors, managing members, general partners, members in control, etc.

| Name | Address1 | Address2 | City | State | Zip | Position and nature of any interest | Period during which position was held |
|------|----------|----------|------|-------|-----|-------------------------------------|---------------------------------------|
| Epstein, Jason | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | Former Board Member | Jan. 2016 - May. 2016 |
| Kidder, Scott | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | Former Chief Operating Officer | Dec. 2012 - Dec. 2015 |
| Weinbrecht, Adrian | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | Former Board Member | Dec. 2010 - Dec. 2015 |

**In re Gawker Media Group, Inc.**
**Case No. 16-11719 (SMB)**

**SOFA Part 13, Question 30 - Payments, distributions, or withdrawals credited to an insider within 1 year preceding commencement of this case**

| Insider Name | Address1 | Address2 | City | State | Zip | Country | Relationship to Debtor | Amount of money or description of and value of property | Date of Payment | Reason for providing value |
|---|---|---|---|---|---|---|---|---|---|---|
| Denton, Nick G. A. | 114 Fifth Avenue | Floor 2 | New York | NY | 10011 | USA | | $              200,000.00 | 6/8/2016 | Loan |

**In re Gawker Media Group, Inc.**
**Case No. 16-11719 (SMB)**

SOFA Part 13, Question 30 - Payments, distributions, or withdrawals credited to an insider within 1 year preceding commencement of this case - Intercompany Balances

| Account Description - Due (to) / from | 5/31/2015 | 5/31/2016 | Net Change |
|---|---|---|---|
| Debtor - Gawker Media, LLC | $                112,480.00 | $                67,480.00 | $                (45,000.00) |
| Debtor - Gawker Media, LLC - I/C Note | $                         - | $               250,000.00 | $               250,000.00 |