UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
:
In re                                            :    Chapter 11
:
Gawker Media LLC, et al.,[1]                     :    Case No. 16-11700 (SMB)
:
               Debtors.            :    (Jointly Administered)
:
------------------------------------------------------x

### SECOND SUPPLEMENTAL DECLARATION OF GREGG M. GALARDI IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ROPES & GRAY LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE

I, Gregg M. Galardi, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

    1.    I am a partner of the firm of Ropes & Gray LLP ("Ropes & Gray"), which maintains offices at 1211 Avenue of the Americas, New York, New York 10036. I am the lead attorney from Ropes & Gray working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

    2.    I submit this second supplemental declaration (the "Second Supplemental Declaration") on behalf of Ropes & Gray to supplement my prior declaration dated June 20, 2016 [Ex. B to Docket No. 57] (the "Original Declaration"), and supplement dated July 6, 2016

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

57784051_5

(the "Supplemental Declaration").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### Additional Disclosures of Relationships

3. Since filing of my Supplemental Declaration, I determined that my prior disclosures did not disclose that, prior to becoming a lawyer, a first-year associate in the corporate department at Ropes & Gray working on the engagement wrote two posts published to Gawker's website under a pseudonym, one in May 2012 and another in July 2014. The individual was not an employee of the Debtors, was paid $250 for each post and the posts are not the subject of any litigation. The individual has not written for Gawker since those dates, which preceded his being admitted to the practice of law and joining Ropes & Gray LLP. These facts should have been disclosed in my Original Declaration. I have advised the Office of the United States Trustee and counsel to the Official Committee of Unsecured Creditors of the facts surrounding this disclosure, that the associate would no longer be working on the engagement, and that Ropes & Gray would not bill the estates for the services provided by the associate. I have been advised that the associate does not have or intend to file a claim in these chapter 11 cases.

4. Except as set forth in my prior Declarations and this supplement, I am not aware of any other connections to be disclosed pursuant to Bankruptcy Rule 2014 and Local Rules 2014-1. Ropes & Gray, however, understands and will discharge its obligations to, however, update the information disclosed if and to the extent necessary and I will promptly amend or supplement my filing of declarations pursuant to Bankruptcy Rule 2014 and Local Rules 2014-1.

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed in the Original Declaration.

57784051_5

5. Accordingly, to the best of my knowledge and information, Ropes & Gray does not have any interest materially adverse to the interests of the Debtors' estates or any class of creditors of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors. To the best of my knowledge and information, Ropes & Gray and its partners and employees neither hold nor represent any interest adverse to the Debtors in connection with these chapter 11 cases. Based upon the information available to me, I believe that Ropes & Gray remains a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

Dated: July 21, 2016

_____
Gregg M. Galardi

57784051_5