ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
: 
In re                                                    :        Chapter 11
: 
Gawker Media LLC, *et al.*,[1]                           :        Case No. 16-11700 (SMB)
: 
                                    Debtors.             :        (Jointly Administered)
: 
------------------------------------------------------x

**NOTICE OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRTUPCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BRANNOCK & HUMPHRIES AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the Application (the

"Application" a copy of which is attached hereto) of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to retain

and employ Brannock & Humphries as special litigation counsel effective *nunc pro tunc* to the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

58143653_3

Petition Date will be held before the Honorable Stuart M. Bernstein of the United States

Bankruptcy Court for the Southern District of New York (the "Court"), in Room 723, One

Bowling Green, New York, New York 10004-1408, on **August 2, 2016 at 10:00 a.m.**

**(prevailing Eastern Time).**

      **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application

and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall set forth the basis for the response or objection and the specific grounds therefore, and shall

be filed with the Court electronically in accordance with General Order M-399 by registered

users of the Court's case filing system (the User's Manual for the Electronic Case Filing System

can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard

copy delivered directly to chambers and served so as to be actually received no later than **August**

**4, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon: (i) the

Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, NY 10011, Attn. Heather

Dietrick (heather@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue

of the Americas, New York, NY 10036, Attn: Gregg M. Galardi

(gregg.galardi@ropesgray.com);  (iii) the Office of the United States Trustee for the Southern

District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes &

Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) proposed counsel to the Official Committee of Unsecured Creditors,

Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba

(squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC

Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash

58143653_3

Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A.

Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon

(keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, as DIP Lender,

Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C.

Harris (adam.harris@srz.com); (ix) Brannock & Humphries, 1111 W. Cass Street, Suite 200,

Tampa, Florida 33606, Attn: Steven L. Brannock (sbrannock@bhappeals.com); and (x) those

persons who have formally appeared and requested service in these cases pursuant to Bankruptcy

Rule 2002.

      **PLEASE TAKE FURTHER NOTICE** that a copy of the Application may be obtained

free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker.

You may also obtain copies of any pleadings by visiting the Court's website at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned

thereafter from time to time without further notice other than an announcement of the adjourned

date or dates at the Hearing or at a later hearing. The Debtors will file an agenda before the

Hearing, which may modify or supplement the Application to be heard at the Hearing.

58143653_3

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Application, which order the Court may enter with no further notice or opportunity to be heard.

Dated:  July 25, 2016                   */s/ Gregg M. Galardi*  
        New York, New York            Gregg M. Galardi  
                                   Jonathan P. Gill  
                                   Marc B. Roitman  
                                   Stacy A. Dasaro  
                                   ROPES & GRAY LLP  
                                   1211 Avenue of the Americas  
                                   New York, NY 10036-8704  
                                   Telephone: (212) 596-9000  
                                   Facsimile: (212) 596-9090  
                                   gregg.galardi@ropesgray.com  
                                   jonathan.gill@ropesgray.com  
                                   marc.roitman@ropesgray.com  
                                   stacy.dasaro@ropesgray.com

58143653_3

Ropes & Gray LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

--------------------------------------------------------x

**DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRTUPCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BRANNOCK & HUMPHRIES AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Gawker Media LLC ("Gawker Media") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully submit this application (the "Application") for entry of an order under, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain Brannock & Humphries as special

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

58143653_3

litigation counsel, *nunc pro tunc* to the Petition Date pursuant to sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),  and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").   In support of the Application, the Debtors submit the Declaration of Steven Brannock (the "Brannock Declaration"), attached hereto as Exhibit B, and (ii) the Declaration of William D. Holden (the "Holden Declaration"), attached hereto as Exhibit C.   In support of the Motion, the Debtors hereby incorporate by reference the *Declaration of William D. Holden in Support of First Day Motions* (the "First Day Declaration"). [Docket No. 7].   In further support of the Application, the Debtors respectfully represent as follows:

## Jurisdiction

1.      This Court has jurisdiction to consider and determine this application pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

3.      The statutory predicates for the relief requested herein are Sections 327(e), 328(a), 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1 and 2016-1.

## Procedural Background

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   On June 12, 2016, Gawker Media Group, Inc. and Kinja Kft. each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule

1015(b) [Docket No. 41].

6.      On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the First Day Declaration.

## Relief Requested

9.      The Debtors seek an order of this Court, pursuant to Sections 327(e), 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 2016-1 authorizing the Debtors to employ and retain Brannock & Humphries *nunc pro tunc* to the Petition Date, in accordance with the provisions of the May 7, 2014 engagement letter by and between Brannock & Humphries and Gawker Media LLC, as later modified by the parties' subsequent oral agreement to expand the scope of the representation and remove the initial limitation on Brannock & Humphries' hours as the case progressed and as the need for appellate services significantly increased (the "Engagement Agreement"), this Application, and the proposed Order submitted herewith, as the Debtors' special counsel to perform legal services attendant to certain litigation, as more fully described herein.  For the reasons set forth below, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, their creditors, stakeholders, and other parties in interest, and therefore, should be granted.

3

### The Retention of Brannock & Humphries

10.     The Debtors seek to retain Brannock & Humphries as special litigation counsel because of Brannock & Humphries's experience, knowledge and familiarity with certain lawsuits involving the Debtors' business and operations.  Since on or about May 7, 2014, Brannock & Humphries has represented the Debtors before the trial and appellate courts of Florida in connection with certain lawsuits, described in paragraph 12-13 below (the "Actions"). Accordingly, the Debtors submit that Brannock & Humphries's knowledge, expertise, and experience with the Debtors' business and operations in connection with all issues, matters or controversies that may concern the Actions qualify Brannock & Humphries to work on behalf of the Debtors' estate in the most efficient and cost-effective manner.

11.     The professional services that Brannock & Humphries will render to the Debtors include, but shall not be limited to, the following services (collectively, the "Services") in connection with the lawsuits described in paragraphs 12 and 13.  Those services include advice regarding Florida appellate procedures, Florida's appellate judges and courts, and Florida substantive law as well as the drafting and filing of motions and briefs in Florida's appellate courts.

12.     On May 7, 2014, Brannock & Humphries was retained to defend Debtors in connection with the action brought by Terry Gene Bollea in Pinellas County Circuit Court, *Bollea v. Gawker Media,* Case No. 12-012447CI-11 (6th Cir. Pinellas County), on appeal, *Gawker Media v. Bollea*, 2D16-2535 (2d DCA 2016) (*Bollea I*).  As the scope of the litigation was expanded, Brannock & Humphries was also retained to represent non-debtors Nick Denton and A.J. Daulerio

13.     As of May 2, 2016, Brannock & Humphries also represents Gawker Media in connection with a second lawsuit filed by Bollea.  *Bollea v. Buchwald & Associates, Inc., et. al,* (6th Cir. Pinellas County) (*Bollea II*).

14.     The Debtors require and will continue to require the Services throughout these chapter 11 cases.  Though the automatic stay has prohibited the immediate prosecution of the Actions, the Debtors will need Brannock & Humphries's expertise during the bankruptcy cases to advise them on matter concerning the Actions, including appellate practice and procedure, Florida substantive law, and related matters.  Additionally, as the Court is aware, at the conclusion of the sale process, if not sooner, the Debtors intend to modify the automatic stay to permit the appellate proceedings to continue.

15.     No other law firm is providing the Debtors with the Services, except that Levine Sullivan Koch & Shulz, LLP and Thomas and LoCicero PL, is serving as primary and local counsel, respectively, in connection with the Actions.  Brannock & Humphries will work with Ropes & Gray LLP ("Ropes & Gray"), and, if approved by the Court, Levine Sullivan Koch & Schulz LLP and Thomas and LoCicero PL to ensure that the services provided by each firm is complementary of each other and not duplicative.

16.     If the Debtors were required to retain counsel other than Brannock & Humphries for the Actions, the Debtors, their estates, and all parties in interest would lose the benefit of Brannock & Humphries's experience and expertise on the matters for which Brannock & Humphries has been serving the Debtors prior to the filing of these chapter 11 cases.  Moreover, the disruption and duplicative costs involved in replacing Brannock & Humphries on the Actions at this juncture on all actions, matters, issues and controversies described in the preceding paragraphs would be harmful to the Debtors, their estates, and their creditors.

58143653_3

17.    The Debtors respectfully submit that Brannock & Humphries is well-qualified and uniquely able to provide the specialized legal advice sought by the Debtors as set forth herein in an efficient and cost-effective manner, and Brannock & Humphries's retention as special litigation counsel is in the best interests of the Debtors and their estates.

18.    Brannock & Humphries's services are appropriate and necessary to enable the Debtors to achieve final resolution in the pending lawsuits.

**<u>No Adverse Interest</u>**

19.    As discussed in the Brannock Declaration, Brannock & Humphries does not represent or hold an interest adverse to the Debtors with regard to the matters on which it will provide Services.  As discussed in the Brannock Declaration, Brannock & Humphries has been paid in full and has no claim against the Debtors for prepetition services.  Additionally, to the best of the Debtors' knowledge, and except as set forth in the Brannock Declaration, Brannock & Humphries has not represented the Debtors' creditors or any other parties in interest or their respective attorneys in any matter relating to the Debtors or their estates. To the best of the Debtors' knowledge and based upon the Brannock Declaration, Brannock & Humphries has not represented, nor does it now represent, any interest adverse to the Debtors with respect to the matters on which it is to be employed.

20.    Brannock & Humphries has provided services to Gawker Media, LLC up through the time of the filing of this Application.  Brannock & Humphries has billed and been paid for its services for 14 months covered on invoices issued between May, 2014 and June, 2016.  On July 12, 2016, Brannock & Humphries issued an invoice for post-petition services for the month of June 2016 in the amount of $6,956.60 that has not been paid. It has also accrued (but not billed) time and associated charged, and incurred disbursements, for services in the month of July 2016

58143653_3

through the date of this Application, and it is possible that Brannock & Humphries will learn of disbursements incurred prior to July 2016 that have not yet been billed by, or paid to, its respective vendors. Brannock & Humphries is also holding a retainer of $16,658.00.

21.     As set forth in the Brannock Declaration, in the ninety days prior to the Petition Date, the Debtors paid Brannock & Humphries an aggregate of $175,354.50 on account of their obligations for Brannock & Humphries's services in connection with the Actions.

22.     Brannock & Humphries also represents certain individual non-Debtor defendants, Nick Denton and A.J. Daulerio, in *Bollea I*. However, for the reasons set forth in the Brannock Declaration, the Debtors do not believe that there is a material conflict between the respective interests of the Debtors and non-Debtor defendants in *Bollea I* because they have a unity of interest in defending against the claims brought by Bollea.

## **Professional Compensation**

23.     Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Fee Guidelines"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94], and as set forth in the Brannock Declaration, the Debtors propose to compensate Brannock & Humphries on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Brannock & Humphries according to its customary reimbursement policies. Brannock & Humphries's range of discounted hourly rates with respect to those Brannock & Humphries lawyers currently expected to spend significant time on these chapter 11 cases, are $400 to $475 for shareholders, $215 for associates, and $140 for paraprofessionals. The hourly rates set forth above are subject

58143653_3

to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters described in this application.

24.    The discounted hourly rates are discounted from Brannock & Humphries's standard hourly rates, which were negotiated with the Debtors prior to the Petition Date, and are the rates which will apply during the pendency of these chapter 11 cases, subject only ordinary periodic increases.

25.    Brannock & Humphries  will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of services rendered.

### Statement Regarding U.S. Trustee Guidelines

26.    Brannock & Humphries intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Fee Guidelines, and the Interim Compensation Order.  Subject to attorney client privilege limitations, Brannock & Humphries also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines, both in connection with this Application and fee applications to be filed by Brannock & Humphries in these chapter 11 cases.

27.    The following information is provided in response to the request for additional information set forth in Paragraph D.1. of the Fee Guidelines:

**Question:** **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Answer:    Yes. The hourly rates charged by Brannock & Humphries for this engagement are discounted from the rates Brannock & Humphries charges

8

for other comparable clients. The rate structure provided by Brannock & Humphries in this case is appropriate and not significantly different from (and actually less than) (a) the rates that Brannock & Humphries charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar engagements.

**Question:**   **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer:     No.

**Question:**   **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Answer:     During the 12 month prepetition period, Brannock & Humphries represented and provided legal services to the Debtors mainly pursuant to the May 14, 2014 retainer agreement with Gawker Media as expanded by the agreement of the parties to eliminate the cap on hours described in the retainer.  Brannock & Humphries represented Gawker Media on an hourly basis at the rates described in the chart above.  There has been no variance in the terms of Brannock & Humphries retainer pre- or post-petition.

**Question:**   **Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:     Brannock & Humphries and the Debtors are currently working on a budget and staffing plan for Brannock & Humphries's work for the Debtors. The budget contemplates that Brannock & Humphries will assist the Debtor with the litigations in which Brannock & Humphries already represents the Debtors. The budget necessarily involves a projection of future events with limited information and is subject to change as the case develops. The Debtors anticipate a budget and staffing plan will be approved by the Debtors prior to the start of significant work on the appeal in Bollea I.

### Basis for Relief

28.    Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specified matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect

9

to the matter on which they are to be employed. *See* 11 U.S.C. § 327(e). Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 . . . solely because of such person's employment by or representation of the debtor before the commencement of the case." *See* 11 U.S.C. § 1107(b).

29.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer [or] on an hourly basis." 11 U.S.C. § 328(a).

30.    As discussed above, Brannock & Humphries received $175,354.50 within ninety days prior to the petition date.

31.    The receipt of prepetition payments does not preclude a law firm from being employed as special counsel under section 327(e) so long as the receipt of such payment does not cause it to "hold any interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed." 11 U.S.C. § 327(e); *see also In re Mortgages Ltd.*, No. 2:08BK07465RJH, 2008 WL 5024925, at *1-2 (Bankr. D. Ariz. Aug. 14, 2008) ("[T]he potential receipt of a preference does not disqualify a firm from employment as special counsel when the debtor's and the firm's interests are parallel with respect to the matters for which the firm is to be employed."); *cf. Giuliano v. Ernst & Young, LLP (In re RIH Acquisitions NJ, LLC)*, No. 13-34483, 2016 WL 2996950, at *4 (Bankr. D. N.J. May 24, 2016) (analogizing retention of ordinary course professional to retention under section 327(e) and concluding that Court need not address whether professional received preferential transfers to approve its retention). Indeed, "[s]ince the role of special counsel is, by definition, limited, the trustee need only show that there is no adverse interest related to that role itself." *See Hogil Pharmaceutical Corp. v. Sapir (In re Innomed Labs, LLC)*, No. 07-cv-4778 (WCC), 2008 WL 276490 (S.D.N.Y. Jan. 29, 2008); *see*

10

also *Bank of Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622 (2d Cir. 1992)

("we should reason by analogy to 327(e), so that 'where the trustee seeks to appoint counsel only

as 'special counsel' for a specific matter, there need only be no conflict between the trustee and

counsel's creditor client with respect to the specific matter itself.").  This Court and other courts

in this district have approved retentions of counsel under section 327(e) where the law firm to be

retained received substantial payments within the ninety days prior to the petition date.  *See, e.g.,*

*In re SunEdison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 20, 2016) [Docket No. 361]

(approving section 327(e) retention of law firm that received approximately $2.37 million in fees

for legal services during the ninety days before the petition date); *In re Apex Silver Mines Ltd.*,

No. 09-10182 (JMP) (Bankr. S.D.N.Y. Jan. 22, 2009) [Docket No. 57] (approving section 327(e)

retention of law firm that received unspecified compensation during the ninety days before the

petition date).  Accordingly, the fact that the Debtors paid Brannock & Humphries for services

rendered on a prepetition basis does not disqualify Brannock & Humphries from being retained

pursuant to section 327(e).

32.    Additionally, Brannock & Humphries's representation of non-Debtor defendants

in *Bollea I* does not give rise to an adverse interest on the matters for which Brannock &

Humphries is to be engaged.   As set forth in the Brannock Declaration, the Debtors and

Brannock & Humphries believe that the interests of the Debtors and the non-Debtor defendants

are aligned, and are unlikely to diverge.

33.    Finally, *nunc pro tunc* relief is appropriate here.  Since the Petition Date, the

Debtors have worked diligently on various matters related to the proposed sale of substantially

all of its assets, and were preparing for the evidentiary hearing that was held in this Court on July

19, 2016.  The Debtors respectfully submit that the brief period between the Petition Date and

the filing of this Application is appropriate and timely under the circumstances, so as to justify *nunc pro tunc* relief.

34.     For the reasons set forth in this Application and the Brannock Declaration, the Debtors submit that Brannock & Humphries's retention and employment satisfies section 327(e) and this Application should be approved.  If the Debtors were required to retain counsel other than Brannock & Humphries in connection with the Actions, the Debtors, their estates, and all parties in interest would be severely prejudiced, as the Debtors would lose Brannock & Humphries's invaluable experience and knowledge on, *inter alia*, the litigation matters described above.  Accordingly, it is in the best interests of the Debtors and their estates to retain Brannock & Humphries.

## **Waiver of Stay**

35.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which providers that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Application is necessary for the Debtors to protect their interests in pending litigation and to preserve value for their estates.  Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the need for the relief sought herein justifies immediate relief.

## **Notice**

Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Internal Revenue Service; (iii) the United States Attorney for the Southern District of New York;   (iv) proposed counsel to the Official

Committee of Unsecured Creditors; (v) counsel to US VC Partners LP, as Prepetition Second

Lien Lender; (vi) counsel to Cerberus Business Finance, LLC, as DIP Lender; (v) Counsel to the

Stalking Horse Bidder; (vi) those persons who have formally appeared and requested service in

these cases pursuant to Bankruptcy Rule 2002; and (vii) Brannock & Humphries.  A copy of this

Motion is also available on the website of the Debtors' proposed notice and claims agent at

https://cases.primeclerk.com/gawker.  In light of the nature of the relief requested, the Debtors

submit that no other or further notice is necessary.

13

WHEREFORE, the Debtors respectfully request that this Court enter an Order (a) authorizing the Debtors to retain Brannock & Humphries as special litigation counsel to the Debtors, *nunc pro tunc* to the Petition Date, for the purposes and upon the terms set forth herein; and (b) granting to the Debtors such other and further relief as may be just or proper.

Respectfully submitted,

Gawker Media LLC,

Dated: July 25, 2016

By:    Heather Dietrick
       President and General Counsel

1

## Exhibit A

**Proposed Order**

58143653_3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
                                           :

In re                             :     Chapter 11
                                           :

Gawker Media LLC, *et al.*,[1]     :     Case No. 16-11700 (SMB)
                                         :

              Debtors.        :     (Jointly Administered)
                                           :

--------------------------------------------------------x

**ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRTUPCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BRANNOCK & HUMPHRIES AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to

sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New

York (the "Local Rules") authorizing the employment of Brannock & Humphries as special

counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration

and the Brannock Declaration, and the Holden Declaration; and the Court having reviewed the

Application, the First Day Declaration, the Brannock Declaration, and the Holden Declaration;

and the Court being satisfied with the representations made in the Application and the Brannock

Declaration that Brannock & Humphries represents no adverse interest to the Debtors with

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

1

respect to the matters on which Brannock & Humphries will be employed, that its employment is

necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest;

and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient

notice of the Application having been given under the particular circumstances; and it appearing

that no other or further notice need be provided; and upon the record herein; and after due

deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.    The Application is GRANTED as set forth herein.

2.    Pursuant to sections 327(e), 328(a) and 330 of the Bankruptcy Code, the Debtors,

as debtors and debtors in possession, are authorized to employ and retain Brannock &

Humphries as special counsel effective *nunc pro tunc* to the Petition Date, in accordance with the

Application, the Engagement Agreement, the Brannock Declaration, the Holden Declaration, and

this Order, to perform the Services.

3.    To the extent the Application or the Engagement Agreement is inconsistent with

this Order, the terms of this Order shall govern.

4.    Brannock & Humphries shall be compensated in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the

*Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* (the "Interim Compensation Order") [Docket No. 94];  *provided that*, Brannock &

Humphries may redact information from its time entries that it determines, in its sole discretion

2

to be privileged information in connection with service of monthly fee statements on the Committee, its members and/or any of their representatives.

5.      Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Brannock & Humphries shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and file the notice on ECF.  The United States Trustee retains all rights to object to such rate increase.

6.      Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

7.      Notwithstanding any provisions in the Engagement Agreement to the contrary, during the pendency of these chapter 11 cases, Brannock & Humphries will not represent present or future clients of Brannock & Humphries on matters adverse to the Debtors in these cases.

8.      Notwithstanding any provision in the Engagement Agreement to the contrary, any retainers shall be applied to the payment of fees and costs as they are approved by the Court pursuant to the Interim Compensation Order.

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August ___, 2016
New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

58143653_3

## **Exhibit B**

Brannock Declaration

58143653_3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                    :
In re                               :    Chapter 11
                                    :
Gawker Media LLC, *et al.*,[1]      :    Case No. 16-11700 (SMB)
                                    :
            Debtors.                :    (Jointly Administered)
                                    :
---------------------------------------------------------x

**DECLARATION OF STEVEN BRANNOCK IN SUPPORT OF DEBTORS'
APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE
BANKRUPTCY CODE, BANKRTUPCY RULES 2014 AND 2016, AND LOCAL RULES
2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF BRANNOCK & HUMPHRIES AS SPECIAL LITIGATION
COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, Steven Brannock, make this Declaration, under penalty of perjury pursuant to 28 U.S.C. §

1746, and hereby declare as follows:

   1.  I am a shareholder at Brannock & Humphries and duly authorized to make this

Declaration on behalf of Brannock & Humphries.  I make this Declaration in support of the

Application of Debtors Pursuant to 11 U.S.C. §§ 327(e), 328(a) and 330, Fed. R. Bankr. P.

2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for entry of an order authorizing the

retention and employment of Brannock & Humphries as special litigation counsel effective *nunc

pro tunc* to the Petition Date.[2]  I am admitted and in good standing to practice law all state and

federal courts in the State of Florida as well as the 5th, 9th, 10th, 11th, and Federal Circuit Courts

of Appeals and the United States Supreme Court.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc.
are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66.
1062 Budapest, Hungary.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application.

58143653_3

2.      The statements set forth below are based upon my personal knowledge or

discussions with other shareholders and associates of Brannock & Humphries, and client/matter

records of Brannock & Humphries, reviewed by myself or by associates of Brannock &

Humphries acting under my supervision and direction.

### Retention of Brannock & Humphries As Special Counsel for the Debtors

3.      Brannock & Humphries is well qualified to serve as the Debtors' special counsel

in these cases.  Brannock & Humphries focuses its practice solely on appellate law and trial

support.  The firm, which is the largest standalone appellate firm in Florida, has handled

hundreds of appeals of all kinds including, of particular relevance to this retention, significant

commercial and tort cases.  Three of its lawyers are board certified as experts in civil appellate

practice by the Florida Bar.  Brannock & Humphries's two named shareholders, Steve Brannock

and Celene Humphries, are among the most experienced appellate practitioners in Florida.  Two

of its lawyers, Steve Brannock and Ceci Berman, are past chairs of the Appellate Section of the

Florida Bar.  Steve Brannock is a former chair of the Florida Supreme Court's Appellate Rules

Committee.  Phil Padovano, who heads up the firm's Tallahassee office, served many years as a

circuit court judge and judge on the Florida First District Court of Appeal.  His treatise, *Florida*

*Appellate Practice*, is widely utilized by Florida judges and appellate practitioners alike.  The

firm and its lawyers are recognized on all of the usual peer-review driven lists of top lawyers

including Super Lawyers, Legal Elite, Best Lawyers in America, and Chambers USA.  Of

particular relevance to this litigation, the firm is headquartered in Tampa and regularly practices

before the Second District Court of Appeal.  The firm and its work are well known to the judges

who will be examining the merits of the appeal on the merits in this case.

4.      Pursuant to the Application, the Debtors seek authority to retain Brannock &

Humphries, *nunc pro tunc* to the Petition Date, to render legal services relating to *Bollea v.*

3

*Gawker Media, LLC et. al.*, Case No. 12012447 CI-011 (6th Circuit Pinellas County), on appeal,

*Gawker Media, LLC, et al., v. Bollea*, Case No. 2D16-2535 (Fla. 2d DCA) (*Bollea I*) and Bollea

v. Buchwald, et. al., 16-002861-CI (6th Cir. Pinellas County) (*Bollea II*) (collectively, the

"Actions")

5.      Brannock & Humphries was first retained in May 7, 2014 by debtor to provide

appellate related services in connection with *Bollea I*.  Those services included advice on Florida

appellate procedure, Florida appellate courts and judges, preservation of error in trial court

proceedings, and Florida substantive law.  Although those services were originally limited to just

a few hours, by oral agreement of the parties, the scope of Brannock & Humphries' services

significantly increased as the scope of the appellate litigation expanded.

6.      Brannock & Humphries is being retained to continue to provide appellate-related

services.  The firm is routinely hired, and has been hired here, to counsel clients concerning

appellate procedures including motion practice, stays, and briefing on the merits.  Based on its

extensive knowledge of the Second District Court of Appeals and its judges, Brannock &

Humphries will assist in strategic considerations in connection with the appeal including the

formulation and drafting of the appellate arguments.

7.      The services to be provided by Brannock & Humphries, relating to the Actions,

are collectively referred to herein as the "Services."

8.      The Debtors will require the Services throughout these chapter 11 cases, even if

the forum for hearing the underlying claims changes.  No other law firm, with the exception of

Levine Sullivan Koch & Schulz, LLP and Thomas and LoCicero has worked with Brannock &

Humphries to provide the Services.  Brannock & Humphries will coordinate with these law firms

4

and Ropes & Gray LLP to ensure that the services provided by each firm are complementary of
each other and not duplicative.

**No Adverse Interest with Respect to the Matters
on which Brannock & Humphries is to be Retained**

9.      In connection with its proposed retention under section 327(e) of the Bankruptcy
Code, Brannock & Humphries searched its client/matter records to determine whether it had any
conflicts or other connections that might cause it to hold or represent an interest adverse to the
Debtors with respect to the matters on which Brannock & Humphries is to be employed (the
"Disclosure Procedures").  As part of the Disclosure Procedures, the Debtors provided Brannock
& Humphries with a list of the Debtors' significant prepetition creditors, vendors, professionals,
and other potential parties in interest (collectively, the "Interested Parties"), a summary of which
is attached as **Exhibit 1** to this Declaration.  Pursuant to the Disclosure Procedures, Brannock &
Humphries  performed the actions described below to determine whether Brannock &
Humphries  or any of its attorneys have any connections with, or are currently representing any
Interested Parties in these chapter 11 cases:

a.      Brannock & Humphries compared each of the Interested Parties to the
names that Brannock & Humphries maintains in its master client database
created from its conflict clearance records.  Brannock & Humphries's
client database includes (i) the name of each current or former client and
(ii) the names of the Brannock & Humphries attorneys responsible for
managing such current or former matters.

b.      In addition, a general inquiry to all Brannock & Humphries's  attorneys
was sent by electronic mail to determine if any Brannock & Humphries

5

partner, counsel, managing associate, associate, or trainee (i) is related to

(A) any United States bankruptcy judge in the Southern District of New

York, (B) any employee of the United States Bankruptcy Court for the

Southern District of New York, or (C) any employee of the Office of the

United States Trustee, (ii) owns any debt or equity security of the Debtors

other than through mutual funds, blind trusts or other investments as to

which individuals have no discretion as to the selection of the underlying

assets, (iii) holds a claim against the Debtors, or (iv) is or was an officer,

director, or employee of the Debtors.

10.     Based upon such review, it is my belief that Brannock & Humphries, as required

by section 327(e) of the Bankruptcy Code, does not hold or represent an interest that is adverse

to the Debtors' estates with respect to the Services for which Brannock & Humphries is proposed

to be employed.

11.      Based upon such review, it is also my belief that Brannock & Humphries has not

in the past and does not currently represent any persons or entities listed among the Interested

Parties (or their affiliates).

12.     Brannock & Humphries has conducted a general inquiry of all legal personnel to

determine whether any of these individuals owns any debt or equity securities of the Debtors or

their affiliates other than in connection with investments in mutual funds, blind trusts or other

investments as to which such individual has no discretion as to the selection of the individual

underlying assets.  Based on responses to this inquiry, I understand that as of the date hereof,

none of the Brannock & Humphries personnel surveyed owns any debt or equity securities of the

Debtors or their affiliates.

6

13.    It should be noted that Brannock & Humphries has a long-standing policy prohibiting all personnel from using confidential information that may come to their attention in the course of their work.  In this regard, all Brannock & Humphries personnel are barred from trading in securities with respect to which they possess confidential information.  For both listed and unlisted shares, Brannock & Humphries's policy is to prohibit dealing in any shares or securities in situations where personnel may have confidential market- or price-sensitive information relating to the company or the shares or securities in question as a result of work for Brannock & Humphries.  Further, Brannock & Humphries's policy is to prohibit its personnel and any companies, trusts or other entities that personnel control or influence in relation to decisions to trade from dealing in listed securities absent approval from Brannock & Humphries or is carried out by an investment manager under a discretionary management agreement.  Brannock & Humphries further restricts share dealing by family members of personnel to the extent those dealings are controlled, influenced, or advised by Brannock & Humphries personnel.

14.    To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Brannock & Humphries, nor any partner or associate thereof, has any connection with the United States Trustee for the Southern District of New York or any person employed by the Office of the United States Trustee.

15.    Brannock & Humphries believes that it can adequately represent the interests of the Debtors.  To the best of my knowledge, information and belief, Brannock & Humphries has not represented any creditor, interest holder or other party in interest in connection with their respective dealings with the Debtors in the previous two years.

7

16.     Brannock & Humphries is confident that its diligence has resulted, to the greatest extent possible, in the disclosure of all potential conflicts.  However, client relationships with persons or entities that are not listed on **Exhibit 1**, but who may nonetheless be or later become parties in interest in these chapter 11 cases, would not be disclosed in this Declaration.  In this regard, if Brannock & Humphries discovers additional information regarding Interested Parties that requires disclosure, it will submit a supplemental disclosure to the Court containing such additional information.

17.     To the best of my knowledge, information, and belief, Brannock & Humphries does not hold or represent an interest adverse to the Debtors or their respective estates with respect to the matters for which Brannock & Humphries is proposed to be retained.  Accordingly, I believe that Brannock & Humphries satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

### Professional Compensation

18.     Subject to the Court's approval, Brannock & Humphries will charge for its services on an hourly basis in one-tenth hour (.1) increments, in accordance with the discounted rates it agreed, prepetition, to provide to Debtors.  Brannock & Humphries's range of discounted hourly rates with respect to those Brannock & Humphries lawyers currently expected to spend significant time on these chapter 11 cases, subject to change from time to time, are $400 to $475 for shareholders, $215 for associates, and $140 for paraprofessionals.

19.     Brannock & Humphries also intends to seek reimbursement for reasonable expenses incurred in connection with its representation of the Debtors.  It is Brannock & Humphries's general policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case.  Brannock & Humphries will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other

8

clients and at actual cost or an estimated actual cost where the actual cost is difficult to

determine.

20.     Brannock & Humphries currently holds a retainer from the Debtor in the amount

of $16,658.00.

21.     In the ninety days prior to the Petition Date, the Debtors paid Brannock &

Humphries an aggregate of $175,354.50 on account of their obligations for Brannock &

Humphries's services in connection with the Actions.

**Statement Regarding U.S. Trustee Guidelines**

22.     Brannock & Humphries intends to seek compensation in accordance with the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, the

*Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* (the "Interim Compensation Order") [Docket No. 94], the Amended Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

M-447 (Jan. 29, 2013), and the U.S. Trustee Guidelines (the "Fee Guidelines").

23.     Subject to attorney client privilege limitations, Brannock & Humphries also

intends to make a reasonable effort to comply with the U.S. Trustee's requests for information

and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with

this Application and fee applications to be filed by Brannock & Humphries in these chapter 11

cases.

24.     The following information is provided in response to the request for additional

information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

| | |
|---|---|
| **Question:** | **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?** |
| Answer: | Yes. The hourly rates charged by Brannock & Humphries for this engagement are discounted from the rates Brannock & Humphries charges |

9

for other comparable clients. The rate structure provided by Brannock & Humphries in this case is appropriate and not significantly different from (and actually less than) (a) the rates that Brannock & Humphries charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar engagements.

**Question:**    **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer:    No.

**Question:**    **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Answer:    During the 12 month prepetition period, Brannock & Humphries provided legal services to the Debtors pursuant to an agreement dated May 7, 2014, as later expanded by the client as the scope of the appellate litigation increased and the corresponding need for Brannock & Humphries' services increased.  Those services included guiding the Debtors through the many appellate proceedings in this case as well as providing trial support in connection with the trial in *Gawker I*.

**Question:**    **Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:    Brannock & Humphries and the Debtors are currently working on a budget and staffing plan for Brannock & Humphries's work for the Debtors. The budget contemplates that Brannock & Humphries will assist the Debtor with the litigations in which Brannock & Humphries already represents the Debtors. The budget necessarily involves a projection of future events with limited information and is subject to change as the case develops. The Debtors anticipate a budget and staffing plan will be approved by the Debtors prior to the start of significant work on the appeal in Bollea I.

25.    No promises have been received by Brannock & Humphries, or any partner, counsel, or associate of Brannock & Humphries, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Fee Guidelines.

10

26.     Brannock & Humphries has not shared or agreed to share any of its compensation from the Debtors with any person, other than with partners, counsel, associates, or other employees of Brannock & Humphries as permitted by section 504 of the Bankruptcy Code.

27.     Brannock & Humphries will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid any unnecessary duplication of services.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 22nd day of July, 2016.

_____

Steven Brannock

**<u>Exhibit 1</u>**

**SCHEDULE 1**

**List of Schedules**

| **Schedule** | **Category** |
|---|---|
| 1(a) | Debtors and Trade Names |
| 1(b) | Current and Recent Former Directors and Officers |
| 1(c) | Potential Contract Counterparties |
| 1(d) | Insurers |
| 1(e) | Other Interested Parties |
| 1(f) | Landlords |
| 1(g) | Litigants |
| 1(h) | Professionals |
| 1(i) | Shareholders |
| 1(j) | Significant Customers |
| 1(k) | Significant Unsecured Creditors |
| 1(l) | Significant Vendors |
| 1(m) | Taxing Authorities |
| 1(n) | U.S. Trustee and Key Court Personnel for the Southern District of New York |
| 1(o) | Utilities |
| 1(p) | Employees and Independent Contractors |

## SCHEDULE 1(a)

### Debtors and Trade Names

Gawker Media Group, Inc.

Gawker Media LLC

Kinja Kft.

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Gawker.Com

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Curbed.com LLC

Gawker Sales LLC

Gawker.Com

RGFREE

Vox Media, Inc.

Blogwire

Deadspin

Defamer

Gawker

Gawker Stalker

Gizmodo

io9

Jalopnik

Jezebel

Kinja

Kotaku

Lifehacker

Sploid

Valleywag

## SCHEDULE 1(b)

### Current and Recent Former Directors and Officers

Albertson, Josh

Darbyshire, Gabrielle

Denton, Nicholas

Dietrick, Heather

Epstein, Jason

Fette, Ian

Holden, William

Kidder, Scott

Plunkett, Thomas

Szasz, Peter

Tillman, Scott

Weinbrecht, Adrian

## SCHEDULE 1(c)

### Potential Contract Counterparties

114 Fifth Avenue Ground Lessee LLC

114 Fifth Owner LP

204-210 Elizabeth Street LLC c/o S.W. Management LLC

204-210 Elizabth Street LLC

3293 Pacific LLC

A Mediocre Corporation

A Small Orange, LLC.

A9.com, Inc.

Access Inteligence, LLC

Adam Clark Estes

Adam Pash

Adam Weinstein

Ad-Juster, Inc.

Admeld, LLC

Adsfactor Holdings Limited

AdSlot Technologies, LTD.

Adtech US, Inc.

Aegon Magyarorszag Zrt.

AGIS Fire & Security Kft.

AIG

Alan Henry

Alan Kwon

Albert Burneko

Aleksander Chan

Alex Cranz

Alex Dickinson

Alex Pareene

Alexandra Cannon

Alexandra Philippides

Alexandre Dohrmann

Alissa Walker

All You Can Move SportPass Europe

Allison Jones

Allison Wentz

Allure Media Pty Limited

AM Lab Americas, LLC.

Amanda Marandola

Amazon Services LLC

Amazon Web Services, Inc.

Amazon.com, Inc.

Anastasia Weeks

Andrassy Palota Ingatlanfogalmazo Kft.

Andrea Park

Andrew Collins

Andrew Cush

Andrew Gorenstein

Andrew Harding

Andy Orin

Angela Alzona

Angela Wang

Anna Merlan

Anthony Carnevale

Anthony Hack

AOL Advertising Inc.

Ariana Cohen

Ariel Viera

Ashley Feinberg

Ashton Galloway

Atlantic Metro Communications II, Inc.

Attila Illes

Ava Gyurina

Balazs Keki

BarkBox, Inc.

Barry Petchesky

Ben Regenspan

BlueApron.com

Brainy Labs, LLC

Brandon McCoy

Brendan O'Connor

Bridget Brown

Bryan Lufkin

Bryan Menegus

C&G Group Kft c/o Brody House Group

Cadreon, LLC.

Caitleen Weaver

Camila Cabrer

Camilla Baker

Casey Speer

Casper Sleep Inc.

Catherine LeClair

Cecilia D'Anastasio

Chad Bernstein

Chelsey Hoffman

Cheryl Eddy

Chris Neveu

Chris Person

Chris Vespoli

Christina Blacken

ClickMeter

ClickStream

Cloudinary Ltd.

Clover Hope

ClubW

Colleen McMillan

Colliers International

Colliers International Kft.

Coltiers Nemzetkozi Ingattanuzemeltet6 es Kezel6 Kft.

Combat Flip Flops, LLC.

Comic Cartel

ComScore, Inc.

Corporate Communications Bt.

Courtenay O'Connor

Daniel Morgan

Darren Orf

Dashlane Inc.

DataGram

Datagram Incorporated

Dave McKenna

David Tracy

Dayna Evans

Devin Clark

Diana Moskovitz

Diane Kelly

Diego Pineda

DineInFresh, Inc. dba Plated

Dollar Shave Club, Inc.

DOUBLECLICK

Dr. Torzsa Peter Bt.

DreamHost

Drew Magary

Driftaway Inc.

Earnest Inc.

Eleanor Shechet

57491981_3

Elisa Solinas

Emily Ambruso

Emily Herzig

Emma Carmichael

Emprese Cedente

Eric Goldfarb

Eric Ravenscraft

Erika Audie

Erin Gloria Ryan

Erin Pettigrew

Esther Inglis-Arkell

Ethan Sommer

Evan Narcisse

Eyal Ebel

F451

F451 fka Spicy Media Editora Ltda

F451 Media Editora Ltda.

Fabiola Lara

Facebook Ireland Limited

Facebook, Inc.

Fastly, Inc.

Federal Insurance Company

Fluxmob, LLC.

Framebridge, Inc.

Fritzie Andrade

Future Publishing Limited

Gabrielle Bluestone

GeekFuel, LLC.

Germain Lussier

Giri Nathan

Globalway Participacoes Ltda.

Gloria Clark

Google Inc.

Gorilla Nation Media, LLC

Grace Robertson

Graze Inc.

Green Fox Academy

Greg Howard

Greg Lopez

GroupDynamics Kft

Gunnar Optiks

Gyorgy Bokros

Hajtas Pajtas Kft.

Handy.com

Hannah Keyser

Happy Socks

Heather Dietrick

Heather Hynes

Heidi Grothaus

HelloFresh

Hillary Crosley

Hostgator.com, LLC.

Huckberry

Hunter Slaton

Ian Fette

IDrive Inc.

Ilona Bilevych

Incisive Ltd

Incisive VNU Limited dba Incisive Incisive Ltd

Incisive VNU Ltd

Index Exchange Inc.

Infobahn Inc.

Integral Ad Science, Inc.

IseeQ Kft.

J.K Trotter

| | |
|---|---|
| Jake Inferrera | Justin Cross |
| Jalsovszky Law | Justin Potter |
| James Bartus | JW Player / LongTail Ad Solutions, Inc. |
| James Bit Design | Kaila Hale-Stern |
| James Delgiudice | Kanwar Gill |
| Jamie Weber | Kara Brown |
| JapanCrate | Kargo Global, Inc. |
| Jared Auslander | Karma Mobility Inc. |
| Jason Parham | Kate Dries |
| Jason Schreier | Kate Knibbs |
| Jason Torchinsky | Kate Lovejoy |
| Jay Hathaway | Katharine Trendacosta |
| Jeffrey Hilder | Kathryn McGinnis |
| Jennifer Ouellette | Katie Drummond |
| Jia Tolentino | Kavitha Reddy |
| Jillian Marie Lucas | Kelly Conaboy |
| Jim Boos | Kelly Faircloth |
| Jim Cooke | Kelly Monson |
| Jim Cooke | Kelly Stout |
| Joanna Rothkopf | Kerrie Uthoff |
| Joel Johnson | Kevin Draper |
| John Appel | Kid Thursday LLC., dba Staus Audio |
| John Cook | Kirk Hamilton |
| John Gelini | Kixer |
| Jordan Sargent | Kolozsvari Timea |
| Josh Bottino | Kravitha Reddy |
| Josh Laurito | Krux Digital, Inc. |
| Joshua Albertson | Lacey Donohue |
| Judy Steinbach | Lauren Bertolini |
| Julia Alvidrez | Leah Beckmann |
| Julian Muller | Leah Finnegan |
| Julianne Escobedo Shepherd | LendingTree, LLC. |
| Jung Sin | Lindsay Chipman |

-8-

Lindsey Jaffe

Lisa Bolano

LiveIntent, Inc.

LiveRail, Inc.

LOLA

Lucy Haller

Madeleine Davies

Madeleine Stone

Madison Plus Select, Inc.

Malcolm Read

Mandy Mandelstein

Margaret Taormina

Marina Galperina

Mario Aguilar

Maritza Sanche

Mark Weldon

Market Halsey Urban Renewal, LLC.

MarkMonitor Inc.

Matt Hardigree

Matt Novak

Matthew Hamer

Matthew Kulper

Mediagene, Inc.

MediaGene, Inc. fka Infobahn, Inc.

MediaMind Technologies, Inc.

Megan Gilbert

Megbizott

Melissa Green

Melissa Murray

Merch Direct, LLC

Merchant Importacao, Exportacao e Comercio, Ltda - ME

MeUndies

Mia Libby

Michael Fahey

Michael Kuntz

Michael Lindsay

Michael Nunez

Michael Orell

Michael Roselli

Michele LaFauci

Michelle Chiang

Mike Ballaban

Mikolaj Szabo

Ministry of Supply

Miranda Langrehr

Moat, Inc.

Mobiles Republic, Inc.

Mollie Horan

Moore Stephens Hezicomp Kft.

Mott & Bow

MoviePass

MVMT Watches

Nameaction Brasil Serv de Inter Ltda ME

NameAction Inc.

Nandita Raghuram

Natasha Vargas-Cooper

Nathan Grayson

NatureBox

Nervora Digital Media Group, FZ-LLC

NetMediaEurope

Netus Media Pty Limited dba Allure Media Pty LTD

Nevora Digital Media Group

NewsCred, Inc.

Nicholas Murphy

| | |
|---|---|
| Nick Stango | Rob Harvilla |
| Noble People | Robert Finger |
| OCP Collective Corp. dba Adcade, Inc. | Ryan Brown |
| Omar Kardoudi | S&T Consulting Hungary Kft. |
| OnMarc Media | Sam Biddle |
| Operative Media, Inc. | Sam Scherer |
| Oppenheim Ugyvedi Iroda | Sam Woolley |
| Opportune LLP | Samantha Lagani |
| Optimizely, Inc. | Samer Kalaf |
| Oriole Media Corporation dba Juice Mobile | Samuel Griffel |
| Oscar Z. Ianello Associates, Inc. | Sarah Dedewo |
| Owen & Fred Corp. | Sarah Wiest |
| Pacific Shaving Company | Scott Kidder |
| Parachute Home | Sean Buckley |
| Patricia Hernadez | Sean MacDonald |
| Patrick Ballester | SeatGeek |
| Patrick Klepek | Shane Roberts |
| Patrick Laffoon | Shep McAllister |
| Patrick Redford | Shopify |
| Paul Sundue | SimpleReach, Inc. |
| PAX | Skillshare, Inc. |
| Percona, Inc. | Skimbit Limited |
| Perfect World Entertainment | SkimBit LTD. |
| Peri Hochwald | SmartFX |
| Pixel Media Asia Limited | SocialFlow, Inc. |
| Platinum Rye, LLC. | Sophie Kleeman |
| Pop Chart Lab | Soundfreaq |
| Poprageous | Specless, LLC. |
| Puja Patel | Spicy Media Editora LTDA |
| Quench USA, Inc. | SpruceWares |
| Quip NYC Inc. | Squarespace, Inc. |
| Rhone Apparel Inc. | Stackcommerce |
| Riley MacLeod | Staq, Inc. |

-10-

Starcom SMG

Stassa Edwards

Stephanie Schrader

Stephen Totilo

Steve Climaco

Steven Polletta

Stowawy Cosmetics

STS Meida, Inc.

Stuart Cheshire

Sultana Khan

Superdry Wholesale, LLC

Suzy Kuzy, LLC.

Szolgaltato

Taboola Inc.

Tamas Neltz

Tara Jacoby

Taylor Berman

Technorati, Inc.

Terra Networks Brasil S.A.

TGT

The Rubicon Project, Inc.

The Sasquatch Soap Co., LLC. dba Dr. Squatch

The Status Audio

Thorin Klosowski

Tim Burke

Time Shred Services, Inc.

Times Internet Limited

Tom Ley

Tom Plunkett

Tom Scocca

Tommy Craggs

Toth Eva Nagykanizsa

Tremor Video, Inc.

UCMS Group Hungary Kft.

Udemy.com

Veronica de Souza

Victor Jeffreys

Viddler, Inc.

VNU Business Media Europe Limited

Waves Gear, LLC.

We Work

Wesley Siler

WeWork LA LLC

Whitson Gordon

William Arkin

William Haisley

William Turton

Wine Awesomeness

Wrights Media, LLC

Writers Guild of America, East

Yannick LeJacq

Zach Custer

Zachary Connett

Zoe Stahl

**SCHEDULE 1(d)**

**Insurers**

Aegon Magyarorszag Zrt.

AIG Europe Limited

Dewitt Stern Group, Inc.

Federal Insurance Company

Hartford Casualty Insurance Company

Hudson Insurance Company

National Union Fire Insurance Co. of Pittsburgh PA

United Healthcare Insurance Company

## SCHEDULE 1(e)

## <u>Other Interested Parties</u>

Cerberus Business Finance LLC

Houlihan Lokey, Inc.

K&H Bank

Latham & Watkins

Prime Clerk LLC

Riemer & Braunstein, LLP

Schulte Roth & Zabel LLP

Securities & Exchange Commission

Securities & Exchange Commission – NY Office

Silicon Valley Bank

Sullivan & Cromwell LLP

US VC Partners LP

**SCHEDULE 1(f)**

**<u>Landlords</u>**

Andrassy Palota Ingatlanforgalmazo Korlatolt Felelossegu Tarsasag

114 Fifth Owner LP

## SCHEDULE 1(g)

### Litigants

Aulistar Mark

Andrew Hudson

Zachary Cianflone

Lindsay MaHarry

Katherine Castellana

Elizabeth Nadybal

Chelsea Lo Pinto

Tim Barribeau

Patrick Frawley

Elizabeth Weinbloom

Kristin Chan

Samuel Julian

Brian Colgan

Benjamin Dorson

Rachel Atwood

Michael Kennelly

Alyssa Bereznak

Lily Newman

Kwame Opam

Terry Gene Bollea

Mitchell Williams

Meanith Huon

Ashley Terril

Charles Johnson and Got News, LLC

Teresa Thomas

Shiva Ayyadurai

Christopher Sadowski

## SCHEDULE 1(h)

## Professionals

Akerman LLP

Cahill Gordon & Reindel LLC

Citrin Cooperman & Co., LLP

Giskan Solotaroff & Anderson LLP

Goldin Solutions

Jalsovszky Law Firm

John Duncan

Klasko Immigration Law Partners, LLP

Levine Sullivan Koch & Schulz, LLP

Maples & Calder

Morrison Cohen LLP

Newmark & Co. Real Estate, Inc.

Oppenheim Law Firm

Opportune LLP

Proskauer Rose LLP

Trifolium LLC

Wilk Auslander

Zwillgen PLLC

## SCHEDULE 1(i)

### Shareholders

Berman, Taylor

Bertolini, Lauren

Blakeley, Richard Erand

Bluestone, Gabrielle

Brown, Ryan

Carmichael, Emma

Carmon, Irin

Chan, Casey

Coen, Jessica

Cooke, Jim

Craggs, Tommy

Crecente, Brian

D'Addario, John

Darbyshire, Gaby

Daulerio, Albert

DelGiudice, James

Denton, Nick

Diaz, Jesus

Dietrick, Heather

Dimmitt, Elizabeth

Dimmitt, Genevieve

Duncan, John

Ebel, Eyal

Furman, Eliot, as custodian for Alexander
Tiberius Furman under the NYUTMA

Futrelle, Genevieve

Giacoman, Gabriela

Gorenstein, Andrew

Greenmount Creek Limited

Hale-Stern, Kaila

Hamer, Matt

Hardigree, Matt

Holmes, Anna

Jefferson, Whitney

Kang, Daniel

Kidder, Scott

Kozma, Jozsef

Lam, Brian

Layne, Ken

Lehnhoff, Jim

Leitch, Will

Lisanti, Mark

Lopez, Greg

Ma, Jesse

McGill, Erin

Nachlin, Jim

Newitz, Annalee

Nolan, Hamilton

O'Connor, Maureen

Pash, Adam

Petrány, Máté

Pettigrew, Erin

Plunkett, Tom

Read, Malcom

Robischon, Noah

Schreier, Jason

Schwartz, Diane

Schweizer, Julia

Scocca, Thomas

Sicha, Choire

Spinelli, Mike

Steele, Lockhart

Stein, Sadie

Takayama, Greg

Tate, Ryan

Thomas, Owen

Toder, Matthew

Trapani, Gina

US VC Partners LP

Vuong, Phillip

Wert, Ray

Winkelman (Ortega), Samantha

Woerner, Meredith

Albertson, Josh

Annis, Rose

Baker, Camie

Batty, Chris

Biddle, Sam

Bodnár, István

Burke, Tim

Climaco, Steve

Cook, John

Curtis, Dustin

Donohue, Lacey

Drummond, Katie

Fette, Ian

George, Patrick

Georgopulos, Steph

Gonzalez, Robert

Graham, Kevin

Grothaus, Heidi

Hathaway, Jay

Henry, Alan

Hilder, Jeff

Jeffries, Victor

Juzwiak, Rich

Kéki, Balázs

Knibbs, Katharine

Körtesi, Gáspár

Laurito, Josh

Libby, Mia

Magary, Drew

Marchman, Tim

McAllister, Shep

McKenna, Dave

Mittelhammer, Eric

Morgan, Daniel

Neltz, Tamas

Nevins, Maxwell

Novak, Matt

O'Connor, Courtenay

Pareene, Alex

Parham, Jason

Petchesky, Barry

Popken, Ben

Price, John

Reddy, Kavi

Regenspan, Ben

Roberts, Shane

Sargent, Jordan

Sommer, Ethan

Sundue, Paul

Szász, Péter

Szatmári, András

Taomina, Margaret

-18-

Tiku, Nitasha

Totilo, Stephen

Trotter, JK

Udvardi, Ramóna

Walker, Alissa

Weaver, Caity

Weinstein, Adam

Wentz, Allison

## SCHEDULE 1(j)

### Significant Customers

| | |
|---|---|
| 20th Century Fox | Earnest |
| 360i | Empowering Media LA |
| A9.com Inc. (Amazon Match Buy) | Empowering Media NY |
| Accordant Media | Essence |
| Adslot | f451 - US |
| Aegis Group | Facebook |
| Alliance Games | Factorylabs |
| Allure Media - GM | Fallon |
| Amazon | Future Publishing Ltd (US) |
| Amazon Commerce Revenue | General Mills, Inc. |
| AOL One | Google (BizDev) |
| Asana (Customer) | Graze |
| Assembly | Havas |
| Baru Advertising | Horizon Media |
| Blue Apron | HostGator |
| Blue Wheel Media | Hover |
| Bluehost | HTC Blinkfeed |
| Brigade Marketing | IBM |
| Casper | Indochino |
| Centro | Initiative LA |
| Cisco | Initiative NY |
| Cramer-Krasselt | Interpublic Group of Companies |
| Criteo | iSocket, Inc. |
| Crossmedia | ITVS |
| Desk.com | Kepler Group |
| Dialect Inc | Ketchum |
| DigitasLBi | Kovel Fuller |
| Dollar Shave Club | Kruskopf & Company |
| Draftkings | Liquid Advertising |

LivWell

Logmein.com

MarkLogic

McGarrah Jessee

Me Undies

Mediagene Inc - US

Mediasmith

Mediastorm, LLC

Merkley and Partners

MillerCoors

MNI

MODCo Media

Mullen

NameCheap

Newscred

Nokia

NVIDIA

Omnicom Group

Pereira & Odell

Petrol

PGR Media

Protein

Publicis Groupe

R/West

Rachael Piper Consulting

Randomhouse

RED Interactive Agency

Rodger's Townsend

RPA

Rubicon

Skillshare

Slack

Spacetime Media

SquareSpace

StackSocial

Status Audio

Sterling Rice Group

Superdry Wholesale LLC

Taboola (Biz Dev)

Tangible Media

TaxFyle

The Garage Team Mazda

TubeMogul

UCB

Udemy

Varidesk

Viewster.com

VOX Media - Curbed Investment

VSN

WavesGear

weBoost

Wieden & Kennedy

Wildcard Properties LLC

WPP

Wright's Media

Zeno Group

-21-

## SCHEDULE 1(k)

### Significant Unsecured Creditors

Ad-Juster, Inc. (media)

ADP Workforce Now

Akerman LLP

Alex Palmer

Andrew Harding

AOL Advertising

Associated Press

Blane Bachelor

Brandtale

CDW Direct

Cloudinary Ltd.

Concur Technologies, Inc.

Corbis Corporation

Corey Foster

Creative Circle, LLC.

DataGram

DoubleVerify, Inc.

DRH Internet Inc

Equinox Fitness Clubs - Corp Accts

Fastly

Fried, Frank, Harris, Shriver & Jacobson LLP

Getty Images

Giaco Furino

Google Inc. (DoubleClick)

Google, Inc. (Analytics)

Hunter Slaton

Ian Fette

Jelle Claeys Automotive Artwork

Joshua M Lees

JW Player (Longtail Ad Solutions, Inc.)

Katherine Fry

Kinja Accounts Payable

Krux Digital

L-Cut Digital Media, Inc.

Market Halsey Urban Renewal, LLC

Marlena Agency Inc.

Medialink

Merrill Communications, LLC

Metropolitan Cleaning, LLC

Moat Inc.

Morrison Cohen LLP

Newmark & Co. Real Estate, Inc.

Nick Wong Photography

NSONE Inc.

Operative Media, Inc

Optimizely, Inc.

Pacific Coast News

Plant Specialists LLC

QZZR

REDBOOKS

Risk Strategies Company

Shenker & Bonaparte, LLP

SimpleReach, Inc.

Sizmek Technologies Inc.

Specless

STAQ, INC.

Submarine Leisure Club, Inc. (Wirecutter)

Submersive Media

The Hartford

The Oliver Group

Viddler, Inc.

57491981_3

## SCHEDULE 1(l)

## Significant Vendors

| | |
|---|---|
| 114 Fifth Avenue | Kforce Inc. |
| ADP PayEx | Kornhaber Brown, LLC |
| Advanced Electronic Solutions, Inc. | Lay It Out, Inc. |
| AMA Consulting Engineers P.C. | Leiberts Royal Green Appliances Inc. |
| AMEX Corporate GM - 01006 | Lewis Rice LLC |
| Andrew Liszewski | LionTree Advisors LLC |
| Apple Inc. (media) | LJ DUFFY, Inc. |
| Baby Llama Productions LLC | Maples & Calder (GM LLC) |
| Bajibot Media | NetRatings, LLC |
| Big Mango, Inc. | Netsuite, Inc. |
| Bird & Bird LLP | NVE, Inc. |
| Brannock & Humphries | OCP Collective Corp. |
| Cahill Gordon & Reindel LLP | Olson Kundig Architects |
| Cannes Trip 2015 | Olson Kundig Interiors |
| Catalyst | OnMarc Media Inc. |
| Cerberus Capital Management LP | Opportune LLP |
| ComScore Inc. | Redscout LLC |
| Con Edison (210) | Robert Half |
| CytexOne Technology, LLC | Ropes & Gray LLP |
| Dynect, Inc | Santa Monica Air Center, Inc. |
| Emma C Lanigan (Cookson) | Structure Tone |
| Fidelity 401k | SW Management LLC |
| Harder Mirell & Abrams | TangentVector, Inc. |
| Hatch Content, LLC | Tapestry Associates LLC |
| HeartWork, Inc. | Thomas & Locicero PL |
| Houlihan Lokey | Treasury of the United States |
| Howard Kennedy | TrueForm Concrete, LLC |
| Inform Interiors | Veritas Pictures, Inc. |
| Jesus Diaz (vendor) | Versus LLC |

Vizu Corporation

Voya Financial 401K

WB Wood NY

Young America Capital

57491981_3

**SCHEDULE 1(m)**

**<u>Taxing Authorities</u>**

Internal Revenue Service

Budapesti Önkormányzat

Hungary National Tax Authority

New York City Department of Finance

New York State Commissioner of Taxation and Finance

## SCHEDULE 1(n)

### U.S. Trustee and Key Court Personnel for the Southern District of New York

Cecilia G. Morris

James L. Garrity

Martin Glenn

Mary Kay Vyskocil

Michael E. Wiles

Robert D. Drain

Robert E. Grossman

Sean H. Lane

Shelley C. Chapman

Stuart M. Bernstein

Alicia Leonhard

Amanda Cassara

Andrea B. Schwartz

Andy Velez-Rivera

Anna M. Martinez

Brian S. Masumoto

Cheuk M. Ng

Danny A. Choy

Ercilia A. Mendoza

Greg M. Zipes

Guy A. Van Baalen

Ilusion Rodriguez

Kathleen Schmitt

Linda A. Riffkin

Lisa Penpraze

Maria Catapano

Mary V. Moroney

Myrna R. Fields

Nadkarni Joseph

Paul K. Schwartzberg

Richard C. Morrissey

Serene Nakano

Susan Arbeit

Susan Golden

Sylvester Sharp

Victor Abriano

William K. Harrington

**SCHEDULE 1(o)**

**Utilities**

114 Fifth Avenue Ground Lessee

Atlantic Metro Communications

Benefit Resource, Inc.

Cogent Communications

Con Edison

ShoreTel Inc.

## SCHEDULE 1(p)

### Employees and Independent Contractors

| | |
|---|---|
| Asd Mario Aguilar | Devin Clark |
| Joshua Albertson | Gloria Clark |
| Angelica Alzona | Steve Climaco |
| Fritzie Andrade | Ariana Cohen |
| Erika Audie | Andrew Collins |
| Jared Auslander | Zachary Connett |
| Ilene Baker | John Cook |
| Michael Ballaban | James Cooke |
| Patrick Ballester | Alexandra Cranz |
| Chad Bernstein | Hillary Crosley |
| Lauren Bertolini | Justin Cross |
| Sam Biddle | Andrew Cush |
| Ilona Bilevych | Zach Custer |
| Christina Blacken | Madeleine Davies |
| Gabrielle Bluestone | Maritza De Leon |
| James Boos | Veronica de Souza |
| Joshua Bottino | Sarah Dedewo |
| Robert Bricken | Ernest Deeb |
| Ryan Brown | Nick Denton |
| Kara Brown | Alexander Dickinson |
| Bridget Brown | Heather Dietrick |
| Timothy Burke | Alexandre Dohrmann |
| Albert Burneko | Lacey Donohue |
| Camila Cabrer | Kevin Draper |
| Alexandra Cannon | Kathryn Dries |
| Emma Carmichael | Katherine Drummond |
| Anthony Carnevale | Eyal Ebel |
| Casey Chan | Cheryl Eddy |
| Michelle Chiang | Stassa Edwards |

| | |
|---|---|
| Adam Estes | Samer Kalaf |
| Michael Fahey | Omar Kardoudi Segarra |
| Georgia Faircloth | Hannah Keyser |
| Ashley Feinberg | Sophie Kleeman |
| Ian Fette | Patrick Klepek |
| Robert Finger | Thorin Klosowski |
| Ashton Galloway-Taylor | Michele Lafauci |
| Marina Galperina | Patrick Laffoon |
| John Gelini | Samantha Lagani |
| Patrick George | Miranda Langrehr |
| Kanwar Gill | Joshua Laurito |
| Ariel Gononsky | Catherine LeClair |
| George Grayson | Thomas Ley |
| Melissa Green | Mia Libby |
| Samuel Griffel | Michael Lindsay |
| Heidi Grothaus | Katelyn Lovejoy |
| Ava Gyurina | Germain Lussier |
| Anthony Hack | Riley MacLeod |
| William Haisley | Andrew Magary |
| Lucy Haller | Amanda Mandelstein |
| Kirk Hamilton | Timothy Marchman |
| Matt Hardigree | Alex Mason |
| Andrew Harding | Shepherd McAllister |
| Alan Henry | Kathryn McGinnis |
| Patricia Hernandez-Ramos | David McKenna |
| Emily Herzig | Colleen McMillan |
| Clover Hope | Bryan Menegus |
| Mollie Horan | Anna Merlan |
| Heather Hynes | Maria Misra |
| Attila Illes | Kelly Monson |
| Jacob Inferrera | Daniel Morgan |
| Victor Jeffreys | Diana Moskovitz |
| Richard Juzwiak | Julian Muller |

57491981_3

| | |
|---|---|
| Nick Murphy | Michael Roselli |
| Melissa Murray | Joanna Rothkopf |
| Evan Narcisse | William Sansom |
| Giri Nathan | Jordan Sargent |
| Tamas Neltz | Samuel Scherer |
| Chris Neveu | Stephanie Schrader |
| Hamilton Nolan | Jason Schreier |
| Matthew Novak | Jillian Schulz |
| Michael Nunez | Taryn Schweitzer |
| Brendan O'Connor | Thomas Scocca |
| Courtenay O'Connor | Eleanor Shechet |
| Michael Orell | Julianne Shepherd |
| Darren Orf | Hunter Slaton |
| Andrew Orin | Elisa Solinas |
| Raphael Orlove | Ethan Sommer |
| Jennifer Ouellette | Casey Speer |
| Alexander Pareene | Zoe Stahl |
| Andrea Park | Nicholas Stango |
| Adam Pash | Judith Steinbach |
| Puja Patel | Madeleine Stone |
| Christopher Person | Kelly Stout |
| Barry Petchesky | Richard Sundue |
| Alexandra Philippides | Margaret Taormina |
| Diego Pineda | Jia Tolentino |
| Steven Polletta | Jason Torchinsky |
| John Price | Stephen Totilo |
| Nandita Raghuram | David Tracy |
| Eric Ravenscraft | Katharine Trendacosta |
| Kavitha Reddy | Joseph Trotter |
| Patrick Redford | William Turton |
| Benjamin Regenspan | Kerrie Uthoff |
| Shane Roberts | Christopher Vespoli |
| Grace Robertson | Alissa Walker |

57491981_3

| | |
|---|---|
| Angela Wang | Jamie Condliffe |
| Jamie Weber | Chris Mills |
| Anastasia Weeks | James Whitbrook |
| Allison Wentz | David Nield |
| Samuel Woolley | Kathryn Jezer-Morton |
| András Szatmári | Madeleine Collier |
| Attila Kocsis | Fruzsina Kuhari |
| Balázs Kéki | Robert Stokes |
| Balázs Pőcze | Adam Kovac |
| Dmitry Lambrianov | Jared "Jay Allen" Goodwin |
| Gábor Kacsik | Anthony Dejolde |
| Gáspár Körtesi | Carlos Rebato |
| György Bokros | Carlos Hierro |
| Ildikó Kriston | Matias Martinez |
| István Bodnár | Eduardo Marin |
| János Hardi | Miguel Redondo |
| László Heves | Zolani Stewart |
| Levente Molnár | Reshma Bhai |
| Linda Bucsánszki | Manisha Aggarwal |
| Luca Németh | Lindsay Handmer |
| Márton Borlay | Daniel Strudwick |
| Mikhail Mitrofanov | Eva Jurczyk |
| Olivér Kovács | Mihir Patkar |
| Péter Szász | Toshihisa Nakamura |
| Ramóna Udvardi | Kirsten O'Regan |
| Szabolcs Vida | Alexandra Nursall |
| Szilvia Németh | Nicholas Cameron |
| Zoltán Balázs | Ralph Jones |
| Zoltán Kalmár | Elizabeth Edgar |
| George Dvorsky | Rawiya Elkhadir |
| Luke Plunkett | Ian Dransfield |
| Brian Ashcraft | Stefan Janke |
| Andrew Liszewski | Mark Wilson |

57491981_3

| | |
|---|---|
| Sniff Petrol Limited | Halmar Sveinbjornsson |
| James Fell | Amit Reut |
| Peter Ryan | Rosa Gregori |
| Manuel Mendez Perez | Sarah Moroz |
| Angel Jiminez | Jason Richards |
| Jacob Rose | Ravi Somaiya |
| Bram Gieben | Reut Amit |
| Eva Holland | Michael "Massoud" Martin |
| Nathan Thompson | Fariha Roisin |
| Priya Elias | William Herkewitz |
| Scaachi Koul | Lev Hellebust (Bratishenko) |
| Helen Appleyard | Pranav Dixit |
| Omar Karduodi Segarra | Danny Allen |
| Cara Ellison | Karan Atul Shah |
| Estelle Tang | James Baker |
| Anupa Mistry | Gary Cutlack |
| Brodie Lancaster | Adelaide Dugdale |
| Jess Shanahan | Katherine Hannaford |
| Jesus Diaz | Brian Hogg |
| Herbert Lui (Wonder Shuttle Media, Inc) | Andrew James |
| Graham Ruthven | Chris Mcveigh |
| Stacy May Fowles | Apoorva Prasad |
| Andrew Gibney | Michelle Tofi |
| Daniel Harris | Yareniz Saavedra Padilla |
| Alex Hess | Carlos Risco |
| Chris Koentges | Elias Notario Perez |
| Kevin O'Brien | Eric Tecayehuatl |
| Achal Prabhala | Robert Boffard |
| David Sommer | Guy Combs |
| Monica Heisey | Joel Meadows |
| Sara Mcculloch | Chris Harris |
| Jakob Wenngren | Guy Porepp |
| Alex Bejerstrand | Anthony Mark Dewhurst |

57491981_3

Peter Orosz

Ryan Pierce

Neill Watson

George Williams

Chris Harris

Natasha Chenier

Esther Sassaman

Luke Malone

Mikhail Mitrofanov

Leo Wichtowski

Kevin Mahon

Simon Parkin

Quintin Smith

Kathleen Williams

Ollie Barder

Simon Mapp

Andrew Mcmillen

David Veselka

Kevin Mahon

David Gilson

Mark O'Neill

Spanner Spencer

Tom Cassell

Kenneth Gibson

Clare Kane

Zolani Stewart

Josephine Huetlin

57491981_3

## **Exhibit C**

Holden Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                              :

In re                            :      Chapter 11
                              :

Gawker Media LLC, *et al.*,[1]      :      Case No. 16-11700 (SMB)
                              :

            Debtors.       :      (Jointly Administered)
                              :

------------------------------------------------------x

### DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRTUPCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BRANNOCK & HUMPHRIES AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, William D. Holden, being duly sworn, hereby declare as follows:

         1.       I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media"), located at 114 Fifth Avenue, 2d Floor, New York, New York 10014.

         2.       I submit this declaration (this "Declaration") in support of the Debtors' Application Pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 For Entry of an Order Authorizing the Retention and Employment of Brannock & Humphries as Special Litigation Counsel Effective *Nunc Pro Tunc* to the Petition Date (the "Application").[2]  The facts set forth herein are based on my personal knowledge or information provided to me by the Debtors' management or other professionals.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

58143653_3

## The Debtors' Selection of Brannock & Humphries

3.      Brannock & Humphries ("Brannock & Humphries") is proposed to serve as special litigation counsel to the Debtors, responsible for the matters described in the Application.  The Debtors recognize that a careful selection should be made when selecting and managing any counsel acting for debtors in a chapter 11 case, to ensure that the professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.      Here, Brannock & Humphries has been engaged by the Debtors since 2014, for what were non-bankruptcy matters, and Brannock & Humphries was subjected to the client-driven market forces and scrutiny when it was originally retained.  The contemplated engagement continues Brannock & Humphries' engagement on the same terms, including a discount from Brannock & Humphries' standard hourly rates, subject only to the standard periodic rate increase.

5.      In addition, under the contemplated engagement, Brannock & Humphries will charge only those actual and necessary expenses, for which it bills its clients, incurred in connection with the rendering of legal services described in the Application, by category and nature of services rendered.

6.      It is my understanding that when Brannock & Humphries was originally retained in May 2014, Gawker Media considered alternative law firms as part of its selection process.  Gawker Media's decision to retain Brannock & Humphries required consideration of cost, but more importantly, its expertise in appellate.  Brannock & Humphries was retained in a non-bankruptcy environment, and was subjected to the competition in the non-bankruptcy marketplace when it was retained.

58143653_3

## Rate Structure

7.    In my capacity as Chief Restructuring Officer, I am responsible, along with Heather Dietrick (General Counsel), for monitoring outside counsel retained by the Debtors in the ordinary course of business.  As indicated above, Brannock & Humphries has informed the Debtors that the rates charged to the Debtors by Brannock & Humphries reflect a discount off of the firm's standard hourly rates and that its rates for the Services are comparable to or less than the rates Brannock & Humphries charges for similar matters in a non-bankruptcy environment. As discussed below, I am responsible for reviewing the invoices regularly submitted by Brannock & Humphries.

## Cost Supervision

8.    The Debtors and Brannock & Humphries are working on a prospective budget and staffing plan for the period from the Petition Date to 120 days after the Petition Date, recognizing that in the course of a large chapter 11 case, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Brannock & Humphries.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors expectations and the exigencies of these chapter 11 cases.  The Debtors will continue to review the invoices that Brannock & Humphries regularly submits, and together with Brannock & Humphries, amend the budget and staffing plan periodically.

58143653_3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct to the best of my knowledge and belief.

Dated: July 25, 2016

_____
William D. Holden