**Hearing Date: August 9, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: August 4, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                              :
In re                                         :      Chapter 11
                                              :
Gawker Media LLC, *et al.*,[1]                :      Case No. 16-11700 (SMB)
                                              :
                          Debtors.            :      (Jointly Administered)
                                              :
-------------------------------------------------------x

**NOTICE OF DEBTORS' APPLICATION PURSUANT TO SECTIONS**
**327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY**
**OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION COUNSEL**
**EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

     **PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the Application (the

"Application" a copy of which is attached hereto) of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to retain

and employ Levine Sullivan Koch & Schulz, LLP as special litigation counsel effective *nunc pro*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

*tunc* to the Petition Date will be held before the Honorable Stuart M. Bernstein of the United

States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 723, One

Bowling Green, New York, New York 10004-1408, on **August 9, 2016 at 10:00 a.m.**

**(prevailing Eastern Time).**

        **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application

and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall set forth the basis for the response or objection and the specific grounds therefore, and shall

be filed with the Court electronically in accordance with General Order M-399 by registered

users of the Court's case filing system (the User's Manual for the Electronic Case Filing System

can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard

copy delivered directly to chambers and served so as to be actually received no later than **August**

**4, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon: (i) the

Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, NY 10011, Attn. Heather

Dietrick (heather@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue

of the Americas, New York, NY 10036, Attn: Gregg M. Galardi

(gregg.galardi@ropesgray.com);  (iii) the Office of the United States Trustee for the Southern

District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes &

Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) proposed counsel to the Official Committee of Unsecured Creditors,

Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba

(squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC

Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash

Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A.

Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon

(keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, as DIP Lender,

Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C.

Harris (adam.harris@srz.com); (ix) Levine Sullivan Koch & Schulz, LLP, 1899 L Street NW,

Suite 200, Washington, DC 20036, Attn: Seth Berlin (sberlin@lskslaw.com); and (x) those

persons who have formally appeared and requested service in these cases pursuant to Bankruptcy

Rule 2002.

　　　　**PLEASE TAKE FURTHER NOTICE** that a copy of the Application may be obtained

free of charge by visiting the website of Prime Clerk LLC at

https://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting

the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees

set forth therein.

　　　　**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned

thereafter from time to time without further notice other than an announcement of the adjourned

date or dates at the Hearing or at a later hearing.  The Debtors will file an agenda before the

Hearing, which may modify or supplement the Application to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are

timely filed and served with respect to the Application, the Debtors may, on or after the

Objection Deadline, submit to the Court an order substantially in the form annexed as Exhibit A

to the Application, which order the Court may enter with no further notice or opportunity to be

heard.

Dated: July 25, 2016                              /s/ Gregg M. Galardi
       New York, New York                   Gregg M. Galardi
                                                                 Jonathan P. Gill
                                                                Marc B. Roitman
    Stacy A. Dasaro
    ROPES & GRAY LLP
    1211 Avenue of the Americas
    New York, NY 10036-8704
    Telephone: (212) 596-9000
    Facsimile: (212) 596-9090
    gregg.galardi@ropesgray.com
    jonathan.gill@ropesgray.com
    marc.roitman@ropesgray.com
    stacy.dasaro@ropesgray.com

Hearing Date: August 9, 2016 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: August 4, 2016, 2016 at 4:00 p.m. (Prevailing Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                            :
In re                                       :     Chapter 11
                                            :
Gawker Media LLC, et al.,¹                   :     Case No. 16-11700 (SMB)
                                            :
              Debtors.                      :     (Jointly Administered)
                                            :
-------------------------------------------------------x
```

**DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a)
AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014
AND 2016 AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION
COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Gawker Media LLC ("Gawker Media") and its affiliated debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully

submit this application (the "Application") for entry of an order under, substantially in the form

attached hereto as Exhibit A, authorizing the Debtors to retain Levine Sullivan Koch & Schulz,

---

¹ The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

LLP ("LSKS") as special litigation counsel, *nunc pro tunc* to the Petition Date (as defined below) pursuant to sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").  In support of the Application, the Debtors submit the Declaration of Seth D. Berlin (the "Berlin Declaration"), attached hereto as Exhibit B, and (ii) the Declaration of William D. Holden (the "Holden Declaration"), attached hereto as Exhibit C.  In support of the Motion, the Debtors hereby incorporate by reference the *Declaration of William D. Holden in Support of First Day Motions* (the "First Day Declaration") [Docket No. 7].  In further support of the Application, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider and determine this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are Section 327(e), 328(a) and 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and  Local Rules 2014-1 and 2016-1.

### Procedural Background

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 12, 2016, Gawker Media Group, Inc. ("GMGI")

2

and Kinja Kft. ("Kinja") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.        On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6.        On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.        The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.        The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the First Day Declaration.

## Relief Requested

9.        The Debtors seek an order of this Court, pursuant to Sections 327(e), 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to employ and retain LSKS *nunc pro tunc* to the Petition Date, in accordance with the terms of Gawker Media's initial engagement of LSKS in October 2012 (as updated from time to time since then to reflect firm-wide rate increases by LSKS), this Application, and the proposed Order submitted herewith, as the Debtors' special counsel to perform legal services attendant to certain litigation, as more fully described herein.  For the reasons set forth below, the Debtors submit that the relief requested is in the best interest of the

Debtors, their estates, their creditors, stakeholders, and other parties in interest, and, therefore, should be granted.

### The Retention of LSKS

10.     The Debtors seek to retain LSKS as special litigation counsel because of LSKS's experience, knowledge and familiarity with certain lawsuits involving the Debtors' business and operations.  Since on or about October 15, 2012, LSKS has represented the Debtors with respect to various First Amendment, newsroom, media, defamation, privacy, copyright, and other similar matters in litigation in courts throughout the country and in non-litigated matters.  Accordingly, the Debtors submit that LSKS's knowledge, expertise, and experience of the Debtors' business and operations and all issues, matters or controversies that may concern these bankruptcy proceedings qualify LSKS to work on behalf of the Debtors' estate in the most efficient and cost-effective manner.

11.     LSKS was first retained in October 2012 to defend Gawker Media and certain affiliated entities, as well as individuals Nick Denton, A.J. Daulerio and Kate Bennert against privacy and related claims brought by Terry Gene Bollea, the wrestler and celebrity known as "Hulk Hogan," arising from Gawker Media's publication of excerpts from a tape depicting him engaged in an affair with Heather Clem, the wife of his best friend, radio "shock jock" Bubba the Love Sponge Clem ("*Bollea I*").  That case was originally filed in federal court, and captioned *Bollea v. Gawker Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.).  After several motions seeking preliminary injunctive relief were denied by the federal court on First Amendment grounds, *see, e.g.*, *Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012); *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012), the plaintiff dismissed his federal court action, and re-filed his claims in state court, adding them to an existing lawsuit

4

against the Clems.  *See Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.).    That case has involved extensive proceedings in the Florida courts.    Following the dismissal of the other defendants, the case was tried in March 2016 against Gawker Media, Nick Denton and A.J. Daulerio, and resulted in a $140.1 million verdict, which ultimately precipitated these Chapter 11 proceedings.    The resolution of the appeal of *Bollea I* will be a significant milestone in these chapter 11 cases.    In May 2016, LSKS was retained to represent Gawker Media in *Bollea v. Buchwald & Assocs., et al.*, No. 16-002861-CI (Fla. Cir. Ct.) ("*Bollea II*"), a case arising from plaintiff's claims regarding the alleged leak of a summary transcript describing racist and homophobic comments Bollea made on another sex tape involving him and Heather Clem, which he claims caused him injury.    In addition to the two *Bollea* lawsuits, LSKS has also been retained to represent Gawker Media and related individuals as follows:

  a.    In September 2014, LSKS was engaged to represent Gawker Media and GMGI in a lawsuit brought by retired Major League Baseball pitcher Mitchell Williams, *Williams v. The MLB Network, Inc., et al.*, No. CAM-L-3675-14 (N.J. Super. Ct.) ("*Williams*").    The plaintiff's claims in that case relate to reports on Gawker Media's sports-news website, www.deadspin.com, about alleged misconduct by Williams at a Little League Baseball game and his subsequent termination as a television commenter by The MLB Network.    GMGI was voluntarily dismissed. The Court granted summary judgment in favor of Gawker Media on June 1, 2016. Williams had indicated that he plans to appeal that ruling following a forthcoming trial against defendant The MLB Network.    Williams has filed a $50 million claim in this Chapter 11 proceeding.[2]

---

[2] Claim number 6, filed July 11, 2016.

58000303_10

b.      In June 2015, LSKS was retained to defend Gawker Media and individuals J.K. Trotter and Greg Howard against a defamation claim brought by a blogger in *Johnson, et al. v. Gawker Media, LLC, et al.*, No. 4:15-CV-1137 CAS (E.D. Mo.). Although that case was dismissed for lack of personal jurisdiction, *see Johnson v. Gawker Media, LLC*, 2016 WL 193390 (E.D. Mo. Jan. 15, 2016), it is the Debtors' understanding that the claims were refiled in California, *see Johnson v. Gawker Media, LLC*, No. 5-CECG03734 (Cal. Sup. Ct.) ("*Johnson*").   The California case was never served, but the Debtors understand that the plaintiffs plan to pursue their claims.

c.      In January 2016, LSKS was engaged to defend Gawker Media as well as individuals Nick Denton, John Cook and Sam Biddle in *Terrill v. Gawker Media, LLC, et al.*, No. 16-cv-00411 (S.D.N.Y.) ("*Terrill*"), regarding an article Gawker Media published about the plaintiff's investigation into a prominent technology executive best known for working at the billion-dollar technology company Tinder.

d.      In May 2016, LSKS was retained to defend Gawker Media and individuals Nick Denton, John Cook and Sam Biddle against claims in *Ayyadurai v. Gawker Media, LLC, et al.*, 16-cv-10853 (D. Mass.) ("*Ayyadurai*"), regarding articles it published about plaintiff's purported invention of email.

e.      In February 2016, LSKS was retained to represent Gawker Media, as well as individuals Nick Denton, Irin Carmon, and Gaby Darbyshire in *Huon v. Denton*, No. 15-3049 (7th Cir.) ("*Huon*"), in an appeal arising from a post on a Gawker Media website that reported on a defamation suit plaintiff filed against a co-

6

defendant.  (Huon appealed the trial court's order dismissing his claims against Gawker Media and the other affiliated defendants with prejudice.  *See Huon v. Breaking Media, LLC*, 75 F. Supp. 3d 747 (N.D. Ill. 2014).)  Huon, an attorney, has moved to appear *pro hac vice* in the companion adversary proceeding, captioned *Gawker Media, LLC v. Huon*, No. 16-01085 (Bankr. S.D.N.Y.) (the "Adversary Proceeding").

f.      LSKS also provides ongoing counseling and representation regarding editorial content issues common to news organizations, including such things as retraction demands, subpoenas, access to official proceedings and records, copyright, and newsgathering issues.

g.      Given its familiarity with the various lawsuits pending against the Debtors, LSKS has also advised Debtors' bankruptcy counsel concerning the background of the proceedings enumerated above in connection with this case and the Adversary Proceeding.

12.     The professional services to be provided by LSKS, which include advising the Debtors with respect to the matters described in paragraph 11, are collectively referred to as the "Services."   All of the lawsuits described in paragraph 11 are collectively referred to as the "Actions."

13.     The Debtors require and will continue to require the Services throughout these chapter 11 cases.  Though the automatic stay has prohibited the immediate prosecution of the pending litigation against the Debtors, the Debtors will need LSKS's expertise during the bankruptcy cases to advise them on matters concerning the lawsuits described above and related matters.  Additionally, as the Court is aware, at the conclusion of the sale process, if not sooner,

7

the Debtors intend to modify the automatic stay to permit the appellate proceedings in *Bollea I* to continue. The Debtors also require LSKS's ongoing counseling and legal advice regarding editorial content issues (of the type described in paragraph 11(f) above), as the Debtors continue to operate their business and prepare it for sale.

14.    No other law firm is providing the Debtors with the Services, except that Thomas & LoCicero PL, 601 South Blvd., P.O. Box 2602 (33601), Tampa FL 33606, and Brannock & Humphries, 1111 West Cass Street, Suite 200, Tampa FL, 33606, are also providing services as local counsel in connection with *Bollea I* and *Bollea II*. LSKS will work with Ropes & Gray LLP ("Ropes & Gray") and, if approved by the Court, Thomas & LoCicero and Brannock & Humphries to ensure that the services provided by each firm are complementary of each other and not duplicative.

15.    If the Debtors were required to retain counsel other than LSKS, the Debtors, their estates, and all parties in interest would lose the benefit of LSKS's experience and expertise on the matters for which LSKS has been serving the Debtors prior to the filing of these chapter 11 cases. Moreover, the disruption and duplicative costs involved in replacing LSKS at this juncture on the Actions, and other matters, issues and controversies described in the preceding paragraphs, would be harmful to the Debtors, their estates, and their creditors.

16.    The Debtors respectfully submit that LSKS is well-qualified and uniquely able to provide the specialized legal advice sought by the Debtors as set forth herein in an efficient and cost-effective manner, and LSKS's retention as special litigation counsel is in the best interests of the Debtors and their estates.

17.    LSKS's services are appropriate and necessary to enable the Debtors to achieve final resolution in the pending lawsuits.

58000303_10

## No Adverse Interest

18.     As discussed in the Berlin Declaration, LSKS does not represent or hold an interest adverse to the Debtors with regard to the matters on which it will provide the Services. To the best of the Debtors' knowledge, except as specifically set forth in the Berlin Declaration and as described below, LSKS has not represented the Debtors' creditors or any other parties in interest or their respective attorneys in any matter relating to the Debtors or their estates.[3]

19.     To the best of the Debtor's knowledge and based upon the Berlin Declaration, LSKS has not represented, nor does it now represent, any interest adverse to the Debtors with respect to the matters on which it is to be employed.

20.     To the best of the Debtor's knowledge, LSKS does not hold a prepetition claim against any of the Debtors.  LSKS has provided services to Gawker Media[4] up through the time of the filing of this Application.  LSKS has regularly billed, and been paid, for its legal services since October 2012.   It has also accrued (but not billed) time and associated charges, and incurred disbursements, for services from the date this proceeding was initiated through the date of this Application, and it is possible that LSKS will learn of disbursements incurred prior to July 2016 that have not yet been billed by, or paid to, its respective vendors.  The Debtors currently have a retainer account with LSKS with a balance of $73,171.68.

21.     In the ninety days prior to the Petition Date, the Debtors paid LSKS an aggregate of $3,675,357.19 on account of their obligations for LSKS's continuing services in connection with the Services.  During that time period, among other things, LSKS completed pre-trial preparations, a jury trial, and post-trial motions in *Bollea I*, initial proceedings in *Bollea II* and

---

[3] If any new facts or circumstances are discovered, LSKS will supplement its disclosure to the Court.

[4] LSKS has also represented GMGI and Kinja.

9

*Terrill*, briefing in the Seventh Circuit in *Huon*, and also completed discovery, prepared for a scheduled June 27, 2016 trial, and litigated (and on June 1, 2016 ultimately prevailed on) a summary judgment motion in *Williams*.

22.    LSKS also represents certain individual non-Debtor defendants in various lawsuits, as described above.  However, for the reasons set forth in the Berlin Declaration, the Debtors do not believe that there is a material conflict between the respective interests of the Debtors and non-Debtor defendants LSKS is representing and identified above in: (1) *Bollea I*; (2) *Huon*; (3) *Terrill*; (4) *Ayyadurai*; or (5) *Johnson*.  As set forth in the Berlin Declaration, in all cases in which LSKS represents multiple defendants in the same action, it does so after determining that joint representation has significant advantages, that a proliferation of separate counsel could be expensive, and that each defendant has a consistent position with respect to the matter, and after advising each client that if a conflict later arises, the firm would not be able to continue representing all defendants.  LSKS also expressly limits the scope of representation to exclude any matters between and among multiple clients represented in the same matter, including, without limitation, claims for indemnification or contribution.  As further set forth in the Berlin Declaration, each of the above-mentioned cases names both Debtor and its agents or employees as defendants arising from the same core of facts, and, in each case, LSKS, consistent with its obligations under the Rules of Professional Responsibility, has determined that no conflict exists.

## Professional Compensation

23.    Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Fee Guidelines"), and *Order Establishing*

58000303_10

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94], and as set forth in the Berlin Declaration, the Debtors propose to compensate LSKS on an hourly basis, at the following rates:

| Professional Level | Hourly Rate |
| --- | --- |
| Senior Partner | $515 |
| Partner | $490 |
| Of Counsel | $490 |
| Senior Associate | $405 |
| Mid-Level Associate | $380 |
| Junior Associate | $330 |
| Paralegal | $215 |
| Law Clerk | $240 |

24.     The preferred hourly rates set forth above are approximately twenty percent below LSKS's standard rates for similar matters, which the Debtors negotiated based on the volume of work it has engaged LSKS to perform and which the Debtors propose to use during the pendency of these chapter 11 cases.  These preferred hourly rates are subject to modest periodic adjustments, usually on February 1 of each year, to reflect economic and other conditions.

25.     LSKS will maintain detailed, contemporaneous records of time and those actual and necessary expenses, for which it bills its clients, incurred in connection with the rendering of the legal services described above by category and nature of services rendered.  In that regard, LSKS does not charge clients, including Debtors and Debtors' employees on the matters enumerated above, for certain expenses (which are incorporated into the above-referenced hourly rates), including internal photocopying, postage, long distance telephone expenses, ordinary delivery charges or computerized legal research.

11

## Statement Regarding U.S. Trustee Guidelines

26.      LSKS intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Fee Guidelines, and the Interim Compensation Order.  In order to protect information protected by the attorney-client privilege, the attorney work-product doctrine and other applicable privileges, the Debtors request that LSKS be permitted to redact from their Monthly Fee Statements submitted to parties other than the Court and the United States Trustee those entries reflecting such information.  Subject to attorney client privilege limitations, LSKS also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines, both in connection with this Application and fee applications to be filed by LSKS in these chapter 11 cases.

27.      The following information is provided in response to the request for additional information set forth in Paragraph D.1. of the Fee Guidelines:

**Question:**    **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Answer:         No.  The hourly rates charged by LSKS for this engagement are roughly twenty percent lower than LSKS's standard hourly rates for similar matters and are consistent with the discounted rates LSKS charges for other comparable clients (the "Discounted Preferred Rates").    LSKS will continue to apply its Discounted Preferred Rates to this engagement through the bankruptcy case.

**Question:**    **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer:         No.

**Question:**    **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have**

12

**changed postpetition, explain the difference and the reasons for the difference.**

Answer:   During the 12 month prepetition period, LSKS represented and provided legal services to the Debtors in various litigated and non-litigated matters, generally pursuant to the firm's Discounted Preferred Rates.   The current Discounted Preferred Rates took effect on February 1, 2016, and reflected a firm-wide increase of 2.5% over the firm's 2015 Discounted Preferred Rates, except that (i) in *Bollea I*, LSKS and the Debtors agreed that the firm would not increase its prior rates until after the March 2016 trial and trial court proceedings concluded; and (ii) in *Williams*, LSKS agreed to charge a negotiated rate with an insurer for Debtors.  As set forth above, LSKS will continue to apply its Discounted Preferred Rates to this engagement postpetition.

**Question:   Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:   LSKS and the Debtors are currently working on a budget and staffing plan for LSKS's work for the Debtors, which will be informed by the ruling by the Court as to the requested preliminary injunction and the application of the automatic stay, and whether the Debtors are ultimately permitted by the Court to continue indemnifying individual defendants, and/or advancing defense costs. The budget anticipates that LSKS will assist the Debtors with the litigations in which LSKS already represents them and in the non-litigation counseling described in paragraph 11(f) above. The Debtors anticipate a budget and staffing plan for the Bollea Litigation will be prepared shortly, and the budget for the remaining Actions will be prepared following the sale of substantially all of the Debtors' assets.  The budget necessarily involves a projection of future events with limited information and is subject to change as the matters develop.

## Basis for Relief

28.    Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specified matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed.  *See* 11 U.S.C. § 327(e).  Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 . . . solely because of such person's employment by or representation of the debtor before the commencement of the case." *See* 11 U.S.C. § 1107(b).

13

29.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer [or] on an hourly basis . . ."  11 U.S.C. § 328(a).

30.     As discussed above, LSKS received $3,675,357.19 within the ninety days before the petition date in respect of the active defense of multiple lawsuits on behalf of the Debtors, including one action that went through jury trial and post-trial motions during that period, another that included discovery, pre-trial, and summary judgment proceedings, a third that involved briefing and May 31, 2016 argument in the U.S. Court of Appeals for the Seventh Circuit, and several other active lawsuits.

31.     The receipt of prepetition payments does not preclude a law firm from being employed as special counsel under section 327(e) so long as the receipt of such payment does not cause it to "hold any interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed."   11 U.S.C. § 327(e); *see also In re Mortgages Ltd.*, No. 2:08BK07465RJH, 2008 WL 5024925, at *1-2 (Bankr. D. Ariz. Aug. 14, 2008) ("[T]he potential receipt of a preference does not disqualify a firm from employment as special counsel when the debtor's and the firm's interests are parallel with respect to the matters for which the firm is to be employed."); *cf. Giuliano v. Ernst & Young, LLP (In re RIH Acquisitions NJ, LLC)*, No. 13-34483, 2016 WL 2996950, at *4 (Bankr. D. N.J. May 24, 2016) (analogizing retention of ordinary course professional to retention under section 327(e) and concluding that Court need not address whether professional received preferential transfers to approve its retention).  Indeed, "[s]ince the role of special counsel is, by definition, limited, the trustee need only show that there is no adverse interest related to that role itself."  *See Hogil Pharmaceutical Corp. v. Sapir (In re Innomed Labs, LLC)*, No. 07-cv-4778 (WCC), 2008 WL 276490 (S.D.N.Y. Jan. 29, 2008); *see*

14

*also Bank of Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622 (2d Cir. 1992)

("we should reason by analogy to 327(e), so that 'where the trustee seeks to appoint counsel only

as 'special counsel' for a specific matter, there need only be no conflict between the trustee and

counsel's creditor client with respect to the specific matter itself.").

32.     This Court and other courts in this district have approved retentions of counsel

under section 327(e) where the law firm to be retained received substantial payments within the

ninety days prior to the petition date.  *See, e.g., In re SunEdison, Inc.*, No. 16-10992 (SMB)

(Bankr. S.D.N.Y. May 20, 2016) [Docket No. 361] (approving section 327(e) retention of law

firm that received approximately $2.37 million in fees for legal services during the ninety days

before the petition date); *In re Apex Silver Mines Ltd.*, No. 09-10182 (JMP) (Bankr. S.D.N.Y.

Jan. 22, 2009) [Docket No. 57] (approving section 327(e) retention of law firm that received

unspecified compensation during the ninety days before the petition date).  Accordingly, the fact

that the Debtors paid LSKS for services rendered within the ninety days prior to the Petition Date

does not disqualify LSKS from being retained pursuant to section 327(e).

33.     LSKS's representation of non-Debtor defendants in certain of the Actions does

not give rise to an adverse interest on the matters for which LSKS is to be engaged.  As set forth

in the Berlin Declaration, LSKS has concluded, consistent with its obligations under the Rules of

Professional Responsibility, that the interests of the Debtors and the non-Debtor defendants are

aligned, and are unlikely to diverge.

34.     Finally, *nunc pro tunc* relief is appropriate here.  The Debtors originally proposed

to retain LSKS as an ordinary course professional, pursuant to the *Debtors' Motion for Entry of

an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the

Ordinary Course of Business* (the "OCP Motion") [Docket No. 53].  At the hearing held on July

7, 2016, this Court requested the removal of LSKS from the list of Ordinary Course Professionals annexed to the Motion.  Since then, the Debtors, together with LSKS, have worked to gather the necessary information to submit this Application to the Court.  During the time between the July 7 hearing and the filing of this Application, the Debtors have worked diligently on various matters related to the proposed sale of substantially all of its assets, and were preparing for the evidentiary hearing that was held in this Court on July 19, 2016.  The Debtors respectfully submit that the brief period between the July 7 hearing and the filing of this Application is appropriate and timely under the circumstances, so as to justify *nunc pro tunc* relief.

35.    For the reasons set forth in this Application and the Berlin Declaration, the Debtors submit that LSKS's retention and employment satisfies section 327(e) and this Application should be approved.  If the Debtors were required to retain counsel other than LSKS, the Debtors, their estates, and parties in interest would be prejudiced, as the Debtors would lose LSKS's invaluable experience and knowledge on, *inter alia*, the litigation matters described above.  Accordingly, it is in the best interests of the Debtors and their estates to retain LSKS.

## Waiver of Stay

36.    The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Application is necessary for the Debtors to protect their interests in pending litigation and to preserve value for their estates.  Accordingly, the Debtors respectfully request

16

that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the need for the relief sought herein justifies immediate relief.

## **Notice**

Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Internal Revenue Service; (iii) the United States Attorney for the Southern District of New York;   (iv) proposed counsel to the Official Committee of Unsecured Creditors; (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender; (vi) counsel to Cerberus Business Finance, LLC, as DIP Lender; (v) Counsel to the Stalking Horse Bidder; (vi) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; and (vii) Levine Sullivan Koch & Schulz LLP. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

58000303_10

WHEREFORE, the Debtors respectfully requests that this Court enter an Order, substantially in the form annexed hereto as Exhibit A, (a) authorizing the Debtors to retain LSKS as special litigation counsel to the Debtors, *nunc pro tunc* to the Petition Date, for the purposes and upon the terms set forth herein; and (b) granting to the Debtors such other and further relief as may be just or proper.

Respectfully submitted,

Gawker Media LLC,

Dated: July 25, 2016

By:   Heather Dietrick
      President and General Counsel

18

## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
Gawker Media LLC, *et al.*,[1]          :        Case No. 16-11700 (SMB)
                                        :
            Debtors.                    :        (Jointly Administered)
                                        :
---------------------------------------------------------x

**ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO SECTION 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to

sections 327(e),  328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New

York (the "Local Rules") authorizing the employment of Levine Sullivan Koch & Schulz, LLP

("LSKS") as special counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First

Day Declaration and the Berlin Declaration, and the Holden Declaration; and the Court having

reviewed the Application, the First Day Declaration, the Berlin Declaration, and the Holden

Declaration; and the Court being satisfied with the representations made in the Application and

the Berlin Declaration that LSKS represents no adverse interest to the Debtors with respect to the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

matters on which LSKS will be employed, that its employment is necessary and in the best

interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that the

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further

appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application

having been given under the particular circumstances; and it appearing that no other or further

notice need be provided; and upon the record herein; and after due deliberation thereon; and

sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(e), 328(a) and 330 of the Bankruptcy Code, the Debtors,

as debtors and debtors in possession, are authorized to employ and retain LSKS as special

counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, the

Berlin Declaration, the Holden Declaration, and this Order, to perform the Services.

3.      To the extent any of the Application, the Berlin Declaration, or the Holden

Declaration are inconsistent with this Order, the terms of this Order shall govern.

4.      LSKS shall be compensated in accordance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* (the "Interim Compensation Order") [Docket No. 94]; provided, however, that

LSKS shall be permitted to redact the time entries submitted to parties other than the Court and

the United States Trustee in connection with their Monthly Fee Statements to remove

2

information protected by the attorney-client privilege, attorney work-product doctrine or other

applicable privileges, as determined by LSKS in its sole discretion.

5.        Prior to applying any increases in its hourly rates beyond the rates set forth in the

Application, LSKS shall provide ten days' notice of any such increases to the Debtors, the

United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US

VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and

shall file the notice on ECF.  The United States Trustee retains all rights to object to such rate

increase.

6.        Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h),

this Order shall be effective and enforceable immediately upon entry hereof.

7.        Notwithstanding any otherwise applicable provisions to the contrary, during the

pendency of these chapter 11 cases, LSKS will not represent present or future clients of LSKS on

matters adverse to the Debtors in these cases.  For the avoidance of doubt, LSKS's representation

of non-Debtor defendants to the extent set forth in the Application shall be permitted under this

Order.

8.        Notwithstanding any otherwise applicable provisions to the contrary, any retainers

shall be applied to the payment of fees and costs as they are approved by the Court.

9.        The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

58000303_10

10.     This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation or interpretation of this Order.


Dated: August __, 2016
New York, New York


_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

58000303_10

## Exhibit B

**Berlin Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                             :

In re                           :        Chapter 11
                             :

Gawker Media LLC, *et al.*,[1]   :        Case No. 16-11700 (SMB)
                           :

          Debtors.        :        (Jointly Administered)
                           :

--------------------------------------------------------x

**DECLARATION OF SETH D. BERLIN IN SUPPORT OF DEBTORS'**
**APPLICATION PURSUANT TO SECTIONS 327(e), 328(a) AND 330**
**OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND**
**2016, AND LOCAL RULES 2014-1 and 2016-1 FOR ENTRY OF AN**
**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION**
**COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

      I, Seth D. Berlin, make this Declaration, under penalty of perjury pursuant to 28 U.S.C.

§ 1746, and hereby declare as follows:

           1.      I am a partner at Levine Sullivan Koch & Schulz, LLP ("LSKS") and duly

authorized to make this Declaration on behalf of LSKS.  I make this Declaration in support of the

Application of Debtors Pursuant to 11 U.S.C. §§ 327(e), 328(a) and 330, Fed. R. Bankr. P.

2014(a) and 2016, and Local Rules 2014-1 and 2016 for entry of an order authorizing the

retention and employment of LSKS as special litigation counsel effective *nunc pro tunc* to the

Petition Date.[2]  Among other state and federal bars, I am admitted and in good standing to

practice law in the State of New York and before the United States District Court for the

Southern District of New York.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc.
are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66.
1062 Budapest, Hungary.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application.

2.      The statements set forth below are based upon my personal knowledge or discussions with other partners and associates of LSKS, and client/matter records of LSKS, reviewed by myself or by associates of LSKS acting under my supervision and direction.

**Retention of LSKS as Special Counsel for the Debtors**

3.      LSKS is well qualified to serve as the Debtors' special counsel in these cases. LSKS is a national law firm that practices exclusively in the field of Media Law, including First Amendment, Entertainment, and Intellectual Property law. From the firm's four offices—in New York, Washington, D.C., Philadelphia, and Denver—LSKS's thirty-six lawyers litigate First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters in trial and appellate courts throughout the country.

4.      Pursuant to the Application, the Debtors seek authority to retain LSKS, *nunc pro tunc* to the Petition Date, to render legal services as described below. Since on or about October 15, 2012, LSKS has represented the Debtors with respect to various First Amendment, newsroom, media, defamation, privacy, copyright, and other similar matters in litigation in courts throughout the country and in non-litigated matters. Since that time, LSKS has developed substantial experience, knowledge, and familiarity with the Debtors and certain lawsuits involving the Debtors' business and operations.

5.      LSKS was first retained in October 2012 to defend Gawker Media and certain affiliated entities, as well as individuals Nick Denton, A.J. Daulerio and Kate Bennert against privacy and related claims brought by Terry Gene Bollea, the wrestler and celebrity known as "Hulk Hogan," arising from publication of excerpts from a tape depicting him engaged in an affair with Heather Clem, the wife of his best friend, radio "shock jock" Bubba the Love Sponge Clem ("*Bollea I*"). That case was originally filed in federal court, and captioned *Bollea v. Gawker Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.). After several motions seeking

2

preliminary injunctive relief were denied by the federal court on First Amendment grounds, *see, e.g.*, *Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012); *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012), the plaintiff dismissed his federal court action, and re-filed his claims in state court, adding them to an existing lawsuit against the Clems.  *See Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.).  That case has involved extensive proceedings in the Florida courts.  Following the dismissal of the other defendants, the case was tried in March 2016 against Gawker Media, LLC, Nick Denton and A.J. Daulerio, and resulted in a $140.1 million verdict, which ultimately precipitated these Chapter 11 proceedings.  The resolution of the appeal of *Bollea I* will be a significant milestone in these chapter 11 cases.  In May 2016, LSKS was retained to represent Gawker Media, LLC in *Bollea v. Buchwald & Assocs., et al.*, No. 16-002861-CI (Fla. Cir. Ct.) ("*Bollea II*"), a case arising from plaintiff's claims regarding the alleged leak of a summary transcript describing racist and homophobic comments Bollea made on another sex tape involving him and Heather Clem, which he claims caused him injury.  In addition to the two *Bollea* lawsuits, LSKS has also been retained to represent the Debtors and related individuals in the following pending actions:

      a.      In September 2014, LSKS was engaged to represent Gawker Media, LLC and Gawker Media Group, Inc. in a lawsuit brought by retired Major League Baseball pitcher Mitchell Williams, *Williams v. The MLB Network, Inc., et al.*, No. CAM-L-3675-14 (N.J. Super. Ct.) ("*Williams*").  The plaintiff's claims in that case relate to reports on Gawker Media's sports-news website, www.deadspin.com, about alleged misconduct by Williams at a Little League Baseball game and his subsequent termination as a television commenter by The MLB Network.  GMGI was voluntarily dismissed, and then the Court then granted summary judgment to

3

Gawker Media on June 1, 2016. Williams had indicated that he plans to appeal that ruling following a forthcoming trial against defendant The MLB Network. Williams has filed a $50 million claim in this Chapter 11 proceeding.

b.    In June 2015, LSKS was retained to defend Gawker Media, LLC, and individuals J.K. Trotter, and Greg Howard against a defamation claim brought by a blogger in *Johnson, et al. v. Gawker Media LLC, et al.*, No. 4:15-CV-1137 CAS (E.D. Mo.). Although that case was dismissed for lack of personal jurisdiction, *see Johnson v. Gawker Media, LLC*, 2016 WL 193390 (E.D. Mo. Jan. 15, 2016), it is the Debtors' understanding that the claims were refiled in California, *see Johnson v. Gawker Media, LLC*, No. 5-CECG03734 (Cal. Sup. Ct.) ("*Johnson*"). The California case was never served, but the Debtors understand that the plaintiffs plan to pursue their claims.

c.    In January 2016, LSKS was engaged to defend Gawker Media, LLC, as well as individuals Nick Denton, John Cook and Sam Biddle in *Terrill v. Gawker Media, LLC, et al.*, No. 16-cv-00411 (S.D.N.Y.) ("*Terrill*"), regarding an article Gawker Media published about the plaintiff's investigation into a prominent technology executive best known for working at the billion-dollar technology company Tinder.

d.    In May 2016, LSKS was retained to defend Gawker Media, and individuals Nick Denton, John Cook and Sam Biddle against claims in *Ayyadurai v. Gawker Media, LLC, et al.*, No. 16-cv-10853 (D. Mass.) ("*Ayyadurai*"), regarding articles it published about plaintiff's purported invention of email.

4

e.    In February 2016, LSKS was retained to represent Gawker Media, LLC, as well

as individuals Nick Denton, Irin Carmon, and Gaby Darbyshire in *Huon v.*

*Denton*, No. 15-3049 (7th Cir.) ("*Huon*"), in an appeal arising from a post on a

Gawker website that reported on a defamation suit plaintiff filed against a co-

defendant.  (Huon appealed the trial court's order dismissing his claims against

the Gawker Media and the other affiliated defendants with prejudice.  *See Huon v.*

*Breaking Media, LLC*, 75 F. Supp. 3d 747 (N.D. Ill. 2014)).  Huon, an attorney,

has moved to appear *pro hac vice* in the companion adversary proceeding,

captioned *Gawker Media LLC v. Huon*, No. 16-01085 (Bankr. S.D.N.Y.) (the

"Adversary Proceeding").

f.    LSKS also provides ongoing counseling and representation regarding editorial

content issues common to news organizations, including such things as retraction

demands, subpoenas, access to official proceedings and records, copyright and

newsgathering issues.

g.    Given its familiarity with the various lawsuits pending against the Debtors, LSKS

has also advised Debtors' bankruptcy counsel concerning the background of the

proceedings enumerated above in connection with this case and the Adversary

proceeding.

6.    The professional services to be provided by LSKS, which include advising

the Debtors with respect to the matters described in paragraph 5 are collectively referred to

herein as the "Services."  All of the lawsuits described in paragraph 5 are collectively referred to

as the "Actions."

5

7.      It is my understanding that the Debtors require and will continue to require the Services throughout these chapter 11 cases.  I believe that the Debtors will require LSKS's expertise during these chapter 11 cases to advise them on matters concerning the Actions, including the Adversary Proceeding, automatic stay, and legal advice regarding editorial content issues (of the type described in paragraph 5(f) above), all of which is necessary as Debtors continue to operate their business and prepare it for sale.  No other law firm, with the exception of Thomas & LoCicero PL, 601 South Blvd., P.O. Box 2602 (33601), Tampa FL 33606, and Brannock & Humphries, 1111 West Cass Street, Suite 200, Tampa FL, 33606, has worked with LSKS to provide the Services.  Thomas & LoCicero and Brannock & Humphries are local and appellate counsel respectively in connection with *Bollea I* and *Bollea II*.  LSKS will coordinate with Ropes & Gray LLP, and, if approved by the Court, Thomas & LoCicero, Brannock & Humphries, to ensure that the services provided by each firm are complementary of each other and not duplicative.

## No Adverse Interest with Respect to the Matters on which LSKS is to be Retained

8.      In connection with its proposed retention under section 327(e) of the Bankruptcy Code, LSKS searched its client/matter records to determine whether it had any conflicts or other connections that might cause it to hold or represent an interest adverse to the Debtors with respect to the matters on which LSKS is to be employed (the "Disclosure Procedures").  As part of the Disclosure Procedures, the Debtors provided LSKS with a list of the Debtors' significant prepetition creditors, vendors, professionals, and other potential parties in interest (collectively, the "Interested Parties"), a summary of which is attached as **Exhibit 1** to this Declaration.  Pursuant to the Disclosure Procedures, LSKS performed the actions described below to determine whether LSKS or any of its attorneys have any connections with, or are currently representing, any Interested Parties in these chapter 11 cases:

6

a.      LSKS compared each of the Interested Parties to the names that LSKS

maintains in its master client database created from its conflict clearance

records.  LSKS's client database includes, among other information,

(i) the name of each current or former client and (ii) the names of the

LSKS attorneys responsible for managing such current or former matters.

b.      Two categories of matches between the Interested Parties and the entities

in LSKS's client database were identified.  The <u>first category</u> is other

current LSKS clients, defined as clients for whom LSKS has an active

matter or has done any work in the past two years, on matters wholly

unrelated to Debtor.  Three LSKS clients fit this category.  Two of these

three clients are named in **Exhibit 2**.  The third client retained LSKS on a

confidential basis to perform work wholly unrelated to Debtor, and

accounted for none of LSKS's revenue in 2015 and less than 0.1 percent

of LSKS's revenue to date in 2016.

c.      The <u>second category</u> of matches between the Interested Parties and the

entities in LSKS's client database are individual defendants in the lawsuits

identified above, who are listed in **Exhibit 3**.

d.      In addition, a general inquiry to all LSKS attorneys, staff, and other

employees was sent by electronic mail to determine if any LSKS partner,

counsel, managing associate, associate, or trainee (i) is related to (A) any

United States bankruptcy judge in the Southern District of New York, (B)

any employee of the United States Bankruptcy Court for the Southern

District of New York, or (C) any employee of the Office of the United

7

States Trustee; (ii) owns any debt or equity security of the Debtors other

than through mutual funds, blind trusts or other investments as to which

individuals have no discretion as to the selection of the underlying assets;

(iii) holds a claim against the Debtors; or (iv) is or was an officer, director,

or employee of the Debtors.  As a result of that inquiry, no such

relationships were identified.

      9.      The client connections listed on **Exhibit 2** were reviewed both by me and

by an attorney working under my supervision.  Based upon that review, it is my belief that, in

respect of each connection between LSKS and such parties, LSKS, as required by section 327(e)

of the Bankruptcy Code, does not hold or represent an interest that is adverse to the Debtors'

estates with respect to the Services for which LSKS is proposed to be employed.  With regard to

**Exhibit 3**, in all cases in which LSKS represents multiple defendants in the same action, it does

so after determining that joint representation has significant advantages, that a proliferation of

separate counsel could be expensive, and that each defendant has a consistent position with

respect to the matter, and after advising each client that if a conflict later arises, the firm would

not be able to continue representing all defendants.  LSKS also expressly limits the scope of

representation to exclude any matters between and among multiple clients represented in the

same matter, including without limitation claims for indemnification or contribution.  Each of the

above-mentioned cases names both Debtor and its agents or employees as defendants arising

from the same core of facts, and in each LSKS, consistent with its obligations under the Rules of

Professional Responsibility, has determined that no conflict exists.

      10.     LSKS currently employs thirty-six qualified lawyers in offices in New

York, Washington, D.C., Philadelphia, and Denver.  LSKS serves the legal needs of creators and

8

providers of virtually every type of content across all media platforms, most frequently representing media companies and their employees.  Some of these entities are, or may consider themselves to be, creditors or parties in interest in the Debtors' chapter 11 cases or to otherwise have interests in these cases.  LSKS has represented, currently represents, and/or may represent in the future persons or entities listed among the Interested Parties (or their affiliates) in matters unrelated to the Services for which LSKS is to be retained.

11.    As a supplement to the disclosure of LSKS's connections with the Interested Parties set forth in **Exhibit 2**, and without limiting such disclosure, to the best of my knowledge and information, none of the Interested Parties represented three percent (3%) or more of LSKS's gross revenue for the 12-month period ending December 31, 2015.  In addition, none of the Interested Parties represented two percent (2%) or more of LSKS's gross revenue for the 2016 calendar year to date.  To the extent issues may arise that would cause the Debtors to be adverse to the above listed entities, or any other client of LSKS, such that it would not be appropriate for LSKS to represent the Debtors with respect to those matters, the Debtors' other professionals or special conflicts counsel will represent the Debtors with respect to such issues.

12.    As a further supplement to LSKS's disclosures set forth herein, and without limiting such disclosures, LSKS's employees may have and/or may have had dealings with the Debtors in the ordinary course of the Debtors' business.

13.    Further, LSKS, its partners, counsel, managing associates, associates, trainee solicitors and/or other employees of LSKS:

a.    may have appeared in the past, and may appear in the future, in other cases unrelated to these cases or unrelated to the Services for which LSKS is to

9

be retained where the Debtors' creditors or other parties with an interest in

the Debtors may be involved;

b.    may represent, or may have represented, certain of the Debtors' creditors

or other parties with an interest in the Debtors in matters that are unrelated

to these chapter 11 cases or unrelated to the Services for which LSKS is to

be retained; and

c.    may have had dealings with creditors or other parties with an interest in

the Debtors that are unrelated to these chapter 11 cases or unrelated to the

Services for which LSKS is to be retained.

14.    LSKS has conducted a general inquiry of all legal personnel to determine

whether any of these individuals owns any debt or equity securities of the Debtors or their

affiliates other than in connection with investments in mutual funds, blind trusts or other

investments as to which such individual has no discretion as to the selection of the individual

underlying assets.  Based on responses to this inquiry, I understand that as of the date hereof,

none of the LSKS personnel surveyed owns any debt or equity securities of the Debtors or their

affiliates.

15.    As a First Amendment and media law firm that typically represents media

companies in publicly filed litigation, LSKS does not typically possess confidential business

information of its clients.  However, LSKS has a long-standing policy prohibiting all personnel

from disclosing or using any confidential client or other information that may come to their

attention in the course of their work.

16.    To the best of my knowledge, information, and belief, insofar as I have

been able to ascertain after reasonable inquiry, neither I, nor LSKS, nor any partner or associate

10

thereof, has any connection with the United States Trustee for the Southern District of New York

or any person employed by the Office of the United States Trustee.

       17.     LSKS believes that it can adequately represent the interests of the Debtors.

To the best of my knowledge, information and belief, LSKS has not represented any creditor,

interest holder or other party in interest in connection with their respective dealings with the

Debtors in the previous two years, except as disclosed herein.  LSKS has fully informed the

Debtors of its ongoing representation of the entities and individuals identified in **Exhibit 2** and

**Exhibit 3**.

       18.     LSKS is confident that its diligence has resulted, to the greatest extent

possible, in the disclosure of all potential conflicts.  However, client relationships with persons

or entities that are not listed on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** but who may nonetheless be

or later become parties in interest in these chapter 11 cases, would not be disclosed in this

Declaration.  In this regard, if LSKS discovers additional information regarding Interested

Parties that requires disclosure, it will submit a supplemental disclosure to the Court containing

such additional information.

       19.     LSKS has provided services to Gawker Media[3] up through the time of the

filing of this Application.  LSKS has regularly billed, and been paid, for its legal services since

October 2012.  It has also accrued (but not billed) time and associated charges, and incurred

disbursements, for services from the date this proceeding was initiated through the date of this

Application, and it is possible that LSKS will learn of disbursements incurred prior to July 2016

that have not yet been billed by, or paid to, its respective vendors.  The Debtors currently have a

retainer account with LSKS with a balance of $73,171.68.

---

[3] LSKS has also represented GMGI and Kinja.

58000303_10

20.     In the ninety days prior to the Petition Date, the Debtors paid LSKS an

aggregate of $3,675,357.19 on account of their obligations for LSKS's continuing services in

connection with the Services.  During that time period, among other things, LSKS completed

pre-trial preparations, a jury trial, and post-trial motions in *Bollea I*, initial proceedings in *Bollea*

*II* and *Terrill*, briefing in the Seventh Circuit in *Huon*, and also completed discovery, prepared

for a scheduled June 27, 2016 trial, and litigated (and on June 1, 2016 ultimately prevailed on) a

summary judgment motion in *Williams*.

21.     To the best of my knowledge, information, and belief, LSKS does not hold

or represent an interest adverse to the Debtors or their respective estates with respect to the

matters for which LSKS is proposed to be retained.  Accordingly, I believe that LSKS satisfies

the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy

Code.

**Professional Compensation**

22.     Subject to the Court's approval, LSKS will charge for its services on an

hourly basis in one-tenth hour (.1) increments, in accordance with the discounted, preferred rates

it agreed, prepetition, to provide to Debtors.  LSKS's range of discounted hourly rates with

respect to those LSKS lawyers currently expected to spend significant time on these chapter 11

cases, subject to change from time to time:

| Professional Level | Hourly Rate |
|---|---|
| Senior Partner | $515 |
| Partner | $490 |
| Of Counsel | $490 |
| Senior Associate | $405 |
| Mid-Level Associate | $380 |
| Junior Associate | $330 |
| Paralegal | $215 |
| Law Clerk | $240 |

12

23.     The preferred hourly rates set forth above are approximately twenty percent below LSKS's standard rates for similar matters, which the Debtors negotiated based on the volume of work it has engaged LSKS to perform and which the Debtors propose to use during the pendency of this chapter 11 proceeding.  These preferred hourly rates are subject to periodic adjustments, usually on February 1 of each year, to reflect economic and other conditions.

24.     LSKS also intends to seek reimbursement of those actual and necessary expenses, for which it bills its clients, incurred in connection with the rendering of the legal services described above by category and nature of services rendered.  In that regard, LSKS does not charge clients, including the Debtors and the Debtors' employees on the matters enumerated above, for certain expenses (which are incorporated into the above-referenced hourly rates), including internal photocopying, postage, long distance telephone expenses, ordinary delivery charges or computerized legal research.

25.     LSKS intends to seek compensation in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94], the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases M-447 (Jan. 29, 2013), and the U.S. Trustee Guidelines (the "Fee Guidelines").  In order to protect information protected by the attorney-client privilege, the attorney work-product doctrine and other applicable privileges, LSKS seeks permission to redact from their Monthly Fee Statements submitted to parties other than the Court and the United States Trustee those entries reflecting such information.

13

26.     Subject to attorney client privilege limitations, LSKS also intends to make

a reasonable effort to comply with the U.S. Trustee's requests for information and additional

disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application

and fee applications to be filed by LSKS in these chapter 11 cases.

27.     LSKS currently holds a retainer from the Debtors in the amount of

$73,171.68.

### Statement Regarding U.S. Trustee Guidelines

28.     The following information is provided in response to the request for

additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

**Question:**     **Did you agree to any variations from, or alternatives to, your
standard or customary billing arrangements for this engagement?**

Answer:     No.  The hourly rates charged by LSKS for this engagement are roughly
twenty percent lower than LSKS's standard hourly rates for similar
matters and are consistent with the discounted rates LSKS charges for
other comparable clients (the "Discounted Preferred Rates").   LSKS will
continue to apply its Discounted Preferred Rates to this engagement
through the bankruptcy case.

**Question:**     **Do any of the professionals included in this engagement vary their
rate based on the geographic location of the bankruptcy case?**

Answer:     No.

**Question:**     **If you represented the client in the 12 months prepetition, disclose
your billing rates and material financial terms for the prepetition
engagement, including any adjustments during the 12 months
prepetition. If your billing rates and material financial terms have
changed postpetition, explain the difference and the reasons for the
difference.**

Answer:     During the 12 month prepetition period, LSKS represented and provided
legal services to the Debtors in various litigated and non-litigated matters,
generally pursuant to the firm's Discounted Preferred Rates.   The current
Discounted Preferred Rates took effect on February 1, 2016, and reflected
a firm-wide increase of 2.5% over the firm's 2015 Discounted Preferred
Rates, except that (i) in *Bollea I*, LSKS and the Debtors agreed that the
firm would not increase its prior rates until after the March 2016 trial and

14

trial court proceedings concluded; and (ii) in *Williams*, LSKS agreed to charge a negotiated rate with an insurer for Debtors. As set forth above, LSKS will continue to apply its Discounted Preferred Rates to this engagement postpetition.

**Question:**       **Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:          LSKS and the Debtors are currently working on a budget and staffing plan for LSKS's work for the Debtors, which will be informed by the ruling by the Court as to the requested preliminary injunction and the application of the automatic stay, and whether the Debtors are ultimately permitted by the Court to continue indemnifying individual defendants, and/or advancing defense costs. The budget anticipates that LSKS will assist the Debtors with the litigations in which LSKS already represents them and in the non-litigation counseling described in paragraph 5(f) above. The Debtors anticipate a budget and staffing plan for the Bollea Litigation will be prepared shortly, and the budget for the remaining Actions will be prepared following the sale of substantially all of the Debtors' assets. The budget necessarily involves a projection of future events with limited information and is subject to change as the matters develop.

29.    No promises have been received by LSKS, or any partner, counsel, or associate of LSKS, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Fee Guidelines.

30.    LSKS has not shared or agreed to share any of its compensation from the Debtors with any person, other than with partners, counsel, associates, or other employees of LSKS as permitted by section 504 of the Bankruptcy Code.

*[remainder of page intentionally left blank]*

15

58000303_10

31.    LSKS will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid any unnecessary duplication of services.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this ___25th___ day of July, 2016.

Seth D. Berlin

16

58000303_10

## Exhibit 1

# SCHEDULE 1

## List of Schedules

| Schedule | Category |
|---|---|
| 1(a) | Debtors and Trade Names |
| 1(b) | Current and Recent Former Directors and Officers |
| 1(c) | Potential Contract Counterparties |
| 1(d) | Insurers |
| 1(e) | Other Interested Parties |
| 1(f) | Landlords |
| 1(g) | Litigants |
| 1(h) | Professionals |
| 1(i) | Shareholders |
| 1(j) | Significant Customers |
| 1(k) | Significant Unsecured Creditors |
| 1(l) | Significant Vendors |
| 1(m) | Taxing Authorities |
| 1(n) | U.S. Trustee and Key Court Personnel for the Southern District of New York |
| 1(o) | Utilities |
| 1(p) | Employees and Independent Contractors |

## SCHEDULE 1(a)

## Debtors and Trade Names

Gawker Media Group, Inc.

Gawker Media LLC

Kinja Kft.

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Gawker.Com

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Curbed.com LLC

Gawker Sales LLC

Gawker.Com

RGFREE

Vox Media, Inc.

Blogwire

Deadspin

Defamer

Gawker

Gawker Stalker

Gizmodo

io9

Jalopnik

Jezebel

Kinja

Kotaku

Lifehacker

Sploid

Valleywag

**SCHEDULE 1(b)**

**Current and Recent Former Directors and Officers**

Albertson, Josh

Darbyshire, Gabrielle

Denton, Nicholas

Dietrick, Heather

Epstein, Jason

Fette, Ian

Holden, William

Kidder, Scott

Plunkett, Thomas

Szasz, Peter

Tillman, Scott

Weinbrecht, Adrian

-4-

## SCHEDULE 1(c)

### Potential Contract Counterparties

114 Fifth Avenue Ground Lessee LLC

114 Fifth Owner LP

204-210 Elizabeth Street LLC c/o S.W. Management LLC

204-210 Elizabth Street LLC

3293 Pacific LLC

A Mediocre Corporation

A Small Orange, LLC.

A9.com, Inc.

Access Inteligence, LLC

Adam Clark Estes

Adam Pash

Adam Weinstein

Ad-Juster, Inc.

Admeld, LLC

Adsfactor Holdings Limited

AdSlot Technologies, LTD.

Adtech US, Inc.

Aegon Magyarorszag Zrt.

AGIS Fire & Security Kft.

AIG

Alan Henry

Alan Kwon

Albert Burneko

Aleksander Chan

Alex Cranz

Alex Dickinson

Alex Pareene

Alexandra Cannon

Alexandra Philippides

Alexandre Dohrmann

Alissa Walker

All You Can Move SportPass Europe

Allison Jones

Allison Wentz

Allure Media Pty Limited

AM Lab Americas, LLC.

Amanda Marandola

Amazon Services LLC

Amazon Web Services, Inc.

Amazon.com, Inc.

Anastasia Weeks

Andrassy Palota Ingatlanfogalmazo Kft.

Andrea Park

Andrew Collins

Andrew Cush

Andrew Gorenstein

Andrew Harding

Andy Orin

Angela Alzona

Angela Wang

Anna Merlan

Anthony Carnevale

Anthony Hack

AOL Advertising Inc.

Ariana Cohen

Ariel Viera

Ashley Feinberg

Ashton Galloway

Atlantic Metro Communications II, Inc.

Attila Illes

Ava Gyurina

Balazs Keki

BarkBox, Inc.

Barry Petchesky

Ben Regenspan

BlueApron.com

Brainy Labs, LLC

Brandon McCoy

Brendan O'Connor

Bridget Brown

Bryan Lufkin

Bryan Menegus

C&G Group Kft c/o Brody House Group

Cadreon, LLC.

Caitleen Weaver

Camila Cabrer

Camilla Baker

Casey Speer

Casper Sleep Inc.

Catherine LeClair

Cecilia D'Anastasio

Chad Bernstein

Chelsey Hoffman

Cheryl Eddy

Chris Neveu

Chris Person

Chris Vespoli

Christina Blacken

ClickMeter

ClickStream

Cloudinary Ltd.

Clover Hope

ClubW

Colleen McMillan

Colliers International

Colliers International Kft.

Coltiers Nemzetkozi Ingattanuzemeltet6 es Kezel6 Kft.

Combat Flip Flops, LLC.

Comic Cartel

ComScore, Inc.

Corporate Communications Bt.

Courtenay O'Connor

Daniel Morgan

Darren Orf

Dashlane Inc.

DataGram

Datagram Incorporated

Dave McKenna

David Tracy

Dayna Evans

Devin Clark

Diana Moskovitz

Diane Kelly

Diego Pineda

DineInFresh, Inc. dba Plated

Dollar Shave Club, Inc.

DOUBLECLICK

Dr. Torzsa Peter Bt.

DreamHost

Drew Magary

Driftaway Inc.

Earnest Inc.

Eleanor Shechet

Elisa Solinas

Emily Ambruso

Emily Herzig

Emma Carmichael

Emprese Cedente

Eric Goldfarb

Eric Ravenscraft

Erika Audie

Erin Gloria Ryan

Erin Pettigrew

Esther Inglis-Arkell

Ethan Sommer

Evan Narcisse

Eyal Ebel

F451

F451 fka Spicy Media Editora Ltda

F451 Media Editora Ltda.

Fabiola Lara

Facebook Ireland Limited

Facebook, Inc.

Fastly, Inc.

Federal Insurance Company

Fluxmob, LLC.

Framebridge, Inc.

Fritzie Andrade

Future Publishing Limited

Gabrielle Bluestone

GeekFuel, LLC.

Germain Lussier

Giri Nathan

Globalway Participacoes Ltda.

Gloria Clark

Google Inc.

Gorilla Nation Media, LLC

Grace Robertson

Graze Inc.

Green Fox Academy

Greg Howard

Greg Lopez

GroupDynamics Kft

Gunnar Optiks

Gyorgy Bokros

Hajtas Pajtas Kft.

Handy.com

Hannah Keyser

Happy Socks

Heather Dietrick

Heather Hynes

Heidi Grothaus

HelloFresh

Hillary Crosley

Hostgator.com, LLC.

Huckberry

Hunter Slaton

Ian Fette

IDrive Inc.

Ilona Bilevych

Incisive Ltd

Incisive VNU Limited dba Incisive Incisive Ltd

Incisive VNU Ltd

Index Exchange Inc.

Infobahn Inc.

Integral Ad Science, Inc.

IseeQ Kft.

J.K Trotter

| | |
|---|---|
| Jake Inferrera | Justin Cross |
| Jalsovszky Law | Justin Potter |
| James Bartus | JW Player / LongTail Ad Solutions, Inc. |
| James Bit Design | Kaila Hale-Stern |
| James Delgiudice | Kanwar Gill |
| Jamie Weber | Kara Brown |
| JapanCrate | Kargo Global, Inc. |
| Jared Auslander | Karma Mobility Inc. |
| Jason Parham | Kate Dries |
| Jason Schreier | Kate Knibbs |
| Jason Torchinsky | Kate Lovejoy |
| Jay Hathaway | Katharine Trendacosta |
| Jeffrey Hilder | Kathryn McGinnis |
| Jennifer Ouellette | Katie Drummond |
| Jia Tolentino | Kavitha Reddy |
| Jillian Marie Lucas | Kelly Conaboy |
| Jim Boos | Kelly Faircloth |
| Jim Cooke | Kelly Monson |
| Jim Cooke | Kelly Stout |
| Joanna Rothkopf | Kerrie Uthoff |
| Joel Johnson | Kevin Draper |
| John Appel | Kid Thursday LLC., dba Staus Audio |
| John Cook | Kirk Hamilton |
| John Gelini | Kixer |
| Jordan Sargent | Kolozsvari Timea |
| Josh Bottino | Kravitha Reddy |
| Josh Laurito | Krux Digital, Inc. |
| Joshua Albertson | Lacey Donohue |
| Judy Steinbach | Lauren Bertolini |
| Julia Alvidrez | Leah Beckmann |
| Julian Muller | Leah Finnegan |
| Julianne Escobedo Shepherd | LendingTree, LLC. |
| Jung Sin | Lindsay Chipman |

| | |
|---|---|
| Lindsey Jaffe | Mia Libby |
| Lisa Bolano | Michael Fahey |
| LiveIntent, Inc. | Michael Kuntz |
| LiveRail, Inc. | Michael Lindsay |
| LOLA | Michael Nunez |
| Lucy Haller | Michael Orell |
| Madeleine Davies | Michael Roselli |
| Madeleine Stone | Michele LaFauci |
| Madison Plus Select, Inc. | Michelle Chiang |
| Malcolm Read | Mike Ballaban |
| Mandy Mandelstein | Mikolaj Szabo |
| Margaret Taormina | Ministry of Supply |
| Marina Galperina | Miranda Langrehr |
| Mario Aguilar | Moat, Inc. |
| Maritza Sanche | Mobiles Republic, Inc. |
| Mark Weldon | Mollie Horan |
| Market Halsey Urban Renewal, LLC. | Moore Stephens Hezicomp Kft. |
| MarkMonitor Inc. | Mott & Bow |
| Matt Hardigree | MoviePass |
| Matt Novak | MVMT Watches |
| Matthew Hamer | Nameaction Brasil Serv de Inter Ltda ME |
| Matthew Kulper | NameAction Inc. |
| Mediagene, Inc. | Nandita Raghuram |
| MediaGene, Inc. fka Infobahn, Inc. | Natasha Vargas-Cooper |
| MediaMind Technologies, Inc. | Nathan Grayson |
| Megan Gilbert | NatureBox |
| Megbizott | Nervora Digital Media Group, FZ-LLC |
| Melissa Green | NetMediaEurope |
| Melissa Murray | Netus Media Pty Limited dba Allure Media Pty LTD |
| Merch Direct, LLC | |
| Merchant Importacao, Exportacao e Comercio, Ltda - ME | Nevora Digital Media Group |
| | NewsCred, Inc. |
| MeUndies | Nicholas Murphy |

-9-

Nick Stango

Noble People

OCP Collective Corp. dba Adcade, Inc.

Omar Kardoudi

OnMarc Media

Operative Media, Inc.

Oppenheim Ugyvedi Iroda

Opportune LLP

Optimizely, Inc.

Oriole Media Corporation dba Juice Mobile

Oscar Z. Ianello Associates, Inc.

Owen & Fred Corp.

Pacific Shaving Company

Parachute Home

Patricia Hernadez

Patrick Ballester

Patrick Klepek

Patrick Laffoon

Patrick Redford

Paul Sundue

PAX

Percona, Inc.

Perfect World Entertainment

Peri Hochwald

Pixel Media Asia Limited

Platinum Rye, LLC.

Pop Chart Lab

Poprageous

Puja Patel

Quench USA, Inc.

Quip NYC Inc.

Rhone Apparel Inc.

Riley MacLeod

Rob Harvilla

Robert Finger

Ryan Brown

S&T Consulting Hungary Kft.

Sam Biddle

Sam Scherer

Sam Woolley

Samantha Lagani

Samer Kalaf

Samuel Griffel

Sarah Dedewo

Sarah Wiest

Scott Kidder

Sean Buckley

Sean MacDonald

SeatGeek

Shane Roberts

Shep McAllister

Shopify

SimpleReach, Inc.

Skillshare, Inc.

Skimbit Limited

SkimBit LTD.

SmartFX

SocialFlow, Inc.

Sophie Kleeman

Soundfreaq

Specless, LLC.

Spicy Media Editora LTDA

SpruceWares

Squarespace, Inc.

Stackcommerce

Staq, Inc.

-10-

Starcom SMG

Stassa Edwards

Stephanie Schrader

Stephen Totilo

Steve Climaco

Steven Polletta

Stowawy Cosmetics

STS Meida, Inc.

Stuart Cheshire

Sultana Khan

Superdry Wholesale, LLC

Suzy Kuzy, LLC.

Szolgaltato

Taboola Inc.

Tamas Neltz

Tara Jacoby

Taylor Berman

Technorati, Inc.

Terra Networks Brasil S.A.

TGT

The Rubicon Project, Inc.

The Sasquatch Soap Co., LLC. dba Dr. Squatch

The Status Audio

Thorin Klosowski

Tim Burke

Time Shred Services, Inc.

Times Internet Limited

Tom Ley

Tom Plunkett

Tom Scocca

Tommy Craggs

Toth Eva Nagykanizsa

Tremor Video, Inc.

UCMS Group Hungary Kft.

Udemy.com

Veronica de Souza

Victor Jeffreys

Viddler, Inc.

VNU Business Media Europe Limited

Waves Gear, LLC.

We Work

Wesley Siler

WeWork LA LLC

Whitson Gordon

William Arkin

William Haisley

William Turton

Wine Awesomeness

Wrights Media, LLC

Writers Guild of America, East

Yannick LeJacq

Zach Custer

Zachary Connett

Zoe Stahl

57491981_3

**SCHEDULE 1(d)**

**Insurers**

Aegon Magyarorszag Zrt.

AIG Europe Limited

Dewitt Stern Group, Inc.

Federal Insurance Company

Hartford Casualty Insurance Company

Hudson Insurance Company

National Union Fire Insurance Co. of Pittsburgh PA

United Healthcare Insurance Company

## SCHEDULE 1(e)

## Other Interested Parties

Cerberus Business Finance LLC

Houlihan Lokey, Inc.

K&H Bank

Latham & Watkins

Prime Clerk LLC

Riemer & Braunstein, LLP

Schulte Roth & Zabel LLP

Securities & Exchange Commission

Securities & Exchange Commission – NY Office

Silicon Valley Bank

Sullivan & Cromwell LLP

US VC Partners LP

## SCHEDULE 1(f)

### Landlords

Andrassy Palota Ingatlanforgalmazo Korlatolt Felelossegu Tarsasag

114 Fifth Owner LP

## SCHEDULE 1(g)

### Litigants

Aulistar Mark

Andrew Hudson

Zachary Cianflone

Lindsay MaHarry

Katherine Castellana

Elizabeth Nadybal

Chelsea Lo Pinto

Tim Barribeau

Patrick Frawley

Elizabeth Weinbloom

Kristin Chan

Samuel Julian

Brian Colgan

Benjamin Dorson

Rachel Atwood

Michael Kennelly

Alyssa Bereznak

Lily Newman

Kwame Opam

Terry Gene Bollea

Mitchell Williams

Meanith Huon

Ashley Terril

Charles Johnson and Got News, LLC

Teresa Thomas

Shiva Ayyadurai

Christopher Sadowski

## SCHEDULE 1(h)

### Professionals

Akerman LLP

Cahill Gordon & Reindel LLC

Citrin Cooperman & Co., LLP

Giskan Solotaroff & Anderson LLP

Goldin Solutions

Jalsovszky Law Firm

John Duncan

Klasko Immigration Law Partners, LLP

Levine Sullivan Koch & Schulz, LLP

Maples & Calder

Morrison Cohen LLP

Newmark & Co. Real Estate, Inc.

Oppenheim Law Firm

Opportune LLP

Proskauer Rose LLP

Trifolium LLC

Wilk Auslander

Zwillgen PLLC

## SCHEDULE 1(i)

### Shareholders

| | |
|---|---|
| Berman, Taylor | Hamer, Matt |
| Bertolini, Lauren | Hardigree, Matt |
| Blakeley, Richard Erand | Holmes, Anna |
| Bluestone, Gabrielle | Jefferson, Whitney |
| Brown, Ryan | Kang, Daniel |
| Carmichael, Emma | Kidder, Scott |
| Carmon, Irin | Kozma, Jozsef |
| Chan, Casey | Lam, Brian |
| Coen, Jessica | Layne, Ken |
| Cooke, Jim | Lehnhoff, Jim |
| Craggs, Tommy | Leitch, Will |
| Crecente, Brian | Lisanti, Mark |
| D'Addario, John | Lopez, Greg |
| Darbyshire, Gaby | Ma, Jesse |
| Daulerio, Albert | McGill, Erin |
| DelGiudice, James | Nachlin, Jim |
| Denton, Nick | Newitz, Annalee |
| Diaz, Jesus | Nolan, Hamilton |
| Dietrick, Heather | O'Connor, Maureen |
| Dimmitt, Elizabeth | Pash, Adam |
| Dimmitt, Genevieve | Petrány, Máté |
| Duncan, John | Pettigrew, Erin |
| Ebel, Eyal | Plunkett, Tom |
| Furman, Eliot, as custodian for Alexander Tiberius Furman under the NYUTMA | Read, Malcom |
| | Robischon, Noah |
| Futrelle, Genevieve | Schreier, Jason |
| Giacoman, Gabriela | Schwartz, Diane |
| Gorenstein, Andrew | Schweizer, Julia |
| Greenmount Creek Limited | Scocca, Thomas |
| Hale-Stern, Kaila | |

| | |
|---|---|
| Sicha, Choire | Henry, Alan |
| Spinelli, Mike | Hilder, Jeff |
| Steele, Lockhart | Jeffries, Victor |
| Stein, Sadie | Juzwiak, Rich |
| Takayama, Greg | Kéki, Balázs |
| Tate, Ryan | Knibbs, Katharine |
| Thomas, Owen | Körtesi, Gáspár |
| Toder, Matthew | Laurito, Josh |
| Trapani, Gina | Libby, Mia |
| US VC Partners LP | Magary, Drew |
| Vuong, Phillip | Marchman, Tim |
| Wert, Ray | McAllister, Shep |
| Winkelman (Ortega), Samantha | McKenna, Dave |
| Woerner, Meredith | Mittelhammer, Eric |
| Albertson, Josh | Morgan, Daniel |
| Annis, Rose | Neltz, Tamas |
| Baker, Camie | Nevins, Maxwell |
| Batty, Chris | Novak, Matt |
| Biddle, Sam | O'Connor, Courtenay |
| Bodnár, István | Pareene, Alex |
| Burke, Tim | Parham, Jason |
| Climaco, Steve | Petchesky, Barry |
| Cook, John | Popken, Ben |
| Curtis, Dustin | Price, John |
| Donohue, Lacey | Reddy, Kavi |
| Drummond, Katie | Regenspan, Ben |
| Fette, Ian | Roberts, Shane |
| George, Patrick | Sargent, Jordan |
| Georgopulos, Steph | Sommer, Ethan |
| Gonzalez, Robert | Sundue, Paul |
| Graham, Kevin | Szász, Péter |
| Grothaus, Heidi | Szatmári, András |
| Hathaway, Jay | Taomina, Margaret |

57491981_3

Tiku, Nitasha

Totilo, Stephen

Trotter, JK

Udvardi, Ramóna

Walker, Alissa

Weaver, Caity

Weinstein, Adam

Wentz, Allison

## SCHEDULE 1(j)

### Significant Customers

| | |
|---|---|
| 20th Century Fox | Earnest |
| 360i | Empowering Media LA |
| A9.com Inc. (Amazon Match Buy) | Empowering Media NY |
| Accordant Media | Essence |
| Adslot | f451 - US |
| Aegis Group | Facebook |
| Alliance Games | Factorylabs |
| Allure Media - GM | Fallon |
| Amazon | Future Publishing Ltd (US) |
| Amazon Commerce Revenue | General Mills, Inc. |
| AOL One | Google (BizDev) |
| Asana (Customer) | Graze |
| Assembly | Havas |
| Baru Advertising | Horizon Media |
| Blue Apron | HostGator |
| Blue Wheel Media | Hover |
| Bluehost | HTC Blinkfeed |
| Brigade Marketing | IBM |
| Casper | Indochino |
| Centro | Initiative LA |
| Cisco | Initiative NY |
| Cramer-Krasselt | Interpublic Group of Companies |
| Criteo | iSocket, Inc. |
| Crossmedia | ITVS |
| Desk.com | Kepler Group |
| Dialect Inc | Ketchum |
| DigitasLBi | Kovel Fuller |
| Dollar Shave Club | Kruskopf & Company |
| Draftkings | Liquid Advertising |

LivWell

Logmein.com

MarkLogic

McGarrah Jessee

Me Undies

Mediagene Inc - US

Mediasmith

Mediastorm, LLC

Merkley and Partners

MillerCoors

MNI

MODCo Media

Mullen

NameCheap

Newscred

Nokia

NVIDIA

Omnicom Group

Pereira & Odell

Petrol

PGR Media

Protein

Publicis Groupe

R/West

Rachael Piper Consulting

Randomhouse

RED Interactive Agency

Rodger's Townsend

RPA

Rubicon

Skillshare

Slack

Spacetime Media

SquareSpace

StackSocial

Status Audio

Sterling Rice Group

Superdry Wholesale LLC

Taboola (Biz Dev)

Tangible Media

TaxFyle

The Garage Team Mazda

TubeMogul

UCB

Udemy

Varidesk

Viewster.com

VOX Media - Curbed Investment

VSN

WavesGear

weBoost

Wieden & Kennedy

Wildcard Properties LLC

WPP

Wright's Media

Zeno Group

57491981_3

## SCHEDULE 1(k)

### Significant Unsecured Creditors

| | |
|---|---|
| Ad-Juster, Inc. (media) | JW Player (Longtail Ad Solutions, Inc.) |
| ADP Workforce Now | Katherine Fry |
| Akerman LLP | Kinja Accounts Payable |
| Alex Palmer | Krux Digital |
| Andrew Harding | L-Cut Digital Media, Inc. |
| AOL Advertising | Market Halsey Urban Renewal, LLC |
| Associated Press | Marlena Agency Inc. |
| Blane Bachelor | Medialink |
| Brandtale | Merrill Communications, LLC |
| CDW Direct | Metropolitan Cleaning, LLC |
| Cloudinary Ltd. | Moat Inc. |
| Concur Technologies, Inc. | Morrison Cohen LLP |
| Corbis Corporation | Newmark & Co. Real Estate, Inc. |
| Corey Foster | Nick Wong Photography |
| Creative Circle, LLC. | NSONE Inc. |
| DataGram | Operative Media, Inc |
| DoubleVerify, Inc. | Optimizely, Inc. |
| DRH Internet Inc | Pacific Coast News |
| Equinox Fitness Clubs - Corp Accts | Plant Specialists LLC |
| Fastly | QZZR |
| Fried, Frank, Harris, Shriver & Jacobson LLP | REDBOOKS |
| Getty Images | Risk Strategies Company |
| Giaco Furino | Shenker & Bonaparte, LLP |
| Google Inc. (DoubleClick) | SimpleReach, Inc. |
| Google, Inc. (Analytics) | Sizmek Technologies Inc. |
| Hunter Slaton | Specless |
| Ian Fette | STAQ, INC. |
| Jelle Claeys Automotive Artwork | Submarine Leisure Club, Inc. (Wirecutter) |
| Joshua M Lees | Submersive Media |

The Hartford

The Oliver Group

Viddler, Inc.

-23-

## SCHEDULE 1(l)

### Significant Vendors

114 Fifth Avenue

ADP PayEx

Advanced Electronic Solutions, Inc.

AMA Consulting Engineers P.C.

AMEX Corporate GM - 01006

Andrew Liszewski

Apple Inc. (media)

Baby Llama Productions LLC

Bajibot Media

Big Mango, Inc.

Bird & Bird LLP

Brannock & Humphries

Cahill Gordon & Reindel LLP

Cannes Trip 2015

Catalyst

Cerberus Capital Management LP

ComScore Inc.

Con Edison (210)

CytexOne Technology, LLC

Dynect, Inc

Emma C Lanigan (Cookson)

Fidelity 401k

Harder Mirell & Abrams

Hatch Content, LLC

HeartWork, Inc.

Houlihan Lokey

Howard Kennedy

Inform Interiors

Jesus Diaz (vendor)

Kforce Inc.

Kornhaber Brown, LLC

Lay It Out, Inc.

Leiberts Royal Green Appliances Inc.

Lewis Rice LLC

LionTree Advisors LLC

LJ DUFFY, Inc.

Maples & Calder (GM LLC)

NetRatings, LLC

Netsuite, Inc.

NVE, Inc.

OCP Collective Corp.

Olson Kundig Architects

Olson Kundig Interiors

OnMarc Media Inc.

Opportune LLP

Redscout LLC

Robert Half

Ropes & Gray LLP

Santa Monica Air Center, Inc.

Structure Tone

SW Management LLC

TangentVector, Inc.

Tapestry Associates LLC

Thomas & Locicero PL

Treasury of the United States

TrueForm Concrete, LLC

Veritas Pictures, Inc.

Versus LLC

Vizu Corporation

Voya Financial 401K

WB Wood NY

Young America Capital

57491981_3

**SCHEDULE 1(m)**

**<u>Taxing Authorities</u>**

Internal Revenue Service

Budapesti Önkormányzat

Hungary National Tax Authority

New York City Department of Finance

New York State Commissioner of Taxation and Finance

## SCHEDULE 1(n)

### U.S. Trustee and Key Court Personnel for the Southern District of New York

Cecilia G. Morris

James L. Garrity

Martin Glenn

Mary Kay Vyskocil

Michael E. Wiles

Robert D. Drain

Robert E. Grossman

Sean H. Lane

Shelley C. Chapman

Stuart M. Bernstein

Alicia Leonhard

Amanda Cassara

Andrea B. Schwartz

Andy Velez-Rivera

Anna M. Martinez

Brian S. Masumoto

Cheuk M. Ng

Danny A. Choy

Ercilia A. Mendoza

Greg M. Zipes

Guy A. Van Baalen

Ilusion Rodriguez

Kathleen Schmitt

Linda A. Riffkin

Lisa Penpraze

Maria Catapano

Mary V. Moroney

Myrna R. Fields

Nadkarni Joseph

Paul K. Schwartzberg

Richard C. Morrissey

Serene Nakano

Susan Arbeit

Susan Golden

Sylvester Sharp

Victor Abriano

William K. Harrington

57491981_3

**SCHEDULE 1(o)**

**<u>Utilities</u>**

114 Fifth Avenue Ground Lessee

Atlantic Metro Communications

Benefit Resource, Inc.

Cogent Communications

Con Edison

ShoreTel Inc.

## SCHEDULE 1(p)

### Employees and Independent Contractors

| | |
|---|---|
| Asd Mario Aguilar | Devin Clark |
| Joshua Albertson | Gloria Clark |
| Angelica Alzona | Steve Climaco |
| Fritzie Andrade | Ariana Cohen |
| Erika Audie | Andrew Collins |
| Jared Auslander | Zachary Connett |
| Ilene Baker | John Cook |
| Michael Ballaban | James Cooke |
| Patrick Ballester | Alexandra Cranz |
| Chad Bernstein | Hillary Crosley |
| Lauren Bertolini | Justin Cross |
| Sam Biddle | Andrew Cush |
| Ilona Bilevych | Zach Custer |
| Christina Blacken | Madeleine Davies |
| Gabrielle Bluestone | Maritza De Leon |
| James Boos | Veronica de Souza |
| Joshua Bottino | Sarah Dedewo |
| Robert Bricken | Ernest Deeb |
| Ryan Brown | Nick Denton |
| Kara Brown | Alexander Dickinson |
| Bridget Brown | Heather Dietrick |
| Timothy Burke | Alexandre Dohrmann |
| Albert Burneko | Lacey Donohue |
| Camila Cabrer | Kevin Draper |
| Alexandra Cannon | Kathryn Dries |
| Emma Carmichael | Katherine Drummond |
| Anthony Carnevale | Eyal Ebel |
| Casey Chan | Cheryl Eddy |
| Michelle Chiang | Stassa Edwards |

| | |
|---|---|
| Adam Estes | Samer Kalaf |
| Michael Fahey | Omar Kardoudi Segarra |
| Georgia Faircloth | Hannah Keyser |
| Ashley Feinberg | Sophie Kleeman |
| Ian Fette | Patrick Klepek |
| Robert Finger | Thorin Klosowski |
| Ashton Galloway-Taylor | Michele Lafauci |
| Marina Galperina | Patrick Laffoon |
| John Gelini | Samantha Lagani |
| Patrick George | Miranda Langrehr |
| Kanwar Gill | Joshua Laurito |
| Ariel Gononsky | Catherine LeClair |
| George Grayson | Thomas Ley |
| Melissa Green | Mia Libby |
| Samuel Griffel | Michael Lindsay |
| Heidi Grothaus | Katelyn Lovejoy |
| Ava Gyurina | Germain Lussier |
| Anthony Hack | Riley MacLeod |
| William Haisley | Andrew Magary |
| Lucy Haller | Amanda Mandelstein |
| Kirk Hamilton | Timothy Marchman |
| Matt Hardigree | Alex Mason |
| Andrew Harding | Shepherd McAllister |
| Alan Henry | Kathryn McGinnis |
| Patricia Hernandez-Ramos | David McKenna |
| Emily Herzig | Colleen McMillan |
| Clover Hope | Bryan Menegus |
| Mollie Horan | Anna Merlan |
| Heather Hynes | Maria Misra |
| Attila Illes | Kelly Monson |
| Jacob Inferrera | Daniel Morgan |
| Victor Jeffreys | Diana Moskovitz |
| Richard Juzwiak | Julian Muller |

| | |
|---|---|
| Nick Murphy | Michael Roselli |
| Melissa Murray | Joanna Rothkopf |
| Evan Narcisse | William Sansom |
| Giri Nathan | Jordan Sargent |
| Tamas Neltz | Samuel Scherer |
| Chris Neveu | Stephanie Schrader |
| Hamilton Nolan | Jason Schreier |
| Matthew Novak | Jillian Schulz |
| Michael Nunez | Taryn Schweitzer |
| Brendan O'Connor | Thomas Scocca |
| Courtenay O'Connor | Eleanor Shechet |
| Michael Orell | Julianne Shepherd |
| Darren Orf | Hunter Slaton |
| Andrew Orin | Elisa Solinas |
| Raphael Orlove | Ethan Sommer |
| Jennifer Ouellette | Casey Speer |
| Alexander Pareene | Zoe Stahl |
| Andrea Park | Nicholas Stango |
| Adam Pash | Judith Steinbach |
| Puja Patel | Madeleine Stone |
| Christopher Person | Kelly Stout |
| Barry Petchesky | Richard Sundue |
| Alexandra Philippides | Margaret Taormina |
| Diego Pineda | Jia Tolentino |
| Steven Polletta | Jason Torchinsky |
| John Price | Stephen Totilo |
| Nandita Raghuram | David Tracy |
| Eric Ravenscraft | Katharine Trendacosta |
| Kavitha Reddy | Joseph Trotter |
| Patrick Redford | William Turton |
| Benjamin Regenspan | Kerrie Uthoff |
| Shane Roberts | Christopher Vespoli |
| Grace Robertson | Alissa Walker |

| | |
|---|---|
| Angela Wang | Jamie Condliffe |
| Jamie Weber | Chris Mills |
| Anastasia Weeks | James Whitbrook |
| Allison Wentz | David Nield |
| Samuel Woolley | Kathryn Jezer-Morton |
| András Szatmári | Madeleine Collier |
| Attila Kocsis | Fruzsina Kuhari |
| Balázs Kéki | Robert Stokes |
| Balázs Pőcze | Adam Kovac |
| Dmitry Lambrianov | Jared "Jay Allen" Goodwin |
| Gábor Kacsik | Anthony Dejolde |
| Gáspár Körtesi | Carlos Rebato |
| György Bokros | Carlos Hierro |
| Ildikó Kriston | Matias Martinez |
| István Bodnár | Eduardo Marin |
| János Hardi | Miguel Redondo |
| László Heves | Zolani Stewart |
| Levente Molnár | Reshma Bhai |
| Linda Bucsánszki | Manisha Aggarwal |
| Luca Németh | Lindsay Handmer |
| Márton Borlay | Daniel Strudwick |
| Mikhail Mitrofanov | Eva Jurczyk |
| Olivér Kovács | Mihir Patkar |
| Péter Szász | Toshihisa Nakamura |
| Ramóna Udvardi | Kirsten O'Regan |
| Szabolcs Vida | Alexandra Nursall |
| Szilvia Németh | Nicholas Cameron |
| Zoltán Balázs | Ralph Jones |
| Zoltán Kalmár | Elizabeth Edgar |
| George Dvorsky | Rawiya Elkhadir |
| Luke Plunkett | Ian Dransfield |
| Brian Ashcraft | Stefan Janke |
| Andrew Liszewski | Mark Wilson |

57491981_3

| | |
|---|---|
| Sniff Petrol Limited | Halmar Sveinbjornsson |
| James Fell | Amit Reut |
| Peter Ryan | Rosa Gregori |
| Manuel Mendez Perez | Sarah Moroz |
| Angel Jiminez | Jason Richards |
| Jacob Rose | Ravi Somaiya |
| Bram Gieben | Reut Amit |
| Eva Holland | Michael "Massoud" Martin |
| Nathan Thompson | Fariha Roisin |
| Priya Elias | William Herkewitz |
| Scaachi Koul | Lev Hellebust (Bratishenko) |
| Helen Appleyard | Pranav Dixit |
| Omar Karduodi Segarra | Danny Allen |
| Cara Ellison | Karan Atul Shah |
| Estelle Tang | James Baker |
| Anupa Mistry | Gary Cutlack |
| Brodie Lancaster | Adelaide Dugdale |
| Jess Shanahan | Katherine Hannaford |
| Jesus Diaz | Brian Hogg |
| Herbert Lui (Wonder Shuttle Media, Inc) | Andrew James |
| Graham Ruthven | Chris Mcveigh |
| Stacy May Fowles | Apoorva Prasad |
| Andrew Gibney | Michelle Tofi |
| Daniel Harris | Yareniz Saavedra Padilla |
| Alex Hess | Carlos Risco |
| Chris Koentges | Elias Notario Perez |
| Kevin O'Brien | Eric Tecayehuatl |
| Achal Prabhala | Robert Boffard |
| David Sommer | Guy Combs |
| Monica Heisey | Joel Meadows |
| Sara Mcculloch | Chris Harris |
| Jakob Wenngren | Guy Porepp |
| Alex Bejerstrand | Anthony Mark Dewhurst |

-33-

| | |
|---|---|
| Peter Orosz | Ollie Barder |
| Ryan Pierce | Simon Mapp |
| Neill Watson | Andrew Mcmillen |
| George Williams | David Veselka |
| Chris Harris | Kevin Mahon |
| Natasha Chenier | David Gilson |
| Esther Sassaman | Mark O'Neill |
| Luke Malone | Spanner Spencer |
| Mikhail Mitrofanov | Tom Cassell |
| Leo Wichtowski | Kenneth Gibson |
| Kevin Mahon | Clare Kane |
| Simon Parkin | Zolani Stewart |
| Quintin Smith | Josephine Huetlin |
| Kathleen Williams | |

-34-

## Exhibit 2

The following lists names of entities or individuals searched from Schedule 1 where the entity, and/or a parent or affiliate of the entity, is a current or former client of LSKS, on matters as described herein.

| Searched Entity | Relationship |
|---|---|
| The Associated Press | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |
| Casper Sleep Inc. | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |
| [Confidential Client] | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |

## Exhibit 3

The following lists the names of entities or individuals searched from Schedule 1, where the entity, and/or a parent or affiliate of the entity, is a current or former client of LSKS, on matters as described herein.

| **Searched Entity** | **Relationship** |
|---|---|
| Sam Biddle | Current client; co-defendant in matters involving Debtor described above |
| Irin Carmon | Current client; co-defendant in matters involving Debtor described above |
| John Cook | Current client; co-defendant in matters involving Debtor described above |
| Gaby Darbyshire | Current client; co-defendant in matters involving Debtor described above |
| Albert Daulerio | Current client; co-defendant in matters involving Debtor described above |
| Nick Denton | Current client; co-defendant in matters involving Debtor described above |
| Heather Dietrick | Current client; petitioner in an interlocutory appellate matter in *Bollea I* |
| Greg Howard | Current client; co-defendant in matters involving Debtor described above |
| J.K. Trotter | Current client; co-defendant in matters involving Debtor described above |

## **Exhibit C**

**Holden Declaration**

58000303_10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
Gawker Media LLC, *et al.*,[1]      :        Case No. 16-11700 (SMB)
                                    :
            Debtors.                :        (Jointly Administered)
                                    :
------------------------------------------------------x

### DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULEs 2014 and 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, William D. Holden, being duly sworn, hereby declare as follows:

1.      I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media"),

located at 114 Fifth Avenue, 2d Floor, New York, New York 10014.

2.      I submit this declaration (this "Declaration") in support of the Debtors'

Application Pursuant to Sections 327(e), 328(a) and 330 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 For Entry of an Order Authorizing the

Retention and Employment of Levine Sullivan Koch & Schulz, LLP as Special Litigation

Counsel Effective *Nunc Pro Tunc* to the Petition Date (the "Application").[2]   The facts set forth

herein are based on my personal knowledge or information provided to me by the Debtors'

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.   Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

management, employees or members of my staff working under my supervision, other

professionals, and my review of the books and records and relevant documents.

**The Debtors' Selection of Levine Sullivan Koch & Schulz, LLP**

3.      Levine Sullivan Koch &Schulz, LLP ("<u>LSKS</u>") is proposed to serve as special

litigation counsel to the Debtors, responsible for the matters described in Paragraph 11 of the

Application.  The Debtors recognize that a careful selection should be made when selecting and

managing any counsel acting for debtors in a chapter 11 case, to ensure that the professionals are

subject to the same client-driven market forces, scrutiny, and accountability as professionals in

non-bankruptcy engagements.

4.      Here, LSKS has been engaged by the Debtors since 2012, for what were non-

bankruptcy matters, and LSKS was subjected to the client-driven market forces and scrutiny

when it was originally retained.  The contemplated engagement continues LSKS's engagement

on the same terms, including a roughly twenty percent discount from LSKS's standard hourly

rates, subject only to the periodic rate increase anticipated in February 2017.

5.      In addition, under the contemplated engagement, LSKS will charge only those

actual and necessary expenses, for which it bills its clients, incurred in connection with the

rendering of legal services described in the Application, by category and nature of services

rendered.  In that regard, it is my understanding that LSKS does not charge clients, including the

Debtors and the Debtors' employees on the matters enumerated in the Application, for certain

expenses (which are incorporated into LSKS's hourly rates), including internal photocopying,

postage, long distance telephone expenses, ordinary delivery charges or computerized legal

research.

-3-

58000303_10

6.      It is my understanding that when LSKS was originally retained in 2012, and when it was retained for additional matters since then, Gawker Media considered alternative law firms as part of its selection process.  Gawker Media's decision to retain LSKS required consideration of cost, but more importantly, its expertise in the particular subject matter of the litigation it was defending.  LSKS was retained in a non-bankruptcy environment, and was subjected to the competition in the non-bankruptcy marketplace when it was retained.

## Rate Structure

7.      In my capacity as Chief Restructuring Officer, I am responsible, along with Heather Dietrick (General Counsel), for monitoring outside counsel retained by the Debtors in the ordinary course of business.  As indicated above, LSKS has informed the Debtors that the rates charged to the Debtors by LSKS reflect a roughly twenty percent discount off of the firm's standard hourly rates (given the volume of work the Debtors asked LSKS to perform) and that its rates for the Services are comparable to or less than the rates LSKS charges for similar matters in a non-bankruptcy environment.  As discussed below, I, or members of my team, or employees working under my supervision, are responsible for reviewing the invoices regularly submitted by LSKS.

## Cost Supervision

8.      The Debtors and LSKS are working on a prospective budget for the period from the Petition Date to 120 days after the Petition Date, recognizing that in the course of a large chapter 11 case, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and LSKS.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors expectations and the exigencies of

-4-

these chapter 11 cases.  The Debtors will continue to review the invoices that LSKS regularly submits, and together with LSKS, amend the budget periodically, as the Actions, the Adversary Proceeding, and the need for non-litigation counseling services develop.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 25, 2016

William D. Holden

58000303_10