Hearing Date: **August 9, 2016  at 10:00 a.m.** (Prevailing Eastern Time)
Objection Deadline: **August 4, 2016 at 4:00 p.m.** (Prevailing Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
|   | : |   |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|   | : |   |
| Debtors. | : | (Jointly Administered) |
|   | : |   |

-------------------------------------------------------x

**NOTICE OF DEBTORS' APPLICATION PURSUANT TO SECTIONS
327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY
OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
THOMAS & LOCICERO PL AS SPECIAL LITIGATION COUNSEL
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the Application (the

"Application" a copy of which is attached hereto) of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to retain

and employ Thomas & LoCicero PL as special litigation counsel effective *nunc pro tunc* to the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

Petition Date will be held before the Honorable Stuart M. Bernstein of the United States

Bankruptcy Court for the Southern District of New York (the "Court"), in Room 723, One

Bowling Green, New York, New York 10004-1408, on **August 9, 2016 at 10:00 a.m.**

**(prevailing Eastern Time).**

　　　　**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application

and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall set forth the basis for the response or objection and the specific grounds therefore, and shall

be filed with the Court electronically in accordance with General Order M-399 by registered

users of the Court's case filing system (the User's Manual for the Electronic Case Filing System

can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard

copy delivered directly to chambers and served so as to be actually received no later than **August**

**4, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon: (i) the

Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, NY 10011, Attn. Heather

Dietrick (heather@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue

of the Americas, New York, NY 10036, Attn: Gregg M. Galardi

(gregg.galardi@ropesgray.com);  (iii) the Office of the United States Trustee for the Southern

District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes &

Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) proposed counsel to the Official Committee of Unsecured Creditors,

Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba

(squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC

Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash

Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A.

Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon

(keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, as DIP Lender,

Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C.

Harris (adam.harris@srz.com); (ix) Thomas & LoCicero PL, 601 S. Boulevard, Tampa, FL

33603, Attn: Gregg D. Thomas, (gthomas@tlolawfirm.com); and (x) those persons who have

formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that a copy of the Application may be obtained

free of charge by visiting the website of Prime Clerk LLC at

https://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting

the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees

set forth therein.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned

thereafter from time to time without further notice other than an announcement of the adjourned

date or dates at the Hearing or at a later hearing.  The Debtors will file an agenda before the

Hearing, which may modify or supplement the Application to be heard at the Hearing.

58170740_5

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are

timely filed and served with respect to the Application, the Debtors may, on or after the

Objection Deadline, submit to the Court an order substantially in the form annexed as Exhibit A

to the Application, which order the Court may enter with no further notice or opportunity to be

heard.

Dated: July 25, 2016                 */s/ Gregg M. Galardi*
       New York, New York          Gregg M. Galardi
                                         Jonathan P. Gill
                                         Marc B. Roitman
                                         Stacy A. Dasaro
                                         ROPES & GRAY LLP
                                         1211 Avenue of the Americas
                                         New York, NY 10036-8704
                                         Telephone: (212) 596-9000
                                         Facsimile: (212) 596-9090
                                         gregg.galardi@ropesgray.com
                                         jonathan.gill@ropesgray.com
                                         marc.roitman@ropesgray.com
                                         stacy.dasaro@ropesgray.com

4

**Hearing Date: August 9, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: August 4, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                      :
In re                                 :        Chapter 11
                                      :
Gawker Media LLC, *et al.*,[1]        :        Case No. 16-11700 (SMB)
                                      :
                 Debtors.             :        (Jointly Administered)
                                      :
-------------------------------------------------------x

**DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a) AND 330**
**OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016 AND LOCAL**
**RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF THOMAS & LOCICERO PL AS SPECIAL**
**LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Gawker Media LLC ("Gawker Media") and its affiliated debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully

submit this application (the "Application") for entry of an order under, substantially in the form

attached hereto as Exhibit A, authorizing the Debtors to retain Thomas & LoCicero PL ("TLo")

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

as special litigation counsel, *nunc pro tunc* to the Petition Date (as defined below) pursuant to

sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New

York (the "Local Rules").  In support of the Application, the Debtors submit the Declaration of

Gregg D. Thomas (the "Thomas Declaration"), attached hereto as Exhibit B, and (ii) the

Declaration of William D. Holden (the "Holden Declaration"), attached hereto as Exhibit C.  In

support of the Motion, the Debtors hereby incorporate by reference the *Declaration of William*

*D. Holden in Support of First Day Motions* (the "First Day Declaration"). [Docket No. 7].  In

further support of the Application, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider and determine this application pursuant to

28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

3.      The statutory predicates for the relief requested herein are Sections 327(e),

328(a), 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local

Rules 2014-1 and 2016-1.

### Procedural Background

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.   On June 12, 2016, Gawker Media Group, Inc. and Kinja

Kft. each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On June 16, 2016 the Court entered an order authorizing the joint administration

and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule

2

1015(b) [Docket No. 41].

6.      On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the First Day Declaration.

## Relief Requested

9.      The Debtors seek an order of this Court, pursuant to Sections 327(e), 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to employ and retain TLo *nunc pro tunc* to the Petition Date, in accordance with the provisions of the October 12, 2012 engagement letter  by and between TLo and the Gawker Media LLC (the "Engagement Agreement"), this Application, and the proposed Order submitted herewith, as the Debtors' special counsel to perform legal services attendant to certain litigation, as more fully described herein.  For the reasons set forth below, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, their creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## The Retention of TLo

10.     The Debtors seek to retain TLo as special litigation counsel because of TLo's experience, knowledge and familiarity with certain lawsuits involving the Debtors' business and

3

operations.  Since on or about October 15, 2012, TLo has represented the Debtors before many courts throughout Florida in connection with certain lawsuits, described in paragraph 11-12 below (the "Actions").  Accordingly, the Debtors submits that TLo's  knowledge, expertise, and experience of the Debtors' business and operations in connection with all issues, matters or controversies that may concern these the Actions qualify TLo  to work on behalf of the Debtors' estate in the most efficient and cost-effective manner.

11.    TLo was first retained in October 2012 to defend Gawker Media and certain affiliated entities, as well as individuals Nick Denton, A.J. Daulerio and Kate Bennert against privacy and related claims brought by Terry Gene Bollea, the wrestler and celebrity known as "Hulk Hogan," arising from Gawker's publication of excerpts from a tape depicting him engaged in an affair with Heather Clem, the wife of his best friend, radio "shock jock" Bubba the Love Sponge Clem (the "*Bollea I* Litigation").  That case was originally filed in federal court, and captioned *Bollea v. Gawker Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.).  After several motions seeking preliminary injunctive relief were denied by the federal court on First Amendment grounds, *see, e.g.*, *Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012); *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012), the plaintiff dismissed his federal court action, and re-filed his claims in state court, adding them to an existing lawsuit against the Clems.  *See Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.).  That case has involved extensive proceedings in the Florida courts. Following the dismissal of the other defendants, the case was tried in March 2016 against Gawker Media, LLC, Nick Denton and A.J. Daulerio, and resulted in a $140.1 million verdict, which ultimately precipitated these Chapter 11 proceedings and the appeal of which is a significant event needed to conclude them.  The resolution of the appeal of *Bollea I* will be a

significant milestone in these chapter 11 cases. In May 2016, TLo was retained to represent Gawker Media in *Bollea v. Buchwwald & Assocs., et al.*, No. 16-002861-CI (Fla. Cir. Ct.) ("*Bollea II*"), a case arising from plaintiff's claims regarding the alleged leak of a summary transcript describing another sex tape involving Bollea and Heather Clem in which he made a series of racist and homophobic comments Bollea made on another sex tape involving him and Heather Clem, which he claims caused him injury.

12.     The professional services to be provided by TLo, which include but shall not be limited to the matters described in paragraph 11 are collectively referred to as the "Services."

13.     The Debtors require and will continue to require the Services throughout these chapter 11 cases. Though the automatic stay has blocked the immediate prosecution of the Actions, the Debtors will need TLo's expertise during the bankruptcy cases to advise them on matter concerning the Actions, including the preliminary injunction, automatic stay, appeals and related matters.

14.     No other law firm is providing the Debtors with the Services, except that Levine Sullivan Koch & Schulz, LLP, 1899 L Street NW, Suite 200, Washington, DC 20036 and Brannock & Humphries, 1111 West Cass Street, Suite 200, Tampa FL, 33606, are also providing services as trial and appellate counsel in connection with *Bollea I* and *Bollea II*. Thomas & LoCicero will work with Ropes & Gray LLP ("Ropes & Gray"), and, if approved by the Court, Levine Sullivan Koch & Schulz and Brannock & Humphries, to ensure that the services provided by each firm are complimentary of each other and not duplicative.

15.     If the Debtors were required to retain counsel other than TLo for the Actions, the Debtors, their estates, and all parties in interest would lose the benefit of TLo's experience and expertise on the matters for which TLo has been serving the Debtors prior to the filing of these

5

chapter 11 cases.  Moreover, the disruption and duplicative costs involved in replacing TLo on the Actions at this juncture on all actions, matters, issues and controversies described in the preceding paragraphs would be harmful to the Debtors, their estates, and their creditors.

16.     The Debtors respectfully submit that TLo is well-qualified and uniquely able to provide the specialized legal advice sought by the Debtors as set forth herein in an efficient and cost-effective manner, and TLo's retention as special litigation counsel is in the best interests of the Debtors and their estates.

17.     TLo's services are appropriate and necessary to enable the Debtors to achieve final resolution in the pending lawsuits.

### No Adverse Interest

18.     As discussed in the Thomas Declaration, TLo does not represent or hold an interest adverse to the Debtors with regard to the Services.  Except as set forth in the Thomas Declaration or as described below, to the best of the Debtors' knowledge, TLo has not represented the Debtors' creditors or any other parties in interest or their respective attorneys in any matter relating to the Debtors or their estates.

19.     As discussed in the Thomas Declaration, TLo has a *de minimis* claim against the Gawker Media for prepetition services.  TLo has provided services to Gawker Media LLC, A.J. Daulerio and Nick Denton up through the time of the filing of this Application.  As of the Petition Date, TLo is owed $3,475.20 on account of prepetition services.  As of the date of this Application, TLo has incurred and billed for time and expenses for the period beginning on the petition date through the date of this Application, in the amount of $6,711.31.  However, it is possible that TLo will learn of disbursements incurred prior to July 2016 that have not yet been billed by, or paid to, its respective vendors.

6

58170740_5

20.     In the ninety days prior to the Petition Date, the Debtors paid TLo an aggregate of $248,400.64 on account of their obligations for TLo's other services in connection with the Actions.   During that time period, among other things, TLo assisted in the preparation of extensive pretrial motions.  TLo lawyers also assisted and advised lead counsel in the selection of a jury from a venire pool that was in excess of 500 people. TLo lawyers attended every day of the trial that lasted for approximately two and half weeks and helped plan for the cross-examination of plaintiff's witness and assisted in the preparation of witness outlines for Gawker Media, Nick Denton, and A.J. Daulerio. TLo lawyers assisted in the revision and modification of jury instructions on the liability elements of the claims and on compensatory and punitive damages instructions.  Finally, TLo lawyers assisted in the preparation of extensive post-trial motions challenging the liability verdict and judgment that was in excess of 140 million dollars.

21.     TLo also represents certain non-Debtor defendants in various lawsuits.  However, as set forth in the Thomas Declaration, the Debtors do not believe that there is a material conflict between the respective interests of the Debtors and non-Debtor defendants. As set forth in the Thomas Declaration, in all cases in which TLo represents multiple defendants in the same action, it does so after determining that joint representation comports with the applicable rules of professional responsibility.

**Professional Compensation**

22.     Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Fee Guidelines"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94], and as set forth in the

7

Thomas Declaration, the Debtors propose to compensate TLo on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by TLo according to its customary reimbursement policies. The principal attorneys presently designated to represent the Debtors and their current standard hourly rates are: Partners - $495 - $320; Associates - $230 - $215; Paralegals - $170.

23.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters described in this application.

24.    The hourly rates set forth above are TLo's standard hourly rates as of 2012, which have been and continue to remain in effect.

25.    TLo  will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of services rendered.

### Statement Regarding U.S. Trustee Guidelines

26.    TLo intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Fee Guidelines, and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94]. Subject to attorney client privilege limitations, TLo also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines, both in connection with this Application and fee applications to be filed by TLo in these chapter 11 cases.

8

27.     The following information is provided in response to the request for additional

information set forth in Paragraph D.1. of the Fee Guidelines:

**Question:**     **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Answer:     No. The hourly rates charged by TLo for this engagement are consistent with the rates TLo charges for other comparable clients. The rate structure provided by TLo is standard and not discounted.

**Question:**     **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer:     No.

**Question:**     **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Answer:     During the 12 month prepetition period, TLo represented and provided legal services to the Debtors mainly pursuant to the agreement dated October 25, 2012 with, among others, Gawker Media LLC and covered the Middle District of Florida, Pinellas County Circuit and Second District Court of Appeal, and other similar lawsuits filed against Gawker Media LLC and others.

**Question:**     **Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:     TLo and the Debtors are currently working on a budget and staffing plan for TLo's work for the Debtors. The budget contemplates that TLo will assist the Debtor with the litigations in which TLo already represents the Debtors. The budget necessarily involves a projection of future events with limited information and is subject to change as the case develops. The Debtors anticipates a budget and staffing plan will be approved by the Debtors in the near future.

### Basis for Relief

28.     Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to

employ one or more attorneys to represent the debtor on specified matters so long as those

58170740_5

attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed. See 11 U.S.C. § 327(e). Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 . . . solely because of such person's employment by or representation of the debtor before the commencement of the case." See 11 U.S.C. § 1107(b).

29.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer [or] on an hourly basis . . ." 11 U.S.C. § 328(a).

30.    As discussed above, TLo has a $3,475.20 prepetition claim against Gawker Media LLC. That claim for prepetition fees does not disqualify special counsel under section 327(e), as it would under section 327(a). Although TLo might not be "disinterested" by virtue of its claim against Gawker Media, TLo is nevertheless qualified to be retained under section 327(e) because it does not have an "interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed." *See* 11 U.S.C. § 327(e); *AroChem*, 176 F.3d at 622.

31.    As discussed above, TLo received $248,400.64 within the ninety days prior to the petition date in light of the active defense of a major lawsuit, including one action that went through trial and post-trial motions during that period. The receipt of prepetition payments does not preclude a law firm from being employed as special counsel under section 327(e) so long as the receipt of such payment does not cause it to "hold any interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed." 11 U.S.C. § 327(e); *see also In re Mortgages Ltd.*, No. 08-07465 (RJH), 2008 WL 5084925, at *1-2 (Bankr. D. Ariz. Aug. 14, 2008) ("[T]he potential receipt of a preference does not disqualify a firm from employment as special counsel when the debtor's and the firm's interests are parallel with respect to the matters

for which the firm is to be employed."); *cf. Giuliano v. Ernst & Young, LLP (In re RIH Acquisitions NJ, LLC)*, No. 13-34483, 2016 WL 2996950, at *4 (Bankr. D. N.J. May 24, 2016) (analogizing retention of ordinary course professional to retention under section 327(e) and concluding that Court need not address whether professional received preferential transfers to approve its retention). Indeed, "[s]ince the role of special counsel is, by definition, limited, the trustee need only show that there is no adverse interest related to that role itself." *See Hogil Pharmaceutical Corp. v. Sapir (In re Innomed Labs, LLC)*, No. 07-cv-4778 (WCC), 2008 WL 276490 (S.D.N.Y. Jan. 29, 2008); *see also Bank of Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622 (2d Cir. 1992) ("we should reason by analogy to 327(e), so that 'where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself."). This Court and other courts in this district have approved retentions of counsel under section 327(e) where the law firm to be retained received substantial payments within the ninety days prior to the petition date. *See, e.g., In re SunEdison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 20, 2016) [Docket No. 361] (approving section 327(e) retention of law firm that received approximately $2.37 million in fees for legal services during the ninety days before the petition date); *In re Apex Silver Mines Ltd.*, No. 09-10182 (JMP) (Bankr. S.D.N.Y. Jan. 22, 2009) [Docket No. 57] (approving section 327(e) retention of law firm that received unspecified compensation during the ninety days before the petition date). Accordingly, the fact that the Debtors paid TLo for services rendered on a prepetition basis does not disqualify TLo from being retained pursuant to section 327(e). Moreover, TLo may have various meritorious defenses to any potential preference claim.

32.     Additionally, TLo's representation of non-Debtor defendants does not give rise to

an adverse interest on the matters for which TLo is to be engaged.  As set forth in the Thomas Declaration, the Debtors and TLo believe that the interests of the Debtors and the non-Debtor defendants are aligned, and are unlikely to diverge.

33.    Finally, *nunc pro tunc* relief is appropriate here.  Since the Petition Date, the Debtors have worked diligently on various matters related to the proposed sale of substantially all of its assets, and were preparing for the evidentiary hearing that was held in this Court on July 19, 2016.  The Debtors respectfully submit that the filing of this Application is appropriate and timely under the circumstances, so as to justify *nunc pro tunc* relief.

34.    For the reasons set forth in this Application and the Thomas Declaration, the Debtors submit that TLo's retention and employment satisfies section 327(e) and this Application should be approved.  If the Debtors were required to retain counsel other than TLo in connection with the Actions, the Debtors, their estates, and all parties in interest would be severely prejudiced, as the Debtors would lose TLo's invaluable experience and knowledge on, *inter alia*, the litigation matters described above.  Accordingly, it is in the best interests of the Debtors and their estates to retain TLo.

## Waiver of Stay

35.    The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which providers that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Application is necessary for the Debtors to protect their interests in pending litigation and to preserve value for their estates.  Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the need for

the relief sought herein justifies immediate relief.

## **Notice**

Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Internal Revenue Service; (iii) the United States Attorney for the Southern District of New York;   (iv) proposed counsel to the Official Committee of Unsecured Creditors; (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender; (vi) counsel to Cerberus Business Finance, LLC, as DIP Lender; (v) Counsel to the Stalking Horse Bidder; (vi) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; and (vii) Thomas & LoCicero.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court enter an Order (a) authorizing the Debtors to retain TLo as special litigation counsel to the Debtors, *nunc pro tunc* to the Petition Date, for the purposes and upon the terms set forth herein; and (b) granting to the Debtors such other and further relief as may be just or proper.

Respectfully submitted,

Gawker Media LLC,

Dated: July 25, 2016

By:    Heather Dietrick
President and General Counsel

## Exhibit A

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-------------------------------------------------------x

### ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO SECTION 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THOMAS & LOCICERO AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to

sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Local Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of

New York (the "Local Rules") authorizing the employment of Thomas & LoCicero as special

counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration,

the Thomas Declaration, and the Holden Declaration; and the Court having reviewed the

Application, the First Day Declaration, the Thomas Declaration, and the Holden Declaration; and

the Court being satisfied with the representations made in the Application and the Thomas

Declaration that Thomas & LoCicero represents no adverse interest to the Debtors with respect

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

58170740_5

to the matters on which Thomas & LoCicero will be employed, that its employment is necessary

and in the best interests of the Debtors' estates, creditors, and other parties in interest; and it

appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the

Application having been given under the particular circumstances; and it appearing that no other

or further notice need be provided; and upon the record herein; and after due deliberation

thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors, as

debtors and debtors in possession, are authorized to employ and retain Thomas & LoCicero as

special counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application,

the Engagement Agreement, the Thomas Declaration, the Holden Declaration, and this Order, to

perform the Services.

3.      To the extent the Application or the Engagement Agreement is inconsistent with

this Order, the terms of this Order shall govern.

4.      Thomas & LoCicero shall be compensated in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the

*Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* (the "Interim Compensation Order") [Docket No. 94];  *provided that*, Thomas &

LoCicero may redact information from its time entries that it determines, in its sole discretion to

58170740_5

be privileged information in connection with service of monthly fee statements on the Committee, in members and/or any of their representatives.

5.      Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Thomas & LoCicero shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and file the notice on ECF.  The United States Trustee retains all rights to object to such rate increase.

6.      Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

7.      Notwithstanding any provisions in the Engagement Agreement to the contrary, during the pendency of these chapter 11 cases, Thomas & LoCicero will not represent present or future clients of Thomas & LoCicero on matters adverse to the Debtors in these cases.

8.      Notwithstanding any provision in the Engagement Agreement to the contrary, any retainers shall be applied to the payment of fees and costs as they are approved by the Court pursuant to the Interim Compensation Order.

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: August ___, 2016
New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

3

58170740_5

## **Exhibit B**

**Thomas Declaration**

58170740_5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                   :

In re                                 :          Chapter 11
                                   :

Gawker Media LLC, *et al.*,[1]       :          Case No. 16-11700 (SMB)
                                   :

                Debtors.        :          (Jointly Administered)
                                   :
-------------------------------------------------------x

### DECLARATION OF GREGG D. THOMAS IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THOMAS & LOCICERO AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, Gregg D. Thomas, make this Declaration, under penalty of perjury pursuant to 28 U.S.C. § 1746, and hereby declare as follows:

        1.      I am a partner at Thomas & LoCicero ("TLO") and duly authorized to make this Declaration on behalf of TLO.  I make this Declaration in support of the Application of Debtors Pursuant to 11 U.S.C. §§ 327(e), 328(a) and 330, Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for entry of an order authorizing the retention and employment of TLO as special litigation counsel effective *nunc pro tunc* to the Petition Date.[2]  I am admitted and in good standing to practice law in the State of Florida and before the United States District Courts for the Southern, Middle, and Northern Districts of Florida.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application.

2.      The statements set forth below are based upon my personal knowledge or

discussions with other partners and associates of TLO, and client/matter records of TLO,

reviewed by myself or by associates of TLO acting under my supervision and direction.

### Retention of Thomas & LoCicero As Special Counsel for the Debtors

3.      TLO is well qualified to serve as the Debtors' special counsel in these

cases.  TLO is a regional law firm that litigates matters in the fields of media law, entertainment,

and intellectual property. The firm has three offices (Tampa, Ft. Lauderdale, and Lake Worth,

Florida) and eleven (11) lawyers who are litigation experts involving media, First Amendment,

copyright, trademark and commercial matters.

4.      Pursuant to the Application, the Debtors seek authority to retain TLO,

*nunc pro tunc* to the Petition Date, to render legal services relating to (the "Actions"). TLo was

first retained in October 2012 to defend Gawker Media and certain affiliated entities, as well as

individuals Nick Denton, A.J. Daulerio and Kate Bennert against privacy and related claims

brought by Terry Gene Bollea, the wrestler and celebrity known as "Hulk Hogan," arising from

Gawker's publication of excerpts from a tape depicting him engaged in an affair with Heather

Clem, the wife of his best friend, radio "shock jock" Bubba the Love Sponge Clem (the "*Bollea I*

Litigation").  That case was originally filed in federal court, and captioned *Bollea v. Gawker

Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.).  After several motions seeking preliminary

injunctive relief were denied by the federal court on First Amendment grounds, *see, e.g.*, *Bollea

v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012); *Bollea v. Gawker Media,

LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012), the plaintiff dismissed his federal court action, and

re-filed his claims in state court, adding them to an existing lawsuit against the Clems.  *See

Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.).  That case has

involved extensive proceedings in the Florida courts.  Following the dismissal of the other

2

defendants, the case was tried in March 2016 against Gawker Media, LLC, Nick Denton and A.J.

Daulerio, and resulted in a $140.1 million verdict, which ultimately precipitated these Chapter 11

proceedings and the appeal of which is a significant event needed to conclude them.  The

resolution of the appeal of *Bollea I* will be a significant milestone in these chapter 11 cases.  In

May 2016, TLo was retained to represent Gawker Media in *Bollea v. Buchwwald & Assocs., et

al.*, No. 16-002861-CI (Fla. Cir. Ct.) ("*Bollea II*"), a case arising from plaintiff's claims

regarding the alleged leak of a summary transcript describing another sex tape involving Bollea

and Heather Clem in which he made a series of racist and homophobic comments Bollea made

on another sex tape involving him and Heather Clem, which he claims caused him injury.

      5.     The services to be provided by TLO, relating to the Actions, are

collectively referred to herein as the "<u>Services</u>."

      6.     It is my understanding that the Debtors will require the Services

throughout these chapter 11 cases, that the claims against the Debtors will likely continue in one

forum or another, and that the Debtors will require TLO's expertise in responding to such claims,

as well as in providing ongoing counseling and legal advice regarding the editorial content issues

(of the type described in paragraph 5(f) above), which is necessary as Debtors continue to

operate their business and prepare it for sale.  No other law firm, with the exception of Levine

Sullivan Koch & Schulz ("LSKS"), 1899 L. St. NW, Washington DC, and Brannock &

Humphries, 1111West Cass Street, Suite 200, Tampa FL, 336606, has worked with TLO to

provide the Services.  LSKS and Brannock & Humphries are trial and appellate counsel

respectively in connection with *Bollea I* and *Bollea II*.  TLO will coordinate with LSKS,

Brannock & Humphries, and Ropes & Gray LLP to ensure that the services provided by each

firm are complimentary of each other and not duplicative.

58170740_5

### No Adverse Interest with Respect to the Matters on which Thomas & LoCicero is to be Retained

7.     In connection with its proposed retention under section 327(e) of the Bankruptcy Code, TLO searched its client/matter records to determine whether it had any conflicts or other connections that might cause it to hold or represent an interest adverse to the Debtors with respect to the matters on which TLO is to be employed (the "Disclosure Procedures").  As part of the Disclosure Procedures, the Debtors provided TLO with a list of the Debtors' significant prepetition creditors, vendors, professionals, and other potential parties in interest (collectively, the "Interested Parties"), a summary of which is attached as **Exhibit 1** to this Declaration.  Pursuant to the Disclosure Procedures, TLO  performed the actions described below to determine whether TLO or any of its attorneys have any connections with, or are currently representing any Interested Parties in these chapter 11 cases:

   a.     TLO compared each of the Interested Parties to the names that TLO maintains in its master client database created from its conflict clearance records.  TLO"s client database includes (i) the name of each current or former client and (ii) the names of the TLO attorneys responsible for managing such current or former matters.

   b.     Any matches between the Interested Parties and the entities in TLO's client database were identified, reviewed by an attorney, and compiled for purposes of this Declaration and are attached as **Exhibit 2** to this Declaration.  An Interested Party is listed as a "current client" on **Exhibit 2** if TLO's has any open matters for such entity or a known affiliate of such entity.  An Interested Party is listed as a "former client" on **Exhibit 2** if TLO represented such entity or a known affiliate of such entity within

4

the past two years based on recorded attorney time charges on a matter,
but all matters for such entity or any known affiliate of such entity have
been formally closed.  An entity is listed as a "potential" current client,
former client, or affiliate of a current or former client if it either has a
name similar to a client identified as an Interested Party or is or may be
related to such a client.

c.      In addition, a general inquiry to all TLO attorneys was sent by electronic
mail to determine if any TLO  partner, counsel, managing associate,
associate, or trainee (i) is related to (A) any United States bankruptcy
judge in the Southern District of New York, (B) any employee of the
United States Bankruptcy Court for the Southern District of New York, or
(C) any employee of the Office of the United States Trustee, (ii) owns any
debt or equity security of the Debtors other than through mutual funds,
blind trusts or other investments as to which individuals have no discretion
as to the selection of the underlying assets, (iii) holds a claim against the
Debtors, or (iv) is or was an officer, director, or employee of the Debtors.

8.      The client connections listed on **Exhibit 2** were reviewed by an attorney
working under my supervision, and based upon such review, it is my belief that, in respect of
each connection between TLO and such parties, TLO, as required by section 327(e) of the
Bankruptcy Code, does not hold or represent an interest that is adverse to the Debtors' estates
with respect to the Services for which TLO is proposed to be employed.

9.      TLO employs approximately eleven (11) qualified lawyers in 3 (three)
offices in Tampa, Ft. Lauderdale, and Lake Worth, Florida.  It has a large and diversified legal

58170740_5

practice that encompasses the representation of many media and entertainment institutions and commercial corporations.  Some of these entities are, or may consider themselves to be, creditors or parties in interest in the Debtors' chapter 11 cases or to otherwise have interests in these cases.  TLO has represented, currently represents, and/or may represent in the future persons or entities listed among the Interested Parties (or their affiliates) in matters unrelated to the Services for which TLO is to be retained.  The lists of the Interested Parties that TLO either currently represents or has represented in the past two years are provided in **Exhibit 2**.

10.     As a supplement to the disclosure of TLO's connections with the Interested Parties set forth in **Exhibit 2,** and without limiting such disclosure, to the best of my knowledge and information, none of the Interested Parties represented two percent (2%) or more of TLO's gross revenue for the 12-month period ending December 31, 2015.  In addition, none of the Interested Parties represented one percent (1%) or more of TLO's gross revenue for the calendar year to date.  To the extent issues may arise that would cause the Debtors to be adverse to the above listed entities, or any other client of TLO, such that it would not be appropriate for TLO to represent the Debtors with respect to those matters, the Debtors' other professionals or special conflicts counsel will represent the Debtors with respect to such issues.

11.     As a further supplement to TLO's disclosures set forth herein, and without limiting such disclosures, TLO's employees may have and/or may have had dealings with the Debtors in the ordinary course of the Debtors' business.

12.     Further, TLO, its partners, counsel, managing associates, associates, trainee solicitors and/or other employees of TLO:

a.     may have appeared in the past, and may appear in the future, in other cases unrelated to these cases or unrelated to the Services for which TLO  is to

58170740_5

be retained where the Debtors' creditors or other parties with an interest in

the Debtors may be involved;

b.    may represent, or may have represented, certain of the Debtors' creditors

or other parties with an interest in the Debtors in matters that are unrelated

to these chapter 11 cases or unrelated to the Services for which TLO  is to

be retained; and

c.    may have had dealings with creditors or other parties with an interest in

the Debtors that are unrelated to these chapter 11 cases or unrelated to the

Services for which TLO  is to be retained.

13.    TLO has conducted a general inquiry of all legal personnel to determine

whether any of these individuals owns any debt or equity securities of the Debtors or their

affiliates other than in connection with investments in mutual funds, blind trusts or other

investments as to which such individual has no discretion as to the selection of the individual

underlying assets.  Based on responses to this inquiry, I understand that as of the date hereof,

none of the TLO personnel surveyed owns any debt or equity securities of the Debtors or their

affiliates.

14.    It should be noted that TLO has a long-standing policy prohibiting all

personnel from using confidential information that may come to their attention in the course of

their work.  In this regard, all TLO personnel are barred from trading in securities with respect to

which they possess confidential information.  For both listed and unlisted shares, TLO's policy is

to prohibit dealing in any shares or securities in situations where personnel may have

confidential market- or price-sensitive information relating to the company or the shares or

securities in question as a result of work for TLO.  Further, TLO's policy is to prohibit its

7

personnel and any companies, trusts or other entities that personnel control or influence in relation to decisions to trade from dealing in listed securities absent approval from TLO or is carried out by an investment manager under a discretionary management agreement.  TLO further restricts share dealing by family members of personnel to the extent those dealings are controlled, influenced, or advised by TLO personnel.

15.    To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor TLO, nor any partner or associate thereof, has any connection with the United States Trustee for the Southern District of New York or any person employed by the Office of the United States Trustee.

16.    TLO believes that it can adequately represent the interests of the Debtors. To the best of my knowledge, information and belief, TLO has not represented any creditor, interest holder or other party in interest in connection with their respective dealings with the Debtors in the previous two years, except as disclosed herein.  TLO has fully informed the Debtors of its ongoing representation of the entities identified in **Exhibit 2**.

17.    TLO is confident that its diligence has resulted, to the greatest extent possible, in the disclosure of all potential conflicts.  However, Client relationships with persons or entities that are not listed on **Exhibit 1** and **Exhibit 2**, but who may nonetheless be or later become parties in interest in these chapter 11 cases, would not be disclosed in this Declaration. In this regard, if TLO discovers additional information regarding Interested Parties that requires disclosure, it will submit a supplemental disclosure to the Court containing such additional information.

18.    TLo has a claim against the Gawker Media for prepetition services.  TLo has provided services to Gawker Media LLC, A.J. Daulerio and Nick Denton up through the

8

time of the filing of this Application.  As of the Petition Date, TLo is owed $3,475.20 on account

of prepetition services.  As of the date of this Application, TLo has incurred and billed for time

and expenses for the period beginning on the petition date through the date of this Application, in

the amount of $6,711.31.  However, it is possible that TLo will learn of disbursements incurred

prior to July 2016 that have not yet been billed by, or paid to, its respective vendors.

19.    In the ninety days prior to the Petition Date, the Debtors paid TLo an

aggregate of $248,400.64 on account of their obligations for TLo's other services in connection

with the Actions. During that time period, among other things, TLo assisted in the preparation of

extensive pretrial motions.  TLo lawyers also assisted and advised lead counsel in the selection

of a jury from a venire pool that was in excess of 500 people. TLo lawyers attended every day of

the trial that lasted for approximately two and half weeks and helped plan for the cross-

examination of plaintiff's witness and assisted in the preparation of witness outlines for Gawker

Media, Nick Denton, and A.J. Daulerio. TLo lawyers assisted in the revision and modification of

jury instructions on the liability elements of the claims and on compensatory and punitive

damages instructions.  Finally, TLo lawyers assisted in the preparation of extensive post-trial

motions challenging the liability verdict and judgment that was in excess of 140 million dollars.

20.    To the best of my knowledge, information, and belief, TLO does not hold

or represent an interest adverse to the Debtors or their respective estates with respect to the

matters for which TLO is proposed to be retained.  Accordingly, I believe that TLO satisfies the

requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy

Code.

## **Professional Compensation**

21.    Subject to the Court's approval, TLO will charge for its services on an

hourly basis in one-tenth hour (.1) increments, in accordance with the discounted rates it agreed,

prepetition, to provide to Debtors.  TLO's range of discounted hourly rates with respect to those

TLO lawyers currently expected to spend significant time on these chapter 11 cases, subject to

change from time to time, are $495 - $320 for partners, $230 to $215 for associates, and $170 for

paraprofessionals.

22.    TLO also intends to seek reimbursement for reasonable expenses incurred

in connection with its representation of the Debtors.  It is TLO's general policy to charge its

clients in all areas of practice for all other expenses incurred in connection with a client's case.

TLO will charge the Debtors for these expenses in a manner and at rates consistent with charges

made generally to its other clients and at actual cost or an estimated actual cost where the actual

cost is difficult to determine.

23.    TLO does not currently hold a retainer from the Debtors.

**Statement Regarding U.S. Trustee Guidelines**

24.    TLO intends to seek compensation in accordance with the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, the *Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals* (the "Interim Compensation Order") [Docket No. 94], the Amended Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

M-447 (Jan. 29, 2013), and the U.S. Trustee Guidelines (the "Fee Guidelines").

25.    Subject to attorney client privilege limitations, TLO also intends to make a

reasonable effort to comply with the U.S. Trustee's requests for information and additional

disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application

and fee applications to be filed by TLO in these chapter 11 cases.

26.    The following information is provided in response to the request for

additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

**Question:**    **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Answer:    No. The hourly rates charged by TLo for this engagement are consistent with the rates TLo charges for other comparable clients. The rate structure provided by TLo is standard and not discounted.

**Question:**    **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer:    No.

**Question:**    **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Answer:    During the 12 month prepetition period, TLo represented and provided legal services to the Debtors mainly pursuant to the agreement dated October 25, 2012 with, among others, Gawker Media LLC and covered the Middle District of Florida, Pinellas County Circuit and Second District Court of Appeal, and other similar lawsuits filed against Gawker Media LLC and others.

**Question:**    **Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:    TLO and the Debtors are currently working on a budget and staffing plan for TLO's work for the Debtors. The budget contemplates that TLO will assist the Debtor with the litigations in which TLO already represents the Debtors. The budget necessarily involves a projection of future events with limited information and is subject to change as the case develops. The Debtors anticipate a budget and staffing plan will be approved by the Debtors in the near future.

27.    No promises have been received by TLO, or any partner, counsel, or associate of TLO, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Fee Guidelines.

28.    TLO has not shared or agreed to share any of its compensation from the Debtors with any person, other than with partners, counsel, associates, or other employees of TLO as permitted by section 504 of the Bankruptcy Code.

29.    TLO will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid any unnecessary duplication of services.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 25th day of July, 2016.

_____
Gregg D. Thomas

58170740_5

## **Exhibit 1**

**SCHEDULE 1**

**List of Schedules**

| Schedule | Category |
|---|---|
| 1(a) | Debtors and Trade Names |
| 1(b) | Current and Recent Former Directors and Officers |
| 1(c) | Potential Contract Counterparties |
| 1(d) | Insurers |
| 1(e) | Other Interested Parties |
| 1(f) | Landlords |
| 1(g) | Litigants |
| 1(h) | Professionals |
| 1(i) | Shareholders |
| 1(j) | Significant Customers |
| 1(k) | Significant Unsecured Creditors |
| 1(l) | Significant Vendors |
| 1(m) | Taxing Authorities |
| 1(n) | U.S. Trustee and Key Court Personnel for the Southern District of New York |
| 1(o) | Utilities |
| 1(p) | Employees and Independent Contractors |

## SCHEDULE 1(a)

### Debtors and Trade Names

Gawker Media Group, Inc.

Gawker Media LLC

Kinja Kft.

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Gawker.Com

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Curbed.com LLC

Gawker Sales LLC

Gawker.Com

RGFREE

Vox Media, Inc.

Blogwire

Deadspin

Defamer

Gawker

Gawker Stalker

Gizmodo

io9

Jalopnik

Jezebel

Kinja

Kotaku

Lifehacker

Sploid

Valleywag

## SCHEDULE 1(b)

### Current and Recent Former Directors and Officers

Albertson, Josh

Darbyshire, Gabrielle

Denton, Nicholas

Dietrick, Heather

Epstein, Jason

Fette, Ian

Holden, William

Kidder, Scott

Plunkett, Thomas

Szasz, Peter

Tillman, Scott

Weinbrecht, Adrian

-4-

## SCHEDULE 1(c)

### Potential Contract Counterparties

114 Fifth Avenue Ground Lessee LLC

114 Fifth Owner LP

204-210 Elizabeth Street LLC c/o S.W. Management LLC

204-210 Elizabth Street LLC

3293 Pacific LLC

A Mediocre Corporation

A Small Orange, LLC.

A9.com, Inc.

Access Inteligence, LLC

Adam Clark Estes

Adam Pash

Adam Weinstein

Ad-Juster, Inc.

Admeld, LLC

Adsfactor Holdings Limited

AdSlot Technologies, LTD.

Adtech US, Inc.

Aegon Magyarorszag Zrt.

AGIS Fire & Security Kft.

AIG

Alan Henry

Alan Kwon

Albert Burneko

Aleksander Chan

Alex Cranz

Alex Dickinson

Alex Pareene

Alexandra Cannon

Alexandra Philippides

Alexandre Dohrmann

Alissa Walker

All You Can Move SportPass Europe

Allison Jones

Allison Wentz

Allure Media Pty Limited

AM Lab Americas, LLC.

Amanda Marandola

Amazon Services LLC

Amazon Web Services, Inc.

Amazon.com, Inc.

Anastasia Weeks

Andrassy Palota Ingatlanfogalmazo Kft.

Andrea Park

Andrew Collins

Andrew Cush

Andrew Gorenstein

Andrew Harding

Andy Orin

Angela Alzona

Angela Wang

Anna Merlan

Anthony Carnevale

Anthony Hack

AOL Advertising Inc.

Ariana Cohen

Ariel Viera

Ashley Feinberg

Ashton Galloway

Atlantic Metro Communications II, Inc.

Attila Illes

Ava Gyurina

Balazs Keki

BarkBox, Inc.

Barry Petchesky

Ben Regenspan

BlueApron.com

Brainy Labs, LLC

Brandon McCoy

Brendan O'Connor

Bridget Brown

Bryan Lufkin

Bryan Menegus

C&G Group Kft c/o Brody House Group

Cadreon, LLC.

Caitleen Weaver

Camila Cabrer

Camilla Baker

Casey Speer

Casper Sleep Inc.

Catherine LeClair

Cecilia D'Anastasio

Chad Bernstein

Chelsey Hoffman

Cheryl Eddy

Chris Neveu

Chris Person

Chris Vespoli

Christina Blacken

ClickMeter

ClickStream

Cloudinary Ltd.

Clover Hope

ClubW

Colleen McMillan

Colliers International

Colliers International Kft.

Coltiers Nemzetkozi Ingattanuzemeltet6 es Kezel6 Kft.

Combat Flip Flops, LLC.

Comic Cartel

ComScore, Inc.

Corporate Communications Bt.

Courtenay O'Connor

Daniel Morgan

Darren Orf

Dashlane Inc.

DataGram

Datagram Incorporated

Dave McKenna

David Tracy

Dayna Evans

Devin Clark

Diana Moskovitz

Diane Kelly

Diego Pineda

DineInFresh, Inc. dba Plated

Dollar Shave Club, Inc.

DOUBLECLICK

Dr. Torzsa Peter Bt.

DreamHost

Drew Magary

Driftaway Inc.

Earnest Inc.

Eleanor Shechet

Elisa Solinas

Emily Ambruso

Emily Herzig

Emma Carmichael

Emprese Cedente

Eric Goldfarb

Eric Ravenscraft

Erika Audie

Erin Gloria Ryan

Erin Pettigrew

Esther Inglis-Arkell

Ethan Sommer

Evan Narcisse

Eyal Ebel

F451

F451 fka Spicy Media Editora Ltda

F451 Media Editora Ltda.

Fabiola Lara

Facebook Ireland Limited

Facebook, Inc.

Fastly, Inc.

Federal Insurance Company

Fluxmob, LLC.

Framebridge, Inc.

Fritzie Andrade

Future Publishing Limited

Gabrielle Bluestone

GeekFuel, LLC.

Germain Lussier

Giri Nathan

Globalway Participacoes Ltda.

Gloria Clark

Google Inc.

Gorilla Nation Media, LLC

Grace Robertson

Graze Inc.

Green Fox Academy

Greg Howard

Greg Lopez

GroupDynamics Kft

Gunnar Optiks

Gyorgy Bokros

Hajtas Pajtas Kft.

Handy.com

Hannah Keyser

Happy Socks

Heather Dietrick

Heather Hynes

Heidi Grothaus

HelloFresh

Hillary Crosley

Hostgator.com, LLC.

Huckberry

Hunter Slaton

Ian Fette

IDrive Inc.

Ilona Bilevych

Incisive Ltd

Incisive VNU Limited dba Incisive Incisive Ltd

Incisive VNU Ltd

Index Exchange Inc.

Infobahn Inc.

Integral Ad Science, Inc.

IseeQ Kft.

J.K Trotter

| | |
|---|---|
| Jake Inferrera | Justin Cross |
| Jalsovszky Law | Justin Potter |
| James Bartus | JW Player / LongTail Ad Solutions, Inc. |
| James Bit Design | Kaila Hale-Stern |
| James Delgiudice | Kanwar Gill |
| Jamie Weber | Kara Brown |
| JapanCrate | Kargo Global, Inc. |
| Jared Auslander | Karma Mobility Inc. |
| Jason Parham | Kate Dries |
| Jason Schreier | Kate Knibbs |
| Jason Torchinsky | Kate Lovejoy |
| Jay Hathaway | Katharine Trendacosta |
| Jeffrey Hilder | Kathryn McGinnis |
| Jennifer Ouellette | Katie Drummond |
| Jia Tolentino | Kavitha Reddy |
| Jillian Marie Lucas | Kelly Conaboy |
| Jim Boos | Kelly Faircloth |
| Jim Cooke | Kelly Monson |
| Jim Cooke | Kelly Stout |
| Joanna Rothkopf | Kerrie Uthoff |
| Joel Johnson | Kevin Draper |
| John Appel | Kid Thursday LLC., dba Staus Audio |
| John Cook | Kirk Hamilton |
| John Gelini | Kixer |
| Jordan Sargent | Kolozsvari Timea |
| Josh Bottino | Kravitha Reddy |
| Josh Laurito | Krux Digital, Inc. |
| Joshua Albertson | Lacey Donohue |
| Judy Steinbach | Lauren Bertolini |
| Julia Alvidrez | Leah Beckmann |
| Julian Muller | Leah Finnegan |
| Julianne Escobedo Shepherd | LendingTree, LLC. |
| Jung Sin | Lindsay Chipman |

-8-

Lindsey Jaffe

Lisa Bolano

LiveIntent, Inc.

LiveRail, Inc.

LOLA

Lucy Haller

Madeleine Davies

Madeleine Stone

Madison Plus Select, Inc.

Malcolm Read

Mandy Mandelstein

Margaret Taormina

Marina Galperina

Mario Aguilar

Maritza Sanche

Mark Weldon

Market Halsey Urban Renewal, LLC.

MarkMonitor Inc.

Matt Hardigree

Matt Novak

Matthew Hamer

Matthew Kulper

Mediagene, Inc.

MediaGene, Inc. fka Infobahn, Inc.

MediaMind Technologies, Inc.

Megan Gilbert

Megbizott

Melissa Green

Melissa Murray

Merch Direct, LLC

Merchant Importacao, Exportacao e Comercio, Ltda - ME

MeUndies

Mia Libby

Michael Fahey

Michael Kuntz

Michael Lindsay

Michael Nunez

Michael Orell

Michael Roselli

Michele LaFauci

Michelle Chiang

Mike Ballaban

Mikolaj Szabo

Ministry of Supply

Miranda Langrehr

Moat, Inc.

Mobiles Republic, Inc.

Mollie Horan

Moore Stephens Hezicomp Kft.

Mott & Bow

MoviePass

MVMT Watches

Nameaction Brasil Serv de Inter Ltda ME

NameAction Inc.

Nandita Raghuram

Natasha Vargas-Cooper

Nathan Grayson

NatureBox

Nervora Digital Media Group, FZ-LLC

NetMediaEurope

Netus Media Pty Limited dba Allure Media Pty LTD

Nevora Digital Media Group

NewsCred, Inc.

Nicholas Murphy

-9-

| | |
|---|---|
| Nick Stango | Rob Harvilla |
| Noble People | Robert Finger |
| OCP Collective Corp. dba Adcade, Inc. | Ryan Brown |
| Omar Kardoudi | S&T Consulting Hungary Kft. |
| OnMarc Media | Sam Biddle |
| Operative Media, Inc. | Sam Scherer |
| Oppenheim Ugyvedi Iroda | Sam Woolley |
| Opportune LLP | Samantha Lagani |
| Optimizely, Inc. | Samer Kalaf |
| Oriole Media Corporation dba Juice Mobile | Samuel Griffel |
| Oscar Z. Ianello Associates, Inc. | Sarah Dedewo |
| Owen & Fred Corp. | Sarah Wiest |
| Pacific Shaving Company | Scott Kidder |
| Parachute Home | Sean Buckley |
| Patricia Hernadez | Sean MacDonald |
| Patrick Ballester | SeatGeek |
| Patrick Klepek | Shane Roberts |
| Patrick Laffoon | Shep McAllister |
| Patrick Redford | Shopify |
| Paul Sundue | SimpleReach, Inc. |
| PAX | Skillshare, Inc. |
| Percona, Inc. | Skimbit Limited |
| Perfect World Entertainment | SkimBit LTD. |
| Peri Hochwald | SmartFX |
| Pixel Media Asia Limited | SocialFlow, Inc. |
| Platinum Rye, LLC. | Sophie Kleeman |
| Pop Chart Lab | Soundfreaq |
| Poprageous | Specless, LLC. |
| Puja Patel | Spicy Media Editora LTDA |
| Quench USA, Inc. | SpruceWares |
| Quip NYC Inc. | Squarespace, Inc. |
| Rhone Apparel Inc. | Stackcommerce |
| Riley MacLeod | Staq, Inc. |

Starcom SMG

Stassa Edwards

Stephanie Schrader

Stephen Totilo

Steve Climaco

Steven Polletta

Stowawy Cosmetics

STS Meida, Inc.

Stuart Cheshire

Sultana Khan

Superdry Wholesale, LLC

Suzy Kuzy, LLC.

Szolgaltato

Taboola Inc.

Tamas Neltz

Tara Jacoby

Taylor Berman

Technorati, Inc.

Terra Networks Brasil S.A.

TGT

The Rubicon Project, Inc.

The Sasquatch Soap Co., LLC. dba Dr. Squatch

The Status Audio

Thorin Klosowski

Tim Burke

Time Shred Services, Inc.

Times Internet Limited

Tom Ley

Tom Plunkett

Tom Scocca

Tommy Craggs

Toth Eva Nagykanizsa

Tremor Video, Inc.

UCMS Group Hungary Kft.

Udemy.com

Veronica de Souza

Victor Jeffreys

Viddler, Inc.

VNU Business Media Europe Limited

Waves Gear, LLC.

We Work

Wesley Siler

WeWork LA LLC

Whitson Gordon

William Arkin

William Haisley

William Turton

Wine Awesomeness

Wrights Media, LLC

Writers Guild of America, East

Yannick LeJacq

Zach Custer

Zachary Connett

Zoe Stahl

## SCHEDULE 1(d)

### __Insurers__

Aegon Magyarorszag Zrt.

AIG Europe Limited

Dewitt Stern Group, Inc.

Federal Insurance Company

Hartford Casualty Insurance Company

Hudson Insurance Company

National Union Fire Insurance Co. of Pittsburgh PA

United Healthcare Insurance Company

## SCHEDULE 1(e)

## Other Interested Parties

Cerberus Business Finance LLC

Houlihan Lokey, Inc.

K&H Bank

Latham & Watkins

Prime Clerk LLC

Riemer & Braunstein, LLP

Schulte Roth & Zabel LLP

Securities & Exchange Commission

Securities & Exchange Commission – NY Office

Silicon Valley Bank

Sullivan & Cromwell LLP

US VC Partners LP

## SCHEDULE 1(f)

### Landlords

Andrassy Palota Ingatlanforgalmazo Korlatolt Felelossegu Tarsasag

114 Fifth Owner LP

## SCHEDULE 1(g)

### Litigants

Aulistar Mark

Andrew Hudson

Zachary Cianflone

Lindsay MaHarry

Katherine Castellana

Elizabeth Nadybal

Chelsea Lo Pinto

Tim Barribeau

Patrick Frawley

Elizabeth Weinbloom

Kristin Chan

Samuel Julian

Brian Colgan

Benjamin Dorson

Rachel Atwood

Michael Kennelly

Alyssa Bereznak

Lily Newman

Kwame Opam

Terry Gene Bollea

Mitchell Williams

Meanith Huon

Ashley Terril

Charles Johnson and Got News, LLC

Teresa Thomas

Shiva Ayyadurai

Christopher Sadowski

## SCHEDULE 1(h)

## __Professionals__

Akerman LLP

Cahill Gordon & Reindel LLC

Citrin Cooperman & Co., LLP

Giskan Solotaroff & Anderson LLP

Goldin Solutions

Jalsovszky Law Firm

John Duncan

Klasko Immigration Law Partners, LLP

Levine Sullivan Koch & Schulz, LLP

Maples & Calder

Morrison Cohen LLP

Newmark & Co. Real Estate, Inc.

Oppenheim Law Firm

Opportune LLP

Proskauer Rose LLP

Trifolium LLC

Wilk Auslander

Zwillgen PLLC

## SCHEDULE 1(i)

### Shareholders

| | |
|---|---|
| Berman, Taylor | Hamer, Matt |
| Bertolini, Lauren | Hardigree, Matt |
| Blakeley, Richard Erand | Holmes, Anna |
| Bluestone, Gabrielle | Jefferson, Whitney |
| Brown, Ryan | Kang, Daniel |
| Carmichael, Emma | Kidder, Scott |
| Carmon, Irin | Kozma, Jozsef |
| Chan, Casey | Lam, Brian |
| Coen, Jessica | Layne, Ken |
| Cooke, Jim | Lehnhoff, Jim |
| Craggs, Tommy | Leitch, Will |
| Crecente, Brian | Lisanti, Mark |
| D'Addario, John | Lopez, Greg |
| Darbyshire, Gaby | Ma, Jesse |
| Daulerio, Albert | McGill, Erin |
| DelGiudice, James | Nachlin, Jim |
| Denton, Nick | Newitz, Annalee |
| Diaz, Jesus | Nolan, Hamilton |
| Dietrick, Heather | O'Connor, Maureen |
| Dimmitt, Elizabeth | Pash, Adam |
| Dimmitt, Genevieve | Petrány, Máté |
| Duncan, John | Pettigrew, Erin |
| Ebel, Eyal | Plunkett, Tom |
| Furman, Eliot, as custodian for Alexander Tiberius Furman under the NYUTMA | Read, Malcom |
| | Robischon, Noah |
| Futrelle, Genevieve | Schreier, Jason |
| Giacoman, Gabriela | Schwartz, Diane |
| Gorenstein, Andrew | Schweizer, Julia |
| Greenmount Creek Limited | Scocca, Thomas |
| Hale-Stern, Kaila | |

Sicha, Choire

Spinelli, Mike

Steele, Lockhart

Stein, Sadie

Takayama, Greg

Tate, Ryan

Thomas, Owen

Toder, Matthew

Trapani, Gina

US VC Partners LP

Vuong, Phillip

Wert, Ray

Winkelman (Ortega), Samantha

Woerner, Meredith

Albertson, Josh

Annis, Rose

Baker, Camie

Batty, Chris

Biddle, Sam

Bodnár, István

Burke, Tim

Climaco, Steve

Cook, John

Curtis, Dustin

Donohue, Lacey

Drummond, Katie

Fette, Ian

George, Patrick

Georgopulos, Steph

Gonzalez, Robert

Graham, Kevin

Grothaus, Heidi

Hathaway, Jay

Henry, Alan

Hilder, Jeff

Jeffries, Victor

Juzwiak, Rich

Kéki, Balázs

Knibbs, Katharine

Körtesi, Gáspár

Laurito, Josh

Libby, Mia

Magary, Drew

Marchman, Tim

McAllister, Shep

McKenna, Dave

Mittelhammer, Eric

Morgan, Daniel

Neltz, Tamas

Nevins, Maxwell

Novak, Matt

O'Connor, Courtenay

Pareene, Alex

Parham, Jason

Petchesky, Barry

Popken, Ben

Price, John

Reddy, Kavi

Regenspan, Ben

Roberts, Shane

Sargent, Jordan

Sommer, Ethan

Sundue, Paul

Szász, Péter

Szatmári, András

Taomina, Margaret

-18-

Tiku, Nitasha

Totilo, Stephen

Trotter, JK

Udvardi, Ramóna

Walker, Alissa

Weaver, Caity

Weinstein, Adam

Wentz, Allison

57491981_3

## SCHEDULE 1(j)

### Significant Customers

| | |
|---|---|
| 20th Century Fox | Earnest |
| 360i | Empowering Media LA |
| A9.com Inc. (Amazon Match Buy) | Empowering Media NY |
| Accordant Media | Essence |
| Adslot | f451 - US |
| Aegis Group | Facebook |
| Alliance Games | Factorylabs |
| Allure Media - GM | Fallon |
| Amazon | Future Publishing Ltd (US) |
| Amazon Commerce Revenue | General Mills, Inc. |
| AOL One | Google (BizDev) |
| Asana (Customer) | Graze |
| Assembly | Havas |
| Baru Advertising | Horizon Media |
| Blue Apron | HostGator |
| Blue Wheel Media | Hover |
| Bluehost | HTC Blinkfeed |
| Brigade Marketing | IBM |
| Casper | Indochino |
| Centro | Initiative LA |
| Cisco | Initiative NY |
| Cramer-Krasselt | Interpublic Group of Companies |
| Criteo | iSocket, Inc. |
| Crossmedia | ITVS |
| Desk.com | Kepler Group |
| Dialect Inc | Ketchum |
| DigitasLBi | Kovel Fuller |
| Dollar Shave Club | Kruskopf & Company |
| Draftkings | Liquid Advertising |

| | |
|---|---|
| LivWell | SquareSpace |
| Logmein.com | StackSocial |
| MarkLogic | Status Audio |
| McGarrah Jessee | Sterling Rice Group |
| Me Undies | Superdry Wholesale LLC |
| Mediagene Inc - US | Taboola (Biz Dev) |
| Mediasmith | Tangible Media |
| Mediastorm, LLC | TaxFyle |
| Merkley and Partners | The Garage Team Mazda |
| MillerCoors | TubeMogul |
| MNI | UCB |
| MODCo Media | Udemy |
| Mullen | Varidesk |
| NameCheap | Viewster.com |
| Newscred | VOX Media - Curbed Investment |
| Nokia | VSN |
| NVIDIA | WavesGear |
| Omnicom Group | weBoost |
| Pereira & Odell | Wieden & Kennedy |
| Petrol | Wildcard Properties LLC |
| PGR Media | WPP |
| Protein | Wright's Media |
| Publicis Groupe | Zeno Group |
| R/West | |
| Rachael Piper Consulting | |
| Randomhouse | |
| RED Interactive Agency | |
| Rodger's Townsend | |
| RPA | |
| Rubicon | |
| Skillshare | |
| Slack | |
| Spacetime Media | |

57491981_3

## SCHEDULE 1(k)

### Significant Unsecured Creditors

| | |
|---|---|
| Ad-Juster, Inc. (media) | JW Player (Longtail Ad Solutions, Inc.) |
| ADP Workforce Now | Katherine Fry |
| Akerman LLP | Kinja Accounts Payable |
| Alex Palmer | Krux Digital |
| Andrew Harding | L-Cut Digital Media, Inc. |
| AOL Advertising | Market Halsey Urban Renewal, LLC |
| Associated Press | Marlena Agency Inc. |
| Blane Bachelor | Medialink |
| Brandtale | Merrill Communications, LLC |
| CDW Direct | Metropolitan Cleaning, LLC |
| Cloudinary Ltd. | Moat Inc. |
| Concur Technologies, Inc. | Morrison Cohen LLP |
| Corbis Corporation | Newmark & Co. Real Estate, Inc. |
| Corey  Foster | Nick Wong Photography |
| Creative Circle, LLC. | NSONE Inc. |
| DataGram | Operative Media, Inc |
| DoubleVerify, Inc. | Optimizely, Inc. |
| DRH Internet Inc | Pacific Coast News |
| Equinox Fitness Clubs - Corp Accts | Plant Specialists LLC |
| Fastly | QZZR |
| Fried, Frank, Harris, Shriver & Jacobson LLP | REDBOOKS |
| Getty Images | Risk Strategies Company |
| Giaco Furino | Shenker & Bonaparte, LLP |
| Google Inc. (DoubleClick) | SimpleReach, Inc. |
| Google, Inc. (Analytics) | Sizmek Technologies Inc. |
| Hunter Slaton | Specless |
| Ian Fette | STAQ, INC. |
| Jelle Claeys Automotive Artwork | Submarine Leisure Club, Inc. (Wirecutter) |
| Joshua M Lees | Submersive Media |

The Hartford

The Oliver Group

Viddler, Inc.

## SCHEDULE 1(l)

## Significant Vendors

| | |
|---|---|
| 114 Fifth Avenue | Kforce Inc. |
| ADP PayEx | Kornhaber Brown, LLC |
| Advanced Electronic Solutions, Inc. | Lay It Out, Inc. |
| AMA Consulting Engineers P.C. | Leiberts Royal Green Appliances Inc. |
| AMEX Corporate GM - 01006 | Lewis Rice LLC |
| Andrew Liszewski | LionTree Advisors LLC |
| Apple Inc. (media) | LJ DUFFY, Inc. |
| Baby Llama Productions LLC | Maples & Calder (GM LLC) |
| Bajibot Media | NetRatings, LLC |
| Big Mango, Inc. | Netsuite, Inc. |
| Bird & Bird LLP | NVE, Inc. |
| Brannock & Humphries | OCP Collective Corp. |
| Cahill Gordon & Reindel LLP | Olson Kundig Architects |
| Cannes Trip 2015 | Olson Kundig Interiors |
| Catalyst | OnMarc Media Inc. |
| Cerberus Capital Management LP | Opportune LLP |
| ComScore Inc. | Redscout LLC |
| Con Edison (210) | Robert Half |
| CytexOne Technology, LLC | Ropes & Gray LLP |
| Dynect, Inc | Santa Monica Air Center, Inc. |
| Emma C Lanigan (Cookson) | Structure Tone |
| Fidelity 401k | SW Management LLC |
| Harder Mirell & Abrams | TangentVector, Inc. |
| Hatch Content, LLC | Tapestry Associates LLC |
| HeartWork, Inc. | Thomas & Locicero PL |
| Houlihan Lokey | Treasury of the United States |
| Howard Kennedy | TrueForm Concrete, LLC |
| Inform Interiors | Veritas Pictures, Inc. |
| Jesus Diaz (vendor) | Versus LLC |

Vizu Corporation

Voya Financial 401K

WB Wood NY

Young America Capital

**SCHEDULE 1(m)**

**<u>Taxing Authorities</u>**

Internal Revenue Service

Budapesti Önkormányzat

Hungary National Tax Authority

New York City Department of Finance

New York State Commissioner of Taxation and Finance

**SCHEDULE 1(n)**

**U.S. Trustee and Key Court Personnel for the Southern District of New York**

Cecilia G. Morris

James L. Garrity

Martin Glenn

Mary Kay Vyskocil

Michael E. Wiles

Robert D. Drain

Robert E. Grossman

Sean H. Lane

Shelley C. Chapman

Stuart M. Bernstein

Alicia Leonhard

Amanda Cassara

Andrea B. Schwartz

Andy Velez-Rivera

Anna M. Martinez

Brian S. Masumoto

Cheuk M. Ng

Danny A. Choy

Ercilia A. Mendoza

Greg M. Zipes

Guy A. Van Baalen

Ilusion Rodriguez

Kathleen Schmitt

Linda A. Riffkin

Lisa Penpraze

Maria Catapano

Mary V. Moroney

Myrna R. Fields

Nadkarni Joseph

Paul K. Schwartzberg

Richard C. Morrissey

Serene Nakano

Susan Arbeit

Susan Golden

Sylvester Sharp

Victor Abriano

William K. Harrington

**SCHEDULE 1(o)**

**Utilities**

114 Fifth Avenue Ground Lessee

Atlantic Metro Communications

Benefit Resource, Inc.

Cogent Communications

Con Edison

ShoreTel Inc.

## SCHEDULE 1(p)

### Employees and Independent Contractors

| | |
|---|---|
| Asd Mario Aguilar | Devin Clark |
| Joshua Albertson | Gloria Clark |
| Angelica Alzona | Steve Climaco |
| Fritzie Andrade | Ariana Cohen |
| Erika Audie | Andrew Collins |
| Jared Auslander | Zachary Connett |
| Ilene Baker | John Cook |
| Michael Ballaban | James Cooke |
| Patrick Ballester | Alexandra Cranz |
| Chad Bernstein | Hillary Crosley |
| Lauren Bertolini | Justin Cross |
| Sam Biddle | Andrew Cush |
| Ilona Bilevych | Zach Custer |
| Christina Blacken | Madeleine Davies |
| Gabrielle Bluestone | Maritza De Leon |
| James Boos | Veronica de Souza |
| Joshua Bottino | Sarah Dedewo |
| Robert Bricken | Ernest Deeb |
| Ryan Brown | Nick Denton |
| Kara Brown | Alexander Dickinson |
| Bridget Brown | Heather Dietrick |
| Timothy Burke | Alexandre Dohrmann |
| Albert Burneko | Lacey Donohue |
| Camila Cabrer | Kevin Draper |
| Alexandra Cannon | Kathryn Dries |
| Emma Carmichael | Katherine Drummond |
| Anthony Carnevale | Eyal Ebel |
| Casey Chan | Cheryl Eddy |
| Michelle Chiang | Stassa Edwards |

| | |
|---|---|
| Adam Estes | Samer Kalaf |
| Michael Fahey | Omar Kardoudi Segarra |
| Georgia Faircloth | Hannah Keyser |
| Ashley Feinberg | Sophie Kleeman |
| Ian Fette | Patrick Klepek |
| Robert Finger | Thorin Klosowski |
| Ashton Galloway-Taylor | Michele Lafauci |
| Marina Galperina | Patrick Laffoon |
| John Gelini | Samantha Lagani |
| Patrick George | Miranda Langrehr |
| Kanwar Gill | Joshua Laurito |
| Ariel Gononsky | Catherine LeClair |
| George Grayson | Thomas Ley |
| Melissa Green | Mia Libby |
| Samuel Griffel | Michael Lindsay |
| Heidi Grothaus | Katelyn Lovejoy |
| Ava Gyurina | Germain Lussier |
| Anthony Hack | Riley MacLeod |
| William Haisley | Andrew Magary |
| Lucy Haller | Amanda Mandelstein |
| Kirk Hamilton | Timothy Marchman |
| Matt Hardigree | Alex Mason |
| Andrew Harding | Shepherd McAllister |
| Alan Henry | Kathryn McGinnis |
| Patricia Hernandez-Ramos | David McKenna |
| Emily Herzig | Colleen McMillan |
| Clover Hope | Bryan Menegus |
| Mollie Horan | Anna Merlan |
| Heather Hynes | Maria Misra |
| Attila Illes | Kelly Monson |
| Jacob Inferrera | Daniel Morgan |
| Victor Jeffreys | Diana Moskovitz |
| Richard Juzwiak | Julian Muller |

57491981_3

| | |
|---|---|
| Nick Murphy | Michael Roselli |
| Melissa Murray | Joanna Rothkopf |
| Evan Narcisse | William Sansom |
| Giri Nathan | Jordan Sargent |
| Tamas Neltz | Samuel Scherer |
| Chris Neveu | Stephanie Schrader |
| Hamilton Nolan | Jason Schreier |
| Matthew Novak | Jillian Schulz |
| Michael Nunez | Taryn Schweitzer |
| Brendan O'Connor | Thomas Scocca |
| Courtenay O'Connor | Eleanor Shechet |
| Michael Orell | Julianne Shepherd |
| Darren Orf | Hunter Slaton |
| Andrew Orin | Elisa Solinas |
| Raphael Orlove | Ethan Sommer |
| Jennifer Ouellette | Casey Speer |
| Alexander Pareene | Zoe Stahl |
| Andrea Park | Nicholas Stango |
| Adam Pash | Judith Steinbach |
| Puja Patel | Madeleine Stone |
| Christopher Person | Kelly Stout |
| Barry Petchesky | Richard Sundue |
| Alexandra Philippides | Margaret Taormina |
| Diego Pineda | Jia Tolentino |
| Steven Polletta | Jason Torchinsky |
| John Price | Stephen Totilo |
| Nandita Raghuram | David Tracy |
| Eric Ravenscraft | Katharine Trendacosta |
| Kavitha Reddy | Joseph Trotter |
| Patrick Redford | William Turton |
| Benjamin Regenspan | Kerrie Uthoff |
| Shane Roberts | Christopher Vespoli |
| Grace Robertson | Alissa Walker |

-31-

| | |
|---|---|
| Angela Wang | Jamie Condliffe |
| Jamie Weber | Chris Mills |
| Anastasia Weeks | James Whitbrook |
| Allison Wentz | David Nield |
| Samuel Woolley | Kathryn Jezer-Morton |
| András Szatmári | Madeleine Collier |
| Attila Kocsis | Fruzsina Kuhari |
| Balázs Kéki | Robert Stokes |
| Balázs Pőcze | Adam Kovac |
| Dmitry Lambrianov | Jared "Jay Allen" Goodwin |
| Gábor Kacsik | Anthony Dejolde |
| Gáspár Körtesi | Carlos Rebato |
| György Bokros | Carlos Hierro |
| Ildikó Kriston | Matias Martinez |
| István Bodnár | Eduardo Marin |
| János Hardi | Miguel Redondo |
| László Heves | Zolani Stewart |
| Levente Molnár | Reshma Bhai |
| Linda Bucsánszki | Manisha Aggarwal |
| Luca Németh | Lindsay Handmer |
| Márton Borlay | Daniel Strudwick |
| Mikhail Mitrofanov | Eva Jurczyk |
| Olivér Kovács | Mihir Patkar |
| Péter Szász | Toshihisa Nakamura |
| Ramóna Udvardi | Kirsten O'Regan |
| Szabolcs Vida | Alexandra Nursall |
| Szilvia Németh | Nicholas Cameron |
| Zoltán Balázs | Ralph Jones |
| Zoltán Kalmár | Elizabeth Edgar |
| George Dvorsky | Rawiya Elkhadir |
| Luke Plunkett | Ian Dransfield |
| Brian Ashcraft | Stefan Janke |
| Andrew Liszewski | Mark Wilson |

-32-

Sniff Petrol Limited

James Fell

Peter Ryan

Manuel Mendez Perez

Angel Jiminez

Jacob Rose

Bram Gieben

Eva Holland

Nathan Thompson

Priya Elias

Scaachi Koul

Helen Appleyard

Omar Karduodi Segarra

Cara Ellison

Estelle Tang

Anupa Mistry

Brodie Lancaster

Jess Shanahan

Jesus Diaz

Herbert Lui (Wonder Shuttle Media, Inc)

Graham Ruthven

Stacy May Fowles

Andrew Gibney

Daniel Harris

Alex Hess

Chris Koentges

Kevin O'Brien

Achal Prabhala

David Sommer

Monica Heisey

Sara Mcculloch

Jakob Wenngren

Alex Bejerstrand

Halmar Sveinbjornsson

Amit Reut

Rosa Gregori

Sarah Moroz

Jason Richards

Ravi Somaiya

Reut Amit

Michael "Massoud" Martin

Fariha Roisin

William Herkewitz

Lev Hellebust (Bratishenko)

Pranav Dixit

Danny Allen

Karan Atul Shah

James Baker

Gary Cutlack

Adelaide Dugdale

Katherine Hannaford

Brian Hogg

Andrew James

Chris Mcveigh

Apoorva Prasad

Michelle Tofi

Yareniz Saavedra Padilla

Carlos Risco

Elias Notario Perez

Eric Tecayehuatl

Robert Boffard

Guy Combs

Joel Meadows

Chris Harris

Guy Porepp

Anthony Mark Dewhurst

-33-

Peter Orosz

Ryan Pierce

Neill Watson

George Williams

Chris Harris

Natasha Chenier

Esther Sassaman

Luke Malone

Mikhail Mitrofanov

Leo Wichtowski

Kevin Mahon

Simon Parkin

Quintin Smith

Kathleen Williams

Ollie Barder

Simon Mapp

Andrew Mcmillen

David Veselka

Kevin Mahon

David Gilson

Mark O'Neill

Spanner Spencer

Tom Cassell

Kenneth Gibson

Clare Kane

Zolani Stewart

Josephine Huetlin

57491981_3

## Exhibit 2

The following lists names of entities or individuals searched from Schedule 1 where the entity, and/or a parent or affiliate of the entity, is a current or former client of TLo, on matters as described herein.

| Searched Entity | Relationship |
| --- | --- |
| The Associated Press | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |
| Casper Sleep Inc. | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |
| AIG | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |
| Hartford Casualty Insurance Company | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |
| 20th Century Fox | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |
| Kforce Inc. | Current client in matters wholly unrelated to Debtors or to these chapter 11 cases |

58170740_5

**Exhibit 3**

The following lists the names of entities or individuals searched from Schedule 1, where the entity, and/or a parent or affiliate of the entity, is a current or former client of TLo, on matters as described herein.

| **Searched Entity** | **Relationship** |
| --- | --- |
| Albert Daulerio | Current client; co-defendant in matters involving Debtor described above |
| Nick Denton | Current client; co-defendant in matters involving Debtor described above |
| Heather Dietrick | Current client; petitioner in an interlocutory appellate matter in *Bollea I* |

3

**<u>Exhibit C</u>**

**Holden Declaration**

1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11
                                                    :
Gawker Media LLC, *et al.*,[1]                      :        Case No. 16-11700 (SMB)
                                                    :
                        Debtors.                    :        (Jointly Administered)
                                                    :
-------------------------------------------------------x

### DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULEs 2014 and 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THOMAS & LOCICERO PL AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, William D. Holden, being duly sworn, hereby declare as follows:

      1.      I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media"),

located at 114 Fifth Avenue, 2d Floor, New York, New York 10014.

      2.      I submit this declaration (this "Declaration") in support of the Debtors'

Application Pursuant to Sections 327(e), 328(a) and 330 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 For Entry of an Order Authorizing the

Retention and Employment of Thomas & LoCicero PL ("TLo") as Special Litigation Counsel

Effective *Nunc Pro Tunc* to the Petition Date (the "Application").[2]  The facts set forth herein are

based on my personal knowledge or information provided to me by the Debtors' management,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

employees or members of my staff working under my supervision, other professionals, and my review of the books and records and relevant documents.

### The Debtors' Selection of Thomas & LoCicero PL

3.      Thomas & LoCicero PL ("TLo") is proposed to serve as special litigation counsel to the Debtors, responsible for the matters described in Paragraph 11 of the Application. The Debtors recognize that a careful selection should be made when selecting and managing any counsel acting for debtors in a chapter 11 case, to ensure that the professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.      Here, TLo has been engaged by the Debtors since 2012, for what were non-bankruptcy matters, and TLo was subjected to the client-driven market forces and scrutiny when it was originally retained. The contemplated engagement continues TLo's engagement on the same terms, except for the oral modification eliminating the cap on hours TLo could incur.

5.      In addition, under the contemplated engagement, TLo will charge only those actual and necessary expenses, for which it bills its clients, incurred in connection with the rendering of legal services described in the Application, by category and nature of services rendered.

6.      It is my understanding that when TLo was originally retained in 2012, and when it was retained for additional matters since then, Gawker Media considered alternative law firms as part of its selection process. Gawker Media's decision to retain TLo required consideration of cost, but more importantly, its expertise in the particular subject matter of the litigation it was defending. TLo was retained in a non-bankruptcy environment, and was subjected to the competition in the non-bankruptcy marketplace when it was retained.

2

### Rate Structure

7.      In my capacity as Chief Restructuring Officer, I am responsible, along with

Heather Dietrick (General Counsel), for monitoring outside counsel retained by the Debtors in

the ordinary course of business.  As discussed below, I, or members of my team, or employees

working under my supervision, are responsible for reviewing the invoices regularly submitted by

TLo.

### Cost Supervision

8.      The Debtors and TLo are working on a prospective budget for the period from the

Petition Date to 120 days after the Petition Date, recognizing that in the course of a large chapter

11 case, it is possible that there may be a number of unforeseen fees and expenses that will need

to be addressed by the Debtors and TLo.  The Debtors further recognize that it is their

responsibility to monitor closely the billing practices of their counsel to ensure the fees and

expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies

of these chapter 11 cases.  The Debtors will continue to review the invoices that TLo regularly

submits, and together with TLo, amend the budget periodically, as the Actions and the Adversary

Proceeding develop.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct to the best of my knowledge and belief.


Dated: July 25, 2016

_William D. Holden_

William D. Holden

58170740_5