**Hearing Date: August 18, 2016 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: August 15, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Jonathan M. Agudelo
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                   :

In re                           :     Chapter 11
                                   :

Gawker Media LLC, *et al.*,[1]    :     Case No. 16-11700 (SMB)
                                   :

          Debtors.        :     (Jointly Administered)
                                   :

------------------------------------------------------x

**NOTICE OF DEBTORS' APPLICATION PURSUANT TO SECTIONS
327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY
OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
JB DUNCAN PC AS SPECIAL CORPORATE COUNSEL EFFECTIVE
*NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the Application (the

"Application" a copy of which is attached hereto) of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to retain

and employ JB Duncan PC as special corporate counsel effective *nunc pro tunc* to the Petition

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

Date will be held before the Honorable Stuart M. Bernstein of the United States Bankruptcy

Court for the Southern District of New York (the "Court"), in Room 723, One Bowling Green,

New York, New York 10004-1408, on **August 18, 2016 at 2:00 p.m. (prevailing Eastern**

**Time).**

      **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application

and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall set forth the basis for the response or objection and the specific grounds therefore, and shall

be filed with the Court electronically in accordance with General Order M-399 by registered

users of the Court's case filing system (the User's Manual for the Electronic Case Filing System

can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard

copy delivered directly to chambers and served so as to be actually received no later than **August**

**15, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon: (i) the

Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, NY 10011, Attn. Heather

Dietrick (heather@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue

of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com)

(iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick

Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi)

proposed counsel to the Official Committee of Unsecured Creditors, Simpson Thacher &

Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba

(squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC

Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash

Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A.

Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon

(keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, as DIP Lender,

Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C.

Harris (adam.harris@srz.com); (ix) JB Duncan PC, 103 East Blithedale Avenue, Suite 7, Mill

Valley, CA 94941, Attn: John Duncan (john@duncanpc.com); and (x) those persons who have

formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application may be obtained

free of charge by visiting the website of Prime Clerk LLC at https://cases.primeclerk.com/gawker.

You may also obtain copies of any pleadings by visiting the Court's website at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned

thereafter from time to time without further notice other than an announcement of the adjourned

date or dates at the Hearing or at a later hearing.  The Debtors will file an agenda before the

Hearing, which may modify or supplement the Application to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are

timely filed and served with respect to the Application, the Debtors may, on or after the

Objection Deadline, submit to the Court an order substantially in the form annexed as Exhibit A

to the Application, which order the Court may enter with no further notice or opportunity to be

heard.


Dated: August 4, 2016                  /s/ Gregg M. Galardi
      New York, New York             Gregg M. Galardi
                                     Jonathan P. Gill
                                     Jonathan M. Agudelo
                                     Stacy A. Dasaro
                                     ROPES & GRAY LLP
                                     1211 Avenue of the Americas
                                     New York, NY 10036-8704
                                     Telephone: (212) 596-9000
                                     Facsimile: (212) 596-9090
                                     gregg.galardi@ropesgray.com
                                     jonathan.gill@ropesgray.com
                                     jonathan.agudelo@ropesgray.com
                                     stacy.dasaro@ropesgray.com

**Hearing Date: August 18, 2016 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: August 15, 2016, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Jonathan M. Agudelo
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                            :
In re                                       :        Chapter 11
                                            :
Gawker Media LLC, *et al.*,[1]              :        Case No. 16-11700 (SMB)
                                            :
                        Debtors.            :        (Jointly Administered)
                                            :
-------------------------------------------------------x

**DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a)**
**AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014**
**AND 2016 AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY**
**OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF JB DUNCAN PC AS SPECIAL CORPORATE COUNSEL EFFECTIVE**
***NUNC PRO TUNC* TO THE PETITION DATE**

Gawker Media LLC ("Gawker Media") and its affiliated debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully

submit this application (the "Application") for entry of an order under, substantially in the form

attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to retain JB

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

Duncan PC as special corporate counsel, *nunc pro tunc* to the Petition Date pursuant to sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). In support of the Application, the Debtors submit and incorporate by reference (i) the Declaration of John Duncan (the "Duncan Declaration"), attached hereto as Exhibit B, (ii) the Declaration of William D. Holden (the "Holden Declaration"), attached hereto as Exhibit C, and (iii) the *Declaration of William D. Holden in Support of First Day Motions* (the "First Day Declaration") [Docket No. 7]. In further support of the Application, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider and determine this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are Section 327(e), 328(a) and 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

### Procedural Background

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"). On June 12, 2016, Gawker Media Group, Inc. ("GMGI") and Kinja Kft. ("Kinja") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2

5.      On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6.      On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the First Day Declaration.

## Relief Requested

9.      The Debtors seek an order of this Court, pursuant to Sections 327(e), 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to employ and retain JB Duncan PC *nunc pro tunc* to the Petition Date, in accordance with the terms of Gawker Media's engagement of JB Duncan PC in February 2012,[2] this Application, and the Proposed Order submitted herewith, as the Debtors' special corporate counsel to perform legal services attendant to various corporate matters, as more fully described herein.  For the reasons set forth below, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, their creditors, stakeholders, and other parties in interest, and, therefore, should be granted.

---

[2] The engagement between Gawker Media and JB Duncan PC in February 2012 was a continuation of the engagement by Gawker Media of John Duncan, which commenced in October 2005.

## The Retention of JB Duncan PC

10.    The Debtors seek to retain JB Duncan PC as special corporate counsel because of the in-depth experience, knowledge and familiarity of John Duncan, the sole shareholder of JB Duncan PC, with the Debtors' business and operations.  Since on or about October 2005, John Duncan individually, and subsequently, through JB Duncan PC has represented the Debtors with respect to various domestic and international transactions as well as with respect to the corporate and tax structure of Debtors and their relationships with each other, including the formation and capitalization of GMGI.  Accordingly, the Debtors submit that JB Duncan PC's knowledge, expertise, and experience of the Debtors' business and operations and all issues, matters or controversies that may concern these bankruptcy cases qualify JB Duncan PC to work on behalf of the Debtors' estate in the most efficient and cost-effective manner.

11.    John Duncan was first retained in October 2005 to provide advice regarding the optimal structure for owning and managing the Debtors' business from a tax and operational standpoint, and to advise with regard to employee equity incentives, and such engagement was transferred to JB Duncan PC in 2012.  JB Duncan PC has advised Gawker Media with respect to matters regarding the capitalization of Debtors, the ownership of equity and options to purchase equity and the terms of its stock option plan and related maters, intercompany pricing issues related to the license of intellectual property from Kinja, Kft. to Gawker Media LLC and related tax and financial issues.

12.    The professional services (the "Services") to be provided by JB Duncan PC during the pendency of these chapter 11 cases involve providing information and historical background regarding the Debtors' corporate matters, in connection with the auction and sale of

4

substantially all of the Debtors' assets, as well as any disclosure statement(s) and plan(s) of reorganization filed in these cases.

13.     The Debtors require and will continue to require the Services throughout these chapter 11 cases.  As the Court is aware, the auction and sale process is ongoing, and has required the Debtors to consult with JB Duncan PC on a number of matters related to that process.

14.     No other law firm is providing the Debtors with the Services, other than Ropes & Gray LLP as the Debtors' bankruptcy counsel.  JB Duncan PC will work with the Debtors to ensure that the services provided in connection with the auction and sale process by each firm are complementary of each other and not duplicative.

15.     If the Debtors were required to retain counsel other than JB Duncan PC, the Debtors, their estates, and all parties in interest would lose the benefit of John Duncan's experience and expertise on the matters for which JB Duncan PC has been serving the Debtors prior to the filing of these chapter 11 cases.  It is unlikely that another law firm would be able to acquire the knowledge base of JB Duncan PC, given its long-standing history and background knowledge of the Debtors and their operations.

16.     The Debtors respectfully submit that JB Duncan PC is well-qualified and uniquely able to provide the specialized legal advice sought by the Debtors as set forth herein in an efficient and cost-effective manner, and JB Duncan PC's retention as special corporate counsel is in the best interests of the Debtors and their estates.

### No Adverse Interest With Respect to the Services

17.     As set forth in the Duncan Declaration, neither JB Duncan PC nor John Duncan represents or holds an interest adverse to the Debtors with respect to the Services.  To the best of

5

the Debtors' knowledge, except as specifically set forth in the Duncan Declaration and as described herein, neither JB Duncan PC nor John Duncan has represented the Debtors' creditors or any other parties in interest or their respective attorneys in any matter relating to the Debtors or their estates.[3]

18.      JB Duncan PC holds a prepetition claim against Gawker Media for an amount of $7,258.83.[4] JB Duncan PC has provided services to the Debtors up through the time of the filing of this Application.  JB Duncan PC has regularly billed, and been paid, for its legal services through April 30, 2016.  JB Duncan PC has also accrued and billed $1,109.17 for the period from June 10 through June 30, 2016, and accrued (but not billed) time and associated charges, and incurred disbursements, for services from the Petition Date through the date of this Application.  JB Duncan PC currently does not hold a retainer.

19.      In the ninety days prior to the Petition Date, the Debtors paid JB Duncan PC an aggregate of $73,155.00 on account of their obligations for JB Duncan PC's services.  During that time period, among other things, JB Duncan PC provided advice regarding the Series B preferred stock and debt financing and a potential sale of the company.

20.      Further, my understanding is that, as of the date of this Application, John Duncan holds 252,000 shares of Series A Preferred Stock and 28,000 ordinary shares of GMGI originally acquired upon the formation of GMGI in exchange for his interest in Gawker Media, LLC and Blogwire Partners, GP, which in turn were acquired April 2006.  In addition, Mr. Duncan holds an option to purchase 97,000 ordinary shares of GMGI for $0.19 per share, which was issued on June 1, 2014.

---

[3] If any new facts or circumstances are discovered, JB Duncan PC will supplement its disclosure to the Court.

[4] Consisting of $3,997.50 for the month of May 2016, and $3,258.33 for services provided through June 10, 2016, calculated on a pro rata basis, based on the fee arrangement more fully described below.

## Professional Compensation

21.     Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Fee Guidelines"), and *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94], and as set forth in the Duncan Declaration, the Debtors propose to compensate JB Duncan PC in accordance with the fee structure described below.

22.     Since 2012, JB Duncan PC agreed to a fee structure with Gawker Media comprised of (i) a fixed monthly fee for a certain number of hours at a discounted hourly rate, and (ii) hourly billing for time incurred in excess of the agreed number of hours for a particular month, only if the total hours incurred in the prior twelve-month period exceeded the annualized total hours that would have been billed at the fixed rate.

23.     Since June 2015, JB Duncan PC billed the Debtors approximately $3,000 per month plus $525 per hour for each hour billed that was both in excess of 10 hours for the month and 120 hours for the previous 12 months.  Pursuant to the engagement agreement between JB Duncan PC and Gawker Media, upon full vesting of Mr. Duncan's options to purchase Ordinary Shares of GMGI, the $3,000 monthly fixed fee was increased to $4,000 per month, plus $525 per hour for each hour billed in excess of 10 hours for the month and 120 hours for the previous twelve months.  During the pendency of these chapter 11 cases, JB Duncan PC has agreed to revert to the $3,000 per month fixed fee.

24.    JB Duncan PC has also agreed to maintain detailed, contemporaneous records of time and those actual and necessary expenses incurred in connection with the rendering of the Services by category and nature of services rendered.

### Statement Regarding U.S. Trustee Guidelines

25.    JB Duncan PC has agreed to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Fee Guidelines, and the Interim Compensation Order.

26.    Based on the Duncan Declaration, the following information is provided in response to the request for additional information set forth in Paragraph D.1. of the Fee Guidelines:

| | |
|---|---|
| **Question:** | **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?** |
| Answer: | JB Duncan PC ordinarily charges a standard billing rate of $650/hour. The standard billing rate was reduced to the fixed $3,000 per month and to $525 per hour for services provided to the Debtors because of (a) the agreement whereby the Debtors paid JB Duncan PC on a monthly basis, as more fully described above and (b) prior discounts negotiated between John Duncan and Gawker Media. |
| **Question:** | **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?** |
| Answer: | No. |
| **Question:** | **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.** |
| Answer: | Beginning in June 2015, JB Duncan PC billed Gawker Media, LLC approximately $3,000 per month plus $525 per hour in excess of 10 hours per month and 120 hours on a twelve-month rolling basis. As of June 1, |

2016, the fixed monthly fee was increased to $4,000 per month upon the full vesting of Mr. Duncan's options to purchase shares of GMGI. For post-petition services, the fixed monthly fee payment will be $3,000.

**Question:**    **Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:    JB Duncan PC and the Debtors are currently working on a budget for JB Duncan PC's work for the Debtors. The budget anticipates that JB Duncan PC will assist the Debtors with the auction, sale, and post-closing matters. The Debtors anticipate a budget will be prepared shortly. The budget necessarily involves a projection of future events with limited information and is subject to change as the matters develop.

### Basis for Relief

27.    Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specified matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed. *See* 11 U.S.C. § 327(e). Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 . . . solely because of such person's employment by or representation of the debtor before the commencement of the case." *See* 11 U.S.C. § 1107(b).

28.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer [or] on an hourly basis . . ." 11 U.S.C. § 328(a).

29.    As discussed above, JB Duncan PC received $73,155.00 within the ninety days before the Petition Date.

30.    The receipt of prepetition payments does not preclude a law firm from being employed as special corporate counsel under section 327(e) so long as the receipt of such payment does not cause it to "hold any interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed." 11 U.S.C. § 327(e); *see also In re Mortgages*

9

*Ltd.*, No. 2:08BK07465RJH, 2008 WL 5024925, at *1-2 (Bankr. D. Ariz. Aug. 14, 2008) ("[T]he

potential receipt of a preference does not disqualify a firm from employment as special corporate

counsel when the debtor's and the firm's interests are parallel with respect to the matters for

which the firm is to be employed."); *cf. Giuliano v. Ernst & Young, LLP (In re RIH Acquisitions

NJ, LLC)*, No. 13-34483, 2016 WL 2996950, at *4 (Bankr. D. N.J. May 24, 2016) (analogizing

retention of ordinary course professional to retention under section 327(e) and concluding that

Court need not address whether professional received preferential transfers to approve its

retention). Indeed, "[s]ince the role of special counsel is, by definition, limited, the trustee need

only show that there is no adverse interest related to that role itself." *See Hogil Pharmaceutical

Corp. v. Sapir (In re Innomed Labs, LLC)*, No. 07-cv-4778 (WCC), 2008 WL 276490 (S.D.N.Y.

Jan. 29, 2008); *see also Bank of Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610,

622 (2d Cir. 1992) ("we should reason by analogy to 327(e), so that 'where the trustee seeks to

appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict

between the trustee and counsel's creditor client with respect to the specific matter itself.").

31.    This Court and other courts in this district have approved retentions of counsel

under section 327(e) where the law firm to be retained received substantial payments within the

ninety days prior to the petition date. *See, e.g., In re SunEdison, Inc.*, No. 16-10992 (SMB)

(Bankr. S.D.N.Y. May 20, 2016) [Docket No. 361] (approving section 327(e) retention of law

firm that received approximately $2.37 million in fees for legal services during the ninety days

before the petition date); *In re Apex Silver Mines Ltd.*, No. 09-10182 (JMP) (Bankr. S.D.N.Y.

Jan. 22, 2009) [Docket No. 57] (approving section 327(e) retention of law firm that received

unspecified compensation during the ninety days before the petition date). Accordingly, the fact

that the Debtors paid JB Duncan PC for services rendered within the ninety days prior to the

Petition Date does not disqualify JB Duncan PC from being retained pursuant to section 327(e).

32.     My understanding is that Mr. Duncan, the sole shareholder of JB Duncan PC,

acquired shares in GMGI and its predecessors at the same time as the other founders (other than

Mr. Denton) in recognition of the contribution he made to the initial business plan and other

related value.   In that regard, he was granted options in recognition of JB Duncan PC's

agreement to reduce its rates, and to provide a strong incentive for JB Duncan PC to continue to

provide services to Debtors.

### Nunc Pro Tunc Relief

33.     *Nunc pro tunc* relief is appropriate here.   The Debtors originally proposed to

retain JB Duncan PC as an ordinary course professional, pursuant to the *Debtors' Motion for*

*Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized*

*in the Ordinary Course of Business* (the "OCP Motion") [Docket No. 53].   At the Court hearing

on July 7, 2016, the Court directed the Debtors to file separate retention applications for any

professional not eligible to be retained under section 327(a) of the Bankruptcy Code.   As a result,

the Debtors have worked with Mr. Duncan to prepare and file this retention application.   Based

on those facts, the Debtors believe that *nunc pro tunc* relief is proper.

34.     For the reasons set forth in this Application and the Duncan Declaration, the

Debtors submit that JB Duncan PC's retention and employment satisfies section 327(e) and this

Application should be approved.   If the Debtors were required to retain counsel other than JB

Duncan PC, the Debtors, their estates, and parties in interest would be prejudiced, as the Debtors

would lose JB Duncan PC's invaluable experience and knowledge on, *inter alia*, the Services, as

11

described above.  Accordingly, it is in the best interests of the Debtors and their estates to retain JB Duncan PC.

## Waiver of Stay

35.     The Debtors request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Application is necessary for the Debtors to protect their interests in pending litigation and to preserve value for their estates.  Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the need for the relief sought herein justifies immediate relief.

## Notice

Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Internal Revenue Service; (iii) the United States Attorney for the Southern District of New York; (iv) proposed counsel to the Official Committee of Unsecured Creditors; (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender; (vi) counsel to Cerberus Business Finance, LLC, as DIP Lender; (v) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; and (vi) JB Duncan PC.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully requests that this Court enter an Order, substantially in the form annexed hereto as Exhibit A, (a) authorizing the Debtors to retain JB Duncan PC as special corporate counsel to the Debtors, *nunc pro tunc* to the Petition Date, for the purposes and upon the terms set forth herein; and (b) granting to the Debtors such other and further relief as may be just or proper.

Respectfully submitted,

Gawker Media LLC,

Dated: August 3, 2016

By:    Heather Dietrick
President and General Counsel

58298053_8

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                        :
In re                      :      Chapter 11
                        :
Gawker Media LLC, *et al.*,[1]   :      Case No. 16-11700 (SMB)
                        :
            Debtors.       :      (Jointly Administered)
                        :
-------------------------------------------------------x

**ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO
SECTION 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND
2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF JB DUNCAN PC AS SPECIAL CORPORATE COUNSEL
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to

sections 327(e),  328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New

York (the "Local Rules") authorizing the employment of JB Duncan PC as special corporate

counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration

and the Duncan Declaration, and the Holden Declaration; and the Court having reviewed the

Application, the First Day Declaration, the Duncan Declaration, and the Holden Declaration; and

the Court being satisfied with the representations made in the Application and the Duncan

Declaration that JB Duncan PC represents no adverse interest to the Debtors with respect to the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

matters on which JB Duncan PC will be employed, that its employment is necessary and in the

best interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further

appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application

having been given under the particular circumstances; and it appearing that no other or further

notice need be provided; and upon the record herein; and after due deliberation thereon; and

sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(e), 328(a) and 330 of the Bankruptcy Code, the Debtors,

as debtors and debtors in possession, are authorized to employ and retain JB Duncan PC as

special corporate counsel effective *nunc pro tunc* to the Petition Date, in accordance with the

Application, the Duncan Declaration, the Holden Declaration, and this Order, to perform the

Services.

3.      To the extent any of the Application, the Duncan Declaration, or the Holden

Declaration is inconsistent with this Order, the terms of this Order shall govern.

4.      JB Duncan PC shall be compensated in accordance with the applicable provisions

of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* (the "Interim Compensation Order") [Docket No. 94].

5.      Prior to applying any increases in the hourly rate(s) beyond the rate(s) set forth in the Application, JB Duncan PC shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and the Debtors shall file the notice on ECF.  The United States Trustee retains all rights to object to such rate increase.

6.      Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

7.      Notwithstanding any otherwise applicable provisions to the contrary, during the pendency of these chapter 11 cases, JB Duncan PC will not represent present or future clients of JB Duncan PC on matters adverse to the Debtors in these cases.

8.      Notwithstanding any otherwise applicable provisions to the contrary, any retainers shall be applied to the payment of fees and costs as they are approved by the Court.

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: August __, 2016
New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

3

## Exhibit B

**Duncan Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
Gawker Media LLC, *et al.*,[1]      :        Case No. 16-11700 (SMB)
                                    :
                  Debtors.          :        (Jointly Administered)
                                    :
---------------------------------------------------------x

## DECLARATION OF JOHN DUNCAN IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULES 2014-1 and 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JB DUNCAN PC AS SPECIAL CORPORATE COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, John Duncan, make this Declaration, under penalty of perjury pursuant to 28 U.S.C. § 1746, and hereby declare as follows:

1.      I am the sole shareholder of JB Duncan PC and am authorized to make this Declaration on behalf of JB Duncan PC.  I make this Declaration in support of the Application of Debtors Pursuant to 11 U.S.C. §§ 327(e), 328(a) and 330, Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for entry of an order authorizing the retention and employment of JB Duncan PC as special corporate counsel effective *nunc pro tunc* to the Petition Date.[2]  I am admitted and in good standing to practice law in the State of New York and California[3].

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application.

[3] And listed as retired from the practice of law in Connecticut.

2.      The statements set forth below are based upon my personal knowledge,

information provided to me by employees and contractors of JB Duncan PC acting under my

supervision and direction.

**Retention of JB Duncan PC as Special corporate counsel for the Debtors**

3.      JB Duncan PC is well qualified to serve as the Debtors' special corporate

counsel in these cases.  I have practiced law for 29 years in New York and California at large

international law firms and as in house counsel at privately held companies.  In addition to my

JD degree from NYU School of Law, I hold a masters of laws in taxation from NYU School of

Law.  During my 29 year legal career, I worked for five years as an investment banker at Bank of

America Securities where I structured and implemented numerous cross border financing

transactions with characteristics similar to the transactions between Gawker Media LLC and

Kinja, Kft, and otherwise participated in the provision of financial advice and financial modeling

similar to the advice and modeling related to the formation and operation of GMGI and the

operation of its employee equity plan.  Following my employment by Bank of America

Securities, I was co-head of the tax department and the M&A department at Venture Law Group

in Silicon Valley, representing a broad array of private, venture backed companies.  Finally,

during my services as the General Counsel of Slide, Inc., I engaged in in-depth research and

managed issues related to the Digital Millennium Copyright act and the Communications

Decency Act, as well as the implementation of cost sharing arrangements and intercompany

service agreements among members of a group of companies, all of which are similar to or

important to the business and operations of Debtors.

4.      Pursuant to the Application, the Debtors seek authority to retain JB

Duncan PC, *nunc pro tunc* to the Petition Date, to render legal services as described below.

Individually, I began representing the Debtors in or about October 2005, and subsequently in

2

February 2012, JB Duncan PC began representing the Debtors with respect to various corporate and tax matters, including the design and implementation of the intercompany transfer pricing structure used by Gawker Media LLC and Kinja Kft., the formation and capitalization of GMGI, the creation and implementation of Debtors' employee equity incentive plan, the management of the ownership and monetization of Debtors' various intellectual property assets and the provision of general legal advice regarding the operation of a private company and issues that arose with respect to the publication of various materials on the internet.

5.      Over the last 11 years, I have developed substantial experience, knowledge, and familiarity with the Debtors and certain lawsuits involving the Debtors' business and operations.

6.      I, as an individual attorney, was first retained in October 2005 to provide advice regarding the optimal structure for the Debtors corporate group and ownership of its intellectual property and regarding the best way to provide equity participation to the original seven founders of the Debtors.

7.      The professional services to be provided by JB Duncan PC, which include providing information and historical background regarding the Debtors' corporate matters, in connection with the auction and sale of substantially all of the Debtors' assets, as well as any disclosure statement(s) and plan(s) of reorganization filed in these cases are collectively referred to herein as the "Services."

8.      It is my understanding that the Debtors require and will continue to require the Services throughout these chapter 11 cases.  I believe that the Debtors will require my expertise during these chapter 11 cases because of my extensive knowledge of the Debtors' history and operations.

3

9.      No other law firm is providing the Services, other than Ropes & Gray LLP as the Debtors' bankruptcy counsel.  I will coordinate with the Debtors to ensure that the services provided by JB Duncan PC and Ropes & Gray are complementary of each other and not duplicative.

**No Adverse Interest with Respect to the Matters on which JB Duncan PC is to be Retained**

10.     In connection with its proposed retention under section 327(e) of the Bankruptcy Code, I searched JB Duncan PC's client/matter records to determine whether it has any conflicts or other connections that might cause it to hold or represent an interest adverse to the Debtors with respect to the Services (the "Disclosure Procedures").  As part of the Disclosure Procedures, the Debtors provided me with a list of the Debtors' significant prepetition creditors, vendors, professionals, and other potential parties in interest (collectively, the "Interested Parties"), a list of which is attached as **Exhibit 1** to this Declaration.  Pursuant to the Disclosure Procedures, I compared each of the Interested Parties to the names that JB Duncan PC maintains in a master client database.  JB Duncan PC's client database includes, among other information the name of each current or former client and the principal shareholders of each such client. The results of my inquiry are as follows:

a.      I identified no Interested Parties that matched JB Duncan PC's master client database other than as described below.

b.      In addition, I (i) am not related to, nor have any connection with, (A) any United States bankruptcy judge in the Southern District of New York, (B) any employee of the United States Bankruptcy Court for the Southern District of New York, or (C) any employee of the Office of the United States Trustee; and (ii) am not or was not an officer, director, or employee of the Debtors.

4

c.      JB Duncan PC has one employee that provides administrative support. That employee (i) is not related to, nor has any connection with (A) any United States bankruptcy judge in the Southern District of New York, (B) any employee of the United States Bankruptcy Court for the Southern District of New York, or (C) any employee of the Office of the United States Trustee for the Southern District of New York; and (ii) is not or was not an officer, director, or employee of the Debtors.

d.      I own 252,000 shares of Series A Preferred Stock and 28,000 ordinary shares of GMGI originally acquired upon the formation of GMGI in exchange for my interest in Gawker Media, LLC and Blogwire Partners, GP, which in turn were acquired April 2006.  In addition, I hold an option to purchase 97,000 ordinary shares of Gawker Media Group Inc. for $0.19 per share, which was issued on June 1, 2014.   These shares and options may have value depending on the outcome of the auction.

11.     I and JB Duncan PC have occasionally provided advice to Nick Denton (an insider of the Debtors) and his sister with regard to their ownership of GMGI stock.  In 2013, JB Duncan PC and I, advised Nick Denton's sister in connection with a transaction involving a trust and a corporation for the purpose of acquiring GMGI stock.  JB Duncan PC has not billed Nick Denton or his sister for the time incurred in connection with such advice.  JB Duncan PC will not provide such advice during the pendency of these chapter 11 cases.

12.     Other than as described herein, neither I nor JB Duncan PC have a professional connection with Nick Denton.  I maintain a personal friendship with Nick Denton.

5

13.     Based upon my review, it is my belief that JB Duncan PC, as required by section 327(e) of the Bankruptcy Code, does not hold or represent an interest that is adverse to the Debtors' estates with respect to the Services for which JB Duncan PC is proposed to be employed.

14.     As set forth above, I am a sole practitioner focusing on tax, transactional and general corporate advice.  I serve the legal needs of privately held technology companies across the country and in several foreign countries.  Some of these entities are, or may consider themselves to be, creditors or parties in interest in the Debtors' chapter 11 cases or to otherwise have interests in these cases.  JB Duncan PC may have represented, currently represent, and/or may represent in the future persons or entities listed among the Interested Parties (or their affiliates) in matters unrelated to the Services for which I am to be retained.

15.     To the best of my knowledge and information, none of the Interested Parties, other than the Debtors, represented three percent (3%) or more of JB Duncan PC's gross revenue for the 12-month period ending May 31, 2016.  Gawker Media has often represented more than 3% and up to 40% of mine and JB Duncan PC's gross revenues in the past.

16.     As a further supplement to my disclosures set forth herein, and without limiting such disclosures, JB Duncan PC may have and/or may have had dealings with the Debtors in the ordinary course of the Debtors' business.

17.     Further, JB Duncan PC:

a.      may have appeared in the past, and may appear in the future, in other cases unrelated to these cases or unrelated to the Services for which JB Duncan PC is to be retained where the Debtors' creditors or other parties with an interest in the Debtors may be involved;

6

b.      may represent, or may have represented, certain of the Debtors' creditors

or other parties with an interest in the Debtors in matters that are unrelated

to these chapter 11 cases or unrelated to the Services for which JB Duncan

PC is to be retained; and

c.      may have had dealings with creditors or other parties with an interest in

the Debtors that are unrelated to these chapter 11 cases or unrelated to the

Services for which JB Duncan PC is to be retained.

18.      I believe that JB Duncan PC can adequately represent the interests of the

Debtors.  To the best of my knowledge, information and belief, JB Duncan PC has not

represented any creditor, interest holder or other party in interest in connection with their

respective dealings with the Debtors in the previous two years, except as disclosed herein.

19.      I am confident that my diligence has resulted, to the greatest extent

possible, in the disclosure of all potential conflicts.  However, client relationships with persons

or entities that are not listed on **Exhibit 1**, but who may nonetheless be or later become parties in

interest in these chapter 11 cases, would not be disclosed in this Declaration.  In this regard, if I

discover additional information regarding Interested Parties that requires disclosure, I will submit

a supplemental disclosure to the Court containing such additional information.

20.      JB Duncan PC holds a prepetition claim against Gawker Media for an

amount of $7,258.83.[4]  JB Duncan PC has provided services to the Debtors up through the time

of the filing of this Application.  JB Duncan PC has regularly billed, and been paid, for its legal

services through April 30, 2016.  JB Duncan PC has also accrued and billed $1,109.17 for the

period from June 10 through June 30, 2016, and accrued (but not billed) time and associated

---

[4] Consisting of $3,997.50 for the month of May, 2016 and $3,258.33 for services provided through June 10, 2016, calculated on a pro rata basis, based on the fee arrangement more fully described herein.

charges, and incurred disbursements, for services from the Petition Date through the date of this

Application.  JB Duncan PC currently does not hold a retainer.

21.    In the ninety days prior to the Petition Date, the Debtors paid JB Duncan

PC an aggregate of $73,155.00 on account of their obligations for my continuing services in

connection with the Services.  During that time period, among other things, JB Duncan PC

provided advice regarding the Series B preferred stock and debt financing and a potential sale of

the company.

22.    To the best of my knowledge, information, and belief, JB Duncan PC does

not hold or represent an interest adverse to the Debtors or their respective estates with respect to

the Services.  Accordingly, I believe that JB Duncan PC satisfies the requirements for

employment as special corporate counsel pursuant to section 327(e) of the Bankruptcy Code.

### **Professional Compensation**

23.    Subject to the Court's approval, JB Duncan PC will charge for its services

in one-tenth hour (.1) increments, at a rate of $3,000 per month for the first ten hours incurred,

plus $525 per hour for time incurred in excess of 10 hours.

24.    This hourly rate is less than the rate JB Duncan PC charges other clients

for similar matters.  This hourly rate is subject to periodic adjustments to reflect economic and

other conditions.

25.    JB Duncan PC also intends to seek reimbursement of those actual and

necessary expenses incurred in connection with the rendering of the legal services described

above by category and nature of services rendered.

26.    JB Duncan PC intends to seek compensation in accordance with the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, the

*Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* (the "<u>Interim Compensation Order</u>") [Docket No. 94], the Amended Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

M-447 (Jan. 29, 2013), and the U.S. Trustee Guidelines (the "<u>Fee Guidelines</u>").

27.    Subject to attorney client privilege limitations, JB Duncan PC also intends

to make a reasonable effort to comply with the U.S. Trustee's requests for information and

additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this

Application and fee applications to be filed by me in these chapter 11 cases.

<b><u>Statement Regarding U.S. Trustee Guidelines</u></b>

28.    The following information is provided in response to the request for

additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

**Question:**    **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Answer:    JB Duncan PC ordinarily charges a standard billing rate of $650/hour. The standard billing rate was reduced to the fixed $3,000 per month and to $525 per hour for services provided to the Debtors because of (a) the agreement whereby the Debtors paid JB Duncan PC on a monthly basis, as more fully described above and (b) prior discounts negotiated between John Duncan and Gawker Media.

**Question:**    **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer:    No.

**Question:**    **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Answer:    Beginning in June 2015, JB Duncan PC billed Gawker Media, LLC approximately $3,000 per month plus $525 per hour in excess of 10 hours per month and 120 hours on a twelve-month rolling basis. As of June 1, 2016, the fixed monthly fee was increased to $4,000 per month upon the

9

full vesting of Mr. Duncan's options to purchase shares of GMGI. For post-petition services, the fixed monthly fee payment will be $3,000.

**Question:**     **Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:       JB Duncan PC and the Debtors are currently working on a budget for JB Duncan PC's work for the Debtors.  The budget anticipates that JB Duncan PC will assist the Debtors with the auction, sale, and post-closing matters. The Debtors anticipate a budget will be prepared shortly.  The budget necessarily involves a projection of future events with limited information and is subject to change as the matters develop.

29.     No promises have been received by JB Duncan PC as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Fee Guidelines.

30.     JB Duncan has not shared or agreed to share any of my compensation from the Debtors with any person, other than with employees as permitted by section 504 of the Bankruptcy Code.

31.     I will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid any unnecessary duplication of services.

*[remainder of page intentionally left blank]*

10

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 3rd day of August, 2016.

_____
John Duncan

11

## Exhibit 1

**Interested Parties**

## SCHEDULE 1

### List of Schedules

| Schedule | Category |
| --- | --- |
| 1(a) | Debtors and Trade Names |
| 1(b) | Current and Recent Former Directors and Officers |
| 1(c) | Potential Contract Counterparties |
| 1(d) | Insurers |
| 1(e) | Other Interested Parties |
| 1(f) | Landlords |
| 1(g) | Litigants |
| 1(h) | Professionals |
| 1(i) | Shareholders |
| 1(j) | Significant Customers |
| 1(k) | Significant Unsecured Creditors |
| 1(l) | Significant Vendors |
| 1(m) | Taxing Authorities |
| 1(n) | U.S. Trustee and Key Court Personnel for the Southern District of New York |
| 1(o) | Utilities |
| 1(p) | Employees and Independent Contractors |

## SCHEDULE 1(a)

### Debtors and Trade Names

Gawker Media Group, Inc.

Gawker Media LLC

Kinja Kft.

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Gawker.Com

Blogwire Hungary Intellectual Property Licensing LLC

Blogwire Hungary Kft.

Curbed.com LLC

Gawker Sales LLC

Gawker.Com

RGFREE

Vox Media, Inc.

Blogwire

Deadspin

Defamer

Gawker

Gawker Stalker

Gizmodo

io9

Jalopnik

Jezebel

Kinja

Kotaku

Lifehacker

Sploid

Valleywag

**SCHEDULE 1(b)**

**<u>Current and Recent Former Directors and Officers</u>**

Albertson, Josh

Darbyshire, Gabrielle

Denton, Nicholas

Dietrick, Heather

Epstein, Jason

Fette, Ian

Holden, William

Kidder, Scott

Plunkett, Thomas

Szasz, Peter

Tillman, Scott

Weinbrecht, Adrian

## SCHEDULE 1(c)

### Potential Contract Counterparties

114 Fifth Avenue Ground Lessee LLC

114 Fifth Owner LP

204-210 Elizabeth Street LLC c/o S.W. Management LLC

204-210 Elizabth Street LLC

3293 Pacific LLC

A Mediocre Corporation

A Small Orange, LLC.

A9.com, Inc.

Access Inteligence, LLC

Adam Clark Estes

Adam Pash

Adam Weinstein

Ad-Juster, Inc.

Admeld, LLC

Adsfactor Holdings Limited

AdSlot Technologies, LTD.

Adtech US, Inc.

Aegon Magyarorszag Zrt.

AGIS Fire & Security Kft.

AIG

Alan Henry

Alan Kwon

Albert Burneko

Aleksander Chan

Alex Cranz

Alex Dickinson

Alex Pareene

Alexandra Cannon

Alexandra Philippides

Alexandre Dohrmann

Alissa Walker

All You Can Move SportPass Europe

Allison Jones

Allison Wentz

Allure Media Pty Limited

AM Lab Americas, LLC.

Amanda Marandola

Amazon Services LLC

Amazon Web Services, Inc.

Amazon.com, Inc.

Anastasia Weeks

Andrassy Palota Ingatlanfogalmazo Kft.

Andrea Park

Andrew Collins

Andrew Cush

Andrew Gorenstein

Andrew Harding

Andy Orin

Angela Alzona

Angela Wang

Anna Merlan

Anthony Carnevale

Anthony Hack

AOL Advertising Inc.

Ariana Cohen

Ariel Viera

Ashley Feinberg

Ashton Galloway

Atlantic Metro Communications II, Inc.

Attila Illes

Ava Gyurina

Balazs Keki

BarkBox, Inc.

Barry Petchesky

Ben Regenspan

BlueApron.com

Brainy Labs, LLC

Brandon McCoy

Brendan O'Connor

Bridget Brown

Bryan Lufkin

Bryan Menegus

C&G Group Kft c/o Brody House Group

Cadreon, LLC.

Caitleen Weaver

Camila Cabrer

Camilla Baker

Casey Speer

Casper Sleep Inc.

Catherine LeClair

Cecilia D'Anastasio

Chad Bernstein

Chelsey Hoffman

Cheryl Eddy

Chris Neveu

Chris Person

Chris Vespoli

Christina Blacken

ClickMeter

ClickStream

Cloudinary Ltd.

Clover Hope

ClubW

Colleen McMillan

Colliers International

Colliers International Kft.

Coltiers Nemzetkozi Ingattanuzemeltet6 es Kezel6 Kft.

Combat Flip Flops, LLC.

Comic Cartel

ComScore, Inc.

Corporate Communications Bt.

Courtenay O'Connor

Daniel Morgan

Darren Orf

Dashlane Inc.

DataGram

Datagram Incorporated

Dave McKenna

David Tracy

Dayna Evans

Devin Clark

Diana Moskovitz

Diane Kelly

Diego Pineda

DineInFresh, Inc. dba Plated

Dollar Shave Club, Inc.

DOUBLECLICK

Dr. Torzsa Peter Bt.

DreamHost

Drew Magary

Driftaway Inc.

Earnest Inc.

Eleanor Shechet

Elisa Solinas

Emily Ambruso

Emily Herzig

Emma Carmichael

Emprese Cedente

Eric Goldfarb

Eric Ravenscraft

Erika Audie

Erin Gloria Ryan

Erin Pettigrew

Esther Inglis-Arkell

Ethan Sommer

Evan Narcisse

Eyal Ebel

F451

F451 fka Spicy Media Editora Ltda

F451 Media Editora Ltda.

Fabiola Lara

Facebook Ireland Limited

Facebook, Inc.

Fastly, Inc.

Federal Insurance Company

Fluxmob, LLC.

Framebridge, Inc.

Fritzie Andrade

Future Publishing Limited

Gabrielle Bluestone

GeekFuel, LLC.

Germain Lussier

Giri Nathan

Globalway Participacoes Ltda.

Gloria Clark

Google Inc.

Gorilla Nation Media, LLC

Grace Robertson

Graze Inc.

Green Fox Academy

Greg Howard

Greg Lopez

GroupDynamics Kft

Gunnar Optiks

Gyorgy Bokros

Hajtas Pajtas Kft.

Handy.com

Hannah Keyser

Happy Socks

Heather Dietrick

Heather Hynes

Heidi Grothaus

HelloFresh

Hillary Crosley

Hostgator.com, LLC.

Huckberry

Hunter Slaton

Ian Fette

IDrive Inc.

Ilona Bilevych

Incisive Ltd

Incisive VNU Limited dba Incisive Incisive
Ltd

Incisive VNU Ltd

Index Exchange Inc.

Infobahn Inc.

Integral Ad Science, Inc.

IseeQ Kft.

J.K Trotter

| | |
|---|---|
| Jake Inferrera | Justin Cross |
| Jalsovszky Law | Justin Potter |
| James Bartus | JW Player / LongTail Ad Solutions, Inc. |
| James Bit Design | Kaila Hale-Stern |
| James Delgiudice | Kanwar Gill |
| Jamie Weber | Kara Brown |
| JapanCrate | Kargo Global, Inc. |
| Jared Auslander | Karma Mobility Inc. |
| Jason Parham | Kate Dries |
| Jason Schreier | Kate Knibbs |
| Jason Torchinsky | Kate Lovejoy |
| Jay Hathaway | Katharine Trendacosta |
| Jeffrey Hilder | Kathryn McGinnis |
| Jennifer Ouellette | Katie Drummond |
| Jia Tolentino | Kavitha Reddy |
| Jillian Marie Lucas | Kelly Conaboy |
| Jim Boos | Kelly Faircloth |
| Jim Cooke | Kelly Monson |
| Jim Cooke | Kelly Stout |
| Joanna Rothkopf | Kerrie Uthoff |
| Joel Johnson | Kevin Draper |
| John Appel | Kid Thursday LLC., dba Staus Audio |
| John Cook | Kirk Hamilton |
| John Gelini | Kixer |
| Jordan Sargent | Kolozsvari Timea |
| Josh Bottino | Kravitha Reddy |
| Josh Laurito | Krux Digital, Inc. |
| Joshua Albertson | Lacey Donohue |
| Judy Steinbach | Lauren Bertolini |
| Julia Alvidrez | Leah Beckmann |
| Julian Muller | Leah Finnegan |
| Julianne Escobedo Shepherd | LendingTree, LLC. |
| Jung Sin | Lindsay Chipman |

Lindsey Jaffe

Lisa Bolano

LiveIntent, Inc.

LiveRail, Inc.

LOLA

Lucy Haller

Madeleine Davies

Madeleine Stone

Madison Plus Select, Inc.

Malcolm Read

Mandy Mandelstein

Margaret Taormina

Marina Galperina

Mario Aguilar

Maritza Sanche

Mark Weldon

Market Halsey Urban Renewal, LLC.

MarkMonitor Inc.

Matt Hardigree

Matt Novak

Matthew Hamer

Matthew Kulper

Mediagene, Inc.

MediaGene, Inc. fka Infobahn, Inc.

MediaMind Technologies, Inc.

Megan Gilbert

Megbizott

Melissa Green

Melissa Murray

Merch Direct, LLC

Merchant Importacao, Exportacao e
Comercio, Ltda - ME

MeUndies

Mia Libby

Michael Fahey

Michael Kuntz

Michael Lindsay

Michael Nunez

Michael Orell

Michael Roselli

Michele LaFauci

Michelle Chiang

Mike Ballaban

Mikolaj Szabo

Ministry of Supply

Miranda Langrehr

Moat, Inc.

Mobiles Republic, Inc.

Mollie Horan

Moore Stephens Hezicomp Kft.

Mott & Bow

MoviePass

MVMT Watches

Nameaction Brasil Serv de Inter Ltda ME

NameAction Inc.

Nandita Raghuram

Natasha Vargas-Cooper

Nathan Grayson

NatureBox

Nervora Digital Media Group, FZ-LLC

NetMediaEurope

Netus Media Pty Limited dba Allure Media
Pty LTD

Nevora Digital Media Group

NewsCred, Inc.

Nicholas Murphy

Nick Stango

Noble People

OCP Collective Corp. dba Adcade, Inc.

Omar Kardoudi

OnMarc Media

Operative Media, Inc.

Oppenheim Ugyvedi Iroda

Opportune LLP

Optimizely, Inc.

Oriole Media Corporation dba Juice Mobile

Oscar Z. Ianello Associates, Inc.

Owen & Fred Corp.

Pacific Shaving Company

Parachute Home

Patricia Hernadez

Patrick Ballester

Patrick Klepek

Patrick Laffoon

Patrick Redford

Paul Sundue

PAX

Percona, Inc.

Perfect World Entertainment

Peri Hochwald

Pixel Media Asia Limited

Platinum Rye, LLC.

Pop Chart Lab

Poprageous

Puja Patel

Quench USA, Inc.

Quip NYC Inc.

Rhone Apparel Inc.

Riley MacLeod

Rob Harvilla

Robert Finger

Ryan Brown

S&T Consulting Hungary Kft.

Sam Biddle

Sam Scherer

Sam Woolley

Samantha Lagani

Samer Kalaf

Samuel Griffel

Sarah Dedewo

Sarah Wiest

Scott Kidder

Sean Buckley

Sean MacDonald

SeatGeek

Shane Roberts

Shep McAllister

Shopify

SimpleReach, Inc.

Skillshare, Inc.

Skimbit Limited

SkimBit LTD.

SmartFX

SocialFlow, Inc.

Sophie Kleeman

Soundfreaq

Specless, LLC.

Spicy Media Editora LTDA

SpruceWares

Squarespace, Inc.

Stackcommerce

Staq, Inc.

Starcom SMG

Stassa Edwards

Stephanie Schrader

Stephen Totilo

Steve Climaco

Steven Polletta

Stowawy Cosmetics

STS Meida, Inc.

Stuart Cheshire

Sultana Khan

Superdry Wholesale, LLC

Suzy Kuzy, LLC.

Szolgaltato

Taboola Inc.

Tamas Neltz

Tara Jacoby

Taylor Berman

Technorati, Inc.

Terra Networks Brasil S.A.

TGT

The Rubicon Project, Inc.

The Sasquatch Soap Co., LLC. dba Dr. Squatch

The Status Audio

Thorin Klosowski

Tim Burke

Time Shred Services, Inc.

Times Internet Limited

Tom Ley

Tom Plunkett

Tom Scocca

Tommy Craggs

Toth Eva Nagykanizsa

Tremor Video, Inc.

UCMS Group Hungary Kft.

Udemy.com

Veronica de Souza

Victor Jeffreys

Viddler, Inc.

VNU Business Media Europe Limited

Waves Gear, LLC.

We Work

Wesley Siler

WeWork LA LLC

Whitson Gordon

William Arkin

William Haisley

William Turton

Wine Awesomeness

Wrights Media, LLC

Writers Guild of America, East

Yannick LeJacq

Zach Custer

Zachary Connett

Zoe Stahl

**SCHEDULE 1(d)**

**<u>Insurers</u>**

Aegon Magyarorszag Zrt.

AIG Europe Limited

Dewitt Stern Group, Inc.

Federal Insurance Company

Hartford Casualty Insurance Company

Hudson Insurance Company

National Union Fire Insurance Co. of Pittsburgh PA

United Healthcare Insurance Company

## SCHEDULE 1(e)

## __Other Interested Parties__

Cerberus Business Finance LLC

Houlihan Lokey, Inc.

K&H Bank

Latham & Watkins

Prime Clerk LLC

Riemer & Braunstein, LLP

Schulte Roth & Zabel LLP

Securities & Exchange Commission

Securities & Exchange Commission – NY Office

Silicon Valley Bank

Sullivan & Cromwell LLP

US VC Partners LP

**SCHEDULE 1(f)**

**<u>Landlords</u>**

Andrassy Palota Ingatlanforgalmazo Korlatolt Felelossegu Tarsasag

114 Fifth Owner LP

**SCHEDULE 1(g)**

**<u>Litigants</u>**

Aulistar Mark

Andrew Hudson

Zachary Cianflone

Lindsay MaHarry

Katherine Castellana

Elizabeth Nadybal

Chelsea Lo Pinto

Tim Barribeau

Patrick Frawley

Elizabeth Weinbloom

Kristin Chan

Samuel Julian

Brian Colgan

Benjamin Dorson

Rachel Atwood

Michael Kennelly

Alyssa Bereznak

Lily Newman

Kwame Opam

Terry Gene Bollea

Mitchell Williams

Meanith Huon

Ashley Terril

Charles Johnson and Got News, LLC

Teresa Thomas

Shiva Ayyadurai

Christopher Sadowski

**SCHEDULE 1(h)**

**<u>Professionals</u>**

Akerman LLP

Cahill Gordon & Reindel LLC

Citrin Cooperman & Co., LLP

Giskan Solotaroff & Anderson LLP

Goldin Solutions

Jalsovszky Law Firm

John Duncan

Klasko Immigration Law Partners, LLP

Levine Sullivan Koch & Schulz, LLP

Maples & Calder

Morrison Cohen LLP

Newmark & Co. Real Estate, Inc.

Oppenheim Law Firm

Opportune LLP

Proskauer Rose LLP

Trifolium LLC

Wilk Auslander

Zwillgen PLLC

## SCHEDULE 1(i)

### Shareholders

Berman, Taylor

Bertolini, Lauren

Blakeley, Richard Erand

Bluestone, Gabrielle

Brown, Ryan

Carmichael, Emma

Carmon, Irin

Chan, Casey

Coen, Jessica

Cooke, Jim

Craggs, Tommy

Crecente, Brian

D'Addario, John

Darbyshire, Gaby

Daulerio, Albert

DelGiudice, James

Denton, Nick

Diaz, Jesus

Dietrick, Heather

Dimmitt, Elizabeth

Dimmitt, Genevieve

Duncan, John

Ebel, Eyal

Furman, Eliot, as custodian for Alexander Tiberius Furman under the NYUTMA

Futrelle, Genevieve

Giacoman, Gabriela

Gorenstein, Andrew

Greenmount Creek Limited

Hale-Stern, Kaila

Hamer, Matt

Hardigree, Matt

Holmes, Anna

Jefferson, Whitney

Kang, Daniel

Kidder, Scott

Kozma, Jozsef

Lam, Brian

Layne, Ken

Lehnhoff, Jim

Leitch, Will

Lisanti, Mark

Lopez, Greg

Ma, Jesse

McGill, Erin

Nachlin, Jim

Newitz, Annalee

Nolan, Hamilton

O'Connor, Maureen

Pash, Adam

Petrány, Máté

Pettigrew, Erin

Plunkett, Tom

Read, Malcom

Robischon, Noah

Schreier, Jason

Schwartz, Diane

Schweizer, Julia

Scocca, Thomas

Sicha, Choire

Spinelli, Mike

Steele, Lockhart

Stein, Sadie

Takayama, Greg

Tate, Ryan

Thomas, Owen

Toder, Matthew

Trapani, Gina

US VC Partners LP

Vuong, Phillip

Wert, Ray

Winkelman (Ortega), Samantha

Woerner, Meredith

Albertson, Josh

Annis, Rose

Baker, Camie

Batty, Chris

Biddle, Sam

Bodnár, István

Burke, Tim

Climaco, Steve

Cook, John

Curtis, Dustin

Donohue, Lacey

Drummond, Katie

Fette, Ian

George, Patrick

Georgopulos, Steph

Gonzalez, Robert

Graham, Kevin

Grothaus, Heidi

Hathaway, Jay

Henry, Alan

Hilder, Jeff

Jeffries, Victor

Juzwiak, Rich

Kéki, Balázs

Knibbs, Katharine

Körtesi, Gáspár

Laurito, Josh

Libby, Mia

Magary, Drew

Marchman, Tim

McAllister, Shep

McKenna, Dave

Mittelhammer, Eric

Morgan, Daniel

Neltz, Tamas

Nevins, Maxwell

Novak, Matt

O'Connor, Courtenay

Pareene, Alex

Parham, Jason

Petchesky, Barry

Popken, Ben

Price, John

Reddy, Kavi

Regenspan, Ben

Roberts, Shane

Sargent, Jordan

Sommer, Ethan

Sundue, Paul

Szász, Péter

Szatmári, András

Taomina, Margaret

Tiku, Nitasha

Totilo, Stephen

Trotter, JK

Udvardi, Ramóna

Walker, Alissa

Weaver, Caity

Weinstein, Adam

Wentz, Allison

## SCHEDULE 1(j)

## <u>Significant Customers</u>

20th Century Fox

360i

A9.com Inc. (Amazon Match Buy)

Accordant Media

Adslot

Aegis Group

Alliance Games

Allure Media - GM

Amazon

Amazon Commerce Revenue

AOL One

Asana (Customer)

Assembly

Baru Advertising

Blue Apron

Blue Wheel Media

Bluehost

Brigade Marketing

Casper

Centro

Cisco

Cramer-Krasselt

Criteo

Crossmedia

Desk.com

Dialect Inc

DigitasLBi

Dollar Shave Club

Draftkings

Earnest

Empowering Media LA

Empowering Media NY

Essence

f451 - US

Facebook

Factorylabs

Fallon

Future Publishing Ltd (US)

General Mills, Inc.

Google (BizDev)

Graze

Havas

Horizon Media

HostGator

Hover

HTC Blinkfeed

IBM

Indochino

Initiative LA

Initiative NY

Interpublic Group of Companies

iSocket, Inc.

ITVS

Kepler Group

Ketchum

Kovel Fuller

Kruskopf & Company

Liquid Advertising

LivWell

Logmein.com

MarkLogic

McGarrah Jessee

Me Undies

Mediagene Inc - US

Mediasmith

Mediastorm, LLC

Merkley and Partners

MillerCoors

MNI

MODCo Media

Mullen

NameCheap

Newscred

Nokia

NVIDIA

Omnicom Group

Pereira & Odell

Petrol

PGR Media

Protein

Publicis Groupe

R/West

Rachael Piper Consulting

Randomhouse

RED Interactive Agency

Rodger's Townsend

RPA

Rubicon

Skillshare

Slack

Spacetime Media

SquareSpace

StackSocial

Status Audio

Sterling Rice Group

Superdry Wholesale LLC

Taboola (Biz Dev)

Tangible Media

TaxFyle

The Garage Team Mazda

TubeMogul

UCB

Udemy

Varidesk

Viewster.com

VOX Media - Curbed Investment

VSN

WavesGear

weBoost

Wieden & Kennedy

Wildcard Properties LLC

WPP

Wright's Media

Zeno Group


**SCHEDULE 1(k)**

**Significant Unsecured Creditors**

| | |
|---|---|
| Ad-Juster, Inc. (media) | Corbis Corporation |
| ADP Workforce Now | Corey  Foster |
| Akerman LLP | Creative Circle, LLC. |
| Alex Palmer | DataGram |
| Andrew Harding | DoubleVerify, Inc. |
| AOL Advertising | DRH Internet Inc |
| Associated Press | Equinox Fitness Clubs - Corp Accts |
| Blane Bachelor | Fastly |
| Brandtale | Fried, Frank, Harris, Shriver & Jacobson LLP |
| CDW Direct | Getty Images |
| Cloudinary Ltd. | Giaco Furino |
| Concur Technologies, Inc. | Google Inc. (DoubleClick) |

Google, Inc. (Analytics)

Hunter Slaton

Ian Fette

Jelle Claeys Automotive Artwork

Joshua M Lees

JW Player (Longtail Ad Solutions, Inc.)

Katherine Fry

Kinja Accounts Payable

Krux Digital

L-Cut Digital Media, Inc.

Market Halsey Urban Renewal, LLC

Marlena Agency Inc.

Medialink

Merrill Communications, LLC

Metropolitan Cleaning, LLC

Moat Inc.

Morrison Cohen LLP

Newmark & Co. Real Estate, Inc.

Nick Wong Photography

NSONE Inc.

Operative Media, Inc

Optimizely, Inc.

Pacific Coast News

Plant Specialists LLC

QZZR

REDBOOKS

Risk Strategies Company

Shenker & Bonaparte, LLP

SimpleReach, Inc.

Sizmek Technologies Inc.

Specless

STAQ, INC.

Submarine Leisure Club, Inc. (Wirecutter)

Submersive Media

The Hartford

The Oliver Group

Viddler, Inc.

## SCHEDULE 1(l)

## Significant Vendors

| | |
|---|---|
| 114 Fifth Avenue | Kforce Inc. |
| ADP PayEx | Kornhaber Brown, LLC |
| Advanced Electronic Solutions, Inc. | Lay It Out, Inc. |
| AMA Consulting Engineers P.C. | Leiberts Royal Green Appliances Inc. |
| AMEX Corporate GM - 01006 | Lewis Rice LLC |
| Andrew Liszewski | LionTree Advisors LLC |
| Apple Inc. (media) | LJ DUFFY, Inc. |
| Baby Llama Productions LLC | Maples & Calder (GM LLC) |
| Bajibot Media | NetRatings, LLC |
| Big Mango, Inc. | Netsuite, Inc. |
| Bird & Bird LLP | NVE, Inc. |
| Brannock & Humphries | OCP Collective Corp. |
| Cahill Gordon & Reindel LLP | Olson Kundig Architects |
| Cannes Trip 2015 | Olson Kundig Interiors |
| Catalyst | OnMarc Media Inc. |
| Cerberus Capital Management LP | Opportune LLP |
| ComScore Inc. | Redscout LLC |
| Con Edison (210) | Robert Half |
| CytexOne Technology, LLC | Ropes & Gray LLP |
| Dynect, Inc | Santa Monica Air Center, Inc. |
| Emma C Lanigan (Cookson) | Structure Tone |
| Fidelity 401k | SW Management LLC |
| Harder Mirell & Abrams | TangentVector, Inc. |
| Hatch Content, LLC | Tapestry Associates LLC |
| HeartWork, Inc. | Thomas & Locicero PL |
| Houlihan Lokey | Treasury of the United States |
| Howard Kennedy | TrueForm Concrete, LLC |
| Inform Interiors | Veritas Pictures, Inc. |
| Jesus Diaz (vendor) | Versus LLC |

Vizu Corporation

Voya Financial 401K

WB Wood NY

Young America Capital

**SCHEDULE 1(m)**

**<u>Taxing Authorities</u>**

Internal Revenue Service

Budapesti Önkormányzat

Hungary National Tax Authority

New York City Department of Finance

New York State Commissioner of Taxation and Finance

## SCHEDULE 1(n)

### U.S. Trustee and Key Court Personnel for the Southern District of New York

Cecilia G. Morris

James L. Garrity

Martin Glenn

Mary Kay Vyskocil

Michael E. Wiles

Robert D. Drain

Robert E. Grossman

Sean H. Lane

Shelley C. Chapman

Stuart M. Bernstein

Alicia Leonhard

Amanda Cassara

Andrea B. Schwartz

Andy Velez-Rivera

Anna M. Martinez

Brian S. Masumoto

Cheuk M. Ng

Danny A. Choy

Ercilia A. Mendoza

Greg M. Zipes

Guy A. Van Baalen

Ilusion Rodriguez

Kathleen Schmitt

Linda A. Riffkin

Lisa Penpraze

Maria Catapano

Mary V. Moroney

Myrna R. Fields

Nadkarni Joseph

Paul K. Schwartzberg

Richard C. Morrissey

Serene Nakano

Susan Arbeit

Susan Golden

Sylvester Sharp

Victor Abriano

William K. Harrington

**SCHEDULE 1(o)**

**Utilities**

114 Fifth Avenue Ground Lessee

Atlantic Metro Communications

Benefit Resource, Inc.

Cogent Communications

Con Edison

ShoreTel Inc.

## SCHEDULE 1(p)

### **Employees and Independent Contractors**

Asd Mario Aguilar

Joshua Albertson

Angelica Alzona

Fritzie Andrade

Erika Audie

Jared Auslander

Ilene Baker

Michael Ballaban

Patrick Ballester

Chad Bernstein

Lauren Bertolini

Sam Biddle

Ilona Bilevych

Christina Blacken

Gabrielle Bluestone

James Boos

Joshua Bottino

Robert Bricken

Ryan Brown

Kara Brown

Bridget Brown

Timothy Burke

Albert Burneko

Camila Cabrer

Alexandra Cannon

Emma Carmichael

Anthony Carnevale

Casey Chan

Michelle Chiang

Devin Clark

Gloria Clark

Steve Climaco

Ariana Cohen

Andrew Collins

Zachary Connett

John Cook

James Cooke

Alexandra Cranz

Hillary Crosley

Justin Cross

Andrew Cush

Zach Custer

Madeleine Davies

Maritza De Leon

Veronica de Souza

Sarah Dedewo

Ernest Deeb

Nick Denton

Alexander Dickinson

Heather Dietrick

Alexandre Dohrmann

Lacey Donohue

Kevin Draper

Kathryn Dries

Katherine Drummond

Eyal Ebel

Cheryl Eddy

Stassa Edwards

Adam Estes

Michael Fahey

Georgia Faircloth

Ashley Feinberg

Ian Fette

Robert Finger

Ashton Galloway-Taylor

Marina Galperina

John Gelini

Patrick George

Kanwar Gill

Ariel Gononsky

George Grayson

Melissa Green

Samuel Griffel

Heidi Grothaus

Ava Gyurina

Anthony Hack

William Haisley

Lucy Haller

Kirk Hamilton

Matt Hardigree

Andrew Harding

Alan Henry

Patricia Hernandez-Ramos

Emily Herzig

Clover Hope

Mollie Horan

Heather Hynes

Attila Illes

Jacob Inferrera

Victor Jeffreys

Richard Juzwiak

Samer Kalaf

Omar Kardoudi Segarra

Hannah Keyser

Sophie Kleeman

Patrick Klepek

Thorin Klosowski

Michele Lafauci

Patrick Laffoon

Samantha Lagani

Miranda Langrehr

Joshua Laurito

Catherine LeClair

Thomas Ley

Mia Libby

Michael Lindsay

Katelyn Lovejoy

Germain Lussier

Riley MacLeod

Andrew Magary

Amanda Mandelstein

Timothy Marchman

Alex Mason

Shepherd McAllister

Kathryn McGinnis

David McKenna

Colleen McMillan

Bryan Menegus

Anna Merlan

Maria Misra

Kelly Monson

Daniel Morgan

Diana Moskovitz

Julian Muller

Nick Murphy

Melissa Murray

Evan Narcisse

Giri Nathan

Tamas Neltz

Chris Neveu

Hamilton Nolan

Matthew Novak

Michael Nunez

Brendan O'Connor

Courtenay O'Connor

Michael Orell

Darren Orf

Andrew Orin

Raphael Orlove

Jennifer Ouellette

Alexander Pareene

Andrea Park

Adam Pash

Puja Patel

Christopher Person

Barry Petchesky

Alexandra Philippides

Diego Pineda

Steven Polletta

John Price

Nandita Raghuram

Eric Ravenscraft

Kavitha Reddy

Patrick Redford

Benjamin Regenspan

Shane Roberts

Grace Robertson

Michael Roselli

Joanna Rothkopf

William Sansom

Jordan Sargent

Samuel Scherer

Stephanie Schrader

Jason Schreier

Jillian Schulz

Taryn Schweitzer

Thomas Scocca

Eleanor Shechet

Julianne Shepherd

Hunter Slaton

Elisa Solinas

Ethan Sommer

Casey Speer

Zoe Stahl

Nicholas Stango

Judith Steinbach

Madeleine Stone

Kelly Stout

Richard Sundue

Margaret Taormina

Jia Tolentino

Jason Torchinsky

Stephen Totilo

David Tracy

Katharine Trendacosta

Joseph Trotter

William Turton

Kerrie Uthoff

Christopher Vespoli

Alissa Walker

Angela Wang

Jamie Weber

Anastasia Weeks

Allison Wentz

Samuel Woolley

András Szatmári

Attila Kocsis

Balázs Kéki

Balázs Pőcze

Dmitry Lambrianov

Gábor Kacsik

Gáspár Körtesi

György Bokros

Ildikó Kriston

István Bodnár

János Hardi

László Heves

Levente Molnár

Linda Bucsánszki

Luca Németh

Márton Borlay

Mikhail Mitrofanov

Olivér Kovács

Péter Szász

Ramóna Udvardi

Szabolcs Vida

Szilvia Németh

Zoltán Balázs

Zoltán Kalmár

George Dvorsky

Luke Plunkett

Brian Ashcraft

Andrew Liszewski

Jamie Condliffe

Chris Mills

James Whitbrook

David Nield

Kathryn Jezer-Morton

Madeleine Collier

Fruzsina Kuhari

Robert Stokes

Adam Kovac

Jared "Jay Allen" Goodwin

Anthony Dejolde

Carlos Rebato

Carlos Hierro

Matias Martinez

Eduardo Marin

Miguel Redondo

Zolani Stewart

Reshma Bhai

Manisha Aggarwal

Lindsay Handmer

Daniel Strudwick

Eva Jurczyk

Mihir Patkar

Toshihisa Nakamura

Kirsten O'Regan

Alexandra Nursall

Nicholas Cameron

Ralph Jones

Elizabeth Edgar

Rawiya Elkhadir

Ian Dransfield

Stefan Janke

Mark Wilson

Sniff Petrol Limited

James Fell

Peter Ryan

Manuel Mendez Perez

Angel Jiminez

Jacob Rose

Bram Gieben

Eva Holland

Nathan Thompson

Priya Elias

Scaachi Koul

Helen Appleyard

Omar Karduodi Segarra

Cara Ellison

Estelle Tang

Anupa Mistry

Brodie Lancaster

Jess Shanahan

Jesus Diaz

Herbert Lui (Wonder Shuttle Media, Inc)

Graham Ruthven

Stacy May Fowles

Andrew Gibney

Daniel Harris

Alex Hess

Chris Koentges

Kevin O'Brien

Achal Prabhala

David Sommer

Monica Heisey

Sara Mcculloch

Jakob Wenngren

Alex Bejerstrand

Halmar Sveinbjornsson

Amit Reut

Rosa Gregori

Sarah Moroz

Jason Richards

Ravi Somaiya

Reut Amit

Michael "Massoud" Martin

Fariha Roisin

William Herkewitz

Lev Hellebust (Bratishenko)

Pranav Dixit

Danny Allen

Karan Atul Shah

James Baker

Gary Cutlack

Adelaide Dugdale

Katherine Hannaford

Brian Hogg

Andrew James

Chris Mcveigh

Apoorva Prasad

Michelle Tofi

Yareniz Saavedra Padilla

Carlos Risco

Elias Notario Perez

Eric Tecayehuatl

Robert Boffard

Guy Combs

Joel Meadows

Chris Harris

Guy Porepp

Anthony Mark Dewhurst

Peter Orosz

Ryan Pierce

Neill Watson

George Williams

Chris Harris

Natasha Chenier

Esther Sassaman

Luke Malone

Mikhail Mitrofanov

Leo Wichtowski

Kevin Mahon

Simon Parkin

Quintin Smith

Kathleen Williams

Ollie Barder

Simon Mapp

Andrew Mcmillen

David Veselka

Kevin Mahon

David Gilson

Mark O'Neill

Spanner Spencer

Tom Cassell

Kenneth Gibson

Clare Kane

Zolani Stewart

Josephine Huetlin

## **Exhibit C**

**Holden Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
Gawker Media LLC, *et al.*,[1]                :        Case No. 16-11700 (SMB)
                                              :
                    Debtors.                  :        (Jointly Administered)
                                              :
------------------------------------------------------x

**DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF DEBTORS'
APPLICATION PURSUANT TO SECTIONS 327(e), 328(a) AND 330 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULEs 2014 and 2016, AND LOCAL RULES
2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF JB DUNCAN PC AS SPECIAL CORPORATE COUNSEL
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, William D. Holden, being duly sworn, hereby declare as follows:

1.      I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media"),

located at 114 Fifth Avenue, 2d Floor, New York, New York 10014.

2.      I submit this declaration (this "Declaration") in support of the Debtors'

Application Pursuant to Sections 327(e), 328(a) and 330 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 For Entry of an Order Authorizing the

Retention and Employment of JB Duncan PC as Special corporate counsel Effective *Nunc Pro*

*Tunc* to the Petition Date (the "Application").[2]  The facts set forth herein are based on my

personal knowledge or information provided to me by the Debtors' management, employees or

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc.
are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66.
1062 Budapest, Hungary.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

members of my staff working under my supervision, other professionals, and my review of the

books and records and relevant documents.

### The Debtors' Selection of JB Duncan PC

3.    JB Duncan PC is proposed to serve as special corporate counsel to the Debtors,

responsible for the matters described in Paragraph 12 of the Application.  The Debtors recognize

that a careful selection should be made when selecting and managing any counsel acting for

debtors in a chapter 11 case, to ensure that the professionals are subject to the same client-driven

market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.    I understand that JB Duncan PC has been engaged by the Debtors since February

2012 and John Duncan was retained from October 2005 through February 2012, for what were

non-bankruptcy matters. I further understand that John Duncan and JB Duncan PC were

subjected to the client-driven market forces and scrutiny when each of them was originally

retained.

5.    In addition, under the contemplated engagement, JB Duncan PC will charge only

those actual and necessary expenses incurred in connection with the rendering of legal services

described in the Application, by category and nature of services rendered.

6.    It is my understanding that when John Duncan was originally retained in October

2005, Gawker Media considered alternative law firms as part of its selection process.

Furthermore, it is my understanding that Gawker Media's decision to retain John Duncan, and

subsequently, JB Duncan PC, required consideration of cost, but more importantly, his expertise

in the areas of law in which he would be advising Gawker Media.  John Duncan, and

subsequently, JB Duncan PC was retained in a non-bankruptcy environment, and was subjected

to the competition in the non-bankruptcy marketplace when it was retained.

## Rate Structure

7.      In my capacity as Chief Restructuring Officer, I am responsible, along with Heather Dietrick (General Counsel), for monitoring outside counsel retained by the Debtors in the ordinary course of business. I understand that JB Duncan PC will charge $3,000 for the first ten hours, plus $525 per hour for additional time incurred, for time incurred during the pendency of these chapter 11 cases. As indicated above, JB Duncan PC has informed the Debtors that John Duncan's hourly rate of $525 per hour is less than the standard billing rate of $650 that JB Duncan PC charges for John Duncan's time for similar matters in a non-bankruptcy environment. As discussed below, I, or members of my team, or employees working under my supervision, are responsible for reviewing the invoices regularly submitted by JB Duncan PC.

## Cost Supervision

8.      The Debtors and JB Duncan PC are working on a prospective budget for the period from the Petition Date to 120 days after the Petition Date, recognizing that in the course of a large chapter 11 case, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and JB Duncan PC. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors expectations and the exigencies of these chapter 11 cases. The Debtors will continue to review the invoices that JB Duncan PC regularly submits, and together with JB Duncan PC, amend the budget periodically, throughout and after the sale process, and as the need for his counseling services develop.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 3, 2016

William D. Holden

58298053_7