Eric S. Goldstein, Esq. (EG0412)
Latonia C. Williams (LW9479)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel.:    (860) 251-5000
Fax:    (860) 251-5218
*Counsel for Unimerica Life Insurance*
*Company of New York*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:

GAWKER MEDIA LLC, et al,[1]                    Chapter 1
                                                Case No. 16-11700 (SMB)
                    Debtors.                    (Jointly Administered)
-------------------------------------------------------------X

**LIMITED OBJECTION TO NOTICE OF (A) PROPOSED ASSUMPTION AND**
**ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN**
**CONNECTION WITH SALE AND (B) ASSOCIATED CURE COSTS**

Unimerica Life Insurance Company of New York ("Unimerica NY") hereby submits its objection to the Debtors' Notice of (A) Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale and (B) Associated Cure Costs (Doc. Id. No. 105) (the "Cure Notice"). In support of its objection, Unimerica NY states as follows:

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

4980214v4

I.   **BACKGROUND**[2]

1. Unimerica NY and Gawker Media LLC (the "Debtor", and together with its debtor affiliates, the "Debtors") are parties to a group insurance policy with an effective date of January 1, 2015, under Policy Number GD,ST,LT-304075 (the "AD&D Policy"), pursuant to which Unimerica NY provides group accidental death and dismemberment ("AD&D"), short-term disability ("STD") and long-term disability ("LTD") insurance coverage to Debtor's eligible employees and in certain instances their eligible dependents.

2. Unimerica NY and the Debtor are also parties to a group insurance policy with an effective date of January 1, 2015, under Policy Number GL-304075 (the "Life Insurance Policy", and together with the AD&D Policy, the "Policies"), pursuant to which Unimerica NY provides group life insurance coverage to the Debtor's eligible employees and in certain instances their eligible dependents.

3. Under the Policies, the monthly premium is due on the first of each month. Until recently the Debtors had not paid the premiums due under the Policies for the period beginning December 1, 2015 and running through August 31, 2016. This included the premiums due for the post-petition portion of June 2016, as well as the premiums for July and August 2016. Debtors recently paid a portion of the outstanding premiums due by making two payments totaling $70,243.55.[3]

---

[2] Debtors are also party to certain other contracts with an affiliate of Unimerica NY, UnitedHealthcare Insurance Company of New York ("UHIC"). UHIC and the Debtors are parties to a group health insurance policy, a group dental insurance policy, and a group medical insurance policy (the "UHIC Policies"). The Cure Notice does not identify any of the three UHIC Policies as being assumed and assigned, as none of them appear on the Contract and Cure Schedule. If Debtors intend to assume and assign the UHIC Policies, the Cure Notice must be amended to include such policies. UHIC reserves its right to object to any amended cure notice that includes any of the UHIC Policies.

[3] Debtors sent two checks, one in the amount of $63,236.21, and one in the amount of $7,007.14, totaling $70,243.35.

2

4. In order to render accurate invoices as well as to otherwise administer the benefits under the Policies, the Policies require the Debtor to provide Unimerica NY each month with eligibility data identifying the employees and their dependents that are covered under the various types of insurance. The Debtor last provided the complete required eligibility data in December 2015. Beginning in January 2016, the Debtor has not provided all of the necessary eligibility data to Unimerica NY.

5. Without a complete set of eligibility data, Unimerica NY had to estimate the unpaid premiums due for the coverage periods of February 1, 2016 to August 31, 2016 based on the last set of complete eligibility data provided by the Debtor. Based on these estimates, Unimerica NY approximated that it was owed $90,339.13 for coverage for the period of December 1, 2015 through August 31, 2016. That amount was based on the following unpaid invoices and estimated invoices:[4]

| Invoice Number: | Invoice Date: | Coverage Period: | Amount Due: |
|---|---|---|---|
| 153190002838 | 11/15/15 | 12/1/15-12/31/15 | $11,012.25 |
| 153490003097 | 12/15/15 | 1/1/16-1/31/16 | $9,281.83 |
| 160150002930 | 1/15/16 | 2/1/16-2/29/16 | $9,977.09 (estimated) |
| 160460003136 | 2/15/16 | 3/1/16-3/31/16 | $9,978.35 (estimated) |
| 160750003802 | 3/15/16 | 4/1/16-4/30/16 | $9,978.35 (estimated) |
| 161060002988 | 4/15/16 | 5/1/16-5/31/16 | $10,006.39 (estimated) |
| 161360002740 | 5/15/16 | 6/1/16-6/30/16 | $10,009.09 (estimated) |
| 161670002971 | 6/15/16 | 7/1/16-7/31/16 | $10,023.39 (estimated) |
| 161970002745 | 7/15/16 | 8/1/16-8/31/16 | $10,072.39 (estimated) |
| | | TOTAL | **$90,339.13** (estimated) |

6. Debtors recently made payments to Unimerica NY totaling $70,243.35, leaving an estimated $20,095.78 in outstanding premium payments.

---

[4] Because the monthly premiums due change as members age, Unimerica NY's estimate of the amount due each month has changed slightly since it last received eligibility data.

3

4980214v4

7. In order to confirm the accuracy of the payments made by Debtors, and determine the accurate amount of any outstanding premium payments, Unimerica NY needs to receive the missing eligibility data.

## II. LIMITED CURE OBJECTION

8. Unimerica NY objects to the Cure Notice and reserves its rights as follows: (i) the Cure Notice does not clearly specify which Unimerica NY contracts may be assumed and assigned, (ii) the Debtor has not provided a complete set of the required eligibility data necessary to accurately calculate the amount due under the Policies, and (iii) the Cure Notice reflects the incorrect cure amount due in connection with the Policies.

9. First, in Exhibit A to the Cure Notice, the Debtors identify one executory contract with Unimerica NY, described as "Application for Group, Life, Accidental Death & Dismemberment, Disability, Disease, Accident Insurance Policy" (Item No. 793). The Debtors list a "$0.00" cure amount for this contract.

10. The "Application for Group, Life, Accidental Death & Dismemberment, Disability, Disease, Accident Insurance Policy" listed on Exhibit A as Item No. 793 seems to be a reference to the Policies. To the extent that Debtors intend for both the AD&D Policy and the Life Insurance Policy to be assumed and assigned, it should be clearly designated that there are two policies and that both are being assumed and assigned.

11. Second, as described above, Debtor has not provided a complete set of the eligibility data required under the Policies since December 2015. This eligibility data is necessary to calculate the accuracy of the payments made and the outstanding premiums due under the Policies. As a result, Unimerica NY has been unable to calculate the precise amount due under the Polices for the coverage period of February 1, 2016 to August 31,

4

4980214v4

2016. Therefore, the Debtor must provide the eligibility data necessary to accurately calculate the amount due under the Policies. Although Unimerica NY and the Debtors are working together to reach a resolution on that data, Unimerica NY has not yet received it.

12. Finally, the cure amount listed in Item No. 793 should be $20,095.78, which is currently due and owing for the coverage period of December 1, 2015 to August 31, 2016.

13. Unimerica NY reserves its right to revise that amount after Debtor provides the remainder of the required eligibility data. Unimerica NY further reserves its rights concerning further amounts that may either become due and owing as of the date the Polices are assumed or which may be accrued but not yet due as of the date the Policies are assumed.

14. Unimerica NY has been working with the Debtors to seek an amicable resolution on these issues, and hopes to continue working cooperatively with the Debtors on these issues.

WHEREFORE, Unimerica NY respectfully requests the Court enter an order (i) requiring the Cure Notice be amended to specify which of the Policies are to be assumed and assigned; (ii) ordering Debtor to provide Unimerica NY with any and all missing eligibility data; (iii) requiring the payment of the appropriate cure amount for the Policies to be calculated by Unimerica NY after receipt of the required eligibility data as described herein; and (iv) such further relief as the Court deems appropriate.

Dated at Hartford, Connecticut, this 4th day of August, 2016.

4980214v4

Respectfully submitted,

By: /s/ Latonia Williams
Eric S. Goldstein (EG0412)
Latonia C. Williams (LW9479)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
(860) 251-5000
*Counsel for Unimerica Life Insurance Company of New York*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2016, a copy of foregoing Limited Objection to Notice of (A) Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale and (B) Associated Cure Costs ("Cure Objection") was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. In addition, on August 4, 2016, the Cure Objection was sent by overnight mail, facsimile or electronic mail to the following parties:

The Debtors (VIA OVERNIGHT MAIL)
Gawker Media Group, Inc.
Attn: Heather Dietrick
114 Fifth Avenue, 2d Floor
New York, New York 10011

Counsel to the Debtors (VIA EMAIL)
Ropes & Gray LLP
Attn: Gregg M. Galardi, Esq. and Jonathan P. Gill, Esq.
1211 Avenue of the Americas
New York, NY 10036
Email: gregg.galardi@ropesgray.com
Email: jonathan.gill@ropesgray.com

Investment Banker to the Debtors (VIA OVERNIGHT MAIL)
Houlihan Lokey, Inc.
Attn: Reid Snellenbarger
111 South Wacker, 37th Floor
Chicago, Illinois, 60606

4980214v4

<u>Office of the United States Trustee (VIA FACSIMILE)</u>
Office of the United States Trustee
Attn: Greg Zipes and Susan Arbeit
201 Varick Street, Suite 1006
New York, New York 10014
Fax: (212) 668-2255

<u>Counsel to the Official Committee of Unsecured Creditors (VIA EMAIL)</u>
Simpson Thacher & Bartlett
Attn: Sandy Qusba and William T. Russell
425 Lexington Ave.
New York, NY 10017
Email: squsba@stblaw.com
Email: wrussell@stblaw.com

<u>Counsel to the Stalking Horse Bidder (VIA EMAIL)</u>
Sullivan & Cromwell LLP
Attn: Michael H. Torkin, Esq. and Alexa J. Kranzley, Esq.
125 Broad Street
New York, New York 10004
Email: torkinm@sullcrom.com
Email: kranzleya@sullcrom.com

By: /s/ Latonia Williams
Eric S. Goldstein (EG0412)
Latonia C. Williams (LW9479)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000
*Counsel for Unimerica Life Insurance Company of New York*

2

4980214v4