**Hearing Date: September 13, 2016 at 10:00 a.m. (ET)**
**Objection Date: September 6, 2016 at 10:00 a.m. (ET)**

SIMPSON THACHER & BARTLETT LLP
Sandeep Qusba
William T. Russell, Jr.
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile:  (212) 596-9090

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Gawker Media LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Gawker Media LLC, *et al.*[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered) |

### NOTICE OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PROVIDING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION OF THE DEBTORS OR TO <u>PRIVILEGED INFORMATION</u>

PLEASE TAKE NOTICE that on August 9, 2016, the Official Committee of Unsecured Creditors ("the **Committee**") of the above-caption debtors and debtors in possession (collectively, the "**Debtors**") filed the annexed *Motion of the Official Committee of Unsecured Creditors for an Order Providing That the Official Committee of Unsecured Creditors is not Authorized or Required to Provide Access to Confidential Information of the*

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and GMGI are located at 114 Fifth Avenue, 2nd Floor, New York, NY 10011. Kinja's offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

*Debtors or to Privileged Information* (the "**Motion**"), which Motion includes the reasons underlying the relief requested.

PLEASE TAKE FURTHER NOTICE that a hearing on the relief requested in the Motion will be held before the Honorable Stuart M. Bernstein, the United States Bankruptcy Judge, in Room 723 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 13, 2016 at 10:00 a.m. (Eastern Time)** (the "**Hearing**") or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections ("**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice,* electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served on (i) the Debtors, Gawker Media LLC, 114 Fifth Avenue, 2nd Floor, New York, NY 10011, Attn. Heather Dietrick (heather@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn:

David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (vii) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (viii) Thomas & LoCicero PL, 601 S. Boulevard, Tampa, FL 33603, Attn: Gregg D. Thomas, (gthomas@tlolawfirm.com); and (ix) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002., so as to be so filed and received no later than September 6, 2016, at 10:00 a.m. (prevailing Eastern Time) (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if an Objection to the Motion is not received by the Objection Deadline, the Bankruptcy Court may enter an order granting the relief sought without further notice.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated:  August 9, 2016          Respectfully submitted,
        New York, New York

                                 __/s/ Sandeep Qusba_____

                                 SIMPSON THACHER & BARTLETT LLP
                                 Sandeep Qusba
                                 William T. Russell, Jr.
                                 425 Lexington Avenue
                                 New York, NY 10017
                                 Tel.: 212-455-2000
                                 Fax: 212-455-2502
                                 squsba@stblaw.com
                                 wrussell@stblaw.com

                                 *Proposed Counsel to the Official Committee of Unsecured Creditors*

SIMPSON THACHER & BARTLETT LLP
Sandeep Qusba
William T. Russell, Jr.
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile:  (212) 596-9090

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Gawker Media LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Gawker Media LLC, *et al.*[1] | Case No. 16-11700 (SMB) |
| Debtors. | (Jointly Administered) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER PROVIDING THAT THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IS NOT AUTHORIZED OR REQUIRED
TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION
OF THE DEBTORS OR TO PRIVILEGED INFORMATION**

The Official Committee of Unsecured Creditors (the "**Committee**") of Gawker

Media LLC ("**Gawker Media**"), Gawker Media Group, Inc. ("**GMGI**"), and Kinja Kft.

("**Kinja**") (collectively, the "**Debtors**"), by and through its undersigned proposed counsel hereby

moves this Court (the "**Motion**") for the entry of an order pursuant to sections 105(a), 107(b),

and 1102(b)(3)(A) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule

9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), providing that

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media and GMGI are located at 114 Fifth Avenue, 2nd Floor, New York, NY 10011.  Kinja's offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

the Committee appointed pursuant to section 1102(a) of the Bankruptcy Code in these cases is not authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to the Debtors' confidential and other non-public proprietary information, or privileged information, to creditors that hold claims of the kind represented by the Committee and are not appointed to the Committee, subject to the limited exceptions described herein. In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 107(b), and 1102 of the Bankruptcy Code.

## BACKGROUND

4. On June 10, 2016, Gawker Media LLC filed a voluntary petition for relief under chapter 11. Gawker Media Group, Inc. and Kinja Kft. followed with voluntary petitions for relief under chapter 11 on June 12, 2016. The factual background regarding the Debtors, including their business operations, their financial affairs and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

5. By Order dated June 16, 2016 [Docket No. 41], these chapter 11 cases are being jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code. As of the date hereof, neither a trustee nor an examiner has been appointed in these chapter 11 cases.

6.  On June 24, 2016, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Committee in these cases pursuant to section 1102 of the Bankruptcy Code [Docket No. 62]. The Committee is presently composed of the following three creditors: (i) Terry Gene Bollea; (ii) Shiva Ayyadurai; and (iii) Ashley A. Terrill.

### RELIEF REQUESTED

7.  The Debtors request an order of this court, effective as of June 24, 2016, the date that the Committee was appointed confirming that: (i) the requirement that the Committee provide access to information excludes Confidential Information[2]; and (ii) that the Committee is not obligated under section 1102 to provide access to any Privileged Information.[3] However, the Committee should be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

### BASIS FOR RELIEF

8.  Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide

---

[2] For purposes of this Motion, the term "**Confidential Information**" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtors' financial. condition or performance, the Debtors' business operations, including, without limitation, any and all information relating to the Debtors' suppliers and customers, the valuation of the Debtors and/or their assets, or the sale of the Debtors' assets provided to the Committee by the Debtors, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtors (whether or not marked confidential), or any other materials provided to the Committee by or on behalf of the Debtors, as well as derivations, summaries, and analyses of the same.

[3] For the purposes of this Motion, the term "**Privileged Information**" shall mean any information subject to the attorney-client or some other evidentiary privilege or protection (including the attorney-work product protection), whether such privilege or protection is solely controlled by the Committee or is subject to a joint or common interest privilege with the Debtors or some other party.

3

access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). However, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

9.      The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor and other parties will share various confidential and other non-public proprietary information with a creditors' committee. Creditors' committees then use this Confidential Information to assess, among other things, potential asset sales, potential litigation, structures for plans of reorganization, the results of any operations of the debtor, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan. Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor. In this case, the Committee expects the Debtors and other parties to provide, among other things, information about asset sales, valuations of properties, information pertaining to potential litigation claims, and historical financial and related information which may be confidential under section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and applicable state or federal law.

10.     In this case, absent appropriate protections, the Debtors and other parties might be unwilling or unable to share Confidential Information with the Committee, thereby impeding the Committee's ability to function effectively. Accordingly, given the importance of the issue, the Committee seeks an order of the Court clarifying that any Committee obligation to provide access to information does not include Confidential Information.

4

11. Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable evidentiary privilege or protection). Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information. Clearly, any obligation to disseminate Privileged Information could hamstring Committee counsel's ability to effectively communicate with and advise the Committee. Thus, the Committee seeks an order of the Court clarifying that the Committee is not obligated under section 1102 to provide access to any Privileged Information. However, the Committee should be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Committee.

12. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters ... the intention of the drafters, rather than the strict language, controls." *Id.* at 242 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotation omitted)).

13. The Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a creditors' committee to "provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the

5

exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable). *See* 17 C.F.R. §§ 243.100 - 243.103 (2005).

14. The legislative history for section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3). *See* H.R. REP. NO. 109-31, at 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports or disclosures available to them."). Accordingly, the Court should look to other sections of the Bankruptcy Code for guidance regarding whether Congress intended to require committees to disclose confidential information pursuant to section 1102(b)(3). Based on the terms of the Bankruptcy Code and Bankruptcy Rules, it is clear that Congress could not have intended for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party. If this had been the intention, section 1102(b)(3) would then frustrate other provisions of the Bankruptcy Code and Bankruptcy Rules, such as section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018.

15. Section 107(b)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall ... protect an entity with respect to a trade secret or confidential research, development, or commercial information." The language of section 107(b)(l) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(l) are mandatory upon request).

16. That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(l) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires [] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." FED. R. BANKR. P. 9018. As a result, section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Confidential Information and all Privileged Information from disclosure to general creditors.

17. In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order ... that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code. Moreover, the requested relief is appropriate and within the Court's authority.

18. The relief sought by the Committee is not only for the benefit of the Debtors and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach any confidentiality provisions in its bylaws. A creditors' committee cannot be put in a position of either violating the statute or breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtors and potentially other parties

19. Finally, the risk to the Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems. If the Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege as that time, the entire purpose of

7

such privilege would be eviscerated, and both the Debtors and the Committee would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster. Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional.

20. Accordingly, bankruptcy courts in this district and across the country that have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g., In re AOG Ent., Inc.*, Case No. 16-11090 (SMB) (Bankr. S.D.N.Y. Jun. 30, 2016) (Bernstein, J.); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Jun. 8, 2016) (Bernstein, J.); *In re The Great Atl. & Pac. Tea Co., Inc.,* Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Sept. 16, 2015); *In re Excel Mar. Carriers Ltd.,* Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. Oct. 17, 2013); *In re Patriot Coal Corp.,* Case No. 12-12900 (SCC) (Bankr. S.D.N.Y. Nov. 16, 2012); *In re Residential Capital, LLC,* Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Oct. 4, 2012); *In re Refco, Inc.,* 2005 WL 3543953 (Bankr. S.D.N.Y. Dec. 23, 2005). *See also In re Namco, LLC,* Case No. 13-10610 (PJW) (Bankr. D. Del. May 22, 2013).

21. In order to carry out its statutory reporting obligations in an orderly manner, the Committee proposes the following protocol for providing access to information for creditors (the "**Creditor Information Protocol**") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

    a. <u>Privileged and Confidential Information</u>. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "**Entity**"), without further order of the Court, (i) Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any

8

        Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

  b.    <u>Information Obtained Through Discovery</u>.  Nothing herein shall obligate the Committee to provide any information received (formally or informally) from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation.  The information received shall also be subject to any applicable confidentiality agreements, stipulations or orders in the action or proceeding in which it was produced.

  c.    <u>Creditor Information Requests</u>.  If a creditor (the "**Requesting Creditor**") submits a written request to the Committee (the "**Information Request**") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "**Response**"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.

  d.    <u>Release of Confidential Information of Third Parties</u>.  If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "**Demand**") for the benefit of the Debtors' creditors:  (i) if the Confidential Information is information of the Debtors, by submitting a written request, each

9

captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

22. The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected creditors.

23. The Committee, through its proposed counsel, has added to the case website (https://cases.primeclerk.com/gawker/), and will update it until the earliest to occur of (i) dissolution of the Committee, (ii) dismissal or conversion of these chapter 11 cases, and (iii) a further order of the Court. The website contains posts of relevant pleadings, and will provide creditors with the information necessary to email or contact Committee counsel.

24. The potential disclosure of nonpublic or privileged information to creditors will not foster a reorganization of the Debtors but will likely cause serious harm to the Debtors' estates. Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to maximize the value of the estates, the Committee respectfully requests that the relief sought herein be granted.

## NOTICE

25. Notice of this Application has been provided to: (i) the Debtors, Gawker Media LLC, 114 Fifth Avenue, 2nd Floor, New York, NY 10011, Attn. Heather Dietrick (heather@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the

10

Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (vii) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (viii) Thomas & LoCicero PL, 601 S. Boulevard, Tampa, FL 33603, Attn: Gregg D. Thomas, (gthomas@tlolawfirm.com); and (ix) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.primeclerk.com/gawker. In light of the nature of the relief requested herein, the Committee submits that no other or further notice is necessary.

26.     No previous motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Dated: August 9, 2016  
       New York, New York

Respectfully submitted,

  /s/ Sandeep Qusba

SIMPSON THACHER & BARTLETT LLP  
Sandeep Qusba  
William T. Russell, Jr.  
425 Lexington Avenue  
New York, NY 10017  
Tel.: 212-455-2000  
Fax: 212-455-2502  
squsba@stblaw.com  
wrussell@stblaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# **Exhibit A**

# **Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Gawker Media LLC, *et al.*[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered) |

**ORDER PROVIDING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION OF THE DEBTORS OR TO PRIVILEGED INFORMATION**

Upon consideration of the Motion of the Official Committee of Unsecured Creditors (the "**Committee**") for an Order providing that the Committee appointed pursuant to section 1102(a) of the Bankruptcy Code in these cases is not authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to Gawker Media LLC ("**Gawker Media**"), Gawker Media Group, Inc. ("**GMGI**"), and Kinja Kft. ("**Kinja**") (collectively, the "**Debtors**") confidential and other non-public proprietary information, or privileged information, to creditors that hold claims of the kind represented by the Committee and are not appointed to the Committee, subject to the limited exceptions described in the Motion and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and GMGI are located at 114 Fifth Avenue, 2nd Floor, New York, NY 10011. Kinja's offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

A-1

venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtors, or any other Entity, to any creditor with a claim of the kind represented by the Committee, except as provided below.

3. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

4. The Committee shall implement the following protocol for providing access to information for creditors ("**Creditor Information Protocol**") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

  a. <u>Privileged and Confidential Information</u>. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "**Entity**"), without further order of the Court, (i) Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

    b.    <u>Information Obtained Through Discovery</u>. Nothing herein shall obligate the Committee to provide any information received (formally or informally) from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation. The information received shall also be subject to any applicable confidentiality agreements, stipulations or orders in the action or proceeding in which it was produced.

    c.    <u>Creditor Information Requests</u>. If a creditor (the "**Requesting Creditor**") submits a written request to the Committee (the "**Information Request**") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "**Response**"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.

    d.    <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "**Demand**") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the

A-3

    lodging of such an objection, the Committee, the Requesting Creditor, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

  5.  The Committee may establish and maintain a website as described in the Motion.

Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

  6.  This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: New York, New York
   September __, 2016

            _____
            HONORABLE STUART M. BERNSTEIN
            UNITED STATES BANKRUPTCY JUDGE