**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :        Case No. 16-11700 (SMB)
                                          :
                 Debtors.                 :        (Jointly Administered)
                                          :
-------------------------------------------------------x

## ORDER (I) ESTABLISHING A DEADLINE TO FILE
## PROOFS OF CLAIM, CERTAIN ADMINISTRATIVE CLAIMS
## AND PROCEDURES RELATING THERETO AND
## (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the

"Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule")

3003(c)(3), fixing certain deadlines and establishing procedures for filing Proofs of Claim in

respect of claims arising on or prior to the applicable Filing Date, making Requests for Payment

for claims arising between the Filing Date and July 31, 2016, inclusive, and approving the form

and manner of service thereof; and the Court having jurisdiction to consider this Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§

157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion being adequate and appropriate under the particular

circumstances and no further notice being necessary; and the Court having found and determined

that the relief requested is in the best interests of the Debtors, their estates, their creditors, and

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

other parties in interest, and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon all of the proceedings had before the Court; and any

objections to the relief requested herein having been withdrawn or overrules on the merits; and

after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED**

**THAT**

1.      The Motion is granted to the extent set forth herein.

2.      Except as otherwise provided herein, all persons and entities, (including, without

limitation, individuals, partnerships, corporations, joint ventures, and trusts, but not

governmental units (as such term is defined in section 101(27) of the Bankruptcy Code

("Governmental Units")) that assert a Claim, as such term is defined in section 101(5) of the

Bankruptcy Code, against the Debtors which arose prior to the filing of the chapter 11 petitions

on June 10, 2016 in respect of Gawker Media LLC and June 12, 2016 in respect of Gawker

Media Group, Inc. and Kinja Kft. (each such date, the "Filing Date"), shall file a proof of such

claim in writing or electronically as set forth in this Order so that it is **actually received** on or

before **September 29, 2016 at 5:00 p.m. (prevailing Eastern Time)**.

3.      Except as otherwise provided herein, all Governmental Units that assert a Claim,

as such term is defined in section 101(5) of the Bankruptcy Code, against the Debtors which

arose prior to the filing of the chapter 11 petitions on June 10, 2016 in respect of Gawker Media

LLC and June 12, 2016 in respect of Gawker Media Group, Inc. and Kinja Kft., shall file a proof

of such claim in writing or electronically as set forth in this Order so that it is **actually received**

on or before **December 9, 2016 at 5:00 p.m. (prevailing Eastern Time)**.

4.      The following procedures for the filing of Proofs of Claim shall apply:

(a)      Proofs of Claim must conform substantially to Official Bankruptcy Form
         No. 410;

58510079_2

(b)    Proofs of Claim should be sent, if by overnight courier, hand delivery, or first class mail to:

Gawker Media LLC
Claims Processing Center
c/o Prime Clerk LLC
830 Third Avenue, 3rd Floor
New York, NY 10022

OR

If by hand delivery:
United States Bankruptcy Court, Southern District of New York
One Bowling Green
New York, NY 10004

Proofs of Claim may also be electronically filed through the Prime Clerk's website at https://cases.primeclerk.com/gawker;

(c)    Proofs of Claim will be deemed filed only when **actually received** by the Clerk of the Bankruptcy Court or Prime Clerk on or before the Proof of Claim Bar Date;

(d)    Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency; and

(e)    Proofs of Claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor. To the extent more than one Debtor is listed on the Proof of Claim, such Proof of Claim will be treated as if filed only against the first-listed Debtor.

5.    The following persons or entities need **not** file a Proof of Claim on or prior to the

Proof of Claim Bar Date:

(a)    any person or entity that has already filed a Proof of Claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;

(b)    any person or entity whose claim is listed on the Schedules; provided, that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

58510079_2

(c)     any holder of a claim that heretofore has been allowed by Order of the Court;

(d)     any person or entity that holds an equity security interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against a Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Proof of Claim Bar Date pursuant to the Procedures;

(e)     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a holder of a claim under section 503(b)(9)), who instead is to file Requests for Payment to the extent a General Administrative Claim arises between the applicable Filing Date and July 31, 2016;

(f)     any person or entity that holds a claim that heretofore has been allowed by order of the Court entered on or before the applicable Proof of Claim Bar Date;

(g)     any holder of a claim for which a separate deadline has been fixed by the Court;

(h)     any holder of a claim that has been paid in full;

(i)     the DIP Secured Parties on account of the DIP Obligations, and the Prepetition Secured Lenders on account of the Prepetition Secured Obligations; and

(j)     an employee of the Debtors, but only to the extent that such claim is solely for outstanding wages, base salary, commissions, benefits, bonuses or other ordinary course compensation; provided, however, that any employee of the Debtors who wishes to assert a claim against the Debtors that is not based solely on outstanding wages, base salary, commissions, benefits, bonuses or other ordinary course compensation must file a Proof of Claim on or prior to the Bar Date.

6.      Any person or entity (including individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Proof of Claim Bar Date and (ii) the date that is thirty (30) days

following the entry of the Court order approving such rejection (which order may be the order

confirming a chapter 11 plan in the Debtors' chapter 11 cases), or be forever barred from so

doing.

7.     Notwithstanding the foregoing, a party to an executory contract or unexpired lease

that asserts a claim on account of unpaid amounts accrued and outstanding as of the Filing Date

pursuant to such executory contract or unexpired lease (other than a rejection damages claim)

must file a Proof of Claim for such amounts on or before the applicable Proof of Claim Bar Date

unless an exception identified in paragraph 5 of this Order applies.

8.     If the Debtors amend or supplement the Schedules subsequent to the date hereof,

the Debtors shall give notice of any amendment or supplement to the holders of claims affected

thereby, and such holders shall be afforded thirty-five (35) days from the date of such notice to

file proofs of claim in respect of their claims and shall be given notice of such deadline.

9.     Nothing in this Order shall prejudice the right of the Debtors or any other party in

interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

10.     Except as otherwise provided herein, all persons and entities, (including, without

limitation, individuals, partnerships, corporations, joint ventures, and trusts, but not

Governmental Units) that file a request for payment (a "Request for Payment") in respect of any

claim arising under section 503(b) and 507(a)(2) of the Bankruptcy Code, other than section

503(b)(9) of the Bankruptcy Code (a "General Administrative Claim") between the Filing Date

and July 31, 2016, inclusive, against any of the Debtors, shall file such Request for Payment as

set forth in this Order so that it is **actually received** on or before **September 29, 2016 at 5:00

p.m. (prevailing Eastern Time)**.

11.    The following procedures for the filing of a Request for Payment shall apply:

    a.    The Requests for Payment should be sent, if by overnight courier, hand delivery, or first class mail to:

Gawker Media LLC
Claims Processing Center
c/o Prime Clerk LLC
830 Third Avenue, 3rd Floor
New York, NY 10022

OR

If by hand delivery:
United States Bankruptcy Court, Southern District of New York
One Bowling Green
New York, NY 10004

    b.    Requests for Payment will be deemed filed only when actually received by the Debtors' claims and noticing agent (Prime Clerk) or the Clerk of the United States Bankruptcy Court.

    c.    Requests for Payment must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

    d.    Requests for Payment must specify by name and case number the Debtor(s) against which the General Administrative Claim is filed. A Request for Payment filed under Case No. 16-11700 or that does not identify a Debtor will be deemed as filed only against Gawker Media LLC.

    e.    If the holder asserts a General Administrative Claim against more than one Debtor or has General Administrative Claims against different Debtors, a separate Request for Payment must be filed with respect to each Debtor. To the extent more than one Debtor is listed on the Request for Payment, such General Administrative Claim will be treated as if filed only against the first-listed Debtor.

    f.    No Requests for Payment sent by facsimile, telecopy, or electronic mail transmission will be accepted.

12.    The following persons or entities are **not** required to file a Request for Payment on or before the General Administrative Claim Bar Date:

a.  any holder of a General Administrative Claim that heretofore has been allowed by order of the Bankruptcy Court;

b.  any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, for which holders shall be required to file a Proof of Claim instead;

c.  any claim for fees or charges required under chapter 123 of title 28 of the United States Code;

d.  any estate professional retained pursuant to an order of the Bankruptcy Court, including professionals retained under sections 105, 327, 328, 330, or 363 of the Bankruptcy Code; and

e.  any DIP Superpriority Claim or Adequate Protection Superpriority Claim, as such terms are defined in the Final DIP Order [Docket No. 81].

13.  Pursuant to Bankruptcy Rule 3003(c)(2), (a) all holders of claims that fail to comply with this Order by timely filing a Proof of Claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution, and (b) all holders of a General Administrative Claims that fail to comply with this Order by timely filing a Request for Payment in appropriate form shall be forever barred, estopped and enjoined from asserting such General Administrative Claim against the Debtors or their respective property, unless otherwise tardily filed if permitted by the Court for cause pursuant to section 503(a) of the Bankruptcy Code.

14.  A copy of the notices substantially in the forms annexed hereto as **Exhibit 1** and **Exhibit 2** are approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty- five (35) days prior to the Bar Dates on:

(a)  the United States Trustee;

(b)  counsel to the Committee;

(c)  all persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d)  all persons or entities that have filed claims;

(e)     all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f)     all parties to executory contracts and unexpired leases of the Debtors;

(g)     all parties to litigation with the Debtors;

(h)     the Internal Revenue Service for the Southern District of New York, the Securities and Exchange Commission and any other required governmental units applicable to the Debtors' businesses;

(i)     state attorneys general and state departments of revenue for states in which the Debtors conduct business; and

(j)     such additional persons and entities as deemed appropriate by the Debtors.

15.     With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more Proof of Claim forms (as appropriate) substantially similar to the Proof of Claim form annexed to the Order as **Exhibit 3**, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the applicable Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

16.     Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish notice of (i) the Proof of Claim Bar Dates in substantially the form annexed to this Order as **Exhibit 4** and (ii) the General Administrative Claim Bar Date in substantially the form annexed to this Order as **Exhibit 5**, once in the national edition of USA Today at least twenty-eight (28) days prior to the Bar Dates, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates.

17.     The Debtors and Prime Clerk are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of the Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

20.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
        August 11, 2016

                                /s/ Stuart M. Bernstein
                                HONORABLE STUART M. BERNSTEIN
                                UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Form of Proof of Claim Bar Date Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                        :
In re                                   :       Chapter 11
                                        :
Gawker Media LLC, *et al.*[1]           :       Case No. 16-11700 (SMB)
                                        :
                    Debtors.            :       (Jointly Administered)
                                        :
--------------------------------------------------------x

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS
## OF CLAIM ON OR BEFORE SEPTEMBER 29, 2016

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS LISTED BELOW:**

        The United States Bankruptcy Court for the Southern District of New York has entered an order (the "Order") establishing **September 29, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file a Proof of Claim (as defined below) against any of the Debtors listed below (the "Debtors"):

| Debtor | Federal Employer Identification Number | Case No. |
|---|---|---|
| Gawker Media LLC | 20-3040492 | 16-11700 |
| Kinja, Kft. | HU 12945056 | 16-11718 |
| Gawker Media Group, Inc. | 27-1973231 | 16-11719 |

        Governmental units may have until **December 9, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Units Bar Date," and together with the General Bar Date, the "Bar Dates") to file proofs of claim. The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to the filing of the chapter 11 petitions on June 10, 2016 (with respect to Gawker Media LLC) or June 12, 2016 (with respect to Gawker Media Group, Inc. and Kinja Kft.) (the filing date with respect to each Debtor, the "Filing Date"), the dates on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Filing Date, and it is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.      **WHAT TO FILE**

Your filed Proof of Claim must conform substantially to Official Form No. 410; a case-specific Proof of Claim form accompanies this notice. You will receive a different Proof of Claim form for each claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to file your claim. Additional Proof of Claim forms may be obtained at https://cases.primeclerk.com/gawker or at www.uscourts.gov/forms/bankruptcy-forms (such form, the "Proof of Claim").

All Proof of Claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Any holder of a claim against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor and all holders of claims must identify on their Proof of Claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.  A list of the names of the Debtors and their case numbers is set forth above.

3.      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be **actually received on or before the applicable Bar Date** at either of the following addresses:

| | |
|---|---|
| Delivery by first-class U.S. mail, overnight mail, or hand delivery: | Gawker Media LLC<br>Claims Processing Center<br>c/o Prime Clerk LLC<br>830 Third Avenue, 3rd Floor<br>New York, NY 10022 |
| Hand delivery only: | United States Bankruptcy Court,<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 |

Alternatively, proofs of claim may be filed electronically through the electronic filing system available through the claims and noticing agent's website located at https://cases.primeclerk.com/gawker under the link entitled "Submit a Claim" (the "Electronic Notice System"). Proofs of claim will be deemed filed only when **actually received** at the addresses listed above or filed electronically on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

4.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a Proof of Claim on or prior to the Bar Date if you are:

(a)     any person or entity that has already filed a Proof of Claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;

(b)     any person or entity whose claim is listed on the Schedules; provided, that (i) the claim is <u>not</u> listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)     any holder of a claim that heretofore has been allowed by Order of the Bankruptcy Court;

(d)     any person or entity that holds an equity security interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of

such equity interest), a Proof of Claim must be filed on or before the applicable Proof of Claim Bar Date pursuant to the Procedures;

(e)    any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a holder of a claim under section 503(b)(9)), who instead is to file Requests for Payment to the extent a General Administrative Claim arises between the applicable Filing Date and July 31, 2016;

(f)    any person or entity that holds a claim that heretofore has been allowed by order of the Bankruptcy Court entered on or before the applicable Bar Date;

(g)    any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(h)    any holder of a claim that has been paid in full;

(i)    the DIP Secured Parties on account of the DIP Obligations, and the Prepetition Secured Lenders on account of the Prepetition Secured Obligations; and

(j)    an employee of the Debtors, but only to the extent that such claim is solely for outstanding wages, base salary, commissions, benefits, bonuses or other ordinary course compensation; provided, however, that any employee of the Debtors who wishes to assert a claim against the Debtors that is not based solely on outstanding wages, base salary, commissions, benefits, bonuses or other ordinary course compensation must file a Proof of Claim on or prior to the Bar Date.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before August 9, 2016, the date of entry of the Bar Order, you must file a Proof of Claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a Proof of Claim with respect to such claim by the date fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease.

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

7.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s).  If you received post petition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim, the enclosed Proof of Claim form will reflect the net amount of your claims.  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's Internet Website at http://www.nysb.uscourts.gov.  A login and password to the Bankruptcy Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, New York 10004-1408.  Copies of the Debtors' Schedules may also be obtained (i) electronically through the website of the Debtors' Court-approved claims agent, Prime Clerk LLC ("Prime Clerk"), using the interface available on such website located at https://cases.primeclerk.com/gawker or (ii) by written request to Debtors' Claims Agent at the following address and telephone number: Gawker Media LLC, Claims Processing Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, (855) 639-3375.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York                                          **BY ORDER OF THE COURT**
        August \_\_\_, 2016

*Counsel to the Debtors*
*and Debtors in Possession*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000

---

**If you have any questions related to this notice, please call (855) 639-3375 or (917) 651-0323 for international calls**

---

## Exhibit 2

**General Administrative Claim Bar Date Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                          :
In re                                     :       Chapter 11
                                          :
Gawker Media LLC, *et al.*[1]             :       Case No. 16-11700 (SMB)
                                          :
            Debtors.                      :       (Jointly Administered)
                                          :
---------------------------------------------------------x

## NOTICE OF DEADLINE REQUIRING FILING OF CERTAIN ADMINISTRATIVE CLAIMS ON OR BEFORE SEPTEMBER 29, 2016

**TO ALL PERSONS AND ENTITIES WITH ADMINISTRATIVE CLAIMS AGAINST THE DEBTORS LISTED BELOW:**

The United States Bankruptcy Court for the Southern District of New York has entered an order (the "Order") establishing **September 29, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "General Administrative Claim Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file a request for payment (a "Request for Payment") for each General Administrative Claim (as defined below) against any of the Debtors listed below (the "Debtors"):

| Debtor | Federal Employer Identification Number | Case No. |
|---|---|---|
| Gawker Media LLC | 20-3040492 | 16-11700 |
| Kinja, Kft. | HU 12945056 | 16-11718 |
| Gawker Media Group, Inc. | 27-1973231 | 16-11719 |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

The General Administrative Claims Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose after the filing of the chapter 11 petitions on June 10, 2016 (with respect to Gawker Media LLC) or June 12, 2016 (with respect to Gawker Media Group, Inc. and Kinja Kft.) (the filing date with respect to each Debtor, the "Filing Date"), the dates on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, through July 31, 2016 inclusive, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

## 1.    WHO MUST FILE A REQUEST FOR PAYMENT

You MUST file a Request for Payment if you have a General Administrative Claim and it is not among the types of claims described in section 4 below.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

A "General Administrative Claim" constitutes a claim arising under sections 503(b) and/or 507(a)(2) of the Bankruptcy Code between the Filing Date and July 31, 2016, inclusive, including: (a) the actual and necessary costs and expenses incurred of preserving the Debtors' estates and operating the business of the Debtors.

## 2.    WHAT TO FILE

A Request for Payment must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed Request for Payment any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Request for Payment form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Any holder of a General Administrative Claim against more than one Debtor must file a separate Request for Payment with respect to each such Debtor and all holders of claims must identify on their Request for Payment the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.  A list of the names of the Debtors and their case numbers is set forth above.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, a Request for Payment must be filed so as to be **actually received on or before September 29, 2016 at 5:00 p.m. (prevailing Eastern Time)** at <u>either</u> of the following addresses:

| Delivery by first-class U.S. mail, overnight mail, or hand delivery: | Gawker Media LLC<br>Claims Processing Center<br>c/o Prime Clerk LLC<br>830 Third Avenue, 3rd Floor<br>New York, NY 10022 |
|---|---|
| Hand delivery only: | United States Bankruptcy Court,<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 |

A Request for Payment will be deemed filed only when **actually received** at the addresses listed above or filed electronically on or before the Bar Date. A Request for Payment may not be delivered by facsimile, telecopy or electronic mail transmission.

4.    **WHO NEED NOT FILE A REQUEST FOR PAYMENT**

You do **not** need to file a Request for Payment on or prior to the Bar Date if you are:

a.    any holder of a General Administrative Claim that heretofore has been allowed by order of the Bankruptcy Court;

b.    any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, for which holders shall be required to file a Proof of Claim instead;

c.    any claim for fees or charges required under chapter 123 of title 28 of the United States Code;

d.    any estate professional retained pursuant to an order of the Bankruptcy Court, including professionals retained under sections 105, 327, 328, 330, or 363 of the Bankruptcy Code; and

e.    any holder of a DIP Superpriority Claim or Adequate Protection Superpriority Claim, as such terms are defined in the Final DIP Order entered in these chapter 11 cases [Docket No. 81].

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

5.    **CONSEQUENCES OF FAILURE TO FILE A REQUEST FOR PAYMENT BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A REQUEST FOR PAYMENT IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Request for Payment.**

Dated: New York, New York                                        **BY ORDER OF THE COURT**
           August ___, 2016

*Counsel to the Debtors*
*and Debtors in Possession*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000

---

**If you have any questions related to this notice, please call (855) 639-3375 or (917) 651-0323 for international calls**

---

## **Exhibit 3**

## **Proof of Claim Form**

**United States Bankruptcy Court , Southern District of New York**

- ❑  Gawker Media LLC (Case No. 16-11700)
- ❑  Kinja, Kft. (Case No. 16-11718)
- ❑  Gawker Media Group, Inc. (Case No. 16-11719)

## Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from? someone else?** | ❑ No<br>❑ Yes.  From whom? |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name | Name |
| Number       Street | Number       Street |
| City                    State              ZIP Code | City                    State              ZIP Code |
| Contact phone | Contact phone |
| Contact email | Contact email |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ❑ No<br>❑ Yes.  Claim number on court claims registry (if known)_____     Filed on _____<br>                                                                                                   MM  / DD  / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ❑ No<br>❑ Yes. Who made the earlier filing? |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**    $_____ .  **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

**Amount entitled to priority:**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(     ) that applies.

$_____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**

$_____

## ▮ Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐    I am the creditor.

☐    I am the creditor's attorney or authorized agent.

☐    I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐    I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
First name            Middle name            Last name

Title    _____

Company    _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
Number        Street

_____
City                    State        ZIP Code

Contact phone    _____        Email    _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/gawker.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Gawker Media LLC Claims Processing Center
c/o Prime Clerk LLC
830 3rd Avenue, 3rd Floor
New York, NY 10022

> # Do not file these instructions with your form

**<u>Exhibit 4</u>**

**Proof of Claim Publication Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
Gawker Media LLC, *et al.*[1]             :        Case No. 16-11700 (SMB)
                                          :
                       Debtors.           :        (Jointly Administered)
                                          :
---------------------------------------------------------x

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 29, 2016

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS LISTED BELOW:**

The United States Bankruptcy Court for the Southern District of New York has entered an order (the "Order") establishing **September 29, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file a Proof of Claim (as defined below) against any of the following Debtors (collectively, the "Debtors"): (i) Gawker Media LLC, Federal Employer Identification No. 20-3040492, Case No. 16-11700; (ii) Kinja, Kft., Federal Employer Identification No. HU 12945056, Case No. 16-11718; or (iii) Gawker Media Group, Inc., Federal Employer Identification Number 27-1973231, Case No. 16-11719. Governmental units may have until **December 9, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Units Bar Date," and together with the General Bar Date, the "Bar Dates") to file proofs of claim. The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to the filing of the chapter 11 petitions on June 10, 2016 (with respect to Gawker Media LLC) or June 12, 2016 (with respect to Gawker Media Group, Inc. and Kinja Kft.) (the filing date with respect to each Debtor, the "Filing Date").

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

1.      **Who Must File a Proof of Claim.** You MUST file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Filing Date, and it is not one of the types of claim described in the Order as exempt from the requirement that a Proof of Claim be filed. Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

2.      **What to File**. Your filed Proof of Claim must conform substantially to Official Form No. 410; a case- specific Proof of Claim form accompanies this notice. You will receive a different Proof of Claim form for each claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to file your claim. Additional Proof of Claim forms may be obtained at https://cases.primeclerk.com/gawker or at: www.uscourts.gov/forms/bankruptcy-forms (such form, the "Proof of Claim"). All Proof of Claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

3.      **When and Where to File**. All proofs of claim must be filed so as to be **actually received** on or before the applicable Bar Date at either of the following addresses:

| | |
|---|---|
| Delivery by first-class U.S. mail, overnight mail, or hand delivery: | Gawker Media LLC Claims Processing Center c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 |
| Hand delivery only: | United States Bankruptcy Court, Southern District of New York One Bowling Green New York, NY 10004 |
| Claims and noticing agent's website located at under the link entitled "Submit a Claim" (the "Electronic Notice System") | https://cases.primeclerk.com/gawker |

Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

4.      **Executory Contracts and Unexpired Leases**.  If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before August 9, 2016, the date of entry of the Bar Order, you must file a Proof of Claim by the Bar Date.  Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry

of the Bar Order, you must file a Proof of Claim with respect to such claim by the date fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease.

5. **<u>Consequences of Failure to File a Proof of Claim by the Bar Date</u>**. ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

6. **<u>Additional Information</u>**. If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Order (which contains a more detailed description of the requirements for filing proofs of claim), a proof of claim form or related documents you may do so by contacting Prime Clerk at (a) (855) 639-3375; or (b) the Debtors' restructuring website, https://cases.primeclerk.com/gawker/.

58510079_2

## **Exhibit 5**

**General Administrative Claim Bar Date Publication Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                            :
In re                                       :        Chapter 11
                                            :
Gawker Media LLC, *et al.*[1]               :        Case No. 16-11700 (SMB)
                                            :
                    Debtors.                :        (Jointly Administered)
                                            :
---------------------------------------------------------x

### NOTICE OF DEADLINE REQUIRING FILING OF CERTAIN ADMINISTRATIVE CLAIMS ON OR BEFORE SEPTEMBER 29, 2016

**TO ALL PERSONS AND ENTITIES WITH ADMINISTRATIVE CLAIMS AGAINST THE DEBTORS LISTED BELOW:**

The United States Bankruptcy Court for the Southern District of New York has entered an order (the "Order") establishing **September 29, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "General Administrative Claim Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file a request for payment (a "Request for Payment") for each General Administrative Claim (as defined below) against any of the following Debtors (collectively, the "Debtors"): (i) Gawker Media LLC, Federal Employer Identification No. 20-3040492, Case No. 16-11700; (ii) Kinja, Kft., Federal Employer Identification No. HU 12945056, Case No. 16-11718; or (iii) Gawker Media Group, Inc., Federal Employer Identification Number 27-1973231, Case No. 16-11719.  The General Administrative Claims Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose after the filing of the chapter 11 petitions on June 10, 2016 (with respect to Gawker Media LLC) or June 12, 2016 (with respect to Gawker Media Group, Inc. and Kinja Kft.) (the filing date with respect to each Debtor, the "Filing Date"), through July 31, 2016, inclusive.

1.      **Who Must File a Request for Payment.** You MUST file a Request for Payment if you have a General Administrative Claim and it is not one of the types of General Administrative Claim described in the Order as exempt from the requirement that a Request for Payment be filed. A "General Administrative Claim" constitutes a claim (as defined under Section 101(5) of the Bankruptcy Code) arising under sections 503(b) and/or 507(a)(2) of the Bankruptcy Code between the Filing Date and July 31, 2016, inclusive, including: (a) the actual and necessary costs and expenses incurred of preserving the Debtors' estates and operating the business of the Debtors.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

**2.     What to File.**  A Request for Payment must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed Request for Payment any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available. Your Request for Payment form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account). Any holder of a General Administrative Claim against more than one Debtor must file a separate Request for Payment with respect to each such Debtor and all holders of claims must identify on their Request for Payment the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.  A list of the names of the Debtors and their case numbers is set forth above.

**3.     When and Where to File**. Except as provided for herein, a Request for Payment must be filed so as to be **actually received on or before September 29, 2016 at 5:00 p.m. (prevailing Eastern Time)** at either of the following addresses:

| | |
|---|---|
| Delivery by first-class U.S. mail, overnight mail, or hand delivery: | Gawker Media LLC<br>Claims Processing Center<br>c/o Prime Clerk LLC<br>830 Third Avenue, 3rd Floor<br>New York, NY 10022 |
| Hand delivery only: | United States Bankruptcy Court,<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 |

A Request for Payment may not be delivered by facsimile, telecopy or electronic mail transmission.

**4.     Consequences of Failure to File a Request for Payment by the Bar Date**. ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AND THAT FAILS TO TIMELY FILE A REQUEST FOR PAYMENT IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**5.     Additional Information**. If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Order (which contains a more detailed description of the requirements for filing proofs of claim), a proof of claim form or related documents you may do so by contacting Prime Clerk at (a) (855) 639-3375; or (b) the Debtors' restructuring website, https://cases.primeclerk.com/gawker/.