UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
: 
In re : Chapter 11
: 
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO SECTION 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CAHILL GORDON & REINDEL LLP AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the employment of Cahill Gordon & Reindel LLP ("Cahill") as special litigation counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration and the Buckley Declaration, and the Holden Declaration; and the Court having reviewed the Application, the First Day Declaration, the Buckley Declaration, and the Holden Declaration; and the Court being satisfied with the representations made in the Application and the Buckley Declaration that Cahill represents no interest adverse to the Debtors

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

with respect to the matters on which Cahill will be employed, that its employment is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and based on the representations made by counsel to the Debtors that Cahill was negotiating the terms of a settlement, that the documentation was in the process of being finalized, that issues related to allocation and/or indemnification and contribution were not expected to arise, and that publicly disclosing any terms of a settlement may be detrimental to the process (the "Representations"); and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(e), 328(a) and 330 of the Bankruptcy Code, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Cahill as special litigation counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, the Buckley Declaration, the Holden Declaration, the Representations, and this Order, to perform the Services.

3. To the extent any of the Application, the Buckley Declaration, or the Holden Declaration are inconsistent with this Order, the terms of this Order shall govern.

4. Cahill shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94] and shall be entitled to participate in any carve-outs for the benefit of the Debtors' professionals that may be available in these cases.

5. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Cahill shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and file a notice on ECF. The United States Trustee retains all rights to object to such rate increase.

6. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

7. Notwithstanding any otherwise applicable provisions to the contrary, during the pendency of the retention authorized herein, Cahill will not represent present or future clients of Cahill on matters adverse to the Debtors in these cases. For the avoidance of doubt, Cahill's representation of non-Debtor defendants to the extent set forth in the Application shall be permitted under this Order.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: August 11, 2016
New York, New York

                                                  /s/ *Stuart M. Bernstein*
                                                HONORABLE STUART M. BERNSTEIN
                                                UNITED STATES BANKRUPTCY JUDGE