ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan P. Gill
Marc B. Roitman
Kristina K. Alexander
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:
In re                                              :    Chapter 11
:
Gawker Media LLC, *et al.*,[1]                     :    Case No. 16-11700 (SMB)
:
      Debtors.                                   :    (Jointly Administered)
:
:    **Re: Docket Nos. 130-133, 142**
:
------------------------------------------------------x

**DEBTORS' REPLY IN SUPPORT OF APPLICATIONS FOR ENTRY OF
ORDERS AUTHORIZING THE RETENTION AND EMPLOYMENT OF
BRANNOCK & HUMPHRIES, LEVINE SULLIVAN KOCH & SCHULZ, LLP
AND THOMAS & LOCICERO PL AS SPECIAL LITIGATION COUNSEL**

Gawker Media LLC and certain of its affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby respond to the

Limited Objection [Docket No. 142] (the "Committee Objection") of the Official Committee of

Unsecured Creditors (the "Committee") to the Debtors' applications (the "Retention

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

58557442_6

Applications") for entry of orders authorizing the retention and employment of Brannock & Humphries, Levine Sullivan Koch & Schulz, LLP and Thomas & Locicero PL as Special Litigation Counsel (collectively, the "Proposed 327(e) Counsel").[2] For the reasons set forth below, the Court should overrule the Committee Objection and grant the relief requested in the Retention Applications.[3]

## I. The Committee Wrongly Asserts That Indemnification and Contribution Claims Create a *Per Se* Bar on Retention Under Bankruptcy Code Section 327(e)

1. The fundamental flaw in the Committee Objection is that it suggests that there is a blanket legal rule under which any indemnification or contribution claim between a debtor and non-debtor party precludes a bankruptcy court from authorizing the retention of attorneys under Bankruptcy Code section 327(e) unless the proposed special counsel represents only the debtor. *See* Committee Objection ¶ 10. That is simply not the law, as this Court itself has recognized. *See In re Ampal-American Israel Corp.*, at *27, No. 12-13689-smb (Bankr. S.D.N.Y. July 27, 2015), Docket No. 611 ("*Ampal*"). In evaluating a proposed retention, including under the more demanding standard of Bankruptcy Code section 327(a), a bankruptcy court must exercise its discretion "in a manner which takes into account the particular facts and circumstances surrounding each case and the proposed retention before making a decision." *Id.* (citing *Bank Brussels Lambert v. Coan* (*In re AroChem Corp.*), 176 F.3d 610, 621 (2d Cir. 1999). The Committee repeatedly cites cases in which the proposed retention involved parties with

---

[2] The Debtors also filed an application for entry of an order authorizing the retention and employment of for entry of Cahill, Gordon & Reindel LLP, as special litigation counsel [Docket No. 131] (the "Cahill Application"). The Limited Objection included objections to the Cahill Application, which the Debtors and the Committee resolved consensually. On August 11, 2016, this Court entered an order approving the Cahill Application [Docket No. 169].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the applicable Retention Application(s).

indemnification or contribution claims, but also had other major underlying flaws in the retention procedures. Each of those cases is distinguishable from the facts presented here.

2. For example, the Committee Objection relies on *In re Mican Homes, Inc.*, 179 B.R. 886 (Bankr. E.D. Mo. 1995). Committee Objection ¶ 13. In *Mican Homes*, the judgment against the debtor at issue was dramatically smaller than the judgments against the proposed counsel's non-debtor joint clients who might have had contribution claims. Indeed, the *Mican Homes* court focused on the adversity arising from (i) intertwined counterclaims against a litigation opponent, that differed dramatically among the joint clients and (ii) a three-party non-mutual setoff. The Committee Objection does not identify such additional circumstances in this case.

3. Similarly, *In re JMK Constr. Grp., Ltd.*, 441 B.R. 222 (Bankr. S.D.N.Y. 2010), considered retention of section 327(e) counsel in a context where the debtors also sought to retain 327(a) counsel that had the same deep and actual present conflicts. *Id.* at 234- 38. Another Committee-cited case hinged on material lack of disclosure. *In re Perez*, 389 B.R. 180, 183 (Bankr. D. Colo. 2008). Yet another involved counsel seeking retroactive retention and fees. *See In re B.E.S. Concrete Prods., Inc.,* 93 B.R. 228, 232-34 (Bankr. E.D. Cal. 1988). Some adversary proceedings can involve a pure two-party dispute in which proposed section 327(e) counsel is being retained to address litigation that, *de facto,* "is the bankruptcy case." *See, e.g., In re Argus Grp. 1700, Inc.,* 199 B.R. 525, 531(Bankr. E.D. Pa. 1996). That situation contrasts with the common chapter 11 dynamic where a company has multiple creditors asserting a particular type of liability. The appropriate scope of section 327(e) counsel also depends on whether there is appropriate 327(a) counsel in place. *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 407 (D. Del. 2005). The Committee

Objection even cites some cases that focus on application of section 327(a)—not 327(e). *In re JMK Constr. Grp.,* 441 B.R. at 234-38; *In re Baldwin-United Corp.*, 45 B.R. 378 (Bankr. S.D. Ohio 1983).

### II. On the Facts of This Case, the Court Should Approve the Proposed Retention

4.   In direct contrast to all the cases cited by the Committee, the Debtors have approached retention of section 327(e) special counsel in precisely the manner the Bankruptcy Code contemplates. "Among the ultimate considerations for the bankruptcy courts in making these decisions must be the protection of the interest of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding." *AroChem Corp.*, 176 F.3d 610, 621 (quoting *Harold & Williams Dev. Co. v. United States Tr. (In re Harold & Williams Dev. Co.)*, 977 F.2d 906, 910 (4th Cir. 1992)). There is new section 327(a) counsel providing the core bankruptcy advice. *Compare with In re JMK Constr. Grp., Ltd.*, 441 B.R. 222. The retention application was filed at the outset of the case. *Compare with B.E.S. Concrete Prods.*, 93 B.R. 228. There was full disclosure of the co-clients of proposed special counsel, the possible indemnity and contribution claims, and the fact that special counsel would not advise on those issues. *Compare with In re Perez*, 389 B.R. 180.

5.   In this situation there was an understanding at the outset of representations that, if any conflict arose, special counsel could withdraw in favor of representing the Debtors. This is the type of fact-specific situation for which section 327(e) allows the debtor to continue a prepetition representation. *See AroChem Corp.*, 176 F.3d at 622 (noting that section 327(e) technically applies where proposed counsel represented debtor prepetition). Because of the consented prebankruptcy terms of proposed special counsels' joint representation, there is no question that special counsel will, can, and must protect that estate even if an unforeseen issue

4

regarding contribution or indemnification does arise that they cannot avoid– and that the non-debtor joint clients have agreed (well in advance of the bankruptcy) that this is the case.

### III. In This Case There Is No Conflict Created by Potential Allocation of Fees

6.     Potential disputes from allocation of costs in a litigation among debtors and other co-parties is also not a *per se* disqualification under 327(e). "While such apportionment is always difficult in a bankruptcy case, it is not impossible." *Mican Homes*, 179 B.R. at 889. Courts recognize that the core question on retention approval is the interest of the estate-- what adversity is disqualifying in a particular case under Section 327(e). *Ampal* at *31.  If proposed section 327(e) counsel is forced to withdraw from representing the current individual joint clients, it likely will not save the Debtors' estates any costs.  The estate would not risk any adverse collateral estoppel effect[4] given the sizable amounts at stake, and so would actively seek involvement in every substantive issue in any of the related litigation.  On the other hand, the Committee has not identified any specific potential decision that would lead to potential conflicted advice – they have only generic concerns.  *See, e.g., AroChem Corp.*, 176 F.3d at 625-26 ("generalized complaints").  This is exactly the circumstance for which the Code contemplates the appointment of special counsel to prevent loss to the estate of prior knowledge, so long as there is full disclosure of the role and connections of Section 327(e) counsel and full Section 327(a) counsel is in place.

### IV. Strategic Disqualification Motions Are Disfavored

7.     It is not surprising that the Committee would try to disqualify the Proposed 327(e) Counsel.  All three members of the Committee are plaintiffs in the underlying actions in which the Proposed 327(e) Counsel currently represent defendants.  Two Committee members (Ashley

---

[4] The Debtors do not concede that there would be any collateral estoppel or *res judicata* effect.

5

58557442_6

Terrill and Dr. Shiva Ayyadurai) have filed a "Reservation of Rights" that attempts to impede the Debtors' asset sale by threatening litigation against buyers, notwithstanding a free-and-clear court order, and even though that proposed sale that would fund recoveries to unsecured creditors. *See Reservation of Rights of Dr. Shiva Ayyadurai and Ashley Terrill Regarding Debtors' Motion Authorizing, inter alia, the Sale of Substantially all of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests and Encumbrances, and (B) Approving the Asset Purchase Agreement* (Docket No. 148). As this Court and others have recognized, courts in the Second Circuit disfavor efforts to disqualify counsel based on strategic motives. *Ampal* at 27, *see, e.g.,* Richard E. Flamm, Lawyer Disqualification: Conflicts of interest and Other Bases § 25.3 (2003);. The Debtors have already resolved the objections of the United States Trustee to the Proposed Retention, so the only remaining objection is that of the Committee.

58557442_6

WHEREFORE, the Debtors respectfully request that this Court overrule the Limited Objection, grant the relief sought in the Retention Applications, and enter the proposed orders approving the Retention Applications.

Dated: August 17, 2016
New York, New York

*/s/ Gregg M Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan P. Gill
Marc B. Roitman
Kristina K. Alexander
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.gill@ropesgray.com
marc.roitman@ropesgray.com
kristina.alexander@ropesgray.com

*Counsel to the Debtors
and Debtors in Possession*