Ropes & Gray LLP
Gregg M. Galardi
Jonathan P. Gill
Jonathan M. Agudelo
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                           :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------x

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF TRANSCRIPT UNDER SEAL AND THE FILING OF A REDACTED TRANSCRIPT

Gawker Media LLC, Gawker Media Group, Inc., and Kinja Kft., as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),

respectfully submit this Application (the "Application"), for entry of an order substantially in the

form attached hereto as Exhibit A (the "Order"), under section 107(b) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the Debtors to file the Transcript (as defined

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

below) under seal, and to publicly file a redacted Transcript.  In support of this Application, the

Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Application under 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The legal predicates for the relief requested herein are Bankruptcy Code

section 107(b) and Bankruptcy Rule 9018.

## BACKGROUND

3.     On June 10, 2016, Gawker Media filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  On June 12, 2016, Gawker Media Group, Inc. and Kinja Kft.

each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered.

4.     The Debtors are operating their businesses as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On June 24, 2016, the Office of the United States Trustee for the Southern

District of New York (the "United States Trustee") appointed an Official Committee of

Unsecured Creditors (the "Committee").  No trustee or examiner has been appointed in the

Debtors' chapter 11 cases.

6.     Factual background regarding the Debtors, their business operations, their

capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set

forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

7.      On June 13, 2016, the Debtors filed the *Debtors' Motion for (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and Approving the Debtors Entry Into and Assumption of the Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling a Sale Hearing and (E) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors Assets Free and Clear of All Claims, Liens, Rights, Interests And Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 21] (the "Sale Motion"),[2] seeking authorization and approval of sale and bidding procedures (the "Bidding Procedures") for substantially all of the Debtors' assets (the "Assets") and attaching a proposed order approving the sale of the Assets.

8.      On July 6, 2016, the Debtors filed revised proposed Bidding Procedures, which are attached as Exhibit A to the *Notice of Filing of (I) Revised Bidding Procedures, a Revised Bidding Procedures Order, and a Revised Sale Order; and (II) First Amendment to Asset Purchase Agreement* [Docket No. 77].

9.      On July 8, 2016, the Bankruptcy Court entered the *Order (I) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (II) Authorizing and Approving the Debtors Performance of Pre-Closing Obligations Under the Stalking Horse Asset Purchase Agreement, (III) Approving Notice Procedures, (IV) Scheduling a Sale Hearing*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

and (V) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts (the "Bidding Procedures Order"), granting certain relief requested by the Sale Motion as set forth therein, approving the Bidding Procedures and scheduling an auction (the "Auction") for the sale of the Assets. [Docket No. 82].

10.    On July 21, 2016, the Debtors filed the *Notice of Filing of Conformed Bidding Procedures, Sale Notice, Cure Notice, and First Amendment to Asset Purchase Agreement* [Docket No. 123].

11.    On August 16, 2016, the Debtors filed a further revised proposed sale order [Docket No. 179].

12.    Pursuant to the Bidding Procedures Order, the Auction was conducted on August 16, 2016 at the offices of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036.

13.    On August 16, 2016, the Debtors filed the *Notice of Successful Bidder for Sale of Substantially All of the Debtors' Assets* [Docket No. 182], identifying UniModa, LLC as the successful bidder (the "Successful Bidder").

14.    Contemporaneously herewith, the Debtors are filing the *Notice of Filing of Initial Transcript of Auction Held on August 16, 2016 For the Sale of Substantially All of the Debtors' Assets* (the "Transcript").  The Transcript contains six pages of confidential information involving certain strategic considerations that the Debtors believe should remain confidential (the "Confidential Information").

## **RELIEF REQUESTED**

15.    The Debtors respectfully request entry of the Order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the Debtors to file the

Transcript with the Court under seal, to publicly file a redacted version of the Transcript, and

directing that the Transcript and the Confidential Information contained therein remain

confidential and under seal, and that no such Confidential Information shall be made available to

anyone, other than as set forth in the Order.  The Debtors also request that the Clerk of the Court

treat the Confidential Information held under seal as confidential.

## BASIS FOR RELIEF REQUESTED

16.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with

the power to issue orders that will protect entities from potential harm that may result from the

disclosure of certain information.  In relevant part, section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect an entity with respect to a trade secret or
> confidential research, development, or commercial
> information

11 U.S.C. § 107(b).

17.    Pursuant to Bankruptcy Rule 9018, a party, with or without notice, may

request that a document be sealed under section 107(b) of the Bankruptcy Code.  Bankruptcy

Rule 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make
> any order which justice requires (1) to protect the estate or any entity in respect of
> a trade secret or other confidential research, development, or commercial
> information, (2) to protect any entity against scandalous or defamatory matter
> contained in any paper filed in a case under the Code, or (3) to protect
> governmental matters that are made confidential by statute or regulation. If an
> order is entered under this rule without notice, any entity affected thereby may
> move to vacate or modify the order, and after a hearing on notice the court shall
> determine the motion.

Fed. R. Bankr. P. 9018.

18.    Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."    *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).    "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – any order which justice requires."    *Id.* at 724.

19.    Once a Court determines that the information sought to be protected falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, the court must grant the relief requested.    *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) ("the court is required to protect a requesting interested party and has no discretion to deny the application.").    Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code and an interested party only has to show that the information it wishes to seal is "confidential and commercial in nature."    *Id.* at 27-28 (internal quotation marks omitted).    Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature.    *Id.* at 27.    Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure.    *Global Crossing*, 295 B.R. at 725 (holding that courts are "compelled to grant" sealing relief when the information at question "falls within the scope of [] *commercial information . . . .*") (emphasis in original).

20.    In determining whether "commercial information" should be sealed, courts in this district look to Bankruptcy Rule 9018's purpose: to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."    *See id.*    Accordingly, "commercial information" includes information that, if disclosed,

would provide an "unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Dreier, LLP*, 485 B.R. 821, 822–23 (Bankr. S.D.N.Y. 2013) (quotation omitted); *see also In re 1031 Tax Group, LLC*, No. 07-11448 (MG), 2007 WL 1836525, at *2 (Bankr. S.D.N.Y. June 22, 2007) (citation and internal quotation omitted) (finding that the identity of non-debtor property allegedly purchased with the debtors' funds warranted protection, while time-sensitive, confidential negotiations were underway).

21.     Here, the Transcript contains a limited amount of sensitive information that reflects confidential negotiations between the Debtors and the Successful Bidder.  The public filing of the Confidential Information could cause economic harm to the Debtors and the Successful Bidder.  Consequently, the Debtors submit that good cause exists for the Court to grant the relief requested herein.  Because the Transcript contains sensitive, proprietary, confidential, and commercial information that falls squarely within the ambit of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtors respectfully request that the Court approve the Application.  The Debtors submit that the Order complies with Chambers procedures regarding sealing orders.

22.     The parties who participated in the Auction agreed to keep the Confidential Information confidential.  The Committee supports the Debtors' request to file a redacted transcript and to maintain confidentiality of the Confidential Information.

23.     Additionally, the Debtors will provide the United States Trustee with an unredacted transcript upon request.

### NOTICE

24.     Notice of this Application will be provided in accordance with the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus*

*Hearing Dates* [Docket No. 93].  The Debtors submit that, in view of the facts and circumstances,

such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that this Court enter the Order,

substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file the

Transcript with the Court under seal, with a redacted version of the Transcript publicly filed.

Dated: August 17, 2016
       New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Jonathan M. Agudelo
Stacy A. Dasaro
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
jonathan.gill@ropesgray.com
jonathan.agudelo@ropesgray.com
stacy.dasaro@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                     :

In re                                :       Chapter 11

                                      :

Gawker Media LLC, *et al.*,[1]      :       Case No. 16-11700 (SMB)

                                      :

            Debtors.        :       (Jointly Administered)

                                      :

-------------------------------------------------------x

**ORDER GRANTING DEBTORS' *EX PARTE* APPLICATION FOR ENTRY**
**OF AN ORDER AUTHORIZING THE FILING OF TRANSCRIPT UNDER**
**SEAL AND THE FILING OF A REDACTED TRANSCRIPT**

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to section

107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3018 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to file the

Transcript under seal and to publicly file a redacted version of the Transcript; and the Court

having reviewed the Application; and the Court being satisfied with the representations made in

the Application; and it appearing that the Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and sufficient notice of the Application having been given under the particular circumstances;

and it appearing that no other or further notice need be provided; and upon the record herein; and

after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

58570271_2

**ORDERED THAT**,

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized to file the Transcript under seal, with a redacted version of the Transcript publicly filed.

3.      At the conclusion of these chapter 11 cases, any copies of the Transcript shall be retrieved by the Debtors for disposal.

4.      Entry of this Order is without prejudice to the right of any party in interest seeking relief from this Order upon written application on notice to the Debtors and such other parties entitled to receive notice pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 93].

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.


Dated: New York New York
       August ___, 2016


_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE