UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11
                                                               :
Gawker Media LLC, et al.,[1]                                   :    Case No. 16-11700 (SMB)
                                                               :
                              Debtors.                         :    (Jointly Administered)
---------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Nelson J. Rodriguez, depose and say that I am employed by Prime Clerk LLC ("**Prime Clerk**"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On August 16, 2016, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the SRF 9422 Supplemental Service List attached hereto as **Exhibit A**:

- Notice of (A) Solicitation of Bids to Purchase substantially all the Debtors' Assets, (B) Auction and (C) Sale Hearing [a copy of which is attached hereto as **Exhibit B**]

Dated: August 19, 2016

/s/ Nelson J. Rodriguez
Nelson J. Rodriguez

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on August 19, 2016, by Nelson J. Rodriguez, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: /s/ Liz Santodomingo

LIZ SANTODOMINGO
Notary Public, State of New York
No. 01SA6301250
Qualified in New York County
Commission Expires April 14, 2018

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2nd Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

**Exhibit A**

# Exhibit A
## SRF 9422 Supplemental Service List
## Served via First Class Mail

| Name | Address1 | City | State | Zip Code |
|---|---|---|---|---|
| A. Araujo | REDACTED | REDACTED | REDACTED | REDACTED |
| G. Paiella | REDACTED | REDACTED | REDACTED | REDACTED |
| T. Rios | REDACTED | REDACTED | REDACTED | REDACTED |

**<u>Exhibit B</u>**

SRF 9422-10202

ROPES & GRAY LLP
Gregg M. Galardi
Jonathan P. Gill
Marc B. Roitman
Kristina K. Alexander
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
: 
In re: : Chapter 11
: 
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
--------------------------------------------------------x

**NOTICE OF (A) SOLICITATION OF BIDS TO PURCHASE SUBSTANTIALLY
ALL THE DEBTORS' ASSETS, (B) AUCTION AND (C) SALE HEARING**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.  On June 13, 2016, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the *Debtors' Motion for (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and Approving the Debtors' Entry Into and Assumption of the Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling A Sale Hearing and (E) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and*

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media and GMGI are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja's offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

*Determining Cure Amounts and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 21] (the "Sale Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[2]

2. As outlined in the Sale Motion, the Debtors have agreed upon the terms of a Stalking Horse APA with the Stalking Horse Bidder and will seek capable and willing bidders for all or substantially all of the Debtors' assets (the "Acquired Assets") prior to the Auction date as provided in the Sale Motion and the Bidding Procedures Order (defined below). The proposed sale shall be free and clear of liens, claims, interests and other encumbrances, with all such liens, claims, interests and other encumbrances attaching with the same validity and priority to the sale proceeds. The Stalking Horse Bidder has committed to assume certain liabilities of the Debtors solely to the extent set forth in the Stalking Horse APA.

3. On July 8, 2016, the Bankruptcy Court entered the *Order (I) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (II) Authorizing and Approving the Debtors' Performance of Pre-Closing Obligations Under the Stalking Horse Asset Purchase Agreement, (III) Approving Notice Procedures, (IV) Scheduling a Sale Hearing and (V) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts* (the "Bidding Procedures Order") [Docket No. 82]. The Bidding Procedures Order approved, among other things, the Debtors' performance of certain pre-closing obligations under the Stalking Horse APA and the Bidding Procedures, which

---

[2] Capitalized terms not otherwise defined herein have the meanings given them in the Sale Motion.

specify, among other things, procedures under which interested parties may submit a "Qualified Bid" to purchase the Acquired Assets. All interested parties are invited to submit a Qualified Bid pursuant to the terms of the Bidding Procedures.

4. You may obtain a copy of the Bidding Procedures Order, the Bidding Procedures, and the Stalking Horse APA by: (a) sending a written request to the Debtors' counsel, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Marc B. Roitman (marc.roitman@ropesgray.com); or (b) accessing the website maintained by the Debtors' claims and noticing agent, Prime Clerk, at http://cases.primeclerk.com/gawker.

5. The Bidding Procedures establish **August 15, 2016 at 5:00 p.m. (Prevailing Eastern Time)** as the deadline by which all Qualifying Bid Documents and Qualified Bids must be actually received by the Debtors' investment banker and legal advisors, as set forth in the Bidding Procedures (the "Bid Deadline").

6. In the event the Debtors timely receive, on or before the Bid Deadline, one or more Qualified Bids in addition to the Stalking Horse APA, the Debtors shall conduct an Auction at the offices of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, on **August 16, 2016 at 10:00 a.m. (Prevailing Eastern Time)** or such later time on such day or such other place as the Debtors notify all Qualified Bidders.

7. If no Qualified Bids (other than the Stalking Horse Bid) are received by the Bid Deadline, then the Stalking Horse Bidder will be deemed the Successful Bidder, the Stalking Horse APA will be the Successful Bid, and, at the Sale Hearing, the Debtors will seek final Bankruptcy Court approval of the sale of the Acquired Assets to the Stalking Horse Bidder in accordance with the terms of the Stalking Horse APA.

8. The Sale Hearing will be held in the United States Bankruptcy Court for the Southern District of New York, Courtroom 723, One Bowling Green, New York, New York 10004-1408, on **August 18, 2016 at 2:00 p.m. (Prevailing Eastern Time)** or such other date and time that the Bankruptcy Court may later direct.

9. Objections to the relief sought in the Sale Order, if any, must: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules and any orders of the Court; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (iv) be filed with the Court no later than **August 5, 2016 at 4:00 p.m. (Prevailing Eastern Time)** (the "Sale Objection Deadline"); provided, that if and only if the Stalking Horse Bidder is **not** the Successful Bidder for the Debtors' assets, counterparties to the Debtors' Non-Residential Leases and Other Executory Contracts shall have until **August 18, 2016 at 12:00 p.m. (Prevailing Eastern Time)** to object to the assumption and assignment of a Non-Residential Lease or Other Executory Contract *solely on the issue of whether the Successful Bidder or Back-Up Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code*; and (v) be served so as to be actually received no later than the Sale Objection Deadline, as applicable, by the following parties (the "Objection Notice Parties"): (a) the Debtors: Gawker Media Group, Inc., 114 Fifth Avenue, 2d Floor, New York, New York 10011; Attn: Heather Dietrick; (b) counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036; Attn: Gregg M. Galardi, Esq. and Jonathan P. Gill, Esq.; (c) the proposed investment banker to the Debtors, Houlihan Lokey, Inc., 111 South Wacker Drive, 37th Floor, Chicago, Illinois, 60606; Attn: Reid Snellenbarger; (d) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014; Fax: (212) 668-2255; (e) counsel to

the official committee of unsecured creditors, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017; Attn: Sandeep Qusba, Esq. and William T. Russell, Jr., Esq.; and (f) counsel to the Stalking Horse Bidder, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004; Attn: Michael H. Torkin, Esq. and Alexa J. Kranzley, Esq., Fax: (212) 291-9376.

10. On or before July 15, 2016, the Debtors shall file with the Court and serve via first class mail the Cure Notice on all non-Debtor counterparties to all Non-Residential Leases and Other Executory Contracts, and their respective known counsel, and provide a copy of same to the Stalking Horse Bidder. Upon request by a counterparty under any Non-Residential Lease or Other Executory Contract, the Debtors shall serve, by electronic mail, the evidence of adequate assurance of future performance under the Non-Residential Leases and Other Executory Contracts provided by the Stalking Horse Bidder. Objections, if any, to the proposed assumption and assignment of any Non-Residential Lease or Other Executory Contract or to the cure amount proposed with respect thereto must: (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Rules and any order orders of the Court, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed cure amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof and (iv) be filed with the Court and served so as to be actually received by the Objection Notice Parties before the Sale Objection Deadline.

11. Promptly following the Debtors' selection of the Successful Bidder and the Back-Up Bidder, if any, at the conclusion of the Auction, the Debtors shall announce the Successful Bidder and the Back-Up Bidder, if any, and shall file with the Court a notice of the

Successful Bidder and the Back-Up Bidder, if any. If and only if the Stalking Horse Bidder is **not** the Successful Bidder for the Debtors' assets, counterparties to the Debtors' Non-Residential Leases and Other Executory Contracts shall have until **August 18, 2016 at 12:00 p.m. (Prevailing Eastern Time)** to object to the assumption and assignment of a Non-Residential Lease or Other Executory Contract *solely on the issue of whether the Successful Bidder or Back-Up Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code*. For the avoidance of doubt, if the Stalking Horse Bidder is the Successful Bidder, all adequate assurance objections must be filed by the Sale Objection Deadline.

12. The Auction or the Sale Hearing or both may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Bankruptcy Court's docket.

13. *Any party who fails to timely file an objection to entry of the Sale Order (i) shall be forever barred from objecting thereto, (ii) shall be deemed to consent to the sale of the Acquired Assets as approved by the Sale Order, and (iii) shall be deemed to "consent" for purposes of section 363(f)(2) of the Bankruptcy Code*.

Dated: July 11, 2016
      New York, New York

      */s/ Gregg M. Galardi*
      ROPES & GRAY LLP
      Gregg M. Galardi
      Jonathan P. Gill
      Marc B. Roitman
      Kristina K. Alexander
      1211 Avenue of the Americas
      New York, NY 10036-8704
      Telephone: (212) 596-9000
      Facsimile: (212) 596-9090
      Email: Gregg.Galardi@ropesgray.com
             Jonathan.Gill@ropesgray.com
             Marc.Roitman@ropesgray.com
             Kristina.Alexander@ropesgray.com

      *Counsel to the Debtors*
      *and Debtors in Possession*

If you have questions about this notice, please call
(855) 639-3375 (domestic toll-free), (917) 651-0323 (international),
email gawkerinfo@primeclerk.com, or
visit https://cases.primeclerk.com/gawker.