<u>**Presentment Date and Time**</u>
September 12, 2016 at 5:00 p.m.

<u>**Objection Deadline**</u>
September 12, 2016 at 4:00 p.m.

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------x
                                              :
In re                                         :          Chapter 11
                                              :
Gawker Media LLC, *et al.*,[1]                :          Case No. 16-11700 (SMB)
                                              :
                       Debtors.               :          (Jointly Administered)
                                              :
-----------------------------------------------------x

### NOTICE OF OBJECTION DEADLINE AND PRESENTMENT OF PROPOSED ORDERS REGARDING SPECIAL COUNSEL PROPOSED TO JOINTLY REPRESENT DEBTORS AND CERTAIN INDIVIDUALS

**PLEASE TAKE NOTICE** that on July 25, 2016, Gawker Media LLC, Gawker Media

Group, Inc. and Kinja Kft (collectively, the "<u>Debtors</u>") filed the *Debtors' Application Pursuant*

*to Sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016,*

*and Local Rules 2014-1 and 2016-1 For Entry of an Order Authorizing the Retention and*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The offices of Gawker Media and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

*Employment of Employ Brannock & Humphries as Special Litigation Counsel Effective Nunc Pro Tunc to the Petition Date* [Docket No. 130] (the "<u>Brannock Application</u>").

**PLEASE TAKE FURTHER NOTICE** that on July 25, 2016, the Debtors filed the *Debtors' Application Pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 For Entry of an Order Authorizing the Retention and Employment of Employ Thomas & LoCicero as Special Litigation Counsel Effective Nunc Pro Tunc to the Petition Date* [Docket No. 133] (the "<u>TLo Application</u>").

**PLEASE TAKE FURTHER NOTICE** that on July 25, 2016, the Debtors filed the *Debtors' Application Pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 For Entry of an Order Authorizing the Retention and Employment of Employ Levine Sullivan Koch & Schulz as Special Litigation Counsel Effective Nunc Pro Tunc to the Petition Date* [Docket No. 132] (the "<u>LSKS Application</u>," together with the Brannock Application and the TLo Application, the "<u>Retention Applications</u>").

**PLEASE TAKE FURTHER NOTICE** that the Retention Applications seek approval for each of the law firms of (i) Brannock & Humphries; (ii) Thomas & LoCicero; and (iii) Levine Sullivan Koch & Schulz (collectively the "<u>Law Firms</u>") to represent the Debtors in joint representations with various individual defendant clients in certain litigation.

**PLEASE TAKE FURTHER NOTICE** that on August 18, 2016, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") held a hearing on the Retention Applications, and the Debtors submitted amended proposed orders to the Court regarding retention of the Law Firms, which proposed orders reflected a consensual resolution by

the Debtors of objections of the United States Trustee and the Official Committee of Unsecured Creditors.

PLEASE TAKE FURTHER NOTICE that the proposed orders (i) contemplate that the Debtors' estates will be responsible for up to 85% of the court-approved fees of the Law Firms (and up to 100% of the expenses of the Law Firms) with respect to matters in which there is joint representation, and (ii) set forth a presumption (which may be rebutted by the Official Committee) that matters handled by the Law Firms are in respect of joint representations, and that matters solely regarding the individual defendants would not be charged to the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that the United States Trustee would, under the Proposed Orders, be able to seek a different allocation of the joint representation fees, and the Bankruptcy Court must approve any fees of the Law Firms charged to the Debtors' estates, and could also order a different allocation.

PLEASE TAKE FURTHER NOTICE that (i) the arrangements for payment of any portion of the Law Firms' fees and expenses that are not approved by the Bankruptcy Court, or allocated to the Debtors, are amounts that would be payable under fee arrangements between individual defendants and whichever of the Law Firms represents them, and (ii) the Proposed Orders provide for certain restrictions on the Law Firms' representations of the Debtors and other joint clients.

PLEASE TAKE FURTHER NOTICE that with respect to Mr. Nicholas Denton, who is one of the individual defendants represented by the Law Firms, any arrangements for any portion of the Law Firms' fees and expenses to be paid by Mr. Denton will have to be separately approved by the Bankruptcy Court in Mr. Denton's chapter 11 case, and that the Debtors'

understand that Mr. Denton intends to seek approval of retention of the Law Firms in that case, by separate Application that IS NOT the subject of this Notice.

      **PLEASE TAKE FURTHER NOTICE** that the Debtors will present to the Court, the proposed orders approving each of the Retention Applications, as annexed hereto as Exhibits A, B, and C (the "Proposed Orders"), for signature on **September 12, 2016 at 5:00 p.m. (prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that only if you are an individual defendant who is a joint client of the Law Firms with the Debtors, and you object to entry of the Proposed Orders, such objection must be made in writing and received by the Chambers of the Honorable Stuart M. Bernstein, 1 Bowling Green, Room 723, New York, NY 10004, not later than **September 12, 2016 at 4:00 p.m. (prevailing Eastern Time)**.  The ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections.  Unless objections are received by that time, the order may be signed.  The objection deadline for all other parties in interest has already passed.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**PLEASE TAKE FURTHER NOTICE** that the Retention Applications are available upon request to counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Jonathan Agudelo (jonathan.agudelo@ropesgray.com). Alternatively, a copy of each Retention Application can be viewed free of charge on the website of the Debtors' claims and noticing agent, Prime Clerk LLC, at https://cases.primeclerk.com/gawker. You may also obtain copies of the Retention Applications by visiting the Court's website at www.nysb.uscourts.gov in accordance with the fees and procedures set forth therein.

Dated: August 30, 2016
      New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
joshua.sturm@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
                                    :
In re                               :      Chapter 11
                                    :
Gawker Media LLC, et al.,[1]        :      Case No. 16-11700 (SMB)
                                    :
            Debtors.                :      (Jointly Administered)
                                    :
------------------------------------------------------x
```

**ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO
SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND
2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF BRANNOCK & HUMPHRIES AS SPECIAL
LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to

sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New

York (the "Local Rules") authorizing the employment of Brannock & Humphries as special

counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration,

the Brannock Declaration, and the Holden Declaration; and the Court having reviewed the

Application, the First Day Declaration, the Brannock Declaration, and the Holden Declaration;

and the Court being satisfied with the representations made in the Application and the Brannock

Declaration that Brannock & Humphries represents no adverse interest to the Debtors with

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

1

respect to the matters on which Brannock & Humphries will be employed, that its employment is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(e), 328(a) and 330 of the Bankruptcy Code, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Brannock & Humphries as special counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, the Engagement Agreement, the Brannock Declaration, the Holden Declaration, and this Order, to perform the Services.

3.      To the extent the Application or the Engagement Agreement is inconsistent with this Order, the terms of this Order shall govern.

4.      The Debtors' are authorized to employ and retain Brannock & Humphries in connection with the lawsuits set forth in Schedule I hereto and any further appeals or additional lawsuits (and claims litigation regarding the foregoing lawsuits in this Court) that may be filed arising from the same underlying causes of action (collectively, the "Actions"), as a part of a joint representation in which Brannock & Humphries will also represent, among others, Nick Denton and A.J. Daulerio (collectively, the "Non-Debtor Defendants").

2

5.      Brannock & Humphries shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94]; *provided that*, Brannock & Humphries may redact information from its time entries that it determines, in its sole discretion to be privileged information in connection with service of monthly fee statements on the Committee, its members and/or any of their representatives.

6.      The relevant Debtor's estate shall be liable for 85% of the fees and 100% of expenses approved under paragraph 5 of this Order for services rendered on behalf of the Debtors and Non-Debtor Defendants.  The Non-Debtors Defendants shall be liable for the remaining 15% of fee compensation for services rendered on behalf of the Debtors and Non-Debtor Defendants from the Non-Debtor Defendants (the "Non-Debtor Allocation") which shall be due pursuant to arrangements between Brannock & Humphries and the Non-Debtor Defendants (subject to any bankruptcy court approvals required in any Non-Debtor Defendant bankruptcy case(s)); provided that unless otherwise approved by this Court, no Debtor shall be liable for the Non-Debtor Allocation.  The Parties agree that there shall be a rebuttable presumption that services and expenses incurred in connection with the Actions were rendered on behalf of the Debtors and Non-Debtor Defendants.  The relevant Debtor's estate shall be liable for 100% of any compensation approved under paragraph 5 of this Order for any services or expenses rendered solely on behalf of the relevant Debtor and no Debtor shall be liable, pursuant to this Order, for services or expenses rendered solely on behalf of Non-Debtor Defendants.  The parties reserve all rights with respect to any claims for indemnification from the Debtors.

58569489_4

7.      Notwithstanding the allocation set forth in paragraph 6 of this Order, all rights of the United States Trustee are reserved to review the fee applications of Brannock & Humphries consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and Interim Compensation Order.

8.      Brannock & Humphries shall not provide advice or representation to a Debtor and/or any other client with respect to any matter or issue where there is an actual or potential conflict of interest between or among the clients including, but not limited to, with respect to any rights of contribution against each other or with respect to the allocation of any judgment or settlement among the clients.

9.      Nothing in this Order shall affect the rights of any Debtor or third party to seek recovery from any applicable insurance policy that is deemed property of the Debtors' estates or proceeds thereof.

10.     Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Brannock & Humphries shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and file the notice on ECF.  The United States Trustee retains all rights to object to such rate increase.

11.     Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

12.     Notwithstanding any provisions in the Engagement Agreement to the contrary, during the pendency of these chapter 11 cases, Brannock & Humphries will not represent present or future clients of Brannock & Humphries on matters adverse to the Debtors in these cases.

4

13.     Notwithstanding any provision in the Engagement Agreement to the contrary, any retainers shall be applied to the payment of fees and costs as they are approved by the Court pursuant to the Interim Compensation Order.

14.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August ___, 2016
New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

58569489_4

<u>Schedule I</u>

<u>List of Actions</u>

1.    *Bollea v. Gawker Media,* Case No. 12-012447CI-11 (6th Cir. Pinellas County)

2.    *Gawker Media v. Bollea*, 2D16-2535 (2d DCA 2016)

3.    *Bollea v. Buchwald & Associates, Inc., et. al,* (6th Cir. Pinellas County)

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
                                       :
In re                                  :      Chapter 11
                                       :
Gawker Media LLC, et al.,¹             :      Case No. 16-11700 (SMB)
                                       :
              Debtors.                 :      (Jointly Administered)
                                       :
-------------------------------------------------------x
```

**ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO
SECTION 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND
2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF THOMAS & LOCICERO AS SPECIAL
LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "<u>Application</u>")² of the Debtors for an Order, pursuant to

sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"),

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),

and Local Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of

New York (the "<u>Local Rules</u>") authorizing the employment of Thomas & LoCicero as special

counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration,

the Thomas Declaration, and the Holden Declaration; and the Court having reviewed the

Application, the First Day Declaration, the Thomas Declaration, and the Holden Declaration; and

the Court being satisfied with the representations made in the Application and the Thomas

Declaration that Thomas & LoCicero represents no adverse interest to the Debtors with respect

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

58564553_9

to the matters on which Thomas & LoCicero will be employed, that its employment is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Thomas & LoCicero as special counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, the Engagement Agreement, the Thomas Declaration, the Holden Declaration, and this Order, to perform the Services.

3.      To the extent the Application or the Engagement Agreement is inconsistent with this Order, the terms of this Order shall govern.

4.      The Debtors are authorized to employ and retain Thomas & LoCicero in connection with the lawsuits set forth in Schedule I hereto and any further appeals or additional lawsuits (and claims litigation regarding the foregoing lawsuits in this Court) that may be filed arising from the same underlying causes of action (collectively, the "Actions"), as a part of a joint representation in which Thomas & LoCicero will also represent, among others, Nick Denton and A.J. Daulerio (collectively, the "Non-Debtor Defendants").

2

5.       Thomas & LoCicero shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "<u>Interim Compensation Order</u>") [Docket No. 94]; *provided that*, Thomas & LoCicero may redact information from its time entries that it determines, in its sole discretion to be privileged information in connection with service of monthly fee statements on the Committee, in members and/or any of their representatives.

6.       The relevant Debtor's estate shall be liable for 85% of the fees and 100% of expenses approved under paragraph 5 of this Order for services rendered on behalf of the Debtors and Non-Debtor Defendants.  The Non-Debtors Defendants shall be liable for the remaining 15% of fee compensation for services rendered on behalf of the Debtors and Non-Debtor Defendants from the Non-Debtor Defendants (the "<u>Non-Debtor Allocation</u>") which shall be due pursuant to arrangements between Thomas & LoCicero and the Non-Debtor Defendants (subject to any bankruptcy court approvals required in any Non-Debtor Defendant bankruptcy case(s)); provided that unless otherwise approved by this Court, no Debtor shall be liable for the Non-Debtor Allocation.  The Parties agree that there shall be a rebuttable presumption that services and expenses incurred in connection with the Actions were rendered on behalf of the Debtors and Non-Debtor Defendants.  The relevant Debtor's estate shall be liable for 100% of any compensation approved under paragraph 5 of this Order for any services or expenses rendered solely on behalf of the relevant Debtor and no Debtor shall be liable, pursuant to this Order, for services or expenses rendered solely on behalf of Non-Debtor Defendants.  The parties reserve all rights with respect to any claims for indemnification from the Debtors.

3

7.      Notwithstanding the allocation set forth in paragraph 6 of this Order, all rights of the United States Trustee are reserved to review the fee applications of Thomas & LoCicero consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and Interim Compensation Order.

8.      Thomas & LoCicero shall not provide advice or representation to a Debtor and/or any other client with respect to any matter or issue where there is an actual or potential conflict of interest between or among the clients including, but not limited to, with respect to any rights of contribution against each other or with respect to the allocation of any judgment or settlement among the clients.

9.      Nothing in this Order shall affect the rights of any Debtor or third party to seek recovery from any applicable insurance policy that is deemed property of the Debtors' estates or proceeds thereof.

10.     Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Thomas & LoCicero shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and file the notice on ECF.  The United States Trustee retains all rights to object to such rate increase.

11.     Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

12.     Notwithstanding any provisions in the Engagement Agreement to the contrary, during the pendency of these chapter 11 cases, Thomas & LoCicero will not represent present or future clients of Thomas & LoCicero on matters adverse to the Debtors in these cases.

4

13.    Notwithstanding any provision in the Engagement Agreement to the contrary, any retainers shall be applied to the payment of fees and costs as they are approved by the Court pursuant to the Interim Compensation Order.

14.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: August ___, 2016
New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

58564553_9

<u>Schedule I</u>

<u>List of Actions</u>

1. *Bollea v. Gawker Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.)

2. *Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012)

3. *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012)

4. *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.)

5. Gawker Media in *Bollea v. Buchwwald & Assocs., et al.*, No. 16-002861-CI (Fla. Cir. Ct.)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
Gawker Media LLC, *et al.*,[1]      :        Case No. 16-11700 (SMB)
                                    :
            Debtors.                :        (Jointly Administered)
                                    :
------------------------------------------------------x

**ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO
SECTION 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND
2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL
LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to

sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New

York (the "Local Rules") authorizing the employment of Levine Sullivan Koch & Schulz, LLP

("LSKS") as special counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First

Day Declaration, the Berlin Declaration, and the Holden Declaration; and the Court having

reviewed the Application, the First Day Declaration, the Berlin Declaration, and the Holden

Declaration; and the Court being satisfied with the representations made in the Application and

the Berlin Declaration that LSKS represents no adverse interest to the Debtors with respect to the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc.
are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66.
1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the
Application.

matters on which LSKS will be employed, that its employment is necessary and in the best

interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that the

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further

appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application

having been given under the particular circumstances; and it appearing that no other or further

notice need be provided; and upon the record herein; and after due deliberation thereon; and

sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(e), 328(a) and 330 of the Bankruptcy Code, the Debtors,

as debtors and debtors in possession, are authorized to employ and retain LSKS as special

counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, the

Berlin Declaration, the Holden Declaration, and this Order, to perform the Services.

3.      To the extent any of the Application, the Berlin Declaration, or the Holden

Declaration is inconsistent with this Order, the terms of this Order shall govern.

4.      The Debtors' are authorized to employ and retain LSKS (i) in connection with the

lawsuits set forth in Schedule I hereto and any further appeals or additional lawsuits (and claims

litigation regarding the foregoing lawsuits in this Court) that may be filed arising from the same

underlying causes of action (collectively, the "Actions"), as a part of a joint representation in

which LSKS will also represent, among others, Nick Denton and A.J. Daulerio, J.K. Trotter,

Greg Howard, John Cook, Sam Biddle, Irin Carmon, and Gaby Darbyshire (collectively, the

"Non-Debtor Defendants") and (ii) to provide ongoing counseling and representation regarding

2

editorial content issues common to news organizations, including such things as retraction

demands, subpoenas, access to official proceedings and records, copyright, and newsgathering

issues, provided that compensation for services performed in connection with this paragraph 4(ii)

shall not exceed an aggregate amount of $20,000.

5.      LSKS shall be compensated in accordance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* (the "Interim Compensation Order") [Docket No. 94]; provided, however, that

LSKS shall be permitted to redact the time entries submitted to parties other than the Court and

the United States Trustee in connection with their Monthly Fee Statements to remove

information protected by the attorney-client privilege, attorney work-product doctrine or other

applicable privileges, as determined by LSKS in its sole discretion.

6.      With respect to compensation of LSKS on account of services performed in

connection with the Actions set forth in paragraph 4(i) of this Order, the relevant Debtor's estate

shall be liable for 85% of the fees and 100% of expenses approved under paragraph 5 of this

Order for services rendered on behalf of the Debtors and Non-Debtor Defendants.  The Non-

Debtors Defendants shall be liable for the remaining 15% of fee compensation for services

rendered on behalf of the Debtors and Non-Debtor Defendants from the Non-Debtor Defendants

(the "Non-Debtor Allocation") which shall be due pursuant to arrangements between LSKS and

the Non-Debtor Defendants (subject to any bankruptcy court approvals required in any Non-

Debtor Defendant bankruptcy case(s)); provided that unless otherwise approved by this Court, no

Debtor shall be liable for the Non-Debtor Allocation.  The Parties agree that there shall be a

rebuttable presumption that services and expenses incurred in connection with the Actions were

3

rendered on behalf of the Debtors and Non-Debtor Defendants.  The relevant Debtor's estate shall be liable for 100% of any compensation approved under paragraph 5 of this Order for any services or expenses rendered solely on behalf of the relevant Debtor and no Debtor shall be liable, pursuant to this Order, for services or expenses rendered solely on behalf of Non-Debtor Defendants.  The parties reserve all rights with respect to any claims for indemnification from the Debtors.

7.      Notwithstanding the allocation set forth in paragraph 6 of this Order, all rights of the United States Trustee are reserved to review the fee applications of LSKS consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and Interim Compensation Order.

8.      LSKS shall not provide advice or representation to a Debtor and/or any other client with respect to any matter or issue where there is an actual or potential conflict of interest between or among the clients including, but not limited to, with respect to any rights of contribution against each other or with respect to the allocation of any judgment or settlement among the clients.

9.      Nothing in this Order shall affect the rights of any Debtor or third party to seek recovery from any applicable insurance policy that is deemed property of the Debtors' estates or proceeds thereof.

4

10.     Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, LSKS shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and shall file the notice on ECF.  The United States Trustee retains all rights to object to such rate increase.

11.     Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

12.     Notwithstanding any otherwise applicable provisions to the contrary, during the pendency of these chapter 11 cases, LSKS will not represent present or future clients of LSKS on matters adverse to the Debtors in these cases.

13.     Notwithstanding any otherwise applicable provisions to the contrary, any retainers shall be applied to the payment of fees and costs as they are approved by the Court.

14.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: August ___, 2016
New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

58569063_4

## Schedule I

<u>List of Actions</u>

1. *Bollea v. Gawker Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.)

2. *Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012)

3. *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012)

4. *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.)

5. *Bollea v. Buchwwald & Assocs., et al.*, No. 16-002861-CI (Fla. Cir. Ct.)

6. *Williams v. The MLB Network, Inc., et al.*, No. CAM-L-3675-14 (N.J. Super. Ct.)

7. *Johnson, et al. v. Gawker Media, LLC, et al.*, No. 4:15-CV-1137 CAS (E.D. Mo)

8. *Johnson v. Gawker Media, LLC*, No. 5-CECG03734 (Cal. Sup. Ct.)

9. *Terrill v. Gawker Media, LLC, et al.*, No. 16-cv-00411 (S.D.N.Y.)

10. *Ayyadurai v. Gawker Media, LLC, et al.*, 16-cv-10853 (D. Mass.)

11. *Huon v. Denton*, No. 15-3049 (7th Cir.)

12. *Gawker Media, LLC v. Huon*, No. 16-01085 (Bankr. S.D.N.Y.)

58569063_4