**Presentment Date and Time: September 15, 2016 at 4:00 p.m. (ET)**
**Objection Date and Time: September 12, 2016 at 4:00 p.m. (ET)**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
In re                                  :   Chapter 11
:
Gawker Media LLC, *et al.*,[1]         :   Case No. 16-11700 (SMB)
:
  Debtors.                             :   (Jointly Administered)
:
-------------------------------------------------------x

**NOTICE OF PRESENTMENT OF DEBTORS' APPLICATION PURSUANT TO
SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF AKIN GUMP
STRAUSS HAUER & FELD LLP AS SPECIAL COUNSEL TO THE SPECIAL
COMMITTEE OF THE BOARD OF GAWKER MEDIA GROUP, INC. EFFECTIVE
<u>NUNC PRO TUNC TO AUGUST 3, 2016</u>**

**PLEASE TAKE NOTICE** that upon the annexed Application (the "Application"), a copy of which is attached hereto, of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to retain and employ Akin Gump Strauss Hauer & Feld LLP as special counsel to the Special Committee of the Board of Gawker Media Group, Inc. ("GMGI"), effective *nunc pro tunc* to August 3, 2016, the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

undersigned will present the *Order Authorizing the Debtors' Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Counsel to the Special Committee of the Board of Gawker Media Group, Inc. effective nunc pro tunc to August 3, 2016*, substantially in the form annexed to the Application as **Exhibit A** (the "Proposed Order") for signature to the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 723, One Bowling Green, New York, New York 10004-1408, on **September 13, 2016 at 10:00 a.m.** (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers and served so as to be actually received no later than **September 12, 2016 at 4:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline"), upon: (i) the Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, NY 10011, Attn. Heather Dietrick (heather@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Official Committee of Unsecured Creditors, Simpson

2

58780680_5

Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (ix) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff (idizengoff@akingump.com) and Rachel Ehrlich Albanese (ralbanese@akingump.com); and (x) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Application, the requested relief in the Application may be granted without further notice or a hearing. If an objection is filed, you will be notified of a hearing to consider the requested relief.

Dated: September 1, 2016
       New York, New York

/s/ *Gregg M. Galardi*
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors and the Debtors in Possession*

4

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
: 
In re : Chapter 11
: 
Gawker Media LLC, *et al.*,[2] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016 AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL COUNSEL TO SPECIAL COMMITTEE OF GAWKER MEDIA GROUP, INC., EFFECTIVE NUNC PRO TUNC TO AUGUST 3, 2016**

Gawker Media LLC ("Gawker Media") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully submit this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as special counsel to the Special Committee (as defined below) of Gawker

---

[2] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

58780680_5

Media Group, Inc. ("GMGI"), effective *nunc pro tunc* to August 3, 2016, pursuant to sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). In support of the Application, the Debtors submit (i) the Declaration of Ira S. Dizengoff (the "Dizengoff Declaration"), attached hereto as <u>Exhibit B</u>, and (ii) the Declaration of William D. Holden (the "Holden Declaration"), attached hereto as <u>Exhibit C</u> and hereby incorporate by reference the Declaration of William D. Holden in Support of First Day Motions (the "First Day Declaration") [Docket No. 7]. In further support of the Application, the Debtors respectfully represent as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider and determine this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Section 327(e), 328(a), 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

**Procedural Background**

4. On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, Gawker Media Group, Inc. ("GMGI") and Kinja Kft. ("Kinja") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6.      On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the First Day Declaration.

**Relief Requested**

9.      The Debtors seek an order of this Court, pursuant to Sections 327(e), 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtors to employ and retain Akin Gump, *nunc pro tunc* to August 3, 2016. The Debtors request that the Court approve the employment of Akin Gump as special counsel to the Special Committee of the Board of GMGI, as more fully described herein and in accordance with the proposed Order submitted herewith, to provide legal services in furtherance of providing the Special Committee with counsel to address the Potentially Interested Matters (as defined below), to the extent determined by the Special Committee. For the reasons set forth below, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, their creditors, stakeholders, and other parties in interest, and therefore, should be granted.

7

58780680_5

### Retention of Akin Gump

10.     Certain members of the board of directors of GMGI (the "Board") informed the Board that they may have interests in the allocation of purchase price between the estates, the enforceability of intercompany obligations between the estates, and litigation by certain creditors (the "Potentially Interested Matters"). The Board formed a special committee, consisting of one member of the Board, Mr. Scott Tillman (the "Special Committee"). The Board delegated to the Special Committee the authority of the full board to make decisions regarding the Potentially Interested Matters. The Special Committee has retained Akin Gump to provide advice, as determined necessary by the Special Committee, regarding the Potentially Interested Matters. In addition to Akin Gump's internationally respected transactional, litigation and restructuring practices, the attorneys at Akin Gump who will work on this matter have extensive involvement in risk management, first amendment and appellate matters. Akin Gump has not represented Mr. Tillman, as the sole member of the Special Committee, in the last 12 months.

11.     The Debtors seek to retain Akin Gump to perform services on behalf of the Special Committee (collectively, the "Services") including, but not limited to, evaluating litigation risks and assisting the Special Committee in carrying out its duties in respect of the Potentially Interested Matters. Akin Gump will be special counsel only to the Special Committee. Although Akin Gump does not anticipate any duplication of services in light of its narrow engagement for the Special Committee, Akin Gump will work with the Debtors' professionals to ensure that the Services it provides to the Special Committee are not duplicative of any work performed by any of the Debtors' professionals.

12.     The Debtors respectfully submit that Akin Gump is well-qualified and uniquely able to provide the Services in an efficient and cost-effective manner, and Akin Gump's

8

retention as special counsel to the Special Committee is in the best interests of the Debtors and their estates.

**No Adverse Interest**

13. To the best of the Debtors' knowledge and based upon the Dizengoff Declaration, Akin Gump has not represented, nor does it now represent, any interest adverse to the Debtors with respect to the matters on which it is to be employed. If any new facts or circumstances are discovered, Akin Gump will supplement its disclosure to the Court.

14. Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Fee Guidelines"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") [Docket No. 94], and as set forth in the Dizengoff Declaration, the Debtors propose to compensate Akin Gump on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Akin Gump according to its customary reimbursement policies. Akin Gump's hourly rates, subject to periodic adjustments, with respect to those Akin Gump lawyers currently expected to provide the Services, subject to change from time to time, are as follows:

| ATTORNEY | POSITION / DEPARTMENT | HOURLY RATE |
|---|---|---|
| Prakash H. Mehta | Partner / Corporate Department | $1,250.00 |
| Ira S. Dizengoff | Partner / Financial Restructuring Department | $1,325.00 |
| Rachel Ehrlich Albanese | Senior Counsel / Financial Restructuring Department | $875.00 |

58780680_5

15.     Akin Gump will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of services rendered, consistent with the Fee Guidelines and the Interim Compensation Order.

16.     Akin Gump will be entitled to participate in any carve-outs for the benefit of the Debtors' professionals that may be available in these cases.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

17.     The following information is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

Question:   Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Answer:     No.

Question:   Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Answer:     No.

Question:   If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Answer:     Not applicable.

Question:   Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Answer:     Akin Gump and the Debtors are currently working on a budget and staffing plan for Akin Gump's work for the Debtors. The budget contemplates that Akin Gump will work with the Special Committee in guiding it as to the Potentially Interested Matters. The budget necessarily will involve a projection of future events with limited information and is subject to change as the case develops.

10

58780680_5

**Basis for Relief**

18.     Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specified matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed.  See 11 U.S.C. § 327(e).

19.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer [or] on an hourly basis . . ." 11 U.S.C. § 328(a).

20.     Akin Gump is disinterested and qualified to be retained under section 327(e) because it does not have an "interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed." *See* 11 U.S.C. § 327(e); *Bank of Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622 (2d Cir. 1992).

21.     Finally, *nunc pro tunc* relief is appropriate here.  Since August 3, 2016, Akin Gump has been advising the Special Committee and assisting it in respect of the Potentially Interested Matters.  In addition, this was the active period of the auction and sale.  The Debtors respectfully submit that the filing of this Application is appropriate and timely under the circumstances, so as to justify *nunc pro tunc* relief.

22.     For the reasons set forth in this Application, the Dizengoff Declaration and the Holden Declaration, the Debtors submit that Akin Gump's retention and employment satisfies section 327(e) and this Application should be approved as in the best interests of the Debtors and their estates.

**Waiver of Stay**

23.     To the extent applicable, the Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale,

11

or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Application will assist the Debtors in preserving value for their estates and creditors by providing the Special Committee with counsel to address the Potentially Interested Matters to the extent the Special Committee deems necessary. Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the need for the relief sought herein justifies immediate relief.

### Notice

24. Notice of this Motion has been provided in conformity with the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 93]. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court enter an Order (a) authorizing the Debtors to retain Akin Gump as special counsel to the Special Committee of the Board, *nunc pro tunc* to August 3, 2016, for the purposes and upon the terms as set forth herein; and (b) granting to the Debtors such other and further relief as may be just or proper.

Dated: September 1, 2016
     New York, New York

/s/ *Gregg M. Galardi*
Gregg M. Galardi
D. Ross Martin
Jonathan Agudelo
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

58780680_5