# Exhibit A

## Proposed Order

Exhibit A

58780680_5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :

In re                                            :          Chapter 11
                                               :

Gawker Media LLC, *et al.*,[1]           :          Case No. 16-11700 (SMB)
                                             :

                Debtors.            :          (Jointly Administered)
                                             :
------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTORS' RETENTION AND EMPLOYMENT OF AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL COUNSEL TO THE SPECIAL COMMITTEE OF THE BOARD OF GAWKER MEDIA GROUP, INC. EFFECTIVE NUNC PRO TUNC TO AUGUST 3, 2016

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the employment of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as special counsel to the Special Committee of GMGI, effective *nunc pro tunc* to August 3, 2016; and upon the First Day Declaration, the Dizengoff Declaration and the Holden Declaration; and the Court having reviewed the Application, the First Day Declaration, the Dizengoff Declaration and the Holden Declaration; and the Court being satisfied with the representations made in the Application and the Dizengoff Declaration that Akin Gump represents no interest adverse to the Debtors with respect to the matters on which Akin Gump will be employed, that its employment is necessary and in the best interests of the Debtors'

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Application.

58780680_5

estates, creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby ORDERED THAT,

1. The Application is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code sections 327(e), 328(a) and 330, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Akin Gump as special counsel to the Special Committee of the Board of GMGI, effective *nunc pro tunc* to August 3, 2016, in accordance with the Application, the Dizengoff Declaration, the Holden Declaration, and this Order, to perform the Services.

3. To the extent any of the Application, the Dizengoff Declaration, or the Holden Declaration is inconsistent with this Order, the terms of this Order shall govern.

4. Akin Gump shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") [Docket No. 94] and shall be entitled to participate in any carve-outs for the benefit of the Debtors' professionals that may be available in these cases; provided, however, that Akin Gump shall be permitted to redact the time entries submitted to parties other than the Court and the United States Trustee in connection with their Monthly Fee Statements to remove information protected by the attorney-client privilege,

58780680_5

attorney work-product doctrine or other applicable privileges, as determined by Akin Gump in its sole discretion.

5. Prior to any increases in Akin Gump's rates, Akin Gump shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and the Official Committee of Unsecured Creditors, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

6. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

7. Notwithstanding any otherwise applicable provisions to the contrary, during the pendency of the retention authorized herein, Akin Gump will not represent present or future clients of Akin Gump on matters adverse to the Debtors in these cases.

8. The Debtors are authorized and empowered to take all actions they deem necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
      New York, New York

                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE

58780680_5