PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
Telephone: (212) 682-0020
Thomas A. Martin, Esq.
tmartin@putneylaw.com
Barbara M. Maisto, Esq.
bmaisto@putneylaw.com
*Attorneys for St. Paul Fire & Marine*
*Insurance Co./Travelers*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Gawker Media LLC, *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered) |

**MOTION FOR RELIEF FROM THE**
**AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)**

  Travelers, by and through its undersigned counsel, Putney, Twombly, Hall & Hirson LLP as and for its motion, pursuant to 11 U.S.C. §362(d)(1) seeking relief from the automatic stay, states the following as grounds therefor:

  1.  On June 10, 2016 Gawker Media LLC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code thereby commencing this bankruptcy case (the "Petition Date"). On June 16, 2016, Gawker Media Group, Inc. and Kinja Kft., affiliates of the Debtor, also filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

---

[1] This Bankruptcy is jointly administered and procedurally consolidated with Gawker Media Group, Inc. and Kinja Kft pursuant to this Court's June 16, 2016 Order.

2. By Order dated June 16, 2016, this Court entered an order directing the joint administration and procedural consolidation of Debtor's case with its affiliates and directed that the cases be jointly administered under Case Number 16-11700 (Gawker Media LLC) (the "Debtor" or "Gawker").

3. Upon information and belief, the Debtor is operating its business as a debtor in possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

4. Upon information and belief, neither a trustee nor an examiner has been appointed in this Chapter 11 case.

5. On June 24, 2016, the Office of the United States Trustee ("U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in this case pursuant to §1102 of the Bankruptcy Code [Docket No. 62]. According to the Docket, the Committee is presently composed of the following three creditors: (i) Terry Gene Bollea; (ii) Shiva Ayyadurai; and (iii) Ashley A. Terrill.

6. The Committee has filed a pending application requesting that it be represented by Simpson Thatcher & Bartlett LLP [Docket No. 134].

7. This Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. §157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

8. The movant, Travelers, issued a policy of insurance to Gawker for the time period October 22, 2014 to October 22, 2015 (the "Primary Policy"). With certain limitations, the Primary Policy provides coverage to Gawker for claims asserting bodily injury, claims asserting personal injury and claims asserting advertising injury.

9. In addition to the Primary Policy, Travelers also issued an umbrella Policy to Gawker for the same time period (10/22/14-10/22/15) (the "Umbrella Policy"), which provides coverage to Gawker when the Policy's limits are exhausted.

10. Prior to the Petition Date, on or about May 2, 2016, creditor Terry Bollea filed a lawsuit against, among others, Gawker in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida (the "Bollea Lawsuit").

11. Mr. Bollea's claims against Gawker are premised on Gawker's disclosure of the transcript of a recording to the National Enquirer in which Mr. Bollea made racist comments, and alleges that "Gawker participated in and/or facilitated and/or contributed to the use and public dissemination of the content of the court-protected confidential transcript to the Enquirer".

12. Mr. Bollea's complaint asserts claims against Gawker for: (i) intentional interference with contractual relations and advantageous business relationships and (ii) intentional infliction of emotional distress.

13. With respect to his claim for intentional interference with contractual relations and advantageous business relationships, Mr. Bollea alleges in his complaint that he has suffered "substantial economic and emotional injury, loss, damages and harm from actual interference with his employment, endorsement and other contracts and advantageous business relationships in an amount subject to proof".

14. With respect to his claim for intentional interference with contractual relations and advantageous business relationships, Mr. Bollea alleges in his complaint that Gawker's conduct was intentional as to any damages caused to him, and he expressly disclaims any acts of negligence engaged in by Gawker as to him.

3

15. With respect to his claim for intentional infliction of emotional distress, Mr. Bollea alleges in his complaint that he has suffered "emotional injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame and severe emotional distress."

16. With respect to his claim for intentional infliction of emotional distress, Mr. Bollea alleges in his complaint that Gawker's conduct was intentional as to any damages caused to him, and he expressly disclaims any acts of negligence engaged in by Gawker as to him.

17. On or about May 4, 2016, the Bollea Lawsuit was tendered to Travelers for coverage.

18. None of the damages sought in the Bollea lawsuit are within coverage provided by the Primary or Umbrella Policies and, by letter dated May 26, 2016, Travelers properly declined Mr. Bollea's tender.

19. Accordingly, Travelers seeks and is entitled to judgment in the form of a declaration that it does not owe Gawker defense or indemnity coverage under the Primary Policy or Umbrella Policy for the claims asserted against Gawker in the Bollea Lawsuit.

20. Based on the foregoing, Travelers requests relief from the automatic stay in this case to pursue a lawsuit in the Supreme Court of the State of New York, County of New York seeking a declaration that it does not owe Gawker defense or indemnity coverage for the claims asserted against Gawker in the Bollea Lawsuit (the "Declaratory Judgment Action").

21. A copy of Travelers's proposed Complaint for Declaratory Judgment is attached hereto as Exhibit "A" for reference.

22. The Declaratory Judgment Action will not affect the creditors in this case or disrupt these bankruptcy proceedings. Although the Debtor is the named insured under

the Policy, the "proceeds" will not become property of the estate under any circumstance. The lawsuit underlying the Declaratory Judgment Action was brought by Mr. Bollea and any proceeds that would be payable under the relevant policies (if coverage is affirmed) would be paid only to Mr. Bollea, not to the estate or any other creditor.

23. Pursuant to 11 U.S.C. § 362(d), "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of [§362], such as by terminating, annulling, modifying, or conditioning such stay- -(1) for cause. . ."

24. "The purpose of the automatic stay is the protection of the debtor and his estate from his creditors, and thus it follows that if a proceeding is not connected with, or will not interfere with, the pending bankruptcy case, so as to not violate the purpose and policy of the automatic stay, 'cause' exists to grant relief from the stay." In re Penn-Dixie Industries, Inc., 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980)(relief from stay denied because antitrust suit would have impact on property of debtor's estate, would result in depletion of energy and money from estate and would interfere with the debtor's reorganization effort).

25. "Although neither the statute nor its legislative history defines 'cause' sufficient to sustain a § 362(d)(1) motion, it is viewed as a broad and flexible concept." In re M.J. & K. Co., Inc., 161 B.R. 586, 591(Bankr. S.D.N.Y. 1993), *citing* Sumitomo Trust & Banking Co. v. Holly's Inc. (In re Holly's Inc.), 140 B.R. 643, 687 (Bankr. W.D.Mich 1992). "Accordingly, the determination of whether sufficient cause exists to grant stay relief must be addressed on a case by case basis." See Id. at 59, *citing,* Christensen v. Tucson Estates, Inc. (In re Tucson Estates Inc.), 912 F.2d 1162, 1166 (9th Cir.1990); In re Holly's, Inc.*,* 140 B.R. at 687; Peterson v. Cundy (In re Petersen)*,* 116 B.R. 247, 250 (D.Colo.1990).

5

26. "In determining cause to lift the stay in order to pursue state court litigation, courts routinely consider the following factors:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether the litigation in another forum would prejudice the interest of the creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's succession to the other proceeding would result in judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economic resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) the impact of the stay on the parties and the balance of the harms."

In re Residential Capital, LLC, 2013 WL 1553799 *3 (Bankr. S.D.N.Y. Apr. 12, 2013), *citing* Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990). "Not all of the factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis, and the court need not assign them equal weight." Id.; In re Keene Corporation, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994); In re Touloumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994)("When applying [the Sonnax factors], and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate").

27. Indeed, lifting the stay would allow Travelers to obtain complete resolution of the coverage issue without any need to interfere with this bankruptcy proceeding. Accordingly, Travelers' pursuit of the declaratory judgment action in the state court would only

promote the interests of judicial economy and the expeditious and economic resolution of litigation, without burdening this Court or its resources.

28. The relief sought by Travelers here is no different than the relief sought by personal injury claimants or similar litigants seeking dissolution of the stay to allow the litigation and resolution of issues unrelated to the estate proceed in the state court. This Court has lifted the stay and granted such relief in this regard. *See* In re New York Medical Group, P.C., 265 B.R. 408, 413-414 (Bankr. S.D.N.Y. 2001)(automatic stay lifted to allow state court litigation of personal injury claims even where resolution of litigation could affect the distributions since litigation itself would not interfere with the bankruptcy case, would promote judicial economy and provide complete relief to all parties); In re Burger Boys, Inc., 183 B.R. 682, 689 (Bankr. S.D.N.Y. 1994)(order of bankruptcy court granting relief from the stay to allow state court litigation involving debtor's lease was proper as it allowed for timely adjudication of the issues in an appropriate forum that could provide complete relief); *see also* In re Adelphia Communications Corp., 298 B.R. 49, 54-55 (S.D.N.Y. 2003)(stay vacated where bankruptcy court incorrectly assumed proceeds from the insurance policies were assets of debtor's estate and automatically subject to the stay under §362(a)(3)).

29. The insurance coverage at issue in Travelers's proposed action seeking a declaration of rights as to whether coverage is afforded Gawker is not intended to benefit the estate at large, nor materially affect the bankruptcy proceeding.

30. Accordingly, taking the elements into consideration as they apply to the facts underlying the declaratory judgment litigation, lifting the stay here will have no impact or adverse effect on the estate or the continued administration of the Chapter 11 case.

31. Based on the foregoing, Travelers respectfully requests that its motion

be granted in its entirety lifting the stay in this bankruptcy proceeding to allow Travelers to litigate the attached proposed Declaratory Judgment Action in the Supreme Court of the State of New York.

32. No prior request for the relief sought in this motion has been made.

**WHEREFORE**, Travelers respectfully requests that the Court grant its motion to lift the automatic stay pursuant to §362(d)(1) in its entirety, and grant such other and further relief this Court deems just and equitable.

Dated: New York, New York
September 2, 2016

Respectfully submitted,

**PUTNEY, TWOMBLY, HALL & HIRSON LLP**

By: */s/ Thomas A. Martin*
Thomas A. Martin
Barbara M. Maisto
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for St. Paul Fire & Marine Insurance Co./Travelers*

TO: Sandeep Qusba, Esq.
William T. Russell, Jr.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, N.Y. 10017-3954
*Proposed Counsel to the Official Committee of Unsecured Creditors*

*Via Federal Express*
Chambers of the Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1418

8

*Via Federal Express*
Attn: Greg Zipes and Susan Arbeit
Office of the United States Trustee
Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014

*Via CM/ECF*
Upon all entities as set forth on The Master Service List
Per Prime Clerk LLC

Gawker Media LLC
114 Fifth Ave, 2nd Floor
New York, New York 10011
Attn: Heather Dietrick
heather@gawker.com
*Debtors*

Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Attn: Gregg M. Gagliardi, Esq.
Gregg.gagliardi@ropesgray.com
*Counsel to Debtors*