Presentment Date and Time:  September 15, 2016 at 4:00 p.m. (ET)
Objection Date and Time:  September 12, 2016 at 4:00 p.m. (ET)

SIMPSON THACHER & BARTLETT LLP
Sandeep Qusba
William T. Russell, Jr.
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile:  (212) 596-9090

*Counsel to the Official Committee
of Unsecured Creditors of Gawker Media LLC*, *et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Gawker Media LLC, *et al.*<br><br>               Debtors. | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered)<br><br>**Re: Dkt. No. 239** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL COUNSEL TO THE SPECIAL COMMITTEE OF THE BOARD OF GAWKER MEDIA GROUP, INC. EFFECTIVE *NUNC PRO TUNC* TO AUGUST 3, 2016 [DKT. NO. 239]**

The Official Committee of Unsecured Creditors (the "**Committee**") of Gawker Media LLC ("**Gawker Media**"), Gawker Media Group, Inc. ("**GMGI**"), and Kinja Kft. ("**Kinja**") (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby files this objection (the "**Objection**") to the Debtors' application, pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 for entry of an order authorizing the retention and employment of Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**") as special counsel to the Special Committee of the Board of Gawker

Media Group, Inc. effective *nunc pro tunc* to the August 3, 2016 (the "**Application**") [Dkt. No. 239].

1. Because of the lack of independence of two of its three members, the GMGI board of directors created a Special Committee, comprised solely of Scott Tillman ("**Tillman**"), and granted the Special Committee full authority to make certain decisions related to these bankruptcy proceedings. For example, Tillman was granted authority to make the ultimate decision with respect to the sale of the Debtors' assets to Univision. *See* Aug. 18, 2016 Tr. 38:16-24, 54:14-24. Tillman has similarly been granted the authority to make future decisions regarding the allocation of the purchase price between the estates, the enforceability of intercompany obligations between the estates, and litigation by certain creditors (the "**Potentially Interested Matters**"). Application ¶ 10. Through their Application, the Debtors seek approval, under Bankruptcy Code section 327(e), to retain Akin Gump to provide legal advice to Tillman as the sole member of the Special Committee. *Id.* ¶ 10.

2. Section 327(e) requires that retention of special counsel be "in the best interest of the estate." 11 U.S.C. § 327(e). In order to establish that retention is in the estate's best interest, the applicant must show *the need* for the proposed special counsel. *See, e.g.*, *In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997) (the best interests standard requires that the "property of the estate is threatened and the need for services is real"); *In re J.S. II, L.L.C.*, 371 B.R. 311, 320 (Bankr. N.D. Ill. 2007) ("An applicant must establish that there is an actual need for the applicant's services based upon a real and actual threat to the estate." (internal citation omitted)).

3. Debtors have not shown a need to employ Akin Gump. The Debtors have already retained multiple law firms, including Ropes & Gray LLP ("**Ropes**"), which already has been providing advice to the Special Committee. Indeed, Ropes advised the Special Committee with

respect to the Debtors' negotiations with Ziff Davis and Univision and in connection with Tillman's ultimate decision on the sale to Univision.  The Debtors have made no showing as to why Ropes is unable to continue to provide advice to the Special Committee in connection with the Potentially Interested Matters, or why another law firm—Akin Gump—is needed here.

4. Nevertheless, in order to cooperate with the Debtors, the Committee offered to consider consenting to the proposed retention of Akin Gump if Akin Gump would agree to a reasonable cap on its fees, but Akin Gump categorically refused to do so.

### Reservation of Rights

5. The Committee reserves the right to raise further and other objections to the Application at the hearing.

### Conclusion

For the foregoing reasons, the Committee respectfully requests that the Court deny the Application and provide such other and further relief as it deems just and proper.

Dated: September 12, 2016
New York, New York

Respectfully submitted,

  /s/ Sandeep Qusba

SIMPSON THACHER & BARTLETT LLP
Sandeep Qusba
William T. Russell, Jr.
425 Lexington Avenue
New York, NY 10017
Tel.: 212-455-2000
Fax: 212-455-2502
squsba@stblaw.com
wrussell@stblaw.com

*Counsel to the Official Committee of Unsecured Creditors*