UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                            :

In re                                      :        Chapter 11
                                            :

Gawker Media LLC, *et al.*,[1]          :        Case No. 16-11700 (SMB)
                                            :

         Debtors.            :        (Jointly Administered)
                                            :
---------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN
CITRIN COOPERMAN & COMPANY, LLP AS INDEPENDENT AUDITOR AND
ACCOUNTING SERVICES PROVIDER *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application, dated August 30, 2016 (the "Application"),[2] of Gawker Media LLC and its above-captioned debtor affiliates, as debtors and debtors in possession (the "Debtors"), for an order authorizing the Debtors to retain Citrin Cooperman & Company, LLP ("Citrin") to serve as the Debtors' independent auditor and accounting services provider effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions of that certain (i) engagement letter between the Debtors and Citrin dated as of December 14, 2015, for auditing services, (ii) engagement letter between Gawker Media and Citrin dated as of December 15, 2015, for tax preparation and compliance services, (iii) engagement letter between Gawker Media and Citrin dated as of August 12, 2016, for a New York State sales and use tax audit, and (iv) that certain engagement letter between Gawker Media and Citrin dated as of August 30, 2016, for a retirement plan audit (collectively, the "Engagement Agreements"), copies of which are annexed hereto as **Exhibit A**, pursuant to sections 327(a) and 330 of title 11

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

58526841_5

of the United States Codes (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"); and the Court having reviewed the Application the Declaration of Michael Rhodes, a Partner of Citrin (the "Citrin Declaration"), and the declaration of William D. Holden (the "Holden Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Citrin Declaration that (a) Citrin does not hold or represent an interest adverse to the Debtors' estates and (b) Citrin is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and no objections to the Application having been filed; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

58526841_5

1.  The Application is GRANTED to the extent set forth herein, *nunc pro tunc* to the Petition Date.

2.  The Debtors, as debtors in possession, are authorized, pursuant to sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 5002, and Local Rule 2014-1 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, to employ and retain Citrin, effective *nunc pro tunc* to the Petition Date, as their independent auditor and accounting services provider in accordance with the terms and conditions set forth in the Engagement Agreements attached hereto as **Exhibit 1**.

3.  Citrin does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

4.  The terms of the Engagement Agreements are approved in all respects except as set forth herein.

5.  Citrin shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code.  Notwithstanding anything to the contrary set forth above, the U.S. Trustee shall retain rights to respond or object to Citrin's interim and final applications for compensation based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.  Citrin shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Citrin.

7.  Citrin shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8. None of the fees payable to Citrin shall constitute a "bonus" or fee enhancement under applicable law.

9. In the event Citrin seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Agreements, the invoices supporting time records from such attorneys shall be included in Citrin's own application and such invoices and time records shall be subject to the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed 11 U.S.C. § 330, dated January 30, 1996 (the "U.S. Trustee Guidelines") and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code.

10. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Engagement Agreements, and will indemnify and hold harmless Citrin and its affiliates, and its and their respective directors, officers, members, agents, employees, and controlling persons, and each of their respective successors and assigns (collectively, the "Indemnified Persons"), pursuant to the Engagement Agreements during the pendency of these Chapter 11 Cases, subject to the following conditions:

   a. All requests of Indemnified Persons for payment of indemnity, contribution, or otherwise shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Agreements, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided* that in no event shall an Indemnified Person be indemnified or receive contribution **or limit its liability** to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person. **[SMB: 9/15/16]**

   b. In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Agreements, the invoices and

58526841_5

supporting time records from such attorneys shall be annexed to Citrin's own interim and final fee applications, and such invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

11. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

12. To the extent this Order is inconsistent with the Engagement Agreements, this Order shall govern.

13. Notwithstanding the terms of the Engagement Agreements, the Court retains exclusive jurisdiction with respect to all matters arising from, or related to, the retention of Citrin, the implementation and interpretation of this Order, and any disputes arising from or related to Citrin's retention under the Engagement Agreements.

**Dated: September 15th, 2016**
**New York, New York**

**/s/ STUART M. BERNSTEIN**
**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

# Exhibit A

**Engagement Agreements**