**Hearing Date and Time: October 6, 2016 at 10:30 a.m. (prevailing Eastern Time)**
**Objection Deadline: September 30, 2016 at 4:00 p.m. (prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan P. Gill
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' OMNIBUS MOTION FOR**
**ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 365, FED. R. BANKR. P.**
**6006, AND LBR 6006-1 (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT**
**OF CERTAIN EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE,**
**(II) FIXING CURE AMOUNTS RELATING TO ASSUMED EXECUTORY**
**CONTRACTS, AND (III) GRANTING CERTAIN RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the motion (the "Motion," a

copy of which is attached hereto) of the above captioned debtors (the "Debtors") pursuant to

section 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

Bankruptcy Rules for the Southern District of New York (the "Local Rules") for entry of an order (i) authorizing assumption and assignment of certain executory contracts in connection with the sale, (ii) fixing cure amounts relating to assumed executory contracts, and (iii) granting certain related relief will be held before the Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 723, New York, New York 10004 (the "Bankruptcy Court") on **October 6, 2016 at 10:30 a.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules, and the Local Rules, shall be filed with the Bankruptcy Court, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **September 30, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") upon the following parties: (i) the Debtors, Attn. William D. Holden (profinvoices@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Official Committee of Unsecured Creditors, Simpson

Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (ix) counsel to UniModa, LLC, Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, California 90071, Attn: Peter M. Gilhuly; and (x) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the Debtors shall, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.


[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

58815233_5

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

Dated: September 20, 2016
      New York, New York

      */s/ Gregg M. Galardi*

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan P. Gill
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.gill@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

**Hearing Date and Time: October 6, 2016 at 10:30 a.m. (prevailing Eastern Time)**
**Objection Deadline: September 30, 2016 at 4:00 p.m. (prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan P. Gill
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :        Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :        Case No. 16-11700 (SMB)
                                                      :
                   Debtors.                           :        (Jointly Administered)
                                                      :
------------------------------------------------------x

**DEBTORS' OMNIBUS MOTION PURSUANT TO 11 U.S.C. § 365, FED.**
**R. BANKR. P. 6006, AND LBR 6006-1 (I) AUTHORIZING ASSUMPTION**
**AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS IN CONNECTION**
**WITH THE SALE, (II) FIXING CURE AMOUNTS RELATING TO ASSUMED**
**EXECUTORY CONTRACTS, AND (III) GRANTING CERTAIN RELATED RELIEF**

> **This Omnibus Motion seeks to assume and assign certain executory contracts. If you have received this Motion and are a counterparty to an agreement with the Debtors, please review Exhibit "B," annexed hereto, to determine if this Motion affects your executory contract and your rights thereunder.**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and

Kinja Kft. ("Kinja"), debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), respectfully request entry of an order, substantially in the form

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

annexed hereto as **Exhibit A**, (i) authorizing assumption and assignment of certain executory contracts in connection with the sale, (ii) fixing cure amounts relating to assumed executory contracts, and (iii) granting certain related relief.  In support of the foregoing request, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## Jurisdiction

1.    The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are section 365 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Procedural Background

4.    On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 12, 2016, GMGI and Kinja each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.    On June 16, 2016 the Bankruptcy Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6.    On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

-6-

7.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Additional factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

8.      On June 13, 2016, the Debtors filed the *Debtors' Motion for (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and Approving the Debtors Entry Into and Assumption of the Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling a Sale Hearing and (E) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors Assets Free and Clear of All Claims, Liens, Rights, Interests And Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 21] (the "Sale Motion").

9.      On August 16, 2016, the Debtors held an auction for the sale (the "Sale") of substantially all of their assets (the "Assets").  At the conclusion of the auction, the Debtors, in consultation with the Committee, designated the bid from UniModa, LLC ("UniModa"), a wholly-owned subsidiary of Univision Communications Inc. as the successful bid, notice of which was filed with the Bankruptcy Court that same day [Docket No. 182].  The Debtors and UniModa entered into that certain Asset Purchase Agreement dated as of August 17, 2016 (the "APA").

10.     On August 22, 2016, the Court granted the Sale Motion and authorized the sale of the Assets to UniModa pursuant to the *Order (I) Authorizing the Sale of Substantially All of the*

*Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry Into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 214] (the "Sale Order"). A copy of the APA is attached as Exhibit 1 to the Sale Order. The Sale closed on September 9, 2016 (the "Sale Closing Date"). *See Notice of Sale Closing* [Docket No. 258].

11.    In connection with the Sale, the Debtors and UniModa entered into a winding-down services agreement, pursuant to which UniModa provides certain services to the Debtors in order to permit the Debtors to wind down their bankruptcy estates and resolve matters related thereto.

## Relief Requested

12.    By this Motion, the Debtors seek entry of an order (i) authorizing the assumption and assignment of certain of the Debtors' executory contracts (collectively, the "Executory Contracts") to UniModa in connection with the Sale, (ii) fixing cure amounts related to the Executory Contracts, and (iii) granting certain related relief.

13.    In connection with the Sale, the Debtors identified certain executory contracts and unexpired leases that may be assumed and assigned to UniModa, pursuant to the terms of the Sale Order and the APA. UniModa has subsequently identified the additional Executory Contracts listed on **Exhibit B** hereto (the "Assignment Schedule") which it seeks that the Debtors assume and assign to UniModa. The Assignment Schedule also sets forth the cure amounts (the "Cure Amounts") for each Executory Contract. The Debtors respectfully request that the effective date of the assumption and assignment of the Executory Contracts be set at the Sale Closing Date.

14.     To the extent the Court orders any Cure Amount in excess of the amounts listed in the Assignment Schedule, the Debtors reserve the right not to assume and assign the Executory Contracts to UniModa.

## Basis for Relief

15.     Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). The assumption of executory contracts and unexpired leases permits ". . . the trustee or debtor-in-possession to use valuable property of the estate." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

16.     Bankruptcy Code Section 365(b)(1) sets forth the requirements for assuming a debtor's unexpired lease or executory contract, providing, in pertinent part that:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B)    compensates, or provides adequate assurance that the trustee will promptly cure, such default; and
>
> (C)    provides adequate assurance of future performance under such contract or lease.

17.     Courts defer to a debtor's business judgment in assuming executory contracts and unexpired leases. *See, e.g., In re Network Access Solutions, Corp.*, 330 B.R. 67, 75 (Bankr. D. Del. 2005) ("The standard for approving the assumption of an executory contract is the business judgment rule."); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (a debtor may assume or reject an unexpired lease under Bankruptcy Code section 365(a) in the exercise of its

58815233_5

"business judgment").  The business judgment standard simply requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  *In re Great Atl. & Pac. Tea Co., Inc.*, 472 B.R. 666, 672–73 (S.D.N.Y. 2012) (courts will approve a debtor's assumption of a lease "as long as assumption of [the] lease appears to enhance a debtor's estate" and the debtor's judgment is not "clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code"); *In re Old Carco LLC*, 406 B.R. 180, 192 (Bankr. S.D.N.Y. 2009) (the business judgment test "requires only that the trustee demonstrate that rejection of the executory contract will benefit the estate").

18.    Once an executory contract or unexpired lease is assumed by the debtor, Bankruptcy Code provides that the debtor may assign the contracts if (i) the debtor assumes such contract or lease in accordance with the provisions of Bankruptcy Code section 365(f) and (ii) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.  11 U.S.C. § 365(f)(2).

19.    The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given a "practical, pragmatic construction."  *EBG Midtown S. Corp. v. McLaren/Hart Env. Eng'g Corp (In re Sanshoe Worldwide Corp.)*, 139 B.R. 585, 593 (S.D.N.Y. 1992); *see also In re Prime Motor Inns Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994) ("[a]lthough no single solution will satisfy each case, the required assurance will fall considerably short of an absolute guarantee of performance.").

20.    UniModa has sought to take assignment of additional Executory Contracts in connection with the Sale.  The Debtors are confident in UniModa's financial credibility, willingness, and ability to further perform under the Executory Contracts.  Under the Sale Order, the Court found that, in respect of other executory contracts and unexpired leases, the Debtors

and/or UniModa had (i) cured and/or provided adequate assurance of cure of any default existing prior to the date of the closing of the Sale under the executory contracts and unexpired leases to be assumed and assigned, within the meaning of Bankruptcy Code section 365(b)(1)(A) and (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default existing prior to the date of the closing of the Sale under any of the executory contracts and unexpired leases to be assumed and assigned, within the meaning of section Bankruptcy Code section 365(b)(1)(B).  Sale Order ¶ V.  The Court also found that UniModa had provided adequate assurance of its future performance under the relevant executory contracts and unexpired leases within the meaning of Bankruptcy Code sections 365(b)(1)(C) and 365(f)(2)(B).  *Id.* ¶ X.

21.    UniModa has agreed to pay the cure amounts set forth on the Assignment Schedule, which will satisfy Bankruptcy Code section 365(b).  Moreover, the Debtors are confident in UniModa's ability to provide adequate assurance of future performance under the Executory Contracts.  UniModa is knowledgeable of the Debtors' business.  Moreover, UniModa has acquired substantially all of the Debtors' assets and made offers of employment to nearly all of the Debtors' employees pursuant to the terms of the APA.  Consequently, UniModa is uniquely suited to successfully maintain the Debtors' operations and the Executory Contracts, which include contracts relating to the Debtors' operations and certain employee benefit contracts.[2]  Accordingly, the Debtors respectfully request that the Court authorize the Debtors to assume and assign the Executory Contracts to UniModa.

---

[2] Certain of the Executory Contracts on the Assignment Schedule are effective or dated following the Petition Date. The Debtors are listing such Executory Contracts for assumption and assignment to UniModa in an abundance of caution.

58815233_5

## Request for Waiver under Bankruptcy Rule 6006(d)

22.    Bankruptcy Rule 6006(d) provides that an order authorizing the trustee to assign an executory contract or unexpired lease under Bankruptcy Code § 365(f) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise.  A court may reduce or waive the 14 day stay period set forth in Bankruptcy Rule 6006(d) when there is a sufficient business need to close a transaction.  *See In re Boscov's, Inc.*, No. 08-11637 (KG), 2008 WL 4975882, at *2 (Bankr. D. Del. Nov. 21, 2008) (citing *In re PSINet Inc.*, 268 B.R. 358, 379 (Bankr. S.D.N.Y. 2001) (debtor must demonstrate business exigency demonstrating need for earlier date).

23.    In light of the Sale having closed on September 9, 2016, the Debtors respectfully submit that a sufficient business exigency exists to waive the 14 day stay period and make the assumption and assignment effective immediately upon entry of the order by the Bankruptcy Court.  The Executory Contracts at issue directly impact the functioning of the Assets being sold to UniModa.

## Notice

24.    Notice of this Motion has been provided to each counterparty listed on the Assignment Schedule  and to other parties in interest in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 93].  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## No Previous Request

25.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## Conclusion

26.     The Debtors respectfully request entry of an order granting the relief requested

herein and such other and further relief as is just.

Dated: September 20, 2016
      New York, New York

                    */s/ Gregg M. Galardi*
                    ROPES & GRAY LLP
                    Gregg M. Galardi
                    D. Ross Martin
                    Jonathan P. Gill
                    Jonathan M. Agudelo
                    1211 Avenue of the Americas
                    New York, NY 10036-8704
                    Telephone: (212) 596-9000
                    Facsimile: (212) 596-9090
                    gregg.galardi@ropesgray.com
                    ross.martin@ropesgray.com
                    jonathan.gill@ropesgray.com
                    jonathan.agudelo@ropesgray.com

                    *Counsel to the Debtors*
                    *and Debtors in Possession*

## Exhibit A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                          :

In re                       :       Chapter 11

                          :

Gawker Media LLC, *et al.*,[1]    :       Case No. 16-11700 (SMB)

                          :

           Debtors.       :       (Jointly Administered)

                          :

-------------------------------------------------------x

## [PROPOSED] ORDER APPROVING DEBTORS' OMNIBUS MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 365, FED. R. BANKR. P. 6006, AND LBR 6006-1 (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE, (II) FIXING CURE AMOUNTS RELATING TO ASSUMED EXECUTORY CONTRACTS, AND (III) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors"), for an order, pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order (i) authorizing the assumption and assignment of certain executory contracts listed on Exhibit 1 hereto (the "Assignment Schedule ") in connection with the Sale, (ii) fixing cure amounts relating to assumed executory contracts, and (iii) granting certain related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted as provided herein.

2.     The Executory Contracts set forth on the Assignment Schedule annexed hereto are assumed as of the Sale Closing Date.

3.     The Debtors are authorized to assume and assign the Executory Contracts annexed on Exhibit 1 to UniModa.  The Executory Contracts will be transferred to, and remain in full force and effect for the benefit of UniModa, notwithstanding any provisions in the Executory Contracts, or described in Bankruptcy Code sections 365(b)(2) and (f)(1) and (3), that would otherwise limit or prohibit such assignment.  Upon such assignment, pursuant to Bankruptcy Code section 365(k), the Debtors shall have no further liability with respect to the Executory Contracts, and UniModa shall be entitled to the benefits and enforce the Executory Contracts in accordance with the terms thereof.

4.     All Cure Amounts shall be deemed fixed as set forth on the Assignment Schedule.

5.     All Cure Amounts in connection with the Executory Contracts shall be made promptly after the entry of this order on a final basis.

58815233_5

6.      UniModa has provided adequate assurance of future performance in respect of the Executory Contracts, and no further showing of adequate assurance is necessary.

7.      Nothing in this order constitutes a waiver of any claims the Debtors may have against the applicable counterparties to the Executory Contracts listed on the Assignment Schedule, whether or not such claims are related to the Executory Contracts.

8.      Upon entry of this Order, the counterparties of the Executory Contracts shall be forever barred and enjoined from asserting against the Debtors any defaults, claims, interest, or other default penalties under the Executory Contracts arising before the date of this Order.

9.      The fourteen-day stay imposed by Bankruptcy Rule 6006(d) is hereby waived.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: New York, New York
          _____, 2016

          _____
          HONORABLE STUART M. BERNSTEIN
          UNITED STATES BANKRUPTCY JUDGE

58815233_5

## **Exhibit 1**

Assignment Schedule

[Insert Exhibit B to Motion]

## **Exhibit B**

Assignment Schedule

**Assignment Schedule**

| Row | Contract Counterparty | Description of Contract or Lease and Nature of Debtor's Interest | Effective Assumption and Assignment Date | Assignee | Cure Amount |
|---|---|---|---|---|---|
| 1 | Blizzard Entertainment c/o Liquid Advertising | Insertion Order # 4422 - WoW 7.0 Legion Launch | September 9, 2016 | UniModa, LLC | $0.00 |
| 2 | Blizzard Entertainment c/o Liquid Advertising | Insertion Order - IO # 4507 | September 9, 2016 | UniModa, LLC | $0.00 |
| 3 | Bloomsbury | Insertion Order - dated as of 7/6/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 4 | Carat USA, Inc. | Invoice - Order # O-L1QP | September 9, 2016 | UniModa, LLC | $0.00 |
| 5 | Empowering Media from Dentsu Aegis Network | Insertion Order - Order # O-K94H | September 9, 2016 | UniModa, LLC | $0.00 |
| 6 | Essence Digital Ltd. | Advertising Insertion Order - PO ID 7096 - Devices H2 2016 Upfront Q4 | September 9, 2016 | UniModa, LLC | $0.00 |
| 7 | Essence Digital Ltd. | Advertising Insertion Order - PO ID 7376 - Devices H2 2016 Upfront Q4 | September 9, 2016 | UniModa, LLC | $0.00 |
| 8 | Essence Digital Ltd. | Advertising Insertion Order - PO ID 7467 - Nexus H2 2016 US | September 9, 2016 | UniModa, LLC | $0.00 |
| 9 | Fowler, Noah | Purchase order dated as of August 22, 2016, Job #2811 | September 9, 2016 | UniModa, LLC | $0.00 |
| 10 | Gilt Groupe, Inc. | Insertion Order - dated as of 8/17/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 11 | Horizon Media Inc. | Insertion Order - Do Now S2 - dated as of 7/12/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 12 | Icon International | Digital Order Report - Order # 1197 - 3 | September 9, 2016 | UniModa, LLC | $0.00 |
| 13 | Innocean Worldwide | Insertion Order - Order # O-J34T-R2 | September 9, 2016 | UniModa, LLC | $0.00 |
| 14 | iProspect | Insertion Order - Diehard 2016 - dated as of 6/12/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 15 | iProspect.com, Inc. | Insertion Order - FY17 National - dated as of 8/15/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 16 | Irving Harvey LLC | Purchase order dated as of September 8, 2016, Job #2432 | September 9, 2016 | UniModa, LLC | $0.00 |
| 17 | Lynch, Carmichael | Order # DCP-1230573-943033 | September 9, 2016 | UniModa, LLC | $0.00 |
| 18 | MC Media | Insertion Order - Order # O-GCKX-R2 | September 9, 2016 | UniModa, LLC | $0.00 |
| 19 | MC Media | Insertion Order - Order # O-FF0X-R4 | September 9, 2016 | UniModa, LLC | $0.00 |
| 20 | MC Media | Insertion Order- Order # O-F875-R11 | September 9, 2016 | UniModa, LLC | $0.00 |
| 21 | McGarrah Jessee Media LP | Media Insertion Order - Costa 2016 DKOR Campaign - dated as of 5/24/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 22 | McNeely, Holden | Purchase order dated as of September 8, 2016, Job #2861 | September 9, 2016 | UniModa, LLC | $0.00 |
| 23 | Media Storm | Insertion Order - Order # 2433 - 11 | September 9, 2016 | UniModa, LLC | $0.00 |
| 24 | Mediacom - MSNYPCOM | Insertion Order - Order # O-FL6Q-R9 | September 9, 2016 | UniModa, LLC | $0.00 |

**Assignment Schedule**

| Row | Contract Counterparty | Description of Contract or Lease and Nature of Debtor's Interest | Effective Assumption and Assignment Date | Assignee | Cure Amount |
|---|---|---|---|---|---|
| 25 | Mediacom - MSNYPCOM | Invoice - Order # O-JTGY | September 9, 2016 | UniModa, LLC | $0.00 |
| 26 | MEDIAEDGE:CIA MEC | Invoice - Order # O-FH0L-R10 | September 9, 2016 | UniModa, LLC | $0.00 |
| 27 | Merkley + Partners | Digital Campaign Contract - dated as of 7/25/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 28 | Mindshare New York | Insertion Order - Order # O-HP75-R4 | September 9, 2016 | UniModa, LLC | $0.00 |
| 29 | Noble People LLC | Insertion Order - Evol Q3/Q4 Campaign - 9/6/16-10/30/16 | September 9, 2016 | UniModa, LLC | $0.00 |
| 30 | Noble People LLC | Insertion Order - Evol Q3/Q4 Campaign - 9/6/16-10/30/16 | September 9, 2016 | UniModa, LLC | $0.00 |
| 31 | Off Base Productions | Insertion Order - Tome of the Sun - dated as of 8/7/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 32 | OMD Digital | Invoice - Order # O-KTQ0 | September 9, 2016 | UniModa, LLC | $0.00 |
| 33 | PHD | Insertion Order - Order # O-KH6F | September 9, 2016 | UniModa, LLC | $0.00 |
| 34 | PMG | Insertion Order - Marklogic Video Campaign 2016 - dated as of 8/18/2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 35 | Prometheus | Insertion Order - Order # O-HSBS-R1 | September 9, 2016 | UniModa, LLC | $0.00 |
| 36 | Prometheus | Insertion Order - Order # O-J17D | September 9, 2016 | UniModa, LLC | $0.00 |
| 37 | Razorfish Seattle | Insertion Order - Order # O-HR7V-R14 | September 9, 2016 | UniModa, LLC | $0.00 |
| 38 | Razorfish Seattle | Insertion Order - Order # O-J7ZV-R5 | September 9, 2016 | UniModa, LLC | $0.00 |
| 39 | Rong, Blake | Purchase order dated as of September 1, 2016, Job #2839 | September 9, 2016 | UniModa, LLC | $0.00 |
| 40 | Space150 | Media Order - Order # DCP-741209-894503 | September 9, 2016 | UniModa, LLC | $0.00 |
| 41 | Square Enix c/o Liquid Advertising | Insertion Order - IO # 4330 - HITMAN - Americas Digital Campaign | September 9, 2016 | UniModa, LLC | $0.00 |
| 42 | Square Enix c/o Liquid Advertising | Insertion Order - Project # 4539 - Rise of the Tomb Raider PS4 | September 9, 2016 | UniModa, LLC | $0.00 |
| 43 | Starcom | Order # O-DJ9Y-R6 | September 9, 2016 | UniModa, LLC | $0.00 |
| 44 | Starcom | Insertion Order - Order # O-K6VM-R5 | September 9, 2016 | UniModa, LLC | $0.00 |
| 45 | Submersive Media | Purchase order dated as of August 22, 2016, Job #2948 | September 9, 2016 | UniModa, LLC | $0.00 |
| 46 | Submersive, LLC | Purchase order dated as of August 22, 2016 | September 9, 2016 | UniModa, LLC | $0.00 |
| 47 | Tangible Media, Inc. | Insertion Order - Order # 244 - 5 | September 9, 2016 | UniModa, LLC | $0.00 |
| 48 | United HealthCare Insurance Company of New York | Dental HMO Group Policy | September 9, 2016 | UniModa, LLC | $0.00 |

**Assignment Schedule**

| Row | Contract Counterparty | Description of Contract or Lease and Nature of Debtor's Interest | Effective Assumption and Assignment Date | Assignee | Cure Amount |
|---|---|---|---|---|---|
| 49 | United HealthCare Insurance Company of New York | Dental PPO & INO Group Policy | September 9, 2016 | UniModa, LLC | $0.00 |
| 50 | United HealthCare Insurance Company of New York | Vision Group Policy | September 9, 2016 | UniModa, LLC | $0.00 |
| 51 | United HealthCare Insurance Company of New York | Certificate of Coverage for the Plan XZ7 (Base Plan), Enrolling Group No. 904094, Effective Date: 1/1/2015 | September 9, 2016 | UniModa, LLC | $0.00 |
| 52 | United HealthCare Insurance Company of New York | Certificate of Coverage for the Plan X2Q (Gold Plan), Enrolling Group No. 904094, Effective Date: 1/1/2015 | September 9, 2016 | UniModa, LLC | $0.00 |
| 53 | United HealthCare Insurance Company of New York | Certificate of Coverage for the Plan XZ2 (Silver Plan), Enrolling Group No. 904094, Effective Date: 1/1/2015 | September 9, 2016 | UniModa, LLC | $0.00 |
| 54 | United HealthCare Insurance Company of New York | Certificate of Coverage for the Plan XZD (Base Plan), Enrolling Group No. 904094, Effective Date: 1/1/2015 | September 9, 2016 | UniModa, LLC | $0.00 |
| 55 | Von D, Blake | Purchase order dated as of September 7, 2016, Job #3101 | September 9, 2016 | UniModa, LLC | $0.00 |
| 56 | Wargaming | Insertion Order - Master of Orion - dated as of 6/14/2016 | September 9, 2016 | UniModa, LLC | $0.00 |