Hearing Date and Time:  October 6, 2016 at 10:30 a.m. (Eastern Time)
Objection Deadline:  September 30, 2016 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
:
In re                                       :    Chapter 11
:
Gawker Media LLC, *et al.*,[1]              :    Case No. 16-11700 (SMB)
:
            Debtors.                        :    (Jointly Administered)
:
:
-------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY
OF AN ORDER EXTENDING EXCLUSIVE PERIODS TO FILE
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF
PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the motion (the "Motion," a copy of which is attached hereto) of the above captioned debtors (the "Debtors") for entry of an order extending the exclusive periods to file a chapter 11 plan and solicit acceptances thereof pursuant to Section 1121(d) of the Bankruptcy Code will be held before the Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New York, One

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

Bowling Green, Courtroom 723, New York, New York 10004 (the "Bankruptcy Court") on **October 6, 2016 at 10:30 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules, and the Local Rules, shall be filed with the Bankruptcy Court, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **September 30, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") upon the following parties: (i) the Debtors, Attn. William D. Holden (profinvoices@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon

(keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); and (ix) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the Debtors shall, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.

Dated: September 20, 2016  
       New York, New York

*/s/ Gregg M. Galardi*  
ROPES & GRAY LLP  
Gregg M. Galardi  
D. Ross Martin  
Joshua Y. Sturm  
Jonathan M. Agudelo  
1211 Avenue of the Americas  
New York, NY 10036-8704  
Telephone: (212) 596-9000  
Facsimile: (212) 596-9090

*Counsel for the Debtors and Debtors in Possession*

Hearing Date and Time:  October 6, 2016 at 10:30 a.m. (Eastern Time)
Objection Deadline:  September 30, 2016 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:
In re                                  :    Chapter 11
:
Gawker Media LLC, *et al.*,[1]         :    Case No. 16-11700 (SMB)
:
Debtors.                    :    (Jointly Administered)
:
:
------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING EXCLUSIVE
PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Kinja Kft. ("Kinja"), debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, (the "Proposed Order") pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the Debtors'

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

59103972_4

exclusive periods to file a chapter 11 plan and to solicit acceptances thereof.  In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157.  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

## BACKGROUND

2.    On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 12, 2016, GMGI and Kinja each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the petition dates for each of the Debtors, collectively, the "Petition Date").

3.    On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

4.    On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.    The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Additional factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

2

6. On June 13, 2016, the Debtors filed the *Debtors' Motion for (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and Approving the Debtors Entry Into and Assumption of the Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling a Sale Hearing and (E) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors Assets Free and Clear of All Claims, Liens, Rights, Interests And Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 21] (the "Sale Motion").

7. On August 16, 2016, the Debtors held an auction for the sale (the "Sale") of substantially all of their assets (the "Assets"). At the conclusion of the auction, the Debtors, in consultation with the Committee, designated the bid from UniModa, LLC, a wholly-owned subsidiary of Univision Communications Inc. ("Univision") as the successful bid, notice of which was filed with the Court that same day [Docket No. 182].

8. On August 22, 2016, the Court granted the Sale Motion and authorized the sale of the Assets to Univision [Docket No. 214]. The Sale closed on September 9, 2016 (the "Sale Closing Date"), notice of which was filed with the Court [Docket No. 258].

9. The Debtors are in the process of maximizing the value of the Debtors' few remaining assets. The Debtors are also in the process of formulating a disclosure statement and plan that will provide for the treatment of the claims and interests of the Debtors' stakeholders.

10. Pursuant to Bankruptcy Code section 1121(b), the Debtors' exclusive period to file a plan (the "Exclusive Filing Period") currently expires on (i) October 8, 2016 in respect of Gawker Media, and (ii) October 10, 2016 in respect of GMGI and Kinja. Pursuant to

Bankruptcy Code section 1121(c)(3), the period for the Debtors to solicit acceptances of a plan filed within the Exclusive Filing Period (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") currently expires on (i) December 7, 2016 in respect of Gawker Media and (ii) December 9, 2016 in respect of GMGI and Kinja.

## RELIEF REQUESTED

11.   By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order extending the Exclusive Periods by sixty (60) days, as follows:

| Period | Extension Request |
|---|---|
| Exclusive Filing Period | Gawker Media: December 7, 2016<br><br>GMGI and Kinja: December 9, 2016 |
| Exclusive Solicitation Period | Gawker Media: February 5, 2017<br><br>GMGI and Kinja: February 7, 2017 |

12.   The Debtors also request that such an extension be without prejudice to the Debtors' rights to request further extensions of the Exclusive Periods or to seek other appropriate relief.

## BASIS FOR RELIEF

13.   The Exclusive Periods established by Bankruptcy Code section 1121 are intended to afford a debtor an opportunity to propose a chapter 11 plan and to solicit acceptances of such plan without the deterioration and disruption to the restructuring of its business that might be caused by the filing of competing plans by non-debtor parties. Bankruptcy Code section 1121(d) allows the Court to extend the Debtors' Exclusive Periods for "cause." Specifically, section 1121(d) of the Bankruptcy Code provides:

4

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

14. It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the bankruptcy court and should be based upon the facts and circumstances of the particular case. See In re Borders Group, Inc., 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) (citations omitted) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) (citations omitted) ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact specific."). Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. See In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989). Courts have found that Congress did not intend the 120-day and 180-day periods to be a hard and fast rule. See Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity).

15. Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan of reorganization,

5

which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with the filing of competing plans. See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A. (In re Geriatrics Nursing Home, Inc.), 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."). Indeed, Congress recognized that often a 120-day exclusivity period will not afford a debtor sufficient time to formulate and negotiate the terms of a plan:

> The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. For example, if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement. . . . [T]he bill allows the flexibility for individual cases that is unavailable today.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

16.  When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for granting such extension. Factors considered by courts in making such a determination have included: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good-faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with its creditors; (g) the length of time the case has been pending; (h) whether the debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist. See, e.g., Adelphia, 352 B.R. at 587. As discussed below, the Debtors

6

submit that cause exists for a sixty (60) day extension of the Exclusive Periods based on the application of the foregoing factors.

A.   **DUE TO THE SIZE AND COMPLEXITY OF THE DEBTORS' CASES, THE DEBTORS REQUIRE ADDITIONAL TIME TO PREPARE ADEQUATE INFORMATION AND FORMULATE A CHAPTER 11 PLAN.**

17.   The Debtors' chapter 11 cases are large and complex. The Debtors' Schedules of Assets and Liabilities [Docket Nos. 116, 118, 120] list as of the Petition Date approximately $32.97 million of assets and $155.18 million of liabilities for Gawker Media, approximately $325,250 of assets and $26.52 million of liabilities for GMGI, and approximately $25.12 million of assets and $30.23 million of liabilities for Kinja. The Debtors' liabilities include a $130 million disputed unsecured judgment claim.

18.   The Debtors believe that the majority of claims outstanding consist of unsecured, contingent, disputed litigation claims, which include claims held by members of the Committee. The Debtors except a number of litigation claims to be filed through the general bar date on September 29, 2016. The Debtors have commenced discussions with the Committee regarding the resolution of these claims. Furthermore, one of the Debtors' secured creditors, US VC Partners, LP ("US VC Partners"), has also asserted a claim for payment of a make-whole against each of the Debtors (the "Make-Whole") in an amount not less than $3,750,000 as of the Petition Date. The Debtors have grounds to object to payment of the Make-Whole, but have commenced discussions with US VC Partners regarding settlement of the claim. Separately, as a result of the successful Sale, the Debtors' plan must address complex questions regarding the allocation of the Sale purchase price.

19.   The Debtors would benefit from having additional time to consider a plan and confer with the Committee on the proposed plan treatment of claims that have been scheduled, proofs of claim and requests for payment that have been filed, and those proofs of claim and

7

requests for the payment of administrative expenses that have not yet been filed against the Debtors. A bar date of September 29, 2016 has been set for the filing of proofs of claim and requests for payment of administrative expenses from the Petition Date through July 31, 2016. The Debtors intend to file a separate request to set a November 15, 2016 bar date for the payment of administrative expenses incurred through September 30, 2016, which would include any administrative expenses incurred through the Sale Closing Date. Each of these claims and administrative expenses will need to be resolved through the Debtors' plan.

B.    **THE DEBTORS HAVE MADE GOOD FAITH PROGRESS IN THESE CASES AND DO NOT SEEK EXTENSION OF THE EXCLUSIVE PERIODS TO PRESSURE CREDITORS OR FOR ANY OTHER IMPROPER REASONS.**

20.    The Debtors have made material progress in these chapter 11 cases and do not seek the extension of the Exclusive Periods as a means to exert pressure on the relevant parties in interest. To the contrary, the Debtors intend to file a disclosure statement and chapter 11 plan in the near term. The purpose of the Debtors' present request for an extension of the Exclusive Periods is, among other things, to avoid the filing of competing plans and to ensure that the Debtors have an opportunity to seek and address the concerns of all stakeholders. The Debtors have regularly conferred with the Committee about the status of these chapter 11 cases and the status of the plan and disclosure statement.

21.    In the first approximately 90 days of these cases, the Debtors negotiated a $90 million stalking horse bid for the purchase of substantially all of their assets and engaged in a Court-approved bidding process and auction that yielded a $135 million winning bid for substantially all of the Debtors' assets. Furthermore, the Sale was approved by the Court and closed within the same period. Nearly all of the Debtors' employees received offers of employment with Univision. The Sale was also highly beneficial in resolving otherwise potentially significant rejection claims against the estates, including the Debtors' assumption and

8

59103972_4

assignment to Univision of the Debtors' New York and Hungary office headquarters real property leases (each lease with multiple years remaining on its term) and the assumption and assignment to Univision of the collective bargaining agreement between Gawker Media and the Writers Guild of America, East, Inc. AFL-CIO.

22. In addition to the sale of substantially all of the Debtors' assets, since the commencement of these chapter 11 cases, the Debtors have, among other things:

  a. obtained necessary "first day" and "second day" relief to avoid operational disruption;

  b. negotiated with parties in interest with respect to the terms of a Court-approved, $22 million debtor-in-possession financing, which has now been repaid;

  c. resolved a number of bankruptcy-related operational issues with various vendors;

  d. prepared and filed their Schedules and Statements of Financial Affairs [Docket Nos. 116-121; 163-65] (collectively, the "Schedules and Statements");

  e. established general bar dates for the submission of proofs of claims by parties in interest, set for September 29, 2016 and, with respect to governmental units, December 9, 2016;

  f. established an administrative expense bar date for the submission of administrative claim requests by parties in interest for the period from the Petition Date through July 31, 2016, set for September 29, 2016;

  g. filed monthly reports [Docket Nos. 152, 247];

  h. paid down the Debtors' pre-petition second lien secured facility in full, other than a make-whole amount that the Debtors have reserved their rights on; and

  i. sought to establish an administrative expense bar date for the submission of administrative claim requests by parties in interest for the period from August 1, 2016 through September 30, 2016, for November 15, 2016.

9

59103972_4

23. The filing of the Schedules and Statements, and the bar dates in particular, will aid the Debtors' and Committee's efforts in determining which claims will need to be addressed through the Debtors' chapter 11 plan. Based on the foregoing, the Debtors respectfully submit that the significant progress they have made in their chapter 11 cases to date regarding the wind down of their operations provides additional support for the relief requested herein.

### C. THE DEBTORS ARE PAYING THEIR DEBTS AS THEY COME DUE.

24. The Debtors continue to pay timely their undisputed postpetition obligations as they become due and anticipate providing in their chapter 11 plan that any unpaid administrative claims will be satisfied in cash upon the effective date of such plan. As such, the requested extension of the Exclusive Periods will afford the Debtors a meaningful opportunity to negotiate, formulate and confirm a chapter 11 plan without prejudice to parties in interest in these chapter 11 cases.

### D. THE DEBTORS HAVE REASONABLE PROSPECTS FOR FILING A VIABLE PLAN.

25. The Debtors believe they have reasonable prospects for filing a viable plan. The Debtors worked collaboratively with the Committee in every step of the Sale and the Debtors' operations during the pendency of these chapter 11 cases. The Debtors will continue to consult with the Committee in formulating a chapter 11 plan.

26. A termination of exclusivity could lead to unproductive disputes over competing plans that would drain the Debtors' cash on hand and could impair the Debtors' ability to promulgate a plan in these chapter 11 cases that would otherwise maximize recoveries to the Debtors' stakeholders.

10

59103972_4

**E.    THE DEBTORS' CASES HAVE BEEN PENDING FOR JUST OVER THREE MONTHS.**

27.    The Debtors commenced these cases on June 10 and June 12, 2016, just over three (3) months ago. This is the first request the Debtors have made for an extension of the Exclusive Periods.

**F.    TERMINATION OF THE DEBTORS' EXCLUSIVE PERIODS COULD ADVERSELY IMPACT THESE CASES.**

28.    Termination of the Debtors' Exclusive Periods could adversely impact the progress of these chapter 11 cases. In effect, if this Court were to deny the Debtors' request for an extension of the Exclusive Periods, any party in interest would then be free to propose a plan for each of the Debtors, which would likely foster a chaotic environment with no central focus. Neither the Debtors nor their creditors can afford to enter into a litigious environment of competing chapter 11 plans. In fact, such an environment would not only be counterproductive, it may significantly delay these chapter 11 cases. Any unnecessary delay would increase the costs of administration of the Debtors' bankruptcy estates without a corresponding benefit to their estates, and ultimately serve to reduce stakeholder recoveries.

29.    Relief similar to the relief requested herein has been granted in this District. See e.g., In re LHI Liquidation Co. Inc., Case No. 13-14050 (MG) (Bankr. S.D.N.Y. Apr. 9, 2014) (extending the exclusive filing period by 60 days and the exclusive solicitation period by 60 days); In re K-V Discovery Solutions, Inc., Case No. 12-13346 (ALG) (Bankr. S.D.N.Y. Nov. 16, 2012) (same); In re Hostess Brands, Inc., Case No. 12-22052 (RDD) (Bankr. S.D.N.Y. Aug. 8, 2012) (extending the exclusive filing period by 90 days and the exclusive solicitation period by approximately 150 days).

30. The facts and circumstances of these chapter 11 cases and the express terms of Bankruptcy Code section 1121(d) support granting the Debtors' request for a sixty (60) day extension of the Exclusive Periods in these chapter 11 cases.

## NO PRIOR REQUEST

31. No previous request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

32. Notice of this Motion will be provided in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 93]. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: September 20, 2016
New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                  :

In re                                           :        Chapter 11

Gawker Media LLC, *et al.*,[1]              :        Case No. 16-11700 (SMB)

                   Debtors.             :        (Jointly Administered)

-------------------------------------------------------x

### ORDER EXTENDING EXCLUSIVE PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to Bankruptcy Code section 1121(d) extending the Exclusive Periods, all as more fully set forth in the Motion, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these chapter 11 cases and that no further or other notice need be given; and a hearing having been held to consider the relief requested in the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors and that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and any objections to the requested

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

59103972_4

relief having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors' Exclusive Filing Period is extended through and including December 7, 2016 for Gawker Media and December 9, 2016 for each of GMGI and Kinja.

3. The Debtors' Exclusive Solicitation Period is extended through and including February 5, 2017 for Gawker Media and February 7, 2017 for each of GMGI and Kinja.

4. The entry of this Order shall be without prejudice to the rights of the Debtors to request further extensions of the Exclusive Periods or to seek other appropriate relief.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation and implementation of this Order.

Dated: _____, 2016
       New York, New York

                                                    THE HONORABLE STUART M. BERNSTEIN
                                                    UNITED STATES BANKRUPTCY JUDGE

59103972_4