Page 1

```
 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

 4

 5   In the Matter of:

 6

 7   GAWKER MEDIA, LLC,                    Case No. 16-11700 (SMB)

 8

 9         Debtor.

10

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13              U.S. Bankruptcy Court

14              One Bowling Green

15              New York, New York

16              September 13, 2016

17              11:03 AM

18

19   B E F O R E :

20   HON STUART M. BERNSTEIN

21   U.S. BANKRUPTCY JUDGE

22

23

24

25
```

Page 2

1   Hearing re:  Omnibus hearing

2

3   Hearing re:  Debtors' motion for entry of interim and final

4   orders (I) authorizing, but not directing, payment of

5   prepetition wages, salaries, business expenses, employee

6   benefits, and related items, and (II) directing all

7   financial institutions to honor checks for payment of such

8   obligations

9

10  Hearing re:  Motion for an order providing that the official

11  committee of unsecured creditors is not authorized or

12  required to provide access to confidential information of

13  the debtors or to privileged information (related

14  document(s) 161)

15

16  Hearing re:  Debtors' application for entry of an order

17  authorizing the retention and employment of Citrin Cooperman

18  & Company, LLP as independent auditor and accounting

19  services provider for the debtors and debtors in possession

20  effective nunc pro tunc to the petition date and opportunity

21  for hearing (related document(s) 223)

22

23

24

25  Transcribed by:  Jamie Gallagher

```
 1   A P P E A R A N C E S :
 2   ROPES & GRAY LLP
 3        Attorney for the Debtor
 4        1211 Avenue of the Americas
 5        New York, NY 10036
 6
 7   BY:  GREGG M. GALARDI, ESQ.
 8
 9   SIMPSON THACHER & BARTLETT LLP
10        Attorney for Unsecured Creditors Committee
11        425 Lexington Avenue
12        New York, NY 10017
13
14   BY:  SANDY QUSBA, ESQ.
15
16
17
18
19
20
21
22
23
24
25
```

1                    P R O C E E D I N G S

2            MR. GALARDI:  Good morning, Your Honor.

3            THE COURT:  Good morning.

4            MR. GALARDI:  Gregg Galardi on behalf of Ropes &

5    Gray for the Gawker debtors.  Your Honor, I think we can be

6    very brief with the matters going forward today.

7            The first matter on the agenda was a wage motion.

8    Your Honor granted the last time I was here, a third interim

9    order.  I'm pleased to let Your Honor know that we closed

10   the sale last Friday, that everyone but Mr. Denton (ph) was

11   offered employment.  And so under the terms of that wage

12   order, there will be no severance payments made to any

13   employees, unless separately negotiated at some future date.

14   But that means that the relief can actually go final.  So

15   we'll be submitting a final order to close out that motion.

16           THE COURT:  All right.  Are there any further

17   wages or payments you'd propose to make under the final

18   order?

19           MR. GALARDI:  Not under this order, no.  It will

20   just be -- I mean, we could either let -- we just didn't

21   know whether a third interim seems like it's an interim.  So

22   to change the form and put it in final so it has the same

23   relief, it's up to Your Honor as to how best to finalize the

24   record on it.

25           THE COURT:  Well, I suppose at this point, you can

1    just withdraw the application.  There's no need to --

2            MR. GALARDI:  Okay.

3            THE COURT:  -- enter a final order saying whatever

4    you paid was okay because it was okay of the interim order.

5            MR. GALARDI:  That's fine.  Then we will --

6            THE COURT:  Unless you feel you need that.

7            MR. GALARDI:  No, I don't think we do, Your Honor.

8            THE COURT:  Okay.

9            MR. GALARDI:  I think we're fine with that.

10   Withdraw that.  The next motion on is the official committee

11   of unsecured creditors motion on confidential information.

12           THE COURT:  I've reviewed it.  Does anybody want

13   to be heard in connection with that motion?  The record

14   should reflect there's no response.  It's the standard order

15   that the committee seek to meet the statutory requirements,

16   but not disclose confidential information.  So that

17   application is granted.  You can submit an order.

18           MR. GALARDI:  Thank you, Your Honor.  The third

19   matter is the application to employ Citrin Cooperman &

20   Company as an independent auditor and accounting services

21   for the debtor.  There is a representative in the Courtroom

22   today, Mr. Rhodes (ph), who filed the affidavit.  We had

23   discussed this application prior to its filing, and then

24   after its filing with both the U.S. Trustee and the

25   committee.  The committee, as is disclosed, the Citrin firm

1   had provided services to Mr. Denton.  We worked on an
2   ethical wall so that those persons would not be engaged to
3   further on the engagement with respect to the company.  The
4   U.S. Trustee had a concern regarding the application of any
5   retainer that, like the other professionals in the case, the
6   retainer will be applied to the first interim application
7   for fees.  We think that there are no outstanding objections
8   with those two representations.
9            I don't know if Your Honor had questions regarding
10  this.  These services are important to the debtor,
11  obviously.  One is the audit.  Two, is there is a tax issue
12  that Citrin has been working on for sales tax, I think it's
13  sale tax, or other taxes that we need these services post-
14  filing.  So we would ask Your Honor to approve the retention
15  application of Citrin Cooperman.
16           THE COURT:  Does anyone want to be heard?  I just
17  had a couple of questions about the order.  And this is that
18  indemnity, contribution carve-out from the indemnification
19  letter.  You'll look at paragraph 10 of your order, the
20  proposed order.
21           MR. GALARDI:  Okay.
22           THE COURT:  The proviso in paragraph 10A seems to
23  say exactly the same thing as B, and more or less says the
24  same thing as paragraph 11.  So why don't you take a look at
25  it and say it once.

```
 1              MR. GALARDI:  Okay.  Your Honor, in paragraphs
 2   10 --
 3              THE COURT:  The proviso in paragraph 10A --
 4              MR. GALARDI:  10A, right.
 5              THE COURT:  -- compare that to paragraph 10B and
 6   paragraph 11.
 7              MR. GALARDI:  Okay.
 8              THE COURT:  Okay.  The other thing is I thought I
 9   saw a dispute resolution procedure in here.
10              MR. GALARDI:  It may have been in the retention
11   but not in the order, Your Honor.
12              THE COURT:  Yes, it's in the retention letter.  So
13   the order should say that notwithstanding the retention
14   letter, any disputes relating to the services or fees would
15   be resolved here.
16              MR. GALARDI:  Bankruptcy Court.
17              THE COURT:  Okay?
18              MR. GALARDI:  Okay, we will revise the order and
19   submit it, Your Honor.
20              THE COURT:  All right.  Anything else?
21              MR. GALARDI:  The final matter is just to note for
22   the record that we have filed -- Your Honor, with respect to
23   number 4, as I had mentioned, we had closed the sale, there
24   was one reservation of rights from the 114 Fifth Avenue
25   filed an objection.  I'm pleased to say that that objection
```

1  to the assumption and assignment to Univision has been

2  resolved. There's a cure amount of $600. We've been on e-

3  mail, the cure that's going to be paid by the buyer. So

4  that is resolved, that objection.

5  　　　　　And then finally, matter 5 was the retention

6  application for JB Duncan PC (indiscernible). We filed the

7  notice of withdrawal. That matter is now taken off the

8  agenda.

9  　　　　　THE COURT: So what's going to happen now? You've

10 sold the assets. You have all this litigation that has to

11 be resolved presumably in State Court. I guess you could

12 confirm a POT plan, but you can't make any payments until

13 these litigations are resolved. What's going to happen to

14 the case now?

15 　　　　　MR. GALARDI: Your Honor, actually, we met with

16 the committee last week and had exactly that conversation.

17 And it's even a little bit more complicated and I know Your

18 Honor has a status conference with us on October 6th.

19 　　　　　But the way in which the assets were sold, there's

20 a litigation issue with respect to allocation between Gawker

21 Media and (indiscernible). Then yes, you can confirm a POT

22 plan. We've been in touch -- I think counsel is here for

23 two of the committee members who we've been in touch with

24 them about lifting the stay, as we mentioned before. I have

25 a meeting with (indiscernible) counsel. So the fastest

1  thing is to move to lift the stay and expedite that, at
2  least on the judgment.  On the other proceedings that
3  haven't proceeded, Your Honor has had a morning of lift
4  stays and what's the best forum to litigate those.
5           THE COURT:  Well, some of them are personal injury
6  claims, right?
7           MR. GALARDI:  There are personal injury aspects to
8  some of them.
9           THE COURT:  Right, you can even go to District
10 Court, I guess.
11          MR. GALARDI:  Correct, exactly.  But hopefully
12 we'll either try to resolve those claims consensually or
13 they're going to be litigated and Your Honor is right.
14 There will be some sort of POT plan you can confirm.
15 There's another issue that we discussed with the committee
16 as to we are getting assets purchased this year.  It is
17 better for us to make distributions this year than the
18 following year because of tax implications especially on
19 Hungarian law.  So we're going to -- we're trying to work
20 through those, but our intention is to put forth a plan, try
21 to work consensually with the committee on allocation
22 mechanisms, and come up with a plan that would move that
23 litigation forward.
24          THE COURT:  Thank you.
25          MR. GALARDI:  Thank you, Your Honor.

1                THE COURT:  Thank you.

2                MR. GALARDI:  That's all for us.

3                MR. QUSBA:  Thank you, Your Honor.

4                THE COURT:  Thank you.

5           (Whereupon these proceedings were concluded at 11:09

6     AM)

1                          **I N D E X**

2

3                           **RULINGS**

4                                                                **PAGE**

5    Motion for an order providing that the official         5

6    committee of unsecured creditors is not authorized

7    or required to provide access to confidential

8    information of the debtors or to privileged

9    information

Page 12

1                    C E R T I F I C A T I O N

2

3    I, Jamie Gallagher, certify that the foregoing transcript is

4    a true and accurate record of the proceedings.

5    *Jamie Gallagher*
     Digitally signed by Jamie Gallagher
     DN: cn=Jamie Gallagher, o, ou,
     email=digital1@veritext.com, c=US
6    Date: 2016.09.14 12:48:44 -04'00'
     _____

7    Jamie Gallagher

8

9

10   Date:   September 14, 2016

11

12

13

14

15

16   Veritext Legal Solutions

17   330 Old Country Road

18   Suite 300

19   Mineola, NY 11501

20

21

22

23

24

25