**Hearing Date and Time:  October 6, 2016 at 10:30 a.m. (Eastern Time)**
**Objection Deadline:  October 3, 2016 at 4:00 p.m. (Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                    :

In re                   :        Chapter 11
                    :

Gawker Media LLC, *et al.*,[1]  :        Case No. 16-11700 (SMB)
                    :

         Debtors.     :        (Jointly Administered)
                    :
                    :
                    :
                    :
------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES**
**OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

      **PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the motion (the "Motion," a

copy of which is attached hereto) of the above captioned debtors (the "Debtors") for entry of an

order extending the time for the Debtors to assume or reject unexpired leases of non-residential

real property pursuant to Bankruptcy Code section 365(d)(4) will be held before the Honorable

Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

York, One Bowling Green, Courtroom 723, New York, New York 10004 (the "Bankruptcy Court") on **October 6, 2016 at 10:30 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules, and the Local Rules, shall be filed with the Bankruptcy Court, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **October 3, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") upon the following parties: (i) the Debtors, c/o Opportune LLP, 10 East 53rd Street, 33rd Floor, New York, NY 10022, Attn. William D. Holden (profinvoices@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A.

2

Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); and (ix) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the Debtors shall, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.

Dated: September 21, 2016
     New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel for the Debtors and Debtors in Possession*

**Hearing Date and Time:  October 6, 2016 at 10:00 a.m. (Eastern Time)**
**Objection Deadline:  October 3, 2016 at 4:00 p.m. (Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :        Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :        Case No. 16-11700 (SMB)
                                                      :
                              Debtors.                :        (Jointly Administered)
                                                      :
                                                      :
                                                      :
------------------------------------------------------x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and

Kinja Kft. ("Kinja"), debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A, (the "Proposed Order") extending the

Debtors' time to assume or reject unexpired leases of nonresidential real property pursuant to

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code").  In support of

the Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157.  Venue of these cases and this Motion in

this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief

requested herein is section 1121(d) of the Bankruptcy Code.

## Background

2.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  On June 12, 2016, GMGI and Kinja each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code (the petition dates for each of the

Debtors, collectively, the "Petition Date").

3.      On June 16, 2016 the Court entered an order authorizing the joint administration

and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule

1015(b) [Docket No. 41].

4.      On June 24, 2016, the United States Trustee for the Southern District of New

York (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the

"Committee").  No request for the appointment of a trustee or examiner has been made in these

chapter 11 cases.

5.      The Debtors are operating their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  Additional factual background regarding the

Debtors, their business operations, their capital and debt structure, and the events leading up to

the filing of these chapter 11 cases are set forth in detail in the *Declaration of William D. Holden*

*in Support of First Day Motions* [Docket No. 7].

2

## Relief Requested

6.      The Debtors request entry of an order, pursuant to Bankruptcy Code section 365(d)(4)(B) of the Bankruptcy Code, extending the initial 120-day period to assume or reject their unexpired leases of nonresidential real property for which Gawker Media is the lessee by an additional sixty (60) days from October 8, 2016 to and including December 7, 2016, without prejudice to the Debtors' right to seek further extensions of such date in accordance with the Bankruptcy Code.   A proposed form of order is annexed hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>").

## The Unexpired Leases and the Subleases

7.      Gawker Media is the lessee on three unexpired leases (the "<u>Unexpired Leases</u>") and sublessor on two subleases in respect of nonresidential real property at 208-210 Elizabeth Street in New York City.   204-210 Elizabeth Street LLC (the "<u>Landlord</u>") is the landlord on each of the leases.   The Unexpired Leases cover the second, third, and fourth floor and roof deck of the building.   Gawker Media originally leased the space covered by the Leases for its own office space, until Gawker Media and GMGI moved their office space to a different building.   With the Landlord's written consent, Gawker Media has subleased the Lease covering the second floor of the building (the "<u>Second Floor Sublease</u>") to Superdry Wholesale, LLC ("<u>Superdry</u>") and subleased the Lease covering the third floor (the "<u>Third Floor Sublease</u>") and the Lease covering the fourth floor and the roof deck (the "<u>Fourth Floor Sublease</u>," and collectively with the Second Floor Sublease and the Third Floor Sublease, the "<u>Subleases</u>") to Skillshare, Inc. ("<u>Skillshare</u>," and together with Superdry, the "<u>Subtenants</u>").

8.      On August 16, 2016, the Debtors held an auction for the sale (the "<u>Sale</u>") of substantially all of their assets (the "<u>Assets</u>").   At the conclusion of the auction, the Debtors, in consultation with the Committee, designated the bid from UniModa, LLC ("<u>UniModa</u>"), a

wholly-owned subsidiary of Univision Communications Inc. as the successful bid, notice of which was filed with the Bankruptcy Court that same day [Docket No. 182]. On August 22, 2016, the Court granted the Sale Motion and authorized the sale of the Assets to UniModa [Docket No. 214]. The Sale closed on September 9, 2016, notice of which was filed with the Court [Docket No. 258].

9.    In connection with the Sale, the Debtors listed the Leases and the Subleases on the proposed list of executory contracts and unexpired leases that a buyer could seek assumption and assignment of in connection with the Sale. *See Notice of (A) Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale and (B) Associated Cure Costs* [Docket No. 105]. UniModa has informed the Debtors that it will not seek assumption and assignment of any of the Leases or Subleases.

10.    Counsel for the Debtors has had discussions with counsel for the Landlord, counsel for Superdry, and the broker for the Subtenants about the possibility of assuming and assigning either the Unexpired Leases or the Subleases. The Debtors understand that the Subtenants seek to stay in the premises subject to the Unexpired Leases, and that the Landlord is generally supportive of the Subtenants remaining in the premises. The Debtors are working toward achieving a consensual resolution with respect to the Unexpired Leases that is in the best interest of the Debtors, their estates, the Debtors' creditors and other parties in interest. The Debtors are current on their obligations in respect of the Leases, other than any defaults specified in Bankruptcy Code section 365(b)(2) that need not be cured.

## **Basis for Relief**

11.    Bankruptcy Code section 365(d)(4) provides, in pertinent part, that:

> an unexpired lease of nonresidential real property under which the debtors is the lessee shall be deemed rejected, and the trustee shall immediately

59132635_1

surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –

> (i)    The date that is 120 days after the date of the order for relief; or

> (ii)    the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A).  Absent further action, the Unexpired Leases will be deemed rejected as of October 8, 2016, 120 days after Gawker Media's Petition Date.[2]

12.    Pursuant to Bankruptcy Code section 365(d)(4)(B), the Court may extend the 120-day period (the "Decision Period") for 90 days for cause.  11 U.S.C. § 365(d)(4)(B).  The Court may also extend the Decision Period for less than 90 days.  *See* 2 Hond. William L. Norton Jr., William L. Norton III, *Norton Bankr. L. & Prac.* § 46:41 (3rd ed. updated July 2016) ("Although § 365(d)(4)(B)(ii) is worded as a singular extension, there is no reason not to allow the 90 days in increments of 30 days, for example, without the lessor's consent on the subsequent requests as long as the cumulative period is not greater than 90 days.").  In determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, courts have considered the following factors:

> (i)    whether the debtor was paying for the use of the property;

> (ii)    whether the debtors' continued operation could damage the lessor beyond the compensation available under the Bankruptcy Code;

> (iii)    whether the debtor has had sufficient time to formulate a plan of reorganization;

> (iv)    whether the bankruptcy case is complex; and

> (v)    the number of leases the debtor must evaluate.

*See, e.g., S. St. Seaport Ltd. P'Ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761-62 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987); *see*

---

[2] GMGI and Kinja are not lessees on any unexpired leases of nonresidential real property that have not been otherwise been assumed and assigned in these chapter 11 cases.

*also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682,

689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a

particular debtor needs additional time to determine whether the assumption or rejection of

particular leases is called for by the plan of reorganization that it is attempting to develop."),

*cert. denied*, 510 U.S. 865 (1993); *In re 611 Sixth Ave. Corp.*, 1991 B.R. 295, 298 (Bankr.

S.D.N.Y. 1996) ("The bankruptcy court may extend the . . . period if the debtor makes a timely

motion and established 'cause.'").  The list of factors is by no means exhaustive.  *See Burger*

*Boys*, 94 F.3d at 761; *see also In re DWE Screw Prods., Inc.*, 157 B.R. 326, 329 (Bankr. N.D.

Ohio 1993) ("Attempts at negotiating settlement constitute "cause" for extending the time for

performance . . ..").  The decision to grant or deny a motion for an extension of time is generally

within the discretion of the court.  *See Burger Boys*, 94 F.3d at 761.

13.    The Debtors respectfully submit that cause exists to extend the Decision Period by

60 days.  First, as stated above the Debtors are current on their obligations to the Landlord,

including their payment obligations.  Second, the Debtors do not believe that the Landlord will

be harmed by a 60 day extension of the Decision Period.  Since UniModa informed the Debtors

that it would not seek the assumption and assignment of the Unexpired Leases and the Subleases,

the Debtors have had good faith discussions with the Landlord and the Subtenants to achieve a

consensual resolution in respect of the Unexpired Leases such that the Subtenants can remain in

the premises through the end of the Subleases terms.  The Debtors are hopeful that they can

reach a consensual resolution among the Landlord and Subtenants and believe that a short 60 day

extension of the Decision Period will yield a consensual resolution and not adversely affect

either of the Landlord or the Subtenants.  The alternative to an extension of the Decision Period –

a deemed rejection of the Unexpired Leases – would effectively require the Subtenants to vacate

6

the premises, leave the Landlord without monthly payments under the Unexpired Leases, and subject the Debtors to rejection damages.  The Debtors believe they can make a final evaluation on the Unexpired Leases as expeditiously as practicable and will file the appropriate motions as soon as a final decision has been made on the Unexpired Leases.

14.    In light of the foregoing, the Debtors submit that a 60 day extension of the Decision Period to and including December 7, 2016 is in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and should be granted.

## Notice

15.    Notice of this Motion will be provided in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 93].  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

59132635_1

**Conclusion**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and

such other and further relief as may be just and proper.


Dated: September 21, 2016                     /s/ Gregg M. Galardi
      New York, New York                     ROPES & GRAY LLP
                                    Gregg M. Galardi
                                    D. Ross Martin
                                    Jonathan M. Agudelo
                                    1211 Avenue of the Americas
                                    New York, NY 10036-8704
                                    Telephone: (212) 596-9000
                                    Facsimile: (212) 596-9090
                                    gregg.galardi@ropesgray.com
                                    ross.martin@ropesgray.com
                                    jonathan.agudelo@ropesgray.com


                                    *Counsel for the Debtors and Debtors in*
                                    *Possession*

59132635_1

## **EXHIBIT A**

**Proposed Order**

59132635_1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                :
In re                                           :           Chapter 11
                                                :
Gawker Media LLC, *et al.*,[1]                  :           Case No. 16-11700 (SMB)
                                                :
              Debtors.                          :           (Jointly Administered)
                                                :
                                                :
                                                :
                                                :
-------------------------------------------------------x

### [PROPOSED] ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to Bankruptcy Code section 365(d)(4), for entry of an order extending the time to assume or reject unexpired leases of nonresidential real property, all as more fully set forth in the Motion, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these chapter 11 cases and that no further or other notice need be given; and a hearing having been held to consider the relief requested in the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

59132635_1

and that the legal and factual bases set forth in the Motion and at the hearing establish just cause

for the relief granted herein; and any objections to the requested relief having been withdrawn or

overruled on the merits; and after due deliberation thereon and good and sufficient cause

appearing therefor, it is hereby **ORDERED THAT**:

      1.      The Motion is GRANTED to the extent set forth herein.

      2.      The time by which the Debtors may assume or reject the Unexpired Leases is

extended to and including December 7, 2016.

      4.      The entry of this Order shall be without prejudice to the rights of the Debtors to

request further extensions of the time to assume or reject the Unexpired Leases in accordance

with Bankruptcy Code section 365(d)(4).

      5.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

      6.      This Court shall retain jurisdiction with respect to all matters arising from or

relating to the interpretation and implementation of this Order.

Dated: _____, 2016
      New York, New York

      _____
      THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE

2