UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
In re : Chapter 11
:
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
:
         Debtors. : (Jointly Administered)
:
---------------------------------------------------------x

### ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO SECTION 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THOMAS & LOCICERO AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the employment of Thomas & LoCicero as special counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration, the Thomas Declaration, and the Holden Declaration; and the Court having reviewed the Application, the First Day Declaration, the Thomas Declaration, and the Holden Declaration; and the Court being satisfied with the representations made in the Application and the Thomas

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

1

Declaration that Thomas & LoCicero represents no adverse interest to the Debtors with respect to the matters on which Thomas & LoCicero will be employed, that its employment is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Thomas & LoCicero as special counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, the Engagement Agreement, the Thomas Declaration, the Holden Declaration, and this Order, to perform the Services.

3. To the extent the Application or the Engagement Agreement is inconsistent with this Order, the terms of this Order shall govern.

4. The Debtors are authorized to employ and retain Thomas & LoCicero in connection with the lawsuits set forth in Schedule I hereto and any further appeals or additional lawsuits (and claims litigation regarding the foregoing lawsuits in this Court) that may be filed arising from the same underlying causes of action (collectively, the "Actions"), as a part of a

joint representation in which Thomas & LoCicero will also represent, among others, Nick Denton and A.J. Daulerio (collectively, the "Non-Debtor Defendants").

5. Thomas & LoCicero shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94]; *provided that*, Thomas & LoCicero may redact information from its time entries that it determines, in its sole discretion to be privileged information in connection with service of monthly fee statements on the Committee, in members and/or any of their representatives.

6. The relevant Debtor's estate shall be liable for 85% of the fees and 100% of expenses approved under paragraph 5 of this Order for services rendered on behalf of the Debtors and Non-Debtor Defendants. ~~The Non-Debtors Defendants shall be liable for the remaining 15% of fee~~ Compensation for services rendered on behalf of the Debtors and Non-Debtor Defendants from the Non-Debtor Defendants (the "Non-Debtor Allocation") ~~which~~ shall be due pursuant to arrangements between Thomas & LoCicero and the Non-Debtor Defendants (subject to any bankruptcy court approvals required in any Non-Debtor Defendant bankruptcy case(s)); provided that unless otherwise approved by this Court, no Debtor shall be liable for the Non-Debtor Allocation. The Parties agree that there shall be a rebuttable presumption that services and expenses incurred in connection with the Actions were rendered on behalf of the Debtors and Non-Debtor Defendants. The relevant Debtor's estate shall be liable for 100% of any compensation approved under paragraph 5 of this Order for any services or expenses rendered solely on behalf of the relevant Debtor and no Debtor shall be liable, pursuant to this Order, for services or expenses rendered solely on behalf of Non-Debtor Defendants. The parties

3

reserve all rights with respect to any claims for indemnification from the Debtors. **[SMB: 9/22/16]**

7. Notwithstanding the allocation set forth in paragraph 6 of this Order, all rights of the United States Trustee are reserved to review the fee applications of Thomas & LoCicero consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and Interim Compensation Order.

8. Thomas & LoCicero shall not provide advice or representation to a Debtor and/or any other client with respect to any matter or issue where there is an actual or potential conflict of interest between or among the clients including, but not limited to, with respect to any rights of contribution against each other or with respect to the allocation of any judgment or settlement among the clients.

9. Nothing in this Order shall affect the rights of any Debtor or third party to seek recovery from any applicable insurance policy that is deemed property of the Debtors' estates or proceeds thereof.

10. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Thomas & LoCicero shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and file the notice on ECF. The United States Trustee retains all rights to object to such rate increase.

11. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

58564553_10

12. Notwithstanding any provisions in the Engagement Agreement to the contrary, during the pendency of these chapter 11 cases, Thomas & LoCicero will not represent present or future clients of Thomas & LoCicero on matters adverse to the Debtors in these cases.

13. Notwithstanding any provision in the Engagement Agreement to the contrary, any retainers shall be applied to the payment of fees and costs as they are approved by the Court pursuant to the Interim Compensation Order.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: September _22nd_, 2016
      New York, New York

                                    **/s/ STUART M. BERNSTEIN**
                                    HONORABLE STUART M. BERNSTEIN
                                    UNITED STATES BANKRUPTCY JUDGE

58564553_10

Schedule I

List of Actions

1. *Bollea v. Gawker Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.)

2. *Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012)

3. *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012)

4. *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.)

5. Gawker Media in *Bollea v. Buchwwald & Assocs., et al.*, No. 16-002861-CI (Fla. Cir. Ct.)