ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
Peter H. Walkingshaw (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                         :

In re                            :        Chapter 11
                                         :

Gawker Media LLC, *et al.*,[1]       :        Case No. 16-11700 (SMB)
                                         :
                  Debtors.        :        (Jointly Administered)
                                         :
------------------------------------------------------x

**DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**BY ST. PAUL FIRE & MARINE INSURANCE COMPANY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the *Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)* (the "Stay Motion") filed by St. Paul Fire & Marine Insurance Company ("Travelers"). In support of this Objection, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

1.By the Stay Motion, Travelers seeks relief from the automatic stay in these Chapter 11 cases to commence an entirely new action (the "Proposed Declaratory Judgment Action"), in an entirely new forum, in which Travelers will seek a declaratory judgment that Gawker Media LLC ("GMLLC" or "Gawker Media") is not entitled to insurance coverage for an action presently pending in the state court of Florida, *Bollea v. Buchwald, et.al.*, No. 16-002861-CI (Fla. 6th Jud. Cir. Pinellas Cty.) (the "State Court Action"). As demonstrated below, the Stay Motion should be denied because Travelers has failed to meet its *prima facie* burden of "showing that its claim must be liquidated immediately or within a short (or any) time frame." *In re SunEdison, Inc.*, No. 16-10992 (SMB), 2016 WL 4775524, at *5 (Bankr. S.D.N.Y. Sept. 13, 2016). Moreover, even if Travelers could carry that burden, which it cannot, Travelers cannot carry its heavy burden of showing that sufficient cause presently exists to the lift the automatic stay under Bankruptcy Code section 362(d). Indeed, as set forth more fully below, Travelers' proposed new litigation seeks to adjudicate an issue collateral to the State Court Action currently subject to the automatic stay.[2] Consequently, as shown below, there is simply no need at this time to adjudicate the insurance coverage issue, especially when the underlying claim for which Gawker Media believes it has coverage may be resolved in the bankruptcy claims resolution process in the Chapter 11 cases. Accordingly, the Stay Motion should be denied.

## FACTUAL BACKGROUND

2.Travelers issued a policy of insurance to GMLLC for the period of October 22, 2014 to October 22, 2015 (the "Policy"). The Policy is a general liability policy.

3.On or about May 2, 2016, prior to the Petition Date, unsecured creditor Terry Bollea filed the State Court Action, naming Gawker Media and numerous other parties as

---

[2] Prior to the imposition of the automatic stay, the State Court Action had also already been stayed by the Florida Second District Court of Appeal while it reviewed a writ petition challenging the trial court's denial of GMLLC's motion for recusal of the trial judge.

2

defendants. In the complaint, Bollea alleges that Gawker Media improperly disclosed, to another media outlet, the transcript of a recording in which Mr. Bollea made racist comments. Based on those allegations, Bollea asserts claims for (i) intentional interference with contractual relations and advantageous business relationships and (ii) intentional infliction of emotional distress. The complaint also asserts causes of action against various other entities and individuals who are unaffiliated with Gawker. As stated above, *see* note 2 *supra*, the entire State Court Action was previously stayed by the Florida Second District Court of Appeal.

4.     On or about May 4, 2016, GMLLC a sought coverage under the Policy for the State Court Action, including without limitation for GMLLC's defense of the State Court Action. In a letter dated May 26, 2016, Travelers denied coverage. In a letter sent May 31, 2016, GMLLC responded that Travelers' denial of coverage was wrongful, and described why the claims asserted in the State Court Action fall within the coverage clauses of the Policy and not within the exclusions of the Policy.

5.     On June 10, 2016 GMLLC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, and consequently, the State Court Action is subject to the automatic stay.

**ARGUMENT**

**I.     Travelers Has Failed To Make A *Prima Facie* Showing That The Proposed Declaratory Judgment Action Must Proceed At This Time**

6.     This Court recently stated in *In re SunEdison* that, when moving for relief from the automatic stay, the movant bears the burden of "showing that its claim must be liquidated immediately or within a short (or any) timeframe" whether in the bankruptcy court or another forum. No. 16-10992 (SMB), 2016 WL 4775524, at *5 (Bankr. S.D.N.Y. Sept. 13, 2016). Travelers has failed to allege, much less show, that the coverage issue must be adjudicated

3

immediately or within a short period of time. This, however, is the bare minimum that Travelers would have to establish for the Court to proceed to weighing the factors and to determine whether cause exists to modify the automatic stay. So, on that basis alone, the Motion should be denied.

7. The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midatlantic Nat'l Bank v. N.J. Dep't of Evntl. Prot.*, 474 U.S. 494, 503 (1986). It is intended to "allow the bankruptcy court to centralize all disputes concerning the property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *S.E.C. v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000). In this regard, the automatic stay "promot[es] equal creditor treatment and giv[es] the debtor a breathing spell." *In re Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990).

8. Insurance policies are property of the estate, subject to the automatic stay. *In re Adelphia Commc'ns Corp.*, 302 B.R. 439, 447 (Bankr. S.D.N.Y. 2003). Here, Travelers proposes to pursue an entirely new action, in an entirely new forum, against GMLLC for the purpose of determining the Debtors' interest in estate property that may provide coverage for a contingent unsecured litigation claim that is itself currently subject to the automatic stay. Travelers has offered no argument as to why a determination of its coverage obligation under the Policy must be made now beyond a conclusory assertion that it is "entitled" to judgment. Stay Motion ¶ 19. Nor has Travelers made any showing as to why a dispute regarding estate property may not be adjudicated in this Court at an appropriate time. *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 92 (2d Cir. 1988) ("Numerous courts have determined that a debtor's insurance policies are property of the estate, subject to the bankruptcy court's jurisdiction."). Without any showing

4

of some pressing exigency, there is simply no cause for depriving the Debtor of the "breathing spell," especially when the underlying claim that is the basis of the coverage dispute is itself stayed.

9. This conclusion is further supported by the fact that Travelers' Proposed Declaratory Judgment Action bears *none* of the hallmarks of an action for which the automatic stay is ordinarily modified. For example, stay relief is often granted when existing litigation is in an advanced stage, when a claim will be fully covered by insurance, or when there is some other special circumstance (such as existence of a specialized forum expert in the type of dispute). Travelers, however, is a non-creditor insurer that seeks to file an entirely new action, in which it seeks a declaration from another court (neither the Florida court overseeing the State Court Action nor this Court) denying GMLLC insurance coverage (i.e., a declaration that GMLLC has no property interest in the Policy with respect to the claims asserted in the State Court Action), and seeks such relief when the State Court Action is presently stayed and the Debtors are focused on developing and prosecuting a plan or reorganization that will require substantial substantive negotiations, and possibly litigation, with creditors and the Unsecured Creditors' Committee. Given the current circumstances, there is simply no reason the issue of whether insurance coverage exists for the State Court Action cannot wait until another day.

10. Nor is it correct, as Travelers suggests, that allowing a new state court action to proceed will not disrupt these bankruptcy cases. Stay Motion ¶ 22. As this Court knows, Congress provided debtors with a "breathing spell" when in Chapter 11. This "breathing spell" is essential for debtors to organize, prioritize and sequence litigation over prepetition issues in a rational manner and in furtherance of the Chapter 11 process. That is exactly what the Debtors

5

have been doing, by negotiating the terms of for lifting the stay with two creditors on certain pending litigation and preparing a motion with respect to another pending litigation.

11. More importantly, as this Court also knows, the Debtors have moved expeditiously in their Chapter 11 cases, consummating a sale of substantially all of their assets on September 9, 2016 to Unimoda in which nearly all of the Debtors' employees, including their internal legal team, became employees of Unimoda. And finally, substantially contemporaneously with the filing of this Objection, the Debtors will be filing a proposed plan and disclosure statement seeking to move expeditiously to confirmation of a proposed plan by year end, likely in the face of significant opposition by the Unsecured Creditors' Committee.

12. Thus, permitting Travelers to proceed with an entirely new action will undoubtedly disrupt these proceedings and divert the attention of the Debtors' key personnel from the primary tasks at hand. Accordingly, this is simply not the time to determine "when and where [the Travelers coverage] litigation will occur." *In re SunEdison, Inc.*, No. 16-10992 (SMB), 2016 WL 4775524, at *5 (Bankr. S.D.N.Y. Sept. 13, 2016). Indeed, there is a possibility that the coverage litigation might never occur. So, for these reasons alone, the Stay Motion should be denied.

**II.    Travelers Has Failed to Establish Cause for Relief from the Automatic Stay**

13. Even if Travelers could meet its *prima facie* burden, which it cannot, Travelers cannot meet the more rigorous burden for lifting the stay pursuant to Section 362(d).

14. Section 362(d) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause." Although the Code does not define "cause," in the context of litigation subject to the automatic stay the Second Circuit has established a twelve-factor test to determine whether "cause" exists to grant relief from the stay at a creditor's request and to

allow the litigation to continue. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (enumerating factors); *see also In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999) (vacating a district court order granting stay relief where the bankruptcy court had not applied the *Sonnax* factors). As Travelers acknowledges, the *Sonnax* factors apply to its motion. Stay Motion ¶ 26.

15. "[A] bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause," even before any more detailed factual hearing should be conducted. *In re Boodrow*, 126 F.3d 43, 48 (2d Cir. 1997). Travelers has failed to demonstrate *how* it meets any of the *Sonnax* factors. Indeed, Travelers' entire justification consists of three conclusory statements with no supporting legal or factual analysis:

- "[L]ifting the stay would allow Travelers to obtain complete resolution of the coverage issue without any need to interfere with this bankruptcy proceeding." Stay Motion ¶ 27.

- Travelers' proposed pursuit of the Proposed Declaratory Judgment Action "would only promote the interests of judicial economy and the expeditious and economic resolution of litigation…" Stay Motion ¶ 27.

- The proposed litigation is "not intended to benefit the estate at large, nor materially affect the bankruptcy proceeding." Stay Motion ¶ 29.

Travelers fails to explain how commencing an entirely new suit in a different forum to determine this coverage obligation would promote the interests of judicial economy without burdening the Debtors' efforts in and focus on these Chapter 11 cases. Indeed, as demonstrated below, all of the applicable[3] *Sonnax* factors weigh against granting the Stay Motion.

A. **Relief from the Automatic Stay Would Not Result in a Partial or Complete Resolution of the Issues**

16. Travelers proposes to commence an entirely new action. No motion practice has occurred, and no discovery has taken place. When a creditor seeks stay relief in the early stages

---

[3] Courts have recognized that not all the *Sonnax* factors will be applicable to every case, and that courts may disregard irrelevant factors. *See Mazzeo*, 167 F.3d at 143. *Sonnax* factors 3, 7, 8, and 9 are inapplicable here.

7

of litigation and where any resolution of the issues is remote, courts in the Southern District have found that the first *Sonnax* factor weighs heavily against lifting the stay. *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 623 (Bankr. S.D.N.Y.), *aff'd,* 411 B.R. 142 (S.D.N.Y. 2009); *In re Residential Capital, LLC*, No. 12-12020 MG, 2012 WL 3423285, at *6 (Bankr. S.D.N.Y. Aug. 14, 2012). This is actually an extreme case – no litigation is presently pending; the parties have simply exchanged letters disagreeing over coverage. So, this factor weighs against granting the Stay Motion.

B.  **Lifting of the Automatic Stay Will Interfere with the Chapter 11 Cases**

17.  Lifting the automatic stay as Travelers has requested would distract the Debtors from their current obligations in connection with the Chapter 11 cases and would therefore necessarily interfere with these cases. *See Bally*, 402 B.R. at 623 (weighing this *Sonnax* factor against lifting the stay when "allowing the actions to proceed would distract the Debtors' management from the bankruptcy proceeding thereby affecting the interests of other creditors"). As set forth above, the Debtors are currently operating with minimal staff and their efforts are focused on the Chapter 11 plan process and attempts to settle some or all disputes that could otherwise consume a material portion of the estate's resources. Thus, Travelers interest in litigating the insurance coverage dispute in an entirely separate forum is greatly outweighed by the Debtors need to proceed expeditiously with the Plan process and the number of significant contingent and disputed litigation claims that have been asserted against Gawker Media.

C.  **No Specialized Tribunal Is Required To Hear the Proposed Declaratory Judgment Action**

18.  Travelers seeks relief to commence the Proposed Declaratory Judgment Action in the Supreme Court of New York. That is not a specialized tribunal with respect to insurance-coverage disputes. Coverage disputes are commonly addressed in state and federal courts across

8

the country, including bankruptcy courts. *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 92 (2d Cir. 1988) ("Numerous courts have determined that a debtor's insurance policies are property of the estate, subject to the bankruptcy court's jurisdiction."). Indeed, the Proposed Declaratory Judgment Action does not present any esoteric or highly specialized issues of fact or law. It would require only ordinary contract construction. Thus, the fourth *Sonnax* factor also weighs against granting the Stay Motion.

> **D.    The Debtors' Insurer Has Not Assumed Full Responsibility for Defending the Action**

19.    Bankruptcy courts will sometimes lift the stay to allow actions against a debtor to proceed when the only drain on resources as a result of the litigation will be on the resources of the debtor's insurer. *See* 2 Collier on Bankruptcy ¶ 362.07 (16th ed. 2010) (noting relief from stay appropriate where insurance sufficient to cover judgment and defense costs). That is, when an insurer has agreed to provide coverage and is paying costs of defense, and the plaintiff will not be pursuing other estate assets, the stay is sometimes lifted. However, this case presents the exact opposite situation: a prospective drain on the Debtors' resources and creditors' recoveries to the potential benefit of an insurer. Thus, Travelers has it backwards when it contends that the relief it seeks is "no different than the relief sought by personal injury claimants." Stay Motion ¶ 28. Indeed, in the only personal injury case cited by Travelers, the debtor's insurance had assumed responsibility for defending the action, and consequently the cost and expense of the litigation was not being borne by the debtor. *See In re New York Medical Group, P.C.*, 265 B.R. 408, 411 (Bankr. S.D.N.Y. 2001) (movant's claim subject to insurance coverage). Here, however, the Gawker Media estate would have to bear the expense of the coverage litigation, which litigation is not presently necessary and may never be necessary. Accordingly, this *Sonnax* factor also weighs against granting the Stay Motion.

9

### E. The Proposed Declaratory Judgment Action Does Not Primarily Involve Third Parties

20. Courts are also more likely to lift the automatic stay when the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question. *Sonnax*, 907 F.2d at 1286. Gawker Media is the only named defendant in the proposed action, and there are no goods or proceeds in question for which it could act as bailee beyond the Policy itself, which Gawker Media owns. The Policy is a general liability policy that is property of the estate. Accordingly, this *Sonnax* factor also weighs against granting the Stay Motion.

### F. Judicial Economy And The Economical Resolution Of Litigation Are Best Served By Maintaining The Automatic Stay

21. Because the newly proposed litigation for which Travelers seek stay relief has not yet been filed in any court, there is no judicial-economy benefit in lifting the automatic stay. At this moment this Court is as familiar with (indeed is more familiar with) the Debtors' business and some historical facts (if not the specific facts regarding the State Court Action) as any alternative tribunal, and the Florida Court is familiar with the underlying litigation for which Gawker Media has requested coverage. Judicial economy is not served by allowing Travelers to commence a new action in a third court that has bankruptcy implications and issues as well as implications for the underlying State Court Action. Nor will expediting the action save time or money or move these Chapter 11 cases forward more expeditiously. Indeed, as noted above, granting the Stay Motion would distract management and undoubtedly add expense in the form of additional professional fees. Thus, this *Sonnax* factor also weighs against granting the Stay Motion.

### G. The Action Has Not Yet Been Filed, and Therefore the Parties Are Not Ready for Trial

10

22. Under the *Sonnax* factors this Court should also consider whether the litigation that is subject to the stay is "ready for trial." By the Stay Motion, however, Travelers seeks to lift the stay to file a wholly new action, a far cry from the classic situation in which a creditor requests relief to continue a lawsuit that is ready for trial. Consequently, this factor also weighs against granting the Stay Motion.

### H. The Balance of Harms Favors Maintaining the Automatic Stay

23. The final *Sonnax* factor also weighs heavily in favor of maintaining the stay. Travelers has not identified any hardship that it is currently suffering by virtue of leaving the coverage issue unresolved, nor is any such hardship apparent. The Debtors are not now pursuing reimbursement from Travelers for any costs or expenses incurred in connection with the State Court Action. Travelers has made clear that it does not intend to make any such payments in the event that Gawker Media pursues its rights. Therefore, until Gawker Media seeks to pursue its rights, Travelers will suffer no harm as a result of the continuation of the automatic stay. On the other hand, as set forth above, the Debtors would be burdened should the stay be modified and Travelers permitted to commence and prosecute the Proposed Declaratory Judgment Action. Thus, the balance of harms also favors denying the Stay Motion.

### III. The Cases Cited by Travelers Are Inapposite

24. Finally, in support of the Stay Motion, Travelers relies on three cases, stating that the relief it seeks is "no different" than relief sought by "personal injury claimants or similar litigants seeking to lift the stay," Stay Motion ¶ 29. Travelers' reliance on those cases is entirely misplaced.

25. *In re New York Medical Group, P.C.* concerned a personal injury claim against the debtor and certain employees that was allowed to go forward because (i) the debtor's insurer

11

would provide coverage for the defense and subsequent judgment (if any) and (ii) the state court was the only forum that could provide complete relief to all parties. 265 B.R. 408, 411, 413 (Bankr. S.D.N.Y. 2001). Those are simply not the facts presented here.

26. *In re Burger Boys, Inc.* concerned a suit that was stayed on "the eve of trial" and that was subject to mandatory abstention by the bankruptcy court. 183 B.R. 682 (Bankr. S.D.N.Y. 1994). As set forth above, the Proposed Declaratory Judgment Action has not even been commenced.

27. *In re Adelphia Commc'ns Corp.* involved a situation even further afield and, if anything, actually supports the Debtors' position. That case concerned directors and officers insurance, not general liability insurance. 298 B.R. 49, 51-52, 55 (S.D.N.Y. 2003). More importantly, despite the fact that the underlying litigation primarily concerned third parties, on remand, the bankruptcy court ordered the automatic stay to be maintained against the insurers' suit to rescind their insurance policy, while allowing the debtors' officers and directors to seek an order requiring the insurers to advance policy proceeds. *In re Adelphia Commc'ns Corp.*, 302 B.R. 439, 454 (Bankr. S.D.N.Y. 2003).

28. Thus, Travelers reliance on the above cases is misplaced, and its request for stay relief should be denied.

**CONCLUSION**

29. Travelers has failed to meet its preliminary burden (and its ultimate burden) to establish cause for lifting the stay. The Motion should be denied.

Dated: September 30, 2016
      New York, New York

                                         */s/* Gregg M. Galardi
                                         ROPES & GRAY LLP
                                         Gregg M. Galardi
                                         D. Ross Martin
                                         Jonathan M. Agudelo
                                         Peter Walkingshaw (admitted *pro hac vice*)
                                         1211 Avenue of the Americas
                                         New York, NY 10036-8704
                                         Telephone: (212) 596-9000
                                         Facsimile: (212) 596-9090
                                         gregg.galardi@ropesgray.com
                                         ross.martin@ropesgray.com
                                         jonathan.agudelo@ropesgray.com
                                         peter.walkingshaw@ropesgray.com

                                         *Counsel to the Debtors*
                                         *and Debtors in Possession*