Hearing Date: October 20, 2016 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: October 17, 2016 at 4:00 p.m. (Prevailing Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
Gawker Media LLC, *et al.*,[1]              :    Case No. 16-11700 (SMB)
                                            :
           Debtors.                         :    (Jointly Administered)
                                            :
------------------------------------------------------x

**NOTICE OF DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY
RULE 9006(b) FURTHER EXTENDING TIME PERIOD WITHIN WHICH DEBTORS
MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND
BANKRUPTCY RULE 9027**

**PLEASE TAKE NOTICE** that Gawker Media LLC and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby file the *Debtors' Second Motion for Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006(b) Extending Time Period Within Which Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027* (the "Motion").

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59267909_2

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, must be made in writing and (a) filed with the Bankruptcy Court no later than **4:00 p.m. (Prevailing Eastern Time) on October 17, 2016** (the "Objection Deadline") and (b) served so as to be actually received by the following parties by the Objection Deadline: (i) the Debtors, Gawker Media LLC, c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022, Attn: William D. Holden (wholden@opportune.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) proposed counsel to the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (ix) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; and (x) the parties which were served with the Motion via U.S. First Class Mail, as set forth in the Affidavit of Service filed in connection with the Motion.

59267909_2

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 723, New York, New York 10004 (the "Bankruptcy Court"), on **October 20, 2016 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion, with proof of service, is filed with the Bankruptcy Court and a courtesy copy delivered to the Honorable Stuart M. Bernstein's chambers by the Objection Deadline, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order attached to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: October 3, 2016
New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors
and Debtors in Possession*

59267909_2

**Hearing Date: October 20, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 17, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
: 
In re : Chapter 11
: 
Gawker Media LLC, *et al.*,[2] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9006(b) FURTHER EXTENDING TIME PERIOD WITHIN WHICH DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027**

Gawker Media LLC and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") the Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the time period within which the Debtors may remove

---

[2] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

59267909_2

pending proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of William D. Holden in Support of First Day Motions* (the "First Day Declaration") [Docket No. 7]. In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are 28 U.S.C. § 1452, Bankruptcy Code section 105(a), Bankruptcy Rules 9006 and 9027.

## BACKGROUND

### A. The Chapter 11 Cases

3. On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, Gawker Media Group, Inc. and Kinja Kft. each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.

4. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On June 24, 2016, the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") appointed an Official Committee of

59267909_2

Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

6. Factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the First Day Declaration.[3]

### B. The Actions and the First Removal Extension Order

7. As of the commencement of the chapter 11 cases, the Debtors were party to certain judicial and/or administrative proceedings in various courts and/or administrative agencies (collectively, the "Actions"), including but not limited to the Actions set forth on Exhibit B annexed hereto. Some of the Actions might be subject to removal pursuant to 28 U.S.C. § 1452, which applies to claims relating to bankruptcy cases. As such, the Debtors may find it appropriate and beneficial to their estates to remove certain of the Actions to federal court.

8. On August 22, 2016 the Court granted the *Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006(b) Extending Time Period Within Which Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027* [Docket No. 212] (the "First Removal Extension Order"), pursuant to which the Court extended the Removal Period to the later of (i) October 23, 2016, for Actions that have not been stayed pursuant to Bankruptcy Code section 362(a), or (ii) 30 days after entry of an order terminating the automatic stay that protects the debtor, if the Action has been stayed under Bankruptcy Code section 362.

9. The Debtors have not yet completed their analysis with respect to the removal of the Actions. The Debtors were focused on the sale of substantially all of their assets

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

59267909_2

to UniModa, LLC ("UniModa"), which closed on September 9, 2016. The Debtors have also been focused on formulating and drafting a disclosure statement and plan of liquidation, which the Debtors filed on September 30, 2016. Accordingly, the Debtors request additional time to make the necessary determinations regarding removal of the Actions. The Debtors are in a better position to make such determinations now that the general bar date and first administrative expense claims bar date (together, the "Bar Dates") have passed as of September 29.

## RELIEF REQUESTED

10. By this Motion, the Debtors request entry of an order pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) extending the Removal Period with respect to any Actions pending on the Petition Date through the later of (i) January 31, 2017, which date is 100 days from the expiration of the current Removal Period, for Actions that have not been stayed pursuant to Bankruptcy Code section 362, or (ii) 30 days after entry of an order terminating the automatic stay with respect to any particular Action sought to be removed, without prejudice to the Debtors' right to seek further extensions.

11. For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

12. 28 U.S.C. § 1452 governs the removal of pending civil actions. Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has

59267909_2

>jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

13. Bankruptcy Rule 9027 further provides, in part, that, for claims or causes of action pending when a bankruptcy case is commenced, "a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code . . . ." Fed. R. Bankr. P. 9027(a)(2).

14. Finally, Bankruptcy Rule 9006 provides in pertinent part that "when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1).

## APPLICABLE AUTHORITY

15. It is well-established that this Court has authority to grant the relief requested and extend the removal period as requested herein. See, e.g., In re Fairfield Sentry Ltd., 458 B.R. 665, 691 (S.D.N.Y. 2011) (recognizing that Bankruptcy Rule 9006 provides authority to enlarge the time period for removing actions arising under the Bankruptcy Code); Jandous Elec. Constr. Corp. v. City of N.Y. (BMT & IND (Lines)) (In re Jandous Elec. Constr. Corp.), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (noting the removal period may be extended under Bankruptcy Rule 9006).

16. Requests by debtors for extensions of the removal period have been granted routinely by courts in this district. See, e.g., In re SunEdison, Inc., No. 16-10992 (SMB)

59267909_2

(Bankr. S.D.N.Y. July 13, 2016) (granting extension of removal period); In re Aramid Entm't Fund Ltd., No. 14-11802 (SHL) (Bankr. S.D.N.Y. Oct. 21, 2014) (granting extension of removal period until effective date of chapter 11 plan); In re Doral Fin. Corp., No. 15-10573 (SCC) (Bankr. S.D.N.Y. June 15, 2015) (extending removal period until the earlier of entry of confirmation order or 60 days after appointment of chapter 7 trustee); In re Bos. Generating, LLC, No. 10-14419 (SCC) (Bankr. S.D.N.Y. Jan. 20, 2011) (extending removal period by 136 days).[4]

## CAUSE EXISTS TO FURTHER EXTEND REMOVAL PERIOD

17. Since the entry of the First Extension Order, the Debtors have been focused on the closing of the sale of substantially all of their assets to UniModa and on the formulation and drafting of their disclosure statement and plan of liquidation. Given these significant tasks and their attendant demands on the Debtors' personnel and professionals, the Debtors need additional time to review their outstanding litigation matters and evaluate whether any of the pending Actions should be removed pursuant to Bankruptcy Rule 9027.

18. The Debtors submit that the requested extension of time is in the best interests of their estates and creditors because it will afford the Debtors and their professionals the opportunity to make fully-informed decisions concerning whether the Actions may and should be removed, thereby protecting the Debtors' valuable rights to adjudicate lawsuits in federal court pursuant to 28 U.S.C. § 1452. The Debtors are now in a better position to make such determinations as a result of the Bar Dates having passed on September 29.

19. Furthermore, nothing herein will prejudice any party to a proceeding that the Debtors seek to remove from pursuing remand pursuant to 28 U.S.C. § 1452(b). Accordingly,

---

[4] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

59267909_2

the proposed extension requested herein will not adversely affect the rights of other parties to the Actions.

### RESERVATION OF RIGHTS

20.     Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) otherwise affect the Debtors' rights under the Bankruptcy Code.

### NOTICE

21.     Notice of this Motion has been provided in accordance with the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 93]. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

59267909_2

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: October 3, 2016
   New York, New York    */s/ Gregg M. Galardi*
                ROPES & GRAY LLP
                Gregg M. Galardi
                D. Ross Martin
                Jonathan M. Agudelo
                1211 Avenue of the Americas
                New York, NY 10036-8704
                Telephone: (212) 596-9000
                Facsimile: (212) 596-9090
                gregg.galardi@ropesgray.com
                ross.martin@ropesgray.com
                jonathan.agudelo@ropesgray.com

                *Counsel to the Debtors*
                *and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

16-11700-smb    Doc 314    Filed 10/03/16    Entered 10/03/16 18:02:19    Main Document
Pg 12 of 16

59267909_2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
:
In re                                                                : Chapter 11
:
Gawker Media LLC, *et al.*,[5]                         : Case No. 16-11700 (SMB)
:
                    Debtors.                                   : (Jointly Administered)
:
-------------------------------------------------------x

**SECOND ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9006(b) FURTHER EXTENDING TIME PERIOD WITHIN WHICH DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027**

Upon the motion (the "Motion")[6] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the time period within which the Debtors may remove pending proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given and it appearing that no other or further notice need be given; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and no objections to the

---

[5] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59267909_2

Motion having been filed; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

22. The Motion is granted to the extent set forth herein.

23. The period during which the Debtors may file a notice of removal with respect to the Actions is extended until the later of (i) January 31, 2017, for Actions that have not been stayed pursuant to Bankruptcy Code section 362(a), or (ii) 30 days after entry of an order terminating the automatic stay with respect to any particular Action sought to be removed.

24. The extension granted by this Order is without prejudice to the Debtors' rights to seek further extensions of time to remove the Actions upon application to this Court.

25. Nothing in this Order shall be construed as modifying or terminating any stay applicable to any act, action, or proceeding pursuant to Bankruptcy Code section 362, or any order entered by this Court pursuant to Bankruptcy Code section 105.

26. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

27. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:   New York, New York
         _____, 2016

                                             _____
                                             HONORABLE STUART M. BERNSTEIN
                                             UNITED STATES BANKRUPTCY JUDGE

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

59267909_2

# **EXHIBIT B**

**Pending Actions Subject to Removal**

59267909_2

**Pending Actions Subject to Removal**

| Case Name | Jurisdiction |
|---|---|
| Bollea v. Gawker Media, LLC, No. 12012447-CI-011 | Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida |
| Williams v. The MLB Network, LLC, No. CAM-L-3675-14 | Superior Court of New Jersey - Camden County - Law Division |
| Mail Media Inc. d/b/a Mail Online v. Gawker Media LLC and James King, No. 1591342015 | Superior Court of New Jersey - Camden County - Law Division |
| Charles Johnson and Got News, LLC v. Gawker Media, LLC, et al., No. 15CECG03734 | Superior Court of California, County of Fresno |
| Bollea v. Buchwald, et al, No. 40950062 | Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida |

59267909_2