PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
Telephone: (212) 682-0020
Thomas A. Martin, Esq.
tmartin@putneylaw.com
Barbara M. Maisto, Esq.
bmaisto@putneylaw.com
*Attorneys for St. Paul Fire & Marine*
*Insurance Co./Travelers*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Gawker Media LLC, *et al.*, | Case No. 16-11700 (SMB) |
| Debtors. | (Jointly Administered) |

**REPLY BRIEF IN FURTHER SUPPORT OF**
**OF MOTION FOR RELIEF FROM THE**
**AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)**

1.      St. Paul Fire & Marine Insurance Company ("Travelers"), by and through its

undersigned counsel, Putney, Twombly, Hall & Hirson LLP, respectfully submits this Reply

Brief in further support of its motion, pursuant to 11 U.S.C. §362(d)(1), seeking relief from the

automatic stay.

2.      In its papers in support of its motion, Travelers demonstrated that the automatic

stay in this lawsuit should be lifted so that Travelers could commence a declaratory judgment

lawsuit against Debtor Gawker Media Group, Inc. ("Gawker") for a declaration of its rights and

obligations under a Primary and/or Umbrella Policy of insurance issued to Gawker related to

claims asserted in an underlying lawsuit brought by Mr. Terry Bollea (the "Bollea Lawsuit").

3.      Prior to the Petition Date, Mr. Bollea commenced a lawsuit against Gawker,
among others, premised on Gawker's alleged disclosure of the transcript of a recording to the
National Enquirer in which Mr. Bollea purportedly made racist comments. In his Complaint, Mr.
Bollea alleges that "Gawker participated in and/or facilitated and/or contributed to the use and
public dissemination of the content of the court-protected confidential transcript to the Enquirer."
On or about May 4, 2016, the Bollea Lawsuit was tendered to Travelers for coverage under a
Primary and/or Umbrella Policy of insurance issued by Travelers to Gawker and by letter dated
May 26, 2016, Travelers declined Gawker's tender.  None of this is disputed.

4.      By its motion, Travelers seeks relief from the automatic stay to file a declaratory
judgment lawsuit in the Supreme Court of the State of New York against Gawker, seeking a
declaration that Travelers does not owe defense or indemnity coverage to Gawker for the claims
asserted in the Bollea Lawsuit.  Importantly, Travelers is not seeking to lift the stay to enforce a
judgment it has against Gawker, nor is Travelers' proposed lawsuit one which will in any way
deplete Gawker of estate assets.  As explained in further detail in its motion and below,
Travelers' motion should be granted, and nothing in Debtors' opposition papers warrants a
conclusion otherwise.

### The Proceeds of Travelers' Policies Are Not Part of Debtors' Estate

5.      As an initial matter, though Debtors have presented case law to establish that
Travelers' policy is property of the estate, Debtors have failed to address the principal argument
in Travelers' moving papers – namely, that although Gawker is the named insured under the
relevant policies, the proceeds of those policies are not, and will not become, property of
Debtor's estate.  See In re Sfuzzi, Inc., 191 B.R. 664, 668 (N.D. Tex. 1996) ("the question to be

2

answered is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim: (1) if the answer to that question is 'yes,' then the proceeds of the liability insurance policy are property of the estate; (2) if the answer is 'no,' then the proceeds are not property of the estate and they cannot enhance the bankruptcy estate for other creditors.") (citing In re Edgeworth, 993 F.2d 51 (5th Cir.1993)). This principle is illustrated in Baez v. Medical Liab. Mut. Ins. Co., 136 B.R. 65 (Bankr. S.D.N.Y. 1992), in which the Bankruptcy Court properly directed the trustee of the debtor-physician's estate to distribute the proceeds of a physician's malpractice policy to an injured plaintiff as the plaintiff had a vested interest in the proceeds and the debtor did not.

6.      As a result, any proceeds that would be payable under the relevant Travelers' policies of insurance (if any coverage is affirmed) would be paid only to Mr. Bollea, not to the Debtors' estates or to any of their other creditors.

### Under The Sonnax Factors Travelers' Motion Should Be Granted In Full

7.      As Debtors concede in their opposition papers, the Court's decision as to whether to grant relief from the automatic stay is a decision which must be guided by the following factors outlined by the Second Circuit in Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990):

(1)      whether relief would result in a partial or complete resolution of the issues;

(2)      lack of any connection with or interference with the bankruptcy case;

(3)      whether the other proceeding involves the debtor as a fiduciary;

(4)      whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5)      whether the debtor's insurer has assumed full responsibility for defending

3

it;

(6)     whether the action primarily involves third parties;

(7)     whether the litigation in another forum would prejudice the interest of the creditors;

(8)     whether the judgment claim arising from the other action is subject to equitable subordination;

(9)     whether movant's succession to the other proceeding would result in judicial lien avoidable by the debtor;

(10)    the interests of judicial economy and the expeditious and economic resolution of litigation;

(11)    whether the parties are ready for trial in the other proceeding; and

(12)    the impact of the stay on the parties and the balance of the harms."

8.      A review of the Sonnax factors establishes that Travelers' motion should be granted.

9.      Granting Travelers the relief requested in its motion would permit Travelers to prosecute the coverage action and obtain a complete resolution of the issue of whether any coverage exists to defend the claims in the Bollea Lawsuit.  The issue between Travelers and Gawker is a narrow one.  Once litigated, that issue will resolve in full the issues between Travelers and Gawker, and likely by way of dispositive motion.

10.     In addition, the coverage action would not interfere with these Chapter 11 cases and would not prejudice the Debtors.  Rather, an understanding of the scope of the Debtors' available coverage should facilitate a reorganization.

11.     In attempting to argue that relief from stay is not warranted, Debtors present the argument in paragraph 16 of their opposition that the absence of any currently pending litigation between the parties somehow increases the burden to establish cause for obtaining relief from

4

stay. This is not the standard and no precedent is cited in support of it. Equally untenable are

Debtors' arguments that lifting the stay: (i) would "distract the Debtors" from their current

obligations in this bankruptcy proceeding, thereby impacting on the Debtors' creditors (see Opp.

Brf. ¶ 8) and (ii) would neither save time nor money in getting the Chapter 11 cases resolved.

See Opp. Brf. ¶ 21. Debtors are wrong on both fronts.

13.     The coverage action would involve no third parties; the only parties to whom the
coverage issue pertains is Travelers and Gawker.

13.     The resolution of the coverage issue will not have any impact on any creditor of
Gawker's. As stated above, any proceeds of the Travelers' Policy does not belong to the Debtors
or their estates.

14.     The coverage issue presents a limited issue. It is hard to imagine that the
litigation of this isolated coverage matter, in which no or limited discovery is anticipated, would
so materially distract current management in a case of this magnitude to impact their ability to
reorganize these cases. Other than conclusory statements, no explanation is offered as to how the
Debtors would be hampered in their reorganization efforts by also allowing this litigation to
proceed.

15.     If coverage is held not to be owed to Gawker, then Gawker will remain a
Defendant in a stayed lawsuit with the validity of the claims asserted in the Bollea Lawsuit
adjudicated at a later date. If the claim is a valid pre-petition claim, the Debtors can then satisfy
the claim as part of the reorganization.

16.     If coverage is found to be owed to Gawker, then the defense costs in the Bollea
Lawsuit will be borne by Travelers, with no impact on any creditor's rights in bankruptcy.

5

Moreover, a determination that Travelers owes coverage for the defense of the Bollea Lawsuit will permit Debtors and their creditors to more easily administer the bankruptcy by providing Gawker and its creditors with certitude that the Bollea Lawsuit is covered by the Travelers Policy and Gawker itself will not have to account for the future defense costs associated with the Bollea Lawsuit.

17.    Accordingly and contrary to Debtors' arguments on pages 8 and 10 of their Opposition Brief, permitting Travelers' declaratory judgment lawsuit to go forward will actually enhance the expeditious resolution of these Chapter 11 cases, as Travelers is merely seeking a declaration concerning the existence or non-existence of coverage.

18.    Travelers has indicated that it proposes to bring its declaratory judgment lawsuit in the Supreme Court of the State of New York. See Exhibit A to Travelers' motion. Debtors concede that New York State Courts have expertise in insurance coverage declaratory judgment actions. See Opp. Brf. ¶ 18 ("Coverage disputes are commonly addressed in state and federal courts across the country, including bankruptcy courts."). Notably, nothing in the Second Circuit's Sonnax decision mandates that a stay may be lifted only if specialized tribunals are created to hear the dispute at issue between the parties, nor do Debtors so contend. Simply stated, the fact that the declaratory judgment lawsuit sought to be commenced by Travelers is one which New York State Courts have heard, addressed, considered and ruled upon on numerous ocassions is a factor which weighs in favor of granting Travelers' motion.

19.    The balance of harms weighs in favor of the Court permitting Travelers to commence its declaratory judgment lawsuit. First, contrary to Debtors' position at paragraph 23 of their opposition Brief, Travelers does indeed face a "hardship" by virtue of its coverage

6

obligation remaining unresolved. As an insurance company, Travelers has a duty to reserve and plan for claims asserted against its outstanding insurance policies. Here, the Gawker policies provide defense costs for covered claims and Travelers would need to establish a reserve for such costs if a duty to defend the Bollea Lawsuit is held to exist. Second, by permitting Travelers to file its proposed lawsuit, judicial efficiency is achieved. Travelers, Gawker and Gawker's creditors all benefit by knowing whether or not coverage is available to Gawker for the defense of the claims asserted in the Bollea Lawsuit. That knowledge will assist the Debtors and their estates in assessing the full extent of the Debtors' liabilities. Third, Travelers' declaratory judgment lawsuit would focus on a discrete question. The contemplated lawsuit would not involve time consuming document discovery or depositions. The allegations of Mr. Bollea's Complaint and the terms and conditions of the applicable Travelers' policies are likely to be the only documents necessary for the Court to resolve the question of coverage. Accordingly, Travelers' declaratory judgment claim necessarily "will be liquidated immediately or within a short . . . timeframe" from its commencement. In re: SunEdison, Inc., 2016 WL 4775525 *5 (S.D.N.Y. Sept. 13, 2016).[1]

20.    Considering the benefits accruing to both parties (as well as Gawker's creditors) by having Travelers and Gawker know whether or not Travelers owes coverage for the Bollea

---

[1] Debtor's reliance on In re SunEdison in opposition is misplaced. Although the movant there sought a declaratory judgment, it bears little resemblance to the relief sought by Travelers. The declaratory judgment sought in SunEdison involved the breach of a merger agreement involving movant (the single largest unsecured creditor) and one of Debtor's subsidiaries with the main intent of the movant to liquidate the amount of its claim, estimated at between $750 million and $1 billion. In re SunEdison, Inc., No. 16-10992, 2016 WL 4775524, at *2 (Bankr. S.D.N.Y. Sept. 13, 2016). Additionally, the declaratory judgment in SunEdison could have resulted in a direct claim against the estate. Here, the relief sought by Travelers will not result in a direct claim against Debtors' estates or deplete Debtors' assets or resources.

Lawsuit, and considering the limited amount of discovery, straightforward issues to be resolved, and limited resources needed to be expended to find out whether or not coverage is owed, it is clear that under the factors listed in <u>Sonnax</u>, Travelers' motion to lift the stay should be granted in its entirety.

**WHEREFORE,** Travelers respectfully requests that the Court grant its motion to lift the automatic stay pursuant to §362(d)(1) in its entirety, and grant such other and further relief this Court deems just and equitable.

Dated:    New York, New York
          October 5, 2016

                                        Respectfully submitted,

                                        **PUTNEY, TWOMBLY, HALL & HIRSON LLP**

                                        By:___*/s/ Thomas A. Martin*_____
                                             Thomas A. Martin
                                             Barbara M. Maisto
                                             521 Fifth Avenue
                                             New York, New York 10175
                                             (212) 682-0020
                                             *Attorneys for St. Paul Fire & Marine Insurance*
                                             *Co./Travelers*

TO:    *Via Email*
       Sandeep Qusba, Esq.
       William T. Russell, Jr.
       Simpson Thacher & Bartlett LLP
       425 Lexington Avenue
       New York, N.Y. 10017-3954
       squsba@stblaw.com
       *Counsel to the Official Committee of Unsecured Creditors*

8

*By Hand Delivery*
Chambers of the Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1418

*Via Email*
Attn: Greg M. Zipes
Office of the United States Trustee
Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
greg.zipes@usdoj.gov

*Via Email/CM/ECF*
Upon those entities as set forth on The Master Service List
Per Prime Clerk LLC

*Via Email*
Gawker Media LLC
114 Fifth Ave, 2nd Floor
New York, New York 10011
Attn: Heather Dietrick
heather@gawker.com
*Debtors*

*Via Email*
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Attn: Gregg M. Galardi, Esq.
Gregg.galardi@ropesgray.com
*Counsel to Debtors*

PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
Telephone: (212) 682-0020
Thomas A. Martin, Esq.
tmartin@putneylaw.com
Barbara M. Maisto, Esq.
bmaisto@putneylaw.com
*Attorneys for St. Paul Fire & Marine*
*Insurance Co./Travelers*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>Gawker Media LLC, *et al.*,<br><br>          Debtors. | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Thomas A. Martin, hereby certify that on October 5, 2016, I caused to be served true and correct copies of the REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d) upon the following entities in the manner indicated:

*Via Email*
Sandeep Qusba, Esq.
William T. Russell, Jr.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, N.Y. 10017-3954
squsba@stblaw.com
*Counsel to the Official Committee of Unsecured Creditors*

*By Hand Delivery*
Chambers of the Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1418

*Via Email*
Attn: Greg M. Zipes
Office of the United States Trustee
Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
greg.zipes@usdoj.gov

*Via Email/CM/ECF*
Upon those entities as set forth on The Master Service List
Per Prime Clerk LLC

*Via Email*
Gawker Media LLC
114 Fifth Ave, 2nd Floor
New York, New York 10011
Attn: Heather Dietrick
heather@gawker.com
*Debtors*

*Via Email*
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Attn: Gregg M. Galardi, Esq.
Gregg.galardi@ropesgray.com
*Counsel to Debtors*

Dated: New York, New York
October 5, 2016

**PUTNEY, TWOMBLY, HALL & HIRSON LLP**

By:    */s/ Thomas A. Martin*
          Thomas A. Martin
          521 Fifth Avenue
          New York, New York 10175
          (212) 682-0020
          *Attorneys for St. Paul Fire & Marine Insurance Co./*
          *Travelers*

2