UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
Gawker Media LLC, *et al.,*[1]          :    Case No. 16-11700 (SMB)
                                        :
            Debtors.                    :    (Jointly Administered)
------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MATT NOVAK TO DEBTORS' POST-CLOSING DESIGNATION NOTICE OF (A) ASSUMPTION AND ASSIGNMENT OF NON-RESIDENTIAL LEASES AND OTHER EXECUTORY CONTRACTS IN CONNECTION WITH SALE AND (B) ASSOCIATED CURE COSTS**

Matt Novak (the "Creditor"), by and through his counsel, Saul Ewing LLP, hereby submits this limited objection and reservation of rights (the "Objection") with respect to the *Post-Closing Designation Notice of (A) Assumption of Assignment of Non-Residential Leases and Other Executory Contracts in Connection with Sale and (B) Associated Cure Costs* (the "Notice") [Docket Entry 296] filed by the above-captioned debtors and debtors in possession (the "Debtors"). In support of this Objection, the Creditor respectfully represents as follows:

**RELEVANT BACKGROUND**

1. On June 10, 2016, Debtor Gawker Media LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, Debtors Gawker Media Group, Inc. and Kinja Kft. each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The chapter 11 cases of the Debtors are jointly administered and are consolidated for procedural purposes.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

3. On August 22, 2016, the Court entered the *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry Into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 214] (the "Sale Order").

4. In accordance with the Sale Order, the Debtors' filed the Notice setting forth the executory contracts and unexpired leases to be assumed and assigned to UniModa, LLC, the successful purchaser of the Debtors' assets.

5. By and through the Notice, the Debtors seek to assume and assign the Content License Agreement with Creditor (the "Agreement") to UniModa, LLC. The Debtors' proposed cure amount in connection with the Agreement is $0.00.

## OBJECTION

6. While the Creditor is not *per se* opposed to the assumption and assignment of the Agreement, the Creditor does object to the amount of the Debtors' proposed cure amount.

7. On or about September 28, 2016, Creditor filed a proof of claim in each of the Debtors' bankruptcy proceedings on account of his right to indemnification based upon services performed and/or content provided on behalf of the Debtors.[2]

8. Based on the foregoing, any assumption and assignment of the Agreement must be subject to Creditor's right to indemnification along with any other open ongoing obligations under the Agreement.

---

[2] Copies of Creditor's filed proofs of claim are located at: https://cases.primeclerk.com/gawker/Home-ClaimInfo.

## RESERVATION OF RIGHTS

9.     Creditor reserves his rights to indemnification and such other claims for sums due or as may come due under the Agreement and objects to a cure claim of zero to the extent that a finding of a cure claim of $0.00 would abridge those rights.

WHEREFORE, Creditor respectfully requests that the Court (i) sustain this limited Objection, (ii) condition the assumption and assignment of the Agreement subject to the Creditor's right to indemnification and the payment of any ongoing obligations under the Agreement which may not yet be due or that may come due under the Agreement in the ordinary course - regardless of when said obligations arose or arise, and (iii) grant such other and further relief as is just and proper under the circumstances.

Dated: October 7, 2016                               **SAUL EWING LLP**

By:     */s/Sharon L. Levine*
Sharon L. Levine
Dipesh Patel
1037 Raymond Boulevard
Suite 1520
Newark, NJ 07102
Telephone: (973) 286-6713
Facsimile: (973) 286-6821
slevine@saul.com
dpatel@saul.com

-and-

555 Fifth Avenue
Suite 1700
New York, NY 10017
Telephone: (212) 980-7200

*Attorneys for Matt Novak*