UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                :
In re                                           :    Chapter 11
                                                :
Gawker Media LLC, *et al.,*[1]                  :    Case No. 16-11700 (SMB)
                                                :
                    Debtors.                    :    (Jointly Administered)
-------------------------------------------------------x

## RESERVATION OF RIGHTS OF CERTAIN FORMER AND CURRENT WRITERS, EMPLOYEES AND INDEPENDENT CONTACTORS REGARDING THE DEBTOR'S DISCLOSURE STATEMENT

Certain former and current writers, employees and/or independent contractors (the "Writers") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their counsel, submits this reservation of rights (the "Reservation of Rights") to the *Debtors' Disclosure Statement* (the "Disclosure Statement") [Docket Entry 308]. In support of this Reservation of Rights, the Writers respectfully state as follows:

### RELEVANT BACKGROUND

1.  On June 10, 2016, Debtor Gawker Media LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, Debtors Gawker Media Group, Inc. and Kinja Kft. each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.  The chapter 11 cases of the Debtors are jointly administered and are consolidated for procedural purposes.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

3. Each of the Writers filed a proof of claim against each of the Debtors prior to the September 29, 2016 claims deadline. Further on October 5, 2016, counsel for the Writers filed its *Verified Statement Pursuant to Bankrutpcy Rule 2019* (the "<u>Writers' 2019 Statement</u>") [Docket Entry 321].

4. The Writers consist of all the individuals listed on **Exhibit A** to the Writers' 2019 Statement.

5. On September 30, 2016, the Debtors filed the Disclosure Statement.

6. A hearing to approve the adequacy of the Disclosure Statement is scheduled for November 3, 2016 at 10:00 a.m. [Docket Entry 310].

7. While counsel for the Writers engaged in and remain engaged in discussions with Debtors' counsel regarding the release language set forth in the proposed liquidating plan attached to the Disclosure Statement and certain related issues, those discussions remain ongoing.

## **RESERVATION OF RIGHTS**

8. The fundamental purpose of a disclosure statement is to ensure that creditors are able to cast their votes for or against a confirmable chapter 11 plan on an informed basis. To achieve this objective, a disclosure statement must contain "adequate information," i.e., information that would permit a reasonable person to fully and fairly assess the pros and cons of the proposed plan and the alternatives to the confirmation thereof.

9. As of the filing of this Reservation of Rights, the Writers lack the necessary information needed to assess the scope of the releases set forth in the Debtors' proposed liquidating plan and certain related issues.

10. While the Writers reamin hopeful that a resolution will be reached prior to the November 3, 2016 hearing, to date those discussions remain ongoing.

11. Based on the above, the Writers file this Reservation of Rights to preserve their rights to object to the approval of the Disclosure Statement, and if necessary, request that the hearing on the Disclosure Statement be continued. This Reservation of Rights is submitted without prejudice to, and with a full reservation of, the Writers' rights, claims, defenses and remedies, including the right to amend, modify or supplement this Reservation of Rights, to seek discovery, to raise additional objections and to introduce evidence at any hearing relating to this Reservation of Rights, and without in any way limiting any other rights of the Writers to further object to the Disclosure Statement, on any grounds, as may be appropriate.

12. Further, the Writers reserve the right to amend or supplement this Reservation of Rights, based upon any facts or arguments that come to light prior to the November 3, 2016 hearing on the Disclosure Statement.

13. In the event this Court views the issues set forth in this Reservation of Rights as issues relevant to confirmation of the Debtors' proposed chapter 11 liquidating plan and not to the adequacy of the Disclosure Statement, the rights of the Writers set forth herein are preserved for plan confirmation purposes, and Writers shall have the right to object to confirmation of the proposed plan (or any subsequently amended, modified, supplemental, or other plan) on any grounds, and the failure to include an objection to confirmation or assert any other right herein does not constitute a waiver of any such objections or other rights with respect to the plan confirmation process.

Dated: October 31, 2016 **SAUL EWING LLP**

By: <u>*/s/Sharon L. Levine*</u>
Sharon L. Levine
Dipesh Patel
1037 Raymond Boulevard
Suite 1520
Newark, NJ 07102
Telephone: (973) 286-6713
Facsimile: (973) 286-6821
slevine@saul.com
dpatel@saul.com

-and-

555 Fifth Avenue
Suite 1700
New York, NY 10017
Telephone: (212) 980-7200

*Attorneys for the Writers*