Hearing Date and Time: December 1, 2016 at 10:30 a.m. (Eastern Time)
Response Deadline: November 14, 2016 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Peter Walkingshaw (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re : Chapter 11
:
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------x

**NOTICE OF DEBTORS' FIRST OMNIBUS OBJECTION TO
PROOFS OF CLAIM FILED BY XP VEHICLES GROUP,
AND MOTION TO APPLY FED. R. CIV. P. 12(B)(6) AND 12(C)
PURSUANT TO BANKRUPTCY RULES 9014 AND 7012**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' First Omnibus Objection to Proofs of Claim Filed by XP Vehicles Group, and Motion to Apply Fed. R. Civ. P. 12(b)(6) and 12(c) Pursuant to Bankruptcy Rules 9014 and 7012* (the "Objection"), which seeks to alter your rights by disallowing your claims against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **December 1, 2016 at 10:30 a.m. (Eastern Time)** before the Honorable Judge Stuart M.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Bernstein, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Courtroom No. 723.

**PLEASE TAKE FURTHER NOTICE** that responses to the Objection and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **November 14, 2016**, **at 4:00 p.m**. **(Eastern Time)** (the "Response Deadline"), upon: (i) the Debtors, Gawker Media LLC, c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022 (wholden@opportune.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970 Market Street, Philadelphia, PA 19104 (mimi.m.wong@irscounsel.treas.gov); (v) the United States Attorney's Office for the Southern District of New York, Attn: Bankruptcy Division, 86 Chambers Street, 3rd Floor, New York, NY 10007 (david.jones6@usdoj.gov; Jeffrey.Oestericher@usdoj.gov; Joseph.Cordaro@usdoj.gov; Carina.Schoenberger@usdoj.gov);

(vi) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, at both 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); and (ix) parties that have requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection by the Response Deadline, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

[*Remainder of this page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that a copy of the Objection may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 31, 2016  
       New York, New York

/s/ *D. Ross Martin*  
ROPES & GRAY LLP  
Gregg M. Galardi  
D. Ross Martin  
Peter Walkingshaw (admitted *pro hac vice*)  
1211 Avenue of the Americas  
New York, NY 10036-8704  
Telephone: (212) 596-9000  
Facsimile: (212) 596-9090  
gregg.galardi@ropesgray.com  
ross.martin@ropesgray.com  
peter.walkingshaw@ropesgray.com  

*Counsel to the Debtors  
and Debtors in Possession*

Hearing Date and Time: December 1, 2016 at 10:30 a.m. (Eastern Time)
Response Deadline: November 14, 2016 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Peter Walkingshaw (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
|                                  :                      |
| In re                            :   Chapter 11         |
|                                  :                      |
| Gawker Media LLC, *et al.*,[1]   :   Case No. 16-11700 (SMB) |
|                                  :                      |
|                    Debtors.      :   (Jointly Administered) |
|                                  :                      |
----------------------------------------------------------x

**DEBTORS' FIRST OMNIBUS OBJECTION TO
PROOFS OF CLAIM FILED BY XP VEHICLES GROUP,
AND MOTION TO APPLY FED. R. CIV. P. 12(B)(6) AND 12(C)
PURSUANT TO BANKRUPTCY RULES 9014 AND 7012**

Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d), Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft., "Gawker Hungary") as debtors and debtors in possessions (collectively, the "Debtors") in the above-captioned cases (the "Bankruptcy Cases"), hereby submit this omnibus objection (the "Objection") to claim Nos. 61, 62, 86 and 98 (the "XP

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59567763_7

Vehicles Claims")[2] filed by XP Vehicles Group ("XP Vehicles"). In support of this Objection, the Debtors respectfully represent and set forth as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Objection is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 502 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

2. By this Objection, the Debtors request entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, disallowing and expunging the XP Vehicles Claims because the Debtors have no liability on account of such claims.

## BACKGROUND

### I. The Bankruptcy Cases

3. On June 10, 2016 (the "Petition Date"), Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI, and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases. On June 24, 2012, the United States Trustee for the Southern District

---

[2] True and correct copies of the XP Vehicles Claims will be provided to the Court. Copies of the XP Vehicles Claims are available to all other parties upon request.

2

of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 62] (the "Committee").

## II. The XP Vehicles Claims

5. On September 27, 2016, XP Vehicles Group filed the XP Vehicles Claims. Each proof of claim identically asserts an unsecured claim for $175,000,000; one against each of the Debtors.

6. The XP Vehicles Claims do not state a claim in any respect. They do not even identify what "XP Vehicles Group" is—whether a corporation, partnership, or something else. Each of the XP Vehicles Claims is signed by Scott Douglas Redmond ("Mr. Redmond") as so-called "Trustee-Shareholder" of XP Vehicles.

7. Next, although each proof of claim contains many pages, there are essentially two parts of a single attachment to each proof of claim. Each proof of claim begins with a three-page, unattributed document (Claims 61, 62 and 86 all have the same document; Claim 98 has a different one). Nowhere does XP Vehicles assert or state any legal cause of action. Indeed, each of these three-page, unattributed documents mentions "XP" or "XP Vehicles" only once.

8. There are conclusory statements that (a) XP Vehicles purports to be in competition somehow (unspecified) with either Tesla Motors or certain renewable energy companies and (b) somehow "XP Vehicles" is the target of a vast conspiracy that includes the United States Government and Google. There is a statement that Gawker Media produced "two hatchet job articles, an animated hatchet job video and over 300 fake blog postings . . . in order to attack [XP Vehicles] and it's [sic] staff and funding." But the proofs of claim provide no detail about this supposed "hatchet job video" or the "fake blog postings." Indeed, these are not even identified. There is a statement that "Gawker Media took stock, cash, ad contract, assets,

3

tax evasion perks and other goods as compensation for running international hit-jobs on witnesses," but again no detail is provided.

9. The proofs then attach excerpts and news clippings from various internet sources, which clippings do not even mention "XP Vehicles Group." Nothing in the many pages explains anything about XP Vehicles[3] or provides a factual basis for the XP Vehicles conspiracy theory.

## APPLYING BANKRUPTCY RULE 7012 TO THIS PROCEEDING

10. Pursuant to section 502(b)(1) of the Bankruptcy Code, a claim is disallowed to the extent that it is unenforceable against the debtor and property of the debtor, under any agreement or applicable nonbankruptcy law. *Travelers Cas. & Sur. Co. of N. Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007). A proof of claim has *prima facie* validity and is "deemed allowed" until an objection is filed. To overcome this *prima facie* effect, the objecting party must bring forward evidence equal in probative force to the evidence underlying the proof of claim. *In re Oneida Ltd.*, 400 B.R. 384 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Int'l., Inc.* 954 F.2d 167, 173 (3d Cir. 1992). The claimant must then "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Id.*; *Helliwell v. George R. Burrows, Inc. (In re George R Burrows, Inc.)*, 156 F.2d 640, 641 (2d Cir. 1946) ("[A]s soon as the trustee introduced any substantial evidence in opposition the claimants needed to establish by a preponderance of all the evidence that the claims as filed were based on facts which entitled the claimants to their allowance under the law. The burden of over-all proof was then on the claimants.").

11. This contested matter and resolution of the XP Vehicles Claims (as with several other claims filed in these bankruptcy cases) will be made more orderly and efficient by applying

---

[3] Whatever and whoever XP Vehicles purports to be, its proofs of claim assert that it has delivered a "Report to Congress."

4

59567763_7

certain parts of Rule 7012. The supporting information for the XP Vehicles Claims is in the nature of a *pro se* complaint in a civil action, which are at times asserted by letter or other document that is not organized in the manner of a traditional complaint. This Court can treat it like a complaint and resolve the matter.

12. Indeed, in many circumstances, bankruptcy courts in this District have analogized their resolution of proofs of claim based on outside litigation to the ordinary civil litigation process, without formally invoking and applying Rule 7012. "In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint, a trustee's objection to an answer." *In re 20/20 Sport, Inc.*, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) (Lifland, J.). Further, "[i]n determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." *In re DJK Residential LLC*, 416 B.R. 100, 106-07 (Bankr. S.D.N.Y. 2009) (sustaining claim objection and disallowing claim that repeated causes of action in related litigation for failing to satisfy Fed. R. Civ. P. 9 when claimants failed to show that claim was facially plausible); *see also In re Residential Capital, LLC*, 518 B.R. 720, 726, 731-32 (Bankr. S.D.N.Y. 2014) (disallowing claims, based on complaint filed pre-petition in state court, that failed to state "a plausible basis for the Debtors' liability" under federal pleading standards).

13. In this contested matter, the Court should direct that Federal Rules of Civil Procedure 12(b)(6) and/or 12(c) (available pursuant to Bankruptcy Rule 7012(b) and 9014(a)) shall apply. "The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Fed. R. Bankr. P. 9014.

14. Following application of Rule 12(b)(6) and Rule 12(c), this Court could then consider the XP Vehicles Claims, this Objection, any response and any reply papers, either to be briefing on a motion to dismiss or a motion for judgment on the pleadings.

## **OBJECTION**

15. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a). A debtor may object to a claim on any ground that would be reason to deny the claim outside of bankruptcy. 11 U.S.C. § 502(b)(1); *Travelers Cas. & Sur. Co. of N. Am. v. Pac. Gas & Elec. Co.*, 549 U.S. at 450. A party objecting to a claim must introduce evidence sufficient to rebut the presumption of validity afforded a properly filed proof of claim. *See Cal. State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co.)*, 837 F.2d 696, 698 (5th Cir. 1988); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Once sufficient evidence is introduced, the burden shifts to the claimant to prove its claim by a preponderance of the evidence. *Id.; see also Garner v. Shier (In re Garner)*, 246 B.R. 617, 622 (B.A.P. 9th Cir. 2000).

16. Pursuant to Bankruptcy Rule 3007(d)(3) a debtor may object to claims and seek their disallowance where such claims "have been amended by subsequently filed proofs of claim."

17. GMGI objects to Claim No. 98 on the basis that it should be disallowed and expunged as amended and superseded by Claim No. 61. Both are against GMGI. It appears that Claim No. 98 was submitted by mail, while the other three XP Vehicles Claims were electronically submitted. Thus Claim No. 98, although completed earlier, was superseded by a claim with an earlier number on the claims register.

6

18.     Additionally, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  *See* 11 U.S.C. § 502(b)(1).  The Debtors object to each of the XP Vehicles Claims as unenforceable for failing to allege facts from which liability can exist.

I.     **Claim No. 98 Must Be Disallowed and Expunged as Amended and Superseded by Claim No. 61**

19.     There are two XP Vehicles Claims filed against GMGI.  GMGI has determined that XP Vehicles amended Claim No. 98 (sent by hand) when XP Vehicles filed Claim No. 61 (electronically filed).  Pursuant to Bankruptcy Rule 3007(d)(3), a debtor may object to claims and seek their disallowance where such claims "have been amended by subsequently filed proofs of claim . . . ."  Fed. R. Bankr. P. 3007(d)(3).  The estates should not be required to pay more than once on the same obligation.  Disallowing and expunging Claim No. 98 will enable PrimeClerk to maintain a Claims Register that more accurately reflects valid claims against GMGI.  To avoid the possibility of multiple recoveries on the same claim by XP Vehicles, GMGI respectfully requests that the Court disallow Claim No. 98 in its entirety and that PrimeClerk be permitted to revise the Claims Register to reflect that Claim No. 98 has been disallowed as having been amended and superseded by Claim No. 61.

II.     **The XP Vehicles Claims Fail to Allege Facts that Would Support a Finding that the Debtors Are Legally Liable to XP Vehicles**

20.     "In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure."  *In re DJK Residential*, 416 B.R. at 106; *see also In re Residential Capital*, 518 B.R. at 731.  Indeed, it has long been axiomatic that "proofs of claim should at least allege facts from which liability . . . can be seen to exist."  *Svenska Taendsticks Fabrik*

7

*Aktiebolaget v. Irving Tr. Co. (In re Int'l Match Corp.)*, 69 F.2d 73, 76 (2d Cir. 1934) *see also In re Residential Capital, LLC*, 518 B.R. at 731. Accordingly, there must be "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l,* 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between the possibility and the plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. "In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint, [and] a trustee's objection to an answer . . . ." *In re 20/20 Sport, Inc.*, 200 B.R. at 978.

21.     Even given the traditional leniency and this Court "construe[s] liberally" the attachments to the XP Vehicles Claims, "the court is not permitted to serve as de facto counsel and rewrite an otherwise deficient pleading in order to sustain an action." *In re Residential Capital, LLC*, No. 12-12020 (MG), 2014 WL 301974, at *9 (Bankr. S.D.N.Y. Jan., 27, 2014). The most generous reading of the XP Vehicles Claims would be that they assert a theory that (i) Gawker was in a broad conspiracy to help Elon Musk and others, (ii) Gawker published articles that placed XP Vehicles at a market disadvantage in some way, and (iii) Gawker articles relevant to XP were in some way deceptive and fraudulent.

22.     Under the ordinary *Iqbal/Twombly* standard for complaints, the allegations of the XP Vehicles Claims would fail. The XP Vehicles Claims contain only conclusory allegations regarding any conspiracy. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), itself involved the failure to plausibly plead a conspiracy, and the allegations here are conclusory, without any of the kind of detail that still did not meet the pleading requirements in that case. XP Vehicles does not allege what any agreement was, how it came about, or other matters. *See id.* at 565 n.10. As noted above, the attachments to the proofs of claim only mention XP Vehicles itself in passing,

8

and therefore do not provide any plausible allegations of market disadvantage. *See id.* at 567-68 (market disadvantage from particular behavior is not clear, and therefore not plausible enough to survive motion to dismiss).

23. To the extent the XP Vehicles Claims allege fraud, the claims are also disallowable because of Rule 9(b) of the Federal Rules of Civil Procedure, made applicable by Rules 7009 and 9014 of the Federal Rules of Bankruptcy Procedure. A cause of action that is "premised on allegations of fraud" implicates Federal Rule 9(b)'s heightened pleading requirements, even if the legal claims are not expressly denominated as such. *See Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). As the Court of Appeals has explained, certain "wording and imputations . . . are classically associated with fraud: that [the document at issue] was 'inaccurate and misleading'; that it contained 'untrue statements of material facts'; and that 'materially false and misleading written statements' were issued." *Id.* at 172. The XP Vehicles Claims contain some such words and imputations, e.g., that Gawker Media produced "300 fake blog postings," that Gawker Media "manipulate[s] information in a contrive manner to attack individuals." This is perhaps as close as these proofs of claim come to being understandable at all. If this is the gravamen of the proofs of claim, then the XP Vehicles Claims sound in fraud.

24. A claim of fraud must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). "'[C]onclusory allegations' do not satisfy the pleading requirements of Rule 9(b)." *Honeyman v. Hoyt (In re Carter-Wallace, Inc. Sec. Litig.)*, 220 F.3d 36, 40 (2d Cir. 2000).

25. The allegations and attachments serving as support for the XP Vehicles Claims have none of this particularity, and therefore should be disallowed. Each XP Vehicles Claim is

9

at best no more than a series of legal conclusions posing as factual allegations; none contain any supporting facts or evidence that talk about XP Vehicles or how it relates to the Debtors. There are mentions of XP Vehicles, conspiracy, damages and "Gawker." If these even amount to legal theories, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## RESPONSES TO THIS OBJECTION

26. Any responses to this Objection must be filed on or before 4:00 p.m. (Eastern Time) on November 14, 2016, in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

27. Neither the filing of this Objection nor entry of the Proposed Order shall affect any rights of the Debtors, their estates, any estate representative, or any other party in interest in these chapter 11 cases to object this or any other claim for any purposes, including, without limitation, allowance and distribution under a plan, or any rights of the holders of any Claim to contest any objection.

## NOTICE

28. Notice of this Objection has been provided to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) Simpson Thacher & Bartlett LLP, counsel to the Official Committee of Unsecured Creditors of Gawker Media LLC, et al.; (iii) Latham & Watkins LLP, counsel to US VC Partners LP, as Second Lien Lender; (iv) the Claimant at the address provided on the XP Vehicles Claims; and (v) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that further notice of this Objection is neither required nor necessary.

10

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

Dated: October 31, 2016
      New York, New York

*/s/ D. Ross Martin*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Peter Walkingshaw (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
peter.walkingshaw@ropesgray.com

*Counsel to the Debtors
and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

59567763_7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
:
In re                                              :    Chapter 11
:
Gawker Media LLC, *et al.*,[1]                     :    Case No. 16-11700 (SMB)
:
Debtors.                        :    (Jointly Administered)
:
-------------------------------------------------------x

### ORDER GRANTING DEBTORS' OMNIBUS
### OBJECTION TO PROOFS OF CLAIM FILED BY XP VEHICLES GROUP

Upon the objection of Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft., "Gawker Hungary") as debtors and debtors in possessions (collectively, the "Debtors") for the entry of an order (the "Order") disallowing Proof of Claim Nos. 61, 62, 86 and 98 (the "XP Vehicles Claims") filed by XP Vehicles Group ("XP Vehicles"), as more fully set forth in the Objection; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that Gawker provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59567763_7

at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein. All capitalized terms used but not defined herein shall have the meanings attributed to such terms in the Objection.

2. Federal Rules of Civil Procedure 12(b)(6) and 12(c) are applicable to this contested matter pursuant to Bankruptcy Rules 7012 and 9014.

3. The XP Vehicles Claims are disallowed in their entirety.

4. Prime Clerk LLC, the Court-appointed claims agent in these Chapter 11 Cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the disallowance of the XP Vehicles Claims.

5. The Debtors are authorized to take all actions necessary to implement this Order.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2016

                                          THE HONORABLE STUART M BERNSTEIN
                                          UNITED STATES BANKRUPTCY JUDGE