ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
|  |  |
|---|---|
| In re | Chapter 11 |
| Gawker Media LLC, *et al.*,[1] | Case No. 16-11700 (SMB) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------x

## NOTICE OF DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' First Omnibus Objection to Claims (Debtor, Officer and Employee Indemnification Claims)* (the "Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **December 1, 2016 at 10:30 a.m. (Eastern Time)** before the Honorable Judge Stuart M. Bernstein, at the United States Bankruptcy Court for the Southern District of New York,

---

1 The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056).  Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Courtroom No. 723.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Objection and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **November 14, 2016**, **at 4 p.m.** (**Eastern Time**) (the "Response Deadline"), upon: (i) the Debtors, Gawker Media LLC, c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022 (wholden@opportune.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970 Market Street, Philadelphia, PA 19104 (mimi.m.wong@irscounsel.treas.gov); (v) the United States Attorney's Office for the Southern District of New York, Attn: Bankruptcy Division, 86 Chambers Street, 3rd Floor, New York, NY 10007 (david.jones6@usdoj.gov; Jeffrey.Oestericher@usdoj.gov; Joseph.Cordaro@usdoj.gov; Carina.Schoenberger@usdoj.gov); (vi) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919

Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, at both 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); and (ix) parties that have requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection by the Response Deadline, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

[*Remainder of this page intentionally left blank*]

59300002_6

**PLEASE TAKE FURTHER NOTICE** that a copy of the Objection may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 31, 2016
      New York, New York

/s/  D. Ross Martin

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

59300002_6

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
                                              :
In re                                         :      Chapter 11
                                              :
Gawker Media LLC, *et al.*,[1]                :      Case No. 16-11700 (SMB)
                                              :
                    Debtors.                  :      (Jointly Administered)
                                              :
--------------------------------------------------------x

## DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY GAWKER HUNGARY KFT (F/K/A KINJA KFT)
## INDEMNIFICATION CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM SOLELY AS AGAINST GAWKER HUNGARY KFT (F/K/A KINJA KFT). CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, GREGG M. GALARDI, AT (212) 596-9000.**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Gawker Hungary Kft. (f/k/a Kinja Kft.)[2] as debtor and debtor in possession ("Gawker Hungary", and together with Gawker Media LLC and Gawker Media Group Inc., each as debtor and debtor in possession, the "Debtors") in one of the above-captioned cases (the "Bankruptcy Cases"), hereby files this omnibus objection (the "Objection") to certain claims identified on **Schedule 1** to Exhibit A attached hereto (the "Gawker Hungary Indemnification Claims") and seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, disallowing and expunging such Indemnification Claims pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Objection, Gawker Hungary submits the declaration of William D. Holden (the "Holden Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, Gawker Hungary respectfully states as follows:

## STATEMENT OF FACTS

1.      On June 10, 2016 (the "Petition Date"), Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI, and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases. On June 24, 2016, the United States Trustee for the Southern

---

[2] Pursuant to the Debtor's Asset Purchase Agreement with UniModa, LLC, Kinja Kft. changed its name to Gawker Hungary Kft. Any proof of claim filed as to Kinja kft. is a proof of claim against Gawker Hungary, and there is no need to file a new proof of claim because of the name change of the Debtor.

District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 62] (the "Committee").

3. On July 14, 2016, the Court entered an order [Docket No. 100] appointing Prime Clerk LLC ("Prime Clerk") as the notice and claims agent in these chapter 11 cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

4. On August 11, 2016, the Bankruptcy Court entered an order [Docket No. 168] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases. Specifically, among other things, the Court established: (a) September 29, 2016, as the deadline for all persons and entities asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, to file written proofs of claim; and (b) December 9, 2016, for all governmental units asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date to file written proofs of claim (together, the "Bar Dates").

5. In accordance with the Bar Date Order, the Debtors provided written notice of the Bar Dates to all known potential creditors of the Debtors according to the Debtors' books and records at the time of mailing of the notice. The Debtors also provided written notice of the Bar Dates to each of the parties and entities identified as creditors on each of the Schedules, and, on September 14, 2016, the Debtors published notice of the Bar Dates in the national edition of *USA TODAY*.[3]

---

[3] *See Affidavit of Publication* [Docket No. 271].

6.     To date, over 300 proofs of claim have been filed against the Debtors in these chapter 11 cases.

7.     Gawker Media is a Delaware limited liability company.  Gawker Media operates seven distinct media brands with corresponding websites under the names *Gawker*, *Deadspin*, *Lifehacker*, *Gizmodo*, *Kotaku*, *Jalopnik*, and *Jezebel* (the "Websites"), all pursuant to intellectual property owned by and licensed from Gawker Hungary.  The stories on the Websites are written by, and edited by, employees of, and/or independent contractors for, Gawker Media.

8.     Gawker Hungary is a Hungarian corporation.  Gawker Hungary owns the proprietary publishing and discussions platform and intellectual property used by Gawker Media's brands and Websites.  As of the Petition Date, Gawker Hungary employed 25 individuals, who provide technology and programming, editorial and administrative services (the "Hungarian Employees").

9.     As of the Petition Date, Gawker Media employed approximately 192 full-time salaried employees (the "Salaried Employees") and 3 hourly employees (the "Hourly Employees," together with the Salaried Employees, the "U.S. Employees").  From time to time Gawker Media hired independent contractors.  The U.S. Employees and independent contractors included writers and editors for the Websites.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicate for the relief requested herein is sections 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

-4-

## RELIEF REQUESTED

11.    Gawker Hungary files this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007(d), seeking entry of the Order disallowing and expunging in their entirety the Indemnification Claims identified on <u>Schedule 1</u> to the Order.

## BASIS FOR RELIEF

12.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

14.    The Debtors have authority to file this Objection pursuant to Bankruptcy Rule 3007(d)(5), which authorizes debtors to join in an omnibus fashion those "objections to more than one claim . . . based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they have been filed in the wrong case."  Fed. R. Bankr. Proc. 3007(d)(2).

## OBJECTION

15.    The Gawker Hungary Indemnification Claims should be expunged because the Claimants have not established the right to indemnification or advancement from Gawker Media under any applicable law.

16.     All of the Gawker Hungary Indemnification Claims listed on <u>Schedule 1</u> are asserted by former employees of, or independent contractors for, Gawker Media.  Such creditors do not have indemnification claims against Gawker Hungary.  There is no contract, custom, usage of trade or practice of Gawker Hungary indemnifying writers and editors of stories produced by Gawker Media.  None of the Claimants were Hungarian Employees.  None of the Claimants otherwise had a legal relationship with Gawker Hungary.

17.     Without any legal relationship to, contract with, or usage of trade, custom or practice with respect to, Gawker Hungary, there is no legal or factual basis for the Gawker Hungary Indemnification Claims.  None of the proofs of claim listed on <u>Schedule 1</u> lists any basis for liability of Gawker Hungary arising from the Indemnification Claims.  Accordingly, the Claimants have failed to even establish a prima facie basis for the Indemnification Claims.

18.     This Objection is without prejudice to any assertion of any creditor of indemnification rights against Gawker Media and/or GMGI.  It is also without prejudice to the rights of those Debtors, or any other party in interest, to object to indemnification claims at Gawker Media and/or GMGI, including, but not limited to, those filed by the Claimants.

## <u>RESPONSES TO THIS OBJECTION</u>

19.     Any responses to this Objection must be filed on or before 4:00 p.m. (Eastern Time) on November 14, 2016, in accordance with the procedures set forth in the notice of this Objection.

## <u>RESERVATION OF RIGHTS</u>

20.     To the extent not disallowed by this Objection, the Debtors reserve the right to object further to all Gawker Hungary Indemnification Claims on any and all additional factual or legal grounds.  Without limiting the generality of the foregoing, the Debtors

-6-

specifically reserve the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response filed by or on behalf of any of the Claimants or other interested parties; (b) object further to any Gawker Hungary Indemnification Claim for which a Claimant provides (or attempts to provide) additional documentation or substantiation, including pursuant to section 502(e) of the Bankruptcy Code; (c) seek subordination of any Gawker Hungary Indemnification Claim, including pursuant to section 509 of the Bankruptcy Code, and (d) object further to any Gawker Hungary Indemnification Claim based on additional information that may be discovered upon further review by the Debtors or through discovery.

## **NOTICE**

21.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) Simpson Thacher & Bartlett LLP, counsel to the Official Committee of Unsecured Creditors of Gawker Media LLC, et al.; (iii) Latham & Watkins LLP, counsel to US VC Partners LP, as Second Lien Lender; (iv) the respective counsel of each Claimant of a Gawker Hungary Indemnification Claim, if represented, and to the Claimant otherwise; and (v) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  Gawker Hungary respectfully submits that further notice of this Objection is neither required nor necessary.

*[Remainder of this page intentionally left blank]*

59300002_6

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Gawker Hungary respectfully requests that the court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

Dated: October 31, 2016
      New York, New York

*/s/ D. Ross Martin*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors
and Debtors in Possession*

-8-

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                              :

In re                          :         Chapter 11
                              :

Gawker Media LLC, *et al.*,[1]       :         Case No. 16-11700 (SMB)
                              :

             Debtors.        :         (Jointly Administered)
                              :
-------------------------------------------------------x

### ORDER GRANTING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS)

Upon the objection (the "Objection")[2] of the above-caption debtors (collectively, the "Debtors"), for entry of an order (this "Order") disallowing and expunging the Indemnification Claims set forth on Schedule 1 attached hereto; and upon the Holden Declaration; and the Court having found that it has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding and the Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the Holden Declaration; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors' estates, creditors, and all parties in interest and that the legal and factual bases set forth

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The relief requested in the Objection is granted to the extent provided herein.

2.      Each of the Indemnification Claims identified on the attached <u>Schedule 1</u> are hereby disallowed and expunged in their entirety for the reasons set forth in the Objection.

3.      Prime Clerk LLC, the Debtors' claims and noticing agent, is authorized to cause the Claims Register to be amended to reflect the terms of this Order.

4.      The disallowance and expunging of the Indemnification Claims shall not create, and is not intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

5.      Entry of this Order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases or to further object to the Indemnification Claims (to the extent such Indemnification Claims are not disallowed and expunged pursuant to this Order) on any grounds whatsoever, at a later date.

6.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Schedule 1</u> annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on <u>Schedule 1</u> annexed hereto, including, without limitation, the ability of the Debtors to seek, with respect to any Indemnification Claim as to which the Court does not grant the relief requested in the Objection, (i) disallowance and/or subordination pursuant to Bankruptcy Code sections 502(e)(1)(B) and 510(b); (ii) disallowance on the grounds that any liability for such claims is not reflected in the Debtors' books and records; or (iii)

-2-

disallowance on the grounds that the Indemnification Claims are not supported by sufficient documentation.

7.       Notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on July 13, 2016 [Docket No. 93], and the Local Bankruptcy Rules of this Court are satisfied by such notice.

8.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.       The Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

10.      This Order shall be a final order with respect to each of the Indemnification Claims identified on Schedule 1, annexed hereto, as if each such Indemnification Claim had been individually objected to.

11.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
         New York, New York

_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

| Indemnification Claims |
| :---: |

Note: Claimants are listed alphabetically by last name or by entity name.

| SEQ NO. | NAME | CLAIM NO. | DATE FILED | CLAIMED DEBTOR | CASE NO. | CLAIM AMOUNT |
| :---: | :--- | :---: | :---: | :---: | :---: | ---: |
| 1 | Aguilar, Mario | 208 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 2 | Alzona, Angelica | 217 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 3 | Ballaban, Michael | 225 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 4 | Biddle, Sam Faulkner | 147 | 09/26/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 5 | Bluestone, Gabrielle | 84 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 6 | Bluestone, Gabrielle | 109 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 7 | Burke, Timothy | 232 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 8 | Burneko, Albert | 198 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 9 | Carmichael, Emma | 103 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 10 | Carmon, Irin | 193 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 11 | Collins, Andrew | 179 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 12 | Cook, John | 230 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 13 | Cooke, James J. | 207 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 14 | Darbyshire, Gabrielle | 111 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 15 | Davies, Madeleine | 139 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 16 | de Souza, Veronica | 210 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 17 | Donohue, Lacey | 76 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 18 | Draper, Kevin | 205 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 19 | Dries, Kate | 219 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 20 | Drummond, Katherine | 110 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 21 | Escobedo Shepherd, Julianne | 104 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 22 | Faircloth, Georgia Kelly | 254 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 23 | Feinberg, Ashley | 238 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |

| 24 | Finger, Robert | 216 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 25 | George, Patrick | 192 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 26 | Goldberg, Ryan | 235 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 27 | Haisley, William | 152 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 28 | Hardigree, Matt | 194 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 29 | Henry, Alan | 215 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 30 | Hope, Clover | 281 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 31 | Howard, Gregory | 203 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 32 | Juzwiak, Rich | 201 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 33 | Kalaf, Samer | 196 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 34 | Keyser, Hannah | 167 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 35 | King, James | 234 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 36 | Kleeman, Sophie | 157 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 37 | Klosowski, Thorin | 264 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 38 | Laffoon, Patrick | 227 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 39 | Magary, Andrew | 250 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 40 | Marchman, Tim | 195 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 41 | Merlan, Anna | 200 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 42 | Moskovitz, Diana | 209 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 43 | Nolan, Hamilton | 228 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 44 | Novak, Matt | 237 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 45 | O'Connor, Brendan | 222 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 46 | Orin, Andrew | 204 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 47 | Ouellette, Jennifer | 289 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 48 | Pareene, Alexander | 220 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 49 | Petchesky, Barry | 236 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 50 | Redford, Patrick | 206 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 51 | Rothkopf, Joanna | 78 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 52 | Ryan, Erin | 218 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |

59300002_6

| 53 | Sargent, Jordan | 226 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 54 | Scocca, Tom | 155 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 55 | Shechet, Eleanor | 213 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 56 | Stout, Kelly | 108 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 57 | Totilo, Stephen | 258 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 58 | Trendacosta, Katharine | 161 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 59 | Trotter, Joseph Keenan | 239 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 60 | Turton, William | 117 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |
| 61 | Woolley, Sam | 197 | 09/28/2016 | Kinja Kft. | 16-11718 | $0.00 |

59300002_6

## Exhibit B

## William D. Holden Declaration

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------x

**DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF**
**THE DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS**
**(DIRECTOR, OFFICER AND EMPLOYEE INDEMNIFICATION CLAIMS)**

I, William D. Holden, being duly sworn, hereby declare as follows:

1.       I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media").

As Chief Restructuring Officer I am responsible for all claims management related matters for

the Debtors.   I am generally familiar with the Debtors day-to-day operations, financing

arrangements, business affairs, and books and records that reflect, among other things, the

Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.  I have

read the *Debtors' First Omnibus Objection to Claims (Director, Officer and Employee*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

*Indemnification Claims)* (the "Objection") and am directly, or by and through the Debtors'
advisors and personnel, familiar with the information contained therein and the exhibits attached
thereto.[2]

2.      I am authorized to submit this declaration (this "Declaration") in support of the
Objection.  All matters set forth in this Declaration are based on: (a) my personal knowledge;
(b) my review of relevant documents; (c) my view, based on my experience and knowledge of
the Debtors' operations, books and records, and personnel; (d) information supplied to me by
others at the Debtors' request; and (e) as to matters involving United States bankruptcy law or
rules or other applicable laws, my reliance on the advice of counsel or other advisors to the
Debtors.  If called upon to testify, I could and would testify competently to the facts set forth
herein.

3.      To the best of my knowledge, information, and belief, insofar as I have been able
to ascertain after reasonable inquiry, considerable time and resources have been expended to
ensure a high level of diligence in reviewing and reconciling the proofs of claim filed against the
Debtors in these chapter 11 cases.  Upon a thorough review of the proofs of claim filed in these
chapter 11 cases and supporting documentation thereto, the Debtors have determined that each
proof of claim listed on Schedule 1 to the proposed order (the "Order") annexed to the Objection
(the "Indemnification Claims") is asserted by former directors, officers, or employees of the
Gawker Media (including individuals who served in these capacities prior to the pendency of the
chapter 11 cases and individuals who served in these capacities prior to and during the
continuation of the chapter 11 cases) (collectively, the "Claimants") and asserts claims for
indemnification, contribution, and/or reimbursement against Gawker Hungary.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the
Objection.

4.      Based on my review of the Indemnification Claims, none of the Claimants had an employment relationship with Gawker Hungary that could give rise to a right to indemnification. Each of the Claimants was an employee of Gawker Media.  Each of the Claimants' employment agreements, to the extent it contains any form of indemnification, is solely binding on Gawker Media.[3]

5.      Further, to the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, Gawker Hungary did not promise or agree to any form of indemnification with any of the Claimants.

6.      Accordingly, based upon the Liquidating Trust's review of the Indemnification Claims described above, and for the reasons set forth in the Objection, I have determined that each Indemnification Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

*[Remainder of this page intentionally left blank]*

---

[3] Certain of the Claimants' employment agreements were executed with one of Gawker Media's subsidiaries or predecessors in interest including, but not limited to, Gawker Technology, LLC and Gawker Entertainment, LLC.

59300002_6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated: October 31, 2016

_____
William D. Holden

-4-