UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
Gawker Media LLC, *et al.*,[1]          :    Case No. 16-11700 (SMB)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
------------------------------------------------------x

## ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA GROUP, INC., GAWKER MEDIA LLC, AND GAWKER HUNGARY KFT., (III) THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) THE <u>SCHEDULING OF CERTAIN DATES WITH RESPECT THERETO</u>

Upon the motion (the "<u>Motion</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an order (the "<u>Order</u>") approving: (a) the adequacy of the *Disclosure Statement for the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (the "<u>Disclosure Statement</u>"), (b) solicitation and notice procedures with respect to confirmation of the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (the "<u>Plan</u>"), (c) the forms of Ballots (as defined herein) and notices in connection therewith, and (d) the scheduling of certain dates with respect thereto, all as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.  All capitalized terms used but not defined herein shall have the meanings attributed to such terms in the Motion.

2.      **Disclosure Statement Hearing.**  The Disclosure Statement Hearing Notice, filed by the Debtors and served upon parties in interest in these chapter 11 cases constitutes adequate and sufficient notice of the Disclosure Statement Hearing, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in accordance with Bankruptcy Rules 2002 and 3017.

3.      **Approval of Disclosure Statement.**  The Disclosure Statement is approved pursuant to section 1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017(b) as containing adequate information (as defined by section 1125(a) of the Bankruptcy Code).  To the extent not withdrawn, settled, or otherwise resolved, any objections to the approval of the Disclosure Statement are overruled.

4.     The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement, the Plan, the Solicitation Package, and related documents without further order of the Court, including changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and related documents (including the appendices thereto).

5.     **Voting Record Date.**  Pursuant to Bankruptcy Rule 3018(a), October 31, 2016 shall be the Voting Record Date for determining: (a) holders of Claims or Equity Interests that are entitled to vote on the Plan; and (b) whether Claims or Equity Interests have been properly transferred, including pursuant to Bankruptcy Rule 3001(e), such that the assignee may vote on the Plan.

6.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

7.     **Solicitation Procedures.**  The Solicitation Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference herein, are approved **as modified by the Court.** ~~in their entirety~~.  The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures.**[SMB: 11/4/16]**

8.     **Solicitation Packages.**  The Debtors shall cause the Solicitation Packages to be distributed to all Entities entitled to vote to accept or reject the Plan on or before November 7, 2016 (the "Solicitation Deadline").

9.     In addition to the Disclosure Statement and exhibits thereto, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those holders of Claims in

the Voting Classes entitled to vote on the Plan as of the Voting Record Date shall include the following, the form of each of which is hereby approved:

a. the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, which complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d); and

b. the appropriate form of Ballot (including voting instructions), substantially in the form attached hereto as **Exhibit 4**.

10. The Notice and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims against and Equity Interests in the Debtors, (c) responding to inquiries from holders of Claims and Equity Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan.

11. **Confirmation Hearing Notice.** On or before the Solicitation Deadline, the Debtors shall send the Confirmation Hearing Notice to all known holders of Claims and Equity Interests.  The Confirmation Hearing Notice constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

12. **Publication Notice.** On or before November 16, 2016, the Debtors shall publish the Confirmation Hearing Notice once in the national edition of *USA Today* in substantially the form attached hereto as **Exhibit 2** and hereby approved.  The publication of the Publication Notice in this manner will provide sufficient notice of the Voting Deadline, Objection Deadline,

59600160_3

and time, date, and place of the Confirmation Hearing to persons who do not otherwise receive

notice by mail as provided for in this Order.

13.     **Voting Deadline.**  The Voting Deadline shall be on December 5, 2016 at 5:00

p.m., New York Time, unless otherwise extended by the Debtors.  All votes to accept or reject

the Plan must be cast by using the appropriate Ballot.  All Ballots must be properly executed,

completed, and delivered according to their applicable voting instructions by:  (a) first class mail

or in the return envelope provided with each Ballot or Opt-Out Notice; (b) overnight delivery; or

(c) personal delivery, so that the Ballots are **actually received** by the Notice and Claims Agent

no later than the Voting Deadline at the return address set forth in the applicable Ballot.

14.     **Approval of Form of Non-Voting Status Notices.**   Except to the extent the

Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to

holders of Claims or Equity Interests in the Non-Voting Classes, as such holders are not entitled

to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Notice and Claims Agent

shall mail to such parties, as applicable, a Non-Voting Status Notice in lieu of Solicitation

Packages, the form of each of which is hereby approved.

15.     The Non-Voting Status Notice for Unimpaired Classes, substantially in the form

attached hereto as **Exhibit 5**, is approved.

16.     The Non-Voting Status Notice for Deemed Rejecting Classes, substantially in the

form attached hereto as **Exhibit 6**, is approved.

17.     The Debtors shall not be required to solicit votes from the following:  (a) holders

of Administrative Claims or Priority Tax Claims (each in their capacities as such) because such

claims are Unclassified under the Plan and therefore are not entitled to vote on the Plan;

(b) holders of Claims or Equity Interests in the Unimpaired Classes because such Claims and

Equity Interests are Unimpaired under the Plan and are conclusively presumed to have accepted

the Plan; and (c) holders of Claims or Equity Interests in the Deemed Rejecting Classes because

such Claims and Equity Interest are deemed to have rejected the Plan.  In lieu of distributing a

Solicitation Package to such holders of Claims or Equity Interests, the Debtors shall cause (a) the

Confirmation Hearing Notice, and (b) the Non-Voting Status Notices, as applicable, to be served

on such holders of Claims and Equity Interests that are not entitled to vote.

18.     The Debtors shall be excused from mailing Solicitation Packages to those Entities

to whom the Debtors caused a Disclosure Statement Hearing Notice to be mailed and received a

notice from the United States Postal Service or other carrier that such notice was undeliverable

unless such Entity provides the Debtors, through the Notice and Claims Agent, an accurate

address not less than ten (10) days prior to the Solicitation Date.  If an Entity has changed its

mailing address after the Petition Date, the burden is on such Entity, not the Debtors, to advise

the Debtors and the Notice and Claims Agent of the new address.

19.     The Debtors are not required to mail Solicitation Packages or other solicitation

materials to holders of Claims that have already been paid in full during the chapter 11 cases.

20.     **Disputed Claims.**  Holders of Claims that are subject to a pending objection by

the Debtors as of the Voting Record Date, October 31, 2016, will receive a notice, substantially

in the form attached hereto as **Exhibit 7**, which notice is approved.  Holders of such Claims are

not entitled to vote the disputed portion of their Claim; provided, however, that a holder of a

Claim that is the subject of a pending objection on the Voting Record Date and is classified in

Class 1C, Class 2C or Class 2D may elect to be treated as a GMGI General Unsecured

Convenience Class Creditor or a Gawker Media General Unsecured Convenience Class Creditor,

as applicable, by completing the election form attached as Exhibit A to the Disputed Claim

6

Notice and submitting it to the Notice and Claims Agent in accordance with the instructions therein.

21.     If a Claim or Equity Interest is objected to after the Voting Record Date, such Claim or Equity Interest will be Allowed for voting purposes unless the Bankruptcy Court enters an order at or before the Confirmation Hearing granting the Debtors' objection.  The Debtors may object to a Claim or Equity Interest no later than seven (7) days prior to the Voting Deadline.  The hearing on any such objections shall be the Confirmation Hearing unless a Resolution Event occurs prior to that date.

22.     The Plan Confirmation Schedule, as set forth below and subject to Court-approved modification as necessary, is approved.  All times shall be New York Time.

| Event | Date |
|---|---|
| Voting Record Date | October 31, 2016 |
| Solicitation Commencement Deadline | November 7, 2016 |
| Deadline to Cause Confirmation Hearing Notice to Be Published in Notice Publications | November 16, 2016 |
| Deadline to File Plan Supplement | November 30, 2016 |
| Voting Deadline | December 5, 2016, at 5:00 p.m. |
| Plan Objection Deadline for All Parties | December 5, 2016, at 4:00 p.m. |
| Deadline to File Voting Report | December 6, 2016 |
| Pre-Trial Motion Deadline | December 9, 2016 |
| Deadline to File Confirmation Brief and Response to Objections to the Plan | December 9, 2016 |
| Commencement of Confirmation Hearing | December 13, 2016, at 10:00 a.m. |

23.     **Bankruptcy Rule 3016(c).**  The Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Ballots, and the Non-Voting Status Notices provide all parties in interest with sufficient notice regarding the settlement, release, exculpation, and injunction provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

7

24.      **Procedures for Filing Objections to Plan.**  Any objections to the Plan must be filed by the Plan Objection Deadline and must:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Equity Interest; (d) state with particularity the basis and nature of any objection to the Plan; (e) propose a modification to the Plan (or related materials) that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by each of the notice parties identified in the Confirmation Hearing Notice by the Plan Objection Deadline.

25.      **Confirmation Hearing.**  The Confirmation Hearing shall be held on **December 13, 2016, at 10:00 a.m., New York Time**, which hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on:  (a) all entities that have filed a request for service of filings in the chapter 11 cases pursuant to Bankruptcy Rule 2002; and (b) each of the notice parties identified in the Confirmation Hearing Notice.

26.      Except to the extent as may be modified herein, all time periods in this Order shall be calculated in accordance with Bankruptcy Rules 2002 and 9006.

27.      To the extent any of the dates approved herein do not comply with those required under the Bankruptcy Rules or Local Rules, the reductions to such notice period(s) are approved pursuant to Bankruptcy Rule 9006(c).

28.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

29.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

59600160_3

30.     The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation of this Order.


New York, New York
Dated: <u>November 4th</u>, 2016

          /s/ STUART M. BERNSTEIN
          THE HONORABLE STUART M BERNSTEIN
          UNITED STATES BANKRUPTCY JUDGE

59600160_3

# EXHIBIT 1

## Solicitation Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                          :
In re                                     :          Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :          Case No. 16-11700 (SMB)
                                          :
                    Debtors.              :          (Jointly Administered)
                                          :
--------------------------------------------------------x

### SOLICITATION PROCEDURES

On November [____], 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures with Respect to Confirmation of the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., (III) the Form of Ballots and Notices in Connection Therewith, and (IV) the Scheduling of Certain Dates with Respect Thereto* (the "Disclosure Statement Order") that, among other things, (a) approved the adequacy of the *Disclosure Statement for the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as amended and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as amended and including all exhibits thereto, the "Plan") and (b) authorized the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances or rejections of the Plan from holders of Impaired Claims and Equity Interests who are (or may be) entitled to receive distributions under the Plan.[2]

### A.    The Voting Record Date

**The Court has approved October 31, 2016 as the record date (the "Voting Record Date") for purposes of determining which holders of Claims and Equity Interests in Class 1A (GMGI – Second Lien Make-Whole Claim), Class 1C (GMGI – General Unsecured Claims), Class 1E(ii) (GMGI – Gawker Media Intercompany Claims), Class 1F (GMGI – Preferred Equity Interests), Class 2A (Gawker Media – Second Lien Make-Whole**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan. Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the case website maintained by Prime Clerk LLC, the Debtors' Notice and Claims agent for these chapter 11 cases, available at https://cases.primeclerk.com/gawker/. You may also obtain copies of any pleadings by visiting the Court's website at www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Guaranty Claim), Class 2C (Gawker Media – General Unsecured Claims), Class 2D (Gawker Media – Punitive Damage Claims), Class 2F(i) (Gawker Media – Gawker Hungary Intercompany Claims), Class 2G (Gawker Media – Membership Interest), Class 3A (Gawker Hungary – Second Lien Make-Whole Guaranty Claim), 3D(ii) (Gawker Hungary – Gawker Media Intercompany Claims) and Class 3E (Gawker Hungary – Membership Interest) are entitled to vote on the Plan.  The Claims and Equity Interests comprising Classes 1E(ii), 2F(i), 2G, 3D(ii), and 3E are all held by Debtors that are also proponents of the Plan, and therefore will be deemed to vote to accept the Plan.

**B.      The Voting Deadline**

The Court has approved December 5, 2016, at 5:00 p.m., New York Time, as the voting deadline (the "Voting Deadline") for the Plan.  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court; provided, however, that the deadline to object to confirmation of the Plan must be extended by an equal amount of time.  To be counted as votes to accept or reject the Plan, all ballots ("Ballots") sent to registered holders of Claims and Equity Interests must be properly executed, completed, and delivered by:  (1) first class mail; (2) overnight courier; or (3) personal delivery so that they are *actually received*, in any case, no later than the Voting Deadline by the Notice and Claims Agent.  All Ballots should be sent to: Gawker Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022.  Delivery of a Ballot to the Notice and Claims Agent by facsimile, email, or any other electronic means (other than the online portal) will not be valid.

**C.      Form, Content, and Manner of Notices**

1.      **The Solicitation Package.**    The following materials shall constitute the solicitation package (the "Solicitation Package"):

(a)      a copy of these Solicitation Procedures;

(b)      the *Notice of Entry of Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures with Respect to Confirmation of the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., (III) the Form of Ballots and Notices in Connection Therewith, and (IV) the Scheduling of Certain Dates with Respect Thereto*, in substantially the form annexed as **Exhibit 2** to the Disclosure Statement Order (the "Confirmation Hearing Notice");

(c)      an appropriate form of Ballot, in substantially the form of applicable Ballot annexed as **Exhibit 4** to the Disclosure Statement Order, as applicable;

(d)      the approved Disclosure Statement (together with the proposed Plan attached as **Exhibit A** thereto); and

(e)      any supplemental documents the Debtors file with the Court and any documents that the Court orders to be made available.

2

2.    **Distribution of the Solicitation Package**.

The Solicitation Package shall provide the Disclosure Statement and Plan in electronic format (*i.e.*, CD-ROM or flash drive), and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format.  Any holder of a Claim or Equity Interest may obtain at no charge a paper copy of the documents otherwise provided by: (a) accessing the Notice and Claims Agent's website at https://cases.primeclerk.com/gawker/; (b) writing to the Notice and Claims Agent, by first-class mail, hand delivery, or overnight mail, Gawker Media, LLC, *et al*., Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022; (c) calling the Notice and Claims Agent at (855) 639-3375; or (d) emailing gawkerballots@primeclerk.com.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package on:  (a) the U.S. Trustee; (b) counsel to the Official Committee of Unsecured Creditors; and (c) all parties who have requested service of papers in these chapter 11 cases pursuant to Bankruptcy Rule 2002.   In addition, the Debtors shall mail, or cause to be mailed, the Solicitation Package to the following Entities in the Voting Classes on or before November 7, 2016:

(a)    all Entities who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that:  (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection on the Voting Record Date; provided that the holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection;

(b)    all Entities listed in the Debtors' Schedules as holding a noncontingent, liquidated, undisputed Claim as of the Voting Record Date, except to the extent that such Claim was paid, expunged, disallowed, disqualified, or superseded by a timely filed Proof of Claim prior to the Voting Record Date;

(c)    all Entities that hold Claims or Equity Interests pursuant to an agreement or settlement with the Debtors executed prior to the Voting Record Date, as reflected in a document filed with the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court, regardless of whether a Proof of Claim has been filed;

(d)    holders of any Disputed Claim that has been temporarily Allowed to vote or whose Claim was objected to on a "reduce and allow" basis; and

(e)    with respect to any Entity described in subparagraphs (a) through (d) above who, on or before the Voting Record Date, has transferred such Entity's Claim or Equity Interest to another Entity, to the assignee of such Claim or Equity Interest in lieu of sending such Solicitation Package to the assigning Entity; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

Holders of Claims and Equity Interests in classes that are Unimpaired will receive mailings with only the Confirmation Hearing Notice and the appropriate Non-Voting Status Notice.

3.    **Resolution of Disputed Claims for Voting Purposes; Resolution Event**.

(a)    The holder of a Claim or Equity Interest that is the subject of an objection as of the Voting Record Date will receive a Disputed Claim Notice, substantially in the form annexed as **Exhibit 7** to the Proposed Disclosure Statement Order, together with the Solicitation Package (excluding Ballots).  Any such holder that is classified in Class 1C, Class 2C or Class 2D may elect to be treated as a GMGI General Unsecured Convenience Class Creditor or a Gawker Media General Unsecured Convenience Class Creditor, as applicable, by completing the election form attached as Exhibit A to the Disputed Claim Notice and submitting it to the Notice and Claims Agent in accordance with the instructions therein. **The election will moot the pending objection. [SMB: 11/4/16]**

(b)    The holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection.

(c)    If a Claim or Equity Interest is objected to after the Voting Record Date, such Claim or Equity Interest will be deemed temporarily Allowed for voting purposes unless the Bankruptcy Court enters an order at or before the Confirmation Hearing granting the Debtors' objection.  The Debtors may object to a Claim or Equity Interest no later than seven (7) days prior to the Voting Deadline.  The hearing on any such objections shall be the Confirmation Hearing unless a Resolution Event occurs prior to that date.

(d)    A "Resolution Event" means the occurrence of one or more of the following events no later than three (3) days prior to the Voting Deadline:

i.    an order of the Court is entered allowing the Disputed Claim or Equity Interest pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

ii.    an order of the Court is entered temporarily allowing the Disputed Claim or Equity Interest for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

iii.    a stipulation or other agreement is executed between the holder of the Disputed Claim or Equity Interest and the Debtors resolving the objection and allowing such Disputed Claim or Equity Interest in an agreed upon amount;

iv.    a stipulation or other agreement is executed between the holder of the Disputed Claim or Equity Interest and the Debtors temporarily allowing the holder of such Claim or Equity Interest to vote its Claim or Equity Interest in an agreed upon amount; or

v.    the pending objection to the Disputed Claim or Equity Interest is voluntarily withdrawn by the Debtors.

4

(e)      No later than two (2) days following the occurrence of a Resolution Event, the Debtors shall cause the Notice and Claims Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant holder.

4.      **Non-Voting Status Notices for Unimpaired Classes**.  Certain holders of Claims and Equity Interests that are not classified in accordance with 11 U.S.C. § 1123(a)(1) or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under 11 U.S.C. § 1126(f) will receive only the *Notice of Non-Voting Status with Respect to Unclassified and Unimpaired Classes Deemed to Accept the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc., and Gawker Hungary Kft.*, substantially in the form annexed as **Exhibit 5** to the Disclosure Statement Order.  Such notice will instruct these holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

5.      **Non-Voting Status Notices for Deemed Rejecting Classes**.  Certain holders of Claims and Equity Interests that are not entitled to vote because they are deemed to reject the Plan under 11 U.S.C. § 1126(g) will receive only the *Notice of Non-Voting Status with Respect to Impaired Classes Deemed to Reject the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc., and Gawker Hungary Kft.*, substantially in the form annexed as **Exhibit 6** to the Disclosure Statement Order.  Such notice will instruct these holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

D.      **Voting and Tabulation Procedures**

6.      **Holders of Claims Entitled to Vote**.  Only the following holders of Claims and Equity Interest in the Voting Classes shall be entitled to vote with regard to such Claims or Equity Interests:

(a)      holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim which has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection on the Voting Record Date, other than a "reduce and allow" objection, pending a Resolution Event as provided herein; <u>provided</u> that a holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection; <u>further provided</u> that a holder of a Claim that is the subject of a pending objection on the Voting Record Date and is classified in Class 1C, Class 2C or Class 2D may elect to be treated as a GMGI General Unsecured Convenience Class Creditor or a Gawker Media General Unsecured Convenience Class Creditor, as applicable, by completing the election form attached as Exhibit A to the Disputed Claim Notice and submitting it to the Notice and Claims Agent in accordance with the instructions therein;

(b)      holders of Claims that are listed in the Schedules, ***other than*** Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed,

contingent, or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim);

(c)     holders whose Claims arise pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed; and

(d)     the assignee of a timely filed Proof of Claim or a Claim listed in the Schedules shall be permitted to vote such Claim only if the transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

7.     **Establishing Amounts of Claims and Equity Interests for Voting Purposes**. The amount of a Claim or Equity Interest established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim or Equity Interest.  Moreover, any amounts filled in on Ballots by the Debtors through the Notice and Claims Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim or Equity Interest associated with each claimant's vote:

(a)     the Claim or Equity Interest amount settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the Debtors pursuant to authority granted by the Court;

(b)     the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth in the Solicitation Procedures;

(c)     the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Claims Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; provided, however, that Ballots cast by holders of Claims who timely file a Proof of Claim in respect of a contingent Claim *or* in a wholly-unliquidated or unknown amount that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; provided further, however, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim; and

(d)     the Claim amount listed in the Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid.

In the absence of any of the foregoing, such Claim or Equity Interest shall be disallowed for voting purposes.

8.    **General Voting and Ballot Tabulation Procedures.** The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

(a)    except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

(b)    the Notice and Claims Agent will date-stamp all Ballots when received.  The Notice and Claims Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

(c)    no later than December 6, 2016, the Debtors will file with the Court a certification of votes (the "Voting Report").  The Voting Report shall, among other things, certify to the Court in writing the amount and number of allowed Claims or allowed Equity Interests of each class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail, or damaged ("Irregular Ballots").  The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot.  The Voting Report shall also certify to the Court in writing the amount and number of allowed Claims or allowed Equity Interests of each class.  The Voting Report shall be served upon the Committee and the U.S. Trustee;

(d)    the method of delivery of Ballots to be sent to the Notice and Claims Agent is at the election and risk of each holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Notice and Claims Agent actually receives the original executed Ballot;

(e)    an original executed Ballot is required to be submitted by the Entity submitting such Ballot, and delivery of a Ballot to the Notice and Claims Agent by facsimile, email, or any other electronic means (other than the online portal) will not be valid;

(f)    no Ballot should be sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), the Debtors' financial or legal advisors, the Committee, or the Committee's advisors, and if so sent will not be counted;

(g)    if multiple Ballots are received from the same holder with respect to the same Claim or Equity Interest prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot, subject to the requirements of Bankruptcy Rule 3018(a) with respect to changes related to acceptance or rejection of the Plan;

(h)    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or

7

representative capacity of a holder of Claims or Equity Interests must indicate such capacity when signing;

(i)      the Debtors **may**, **upon Court order** ~~subject to contrary order of the Court, may~~ waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such **proposed** waivers will be set forth in the Voting Report. ~~and subject to the review of the Court;~~**[SMB: 11/4/16]**

(j)      neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

(k)      unless **otherwise** ~~waived or as~~ ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted, subject to the review of the Court;**[SMB: 11/4/16]**

(l)      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Equity Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

(m)      ~~subject to any order of the Court,~~ **The** Debtors **may, upon Court order** ~~reserve the right to~~ reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules. ~~provided that~~ **A**ny such **proposed** rejections will be documented in the Voting Report. ~~and subject to the review of the Court;~~**[SMB: 11/4/16]**

(n)      if a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(o)      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

(p)      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim or Equity Interest; (ii) any Ballot cast by an Entity that does not hold a Claim or Equity Interest in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (iv) any unsigned Ballot or any Ballot or lacking an original signature; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

(q)      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors, and subject to the review of the Court; and

8

(r)    the Debtors are authorized to enter into stipulations with the holder of any Claim agreeing to the amount of a Claim for voting purposes, subject to the review of the Court.

### E.    Amendments to the Plan and Solicitation Procedures

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

**<u>EXHIBIT 2</u>**

**Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                 :

In re                               :          Chapter 11
                                   :

Gawker Media LLC, *et al.*,[1]        :          Case No. 16-11700 (SMB)
                                   :

             Debtors.        :          (Jointly Administered)
                                   :

---------------------------------------------------------x

**NOTICE OF ENTRY OF ORDER APPROVING (I) THE ADEQUACY
OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND
NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE
AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA
GROUP, INC., GAWKER MEDIA LLC, AND GAWKER HUNGARY KFT., (III) THE
FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND
(IV) THE SCHEDULING OF CERTAIN DATES WITH RESPECT THERETO**

**TO ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS AND PARTIES IN
INTEREST:**

1.     **Court Approval of the Disclosure Statement and the Solicitation Procedures.**  On
November ___, 2016, the United States Bankruptcy Court for the Southern District of New
York (the "Court") entered the *Order Approving (I) the Adequacy of the Disclosure
Statement, (II) the Solicitation and Notice Procedures with Respect to Confirmation of the
Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker
Media LLC, and Gawker Hungary Kft., (III) the Form of Ballots and Notices in Connection
Therewith, and (IV) the Scheduling of Certain Dates with Respect Thereto* (the "Disclosure
Statement Order") that, among other things: (a) approved the *Disclosure Statement for the
Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker
Media LLC, and Gawker Hungary Kft.* (as may further be amended from time to time and
including all exhibits and supplements thereto, the "Disclosure Statement") as containing
adequate information, as required under section 1125(a) of title 11 of the United States Code
(the "Bankruptcy Code"), and (b) authorized the above-captioned debtors and debtors in
possession (collectively, the "Debtors") to solicit votes with regard to the acceptance or
rejection of the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group,
Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as may further be amended from time
to time and including all exhibits and supplements thereto, the "Plan").[2]

---

[1] The last four digits of the taxpayer identification number of the Debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker
Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring
Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o
Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.    **Voting Record Date.**   The Voting Record Date for purposes of determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim was October 31, 2016.

3.    **Voting Deadline.**   If you held a Claim against or Equity Interest in one of the Debtors as of the Voting Record Date and are entitled to vote on the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s) or Equity Interest(s).   For your vote to be counted in connection with Confirmation of the Plan, you must follow the appropriate voting instructions, complete all required information on the Ballot, and execute and return the completed Ballot so that it is actually received in accordance with the voting instructions by **December 5, 2016, at 5:00 p.m., New York Time** (the "Voting Deadline").   Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

4.    **Solicitation Packages.**   Solicitation Packages (except the Ballots) may be obtained at no charge from the claims agent retained by the Debtors in these chapter 11 cases (the "Notice and Claims Agent") by:   (a) accessing the Notice and Claims Agent's website at https://cases.primeclerk.com/gawker/; (b) writing to the Notice and Claims Agent, by first-class mail, hand delivery, or overnight mail, Gawker Media LLC, et al., Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022; or (c) calling the Notice and Claims Agent at (855) 639-3375.   You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at www.nysb.uscourts.gov.   The Notice and Claims Agent will answer questions regarding the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, provide additional copies of all materials, and oversee the voting tabulation.

5.    **Objections to the Plan.**   The Court has established **December 5, 2016, at 4:00 p.m., New York Time** (the "Plan Objection Deadline"), as the deadline for filing and serving objections to the Confirmation of the Plan.   Any objection to the Plan must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, (c) state the name and address of the objecting party and the amount and nature of the Claim or Equity Interest, (d) state with particularity the basis and nature of any objection to the Plan, (e) propose a modification to the Plan that would resolve such objection (if applicable), and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by each of the notice parties identified herein by the Plan Objection Deadline:

| Debtors | Counsel to the Debtors |
|---|---|
| Gawker Media LLC<br>c/o Opportune LLP<br>10 East 53rd Street, 33rd Floor<br>New York, NY 10022<br>Attn:    William D. Holden | Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Attn:    Gregg M. Galardi<br>           D. Ross Martin<br>           Joshua Y. Sturm<br>           Jonathan M. Agudelo |

| United States Trustee | Counsel to the Committee |
|---|---|
| Office of the United States Trustee for the Southern<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attn:     Greg Zipes<br>            Susan Arbeit | Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Attn:     Sandeep Qusba |
| **Counsel to the Second Lien Lender** | |
| Latham & Watkins LLP<br>330 North Wabash Avenue,Suite 2800<br>Chicago, IL 606011<br>Attn:     David Heller<br>            Keith A. Simon<br><br>885 Third Avenue<br>New York, New York 10022<br>Attn:     Keith A Simon | *[Intentionally Left Blank]* |

6. **Confirmation Hearing.** A hearing to confirm the Plan will commence on **December 13, 2016, at 10:00 a.m., New York Time** (the "Confirmation Hearing"), before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment being filed with the Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the local rules of the Court or otherwise. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing as permitted by the Bankruptcy Code.

7. **Plan Supplement.** The Debtors intend to file a Plan Supplement prior to the Confirmation Hearing that includes, among other things, the list of assumed Executory Contracts and Unexpired Leases. The Debtors do not intend to serve copies of the Plan Supplement on all parties in interest in these chapter 11 cases; the Plan Supplement, however, may be obtained from the Notice and Claims Agent in accordance with the preceding paragraph.

8. **Release, Exculpation, and Injunction Language in the Plan.** Please take notice that Article 9 of the Plan contains the following release, exculpation, and injunction provisions:

**EXCULPATION. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW AND APPROVED IN THE CONFIRMATION ORDER, NONE OF THE DEBTORS OR THE COMMITTEE, NOR ANY OF THEIR RESPECTIVE FORMER OR CURRENT DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, ADVISORS, AFFILIATES, ATTORNEYS, ACCOUNTANTS, FINANCIAL ADVISORS, INVESTMENT BANKERS, RESTRUCTURING ADVISORS, REPRESENTATIVES, OR AGENTS SHALL HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR EQUITY INTEREST FOR ANY ACT OR OMISSION IN CONNECTION WITH OR ARISING OUT OF, (I) ANY ACT, OMISSION, TRANSACTION, OR OTHER OCCURRENCE TAKING PLACE PRIOR TO THE EFFECTIVE DATE AND IN ANY WAY RELATING TO THE COMMENCEMENT AND**

3

PROSECUTION OF THE BANKRUPTCY CASES, (II) THE FORMULATION, NEGOTIATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, (III) THE SOLICITATION OF ACCEPTANCES OF THE PLAN, (IV) THE ADMINISTRATION OF THE PLAN OR PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, OR (V) THE ENFORCEMENT OF THE TERMS OF THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, AND DOCUMENTS DELIVERED THEREUNDER; <u>PROVIDED</u>, <u>HOWEVER</u>, THAT THE FOREGOING SHALL NOT AFFECT THE LIABILITY OF ANY PERSON THAT OTHERWISE WOULD RESULT FROM ANY SUCH ACTIONS OR OMISSIONS CONSTITUTING WILLFUL MISCONDUCT OR GROSS NEGLIGENCE AS DETERMINED BY A FINAL ORDER.  IN ADDITION, THE EXCULPATED PARTIES SHALL, IN ALL RESPECTS, BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN.  NOTHING HEREIN SHALL LIMIT THE LIABILITY OF THE PROFESSIONAL TO THEIR RESPECTIVE CLIENTS PURSUANT TO THE APPLICABLE ATTORNEY DISCIPLINARY RULES.

<u>INJUNCTION AGAINST ASSERTING CLAIMS OF DEBTORS</u>.  ON AND AFTER THE EFFECTIVE DATE, ALL PERSONS AND ENTITIES OTHER THAN THE PLAN ADMINISTRATOR ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR PROCEEDING (WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY OR OTHERWISE) ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEBT, RIGHT, OR CAUSE OF ACTION OF THE DEBTORS FOR WHICH A DEBTOR RETAINS SOLE AND EXCLUSIVE AUTHORITY TO PURSUE IN ACCORDANCE WITH ARTICLE 4 OF THE PLAN.

<u>INJUNCTION AGAINST INTERFERENCE WITH PLAN</u>.  UPON THE ENTRY OF THE CONFIRMATION ORDER, EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN, THE CONFIRMATION ORDER, OR A SEPARATE ORDER OF THE BANKRUPTCY COURT, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR EQUITY INTERESTS IN ANY OR ALL OF THE DEBTORS OR RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS (WHETHER PROOF OF SUCH CLAIMS OR EQUITY INTERESTS HAS BEEN FILED OR NOT), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, PRESENT OR FORMER INDEPENDENT CONTRACTORS, PRESENT OR FORMER CONTENT PROVIDERS, PRESENT OR FORMER WRITERS, AGENTS, OFFICERS, DIRECTORS OR PRINCIPALS ARE PERMANENTLY ENJOINED, ON AND AFTER THE EFFECTIVE DATE, FROM (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND

4

**(INCLUDING, WITHOUT LIMITATION, ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER FORUM) AGAINST OR AFFECTING (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH PROCEEDINGS AGAINST THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS ARISE OUT OF OR RELATE TO SUCH RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS' WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, (II) ENFORCING, LEVYING, ATTACHING (INCLUDING, WITHOUT LIMITATION, ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR OTHERWISE RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH ACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, (III) CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ENCUMBRANCE OF ANY KIND AGAINST (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH ACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, (IV) ASSERTING ANY RIGHT OF SETOFF, DIRECTLY OR INDIRECTLY, AGAINST ANY OBLIGATION DUE (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCHACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, EXCEPT AS CONTEMPLATED OR ALLOWED BY THE PLAN, (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN, AND (VI) TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN; PROVIDED, HOWEVER, THAT THE FOREGOING INJUNCTION SHALL NOT APPLY TO ACTIONS OR OMMISSIONS THAT OCCUR AFTER THE EFFECTIVE DATE.**

5

**THIRD-PARTY RELEASES OF RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS. ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE ARISING OUT OF OR RELATING TO SUCH RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS' WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, <u>PROVIDED</u>, <u>HOWEVER</u>, THAT THE FOREGOING THIRD-PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.**

[*Remainder of Page Intentionally Left Blank*]

6

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION, AND INJUNCTION PROVISIONS INCLUDED THEREIN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: November___, 2016
      New York, New York

/s/ *Draft*_____

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
joshua.sturm@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors
and Debtors in Possession*

7

# **EXHIBIT 3**

## **Publication Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                      :

In re                        :       Chapter 11
                        :

Gawker Media LLC, *et al.*,[1]   :       Case No. 16-11700 (SMB)
                        :

           Debtors.     :       (Jointly Administered)
                        :

-------------------------------------------------------x

### NOTICE OF VOTING AND OBJECTION DEADLINES REGARDING AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION AND PROPOSED INJUNCTIONS AND THIRD-PARTY RELEASES

**THE FOLLOWING CONCERNS THE APPROVAL PROCESS FOR A PROPOSED AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION. PLEASE TAKE NOTE THAT THE PLAN OF LIQUIDATION INCLUDES THE INJUNCTIONS AND THIRD-PARTY RELEASES DESCRIBED IN PARAGRAPH 8 OF THIS NOTICE.**

**TO ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS AND PARTIES IN INTEREST:**

1.  **Solicitation of Votes on Amended Joint Chapter 11 Plan of Liquidation.** Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., have filed a Amended Joint Chapter 11 Plan of liquidation.[2] The Bankruptcy Court has approved a disclosure statement for that plan and authorized the Debtors to solicit votes on such plan from creditors and equity holders in certain classes. The Bankruptcy Court has also set a hearing to consider confirmation of the plan.

2.  **Voting Record Date.** The Voting Record Date for purposes of determining (a) which Holders of Claims or Equity Interests are entitled to vote on the Plan and (b) whether Claims or Equity Interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim was October 31, 2016.

3.  **Voting Deadline.** If you held a Claim against or Equity Interest in one of the Debtors as of the Voting Record Date and timely filed a proof of claim or, in certain instances, such claim or Equity Interest was listed on the Debtors' schedules, you are entitled to vote on the Plan. For your vote to be counted in connection with Confirmation of the Plan, you must follow

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

the appropriate voting instructions, complete all required information on the Ballot, and execute and return the completed Ballot so that it is actually received in accordance with the voting instructions by **December 5, 2016, at 5:00 p.m., New York Time** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

4. **Solicitation Packages.** Solicitation Packages (except the Ballots) may be obtained at no charge from the claims agent retained by the Debtors in these chapter 11 cases (the "Notice and Claims Agent") by: (a) accessing the Notice and Claims Agent's website at https://cases.primeclerk.com/gawker/; (b) writing to the Notice and Claims Agent, by first-class mail, hand delivery, or overnight mail, Gawker Media LLC, et al., Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022; or (c) calling the Notice and Claims Agent at (855) 639-3375. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at www.nysb.uscourts.gov. The Notice and Claims Agent will answer questions regarding the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, provide additional copies of all materials, and oversee the voting tabulation.

5. **Objections to the Plan.** The Court has established **December 5, 2016, at 4:00 p.m., New York Time** (the "Plan Objection Deadline"), as the deadline for filing and serving objections to the Confirmation of the Plan. Any objection to the Plan must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, (c) state the name and address of the objecting party and the amount and nature of the Claim or Equity Interest, (d) state with particularity the basis and nature of any objection to the Plan, (e) propose a modification to the Plan that would resolve such objection (if applicable), and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by each of the notice parties identified herein by the Plan Objection Deadline:

| Debtors | Counsel to the Debtors |
|---|---|
| Gawker Media LLC<br>c/o Opportune LLP<br>10 East 53rd Street, 33rd Floor<br>New York, NY 10022<br>Attn:    William D. Holden | Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Attn:    Gregg M. Galardi<br>        D. Ross Martin<br>        Joshua Y. Sturm<br>        Jonathan M. Agudelo |
| **United States Trustee** | **Counsel to the Committee** |
| Office of the United States Trustee<br>for the Southern<br>201 Varick Street, Room 1006<br>New York, NY  10014<br>Attn:    Greg Zipes<br>        Susan Arbeit | Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, New York  10017<br>Attn:    Sandeep Qusba |
| **Counsel to the Second Lien Lender** | |
| Latham & Watkins LLP<br>330 North Wabash Avenue,Suite 2800<br>Chicago, IL 606011<br>Attn:    David Heller<br>        Keith A. Simon<br><br>885 Third Avenue<br>New York, New York 10022 | *[Intentionally Left Blank]* |

2

| Attn:    Keith A Simon | |
|---|---|

**6.** **Confirmation Hearing.** A hearing to confirm the Plan will commence on **December 13, 2016, at 10:00 a.m., New York Time** (the "Confirmation Hearing"), before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment being filed with the Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the local rules of the Court or otherwise. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing as permitted by the Bankruptcy Code.

**7.** **Plan Supplement.** The Debtors intend to file a Plan Supplement prior to the Confirmation Hearing that includes, among other things, the list of assumed Executory Contracts and Unexpired Leases. The Debtors do not intend to serve copies of the Plan Supplement on all parties in interest in these chapter 11 cases; the Plan Supplement, however, may be obtained from the Notice and Claims Agent in accordance with the preceding paragraph.

**8.** **Release, Exculpation, and Injunction Language in the Plan.** Please take notice that Article 9 of the Plan contains the following release, exculpation, and injunction provisions:

> **EXCULPATION.** **TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW AND APPROVED IN THE CONFIRMATION ORDER, NONE OF THE DEBTORS OR THE COMMITTEE, NOR ANY OF THEIR RESPECTIVE FORMER OR CURRENT DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, ADVISORS, AFFILIATES, ATTORNEYS, ACCOUNTANTS, FINANCIAL ADVISORS, INVESTMENT BANKERS, RESTRUCTURING ADVISORS, REPRESENTATIVES, OR AGENTS SHALL HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR EQUITY INTEREST FOR ANY ACT OR OMISSION IN CONNECTION WITH OR ARISING OUT OF, (I) ANY ACT, OMISSION, TRANSACTION, OR OTHER OCCURRENCE TAKING PLACE PRIOR TO THE EFFECTIVE DATE AND IN ANY WAY RELATING TO THE COMMENCEMENT AND PROSECUTION OF THE BANKRUPTCY CASES, (II) THE FORMULATION, NEGOTIATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, (III) THE SOLICITATION OF ACCEPTANCES OF THE PLAN, (IV) THE ADMINISTRATION OF THE PLAN OR PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, OR (V) THE ENFORCEMENT OF THE TERMS OF THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, AND DOCUMENTS DELIVERED THEREUNDER; PROVIDED, HOWEVER, THAT THE FOREGOING SHALL NOT AFFECT THE LIABILITY OF ANY PERSON THAT OTHERWISE WOULD RESULT FROM ANY SUCH ACTIONS OR OMISSIONS CONSTITUTING WILLFUL MISCONDUCT OR GROSS NEGLIGENCE AS DETERMINED BY A FINAL ORDER. IN ADDITION, THE EXCULPATED PARTIES SHALL,**

3

IN ALL RESPECTS, BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN. NOTHING HEREIN SHALL LIMIT THE LIABILITY OF THE PROFESSIONAL TO THEIR RESPECTIVE CLIENTS PURSUANT TO THE APPLICABLE ATTORNEY DISCIPLINARY RULES.

**INJUNCTION AGAINST ASSERTING CLAIMS OF DEBTORS.** ON AND AFTER THE EFFECTIVE DATE, ALL PERSONS AND ENTITIES OTHER THAN THE PLAN ADMINISTRATOR ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR PROCEEDING (WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY OR OTHERWISE) ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEBT, RIGHT, OR CAUSE OF ACTION OF THE DEBTORS FOR WHICH A DEBTOR RETAINS SOLE AND EXCLUSIVE AUTHORITY TO PURSUE IN ACCORDANCE WITH ARTICLE 4 OF THE PLAN.

**INJUNCTION AGAINST INTERFERENCE WITH PLAN.** UPON THE ENTRY OF THE CONFIRMATION ORDER, EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN, THE CONFIRMATION ORDER, OR A SEPARATE ORDER OF THE BANKRUPTCY COURT, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR EQUITY INTERESTS IN ANY OR ALL OF THE DEBTORS OR RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS (WHETHER PROOF OF SUCH CLAIMS OR EQUITY INTERESTS HAS BEEN FILED OR NOT), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, PRESENT OR FORMER INDEPENDENT CONTRACTORS, PRESENT OR FORMER CONTENT PROVIDERS, PRESENT OR FORMER WRITERS, AGENTS, OFFICERS, DIRECTORS OR PRINCIPALS ARE PERMANENTLY ENJOINED, ON AND AFTER THE EFFECTIVE DATE, FROM (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING, WITHOUT LIMITATION, ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER FORUM) AGAINST OR AFFECTING (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH PROCEEDINGS AGAINST THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS ARISE OUT OF OR RELATE TO SUCH RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS' WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, (II) ENFORCING, LEVYING, ATTACHING (INCLUDING, WITHOUT LIMITATION, ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR OTHERWISE

4

RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH ACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, (III) CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ENCUMBRANCE OF ANY KIND AGAINST (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH ACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, (IV) ASSERTING ANY RIGHT OF SETOFF, DIRECTLY OR INDIRECTLY, AGAINST ANY OBLIGATION DUE (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCHACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, EXCEPT AS CONTEMPLATED OR ALLOWED BY THE PLAN, (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN, AND (VI) TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN; PROVIDED, HOWEVER, THAT THE FOREGOING INJUNCTION SHALL NOT APPLY TO ACTIONS OR OMMISSIONS THAT OCCUR AFTER THE EFFECTIVE DATE.

**THIRD-PARTY RELEASES OF RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS.** ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR

5

**UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE ARISING OUT OF OR RELATING TO SUCH RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS' WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, <u>PROVIDED</u>, <u>HOWEVER</u>, THAT THE FOREGOING THIRD-PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION, AND INJUNCTION PROVISIONS INCLUDED THEREIN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: November ___, 2016                    /s/ *Draft*_____
      New York, New York                    ROPES & GRAY LLP
                                       Gregg M. Galardi
                                       D. Ross Martin
                                       Joshua Y. Sturm
                                       Jonathan Agudelo
                                       1211 Avenue of the Americas
                                       New York, NY 10036-8704
                                       Telephone: (212) 596-9000
                                       Facsimile: (212) 596-9090
                                       gregg.galardi@ropesgray.com
                                       ross.martin@ropesgray.com
                                       joshua.sturm@ropesgray.com
                                       jonathan.agudelo@ropesgray.com

                                       *Counsel to the Debtors*
                                       *and Debtors in Possession*

# EXHIBIT 4A

**Class 1A Ballot**

Class 1A: Second Lien Make-Whole Claim

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                    :
In re                                               :          Chapter 11
                                                    :
Gawker Media LLC, *et al.*,[1]                      :          Case No. 16-11700 (SMB)
                                                    :
                        Debtors.                    :          (Jointly Administered)
                                                    :
-------------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,**
**GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**CLASS 1A:  Second Lien Make-Whole Claim**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS**
**DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.*, (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Media Group, Inc. (the "GMGI Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement.  The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order").  The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC, Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable.  References to the "Plan" in this Ballot shall refer only to the GMGI Plan, as incorporated in the Joint Plan.

The GMGI Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the GMGI Plan and if the GMGI Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the GMGI Plan if it finds that the GMGI Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the GMGI Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the GMGI Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below.  Ballots received after the Voting Deadline will not be counted.

| | | |
|---|---|---|
| **By Regular Mail, Hand Delivery or Overnight Courier:** | Gawker Ballot Processing c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 | **Via the Voting Agent's E-Ballot Platform by visting:**  https://cases.primeclerk.com/gawker/ |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59600160_3

Class 1A:  Second Lien Make-Whole Claim

---

# VOTING INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  COMPLETE ITEMS 1, 2, AND 4.

2.  SIGN THE BALLOT.

3.  RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.   BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.   AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5.  YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 1A CLAIM EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6.  ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7.  ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

**Item 1.  Amount of Vote Class 1A Claim Against GMGI.** The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 1A Claim against GMGI in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 1A Claim against GMGI as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

**Accept** the Plan.              **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

2

**Item 3. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

    a.    as of the Voting Record Date, the undersigned was the holder of Class 1A Claim against GMGI of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

    b.    the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    c.    the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

    d.    the undersigned has cast the same vote with respect to all of the holder's Class 1A Claims;

    e.    the undersigned understands and acknowledges that no other Ballots with respect to the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked;

    f.    the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

    g.    the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

Class 1A: Second Lien Make-Whole Claim

**Item 4. Holder of Claim Information and Signature**.

_____
Name of Holder of Claim (Please Print)

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Social Security or Federal Taxpayer Identification Number

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL
BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the
instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE,
WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),
TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC,
BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA
OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.
YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

4

Class 1A:  Second Lien Make-Whole Claim

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

IF THE VOTING AGENT DOES NOT ***ACTUALLY RECEIVE*** THIS CLASS 1A BALLOT ON OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 1A BALLOT WILL NOT BE COUNTED.

---

5

Class 1A:  Second Lien Make-Whole Claim

# IMPORTANT INFORMATION

1.  **You should review the Plan and Disclosure Statement before you vote.**  The Plan and Disclosure Statement provide information to assist you in deciding how to vote.  You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.  Your Second Lien Make-Whole Claim has been placed in Class 1A under the Plan.

2.  If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3.  To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot."  Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4.  If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description.  **Each Ballot is only for voting those Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 1A Claims.**  You must vote all of your Claims within a single Class either to accept or reject the Plan and may not split your vote.  Accordingly, if you return more than one Ballot voting different Claims within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5.  The Ballot does not constitute and shall not be deemed a proof of Claim or an assertion of a Claim.

6.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Claim.

7.  **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted.  *Ballots should not be sent to the Debtors.*

8.  Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.  The following Ballots will NOT be counted:

    a.  any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    b.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    c.  any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

59600160_3

Class 1A:  Second Lien Make-Whole Claim

    d.        any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

    e.        any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

    f.        any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

    g.        any unsigned Ballot;

    h.        any Ballot that does not contain an original signature; or

    i.        any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

59600160_3

# EXHIBIT 4B

**Class 1C Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-----------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,**
**GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**CLASS 1C:  General Unsecured Claims**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS**
> **DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Media Group, Inc. (the "GMGI Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement.   The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order").  The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC, Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable.  References to the "Plan" in this Ballot shall refer only to the GMGI Plan, as incorporated in the Joint Plan.

The GMGI Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the GMGI Plan and if the GMGI Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the GMGI Plan if it finds that the GMGI Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the GMGI Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the GMGI Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below.  Ballots received after the Voting Deadline will not be counted.

| **By Regular Mail, Hand Delivery or Overnight Courier:** | Gawker Ballot Processing c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 | **Via the Voting Agent's E-Ballot Platform by visiting:** | https://cases.primeclerk.com/gawker/ |
|---|---|---|---|

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Class 1C:  General Unsecured Claims

---

## VOTING INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 5.

2.  SIGN THE BALLOT.

3.  RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5.  YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 1C CLAIM EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6.  ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7.  ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

59600160_3

Class 1C:  General Unsecured Claims

**Item 1.  Amount of Vote Class 1C Claim Against GMGI**. The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 1C Claim against GMGI in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 1C Claim against GMGI as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

**Accept** the Plan.                **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**Item 3. Convenience Class Election by Holder of Claims That Has Accepted the Plan.**

Each holder of a Class 1C Claim against GMGI that votes to accept the Plan has the option to elect to participate in the GMGI Convenience Class.  Any holder who makes such election will (a) receive, in full and complete satisfaction of such Claim(s) against GMGI, as well as any other asserted Claims held by such GMGI General Unsecured Convenience Creditor against Gawker Media and/or Gawker Hungary, a single distribution on the Effective Date in Cash from the Gawker Media Claims Reserve of the lesser of (i) the Allowed amount of its Claim and (ii) $25,000 and (b) have all of its Claims against GMGI, Gawker Media, and/or Gawker Hungary Disallowed and expunged (with any Debtor objections to such Claims sustained).

You may complete this Item 3 **only if you voted to accept the Plan in item 2 above**.  By checking this box, the undersigned holder of a Class 1C Claim against GMGI identified herein elects to have its Class 1C Claim treated as a Class 1D – GMGI General Unsecured Convenience Claim and receive the treatment set forth in Article 3.01 (d)(ii) of the Plan.

**Elects** to be treated as a Class 1D – GMGI General Unsecured Convenience Claim

**ANY HOLDER THAT ELECTS TO PARTICIPATE IN THE GMGI CONVENIENCE CLASS ON THIS BALLOT, AND MAKES AN INCONSISTENT ELECTION ON A BALLOT WITH RESPECT TO ITS CLASS 2C AND/OR CLASS 2D CLAIM(S) IS DEEMED PART OF THE GMGI CONVENIENCE CLASS AND WILL RECEIVE ONLY A SINGLE DISTRIBUTION ON ACCOUNT OF ALL CLAIMS AGAINST ANY DEBTOR(S).**

3

**Item 4. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

a.  as of the Voting Record Date, the undersigned was the holder of Class 1C Claim against GMGI of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

b.  the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.  the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.  the undersigned has cast the same vote with respect to all of the holder's Class 1C Claims;

e.  the undersigned understands and acknowledges that no other Ballots with respect to the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked;

f.  the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

g.  the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

4

Class 1C:  General Unsecured Claims

**Item 5. Holder of Claim Information and Signature**.

_____
Name of Holder of Claim (Please Print)


_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Social Security or Federal Taxpayer Identification Number

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL
BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the
instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE,
WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),
TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC,
BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA
OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.
YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

5

Class 1C:  General Unsecured Claims

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

IF THE VOTING AGENT DOES NOT ***ACTUALLY RECEIVE*** THIS CLASS 1C BALLOT ON
OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING
DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 1C BALLOT WILL
NOT BE COUNTED.

---

59600160_3

<div align="right">Class 1C:  General Unsecured Claims</div>

## IMPORTANT INFORMATION

1.  **You should review the Plan and Disclosure Statement before you vote.**  The Plan and Disclosure Statement provide information to assist you in deciding how to vote.  You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.  Your General Unsecured Claim has been placed in Class 1C under the Plan.

2.  If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3.  To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot."  Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4.  If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description.  **Each Ballot is only for voting those Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 1C Claims.**  You must vote all of your Claims within a single Class either to accept or reject the Plan and may not split your vote.  Accordingly, if you return more than one Ballot voting different Claims within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5.  If you elect to participate in the GMGI Convenience Class on this Ballot, and make an inconsistent election on a Ballot with respect to your Class 2C and/or 2D claims, you will be deemed part of the GMGI Convenience Class and receive only the single distribution on account of all Claims against any Debtors.

6.  The Ballot does not constitute and shall not be deemed a proof of Claim or an assertion of a Claim.

7.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Claim.

8.  **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted.  *Ballots should not be sent to the Debtors.*

9.  Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10. The following Ballots will NOT be counted:

    a.  any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    b.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

<div align="center">7</div>

Class 1C:  General Unsecured Claims

c.      any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

d.      any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

e.      any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

f.      any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

g.      any unsigned Ballot;

h.      any Ballot that does not contain an original signature; or

i.      any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

8

## EXHIBIT 4C

## Class 1F Ballot

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                             :

In re                          :        Chapter 11
                             :

Gawker Media LLC, *et al.*,[1]      :        Case No. 16-11700 (SMB)
                             :

          Debtors.       :        (Jointly Administered)
                             :
------------------------------------------------------------------x

<div align="center">

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,**
**GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**CLASS 1F:  Preferred Equity Interests**

</div>

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS**
> **DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Media Group, Inc. (the "GMGI Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement.  The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order").  The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC, Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable.  References to the "Plan" in this Ballot shall refer only to the GMGI Plan, as incorporated in the Joint Plan.

The GMGI Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the GMGI Plan and if the GMGI Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the GMGI Plan if it finds that the GMGI Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the GMGI Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the GMGI Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below.  Ballots received after the Voting Deadline will not be counted.

| | | |
|---|---|---|
| **By Regular Mail, Hand Delivery or Overnight Courier:** | Gawker Ballot Processing c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 | **Via the Voting Agent's E-Ballot Platform by visiting:**  https://cases.primeclerk.com/gawker/ |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Class 1F:  Preferred Equity Interests

---

## VOTING INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  COMPLETE ITEMS 1, 2, AND 4.

2.  SIGN THE BALLOT.

3.  RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5.  YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 1F EQUITY INTEREST EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6.  ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7.  ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

**Item 1.  Amount of Vote Class 1F Equity Interest Against GMGI**. The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 1F Equity Interest against GMGI in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 1F Equity Interest against GMGI as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

**Accept** the Plan.              **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A EQUITY INTEREST THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL EQUITY INTERESTS OF ONE CLASS WILL NOT BE COUNTED.**

2

**Item 3. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

    a.   as of the Voting Record Date, the undersigned was the holder of Class 1F Equity Interest against GMGI of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

    b.   the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    c.   the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

    d.   the undersigned has cast the same vote with respect to all of the holder's Class 1F Equity Interests;

    e.   the undersigned understands and acknowledges that no other Ballots with respect to the Equity Interests identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Equity Interests, then any such earlier received Ballots are hereby revoked;

    f.   the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

    g.   the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

Class 1F:  Preferred Equity Interests

**Item 4. Holder of Equity Interest Information and Signature**.

_____

Name of Holder of Equity Interest (Please Print)

_____

Authorized Signature

_____

Name of Signatory

_____

If by Authorized Agent, Name and Title

_____

Name of Institution

_____

Street Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Email Address

_____

Social Security or Federal Taxpayer Identification Number

_____

Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME), TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323. YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

59600160_3

Class 1F:  Preferred Equity Interests

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Equity Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

IF THE VOTING AGENT DOES NOT ***ACTUALLY RECEIVE*** THIS CLASS 1F BALLOT ON
OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING
DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 1E BALLOT WILL
NOT BE COUNTED.

---

5

# IMPORTANT INFORMATION

1. **You should review the Plan and Disclosure Statement before you vote.** The Plan and Disclosure Statement provide information to assist you in deciding how to vote. You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Equity Interest(s) under the Plan. Your Preferred Equity Interest has been placed in Class 1F under the Plan.

2. If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323. In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/. The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3. To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot." Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4. If you hold Equity Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each such Equity Interest, coded by Class number and description. **Each Ballot is only for voting those Equity Interests described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 1F Equity Interests.** You must vote all of your Equity Interests within a single Class either to accept or reject the Plan and may not split your vote. Accordingly, if you return more than one Ballot voting different Equity Interests within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5. The Ballot does not constitute and shall not be deemed a proof of Equity Interest or an assertion of a Equity Interest.

6. If you cast more than one Ballot voting the same Equity Interest prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Equity Interest.

7. **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted. *Ballots should not be sent to the Debtors.*

8. Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9. The following Ballots will NOT be counted:

   a. any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

   b. any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Equity Interest;

   c. any Ballot cast by an entity that (a) does not hold a Equity Interest in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

6

Class 1F:  Preferred Equity Interests

d.      any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

e.      any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Equity Interest;

f.      any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

g.      any unsigned Ballot;

h.      any Ballot that does not contain an original signature; or

i.      any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Equity Interests of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

7

# **EXHIBIT 4D**

## **Class 2A Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                              :
In re                                                         :        Chapter 11
                                                              :
Gawker Media LLC, *et al.*,[1]                                :        Case No. 16-11700 (SMB)
                                                              :
              Debtors.                                        :        (Jointly Administered)
                                                              :
-------------------------------------------------------------------x

### BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC, GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.

**CLASS 2A:  Second Lien Make-Whole Guaranty Claim**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS
DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Media LLC (the "Gawker Media Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement.  The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order").  The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc., and Gawker Hungary Kft.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable.  References to the "Plan" in this Ballot shall refer only to the Gawker Media Plan, as incorporated in the Joint Plan.

The Gawker Media Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the Gawker Media Plan and if the Gawker Media Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Gawker Media Plan if it finds that the Gawker Media Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Gawker Media Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Gawker Media Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below.  Ballots received after the Voting Deadline will not be counted.

| | | |
|---|---|---|
| **By Regular Mail, Hand Delivery or Overnight Courier:** | Gawker Ballot Processing c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 | **Via the Voting Agent's E-Ballot Platform by visiting:**   https://cases.primeclerk.com/gawker/ |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Class 2A: Second Lien Make-Whole Guaranty Claim

---

**VOTING INSTRUCTIONS
FOR COMPLETING THE BALLOT**

1.  COMPLETE ITEMS 1, 2, AND 4.

2.  SIGN THE BALLOT.

3.  RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5.  YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 2A CLAIM EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6.  ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7.  ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

**Item 1.  Amount of Vote Class 2A Claim Against Gawker Media**. The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 2A Claim against Gawker Media in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 2A Claim against Gawker Media as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

> **Accept** the Plan.          **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

2

Class 2A:  Second Lien Make-Whole Guaranty Claim

**Item 3. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

    a.   as of the Voting Record Date, the undersigned was the holder of Class 2A Claim against Gawker Media of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

    b.   the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    c.   the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

    d.   the undersigned has cast the same vote with respect to all of the holder's Class 2A Claims;

    e.   the undersigned understands and acknowledges that no other Ballots with respect to the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked;

    f.   the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

    g.   the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

59600160_3

Class 2A:  Second Lien Make-Whole Guaranty Claim

**Item 4. Holder of Claim Information and Signature**.

_____
Name of Holder of Claim (Please Print)


_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Social Security or Federal Taxpayer Identification Number

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL
BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the
instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE,
WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),
TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC,
BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA
OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.
YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

4

Class 2A:  Second Lien Make-Whole Guaranty Claim

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

IF THE VOTING AGENT DOES NOT **_ACTUALLY RECEIVE_** THIS CLASS 2A BALLOT ON
OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING
DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 2A BALLOT WILL
NOT BE COUNTED.

---

59600160_3

Class 2A:  Second Lien Make-Whole Guaranty Claim

# IMPORTANT INFORMATION

1. **You should review the Plan and Disclosure Statement before you vote.**  The Plan and Disclosure Statement provide information to assist you in deciding how to vote.  You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.  Your Second Lien Make-Whole Guaranty Claim has been placed in Class 2A under the Plan.

2. If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3. To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot."  Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4. If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description.  **Each Ballot is only for voting those Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 2A Claims.**  You must vote all of your Claims within a single Class either to accept or reject the Plan and may not split your vote.  Accordingly, if you return more than one Ballot voting different Claims within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5. The Ballot does not constitute and shall not be deemed a proof of Claim or an assertion of a Claim.

6. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Claim.

7. **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted.  *Ballots should not be sent to the Debtors.*

8. Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9. The following Ballots will NOT be counted:

   a. any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

   b. any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

   c. any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

59600160_3

d.      any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

e.      any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

f.      any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

g.      any unsigned Ballot;

h.      any Ballot that does not contain an original signature; or

i.      any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

# **EXHIBIT 4E**

## **Class 2C Ballot**

Class 2C:  General Unsecured Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
In re                                                                     :          Chapter 11
:
Gawker Media LLC, *et al.*,[1]                                 :          Case No. 16-11700 (SMB)
:
Debtors.                                   :          (Jointly Administered)
:
------------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,**
**GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**CLASS 2C:  General Unsecured Claims**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS**
> **DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Media LLC (the "Gawker Media Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement.   The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order").  The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc., and Gawker Hungary Kft.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable.  References to the "Plan" in this Ballot shall refer only to the Gawker Media Plan, as incorporated in the Joint Plan.

The Gawker Media Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the Gawker Media Plan and if the Gawker Media Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Gawker Media Plan if it finds that the Gawker Media Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Gawker Media Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Gawker Media Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below.  Ballots received after the Voting Deadline will not be counted.

| **By Regular Mail, Hand Delivery or Overnight Courier:** | Gawker Ballot Processing c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 | **Via the Voting Agent's E-Ballot Platform by visiting:** | https://cases.primeclerk.com/gawker/ |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Class 2C:  General Unsecured Claims

---

**VOTING INSTRUCTIONS**
**FOR COMPLETING THE BALLOT**

1.   COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 5.

2.   SIGN THE BALLOT.

3.   RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.   THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5.   YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 2C CLAIM EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6.   ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7.   ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

59600160_3

Class 2C:  General Unsecured Claims

**Item 1.  Amount of Vote Class 2C Claim Against Gawker Media**. The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 2C Claim against Gawker Media in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 2C Claim against Gawker Media as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

**Accept** the Plan.             **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**Item 3. Convenience Class Election by Holder of Claims That Has Accepted the Plan.**

Each holder of a Class 2D Claim against Gawker Media that votes to accept the Plan has the option to elect to participate in the Gawker Media Unsecured Convenience Class.  Any holder who makes such election will (a) receive, in full and complete satisfaction of such Claim(s) against Gawker Media, as well as any other asserted Claims held by such Gawker Media General Unsecured Convenience Creditor against GMGI and/or Gawker Hungary, a single distribution on the Effective Date in Cash from the Gawker Media Claims Reserve of the lesser of (i) the Allowed amount of its Claim and (ii) $25,000 and (b) have all of its Claims against Gawker Media, GMGI, and/or Gawker Hungary Disallowed and expunged (with any Debtor objections to such Claims sustained).

You may complete this Item 3 **only if you voted to accept the Plan in item 2 above**.  By checking this box, the undersigned holder of a Class 2D Claim against Gawker Media identified herein elects to have its Class 2D Claim treated as a Class 2E – Gawker Media General Unsecured Convenience Claim and receive the treatment set forth in Article 3.02 (e)(ii) of the Plan.

**Elects** to be treated as a Class 2E – Gawker Media General Unsecured Convenience Claim

**ANY HOLDER THAT ELECTS TO PARTICIPATE IN THE GAWKER MEDIA CONVENIENCE CLASS ON THIS BALLOT, AND MAKES AN INCONSISTENT ELECTION ON A BALLOT WITH RESPECT TO ITS CLASS 1C AND/OR CLASS 2D CLAIM(S) IS DEEMED PART OF THE GAWKER MEDIA CONVENIENCE CLASS AND WILL RECEIVE ONLY A SINGLE DISTRIBUTION ON ACCOUNT OF ALL CLAIMS AGAINST ANY DEBTOR(S).**

3

Class 2C:  General Unsecured Claims

**Item 4. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

a. as of the Voting Record Date, the undersigned was the holder of Class 2C Claim against Gawker Media of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

b. the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c. the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d. the undersigned has cast the same vote with respect to all of the holder's Class 2C Claims;

e. the undersigned understands and acknowledges that no other Ballots with respect to the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked;

f. the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

g. the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

59600160_3

Class 2C:  General Unsecured Claims

**Item 5. Holder of Claim Information and Signature**.

_____
Name of Holder of Claim (Please Print)


_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Social Security or Federal Taxpayer Identification Number

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME), TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323. YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

59600160_3

Class 2C:  General Unsecured Claims

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

IF THE VOTING AGENT DOES NOT ***ACTUALLY RECEIVE*** THIS CLASS 2C BALLOT ON OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 2C BALLOT WILL NOT BE COUNTED.

---

59600160_3

Class 2C:  General Unsecured Claims

# IMPORTANT INFORMATION

1. **You should review the Plan and Disclosure Statement before you vote.**  The Plan and Disclosure Statement provide information to assist you in deciding how to vote.  You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.  Your General Unsecured Claim has been placed in Class 2C under the Plan.

2. If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3. To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot."  Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4. If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description.  **Each Ballot is only for voting those Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 2C Claims.**  You must vote all of your Claims within a single Class either to accept or reject the Plan and may not split your vote.  Accordingly, if you return more than one Ballot voting different Claims within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5. If you elect to participate in the Gawker Media Convenience Class on this Ballot, and make an inconsistent election on a Ballot with respect to your Class 1C and/or 2D claims, you will be deemed part of the Gawker Media Convenience Class and receive only the single distribution on account of all Claims against any Debtors.

6. The Ballot does not constitute and shall not be deemed a proof of Claim or an assertion of a Claim.

7. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Claim.

8. **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted.  *Ballots should not be sent to the Debtors.*

9. <u>Please be sure to sign and date your Ballot.</u>  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10. The following Ballots will NOT be counted:

    a. any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    b. any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

7

c.      any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

d.      any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

e.      any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

f.      any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

g.      any unsigned Ballot;

h.      any Ballot that does not contain an original signature; or

i.      any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

**EXHIBIT 4F**

**Class 2D Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                  :

In re                              :       Chapter 11
                                                  :

Gawker Media LLC, *et al.*,[1]       :       Case No. 16-11700 (SMB)
                                                  :

            Debtors.         :       (Jointly Administered)
                                                    :
------------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,**
**GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**CLASS 2D: Punitive Damage Claims**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS**
**DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Media LLC (the "Gawker Media Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement. The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order"). The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc., and Gawker Hungary Kft. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable. References to the "Plan" in this Ballot shall refer only to the Gawker Media Plan, as incorporated in the Joint Plan.

The Gawker Media Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the Gawker Media Plan and if the Gawker Media Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Gawker Media Plan if it finds that the Gawker Media Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Gawker Media Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Gawker Media Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below. Ballots received after the Voting Deadline will not be counted.

| | | |
|---|---|---|
| **By Regular Mail, Hand Delivery or Overnight Courier:** | Gawker Ballot Processing c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 | **Via the Voting Agent's E-Ballot Platform by visiting:** https://cases.primeclerk.com/gawker/ |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Class 2D:  Punitive Damage Claims

## VOTING INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.   COMPLETE ITEMS 1, 2, 3(IF APPLICABLE), AND 5.

2.   SIGN THE BALLOT.

3.   RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.   BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.   AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.   THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5.   YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 2D CLAIM EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6.   ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7.   ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

59600160_3

Class 2D:  Punitive Damage Claims

**Item 1.  Amount of Vote Class 2D Claim Against Gawker Media**. The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 2D Claim against Gawker Media in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 2D Claim against Gawker Media as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

**Accept** the Plan.          **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**Item 3. Convenience Class Election by Holder of Claims That Has Accepted the Plan.**

Each holder of a Class 2D Claim against Gawker Media that votes to accept the Plan has the option to elect to participate in the Gawker Media Unsecured Convenience Class.  Any holder who makes such election will (a) receive, in full and complete satisfaction of such Claim(s) against Gawker Media, as well as any other asserted Claims held by such Gawker Media General Unsecured Convenience Creditor against GMGI and/or Gawker Hungary, a single distribution on the Effective Date in Cash from the Gawker Media Claims Reserve of the lesser of (i) the Allowed amount of its Claim and (ii) $25,000 and (b) have all of its Claims against Gawker Media, GMGI, and/or Gawker Hungary Disallowed and expunged (with any Debtor objections to such Claims sustained).

You may complete this Item 3 **only if you voted to accept the Plan in item 2 above**.  By checking this box, the undersigned holder of a Class 2D Claim against Gawker Media identified herein elects to have its Class 2D Claim treated as a Class 2E – Gawker Media General Unsecured Convenience Claim and receive the treatment set forth in Article 3.02 (e)(ii) of the Plan.

**Elects** to be treated as a Class 2E – Gawker Media General Unsecured Convenience Claim

**ANY HOLDER THAT ELECTS TO PARTICIPATE IN THE GAWKER MEDIA CONVENIENCE CLASS ON THIS BALLOT, AND MAKES AN INCONSISTENT ELECTION ON A BALLOT WITH RESPECT TO ITS CLASS 1C AND/OR CLASS 2C CLAIM(S) IS DEEMED PART OF THE GAWKER MEDIA CONVENIENCE CLASS AND WILL RECEIVE ONLY A SINGLE DISTRIBUTION ON ACCOUNT OF ALL CLAIMS AGAINST ANY DEBTOR(S).**

3

**Item 4. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

a.   as of the Voting Record Date, the undersigned was the holder of Class 2D Claim against Gawker Media of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

b.   the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.   the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.   the undersigned has cast the same vote with respect to all of the holder's Class 2D Claims;

e.   the undersigned understands and acknowledges that no other Ballots with respect to the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked;

f.   the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

g.   the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

Class 2D:  Punitive Damage Claims

**Item 5. Holder of Claim Information and Signature**.

_____
Name of Holder of Claim (Please Print)


_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Social Security or Federal Taxpayer Identification Number

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL
BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the
instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE,
WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),
TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC,
BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA
OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.
YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

5

Class 2D:  Punitive Damage Claims

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

IF THE VOTING AGENT DOES NOT ***ACTUALLY RECEIVE*** THIS CLASS 2D BALLOT ON OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 2D BALLOT WILL NOT BE COUNTED.

---

59600160_3

Class 2D:  Punitive Damage Claims

## IMPORTANT INFORMATION

1.  **You should review the Plan and Disclosure Statement before you vote.**  The Plan and Disclosure Statement provide information to assist you in deciding how to vote.  You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.  Your Punitive Damage Claim has been placed in Class 2D under the Plan.

2.  If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3.  To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot."  Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4.  If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description.  **Each Ballot is only for voting those Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 2D Claims.**  You must vote all of your Claims within a single Class either to accept or reject the Plan and may not split your vote.  Accordingly, if you return more than one Ballot voting different Claims within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5.  If you elect to participate in the Gawker Media Convenience Class on this Ballot, and make an inconsistent election on a Ballot with respect to your Class 1C and/or 2C claims, you will be deemed part of the Gawker Media Convenience Class and receive only the single distribution on account of all Claims against any Debtors.

6.  The Ballot does not constitute and shall not be deemed a proof of Claim or an assertion of a Claim.

7.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Claim.

8.  **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted.  *Ballots should not be sent to the Debtors.*

9.  Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10.  The following Ballots will NOT be counted:

    a.  any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    b.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

7

c.      any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

d.      any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

e.      any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

f.      any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

g.      any unsigned Ballot;

h.      any Ballot that does not contain an original signature; or

i.      any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

## EXHIBIT 4G

## Class 2G Ballot

59600160_3

Class 2G:  Membership Interest

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-----------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,**
**GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**CLASS 2G:  Membership Interest**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS**
**DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Media LLC (the "Gawker Media Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement.  The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order").  The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc., and Gawker Hungary Kft.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable.  References to the "Plan" in this Ballot shall refer only to the Gawker Media Plan, as incorporated in the Joint Plan.

The Gawker Media Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the Gawker Media Plan and if the Gawker Media Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Gawker Media Plan if it finds that the Gawker Media Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Gawker Media Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Gawker Media Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below.  Ballots received after the Voting Deadline will not be counted.

| | | |
|---|---|---|
| **By Regular Mail,** | Gawker Ballot Processing | **Via the Voting** |
| **Hand Delivery or** | c/o Prime Clerk LLC | **Agent's E-Ballot** |
| **Overnight Courier:** | 830 Third Avenue, 3rd Floor | **Platform by visiting:** https://cases.primeclerk.com/gawker/ |
| | New York, NY 10022 | |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Class 2G:  Membership Interest

---

## VOTING INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  COMPLETE ITEMS 1, 2, AND 4.

2.  SIGN THE BALLOT.

3.  RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5.  YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 2G EQUITY INTEREST EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6.  ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7.  ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

**Item 1.  Amount of Vote Class 2G Equity Interest Against Gawker Media**. The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 2G Equity Interest against Gawker Media in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 2G Equity Interest against Gawker Media as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

**Accept** the Plan.          **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A EQUITY INTEREST THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL EQUITY INTERESTS OF ONE CLASS WILL NOT BE COUNTED.**

2

**Item 3. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

a.   as of the Voting Record Date, the undersigned was the holder of Class 2G Equity Interest against Gawker Media of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

b.   the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.   the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.   the undersigned has cast the same vote with respect to all of the holder's Class 2G Equity Interests;

e.   the undersigned understands and acknowledges that no other Ballots with respect to the Equity Interests identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Equity Interests, then any such earlier received Ballots are hereby revoked;

f.   the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

g.   the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

Class 2G:  Membership Interest

**Item 4. Holder of Equity Interest Information and Signature**.

_____

Name of Holder of Equity Interest (Please Print)


_____

Authorized Signature

_____

Name of Signatory

_____

If by Authorized Agent, Name and Title

_____

Name of Institution

_____

Street Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Email Address

_____

Social Security or Federal Taxpayer Identification Number

_____

Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME), TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323. YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

59600160_3

Class 2G:  Membership Interest

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Equity Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

IF THE VOTING AGENT DOES NOT **_ACTUALLY RECEIVE_** THIS CLASS 2F BALLOT ON OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 2F BALLOT WILL NOT BE COUNTED.

---

5

Class 2G:  Membership Interest

# IMPORTANT INFORMATION

1.  **You should review the Plan and Disclosure Statement before you vote.**  The Plan and Disclosure Statement provide information to assist you in deciding how to vote.  You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Equity Interest(s) under the Plan.  Your Membership Interest has been placed in Class 2G under the Plan.

2.  If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3.  To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot."  Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4.  If you hold Equity Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each such Equity Interest, coded by Class number and description.  **Each Ballot is only for voting those Equity Interests described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 2G Equity Interests.**  You must vote all of your Equity Interests within a single Class either to accept or reject the Plan and may not split your vote.  Accordingly, if you return more than one Ballot voting different Equity Interests within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5.  The Ballot does not constitute and shall not be deemed a proof of Equity Interest or an assertion of a Equity Interest.

6.  If you cast more than one Ballot voting the same Equity Interest prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Equity Interest.

7.  **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted.  *Ballots should not be sent to the Debtors.*

8.  Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.  The following Ballots will NOT be counted:

    a.  any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    b.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Equity Interest;

    c.  any Ballot cast by an entity that (a) does not hold a Equity Interest in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

6

d.    any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

e.    any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Equity Interest;

f.    any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

g.    any unsigned Ballot;

h.    any Ballot that does not contain an original signature; or

i.    any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Equity Interests of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

# **EXHIBIT 4H**

## **Class 3A Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
In re                                                       :        Chapter 11
:
Gawker Media LLC, *et al.*,[1]                              :        Case No. 16-11700 (SMB)
:
                                    Debtors.                :        (Jointly Administered)
:
------------------------------------------------------------------x

<div align="center">

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,**
**GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**CLASS 3A:  Second Lien Make-Whole Guaranty Claim**

</div>

<div style="border:1px solid black;">

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS**
**DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

</div>

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Hungary Kft. (the "Gawker Hungary Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement.  The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order").  The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC, Gawker Media Group, Inc., and Gawker Hungary Kft. ("Gawker Hungary").  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable.  References to the "Plan" in this Ballot shall refer only to the Gawker Hungary Plan, as incorporated in the Joint Plan.

The Gawker Hungary Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the Gawker Hungary Plan and if the Gawker Hungary Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Gawker Hungary Plan if it finds that the Gawker Hungary Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Gawker Hungary Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Gawker Hungary Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below.  Ballots received after the Voting Deadline will not be counted.

| **By Regular Mail, Hand Delivery or Overnight Courier:** | Gawker Ballot Processing c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 | **Via the Voting Agent's E-Ballot Platform by visiting:** | https://cases.primeclerk.com/gawker/ |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Class 3A:  Second Lien Make-Whole Guaranty Claim

---

**VOTING INSTRUCTIONS**
**FOR COMPLETING THE BALLOT**

1. COMPLETE ITEMS 1, 2, AND 4.

2. SIGN THE BALLOT.

3. RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 3A CLAIM EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6. ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

**Item 1.  Amount of Vote Class 3A Claim Against Gawker Hungary**. The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 3A Claim against Gawker Hungary in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 3A Claim against Gawker Hungary as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

                             **Accept** the Plan.              **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

59600160_3

Class 3A:  Second Lien Make-Whole Guaranty Claim

**Item 3. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

a.  as of the Voting Record Date, the undersigned was the holder of Class 3A Claim against Gawker Hungary of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

b.  the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.  the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.  the undersigned has cast the same vote with respect to all of the holder's Class 3A Claims;

e.  the undersigned understands and acknowledges that no other Ballots with respect to the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked;

f.  the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

g.  the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

59600160_3

Class 3A:  Second Lien Make-Whole Guaranty Claim

**Item 4. Holder of Claim Information and Signature**.

_____

Name of Holder of Claim (Please Print)

_____

Authorized Signature

_____

Name of Signatory

_____

If by Authorized Agent, Name and Title

_____

Name of Institution

_____

Street Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Email Address

_____

Social Security or Federal Taxpayer Identification Number

_____

Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL
BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the
instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE,
WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),
TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC,
BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA
OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.
YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

Class 3A:  Second Lien Make-Whole Guaranty Claim

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

IF THE VOTING AGENT DOES NOT ***ACTUALLY RECEIVE*** THIS CLASS 3A BALLOT ON OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 3A BALLOT WILL NOT BE COUNTED.

---

59600160_3

Class 3A:  Second Lien Make-Whole Guaranty Claim

## IMPORTANT INFORMATION

1. **You should review the Plan and Disclosure Statement before you vote.** The Plan and Disclosure Statement provide information to assist you in deciding how to vote.  You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.  Your Second Lien Make-Whole Guaranty Claim has been placed in Class 3A under the Plan.

2. If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3. To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot."  Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4. If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description.  **Each Ballot is only for voting those Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 3A Claims.**  You must vote all of your Claims within a single Class either to accept or reject the Plan and may not split your vote.  Accordingly, if you return more than one Ballot voting different Claims within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5. The Ballot does not constitute and shall not be deemed a proof of Claim or an assertion of a Claim.

6. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Claim.

7. **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted.  *Ballots should not be sent to the Debtors.*

8. Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9. The following Ballots will NOT be counted:

    a. any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    b. any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    c. any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

59600160_3

d.      any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

e.      any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

f.      any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

g.      any unsigned Ballot;

h.      any Ballot that does not contain an original signature; or

i.      any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

**<u>EXHIBIT 4I</u>**

**<u>Class 3E Ballot</u>**

59600160_3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
In re                                                               :         Chapter 11
                                                                    :
Gawker Media LLC, *et al.*,[1]                                      :         Case No. 16-11700 (SMB)
                                                                    :
                          Debtors.                                  :         (Jointly Administered)
                                                                    :
-------------------------------------------------------------------x

<div align="center">

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT
CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,
GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**CLASS 3E:  Membership Interest**

</div>

<div align="center">

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE JOINT PLAN IS
DECEMBER 5. 2016. at 5:00 P.M. (NEW YORK TIME).**

</div>

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Chapter 11 Plan *of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Joint Plan"), solely with respect to the plan of liquidation for Gawker Hungary Kft. (the "Gawker Hungary Plan"), which is described in the *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft.* (the "Disclosure Statement") and is attached as Exhibit A to the Disclosure Statement.  The Disclosure Statement has been approved by order of the Bankruptcy Court (the "Disclosure Statement Order").  The Joint Plan constitutes a separate chapter 11 plan of liquidation for each of Gawker Media LLC, Gawker Media Group, Inc., and Gawker Hungary Kft. ("Gawker Hungary").  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Joint Plan or the Disclosure Statement Order, as applicable.  References to the "Plan" in this Ballot shall refer only to the Gawker Hungary Plan, as incorporated in the Joint Plan.

The Gawker Hungary Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the Gawker Hungary Plan and if the Gawker Hungary Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Gawker Hungary Plan if it finds that the Gawker Hungary Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Gawker Hungary Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Gawker Hungary Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

To have your vote counted, you must complete, sign, and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Voting Deadline"), at the applicable address indicated below.  Ballots received after the Voting Deadline will not be counted.

| | | |
|---|---|---|
| **By Regular Mail, Hand Delivery or Overnight Courier:** | Gawker Ballot Processing c/o Prime Clerk LLC 830 Third Avenue, 3rd Floor New York, NY 10022 | **Via the Voting Agent's E-Ballot Platform by visiting:** https://cases.primeclerk.com/gawker/ |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Class 3E:  Membership Interest

---

## VOTING INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  COMPLETE ITEMS 1, 2, AND 4.

2.  SIGN THE BALLOT.

3.  RETURN THE BALLOT TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS (OTHER THAN THE ONLINE PORTAL).

5.  YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 3E EQUITY INTEREST EITHER TO ACCEPT OR REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

6.  ANY BALLOT THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7.  ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

**Item 1.  Amount of Vote Class 3E Equity Interest Against Gawker Hungary**. The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of a Class 3E Equity Interest against Gawker Hungary in the aggregate amount set forth below.

Voting Amount: $_____

**Item 2. Vote**. The undersigned, a holder of a Class 3E Equity Interest against Gawker Hungary as of October 31, 2016, in the amount set forth in Item 1 above, votes to (check <u>one</u> box):

**Accept** the Plan.              **Reject** the Plan.

**ANY BALLOT EXECUTED BY THE HOLDER OF A EQUITY INTEREST THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL EQUITY INTERESTS OF ONE CLASS WILL NOT BE COUNTED.**

59600160_3

**Item 3. Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges receipt of the Solicitation Package and certifies that:

a. as of the Voting Record Date, the undersigned was the holder of Class 3E Equity Interest against Gawker Hungary of the type and in the amount set forth in Item 1 above and has the full authority to vote to accept or reject the Plan;

b. the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c. the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d. the undersigned has cast the same vote with respect to all of the holder's Class 3E Equity Interests;

e. the undersigned understands and acknowledges that no other Ballots with respect to the Equity Interests identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Equity Interests, then any such earlier received Ballots are hereby revoked;

f. the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

g. the undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

Class 3E:  Membership Interest

**Item 4. Holder of Equity Interest Information and Signature**.

_____
Name of Holder of Equity Interest (Please Print)


_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Social Security or Federal Taxpayer Identification Number

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

You may also return your Ballot online via the Voting Agent's E-Ballot Platform in accordance with the instructions below.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME), TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**BALLOTS RECEIVED VIA EMAIL OR FAX WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323. YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

4

Class 3E:  Membership Interest

In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/gawker, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Equity Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.

---

> IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 3E BALLOT ON OR BEFORE **DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME),** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 3E BALLOT WILL NOT BE COUNTED.

59600160_3

## IMPORTANT INFORMATION

1.  **You should review the Plan and Disclosure Statement before you vote.**  The Plan and Disclosure Statement provide information to assist you in deciding how to vote.  You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Equity Interest(s) under the Plan.  Your Membership Interest has been placed in Class 3E under the Plan.

2.  If you did not receive the Plan and Disclosure Statement with your Ballot, you may obtain copies by contacting the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

3.  To ensure that your Ballot is counted, you *must either:* (a) complete and submit this hard copy Ballot; or (b) vote through the Voting Agent's online balloting portal accessible through the Debtors' case website https://cases.primeclerk.com/gawker and clicking on "Submit E-Ballot."  Ballots will not be accepted by facsimile or other electronic means (other than the online portal).

4.  If you hold Equity Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each such Equity Interest, coded by Class number and description.  **Each Ballot is only for voting those Equity Interests described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Class 3E Equity Interests.  You must vote all of your Equity Interests within a single Class either to accept or reject the Plan and m**ay not split your vote.  Accordingly, if you return more than one Ballot voting different Equity Interests within a single Class and the Ballots are not voted in the same manner, such Ballots shall not be counted.

5.  The Ballot does not constitute and shall not be deemed a proof of Equity Interest or an assertion of a Equity Interest.

6.  If you cast more than one Ballot voting the same Equity Interest prior to the Voting Deadline, the last properly executed Ballot received by the Voting Agent on or before the Voting Deadline will supersede and revoke any prior Ballots with respect to such Equity Interest.

7.  **Ballots must be received by the Voting Agent by December 5, 2016 at 5:00 P.M. (New York Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, fax, or other means of electronic transmission (except via the E-Ballot platform) will not be accepted.  *Ballots should not be sent to the Debtors.*

8.  Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.  The following Ballots will NOT be counted:

    a.  any Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted a written extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    b.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Equity Interest;

    c.  any Ballot cast by an entity that (a) does not hold a Equity Interest in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

Class 3E:  Membership Interest

d.    any Ballot sent to any party other than the Voting Agent, including the Debtors and the Bankruptcy Court;

e.    any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Equity Interest;

f.    any Ballot transmitted to the Voting Agent by email, fax (other than the online portal), or other means not specifically approved in the Disclosure Statement Order;

g.    any unsigned Ballot;

h.    any Ballot that does not contain an original signature; or

i.    any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Equity Interests of one Class.

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE SOLICITATION PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.**

**YOU MAY ALSO EMAIL THE VOTING AGENT AT:**

**GAWKERBALLOTS@PRIMECLERK.COM.**

---

59600160_3

# EXHIBIT 5

**Non-Voting Status Notice for Unimpaired Classes**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                                        :
In re                                   :          Chapter 11
                                        :
Gawker Media LLC, *et al.*,[1]          :          Case No. 16-11700 (SMB)
                                        :
                      Debtors.          :          (Jointly Administered)
                                        :
--------------------------------------------------------x

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNCLASSIFIED AND UNIMPAIRED CLASSES DEEMED TO ACCEPT THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC, GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.

**PLEASE TAKE NOTICE** that on November ___, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Order"), approving the Disclosure Statement, filed September 30, 2016 (the "Disclosure Statement"), for the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker Media Group, Inc. and Gawker Hungary Kft. (the "Joint Plan"), for use by Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI") and Gawker Hungary Kft. ("Gawker Hungary"), as debtors and debtors in possession (collectively, the "Debtors"), in soliciting acceptances or rejections of the Plan from holders of certain impaired claims who are entitled to vote and are (or may be) entitled to receive distributions under the Plan.

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because, pursuant to the terms of Article 3 of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against or Equity Interest(s) in the Debtors are Unimpaired and, therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are, therefore, not entitled to vote on the Plan.  Accordingly, this notice and the *Notice of Entry of Order Approving (I) the Adequacy of the Disclosure Statement, (I) the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Amended Joint Chapter 11 Plan for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., (III) the Form of Ballots and Notices in Connection Therewith, and (IV) the Scheduling of Certain Dates with Respect Thereto* are being sent to you for informational purposes only.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding this Notice of Non-Voting Status, holders of Claims or Equity Interests in the Unclassified and Unimpaired Classes have the right to (i) contest their non-voting status, and (ii) object to the confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** THAT ARTICLE 9 OF THE JOINT PLAN CONTAINS EXCULPATION FOR THE DEBTORS, THE COMMITTEE AND CERTAIN RELATED PERSONS AS WELL AS THIRD-PARTY RELEASES OF CERTAIN FORMER EMPLOYEES AND INDEPENDENT CONTRACTORS, WHICH ARE SET FORTH ON EXHIBIT 1 HERETO.  **YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER EXHIBIT 1,** AND TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION AND RELEASE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.

**PLEASE TAKE FURTHER NOTICE** that, if you believe that you may have a claim against the Debtors that has been misclassified and which entitles you to vote on the Plan, then you must file with the Bankruptcy Court a motion for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "3018 Motion"), temporarily allowing such claim in a different class for purposes of voting to accept or reject the Joint Plan (i) on or before **November 23, 2016**, or (ii) if the Debtors file an objection to a claim after the Confirmation Hearing Notice served, on or before ten (10) calendar days after service of notice of such objection (either (i) or (ii), the "3018 Motion Deadline").

The 3018 Motion must be served so as to be **actually received** no later than **5:00 p.m. (Prevailing Eastern Time) on the 3018 Motion Deadline** by the following notice parties:  (i) the chambers of the Honorable Stuart M. Bernstein, One Bowling Green, New York, New York 10004, Courtroom 723; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Greg Zipes and Susan Arbeit); (iii) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036 (Attn: Gregg Galardi), attorneys for the Debtors; (iv) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Sandeep Qusba), counsel to the Official Committee of Unsecured Creditors of Gawker Media LLC, et al.; (v) Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 606011, Attn: David Heller & Keith A. Simon, 885 Third Avenue, New York, New York 10022 (Attn: Keith A Simon), counsel to US VC Partners LP, as Prepetition Second Lien Lender.

**PLEASE TAKE FURTHER NOTICE** THAT YOU WILL NOT BE SERVED WITH A COPY OF THE ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT.  If you have any questions about your claim(s) or would like to request a copy of the Order, the Plan or Disclosure Statement, you should contact the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at https://cases.primeclerk.com/gawker/.

59600160_3

Dated: November ___, 2016
      New York, New York

*/s/ DRAFT*

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
joshua.sturm@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors
and Debtors in Possession*

59600160_3

## EXHIBIT 1

### EXCULPATION

**PURSUANT TO SECTION 9.04 OF THE PLAN, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW AND APPROVED IN THE CONFIRMATION ORDER, NONE OF THE DEBTORS OR THE COMMITTEE, NOR ANY OF THEIR RESPECTIVE FORMER OR CURRENT DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, ADVISORS, AFFILIATES, ATTORNEYS, ACCOUNTANTS, FINANCIAL ADVISORS, INVESTMENT BANKERS, RESTRUCTURING ADVISORS, REPRESENTATIVES, OR AGENTS SHALL HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR EQUITY INTEREST FOR ANY ACT OR OMISSION IN CONNECTION WITH OR ARISING OUT OF, (I) ANY ACT, OMISSION, TRANSACTION, OR OTHER OCCURRENCE TAKING PLACE PRIOR TO THE EFFECTIVE DATE AND IN ANY WAY RELATING TO THE COMMENCEMENT AND PROSECUTION OF THE BANKRUPTCY CASES, (II) THE FORMULATION, NEGOTIATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, (III) THE SOLICITATION OF ACCEPTANCES OF THE PLAN, (IV) THE ADMINISTRATION OF THE PLAN OR PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, OR (V) THE ENFORCEMENT OF THE TERMS OF THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, AND DOCUMENTS DELIVERED THEREUNDER; PROVIDED, HOWEVER, THAT THE FOREGOING SHALL NOT AFFECT THE LIABILITY OF ANY PERSON THAT OTHERWISE WOULD RESULT FROM ANY SUCH ACTIONS OR OMISSIONS CONSTITUTING WILLFUL MISCONDUCT OR GROSS NEGLIGENCE AS DETERMINED BY A FINAL ORDER. IN ADDITION, THE EXCULPATED PARTIES SHALL, IN ALL RESPECTS, BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN. NOTHING HEREIN SHALL LIMIT THE LIABILITY OF THE PROFESSIONAL TO THEIR RESPECTIVE CLIENTS PURSUANT TO THE APPLICABLE ATTORNEY DISCIPLINARY RULES.**

### THIRD-PARTY RELEASES OF RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS.

**PURSUANT TO SECTION 9.05 OF THE PLAN, ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN**

4

**PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE ARISING OUT OF OR RELATING TO SUCH RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS' WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, <u>PROVIDED</u>, <u>HOWEVER</u>, THAT THE FOREGOING THIRD-PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.**

59600160_3

# EXHIBIT 6

**Non-Voting Status Notice for Deemed Rejecting Classes**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                                   :

In re                              :       Chapter 11
                                   :

Gawker Media LLC, *et al.*,[1]      :       Case No. 16-11700 (SMB)
                                   :

               Debtors.       :       (Jointly Administered)
                                   :

--------------------------------------------------------x

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO
UNCLASSIFIED AND UNIMPAIRED CLASSES DEEMED TO
ACCEPT THE DEBTORS' AMENDED JOINT CHAPTER 11
PLAN OF LIQUIDATION FOR GAWKER MEDIA LLC,
GAWKER MEDIA GROUP, INC., AND GAWKER HUNGARY KFT.**

**PLEASE TAKE NOTICE** that on November ___, 2016, the United States Bankruptcy Court
for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Order"),
approving the Disclosure Statement, filed September 30, 2016 (the "Disclosure Statement"), for
the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media LLC, Gawker
Media Group, Inc. and Gawker Hungary Kft. (the "Joint Plan"), for use by Gawker Media LLC
("Gawker Media"), Gawker Media Group, Inc. ("GMGI") and Gawker Hungary Kft. ("Gawker
Hungary"), as debtors and debtors in possession (collectively, the "Debtors"), in soliciting
acceptances or rejections of the Plan from holders of certain impaired claims who are entitled to
vote and are (or may be) entitled to receive distributions under the Plan.

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because, pursuant to
the terms of Article 3 of the Plan and the applicable provisions of the Bankruptcy Code, your
Claim(s) against or Equity Interest(s) in the Debtors are Unimpaired and, therefore, pursuant to
section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the
Plan and are, therefore, not entitled to vote on the Plan.  Accordingly, this notice and the *Notice
of Entry of Order Approving (I) the Adequacy of the Disclosure Statement, (I) the Solicitation
and Notice Procedures with Respect to Confirmation of the Debtors' Amended Joint Chapter 11
Plan for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., (III) the
Form of Ballots and Notices in Connection Therewith, and (IV) the Scheduling of Certain Dates
with Respect Thereto* are being sent to you for informational purposes only.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker
Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring
Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o
Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding this Notice of Non-Voting Status, holders of Claims or Equity Interests in the Unclassified and Unimpaired Classes have the right to (i) contest their non-voting status, and (ii) object to the confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** THAT ARTICLE 9 OF THE JOINT PLAN CONTAINS EXCULPATION FOR THE DEBTORS, THE COMMITTEE AND CERTAIN RELATED PERSONS AS WELL AS THIRD-PARTY RELEASES OF CERTAIN FORMER EMPLOYEES AND INDEPENDENT CONTRACTORS, WHICH ARE SET FORTH ON <u>EXHIBIT 1</u> HERETO.  **YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER EXHIBIT 1,** AND TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE EXCULPATION AND RELEASE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.

**PLEASE TAKE FURTHER NOTICE** that, if you believe that you may have a claim against the Debtors that has been misclassified and which entitles you to vote on the Plan, then you must file with the Bankruptcy Court a motion for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "<u>3018 Motion</u>"), temporarily allowing such claim in a different class for purposes of voting to accept or reject the Joint Plan (i) on or before **November 23, 2016**, or (ii) if the Debtors file an objection to a claim after the Confirmation Hearing Notice served, on or before ten (10) calendar days after service of notice of such objection (either (i) or (ii), the "<u>3018 Motion Deadline</u>").

The 3018 Motion must be served so as to be **actually received** no later than **5:00 p.m. (Prevailing Eastern Time) on the 3018 Motion Deadline** by the following notice parties:  (i) the chambers of the Honorable Stuart M. Bernstein, One Bowling Green, New York, New York 10004, Courtroom 723; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Greg Zipes and Susan Arbeit); (iii) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036 (Attn: Gregg Galardi), attorneys for the Debtors; (iv) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Sandeep Qusba), counsel to the Official Committee of Unsecured Creditors of Gawker Media LLC, et al.; (v) Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 606011, Attn: David Heller & Keith A. Simon, 885 Third Avenue, New York, New York 10022 (Attn: Keith A Simon), counsel to US VC Partners LP, as Prepetition Second Lien Lender.

**PLEASE TAKE FURTHER NOTICE** THAT YOU WILL NOT BE SERVED WITH A COPY OF THE ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT.  If you have any questions about your claim(s) or would like to request a copy of the Order, the Plan or Disclosure Statement, you should contact the Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.  In addition, the Plan and Disclosure Statement are available for review, without charge, at the Debtors' case website at <u>https://cases.primeclerk.com/gawker/</u>.

Dated: November ___, 2016
      New York, New York

*/s/ DRAFT*

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
joshua.sturm@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

**EXHIBIT 1**

**EXCULPATION**

PURSUANT TO SECTION 9.04 OF THE PLAN, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW AND APPROVED IN THE CONFIRMATION ORDER, NONE OF THE DEBTORS OR THE COMMITTEE, NOR ANY OF THEIR RESPECTIVE FORMER OR CURRENT DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, ADVISORS, AFFILIATES, ATTORNEYS, ACCOUNTANTS, FINANCIAL ADVISORS, INVESTMENT BANKERS, RESTRUCTURING ADVISORS, REPRESENTATIVES, OR AGENTS SHALL HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR EQUITY INTEREST FOR ANY ACT OR OMISSION IN CONNECTION WITH OR ARISING OUT OF, (I) ANY ACT, OMISSION, TRANSACTION, OR OTHER OCCURRENCE TAKING PLACE PRIOR TO THE EFFECTIVE DATE AND IN ANY WAY RELATING TO THE COMMENCEMENT AND PROSECUTION OF THE BANKRUPTCY CASES, (II) THE FORMULATION, NEGOTIATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, (III) THE SOLICITATION OF ACCEPTANCES OF THE PLAN, (IV) THE ADMINISTRATION OF THE PLAN OR PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, OR (V) THE ENFORCEMENT OF THE TERMS OF THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, AND DOCUMENTS DELIVERED THEREUNDER; PROVIDED, HOWEVER, THAT THE FOREGOING SHALL NOT AFFECT THE LIABILITY OF ANY PERSON THAT OTHERWISE WOULD RESULT FROM ANY SUCH ACTIONS OR OMISSIONS CONSTITUTING WILLFUL MISCONDUCT OR GROSS NEGLIGENCE AS DETERMINED BY A FINAL ORDER. IN ADDITION, THE EXCULPATED PARTIES SHALL, IN ALL RESPECTS, BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN. NOTHING HEREIN SHALL LIMIT THE LIABILITY OF THE PROFESSIONAL TO THEIR RESPECTIVE CLIENTS PURSUANT TO THE APPLICABLE ATTORNEY DISCIPLINARY RULES.

**THIRD-PARTY RELEASES OF RELEASED EMPLOYEES
AND INDEPENDENT CONTRACTORS.**

PURSUANT TO SECTION 9.05 OF THE PLAN, ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN

4

**PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE ARISING OUT OF OR RELATING TO SUCH RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS' WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, <u>PROVIDED</u>, <u>HOWEVER</u>, THAT THE FOREGOING THIRD-PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.**

59600160_3

# **EXHIBIT 7**

**Disputed Claim Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                      :
In re                                                 :      Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :      Case No. 16-11700 (SMB)
                                                      :
                        Debtors.                      :      (Jointly Administered)
                                                      :
-------------------------------------------------------x

## NOTICE OF DISPUTED CLAIM STATUS AND ELECTION FORM

     **PLEASE TAKE NOTICE THAT** on November ___, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures with Respect to Confirmation of the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., (III) the Form of Ballots and Notices in Connection Therewith, and (IV) the Scheduling of Certain Dates with Respect Thereto* (the "Disclosure Statement Order") that, among other things: (a) approved the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as may further be amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "Bankruptcy Code"), and (b) authorized the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the acceptance or rejection of the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as may further be amended from time to time and including all exhibits and supplements thereto, the "Plan").[2]

     **PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice in addition to the Solicitation Package because you are the Holder of a Claim or Equity Interest that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless a Resolution Event (as defined below) has taken place by the Confirmation Hearing;** provided, however that if your Claims is classified in Class 1C, Class 2C or Class 2D you **may** elect to be treated as a GMGI General Unsecured Convenience Class Creditor or a Gawker Media General Unsecured Convenience Class Creditor, as applicable, by completing the election form attached hereto as **Exhibit A** and submitting it to the Voting Agent in accordance with the instructions therein.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** a "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than three (3) days prior to the Voting Deadline:

     (a)     an order of the Court is entered allowing the Disputed Claim or Equity Interest pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

     (b)     an order of the Court is entered temporarily allowing the Disputed Claim or Equity Interest for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

     (c)     a stipulation or other agreement is executed between the holder of the Disputed Claim or Equity Interest and the Debtors resolving the objection and allowing such Disputed Claim or Equity Interest in an agreed upon amount;

     (d)     a stipulation or other agreement is executed between the holder of the Disputed Claim or Equity Interest and the Debtors temporarily allowing the holder of such Claim or Equity Interest to vote its Claim or Equity Interest in an agreed upon amount; or

     (e)     the pending objection to the Disputed Claim or Equity Interest is voluntarily withdrawn by the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact Prime Clerk LLC, the Voting Agent Voting Agent by mail at 830 Third Avenue, 3rd Floor, New York, NY 10022, by email at gawkerballots@primeclerk.com, or by phone at (855) 639-3375 within the United States or Canada, or outside of the United States or Canada by calling (917) 651-0323.

Dated: November ___, 2016
     New York, New York

                    */s/ DRAFT*
                    ROPES & GRAY LLP
                    Gregg M. Galardi
                    D. Ross Martin
                    Joshua Y. Sturm
                    Jonathan M. Agudelo
                    1211 Avenue of the Americas
                    New York, NY 10036-8704
                    Telephone: (212) 596-9000
                    Facsimile: (212) 596-9090
                    gregg.galardi@ropesgray.com
                    ross.martin@ropesgray.com
                    joshua.sturm@ropesgray.com
                    jonathan.agudelo@ropesgray.com

                    *Counsel to the Debtors*
                    *and Debtors in Possession*

## __EXHIBIT A__

**Disputed Claim Convenience Class Election Form**

Disputed Claim Convenience Class Election Form

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
:
In re                                                    :        Chapter 11
:
Gawker Media LLC, *et al.*,[1]                           :        Case No. 16-11700 (SMB)
:
                                  Debtors.               :        (Jointly Administered)
:
-------------------------------------------------------x

## DISPUTED CLAIM CONVENIENCE CLASS ELECTION FORM

> **THE DEADLINE TO SUBMIT THIS ELECTION FORM IS**
> **DECEMBER 5, 2016, at 5:00 P.M. (NEW YORK TIME).**

This form (the "Election Form") is being provided to you in connection with the Notice of Disputed Claim Status and Election Form (the "Disputed Claim Notice") in order to provide you with the opportunity to elect to be treated as a GMGI General Unsecured Convenience Class Creditor or a Gawker Media General Unsecured Convenience Class Creditor, as applicable, pursuant to the Debtors' Plan (the "Election"). Any holder who makes such election will receive a single distribution on the Effective Date in Cash of the lesser of (a) the Allowed amount of its Class 1C Claim and (b) $25,000, on account of all of its Claims against any Debtors. Capitalized terms used in this Election Form or the attached instructions that are not otherwise defined shall have the meanings ascribed to them in the Disputed Claim Notice and Election Form or the Plan, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims and at least two-thirds in amount of the Equity Interests in each impaired Class of Equity Interests who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you, whether or not you vote.

In order for your Election to be effective, you must complete, sign, and return this Election Form to Prime Clerk LLC (the "Voting Agent"), so that it is **actually received** by **December 5, 2016, at 5:00 P.M. (New York Time)** (the "Election Deadline"), at the applicable address indicated below. Election Forms received after the Election Deadline will not be counted.

**By Regular Mail,**        Gawker Ballot Processing
**Hand Delivery or**        c/o Prime Clerk LLC
**Overnight Courier:**      830 Third Avenue, 3rd Floor
                            New York, NY 10022

---

[1] The last four digits of the taxpayer identification number of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Disputed Claim Convenience Class Election Form

---

**ELECTION INSTRUCTIONS**
**FOR COMPLETING THE ELECTION FORM**

1.        COMPLETE ITEMS 1, 2, AND 4.

2.        **SIGN THE ELECTION FORM.**

3.        RETURN THE ELECTION FORM TO THE VOTING AGENT SO THAT IT IS **ACTUALLY RECEIVED** BY THE ELECTION DEADLINE.   ELECTION FORMS RECEIVED AFTER THE ELECTION DEADLINE WILL NOT BE EFFECTIVE.   AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.

4.        THE VOTING AGENT WILL NOT ACCEPT ELECTION FORMS BY FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS.

5.        ALL ELECTION FORMS MUST BE FULLY EXECUTED TO BE VALID.   IF AN ELECTION FORM IS EXECUTED BY A PARTY OTHER THAN THE CREDITOR, AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE PARTY'S AUTHORITY TO EXECUTE THE ELECTION FORM <u>MUST</u> BE INCLUDED WITH THE ELECTION FORM.

---

59600160_3

Disputed Claim Convenience Class Election Form

**Item 1.  Amount of Claims**.  The undersigned hereby certifies that as of October 31, 2016, the undersigned was the holder of the Claims set forth below;

Class 1C – GMGI General Unsecured Claims:          $_____

Class 2C – Gawker Media General Unsecured Claims:    $_____

Class 2D – Gawker Media Punitive Damage Claims:      $_____

**Item 2. Convenience Class Election.**

By checking this box, the undersigned holder of the Claims listed in Item 1 (a) elects to be treated as GMGI or Gawker Media Convenience Class Creditor, as applicable, and receive the treatment set forth in Article 3 of the Plan (b) affirms its understanding that by making the Election it will be deemed to have voted to Accept the Plan as a member of Class 1D or Class 2E, as applicable.

**Elects** to be treated as a GMGI or Gawker Media Convenience Class Creditor, as applicable.

-3-

**Item 3. Certifications and Acknowledgments**.  By signing this Election Form, the undersigned certifies that:

a.   as of the Voting Record Date, the undersigned was the holder of the Claims in the amount listed in Item 1 above and has the full authority to complete this Election Form;

b.   the undersigned has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.   the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.   the undersigned understands and acknowledges that no other Election Forms with respect to the Claims identified in Item 1 above have been submitted or, if any other Election Forms have been submitted with respect to such Claims, then any such earlier received Election Forms are hereby revoked; and

e.   the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Election Form, and every obligation of the undersigned, shall be binding upon the transferees, successors, assignees, heirs, executors, administrators, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

59600160_3

Disputed Claim Convenience Class Election Form

**Item 4. Holder of Claim Information and Signature**.

_____
Name of Holder of Claim (Please Print)

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Social Security or Federal Taxpayer Identification Number

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS ELECTION FORM AND RETURN THE ORIGINAL
ELECTION FORM PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

Gawker Ballot Processing
c/o Prime Clerk, LLC
830 Third A venue, 3rd Floor
New York, NY 10022

---

**TO BE EFFECTIVE, YOUR ELECTION FORM MUST BE
<u>ACTUALLY RECEIVED</u> BY THE ELECTION DEADLINE, WHICH IS
DECEMBER 5, 2016 AT 5:00 P.M. (NEW YORK TIME)**

**ELECTION FORMS RECEIVED VIA EMAIL OR FAX WILL NOT BE EFFECTIVE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS ELECTION FORM OR THE ELECTION
PROCESS, PLEASE CALL THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC,
BY TOLL-FREE TELEPHONE AT (855) 639-3375 WITHIN THE UNITED STATES OR CANADA
OR, OUTSIDE OF THE UNITED STATES OR CANADA BY CALLING (917) 651-0323.
YOU MAY ALSO EMAIL THE VOTING AGENT AT GAWKERBALLOTS@PRIMECLERK.COM**

59600160_3