**Hearing Date and Time:  December 1, 2016, at 10:30 a.m. (ET)**
**Objection Deadline:  November 21, 2016, at 4:00 p.m. (ET)**

CAHILL GORDON & REINDEL LLP
Susan Buckley
Joel H. Levitin
Eighty Pine Street
New York, New York  10005
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420

*Special Litigation Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                  :

In re                              :       Chapter 11
                                  :
Gawker Media LLC, *et al.*,[1]    :       Case No. 16-11700 (SMB)
                                  :
            Debtors.       :       (Jointly Administered)
                                  :
-------------------------------------------------------x

**SUMMARY COVER SHEET TO**
**FIRST INTERIM APPLICATION OF CAHILL GORDON & REINDEL LLP**
**AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS FOR**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM JUNE 10, 2016 THROUGH SEPTEMBER 30, 2016**

      In accordance with the Local Rules for the Southern District of New York, Cahill Gordon
& Reindel LLP ("Cahill"), Special Litigation Counsel to the debtors and debtors in possession in
these proceedings (collectively, the "Debtors"), hereby submits this summary (this "Summary")
of fees and expenses sought as actual, reasonable, and necessary in the fee application to which
this Summary is attached (the "Fee Application") for the period from June 10, 2016 through
September 30, 2016 (the "Fee Period").

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492);
Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and
Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s
offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

Cahill submits the Fee Application as an interim fee application in accordance with the *Order Granting Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Cahill Gordon & Reindel LLP as Special Litigation Counsel Effective Nunc Pro Tunc to the Petition Date* entered by this Court on August 11, 2016 [Docket No. 169] (the "Retention Order"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered by this Court on July 13, 2016 [Docket No. 94] (the "Interim Compensation Order").

## GENERAL INFORMATION

Name of Applicant:                                      Cahill Gordon & Reindel LLP

Authorized to Provide
Professional Services to:                               The Debtors

Petition Date                                           June 10, 2016

Date of Retention Order:                               August 11, 2016 *nunc pro tunc* to June 10, 2016

## SUMMARY OF FEES AND EXPENSES SOUGHT IN THE FEE APPLICATION

Period for Which Compensation and/or               June 10, 2016, through
Reimbursement is Sought:                           and including September 30, 2016

Voluntary Fee Waiver During this Period            Approximately $20,000, based on Agreed
                                                   Discounted Rates

Total Amount of Compensation Sought
At Agreed Discounted Rates                         Fees:  $64,357.20
                                                   Expenses: $840.92

This is a(n) ____ monthly **X** interim ____ final application.  No prior interim fee application was filed for this Fee Period.[2]

---

[2] Notice of this Fee Application will be served in accordance with the Interim Compensation Order, and any objections to the relief requested in this Application must be addressed in accordance with the Interim Compensation Order.

Summary Chart of Previous Monthly Fee Statements and Fee Applications

| Monthly Fee Statements | | | | | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees Requested | Expenses Requested | Fees Paid to Date | Expenses Paid to Date |
| August 19, 2016 | 6/10-7/31/16 | $31,557.20 | $709.26 | $25,245.76 | $709.26 |
| September 19, 2016 | 8/1/16-8/31/16 | $25,440.00 | $99.16 | $20,352.00 | $99.16 |
| October 19, 2016 | 9/1/16-9/30/16 | $7,360.00 | $32.50 | $0 | $0 |
| Fee Applications | | | | | |
| Date Filed | Period Covered | Fees Requested | Expenses Requested | | Fees Paid to Date | Expenses Paid to Date |
| N/A | | | | | |
| | | | | | |

Dated:  November 7, 2016
New York, New York

/s/ Joel H. Levitin
Susan Buckley
Joel H. Levitin
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
jlevitin@cahill.com
sgordon@cahill.com

*Special Litigation Counsel to the
Debtors and Debtors-in-Possession*

CAHILL GORDON & REINDEL LLP
Susan Buckley
Joel H. Levitin
Eighty Pine Street
New York, New York  10005
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420

*Special Litigation Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
In re                                                  :        Chapter 11
                                                       :
Gawker Media LLC, *et al.*,[3]                          :        Case No. 16-11700 (SMB)
                                                       :
                              Debtors.                  :        (Jointly Administered)
                                                       :
-------------------------------------------------------x

**FIRST INTERIM APPLICATION OF CAHILL GORDON & REINDEL LLP**
**AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS FOR**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM JUNE 10, 2016 THROUGH SEPTEMBER 30, 2016**

The law firm of Cahill Gordon & Reindel LLP ("Cahill"), Special Litigation Counsel to

the debtors and debtors in possession in these proceedings (the "Debtors") with respect to the

Mail Media Litigation (as defined below and in the Debtors' Application for Entry of an Order

Authorizing the Retention and Employment of Cahill dated July 25, 2016 (the "Cahill Retention

Application") [Docket No. 131][4]), hereby files this first interim application (this "Fee

---

[3] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).   The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011.  Kinja Kft.'s offices are located at Andrassy ut 66. 1062 Budapest, Hungary.

[4] The Cahill Retention Application was granted by Order dated August 11, 2016 [Docket No. 169].

Application") for the period of June 10, 2016 through and including September 30, 2016 (the

"Fee Period") for (a) compensation in the amount of $64,357.20[5] for the actual and necessary

legal services rendered by Cahill to the Debtors during the Fee Period, and (b) reimbursement for

the actual and necessary expenses incurred by Cahill during the Fee Period in the amount of

$840.92.  In support of this Fee Application, Cahill submits the declaration of Susan Buckley, a

partner of Cahill (the "Buckley Declaration"), which is attached hereto as **Exhibit A** and

incorporated herein by reference.  In further support of this Fee Application, Cahill respectfully

states as follows:

<u>**Preliminary Statement**</u>

1.      Throughout the Fee Period, Cahill has represented the Debtors with respect to the

Mail Media Litigation matter.

2.      This representation has enabled the Debtors to make significant progress in

resolving the Mail Media Litigation.   Cahill submits that the compensation and expense

reimbursement sought herein for the necessary and beneficial professional services it provided to

the Debtors during the Fee Period is reasonable and appropriate, commensurate with the scale,

nature, and complexity of the issues it was involved with during these chapter 11 cases, and

therefore, should be allowed.

---

[5] As disclosed in the Cahill Retention Application, Cahill is charging special discounted hourly rates, well
below Cahill's usual and customary rates, that were agreed upon for this matter.  The discount amounts to
approximately $20,000 for the Fee Period.

<u>**Jurisdiction and Basis for Relief**</u>

3.      The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-1(a) of the Local Rules for the Southern District of New York (the "<u>Local Rules</u>"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "<u>Local Guidelines</u>"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "<u>Interim Compensation Order</u>") [Docket No. 94].

<u>**Background**</u>

**A.      The Bankruptcy Filing and General Case Background.**

6.      Gawker Media LLC, together with its Debtor and non-Debtor affiliates, is an online media company and blog network.   The Debtors' current operations are principally located in New York City, New York.

7.      On June 10, 2016 (the "'<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 16, 2016, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy

Rule 1015(b) [Docket No. 41]. No request for the appointment of a trustee or examiner was made in these chapter 11 cases.

8.    On June 24, 2016, the Office of the United States Trustee for the Southern District of New York (the 'U.S. Trustee") formed the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 62].

9.    On July 13, 2016, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases. Pursuant to the Interim Compensation Order, Cahill filed and had sent to the Debtors and the appropriate notice parties:  (i) a monthly fee statement, dated August 19, 2016, for compensation and for reimbursement of expenses for services rendered during the period from June 10, 2016 through July 31, 2016, in the amounts of $31,557.20 for fees and $709.26 for expenses (the "First Monthly Fee Statement"); (ii) a monthly fee statement, dated September 19, 2016, for compensation and for reimbursement of expenses for services rendered during the period from August 1, 2016, through August 31, 2016, in the amounts of $25,440.00 for fees and $99.16 for expenses (the "August Monthly Fee Statement"); and (iii) a monthly fee statement, dated October 19, 2016, for compensation and for reimbursement of expenses for services rendered during the period from September 1, 2016, through September 30, 2016, in the amounts of $7,360.00 for fees and $32.50 for expenses (the "September Monthly Fee Statement" and together with the First and August Monthly Fee Statements, the "Monthly Fee Statements").

10.    Pursuant to the Interim Compensation Order, if no objections are received by the 35th day following the last day of the month for which compensation is sought in a given Monthly Fee Statement, the Debtors shall promptly pay 80% of the fees and 100% of the expenses detailed in such Monthly Fee Statement.  As of the date of this Application, Cahill has

- 4 -

received payments for 80% of the fees and 100% of the expenses detailed in the First Monthly Fee Statement[6] and the August Monthly Fee Statement.  Cahill has not yet received any payment on the September Monthly Fee Statement.

11.    Except for the payments referred to above, Cahill has received no payment and no promises for payment from any other source for services rendered in connection with the Debtors' chapter 11 cases.  There is no agreement or understanding between Cahill and any other person (other than members of Cahill) for the sharing of compensation to be received for the services rendered in these chapter 11 cases.

**B.    The Debtors' Retention of Cahill.**

12.    On July 25, 2016, the Debtors filed the Cahill Retention Application.

13.    On July 14, 2016, the Court entered the *Order Granting Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Cahill Gordon & Reindel LLP as Special Litigation Counsel Effective Nunc Pro Tunc to the Petition Date* entered by this Court on August 11, 2016 [Docket No. 169] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse Cahill in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The Retention Order also authorizes the Debtors to compensate Cahill at discounted hourly rates agreed to by Cahill for this matter and to reimburse Cahill for Cahill's actual and necessary out-of-pocket expenses incurred, subject to application to the Court. The particular terms of Cahill's engagement are detailed in the Cahill Retention Application.

---

[6] Cahill also recently received payment of the full amount of the First Monthly Fee Statement from Univision and has requested guidance from Ropes & Gray regarding this payment.

14. The Retention Order authorizes Cahill to perform services including, but not limited to, the continued counsel and representation on all matters in connection with the case captioned *Mail Media Inc. d/b/a Mail Online v. Gawker Media LLC and James King*, No. 1591342015, currently pending in the Supreme Court of the State of New York, for the County of New York and any other court of competent jurisdiction that may hear matters in connection with such case (the "Mail Media Litigation"), including continuing to represent co-defendant James King, the freelance reporter who authored the news report at issue in the Mail Media Litigation.

**C.    No Adverse Interests of Cahill.**

15. To the best of the Debtors' knowledge and as disclosed in the *Declaration of Susan Buckley* submitted in support of and as Exhibit B to the Cahill Retention Application (the "Declaration"), Cahill does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Cahill has been retained and satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

16. Cahill performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity, other than Mr. King.

17. Pursuant to Bankruptcy Rule 2016(b), Cahill has not shared, nor has Cahill agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Cahill, or (b) any compensation another person or party has received or may receive.

<u>Fees and Expenses Incurred During the Fee Period</u>

A.    **Customary Billing Disclosures.**

18.    Cahill's hourly rates are set at a level designed to compensate Cahill fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Cahill in these chapter 11 cases are equivalent to (or below, based on the discount) the hourly rates and corresponding rate structure used by Cahill for other similar litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

B.    **Fees Incurred During the Fee Period.**

19.    In the ordinary course of Cahill's practice, Cahill maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties-in-interest, attached hereto as **<u>Exhibit C</u>** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

(a)    the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

(b)    each attorney's year of bar admission and their respective practice groups;

(c)    the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

(d)    the hourly billing rate for each attorney and each paraprofessional at Cahill's current discounted billing rates applicable to this matter; and

(e)    a calculation of total compensation requested using the rates disclosed in the Retention Application.

C.    **Expenses Incurred During the Fee Period.**

20.    In the ordinary course of Cahill's practice, Cahill maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and

for which reimbursement is sought.  Cahill does not charge its clients for incoming facsimile transmissions.

21.    The following brief summary of services rendered during the Fee Period is not intended to be a detailed description of the work performed – the time records are set forth in the Monthly Fee Statements, which are attached hereto as **Exhibit D** and incorporated by reference herein.

### Summary of Legal Services Rendered During the Fee Period

22.    As discussed above, during the Fee Period, Cahill provided professional services to the Debtors in connection with the Mail Media Litigation, particularly trying to resolve it on the most favorable terms possible.  Specifically, Cahill lawyers engaged in lengthy and detailed negotiations with counsel for Mail Media Inc., participated in numerous discussions with the client about potential settlement terms, drafted and revised documents necessary to achieve a settlement to reflect terms newly agreed by the parties, conformed the proposed settlement documents to comply with requirements of the Bankruptcy Court, and engaged in further negotiations with opposing counsel on specific terms of the agreement.  As a result of such efforts and subsequent efforts, Cahill believes that a settlement has been achieved and anticipates that the settlement documents will be executed and submitted for the approval of the Bankruptcy Court in the near future.

23.    In addition, Cahill incurred time and expenses on retention issues and on making fee requests.

### Actual and Necessary Expenses Incurred by Cahill

24.    As summarized in the Monthly Fee Statements attached hereto as **Exhibit D**, Cahill has incurred a total of $840.92 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse Cahill's direct operating costs, which are not

incorporated into Cahill's hourly billing rates. Cahill charges external copying and computer research at the provider's cost without markup. Only clients who actually use certain services are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

26.    The foregoing professional services provided by Cahill on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters. Many of the services performed by Cahill were provided by Cahill's media litigation group. Cahill has a prominent practice and enjoys a national and international reputation for its expertise in this area.

### Voluntary Discount

26.    Without the agreed discount, Cahill would have charged an additional amount of approximately $20,000 during the Fee Period.

### Cahill's Requested Compensation and Reimbursement Should be Allowed

27.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

    (a)    the time spent on such services;

    (b)    the rates charged for such services;

- 9 -

(c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

28.    Cahill respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors. Cahill further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited all parties involved. Cahill further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors and all parties in interest.

29.    During the Fee Period, Cahill's hourly billing rates for attorneys are equivalent to and indeed well below the hourly rates and corresponding rate structure used by Cahill for similar matters, whether in court or otherwise, regardless of whether a fee application is required.

30.    In sum, Cahill respectfully submits that the professional services provided by Cahill on behalf of the Debtors during these chapter 11 cases were necessary and appropriate given the circumstances of these chapter 11 cases, the time expended by Cahill employees, the nature and extent of Cahill's services provided, the value of Cahill's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in Section 330 of the Bankruptcy Code. Accordingly, Cahill respectfully submits that the compensation sought herein is warranted and should be approved.

## Reservation of Rights and Notice

31.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in this Fee Application.  Cahill reserves the right to include such amounts in future fee applications.  In accordance with the Interim Compensation Order, the Debtors will provided notice of this Fee Application to:  (i) the Debtors, Gawker Media LLC, c/o Opportune LLP,10 East 53rd Street, 33rd Floor, New York, New York 10022, Attn: William D. Holden (profinvoices@gawker.com); (ii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes and Susan Arbeit; (iii) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, New York 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (iv) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and (v) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com) (each, a "Notice Party," and collectively, the "Notice Parties").  Any party, other than the Notice Parties, that wishes to object to this Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on the affected professional and the Notice Parties so that it is actually received on or before November 21, 2016 at 4:00 p.m. (prevailing Eastern Time).

## No Prior Request

32.    No prior application for the relief requested herein has been made to this or any court.

- 11 -

WHEREFORE, Cahill respectfully requests that the Court enter an order:

(a) approving compensation for professional services provided during the Fee Period in the amount of $64,357.20;

(b) approving the reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $840.92;

(c) approving the payment of $17,319.94, representing the unpaid portion of Cahill's incurred fees and expenses during the Fee Period;

(d) authorizing and directing the Debtors to pay the fees and expenses awarded; and

(e) granting such other and further relief as is just and proper under the circumstances.

Dated:  November 7, 2016
        New York, New York

/s/ Joel H. Levitin
Susan Buckley
Joel H. Levitin
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
jlevitin@cahill.com
sgordon@cahill.com

*Special Litigation Counsel to the*
*Debtors and Debtors-in-Possession*