**Hearing Date and Time: December 1, 2016 at 10:30 a.m. (Prevailing Eastern Time)**
**Objection Deadline: November 21, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

LEVINE SULLIVAN KOCH & SCHULZ, LLP
Seth D. Berlin
1899 L Street NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888

*Special Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                        :
In re                                   :       Chapter 11
                                        :
Gawker Media LLC, *et al.*,[1]          :       Case No. 16-11700 (SMB)
                                        :
            Debtors.                    :       (Jointly Administered)
                                        :
-------------------------------------------------------x

**COVER SHEET FOR FIRST APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 10, 2016 THROUGH SEPTEMBER 30, 2016**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (5056). Their mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

| | |
|---|---|
| Name of Applicant: | **Levine Sullivan Koch & Schulz, LLP** |
| Date of Retention: | **September 23, 2016 (*nunc pro tunc* to June 10, 2016) [Docket No. 288]** |
| Period for Which Compensation and Reimbursement is Sought: | **June 10, 2016 through September 30, 2016** |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | **$299,783.77** |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | **$9,144.63** |
| Amount of Compensation Sought Already Paid Pursuant to Monthly Fee Statement (at 80%): | **$0** |
| Amount of Expense Reimbursement Already Paid Pursuant to Monthly Fee Statement: | **$0** |
| Total Compensation Already Approved by Interim Order to Date: | **$0** |
| Total Expenses Already Approved by Interim Order to Date: | **$0** |
| Total Allowed Compensation Paid to Date: | **$0** |
| Total Allowed Expenses Paid to Date: | **$0** |
| Blended Hourly Rate for Hours Worked By All Attorneys in this Application: | **$462.91** |
| Blended Hourly Rate for Hours Worked By All Paraprofessionals in this Application: | **$215.00** |
| Blended Hourly Rate for All Timekeepers in this Application: | **$451.04** |
| Number of Professionals and Paraprofessionals Included in this Application: | **19** |
| Increase in Rates: | **None** |

This is a(n):   ____ Monthly        __X___ Interim        _____ Final application.

2

**SUMMARY OF MONTHLY FEE STATEMENTS FILED**

| Application | Period Covered | Total Fees | Reduction of Fees for Non-Debtor Defendants | Requested Fees[2] | Requested Expenses | CNO | Fees Paid to Date (80%) | Expenses Paid to Date (100%) | Total Unpaid Fees & Expenses |
|---|---|---|---|---|---|---|---|---|---|
| 10/20/16- Dkt. 364 | 6/10/16- 9/30/16 | $324,165.00 | $24,381.23 | $299,783.77 | $9,144.63 | $0 | $0 | $0 | $308,928.40 |

---

[2] Pursuant to Paragraph 6 of this Court's Order Authorizing the Retention of Levine Sullivan Koch & Schulz, LLP as Special Litigation Counsel (Dkt. 288) (the "Retention Order"), with respect to compensation of Levine Sullivan for services performed in connection with Actions involving Non-Debtor Defendants, the Debtors' estate shall be liable for 85% of the fees and 100% of expenses for services rendered jointly on behalf of the Debtors and Non-Debtor Defendants. Compensation for services rendered on behalf of both the Debtors and Non-Debtor Defendants (the "Non-Debtor Allocation") shall be due pursuant to arrangements between LSKS and the Non-Debtor Defendants. As described in paragraph 11 of the Debtors' Application (Dkt. 132) and in paragraph 5 of the Declaration of Seth D. Berlin in support thereof (Dkt. 132), these matters are as follows: *Bollea I, Johnson, Terrill, Ayyadurai*, and *Huon*. The Requested Fees noted herein represent the total net fees attributable to the Debtors after the reduction of fees for portions attributable to the Non-Debtor Defendants.

3

**Hearing Date and Time: December 1, 2016 at 10:30 a.m. (Prevailing Eastern Time)**
**Objection Deadline: November 21, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

LEVINE SULLIVAN KOCH & SCHULZ, LLP
Seth D. Berlin
1899 L Street NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888

*Special Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                        :
In re                                                   :      Chapter 11
                                                        :
Gawker Media LLC, *et al.*,[1]                          :      Case No. 16-11700 (SMB)
                                                        :
            Debtors.                                    :      (Jointly Administered)
                                                        :
-------------------------------------------------------x


**FIRST APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL
LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR
ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FROM
JUNE 10, 2016 THROUGH SEPTEMBER 30, 2016**

Levine Sullivan Koch & Schulz, LLP ("Levine Sullivan"), special litigation attorneys for

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker

Hungary Kft ("Gawker Hungary"[2]), and collectively with Gawker Media and GMGI, the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (5056). Their mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

[2] Levine Sullivan was originally retained as special litigation attorneys for Kinja Kft ("Kinja"). However, Kinja subsequently changed its name to Gawker Hungary Kft.

"Debtors"), for its application (the "Application") pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") for interim allowance and compensation for services rendered an for reimbursement of expenses incurred in connection therewith respectfully represents:

**INTRODUCTION**

1. By this Application, Levine Sullivan seeks (a) interim allowance and award of compensation for the professional services rendered by Levine Sullivan as special litigation attorneys for the Debtors for the period from June 10, 2016 through and including September 30, 2016 (the "Compensation Period") with regard to (i) fees for legal services in the amount of $299,783.77, representing approximately 684.30 hours of professional services and 34.40 hours of paraprofessional services, and (ii) expenses in the amount of $9,144.63, representing actual and necessary expenses incurred by Levine Sullivan during the Compensation Period in connection with the rendition of such professional and paraprofessional services and (b) payment of $308,928.40, representing the total unpaid fees and expenses, including the 20% holdback of fees, incurred by Levine Sullivan during the Compensation Period.

2. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 94] (the "Interim Compensation Order"). In preparing the Application, Levine Sullivan has complied

2

with the U.S. Trustee *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Appendix B Guidelines") and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Case, effective February 5, 2013 (the "Local Guidelines"). In accordance with the Local Guidelines, a certification by Seth D. Berlin regarding compliance with the Local Guidelines is attached hereto as **Exhibit A**.

## BACKGROUND

3. On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, Gawker Media Group, Inc. ("GMGI") and Kinja Kft (now, "Gawker Hungary Kft") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

5. On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. On September 23, 2016 this Court entered an order authorizing the retention of Levine Sullivan as Special Litigation Counsel to the Debtors [Docket No. 288] (the "Levine Sullivan Retention Order"), *nunc pro tunc* to the Petition Date. A copy of the Levine Sullivan Retention Order is attached as **Exhibit B**.

3

7.  Pursuant to the Interim Compensation Order, Levine Sullivan filed and sent to the Debtors and the appropriate notice parties: a monthly fee statement, dated October 20, 2016, for compensation and for reimbursement of expenses for services rendered during the period from June 10, 2016, through September 30, 2016, in the amounts of $239,827.02 for fees (at 80%) and $9,144.63 for expenses.

8.  Pursuant to the Interim Compensation Order, if no objections are received by the 35th day following the last day of the month for which compensation is sought in a given Monthly Fee Statement, the Debtors shall promptly pay 80% of the fees and 100% of the expenses detailed in such Monthly Fee Statement. As of the date of this Application, Levine Sullivan has not yet received payments for 80% of the fees and 100% of the expenses detailed in its First Monthly Fee Statement. The Objection Deadline for Levine Sullivan's First Monthly Fee Statement was November 4, 2016, and no objections were filed.

9.  Except for the payment arrangement between the Debtors and the Non-Debtor Defendants detailed in the Cover Sheet at *supra* note 2, Levine Sullivan has received no promises for payment from any other source for services rendered in connection with the Debtors' chapter 11 cases. There is no agreement or understanding between Levine Sullivan and any other person for the sharing of compensation to be received for the services rendered in these chapter 11 cases.

## SUMMARY OF SERVICES RENDERED

10. During the Compensation Period, Levine Sullivan rendered professional services to the Debtors as special litigation attorneys. As is its practice with clients, Levine Sullivan maintains written records of the time expended by attorneys and paraprofessionals in rendering professional services to the Debtors. The respective professionals made these time records

4

contemporaneously with the services rendered, and the presentation of the time records complies with the Local Bankruptcy Rules, the Appendix B Guidelines and the Local Guidelines.

11. A schedule setting forth the number of hours expended and fees incurred by Levine Sullivan professionals and paraprofessionals during the Compensation Period with respect to each matter is annexed hereto as **Exhibit C**.

12. A schedule showing the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services during the Compensation Period is annexed hereto as **Exhibit D**.

13. Detailed time records showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period, separately for each matter is annexed hereto as **Exhibit E**.[3]

14. As is its practice with clients, Levine Sullivan also maintains records of all actual and necessary out-of-pocket expenses incurred in rendering professional services, which are available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as **Exhibit F**.

15. A schedule setting forth a complete itemization of expenses, by matter, incurred by Levine Sullivan in connection with services rendered to the Debtors during the Compensation Period for which Levine Sullivan seeks reimbursement is annexed hereto as **Exhibit G.**

---

[3] Pursuant to paragraph 5 of the Retention Order (Dkt. 288), Levine Sullivan has redacted time entries to remove information protected by the attorney-client privilege, attorney work-product doctrine, and/or other applicable privileges. Unredacted copies are being provided to the Court and the United States Trustee.

5

16. Levine Sullivan respectfully submits that the professional services it rendered as special litigation attorneys were necessary and appropriate and have directly contributed to the effective administration of this chapter 11 case, and to the benefit of the estates and their creditors.

17. The following summary highlights certain services Levine Sullivan rendered as special litigation attorneys to the Debtors by matter during the Compensation Period. It is not intended to be a detailed description of the work performed given that the detailed time records are set forth in **Exhibit E**.

General (00923-000) [Hours: 43.50/ Total Fees for Debtors: $19,690.50]

18. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time researching, reviewing, and analyzing various newsroom, access, and media content issues, and communicating with the client regarding the same.

Bollea I (00923-002) [Hours: 216.40/ Total Fees for Debtors: $77,479.20]

19. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time preparing for and attending a hearing on a motion for a stay of execution of judgment; formulating strategy in light of this Chapter 11 proceeding; addressing orders relating to staying the proceedings in the trial court; addressing record and other issues related to a pending appeal of the judgment in this action; researching issues and formulating strategy regarding that appeal; preparing and revising a draft of the opening appeal brief; and preparing various motions in connection with the appeal.

Williams (00923-005) [Hours: .70/ Total Fees for Debtors: $273.00]

20. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time monitoring the status of trial court proceedings in the case.

6

Johnson (00923-008) [Hours: .70/ Total Fees for the Debtors: $229.92]

21. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time reviewing the status of the case.

Terrill (00923-010) [Hours: 55.30/ Total Fees for the Debtors: $19,685.15]

22. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time conducting legal research, reviewing issues, and filing a motion for extension of time to respond to an amended complaint; reviewing issues in the case in light of bankruptcy proceedings; drafting a motion to dismiss an amended complaint and conducting legal research regarding the same; and preparing and filing "pre-motion" letters in connection with that motion to dismiss.

Huon (00923-012) [Hours: 2.40/ Total Fees for the Debtors: $859.35]

23. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time preparing suggestions of bankruptcy and reviewing bankruptcy court orders regarding a stay of proceedings in the appeal pending in this case.

Bollea II (00923-014) [Hours: 4.70/ Total Fees for the Debtors: $2,353.00]

24. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time addressing a court order regarding a stay of proceedings; and reviewing and exchanging communications with the client regarding various aspects of the case.

Ayyadurai (00923-015) [Hours: 106.20/ Total Fees for the Debtors: $39,906.65]

25. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time drafting and revising a suggestion of bankruptcy; exchanging email with the client and bankruptcy counsel regarding the case; conducting legal research regarding the claims asserted; reviewing issues regarding a motion for default judgment, and

7

drafting correspondence to opposing counsel regarding the same; drafting, revising, and filing a motion for extension of time to respond to the complaint; and drafting and revising a motion to dismiss.

Bankruptcy Matters (00923-017) [Hours: 158.30/ Total Fees for the Debtors: $76,301.50]

26. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time communicating with bankruptcy counsel and the client regarding the various litigated matters described above and in the Retention Application handled by Levine Sullivan, including in connection with claims submitted by various claimants in the Bankruptcy Court and the Debtors' strategy for responding to such claims; formulating strategy regarding a temporary stay; preparing for and attending a bankruptcy court hearing; and compiling information for the client regarding various matters needed in connection with these Chapter 11 cases.

Retention/Fee Applications (00923-018) [Hours: 130.50/ Total Fees for the Debtors: $62,836.00]

27. During the Compensation Period, Levine Sullivan professionals and paraprofessionals expended time drafting, reviewing, and revising an application for retention of Levine Sullivan, and a declaration in support of the same; reviewing bankruptcy court filings as relevant to retention issues; coordinating with bankruptcy counsel regarding the retention application; preparing Levine Sullivan's first monthly fee statement, and reviewing bankruptcy rules regarding the same; and reviewing invoices to redact information protected by privilege in connection with Levine Sullivan's first monthly fee statement.

8

## **ALLOWANCE OF COMPENSATION**

28. The professional services rendered by Levine Sullivan required a high degree of professional competence and skill. Levine Sullivan respectfully submits that it performed the services rendered to the Debtors in an efficient, effective, and economical manner.

29. The allowance of interim compensation for services rendered and reimbursement of expenses in chapter 11 cases is expressly provided for in section 331 of the Bankruptcy Code:

> [A]ny professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

30. With respect to the level of compensation, section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

9

>> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

31. The Congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. In the instant case, the professional services rendered by Levine Sullivan required a high degree of professional competence and skill. Providing these services required Levine Sullivan to expend substantial time and effort on many complex issues. As shown by this Application and supporting exhibits, Levine Sullivan spent its time economically and without unnecessary duplication of time. Accordingly, Levine Sullivan submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors and the Debtors' estate.

32. During the Compensation Period, Levine Sullivan attorneys and paraprofessionals spent 718.70 hours providing services for the Debtors at a blended rate of approximately $462.91 per hour for Attorneys and $215.00 for Paraprofessionals. The blended rate for all Levine Sullivan timekeepers during the Compensation Period was $451.04. Levine Sullivan assigned the work involved in light of the experience and expertise required for a particular task.

33. Levine Sullivan respectfully requests reimbursement of $9,144.63, which are the actual out-of-pocket expenses incurred in connection with the rendition of the professional services to the Debtors during the Compensation Period. Levine Sullivan incurred these disbursements and expenses in accordance with Levine Sullivan's normal practice of charging clients for expenses incurred in connection with each client's case other than certain fixed and routine overhead expenses, which are included in Levine Sullivan's normal hourly rates. Levine

Sullivan endeavored to minimize the out-of-pocket expenses for which it requests reimbursement to the fullest extent possible.

34.     No agreement or understanding exists between Levine Sullivan and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with this chapter 11 case.

35.     No prior application has been made in this Court or in any other court for the relief requested herein for the Compensation Period.

## ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES

36.     The following statement is provided pursuant to ¶ C.5. of the Appendix B Guidelines.

(a) **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Answer**: No.

(b) **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**: N/A.

(c) **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**: No.

(d) **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer**: No.

11

(e) **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: Yes. Approximately 19.40 hours were devoted to reviewing and revising certain time records to remove privileged or confidential information, resulting in approximately $9,610.00 in fees.

(f) **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: N/A.

**WHEREFORE**, Levine Sullivan respectfully requests that this Court enter an order:

(a) approving the allowance of $299,783.77 for compensation for professional services rendered to the Debtors during the period from June 10, 2016, through and including September 30, 2016;

(b) approving the reimbursement of Levine Sullivan's out-of-pocket expenses incurred in connection with the rendering of such services during the period from June 10, 2016, through and including September 30, 2016 in the amount of $9,144.63;

(c) approving the payment of $308,928.40, representing the unpaid fees and expenses incurred by Levine Sullivan during the Compensation Period;

(d) authorizing and directing the Debtors to pay the fees and expenses awarded; and

(e) granting such other and further relief as this Court may deem just and proper.

Dated: November 7, 2016  Respectfully submitted,

_____
Seth D. Berlin
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1899 L Street NW
Suite 200
Washington, DC  20036
Telephone:  202-508-1100
Facsimile:  202-861-9888