## Exhibit A

## Certification of Counsel

LEVINE SULLIVAN KOCH & SCHULZ, LLP
Seth D. Berlin
1899 L Street NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888

*Special Litigation Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
: 
In re                                    :    Chapter 11
                                         :
Gawker Media LLC, *et al.*,[1]           :    Case No. 16-11700 (SMB)
                                         :
            Debtors.                     :    (Jointly Administered)
                                         :
------------------------------------------------------x

**CERTIFICATION OF SETH D. BERLIN REGARDING THE FIRST APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, LLP, AS SPECIAL LITIGATION ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
<u>JUNE 10, 2016 THROUGH SEPTEMBER 30, 2016</u>**

I, Seth D. Berlin, hereby certify that:

1. I am a partner with the applicant firm, Levine Sullivan Koch & Schulz, LLP ("<u>Levine Sullivan</u>"), special litigation counsel to the Debtors and Debtors in Possession.

2. In accordance with Rule 2016-1(a) of the Local Bankruptcy Rules for the Southern District of New York and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective February 5, 2013 (the "<u>Local

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (5056). Their mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

A-1

Guidelines"), this certification is made with respect to Levine Sullivan's first application (the "Application") for interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith during the period from June 10, 2016 through and including September 30, 2016 (the "Compensation Period").

3. Pursuant to Paragraph B.1 of the Local Guidelines, I certify that:

    (a) I have read the Application;

    (b) To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements requested are consistent with the Local Guidelines;

    (c) The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Levine Sullivan and generally accepted by Levine Sullivan's clients; and

    (d) In providing reimbursable services, Levine Sullivan does not make a profit on such services, whether performed by Levine Sullivan in-house or through a third party.

4. With respect to B.2 of the Local Guidelines, I certify that Levine Sullivan has previously provided monthly statements of Levine Sullivan's fees and disbursements in accordance with section B.2 of the Local Guidelines by filing and serving monthly statements in accordance with the terms of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 94] entered in these cases.

5. With respect to section B.3 of the Local Guidelines, I certify that: (i) the Debtors, (ii) the U.S. Trustee, and (iii) the Committee have been provided with a copy of the Application concurrently with the filing thereof and will have at least fourteen (14) days' notice of the date set for objections to the Application.

Dated: November 7, 2016              By: _____
Washington, DC                             Seth D. Berlin

## Exhibit B

**Levine Sullivan Retention Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
Gawker Media LLC, *et al.*,[1]          :    Case No. 16-11700 (SMB)
                                        :
         Debtors.                       :    (Jointly Administered)
                                        :
------------------------------------------------------x

### ORDER GRANTING DEBTORS' APPLICATION PURSUANT TO SECTION 327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the Debtors for an Order, pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the employment of Levine Sullivan Koch & Schulz, LLP ("LSKS") as special counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration, the Berlin Declaration, and the Holden Declaration; and the Court having reviewed the Application, the First Day Declaration, the Berlin Declaration, and the Holden Declaration; and the Court being satisfied with the representations made in the Application and

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

1

58569063_5

the Berlin Declaration that LSKS represents no adverse interest to the Debtors with respect to the matters on which LSKS will be employed, that its employment is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

    1.     The Application is GRANTED as set forth herein.

    2.     Pursuant to sections 327(e), 328(a) and 330 of the Bankruptcy Code, the Debtors, as debtors and debtors in possession, are authorized to employ and retain LSKS as special counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, the Berlin Declaration, the Holden Declaration, and this Order, to perform the Services.

    3.     To the extent any of the Application, the Berlin Declaration, or the Holden Declaration is inconsistent with this Order, the terms of this Order shall govern.

    4.     The Debtors' are authorized to employ and retain LSKS (i) in connection with the lawsuits set forth in Schedule I hereto and any further appeals or additional lawsuits (and claims litigation regarding the foregoing lawsuits in this Court) that may be filed arising from the same underlying causes of action (collectively, the "Actions"), as a part of a joint representation in which LSKS will also represent, among others, Nick Denton and A.J. Daulerio, J.K. Trotter, Greg Howard, John Cook, Sam Biddle, Irin Carmon, and Gaby Darbyshire (collectively, the

58569063_5

"Non-Debtor Defendants") and (ii) to provide ongoing counseling and representation regarding editorial content issues common to news organizations, including such things as retraction demands, subpoenas, access to official proceedings and records, copyright, and newsgathering issues, provided that compensation for services performed in connection with this paragraph 4(ii) shall not exceed an aggregate amount of $20,000.

5.  LSKS shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 94]; provided, however, that LSKS shall be permitted to redact the time entries submitted to parties other than the Court and the United States Trustee in connection with their Monthly Fee Statements to remove information protected by the attorney-client privilege, attorney work-product doctrine or other applicable privileges, as determined by LSKS in its sole discretion.

6.  With respect to compensation of LSKS on account of services performed in connection with the Actions set forth in paragraph 4(i) of this Order, the relevant Debtor's estate shall be liable for 85% of the fees and 100% of expenses approved under paragraph 5 of this Order for services rendered on behalf of the Debtors and Non-Debtor Defendants.  ~~The Non-Debtors Defendants shall be liable for the remaining 15% of fee~~ Compensation for services rendered on behalf of the Debtors and Non-Debtor Defendants from the Non-Debtor Defendants (the "Non-Debtor Allocation") ~~which~~ shall be due pursuant to arrangements between LSKS and the Non-Debtor Defendants (subject to any bankruptcy court approvals required in any Non-Debtor Defendant bankruptcy case(s)); provided that unless otherwise approved by this Court, no Debtor shall be liable for the Non-Debtor Allocation.  The Parties agree that there shall be a

3

58569063_5

rebuttable presumption that services and expenses incurred in connection with the Actions were rendered on behalf of the Debtors and Non-Debtor Defendants. The relevant Debtor's estate shall be liable for 100% of any compensation approved under paragraph 5 of this Order for any services or expenses rendered solely on behalf of the relevant Debtor and no Debtor shall be liable, pursuant to this Order, for services or expenses rendered solely on behalf of Non-Debtor Defendants. The parties reserve all rights with respect to any claims for indemnification from the Debtors.**[SMB: 9/22/16]**

7. Notwithstanding the allocation set forth in paragraph 6 of this Order, all rights of the United States Trustee are reserved to review the fee applications of LSKS consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and Interim Compensation Order.

8. LSKS shall not provide advice or representation to a Debtor and/or any other client with respect to any matter or issue where there is an actual or potential conflict of interest between or among the clients including, but not limited to, with respect to any rights of contribution against each other or with respect to the allocation of any judgment or settlement among the clients.

9. Nothing in this Order shall affect the rights of any Debtor or third party to seek recovery from any applicable insurance policy that is deemed property of the Debtors' estates or proceeds thereof.

10. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, LSKS shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to US VC Partners as Second Lien Lender, and Cerberus Business Finance LLC as DIP Lender and

4

58569063_5

shall file the notice on ECF.  The United States Trustee retains all rights to object to such rate increase.

11. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

12. Notwithstanding any otherwise applicable provisions to the contrary, during the pendency of these chapter 11 cases, LSKS will not represent present or future clients of LSKS on matters adverse to the Debtors in these cases.

13. Notwithstanding any otherwise applicable provisions to the contrary, any retainers shall be applied to the payment of fees and costs as they are approved by the Court.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: September 22nd, 2016
      New York, New York

                                /s/ STUART M. BERNSTEIN
                                HONORABLE STUART M. BERNSTEIN
                                UNITED STATES BANKRUPTCY JUDGE

58569063_5

## Schedule I

List of Actions

1. *Bollea v. Gawker Media, LLC*, 8:12-cv-2348-T-27TBM (M.D. Fla.)

2. *Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012)

3. *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012)

4. *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.)

5. *Bollea v. Buchwwald & Assocs., et al.*, No. 16-002861-CI (Fla. Cir. Ct.)

6. *Williams v. The MLB Network, Inc., et al.*, No. CAM-L-3675-14 (N.J. Super. Ct.)

7. *Johnson, et al. v. Gawker Media, LLC, et al.*, No. 4:15-CV-1137 CAS (E.D. Mo)

8. *Johnson v. Gawker Media, LLC*, No. 5-CECG03734 (Cal. Sup. Ct.)

9. *Terrill v. Gawker Media, LLC, et al.*, No. 16-cv-00411 (S.D.N.Y.)

10. *Ayyadurai v. Gawker Media, LLC, et al.*, 16-cv-10853 (D. Mass.)

11. *Huon v. Denton*, No. 15-3049 (7th Cir.)

12. *Gawker Media, LLC v. Huon*, No. 16-01085 (Bankr. S.D.N.Y.)

58569063_5

## Exhibit C

**Statement of Fees by Matter**

| MATTER | TOTAL HOURS BILLED | TOTAL FEES | PORTION ATTRIBUTED TO NON-DEBTOR DEFENDANTS[7] | TOTAL FEES FOR DEBTORS |
|---|---|---|---|---|
| General (00923-000) | 43.50 | $19,690.50 | N/A | $19,690.50 |
| *Bollea I* (00923-002) | 216.40 | $91,152.00 | $13,672.80 | $77,479.20 |
| *Williams* (00923-005) | .70 | $288.00 | N/A | $273.00 |
| *Johnson* (00923-008) | .70 | $270.50 | $40.58 | $229.92 |
| *Terrill* (00923-010) | 55.30 | $23,159.00 | $3,473.85 | $19,685.15 |
| *Huon* (00923-012) | 2.40 | $1,011.00 | $151.65 | $859.35 |
| *Bollea II* (00923-014) | 4.70 | $2,353.00 | N/A | $2,353.00 |
| *Ayyadurai* (00923-015) | 106.20 | $46,949.00 | $7,042.35 | $39,906.65 |
| Bankruptcy Matters (00923-017) | 158.30 | $76,301.50 | N/A | $76,301.50 |
| Retention/Fee Applications (00923-018) | 130.50 | $62,990.50 | N/A | $62,836.00 |
| **TOTALS:** | **718.70** | **$324,165.00** | **$24,381.23** | **$299,783.77** |

---

[7] *See* note 2 *supra*.

C-1

**<u>Exhibit D</u>**

**Timekeeper Summary**

| NAME OF PROFESSIONAL | TITLE | YEAR OF ADMISSION | HOURLY RATE | MATTERS[8] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Seth D. Berlin | Senior Partner | 1991 | $515.00 | *General, Bollea I, Terrill, Ayyadurai, Bankruptcy, Fee Application Bollea II* | 139.60 | $71,894.00 |
| Michael Berry | Partner | 2000 | $490.00 | *Bollea I, Bankruptcy, Fee Application* | 82.50 | $40,425.00 |
| Katherine M. Bolger | Senior Partner | 1999 | $515.00 | *General, Terrill, Ayyadurai, Bankruptcy, Fee Application* | 85.90 | $44,238.50 |
| Chad R. Bowman | Partner | 2003 | $490.00 | *Bankruptcy, Fee Application, Huon, Williams* | 49.30 | $24,157.00 |
| Jay Ward Brown | Senior Partner | 1992 | $515.00 | *Bollea II* | 3.30 | $1,699.50 |

---

[8] References to litigated matters are defined in paragraph 11 of the Debtors' Application (Dkt. 132) and in paragraph 5 of the Declaration of Seth D. Berlin in support thereof (Dkt. 132), as incorporated by paragraph 4(i) of the Retention Order. Separate amounts are also provided herein for (a) general editorial counseling, as defined by paragraph 4(ii) of the Retention Order; (b) assistance provided to bankruptcy counsel regarding the pending lawsuits; and (c) preparing Levine Sullivan's retention application and fee submission (beyond the standard preparation of the firm's invoices). Exhibit D includes detailed breakdowns of time incurred in connection with each of these separate matters.

| NAME OF PROFESSIONAL | TITLE | YEAR OF ADMISSION | HOURLY RATE | MATTERS[8] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Nathan E. Siegel | Senior Partner | 1992 | $515.00 | *General, Bollea I, Terrill, Ayyadurai, Bankruptcy, Bollea II, Johnson* | 31.20 | $16,068.00 |
| Michael Sullivan | Senior Partner | 1980 | $515.00 | *Fee Application* | 16.90 | $8,703.50 |
| Alia Smith | Partner | 2001 | $490.00 | *Bollea I, Bankruptcy* | 7.30 | $490.00 |
| Rachel F. Strom | Partner | 2007 | $490.00 | *Ayyadurai* | 4.00 | $1,960.00 |
| Matthew E. Kelley | Mid-Level Associate | 2012 | $380.00 | *Bollea II, Huon* | 1.50 | $570.00 |
| Jeremy A. Kutner | Mid-Level Associate | 2014 | $380.00 | *General, Ayyadurai* | 49.60 | $18,848.00 |
| Adam Lazier | Mid-Level Associate | 2016 | $380.00 | *Terrill, Bankruptcy* | 39.00 | $14,820.00 |
| Maxwell S. Mishkin | Junior Associate | 2014 | $330.00 | *Bollea I* | 9.90 | $3,267.00 |
| Paul Safier | Senior Associate | 2009 | $405.00 | *Bollea I, Bankruptcy* | 138.60 | $56,133.00 |
| Shaina Ward | Senior Associate | 2009 | $405.00 | *Fee Application* | 25.70 | $10,408.50 |
| Scott Bailey | Paralegal | N/A | $215.00 | *Terrill, Ayyadurai* | 2.20 | $473.00 |

| NAME OF PROFESSIONAL | TITLE | YEAR OF ADMISSION | HOURLY RATE | MATTERS[8] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Cynthia A. Lindsay | Paralegal | N/A | $215.00 | *Terrill, Ayyadurai, Bankruptcy* | 7.80 | $1,677.00 |
| Rebecca N. Pottash | Paralegal | N/A | $215.00 | *General, Bollea I* | 7.20 | $1,548.00 |
| Ryan Relyea | Paralegal | N/A | $215.00 | *General, Bollea I, Terrill, Ayyadurai, Bankruptcy, Johnson, Huon, Williams* | 17.20 | $3,698.00 |
| **TOTALS:** | | | | | **718.70** | **$324,165.00** |

D-3

| TOTALS | BLENDED HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $499.14 | 420.00 | $212,722.50 |
| Associates | $393.67 | 264.30 | $104,046.50 |
| Paraprofessionals | $215.00 | 34.40 | $7,396.00 |
| Blended Attorney Rate | $462.91 | | |
| Blended Rate of All Timekeepers | $451.04 | | |
| **TOTALS:** | | **718.70** | **$324,165.00** |

D-4