**Hearing Date and Time: December 1, 2016 at 10:30 a.m. (Prevailing Eastern Time)**
**Objection Deadline: November 21, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

BRANNOCK & HUMPHRIES
Steven L. Brannock
1111 W. Cass Street, Suite 200
Tampa, Florida 33606
Telephone: (813) 223-4300
Facsimile: (813) 262-0604

*Special Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                          :
In re                                     :          Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :          Case No. 16-11700 (SMB)
                                          :
                   Debtors.               :          (Jointly Administered)
                                          :
------------------------------------------------------x

**COVER SHEET FOR FIRST APPLICATION OF BRANNOCK & HUMPHRIES AS**
**SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN**
**POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR THE**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM**
**JUNE 10, 2016, THROUGH SEPTEMBER 30, 2016**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

| | |
|---|---|
| Name of Applicant: | Brannock & Humphries<br>Counsel to the Debtors and Debtors in Possession |
| Date of Retention: | September 23, 2016 (*nunc pro tunc* to June 10, 2016)<br>[Docket No. 287] |
| Period for Which Compensation and Reimbursement is Sought: | June 10, 2016 through and including September 30, 2016 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $19,638.48 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $286.04 |
| Amount of Compensation Sought Already Paid Pursuant to Monthly Fee Statement: | $0.00 |
| Amount of Expense Reimbursement Already Paid Pursuant to Monthly Fee Statement: | $0.00 |
| Total Compensation Already Approved by Interim Order to Date: | N/A |
| Total Expenses Already Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Blended Hourly Rate for Hours Worked By All Timekeepers in this Application: | $389.52 |
| Number of Professionals and Paraprofessionals Included in this Application: | 5 |

Number of Professional Billing Fewer
than 15 Hours to this Case:                    <u>4</u>

Increase in Rates:                    <u>0 Timekeepers</u>

This is a:_____Monthly ____X_____ Interim_____ Final Application.

**Summary of Monthly Fee Statements Filed**

| Application | | Requested | | CNO | Paid to Date | | Total Unpaid |
|---|---|---|---|---|---|---|---|
| **Date Filed/Docket No.** | **Period Covered** | **Total Fees** | **Expenses** | **Date Filed/Docket No.** | **Fees (80%)** | **Expenses (100%)** | **Fees and Expenses** |
| 10/20/16; Dkt. No. 363 | 6/10/16 – 9/30/16 | $19,638.48 | $286.04 | N/A | $0.00 | $0.00 | $19,924.52 |
| **Totals** | | **$19,638.48** | **$286.04** | | **$0.00** | **$0.00** | **$19,924.52** |

**Hearing Date and Time: December 1, 2016 at 10:30 a.m. (Prevailing Eastern Time)**
**Objection Deadline: November 21, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

BRANNOCK & HUMPHRIES
Steven L. Brannock
1111 W. Cass Street, Suite 200
Tampa, Florida 33606
Telephone: (813) 223-4300
Facsimile: (813) 262-0604

*Special Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                          :
In re                                     :      Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :      Case No. 16-11700 (SMB)
                                          :
                      Debtors.            :      (Jointly Administered)
                                          :
-------------------------------------------------------x

**FIRST APPLICATION OF BRANNOCK & HUMPHRIES AS SPECIAL LITIGATION
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE
OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR THE
PERIOD FROM JUNE 10, 2016, THROUGH SEPTEMBER 30, 2016**

TO THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

　　　　Brannock & Humphries ("B&H"), attorneys for Gawker Media LLC ("Gawker Media"),

Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft.) ("Gawker

Hungary", and collectively with  Gawker Media and GMGI, the "Debtors"), for its application

(the "Application") pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code") for interim allowance of compensation for services rendered and for

reimbursement of expenses incurred in connection therewith, respectfully represents:

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker
Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring
Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o
Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

**INTRODUCTION**

1.      By this Application, B&H seeks interim allowance and award of compensation for the professional services rendered by B&H as Special Litigation Counsel to the Debtors and Debtors in Possession for the period from June 10, 2016, through and including September 30, 2016, (the "Compensation Period") with regard to (i) fees for legal services in the amount of $19,638.48, representing approximately 42.3 hours of professional services and 11.6 hours of paraprofessional services, and (ii) expenses in the amount of $286.04, representing actual and necessary expenses incurred by B&H during the Compensation Period in connection with the rendition of such professional and paraprofessional services.

2.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 94] (the "Interim Compensation Order").  In preparing the Application, B&H has complied with the U.S. Trustee Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "Appendix B Guidelines"), and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Case, effective February 5, 2013 (the "Local Guidelines").  In accordance with the Local

Guidelines, a certification by Steven Brannock regarding compliance with the Local Guidelines is attached hereto as **Exhibit A**.

## BACKGROUND

3.      On June 10, 2016 (the "Petition Date"), Gawker Media filed a petition with this Court under chapter 11 of the Bankruptcy Code.  On June 12, 2016, GMGI and Gawker Hungary filed petitions with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

4.      On June 24, 2016, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "Committee").

5.      On September 23, 2016, this Court entered an order authorizing the retention of B&H as Special Litigation Counsel to the Debtors and Debtors in Possession [Docket No. 287] (the "B&H Retention Order").

6.      Pursuant to the Interim Compensation Order, B&H filed and sent to the Debtors and the appropriate notice parties a monthly fee statement, dated October 20, 2016, for compensation and for reimbursement of expenses for services rendered during the period from June 10, 2016, through September 30, 2016, in the amounts of $19,638.48 for fees and $286.04 for expenses (the "September Monthly Fee Statement").

7.      Pursuant to the Interim Compensation Order, if no objections are received by the 35th day following the month for which compensation is sought in a given Monthly Fee Statement, the Debtors shall promptly pay 80% of the fees and 100% of the expenses detailed in

such Monthly Fee Statement.  As of the date of this Application, B&H has not yet received payment of the fees or expenses detailed in the September Monthly Fee Statement.

8.      B&H has received no payment and no promises for payment from any other source for services rendered in connection with the Debtors' chapter 11 cases.  There is no agreement or understanding between B&H and any other person (other than members of B&H) for the sharing of compensation to be received for the services rendered in these chapter 11 cases.

9.      Prior to retention in this matter, B&H had been providing services to Debtors in various Florida state litigation matters including, *Bollea v. Gawker Media, LLC*, Case No. 12-12447 CI (6th Cir., Pinellas County), *Bollea v. Buchwald & Associates, Inc., et. al* (6th Cir. Pinellas County), and various appellate matters arising out of that litigation (the "Florida Litigation").  B&H was also providing services to additional non-debtor defendants in the Florida Litigation.  Pursuant to the B&H Retention Order, Debtors are responsible for 85% of the fees and 100% of the expenses for serviced rendered by B&H in the Florida Litigation.

**SUMMARY OF SERVICES RENDERED**

10.     During the Compensation Period, B&H rendered professional services the Debtors as Special Litigation Counsel. As described in detail below, the issues arising in these chapter 11 cases have required the assistance of B&H personnel from multiple legal disciplines.

11.     As is its practice with clients, B&H maintains written records of the time expended by attorneys and paraprofessionals in rendering professional services to the Debtors. The respective professionals made these time records contemporaneously with the services rendered, and the presentation of the time records complies with the Local Bankruptcy Rules, the Appendix B Guidelines and the Local Guidelines. A schedule showing the name of the attorney

4

or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period is annexed hereto as **Exhibit B**.

12.     As is its practice with clients, B&H also maintains records of all actual and necessary out-of-pocket expenses incurred in rendering professional services, which are available for inspection.   A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as **Exhibit C**.

13.     B&H respectfully submits that the professional services it rendered on behalf of the Debtors were necessary and appropriate and have directly contributed to the effective administration of this chapter 11 case, and to the benefit of the estates and their creditors.

14.     The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed – the time records are set forth in Exhibit B. Instead, the following summary highlights certain services B&H rendered to the Debtors and identifies some of the matters and issues that B&H addressed for the Debtors during the Compensation Period.

A.     Litigation [Hours 21.3 / Amount $7,686.98]

15.     On behalf of the Debtors, B&H provided services to the Debtors' including advice regarding Florida appellate procedures, Florida's appellate judges and courts, and Florida substantive law as it pertains to the Florida Litigation.

16.     B&H also worked with Debtors' other counsel on strategy for moving the Florida Litigation forward following an anticipated lifting of the automatic stay put in place by this Court.

B.    Retention/B&H Fee Applications [Hours 32.6 / Amount $11,951.50]

17.    During the Compensation Period, B&H prepared the Debtors' application to retain B&H as its Special Litigation Counsel. This Court entered an order approving the retention of B&H on September 23, 2016 [Docket No. 287].

18.    During the Compensation Period, B&H also prepared the September Fee Statement. In preparing the September Fee Statement, B&H reviewed time entries for accuracy and propriety, to protect privilege, and to ensure compliance with the Local Bankruptcy Rules, the Appendix B Guidelines and the Local Guidelines.

## ALLOWANCE OF COMPENSATION

19.    The professional services rendered by B&H required a high degree of professional competence and skill, and B&H expended substantial time and effort in these efforts. B&H respectfully submits that it performed the services rendered to the Committee in an efficient, effective, and economical manner, and that the results obtained to date benefited the Debtors' estates, the Debtors' unsecured creditors, and all other parties in interest. The Debtors have been given the opportunity to review this Application and have approved the amount of compensation requested herein.

20.    The allowance of interim compensation for services rendered and reimbursement of expenses in chapter 11 cases is expressly provided for in section 331 of the Bankruptcy Code:

> [A]ny professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

21.    With respect to the level of compensation, section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable

compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section

330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

22.    The congressional policy expressed above provides for adequate compensation in

order to continue to attract qualified and competent professionals to bankruptcy cases. *In re*

*Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress'

objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that

bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs.,*

*Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient

economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy

courts.") (citations and internal quotations omitted).

23.     In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *Am. Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), superseded by statute as stated in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015), and thereafter adopted by most courts.[2] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *see generally* 3 Collier on Bankruptcy ¶ 330.03[9] (enumerating *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation"). B&H respectfully submits that the consideration of these so-called *Johnson* factors should result in this Court's allowance of the full compensation requested.

(a)     <u>Time and Labor Required</u>. The professional services rendered by B&H on behalf of the Debtors required B&H to expend substantial time and effort on a continuous basis and under significant time pressure. The services rendered by B&H also required a high degree of professional competence and expertise.

(b)     <u>Novelty and Difficulty of Questions</u>. As described in further detail above, these chapter 11 cases have presented numerous novel and difficult questions.

(c)     <u>Skill Requisite to Perform the Legal Services Properly</u>. B&H's expertise in the area of Florida appellate law, its ability to draw upon experienced professionals in other practice areas, and its innovative approach to the resolution of issues have contributed to the firm's representation of the Debtors and the interests of unsecured creditors in these cases.

(d)     <u>Preclusion of Other Employment Due to Acceptance of the Case</u>. The B&H professionals involved in providing services to the Debtors are in

---

[2] The factors embraced by the Fifth Circuit in *First Colonial* were first adopted by the Fifth Circuit's decision in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 109 S. Ct. 939 (1989), except that *First Colonial* also included the "spirit of economy" as a factor expressly rejected by Congress in enacting section 330 of the Bankruptcy Code. *Strook & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997). A majority of the *First Colonial* factors are now codified in section 330(a)(3). 3 Collier on Bankruptcy ¶ 330.03[9] (Lawrence P. King et al., 16th ed. 2011).

high demand. As a result of commitments to the Debtors, these professionals were not available for work for other B&H clients.

(e)    Customary Fee. The fees sought herein are based upon a slight discount off of B&H's normal hourly rates for services of this kind. B&H submits that the fees sought herein are not unusual given the complexity of these chapter 11 cases and the time expended in representing the Committee. B&H further submits that the fees sought herein are commensurate with fees B&H has been awarded in other cases and with fees charged by other attorneys of comparable experience.

(f)    Whether the Fee is Fixed or Contingent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed pursuant to section 327 and 328 of the Bankruptcy Code are contingent upon final approval by this Court and subject to adjustment depending on the services rendered and the results obtained.

(g)    Time Limitations Imposed by Client or Other Circumstances. As discussed above, B&H has attended to certain issues arising in these chapter 11 cases in compressed and urgent time periods.

(h)    Amount Involved and Results Obtained. B&H provided the Debtors with specialized legal advice as set forth herein in an efficient and cost-effective manner.

(i)    Experience, Reputation, and Ability of the Attorneys. B&H has sophisticated Florida appellate and litigation support practices. B&H's experience enables it to perform legal services for the Debtors with efficiency and skill. Further, in addition to its expertise in the areas of Florida appellate law and litigation, B&H has called upon the well-known expertise of its partners and associates in other practice areas to perform the legal services required by the Debtors.

(j)    "Undesirability" of the Case. These cases are not undesirable.

(k)    Nature and Length of Professional Relationship. B&H began representing Debtors on May 7, 2014, and has continuously performed services for the Debtors since that time. The Court entered an order on September 23, 2016, authorizing the Debtors to employ B&H nunc pro tunc to June 10, 2016.

24.    During the Compensation Period, B&H attorneys and paraprofessionals spent

53.9 hours providing services for the Debtors at a blended rate of approximately $389.52 per

hour. B&H assigned the work involved in light of the experience and expertise required for a particular task.

25.     As shown by this Application and supporting exhibits, B&H spent its time economically and without unnecessary duplication of time. For the convenience of the Court and all parties in interest, attached as Exhibit D hereto is a comparison of blended hourly rates, as required by the Appendix B Guidelines and the Local Guidelines. Attached hereto as Exhibit E is a schedule of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

26.     B&H incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Debtors during the Compensation Period in the amount of $286.04, for which B&H respectfully requests reimbursement. B&H incurred these disbursements and expenses in accordance with B&H's normal practice of charging clients for all expenses incurred in connection with each client's case other than fixed and routine overhead expenses, which are included in B&H's normal hourly rates. B&H endeavored to minimize the out-of-pocket expenses for which it requests reimbursement to the fullest extent possible.

27.     No agreement or understanding exists between B&H and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with this chapter 11 case.  As discussed above, compensation for the Florida Litigation is split between the Debtors and the non-debtor defendants.

28.     No prior application has been made in this Court or in any other court for the relief requested herein for the Compensation Period.

**ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES**

29.     The following statement is provided pursuant to ¶ C.5. of the Appendix B

Guidelines.

(a)     **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Answer**: No.

(b)     **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**: B&H and the Debtors did not agree to any budget regarding B&H's fees.

(c)     **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**: No.

(d)     **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer**: Yes. B&H incurred fees for approximately 1.6 hours for time spent preparing and filing monthly fee statements with the content and in the format required by the Interim Compensation Order, at a cost of approximately $224.00. The amount of fees for time spent preparing and filing monthly fee statements represents approximately 1.1% of the total fees requested for the Compensation Period.

(e)     **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: Yes. B&H incurred fees for approximately 0.4 hours for time spent preparing and filing monthly fee statements with the content and in the format required by the Interim Compensation Order, at a cost of

approximately $190.00. The amount of fees for time spent redacting any privileged or other confidential information represents less than 1% of the total fees requested for the Compensation Period

(f)   **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: B&H did not change its rates for this matter during the applicable fee period.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, B&H respectfully requests that this Court enter an order:

(a) approving the allowance of $19,638.48 for compensation for professional services rendered to the Debtors during the period from June 10, 2016, through and including September 30, 2015;

(b) approving the reimbursement of B&H's out-of-pocket expenses incurred in connection with the rendering of such services during the period from June 10, 2016, through and including September 30, 2015, in the amount of $286.04;

(c) authorizing and directing the Debtors to pay the fees and expenses awarded; and

(d) granting such other and further relief as this Court may deem just and proper.

Dated:  November 7, 2016

**/s/Steven L. Brannock**
Steven L. Brannock
BRANNOCK & HUMPHRIES
1111 W. Cass Street, Suite 200
Tampa, Florida 33606
Telephone:  (813) 223-4300
Facsimile:  (813) 262-0604
sbrannock@bhappeals.com

*Special Litigation Counsel to the Debtors
and Debtors in Possession*

## Exhibit A

**Certification of Compliance**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
Gawker Media LLC, *et al.*,[1]          :        Case No. 16-11700 (SMB)
                                        :
              Debtors.                  :        (Jointly Administered)
                                        :
--------------------------------------------------------x

**CERTIFICATION UNDER LOCAL GUIDELINES IN RESPECT OF THE FIRST
APPLICATION OF BRANNOCK & HUMPHRIES AS SPECIAL LITIGATION
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE
OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR
THE PERIOD FROM JUNE 10, 2016, THROUGH SEPTEMBER 30, 2016**

I, Steven L. Brannock, hereby certify that:

1.      I am a partner with the applicant firm, Brannock & Humphries ("B&H"), Special

Litigation Counsel for Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc.

("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft.) ("Gawker Hungary" and collectively

with  Gawker Media and GMGI, the "Debtors").

2.      In accordance with Rule 2016-1(a) of the Local Bankruptcy Rules for the

Southern District of New York and the Amended Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases, effective February 5, 2013

(the "Local Guidelines"), this certification is made with respect to B&H's first application (the

"Application") for interim allowance of compensation for services rendered and for

reimbursement of expenses incurred in connection therewith during the period from June 10,

2016, through and including September 30, 2016 (the "Compensation Period").

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker
Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring
Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o
Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

3.      Pursuant to Paragraph B.1 of the Local Guidelines, I certify that:

a.      I have read the Application;

b.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements requested are consistent with the Local Guidelines;

c.      The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by B&H and generally accepted by B&H's clients; and

d.      In providing reimbursable services, B&H does not make a profit on such services, whether performed by B&H in-house or through a third party.

4.      With respect to B.2 of the Local Guidelines, I certify that B&H has previously provided a monthly statement of B&H's fees and disbursements in accordance with section B.2 of the Local Guidelines by filing and serving monthly statements in accordance with the terms of the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 94] entered in these cases.

5.      With respect to section B.3 of the Local Guidelines, I certify that: (i) the Debtors, (ii) the U.S. Trustee, and (iii) the Committee have been provided with a copy of the Application concurrently with the filing thereof and will have at least fourteen (14) days' notice of the date set for objections to the Application.

Dated:   November 7, 2016

/s/Steven L. Brannock
Steven L. Brannock
BRANNOCK & HUMPHRIES
1111 W. Cass Street, Suite 200
Tampa, Florida 33606
Telephone:  (813) 223-4300
Facsimile:  (813) 262-0604
sbrannock@bhappeals.com

*Special Litigation Counsel to the Debtors and Debtors in Possession*

## Exhibit B

**Time Detail**

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 18, 2016

**Invoice Num:** 4344

**Billing Through:** Sep 30, 2016

## Gawker Media, LLC vs. Bollea, et al.

| Date | Employee | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| **Services:** | | | | | |
| 6/10/2016 | CCB | Before leaving for hearing, emails with P. Safier and P. Padovano regarding ▓▓▓ ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ (.7); travel to/from St. Petersburg for hearing and attend hearing on motion for stay pending appeal, bond, and other post-trial discovery issues, including work at courthouse with R. Fugate, M. Berry, and P. Safier to work on notice of appeal, emergency stay pending appeal (7.7); follow-up upon return to office about amending suggestion of bankruptcy to correct filing date(.2). | 8.60 | $400.00 | $3,440.00 |
| 6/10/2016 | PJP | Review motion for stay and provisional motion for stay (1.8); prepare comments and revisions ▓▓▓▓ (.4); Phone Conference with Seth, Paul, Nathan & Ceci re: ▓▓▓▓▓▓▓ (.4). | 2.60 | $475.00 | $1,235.00 |
| 6/10/2016 | CLP | Review email from C. Berman and call trial counsel regarding ▓▓▓▓▓▓▓. | 0.10 | $60.00 | $6.00 |
| 6/13/2016 | SUD | Office conference with C. Berman regarding ▓▓▓▓▓▓▓▓▓▓▓. | 0.20 | $140.00 | $28.00 |
| 6/14/2016 | CCB | Receipt and review of DCA suggestion of bankruptcy filing. | 0.10 | $400.00 | $40.00 |

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

---

## Invoice

**Invoice Date:** Oct 18, 2016

**Invoice Num:** 4344

**Billing Through:** Sep 30, 2016

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

---

## Gawker Media, LLC vs. Bollea, et al.

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 6/17/2016 | CCB | Telephone conference with P. Safier regarding ██████████ (.2); locate article by Second DCA judge about impact of bankruptcy filing on appellate proceedings and ████████ ████████████ (.1). | 0.30 | $400.00 | $120.00 |
| 6/20/2016 | SLB | Conference regarding ████████ ████████████████ ██████████████████ ████████. | 0.80 | $475.00 | $380.00 |
| 6/22/2016 | SLB | Review, analysis and revision of agreed stay order and ████████████ (.6); extensive conference regarding ████ ████████████████ (.6). | 1.20 | $475.00 | $570.00 |
| 6/22/2016 | SUD | Email with S. Brannock regarding ████ ████████████████ ██. | 0.30 | $140.00 | $42.00 |
| 6/27/2016 | SLB | Review and revise draft stay order (.3); conference with trial counsel regarding ████ (.2). | 0.50 | $475.00 | $237.50 |
| 6/29/2016 | CCB | Correspondence with P. Safier regarding ████████████ ████████████████ ████████████ ██. | 0.30 | $400.00 | $120.00 |
| 7/6/2016 | SUD | Telephone conferences with P. Safier regarding ████████████. | 0.20 | $140.00 | $28.00 |

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

---

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 18, 2016

**Invoice Num:** 4344

**Billing Through:** Sep 30, 2016

---

### Gawker Media, LLC vs. Bollea, et al.

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 7/6/2016 | SLB | Various conferences with trial counsel regarding ███████. | 0.40 | $475.00 | $190.00 |
| 7/11/2016 | SUD | Telephone conference with Paul Safier regarding ████████ (.1); email Paul Safier regarding ████ ████████ (.1). | 0.20 | $140.00 | $28.00 |
| 7/14/2016 | SLB | Consider strategy in connection with ██ ████████ (.3); review ████ ████████ (.2). | 0.50 | $475.00 | $237.50 |
| 9/12/2016 | SLB | Preparation for and participation in strategy conferences regarding ████████ ████████ ████████ (1.0); review draft proposed stipulations concerning appellate timing issues in the Second DCA (.8). | 1.80 | $475.00 | $855.00 |
| 9/13/2016 | SLB | Further strategy conferences among the team regarding ████████ ████████ (.8); preparation for conferences and review of draft stipulations (.5). | 1.30 | $475.00 | $617.50 |
| 9/14/2016 | SLB | Exchange email correspondence regarding ████████ ████████ ████████. | 0.30 | $475.00 | $142.50 |

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

---

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 18, 2016

**Invoice Num:** 4344

**Billing Through:** Sep 30, 2016

### Gawker Media, LLC vs. Bollea, et al.

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 9/14/2016 | SUD | Office conference with S. Brannock regarding ███████ ████████████████. | 0.10 | $140.00 | $14.00 |
| 9/15/2016 | SLB | Consider strategy relating to ███████ ███████████ (.2); exchange emails regarding ████ (.2). | 0.30 | $475.00 | $142.50 |
| 9/29/2016 | SLB | Conference regarding ████████████ ████████████████████ ███ (.5); consideration of issues relating to ████████████████████████ ████ (.7). | 1.20 | $475.00 | $570.00 |

|  |  |
|--|--|
| **Total Service Amount:** | **$9,043.50** |
| **Amount Due This Invoice:** | **$9,043.50** |

*This invoice is due upon receipt*

#### Staff Summary

| | | | | |
|--|--|--|--|--|
| **Ceci Berman** | CCB | 9.30 | $400.00 | $3,720.00 |
| **Courtney L. Phillips** | CLP | 0.10 | $60.00 | $6.00 |
| **Philip J. Padovano** | PJP | 2.60 | $475.00 | $1,235.00 |
| **Sarah DePerto** | SUD | 1.00 | $140.00 | $140.00 |
| **Steven L. Brannock** | SLB | 8.30 | $475.00 | $3,942.50 |

We appreciate your business.

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 19, 2016

**Invoice Num:** 4348

**Billing Through:** Sep 30, 2016

## Gawker - Bankruptcy

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **Services:** | | | | | |
| 7/5/2016 | SUD | Review ███████████ (.2); conference with S. Brannock regarding ████ (.1); review motion for entry of order authorizing retention (.2); conference with S. Brannock regarding ████ (.1). | 0.60 | $140.00 | $84.00 |
| 7/14/2016 | SUD | Run conflict check relevant to bankruptcy retention (1.7); conference with S. Brannock regarding ████ (.2); review items needed to complete retention application (.1); conference with S. Brannock and S. Ehrhard regarding ████ (.1). | 2.10 | $140.00 | $294.00 |
| 7/15/2016 | SUD | Continue bankruptcy conflict check (1.9); review draft retention application (.3); conference with S. Brannock regarding ████ (.1); email S. Ehrhard regarding ████████████████ (.1). | 2.40 | $140.00 | $336.00 |
| 7/18/2016 | SLB | Continue to work on the motion papers relating to Brannock & Humphries retention as counsel. | 0.80 | $475.00 | $380.00 |
| 7/19/2016 | SLB | Continued work on the retention motions. | 1.40 | $475.00 | $665.00 |
| 7/19/2016 | SUD | Revise retention application (.5); conference with S. Brannock regarding ████ (.1). | 0.60 | $140.00 | $84.00 |
| 7/21/2016 | SLB | Continued work on retention motions and applications. | 0.80 | $475.00 | $380.00 |

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

---

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

## Invoice

**Invoice Date:** Oct 19, 2016

**Invoice Num:** 4348

**Billing Through:** Sep 30, 2016

### Gawker - Bankruptcy

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 7/22/2016 | SLB | Edit, proof and review retention application. | 1.50 | $475.00 | $712.50 |
| 7/27/2016 | CLP | Review emails from S. Brannock regarding ███████████████ (.1); email S. Brannock regarding ███████████ (.1). | 0.20 | $60.00 | $12.00 |
| 8/1/2016 | SLB | Work on issues relating to ████████████████████████ (.4); review retention applications(.8); various conferences regarding ████████ (.3); consideration of issues raised by the retention(.2). | 1.70 | $475.00 | $807.50 |
| 8/6/2016 | SLB | Conference regarding ████████████████ . | 0.30 | $475.00 | $142.50 |
| 8/8/2016 | SLB | Preparation for bankruptcy retention hearing including various conferences with bankruptcy counsel and co-counsel regarding ████████ (1.1); review retention materials prior to the hearing (.7). | 1.80 | $475.00 | $855.00 |
| 8/8/2016 | SUD | Telephone conference with Ropes lawyer regarding ████████████████ and conference with S. Brannock regarding ████ . | 0.10 | $140.00 | $14.00 |
| 8/9/2016 | SLB | Prepare for (.8) and participation in hearing on retention of counsel for the appeal (1.3). | 2.10 | $475.00 | $997.50 |

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

---

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

## Invoice

**Invoice Date:** Oct 19, 2016

**Invoice Num:** 4348

**Billing Through:** Sep 30, 2016

---

### Gawker - Bankruptcy

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 8/12/2016 | SLB | Various conferences with co-counsel regarding ███████ ████████████ (.5); review of potential agreements regarding fee applications (.6). | 1.10 | $475.00 | $522.50 |
| 8/15/2016 | SLB | Various conferences with co-counsel regarding ███████ ████████████ ████. | 0.70 | $475.00 | $332.50 |
| 8/16/2016 | SLB | Review of correspondence regarding ██ ████████████ (.5); various conferences regarding ████████ ████ (.4); prepare for upcoming bankruptcy retention hearing (.4). | 1.30 | $475.00 | $617.50 |
| 8/17/2016 | SLB | Continued participation in conferences regarding ████████████ (.7); preparation for retention hearing including review of agreements and retention application (1.5). | 2.20 | $475.00 | $1,045.00 |
| 8/18/2016 | SLB | Prepare for (.5) and attend (1.5) Gawker bankruptcy retention hearing. | 2.00 | $475.00 | $950.00 |
| 8/29/2016 | SLB | Conference with co-counsel regarding ██ ████████████ ████████. | 0.40 | $475.00 | $190.00 |
| 9/13/2016 | SLB | Conference regarding ████████ (.3) and ████████ ████████████ ██████ (.1). | 0.40 | $475.00 | $190.00 |

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

---

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 19, 2016

**Invoice Num:** 4348

**Billing Through:** Sep 30, 2016

---

### Gawker - Bankruptcy

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 9/16/2016 | SUD | Prepare draft fee filings for submission to bankruptcy court (0.4); email with S. Brannock regarding ▮ (0.1). | 0.50 | $140.00 | $70.00 |
| 9/19/2016 | SUD | Review bills and continue bankruptcy fee filings (1.2); conference with S. Brannock regarding ▮ (0.3); conference with S. Ehrhard regarding billing reports (0.1); telephone conference with Alex McGee regarding ▮▮▮▮▮▮▮▮▮ (0.1); email Seth Berlin, Mike Berry and Paul Safier regarding ▮▮▮ (0.1). | 1.80 | $140.00 | $252.00 |
| 9/19/2016 | SLB | Work on issues relating to the fee retention and fee submission. | 0.50 | $475.00 | $237.50 |
| 9/20/2016 | SLB | Continued work on retention and fee submission issues including redacting of fee entries and preparation of additional materials necessary for the bankruptcy filing. | 1.30 | $475.00 | $617.50 |
| 9/20/2016 | SUD | Edit monthly statement (0.8); various conferences with S. Brannock regarding ▮ (0.4); telephone conference with Alex McGee regarding ▮▮▮▮▮▮ (0.2). | 1.40 | $140.00 | $196.00 |
| 9/21/2016 | SLB | Various conferences regarding ▮▮▮▮▮ (.3); work on bankruptcy submissions relating to payment (.9). | 1.20 | $475.00 | $570.00 |

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

---

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 19, 2016

**Invoice Num:** 4348

**Billing Through:** Sep 30, 2016

### Gawker - Bankruptcy

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 9/21/2016 | SUD | Email Ropes & Gray regarding ▮▮▮▮▮ ▮▮▮▮▮ (0.1); conference with S. Brannock regarding ▮▮▮▮ (0.1); revise draft monthly statement and email Michael Berry regarding ▮▮▮▮ ▮▮▮ (0.2). | 0.40 | $140.00 | $56.00 |
| 9/23/2016 | SLB | Work on issues relating the retention in Gawker including review of court's order approving the retention. | 0.30 | $475.00 | $142.50 |
| 9/23/2016 | SUD | Telephone conference with Alex McGee regarding ▮▮▮▮ (0.1); review and discuss ▮▮ with S. Brannock (0.2). | 0.30 | $140.00 | $42.00 |
| 9/29/2016 | SUD | Office conference with S. Brannock regarding ▮▮▮▮ and email to Ropes & Gray regarding ▮▮. | 0.10 | $140.00 | $14.00 |
| 9/29/2016 | SLB | Conference regarding ▮▮▮▮ and regarding ▮▮▮▮ ▮▮. | 0.30 | $475.00 | $142.50 |

**Total Service Amount:** $11,951.50

**Amount Due This Invoice:** $11,951.50

*This invoice is due upon receipt*

### Staff Summary

| | | | | |
|---|---|---|---|---|
| **Courtney L. Phillips** | CLP | 0.20 | $60.00 | $12.00 |
| **Sarah DePerto** | SUD | 10.30 | $140.00 | $1,442.00 |
| **Steven L. Brannock** | SLB | 22.10 | $475.00 | $10,497.50 |

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 19, 2016

**Invoice Num:** 4348

**Billing Through:** Sep 30, 2016

### Gawker - Bankruptcy

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|

We appreciate your business.

## **Exhibit C**

**Expense Detail**

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 18, 2016

**Invoice Num:** 4345

**Billing Through:** Sep 30, 2016

## Gawker Media, LLC vs. Bollea, et al.

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **Reimbursable Expenses:** | | | | | |
| 6/10/2016 | | Hearing - Mileage | | | $23.98 |
| 6/10/2016 | | Hearing - Parking | | | $4.00 |
| 6/30/2016 | | Photocopy charges | | | $49.60 |
| 7/31/2016 | | Online Research | | | $99.46 |

|  | |
|---|---|
| **Total Expenses:** | **$177.04** |
| **Amount Due This Invoice:** | **$177.04** |

*This invoice is due upon receipt*

We appreciate your business.

# Brannock & Humphries

1111 W. Cass Street, Suite 200
Tampa, FL 33606
Tel: (813) 223-4300 Fax: (813) 262-0604
www.BHAppeals.com

## Invoice

William Holden
Gawker Media LLC
114 Fifth Avenue
2nd Floor
New York, NY 10011

**Invoice Date:** Oct 18, 2016

**Invoice Num:** 4343

**Billing Through:** Sep 30, 2016

## Gawker - Bankruptcy

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **Reimbursable Expenses:** | | | | | |
| 8/8/2016 | | CourtCall - Telephonic Hearing Appearance | | | $65.00 |
| 8/16/2016 | | CourtCall - Telephonic Hearing Appearance | | | $44.00 |

| | | |
|---|---|---|
| **Total Expenses:** | | **$109.00** |
| **Amount Due This Invoice:** | | **$109.00** |

*This invoice is due upon receipt*

## **Exhibit D**

**Blended Rate Comparison Table**

- During the Compensation Period, the majority of the work was done by one of B&H's shareholders and B&H's senior paralegal. None of the work was done by associate attorneys, which lowered the overall Non-Bankruptcy blended hourly rate. The Non-Bankruptcy blended hourly rate for just shareholders and paraprofessionals was approximately $415.11, compared to the blended hourly rate for this Application, which is approximately $389.52.

- In fact, the Non-Bankruptcy blended hourly rate for just the shareholders listed in Exhibit E is approximately $458.66 – pennies more than the blended hourly rate for this Application. The Non-Bankruptcy blended hourly rate for only those paraprofessionals listed in Exhibit E is $128.48. Much of our work during the time covered by this application, has been on strategic and other matters that required partner participation. If the stay is lifted and the appeal proceeds to briefing, we expect the blended rate to go down as more work is shifted to associates.

| Position at B&H | Blended Hourly Rate for this Application | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Shareholders | $458.51 | $463.96 |
| Associates | N/A | $254.72 |
| Paraprofessionals | $137.93 | $127.12 |
| **TOTAL** | **$389.52** | **$356.27** |

**<u>Exhibit E</u>**

**Timekeeper Summary**

**TIMEKEEPER SUMMARY**

| NAME OF PROFESSIONAL | TITLE | DEPT. | YEAR OF ADMISSION | HOURLY RATE | HOURS BILLED | TOTAL COMPENSATION | REDUCED COMPENSATION[1] |
|---|---|---|---|---|---|---|---|
| Steven L. Brannock | Shareholder | Appellate | 1981 | $475.00 | 30.4 | $14,440.00 | $13,848.63 |
| Philip J. Padovano | Shareholder | Appellate | 1973 | $475.00 | 2.6 | $1,235.00 | $1,049.75 |
| Ceci Culpepper Berman | Shareholder | Appellate | 2000 | $400.00 | 9.3 | $3,720.00 | $3,162.00 |
| Sarah DePerto | Paralegal | Appellate | N/A | $140.00 | 11.3 | $1,582.00 | $1,561.00 |
| Courtney Phillips | Paralegal | Appellate | N/A | $60.00 | 0.3 | $18.00 | $17.10 |

---

[1] Reduced to reflect the 85% allocation of time between Gawker Media and the individual defendants on the Gawker Media Matter.