Objection Deadline: November 21, 2016 at 4:00 p.m. (Prevailing Eastern Time)
Hearing: December 1, 2016 at 10:30 a.m. (Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
In re                                                 :   Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :   Case No. 16-11700 (SMB)
                                                      :
                Debtors.                              :   (Jointly Administered)
                                                      :
------------------------------------------------------x

# COVER SHEET FOR THE FIRST AND FINAL FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD OF JUNE 10, 2016 THROUGH SEPTEMBER 30, 2016

**NAME OF APPLICANT:**                Houlihan Lokey Capital, Inc.

**TIME PERIOD:**                      June 10, 2016 through September 30, 2016

**DATE OF RETENTION:**                July 14, 2016, nunc pro tunc to June 10, 2016

**AUTHORIZED TO PROVIDE
PROFESSIONAL SERVICES TO:**           the above-captioned debtors and debtors-in-possession

**CURRENT APPLICATION:**

| | |
|---|---|
| Total Fees Incurred: | $5,082,615.00 |
| Total Expenses Incurred[2]: | $29,316.70 |

**PRIOR APPLICATIONS:**

| | |
|---|---|
| Fees Previously Requested: | N/A |
| Fees Previously Awarded: | N/A |
| Expenses Previously Requested: | N/A |
| Expenses Previously Awarded: | N/A |

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Represents aggregate expenses incurred during the Total Compensation Period before the application of the remaining pre-petition expense retainer of $13,854.08 ($20,000.00 pre-petition expense retainer less $6,145.92 of expenses applied) and reduction pursuant to Local Guideline F(3)(ii) of $243.64.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[3]                        :    Case No. 16-11700 (SMB)
                                                      :
            Debtors.                                  :    (Jointly Administered)
                                                      :
------------------------------------------------------x

**FIRST AND FINAL FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD OF JUNE 10, 2016 THROUGH SEPTEMBER 30, 2016**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

        Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), as investment banker to Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft., fka Kinja Kft. ("Gawker Hungary"), as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submits its first and final application (the "Application"), pursuant to sections 327 and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), General Order M-447 entered by Chief Judge Cecelia G. Morris of the United States Bankruptcy Court for the Southern District of New York on January 29, 2013 (the "Local Guidelines") and the Order Establishing Procedures for Interim Compensation and

---

[3] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59642979_2

Reimbursement of Professionals [Docket No. 94] (the "Interim Compensation Order"), for an order:

(i)  allowing, on a final basis, (a) compensation for professional services rendered to the Debtors from June 10, 2016 through and including September 30, 2016 (the "Total Compensation Period") in the amount of $5,082,615.00, and (b) for reimbursement of expenses incurred during the Total Compensation Period in connection with such services in the amount of $29,316.70[4], for a total award of $5,111,931.70[5]; and

(ii)  authorizing the Debtors to pay to Houlihan Lokey the amount of $3,923,915.45, which is the total unpaid amount owing to Houlihan Lokey by the Debtors for services rendered and expenses incurred during the Total Compensation Period (including any amounts "held back" during such period pursuant to the Interim Compensation Order; and in support thereof respectfully represents as follows:

## BACKGROUND

**A.    Background**

1.  Bankruptcy Filing.  On June 10, 2016 (the "Petition Date"), Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 16, 2016 the Court entered an order authorizing the joint administration and procedural

---

[4] Represents aggregate expenses incurred during the Total Compensation Period before the application of the remaining pre-petition expense retainer of $13,854.08 ($20,000.00 pre-petition expense retainer less $6,145.92 of expenses applied) and the reduction per Local Guideline F(3)(ii) of $243.64.

[5] Total award amount before the application of the remaining pre-petition expense retainer is $13,854.08 ($20,000.00 pre-petition expense retainer less $6,145.92 of expenses applied) and reduction pursuant to Local Guideline F.3(ii) of $243.64.

2

59642979_2

consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41]. No request for the appointment of a trustee or examiner was made in these chapter 11 cases.

2. <u>Jurisdiction</u>. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory and regulatory predicates for the relief requested herein are sections 327, 330(a), 331, and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1(a) and the Local Guidelines. Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is attached hereto as <u>Exhibit A</u>.

3. <u>Status of Chapter 11 Cases</u>. The Debtors chapter 11 cases remain ongoing. On November 3, 2016, the Court approved the disclosure statement for the Debtors' amended plan of reorganization (the "Plan"), and the Debtors are presently soliciting acceptances and rejections with respect to the Plan. The public docket of the chapter 11 cases indicates that the Debtors have filed all monthly operating reports to date. As of August 31, 2016, the Debtors reported $14,619,815.00 in available cash. <u>See</u> Monthly Operating Report for the Period from August 1, 2016 to August 31, 2016 [Docket No. 349]. Houlihan Lokey has not independently verified (nor does this Application provide) the additional information described in section A.2 of the Local Guidelines.

4. <u>Role of Houlihan Lokey in Chapter 11 Cases</u>. As further described below under the heading "Summary of Services Rendered", Houlihan Lokey provided investment banking services to the Debtors in connection with financing, restructuring and sales processes. Houlihan Lokey expended a substantial amount of time and effort throughout the Total Compensation Period, enabling the Debtors to carry out their duties in these Chapter 11 Cases

3

59642979_2

and assisting in securing debtor in possession financing and the sale of substantially all of the Debtors' assets.

### RETENTION OF HOULIHAN LOKEY
### AND SUMMARY OF PROFESSIONAL COMPENSATION
### AND REIMBURSEMENT OF EXPENSES REQUESTED

5. On July 14, 2016, pursuant to the Order Authorizing the Debtors to Employ and Retain Houlihan Lokey as Investment Banker nunc pro tunc to the Petition Date [Docket No. 97] (the "Retention Order"), the Court authorized Houlihan Lokey's retention as investment banker to the Debtors in these cases. The Retention Order authorized Houlihan Lokey to receive compensation as outlined in the Debtors application to retain Houlihan Lokey [Docket No. 58] (the "Retention Application") pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Local Guidelines, and the local rules and orders of this Court.

6. The terms and conditions of Houlihan Lokey's engagement in these cases, which are embodied in the Retention Application and approved by the Court, are based upon Houlihan Lokey's agreement with the Debtors executed May 16, 2016 (the "Engagement Agreement"). Pursuant to the Engagement Agreement, Houlihan Lokey is to be compensated through a monthly fee of $150,000.00, plus as applicable, Transaction Fee(s) (as defined in section 3 of the Engagement Agreement).

7. Houlihan Lokey prepared this Application in accordance with the Local Guidelines and the Interim Compensation Order. Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is attached hereto as Exhibit A.

8. On August 19, 2016 Houlihan Lokey filed its First Monthly Fee Statement ("First Monthly Statement") for the period from June 10, 2016 through July 31, 2016, requesting fees in the amount of $1,300,000.00 and expenses in the amount of $1,422.62 [Dkt. No. 204].

4

59642979_2

Houlihan Lokey has received payment of 80% of the fees and 100% of the expenses requested in the First Monthly Statement, and $260,000 of fees remain unpaid (holdback amount of 20% of $1,300,000.00).

9. On September 20, 2016 Houlihan Lokey filed its Second Monthly Fee Statement ("Second Monthly Statement") for the period from August 1, 2016 through August 31, 2016, requesting fees in the amount of $150,000 and expenses in the amount of $12,739.55 [Dkt. No. 276]. Houlihan Lokey has received payment of 80% of the fees and 100% of the expenses requested in the Second Monthly Statement, and $30,000 of fees remain unpaid (holdback amount of 20% of $150,000.00).

10. On October 20, 2016 Houlihan Lokey filed its Third Monthly Fee Statement ("Third Monthly Statement") for the period from September 1, 2016 through September 30, 2016, requesting fees in the amount of $3,632,615.00 and expenses in the amount of $15,154.53 [Dkt. No. 365]. Following the expiration of the objection deadline for the Third Monthly Statement without any objection, Houlihan Lokey applied the remaining $13,854.08 of the pre-petition expense retainer to the expenses requested in the Third Monthly Statement. Additionally, pursuant to Local Guideline F.3(ii), Houlihan Lokey has reduced expenses requested by $243.64. Accordingly, $1,056.81 of expenses and all of the fees requested in the Third Monthly Statement, totaling $3,633,671.81, remain unpaid.

11. Houlihan Lokey seeks allowance of (a) the compensation for professional services rendered to the Debtors in the aggregate amount of $5,082,615.00, consisting of $450,000.00 in aggregate monthly fees and $4,632,615.00 in aggregate transaction fees, as calculated pursuant to the Retention Application, and (b) reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $29,316.70 during the

5

Total Compensation Period. Of these amounts, $3,922,615.00 and $1,056.81, respectively, remain unpaid.

12. Pursuant to Bankruptcy Rule 2016(a), there is no agreement or understanding between Houlihan Lokey and any other person for the sharing of compensation to be received for services rendered in these cases.

13. Houlihan Lokey respectfully submits that (a) the services provided by Houlihan Lokey were necessary for, and beneficial to, the Debtors, (b) Houlihan Lokey has satisfied the requirements of Sections 328(a) of the Bankruptcy Code as set forth in the Retention Order, and (c) the requested compensation is appropriate based on the complexity, importance and nature of the services provided.

14. Under the Retention Order, Houlihan Lokey is compensated on a flat monthly and transactional, as opposed to hourly, fee basis, reflecting a typical fee structure for Houlihan Lokey and other leading investment banking firms. For the convenience of the Court and all parties in interest, attached hereto as Exhibit B is a summary setting forth estimated hours worked by professional by work category for the Total Compensation Period. Since Houlihan Lokey does not have the IT systems in place to allow its professional staff to regularly log hours worked, the hours logged are estimates only and Houlihan Lokey believes the actual hours worked are likely understated.

15. Annexed hereto as Exhibit C is a schedule detailing the expenses for which Houlihan Lokey is seeking reimbursement.

16. Houlihan Lokey has not received any payments from the Debtors other than those sought by this Application, previous monthly fee statements, and those set forth in the Retention Application.

**SUMMARY OF SERVICES RENDERED**

17. Since May 16, 2016, Houlihan Lokey worked diligently on the matters for which it was engaged and, as a result, was uniquely situated to advise the Debtors. The Debtors chose Houlihan Lokey to act as their investment banker because, *inter alia*, Houlihan Lokey has substantial experience in financial restructuring and technology, media and telecom investment banking services and other relevant expertise.

18. During the Total Compensation Period, the following professionals in Houlihan Lokey's Chicago and New York offices performed substantial services to the Debtors in this case:

> Reid Snellenbarger – Managing Director
> Mark Patricof – Managing Director
> Ryan Sandahl – Director
> Michelle Forman – Vice President
> Angus Schaller – Associate
> John Butler – Financial Analyst
> Amir Javaid – Financial Analyst

19. Houlihan Lokey's work on behalf of the Debtors has been categorized in to six separate areas of work, which include:

a) Due Diligence, Analysis and Materials Preparation

b) Asset Sale, Financing and Related Process Matters

c) Correspondence with Debtors and Debtors' Advisors

d) Correspondence and Meetings with Potential Bidders

e) Correspondence with Creditors and Other Parties in Interest

f) Administrative

**A.    Due Diligence, Analysis and Materials Preparation.** Houlihan Lokey engaged in extensive investigation of the Debtors' business, operations, financial performance,

7

59642979_2

assets, liabilities, employees and other matters to enable Houlihan Lokey to effectively advise the Debtors and craft marketing materials to support the sale process. Houlihan Lokey assisted in preparing marketing materials for the benefit of, and supported and coordinated due diligence performed by, potential bidders. Houlihan Lokey also prepared materials to support correspondence with the Debtors, the unsecured creditors, their advisors and other parties in interest.

**B.    Asset Sale, Financing and Related Process Matters.** Houlihan Lokey assisted the Debtors in evaluating the sale process, financing process, bidding procedures and related matters supporting and impacting the overall process. Houlihan Lokey negotiated with the stalking horse bidder, debtor in possession financing provider and other parties in interest to improve the Debtors' contemplated process dynamics in an effort to maximize value to the estates. Houlihan Lokey assisted in encouraging and soliciting overbids for the Debtors' assets, preparing for and helping manage the auction and finalizing and closing the successful bid.

**C.    Correspondence with Debtors and Debtors' Advisors.** Houlihan Lokey engaged in extensive correspondence, meetings and calls with the Debtors' management, board, counsel, and the Debtors' other advisors in this chapter 11 case, as well as significant preparations related to such communications. Houlihan Lokey provided advice regarding many significant decisions facing the Debtors, including issues related to the Debtors' liquidity and financial condition, bankruptcy matters, the sale process, asset purchase agreement terms and documentation, and other strategy and tactics related to the case. In addition, Houlihan Lokey provided periodic situational updates to the Debtors. During these updates, Houlihan Lokey reported on the status of the sale process, feedback from potential bidders, the status of diligence and other process-related issues. Houlihan Lokey spent considerable time exploring and evaluating various potential strategies for the sale process along with the Debtors' other advisors.

**D.  Correspondence and Meetings with Potential Bidders.** Houlihan Lokey expended significant time identifying, contacting and corresponding with potential bidders. Houlihan Lokey prepared for, arranged and engaged in numerous calls and meetings with potential bidders, both independently and in conjunction with the Debtors' management.

**E.  Correspondence with Creditors and Other Parties in Interest.** Houlihan Lokey communicated regularly with the Debtors' unsecured creditors, their advisors and other parties in interest. Key areas of discussion included proposed structure and status of the sale process, discussion of the Debtors' businesses, investment merits / risks, industry dynamics and other such matters pertaining to the Debtors' businesses and sale prospects.

**F.  Administrative.** Houlihan Lokey expended time on administrative matters including, but not limited to, preparing its employment application and tracking expenses. Houlihan Lokey also coordinated any such services performed at the Debtors' request with services of any other advisors and counsel, as appropriate, in an effort to avoid duplication of efforts.

20.  Pursuant to the Retention Order, Houlihan Lokey is excused from complying with the information requirements contained in Local Bankruptcy Rule 2016-1 and the Local Guidelines.

\* \* \*

21.  The professional services performed by Houlihan Lokey were necessary and appropriate to the administration of the chapter 11 cases and were in the best interests of the Debtors and other parties in interest. Compensation for the services described above is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.

59642979_2

**SUMMARY OF EXPENSES INCURRED**

22. In the course of its representation of the Debtors during the Total Compensation Period, Houlihan Lokey incurred certain necessary expenses. Houlihan Lokey advanced all of the expenses sought herein before seeking reimbursement. Houlihan Lokey includes in this Application only those items of expense contemplated by the Engagement Agreement and incurred during the Total Compensation Period.

    A.    **Airfare.** Houlihan Lokey incurred airfare-related expenses in the amount of $15,258.06.

    B.    **Lodging.** Houlihan Lokey incurred lodging-related expenses in the amount of $5,100.14.

    C.    **Ground and Other Transportation.** Houlihan Lokey incurred ground and other transportation-related expense in the amount of $4,801.82

    D.    **Business Meals.** Houlihan Lokey incurred business meals-related expenses in the amount of $3,084.72

    E.    **Telephone, Data and Delivery.** Houlihan Lokey incurred telephone, data and delivery-related expenses in the amount of $1,071.96.

23. Prior to the Petition Date, Houlihan Lokey received $20,000.00 as an expense retainer, to cover expenses estimated to be incurred prior to the Petition Date. Pre-petition expenses of $6,145.92 were offset against the $20,000.00 expense retainer. Following the expiration of the objection deadline for the Third Monthly Statement without any objection, Houlihan Lokey applied the remaining $13,854.08 of the pre-petition expense retainer to the expenses requested in the Third Monthly Statement. With regard to total post-petition expenses of $29,316.70, Houlihan Lokey has received payment of $14,162.17, applied the remaining pre-

petition expense retainer of $13,854.08 and, pursuant to Local Guideline F.3(ii), reduced expenses by $243.64, leaving $1,056.81 unpaid.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

24.     Houlihan Lokey respectfully submits that the services for which it seeks compensation were necessary for, and beneficial to, the Debtors and that Houlihan Lokey has satisfied the requirements of sections 328(a), 330(a), and 331 of the Bankruptcy Code as set forth in the Retention Order.  Houlihan Lokey's requested compensation is appropriate based on the complexity, importance and nature of the services provided, and is consistent with the customary compensation charged by comparable professionals both in and out of the bankruptcy context. Houlihan Lokey therefore respectfully requests that the Court grant the relief requested in this Application.

## NO DUPLICATION OF SERVICE

25.     Houlihan Lokey developed a cooperative working relationship on behalf of the Debtors with Ropes & Gray, LLP as the Debtors' counsel and Opportune, LLP as provider of a Chief Restructuring Officer and certain additional personnel.  Because each firm was aware of the others' role and services to the Debtors, Houlihan Lokey believes that no unnecessary duplication of services occurred.

## NOTICE

26.     Pursuant to the Interim Compensation Order, Houlihan Lokey has provided notice of this Application, by hand, overnight delivery, or email to (i) the Debtors, c/o Opportune LLP, 10 East 53rd Street, 33rd Floor, New York, New York 10022, Attn: William D. Holden (profinvoices@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the United States Trustee for the Southern District of New

11

York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes and Susan Arbeit; (iv) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, New York 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and (vi) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com).

**NO PRIOR REQUEST**

27. No previous motion for the relief sought herein has been made to this or any other court.

12

59642979_2

## **CONCLUSION**

WHEREFORE, Houlihan Lokey respectfully requests that the Court enter an order: (a) allowing Houlihan Lokey (i) compensation for professional services rendered during the Total Compensation Period in the amount of $5,082,615.00; and (ii) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $29,316.70, for a total award of $5,111,931.70; (b) authorizing the Debtors to pay (to the extent not previously paid in accordance with the Interim Compensation Order) to Houlihan Lokey $3,923,671.81, which is an amount equal to (i) the $260,000.00 holdback amount from the First Monthly Statement plus (ii) the $30,000.00 holdback amount from the Second Monthly Statement plus (iii) $3,632,615.00, which represents the unpaid portion of 100% of Houlihan Lokey's fees for services rendered, plus (iv) $1,056.81, which represents 100% of Houlihan Lokey's unpaid expenses incurred during the Total Compensation Period; and (c) granting such further relief as is just.

Dated:  November 7, 2016
        Chicago, Illinois

                                        HOULIHAN LOKEY CAPITAL, INC.

                                        By: _____
                                            D. Reid Snellenbarger
                                            Managing Director

                                            111 South Wacker Drive
                                            37th Floor
                                            Chicago, IL 60606
                                            (312) 456-4700

                                            *Investment Banker to the Debtors and Debtors-in-Possession*

13

59642979_2

# EXHIBIT A

## SNELLENBARGER CERTIFICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
: 
In re                                          :    Chapter 11
                                               :
Gawker Media LLC, *et al.*,[1]                 :    Case No. 16-11700 (SMB)
                                               :
          Debtors.                             :    (Jointly Administered)
                                               :
------------------------------------------------------x

# CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THE FIRST AND FINAL APPLICATION OF HOULIHAN LOKEY CAPITAL, INC., FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, D. Reid Snellenbarger, hereby certify that:

1.  I am a Managing Director with the applicant firm, Houlihan Lokey Capital, Inc., ("Houlihan Lokey"), as investment banker to the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and believe Houlihan Lokey's First and Final Application for Compensation and Reimbursement of Expenses to be in compliance with the General Order M-447 entered by Chief Judge Cecelia G. Morris of the United States Bankruptcy Court for the Southern District of New York on January 29, 2013 (the "Local Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Docket No. 94] (the "Interim Compensation Order", and collectively with the Local Guidelines, the "Guidelines").

2.  This certification is made in respect of Houlihan Lokey's application, dated November 7, 2016 (the "Application"), for compensation and reimbursement of expenses

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59642979_2

for the period commencing June 10, 2016, through and including September 30, 2016, (the "Total Compensation Period") in accordance with the Guidelines.

        3.        In respect of section B.1 of the Local Guidelines, I certify that:

        (a)        I have read the Application;

        (b)        To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

        (c)        The fees and disbursement requested in the Application are billed in accordance with practices customarily employed by Houlihan Lokey and generally accepted by Houlihan Lokey's clients; and

        (d)        In providing a reimbursable service, Houlihan Lokey does not make a profit on that service, whether the service is performed by Houlihan Lokey in-house or through a third party.

        4.        In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Houlihan Lokey provided, on a monthly basis or as soon as reasonably possible, statements of Houlihan Lokey's fees and expenses, in accordance with the Interim Compensation Order, to the Notice Parties (as defined in the Interim Compensation Order) and filed such statements with this Court.

[*Remainder of Page Intentionally Left Blank*]

5. In respect of section B.3 of the Local Guidelines, I certify that the United States Trustee for the Southern District of New York is being provided a copy of the Application concurrently with the filing thereof and will have at least 14 days to review such Application prior to any objection deadline with respect thereto.

Dated: November 7, 2016
Chicago, Illinois

HOULIHAN LOKEY CAPITAL, INC.

By: _____
D. Reid Snellenbarger
Managing Director

111 South Wacker Drive
37th Floor
Chicago, IL 60606
(312) 456-4700

*Investment Banker to the Debtors and Debtors-in-Possession*

# EXHIBIT B

**Summary of Professional Time by Category**
**Gawker Media LLC, et al.**

**June 10, 2016 through September 30, 2016**

| Employee | Title | A | B | C | D | E | F | Total |
|---|---|---|---|---|---|---|---|---|
| Reid Snellenbarger | Managing Director | 40.5 | 77.0 | 56.0 | 35.0 | 34.0 | 11.5 | **254.0** |
| Mark Patricof | Managing Director | 14.0 | 67.0 | 35.5 | 120.0 | 2.5 | 5.5 | **244.5** |
| Ryan Sandahl | Director | 73.0 | 43.5 | 59.0 | 31.0 | 34.0 | 16.0 | **256.5** |
| Michelle Forman | Vice President | 154.0 | 79.0 | 36.0 | 101.0 | 28.5 | 6.5 | **405.0** |
| Angus Schaller | Associate | 266.0 | 19.5 | 38.5 | 57.0 | 12.0 | 17.0 | **410.0** |
| John Butler | Analyst | 303.0 | 9.5 | 18.0 | 17.5 | 4.0 | 21.0 | **373.0** |
| Amir Javaid | Analyst | 319.0 | 7.0 | 19.0 | 8.0 | 4.0 | 21.5 | **378.5** |
| | Total | **1,169.5** | **302.5** | **262.0** | **369.5** | **119.0** | **99.0** | **2,321.5** |

**Legend**

| | |
|---|---|
| A | Due Diligence, Analysis and Materials Preparation |
| B | Asset Sale, Financing and Related Process Matters |
| C | Correspondence with Debtors and Debtors' Advisors |
| D | Correspondence and Meetings with Potential Bidders |
| E | Correspondence with Creditors and Other Parties in Interest |
| F | Administrative |

59642979_2

# EXHIBIT C

**Summary Expenses Incurred By Houlihan Lokey**
**By Category By Fee Statement**

| Fee Statement | Airfare | Lodging | Ground / Other Transportation | Business Meals | Telephone, Data and Delivery | Total |
|---|---|---|---|---|---|---|
| First Monthly Statement | $ 1,038.20 | $ - | $ 147.85 | $ 165.57 | $ 71.00 | $ 1,422.62 |
| Second Monthly Statement | 6,965.66 | 1,936.39 | 2,576.32 | 992.76 | 268.42 | 12,739.55 |
| Third Monthly Statement | 7,254.20 | 3,163.75 | 2,077.65 | 1,926.39 | 732.54 | 15,154.53 |
| Total | $ 15,258.06 | $ 5,100.14 | $ 4,801.82 | $ 3,084.72 | $ 1,071.96 | $ 29,316.70 |
| Payment Received | | | | | | (14,162.17) |
| Remaining Pre-Petition Expense Retainer | | | | | | (13,854.08) |
| Reduction Per Local Guideline F(3)(ii) | | | | | | (243.64) |
| **Remaining Unpaid Amount** | | | | | | **$ 1,056.81** |

59642979_2