Hearing Date and Time: December 1, 2016 at 10:30 a.m. (Eastern Time)
Objection Deadline: November 28, 2016 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
: 
In re : Chapter 11
: 
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 365(a), FED. R. BANKR. P. 6006, AND LBR 6006-1 (I) AUTHORIZING ASSUMPTION OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND EXECUTORY CONTRACTS, (II) FIXING CURE AMOUNTS IN CONNECTION THERETO, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the annexed motion (the "Motion," a copy of which is attached hereto) of the above captioned debtors (the "Debtors") will be held before the Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 723, New York, New York 10004 (the "Bankruptcy Court") on **December 1, 2016 at 10:30 a.m. (prevailing Eastern Time)**.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59744108_2

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules, and the Local Rules, shall be filed with the Bankruptcy Court, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **November 28, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") upon the following parties: (i) the Debtors, Attn. William D. Holden (profinvoices@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC Partners LP, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (ix) counsel to 204-210 Elizabeth Street

LLC, Pollack & Sharan LLP, 15 Maiden Lane, Suite 1400, New York, New York 10038, Attn: Adam Paul Pollack; (x) counsel to Superdry Wholesale, LLC and Superdry Retail, LLC, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111; (xi) Skillshare, Inc., 208-210 Elizabeth Street, New York, New York 10012; and (xii) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the Debtors shall, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.

Dated: November 16, 2016
New York, New York

/s/ *Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel for the Debtors and Debtors in Possession*

Hearing Date and Time:  December 1, 2016 at 10:30 a.m. (Eastern Time)
Objection Deadline:  November 28, 2016 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
: 
In re : Chapter 11
: 
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
: 
: 
------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. §§ 365(a), FED. R. BANKR. P. 6006, AND LBR 6006-1
(I) AUTHORIZING ASSUMPTION OF CERTAIN UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES AND
EXECUTORY CONTRACTS, (II) FIXING CURE AMOUNTS IN
CONNECTION THERETO, AND (III) GRANTING RELATED RELIEF**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft.) ("Gawker Hungary"), debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully request entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), (i)

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59744108_2

authorizing assumption of the unexpired nonresidential real property leases and executory contracts identified on **Exhibit B** hereto (the "Assumption Schedule"), (ii) fixing the cure amount in connection thereto (the "Cure Amounts"), and (iii) granting related relief.  In support of the foregoing request, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

**Jurisdiction**

1. The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 365 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Procedural Background**

4. On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Gawker Media Petition Date").  On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On June 16, 2016 the Bankruptcy Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6. On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the

5

"Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

8. On August 16, 2016, the Debtors held an auction for the sale (the "Sale") of substantially all of their assets (the "Assets"). On August 22, 2016, the Court authorized the sale of the Assets to UniModa, LLC [Docket No. 214]. The Sale closed on September 9, 2016, notice of which was filed with the Court [Docket No. 258].

9. On September 30, 2016, the Debtors filed a disclosure statement (as subsequently amended, the "Disclosure Statement") for their joint chapter 11 plan of liquidation (as subsequently amended, the "Plan"). The Bankruptcy Court approved the Disclosure Statement on November 4, 2016 [Docket No. 413]. The confirmation hearing in respect of the Plan is scheduled to begin on December 13, 2016.

**Gawker Media's Leases and Subleases at 208-210 Elizabeth Street**

10. Gawker Media is the tenant on three nonresidential real property leases relating to the second, third, and fourth floors and the roof deck at 208-210 Elizabeth Street, New York, New York 10012 (the "Premises"). The Landlord on each of the Leases (as defined below) is 204-210 Elizabeth Street LLC (the "Landlord"). Under the Leases, Gawker leases the second floor (the "Second Floor Lease"), the third floor (the "Third Floor Lease"), and the fourth floor and roof deck (the "Fourth Floor Lease," and the leases collectively, the "Leases"), respectively. Gawker

6

59744108_2

Media originally leased Premises for its own office space but moved its office space to a different building in 2015. The term of each of the Leases expires on October 31, 2017.

11. Each of the Leases permits Gawker Media to sublease the Premises. Gawker Media presently subleases the space covered by the Second Floor Lease to Superdry Wholesale, LLC ("Superdry") (the "Superdray Sublease") and subleases the space covered by the Third Floor Lease and the Fourth Floor Lease to Skillshare, Inc. ("Skillshare") (the "Skillshare Sublease," and together with the Superdry Sublease, the "Subleases"). Gawker Media, the Landlord, and each of Superdry and Skillshare also entered into separate consents pursuant to which the Landlord agreed to Gawker Media subleasing the Premises to each of the Sublessees (together, the "Sublease Consents"). The effectiveness of each Sublease Consent was a condition precedent to the effectiveness of each corresponding Sublease. The term of each of the Subleases expires on October 30, 2017.

12. The Debtors generate approximately $15,584.32 in net monthly income under the Subleases (before accounting for certain 2017 real estate tax payments (which costs are partially borne by the Sublessees) and other ordinary expenses that may become due under the Leases), as the monthly rent payments paid by Superdry and Skillshare (the "Sublessees") pursuant to the Subleases are greater than the monthly payments paid by Gawker Media pursuant to the Leases.

13. In connection with the Sale, the Debtors listed the Leases and the Subleases on the proposed list of executory contracts and unexpired leases that a buyer could seek assumption and assignment of in connection with the Sale. *See Notice of (A) Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale and (B) Associated Cure Costs* [Docket No. 105]. UniModa did not seek assumption and assignment of any of the Leases or Subleases.

7

14. Counsel for the Debtors has had discussions with representatives for each of the Landlord and the Sublessees. The Debtors and the Landlord have had continuing discussions over the possibility of the Debtors' seeking an assignment of Gawker Media's sublessor position in the Subleases to the Landlord as part of a negotiated arrangement that would benefit the Debtors' estates. To date no agreements have been reached and consequently pursuant to this Motion the Debtors simply seek to assume the Leases. Contemporaneously with the filing of the Motion, the Debtors are seeking to also assume the Subleases.

### Relief Requested

15. By this Motion, the Debtors seek entry of an order (i) authorizing the assumption of the Leases and Sublease Consents (collectively, the "Contracts") as of the date of entry of the Proposed Order, (ii) fixing Cure Amounts related to the Contracts at $0, and (iii) granting certain related relief. In compliance with Bankruptcy Rule 6006(e), the Debtors are proceeding by separate motions to assume the Subleases.

16. To the extent that the Court orders a Cure Amount in excess of $0 in respect of any of the Contracts, the Debtors reserve the right not to assume one or more of the Contracts. The Debtors are current on their obligations under the Contracts and no monetary defaults exist therein.

### Basis for Relief

#### A. Assumption of the Contracts is a Sound Exercise of the Debtors' Business Judgment

17. Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). The assumption of executory contracts and

8

59744108_2

unexpired leases permits ". . . the trustee or debtor-in-possession to use valuable property of the estate." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

18.    Courts defer to a debtor's business judgment in assuming executory contracts and unexpired leases. *See, e.g., In re Network Access Solutions, Corp.*, 330 B.R. 67, 75 (Bankr. D. Del. 2005) ("The standard for approving the assumption of an executory contract is the business judgment rule."); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (a debtor may assume or reject an unexpired lease under Bankruptcy Code section 365(a) in the exercise of its "business judgment").  The business judgment standard simply requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *In re Great Atl. & Pac. Tea Co., Inc.*, 472 B.R. 666, 672–73 (S.D.N.Y. 2012) (courts will approve a debtor's assumption of a lease "as long as assumption of [the] lease appears to enhance a debtor's estate" and the debtor's judgment is not "clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code"); *In re Old Carco LLC*, 406 B.R. 180, 192 (Bankr. S.D.N.Y. 2009) (the business judgment test "requires only that the trustee demonstrate that rejection of the executory contract will benefit the estate").

19.    The Debtors submit that assumption of the Contracts is beneficial to the Debtors' estates.  As set forth above, the assumption of the Leases will allow the Debtors to continue generating approximately $15,584.32 in net monthly income under the Subleases.  The Debtors also seek to assume the Sublease Consents in an abundance of caution so as to ensure that they can benefit from the terms of the Subleases, although the Debtors do not believe that they need to assume the Sublease Consents in order for the Subleases to remain effective.  The Debtors' assumption of the Contracts would not prejudice the Landlord, as it would maintain the status

quo between the parties. Thus, the Debtors submit that the assumption of the Contracts represents a sound exercise of their business judgment and should be approved.

### B. The Debtors Will Demonstrate Adequate Assurance of Future Performance

20. Bankruptcy Code Section 365(b)(1) sets forth the requirements for assuming a debtor's unexpired lease or executory contract, providing, in pertinent part that:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
   (A)   cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
   (B)   compensates, or provides adequate assurance that the trustee will promptly cure, such default; and
   (C)   provides adequate assurance of future performance under such contract or lease.

21. Bankruptcy Code section 365(b)(1)(C) provides that a debtor seeking to assume a contract or unexpired lease must provide "adequate assurance of future performance under such contract or lease." The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989) (citation omitted); *see also In re Jennifer Convertibles, Inc.*, 447 B.R. 713, 719 (Bankr. S.D.N.Y. 2011) ("A debtor need not prove that it will thrive and make a profit but only that it appears that it will meet its obligations."); *In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance "does not mean absolute insurance that the debtor will thrive and make a profit.").

22. The Debtors submit that they have satisfied Bankruptcy Code section 365(b). As explained above, the Debtors are current on their obligations under the Contracts.

10

23. The Debtors further submit that they can provide adequate assurance of future performance for Gawker Media's obligations under the Contracts. The Debtors' decision to proceed with the assumption of the Leases is premised on the Court approving the Debtors' assumption of the Subleases. In that circumstance, the monthly payments due from the Sublessees will be greater than the monthly payments due to the Landlord under the Leases. The Debtors will generate sufficient monthly income to adequately assure the Debtors' future performance of their obligations under the Contracts. Furthermore, the Landlord holds a security deposit on each Lease of up to more than six months of the monthly rental payment under each Lease which can be applied by the Landlord pursuant to the terms of the Leases.

### Notice

24. Notice of this Motion has been provided to each counterparty listed on the Assumption Schedule and to other parties in interest in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 93]. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### No Previous Request

25. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

59744108_2

## **Conclusion**

26.    The Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 16, 2016
      New York, New York      */s/ Gregg M. Galardi*
                                            ROPES & GRAY LLP
                                            Gregg M. Galardi
                                            D. Ross Martin
                                            Jonathan M. Agudelo
                                            1211 Avenue of the Americas
                                            New York, NY 10036-8704
                                            Telephone: (212) 596-9000
                                            Facsimile: (212) 596-9090
                                            gregg.galardi@ropesgray.com
                                            ross.martin@ropesgray.com
                                            jonathan.agudelo@ropesgray.com

                                            *Counsel to the Debtors*
                                            *and Debtors in Possession*

59744108_2

## Exhibit A

**Proposed Order**

59744108_2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                                :
In re                                           :    Chapter 11
                                                :
Gawker Media LLC, *et al.*,[1]                  :    Case No. 16-11700 (SMB)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
------------------------------------------------------x

**ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 365(a), FED. R. BANKR. P. 6006, AND LBR 6006-1 (I)
AUTHORIZING ASSUMPTION OF CERTAIN UNEXPIRED NONRESIDENTIAL
REAL PROPERTY LEASES AND EXECUTORY CONTRACTS, (II) FIXING CURE
AMOUNTS IN CONNECTION THERETO, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors"), for an order, pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order (i) authorizing assumption of the unexpired nonresidential real property leases and executory contracts identified on Exhibit 1 hereto (the "Assumption Schedule"), (ii) fixing cure amounts in connection thereto, and (iii) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

59744108_2

1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Contracts set forth on the Assumption Schedule annexed hereto are assumed as of the date hereof.

3. The Cure Amount in connection with the assumption of each Contract is $0. The Debtors shall not be required to make further payment in connection with any default under any Contract listed on the Assumption Schedule.

4. The Debtors have provided adequate assurance of future performance of the Contracts, and no further showing of adequate assurance is necessary.

5. Nothing in this order constitutes a waiver of any claims the Debtors may have against the Landlord, whether or not such claims are related to the Contracts.

6. Notice of the Motion satisfies Bankruptcy Rule 6006 and Local Rule 6006-1.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

59744108_2

8. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: New York, New York
    _____, 2016

                              HONORABLE STUART M. BERNSTEIN
                              UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

[Assumption Schedule]

59744108_2

## Exhibit B

[Assumption Schedule]

**ASSUMPTION SCHEDULE**

| Row | Contract Counterparty to the Contract/Lease to be assumed | Debtor Counterparty to the Contract to be assumed | Description of Contract or Lease and Nature of Debtor's Interest | Nature of Debtor Interest | Effective Assumption and Assignment Date | Cure Amount |
|---|---|---|---|---|---|---|
| 1 | 204-210 Elizabeth Street LLC | Gawker Media LLC | Agreement of Lease (including Rider) made as of December 1, 2013 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof) relating to 208-210 Elizabeth Street, New York, New York 10012, 2nd Floor | Lessee | Date that Proposed Order is entered | $0.00 |
| 2 | 204-210 Elizabeth Street LLC | Gawker Media LLC | Agreement of Lease (including Rider) made as of October 3, 2012 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof) relating to 208-210 Elizabeth Street, New York, New York 10012, 3rd Floor | Lessee | Date that Proposed Order is entered | $0.00 |
| 3 | 204-210 Elizabeth Street LLC | Gawker Media LLC | Agreement of Lease (including Rider) made as of October 3, 2012 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof) relating to 208-210 Elizabeth Street, New York, New York 10012, 4th Floor and Roof Deck | Lessee | Date that Proposed Order is entered | $0.00 |
| 4 | 204-210 Elizabeth Street LLC | Gawker Media LLC | Consent to Sublease made as of August, 2015 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof), relating to 208-210 Elizabeth Street, New York, New York 10012, 2nd Floor | Counter-party | Date that Proposed Order is entered | $0.00 |
| 5 | 204-210 Elizabeth Street LLC | Gawker Media LLC | Consent to Sublease made as of August, 2015 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof), relating to 208-210 Elizabeth Street, New York, New York 10012, 3rd Floor, 4th Floor and Roof Deck | Counter-party | Date that Proposed Order is entered | $0.00 |

59744108_2