# EXHIBIT B

Hearing Date & Time: December 1, 2016 at 10:30 a.m. (Eastern Time)

CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, New Jersey 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Robert E. Nies, Esq. (rnies@csglaw.com)
Michael R. Caruso, Esq. (mcaruso@csglaw.com)

*Attorneys for Mitchell Williams*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GAWKER MEDIA LLC, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered) |

**DECLARATION OF RAHUL MUNSHI IN OPPOSITION TO OBJECTION OF DEBTOR GAWKER MEDIA LLC TO PROOF OF CLAIM NO. 6 FILED BY MITCHELL WILLIAMS, AND MOTION TO APPLY FED. R. CIV. P. 12(b)(6) AND 12(c) PURSUANT TO BANKRUPTCY RULES 9014 AND 7012**

I, RAHUL MUNSHI, declare, pursuant to 28 U.S.C. §1746, under penalty of perjury that:

1. I am an attorney with the law firm of Console Law Offices LLC, located at 1525 Locust Street, 9th Floor Philadelphia, PA 19102. We are counsel to Mitchell Williams. I am authorized to make this Declaration in this opposition (the "**Opposition**") to Debtor's Objection to Proof of Claim No. 6 filed by Mitchell Williams, and Motion to Apply Fed. R. Civ. P. 12 (b)(6) and 12(c) Pursuant to Bankruptcy Rules 9014 and 7012 (the "**Objection**").[2] Except as to

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Lft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Unless otherwise stated or clear from the context, capitalized terms shall have the meaning ascribed to them in the Objection and Opposition.

6324685.2

any matters stated upon information and belief, I have personal knowledge of the facts attested to herein based upon my representation of Mitchell Williams. As to any matters of opinion or matters stated upon information and belief, I believe them to be true and correct.

2. Williams' complaint and jury demand (the "**Williams Complaint**") -- filed on September 24, 2014 in the New Jersey State Court -- asserted five (5) causes of action against Gawker and twelve (12) causes of action against The MLB Network, Inc., the former employer of Williams. Williams asserts personal injury, defamation tort claims against Gawker and various claims against The MLB Network, Inc. (see Objection, Exhibit 3 for a copy of the Williams Complaint).

3. On March 6, 2015, the New Jersey State Court entered an Order granting in part and denying in part Gawker's motion to dismiss the Williams Complaint. Specifically, the New Jersey State Court denied Gawker's motion as to the three challenged defamatory statements as explained in the Opposition. (see Objection, Exhibit 4 for a copy of the New Jersey State Court Order granting in part and denying in part Gawker's motion to dismiss).

4. On May 7, 2015, the New Jersey State Court denied Gawker's Motion for Reconsideration of the refusal to dismiss the three surviving defamation statements. Attached as **Exhibit 1** is a copy of the Order that denied Gawker's Motion for Reconsideration. The lawsuit continued through discovery as to those three surviving defamation statements.

5. In discovery, Debtor answered an interrogatory propounded by Williams as follows: "Gawker has a Media Content Insurance policy with American International Group, Inc. (AIG) that might be applicable to the claim asserted in this case, with a coverage limit of $1 million. Gawker has provided notice under this policy."

6. After discovery closed, Gawker moved for summary judgment against Williams.

2

6324685.2

On June 1, 2016, the New Jersey State Court granted summary judgment for Gawker and entered the SJO, which SJO dismissed with prejudice all (remaining three) claims against Gawker and expressly preserved for Williams the right and "ability to appeal all rulings as to Gawker defendants." (see Objection, Exhibit 5 for a copy of the SJO). The New Jersey State Court did not provide a written or reasoned oral opinion supporting the ruling.

7. Nine days later, on June 10, 2016 (the "**Petition Date**"), Gawker filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. As of the Petition Date, Williams was not required, nor obligated, to file an appeal or to file any other action to preserve his right to appeal, nor did the New Jersey State Court express findings of undisputed material facts and conclusions of law.

8. Before Gawker's bankruptcy filing and before the entry of the SJO, the Williams Claim was scheduled to be tried before a jury on June 27, 2016 in the New Jersey State Court. Since the Petition Date, the case has proceeded against the defendant The MLB Network, Inc. and the jury trial has been adjourned twice by the New Jersey State Court.

9. On July 11, 2016, Williams filed Proof of Claim No. 6 (the "**Williams Claim**") in the Chapter 11 case based on the three defamatory statements under New Jersey law. A confirmation hearing on Debtor's proposed amended joint Chapter 11 plan of liquidation dated as of November 3, 2016 (the "**Plan**") is presently scheduled to commence on December 13, 2016.

10. Contemporaneous with his Opposition to the Objection, Williams has moved before the Bankruptcy Court for an order (i) modifying the automatic stay, for "cause", pursuant to 11 U.S.C. § 362(d) to permit an appeal in state court litigation involving a personal injury defamation claim against Debtor; (ii) authorizing a trial for state court of Williams' personal

3

6324685.2

injury defamation claim against Debtor, solely to establish liability and amount of Williams' claim; and (iii) granting such other further relief as may be appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 17, 2016
    Philadelphia, Pennsylvania

                                              RAHUL MUNSHI

# EXHIBIT 1

# TO DECLARATION OF RAHUL MUNSHI

TRUE COPY

MICHAEL J. K...

LEVINE SULLIVAN KOCH & SCHULZ, LLP
Gayle C. Sproul (No. 0129-1983)
Seth D. Berlin (admitted *pro hac vice*)
Chad R. Bowman (admitted *pro hac vice*)
1760 Market Street, Suite 1001
Philadelphia, PA 19103
Phone: (215) 988-9778

| | |
|---|---|
| MITCHELL WILLIAMS, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | CAMDEN COUNTY |
| | |
| v. | CIVIL ACTION |
| | DOCKET NO. CAM-L-3675-14 |
| THE MLB NETWORK, INC., et al., | |
| | [PROPOSED] ORDER GRANTING |
| Defendants. | DEFENDANT GAWKER MEDIA, |
| | LLC'S MOTION FOR |
| | RECONSIDERATION AND |
| | DISMISSING ALL REMAINING |
| | CLAIMS AGAINST GAWKER |

THIS MATTER having been opened to the Court by Levine Sullivan Koch & Schulz, LLP, attorneys for Defendant Gawker Media, LLC ("Gawker"), for an Order reconsidering the partial denial of Gawker's motion to dismiss and dismissing all claims against Gawker with prejudice; on notice to the Console Law Offices, LLC, attorney for Plaintiff, and the Court having considered the papers submitted by the parties and any oral argument thereon, and for good cause shown;

IT IS on this _____ day of _____ ORDERED as follows:

1. Gawker's motion for reconsideration is granted; that

2. Gawker's motion to dismiss is granted; that

3. all claims against Gawker are dismissed with prejudice; and that

4. a copy of this Order shall be served upon all counsel within _____ days of entry

hereof.

*[DENIED stamp across items 2-4]*

_____
J.S.C.

*[handwritten notation and date]*