CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, New Jersey 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Robert E. Nies, Esq. (rnies@csglaw.com)
Michael R. Caruso, Esq. (mcaruso@csglaw.com)
*Attorneys for Mitchell Williams*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GAWKER MEDIA LLC, et al., | Case No. 16-11700 (SMB) |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF MITCHELL WILLIAMS TO SHORTEN NOTICE PERIOD WITH RESPECT TO HIS MOTION FOR AN ORDER (I) MODIFYING THE AUTOMATIC STAY, FOR "CAUSE", PURSUANT TO 11 U.S.C. § 362(d) TO PERMIT AN APPEAL IN STATE COURT LITIGATION INVOLVING A PERSONAL INJURY DEFAMATION CLAIM AGAINST DEBTOR; (II) AUTHORIZING A TRIAL IN STATE COURT OF WILLIAMS' PERSONAL INJURY DEFAMATION CLAIM AGAINST DEBTOR, SOLELY TO ESTABLISH LIABILITY AND AMOUNT OF WILLIAMS' CLAIM; AND (III) GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE APPROPRIATE**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE

Mitchell Williams ("**Williams**"), a creditor of Debtor Gawker Media LLC ("**Gawker**" or "**Debtor**"), by and through his undersigned counsel Chiesa Shahinian & Giantomasi PC, files this application (the "**Application to Shorten**") for an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Bankruptcy Rules

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Lft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

9006-1(b) and 9077-1(a) of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), shortening the notice period with respect to Williams' *Motion for an Order (I) Modifying the Automatic Stay, For "Cause", Pursuant to 11 U.S.C. § 362(d) to Permit an Appeal in State Court Litigation Involving a Personal Injury Defamation Claim Against Debtor; (II) Authorizing a Trial in State Court of Williams' Personal Injury Defamation Claim Against Debtor, Solely to Establish Liability and Amount of Williams' Claim; and (III) Granting Such Other and Further Relief As May Be Appropriate* (the "**Motion**"). In support of his Application to Shorten, Williams respectfully states:

## JURISDICTION, VENUE, & STATUTORY PREDICATES

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077-1(a).

## BACKGROUND

1.      On June 10, 2016 (the "**Petition Date**"), Gawker filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"). The Debtor is operating its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Debtor's Chapter 11 case. (Declaration of Robert E. Nies, attached as Exhibit B, the "Nies Dec.", at ¶2).

2.      On June 24, 2012, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [ECF Doc. No. 62]. (Nies Dec. at ¶3).

3. On July 11, 2016, Williams filed Proof of Claim No. 6 (the "**Williams Claim**") in the Chapter 11 case. The Williams Claim is based on a complaint filed two years earlier in the Superior Court of New Jersey (the "**New Jersey State Court**") alleging a personal injury tort claim for defamation by Gawker. (Nies Dec. at ¶4).

4. On October 31, 2016, Debtor filed an objection (the "**Objection**") [ECF Doc. 391] to the Williams Claim. Debtor's Objection seeks to disallow and expunge for all purposes the Williams Claim pursuant to (i) the doctrine of issue preclusion under New Jersey law and, alternatively, (ii) on the pleadings under the Federal Rules of Civil Procedure 12(b)(6) and 12(c). The Objection argues that the Bankruptcy Court has jurisdiction to determine the Williams Claim. (Nies Dec. at ¶5).

5. On November 17, 2016, Williams filed opposition (the "**Opposition**") to the Debtor's Objection to the Williams Claim. The Opposition argues that (i) issue preclusion does not apply to the Williams Claim; (ii) the Rooker-Feldman doctrine bars this court from ruling on issue preclusion and considerations under Fed. R. Civ. P. 12(b)(6) and 12(c) on Debtor's Objection to the Williams Claim; and (iii) the Bankruptcy Court lacks jurisdiction to conclusively determine the Williams Claim. (Nies Dec. at ¶6).

6. Also, on November 17, 2016, Williams filed the Motion seeking to modify the automatic stay to permit Williams to appeal the New Jersey State Court SJO. Specifically, Williams seeks to appeal in the New Jersey State Court an invalid and patently defective summary judgment entered in favor of Gawker nine days before the Petition Date. Substantially the same jurisdictional issues form the basis of both Williams' Motion and Williams' Opposition to Debtor's Objection to the Williams Claim. (Nies Dec. at ¶7).

7. A hearing on Debtor's Objection is scheduled to take place before this Court on December 1, 2016 at 10:30 a.m. (Eastern Time)(the "**Hearing Date**"). (Nies Dec. at ¶8).

8. A confirmation hearing on Debtor's proposed amended joint Chapter 11 plan of liquidation dated as of November 3, 2016 (the "**Plan**") is presently scheduled to commence on December 13, 2016 (the "**Confirmation Hearing**"). (Nies Dec. at ¶9). The issues raised by Williams' Motion and Opposition to Debtor's Objection to the Williams Claim will need to be decided expeditiously before December 13.

## RELIEF REQUESTED

9. Williams seeks to shorten the period for notice of the hearing on the Motion so that this Court may consider the relief requested in the Motion on an expedited basis at the same Hearing scheduled for Debtor's Objection to Williams' Claim. Williams proposes that responses, if any, to the Motion be filed by November 28, 2016 and replies be filed by November 29, 2016.

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 9006(c)(1) authorizes the Court to shorten the time on a motion, for cause shown. It provides, in pertinent part, that –

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court *for cause shown* may in its discretion with or without motion or notice order the period shortened.

Bankruptcy Rule 9006(c)(1) (Emphasis supplied). Bankruptcy Rule 9006(c)(2) sets forth instances in which reduction of a time period is not permitted, however, motions under Section 362(d) of the Bankruptcy Code are not among them.

11. Local Bankruptcy Rule 9006-1(b) states: "*Except as otherwise ordered by the Court*, or required by the Bankruptcy Rules, all [non-discovery related] motion papers shall be

4

6328828.2

served at least fourteen (14) days before the return date. Where service is made at least fourteen (14) days before the return date, any answering papers shall be served so as to ensure actual receipt not later than seven (7) days before the return date, unless the Court orders otherwise." L.B.R. 9006-1(b). (Emphasis supplied).

12. Local Bankruptcy Rule 9077-1(c) states: "No order to show cause shall be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why proceeding other than by notice of motion is necessary. The affidavit also shall state whether a previous application for similar relief has been made." L.B.R. 9077-1(c).

13. In this case, there are good and sufficient reasons to grant the Application to Shorten. Williams' Motion and Williams' Opposition to Debtor's Objection to the Williams Claim contain virtually identical issues, in particular Williams' ability and right to: (i) appeal in State Court a patently defective summary judgment entered in New Jersey State Court; (ii) liquidate in short order his non-core, personal injury, defamation tort claim before a jury in the New Jersey State Court; and (iii) recover a dividend from a liquidated and substantial bankruptcy estate. (Nies Dec. at ¶10).

14. Exigent circumstances and cause exist to shorten the notice period with respect to the Motion because the Plan Confirmation Hearing Date is fast approaching and all pleadings filed by Williams and Debtor contain intertwined issues of whether this Court or the New Jersey State Court is the appropriate forum in which to determine and liquidate the Williams Claim. (Nies Dec. at ¶11).

## NOTICE

15. Notice of this Motion to Shorten has been provided in accordance with the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus*

*Hearing Dates* (ECF Doc. No. 93). Williams submits that such notice is sufficient and no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by Williams to this or any other Court.

## CONCLUSION

17. For each of the reasons set forth above, Williams respectfully requests that the Court enter an order, substantially in the form of Exhibit A attached hereto, granting the Application to Shorten and fixing a hearing date, time, and objection deadline for consideration of the Motion.

Respectfully submitted,

**CHIESA SHAHINIAN & GIANTOMASI PC**
*Attorneys for Mitchell Williams*

By: /s/ Robert E. Nies
ROBERT E. NIES

One Boland Drive
West Orange, New Jersey 07052
Tel:   (973) 530-2012
Fax:   (973) 530-2212
E-Mail: rnies@csglaw.com

Dated: November 17, 2016