CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, New Jersey 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Robert E. Nies, Esq. (rnies@csglaw.com)
Michael R. Caruso, Esq. (mcaruso@csglaw.com)

*Attorneys for Mitchell Williams*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GAWKER MEDIA LLC, <u>et</u> <u>al</u>., | Case No. 16-11700 (SMB) |
| Debtors. [1] | (Jointly Administered) |

**DECLARATION OF ROBERT E. NIES IN SUPPORT OF MITCHELL WILLIAMS' APPLICATION TO SHORTEN NOTICE PERIOD WITH RESPECT TO HIS MOTION FOR AN ORDER (I) MODIFYING THE AUTOMATIC STAY, FOR "CAUSE", PURSUANT TO 11 U.S.C. § 362(d) TO PERMIT AN APPEAL IN STATE COURT LITIGATION INVOLVING A PERSONAL INJURY DEFAMATION CLAIM AGAINST DEBTOR; (II) AUTHORIZING A TRIAL IN STATE COURT OF WILLIAMS' PERSONAL INJURY DEFAMATION CLAIM AGAINST DEBTOR, SOLELY TO ESTABLISH LIABILITY AND AMOUNT OF WILLIAMS' CLAIM; AND (III) GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE APPROPRIATE**

I, ROBERT E. NIES, declare, pursuant to 28 U.S.C. §1746, under penalty of perjury that:

1.    I am an attorney with the law firm of Chiesa Shahinian & Giantomasi PC, located at One Boland Drive, West Orange, New Jersey 07052. We are bankruptcy counsel to Mitchell Williams ("**Williams**").    I am authorized to make this Declaration in support of Williams'

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Lft.) (5056).  Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

application to shorten (the "**Application to Shorten**") the notice period with respect to his motion for an order (i) modifying the automatic stay, for "cause", pursuant to 11 U.S.C. § 362(d) to permit an appeal in state court litigation involving a personal injury defamation claim against Debtor; (ii) authorizing a trial in state court of Williams' personal injury defamation claim against Debtor, solely to establish liability and amount of Williams' claim; and (iii) granting such other and further relief as may be appropriate (the "**Motion**").[2] Except as to any matters stated upon information and belief, I have personal knowledge of the facts attested to herein based upon my representation of Williams. As to any matters of opinion or matters stated upon information and belief, I believe them to be true and correct.

2. On June 10, 2016 (the "**Petition Date**"), Gawker filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"). The Debtor is operating its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Debtor's Chapter 11 case.

3. On June 24, 2012, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

4. On July 11, 2016, Williams filed Proof of Claim No. 6 (the "**Williams Claim**") in the Chapter 11 case. The Williams Claim is based on a complaint filed two years earlier in the Superior Court of New Jersey (the "**New Jersey State Court**") alleging a personal injury tort claim for defamation by Gawker.

---

[2] Unless otherwise stated or clear from the context, capitalized terms shall have the meaning ascribed to them in the Motion and Application to Shorten.

2

6329257.1

5. On October 31, 2016, Debtor filed an objection (the "**Objection**") [ECF Doc. 391] to the Williams Claim. Debtor's Objection seeks to disallow and expunge for all purposes the Williams Claim pursuant to (i) the doctrine of issue preclusion under New Jersey law and, alternatively, (ii) on the pleadings under the Federal Rules of Civil Procedure 12(b)(6) and 12(c). The Objection asserts that the Bankruptcy Court has jurisdiction to determine the Williams Claim.

6. On November 17, 2016, Williams filed opposition (the "**Opposition**") to the Debtor's Objection to the Williams Claim. The Opposition asserts that (i) issue preclusion does not apply to the Williams Claim; (ii) the Rooker-Feldman doctrine bars this court from ruling on issue preclusion and considerations under Fed. R. Civ. P. 12(b)(6) and 12(c) on Debtor's Objection to the Williams Claim; and (iii) the Bankruptcy Court lacks jurisdiction to conclusively determine the Williams Claim.

7. Also, on November 17, 2016, Williams filed the Motion seeking to modify the automatic stay to permit Williams to appeal the New Jersey State Court SJO. Specifically, Williams seeks to appeal in the New Jersey State Court an invalid and patently defective summary judgment entered in favor of Gawker nine days before the Petition Date. Substantially the same jurisdictional issues form the basis of both Williams' Motion and Williams' Opposition to Debtor's Objection to the Williams Claim.

8. A hearing on Debtor's Objection is scheduled to take place before this Court on December 1, 2016 at 10:30 a.m. (Eastern Time)(the "**Hearing Date**").

9. A confirmation hearing on Debtor's proposed amended joint Chapter 11 plan of liquidation dated as of November 3, 2016 (the "**Plan**") is presently scheduled to commence on December 13, 2016 (the "**Confirmation Hearing**"). The issues raised by Williams' Motion and

3

Opposition to Debtor's Objection to the Williams Claim will need to be decided expeditiously before December 13.

10. In this case, there are good and sufficient reasons to grant the Application to Shorten. Williams' Motion and Williams' Opposition to Debtor's Objection to the Williams Claim contain virtually identical issues, in particular Williams' ability and right to: (i) appeal in State Court a patently defective summary judgment entered in New Jersey State Court; (ii) liquidate in short order his non-core, personal injury, defamation tort claim before a jury in the New Jersey State Court; and (iii) recover a dividend from a liquidated and substantial bankruptcy estate.

11. Exigent circumstances and cause exist to shorten the notice period with respect to the Motion because the Plan Confirmation Hearing Date is fast approaching and all pleadings filed by Williams and Debtor contain intertwined issues of whether this Court or the New Jersey State Court is the appropriate forum in which to determine and liquidate the Williams Claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 17, 2016
      West Orange, New Jersey

                                      /s/ Robert E. Nies
                                      ROBERT E. NIES

6329257.1