**Hearing Date and Time: December 13, 2016 at 10:00 a.m. (ET)**
**Objection Date and Time: December 1, 2016 at 4:00 p.m. (ET)**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                          :

In re                          :         Chapter 11
                                       :

Gawker Media LLC, *et al.*,[1]    :         Case No. 16-11700 (SMB)
                                       :

               Debtors.       :         (Jointly Administered)
                                       :
------------------------------------------------------x

## NOTICE OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BUSH ROSS, P.A. AS SPECIAL FLORIDA LITIGATION CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 29, 2016

          **PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the application (the

"Application," a copy of which is attached hereto) of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") to retain and employ Bush Ross, P.A. as special Florida

litigation conflicts counsel to the Debtors effective *nunc pro tunc* to October 29, 2016 will be

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

held before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 723, One Bowling Green, New York, New York 10004-1408, on **December 13, 2016 at 10:00 a.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **December 1, 2016**, at **4:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline"), upon: (i) the Debtors, Gawker Media LLC, c/o Opportune LLP,10 East 53rd Street, 33rd Floor, New York, New York 10022, Attn: William D. Holden (profinvoices@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago,

2

IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (ix) Bush Ross, P.A., P.O. Box 3913, Tampa, Florida 33601, Attn: Jeffrey W. Warren (jwarren@bushross.com); and (x) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that a copy of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Application to be heard at the Hearing.

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Application, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Application, which order the Court may enter with no further notice or opportunity to be heard.

Dated:  November 18, 2016
      New York, New York

/s/ D. Ross Martin
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  (212) 596-9000
Facsimile:    (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
joshua.sturm@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
|  | : |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
------------------------------------------------------x


**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF BUSH ROSS, P.A. AS SPECIAL
FLORIDA LITIGATION CONFLICTS COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 29, 2016**

Gawker Media LLC ("<u>Gawker Media</u>"), Gawker Media Group, Inc. ("<u>GMGI</u>"), and

Gawker Hungary Kft. (f/k/a Kinja Kft., "<u>Gawker Hungary</u>") debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), respectfully submit this

application (the "<u>Application</u>") for entry of an order, substantially in the form attached hereto as

**<u>Exhibit A</u>**, authorizing the employment and retention of Bush Ross, P.A. ("<u>Bush Ross</u>") as

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

special Florida litigation conflicts counsel for the Debtors, effective *nunc pro tunc* to October 29,

2016.  In support of this Application, the Debtors submit the Declaration of Jeffrey W. Warren, a

shareholder at Bush Ross, which is attached hereto as **Exhibit B** (the "Warren Declaration"), the

Declaration of D. Ross Martin, a partner of Ropes & Gray, LLP ("Ropes & Gray"), counsel to

the Debtors, which is attached hereto as **Exhibit C** (the "Martin Declaration"), and the

declaration of William D. Holden, the Chief Restructuring Officer of GMGI and Gawker Media,

which is attached hereto as **Exhibit D** (the "Holden Declaration"), each of which is incorporated

herein by reference.  In further support of this Application, the Debtors respectfully represent as

follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 327(a) and 330 of

title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1

of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Procedural Background**

4.     On June 10, 2016, Gawker Media filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code (the "Petition Date").  On June 12, 2016, GMGI and Gawker

Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2

5.      On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases (the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6.      On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      The factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these Chapter 11 Cases are set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

### Relief Requested

9.      By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Bush Ross as special Florida litigation conflicts counsel to the Debtors in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Bush Ross effective as of October 29, 2016 (the "Engagement Letter"), a copy of which is annexed hereto as **Exhibit 1** to **Exhibit A**, as amended, and incorporated herein by reference.

**Retention of Bush Ross**

10.     The history and status of the lawsuits brought by Mr. Terry Bollea against
Gawker Media are set forth in the Debtors' Disclosure Statement as approved by this Court on
November 4, 2016 [Docket No. 427].

11.     Prior to the Petition Date, the Debtors' retained special counsel regarding the
Bollea Litigation.  That counsel included Levine Sullivan Koch & Schulz, LLP ("LSKS").  In the
so-called Bollea I litigation, LSKS represented Gawker Media and also represented the other two
defendants, Mr. Nicholas Denton and Mr. A.J. Daulerio (the writer of the article at issue in
Bollea I).  On September 23, 2016, this Court entered an order approving the retention of LSKS
to continue representation of Gawker Media, in a joint representation of Mr. Denton and Mr.
Daulerio, in Bollea I (and appeals thereof), and in Bollea II [Docket No. 288], and contemplated
that LSKS would also continue to represent Mr. Daulerio and Mr. Denton on matters specific to
them in the Bollea Action, with those individuals and not the Gawker Media estate paying the
fees on such individual matters.

12.     After the Petition Date, on August 5, 2016, Mr. Bollea filed a motion for
sanctions in Bollea I, solely against Mr. Daulerio.  That was a matter falling within the category
of individual matters on which LSKS represented him.  After approval of the LSKS retention in
this case, Mr. Bollea amended the sanctions motion on October 13, 2016 and for the first time
included a request for sanctions against the LSKS firm itself (the "Amended Sanctions Motion").
The Amended Sanctions Motion does not directly seek any relief against the Debtors.  However,
various of the alleged conduct involves the Debtors, and LSKS, which jointly represented Mr.
Daulerio and Gawker Media at the relevant times.  At the time the Amended Sanctions Motion

was filed, LSKS properly and promptly brought this to the attention of Debtors' primary bankruptcy counsel, Ropes & Gray.

13.     Debtors' primary bankruptcy counsel (Ropes & Gray) and the Debtors' independent director had already scheduled the negotiation that ultimately led to the Bollea Settlement.  The Bollea Litigation was stayed as to the Debtors, and LSKS was not involved in the settlement negotiation; to avoid any doubt, LSKS was not involved in substantive negotiation of the terms regarding LSKS or Mr. Daulerio (they were consulted during documentation of the binding settlement term sheet on certain factual background questions such as obtaining a listing of all pending litigation).

14.     The hearing on the Amended Sanctions Motion has been continued once, in light of the binding settlement term sheet signed by Mr. Bollea and the Debtors (the "Bollea Settlement").

15.     If approved by the Court, the Bollea Settlement would in the first instance release many of the claims that Mr. Bollea has against Mr. Daulerio, but not all of them.  It also contemplates that Mr. Bollea would release the remaining claims against Mr. Daulerio and all sanctions matters against his counsel (LSKS), if Mr. Daulerio enters into a settlement with Mr. Bollea on certain specified terms.  However, to date, Mr. Daulerio has not accepted that settlement.

16.     A hearing was scheduled on the Amended Sanctions Motion for Monday November 21, 2016.  Accordingly, during the week of November 14th, Bush Ross was more extensively involved with preparing for such hearing.  Substantially contemporaneous with the filing of the Application, Mr. Bollea cancelled the November 21, 2016 hearing "due to pending

settlement negotiations," and indicated that the hearing "will be rescheduled if settlement agreements with Nick Denton and A.J. Daulerio are not executed by November 23, 2016."

17.     In light of the direct request for sanctions against LSKS, the Debtors have determined (after consultation with Ropes & Gray and LSKS) that it is necessary and desirable for Gawker Media to have independent Florida representation in connection with the Florida state court proceedings related to the Amended Sanctions Motion, including making court appearances.  Ropes & Gray is advising the Debtors regarding the bankruptcy and other non-Florida aspects of those matters, but does not have a Florida office.  Bush Ross is being retained as special Florida litigation conflicts counsel solely for the purpose of handling, as Florida counsel, any conflict issues that arise in those Florida proceedings, including Bollea I, Bollea II, and any other matters.  However, those proceedings as against Gawker Media (and Mr. Denton) are currently subject to the automatic stay, and at the present time it is contemplated that Bush Ross would represent the Debtors in those proceedings with respect to ancillary matters, and not the substantive matters at issue.

18.     That is, at present the Debtors shall continue to retain LSKS and two other Florida firms who are familiar with the substantive trial record, because it is expected that such liability of the estate will be resolved in the Bollea Settlement.  Out of an abundance of caution the Debtors seek to retain Bush Ross for any conflict matters that may arise, but it is currently contemplated that such firm will be focused on events from and after the entry of judgment in Bollea I, and will not have to expend efforts to become knowledgeable about the underlying substance of the Bollea Litigation.  The Debtors believe that this is the measured, appropriate and effective way to protect the interests of the estate under the circumstances where a significant settlement is pending this Court's approval, but there are significant ancillary post-

judgment matters against non-debtors in the Florida court, and current estate-retained-special counsel became involuntarily directly involved because of a sanctions motion made against it.

19.     The Debtors believe that the state-court proceedings may require discussion in the Florida courts of certain bankruptcy matters, and therefore it is necessary for the firm being retained in this role to have bankruptcy expertise and employ a bankruptcy lawyer on the matter.

## Bush Ross's Qualifications

20.     Bush Ross is well qualified to provide the legal services described herein to the Debtors in connection with Bollea Litigation, and specifically, the Sanctions Motion. Bush Ross has significant and broad-based experience in the area of bankruptcy and creditors' rights, including prior representations of corporate debtors in various restructuring and insolvency matters. Most notably, Bush Ross served as the general bankruptcy counsel to The Celotex Corporation in one of the largest corporate bankruptcies ever filed, including successfully representing The Celotex Corporation in a dispute that was appealed to the Supreme Court and ultimately established national precedent.

21.     The Debtors have selected Bush Ross because it has expertise in both bankruptcy and Florida state court matters. Bush Ross will not be providing bankruptcy advice to the Debtors, but the state-court proceedings may require discussion in the state court of certain bankruptcy matters, and therefore it is necessary for the firm in this role to have bankruptcy expertise and employ a bankruptcy lawyer on the matter.

22.     In preparing for its representation of the Debtors in these chapter 11 cases, Bush Ross has become familiar with the Debtors' businesses, the chapter 11 cases, and the factual and procedural history, the claims asserted and the prior rulings in each of Bollea I and Bollea II.

The Debtors believe that Bush Ross is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

## Services to be Provided

23.    Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of Bush Ross to provide assistance to the Debtors in connection with the Florida state court proceedings relating to the Sanctions Motion. Specifically, the services to be provided by Bush Ross shall primarily consist of participation in the proceedings in the Florida state court in which appearances by independent counsel are determined to be necessary or desirable by the Debtors (on advice of Ropes & Gray) and advice relating to such appearances (including both Florida law and, to the extent necessary, the explanation of bankruptcy law (such as the automatic stay) to the Florida courts).

## Professional Compensation

24.    Bush Ross intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Bush Ross will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Bush Ross uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

25.     Subject to court approval, and in accordance with sections 330(a) and 331 of the Bankruptcy Code and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Fee Guidelines"), and *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 94] (the "Interim Compensation Order"), and as set forth in the Warren Declaration, compensation will be paid to Bush Ross on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Bush Ross according to its customary reimbursement policies.

26.     Bush Ross operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

27.     Bush Ross's current hourly rates for matters related to these chapter 11 cases range as follows:

| **Billing Category** | **Range** |
|---|---|
| Shareholders | $350 - $500 |
| Associates | $225 - $300 |
| Paralegals | $125 - $145 |

28.     The hourly rates set forth above are set at a level designed to compensate Bush Ross fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

29.     The rate structure provided by Bush Ross for postpetition services is not significantly different from (a) the rates that Bush Ross charges for other similar types of

representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Bush Ross will perform in these chapter 11 cases.

30.     It is Bush Ross's policy to charge its clients in all areas of practice for all identifiable, non-overhead expenses incurred in connection with each client's case that would not have been incurred except for representation of that particular client.  It is also Bush Ross's policy to charge its clients only the amount actually incurred by Bush Ross in connection with such items.  Examples of such expenses include, among other things, postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.  In addition, Bush Ross professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with other similar types of representations.

31.     Bush Ross will charge the Debtors $0.10 per page for standard duplication in its offices in accordance with Local Rule 2016-1 and the Amended Guidelines for *Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*.  Bush Ross does not charge its clients for incoming facsimile transmissions.

## **Compensation Received by Bush Ross from the Debtors**

32.     Bush Ross has not received any compensation and is not owed any outstanding amounts for services rendered prior to the execution of the Engagement Letter on October 29, 2016.

33.     Pursuant to Bankruptcy Rule 2016(b), Bush Ross has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and other attorneys associated with Bush Ross; or (b) any

10

compensation another person or party has received or may receive.  As of the Petition Date, the

Debtors did not owe Bush Ross any amounts for legal services rendered before the Petition Date.

### Bush Ross's Disinterestedness

34.    To the best of the Debtors' knowledge and as disclosed herein and in the Warren

Declaration, (a) Bush Ross is a "disinterested person" within the meaning of section 101(14) of

the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold

or represent an interest adverse to the Debtors' estate; and (b) Bush Ross has no connection to

the Debtors, their creditors or other parties in interest, except as may be disclosed in the Warren

Declaration.

35.    Because of the status of the Debtors' records and the stage of the chapter 11 cases,

the list of potential creditors and parties in interest provided to Bush Ross by the Debtors for

conflicts purposes to date has been limited and may not contain all potential creditors and parties

in interest. Nevertheless, due to the nature of Bush Ross's search of its records (described

above), Bush Ross's search should have identified any adverse representation or interest held by

Bush Ross with respect to any matter on which Bush Ross seeks to be employed by the Debtors

(whether in respect of the creditors and other parties in interest on the list provided to Bush Ross

by the Debtors or otherwise).  As noted above, Bush Ross's search identified no such adverse

representation or interest.

36.    Bush Ross is continuing to review, and will review its files periodically during the

pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying

circumstances exist or arise.  If any new relevant facts or connections are discovered or arise,

Bush Ross will use reasonable efforts to identify such further developments and will promptly

file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**Basis for Relief**

37.    The Debtors seek retention of Bush Ross as special Florida litigation conflicts

counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject

to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor] in carrying out the
> [debtor]'s duties under this title.

11 U.S.C. § 327(a).

38.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

39.    The Debtors submit that for all the reasons stated above and in the Holden,

Warren and Martin Declarations, the retention and employment of Bush Ross as special Florida

litigation conflicts counsel to the Debtors is warranted.  Further, as set forth in the Warren

Declaration (a) Bush Ross is a "disinterested person" within the meaning of section 101(14) of

the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold

or represent any interest adverse to the Debtors' estates, and (b) Bush Ross has not represented

the Debtors' creditors or any other parties in interest or their respective attorneys in any matter

relating to the Debtors' estates.

## **Notice**

40.     Notice of this Motion has been provided in accordance with the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 93].    The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

*[Remainder of page intentionally left blank.]*

## **Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  November 18, 2016           */s/ D. Ross Martin*
       New York, New York           ROPES & GRAY LLP
                                         Gregg M. Galardi
                                         D. Ross Martin
                                         Joshua Y. Sturm
                                         Jonathan M. Agudelo
                                         ROPES & GRAY LLP
                                         1211 Avenue of the Americas
                                         New York, NY 10036-8704
                                         Telephone:  (212) 596-9000
                                         Facsimile:   (212) 596-9090
                                         gregg.galardi@ropesgray.com
                                         ross.martin@ropesgray.com
                                         joshua.sturm@ropesgray.com
                                         jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                         :
In re                        :       Chapter 11
                         :
Gawker Media LLC, *et al.*,[1]   :       Case No. 16-11700 (SMB)
                         :
          Debtors.      :       (Jointly Administered)
                         :
---------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY
AND RETAIN BUSH ROSS, P.A. AS SPECIAL FLORIDA LITIGATION
CONFLICTS COUNSEL NUNC PRO TUNC TO OCTOBER 29, 2016**

Upon the Application, dated November 18, 2016 (the "Application"),[2] of Gawker Media LLC and its above-captioned debtor affiliates, as debtors and debtors in possession (the "Debtors"), for an order authorizing the Debtors to retain Bush Ross, P.A. ("Bush Ross") to serve as the Debtors' special Florida litigation conflicts counsel effective *nunc pro tunc* to October 29, 2016, in accordance with the terms and conditions of that certain engagement letter between the Debtors and Bush Ross dated as of October 29, 2016, a copy of which is annexed hereto as **Exhibit A**, pursuant to sections 327(a) and 330 of title 11 of the United States Codes (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration of Jeffrey W. Warren, a Partner of Bush Ross (the "Warren Declaration"), the Declaration of D. Ross Martin, a partner of Ropes & Gray, LLP,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

counsel to the Debtors (the "Martin Declaration"), and the declaration of William D. Holden (the

"Holden Declaration"); and the Court having found that the Court has jurisdiction over

this  matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the

Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having

found that venue of this proceeding and the Application in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made

in the Application and in the Warren Declaration that (a) Bush Ross does not hold or

represent an interest adverse to the Debtors' estates and (b) Bush Ross is a "disinterested

person" as defined in section 101(14) of the Bankruptcy Code and as required by section

327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the

Application is in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and the Court having found that the Debtors provided adequate and

appropriate notice of the Application under the circumstances and that no other or further

notice is required; and the Court having reviewed the Application; and the Court having

determined that the legal and factual bases set forth in the Application establish just cause

for the relief granted herein; and no objections to the Application having been filed; and after

due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1.      The Application is GRANTED to the extent set forth herein, *nunc pro tunc* to

October 29, 2016.

2.      The Debtors, as debtors in possession, are authorized, pursuant to sections 327(a)

and 329 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 5002, and Local Rule 2014-

1 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, to

2

employ and retain Bush Ross, effective *nunc pro tunc* to October 29, 2016, as special Florida litigation conflicts counsel in accordance with the terms and conditions set forth in the Engagement Agreement attached hereto as **Exhibit 1**.

3.    Bush Ross does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

4.    The terms of the Engagement Agreement is approved in all respects except as set forth herein.

5.    Bush Ross shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Order Establishing  Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim  Compensation Order") [Docket No. 94]; provided, however, that Bush Ross shall be permitted to redact the time entries submitted to parties other than the Court and  the United States Trustee in connection with their Monthly Fee Statements to remove information  protected by the attorney-client privilege, attorney work-product doctrine or other applicable privileges, as determined by Bush Ross in its sole discretion.

6.    Notwithstanding anything to the contrary set forth above, the U.S. Trustee shall retain rights to respond or object to Bush Ross's interim and final applications for compensation based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7.    Bush Ross shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8.    None of the fees payable to Bush Ross shall constitute a "bonus" or fee enhancement under applicable law.

9.      Notwithstanding any otherwise applicable provisions to the contrary, during the pendency of these chapter 11 cases, Bush Ross will not represent present or future clients of Bush Ross on matters adverse to the Debtors in these cases.

10.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

11.      To the extent this Order is inconsistent with the Engagement Agreement, this Order shall govern.

12.      Notwithstanding anything to the contrary in the Engagement Agreement, the Court retains exclusive jurisdiction with respect to all matters arising from, or related to, the retention of Bush Ross, and any disputes arising from or related to Bush Ross's retention under the Engagement Agreement.

Dated: December ___, 2016
        New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1 to Proposed Order**

**Engagement Letter**

# BUSH|ROSS
ATTORNEYS AT LAW

1801 North Highland Avenue
Tampa, Florida 33602
(813) 224-9255 [Phone]
(813) 223-9620 [Fax]
www.bushross.com

**JEFFREY W. WARREN**
jwarren@bushross.com
(813) 204-6423 [Direct Line]

Mailing Address:
Post Office Box 3913
Tampa, Florida 33601-3913

as of October 29, 2016

William D. Holden
Chief Restructuring Officer
Gawker Media, LLC
114 5th Avenue, 2nd Floor
New York, NY 10011

     Re:    Legal Services Agreement

Dear Mr. Holden:

     Thank you for your interest in having Bush Ross, P.A. ("Bush Ross" or "we") serve as special counsel to Gawker Media LLC, Gawker Media Group Inc. and Gawker Hungary Kft., all as debtors and debtors in possession (the "Clients" or "you") in connection with the following matters:

1. *Bollea v. Gawker Media, LLC et. al*., Case No. 12012447 CI-011 (6th Circuit Pinellas County), on appeal;
2. *Gawker Media, LLC, et al., v. Bollea*, Case No. 2D16-2535 (Fla. 2d DCA) (Bollea I); *Bollea v. Buchwald, et. al.,* 16-002861-CI (6th Cir. Pinellas County) (Bollea II); and
3. *Gawker Media LLC, et. al..* Case No. 16-11700 (SMB) filed in the United States Bankruptcy Court, Southern District of New York, and associated cases.

     We are delighted that you selected Bush Ross, and we look forward to a mutually beneficial relationship.

     This agreement sets forth the scope, terms and conditions of Bush Ross' engagement as counsel. Although we do not wish to be overly formal in our relationship with you, we have found it a helpful practice to confirm with our clients the terms of our representation.

     1.    <u>Limited Scope of Engagement</u>.

     Bush Ross has been retained by the Clients with respect to the matter(s) described above, and specifically with respect to such matters insofar as the Clients determine that it is necessary and/or desirable to have separate advice and/or court appearances in Florida courts by counsel that solely represents Gawker Media LLC (and the other Debtors to the extent appropriate) and

not other defendants (such as Mr. A.J. Daulerio). You have informed us that the Clients' primary bankruptcy counsel is Ropes & Gray LLP, and that such firm will advise the Clients as to when our advice is necessary or appropriate. Any new or expanded engagement beyond such matter(s) will require our prior written agreement. Similarly, Bush Ross is entering into an attorney-client relationship only with the Clients. Any representation of any person or entity other than the Clients (such as (a) a parent, subsidiary or other direct or indirect affiliate of the Clients or (b) an officer, director, manager, investor, or controlling person of the Clients or an affiliate of the Client) will require our prior written agreement. For the avoidance of doubt, Bush Ross will not represent Mr. Nicholas Denton or his Chapter 11 estate.

Nothing in this agreement and nothing in our statements to you should be construed as a promise or guarantee about possible results relating to our representation of you. Indeed, although we may offer opinions about possible results, we can neither predict nor guarantee any particular conclusion and we make no such prediction or guarantee.

2.      Contact Person, Staffing, and Communication.

You have designated yourself as the primary contact from whom we will take direction and to whom we will report in connection with this engagement. I will be the Partner generally responsible for Bush Ross' representation of the Clients, including matters relating to billing and staffing. I will have primary day-to-day responsibility and will be assisted by such other attorneys and personnel as I deem appropriate from time to time in order to provide the highest quality service in a cost-effective manner.

The legal privilege for attorney-client communications exists to encourage candid and complete communication between attorneys and their clients. We can truly perform beneficial services for a client only if we are aware of all information that might be relevant to our representation. Consequently, we trust that our attorney-client relationship with you will be based on mutual confidence and unrestrained communication that will facilitate our representation of you. In that regard, for as long as we represent you, we agree to inform you of the status of any matters in which we represent you, to respond to your inquiries, and to include you in any important strategies or decisions relating to such representation. Likewise, you agree to keep Bush Ross informed about any events that might affect our ability to perform the services required of us by this agreement and to cooperate with us and comply with all reasonable requests related to our provision of services.

3.      Fees and Expenses.

Our fees are generally determined by the time devoted by each attorney or legal assistant involved in the engagement and the hourly billing rates assigned to each such person. Currently, the rates for attorneys at Bush Ross range from $225.00 per hour to $500.00 per hour and the rates for our legal assistants range from $125.00 per hour to $145.00 per hour. Our hourly rates are revised periodically and we reserve the right to revise them from time to time during the course of this engagement. Unless we specifically agree in writing, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs incurred during our representation of them.  These costs generally are advanced or incurred as a result of long distance telephone calls, postage, photocopying, travel, computer research services, messenger services, and fees charged by governmental entities for filing, recording, certification and registration.  We may request an advance cost deposit if we anticipate that we will be required to incur substantial costs on your behalf.  We also may forward to you, for direct payment by you, certain expenses or charges such as fees of experts, court reporters, corporate filing fees, etc., received by us from third party vendors of services or goods for the benefit of the Clients.  The Clients will be responsible for making such direct payments in a timely fashion.

We will provide a monthly statement throughout our engagement for a particular matter and seek compensation in accordance with the Bankruptcy Code, the Local Rules, any applicable orders of the Bankruptcy Court, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases M-447 (Jan. 29, 2013, and the U.S. Trustee Guidelines.

4. <u>Termination and Retention of Documents</u>.

Our engagement is terminable at will by either Bush Ross or the Clients, subject to payment of all fees for services performed and costs advanced or incurred through the date of termination as approved by the Bankruptcy Court.  Unless previously terminated, our representation of the Clients will terminate upon our sending you our final statement for services rendered.  Upon termination, our files pertaining to the engagement will be retained by Bush Ross in accordance with our document retention policy.  Subject to our obligations under applicable law, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us after the termination of the engagement.

Thank you for providing us the opportunity to work with you and please do not hesitate to call me if you have any questions concerning any aspect of this agreement.

Very truly yours,

BUSH ROSS, P.A.

By: _____
Jeffrey W. Warren

GAWKER MEDIA LLC
GAWKER MEDIA GROUP INC.
GAWKER HUNGARY KFT.
as debtors and debtors in possession

By _____
William D. Holden
Chief Restructuring Officer

## **Exhibit B**

**Warren Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-------------------------------------------------------x

**DECLARATION OF JEFFREY W. WARREN, ESQ. IN SUPPORT OF
DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a), 328(a),
AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014
AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
BUSH ROSS, P.A. AS SPECIAL FLORIDA LITIGATION COUNSEL
EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 28, 2016**

I, Jeffrey W. Warren, make this Declaration, under penalty of perjury pursuant to 28

U.S.C. § 1746, and hereby declare as follows:

1.        I am a shareholder at Bush Ross, P.A. ("**Bush Ross**") and duly authorized to make

this declaration (the "**Declaration**") on behalf of Bush Ross.  I make this Declaration in support

of the Application (the "**Application**") of the above-captioned debtors and debtors in possession

(the "**Debtors**") pursuant to 11 U.S.C. §§ 327(a), 328(a) and 330, Fed. R. Bankr. P. 2014(a) and

2016, and Local Rules 2014-1 and 2016-1 for entry of an order authorizing the retention and

employment of Bush Ross as special litigation counsel effective *nunc pro tunc* to October 28,

2016.[2]  I am admitted and in good standing to practice law in all state and federal courts in the

State of Florida, as well as the United States Court of Appeals for the Fourth, Fifth, Tenth and

Eleventh Circuits; and the United States Supreme Court. There are no disciplinary proceedings

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application.

pending against me.

2.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein or have obtained knowledge of such facts from my firm's conflicts and client records departments.

### Retention of Bush Ross, P.A. As Special Counsel for the Debtors

3.      The Debtors have requested, subject to Court approval, that Bush Ross provide assistance to the Debtors in connection with their state court litigation in *Bollea v.Gawker Media, LLC et. al.*, Case No. 12012447 CI-011 (6th Circuit Pinellas County), on appeal; *Gawker Media, LLC, et al., v. Bollea*, Case No. 2D16-2535 (Fla. 2d DCA) (*Bollea I*); and *Bollea v. Buchwald, et. al.*, 16-002861-CI (6th Cir. Pinellas County) (*Bollea II*) (collectively, the **"Actions"**). Specifically, the services to be provided by Bush Ross, relating to the Actions, will be for such portions of the Actions in which Florida court appearances by independent counsel on behalf of the Debtors are determined to be necessary or desirable by the Debtors (on advice of bankruptcy counsel), and with advice relating to such appearances (including both Florida law and, to the extent necessary, the discussion of bankruptcy law (such as the automatic stay) in the Florida courts. Such court appearances and advice will be solely on behalf of the Debtors. These matters are collectively referred to herein as the **"Services."**

4.      No other law firm is providing the Debtors with the Services. Levine Sullivan Koch & Schulz, LLP, Thomas and LoCicero, and Brannock and Humphries have all worked on behalf of the Debtor Gawker Media in connection with the Actions. Those firms are co-counsel to Gawker Media, Mr. Denton and Mr. Daulerio. Bush Ross did not have any role in connection with the Debtors' chapter 11 filings, and will not serve as counsel to the Debtors in conducting the bankruptcy case, but rather will provide support to the Debtors where independent Florida counsel is necessary or desirable. Bush Ross will work in cooperation with the Debtors' other law firms to avoid duplicative efforts and expenses, and Bush Ross is informed that Ropes & Gray will

monitor and advise the Debtors' independent director regarding potential duplication and the necessity and desirability of independent counsel on various matters.

5.      Bush Ross is well qualified to serve as the Debtors' special counsel in the Actions. Bush Ross is a full-service Tampa Bay area business law firm, with considerable experience and expertise in insolvency and bankruptcy related matters, including the representation of debtors, trustees, committees, and other fiduciaries. The president and a founder of Bush Ross, Jeffrey W. Warren, Esq., will be the primary Bush Ross attorney responsible for the engagement. Mr. Warren is a nationally-recognized bankruptcy lawyer, a Fellow in the American College of Bankruptcy, certified in Business Bankruptcy Law by the American Board of Certification, and has been recognized on all of the usual peer-review driven lists of top lawyers including Super Lawyers, Legal Elite, Best Lawyers in America, and Chambers USA.   To the extent deemed necessary and appropriate Troy J. Crotts, or other litigation partners of Bush Ross, will assist Mr. Warren. Mr. Crotts is a Board Certified Civil Trial Attorney and has been regularly recognized on the usual peer-review driven lists of top lawyers including Super Lawyers, Legal Elite, and Best Lawyers in America.

<u>**No Adverse Interest with Respect to the Matters**</u>
<u>**on which Bush Ross is to be Retained**</u>

6.      In order to ascertain the existence of possible conflicts, Bush Ross has undertaken it routine review of its computerized databases that contain the names of clients and other parties interested in particular matters. Bush Ross requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the conflicts databases and to enter into those databases information regarding the proposed new clients or matters. Accordingly, a review of the conflicts databases should reveal any and all actual or potential conflicts of interest with respect to any

given representation. In particular, employees of Bush Ross's conflicts and client records department used these systems to check for any potential conflicts or other connections regarding all persons and entities known by Bush Ross to be involved in the issues for which Bush Ross is to be employed.

7.      To the best of my information, knowledge, and belief based on the results of such search, Bush Ross does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Bush Ross seeks to be employed by the Debtors. Further, to the best of my information, knowledge, and belief based on the results of such search, Bush Ross does not represent any creditor or other parties in interest in any matter adverse to the Debtors or their estates with respect to the matters on which Bush Ross seeks to be employed by the Debtors.

8.      Because of the status of the Debtors' records and the stage of the Chapter 11 cases, the list of potential creditors and parties in interest provided to Bush Ross by the Debtors for conflicts purposes to date has been limited and may not contain all potential creditors and parties in interest. Nevertheless, due to the nature of Bush Ross's search of its records (described above), Bush Ross's search should have identified any adverse representation or interest held by Bush Ross with respect to any matter on which Bush Ross seeks to be employed by the Debtors (whether in respect of the creditors and other parties in interest on the list provided to Bush Ross by the Debtors or otherwise). As noted above, Bush Ross's search identified no such adverse representation or interest.

9.      To the extent Bush Ross receives additional information regarding potential creditors or parties in interest, Bush Ross will review its databases with respect to those persons or entities specifically, and Bush Ross will use reasonable efforts to promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a). In addition, to the extent any new relevant

facts or relationships bearing on the matters in which Bush Ross seeks to represent the Debtors are discovered or arise during the period of Bush Ross's retention, Bush Ross will use reasonable efforts to promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

10.    Accordingly, I believe that Bush Ross satisfies the requirements for employment as special counsel pursuant to section 327(a) of the Bankruptcy Code.

### Professional Compensation

11.    Bush Ross intends to charge the Debtors for its services on an hourly basis and to submit for reimbursement its out-of-pocket expenses and other charges incurred in the course of representing the Debtors, all subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules and such procedures and guidelines as may be fixed by order of the Court or otherwise in force in the Debtors' chapter 11 cases. Bush Ross will file periodic applications seeking compensation for its services and reimbursement of its expenses as required by the Court, which will constitute a request for interim payment against Bush Ross's reasonable fees and expenses to be determined at the conclusion of the Debtors' chapter 11 cases.

12.    Bush Ross's current (2016) hourly rates for matters related to its representation of the Debtors are expected to be within the range of $350 to $500 an hour for shareholders, $225 to $300 an hour for associates, and $125 to $145 an hour for paraprofessionals.

13.    I will be the shareholder with primary responsibility for overseeing all work for the Debtors. My rate is $500 an hour. In addition, as necessary and as determined in consultation between the Debtors and me, other Bush Ross professionals and paraprofessionals will provide services to the Debtors on the matters described herein.

14.    The hourly rates for Bush Ross's professionals and paraprofessionals vary with

the experience and seniority of the individuals assigned. Such hourly rates are also subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first Bush Ross fee application following such adjustments) and are consistent with the rates charged other clients. The Debtors understand that Bush Ross's rate structure with respect to the engagement with the Debtors is consistent with the rate structure that Bush Ross charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the chapter 11 case, provided that Bush Ross has informed the Debtors and the Debtors also understand, that Bush Ross, like other law firms, has a wide array of clients and matters and from time to time will, in specific instances, negotiate discounts, reduced rates, alterative fee structures, and other customized compensation arrangements with its clients, which arrangements may depend on the size, duration, subject matter, staffing, client internal procedures and guidelines, and other details of the engagement at issue.

15.    Bush Ross also intends to seek reimbursement for reasonable expenses and other charges incurred in connection with its representation of the Debtors. It is Bush Ross's general policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. Bush Ross will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients and at actual cost or an estimated actual cost where the actual cost is difficult to determine.

16.    Bush Ross does not hold and has not received a retainer from the Debtors.

17.    The Debtors have never paid any amount to Bush Ross.

<u>Statement Regarding U.S. Trustee Guidelines</u>

18.    Bush Ross intends to seek compensation in accordance with the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the **"Interim Compensation Order"**) [Docket No. 94], the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases M-447 (Jan. 29, 2013), and the U.S. Trustee Guidelines (the **"Fee Guidelines"**).

19.    Subject to attorney client privilege limitations, Bush Ross also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and fee applications to be filed by Bush Ross in these chapter 11 cases.

20.    The following information is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

**Question:**    **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Answer:    No.

**Question:**    **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer:    No.

**Question:**    **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Answer:    Bush Ross has never represented the client.

**Question:**    **Has your client approved your prospective budget and staffing plan, and, if so for what budget period?**

Answer:    Bush Ross and the Debtors are currently working on a budget and staffing plan for Bush Ross's work for the Debtors. The budget will contemplate that Bush Ross will provide limited assistance to the Debtors with the Actions. The budget necessarily involves a projection of future events with limited information and is subject to change as the

cases develop. The Debtors anticipate a budget and staffing plan will be approved by the Debtors prior to the start of significant work in the Actions.

21.    No promises have been received by Bush Ross, or any partner, counsel, or associate of Bush Ross, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Fee Guidelines.

22.    Bush Ross has not entered into any agreements, express or implied, with any other party in interest, including the Debtors, any creditor or any attorney for such party in interest in the Debtors' chapter 11 cases (a) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (b) for payment of such compensation from the assets of the estate in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code or (c) for payment of compensation in connection with the Debtors' chapter 11 cases, in each case other than in accordance with Bankruptcy Code Section 504(b)(1) or applicable law.

23.    Bush Ross will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid any unnecessary duplication of services.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 17th day of November, 2016.

Bush Ross, P.A.

By: _____
Jeffrey W. Warren, a Shareholder
and its President

**Exhibit C**

**Martin Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------x
                                  :
  In re                           :        Chapter 11
                                  :
Gawker Media LLC, et al.,[1]      :        Case No. 16-11700 (SMB)
                                  :
            Debtors.              :        (Jointly Administered)
                                  :
--------------------------------------------------x
```

## DECLARATION OF D. ROSS MARTIN, ESQ. IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BUSH ROSS, P.A. AS SPECIAL FLORIDA LITIGATION CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE NUNC PRO TUNC TO OCTOBER 29, 2016

I, D. Ross Martin, make this Declaration, under penalty of perjury pursuant to 28 U.S.C. § 1746, and hereby declare as follows:

1.      I am a partner of the firm of Ropes & Gray LLP ("Ropes & Gray"), which maintains offices at 1211 Avenue of the Americas, New York, New York 10036.  I am a partner from Ropes & Gray working on the above-captioned chapter 11 cases.  I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York.  There are no disciplinary proceedings pending against me.

2.      I submit this declaration (this "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Bush Ross, P.A. as Special Florida Litigation Conflicts Counsel Effective Nunc Pro Tunc to October 29, 2016*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

(the "Application").[2]  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**The Debtors' Selection of Bush Ross, P.A.**

3.    The history and status of the lawsuits brought by Mr. Terry Bollea against Gawker Media are set forth in the Debtors' Disclosure Statement as approved by this Court on November 4, 2016 [Docket No. 427].

4.    Prior to the Petition Date, the Debtors' retained special counsel regarding the Bollea Litigation. That counsel included Levine Sullivan Koch & Schulz, LLP ("LSKS"). In the so-called Bollea I litigation, LSKS represented Gawker Media and also represented the other two defendants, Mr. Nicholas Denton and Mr. A.J. Daulerio (the writer of the article at issue in Bollea I). On September 23, 2016, this Court entered an order approving the retention of LSKS to continue representation of Gawker Media, in a joint representation of Mr. Denton and Mr. Daulerio, in Bollea I (and appeals thereof), and in Bollea II [Docket No. 288], and contemplated that LSKS would also continue to represent Mr. Daulerio and Mr. Denton on matters specific to them in the Bollea Action, with those individuals and not the Gawker Media estate paying the fees on such individual matters.

5.    After the Petition Date, on August 5, 2016, Mr. Bollea filed a motion for sanctions in Bollea I, solely against Mr. Daulerio. That was a matter falling within the category of individual matters on which LSKS represented him. After approval of the LSKS retention in this case, Mr. Bollea amended the sanctions motion on October 13, 2016 and for the first time included a request for sanctions against the LSKS firm itself (the "Amended Sanctions Motion"). The Amended Sanctions Motion does not directly seek any relief against the Debtors. However, various of the alleged conduct involves the Debtors, and LSKS, which jointly represented Mr.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

59753475_4

Daulerio and Gawker Media at the relevant times.  At the time the Amended Sanctions Motion was filed, LSKS properly and promptly brought this to the attention of Debtors' primary bankruptcy counsel, Ropes & Gray.

6.      Debtors' primary bankruptcy counsel (Ropes & Gray) and the Debtors' independent director had already scheduled the negotiation that ultimately led to the Bollea Settlement.  The Bollea Litigation was stayed as to the Debtors, and LSKS was not involved in the settlement negotiation; to avoid any doubt, LSKS was not involved in substantive negotiation of the terms regarding LSKS or Mr. Daulerio (they were consulted during documentation of the binding settlement term sheet on certain factual background questions such as obtaining a listing of all pending litigation).

7.      The hearing on the Amended Sanctions Motion has been continued once, in light of the binding settlement term sheet signed by Mr. Bollea and the Debtors (the "Bollea Settlement").

8.      If approved by the Court, the Bollea Settlement would in the first instance release many of the claims that Mr. Bollea has against Mr. Daulerio, but not all of them.  It also contemplates that Mr. Bollea would release the remaining claims against Mr. Daulerio and all sanctions matters against his counsel (LSKS), if Mr. Daulerio enters into a settlement with Mr. Bollea on certain specified terms.  However, to date, Mr. Daulerio has not accepted that settlement.

9.      A hearing was scheduled on the Amended Sanctions Motion for Monday November 21, 2016.  Accordingly, during the week of November 14th, Bush Ross was more extensively involved with preparing for such hearing.  Substantially contemporaneous with the filing of the Application, Mr. Bollea cancelled the November 21, 2016 hearing "due to pending

59753475_4

settlement negotiations," and indicated that the hearing "will be rescheduled if settlement
agreements with Nick Denton and A.J. Daulerio are not executed by November 23, 2016."

10.     In light of the direct request for sanctions against LSKS, the Debtors have
determined (after consultation with Ropes & Gray and LSKS) that it is necessary and desirable
for Gawker Media to have independent Florida representation in connection with the Florida
state court proceedings related to the Amended Sanctions Motion, including making court
appearances.  Ropes & Gray is advising the Debtors regarding the bankruptcy and other non-
Florida aspects of those matters, but does not have a Florida office.  Bush Ross, P.A. ("Bush
Ross") is being retained as special Florida litigation conflicts counsel solely for the purpose of
handling, as Florida counsel, any conflict issues that arise in those Florida proceedings, including
Bollea I, Bollea II, and any other matters.  However, those proceedings as against Gawker Media
(and Mr. Denton) are currently subject to the automatic stay, and at the present time it is
contemplated that Bush Ross would represent the Debtors in those proceedings with respect to
ancillary matters, and not the substantive matters at issue.

11.     That is, at present the Debtors shall continue to retain LSKS and two other Florida
firms who are familiar with the substantive trial record, because it is expected that such liability
of the estate will be resolved in the Bollea Settlement.  Out of an abundance of caution the
Debtors seek to retain Bush Ross for any conflict matters that may arise, but it is currently
contemplated that such firm will be focused on events from and after the entry of judgment in
Bollea I, and will not have to expend efforts to become knowledgeable about the underlying
substance of the Bollea Litigation. The Debtors believe that this is the measured, appropriate and
effective way to protect the interests of the estate under the circumstances where a significant
settlement is pending this Court's approval, but there are significant ancillary post-judgment

4

59753475_4

matters against non-debtors in the Florida court, and current estate-retained-special counsel became involuntarily directly involved because of a sanctions motion made against it.

      12.     The Debtors believe that the state-court proceedings may require discussion in the Florida courts of certain bankruptcy matters, and therefore it is necessary for the firm being retained in this role to have bankruptcy expertise and employ a bankruptcy lawyer on the matter.

[*Remainder of page intentionally left blank.*]

59753475_4

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: November 18, 2016
      New York, New York

*/s/ D. Ross Martin*
D. Ross Martin

## **Exhibit D**

**Holden Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                            :

In re                                :        Chapter 11
                                            :

Gawker Media LLC, *et al.*,[1]      :        Case No. 16-11700 (SMB)
                                            :

                    Debtors.      :        (Jointly Administered)
                                            :

-------------------------------------------------------x

## DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BUSH ROSS, P.A. AS SPECIAL FLORIDA LITIGATION CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE NUNC PRO TUNC TO OCTOBER 29, 2016

I, William D. Holden, being duly sworn, hereby declare as follows:

      1.      I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media"), located at 114 Fifth Avenue, 2d Floor, New York, New York 10014.

      2.      I submit this declaration (this "Declaration") in support of the application (the "Application")[2] of the Debtors for an Order, pursuant to sections 327(a) and 330 of title 11 of the United States Codes (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") authorizing the employment of Bush Ross, P.A. ("Bush Ross") as special Florida litigation conflicts counsel to the Debtors *nunc pro tunc* to October 29, 2016. The facts set forth herein are based on my personal knowledge or information provided to me by the Debtors' management,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

employees or members of my staff working under my supervision, other professionals, and my review of the books and records and relevant documents.

## The Debtors' Selection of Bush Ross

3.       Bush Ross is proposed to serve as special Florida litigation conflicts counsel to the Debtors, responsible for the matters described in the Application.  The Debtors recognize that a careful selection should be made when selecting and managing any professional acting for debtors in a chapter 11 case, to ensure that the professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.       Bush Ross has agreed to charge the Debtors hourly rates in these chapter 11 cases that are the same as the hourly rates and corresponding rate structure that Bush Ross uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.

5.        In addition, under the contemplated engagement, Bush Ross will charge only those actual and necessary expenses, for which it bills its clients, incurred in connection with the rendering of the services described in the Application, by category and nature of services rendered.

## Rate Structure

6.       In my capacity as Chief Restructuring Officer, I am responsible for monitoring outside professional services firms retained by the Debtors in the ordinary course of business.  As indicated above, Bush Ross has informed the Debtors that its rates for the services being provided are comparable to or less than the rates Bush Ross charges for similar matters in a non-bankruptcy environment.  As discussed below, I, or members of my team, or employees working

59745520_2

under my supervision, are responsible for reviewing the invoices regularly submitted by Bush Ross.

## **Cost Supervision**

7.      The Debtors recognize that it is their responsibility to monitor closely the billing practices of professional services firms that they retain to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases.  The Debtors will continue to review the invoices that Bush Ross regularly submits, and together with Bush Ross, address any unforeseen fees and expenses, as necessary.

[*Remainder of page intentionally left blank.*]

59745520_2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct to the best of my knowledge and belief.

Dated: November 18, 2016

_____
William D. Holden