Hearing Date and Time: December 13, 2016, at 10:00 a.m. (ET)
Objection Deadline: November 28, 2016, at 4:00 p.m. (ET)

**SIMPSON THACHER & BARTLETT LLP**
Sandeep Qusba
William T. Russell, Jr.
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 596-9090

*Counsel to the Official Committee*
*of Unsecured Creditors of Gawker Media LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Gawker Media LLC, *et al.*[1] | Case No. 16-11700 (SMB) |
| Debtors. | (Jointly Administered) |

## SUMMARY OF FIRST INTERIM APPLICATION OF
## SIMPSON THACHER & BARTLETT LLP,
## COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
## FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
## <u>RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED</u>

---

[1]     The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

# SUMMARY OF COMPENSATION PERIOD

| | |
|---|---|
| NAME OF APPLICANT: | Simpson Thacher & Bartlett LLP |
| AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO: | Official Committee of Unsecured Creditors |
| DATE OF RETENTION: | August 17, 2016 (*nunc pro tunc* to June 24, 2016) [Docket No. 184] |
| PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT ARE SOUGHT: | June 24, 2016– September 30, 2016 |
| AMOUNT OF COMPENSATION REQUESTED: | $1,216,165.75 (100%) |
| AMOUNT OF EXPENSE REIMBURSEMENT REQUESTED: | $23,586.99 (100%) |
| TOTAL COMPENSATION PREVIOUSLY REQUESTED AND AWARDED IN THESE CHAPTER 11 CASES: | None |
| TOTAL EXPENSES PREVIOUSLY REQUESTED AND AWARDED IN THESE CHAPTER 11 CASES: | None |
| BLENDED RATE OF ATTORNEYS IN THIS APPLICATION: | $982.87 |
| BLENDED RATE OF ALL TIMEKEEPERS IN THIS APPLICATION: | $945.44 |
| COMPENSATION SOUGHT IN THIS APPLICATION ALREADY PAID PURSUANT TO A MONTHLY COMPENSATION ORDER, BUT NOT YET ALLOWED: | $972,932.60 |
| EXPENSES SOUGHT IN THIS APPLICATION ALREADY PAID PURSUANT TO A MONTHLY COMPENSATION ORDER, BUT NOT YET ALLOWED: | $24,745.53 |
| NUMBER OF ATTORNEYS AND PARAPROFESSIONALS INCLUDED IN THIS APPLICATION: | 22 |
| NUMBER OF ATTORNEYS AND PARAPROFESSIONALS INCLUDED IN THIS APPLICATION NOT INCLUDED IN STAFFING PLAN: | Depending on the month, between 3 and 5 more attorneys or paraprofessionals provided services to the Committee than set forth in the staffing plan. |
| DIFFERENCE BETWEEN FEES BUDGETED AND COMPENSATION SOUGHT IN THIS APPLICATION: | Simpson Thacher is not seeking fees that exceed the budget by 10% or more. |
| NUMBER OF ATTORNEYS AND PARAPROFESSIONALS BILLING FEWER THAN 15 HOURS IN THIS APPLICATION:[2] | 12 |
| RATE INCREASES NOT PREVIOUSLY APPROVED / DISCLOSED: | None |
| THE EFFECT OF ANY RATE INCREASES THAT HAVE OCCURRED SINCE RETENTION: | N/A |

This is the **first interim fee application** filed by Simpson Thacher & Bartlett LLP in these cases.

---

[2]    A total of 9 professionals and 3 paraprofessionals billed fewer than 15 hours during the First Interim Compensation Period. By and large the professionals were specialists required for discrete tasks.

**Summary of Monthly Fee Statements for the Compensation Period**
(June 24, 2016 through September 30, 2016)

| Date Filed | Comp. Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| August 26, 2016 [Docket No. 227] | June 24, 2016 – July 31, 2016 | $515,713.80 | $623.07 | $515.713.80 | $623.07 | $128,928.45 |
| September 16, 2016 [Docket No. 269] | August 1, 2016 – August 31, 2016 | $231,647.60 | $21,823.30 | $231,647.60 | $21,823.30 | $57,911.90 |
| October 17, 2016 [Docket No. 351] | Sept. 1, 2016 – Sept. 30, 2016 | $225,571.20 | $2,299.16 | $225,571.20 | $2,299.16 | $56,392.80 |
| **TOTAL** | | **$972,932.60** | **$24,745.53** | **$972,932.60** | **$24,754.53** | **$243,233.15** |

**Summary of Hours Billed by Professionals and Paraprofessionals for the Compensation Period
(June 24, 2016 through September 30, 2016)**

| Name | Title | Practice Group (Year Admitted) | Hourly Rate | Total Hours | Total Compensation |
|------|-------|-------------------------------|-------------|-------------|--------------------|
| William T. Russell Jr | Partner | Litigation (1991) | 1,315.00 | 288.70 | 379,640.50 |
| Sandeep Qusba | Partner | Corporate/Bankruptcy (1994) | 1,315.00 | 117.35 | 154,315.25 |
| Lori E. Lesser | Partner | Litigation/IP (1994) | 1,300.00 | 9.30 | 12,090.00 |
| Jonathan Goldstein | Partner | Tax (2004) | 1,195.00 | 5.80 | 6,931.00 |
| Kathrine McLendon | Senior Counsel | Corporate/Bankruptcy (1985) | 1,065.00 | 11.30 | 12,034.50 |
| Steven R. Delott | Senior Counsel | Corporate/Insurance (1989) | 1,065.00 | 4.10 | 4,366.50 |
| Hyang-Sook Lee | Senior Counsel | Corporate/Bankruptcy (1995) | 1,065.00 | 4.90 | 5,218.50 |
| Morris Massel | Counsel | Corporate/Bankruptcy (2000) | 1,030.00 | 177.90 | 183,237.00 |
| Nicholas Baker | Associate | Corporate/Bankruptcy (2008) | 995.00 | 131.80 | 131,141.00 |
| Jeffrey E. Baldwin | Associate | Litigation (2009) | 995.00 | 107.90 | 107,360.50 |
| Jonathan S. Pall | Associate | Corporate (2006) | 750.00 | 12.50 | 9,375.00 |
| Randy Moonan | Associate | Litigation (2014) | 705.00 | 61.90 | 43,639.50 |
| Jonathan R. Myers | Associate | Litigation (2016) | 518.14[3] | 156.90 | 81,296.50 |
| Julia E. Heald | Associate | Litigation (2016) | 508.85[3] | 115.70 | 58,874.50 |
| Gedaliah Wielgus | Associate | Corporate (2014) | 485.00 | 4.00 | 1,940.00 |
| Derek Stueben | Associate | Corporate (2015) | 485.00 | 3.20 | 1,552.00 |
| Brian J. Mendick | Associate | Tax (NA) | 485.00 | 1.10 | 533.50 |
| Thomas G. Kovoor | Lit Support | Litigation Support | 360.00 | 2.00 | 720.00 |
| Kimberly Solomon | Paralegal | Paraprofessional | 350.00 | 3.50 | 1,225.00 |
| Tiffany Vacca | Paralegal | Paraprofessional | 350.00 | 1.50 | 525.00 |
| Jennifer Avila | Paralegal | Paraprofessional | 310.00 | 15.50 | 4,805.00 |
| Stephanie Crosskey | Paralegal | Paraprofessional | 310.00 | 49.50 | 15,345.00 |

---

[3]    When Simpson Thacher & Bartlett LLP was retained, this associate's billing rate was $485 per hour. Effective as of September 1, 2016, the associate's billing rate was increased to $585 in the ordinary course of business to account for the associate having attained another year of seniority. The billing rate set forth in this table is the associate's blended billing rate based on hours worked before and after the rate increase.

| | |
|---|---|
| Total Billed Hours for Attorneys | 1,214.35 |
| Total Billed Hours for Paraprofessionals | 72.00 |
| Total Billed Hours | 1,286.35 |
| Total Fees Requested | $1,216,165.75 |
| Blended Rate for All Timekeepers | $945.44 |
| Blended Rate for Attorneys | $982.87 |

## TABLE OF CONTENTS

**Page**

Preliminary Statement ........................................................................................................... 2

Jurisdiction ............................................................................................................................ 5

Disclosures and Requested Award ........................................................................................ 5

Explanation of Monthly Staffing Plans and Budgets for Compensation Period ............... 8

Compliance with the Guidelines ........................................................................................... 9

Summary Of Professional Services Rendered ..................................................................... 10

Allowance Of Compensation ............................................................................................... 21

Expenses ............................................................................................................................... 25

Notice ................................................................................................................................... 27

Attorney Statement Pursuant To Appendix B Guidelines .................................................. 27

Conclusion ........................................................................................................................... 29

## EXHIBITS

Exhibit A             Certification of Sandeep Qusba

Exhibit B             Project Categories/Task Code Summary

Exhibit C             Timekeeper Summary

Exhibit D             Simpson Thacher Billing Practices

Exhibit E             Simpson Thacher Budget

Exhibit F             Simpson Thacher Staffing Plan

Exhibit G             Disbursements Summary

Exhibit G-1           Disbursements Detail

Exhibit H             Time Records for the First Compensation Period

# TABLE OF AUTHORITIES

**Cases**

*In re Busy Beaver Bldg. Ctrs., Inc.*,
  19 F.3d 833 (3d Cir. 1994) .................................................................................... 22

*In re Cuisine Magazine, Inc.*,
  61 B.R. 210 (Bankr. S.D.N.Y 1986) ...................................................................... 23

*In re Drexel Burnham Lambert Group, Inc.*,
  133 B.R. 13 (Bankr. S.D.N.Y. 1991) ..................................................................... 22

*In re First Colonial Corp. of America*,
  544 F.2d 1291 (5th Cir. 1977) ......................................................................... 22, 23

*In re Hillsborough Holdings Corp.)*,
  127 F.3d 1398 (11th Cir. 1997) .............................................................................. 22

*In re Nine Assocs., Inc.*,
  76 B.R. 943 (S.D.N.Y. 1987) ................................................................................. 22

*Johnson v. Georgia Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974) ................................................................................. 23

**Federal Statutes**

11 U.S.C. § 101 ............................................................................................................. 1

11 U.S.C. § 330 ............................................................................................................. 2

28 U.S.C. § 1334 ........................................................................................................... 5

28 U.S.C. § 1409 ........................................................................................................... 5

28 U.S.C. § 157 ............................................................................................................. 5

28 U.S.C. § 157(b)(2) .................................................................................................... 5

28 U.S.C. §1408 ............................................................................................................ 5

Section 327 .................................................................................................................... 5

Section 330 ......................................................................................................... 1, 5, 22

Section 330(a) ............................................................................................................... 5

Section 330(a)(1)(A) ................................................................................................................. 21

Section 330(a)(3) ................................................................................................................ 21, 22

Section 331 ...................................................................................................................... 1, 5, 21

Section 503(b) ........................................................................................................................... 5

**Other Authorities**

3 COLLIER ON BANKRUPTCY ¶ 330.03[9] ............................................................................. 22, 23

Bankruptcy Rule 2004 ........................................................................................................... 4, 16

Bankruptcy Rule 2016 ............................................................................................................... 5

Local Bankruptcy Rule 2016-1 ................................................................................................. 5

Rule 2016 .................................................................................................................................. 1

**SIMPSON THACHER & BARTLETT LLP**
Sandeep Qusba
William T. Russell, Jr.
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 596-9090

*Counsel to the Official Committee*
*of Unsecured Creditors of Gawker Media LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Gawker Media LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered) |

**FIRST INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP,
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**

Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), counsel to the Official

Committee of Unsecured Creditors (the "**Committee**") of Gawker Media, LLC, *et al.* ("**Gawker**

**Media**") and its affiliated debtors in possession in the above-captioned cases (collectively, the

"**Debtors**"), submits this application (the "**Application**"), pursuant to sections 330 and 331 of

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231) ("**GMGI**"); and Kinja Kft. (5056) ("**Kinja**"). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. King Kft.'s offices are located at Andrassy ut. 66 1062 Budapest, Hungary.

"**Bankruptcy Rules**"), the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases, effective February 5, 2013 (together, the

"**Local Guidelines**"), the United States Trustee Appendix B Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by

Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee**

**Guidelines**," and together with the Local Guidelines, the "**Guidelines**"), and the Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals [Docket No. 94] (the "**Interim Compensation Order**").

       In this Application, Simpson Thacher requests: (i) interim approval and allowance

of compensation in the aggregate amount of $1,216,165.75 for professional services rendered to

the Committee and reimbursement of actual and necessary expenses incurred by Simpson

Thacher in the aggregate amount of $23,586.99 during the period from June 24, 2016 through

and including September 30, 2016 (the "**First Interim Compensation Period**"), and (b)

payment of the unpaid portion of such allowed fees and expenses, including amounts held back

pursuant to the Interim Compensation Order (as defined below) in the amount of $243,233.15

(the "**Holdback**"), which represents 20% of fees held back during the First Interim

Compensation Period. In support of the Application, Simpson Thacher respectfully represents as

follows:

## Preliminary Statement

      1.     As counsel to the Committee, Simpson Thacher played a critical role in

maximizing the value of the Debtors' assets through the sale process, identifying and pursuing

key inter-estate issues such as value allocation and inter-estate claims, and facilitating the

consensual resolution of such issues for the benefit of unsecured creditors, which led to the

proposed plan of liquidation.

2

2.      The Debtors initiated these cases with the filing of, among other things, a motion to approve a proposed auction process and bidder protections for a stalking horse purchaser. After the Committee was formed,[2] the Committee selected Simpson Thacher as its counsel.[3] Within hours of being retained, Simpson Thacher engaged with the Debtors' counsel and other advisors to prosecute objections to the proposed debtor-in-possession financing ("**DIP Financing**"), the expedited sale process, and bidder protections sought by the Debtors' proposed stalking horse and other second day relief. As a direct result of Simpson Thacher's efforts, the proposed DIP Financing incorporated improved protections for the estates and additional time in which to investigate potential claims. With respect to the sale process, because of Simpson Thacher's efforts, the sale process was improved by, among other things, (i) extending the marketing period to allow potentially interested parties more time to review the Debtors' assets and submit a competing bid, (ii) narrowing the circumstances under which the estates would be required to pay a breakup fee and expense reimbursement, (iii) limiting the application of the stalking horse's proposed liquidated damages provision, and (iv) reserving on an intra-estate allocation of the sale proceeds for a post-closing determination. The longer marketing period allowed for multiple potential bidders to diligence the Debtors' assets and led to a competitive auction in which the estates earned more than $45 million of additional value as compared to the original stalking horse bid.

---

[2]      On June 24, 2016, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Committee. The Committee is compromised of the following members: (i) Terry Gene Bollea; (ii) Shiva Ayyadurai; and (iii) Ashely A. Terrill.

[3]      On August 17, 2016, the Court entered that certain *Order Authorizing The Retention and Employment of Simpson Thacher & Bartlett LLP as Counsel to the Official Committee of Unsecured Creditors Pursuant to Sections 328(a), 330 and 1103(a) of the Bankruptcy Code Effective Nunc Pro Tunc to June 24, 2016* [Docket No. 184] (the "**Retention Order**"), authorizing Simpson Thacher's retention as counsel for the Committee in these cases. The Retention Order authorized Simpson Thacher to receive compensation pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Guidelines, the Interim Compensation Order and the local rules and orders of this Court.

3.      One of the central issues of these cases has been the allocation of sale proceeds and the investigation and prosecution of inter-estate claims. The Debtors initially proposed a sale allocation based on the Debtors' historic cost and revenue allocation, but Simpson Thacher and the other Committee professionals did not believe that this provided sufficient support to justify the Debtors' proposed approach. Simpson Thacher and the other Committee professionals sought information and ultimately were required to propound discovery through a Bankruptcy Rule 2004 motion in order to be in a position to properly evaluate the Debtors' approach and begin to litigate the issues if necessary. In addition, the Committee, through Simpson Thacher, investigated and analyzed potential inter-estate claims, such as breaches of fiduciary duty, avoidance actions, substantive consolidation and other important claims and initiated the process to obtain standing to prosecute those claims.

4.      The Committee, with the assistance of Simpson Thacher, determined that negotiations with the Debtors regarding sales proceeds allocation and the inter-estate claims might ultimately result in a more favorable outcome for unsecured creditors. On behalf of the Committee, Simpson Thacher entered into extensive negotiations with the Debtors' professionals regarding these issues. Ultimately, all of these issues were settled in the Debtors' proposed plan of liquidation. As a result, the estates saved millions of dollars in legal costs and expenses and due to tax efficiencies, unsecured creditors with allowed claims will receive higher recoveries, assuming confirmation of the plan of liquidation.

5.      In addition, Simpson Thacher's attorneys and paraprofessionals, on behalf of the Committee, worked efficiently with the Debtors' professionals to address several important issues prior to the closing of the sale, including incentive plans, limiting severance

claims, and criticized vendor payments. Simpson Thacher also investigated potential claims related to the Debtors' prepetition financings.

6.      Ultimately, Simpson Thacher's efforts were a major contributing factor to a proposed plan of liquidation that will provide allowed unsecured creditors with substantial recoveries. Simpson Thacher respectfully submits that its services during the First Compensation Period merit approval of its requested fees and expenses.

## Jurisdiction

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code.

8.      The statutory and regulatory predicates for the relief requested herein are sections 327, 330(a), 331, and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

## Disclosures and Requested Award

9.      In accordance with the Interim Compensation Order, Simpson Thacher submitted the following monthly fee statements (each, a "**Fee Statement**") seeking interim compensation and reimbursement of expenses:

(a)      On August 26, 2016, Simpson Thacher filed and served on the Notice Parties (as defined in the Interim Compensation Order) its first fee statement for the period from June 24, 2016 through and including July 31, 2016 (the "**First Fee Statement**"). The First Fee Statement sought (i) allowance of  $515,713.80 as compensation for services rendered and (ii) reimbursement of $623.07 in expenses. As of the date hereof, Simpson Thacher has received a total of $516,336.87, which represents payment of (i) 80% of Simpson Thacher's fees; and (ii) 100% of the expenses incurred pursuant to the First Fee Statement.

(b)      On September 16, 2016, Simpson Thacher filed and served on the Notice Parties its second fee statement for the period from August 1, 2016 through and including August 31, 2016 (the "**Second Fee Statement**"). The Second Fee Statement sought (i) allowance of $231,647.60 as compensation for services rendered and (ii) reimbursement of $21,823.30 in expenses. As of the date hereof, Simpson Thacher has received a total of $253,470.90, which represents payment of (i) 80% of Simpson Thacher's fees and (ii) 100% of the expenses incurred pursuant to the Second Fee Statement.

(c)      On October 17, 2016, Simpson Thacher filed and served on the Notice Parties its third fee statement for the period from September 1, 2016 through and including September 30, 2016 (the "**Third Fee Statement**"). The Third Fee Statement sought (i) allowance of $225,571.20 as compensation for services rendered and (ii) reimbursement of $2,299.16 in expenses. As of the date hereof, Simpson Thacher has received a total of $227,870.36, which represents payment of (i) 80% of Simpson Thacher's fees and (ii) 100% of the expenses incurred pursuant to the Second Fee Statement.

10.      During the First Compensation Period, after internal review and, as an accommodation to the estates, Simpson Thacher took voluntary reductions in fees and expenses in excess of $19,000. In addition, after the First Compensation Period and after discussions with the Office of the United States Trustee, Simpson Thacher agreed to withdraw its request for certain expenses in an amount that aggregates to more than $1,400.[4]

11.      In this Application, Simpson Thacher seeks interim allowance of (a) compensation for professional services rendered by Simpson Thacher, as counsel for the Committee, during the First Interim Compensation Period and (b) reimbursement of expenses incurred by Simpson Thacher in connection with such services.

12.      Specifically, Simpson Thacher seeks approval of $1,216,165.75 as compensation for legal services rendered on behalf of the Committee during the First Interim

---

[4]      The summary of the Fee Statements included the requests that Simpson Thacher agreed to withdraw. The expense requests set forth in this Application and the related exhibits have been adjusted to remove the withdrawn amounts.

Compensation Period and $23,586.99 for reimbursement of expenses incurred in connection with such services, for a total award of $1,239,752.74.

13.     Pursuant to the Interim Compensation Order, Simpson Thacher has received payments of $997,678.13 during the First Interim Compensation Period. Pursuant to this Application, Simpson Thacher seeks further payment of $242,065.61, which represents the portion of Simpson Thacher's fees for legal services rendered and expenses incurred during the First Interim Compensation Period that have not yet been paid to Simpson Thacher.

14.     The fees sought by Simpson Thacher in this Application reflect an aggregate of 1,286.35 hours of attorney and paraprofessional time spent and recorded in performing services for the Committee during the First Interim Compensation Period, at a blended average hourly rate of $945.44 for both attorneys and paraprofessionals. The blended hourly rate for attorneys only is $982.87.

15.     Simpson Thacher rendered to the Committee all services for which compensation is sought solely in connection with these cases and in furtherance of the duties and functions of the Committee.

16.     Simpson Thacher maintains computerized records of the time expended in the rendering of the professional services required by the Committee. These records are maintained in the ordinary course of Simpson Thacher's practice. For the convenience of the Court and parties in interest, a billing summary for services rendered during the First Interim Compensation Period is attached as part of the cover sheet to this Application. It sets forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate amount of time expended by each such attorney or paraprofessional, the hourly billing rate for each such attorney or

paraprofessional at Simpson Thacher's current billing rates, and the amount of fees requested

with respect to the services performed by that attorney or paraprofessional. In addition, set forth

in the billing summary is information indicating whether each attorney is a partner, of counsel,

senior attorney or associate, the number of years each attorney has held their current position and

each attorney's area of concentration. The compensation requested by Simpson Thacher is based

on the customary compensation charged by comparably skilled practitioners in cases other than

cases under the Bankruptcy Code.

17.    Simpson Thacher also maintains computerized records of all expenses

incurred in connection with the performance of professional services. A billing summary for

expenses incurred during the First Interim Compensation Period is attached as part of the cover

sheet to this Application, setting forth the amounts for which reimbursement is sought by type of

expense.

### Explanation of Monthly Staffing Plans and Budgets for Compensation Period

18.    Because of the exigencies that existed when Simpson Thacher began its

representation, Simpson Thacher did not provide the Committee with a written monthly budget

by matter category ("**Monthly Budget**") or a specific monthly staffing plan (the "**Monthly**

**Staffing Plan**") for the period of June 24, 2016 through July 22, 2016. The Committee, however,

was informed by Simpson Thacher and agreed that Simpson Thacher's budget for the period of

June 24, 2016 through July 22, 2016 would be approximately $700,000 for fees and expenses.

The Monthly Budget for the period of July 22, 2016 through August 22, 2016, is attached hereto

as Exhibit E. For the period of August 1, 2016 through September 30, 2016, the Monthly Budget

was presented to and approved by the Committee on an aggregated basis. The Monthly Staffing

Plan also was presented to the Committee and approved on an aggregated basis.

19. For the First Interim Compensation Period, Simpson Thacher's actual fees were less than the budgeted amount approved by the Committee and, accordingly, Simpson Thacher is not seeking fees that exceed the budgeted amounts by 10% or more for the First Interim Compensation Period.

### Compliance with the Guidelines

20. This Application was prepared in accordance with the (a) Local Guidelines, (b) UST Guidelines, and (c) Interim Compensation Order. Pursuant to and consistent with the relevant requirements of the Guidelines, as applicable, the following exhibits are annexed hereto:

- **Exhibit A** contains a certification by the undersigned counsel regarding compliance with the Guidelines;

- **Exhibit B** contains a list of Simpson Thacher's project categories, which comply with the categories listed in the Guidelines to the extent possible. Exhibit B also lists the total time billed to, and total compensation requested for, each category;

- **Exhibit C** contains a billing summary for the Compensation Period that includes the name of each attorney and paraprofessional for whose work compensation is sought, each attorney's year of bar admission and area of practice concentration, each attorney's and paraprofessional's hourly billing rate during the Compensation Period, and the amount of fees requested with respect to the services performed by that attorney or paraprofessional.

- **Exhibit D** contains a summary of Simpson Thacher's billing practices for the previous fiscal year for non-bankruptcy professionals. Specifically, Exhibit D compares (i) the blended hourly rates for Simpson Thacher's domestic non-bankruptcy attorneys and paraprofessionals who provided legal services over the previous fiscal year, with (ii) the blended hourly rates for Simpson Thacher's attorneys and paraprofessionals who provided services to the Debtors during the Compensation Period;

- **Exhibit E** contains a budget sent to the client for work performed during the First Compensation Period;

- **Exhibit F** contains a staffing plan sent to the client that lists the number of attorneys and paraprofessionals assigned to each project category for work performed during the First Compensation Period;

9

- **Exhibit G** contains a summary of Simpson Thacher's total actual and necessary out-of-pocket expenses and disbursements during the First Compensation Period. In addition, attached hereto as **Exhibit G-1** is a schedule containing detail of all expenses incurred during the First Compensation Period; and

- **Exhibit H** contains Simpson Thacher's time records for the First Compensation Period prepared and submitted in accordance with the Guidelines.

### Summary Of Professional Services Rendered

21.     To provide an orderly summary of the services rendered on behalf of the Committee by Simpson Thacher, and in accordance with the U.S. Trustee Guidelines, Simpson Thacher has established the following separate project billing categories in connection with these cases:

| Matter Number | Matter Description |
|---|---|
| 0002 | Assumption And Rejection Of Leases And Contracts |
| 0003 | Avoidance Action Analysis |
| 0004 | Budgeting (Case) |
| 0005 | Business Operations |
| 0006 | Case Administration |
| 0007 | Claims Administration And Objections |
| 0008 | Corporate Governance and Board Matters |
| 0009 | Employee Benefits And Pensions |
| 0010 | Employment And Fee Applications |
| 0011 | Employment And Fee Application Objections |
| 0012 | Financing And Cash Collateral |
| 0013 | Litigation: Contested Matters And Adversary Proceedings |
| 0014 | Meetings And Communications With Creditors |
| 0015 | Non-Working Travel |
| 0016 | Plan and Disclosure Statement |
| 0018 | Relief from Stay and Adequate Protection |
| 0020 | Tax |
| 0021 | Valuation |
| 0022 | Intellectual Property Issues |
| 0023 | Intercompany Issues |
| 0024 | Asset Disposition |
| 0025 | Non-STB Fee Applications |
| 0028 | Lien Investigation |

22.     The following summary is intended only to highlight key services rendered by Simpson Thacher in certain project billing categories where Simpson Thacher has

10

expended a considerable number of hours on behalf of the Committee and is not meant to be a

detailed description of all of the work performed. Detailed descriptions of the day-to-day

services provided by Simpson Thacher and the time expended performing such services in each

project billing category were attached to and filed as exhibits to the First Interim Period Fee

Statements. Such detailed descriptions show that Simpson Thacher was heavily involved in the

performance of services for the Committee on a daily basis, including night and weekend work.

**A.**    **Assumption And Rejection Of Leases And Contracts – 0002**

> Total Fees:    $1,219.00
> Total Hours:   1.00

23.    During the First Interim Compensation Period, at the request of the

Committee, Simpson Thacher attorneys spent limited time reviewing the Debtors' contracts,

contracts that were proposed to be assumed and assigned to the purchaser of the Debtors' assets

and objections to the assumption.

**B.**    **Avoidance Action Analysis – 0003**

> Total Fees:    $12,041.50
> Total Hours:   15.10

24.    During the First Interim Compensation Period, Simpson Thacher attorneys

evaluated, and conducted legal research with respect to, the potential avoidability of certain

prepetition transactions involving, in particular, the Debtors and insiders of the Debtors. This

analysis ultimately provided important information to the Committee in its determination to

settle the issues related to the proposed plan of liquidation.

**C.**    **Budgeting (Case) – 0004**

> Total Fees:    $1,752.00
> Total Hours:   1.40

25.     As required under the Guidelines, Simpson Thacher prepared a budget for these cases. In addition, Simpson Thacher coordinated budget projections with the Debtors' professionals for purposes of the Debtors' DIP Financing.

**D.     Business Operations – 0005**

Total Fees:     $17,594.00
Total Hours:   14.90

26.     During the First Interim Compensation Period, Simpson Thacher attorneys spent time reviewing certain aspects of the Debtors' business operations in evaluating the Debtors' requests to pay certain critical vendors and insurance claims. This involved coordinating diligence tasks with other Committee professionals, reviewing and analyzing diligence materials provided by the Debtors, reviewing summaries prepared by other Committee professionals, and communicating with various parties regarding remaining diligence items.

**E.     Case Administration – 0006**

Total Fees:     $165,511.75
Total Hours:   168.80

27.     During the First Interim Compensation Period, promptly following the Committee's formation, Simpson Thacher prepared numerous documents necessary for the efficient administration of the Committee's affairs, including by-laws to govern internal Committee affairs, a comprehensive contact list, and several memoranda summarizing matters requiring the Committee's immediate attention.

28.     Simpson Thacher attorneys reviewed and summarized first-day motions, second-day motions, and other pleadings filed by the Debtors and other parties. Simpson Thacher also performed necessary research and reviewed orders entered by the Court, including the Court's case management order. Simpson Thacher kept the relevant parties informed regarding developments in the case in order to ensure effective case administration. In addition,

Simpson Thacher negotiated non-disclosure agreements on behalf of the Committee's

professionals with the Debtors' professionals to insure that the Debtors would provide

information necessary for the evaluation of the Debtors' businesses, potential claims and the

proposed sale.

29.     During the First Interim Compensation Period, Simpson Thacher attorneys

prepared for and appeared at a number of court hearings, including the regularly scheduled

omnibus hearings and various special hearings and case conferences. To prepare for each

hearing, among other things, Simpson Thacher attorneys reviewed and analyzed pleadings and

related documents and correspondence, conducted factual and legal research and, in certain

instances, prepared responsive pleadings, exhibits, argument and cross-examination outlines.

Following each hearing, Simpson Thacher promptly advised the Committee of the pertinent

rulings.

30.     Simpson Thacher has supplemented the Debtors' website with additional

information pertinent to creditors. Simpson Thacher attorneys have assisted in the preparation of

the supplemental material.

31.     During the First Interim Compensation Period, Simpson Thacher

paraprofessionals (with the limited oversight from certain attorneys) maintained internal filing,

record-keeping, docket-monitoring and calendaring systems in order to organize and keep track

of the documents filed in these cases, ongoing projects and upcoming deadlines. Simpson

Thacher paraprofessionals organized pleadings in order to ensure easy access by Simpson

Thacher attorneys. Simpson Thacher attorneys also monitored the docket on a real-time basis and

summarized and circulated substantive pleadings to the internal Simpson Thacher team and the

Committee. These summaries enabled Simpson Thacher and the Committee to stay abreast of

13

developments in these cases, facilitated the assignment of projects and helped ensure that

deadlines were not missed.

**F.**    **Claims Administration And Objections – 0007**

> Total Fees:    $5,056.50
> Total Hours:   5.40

32.    During the First Interim Compensation Period, Simpson Thacher reviewed

the Debtors' schedules of assets and liabilities for the Committee. Also, Simpson Thacher

reviewed the Debtors' proposed bar date motion and provided comments, which were

incorporated into the proposed form of order. In addition, Simpson Thacher worked with the

Debtors to preserve inter-estate claims.

**G.**    **Corporate Governance And Board Matters – 0008**

> Total Fees:    $1,720.00
> Total Hours:   1.60

33.    During the First Interim Compensation Period, Simpson Thacher advised

the Committee on potential conflicts that may have existed among the Debtors, which required a

review of the Debtors' governance documents.

**H.**    **Employee Benefits And Pensions – 0009**

> Total Fees:    $82,918.50
> Total Hours:   79.40

34.    During the First Interim Compensation Period, Simpson Thacher attorneys

reviewed and analyzed the Debtors' motion seeking to pay employee wages and benefits, which

included requests for severance and incentive payments. Simpson Thacher provided the

Committee with extensive advice and analysis regarding the applicable agreements and the

related legal issues. Simpson Thacher, with the assistance of the Committee's other

professionals, interfaced with the Debtors' professionals to resolve the complex issues expediently and in a manner protective of the estates.

## I.    Employment And Fee Applications – 0010

Total Fees:    $114,685.50
Total Hours:   117.20

35.    During the First Interim Compensation Period, Simpson Thacher worked with the Committee to coordinate the selection process of the Committee's other professionals, including: (i) Deloitte Financial Advisory Services LLP, as financial advisor, (ii) Reczicza Dentons Europe LLP as special counsel, and (iii) Mourant Ozannes, as special foreign counsel. In addition to preparing Simpson Thacher's own retention application, Simpson Thacher attorneys also assisted in the preparation and drafting of the retention applications for these professionals and coordinated with the United States Trustee's Office with respect thereto.

36.    During the First Interim Compensation Period, Simpson Thacher assisted the Committee with its review of the proposed retention of the Debtors' professionals in order to, among other things, minimize the likelihood of any duplication of efforts among those professionals and ensure that the fee structures in connection with these retentions would be reasonable.

37.    During the First Interim Compensation Period, Simpson Thacher professionals and paraprofessionals carefully reviewed draft fee statements to redact privileged, confidential and other non-public information and to ensure compliance with the Guidelines. Simpson Thacher also prepared and filed its fee statements as required by the Interim Compensation Order.

## J.    Employment And Fee Application Objections – 0011

Total Fees:    $72,223.50
Total Hours:   79.40

15

38.    During the First Interim Compensation, Simpson Thacher advised the Committee with respect to the Debtors' proposed retention of three conflict or special counsel firms. Simpson Thacher researched issues related to conflicts and similar complex issues and prepared and filed objections when a consensual resolution could not be reached.

### K.    Financing And Cash Collateral – 0012

Total Fees:    $51,967.50
Total Hours:    53.10

39.    During the First Interim Compensation Period, Simpson Thacher attorneys were involved in numerous negotiations with the Debtors' counsel and financial advisors as well as with the DIP Lenders' and prepetition lenders' respective counsel with respect to approval of DIP Financing and use of cash collateral. Simpson Thacher attorneys advised the Committee regarding various proposals, and Simpson Thacher worked with professionals for the Debtors and the pre and postpetition lenders to consensually resolve the Committee's concerns.

### L.    Litigation: Contested Matters And Adversary Proceedings – 0013

Total Fees:    $175,773.00
Total Hours:    260.45

40.    During the First Interim Compensation Period, several litigation matters arose for which the Committee requested the advice of Simpson Thacher. These included the Debtors' request for a preliminary injunction, the chapter 11 case of Nick Denton, the CEO of the Debtors, and the issues related thereto and issues related to indemnity claims and information sharing. When possible, the Committee, with the assistance of Simpson Thacher, consensually resolved issues with the Debtors. When required, Simpson Thacher filed motions or objections with the Court, including a motion pursuant to Bankruptcy Rule 2004.

**M.**     **Meetings And Communications With Creditors – 0014**

Total Fees:     $132,107.75
Total Hours:   137.45

41.     During the First Interim Compensation Period, the Committee regularly held twice-weekly (and, subsequently, weekly) telephonic meetings during which Simpson Thacher provided updates to the Committee on the chapter 11 process and developments in the cases and solicited input from Committee members with respect to various matters pending before the Court. As the circumstances warranted, from time to time, Simpson Thacher also organized additional meetings with the Committee. In connection with these meetings, Simpson Thacher typically prepared proposed agenda for the discussion. Simpson Thacher also prepared and distributed for the Committee's review various materials and also reviewed and commented on other materials prepared by the Committee's other professionals.

42.     Simpson Thacher also regularly engaged in communications with the Committee's other advisors regarding various issues in order to discuss responses to pleadings, craft and revise strategies, and coordinate workflow.

**N.**     **Non-Working Travel – 0015**

Total Fees:     $939.00
Total Hours:   1.20

43.     During the First Interim Compensation Period, Simpson Thacher, as required by the Guidelines, separately accounted for non-working travel time. Such time was limited to attending two section 341 meetings which the Committee requested that Simpson Thacher attend.

**O.**     **Plan And Disclosure Statement – 0016**

Total Fees:     $37,635.00
Total Hours:   29.80

44.      During the First Interim Compensation Period, Simpson Thacher attorneys devoted attention to various plan-related issues, including allocation of sale proceeds, inter-estate claims and tax issues. Simpson Thacher met with the other Committee professionals and the Debtors' professionals to gather information and formulate advice and a strategy for the Committee. Ultimately, based on Simpson Thacher's efforts, the Committee settled difficult issues with the Debtors and has determined to support the proposed plan of liquidation.

**P.      Relief From Stay And Adequate Protection – 0018**

Total Fees:    $394.50
Total Hours:   0.30

45.      One creditor filed a motion to lift the automatic stay during the First Interim Compensation Period. Simpson Thacher's attorneys reviewed the proposed settlement stipulation and provided comments thereto.

**Q.      Tax – 0020**

Total Fees:    $10,392.50
Total Hours:   9.30

46.      During the First Interim Compensation Period, the allocations of proceeds from the sale implicated significant United States and foreign tax issues. Simpson Thacher attorneys reviewed the relevant data and advised the Committee of the results of its review and the related legal issues. This included a review and analysis of the Debtors' tax model. This research and analysis was an important component to settling with the Debtors and determining to support the proposed plan of liquidation.

**R.      Valuation –0021**

Total Fees:    $8,159.00
Total Hours:   8.20

47.     During the First Interim Compensation Period, Simpson Thacher advised the Committee on issues of valuation in formulating a strategy (and ultimately a settlement) on the issue of sale proceeds allocation. This work included communications with the Committee and its professionals, the review of relevant documents, and research and analysis of valuation issues.

## S.    Intellectual Property Issues – 0022

Total Fees:     $29,762.50
Total Hours:   28.30

48.     The Debtors' business relied, in part, on its intellectual property. During the First Interim Compensation Period, Simpson Thacher advised the Committee on intellectual property issues as they related to the sale of the Debtors' content and underlying intellectual property. This work required a review by IP specialists of the relevant portions of the proposed sale agreements and research and analysis of the applicable issues.

## T.    Intercompany Issues – 0023

Total Fees:     $63,371.00
Total Hours:   54.00

49.     During the First Interim Compensation Period, one of the key issues for the estates was the potential inter-estate claims. Simpson Thacher reviewed, analyzed and researched the relevant legal issues related to the Debtors' intercompany notes, allocation issues and inter-estate causes of action. Such information and advice was a critical component to assisting the Committee in settling issues related to the plan of liquidation.

## U.    Asset Disposition – 0024

Total Fees:     $220,742.25
Total Hours:   210.35

19

50.    Immediately after the Committee retained Simpson Thacher, Simpson Thacher faced a very tight deadline to advise the Committee on the proposed bid procedures, breakup fee, expense reimbursement and liquidated damages provisions of the proposed stalking horse sale agreement. Simpson Thacher prepared an objection on an expedited basis and engaged with the Debtors, the stalking horse bidder and their respective professionals to resolve the issues Simpson Thacher identified. As a result of Simpson Thacher's efforts, the marketing period for the sale process was extended to provide potential purchasers with additional time to review the purchase agreement and conduct diligence. In addition, the triggers for the stalking horse protections, including the unusual liquidated damages clause, were limited.

51.    Simpson Thacher remained in constant contact with the Committee and the Debtors' advisors to provide the Committee with updated and important information. The Committee participated in the auction, which increased the value received by the estates by approximately $45 million. The successful sale process was enhanced by Simpson Thacher's participation and generated a sale price in excess of $135 million plus the assumption of substantially all of the operating business liabilities.

## V.    Non-STB Fee Applications –0025

    Total Fees:    $1,213.00
    Total Hours:    1.20

52.    During the First Interim Compensation Period, Simpson Thacher provided assistance to other Committee professionals with respect to their fee statements.

## W.    Lien Investigation – 0028

    Total Fees:    $8,986.50
    Total Hours:    8.50

53.    Simpson Thacher attorneys spent time performing a general lien and perfection analysis of the collateral pledged in favor of the Debtors' secured creditors. This work

involved numerous communications with the Debtors' advisors regarding access to certain

information related to the collateral, the review of various collateral documents and general legal

diligence related to the foregoing, including a review of credit documents, mortgages, and other

documents in the Debtors' virtual data room. Simpson Thacher also coordinated with the

Committee's other professionals regarding tasks related to analysis of the Debtors' collateral.

### Allowance Of Compensation

54.      The professional services rendered by Simpson Thacher have required a

high degree of professional competence and expertise to address, with skill and dispatch, the

numerous issues requiring evaluation and action by the Committee. The services rendered to the

Committee were performed efficiently, effectively and economically, and the results obtained to

date have benefited the unsecured creditors of each of the Debtors' estates.

55.      The allowance of interim compensation for services rendered and

reimbursement of expenses in chapter 11 cases is expressly provided for in section 331 of the

Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once
> every 120 days after an order for relief in a case under this title, or more
> often if the court permits, for such compensation for services rendered . . .
> as is provided under section 330 of this title.

56.      With respect to the level of compensation, section 330(a)(1)(A) of the

Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person

"reasonable compensation for actual, necessary services rendered[.]" Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded to
> . . . [a] professional person, the court shall consider the nature, the extent,
> and the value of such services, taking into account all relevant factors,
> including –
>
> (A)      the time spent on such services;

21

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

57.    The Congressional policy expressed above provides for adequate compensation in order to continue to attract competent professionals to bankruptcy cases. *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted).

58.    In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977) and thereafter adopted by most courts.[5] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First*

---

[5]    The factors embraced by the Fifth Circuit in *First Colonial* were first adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), except that First Colonial also included the "spirit of economy" as a factor. That factor was subsequently expressly rejected by Congress in enacting section 330 of the Bankruptcy Code. *Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997). A majority of the *First Colonial* factors are now codified in section 330(a)(3). 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King et al., eds., 16th ed. 2011).

*Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr.

S.D.N.Y 1986) (same); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (enumerating

*First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable

allowance of compensation"). Simpson Thacher respectfully submits that the consideration of

these so-called *Johnson* factors should result in this Court's allowance of the full compensation

requested.

(A)    <u>The Time and Labor Required</u>. The professional services rendered by Simpson Thacher on behalf of the Committee have required the continuous expenditure of substantial time and effort, under time pressures that sometimes required the performance of services late into the evening and, on a number of occasions, over weekends and holidays. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.

(B)    <u>The Novelty and Difficulty of Questions</u>. Novel and complex issues have arisen, and will continue to arise, in the course of the chapter 11 cases. In these cases, as in many others in which the firm is involved, Simpson Thacher's effective advocacy and creative approach to problem-solving have helped to clarify and resolve difficult issues and will continue to prove beneficial.

(C)    <u>The Skill Requisite to Perform the Legal Services Properly</u>. Simpson Thacher believes that its recognized expertise in the area of financial restructuring, its ability to draw from highly-experienced professionals in other areas of its practice such as employment, asset divestiture, litigation, tax, intellectual property and finance and its practical approach to the resolution of issues help maximize the distributions to the unsecured creditors of each of the Debtors.

(D)    <u>The Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>. Due to the size of Simpson Thacher's restructuring department and the firm as a whole, Simpson Thacher's representation of the Committee has not precluded the acceptance of new clients. However, the number of matters needing attention on a continuous basis has required numerous Simpson Thacher attorneys, across multiple practice groups, to commit significant portions of their time to the chapter 11 cases.

(E) <u>The Customary Fee</u>. The compensation sought herein is based upon Simpson Thacher's normal hourly rates for services of this kind. Simpson Thacher respectfully submits that the compensation sought herein is not unusual given the magnitude of the chapter 11 cases and the time dedicated to the representation of the Committee. Such compensation is commensurate with fees Simpson Thacher has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(F) <u>Whether the Fee Is Fixed or Contingent</u>. Simpson Thacher charges customary hourly rates, as adjusted annually, for the time expended by its attorneys and paraprofessionals in representing the Committee, and Simpson Thacher's fee is not outcome dependent.

(G) <u>Time Limitations Imposed by Client or Other Circumstances</u>. As stated above, Simpson Thacher has been required to attend to various issues as they have arisen in the chapter 11 cases. Often, Simpson Thacher has had to perform these services under significant time constraints requiring attorneys and paraprofessionals assigned to the chapter 11 cases to work evenings and on weekends.

(H) <u>The Amount Involved and Results Obtained</u>. The Committee represents the interests of unsecured creditors of each of the Debtors that, in the aggregate, hold unsecured claims estimated to be valued in at least the hundreds of millions of dollars. The Committee's participation, with Simpson Thacher's counsel and guidance, has greatly contributed to the efficient administration and prospects for reorganization of the chapter 11 cases.

(I) <u>The Experience, Reputation and Ability of the Attorneys</u>. Simpson Thacher has a sophisticated and nationally recognized corporate reorganization and financial restructuring practice, and Simpson Thacher attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of LightSquared Inc., et al., Paragon Offshore plc, et al., Swift Energy Company, et al., Molycorp, Inc., Patriot Coal Corporation, Shoreline Energy LLC, IMX Acquisition Corp., et al., and MF Global Holdings Ltd., et al. Simpson Thacher's experience enables it to perform the services described herein competently and expeditiously.

(J) <u>The "Undesirability" of the Case</u>. The chapter 11 cases are not undesirable but, as already indicated, require a significant commitment of time from many Simpson Thacher attorneys.

(K)     <u>Nature and Length of Professional Relationship</u>. Simpson Thacher was selected as the Committee's counsel shortly after the Committee's formation, on June 24, 2016, and was retained *nunc pro tunc* to that date pursuant to an order of the Court dated August 17, 2016. Simpson Thacher has been rendering services continuously to the Committee since the Committee was formed, and Simpson Thacher has rendered such services in a necessary and appropriate manner.

59.     The total time spent by Simpson Thacher attorneys and paraprofessionals during the First Interim Compensation Period was 1,286.35 hours and has a fair market value of approximately $1,216,165.75. Simpson Thacher believes that this Application and supporting exhibits demonstrate that Simpson Thacher's services were rendered economically and without unnecessary duplication of efforts. In addition, the work involved, and thus the time expended, was carefully assigned in consideration of the experience and expertise required for each particular task.

**<u>Expenses</u>**

60.     Simpson Thacher has incurred a total of $23,586.99 in expenses in connection with representing the Committee during the First Interim Compensation Period. Simpson Thacher records all expenses incurred in connection with its performance of professional services. Detailed descriptions of these expenses were attached and filed as exhibits to the First Interim Period Fee Statements.

61.     Throughout the First Interim Compensation Period, Simpson Thacher has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

62.     Simpson Thacher's policy is to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Simpson Thacher's clients include, among other

things, telephone toll and other charges, regular mail and express mail charges, special or hand

delivery charges, photocopying charges, out-of-town travel expenses, local transportation

expenses, expenses for working meals, computerized research charges and transcription costs.

63.     Simpson Thacher charges the Committee for these expenses at rates

consistent with those charged to Simpson Thacher's other bankruptcy clients, which rates are

equal to or less than the rates charged by Simpson Thacher to its non-bankruptcy clients.

Simpson Thacher seeks reimbursement from the Debtors at the following rates for the following

expenses: (i) ten cents ($0.10) per page for photocopying; (ii) ten cents ($0.10) per page for

black and white printing; and (iii) twenty-five cents ($0.25) per page for color printing.

64.     In accordance with section 330 of the Bankruptcy Code and the

Guidelines, Simpson Thacher seeks reimbursement only for the actual cost of such expenses to

Simpson Thacher.[6]

65.     In providing or obtaining from third parties services which are

reimbursable by clients, Simpson Thacher does not include in such reimbursable amount any

costs of investment, equipment or capital outlay.

66.     Simpson Thacher regularly charges its non-bankruptcy clients for ordinary

business hourly fees and expenses for secretarial, library, word processing and other staff

services because such items are not included in the firm's overhead for the purpose of setting

billing rates. However, Simpson Thacher is not seeking reimbursement of hourly fees of its

secretarial services.

---

[6]     The cost of expenses Simpson Thacher is seeking reflects any discounted rates based on volume or other discounts which Simpson Thacher anticipates receiving from certain outside vendors; however, Simpson Thacher does not perform a retrospective reconciliation of any "year-end" adjustments (positive or negative) to the actual discounted cost of such expenses.

## Notice

67.    No trustee or examiner has been appointed in the chapter 11 cases.

Pursuant to the Interim Compensation Order, notice of this Application has been served upon: (i)

the Debtors, Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, NY 10011, Attn.

Heather Dietrick (heather@gawker.com) and William D. Holden (profinvoices@gawker.com);

(ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY

10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United

States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York,

NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) counsel to US VC Partners LP, as Prepetition

Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago,

IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue,

New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and (v) counsel to

Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue,

New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com). Simpson Thacher

submits that, in light of the relief requested, no other or further notice need be provided.

## Attorney Statement Pursuant To Appendix B Guidelines

68.    The following statement is provided pursuant to ¶ C.5. of the Appendix B

Guidelines.

(a)    **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Answer**: No.

(b)    **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**: Not applicable. Simpson Thacher is not seeking fees that collectively exceed by 10% or more the total budgeted amounts for the First Compensation Period.

**(c)**    **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**: No.

(d)    **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer**: Yes. Simpson Thacher incurred fees for less than 20 hours spent preparing and filing monthly fee statements with the content and in the format required by the Interim Compensation Order, at a cost of less than $20,000. The amount of fees for time spent preparing and filing monthly fee statements represents approximately 2% of the total fees requested for the Compensation Period.

**(e)**    **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: Yes. Less than 12 hours of the time spent (primarily by Mr. Massel, equaling fees of no more than $12,000) preparing and filing monthly fee statements as required by the Monthly Compensation Order was devoted to reviewing and revising certain time records to remove privileged or confidential information.

**(f)**    **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: Simpson Thacher did not change its rates for this matter during the applicable period.

## Conclusion

WHEREFORE, Simpson Thacher respectfully requests that the Court enter an

order, substantially in the form attached hereto as **Exhibit I**: (i) allowing Simpson Thacher (a)

interim compensation for professional services rendered as counsel for the Committee during the

First Interim Compensation Period in the amount of $1,216,165.75; and (b) reimbursement of

expenses incurred in connection with rendering such services in the aggregate amount of

$23,586.99 for a total award of $1,239,752.74; (ii) authorizing and directing the Debtors to pay

(to the extent not previously paid in accordance with the Interim Compensation Order) to

Simpson Thacher $242,074.61 which is an amount equal to the difference between (a) this

$1,239,752.74 award; and (b) $997,678.13, the total of all amounts that the Debtors have

previously paid to Simpson Thacher pursuant to the Interim Compensation Order for services

rendered and expenses incurred during the First Interim Compensation Period; and (iii) granting

such further relief as is just.

Dated: November 15, 2016
      New York, New York

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By:     _/s Sandeep Qusba_____
       Sandeep Qusba
       William T. Russell, Jr.

       425 Lexington Avenue
       New York, New York 10017-3954
       Telephone: (212) 455-2000
       Facsimile: (212) 455-2502
       E-mail: squsba@stblaw.com
       E-mail: wrussell@stblaw.com

       *Counsel for Official Committee of Unsecured*
       *Creditors of Gawker Media LLC, et al.*

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Gawker Media LLC, *et al.*[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered) |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF FIRST APPLICATION OF
SIMPSON THACHER & BARTLETT LLP, COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD
<u>FROM JUNE 24, 2016 THROUGH AND INCLUDING SEPTEMBER 30, 2016</u>**

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases, effective February 5, 2013 (together, the

"**Local Guidelines**"), and the United States Trustee Appendix B Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by

Attorneys in Larger Chapter 11 Cases, adopted on November 1, 2013 (the "**U.S. Trustee**

**Guidelines**" and, together with the Local Guidelines, the "**Guidelines**"), the undersigned, a

member of the firm Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), counsel to the

Official Committee of Unsecured Creditors (the "**Committee**") of Gawker Media LLC and its

affiliated debtors in possession in the above-captioned cases (collectively, the "**Debtors**"),

hereby certifies with respect to Simpson Thacher's first application for allowance of

---

[1]     The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. King Kft.'s offices are located at Andrassy ut. 66 1062 Budapest, Hungary.

compensation for services rendered and for reimbursement of expenses, dated September 15,

2016 (the "**Application**"), for the period of June 24, 2016 through and including September 30,

2016 (the "**First Compensation Period**") as follows:

1.      I am the professional designated by Simpson Thacher in respect of

compliance with the Guidelines.

2.      I make this certification in support of the Application, for interim

compensation and reimbursement of expenses for the First Compensation Period in accordance

with the Local Guidelines.

3.      In respect of section B.1 of the Local Guidelines, I certify that:

a.      I have read the Application.

b.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

c.      Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Simpson Thacher and generally accepted by Simpson Thacher's clients.

d.      In providing a reimbursable service, Simpson Thacher does not make a profit on that service, whether the service is performed by Simpson Thacher in-house or through a third party.[22]

4.      With respect to section B.2 of the Local Guidelines, I certify that

Simpson Thacher has previously provided monthly statements of Simpson Thacher's fees and

disbursements by filing and serving monthly statements in accordance with the Interim

Compensation Order (as defined in the Application), except that completing reasonable and

---

[2]      The cost of expenses Simpson Thacher is seeking reflects any discounted rates based on volume or other discounts which Simpson Thacher anticipates receiving from certain outside vendors; however, Simpson Thacher does not perform a retrospective reconciliation of any "year-end" adjustments (positive or negative) to the actual discounted cost of such expenses.

necessary internal accounting and review procedures have at times precluded filing fee

statements within the time periods specified in the Local Guidelines.

        5.      With respect to section B.3 of the Local Guidelines, I certify that: (a) the

Debtors; (b) the members of the Committee; and (c) the Office of the United States Trustee for

the Southern District of New York will be provided with a copy of the Application concurrently

with the filing thereof and will have at least 14 days to review such Application prior to any

objection deadline with respect thereto.

Dated: New York, New York
       November 15, 2016

                              By: /s/ Sandeep Qusba
                                  Sandeep Qusba

**Hearing Date and Time: December 13, 2016, at 10:00 a.m. (ET)**
**Objection Deadline: November 28, 2016, at 4:00 p.m. (ET)**

## Exhibit B

### Project Categories/Task Code Summary

| MATTER | DESCRIPTION | HOURS | AMOUNT |
|--------|-------------|-------|--------|
| | | | |
| 002724-0002 | ASSUMPTION AND REJECTION OF LEASES AND CONTRACTS | 1.00 | 1,219.00 |
| 002724-0003 | AVOIDANCE ACTION ANALYSIS | 15.10 | 12,041.50 |
| 002724-0004 | BUDGETING (CASE) | 1.40 | 1,752.00 |
| 002724-0005 | BUSINESS OPERATIONS | 14.90 | 17,594.00 |
| 002724-0006 | CASE ADMINISTRATION | 168.80 | 165,511.75 |
| 002724-0007 | CLAIMS ADMINISTRATION AND OBJECTIONS | 5.40 | 5,056.50 |
| 002724-0008 | CORPORATE GOVERNANCE AND BOARD MATTERS | 1.60 | 1,720.00 |
| 002724-0009 | EMPLOYEE BENEFITS AND PENSIONS | 79.40 | 82,918.50 |
| 002724-0010 | EMPLOYMENT AND FEE APPLICATIONS | 117.20 | 114,685.50 |
| 002724-0011 | EMPLOYMENT AND FEE APPLICATION OBJECTIONS | 79.40 | 72,223.50 |
| 002724-0012 | FINANCING AND CASH COLLATERAL | 53.10 | 51,967.50 |
| 002724-0013 | LITIGATION: CONTESTED MATTERS AND ADVERSARY PROCEEDINGS | 260.45 | 175,773.00 |
| 002724-0014 | MEETINGS AND COMMUNICATIONS WITH CREDITORS | 137.45 | 132,107.75 |
| 002724-0015 | NON-WORKING TRAVEL | 1.20 | 939.00 |
| 002724-0016 | PLAN AND DISCLOSURE STATEMENT | 29.80 | 37,635.00 |
| 002724-0018 | RELIEF FROM STAY AND ADEQUATE PROTECTION | 0.30 | 394.50 |
| 002724-0020 | TAX | 9.30 | 10,392.50 |
| 002724-0021 | VALUATION | 8.20 | 8,159.00 |
| 002724-0022 | INTELLECTUAL PROPERTY ISSUES | 28.30 | 29,762.50 |
| 002724-0023 | INTERCOMPANY ISSUES | 54.00 | 63,371.00 |
| 002724-0024 | ASSET DISPOSITION | 210.35 | 220,742.25 |
| 002724-0025 | NON-STB FEE APPLICATIONS | 1.20 | 1,213.00 |
| 002724-0028 | LIEN INVESTIGATION | 8.50 | 8,986.50 |

## Exhibit C

### Timekeeper Summary

| Name | Title | Practice Group (Year Admitted) | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| William T. Russell Jr | Partner | Litigation (1991) | 1,315.00 | 288.70 | 379,640.50 |
| Sandeep Qusba | Partner | Corporate/Bankruptcy (1994) | 1,315.00 | 117.35 | 154,315.25 |
| Lori E. Lesser | Partner | Litigation/IP (1994) | 1,300.00 | 9.30 | 12,090.00 |
| Jonathan Goldstein | Partner | Tax (2004) | 1,195.00 | 5.80 | 6,931.00 |
| Kathrine McLendon | Senior Counsel | Corporate/Bankruptcy (1985) | 1,065.00 | 11.30 | 12,034.50 |
| Steven R. Delott | Senior Counsel | Corporate/Insurance (1989) | 1,065.00 | 4.10 | 4,366.50 |
| Hyang-Sook Lee | Senior Counsel | Corporate/Bankruptcy (1995) | 1,065.00 | 4.90 | 5,218.50 |
| Morris Massel | Counsel | Corporate/Bankruptcy (2000) | 1,030.00 | 177.90 | 183,237.00 |
| Nicholas Baker | Associate | Corporate/Bankruptcy (2008) | 995.00 | 131.80 | 131,141.00 |
| Jeffrey E. Baldwin | Associate | Litigation (2009) | 995.00 | 107.90 | 107,360.50 |
| Jonathan S. Pall | Associate | Corporate (2006) | 750.00 | 12.50 | 9,375.00 |
| Randy Moonan | Associate | Litigation (2014) | 705.00 | 61.90 | 43,639.50 |
| Jonathan R. Myers | Associate | Litigation (2016) | 518.14 | 156.90 | 81,296.50 |
| Julia E. Heald | Associate | Litigation (2016) | 508.85 | 115.70 | 58,874.50 |
| Gedaliah Wielgus | Associate | Corporate (2014) | 485.00 | 4.00 | 1,940.00 |
| Derek Stueben | Associate | Corporate (2015) | 485.00 | 3.20 | 1,552.00 |
| Brian J. Mendick | Associate | Tax (NA) | 485.00 | 1.10 | 533.50 |
| Thomas G. Kovoor | Lit Support | Litigation Support | 360.00 | 2.00 | 720.00 |
| Kimberly Solomon | Paralegal | Paraprofessional | 350.00 | 3.50 | 1,225.00 |
| Tiffany Vacca | Paralegal | Paraprofessional | 350.00 | 1.50 | 525.00 |
| Jennifer Avila | Paralegal | Paraprofessional | 310.00 | 15.50 | 4,805.00 |
| Stephanie Crosskey | Paralegal | Paraprofessional | 310.00 | 49.50 | 15,345.00 |

## <u>Exhibit D</u>
## Simpson Thacher Billing Practices

The blended hourly rate for all Simpson Thacher U.S. based timekeepers (including both attorneys and paraprofessionals) (the "**Non-Bankruptcy Blended Rate**") during the 12- month period beginning September 2015 through September 2016 (the "**Comparable Period**") was, in the aggregate, approximately $831 per hour.

The blended hourly rate for all Simpson Thacher timekeepers (including both attorneys and paraprofessionals) who billed to the Committee during the First Interim Compensation Period was approximately $945 per hour.

A detailed comparison of these rates is as follows:

| Position at Simpson | Non-Bankruptcy Blended Rate | Blended Hourly Rate in Application |
|---|---|---|
| Partner | 1,279 | 1,315 |
| Counsel | 1,032 | 1,035 |
| Associate | 732 | 722 |
| Paraprofessional | 273 | 313 |
| **All Timekeepers** | **831** | **945** |

**Exhibit E**
**Simpson Thacher Budget**

**June 24, 2016 through July 22, 2016**
**Aggregate budget of $700,000, with a substantial portion of the fees to related to the asset sale, the Debtors' first/second day relief and related issues.**

**July 22, 2016 through August 22, 2016**

| Matter # | Matter Name | 7/22 – 8/22 Estimated Fees |
|---|---|---|
| 0003 | Avoidance Actions Analysis | $50,000 |
| 0004 | Budgeting (Case) | $7,500 |
| 0005 | Business Operations | $10,000 |
| 0006 | Case Administration | $100,000 |
| 0007 | Claims Administration and Objections | $15,000 |
| 0008 | Corporate Governance and Board Matters | $0 |
| 0009 | Employee Benefits/Pensions | $10,000 |
| 0010 | Fee/Employment Applications (STB) | $20,000 |
| 0011 | Fee/Employment Application Objections | $5,000 |
| 0012 | Financings/Cash Collateral | $5,000 |
| 0013 | Litigation: Contested Matters and Adversary Proceedings | $35,000 |
| 0014 | Creditors Meetings /Communications | $20,000 |
| 0015 | Non-Working Travel Time | $0 |
| 0016 | Plan/Disclosure Statement | $5,000 |
| 0017 | Real Estate Issues | $0 |
| 0018 | Relief From Stay Proceedings | $5,000 |
| 0019 | Reporting | $0 |
| 0020 | Tax Issues | $5,000 |
| 0021 | Valuation | $0 |
| 0022 | Intellectual Property Issues | $30,000 |
| 0023 | Intercompany Issues | $30,000 |
| 0024 | Asset Disposition | $100,000 |
| 0025 | Fee/Employment Applications (non-STB) | $7,500 |
| 0026 | Equity Securities | $0 |
| 0027 | Executory Leases and Contracts | $5,000 |
| 0028 | Lien Investigation | $30,000 |

**September 1, 2016 through September 30, 2016**
**Aggregate budget of $300,000, with the majority of the fees spent on litigation issues, including discovery, allocation issues, potential inter-estate causes of action and plan related issues.**

**Exhibit F**
**Simpson Thacher Staffing Plan**
**June 24, 2016 through September 30, 2016**

**Staffing Plan June 24 through July 31, 2016**

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter During the Period | Actual Number of Timekeepers to Work on the Matter During the Budgeted Period | Estimated Hourly Rate |
|---|---|---|---|
| Partners/Counsel | 6 | 6 | $1180 |
| Associates | 5 | 8 | $673 |
| Paralegals & Staff | 2 | 4 | $330 |

**Staffing Plan August 1 through August 31, 2016**

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter During the Period | Actual Number of Timekeepers to Work on the Matter During the Budgeted Period | Estimated Hourly Rate |
|---|---|---|---|
| Partners/Counsel | 4 | 5 | $1442 |
| Associates | 4 | 5 | $735 |
| Paralegals & Staff | 1 | 2 | $310 |

**Staffing Plan September 1 through September 30, 2016**

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter During the Period | Actual Number of Timekeepers to Work on the Matter During the Budgeted Period | Estimated Hourly Rate |
|---|---|---|---|
| Partners/Counsel | 4 | 5 | $1231 |
| Associates | 4 | 6 | $732 |
| Paralegals & Staff | 1 | 1 | $310 |

**Hearing Date and Time: December 13, 2016, at 10:00 a.m. (ET)**
**Objection Deadline: November 28, 2016, at 4:00 p.m. (ET)**

## Exhibit G
## Disbursements Summary

| EXPENSES | AMOUNTS |
|---|---|
| LOCAL TRAVEL | 205.93 |
| ONLINE RESEARCH | 19,715.65 |
| OT- CARFARE | 76.24 |
| FILING FEES | 2,404.40 |
| PACER | 79.10 |
| TRANSCRIPT CHARGES | 574.86 |
| VENDOR CHARGE - VERITEXT CORP | 362.46 |
| HEAVY COPYING/ PRINTING | 133.80 |
| TABS AND BINDER | 7.75 |
| PRINTING | 26.80 |
| **TOTAL:** | **23,586.99** |

Hearing Date and Time: December 13, 2016, at 10:00 a.m. (ET)
Objection Deadline: November 28, 2016, at 4:00 p.m. (ET)

**<u>Exhibit G-1</u>**
**Disbursements Detail**

## Exhibit H
**Time Records for the First Compensation Period**

## Exhibit I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Gawker Media LLC, *et al.*[1] | Case No. 16-11700 (SMB) |
| Debtors. | (Jointly Administered) |

## ORDER GRANTING FIRST INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD FROM JUNE __, 2016 THROUGH AND INCLUDING __, 2016

Upon the application filed on November 15, 2016 (the "**Application**")[2] of

Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), counsel to the Official Committee of

Unsecured Creditors (the "**Committee**") of Gawker Media, LLC and its affiliated debtors and

debtors in possession (collectively, the "**Debtors**"), in the above-captioned chapter 11 cases,

pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

(as amended, the "**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "**Local Rules**"), the Amended Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases, effective February 5, 2013

(together with Local Rule 2016-1, the "**Local Guidelines**"), the United States Trustee Appendix

B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses

---

[1]     The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, adopted on November 1, 2013, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 94] (the "**Interim Compensation Order**"), seeking entry of an order allowing and authorizing: (i) compensation for professional services rendered by Simpson Thacher during the period from June 24, 2016 through and including September 30, 2016 (the "**First Interim Compensation Period**"); and (ii) reimbursement of expenses incurred by Simpson Thacher in connection with such services during the First Interim Compensation Period; and a hearing having been held before this Court to consider the Application (the "**Hearing**"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Application was good and sufficient under the circumstances and that no other or further notice need be given; and for the reasons set forth more fully on the record of the Hearing; and upon the record therein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Application is granted and the fees and expenses of Simpson Thacher for the First Interim Compensation Period are approved on an interim basis, in the amounts and to the extent provided on **Schedule A** attached hereto.

2.    The Debtors are authorized and directed to pay promptly to Simpson Thacher the amount of $242,074.61, which is the total amount outstanding to Simpson Thacher and unpaid for services rendered and expenses incurred during the First Interim Compensation Period.

2

3.      The Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to implementation of this Order.


Dated:  New York, New York ,
        _____, 2016


_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Hearing Date and Time: December 13, 2016, at 10:00 a.m. (ET)**
**Objection Deadline: November 28, 2016, at 4:00 p.m. (ET)**

## Schedule A

**Hearing Date and Time: December 13, 2016, at 10:00 a.m. (ET)**
**Objection Deadline: November 28, 2016, at 4:00 p.m. (ET)**

Case No.: 16-1700(SMB) (Jointly Administered)
Case Name: *In re Gawker Media, LLC, et al.*

| FIRST INTERIM COMPENSATION PERIOD JUNE 24, 2016 – September 30, 2016 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| (1) APPLICANT | (2) DATE/DOCKET NO. OF APPLICATION | (3) INTERIM FEES REQUESTED ON APPLICATION | (4) FEES ALLOWED | (5) FEES TO BE PAID FOR CURRENT FEE PERIOD | (6) FEES TO BE PAID FOR PRIOR FEE PERIOD(S) (IF ANY) (I.E., HOLDBACK RELEASE) | (7) TOTAL FEES TO BE PAID | (8) INTERIM EXPENSES REQUESTED | (9) EXPENSES TO BE PAID FOR CURRENT FEE PERIOD |
| Simpson Thacher & Bartlett LLP | __/__/16 Docket No. [ ] | $____ | $____ | $____ | $____ | $____ | $____ | $____ |