UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                   :
                                                         :   Chapter 11
GAWKER MEDIA LLC,                                        :
                                                         :   Case No.: 16-11700 (SMB)
                              Debtors.[1]                :
------------------------------------------------------------x

**OPPOSITION OF CLAIMAINTS CHARLES C. JOHNSON AND GOT NEWS LLC TO DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 502(C) AND 1129 AND BANKRUPTCY RULES 3018 AND 3021 FOR APPROVAL OF CLAIMS ESTIMATION AND PLAN RESERVE PROCEDURES**

Claimants Charles C. Johnson ("Johnson") and Got News LLC ("Got News") (collectively, "Claimants") hereby oppose the Motion of Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft., "Gawker Hungary") (collectively, the "Debtors") for the entry of an order authorizing and establishing certain procedures for approving certain claims reserves and distributions and resolving certain objections to confirmation of the Debtors' proposed amended joint chapter 11 plan of liquidation, dated as of November 3, 2016 (DE 444). In support thereof, Claimants say:

1.  Claimants are the victims of character assassination by Gawker Media and filed a pre-petition lawsuit seeking damages for, *inter alia*, libel and false light invasion of privacy. *See* Claim Nos. 53, 54, 202, 223, 246 & 298. These claims were scheduled by Debtors as contingent, unliquidated, and disputed. *See* DE 116. Debtors filed omnibus objections thereto on October 31, 2016. *See* DE 396 & 397. Claimants filed their oppositions to the objections on November 16, 2016. *See* DE 452.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Lft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

2. Debtors are seeking unusual relief to deprive all claimants with contingent and unliquidated claims, including Claimants, of due process.

3. First, it requires all such claimants, who already filed a proof of claim, to assume the burden of filing a Reserve Objection, else their claims will automatically be estimated at zero. Debtors offer no valid reason why this duplicative effort should be required on top of the pre-existing proofs of claim already filed.

4. Second, it requires, with less than one week, all such claimants to provide further documentation in support of their claims, even where documents may have been submitted in response to an objection to a proof of claim or where the objection to the proof of claim did not challenge the amount of the claim, only the question of liability. There is insufficient time to comply.

5. Third, it requires, with less than one week, the claimants to identify witnesses for deposition within a one-week window, without accounting for the potential that witnesses will need to be subpoenaed and may otherwise not be available during that period. Moreover, one week would likely be an insufficient time to complete all potential such depositions.

6. Fourth, although Debtors are permitted to depose whomever they please, a Reserve Objector may only depose a single person. There are some claimants, such as Claimants, who need to depose multiple paid writers from Gawker and identify and depose Gawker's anonymous Kinja writers.

7. Fifth, only forty-eight hours are provided to respond to Debtors' further requests for information, which may well prove impossible.

8. Sixth, the proposed Estimation Hearings should not be merged into the Confirmation Hearing. Debtors cannot consolidate into a single day what would normally be weeks-long trials. And, it is unfair to require a claimant to incur all the costs at once for such estimation hearings where the plan itself might not be approved. Estimation hearings should be scheduled after confirmation, if such confirmation occurs, and with sufficient time for the parties to engage in discovery and to prepare.

9. Seventh, Debtors cannot require a claimant to lose the right to call all relevant and proper witnesses, by restricting him to a single live witness.

Essentially, implementation of these Estimation and Plan Reserve Procedures are neither fair nor equitable under 11 U.S.C. § 1129(b)(1). Although Debtors claim efficiency and cost-effectiveness, as the Supreme Court stated in *Stanley v. Illinois*, 405 U.S. 645, 656, 92 S. Ct. 1208, 1215 (1972):

> The Constitution recognizes higher values than speed and efficiency. Indeed, one might fairly say of the Bill of Rights in general, and the Due Process Clause in particular, that they were designed to protect the fragile values of a vulnerable citizenry from the overbearing concern for efficiency and efficacy ….

Moreover, merely because Debtors wish to employ short-cuts and achieve faster, cheaper results, does not make them efficient or effective; a procedure that cannot succeed on its own terms and deprives the Court of information necessary to determine the value of contested claims is ineffective, and because of its ineffectiveness, will be subject to the far more inefficient appellate process. Although Debtors claim that making distributions prior to year-end will increase the available funds to creditors, these have yet to be demonstrated, especially where appeals would not likely be resolved before year-end, and due process should not be sacrificed on the *ipse dixit* of Debtors known for spreading falsehoods.

Estimation under Section 502(c) may include full-blown evidentiary hearings. *See In re Adelphia Bus. Sols., Inc.*, 341 B.R. 415, 423 (Bankr. S.D.N.Y. 2003) citing *In re Nova Real Estate Inv. Trust*, 23 B.R. 62, 65 (Bankr. E.D. Va. 1982). And, though Debtors also cite to *In re Lionel L.L.C.*, No. 04-17324, 2007 Bankr. LEXIS 2652, at *15-18 (U.S. Bankr. S.D.N.Y. Aug. 3, 2007), that case found that the proposed discovery and presentation time were too narrow. Here, there is practically no discovery and a fraction of a day for a hearing. Debtors' proposed procedures are not "flexible"—they are strict and do not properly align with Chapter 11. Claimants are not seeking to unduly delay administration, but rather seek reasonable time to litigate their claims. Debtors decry "procedural rules," "motion practice," and "evidentiary issues," which is what is

3

normally called "due process." There is a reason these rules, practices, and issues exist, and though they may be abridged, they should not be ignored simply because Debtors do not like having to defend themselves.

Moreover, as previously argued in their Oppositions to Omnibus Objections (DE 452), incorporated herein by reference, Claimants are pursuing libel claims, which are personal injury tort claims pursuant to 28 U.S.C. § 157(b)(2)(B). The estimation of such claims is improper in bankruptcy court. *See* DE 485 (Mitchell Williams' Objection to Debtors' Motion) at pp. 3-5, incorporated herein by reference. Claimants are entitled to their proper day in Court.

WHEREFORE Claimants respectfully request this Honorable Court deny the motion for approval of claims estimation and plan reserve procedures.

Dated: November 28, 2016                    Respectfully Submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele:   702-420-2001
Fax:    305-437-7662
Email: ecf@randazza.com

*Attorneys for Charles C. Johnson
and Got News LLC*