Hearing Date and Time: December 1, 2016 at 10:30 a.m. (Eastern Time)
Response Deadline: November 28, 2016 at 4:00 p.m. (Eastern Time)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 16-11700 |
|  | ) |  |
| GAWKER MEDIA LLC, *et al.*,[1] | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) |  |

**PUBLICIS MEDIA AGENCIES' OBJECTION TO DEBTORS' MOTION PURSUANT
TO BANKRUPTCY CODE SECTIONS 105, 502(C) AND 1129 AND BANKRUPTCY
RULES 3018 AND 3021 FOR APPROVAL OF CLAIMS ESTIMATION
AND PLAN RESERVATION PROCEDURES**

Starcom Worldwide, Inc. and its affiliated agencies in the media advertising and related business (collectively, the "Publicis Media Agencies," or "Publicis"), by their undersigned counsel, submit this objection and reservation of rights (the "Objection") to the *Debtors' Motion Pursuant to Bankruptcy Code Sections 105, 502(c) and 1129 and Bankruptcy Rules 3018 and 3021 for Approval of Claims Estimation and Plan Reservation Procedures* (the "Claim Estimation Motion") [Dkt. No. 444]. In support of the Objection, Publicis respectfully states the following:

### I.    RELEVANT BACKGROUND

**A.    General Information**

1. On June 10, 2016, Debtor Gawker Media LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, Debtors Gawker Media Group,

---

[1] The last four digits of the taxpayer identification number of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

Inc. and Kinja Kft. (collectively with Gawker Media LLC, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Chapter 11 cases of the Debtors are jointly administered and are consolidated for procedural purposes.

3. On November 2, 2016, the Debtors filed their Disclosure Statement[2] [Dkt. No. 403] in support of their Plan.

4. A hearing to consider the adequacy of the Disclosure Statement was held on November 3, 2016, and on November 4, 2016, the Court entered the Disclosure Statement Order [Dkt. No. 413] that authorized the Debtors to commence solicitation of acceptances and rejections on the Plan.

**B.  Nature of Publicis' Claims**

5. Publicis filed timely proofs of claim in each of the Debtors' bankruptcy cases. *See* Claim Nos. 307, 309–10.

6. Each of Publicis's proofs of claim listed unliquidated amounts that are secured by setoff rights against the respective Debtors. *See* Claim Nos. 307, 309–10. The basis for these claims is that Publicis provided pre- and post-petition media buying, strategy, and related services to its clients. In the course of providing these services, Publicis from time to time entered into contracts on behalf of one or more of its clients with third party providers of goods and services. In entering these contracts on its clients' behalf, Publicis acts as an agent for a disclosed principal or principals.

7. Publicis places advertising and other content with one or more of the Debtors, on behalf of Publicis's clients. Publicis then engages in a clearance process with the Debtors,

---

[2] Capitalized terms used but not defined herein are intended to incorporate the same definitions used in the Claim Estimation Motion.

whereby the media impressions delivered by the Debtors are confirmed, and the amount owing for those placements is reconciled. Sometimes the clearance process results in additional billings owing to the Debtors; sometimes the clearance generates credits owing back to Publicis.

8. Publicis asserted identical claims for "all credits now or hereafter owing to Publicis on any of the accounts placed with or serviced by the Debtors." *See* Claim Nos. 307, 309–10. Publicis also asserted that the Debtors were liable for "indemnification, reimbursement, and contribution in connection with any damages or liabilities incurred by Publicis based on the Debtors' failure to fulfill its contractual obligations to Publicis and its clients, or based on any other act or omission of the Debtors and their bankruptcy estates." *See id.*

9. Because this clearance process is still ongoing, Publicis filed its claims as unliquidated. Publicis asserted its claims "with respect to obligations and amounts owing to it that have already accrued, that continue to accrue, and that may accrue in the future." *Id.* Publicis reserved the right, at any time in the future, (i) to amend its claims to state a liquidated balance, and (ii) to seek a judicial estimation of its claims (or any unliquidated amounts asserted therein) pursuant to 11 U.S.C. § 502(c).

10. Publicis is still in the process of clearing and reconciling the outstanding media orders placed on behalf of its clients with the Debtors. This clearance and reconciliation process will require additional time to run its course before Publicis can identify a liquidated amount for its claims. The current indications of the clearance and reconciliation process are that the potential credits owed to Publicis cannot and will not exceed the Publicis accounts payable owed to the Debtors. Accordingly, no reserve funds will be necessary for Publicis's claims.

3

**C.     The Debtors' Claim Estimation Motion**

11.     On November 14, 2016, the Debtors filed the Claim Estimation Motion, which seeks to establish the Gawker Media Claims Estimation and Plan Reservation Procedures. *See generally* Dkt. No. 444.

12.     The Claim Estimation Motion contemplates that creditors like Publicis holding Unliquidated Claims must file a Reserve Objection or else the Debtors "may estimate the Unliquidated Claim at zero for purposes of the Confirmation Hearing and Plan distributions." *Id.* at ¶ 18(c).  If an Unliquidated Claim holder files a Reserve Objection, then the Claim Estimation Motion sets forth certain procedures for the Court to estimate the amount of the Unliquidated Claim at the Confirmation Hearing for Plan distribution purposes. *See id.* at ¶ 18(c)–(l).

## II.     OBJECTION

13.     Publicis objects to the relief requested in the Debtors' Claim Estimation Motion because it is essentially an objection to Publicis's claims that fails to comply with the notice requirements of Bankruptcy Rule 3007(a).  Further, Publicis objects because the Claim Estimation Motion fails to provide sufficient time for Publicis to gather the necessary information needed to liquidate its claims against the Debtors.  Finally, Publicis objects because the media clearance process is ongoing, and there is no reason why that process should not be completed in the ordinary course.  The claims estimation process should not be used to cut short the media clearance and reconciliation process that is necessary to liquidate the amount of Publicis's claims.

14.     Bankruptcy Rule 3007(a) provides that "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, . . . at least 30 days prior to the hearing." FED. R. BANKR. P. 3007(a); *see also Kane v. Johns-Manville Corp.*, 843 F.2d 636, 646 (2d Cir. 1988) ("If a party in interest wishes to object to a claim, notice of the

4

objection must be mailed to the claimant at least thirty days prior to a hearing at which the bankruptcy court determines the validity of the claim and the amount allowed.") (citing 11 U.S.C. § 502(b), FED. R. BANKR. P. 3007). Bankruptcy Rule 3007 applies here because the Claim Estimation Motion contemplates procedures that may estimate claims at a zero amount for distribution purposes, effectively disallowing such claims. *See* Dkt. 444 at ¶ 18(c).

15. Here, the Claim Estimation Motion was filed on November 14, 2016, with a corresponding notice (the "Notice") setting a hearing date for December 1, 2016 (the "Hearing"), and a Response Deadline of November 28, 2016. *See* Dkt. No. 444 at pp. 1–2. The 17 day period between the filing of the Claim Estimation Motion and the Hearing is less than the 30-day period contemplated by Bankruptcy Rule 3007(a). The failure to comply with Bankruptcy Rule 3007(a) is problematic because, if the Gawker Media Claims Estimation and Plan Reservation Procedures are approved, the practical effect of a claimant's failure to file a Reserve Objection is that its Unliquidated Claim is effectively disallowed by being estimated at zero for Plan distribution purposes. *See* Dkt. No. 444 at ¶ 18(c).

16. None of the cases the Debtors cite in the Claim Estimation Motion suggest that the initial 30-day notice period in Bankruptcy Rule 3007(a) may be excused simply because claim estimation is sought under section 502(c). In fact, one of these decisions specifically found that the notice procedures of Bankruptcy Rule 3007 were complied with prior to ruling on the claim estimation procedures being sought. *See In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 538552, at *1 (Bankr. S.D.N.Y. Jan. 6, 2006) (finding that "good and sufficient notice" had been provided pursuant to Rule 3007). Another decision found that the shortened time frames contemplated by a debtor's motion to estimate claims under section 502(c) failed to comply with the procedural due process protections that creditors were otherwise entitled to. *See*

5

*In re Adelphia Bus. Sols., Inc.*, 341 B.R. 415, 418 (Bankr. S.D.N.Y. 2003) (noting that "determining the allowability of a claim . . . in the time frame [of only 20 days' notice], and with the procedures, [the debtor] proposed was inconsistent with the procedural due process to which [the creditor] would be entitled"). Finally, another decision that the Debtors rely upon gave the parties additional time to prepare for truncated, summary claim estimation proceedings. *See In re Lionel L.L.C.*, No. 04-17324, 2007 WL 2261539, at *6 (Bankr. S.D.N.Y. Aug. 3, 2007) (finding that "the procedures proposed by [the debtor] should be modified somewhat to provide for limited additional discovery and presentation time").

17. Publicis recognizes that Bankruptcy Rule 3018(a) provides that "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper *for the purpose of accepting or rejecting a plan*." FED. R. BANKR. P. 3018(a) (emphasis added). Here, however, the Claim Estimation Motion seeks to combine Rule 3018(a)'s authority to estimate claims for voting purposes with section 502(c)'s authority to estimate claims for allowance purposes without complying with creditors' due process rights and the notice provisions in Bankruptcy Rule 3007. Courts have rejected similar attempts to conflate estimation procedures for plan voting and confirmation with estimation procedures for claim allowance when the due process rights of claimants are jeopardized. *See In re Adelphia Bus. Sols., Inc.*, 341 B.R. at 423–24 (quoting *In re MacDonald*, 128 B.R. 161, 167–68 (Bankr. W.D. Tex. 1991)).[3]

---

[3] The *In re Adelphia* case involved the estimation of a post-petition administrative claim. In that case, the court rejected the "contention that the actual allowance of the [creditor's] admin claim could be done with such little due process," 341 B.R. at 422, applies equally to Publicis here to the extent the claims implicate the treatment of post-petition media placements, *see* Claim Nos. 307, 309–10.

6

18.     If the Debtors wish to effectively disallow a creditor's claim by estimating the amount at zero for Plan distribution purposes, *see* Dkt. No. 444 at ¶ 18(c), the Debtors must first comply with the 30-day notice period in Bankruptcy Rule 3007(a), *see* FED. R. BANKR. P. 3007(a); *Kane*, 843 F.2d at 646.  For this reason, Publicis's objection to the Claim Estimation Motion should be sustained.

19.     In the alternative, Publicis respectfully submits that the Court should follow the *Lionel* and *Adelphia* decisions and modify the Debtors' proposed procedures to allow for a reasonable amount of additional time for Publicis to complete the media clearance process and to liquidate its claims.  *See In re Lionel L.L.C.*, 2007 WL 2261539, at *6; *In re Adelphia Bus. Sols., Inc.*, 341 B.R. at 418.  Allowing additional time for the media clearance process to run its course to liquidate Publicis's claims will not prejudice the Debtors' ability to accurately estimate reserve funds because the credits owed to Publicis on its accounts cannot and will not exceed the amount of accounts payable owed to the Debtors.  Therefore, no reserve will be necessary for Publicis's claims.

### III.    RESERVATION OF RIGHTS

20.     Publicis reserves the right to amend or supplement this Objection or its filed proofs of claim, based upon any facts or arguments that come to light prior to the Hearing on the Claim Estimation Motion.

21.     Publicis reserves the right to challenge the estimated amount of its claims for any purpose, including claim allowance, Plan voting, Plan feasibility, or any other Plan confirmation purpose.

22.     Publicis reserves the right to file a Reserve Objection, or to otherwise comply with the procedures sought under the Claim Estimation Motion, without waiving the relief sought in this Objection.

23. Publicis reserves the right to object to confirmation of the Debtors' Plan.

WHEREFORE, the Publicis respectfully requests that the Court: (i) sustain this Objection; (ii) adjourn any hearing on the Claim Estimation Motion until at least 30 days after November 14, 2016; and (iii) grant such other and further relief as is just and proper under the circumstances.

**DATED** November 28, 2016

Respectfully submitted,

*/s/ Casey B. Howard*

LOCKE LORD LLP
Casey B. Howard
Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281
Telephone: 212-812-8342
choward@lockelord.com

*Counsel to Starcom Worldwide, Inc. and its affiliated media agencies*

# **CERTIFICATE OF SERVICE**

      I, Casey B. Howard, an attorney, certify that on November 28, 2016, I caused the foregoing to be served by electronic notice through the CM/ECF system of the United States Bankruptcy Court for the Southern District of New York on those parties entitled to electronic service, and by electronic mail to the parties identified below:

Gawker Media LLC
c/o Opportune LLP
Attn: William D. Holden, Chief Restructuring Officer
10 East 53rd Street, 33rd Floor
New York, NY 10022
wholden@opportune.com
*Debtor*

Gregg M. Galardi
Ropes & Gray LLP
1211Avenue of the Americas
New York, New York 10036
gregg.galardi@ropesgray.com
*Counsel for the Debtors*

Greg Zipes
Susan Arbeit
Office of the United States Trustee for the Southern District of New York
201 Varick Street, Suite 1006
New York, NY 10014
*U.S. Trustee's Office*

Internal Revenue Service
Attn: Centralized Insolvency Operation
2970 Market Street
Philadelphia, PA 19104
mimi.m.wong@irscounsel.treas.gov
*Internal Revenue Service*

United States Attorney's Office for the Southern District of New York
Attn: Bankruptcy Division
86 Chambers Street, 3rd Floor
New York, NY 10007
david.jones6@usdoj.gov
Jeffrey.Oestericher@usdoj.gov
Joseph.Cordaro@usdoj.gov
Carina.Schoenberger@usdoj.gov
*United States Attorney's Office*

Adam C. Harris
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
adam.harris@srz.com
*Counsel to Cerberus Business Finance, LLC, as DIP Lender*

David Heller
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
david.heller@lw.com
– and –
Keith A. Simon
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
keith.simon@lw.com
*Counsel to US VC Partners LP, as Prepetition Second Lien Lender*

Sandy Qusba
William T. Russell
Simpson Thacher & Bartlett
425 Lexington Ave.
New York, NY 10017
squsba@stblaw.com
wrussell@stblaw.com
*Counsel for the Official Committee of Unsecured Creditors*

                                        */s/ Casey B. Howard*
                                        Casey B. Howard