Hearing Date and Time: December 13, 2016 at 10:00 a.m. (Eastern Time)
Response Deadline: December 8, 2016 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                            :
In re                                       :          Chapter 11
                                            :
Gawker Media LLC, *et al.*,[1]              :          Case No. 16-11700 (SMB)
                                            :
                          Debtors.          :          (Jointly Administered)
                                            :
--------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS
105 AND 502(E)(1) AND BANKRUPTCY RULE 3018 FOR ESTIMATATION OF
CLAIM NOS. 293, 294 AND 295 FILED BY ALBERT JAMES DAULERIO**

    **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Motion*

*Pursuant to Bankruptcy Code Sections 105 and 502(e)(1) and Bankruptcy Rule 3018 for*

*Estimation of Claim Nos. 293, 294, and 294 Filed by Albert James Daulerio* (the "Motion"),

which seeks to alter your rights by estimating your claims against the above-captioned Debtors.

    **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on

**December 13, 2016 at 10:00 a.m. (Eastern Time)** before the Honorable Judge Stuart M.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft) (5056).  Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Bernstein, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Courtroom No. 723.

**PLEASE TAKE FURTHER NOTICE** that responses to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **December 8, 2016**, **at 4:00 p.m.** **(Eastern Time)** (the "Response Deadline"), upon: (i) the Debtors, Gawker Media LLC, c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022 (wholden@opportune.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970 Market Street, Philadelphia, PA 19104 (mimi.m.wong@irscounsel.treas.gov); (v) the United States Attorney's Office for the Southern District of New York, Attn: Bankruptcy Division, 86 Chambers Street, 3rd Floor, New York, NY 10007 (david.jones6@usdoj.gov; jeffrey.oestericher@usdoj.gov; joseph.cordaro@usdoj.gov; carina.schoenberger@usdoj.gov); (vi)

counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (vii) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, at both 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); and (ix) parties that have requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Motion by the Response Deadline, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

*[Remainder of this page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: November 28, 2016          */s/ Gregg M. Galardi*
      New York, New York         ROPES & GRAY LLP
                         Gregg M. Galardi
                         D. Ross Martin
                         Joshua Y. Sturm
                         Jonathan M. Agudelo
                         1211 Avenue of the Americas
                         New York, NY 10036-8704
                         Telephone: (212) 596-9000
                         Facsimile: (212) 596-9090
                         gregg.galardi@ropesgray.com
                         ross.martin@ropesgray.com
                         joshua.sturm@ropesgray.com
                         jonathan.agudelo@ropesgray.com

                         *Counsel to the Debtors*
                         *and Debtors in Possession*

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND
502(E)(1)  AND BANKRUPTCY RULE 3018 FOR ESTIMATION OF
CLAIM NOS. 293, 294 AND 295 FILED BY ALBERT JAMES DAULERIO**

Pursuant to sections 105 and 502(e)(1) of title 11 of the United States Code, 11 U.S.C.

§ 101, *et seq.* (the "Bankruptcy Code") and Rule 3018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Gawker Media LLC ("Gawker Media"), Gawker Media

Group, Inc. ("GMGI"), and Gawker Hungary Kft. ("Gawker Hungary") as debtors and debtors in

possession (collectively, the "Debtors") in the above-captioned cases (the "Bankruptcy Cases"),

hereby submit this motion (the "Motion") to estimate three proofs of claim (Nos. 293, 294, and

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

295) filed by Albert James Daulerio (collectively, the "Daulerio Claims")[2] for purpose of voting on, and confirmation of, the proposed Plan (as defined below). In support of this Motion, the Debtors respectfully represent and set forth as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).   The statutory predicates for the relief requested herein are sections 105 and 502(e)(1) of the Bankruptcy Code and Bankruptcy Rule 3018.

## RELIEF REQUESTED

2.     By this Motion, the Debtors request entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, estimating the Daulerio Claims against Gawker Media at $100,000, and against GMGI and Gawker Hungary at $0, for purpose of voting on, and confirmation of, the proposed Plan consistent with the separate objection to the Daulerio Claims filed contemporaneously herewith.

## BACKGROUND

### A.     The Chapter 11 Cases

3.     On June 10, 2016 (the "Petition Date"), Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] True and correct copies of the Daulerio Claims will be provided separately to the Court. Copies of the Daulerio Claims will be provided to all other parties upon request.

59820032_3

4.      No request for the appointment of a trustee or examiner has been made in the Debtors' Bankruptcy Cases.  On June 24, 2012, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 62].

**B.      The Bollea I Lawsuit**

5.      The Daulerio Claims initially arise out of an article (the "Bollea Article") written by Daulerio and published by Gawker Media on October 4, 2012, commenting on a video depicting plaintiff Terry Gene Bollea ("Bollea").  As a result of the Bollea Article, Bollea asserted causes of action for invasion of privacy by intrusion upon seclusion, publication of private facts, violation of Florida common law right of publicity, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of section 934.10, Florida Statutes against each of Gawker Media, Mr. Nicholas Denton and Daulerio (collectively, the "Defendants") for damages (the "Bollea I Lawsuit").

6.      On June 7, 2016, the Florida state court entered final judgment holding the Defendants jointly and severally liable for $115 million in compensatory damages (the "Compensatory Damage Judgment").  In addition, the jury found that each of the Defendants was liable for punitive damages to Bollea (the "Punitive Damage Judgments," and together with the Compensatory Damage Judgment, the "Bollea Judgments") in the following amounts: (i) Gawker Media in the amount of $15 million; (ii) Mr. Denton in the amount of $10 million; and Daulerio in the amount of $100,000 (the "Daulerio Punitive Damage Judgment").  On June 10, 2016, the Defendants filed a notice of appeal from the Bollea Judgments.

3

C.    **The Daulerio Judgment Satisfaction Order**

7.      Subsequent to the commencement of the Debtors' chapter 11 cases, Bollea continued to pursue the enforcement of the Bollea Judgments against Daulerio, and on August 17, 2016, the Florida state court entered an Order transferring certain of Daulerio's assets to Bollea (the "Daulerio Judgment Satisfaction Order").[3]   The Daulerio Judgment Satisfaction Order found that:

> Daulerio has rights, **not exempt from execution**, which may be applied towards the satisfaction of the [Bollea Judgments, including the Daulerio Punitive Damage Judgment], arising out of a GMGI and Gawker [Media] policy and practice, pursuant to which they agreed to defend him against and to pay part or all of the [final judgment] awarded to Mr. Bollea.

Daulerio Judgment Satisfaction Order, at Findings ¶ 11 (emphasis added) (the "Daulerio Indemnification Rights").  Importantly, the Daulerio Judgment Satisfaction Order simply ruled that Daulerio's rights to have Gawker Media and GMGI pay part or all of the Bollea Judgments were thereby "transferred and assigned to Mr. Bollea" and that Bollea was "deemed to be the owner of the rights, with full power and authority to enforce said rights against Gawker [Media] and GMGI." *Id.* at Order ¶ 1.

8.      The Daulerio Judgment Satisfaction Order specifically did **not** find that such rights or the Claims asserted by Daulerio based on those rights were valid or actually enforceable against GMGI or Gawker.  Rather, the Florida court made clear in its findings that it did "not adjudicate the validity or enforceability of Daulerio's rights against Gawker [Media] or GMGI," so "Mr. Bollea is only entitled to take ownership of Daulerio's rights against Gawker [Media] and GMGI, and to then seek enforcement of those rights . . . in their pending bankruptcy proceedings." *Id.* Findings ¶ 13.

---

[3] A copy of the Daulerio Judgment Satisfaction Order is attached as Exhibit 4 to the Daulerio Claims.

59820032_3

9.    On August 23, 2016, Daulerio filed a notice of appeal from the Daulerio Judgment Satisfaction Order in the Florida's Second District Court of Appeal [Case No. 2D16-3721] seeking reversal of that Order.  The Daulerio Judgment Satisfaction Order has not been stayed.

**D.    The Daulerio Claims**

10.    On September 29, 2016, Mr. Daulerio filed an identical, contingent claim against each of the three Debtors.  Each Daulerio Claim lists the amount of the claim at $6 million, but the supplement attached to each of the Daulerio Claims ("Supp.") explains that amount is "an estimate only, based on legal fees incurred as of September 2016, potential future legal fees, amounts and value of Daulerio's property seized by (and transferred to) Bollea as of September 29, 2016, and potential future seizures by or on behalf of Bollea."  Supp. ¶ 32.  The Daulerio Claims allege that these obligations arise from the Debtors' duties and obligations to (a) defend Mr. Daulerio beginning on June 10, 2016, and continuing into the future, (b) indemnify Mr. Daulerio with regard to the judgments issued in the proceedings in *Bollea v. Gawker Media LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.), (c) indemnify Mr. Daulerio with regard to future orders and/or judgments, and (d) indemnify Mr. Daulerio with regard to future settlements.  *Id.*, ¶¶ 28-31.

**E.    The Debtors' Plan and Related Solicitation and Voting Procedures**

11.    On November 2, 2016, the Debtors filed their *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 403] (as amended and including all exhibits and supplements thereto, the "Disclosure Statement") in support of the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary

5

Kft. (as amended and including all exhibits thereto, the "Plan"). The Plan incorporates a settlement with Bollea, resolving the Compensatory Damage Claims against all Defendants, including Daulerio. A hearing to consider the adequacy of the Disclosure Statement was held on November 3, 2016, and on November 4, 2016, this Court entered an *Order Approving (I) The Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures with Respect to Confirmation of the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., (III) The Form of Ballots and Notices in Connection Therewith, and (IV) The Scheduling of Certain Dates with Respect Thereto* [Docket No. 413] (the "Disclosure Statement Order").

12.     In accordance with the Disclosure Statement Order, the Debtors have commenced solicitation of acceptances and rejections on the Plan. Such acceptances and rejections are due on December 5, 2016 at 4:00 p.m. (the "Voting Deadline"). Moreover, pursuant to the Court-approved notice of the hearing on confirmation, objections to confirmation of the Plan are due on December 5, 2016 at 5:00 p.m. A hearing to consider confirmation of the Plan is currently scheduled for December 13, 2016 (the "Confirmation Hearing").

13.     On November 14, 2016, the Debtors filed the *Debtors' Motion Pursuant to Bankruptcy Code Sections 105, 502(c) and 1129 and Bankruptcy Rules 3018 and 3021 for Approval of Claims Estimation and Plan Reserve Procedures* [Docket No. 444] (the "Claims Estimation and Plan Reserve Procedures Motion"), requesting that the Court authorize and establish certain procedures for approving certain claims reserves and distributions and resolving certain objections to confirmation of the Plan. A hearing to consider the Claims Estimation and Plan Reserve Procedures Motion is currently scheduled for December 1, 2016.

6

14.     Typically, pursuant to Bankruptcy Code section 502(a) and (b), a debtor's objection to a claim places the burden on a creditor to seek allowance of such disputed claim for purposes of voting on that debtor's plan if the claim is not allowed prior to the Voting Deadline. Under the Solicitation Procedures approved and annexed to the Disclosure Statement Order as Exhibit A, the Court modified this procedure to prevent late objections from depriving creditors in these cases of an opportunity to litigate their voting rights:

> If a Claim or Equity Interest is objected to after the Voting Record Date [(*i.e.*, October 31, 2016)], such Claim or Equity Interest will be Allowed for voting purposes unless the Bankruptcy Court enters an order at or before the Confirmation Hearing granting the Debtors' objection. The Debtors may object to a Claim or Equity Interest no later than seven (7) days prior to the Voting Deadline [(*i.e.*, November 28, 2016)]. The hearing on any such objections shall be the Confirmation Hearing unless a Resolution Event occurs prior to that date.

Disclosure Statement, Solicitation Procedures § 3(c).

**F.    The Daulerio Claims Objection**

15.     Contemporaneously herewith, the Debtors are filing an objection to the Daulerio Claims (the "Daulerio Claims Objection"), seeking to limit the allowed amount of the Daulerio Claims at $100,000, solely against Gawker Media.  The Debtors have requested that a hearing to consider the Daulerio Claims Objection be scheduled for December 29, 2016 in order to allow the 30-day notice period from the date of filing the Daulerio Claims Objection consistent with Bankruptcy Rule 3007(a).  This Motion separately seeks entry of an order at the Confirmation Hearing estimating temporarily, for purposes of voting on and demonstrating the adequacy of the Gawker Media Claims Reserve (as defined in the Plan), the Daulerio Claims against Gawker Media in the amount of $100,000, and against GMGI and Gawker Hungary in the amount of $0. The Debtors anticipate that the Daulerio Claims will be finally adjudicated in the context of the Daulerio Claims Objection.

7

16.     The Daulerio Claims Objection, filed contemporaneously herewith, includes more detailed background descriptions of the Daulerio Claims, Mr. Daulerio's employment agreement with Gawker Entertainment, LLC, the underlying litigation proceedings giving rise to the Daulerio Claims, and a proposed settlement among the Debtors and Bollea in connection with those proceedings, and is incorporated into this Motion as though fully set forth herein.

## ARGUMENT

### I.    Legal Standard

17.     Bankruptcy Rule 3018(a) provides that the court may temporarily allow a claim in an amount which the court deems proper for the purpose of accepting or rejecting a plan.  Courts have found that temporary allowance will be appropriate when the objection was filed too late to be heard prior to the confirmation hearing. 9-3018 Collier on Bankruptcy P 3018.01.

18.     Consistent with the Solicitation Procedures, the Daulerio Claim Objection is being filed 14 days before the Confirmation Hearing, which is less than the 30 days' notice prior to a hearing on a claim objection provided under Bankruptcy Rule 3007.  Accordingly, it is appropriate for the Court to temporarily estimate the Daulerio Claims under Bankruptcy Rule 3018(a) for purposes of the Confirmation Hearing, pending final adjudication of allowance or disallowance of the Daulerio Claim Objection upon the full 30-day notice period under Bankruptcy Rule 3007.

19.     The District Court for the Southern District of New York has considered the standards for considering Rule 3018 and found:

> [Rule 3018(a)] specifically and elastically provides that a court may, for the purposes of voting, temporarily allow a claim or interest **in an amount which the court deems proper**.  However, both the Bankruptcy Code and Federal Rules of Bankruptcy Procedure are noticeably silent as to how a Bankruptcy Court should calculate such a claim. The temporary allowance of a claim for voting purposes is left to the discretion of the court to reasonably employ whatever method is best suited to the circumstances of the case.

8

*Pension Benefit Guaranty Corp. v. Enron Corp.*, Case No. 04-CIV-5499(HB), 2004 WL 2434928 (S.D.N.Y. Nov. 1, 2004) (internal citations omitted; emphasis in original).   For purposes of estimating the Daulerio Claims for voting and plan confirmation purposes, the Debtors submit that it would be appropriate for the Court to consider the arguments in the Daulerio Claims Objection and, accordingly, allow the Daulerio Claims in the proposed $100,000 amount.

## II.    Daulerio Is Not The Owner Of The Indemnification Claims

20.    As discussed in paragraphs 7 and 8 above, the Daulerio Judgment Satisfaction Order stipulated that, to the extent Daulerio had any rights to indemnification from, or a duty to defend by, the Debtors, those rights were "transferred and assigned to Mr. Bollea" and "Mr. Bollea [was] deemed to be the owner of the rights, with full power and authority to enforce said rights against Gawker [Media] and GMGI." *Id.*, at Order ¶ 1.  That transfer occurred in August 17, 2016 upon entry of the Daulerio Judgment Satisfaction Order, which has not been stayed or vacated.

21.    Bankruptcy Rule 3001(e)(1) is therefore squarely on point.  It provides that, "[i]f a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee."   The entire premise of Daulerio filing proofs of claim for indemnification is therefore fatally flawed; Daulerio was not the owner of those claims when he filed the Daulerio Claims.  To the extent that those indemnification claims exist at all, they were transferred to Bollea, who had sole authority to file proofs of claim. Accordingly, this court should estimate at $0 all claims for indemnification on account of the Bollea Judgments at $0 for Plan purposes.

9

### III.    Even Assuming Daulerio's Indemnification Claims Were Properly Filed, They Do Not Include Any Amounts That Should Be Allowed

22.    The only current judgments against Daulerio for which indemnification claims might exist (had they not been transferred to Bollea, which they were) are the Bollea Compensatory Damage Judgment against Daulerio and the Daulerio Punitive Damage Judgment. The first will be resolved upon approval of the Bollea Settlement incorporated in the Plan, and should therefore be estimated at $0 for Plan purposes.

23.    As set forth in greater length in Section VI of the Daulerio Claims Objection, New York law, which governs the employment agreement giving rise to Daulerio's claims, precludes indemnification of punitive damage judgments such as the Daulerio Punitive Damage Judgment as contrary to public policy. Accordingly, the Daulerio Punitive Damage Judgment should also be estimated at $0 for Plan purposes.

### IV.    Any Contingent Indemnification Claims Should Be Disallowed Under Bankruptcy Code Section 502(e)(1)

24.    The remaining claims for indemnification under the Daulerio Claims with respect to future orders, judgments and/or settlements are contingent claims that must be disallowed pursuant to section 502(e)(1) of the Bankruptcy Code. Similarly, section 502(e)(1) also disallows any claim Daulerio may be trying to assert to preserve additional claims in case of the contingency that the Daulerio Judgment Satisfaction Order or one of the other judgments of the Florida state court are reversed or modified on appeal. Accordingly, such claims should also be temporarily estimated for voting at $0.

25.    Specifically, section 502(e)(1) of the Bankruptcy Code provides, in relevant part, that:

> [T]he court shall disallow any claim for reimbursement or contribution of any entity that is liable with the debtor ... to the extent that —

10

(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim.

Thus, three elements must be met for a claim to be disallowed under section 502(e)(1)(B):

    a.   the claim must be for reimbursement or contribution;

    a.   the party asserting the claim must be liable with the debtor on the claim of a third party; and

    b.   the claim must be contingent at the time of its allowance or disallowance.

*In re Chemtura Corp.*, 436 B.R. 286, 292-293 (Bankr. S.D.N.Y. 2010).

    26.    Courts have consistently held that claims for indemnification, such as those in the Daulerio Claims, are encompassed by the first requirement of section 502(e)(1). *See, e.g., In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988); *In re Caribbean Petroleum Corp.*, Case No. 10-12553 (KG), 2012 WL 1899322, at *3 (Bankr. D. Del. May 24, 2012). Courts also interpret co-liability under Section 502(e)(1)(B) broadly. The inquiry involves whether a debtor could be co-liable with a third party on an underlying claim, not whether a debtor is "automatically" liable. *In re Chemtura Corp.*, 436 B.R. at 295 (*citing In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990) ("Congress clearly meant to include all situations wherein indemnitors or contributors could be liable with the debtor within the scope of § 502(e)(1)(B).")). The Daulerio Claims assert that the Debtors would be co-liable with Daulerio for any such indemnifiable judgments, so they would be included in the second requirement of section 502(e)(1)(B). More importantly, the Bollea Judgments state that the Defendants, including both Gawker Media and Daulerio, are jointly and severally liable. Finally, no present indemnification obligations of any Debtor to Daulerio will remain after approval of the Bollea Settlement, so any other Daulerio indemnification claims are necessarily contingent on filing of a future claim, settlement or judicial decision. Accordingly, the Daulerio Claims for indemnification for any

judgment or settlement or any potential future claims, should be disallowed under section 502(e)(1) of the Bankruptcy Code.

## V.    Claims For Litigation Fees And Expenses In Connection With Appealing The Bollea Judgments Should Be Estimated In The Amount of $100,000, Against Gawker Media Only

27.    As set forth in Section V of the Daulerio Claims Objection, any alleged obligation of Gawker Media to Daulerio can relate only to claims arising out of Daulerio's actions while employed by Gawker Media in the Bollea I Lawsuit.  Thus, in the interest of avoiding dissipation of estate assets through uneconomic litigation and thereby prejudicing other holders of Allowed unsecured claims against Gawker Media, the Debtors request that the Court temporarily allow the Daulerio Claims in the amount of $100,000, the amount of the Daulerio Punitive Damage Judgment, solely against Gawker Media.  The Debtors maintain that such amount is fair and reasonable under the circumstances and also generally consistent with consideration of the Daulerio Claims under section 502 of the Bankruptcy Code, as set forth in the Daulerio Claims Objection.

## RESPONSES TO THIS MOTION

28.    Any responses to this Motion must be filed on or before 4:00 p.m. (New York Time) on December 8, 2016, in accordance with the procedures set forth in the notice of this Motion.

## RESERVATION OF RIGHTS

29.    Neither the filing of this Motion nor entry of the Proposed Order shall affect any rights of the Debtors, their estates, the Plan Administrator, or any other party in interest in the Bankruptcy Cases to object to the Daulerio Claims for any purposes, including, without limitation, allowance and distribution under the Plan.

30.     The Debtors and their estates reserve any and all rights to amend, supplement or otherwise modify this Motion or the Proposed Order.  The Debtors and their estates also reserve any and all rights, claims and defenses with respect to any and all of the Daulerio Claims, and nothing included in or omitted from this Motion or the Proposed Order is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Daulerio Claims.

## **NOTICE**

31.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Internal Revenue Service; (iii) the United States Attorney's Office for the Southern District of New York; (iv) Schulte Roth & Zabel LLP, counsel to Cerberus Business Finance, LLC, as DIP Lender; (v) Latham & Watkins LLP, counsel to US VC Partners LP, as Second Lien Lender; (vi) Simpson Thacher & Bartlett, counsel for the Official Committee of Unsecured Creditors; (vii) the address identified on the Daulerio Claims for sending notices to Daulerio; and (viii) parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that further notice of this Objection is neither required nor necessary.

*[Remainder of this page intentionally left blank]*

13

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

Dated: November 28, 2016
     New York, New York

*/s/ Gregg M. Galardi*

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
joshua.sturm@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

## __EXHIBIT A__

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                       :
In re                                  :        Chapter 11
                                         :
Gawker Media LLC, *et al.*,[1]       :        Case No. 16-11700 (SMB)
                                       :
                Debtors.       :        (Jointly Administered)
                                       :
-------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 105 AND 502(c) AND BANKRUPTCY RULE 3018 FOR ESTIMATION**
**OF CLAIM NOS. 293, 294 AND 295 FILED BY ALBERT JAMES DAULERIO**

Upon the Motion (the "<u>Motion</u>") of Gawker Media LLC ("<u>Gawker Media</u>"), Gawker

Media Group, Inc. ("<u>GMGI</u>"), and Gawker Hungary Kft. ("<u>Gawker Hungary</u>") as debtors and

debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Bankruptcy</u>

<u>Cases</u>"), for entry of an order (the "<u>Order</u>") estimating at $0 Proof of Claim Nos. 293, 294, and

295 filed by Albert James Daulerio (the "<u>Daulerio Claims</u>") for purposes of voting on, and

confirmation of, the Debtors' proposed amended joint plan of liquidation; and the Court having

found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and

the Court having found that venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and the Court having found that the Debtors provided appropriate notice of the Motion

and the opportunity for a hearing on the Motion under the circumstances; and the Court having

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft) (5056).  Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is approved as set forth herein.  All capitalized terms used but not defined herein shall have the meanings attributed to such terms in the Motion.

2.      The Daulerio Claims are estimated in the amount of $100,000 against Gawker Media and $0 against each of GMGI and Gawker Hungary, for purposes of voting on, and confirmation of, the Plan.

3.      Prime Clerk LLC, the Court-appointed claims agent in these Bankruptcy Cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect such estimation of the Daulerio Claims.

4.      The Debtors are authorized to take all actions necessary to implement this Order.

5.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2016

_____
THE HONORABLE STUART M BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

2