

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

December 2, 2016

D. Ross Martin
T +1 617 951 7266
ross.martin@ropesgray.com

**BY FIRST CLASS MAIL**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:   *In re Gawker Media LLC*, et al., Case No. 16-11700 (SMB)
      Objection to Claim No. 6 Filed by Claimant Mitchell Williams

Dear Judge Bernstein:

Gawker Media LLC ("Gawker Media"), as debtor and debtor in possession, hereby submits a certified transcript of the summary judgment oral argument held by the Superior Court of Camden County, New Jersey (the "New Jersey Trial Court") in the case of *Williams v. MLB Network*, No. CAM-L-3675-14 (N.J. Super., May 27 and June 1, 2016). The relevant portions are in the June 1 transcript. There were three allegedly defamatory statements disputed at summary judgment, and Gawker Media points to four portions of the transcript in particular regarding findings of fact and applications of fact to the law (although the Court may also consider the surrounding context):

- Regarding actual malice; page 5: "[T]aken as a whole, I still don't see sufficient evidence when the standard is clear and convincing evidence, that I can say with any degree of certainty or probability that the author…knew it was just – it was complete garbage."

- Regarding video of ordering a beanball; pages 37-38: "I've seen this tape myself now four or five times. But now that I've seen it again, that very first pitch was not even close. It was aimed at the batter, right? ... [I]t looked like a deliberate hit to me."

- Regarding Mr. Williams using an expletive when arguing with an umpire; page 57: "This is not close, all right? I don't know if Mr. Williams said it. All I know is that based upon what this reporter had, all right, there's no evidence, nothing clearly and convincingly that somehow this reporter knew that this was an absolutely false allegation."

- Regarding Mr. Williams referring to a child on the opposing team by use of an expletive; pages 63-73, and 75-76: after criticizing Gawker Media failure to contact Mr. Williams for comment, "I don't believe the law under *New York Times v. Sullivan* requires it."

59903026_1

ROPES & GRAY LLP

The Honorable Stuart M. Bernstein — - 2 - — December 2, 2016

The New Jersey Trial Court then orally granted Gawker Media's motion for summary judgment on page 76.

Respectfully submitted,

*/s/ D. Ross Martin*

D. Ross Martin

Attachments

**CC:**   Robert Nies and Rahul Munshi, counsel to claimant Mitchell Williams

59903026_1

ROPES & GRAY LLP