Proposed Hearing Date and Time: December 15, 2016 at 10:00 a.m.
Proposed Response Deadline: December 12, 2016 at 4:00 p.m.

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
:
In re                                              :    Chapter 11
:
Gawker Media LLC, *et al.*,[1]                     :    Case No. 16-11700 (SMB)
:
        Debtors.                         :    (Jointly Administered)
:
-------------------------------------------------------x

### DEBTORS' MOTION FOR ENTRY OF A SECOND ORDER EXTENDING EXCLUSIVE PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft.) ("Gawker Hungary"), debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, (the "Proposed Order") pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), further extending the Debtors' exclusive periods to file a chapter 11 plan

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (5056). Each Debtor's mailing address is c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

59899798_1

and to solicit acceptances thereof. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

## BACKGROUND

2. On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the petition dates for each of the Debtors, collectively, the "Petition Date").

3. On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

4. On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

59899798_1

6. Following an extensive marketing and bidding process approved by the Court, the Debtors held an auction for the sale (the "Sale") of substantially all of their assets (the "Assets") on August 16, 2016. At the conclusion of the auction, the Debtors, in consultation with the Committee, designated the bid from UniModa, LLC, a wholly-owned subsidiary of Univision Communications Inc. ("Univision") as the successful bid, notice of which was filed with the Court that same day [Docket No. 182].

7. On August 22, 2016, the Court authorized the sale of the Assets to UniModa, LLC [Docket No. 214]. The Sale closed on September 9, 2016, notice of which was filed with the Court [Docket No. 258].

8. On September 30, 2016, the Debtors filed a disclosure statement (as subsequently amended, the "Disclosure Statement") for their joint chapter 11 plan of liquidation (as subsequently amended, the "Plan"). The Bankruptcy Court approved the Disclosure Statement on November 4, 2016 [Docket No. 413]. The confirmation hearing in respect of the Plan is scheduled to begin on December 13, 2016 (the "Confirmation Hearing").

9. On October 6, 2016, the Court pursuant to Bankruptcy Code section 1121(d) approved the Debtors' motion to extend the Debtors' exclusive period to file a plan (the "Exclusive Filing Period") to (i) December 7, 2016 in respect of Gawker Media, and (ii) December 9, 2016 in respect of GMGI and Gawker Hungary. The Court additionally approved the Debtors' motion to extend the Debtors' exclusive period to solicit acceptances of a plan filed within the Exclusive Filing Period (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") to (i) February 5, 2017 in respect of Gawker Media and (ii) February 7, 2017 in respect of GMGI and Gawker Hungary.

3

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order further extending the Exclusive Periods by sixty (60) days, as follows:

| **Period** | **Extension Request** |
| --- | --- |
| Exclusive Filing Period | Gawker Media: February 5, 2017 <br><br> GMGI and Gawker Hungary: February 7, 2017 |
| Exclusive Solicitation Period | Gawker Media: April 6, 2017 <br><br> GMGI and Gawker Hungary: April 8, 2017 |

11. The Debtors also request that such an extension be without prejudice to the Debtors' rights to request further extensions of the Exclusive Periods or to seek other appropriate relief.

## BASIS FOR RELIEF

12. The Exclusive Periods established by Bankruptcy Code section 1121 are intended to afford a debtor an opportunity to propose a chapter 11 plan and to solicit acceptances of such plan without the deterioration and disruption to the restructuring of its business that might be caused by the filing of competing plans by non-debtor parties. Bankruptcy Code section 1121(d) allows the Court to extend the Debtors' Exclusive Periods for "cause." Specifically, section 1121(d) of the Bankruptcy Code provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

59899798_1

>   (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

13. It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the bankruptcy court and should be based upon the facts and circumstances of the particular case. See In re Borders Group, Inc., 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) (citations omitted) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) (citations omitted) ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact specific."). Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. See In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989). Courts have found that Congress did not intend the 120-day and 180-day periods to be a hard and fast rule. See Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity).

14. Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan of reorganization, which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with the filing of competing plans. See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A. (In re Geriatrics Nursing Home, Inc.), 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is

meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business.").

15. When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for granting such extension. Factors considered by courts in making such a determination have included: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good-faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with its creditors; (g) the length of time the case has been pending; (h) whether the debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist. See, e.g., Adelphia, 352 B.R. at 587.

16. The Debtors are confident that they will satisfy all of the requirements for confirmation of the Plan under Bankruptcy Code 1129 at the Confirmation Hearing. However, out of an abundance of caution the Debtors seek a further sixty (60) day extension of the Exclusive Periods in the event that the Plan is not confirmed. Cause exists for such an extension. The Debtors have worked diligently in these chapter 11 cases – not yet six months old – in effectuating the Sale, filing a plan of liquidation within 120 days of Gawker Media's petition date, and negotiating plan-based settlements with several of their most significant creditors, among other case milestones. The Debtors sought and obtained general bar dates and administrative claim bar dates for claims arising through September 30, 2016, all of which have now passed. The Debtors continue to review claims that have been filed in these chapter 11

6

59899798_1

cases and have filed several objections to certain claims in order to expeditiously move the cases forward.

17. The Debtors seek to confirm the Plan and make Plan distributions before the end of 2016. However, the Debtors may need to formulate an entirely new plan of liquidation should the Court deny confirmation of the Plan. The Debtors' chapter 11 cases are large and complex. The Debtors' Schedules of Assets and Liabilities [Docket Nos. 116, 118, 120] list as of the Petition Date approximately $32.97 million of assets and $155.18 million of liabilities for Gawker Media, approximately $325,250 of assets and $26.52 million of liabilities for GMGI, and approximately $25.12 million of assets and $30.23 million of liabilities for Gawker Hungary. Integral to the Plan are several settlements contained therein which resolve complex litigation and intercompany allocation issues. Should the Court deny confirmation of the Plan, the Debtors may need to review and possibly re-negotiate some or all of these settlements. In that scenario, the Debtors would benefit from having additional time to consider a new plan and confer with the Committee on the proposed plan treatment of claims against the Debtors.

18. Based on the Debtors' good faith progress of these chapter 11 cases thus far, the Debtors should be afforded the opportunity to formulate a new confirmable plan, confer with the Committee, file, solicit acceptances and seek confirmation with respect to such new plan without a competing plan that would unnecessarily delay these chapter 11 cases in litigation without a corresponding benefit to the Debtors' estates and stakeholders. The Debtors continue to pay timely their undisputed postpetition obligations as they become due and anticipate providing in any plan that any unpaid administrative claims will be satisfied in cash upon the effective date of such plan. As such, the requested extension of the Exclusive Periods will afford the Debtors a

meaningful opportunity to negotiate, formulate and confirm a chapter 11 plan without prejudice to parties in interest in these chapter 11 cases.

19. Relief similar to the relief requested herein has been granted in this District. See e.g., In re LHI Liquidation Co. Inc., Case No. 13-14050 (MG) (Bankr. S.D.N.Y. Apr. 9, 2014) (extending the exclusive filing period by 60 days and the exclusive solicitation period by 60 days); In re Hostess Brands, Inc., Case No. 12-22052 (RDD) (Bankr. S.D.N.Y. Aug. 8, 2012) (granting second extension request of exclusive filing period by 90 days and exclusive solicitation period by approximately 150 days); In re AMR Corp., Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jul. 19, 2012) (granting second extension request of exclusive filing period by 90 days and exclusive solicitation period by 90 days).

## NO PRIOR REQUEST

20. No previous request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

21. Notice of this Motion will be provided in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 93]. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

59899798_1

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: December 2, 2016  
      New York, New York

*/s/ Gregg M. Galardi*  
ROPES & GRAY LLP  
Gregg M. Galardi  
D. Ross Martin  
Joshua Y. Sturm  
Jonathan M. Agudelo  
1211 Avenue of the Americas  
New York, NY 10036-8704  
Telephone: (212) 596-9000  
Facsimile: (212) 596-9090

*Counsel for the Debtors and Debtors in Possession*