ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 11
                                                       :
Gawker Media LLC, *et al.*,[1]                         :   Case No. 16-11700 (SMB)
                                                       :
                    Debtors.                           :   (Jointly Administered)
                                                       :
-------------------------------------------------------x

**DEBTORS'** ***EX PARTE*** **MOTION TO SHORTEN THE NOTICE
PERIOD WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY
OF A SECOND ORDER EXTENDING EXCLUSIVE PERIODS TO FILE
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF
PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft.) ("Gawker Hungary"), debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this *ex parte* motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A, (the "Proposed Order"), to schedule an expedited hearing and shorten the notice period with respect to the *Debtors' Motion for Entry of a Second Order Extending Exclusive*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Each Debtor's mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

1

*Periods to file Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* (the "Second Exclusivity Motion")[2] filed contemporaneously herewith. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are Rules 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

3. On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the petition dates for each of the Debtors, collectively, the "Petition Date").

4. On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

5. On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the

---

[2] Capitalized terms used but not defined herein have the meanings set forth in the Motion for Stay Pending Appeal.

2

"Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

7. On September 20, 2016, the Debtors filed the *Debtors' Motion for Entry of an Order Extending Exclusive Periods to File Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* [Docket No. 277] (the "First Exclusivity Motion"). The Court granted the First Exclusivity Motion pursuant to the *Order Extending Exclusive Periods to File Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* [Docket No. 329]. The Debtors' exclusive period to file a plan (the "Exclusive Filing Period") currently expires on (i) December 7, 2016 in respect of Gawker Media, and (ii) December 9, 2016 in respect of GMGI and Gawker Hungary. The period for the Debtors to solicit acceptances of a plan filed within the Exclusive Filing Period (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") currently expires on (i) February 5, 2017 in respect of Gawker Media and (ii) February 7, 2017 in respect of GMGI and Gawker Hungary.

8. As set forth below, the Debtors are requesting that the Court hold a hearing on the Second Exclusivity Motion on December 15, 2016. Pursuant to Local Rule 9006-2, the expiration of the Exclusive Filing Period is automatically extended with the filing of the Second Exclusivity Motion until the Court resolves the Second Exclusivity Motion.

3

## RELIEF REQUESTED

9. Pursuant to Bankruptcy Rules 9006(c) and 9007, and Local Bankruptcy Rule 9006-1, by this Motion to Shorten, the Debtors request that the Court consider the relief requested in the Second Exclusivity Motion at the hearing scheduled for **December 15, 2016, at 10:00 a.m**. (prevailing Eastern Time); modify the deadline for the service and filing of objections to allow objections to the Second Exclusivity Motion to be made until **December 12 2016, at 4:00 p.m**. (prevailing Eastern Time); and modify the deadline for the service and filing of any reply to **December 14, 2016, at 12:00 noon** (prevailing Eastern Time).

## BASIS FOR RELIEF

10. Although Local Bankruptcy Rule 9006-1(b) and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 93] (the "Case Management Order") in these chapter 11 cases provide that requests for relief shall generally be filed and served at least 14 days before a scheduled hearing, Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce such notice period. In addition, pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and manner, in which notice is provided.

11. By the Second Exclusivity Motion, the Debtors seek entry of an order further extending (i) the Exclusive Filing Period by sixty (60) days, to February 5, 2017 for Gawker Media and February 7, 2017 for GMGI and Gawker Hungary; and (ii) the Exclusive Solicitation Period by sixty (60) days, to April 6, 2017 for Gawker Media and April 8, 2017 for GMGI and Gawker Hungary.

4

12. A timely decision on the Second Exclusivity Motion is important for the success of the Debtors' chapter 11 cases. As detailed in the Second Exclusivity Motion, the Debtors filed a plan of liquidation on September 30, 2016 (as subsequently amended, the "Plan"), with a confirmation hearing scheduled to be held on December 13, 2016. In an abundance of caution, the Debtors are requesting a further extension of the Exclusive Periods in order to have sufficient time to negotiate and prepare a new plan of reorganization in the event that the Court denies confirmation of the Plan. A shortened notice and objection period is necessary for the Debtors to benefit from the automatic extension of the existing Exclusive Filing Period until the Court resolves the motion to extend the time. *See* Local R. 9006-2 (requiring a return date that is no later than fourteen (14) days after the date of filing of a request to extend time).

13. No party in interest will suffer any prejudice in respect of the proposed deadline to object to the Second Exclusivity Motion. The Debtors intend to complete service of the Second Exclusivity Motion on December 2, 2016 in conformity with the Case Management Order via email service (where allowed) and otherwise via overnight mail. All parties in interest will have at least seven days to consider the Second Exclusivity Motion, equal to the minimum time required under Local Rule 9006-1(b). *See* Local Rule 9006-1(b) (where service is made at least fourteen (14) days before the return date of a motion, any answering papers shall be served not later than seven (7) days before the return date). The Debtors respectfully submit that no party in interest will suffer any prejudice by the limited reduction of the time period for the Court to hold the hearing on the Second Exclusivity Motion.

14. Therefore, the Debtors respectfully submit that cause exists under the circumstances (a) to allow the Court to consider the relief requested in the Second Exclusivity Motion at the hearing scheduled for **December 15, 2016, at 10:00 a.m.** (prevailing Eastern

Time); (b) to set the deadline to object to the Second Exclusivity Motion for **December 12, 2016, at 4:00 p.m.** (prevailing Eastern Time); and (c) to set the deadline to reply for **December 14, 2016, at 12:00 noon** (prevailing Eastern Time).

15. The Debtors further propose that service of the order approving the Motion to Shorten on the Master Service and 2002 Lists (as defined in the Case Management Order) be deemed sufficient under the circumstances.

### NO PRIOR REQUEST

No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court enter an order, substantially in the form submitted herewith as Exhibit A, granting the relief requested herein and granting such other and further relief as this Court deems appropriate.

Dated: December 2, 2016  
      New York, New York

*/s/ Gregg M. Galardi*  
ROPES & GRAY LLP  
Gregg M. Galardi  
D. Ross Martin  
Joshua Y. Sturm  
Jonathan M. Agudelo  
1211 Avenue of the Americas  
New York, NY 10036-8704  
Telephone: (212) 596-9000  
Facsimile: (212) 596-9090  
gregg.galardi@ropesgray.com  
ross.martin@ropesgray.com  
joshua.sturm@ropesgray.com  
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*  
*and Debtors in Possession*

6