UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

|  |  |
|---|---|
| In re | Chapter 11<br>Case No.:  16-11700 (SMB) |
| Gawker Media LLC, *et. al.,*[i] | (Jointly Administered) |
| Debtors. |  |

-------------------------------------------------- x

**Limited Objection of Albert James Daulerio to Confirmation of the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media, LLC, and Gawker Hungary kft** (doc. # 413-1) **with reservation of rights**

### Background

Daulerio holds a general unsecured claim against the Debtors, resulting from his filing of a proof of claim in each bankruptcy matter before the Court as Case No. 16-11700. He hereby files this limited objection to the confirmation of the Debtors' proposed amended joint chapter 11 plan of liquidation (doc. # 413-1) with reservation of rights.

Daulerio is a former editor-in-chief of Gawker.com, and a defendant in the suit of <u>Bollea v. Gawker Media LLC</u>, et al., No. 120-12447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty), which the proposed amended liquidation plan refers to as "Bollea I Lawsuit."

Daulerio's proofs of claim assert that the Debtors have a legal duty to supply Daulerio with a defense in the Bollea I Lawsuit through its final conclusion, and that the Debtors have not supplied that defense since petitioning for relief from this Court. He estimated that his actual and expected legal fees would comprise virtually all of

the $6 million that his proofs of claim estimate. To date, his unpaid legal fees exceed $360,000 since the Debtors petitioned this Court for bankruptcy relief.

Bollea has seized Daulerio's bank account, and currently seeks an order from the Florida trial court in the Bollea I Lawsuit to require Chase Bank to pay to Bollea all of the funds in Daulerio's account (which have amounted to about $1,500). That payment would be for the purpose of satisfying part of the judgment in the Bollea I Lawsuit.

Daulerio's proofs of claim, therefore, also asserted his right to require the Debtors to indemnify him for present, and anticipated future, losses of funds or other property suffered to satisfy any portion of the damages judgment in the Bollea I Lawsuit.

The Bollea I Lawsuit is not over. Post-judgment proceedings to which Daulerio is a party remain pending before the Florida trial court, and appellate proceedings to which Daulerio is a party are pending before Florida's Second District Court of Appeal.

Also, even if the creditors approve—and this Court confirms—the proposed amended liquidation plan, that would not extinguish Bollea's judgment against Daulerio, or release Daulerio from the entirety of that judgment (the appeal of which is pending before the Florida Court of Appeal).

Daulerio would remain subject to the permanent injunction that is part of the Florida trial court's final judgment, and which he is challenging on appeal. He also

would remain subject to the final judgment's award of $100,000 in punitive damages against him. Daulerio's appeal could proceed with his challenge either to the injunction or to the punitive damages, or both.

Daulerio therefore can continue to defend himself, and needs to continue to defend himself, in the Bollea I Lawsuit—regardless of what happens with the proposed amended liquidation plan. So, he would continue to invoke the Debtors' duties to supply his defense.

### Limited objection & reservation of rights

Daulerio intends to vote today in favor of the proposed amended liquidation plan, but he objects that the "Gawker Media Claims Reserve" is unlikely to be sufficient to benefit the holders of Allowed Gawker Media General Unsecured Claims together with Allowed Gawker Media Punitive Damage Claims.

The proposed amended liquidated plan would reserve only about $3.7 million ($3,750,000). In Exhibit C to the Plan Supplement, the Debtors estimate that the costs of continuing the Bollea I Lawsuit would be "extremely high." (Recital ¶ D of Ex. C to Plan Supplement, proposed settlement contract between Bollea and the Debtors, doc # 516.)

Indeed, the Florida trial judge said on June 10, 2016, that each side had incurred legal fees as of that time exceeding $10 million.

Therefore, Daulerio objects that the Gawker Media Claims Reserve is insufficient, reserving all rights to further challenge the sufficiency of that reserve, and

3

casting his vote for the proposed amended liquidation plan subject to this reservation of rights.

                                      Respectfully submitted,

Dated: December 5, 2016  
New York, New York

/s/ David Marburger  
Marburger Law LLC  
14650 Detroit Avenue, Suite 450  
Cleveland, Ohio 44107  
E: david@marburger-law.com  
T: 216.930.0500  
Counsel for Daulerio  
pro hac vice motion pending

---

[i] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft) (5065). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

**Notice of Service of Objection**

The undersigned certifies that, on Monday, December 5, 2016, a copy of the foregoing Limited Objection and Reservation of Rights to Confirmation of the Debtor's amended joint liquidation plan was served on those who are listed on this Court's docket as receiving electronic notification via the court's electronic filing system.

/s/ David Marburger
Counsel to Albert James Daulerio