**Hearing Date and Time: December 13, 2016 at 10:00 a.m. (Eastern Time)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GAWKER MEDIA, LLC, | ) | Case No. 16-11700 |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| | ) | |

**LIMITED OBJECTION OF PUBLICIS MEDIA AGENCIES' TO CONFIRMATION OF THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR GAWKER MEDIA GROUP, INC., GAWKER MEDIA LLC, AND GAWKER HUNGARY KFT.**

Starcom Worldwide, Inc. and its affiliated agencies in the media advertising and related business (collectively, the "Publicis Media Agencies," or "Publicis"), by their undersigned counsel, submit this limited objection and reservation of rights (the "Limited Objection") to the Debtors' *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary KFT.* [Docket No. 427] (together, with any and all amendments thereto, the "Plan"). In support of this Limited Objection, Publicis respectfully states the following.

**Preliminary Statement**

The Plan fails to preserve, and in fact abrogates, setoff rights and other rights of secured claimholders. By the injunctions and releases contained within section 9.02, the Plan appears to abrogate all rights of setoff for any work performed or content provided on behalf of the Debtors. Publicis holds claims potentially secured by setoff and/or recoupment rights that are potentially impaired by these injunctions and releases. By this Limited Objection, Publicis seeks the addition of protective language to the Plan, and/or any order confirming the Plan, preserving creditors' rights of setoff and recoupment to the extent that the Plan may abrogate such rights.

**Background**

A.     **General Information**

1.     On June 10, 2016, Debtor Gawker Media LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, Debtors Gawker Media Group, Inc. and Kinja Kft. (collectively with Gawker Media LLC, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.     The Chapter 11 cases of the Debtors are jointly administered and are consolidated for procedural purposes.

3.     On November 2, 2016, the Debtors filed their Disclosure Statement[1] [Dkt. No. 403] in support of their Plan.

4.     A hearing to consider the adequacy of the Disclosure Statement was held on November 3, 2016, and on November 4, 2016, the Court entered the Disclosure Statement Order [Dkt. No. 413] that authorized the Debtors to commence solicitation of acceptances and rejections on the Plan.

5.     The Debtors have since amended their Plan, *see* Docket 427, and a confirmation hearing has been set for December 13, 2016.

B.     **Nature of Publicis' Claims**

6.     Publicis filed timely proofs of claim in each of the Debtors' bankruptcy cases. *See* Claim Nos. 307, 309–10.

7.     Each of Publicis's proofs of claim listed unliquidated amounts that are secured by setoff rights against the respective Debtors. *See* Claim Nos. 307, 309–10. The basis for these claims is that Publicis provided pre- and post-petition media buying, strategy, and related services to its clients. In the course of providing these services, Publicis from time to time

---

[1] Terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

entered into contracts on behalf of one or more of its clients with third party providers of goods and services. In entering these contracts on its clients' behalf, Publicis acts as an agent for a disclosed principal or principals.

8. Publicis places advertising and other content with one or more of the Debtors, on behalf of Publicis's clients. Publicis then engages in a clearance process with the Debtors, whereby the media impressions delivered by the Debtors are confirmed, and the amount owing for those placements is reconciled. Sometimes the clearance process results in additional billings owing to the Debtors; sometimes the clearance generates credits owing back to Publicis.

9. Publicis asserted identical claims for "all credits now or hereafter owing to Publicis on any of the accounts placed with or serviced by the Debtors." See Claim Nos. 307, 309–10. Publicis also asserted that the Debtors were liable for "indemnification, reimbursement, and contribution in connection with any damages or liabilities incurred by Publicis based on the Debtors' failure to fulfill its contractual obligations to Publicis and its clients, or based on any other act or omission of the Debtors and their bankruptcy estates." *See* id.

10. Because this clearance process is still ongoing, Publicis filed its claims as unliquidated. Publicis asserted its claims "with respect to obligations and amounts owing to it that have already accrued, that continue to accrue, and that may accrue in the future." *Id*. Publicis reserved the right, at any time in the future, (i) to amend its claims to state a liquidated balance, and (ii) to seek a judicial estimation of its claims (or any unliquidated amounts asserted therein) pursuant to 11 U.S.C. § 502(c).

11. Publicis is still in the process of clearing and reconciling the outstanding media orders placed on behalf of its clients with the Debtors. This clearance and reconciliation process will require additional time to run its course before Publicis can identify a liquidated amount for its claims. The current indications of the clearance and reconciliation process are that the

potential credits owed to Publicis cannot and will not exceed the Publicis accounts payable owed to the Debtors.

**C.    The Plan**

12.    The Plan preserves, for the Debtors' unilateral benefit, the Debtors' setoff and recoupment rights:

> <u>Set-offs and Recoupments</u>. Except to the extent an Administrative or Priority Claim has been previously Allowed or is Allowed by the Plan, a Debtor may, but shall not be required to, set off or recoup against any Administrative or Priority Claim and the payments or other distributions to be made pursuant to the Plan in respect of such Administrative or Priority Claim, claims of any nature whatsoever which a Debtor may have against the holder of such Administrative or Priority Claim to the extent such claims may be set off or recouped under applicable law, but neither the failure to do so nor the allowance of any Administrative Claim hereunder shall constitute a waiver or release by the applicable Debtor of any such claim or counterclaim that it may have against such holder.

Plan, § 3.06.

13.    However, in section 9.02 of the Plan, entitled "Injunction Against Interference with Plan," the Plan purports to permanently enjoin all creditors from asserting any rights of setoff, and likely also recoupment, in connection with any claims or interests against the Debtors which relate in any way "to work performed or content provided on behalf of the Debtors, except as contemplated or allowed by the Plan," regardless of whether such claims or interests support such rights of setoff. Section 9.02 of the Plan provides:

> UPON THE ENTRY OF THE CONFIRMATION ORDER, EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN, THE CONFIRMATION ORDER, OR A SEPARATE ORDER OF THE BANKRUPTCY COURT, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR EQUITY INTERESTS IN ANY OR ALL OF THE DEBTORS OR RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS (WHETHER PROOF OF SUCH CLAIMS OR EQUITY INTERESTS HAS BEEN FILED OR NOT), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, PRESENT OR FORMER INDEPENDENT

CONTRACTORS, PRESENT OR FORMER CONTENT PROVIDERS, PRESENT OR FORMER WRITERS, AGENTS, OFFICERS, DIRECTORS OR PRINCIPALS ARE PERMANENTLY ENJOINED, ON AND AFTER THE EFFECTIVE DATE, FROM (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING, WITHOUT LIMITATION, ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER FORUM) AGAINST OR AFFECTING (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH PROCEEDINGS AGAINST THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS ARISE OUT OF OR RELATE TO SUCH RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS' WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, (II) ENFORCING, LEVYING, ATTACHING (INCLUDING, WITHOUT LIMITATION, ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR OTHERWISE RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH ACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, (III) CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ENCUMBRANCE OF ANY KIND AGAINST (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH ACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, **(IV) ASSERTING ANY RIGHT OF SETOFF, DIRECTLY OR INDIRECTLY, AGAINST ANY OBLIGATION DUE (A) THE DEBTORS AND THE PROPERTY OF ANY OF THE DEBTORS AND (B) THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS OR THE PROPERTY OF ANY OF THE**

**RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, TO THE EXTENT SUCH ACTIONS RELATE TO WORK PERFORMED OR CONTENT PROVIDED ON BEHALF OF THE DEBTORS, EXCEPT AS CONTEMPLATED OR ALLOWED BY THE PLAN,** (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN, AND (VI) TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN; PROVIDED, HOWEVER, THAT THE FOREGOING INJUNCTION SHALL NOT APPLY TO ACTIONS OR OMISSIONS THAT OCCUR AFTER THE EFFECTIVE DATE.

(emphasis added).

14. By permanently enjoining all creditors from asserting any rights of setoff in connection with any claims or interests in the Debtors' assets, section 9.02 of the Plan abrogates the rights, including those of setoff, of creditors such as Publicis.

### Limited Objection

15. To the extent that section 9.02 of the Plan abrogates, fails to preserve or impairs setoff and recoupment rights in any way, Publicis objects to confirmation of the Plan.

16. The Bankruptcy Code recognizes setoff rights that exist under non-bankruptcy law. *See* 11 U.S.C. § 553(a) ("[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .").

17. A creditor's claim that is subject to setoff is secured to the extent of the amount subject to setoff. *See* 11 U.S.C. § 506(a)(1) ("An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff . . .").

18. As described above, in its proofs of claim, Publicis asserted and reserved its rights of setoff and/or recoupment with respect to amounts possibly due and owing between Publicis and the Debtors. Accordingly, portions of the Publicis's proofs of claim are potentially secured on the basis of setoff and/or recoupment.

19. By the injunctions and releases contained within section 9.02, the Plan appears to abrogate all setoff rights related to any "work performed or content provided on behalf of the Debtors, except as contemplated or allowed by the Plan." The Plan attempts this abrogation of rights even as it unilaterally preserves the Debtors' setoff and recoupment rights. *See* Plan, § 3.06.

20. Publicis holds claims potentially secured by setoff and/or recoupment rights that are potentially impaired by the injunctions and releases contained within section 9.02 of the Plan. To the extent that such rights are impaired, the Plan fails to be "fair and equitable" with respect to secured creditors. *See* 11 U.S.C. § 1129(b)(2)(A).

21. Thus, Publicis files this Limited Objection to the Plan to the extent that the Plan fails to preserve creditors' rights of setoff and recoupment. Subject to this clarification and the relief requested herein, Publicis has no further objection to confirmation of the Plan.

## Reservation of Rights

22. Publicis reserves the right to amend or supplement this Limited Objection or its filed proofs of claim, based upon any facts or arguments that come to light prior to the Hearing on confirmation of the Plan.

WHEREFORE, Publicis respectfully requests that this Court (i) deny confirmation absent a modification of the Plan preserving creditors' rights of setoff and recoupment; and/or (ii) to the extent that the Court enters an order confirming the Plan, such an order will include language that preserves creditors' rights of setoff and recoupment as set forth herein; and (iii) grant such other and further relief as may be just and fitting under the circumstances.

Dated: December 5, 2016

Respectfully submitted,

By: */s/ Casey B. Howard*

Casey B. Howard
LOCKE LORD LLP
Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281
Telephone: 212-812-8342
choward@lockelord.com

*Counsel to Starcom Worldwide, Inc. and its affiliated media agencies*

# CERTIFICATE OF SERVICE

      I, Casey B. Howard, an attorney, certify that on December 5, 2016, I caused the foregoing to be served by electronic notice through the CM/ECF system of the United States Bankruptcy Court for the Southern District of New York on those parties entitled to electronic service, and by electronic mail to the parties identified below:

Gawker Media LLC
c/o Opportune LLP
Attn: William D. Holden, Chief Restructuring Officer
10 East 53rd Street, 33rd Floor
New York, NY 10022
wholden@opportune.com
*Debtor*

Gregg M. Galardi
Ropes & Gray LLP
1211Avenue of the Americas
New York, New York 10036
gregg.galardi@ropesgray.com
*Counsel for the Debtors*

Greg Zipes
Susan Arbeit
Office of the United States Trustee for the Southern District of New York
201 Varick Street, Suite 1006
New York, NY 10014
*U.S. Trustee's Office*

Internal Revenue Service
Attn: Centralized Insolvency Operation
2970 Market Street
Philadelphia, PA 19104
mimi.m.wong@irscounsel.treas.gov
*Internal Revenue Service*

United States Attorney's Office for the Southern District of New York
Attn: Bankruptcy Division
86 Chambers Street, 3rd Floor
New York, NY 10007
david.jones6@usdoj.gov
Jeffrey.Oestericher@usdoj.gov
Joseph.Cordaro@usdoj.gov
Carina.Schoenberger@usdoj.gov
*United States Attorney's Office*

AM 60476155.1

Adam C. Harris
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
adam.harris@srz.com
*Counsel to Cerberus Business Finance, LLC, as DIP Lender*

David Heller
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
david.heller@lw.com
– and –
Keith A. Simon
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
keith.simon@lw.com
*Counsel to US VC Partners LP, as Prepetition Second Lien Lender*

Sandy Qusba
William T. Russell
Simpson Thacher & Bartlett
425 Lexington Ave.
New York, NY 10017
squsba@stblaw.com
wrussell@stblaw.com
*Counsel for the Official Committee of Unsecured Creditors*

                                                */s/ Casey B. Howard* _____
                                                  Casey B. Howard