# Exhibit B

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

    Plaintiff,

vs.

GAWKER MEDIA, LLC aka GAWKER MEDIA; NICK DENTON; A.J. DAULERIO,

    Defendants.

_____/

Case No. 12012447 CI-011



## ORDER ON PROCEEDINGS SUPPLEMENTARY

THIS CAUSE came on to be heard before me on August 11, 2016 at 3:30 p.m. upon the Court's August 1, 2016 Notice For Defendant, A.J. Daulerio ("Mr. Daulerio"), To Appear For Pre-Trial Conference On Proceedings Supplementary and Order To Show Cause As To Why Property Should Not Be Applied To Satisfy Judgment. On August 9, 2016, Mr. Daulerio filed his Response to Notice to Appear and Order to Show Cause, and a supporting Affidavit. During the hearing, Mr. Daulerio filed an additional Affidavit. Counsel for Plaintiff and Mr. Daulerio appeared at the hearing. The Court, having carefully reviewed Plaintiff's underlying motion and supporting evidence, Mr. Daulerio's Response and supporting evidence, the depositions of Heather Dietrick and Nick Denton, as well as the law and further, having heard the arguments of counsel for the parties, having reviewed the Court file, and being otherwise fully advised in the premises, FINDS as follows:

1. Plaintiff, Terry Bollea known professionally as Hulk Hogan ("Mr. Bollea"), is the holder of a Final Judgment against Mr. Daulerio, in the sum of $115,100,000, plus interest, which was entered on June 7, 2016 (the "Final Judgment").

2. The unsatisfied amount of the Final Judgment as to Defendant, A.J. Daulerio, is $115,100,000, which includes the principal amount of $115,000,000, for which Mr. Daulerio is

{BC00098847:1}

jointly and severally liable, and $100,000 in punitive damages for which Mr. Daulerio is individually liable, plus interest.

3. Mr. Bollea has not received any satisfaction of the Final Judgment, in full or in part, and the Final Judgment is valid and outstanding.

4. Mr. Bollea has not conducted discovery in aid of execution, and therefore has not been able to test the assertions made by Mr. Daulerio in his August 9, 2016 and August 11, 2016 Affidavits concerning his current financial condition.

5. Mr. Daulerio is currently residing in Palm Beach County, Florida.

6. The Final Judgment was registered as a Judgment Lien against Mr. Daulerio at 2:43 p.m. on June 10, 2016.

7. Mr. Daulerio possesses at least the following property or assets which may be used to satisfy all or part of the Final Judgment:

   a. 44.7% ownership interest in RGFree, Inc. ("RGFree");
   b. 9,000 shares in Gawker Media Group, Inc. ("GMGI");
   c. J.P. Morgan checking account; and
   d. Rights arising from a policy and practice of GMGI and Gawker Media, LLC ("Gawker"), pursuant to which the companies agreed to defend against and pay all of the Final Judgment entered against Mr. Daulerio.

8. Mr. Daulerio's personal property, including his RGFree stock, is subject to the jurisdiction of this Court by virtue of his current residency in Florida, and therefore subject to Mr. Bollea's June 10, 2016 Judgment Lien.

9. On June 10, 2016, Mr. Daulerio also voluntarily submitted his GMGI stock to the jurisdiction of this Court by offering to pledge it as security in exchange for a stay of execution.

10.  Mr. Daulerio's GMGI stock and RGFree stock are property, not exempt from execution, which may be applied toward the satisfaction of the Final Judgment.

11.  Mr. Daulerio has rights, not exempt from execution, which may be applied toward the satisfaction of the Final Judgment, arising out of a GMGI and Gawker policy and practice, pursuant to which they agreed to defend him against and to pay part or all of the Final Judgment awarded to Mr. Bollea.

12.  Gawker and GMGI are parties to pending bankruptcy proceedings in the Southern District of New York. Consequently, they are protected by the automatic stay under section 362 of the United States Bankruptcy code.

13.  This Order does not adjudicate the validity or enforceability of Mr. Daulerio's rights against Gawker or GMGI, nor does it require any action against Gawker or GMGI, or compel any action by Gawker or GMGI. Absent stay relief authorizing Mr. Bollea to implead GMGI and Gawker in this proceeding supplementary, Mr. Bollea is only entitled to take ownership of Mr. Daulerio's rights against Gawker and GMGI, and to then seek enforcement of those rights against GMGI and Gawker in their pending bankruptcy proceedings; either of which will afford Gawker and GMGI notice and due process.

It is thereupon, ORDERED and ADJUDGED as follows:

1.  Mr. Daulerio's rights to have Gawker and GMGI pay part or all of the Final Judgment are hereby transferred and assigned to Mr. Bollea. Mr. Bollea is hereby deemed to be the owner of the rights, with full power and authority to seek to enforce said rights against Gawker and GMGI subject to the automatic stay under section 362 of the United States Bankruptcy Code; and any payments shall be applied toward satisfaction of the Final Judgment.

2.  Mr. Bollea is entitled to ownership of Mr. Daulerio's GMGI stock, which shall also be applied toward the satisfaction of the Final Judgment. Mr. Bollea may seek to be deemed the

owner of Mr. Daulerio's GMGI stock, including for purposes of any distribution GMGI's bankruptcy proceeding, subject to the automatic stay under section 362 of the United States Bankruptcy Code.

3. Mr. Bollea is also entitled to apply Mr. Daulerio's RGFree stock towards satisfaction of the Judgment. Mr. Daulerio shall deliver his stock certificates to Mr. Bollea's counsel within seven (7) days of the date of this Order, which shall be applied toward the satisfaction of the Final Judgment in accordance with Florida law.

4. Mr. Daulerio shall deliver a fully completed Fact Information Sheet pursuant to paragraph 8 of the Final Judgment by no later than 5:00 p.m. on August 18 2016.

5. Mr. Daulerio shall appear for the taking of his deposition in Palm Beach County, Florida, or at any other location mutually agreeable by the parties, by no later than August 19, 2016.

DONE and ORDERED at Pinellas County, Florida this 16 day of August, 2016.

Hon. Pamela A.M. Campbell
Circuit Court Judge

*Copies furnished to:*
Counsel of Record

{BC00098847:1}                 4