**Exhibit A**

**In re Gawker Media LLC, et al., Case No. 16-11700 (SMB)**
**Summary of Plan Confirmation Objections**

**Unresolved Confirmation Objections**

| Objector and Docket No. | Objection | Response to Objection |
|---|---|---|
| **Charles C. Johnson and Got News LLC**<br><br>[Docket No. 540] | • The Ayyadurai and Terrill Settlements are unreasonable, unfair and inequitable because they do not meet with the first, second, third, and seventh *Iridium* factors. | • As set forth in paragraphs 35-43 of the Brief, the Plan Settlements satisfy the applicable *Iridium* factors.<br>• The $500,000 Terrill Settlement reflects a 5% recovery on her $10 million asserted Claim.<br>• The $750,000 Ayyadurai Settlement reflects a 2.1% recovery on his $35 million asserted Claim.<br>• Due to the uncertainty of the outcome of litigation, and the time and expense necessary to fully litigate the underlying matters, the Debtors held arm's-length negotiations with each of Terrill and Ayyadurai and determined that these settlements were in the best interests of the estates. |
| | • The Third-Party Release, Plan Interference Injunction, and Exculpation provisions of the Plan are improper. | • For the reasons set forth section 56-59 of the Brief, the Third-Party Releases, Plan Interference Injunction and Exculpation provisions of the Plan should be approved. |

| Objector and Docket No. | Objection | Response to Objection |
|---|---|---|
| **Mitchell Williams**<br><br>[Docket No. 545]<br><br>[resolved, but included because (i) XP Vehicles objection arguably incorporates Williams, and (ii) because Williams Objection incorrectly described aspects of the Plan] | • The Plan constitutes *de facto* substantive consolidation of the Debtors. | • The Plan consists of separate plans for each Debtor.<br>• No value is being distributed to GMGI in its capacity the holder of the Equity Interest in Gawker Media prior to payment in full of all the senior unsecured creditors of Gawker Media. |
| | • The Plan gives disparate treatment in violation of Section 1123(a)(4). | • There is no disparate treatment from a settlement of a particular disputed claim, that then receives the same (or voluntarily takes less) as other creditors in the class. |
| | • The Plan contains an impermissible gerrymander.<br>• The Plan "involuntarily" places Williams in the Convenience Class. | • Williams misunderstands that the Plan gives his <u>the option</u> to elect in to the Convenience Class, accepting a settlement of his claim. At present he has no allowable claim (due to direct estoppel under New Jersey law). If and when he has an allowable claim, his claim would be a general unsecured claim at Gawker Media. |
| | • "[The] Gawker Media Claims Reserve is highly contingent and speculative on the outcome of third-party litigation." | • Williams misunderstands the Gawker Media Claims Reserve, apparently thinking it is funded with insurance and other proceeds.  To the contrary, the Gawker Media Claims Reserve will consist of $6.5 million in available Cash on the Effective Date. |
| **XP Vehicles**<br><br>[Docket No. 570] | • "XP Vehicles Group" has submitted certain emails and letters to the Debtors and the Court, which are being filed under separate declaration and/or docketed by the Court, that the Debtors propose be treated as confirmation objections.  Some of them mention confirmation objections filed by other creditors. | • XP Vehicles claims have been disallowed by order of this Court that is not stayed [Docket No. 529].  XP Vehicles is therefore, as law of the case, not a creditor or party in interest, its objections are overruled for that reason.<br>• All of those emails and letters relating to confirmation were sent after the deadline for confirmation objections, and therefore are also denied as untimely.<br>• To the extent that the XP Vehicles Plan objections reference or incorporate other confirmation objections, they are also denied for the same reasons as the other arguments to which they join. |

59689083_13

**Resolved Confirmation Objections, Statements and Submissions**

| Party and Docket No. | Submission | Debtors' Response |
|---|---|---|
| **Limited Objection of Albert James Daulerio ("Daulerio")** [Docket No. 543] | • Daulerio objected to the Plan on the basis that the Gawker Media Claims Reserve amount of $3.75 million is unlikely to be sufficient to benefit the holders of Allowed Gawker Media General Unsecured Claims together with the Allowed Gawker Media Punitive Damage Claims. | • The Debtors and Daulerio have settled Daulerio's Confirmation objection, and the settlement will be described at the Confirmation Hearing.<br>• Contrary to the Daulerio Objection, the Gawker Media Available Assets will be not less than $6.5 million, plus additional contingent proceeds.<br>• As evidence at the Confirmation Hearing will show, that amount should be more than sufficient for the Debtors to support any duty to defend Daulerio that may exist with respect to the Bollea I Lawsuit, as well as to satisfy any Allowed Gawker Media General Unsecured Claims and Allowed Gawker Media Punitive Damage Claims. In any event, such Reserve is an appropriate intercompany settlement. |
| **Publicis Media Agencies ("Publicis")** [Docket No. 544] | • Publicis seeks the addition of protective language to the Plan, and/or any order confirming the Plan, preserving creditors' rights of setoff and recoupment to the extent that the Plan may abrogate such rights. | The Debtors will include language in the proposed Confirmation Order preserving Publicis's rights of setoff and recoupment. |

| Party and Docket No. | Submission | Debtors' Response |
|---|---|---|
| **Certain former and current writers, employees and/or independent contractors of the Debtors** (the "<u>Writers</u>") [Docket No. 546] | • The Writers submit statement in support of the Plan Interference Injunction and Third-Party Release.<br><br>• The Writer's also included a limited objection to the Plan, in the event the Plan Interference Injunction and Third-Party Release of the Plan are not approved –<br><br>   ◦ The Writers reserve the right to assert any and all indemnification claims against the Debtors (¶ 43); and<br><br>   ◦ The Writers assert that the Gawker Media Claims Reserve is insufficient to satisfy their claims (¶ ¶ 44-46). | The Debtors support the arguments in favor of confirmation of the Plan, including the Plan Interference Injunction and Third-Party Release, set forth in the Writers' response. |
| **Amici Curiae Society of Professional Journalists, Reports Committee for Freedom of the Press and 19 Other Media Organizations** (the "<u>Journalist Amici</u>") [Dkt No. 547] | • The Journalist Amici submitted a memorandum of law in support of the Plan arguing, among other things:<br><br>• The First Amendment provides robust protections shielding members of the media from defamation and related litigation.<br><br>• In both the bankruptcy context and other contexts, courts routinely craft special safeguards for gathering and publishing news.<br><br>• Journalists' claims involving indemnification rights against a debtor implicate substantial first amendment interests justifying a third-party release.<br><br>• The equities strongly support protection of journalists and the public's first | The Debtors support the arguments set forth in the memorandum of law. |

59689083_13

| Party and Docket No. | Submission | Debtors' Response |
|---|---|---|
| | amendment interests. | |
| **Ayyadurai and Terrill**<br><br>[Dkt. No. 550] | • Ayyadurai and Terrill reserve rights related to requested change to Plan release provision. | The Debtors anticipate resolving Ayyadurai and Terrill's concerns in advance of the Confirmation Hearing. If they do not, the parties will address any remaining disputes at the Confirmation Hearing. |

59689083_13