**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                   :

In re                               :        Chapter 11
                                     :

Gawker Media LLC, *et al.*,[1]       :        Case No. 16-11700 (SMB)
                                     :

                Debtors.        :        (Jointly Administered)
                                     :
------------------------------------------------------x

### ORDER (I) GRANTING IN PART DEBTORS' FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM FILED BY MEANITH HUON AND (II) SCHEDULING STATUS CONFERENCE

WHEREAS, prior to the petition dates in these chapter 11 cases, Meanith Huon commenced a lawsuit captioned *Huon v. Breaking Media, LLC* [Case No. 11 C 03054, N.D. Ill.] (the "Illinois Federal Case") against each of the above-captioned debtors (the "Debtors") and other non-Debtor parties in the United States District Court for the Northern District of Illinois (the "Northern District of Illinois");

WHEREAS, on December 4, 2014, the Northern District of Illinois granted the Debtors' motion to dismiss pursuant to that certain *Memorandum Opinion and Order* filed at Docket No. 215 therein (the "Dismissal Order"), attached as Exhibit F to the Martin Declaration (as defined below);

WHEREAS, Mr. Huon filed Proofs of Claim Nos. 14, 15, 19, 20, 21, 22, 23, 24, 46, and 47 (the "Huon Claims") against the Debtors in these chapter 11 cases;

WHEREAS, on October 31, 2016, the Debtors filed the *Debtors' First Omnibus Objection to Proofs of Claim filed by Meanith Huon, and Motion to Apply Fed. R. Civ. P.*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (5056). Each Debtor's mailing address is c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

*12(b)(6) and 12(c) Pursuant to Bankruptcy Rules 9014 and 7012* [Docket No. 392] (the "Huon Claims Objection"), regarding the Huon Claims;

WHEREAS, the Huon Claims Objection required responses to be filed on or before November 14, 2016 at 4:00 p.m., and Mr. Huon filed no response;

WHEREAS, on November 14, 2016, the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit Court of Appeals") entered an order in *Huon v. Nick Denton* [No. 15-3049, Docket No. 61] on November 14, 2016 (the "Seventh Circuit Opinion"), attached as Exhibit B to the Martin Declaration, in which the Seventh Circuit Court of Appeals affirmed in part and reversed in part the Dismissal Order;

WHEREAS, on November 14, 2016, the Debtors filed the *Debtors' Motion Pursuant to Bankruptcy Code Sections 105, 502(c) and 1129 and Bankruptcy Rules 3018 and 3021 for Approval of Claims Estimation and Plan Reserve Procedures* [Docket No. 444] (the "Estimation Motion");

WHEREAS, on November 16, 2016, the Debtors sent Mr. Huon a letter dated November 16, 2016 (the "November 16 Letter"), attached as Exhibit I to the *Declaration of D. Ross Martin in Support of the Objection of Debtor Gawker Media LLC to Proof of Claim Nos. 14, 15, 19, 20, 21, 22, 23, 24, 46, 47 filed by Meanith Huon* [Docket No. 499] (the "Martin Declaration"), informing Mr. Huon that the Debtors would be proceeding on the Huon Claims Objection and if necessary seek to estimate the Huon Claims;

WHEREAS, on November 29, 2016, the Debtors filed the (i) *Debtors' Statement in Further Support of their Objection to the Huon Claims [Docket No. 392]* [Docket No. 498] (the "Huon Objection Supplement") and (ii) *Declaration of D. Ross Martin in Support of the*

*Objection of Debtor Gawker Media LLC to Proof of Claim Nos. 14, 15, 19, 20, 21, 22, 23, 24, 46, 47 filed by Meanith Huon* [Docket No. 499] (the "Martin Declaration");

WHEREAS, on December 1, 2016, this Court (the "Court") held a hearing in respect of the Huon Claims Objection and the Estimation Motion (the "Hearing");

WHEREAS, on December 1, 2016, the Debtors, at the Court's direction, filed the *Notice of Adjournment of Hearing on Debtors' Motion Pursuant to Bankruptcy Code Sections 105, 502(c) and 1129 and Bankruptcy Rules 3018 and 3021 for Approval of Claims Estimation and Plan Reserve Procedures* [Docket No. 522], adjourning the hearing on the Estimation Motion to December 13, 2016 at 10:00 a.m.; and

WHEREAS, the Court having reviewed the Huon Claims Objection and the Huon Objection Supplement, and having heard the statements in support of the relief requested therein at the Hearing; and the Court having determined that the legal and factual bases set forth in the Huon Claims Objection, the Huon Objection Supplement and the declarations submitted in support thereof establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AS FOLLOWS:[2]

**Jurisdiction, Venue, and Statutory Bases for Relief**

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.    Venue of this proceeding and the Huon Claims Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any finding of fact or conclusion of law set forth in this Order (including any findings of fact or conclusions of law announced by the Court at the Hearing and incorporated herein) constitutes an order of this Court, it is adopted as such.

3

C.      The statutory predicates for the relief requested in the Huon Claims Objection are section 502 of title 11 of the United States Code, § 101 *et seq.* (the "Bankruptcy Code"); and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

### Notice and Service of the Huon Claims Objection, Huon Objection Supplement, and of Potential Consent to Bankruptcy Court Determination of the Huon Claims

D.      Mr. Huon, appearing *pro se*, filed a motion for admission to practice *pro hac vice* in the related adversary proceeding pending before this Court captioned *Gawker Media LLC v. Meanith Huon* (Adv. Proc. No. 16-01085 (SMB), Case No. 16-11700 (SMB), Bankr. S.D.N.Y.) (the "Adversary Proceeding).  Mr. Huon was admitted to practice *pro hac vice* before the Court on July 8, 2016 [Adversary Proceeding, Docket No. 34].   Mr. Huon filed the *Motion to Dismiss Complaint, or Alternatively, for Mandatory or Permissive Abstention* [Adversary Proceeding, Docket No. 41] (the "Motion to Dismiss") in the Adversary Proceeding on July 13, 2016 and appeared telephonically at a hearing held on August 2, 2016 in respect of the Motion to Dismiss.

E.      The Debtors provided appropriate notice of the Huon Claims Objection and an opportunity for a hearing on the Huon Claims Objection under the circumstances, as evidenced by the *Affidavit of Service* [Docket No. 411].

F.      The Debtors provided adequate service of the Huon Objection Supplement under the circumstances, as evidenced by the *Affidavit of Service* [Docket No. 524].

G.      The Debtors sent Mr. Huon the November 16 Letter, providing Mr. Huon notice of their intent to proceed in the Court with the Huon Claims Objection and the Estimation Motion at the Hearing.

H.      Mr. Huon filed the Huon Claims in these chapter 11 cases, and each such proof of claim asserts liability by attaching a copy of the operative complaint in the Illinois Federal Case.

4

I.       In the Dismissal Order, the Northern District of Illinois dismissed all of the causes of action pending against the Debtors in the Illinois Federal Case.

J.       In the Seventh Circuit Opinion, the Seventh Circuit Court of Appeals reversed the Dismissal Order as to one potential defamatory statement identified on page 20 of the Seventh Circuit Opinion (the "Single Comment"), allowing Mr. Huon's defamation *per se* claim, false-light, and intentional-infliction of emotional distress claims to proceed against the Debtors in respect of the Single Comment.

K.       Paragraphs 28-36 of the Huon Claims Objection described at length (a) the Debtors' position that the Huon Claims are not "personal injury tort or wrongful death claims" within the meaning of such term in 28 U.S.C. § 157(b)(2)(B), (b) the split of precedent regarding that issue, and (c) that Mr. Huon could give consent, express or implied, to the bankruptcy court hearing and determining his claims, whether by claims objection or estimation.

L.       Paragraphs 5-12 of the Huon Objection Supplement gave further notice of Mr. Huon's rights regarding consent to bankruptcy court determination of his claims.

M.       The Debtors' counsel represented at the Hearing that he had discussed with Mr. Huon the Debtors' position that the Court could hear and determine the Huon Claims Objection and the Estimation Motion following issuance of the Seventh Circuit Opinion.

N.       Mr. Huon did not file any responsive pleading to the Huon Claims Objection, the Huon Objection Supplement, or the Estimation Motion.  Mr. Huon did not attend the Hearing.

59907045_6

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      Based on Mr. Huon's failure to respond to the Huon Claims Objection and for the reasons set forth on the record at the Hearing, Mr. Huon has given implied consent for the Court to enter one or more final orders concerning the disallowance, liquidation, or estimation of the Huon Claims for all purposes, including trial.

2.      Huon Claims Nos. 14, 15, 19, 20, 21, 23, and 24 (collectively, the "Duplicative Claims") are disallowed in their entirety as duplicative.

3.      Prime Clerk is authorized and directed to expunge the Duplicative Claims.

4.      Huon Claims Nos. 22, 46, and 47 are disallowed except, in each case, with respect to allegations (collectively, the "Single-Comment Claims") that are solely based on the Single Comment with respect to which the Seventh Circuit Court of Appeals reversed, for the reasons set forth in the Seventh Circuit Opinion, and for any statements and claims that were not appealed from the Dismissal Order, each of which the Court considers to be persuasive authority.

5.      Nothing in this Order shall be construed as a determination by this Court of whether any of the causes of action asserted in the Huon Claims are "personal injury tort or wrongful death claims" within the meaning of such term in 28 U.S.C. § 157(b)(2)(B).

6.      An in-person status conference is set on the Huon Claims Objection (and possible estimation) of the Single-Comment Claims for December 15, 2016 at 10:00 a.m.  Mr. Huon's remaining Single-Comment Claims may be disallowed if he does not appear at such status conference, for failure to respond and default; *provided* that Mr. Huon may appear telephonically upon prior request pursuant to the Court's Chambers Rules.

7.      The Debtors shall serve Mr. Huon with a copy of this Order by email at the email address provided to the Debtors' counsel by Mr. Huon and by First Class U.S. Mail, with the

59907045_6

consequence of failure to appear set forth in conspicuous typeface, within one business day of entry of this Order.

8.      Nothing in this Order precludes the Debtors or other parties in interest from filing additional objections to the Single-Comment Claims, or otherwise seeking to estimate them.

9.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation and implementation of this Order.

New York, New York
Dated: <u>December 12, 2016</u>

                                   <u>/s/ STUART M. BERNSTEIN</u>
                                   THE HONORABLE STUART M BERNSTEIN
                                   UNITED STATES BANKRUPTCY JUDGE