ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                            :
In re                                       :        Chapter 11
                                            :
Gawker Media LLC, *et al.*,[1]              :        Case No. 16-11700 (SMB)
                                            :
                    Debtors.                :        (Jointly Administered)
                                            :
-------------------------------------------------------x

## NOTICE OF DEBTORS' THIRD OMNIBUS
## OBJECTION TO CLAIMS (SATISFIED CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Third Omnibus Objection to Claims (Satisfied Claims)* (the "Objection"), which seeks to alter your rights by disallowing your claims against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **February 14, 2017 at 10:00 a.m. (Eastern Time)** before the Honorable Judge Stuart M. Bernstein, at the United States Bankruptcy Court for the Southern District of New York,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408,

Courtroom No. 723.

     **PLEASE TAKE FURTHER NOTICE** that responses to the Objection and the relief

requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth

the basis for the response or objection and the specific grounds therefore, and shall be filed with

the Court electronically in accordance with General Order M-399 by registered users of the

Court's case filing system (the User's Manual for the Electronic Case Filing System can be

found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy

delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be

actually received no later than **January 26, 2017**, **at 4:00 p.m.** (**Eastern Time)** (the "Response

Deadline"), upon: (i) the Debtors, Gawker Media LLC, c/o Opportune LLP, Attn: William D.

Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022

(wholden@opportune.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of

the Americas, New York, New York 10036, Attn: Gregg M. Galardi

(gregg.galardi@ropesgray.com);  (iii) the Office of the United States Trustee for the Southern

District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes &

Susan Arbeit; (iv) the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970

Market Street, Philadelphia, PA 19104 (mimi.m.wong@irscounsel.treas.gov); (v) the United

States Attorney's Office for the Southern District of New York, Attn: Bankruptcy Division, 86

Chambers Street, 3rd Floor, New York, NY   10007 (david.jones6@usdoj.gov;

Jeffrey.Oestericher@usdoj.gov; Joseph.Cordaro@usdoj.gov; Carina.Schoenberger@usdoj.gov);

(vi) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue,

New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (vii) counsel to US

VC Partners LP, Latham & Watkins LLP, at both 330 North Wabash Avenue, Suite 2800,

Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and 885 Third Avenue, New

York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel for the

Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave.,

New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell

(wrussell@stblaw.com); and (ix) parties that have requested notice pursuant to Bankruptcy Rule

2002.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written

response to the relief requested in the Objection by the Response Deadline, the Bankruptcy Court

may deem any opposition waived, treat the Objection as conceded, and enter an order granting

the relief requested in the Objection without further notice or hearing.

*[Remainder of this page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that a copy of the Objection may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: January 13, 2017
      New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

60298882_5

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-------------------------------------------------------x

**DEBTORS' THIRD OMNIBUS
<u>OBJECTION TO CERTAIN CLAIMS (SATISFIED CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> ATTACHED TO THE ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL,
GREGG M. GALARDI, AT (212) 596-9000.**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft) (5056).  Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. ("Gawker Hungary") as debtors and debtors in possessions (collectively, the "Debtors") in the above-captioned cases (the "Bankruptcy Cases"), hereby file this third omnibus objection (the "Objection") to certain claims identified on **Schedule 1** to Exhibit A attached hereto (the "Satisfied Claims") and seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, disallowing and expunging such Satisfied Claims pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Objection, the Debtors submit the declaration of William D. Holden (the "Holden Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, the Debtors respectfully state as follows:

## BACKGROUND

1.      On June 10, 2016 (the "Petition Date"), Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases. On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 62] (the "Committee").

3.      On July 14, 2016, the Court entered an order [Docket No. 100] appointing Prime Clerk LLC ("Prime Clerk") as the notice and claims agent in these chapter 11 cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise

administer the proofs of claim filed in these chapter 11 cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

4.      On August 11, 2016, the Bankruptcy Court entered an order [Docket No. 168] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases.  Specifically, among other things, the Court established: (a) September 29, 2016, as the deadline for all persons and entities asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, to file written proofs of claim; and (b) December 9, 2016, for all governmental units asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date to file written proofs of claim (together, the "Bar Dates").

5.      In accordance with the Bar Date Order, the Debtors provided written notice of the Bar Dates to all known potential creditors of the Debtors according to the Debtors' books and records at the time of mailing of the notice.  The Debtors also provided written notice of the Bar Dates to each of the parties and entities identified as creditors on each of the Schedules, and, on August 17, 2016 and September 14, 2016, the Debtors published notice of the Bar Dates in the national edition of *USA TODAY*.[2]

6.      To date, over 330 proofs of claim have been filed against the Debtors in these chapter 11 cases.

7.      On July 20, 2016, the Debtors filed their schedules of assets and liabilities with the Court pursuant to section 521 of the Bankruptcy Code (as modified, amended, or supplemented, collectively, the "Schedules").  Under section 1111(a) of the Bankruptcy Code, in

---

[2] *See Affidavit of Publication* [Docket No. 201, 271].

these chapter 11 cases, proofs of claim are deemed filed for claims listed on the Schedules, except claims that were scheduled as disputed, contingent, or unliquidated.

8.      On September 9, 2016, pursuant to this Court's *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry Into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 214] (the "Sale Order"), the Debtors sold substantially all of their assets to Unimoda, LLC ("Unimoda").

9.      On September 30, 2016, the Debtors filed the *Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as was subsequently modified amended on November 2, 2016 and December 11, 2016, the "Plan").

10.     On December 22, 2016, the court confirmed the Plan pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638] (the "Confirmation Order").

## JURISDICTION AND VENUE

11.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicate for the relief requested herein is section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

12.     The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007(d), seeking entry of the Order disallowing and expunging in their entirety the Satisfied Claims identified on Schedule 1 to the Order.

-4-

## BASIS FOR RELIEF

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

15.     The Debtors have authority to file this Objection pursuant to Bankruptcy Rule 3007(d)(5), which authorizes debtors to join in an omnibus fashion those "objections to more than one claim . . . based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order." Fed. R. Bankr. Proc. 3007(d)(5).

## OBJECTION

16.     The Debtors object to 31 Satisfied Claims, each of which is either a proof of claim filed against the Debtors in these chapter 11 cases or is a prepetition liability listed by the Debtors in their Schedules. To ease the administrative burden on this Court and the Debtors' estates during the claims reconciliation process, the Debtors submit this Objection in an omnibus fashion, in accordance with the Bankruptcy Rules.

17.     Following a thorough review of the claims filed by the Bar Dates, the Debtors have determined that the Satisfied Claims should be disallowed and expunged. The Debtors have determined that the obligations asserted in the Satisfied Claims have been fully

-5-

satisfied by either (a) payment in full by the Debtors pursuant to certain orders of this Court, (b) payment by the Debtors of the portion of the claim reflected in the books and records of the Debtors pursuant to certain orders of this Court, or (c) payment in full by Unimoda pursuant to the Sale Order.  Having already recovered on account of these liabilities, holders of the Satisfied Claims are not permitted to receive a double recovery.  Therefore, the Satisfied Claims are unenforceable against the Debtors.  Failure to disallow and expunge the Satisfied Claims could result in the relevant claimants receiving unwarranted recoveries.  Accordingly, the Debtors request that the Court enter the Order disallowing and expunging the Satisfied Claims.

## **RESERVATION OF RIGHTS**

18.    Neither the filing of this Objection nor entry of the Order shall affect any rights of the Debtors, their estates, the Plan Administrator (as defined in the Plan), or any other party in interest in these chapter 11 cases to further object to the Satisfied Claims for any purposes, including, without limitation, allowance and distribution under the Plan, or any rights of the holders of any Claim to contest any objection.

19.    The Debtors and their estates reserve any and all rights to amend, supplement or otherwise modify this Objection or the Order and to file additional objections with respect to any and all claims filed in these chapter 11 cases, including, without limitation, any and all of the Satisfied Claims.  The Debtors and their estates also reserve any and all rights, claims and defenses with respect to any and all of the Satisfied Claims, and nothing included in or omitted from this Objection or the Order is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Satisfied Claims.

60298882_5

## NOTICE

20.     Notice of this Objection has been provided in accordance with the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on July 13, 2016 [Docket No. 93], and the Local Bankruptcy Rules of this Court.  The Debtors respectfully submit that further notice of this Objection is neither required nor necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the court (a) enter the Order and (b) grant such other and further relief as may be just and proper.

Dated: January 13, 2017
      New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

-7-

**<u>Exhibit A</u>**

**Order**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                              :
In re                                         :         Chapter 11
                                              :
Gawker Media LLC, *et al.*,[1]                :         Case No. 16-11700 (SMB)
                                              :
                        Debtors.              :         (Jointly Administered)
                                              :
-------------------------------------------------------X

## ORDER GRANTING DEBTORS' THIRD OMNIBUS
## OBJECTION TO CERTAIN CLAIMS (SATISFIED CLAIMS)

Upon the objection (the "Objection")[2] of the above-caption debtors (collectively,

the "Debtors"), for entry of an order (this "Order") disallowing and expunging the Satisfied

Claims set forth on **Schedule 1** attached hereto; and upon the Holden Declaration; and the Court

having found that it has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and

1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b);

and the Court having found that venue of this proceeding and the Objection is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided,

and it appearing that no other or further notice need be provided; and upon consideration of the

Objection and the Holden Declaration; and the Court having found and determined that the relief

sought in the Objection is in the best interests of the Debtors' estates, creditors, and all parties in

interest and that the legal and factual bases set forth in the Objection establish just cause for the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The relief requested in the Objection is granted to the extent provided herein.

2.      Each of the Satisfied Claims identified on the attached <u>Schedule 1</u> are hereby disallowed and expunged in their entirety for the reasons set forth in the Objection.

3.      Prime Clerk LLC, the Debtors' claims and noticing agent, is authorized to cause the Claims Register to be amended to reflect the terms of this Order.

4.      The disallowance and expunging of the Satisfied Claims shall not create, and is not intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

5.      Entry of this Order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases or to further object to the Satisfied Claims (to the extent such Satisfied Claims are not disallowed and expunged pursuant to this Order) on any grounds whatsoever, at a later date.

6.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Schedule 1</u> annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on <u>Schedule 1</u> annexed hereto.

7.      Notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures [Docket No. 93], and the Local Bankruptcy Rules of this Court are satisfied by such notice.

60298882_5

8.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.       The Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

10.      This Order shall be a final order with respect to each of the Satisfied Claims identified on Schedule 1, annexed hereto, as if each such Satisfied Claim had been individually objected to.

11.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2017
         New York, New York

                                                    _____
                                                    THE HONORABLE STUART M. BERNSTEIN
                                                    UNITED STATES BANKRUPTCY JUDGE

60298882_5

**Schedule 1**

<table>
<tr><td colspan="9"><h2 style="text-align:center">Satisfied Claims</h2>

Note: Claimants are listed alphabetically by last name or by entity name.</td></tr>
</table>

| NO. | CLAIMANT | CASE NUMBER | DEBTOR NAME | SCH NO. | CLAIM NO. | DATE FILED | CLAIM AMOUNT | REASON FOR PROPOSED DISALLOWANCE[1] |
|---|---|---|---|---|---|---|---|---|
| 1 | Akerman LLP c/o Andrea S. Hartley, Esq. 98 SE 7th Street Suite 1100 Miami, FL 33131 | 16-11700 (SMB) | Gawker Media LLC | | 65 | 9/28/2016 | $12,444.00 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 2 | Akerman LLP c/o Andrea S. Hartley, Esq. 98 SE 7th Street Suite 1100 Miami, FL 33131 | 16-11719 (SMB) | Gawker Media Group Inc. | | 64 | 9/28/2016 | $12,444.00 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 3 | Andrássy Palota Kft. 1095 Budapest, Máriássy u. 7 Hungary | 16-11718 (SMB) | Gawker Hungary Kft. (f/k/a Kinja Kft.) | 391199 | | | $1,236.93 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 4 | Atlantic Metro Communications c/o Atlantic Metro Invoice 4 Century Drive, Suite 102 Parsippany, NJ 07054 | 16-11700 (SMB) | Gawker Media LLC | 391169 | | | $641.87 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |

---

[1] See Paragraphs 16-17 of the Objection.

| NO. | CLAIMANT | CASE NUMBER | DEBTOR NAME | SCH NO. | CLAIM NO. | DATE FILED | CLAIM AMOUNT | REASON FOR PROPOSED DISALLOWANCE[1] |
|---|---|---|---|---|---|---|---|---|
| 5 | Cahill Gordon & Reindel LLP Attn: Susan Buckley and Joel H. Levitin 80 Pine Street New York, NY 10005 | 16-11700 (SMB) | Gawker Media LLC | | 28 | 8/24/2016 | $86,865.35 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 6 | CDW, LLC Attn: Ronelle Erickson 200 N. Milwaukee Ave Vernon Hills, IL 60061 | 16-11700 (SMB) | Gawker Media LLC | | 2 | 6/15/2016 | $6,332.17 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 7 | Cogent Communications 2450 N Street NW Washington, DC 20037 | 16-11700 (SMB) | Gawker Media LLC | | 16 | 8/29/2016 | $1,348.33 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 8 | Corbis Corporation 13159 Collections Center Drive Chicago, IL 60693 | 16-11700 (SMB) | Gawker Media LLC | 391109 | | | $1,150.00 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 9 | DoubleVerify, Inc. 575 8th Avenue 8th Floor New York, NY 10018 | 16-11700 (SMB) | Gawker Media LLC | | 328 | 11/17/2016 | $4,012.14 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 10 | Duncan, John 103 East Blithedale Avenue Suite 7 Mill Valley, CA 94941 | 16-11700 (SMB) | Gawker Media LLC | | 17 | 8/29/2016 | $7,256.23 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 11 | Everbank Commercial Finance, Inc. 10 Waterview Boulevard Parsippany, NJ 07054 | 16-11700 (SMB) | Gawker Media LLC | | 31 | 8/29/2016 | $9,132.75 | Claim was fully satisfied by the Debtors in the ordinary course of business. |
| 12 | Fastly, Inc. c/o Bialson, Bergen & Schwab Attn: Thomas M. Gaa 633 Menlo Avenue, Ste 100 Menlo Park, CA 94025 | 16-11700 (SMB) | Gawker Media LLC | | 324 | 11/11/2016 | $76,904.68 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |

60298882_5

| NO. | CLAIMANT | CASE NUMBER | DEBTOR NAME | SCH NO. | CLAIM NO. | DATE FILED | CLAIM AMOUNT | REASON FOR PROPOSED DISALLOWANCE[1] |
|---|---|---|---|---|---|---|---|---|
| 13 | Google, Inc. c/o White and Williams LLP 7 Times Square Suite 2900 New York, NY 10036-6524 | 16-11700 (SMB) | Gawker Media LLC | | 8 | 8/10/2016 | $155,008.79 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 14 | J B Duncan, PC 103 E Blithedale Ave, Suite 7 Mill Valley, CA 94941 | 16-11700 (SMB) | Gawker Media LLC | | 41 | 9/12/2016 | $5,160.00 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 15 | Jalsovszky Law Firm Jalsovszky Ügyvédi Iroda Csörsz u. 41. Budapest 1124 Hungary | 16-11718 (SMB) | Gawker Hungary Kft. (f/k/a Kinja Kft.) | | 287 | 9/29/2016 | $2,157.54 | Claim was fully satisfied by the Debtors in the ordinary course of business. |
| 16 | Magyar Telekom Plc. Peter Benedek, Legal Counsel Krisztina krt. 55. Budapest 1013 Hungary | 16-11718 (SMB) | Gawker Hungary Kft. (f/k/a Kinja Kft.) | | 296 | 9/29/2016 | $2,749.73 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 17 | Magyar Telekom Plc. Peter Benedek, Legal Counsel Krisztina krt. 55. Budapest 1013 Hungary | 16-11718 (SMB) | Gawker Hungary Kft. (f/k/a Kinja Kft.) | | 311 | 9/29/2016 | $2,749.73 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 18 | Metropolitan Cleaning, LLC 142 W. 57th Street New York, NY 10019 | 16-11700 (SMB) | Gawker Media LLC | | 48 | 9/19/2016 | $0.00 | Pre-petition claim fully satisfied by Unimoda pursuant to the Sale Order; post-petition claim fully satisfied by the Debtors |
| 19 | Metropolitan Cleaning, LLC 142 W. 57th Street New York, NY 10019 | 16-11700 (SMB) | Gawker Media LLC | | 318 | 10/12/2016 | $12,066.57 | Pre-petition claim fully satisfied by Unimoda pursuant to the Sale Order; post-petition claim fully satisfied by the Debtors |

| NO. | CLAIMANT | CASE NUMBER | DEBTOR NAME | SCH NO. | CLAIM NO. | DATE FILED | CLAIM AMOUNT | REASON FOR PROPOSED DISALLOWANCE[1] |
|---|---|---|---|---|---|---|---|---|
| 20 | Moat Inc.<br>28 East 28th Street<br>New York, NY 10016 | 16-11700 (SMB) | Gawker Media LLC | | 1 | 6/20/2016 | $15,665.64 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 21 | Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036 | 16-11700 (SMB) | Gawker Media LLC | 391165 | | | $1,673.44 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 22 | Shenker & Bonaparte, LLP<br>1500 SW 1st Ave, #765<br>Portland, OR 97201 | 16-11700 (SMB) | Gawker Media LLC | 391080 | | | $13,566.84 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 23 | Silicon Valley Bank<br>Attn: Jocelyn Hartmann<br>275 Grove Street, Suite 2-200<br>Newton, MA 02466 | 16-11700 (SMB) | Gawker Media LLC | 391172 | | | $6,222,222.00 | Claim was fully satisfied by the Debtors pursuant to the Interim DIP/Cash Collateral Order [Docket No. 38] and the Final DIP/Cash Collateral Order [Docket No. 81] (together, the "DIP Orders") |
| 24 | Silicon Valley Bank<br>Attn: Jocelyn Hartmann<br>275 Grove Street, Suite 2-200<br>Newton, MA 02466 | 16-11700 (SMB) | Gawker Media LLC | 391173 | | | $0.00 | Claim was fully satisfied by the Debtors pursuant to the DIP Orders. |
| 25 | Silicon Valley Bank<br>Attn: Jocelyn Hartmann<br>275 Grove Street, Suite 2-200<br>Newton, MA 02466 | 16-11718 (SMB) | Gawker Hungary Kft. (f/k/a Kinja Kft.) | 391205 | | | $0.00 | Claim was fully satisfied by the Debtors pursuant to the DIP Orders. |
| 26 | Silicon Valley Bank<br>Attn: Jocelyn Hartmann<br>275 Grove Street, Suite 2-200<br>Newton, MA 02466 | 16-11718 (SMB) | Gawker Hungary Kft. (f/k/a Kinja Kft.) | 391103 | | | $0.00 | Claim was fully satisfied by the Debtors pursuant to the DIP Orders. |

| NO. | CLAIMANT | CASE NUMBER | DEBTOR NAME | SCH NO. | CLAIM NO. | DATE FILED | CLAIM AMOUNT | REASON FOR PROPOSED DISALLOWANCE[1] |
|---|---|---|---|---|---|---|---|---|
| 27 | Silicon Valley Bank Attn: Jocelyn Hartmann 275 Grove Street, Suite 2-200 Newton, MA 02466 | 16-11719 (SMB) | Gawker Media Group Inc. | 391076 | | | $0.00 | Claim was fully satisfied by the Debtors pursuant to the DIP Orders. |
| 28 | Silicon Valley Bank Attn: Jocelyn Hartmann 275 Grove Street, Suite 2-200 Newton, MA 02466 | 16-11719 (SMB) | Gawker Media Group Inc. | 391077 | | | $0.00 | Claim was fully satisfied by the Debtors pursuant to the DIP Orders. |
| 29 | The Oliver Group 595 Greenhaven Rd Pawcatuck, CT 06379 | 16-11700 (SMB) | Gawker Media LLC | 391134 | | | $1,928.97 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 30 | Viddler, Inc. 520 Evans Street Suite 1 Bethlehem, PA 18015 | 16-11700 (SMB) | Gawker Media LLC | 391129 | | | $1,000.00 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |
| 31 | Williams & Connolly LLP 725 Twelfth Street NW Washington, DC 20005 | 16-11700 (SMB) | Gawker Media LLC | 391098 | | | $1,500.00 | Claim was fully satisfied by Unimoda pursuant to the Sale Order. |

60298882_5

## **Exhibit B**

## **William D. Holden Declaration**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
Gawker Media LLC, *et al.*,[1]                :        Case No. 16-11700 (SMB)
                                              :
                        Debtors.              :        (Jointly Administered)
                                              :
-------------------------------------------------------x

**DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF THE DEBTORS'
THIRD OMNIBUS OBJECTION TO CERTAIN SATISFIED CLAIMS**

I, William D. Holden, being duly sworn, hereby declare as follows:

    1.      I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media").

As Chief Restructuring Officer I am responsible for all claims management related matters for

the Debtors.   I am generally familiar with the Debtors day-to-day operations, financing

arrangements, business affairs, and books and records that reflect, among other things, the

Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.  I have

read the *Debtors' Third Omnibus Objection to Certain Claims (Satisfied Claims)* (the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker
Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker
Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring
Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o
Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

"<u>Objection</u>") and am directly, or by and through the Debtors' advisors and personnel, familiar with the information contained therein and the exhibits attached thereto.[2]

2.      I am authorized to submit this declaration (this "<u>Declaration</u>") in support of the Objection.  All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my experience and knowledge of the Debtors' operations, books and records, and personnel; (d) information supplied to me by others at the Debtors' request; and (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors.  If called upon to testify, I could and would testify competently to the facts set forth herein.

3.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed against the Debtors in these chapter 11 cases.  Upon a thorough review of the proofs of claim filed in these chapter 11 cases and supporting documentation thereto and the prepetition liabilities listed by the Debtors on their Schedules, the Debtors have determined that the liabilities listed on **<u>Schedule 1</u>** to the order (the "<u>Order</u>") annexed to the Objection (the "<u>Satisfied Claims</u>") should be disallowed and expunged because such claims have been satisfied in full.  Accordingly, to prevent an unwarranted recovery by the claimants asserting the Satisfied Claims to the detriment of other creditors, I believe that this Court should disallow and expunge the Satisfied Claims from the Debtors' Claims Register.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

60298882_5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated: January 13, 2017

_____
William D. Holden