ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :        Case No. 16-11700 (SMB)
                                          :
                    Debtors.              :        (Jointly Administered)
                                          :
-------------------------------------------------------x

### NOTICE OF DEBTORS' FOURTH OMNIBUS
### OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Fourth*

*Omnibus Objection to Claims (Late-Filed Claims)* (the "Objection"), which seeks to alter your

rights by disallowing your claims against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place

on **February 14, 2017 at 10:00 a.m. (Eastern Time)** before the Honorable Judge Stuart M.

Bernstein, at the United States Bankruptcy Court for the Southern District of New York,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408,

Courtroom No. 723.

**PLEASE TAKE FURTHER NOTICE** that responses to the Objection and the relief

requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth

the basis for the response or objection and the specific grounds therefore, and shall be filed with

the Court electronically in accordance with General Order M-399 by registered users of the

Court's case filing system (the User's Manual for the Electronic Case Filing System can be

found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy

delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be

actually received no later than **January 26, 2017**, **at 4:00 p.m.** (**Eastern Time)** (the "Response

Deadline"), upon: (i) the Debtors, Gawker Media LLC, c/o Opportune LLP, Attn: William D.

Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022

(wholden@opportune.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of

the Americas, New York, New York 10036, Attn: Gregg M. Galardi

(gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern

District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes &

Susan Arbeit; (iv) the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970

Market Street, Philadelphia, PA 19104 (mimi.m.wong@irscounsel.treas.gov); (v) the United

States Attorney's Office for the Southern District of New York, Attn: Bankruptcy Division, 86

Chambers Street, 3rd Floor, New York, NY    10007 (david.jones6@usdoj.gov;

Jeffrey.Oestericher@usdoj.gov; Joseph.Cordaro@usdoj.gov; Carina.Schoenberger@usdoj.gov);

(vi) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue,

New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (vii) counsel to US

VC Partners LP, Latham & Watkins LLP, at both 330 North Wabash Avenue, Suite 2800,

Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and 885 Third Avenue, New

York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel for the

Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave.,

New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell

(wrussell@stblaw.com); and (ix) parties that have requested notice pursuant to Bankruptcy Rule

2002.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written

response to the relief requested in the Objection by the Response Deadline, the Bankruptcy Court

may deem any opposition waived, treat the Objection as conceded, and enter an order granting

the relief requested in the Objection without further notice or hearing.

[*Remainder of this page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that a copy of the Objection may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: January 13, 2017
      New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
:
In re                                                       :            Chapter 11
:
Gawker Media LLC, *et al.*,[1]            :            Case No. 16-11700 (SMB)
:
                        Debtors.                     :            (Jointly Administered)
:
-------------------------------------------------------x

## DEBTORS' FOURTH OMNIBUS
## OBJECTION TO CERTAIN CLAIMS (LATE-FILED CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 ATTACHED TO THE ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, GREGG M. GALARDI, AT (212) 596-9000.**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. ("Gawker Hungary") as debtors and debtors in possessions (collectively, the "Debtors") in the above-captioned cases (the "Bankruptcy Cases"), hereby file this fourth omnibus objection (the "Objection") to certain claims identified on **Schedule 1** to Exhibit A attached hereto (the "Late-Filed Claims") and seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, disallowing and expunging such Late-Filed Claims pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").   In support of this Objection, the Debtors submit the declaration of William D. Holden (the "Holden Declaration"), attached hereto as **Exhibit B**.  In further support of this Objection, the Debtors respectfully state as follows:

<u>**BACKGROUND**</u>

1.    On June 10, 2016 (the "Petition Date"), Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases.  On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 62] (the "Committee").

3.    On July 14, 2016, the Court entered an order [Docket No. 100] appointing Prime Clerk LLC ("Prime Clerk") as the notice and claims agent in these chapter 11 cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise

administer the proofs of claim filed in these chapter 11 cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

4.      On August 11, 2016, the Bankruptcy Court entered an order [Docket No. 168] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases.  Specifically, among other things, the Court established: (a) September 29, 2016 (the "General Bar Date"), as the deadline for all persons and entities asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, to file written proofs of claim; and (b) December 9, 2016, for all governmental units asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date to file written proofs of claim (together with the General Bar Date, the "Bar Dates").

5.      In accordance with the Bar Date Order, the Debtors provided written notice of the Bar Dates to all known potential creditors of the Debtors according to the Debtors' books and records at the time of mailing of the notice.  The Debtors also provided written notice of the Bar Dates to each of the parties and entities identified as creditors on each of the Schedules, and, on August 17, 2016 and September 14, 2016, the Debtors published notice of the Bar Dates in the national edition of *USA TODAY*.[2]

6.      To date, over 330 proofs of claim have been filed against the Debtors in these chapter 11 cases.

7.      On July 20, 2016, the Debtors filed their schedules of assets and liabilities with the Court pursuant to section 521 of the Bankruptcy Code (as modified, amended, or supplemented, collectively, the "Schedules").  Under section 1111(a) of the Bankruptcy Code, in

---

[2] *See Affidavit of Publication* [Docket No. 201, 271].

these chapter 11 cases, proofs of claim are deemed filed for claims listed on the Schedules, except claims that were scheduled as disputed, contingent, or unliquidated.

8.      On September 9, 2016, pursuant to this Court's *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry Into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 214] (the "Sale Order"), the Debtors sold substantially all of their assets to Unimoda, LLC ("Unimoda").

9.      On September 30, 2016, the Debtors filed the *Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as was subsequently modified amended on November 2, 2016 and December 11, 2016, the "Plan").

10.     On December 22, 2016, the court confirmed the Plan pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638] (the "Confirmation Order").

## JURISDICTION AND VENUE

11.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicate for the relief requested herein is section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

12.     The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007(d), seeking entry of the Order disallowing and expunging in their entirety the Late-Filed Claims identified on Schedule 1 to the Order.

-4-

**BASIS FOR RELIEF**

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

15.    The Debtors have authority to file this Objection pursuant to Bankruptcy Rule 3007(d)(4), which authorizes debtors to join in an omnibus fashion those "objections to more than one claim . . . based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they were not timely filed." Fed. R. Bankr. Proc. 3007(d)(4).

**OBJECTION**

16.    The Debtors object to 2 Late-Filed Claims filed by the claimants identified on Schedule 1 annexed to the Order (collectively with any transferees, the "Claimants") against the Debtors in these chapter 11 cases. To ease the administrative burden on this Court and the Debtors' estates during the claims reconciliation process, the Debtors submit this Objection in an omnibus fashion, in accordance with the Bankruptcy Rules.

17.    Following a thorough review of the claims filed against the Debtors, the Debtors have determined that the Late-Filed Claims should be disallowed and expunged. Pursuant to the Bar Date Order, a holder of a claim that fails to timely file a proof of claim shall not be treated as a creditor with respect to such claim for the purposes of distributions. *See Bar*

Date Order ¶ 13; *see also* Bankr. Rule 3007(d). Each Late-Filed Claim identified on <u>Schedule 1</u> annexed to the Order (a) arose prior to the Petition Date, (b) was subject to the requirement that it be filed by the applicable Bar Dates (as well as the other provisions of the Bar Date Order) and (c) was nonetheless filed after the applicable Bar Dates. Moreover, each of the Claimants was timely served with a copy of the Bar Date Notice on or before August 25, 2016, and, therefore, had adequate notice of the Bar Dates.[3] The General Bar Date applies to each of the Late-Filed Claims set forth on <u>Schedule 1</u> annexed to the Order. The date that each of the proofs of claim was actually filed is set forth on <u>Schedule 1</u> annexed to the Order under the heading "Date Filed."

18.     Section 502 of the Bankruptcy Code provides for the disallowance of the Late-Filed Claims. Section 502(b) of the Bankruptcy Code states, in relevant part, that "if [an] objection to a claim is made, the court, after notice and a hearing, shall . . . allow such claim . . . except to the extent that . . . proof of such claim is not timely filed." Because each of the Late-Filed Claims was filed in an untimely manner, the Claimants are not entitled to any distribution in respect of such claims and the Late-Filed Claims should be disallowed and expunged on that basis alone in accordance with the applicable provisions of the Bar Date Order and the Bankruptcy Code. Accordingly, the Debtors request that the Court enter the Order disallowing and expunging the Late-Filed Claims.

## <u>RESERVATION OF RIGHTS</u>

19.     Neither the filing of this Objection nor entry of the Order shall affect any rights of the Debtors, their estates, the Plan Administrator (as defined in the Plan), or any other party in interest in these chapter 11 cases to further object to the Late-Filed Claims for any

---

[3] *See Affidavit of Service* [Docket No. 217].

purposes, including, without limitation, allowance and distribution under the Plan, or any rights of the holders of any Claim to contest any objection.

20.    The Debtors and their estates reserve any and all rights to amend, supplement or otherwise modify this Objection or the Order and to file additional objections with respect to any and all claims filed in these chapter 11 cases, including, without limitation, any and all of the Late-Filed Claims.  The Debtors and their estates also reserve any and all rights, claims and defenses with respect to any and all of the Late-Filed Claims, and nothing included in or omitted from this Objection or the Order is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Late-Filed Claims.

## NOTICE

21.    Notice of this Objection has been provided in accordance with the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on July 13, 2016 [Docket No. 93], and the Local Bankruptcy Rules of this Court.  The Debtors respectfully submit that further notice of this Objection is neither required nor necessary.

[*Remainder of this page intentionally left blank*]

60298427_5

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

court (a) enter the Order and (b) grant such other and further relief as may be just and proper.

Dated: January 13, 2017
New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Order**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                       :
In re                                                  :        Chapter 11
                                                       :
Gawker Media LLC, *et al.*,[1]                         :        Case No. 16-11700 (SMB)
                                                       :
                        Debtors.                       :        (Jointly Administered)
                                                       :
-------------------------------------------------------X

### ORDER GRANTING DEBTORS' FOURTH OMNIBUS
### OBJECTION TO CERTAIN CLAIMS (LATE-FILED CLAIMS)

Upon the objection (the "Objection")[2] of the above-caption debtors (collectively,

the "Debtors"), for entry of an order (this "Order") disallowing and expunging the Late-Filed

Claims set forth on **Schedule 1** attached hereto; and upon the Holden Declaration; and the Court

having found that it has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and

1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b);

and the Court having found that venue of this proceeding and the Objection is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided,

and it appearing that no other or further notice need be provided; and upon consideration of the

Objection and the Holden Declaration; and the Court having found and determined that the relief

sought in the Objection is in the best interests of the Debtors' estates, creditors, and all parties in

interest and that the legal and factual bases set forth in the Objection establish just cause for the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The relief requested in the Objection is granted to the extent provided herein.

2.      Each of the Late-Filed Claims identified on the attached Schedule 1 are hereby disallowed and expunged in their entirety for the reasons set forth in the Objection.

3.      Prime Clerk LLC, the Debtors' claims and noticing agent, is authorized to cause the Claims Register to be amended to reflect the terms of this Order.

4.      The disallowance and expunging of the Late-Filed Claims shall not create, and is not intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

5.      Entry of this Order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases or to further object to the Late-Filed Claims (to the extent such Late-Filed Claims are not disallowed and expunged pursuant to this Order) on any grounds whatsoever, at a later date.

6.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Schedule 1 annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on Schedule 1 annexed hereto.

7.      Notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures [Docket No. 93], and the Local Bankruptcy Rules of this Court are satisfied by such notice.

-2-

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

10.      This Order shall be a final order with respect to each of the Late-Filed Claims identified on Schedule 1, annexed hereto, as if each such Late-Filed Claim had been individually objected to.

11.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2017
        New York, New York

_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

60298427_5

**Schedule 1**

<table>
<tr><td colspan="9"><h2 style="text-align:center">Late-Filed Claims</h2>Note: Claimants are listed alphabetically by last name or by entity name.</td></tr>
</table>

| NO. | CLAIMANT | CASE NUMBER | DEBTOR NAME | SCH NO. | CLAIM NO. | DATE FILED | CLAIM AMOUNT | REASON FOR PROPOSED DISALLOWANCE[1] |
|---|---|---|---|---|---|---|---|---|
| 1 | Bose, Rajah [2] 3134 W Grandview Spokane, WA 99224 | 16-11700 (SMB) | Gawker Media LLC | N/A | 331 | 11/29/2016 | $ 4,500.00 | The Claimant was served with a copy of the Bar Date Notice on August 17, 2016. *See* Affidavit of Service [Docket No. 217]. The Claim was filed by the Claimant after the General Bar Date – September 29, 2016. |
| 2 | Bryant, Kevin 79 Waltham St. Unit 4 Boston, MA 02118 | 16-11700 (SMB) | Gawker Media LLC | N/A | 313 | 10/3/2016 | $   200.00 | The Claimant was served with a copy of the Bar Date Notice on August 17, 2016. *See* Affidavit of Service [Docket No. 217]. The Claim was filed by the Claimant after the General Bar Date – September 29, 2016. |

---

[1] See Paragraphs 16-18 of the Objection.
[2] Served at this address as "Rajah Bose Photography."

## Exhibit B

## William D. Holden Declaration

Ropes & Gray LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

--------------------------------------------------------x

### DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT OF THE DEBTORS' FOURTH OMNIBUS OBJECTION TO CERTAIN CLAIMS (LATE-FILED CLAIMS)

I, William D. Holden, being duly sworn, hereby declare as follows:

1.     I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media").

As Chief Restructuring Officer I am responsible for all claims management related matters for

the Debtors.   I am generally familiar with the Debtors day-to-day operations, financing

arrangements, business affairs, and books and records that reflect, among other things, the

Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.  I have

read the *Debtors' Fourth Omnibus Objection to Certain Claims (Late-Filed Claims)* (the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.  Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

"Objection") and am directly, or by and through the Debtors' advisors and personnel, familiar with the information contained therein and the exhibits attached thereto.[2]

2.      I am authorized to submit this declaration (this "Declaration") in support of the Objection.  All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my experience and knowledge of the Debtors' operations, books and records, and personnel; (d) information supplied to me by others at the Debtors' request; and (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors.  If called upon to testify, I could and would testify competently to the facts set forth herein.

3.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed against the Debtors in these chapter 11 cases.

4.      By reviewing the Bar Date Order and other information, the Debtors determined the Bar Date that applies to each of the Late-Filed Claims set forth on the Schedule 1 to the Order under the heading "Reason for Proposed Disallowance."

5.      Prime Clerk LLC ("Prime Clerk"), the Court-appointed claims and noticing agent in these chapter 11 cases, provided the Debtors with information regarding when each of the Late-Filed Claims was received by Prime Clerk.  The date that each of the claims was filed, based upon time stamps and information provided by Prime Clerk, is set forth on Schedule 1 to the Order under the heading "Date Filed."

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

60298427_5

6.      Upon a thorough review of the proofs of claim filed in these chapter 11 cases and supporting documentation thereto and the prepetition liabilities listed by the Debtors on their Schedules, the Debtors have determined that the liabilities listed on **<u>Schedule 1</u>** to the order (the "<u>Order</u>") annexed to the Objection (the "<u>Late-Filed Claims</u>") should be disallowed and expunged because such claims (a) arose prior to the Petition Date, (b) were subject to the requirement that they be filed by the General Bar Date (as well as the other provisions of the Bar Date Order) and (c) were nonetheless filed after the General Bar Date.  Accordingly, to prevent an unwarranted recovery by the claimants asserting the Late-Filed Claims to the detriment of other creditors, I believe that this Court should disallow and expunge the Late-Filed Claims from the Debtors' Claims Register.

*[Remainder of this page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 13, 2017

_____
William D. Holden