**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                             :
In re                                        :    Chapter 11
                                             :
Gawker Media LLC, *et al.*,[1]               :    Case No. 16-11700 (SMB)
                                             :
          Debtors.                           :    (Jointly Administered)
                                             :
------------------------------------------------------x

**SCHEDULING ORDER REGARDING DEBTORS' OBJECTIONS TO**
**PROOFS OF CLAIM OF GOT NEWS LLC AND CHARLES JOHNSON**

WHEREAS, prior to the petition dates in these chapter 11 cases, Got News LLC ("GotNews") and Charles Johnson ("Johnson", and together with GotNews, the "Creditors") commenced a lawsuit captioned *Johnson v. Gawker Media LLC* [Superior Court of California, County of Fresno, Case No. 15 CECG 3734] (the "California Case") against each of the above-captioned debtors (the "Debtors") and other non-Debtor parties in the Superior Court of California, Fresno County (the "California State Court");

WHEREAS, GotNews filed Proofs of Claim Nos. 53, 202 and 298 (the "GotNews Claims"), and Johnson filed Proofs of Claim Nos. 54, 223 and 246 (the "Johnson Claims", and together with the GotNews Claims, the "GotNews/Johnson Claims"), against the Debtors in these chapter 11 cases;

WHEREAS, on October 31, 2016, the Debtors filed the *Debtors' First Omnibus Objection to Proofs of Claim filed by Charles Johnson, and Motion to Apply Fed. R. Civ. P.*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

60496699_1

*12(b)(6) and 12(c) Pursuant to Bankruptcy Rules 9014 and 7012* [Docket No. 396] (the "Johnson Claims Objection"), regarding the Johnson Claims;

WHEREAS, on October 31, 2016, the Debtors filed the *Debtors' First Omnibus Objection to Proofs of Claim filed by GotNews LLC, and Motion to Apply Fed. R. Civ. P. 12(b)(6) and 12(c) Pursuant to Bankruptcy Rules 9014 and 7012* [Docket No. 397] (the "GotNews Claims Objection", and together with the Johnson Claims Objection, the "Claims Objections"), regarding the GotNews Claims;

WHEREAS, on November 16, 2016, the Creditors filed the *Opposition to Omnibus Objections to Proofs of Claim as to Charles C. Johnson and Got News LLC* [Docket No. 452] (the "GotNews/Johnson Response");

WHEREAS, on November 29, 2016, the Debtors filed their Reply in support of the Claims Objections [Docket No. 501] (the "Debtors' Reply");

WHEREAS, the Court held an initial hearing on the Claims Objections on December 1, 2016, and ordered that the parties meet and confer and propose a scheduling order for further proceedings in the contested matters commenced by the Claims Objections;

WHEREAS, the Creditors objected to confirmation of the Debtors' plan of reorganization, such objection was settled as set forth in the Confirmation Order, and the GotNews/Johnson Claims remain against Gawker Media, subject to the existing claims objections, and with a dedicated reserve for such claims of $1.5 million;

WHEREAS, the Parties have agreed to the following schedule, subject to approval and order of the Court, and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AS FOLLOWS:

60496699_1

**Jurisdiction, Venue, and Statutory Bases for Relief**

A. The Court has jurisdiction over the scheduling of briefing of the questions related to the GotNews/Johnson Claims pursuant to 28 U.S.C. §§ 157 and 1334.

B. Venue of this proceeding and the Claims Objections in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief in this order is section 105(a) of title 11 of the United States Code, § 101 *et seq.* (the "Bankruptcy Code"), and section 157(b)(3) of title 28 of the United States Code.

IT IS HEREBY ORDERED:

1. Subject to further order of the Court, briefing and argument shall proceed in two stages.

2. Stage One Briefing. Stage One shall consist of legal briefing and argument on two issues: (a) which of the GotNews/Johnson Claims, if any, are "personal injury tort and wrongful death claims" within the meaning of that term in section 157(b)(2)(B) of the Bankruptcy Code and (b) whether the California Anti-SLAPP statute applies in these contested matters, and if so, in what manner.

3. In light of the existing briefing on the issue described in paragraph 2(a), the Parties need not repeat those arguments and should focus their briefing on (a) the legislative history raised by the Court at the December 1 hearing, including the extent to which such legislative history should be considered on the issue, (b) what determinations this Court could make, such as the ability to enter final orders or judgments on pre-trial dispositive motions, if all of the GotNews/Johnson Claims are "personal injury or wrongful death claims," and (c) what

procedure is appropriate if some of the GotNews/Johnson Claims are, and some are not, "personal injury or wrongful death claims."

4. The Debtors shall file an opening Stage One brief not later than January 25, 2017.

5. The Creditors shall file a responsive Stage One brief not later than February 8, 2017.

6. The Debtors may file a reply Stage One brief not later than February 10, 2017.

7. A hearing shall be held regarding the Stage One issues on February 14, 2017, at 10:00 a.m.

8. <u>Stage Two Briefing</u>. If the Bankruptcy Court determines that resolution of the issue of whether the GotNews/Johnson Claims are "personal injury tort and wrongful death claims" depends on facts, the Parties agree to make good faith efforts to conduct limited discovery and further briefing so that the Court could hear and determine those issues at the March omnibus hearing set for March 7, 2017.

9. Proceedings after decision of the aforementioned matters shall be subject to further order or this Court, on agreement or application of the Parties.

10. Except for limited discovery contemplated by paragraph 8, discovery shall not occur, without further order of the Court, until a ruling after the Stage Two briefing.

11. That this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order to the extent such does not conflict with section 157(b)(2)(B) of the Bankruptcy Code.

New York, New York
Dated: <u>January 24th</u>, 2017

                                      /s/  STUART M. BERNSTEIN
                                      THE HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE

60496699_1