**Hearing Date and Time: February 14, 2017 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: February 10, 2017 at 4:00 p.m. (Eastern Time)**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
---------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 365(f), FED. R. BANKR. P. 6006, AND LBR 6006-1 (I) AUTHORIZING ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES TO 204-210 ELIZABETH STREET LLC, (II) FIXING CURE AMOUNTS IN CONNECTION THERETO, AND (III) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the annexed motion (the

"Motion," a copy of which is attached hereto) of the above captioned debtors (the "Debtors")

will be held before the Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, Courtroom 723, New York, New York

10004 (the "Bankruptcy Court") on **February 14, 2017 at 10:00 a.m. (prevailing Eastern**

**Time)**.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Each Debtor's mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules, and the Local Rules, shall be filed with the Bankruptcy Court, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **February 10, 2017 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") upon the following parties: (i) the Debtors, Attn. William D. Holden (profinvoices@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (vii) counsel to US VC Partners LP, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York

10022, Attn: Adam C. Harris (adam.harris@srz.com); and (ix) those persons who have formally

appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not

received by the Objection Deadline, the Debtors shall, on or after the Objection Deadline, submit

to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Motion,

which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.


Dated: January 31, 2017
     New York, New York          */s/ Gregg M. Galardi*
                                 ROPES & GRAY LLP
                                 Gregg M. Galardi
                                 D. Ross Martin
                                 Joshua Y. Sturm
                                 Jonathan M. Agudelo
                                 1211 Avenue of the Americas
                                 New York, NY 10036-8704
                                 Telephone: (212) 596-9000
                                 Facsimile: (212) 596-9090

                                 *Counsel for the Debtors and Debtors in*
                                 *Possession*

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------x

**DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**11 U.S.C. § 365(F), FED. R. BANKR. P. 6006, AND LBR 6006-1 (I) AUTHORIZING**
**ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL**
**PROPERTY LEASES TO 204-210 ELIZABETH STREET LLC, (II) FIXING CURE**
**AMOUNTS IN CONNECTION THERETO, AND (III) GRANTING RELATED RELIEF**

> **This Omnibus Motion seeks to assign certain unexpired nonresidential real property leases.**
> **If you have received this Motion and are a counterparty to an agreement with the Debtors,**
> **please review Exhibit "B," annexed hereto, to determine if this Motion affects your**
> **unexpired lease and your rights thereunder.**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and

Gawker Hungary Kft. (f/k/a Kinja Kft.) ("Gawker Hungary"), debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully request entry

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Each Debtor's mailing address is c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing assignment of the unexpired nonresidential real property leases identified on **Exhibit B** hereto (the "Assignment Schedule") to 204-210 Elizabeth Street LLC, or its assignee (the "Landlord"), (ii) fixing the cure amounts in connection thereto (the "Cure Amounts"), and (iii) granting related relief.  In support of the foregoing request, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

### Jurisdiction

1.      The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 365 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Gawker Media Petition Date").  On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On June 16, 2016 the Bankruptcy Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6.      On June 24, 2016, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.      The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional factual background regarding the Debtors, their business operations, their capital and debt structure, and the events leading up to the filing of these chapter 11 cases are set forth in detail in the *Declaration of William D. Holden in Support of First Day Motions* [Docket No. 7].

8.      On September 9, 2016, pursuant to this Court's *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry Into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 214], the Debtors sold substantially all of their assets to Unimoda, LLC.

9.      On September 30, 2016, the Debtors filed the *Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as was subsequently modified amended on November 2, 2016 and December 11, 2016, the "Plan").

10.     On December 22, 2016, the Court confirmed the Plan pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638]. The Effective Date (as defined in the Plan) has not yet occurred.

60633417_2

## Gawker Media's Leases at 208-210 Elizabeth Street

11.     Gawker Media is the tenant on three nonresidential real property leases with the Landlord relating to the second, third, and fourth floors and the roof deck at 208-210 Elizabeth Street, New York, New York 10012 (the "Premises"). Under the Leases, Gawker leases the second floor (the "Second Floor Lease"), the third floor (the "Third Floor Lease"), and the fourth floor and roof deck (the "Fourth Floor Lease," and the leases collectively, the "Leases"), respectively. Gawker Media originally leased the Premises for its own office space but moved its office space to a different building in 2015. The term of each of the Leases expires on October 31, 2017.

12.     Each of the Leases permits Gawker Media to sublease the Premises. Gawker Media presently subleases the space covered by the Second Floor Lease to Superdry Wholesale, LLC ("Superdry") (the "Superdry Sublease") and subleases the space covered by the Third Floor Lease and the Fourth Floor Lease to Skillshare, Inc. ("Skillshare") (the "Skillshare Sublease," and together with the Superdry Sublease, the "Subleases"). The term of each of the Subleases expires on October 30, 2017.

13.     Through June 2017, the Debtors will generate approximately $20,022 in gross monthly rental income under the Subleases, which amount will then increase to $21,002 through October 2017, as the monthly rent payments paid by Superdry and Skillshare pursuant to the Subleases are greater than the monthly payments paid by Gawker Media on the Leases. Pursuant to profit sharing provisions in each of the Leases, the Landlord is entitled to 50% of the Debtors' monthly rental income, with certain allowed deductions for the Debtors' expenses. Accounting for these deductions, the Debtors and the Landlord each generated $6,860 in net monthly rental income on account of the Subleases in January 2017.

14.    On November 16, 2016, the Debtors filed motions to assume each of the Leases, Subleases, and related sublease consents.  *See* Docket Nos. 455-57.  On December 1, 2016, the Court entered orders approving assumption of the foregoing contracts as of the same date.[2]  The Debtors are current on their obligations under the Leases and the Subleases (collectively, the "Contracts"), and no monetary defaults exist therein.

15.    Following negotiations among the Debtors and the Landlord, the parties have reached an agreement pursuant to which the Debtors will seek to assign the Contracts to the Landlord.  If the Motion is approved, the Contracts will be assigned to the Landlord or its assignee and the Landlord will receive the security deposits required by the Subleases.  The Landlord will also:

- assume all of the Debtors' obligations under the Contracts as of the Assignment Date;
- make a lump sum payment to the Debtors of $61,298, which consists of one half of the total net rental income that the Debtors expect to generate on the Subleases as of February 1, 2017 (the "Assignment Date") through the term of the Subleases (the "Landlord Payment");
- reimburse the Debtors $42,722.92, for the payments attributed to property taxes that the Debtors have already paid to the Landlord, from the Assignment Date through June 30, 2017, (the "Property Tax Reimbursement"); and
- release to the Debtors the security deposits that the Landlord is holding in respect of the Leases, totaling $315,203.53 (the "Security Deposit Payment," and together with the Landlord Payment and the Property Tax Reimbursement, the "Payments").

---

[2] *Order Approving Debtors' Motion for Entry for an Order Pursuant to 11 U.S.C. §§ 365(a), Fed. R. Bankr. P. 6006, and LBR 6006-1 (I) Authorizing Assumption of Certain Unexpired Nonresidential Real Property Sublease with Superdry Wholesale, LLC, (II) Fixing Cure Amounts in Connection Thereto, and (III) Granting Related Relief* [Docket No. 517]; *Order Approving Debtors' Motion for Entry for an Order Pursuant to 11 U.S.C. §§ 365(a), Fed. R. Bankr. P. 6006, and LBR 6006-1 (I) Authorizing Assumption of Certain Unexpired Nonresidential Real Property Leases and Executory Contracts, (II) Fixing Cure Amounts in Connection Thereto, and (III) Granting Related Relief* [Docket No. 518]; and *Order Approving Debtors' Motion for Entry for an Order Pursuant to 11 U.S.C. §§ 365(a), Fed. R. Bankr. P. 6006, and LBR 6006-1 (I) Authorizing Assumption of Certain Unexpired Nonresidential Real Property Sublease with Skillshare, Inc., (II) Fixing Cure Amounts in Connection Thereto, and (III) Granting Related Relief* [Docket No. 519].

60633417_2

**Relief Requested**

16.     By this Motion, the Debtors seek entry of an order (i) authorizing the assignment of the Contracts to the Landlord, (ii) fixing Cure Amounts related to the Contracts at $0, and (iii) granting certain related relief.  The Debtors reserve the right to withdraw this Motion to the extent that the Court orders the payment of any Cure Amounts greater than $0 as a condition to the assignment of the Contracts.

**Basis for Relief**

**A.     The Landlord Will Provide Adequate Assurance of Future Performance of the Debtors' Obligations Under the Contracts**

17.     Bankruptcy Code section 365(f)(2) provides that a debtor in possession may assign an unexpired lease if (i) the debtor first assumes such lease in accordance with the provisions of Bankruptcy Code section 365(f) and (ii) adequate assurance of future performance by the assignee of such lease is provided, whether or not there has been a default in such lease. The Debtors respectfully submit that both conditions are met here.  In the present circumstances these two conditions are satisfied. As noted above, the first condition is satisfied because the Debtors have previously assumed the Contracts in accordance with Bankruptcy Code section 365(f).

18.     The second condition is also satisfied.  In particular, the Debtors may assign the Contracts pursuant to Bankruptcy Code section 365 and thereby obtain their attendant benefits subsequent to their assumption of the contracts, at least until the effective date of the Plan.  *In re Eastman Kodak Co.*, 495 B.R. 618, 622-24 (Bankr. S.D.N.Y. 2013) (Bankruptcy Code section 365(d)(4) did not cut off debtor's assignment rights in a previously assumed unexpired commercial lease; debtor has broad rights to benefit from beneficial contracts and thereby

9

maximize the value of the estate).  Here, such assignment is proper as the Landlord will provide

adequate assurance of future performance with respect to the Contracts.

19.     Specifically, the meaning of "adequate assurance of future performance" depends

on the facts and circumstances of each case, but should be given a "practical, pragmatic

construction."    *EBG Midtown S. Corp. v. McLaren/Hart Env. Eng'g Corp (In re Sanshoe*

*Worldwide Corp.)*, 139 B.R. 585, 593 (S.D.N.Y. 1992); *see also In re Prime Motor Inns Inc.*,

166 B.R. 993, 997 (Bankr. S.D. Fla. 1994) ("[a]lthough no single solution will satisfy each case,

the required assurance will fall considerably short of an absolute guarantee of performance.").

Here, the Landlord, as owner of the Premises, has the prime financial motivation to maintain the

Premises and fulfill its obligations under the Contracts.

20.     Moreover, the assignment of the Contracts to the Landlord is in the best interest

of the Debtors estates and stakeholders.  Specifically, not only does the assignment of the

Contracts provide tangible financial benefits to the Debtors' estates – the Payments will be used

to make distributions to Gawker Media's creditors in accordance with the Plan, but also Gawker

Media will be relieved of the burden of having continuing obligations under the Contracts.  The

Debtors have no interest in the Premises other than collection of the rental income generated by

the Subleases.

## Notice

21.     Notice of this Motion has been provided to each counterparty listed on the

Assignment Schedule and to other parties in interest in accordance with the *Order Pursuant to*

*11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and*

*Case Management Procedures* [Docket No. 93] and the applicable Bankruptcy Rules and the

10

Local Rules.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**<u>No Previous Request</u>**

22.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**<u>Conclusion</u>**

23.    The Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: January 31, 2017
       New York, New York                    */s/ Gregg M. Galardi*
                                             ROPES & GRAY LLP
                                             Gregg M. Galardi
                                             D. Ross Martin
                                             Jonathan M. Agudelo
                                             1211 Avenue of the Americas
                                             New York, NY 10036-8704
                                             Telephone: (212) 596-9000
                                             Facsimile: (212) 596-9090
                                             gregg.galardi@ropesgray.com
                                             ross.martin@ropesgray.com
                                             jonathan.agudelo@ropesgray.com

                                             *Counsel to the Debtors*
                                             *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

60633417_2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                   :

In re                                :        Chapter 11

                                   :

Gawker Media LLC, *et al.*,[1]      :        Case No. 16-11700 (SMB)

                                   :

               Debtors.        :        (Jointly Administered)

                                   :

-------------------------------------------------------x

## ORDER GRANTING DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 365(f), FED. R. BANKR. P. 6006, AND LBR 6006-1 (I) AUTHORIZING ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES TO 204-210 ELIZABETH STREET LLC, (II) FIXING CURE AMOUNTS IN CONNECTION THERETO, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors"), for an order, pursuant to section 365(f) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order (i) authorizing assignment of the unexpired nonresidential real property leases identified on Exhibit 1 hereto (the "Assignment Schedule"), (ii) fixing cure amounts in connection thereto, and (iii) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Each Debtor's mailing address is c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted as provided herein.

2.    The Contracts are unexpired leases of nonresidential real property capable of being assigned pursuant to Bankruptcy Code section 365.

3.    The Cure Amount in connection with the assumption of the Contract is $0.  The Debtors shall not be required to make any further payment in connection with any default under the Contracts listed on the Assignment Schedule effective as of February 1, 2017 (the "Assignment Date").

4.    The Debtors are authorized, in accordance with Bankruptcy Code section 365, to assign the Contracts set forth on the Assignment Schedule effective as of the Assignment Date.

5.    The Landlord has provided adequate assurance of future performance of the Debtors' obligations under the Contracts, and no further showing of adequate assurance is necessary.

6.    The Landlord is directed to make the Landlord Payment, the Security Deposit Payment, and the Property Tax Reimbursement to the Debtors on the later of (i) five (5) business days following the date of this Order and (ii) one (1) business day after the date that the Landlord

-2-

is provided with the security deposit, letter of credit, or other form of guaranty of payment of the security deposit in respect of the Subleases.

7.      Nothing in this order constitutes a waiver of any claims the Debtors may have against the counterparty to the Contracts, whether or not such claims are related to the Contracts.

8.      Notice of the Motion satisfies Bankruptcy Rule 6006 and Local Rule 6006-1.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation and/or implementation of this Order.


Dated: New York, New York
        _____, 2017

                                          _____
                                          HONORABLE STUART M. BERNSTEIN
                                          UNITED STATES BANKRUPTCY JUDGE

60633417_2

## **Exhibit 1**

[Assignment Schedule]

## **Exhibit B**

[Assignment Schedule]

## ASSIGNMENT SCHEDULE

| Row | Contract Counterparty to the contract to be assigned | Debtor Counterparty to the contract to be assigned | Proposed Assignee | Description of Contract or Lease and Nature of Debtor's Interest | Nature of Debtor Interest | Effective Assignment Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| 1 | 204-210 Elizabeth Street LLC | Gawker Media LLC | 204-210 Elizabeth Street LLC or its assignee | Agreement of Lease (including Rider) made as of December 1, 2013 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof) relating to 208-210 Elizabeth Street, New York, New York 10012, 2nd Floor | Lessee | February 1, 2017 | $0.00 |
| 2 | 204-210 Elizabeth Street LLC | Gawker Media LLC | 204-210 Elizabeth Street LLC or its assignee | Agreement of Lease (including Rider) made as of October 3, 2012 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof) relating to 208-210 Elizabeth Street, New York, New York 10012, 3rd Floor | Lessee | February 1, 2017 | $0.00 |
| 3 | 204-210 Elizabeth Street LLC | Gawker Media LLC | 204-210 Elizabeth Street LLC or its assignee | Agreement of Lease (including Rider) made as of October 3, 2012 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof) relating to 208-210 Elizabeth Street, New York, New York 10012, 4th Floor and Roof Deck | Lessee | February 1, 2017 | $0.00 |
| 4 | Skillshare, Inc. | Gawker Media LLC | 204-210 Elizabeth Street LLC or its assignee | Sublease dated as of June 19, 2015 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof) | Sublessor | February 1, 2017 | $0.00 |

2

60633417_2

| Row | Contract Counterparty to the contract to be assigned | Debtor Counterparty to the contract to be assigned | Proposed Assignee | Description of Contract or Lease and Nature of Debtor's Interest | Nature of Debtor Interest | Effective Assignment Date | Cure Amount |
|---|---|---|---|---|---|---|---|
| | | | | relating to 208-210 Elizabeth Street, New York, New York 10012, 3rd Floor, 4th Floor, and Roof Deck | | | |
| 5 | Superdry Wholesale, LLC | Gawker Media LLC | 204-210 Elizabeth Street LLC or its assignee | Sublease dated as of July 8, 2015 (as may have been amended, modified, or supplemented from time to time and in effect as of the date hereof) relating to 208-210 Elizabeth Street, New York, New York 10012, 2nd Floor | Sublessor | February 1, 2017 | $0.00 |