ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:
In re                                                                     :          Chapter 11
:
Gawker Media LLC, *et al.*,[1]                              :          Case No. 16-11700 (SMB)
:
                Debtors.          :          (Jointly Administered)
:
------------------------------------------------------x

**DECLARATION OF WILLIAM D. HOLDEN IN SUPPORT
OF THE DEBTORS' OBJECTIONS TO CERTAIN CLAIMS**

I, William D. Holden, being duly sworn, hereby declare as follows:

    1.    I am the Chief Restructuring Officer of Gawker Media LLC ("Gawker Media"). As Chief Restructuring Officer I am responsible for all claims management related matters for the Debtors. I am generally familiar with the Debtors day-to-day operations, financing arrangements, business affairs, and books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date. I have read the *Debtors' Objection to the Claim of Hartford Fire Insurance Company (Claim No. 7);* the *Debtors' Objection to the Claim of the New York State Department of Labor, Unemployment*

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

*Insurance Division (Claim No. 10);* the *Debtors' Objection to the Claim of National Union Fire Insurance Company of Pittsburgh, P.A. (Claim No. 32);* the *Debtors' Objection to the Claim of Innovid Inc. (Claim No. 35);* the *Debtors' Objection to the Claims of Federal Insurance Company (Claim Nos. 43 and 44);* the *Debtors' Objection to the Claim of the Comptroller of Maryland (Claim No. 316); and* the *Debtors' Objection to the Claims of Aladar Baldauf (Claim Nos. 326 and 332).* (collectively, the "Objections") and am directly, or by and through the Debtors' advisors and personnel, familiar with the information contained therein and the exhibits attached thereto.[2]

2.  I am authorized to submit this declaration (this "Declaration") in support of the Objections. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my experience and knowledge of the Debtors' operations, books and records, and personnel; (d) information supplied to me by others at the Debtors' request; and (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

3.  To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed against the Debtors in these chapter 11 cases. Upon a thorough review of the proofs of claim filed in these chapter 11 cases and supporting documentation thereto and the prepetition liabilities listed by the Debtors on their Schedules, the Debtors have determined that the claims listed on **Schedule 1** to each of the proposed orders (each such claim, a "Claim," and collectively, the "Claims")

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objections.

-2-

annexed to the Objections should be disallowed and expunged because the Debtors are not liable for each Claim for the reasons set forth in the corresponding column under the heading "Reason for Proposed Disallowance."

4. With respect to the Claims filed by Aladar Baldauf in particular, I understand that Mr. Baldauf filed Claims relating to a judgment entered by a court in Hungary, which itself was based on a photograph that Mr. Baldauf alleges was used without license or authority. Based on my review of the Debtors' books and records, Gawker Hungary hosted the blog containing the photograph on its platform, but did not generate any revenue from the blog or have any rights in the content created by the blog. The blog was transferred to a third party as of October 1, 2015, together with any of Gawker Hungary's rights in the blog. The third party owner removed the photograph from the blog in May 2016. Gawker Hungary was subject to a judgment entered by a court in Hungary dated September 30, 2015, in which the court entitled Mr. Baldauf HUF 12700 (approximately $44 in United States Dollars) from Gawker Hungary (the "Lower Court Judgment"). Gawker Hungary satisfied the Lower Court Judgment and paid Mr. Baldauf on or about July 20, 2016.

5. To prevent an unwarranted recovery by the claimant in respect of the Claim to the detriment of other creditors and parties and interest, I believe that this Court should disallow and expunge the Claims from the Claims Register.

[*Remainder of this page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 3, 2017

_____
William D. Holden