Hearing Date and Time: March 7, 2017 at 10:00 a.m. (Eastern Time)
Response Deadline: February 16, 2017 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
In re                                                  :    Chapter 11
                                                       :
Gawker Media LLC, *et al.*,[1]                         :    Case No. 16-11700 (SMB)
                                                       :
          Debtors.                                     :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

**DEBTORS' OBJECTION TO THE CLAIM OF
THE NEW YORK STATE DEPARTMENT OF LABOR,
<u>UNEMPLOYMENT INSURANCE DIVISION (CLAIM NO. 10)</u>**
(NO LIABILITY CLAIM OBJECTION)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE A CERTAIN PROOF OF CLAIM. A CLAIMANT RECEIVING THIS OBJECTION SHOULD LOCATE ITS NAME AND CLAIM ON <u>SCHEDULE 1</u> ATTACHED TO THE PROPOSED ORDER.**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, GREGG M. GALARDI, AT (212) 596-9000.**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

60702343_2

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. ("Gawker Hungary") as debtors and debtors in possessions (collectively, the "Debtors") in the above-captioned cases (the "Bankruptcy Cases"), hereby file this objection (the "Objection") to the claim identified on **Schedule 1** to Exhibit A (the "Claim") and seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, disallowing and expunging the Claim pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Objection, the Debtors submit the declaration of William D. Holden (the "Holden Declaration") contemporaneously herewith. In further support of this Objection, the Debtors respectfully state as follows:

## BACKGROUND

1. On June 10, 2016 (the "Petition Date"), Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI, and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases. On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 62] (the "Committee").

3. On July 14, 2016, the Court entered an order [Docket No. 100] appointing Prime Clerk LLC ("Prime Clerk") as the notice and claims agent in these chapter 11 cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise

-2-

60702343_2

administer the proofs of claim filed in these chapter 11 cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

4. On August 11, 2016, the Bankruptcy Court entered an order [Docket No. 168] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases. Specifically, among other things, the Court established: (a) September 29, 2016, as the deadline for all persons and entities asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, to file written proofs of claim; and (b) December 9, 2016, for all governmental units asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date to file written proofs of claim (together, the "Bar Dates").

5. In accordance with the Bar Date Order, the Debtors provided written notice of the Bar Dates to all known potential creditors of the Debtors according to the Debtors' books and records at the time of mailing of the notice. The Debtors also provided written notice of the Bar Dates to each of the parties and entities identified as creditors on each of the Schedules, and, on August 17, 2016 and September 14, 2016, the Debtors published notice of the Bar Dates in the national edition of *USA TODAY*.[2]

6. To date, over 330 proofs of claim have been filed against the Debtors in these chapter 11 cases.

7. On July 20, 2016, the Debtors filed their schedules of assets and liabilities with the Court pursuant to section 521 of the Bankruptcy Code (as modified, amended, or supplemented, collectively, the "Schedules"). Under section 1111(a) of the Bankruptcy Code, in these chapter 11 cases, proofs of claim are deemed filed for claims listed on the Schedules.

---

[2] *See Affidavit of Publication* [Docket No.201, 271].

8. On September 9, 2016, pursuant to this Court's *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry Into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 214], the Debtors sold substantially all of their assets to Unimoda, LLC.

9. On December 11, 2016, the Debtors' filed the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 576, Exhibit A] (as may be subsequently amended or modified, the "Plan").

10. On December 22, 2016, the court confirmed the Plan pursuant to the Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. [Docket No. 638]. The Plan's Effective Date (as defined in the Plan) will occur as soon as the Debtors complete the preparation of their tax returns for 2016, which they anticipate doing before the end of the first quarter of 2017.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

12. The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007(d), seeking entry of the Order disallowing and expunging the Claim in its entirety.

-4-

**BASIS FOR RELIEF**

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

**OBJECTION**

15.     The Debtors have carefully reviewed the Claim and their books and records. Following this review, the Debtors have determined that no amounts are due and owing on account of the Claim and there is insufficient evidence to support the claimant's assertion of a valid claim against a Debtor as stated on the proof of claim form in respect of the Claim.

16.     Therefore, the Debtors are not liable for the Claim. If the Claim is not disallowed and expunged, then the claimant asserting the Claim may potentially receive a wholly improper recovery to the detriment of other parties in these chapter 11 cases. The Debtors request that the Court enter the Order disallowing and expunging the Claim in its entirety.

**RESERVATION OF RIGHTS**

17.     Neither the filing of this Objection nor entry of the Order shall affect any rights of the Debtors, their estates, the Plan Administrator (as defined in the Plan), or any other party in interest in these chapter 11 cases from any and all rights to amend, supplement or otherwise modify this Objection or the Order and to file further objections with respect to the

Claim for any purpose. The Debtors and their estates also reserve any and all rights, claims and defenses with respect to the Claim, and nothing included in or omitted from this Objection or the Order is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Claim.

## **NOTICE**

18.    Notice of this Objection has been provided in accordance with the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on July 13, 2016 [Docket No. 93], and the Local Bankruptcy Rules of this Court. The Debtors respectfully submit that further notice of this Objection is neither required nor necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the court (a) enter the Order, and (b) grant such other and further relief as may be just and proper.

Dated: February 3, 2017
       New York, New York

*/s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Debtors
and Debtors in Possession*