ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
:
In re                                          :          Chapter 11
:
Gawker Media LLC, *et al.*,[1]                 :          Bankruptcy Case No. 16-11700 (SMB)
:
Debtors.                       :          (Jointly Administered)
:
------------------------------------------------------x

### NOTICE OF GAWKER MEDIA'S (I) OBJECTION TO NYC CLAIM PURSUANT TO BANKRUPTCY CODE SECTION 502(B) AND (II) MOTION FOR A FINAL DETERMINATION OF TAX LIABILITY FOR 2013, 2014 AND 2015 NYC TAXES PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 505(A)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Gawker Media's (I) Objection to NYC Claim Pursuant to Bankruptcy Code Section 502(b) and (II) Motion for a Final Determination of Tax Liability for 2013, 2014 and 2015 NYC Taxes Pursuant to Bankruptcy Code Sections 502(b) and 505(a)* (the "Objection"), which seeks to alter the rights of the City of New York Department of Finance ("NYC") by allowing Claim No. 330 filed by NYC against the above-captioned Debtor Gawker Media LLC ("Gawker Media") in the reduced amount of $9,250 for the tax year 2015, and determining that Gawker Media does not have any

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

further NYC tax liability for the tax years 2013, 2014 and 2015.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **March 22, 2017 at 10:00 a.m. (Eastern Time)** before the Honorable Judge Stuart M. Bernstein, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Courtroom No. 723.

**PLEASE TAKE FURTHER NOTICE** that responses to the Objection and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **March 13, 2017**, **at 4:00 p.m**. **(Eastern Time)** (the "Response Deadline"), upon: (i) Gawker Media, c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022 (wholden@opportune.com); (ii) counsel for Gawker Media, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970 Market Street, Philadelphia, PA 19104 (mimi.m.wong@irscounsel.treas.gov); (v) the

United States Attorney's Office for the Southern District of New York, Attn: Bankruptcy Division, 86 Chambers Street, 3rd Floor, New York, NY 10007 (david.jones6@usdoj.gov; Jeffrey.Oestericher@usdoj.gov; Joseph.Cordaro@usdoj.gov; Carina.Schoenberger@usdoj.gov); (vi) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (vii) counsel to US VC Partners LP, Latham & Watkins LLP, at both 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); and (ix) parties that have requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection by the Response Deadline, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

[*Remainder of this page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that a copy of the Objection may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: February 17, 2017<br>New York, New York | */s/ Gregg M. Galardi*<br>ROPES & GRAY LLP<br>Gregg M. Galardi<br>D. Ross Martin<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>gregg.galardi@ropesgray.com<br>ross.martin@ropesgray.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* |

Hearing Date and Time: March 22, 2017 at 10:00 a.m. (Eastern Time)
Response Deadline: March 13, 2017 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x
                                                   :
In re                                              :    Chapter 11
                                                   :
Gawker Media LLC, *et al.*,[1]                     :    Bankruptcy Case No. 16-11700 (SMB)
                                                   :
             Debtors.                              :    (Jointly Administered)
                                                   :
---------------------------------------------------x

**GAWKER MEDIA'S (I) OBJECTION TO NYC CLAIM
PURSUANT TO BANKRUPTCY CODE SECTION 502(B) AND (II) MOTION
FOR A FINAL DETERMINATION OF TAX LIABILITY FOR 2013, 2014 AND 2015
NYC TAXES PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 505(A)**

Gawker Media LLC ("Gawker Media"), as a debtor and debtor in possession in the above-referenced jointly administered cases (the "Bankruptcy Cases"), hereby (i) submits this objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007(a) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to Claim No. 330 (the "NYC Claim")[2] filed by the City of New York, Department of Finance ("NYC") and (ii) moves pursuant to sections 502(b) and 505(a) of the

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] A true and correct copy of the NYC Claim is attached as Exhibit B hereto.

60923923_3

Bankruptcy Code for this Court to determine Gawker Media's NYC tax liabilities for the tax years 2013, 2014 and 2015 (collectively, the "Objection"). In support of this Objection, Gawker Media respectfully represents and sets forth as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157, 1334 and 2201(a), as well as sections 105(a), 106 and 505(a) of the Bankruptcy Code. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The statutory predicates for the relief requested herein are sections 105(a), 502 and 505(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9014.

## RELIEF REQUESTED

2.  By this Objection, Gawker Media requests the entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, allowing the NYC Claim in the reduced amount of the 2015 NYC Balance (as defined below) based on a determination, under Bankruptcy Code sections 502 and 505, that Gawker Media has no NYC tax liability for the tax years 2013, 2014 and 2015 except for the NYC Balance.

## BACKGROUND

### I. THE BANKRUPTCY CASES

3.  On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. (f/k/a Kinja Kft., "Gawker Hungary") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the filing date in respect of each Debtor, the "Petition Date"). Gawker Media, Gawker Hungary and GMGI (the "Debtors") are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2

4. No request for the appointment of a trustee or examiner has been made in the Bankruptcy Cases. On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 62] (the "Committee").

5. On July 14, 2016, the Court entered an order appointing Prime Clerk LLC ("Prime Clerk") as the notice and claims agent in the Bankruptcy Cases and authorizing Prime Clerk to, among other things, (a) receive, maintain, and record and otherwise administer the proofs of claim filed in the Bankruptcy Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register") [Docket No. 100].

6. On August 11, 2016, the Court entered an order establishing December 9, 2016 (the "Governmental Bar Date") as the deadline for all governmental units to file written proofs of claim asserting any claim against the Debtors that arose on or prior to the Petition Date [Docket No. 168] (the "Bar Date Order").

7. In accordance with the Bar Date Order, the Debtors provided written notice of the Governmental Bar Date to NYC, among others.

8. On November 21, 2016, NYC filed the NYC Claim. *See infra* ¶ 21.

9. On December 2, 2016, the Debtors filed the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as amended on December 11, 2016, the "Plan") [Docket No. 638, at 34-94].

10. On December 13, 2016, the hearing on confirmation (the "Confirmation Hearing") of the Debtors' Plan was held, at which hearing the Court stated that it would confirm the Plan.

11. Subsequently, on December 22, 2016, the Court entered the order confirming the Plan. *See Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint*

3

*Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638] (the "Confirmation Order").

12. The Confirmation Order and Plan provide that this Court retains jurisdiction to determine prepetition claims and tax disputes with respect to the Debtor. *See* Confirmation Order ¶ 46; Plan §§ 8.01(a), (b), (k), & (o).

13. As of the date of this Objection, the Effective Date (as defined in the Plan) has not yet occurred.

14. If the NYC Claim is allowed, such claim would be treated as a priority claim under 11 U.S.C. § 507(a)(8)(A)(i) and the Plan. Accordingly, the NYC Claim would receive payment in full. *See* Plan, §§ 2.01, 2.06(a)(i) & (iv).

15. Pursuant to the Plan, Gawker Media reserved approximately $1.2 million to satisfy the NYC Claim. If those funds are not needed to pay the NYC Claim, Gawker Media anticipates distributing them in respect of an intercompany note to Gawker Hungary (unless those funds are needed for other bankruptcy claims and expenses of Gawker Media).

**II.    THE NYC CLAIM**

    **A.    Gawker Media Satisfied Its Prepetition NYC Tax Liabilities Except For A $9,250 Balance For The 2015 Tax Year**

16. Prior to the Petition Date, Gawker Media filed all required NYC income tax returns for the tax years 2013, 2014 and 2015 and paid all taxes shown on, and additional amounts associated with, those returns except for a small balance for the 2015 tax year, as set forth below.

17. In December 2014, Gawker Media filed its amended New York City general corporation tax return (Form NYC-3L) for the tax year 2013, reporting tax liability of $86,778, including interest and associated charges, after accounting for a $13,342 prepayment. *See*

4

Exhibit C ("2013 NYC Tax Return").

18. On or about September 15, 2015, Gawker Media filed its New York City general corporation tax return (Form NYC-3L) for the tax year 2014, reporting tax liability of $110,106 including interest and associated charges, after accounting for a $16,250 prepayment. *See* Exhibit D ("2014 NYC Tax Return").

19. On or about September 13, 2016, Gawker Media filed its New York City business corporation tax return (Form NYC-2) for the tax year 2015, reporting tax liability of $9,250 (the "2015 NYC Balance") after accounting for a $3,250 prepayment. *See* Exhibit E ("2015 NYC Tax Return").

20. Gawker Media believes that it has paid all of the foregoing tax obligations except for the 2015 NYC Balance.

### B. NYC Filed A Proof Of Claim Asserting An Incorrect Claim Amount.

21. On November 21, 2016, NYC filed the NYC Claim asserting a priority claim for NYC corporation income tax liabilities for the tax years 2013 to 2015 of $868,497.11 plus principal interest and penalties, in the total amount of more than $1.2 million. *See* Exhibit B. The NYC Claim purports to be "based on[] returns filed" and to be evidence of a "duly made" assessment and purportedly "constitute[s] any required notice of deficiency." *Id.* It does not separately indicate the amounts NYC alleges are owed for each tax year. *Id.*

22. However, the amount of liability shown in the NYC Claim does not agree with the figures reported in Gawker Media's 2013, 2014, and 2015 NYC tax returns. *See* Exhibits C, D, and E. NYC has not provided a factual or legal basis for the amount indicated in its proof of claim and Gawker Media is unaware of any formal assessment.[3]

---

[3] Gawker Media is aware that NYC's website indicates that Gawker Media has a balance of $10,000 in tax, $2,700 in penalties plus interest regarding the tax year 2015.

5

    **C.    Gawker Media Substantiated Its 2013, 2014 And 2015 NYC Tax Returns.**

23.    In November 2016, NYC notified Gawker Media that its 2013, 2014, and 2015 NYC Tax Returns were selected for examination (*i.e.,* audit).

24.    As part of the audit process, NYC requested and Gawker Media provided certain documents, including filed tax returns and documentation supporting certain expenses deducted by Gawker Media.

25.    Gawker Media believes that the material provided gives NYC ample information to complete its audit of the 2013, 2014 and 2015 NYC Tax Returns, but Gawker Media also continues to timely respond to NYC's ongoing follow-up requests for additional materials and questions. Despite having such information and Gawker Media's responding to questions from NYC, NYC has not fully explained the basis for the amounts in the NYC Claim. NYC has stated only that the NYC Claim was estimated based on the denial of certain deductions claimed by Gawker Media. NYC has not, however, provided any sum for the amounts disallowed in each individual tax year, or the legal basis for any proposed disallowance.

## ARGUMENT

**I.    THIS COURT SHOULD DETERMINE THAT GAWKER MEDIA HAS NO NYC TAX LIABILITY FOR THE TAX YEARS 2013 AND 2014 AND ONLY $9,250 OF TAX LIABILITY FOR THE TAX YEAR 2015 AND THEREFORE ALLOW THE NYC CLAIM IN THE REDUCED AMOUNT OF $9,250.**

26.    NYC has not provided any evidence, or even a reasoned explanation, in support of the proof of claim it filed on account of Gawker Media's 2013, 2014 and 2015 NYC tax liabilities. As this Court is aware, Gawker Media and its affiliated Debtors are seeking to expeditiously wind down their estates and close their cases. Accordingly, Gawker Media seeks not only allowance of the NYC Claim in the reduced amount of the 2015 NYC Balance pursuant to Bankruptcy Code section 502(b), but also a separate final determination from the Court

6

pursuant to sections 502(b) and 505(a) establishing that the 2015 NYC Balance is the only amount Gawker Media owes with respect to the 2013, 2014 and 2015 tax years.

### A. This Court Should Make A Final Determination Pursuant To Section 505 Of Gawker Media's 2013, 2014 And 2015 NYC Tax Liability.

27. Bankruptcy Code section 505(a) permits the Bankruptcy Court to determine "the amount or legality of any tax . . . or any addition to tax, whether or not previously assessed, whether or not paid." 11 U.S.C. § 505(a). In that regard, Bankruptcy Code section 505 provides procedures for a debtor to seek relief that is broader than the relief under Bankruptcy Code section 502 governing the allowance and disallowance of claims. In particular, Bankruptcy Code section 505 enables a debtor to obtain a final order determining once and for all its tax liabilities so that it may expeditiously administer assets of the estate "without 'fac[ing] potential post-bankruptcy tax liabilities. . . .'" *United States v. Amoskeag Bank Shares, Inc. (In re Amoskeag Bank Shares, Inc.)*, 239 B.R. 653, 659 (D.N.H. 1998) (citing S. Rep. No. 95–989, at 68 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5854). For the three reasons set forth below, the Court should make a determination that application of Bankruptcy Code section 505(a) is appropriate in the context of Gawker Media's objection to the NYC Claim.

28. <u>First</u>, courts have concluded that relief under section 505 is particularly warranted when, as here, the taxing authority raises a "threat of a speculative tax liability." *In re Huddleston*, No. 94-50342, 1994 WL 764193, at *3 (Bankr. W.D. La. Dec. 2, 1994). As one case described, once a taxing authority suggests there is a potential tax liability, a responsible debtor cannot "disregard any possible liability" until the period of limitations has run. *United States v. Bushnell*, No. 1:95CV387, 1996 WL 544228, at *4 (D. Vt. Jul. 10, 1996).

29. Because of the filing of the NYC Claim, Gawker Media faces such a "speculative tax liability." Indeed, despite Gawker Media's disagreement with the amounts asserted by NYC,

7

Gawker Media immediately responded to the filing of the NYC Claim by setting up a reserve of approximately $1.2 million ("NYC Reserve"). The establishment of the NYC Reserve, however, has significant effects and causes delays with respect to the expeditious liquidation and ultimate closing of all three of the Debtors' Bankruptcy Cases.

30. First, the establishment of the NYC Reserve requires Gawker Media to withhold distributions to, among others, the Gawker Hungary estate. This, in turn, renders Gawker Hungary unable to make final distributions to its owner, GMGI, which, in its own turn, renders GMGI unable to make distributions to its preferred shareholders (including Mr. Denton, who has his own Chapter 11 case and obligations to his creditors). Thus, absent a consensual or court-ordered resolution of Gawker Media's 2013, 2014 and 2015 NYC tax liabilities, the pending audit and uncertainty regarding these amounts may require Gawker Media, or its plan administrator, to continue holding up $1.2 million of distributions for several more years until the relevant statute of limitations expires. This makes relief under section 505 especially appropriate in the present case because Gawker Media is reserving funds that could otherwise be paid to other parties. *See, e.g.*, *Ogle v. IRS (In re Agway, Inc.)*, No. 6:09-CV-1049, 2011 WL 3425507, at *4 (N.D.N.Y. Aug. 5, 2011) (finding a 505 determination was appropriate where the debtor set aside $5 million to pay tax claims that would otherwise be paid to unsecured creditors).

31. Second, relief under Bankruptcy Code section 505 will enable the Debtors to satisfy a contractual obligation under the asset purchase agreement with UniModa LLC ("UniModa"), which was approved by the Court on August 22, 2016 [Docket No. 214]. Specifically, UniModa bargained, and Gawker Hungary contractually agreed, to dissolve Gawker Hungary promptly following resolution of its Bankruptcy Case. *Id.* § 6.12. Any delay in determining Gawker Media's income tax liabilities and corresponding delay of payment to

8

Gawker Hungary on account of intercompany claims could impact Gawker Hungary's ability to dissolve as scheduled.

32.     Third, by resolving this Objection to the NYC Claim, this Court will already be called upon to determine whether Gawker Media has any liability for 2013, 2014 and 2015 NYC taxes.  Thus, by applying Bankruptcy Code section 505 and making that a binding determination, the Court will enable the Debtors and their shareholders to avoid the potential for future tax litigation, preserving judicial resources, reducing potential estate costs and providing recipients of distributions with finality.  Indeed, courts have recognized that the government also benefits from an expeditious determination of tax liabilities under section 505.  *See Schwartz v. Gardiner (In re Schwartz)*, 192 B.R. 90, 95 (Bankr. D.N.J. 1996) (holding that "the public fisc is aided rather than harmed by an earlier determination of liability.").  It therefore is in the interest of all relevant parties that the Court make a determination under section 505(a) in ruling on the Objection to the NYC Claim and fix Gawker Media's NYC tax liability for the 2013, 2014 and 2015 tax years.

**B.     Gawker Media Has No NYC Tax Liability For The 2013 And 2014 Tax Years And Only Minimal Liability Regarding The 2015 Tax Year.**

33.     Section 502(b) of the Bankruptcy Code provides that, upon an objection to a proof of claim, "the court, after notice and a hearing, shall determine the amount of such claim."  *See* 11 U.S.C. § 502(b).  The burden of proof for allowance of a tax claim in a bankruptcy case follows the burden under the applicable substantive tax law.  *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 26 (2000).  Under New York law, the taxpayer bears the burden of proving that a deficiency assessment is erroneous.  *Leogrande v. Tax Appeals Tribunal*, 187 A.D.2d 768, 769, 589 N.Y.S.2d 383, 384 (1992).

34.     In that regard, NYC has provided no evidence whatsoever that any deductions

9

reported on the 2013, 2014, and 2015 NYC Tax Returns should be disallowed, so Gawker Media has no specific deficiency analysis it can address. In any event, Gawker Media will demonstrate that any deficiency is erroneous and, thus, Gawker Media will rebut any claim that Gawker Media has NYC tax liability in 2013, 2014 and 2015 in excess of the 2015 NYC Balance. The Court should also consider the evidence that Gawker Media has no federal income tax liability for the years at issue because NYC tax is based on the taxpayer's "entire net income," which, in turn, is based directly on the taxpayer's federal taxable income. N.Y. Bus. Inc. Tax §§ 2(8), 3(1) & 80(6) (McKinney 2002) (stating that NYC general corporation tax is based on "entire net income" and allowing courts to consider evidence of related federal tax determinations). Indeed, because Gawker Media's evidence will overcome the conclusory liability amounts listed in the NYC Claim, which is unsupported by any evidence, the NYC Claim should be allowed only in the reduced amount of the 2015 NYC Balance. *C.f. Chartair, Inc. v. State Tax Comm'n*, 65 A.D.2d 44, 47, 411 N.Y.S.2d 41, 43 (1978) (NY State Tax Commission's methods for estimating tax were "arbitrary and capricious and lack[ed] a rational basis" where they were not based on the taxpayer's records); *accord Babylon Milk & Cream Co. v. Bragalini*, 5 A.D.2d 712, 713, 169 N.Y.S.2d 124, 126 (1957), *aff'd*, 5 N.Y.2d 736, 152 N.E.2d 672 (1958) (reversing New York State Tax Commission's determination of tax due regarding item where it had "no justification" for its selected method of estimating tax); *accord King Crab Rest., Inc. v. Chu*, 134 A.D.2d 51, 53, 522 N.Y.S.2d 978, 980 (1987).

35. Moreover, not only should the NYC Claim be reduced and allowed only in the amount of the 2015 NYC Balance, but also pursuant to Bankruptcy Code section 505, this Court should determine that Gawker Media has no NYC tax liabilities for 2013, 2014 and 2015 beyond the 2015 NYC Balance. Specifically, as detailed above, Gawker Media has already provided

10

sufficient evidence to NYC that it has no NYC tax liability for the 2013, 2014 or 2015 tax years, except for the 2015 NYC Balance, which it is prepared to pay. In particular, Gawker Media filed its 2013, 2014, and 2015 NYC Tax Returns and paid all associated taxes except the 2015 NYC Balance.

36. Moreover, in connection with NYC's pending audit, Gawker Media has supplied additional documentation substantiating the validity of its tax returns as requested by NYC, including income tax returns and backup information supporting certain deductions. These documents, which Gawker Media stands ready to introduce at an evidentiary hearing on the Objection, validate the positions taken in the 2013, 2014, and 2015 NYC Tax Returns and demonstrate that Gawker Media has no outstanding NYC tax liabilities for 2013, 2014 and 2015 except for the 2015 NYC Balance.

37. In stark contrast, the NYC Claim provides no explanation of how it was calculated, let alone any documentary support for its amount. Despite the NYC Claim's language claiming to be a final determination equivalent to a notice of deficiency, NYC's ongoing audit suggests the number is not final at all. Accordingly, as recognized in a federal tax context, it should not be afforded a presumption of correctness since it does not reflect the "consideration, resolution, conclusion, and judgment" by NYC, *Scar v. Comm'r*, 814 F.2d 1363, 1368 (9th Cir. 1987), or the bare minimum foundation or "ligaments of fact" necessary to be afforded any evidentiary weight. *Portillo v. Comm'r*, 932 F.2d 1128, 1133 (5th Cir. 1991); *see also United States v. Janis*, 428 U.S. 433, 442 (1976); *see also* N.Y. Admin Code § 11-680(c)(5) (placing the burden on the taxing authority where it claims the taxpayer is liable for an increased amount beyond the amount in a notice of deficiency which does not agree with its federal or New York State taxable income).

11

38. When confronted with Gawker Media's evidence regarding its NYC tax liabilities, NYC's failure to meet these standards will be fatal to the NYC Claim. This Court should therefore find that Gawker Media has no NYC tax liabilities for the tax years 2013, 2014 and 2015, except for the 2015 NYC Balance and therefore reduce the NYC Claim and allow it only in the amount of the 2015 NYC Balance.

## RESPONSES TO THIS OBJECTION

39. Any responses to this Objection must be filed on or before 4:00 p.m. (New York Time) on March 13, 2017, in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

40. Neither the filing of this Objection nor entry of the Proposed Order shall affect any rights of Gawker Media, its estate, the Plan Administrator, or any other party in interest in the Bankruptcy Cases to object to the NYC Claim for any purposes, including, without limitation, allowance and distribution under the Plan.

41. Gawker Media and its estate reserve any and all rights to amend, supplement or otherwise modify this Objection or the Proposed Order. Gawker Media and its estate also reserve any and all rights, claims and defenses with respect to the NYC Claim, or any amendment thereto, and nothing included in or omitted from this Objection or the Proposed Order is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of Gawker Media and its estate with respect to the NYC Claim.

## NOTICE AND SERVICE

42. Notice of this Objection has been provided to: (i) the Office of the U.S. Trustee; (ii) Simpson Thacher & Bartlett LLP, counsel to the Committee; (iii) Latham & Watkins LLP, counsel to US VC Partners LP; (iv) Schulte Roth & Zabel LLP, counsel to Cerberus Business

Finance, LLC; (v) NYC; and (vi) all parties requesting notice in the Bankruptcy Cases pursuant to Bankruptcy Rule 2002.

43. A copy of this Objection has been sent via U.S. mail, postage pre-paid to (i) New York City Department of Finance, c/o New York City Corporation Counsel, 100 Church Street, New York, NY 10007; and (ii) New York City Department of Finance 66 John Street, Room 104 New York, NY 10038.

44. Gawker Media respectfully submits that further notice or service of this Objection is neither required nor necessary.

WHEREFORE, for the reasons set forth herein, Gawker Media respectfully requests that the Court (a) enter the Proposed Order attached as Exhibit A, and (b) grant such other and further relief as may be just and proper.

Dated: February 17, 2017  
New York, New York

*/s/ Gregg M. Galardi*  
ROPES & GRAY LLP  
Gregg M. Galardi  
D. Ross Martin  
1211 Avenue of the Americas  
New York, NY 10036-8704  
Telephone: (212) 596-9000  
Facsimile: (212) 596-9090  
gregg.galardi@ropesgray.com  
ross.martin@ropesgray.com

*Counsel to the Debtors  
and Debtors in Possession*

13

60923923_3