Hearing Date and Time: March 22, 2017 at 10:00 a.m. (Eastern Time)
Response Deadline: March 2, 2017 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                       :
In re                                                  :    Chapter 11
                                                       :
Gawker Media LLC, *et al.*,[1]                         :    Case No. 16-11700 (SMB)
                                                       :
              Debtors.                                 :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

### NOTICE OF DEBTORS' OBJECTION TO THE
### CLAIM OF OLE MEDIA MANAGEMENT L.P. (CLAIM NO. 88)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Objection to the Claim of Ole Media Management L.P. (Claim No. 88)* (the "Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **March 22, 2017 at 10:00 a.m. (Eastern Time)** before the Honorable Judge Stuart M. Bernstein, at the United States Bankruptcy Court for the Southern District of New York,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

60873638_6

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Courtroom No. 723.

**PLEASE TAKE FURTHER NOTICE** that responses to the Objection and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **March 2, 2017**, **at 4:00 p.m**. **(Eastern Time)** (the "Response Deadline"), upon: (i) the Debtors, Gawker Media LLC, c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022 (wholden@opportune.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Greg Zipes & Susan Arbeit; (iv) the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970 Market Street, Philadelphia, PA 19104 (mimi.m.wong@irscounsel.treas.gov); (v) the United States Attorney's Office for the Southern District of New York, Attn: Bankruptcy Division, 86 Chambers Street, 3rd Floor, New York, NY 10007 (david.jones6@usdoj.gov; Jeffrey.Oestericher@usdoj.gov; Joseph.Cordaro@usdoj.gov; Carina.Schoenberger@usdoj.gov); (vi) counsel to Cerberus Business Finance, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue,

New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com); (vii) counsel to US VC Partners LP, Latham & Watkins LLP, at both 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) and 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); (viii) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, NY 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); and (ix) parties that have requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection by the Response Deadline, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

[*Remainder of this page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that a copy of the Objection may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/gawker. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: February 17, 2017<br>New York, New York | */s/ Gregg M. Galardi*<br>ROPES & GRAY LLP<br>Gregg M. Galardi<br>D. Ross Martin<br>Jonathan M. Agudelo<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>gregg.galardi@ropesgray.com<br>ross.martin@ropesgray.com<br>jonathan.agudelo@ropesgray.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* |

Hearing Date and Time: March 22, 2017 at 10:00 a.m. (Eastern Time)
Response Deadline: March 2, 2017 at 4:00 p.m. (Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :    Case No. 16-11700 (SMB)
                                                      :
                        Debtors.                      :    (Jointly Administered)
                                                      :
------------------------------------------------------x

**DEBTORS' OBJECTION TO THE CLAIM OF**
**OLE MEDIA MANAGEMENT L.P. (CLAIM NO. 88)**

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary Kft. ("Gawker Hungary") as debtors and debtors in possessions (collectively, the "Debtors") in the above-captioned cases (the "Bankruptcy Cases"), hereby file this objection (the "Objection") to claim No. 88 (the "Ole Media Claim") filed by Ole Media Management L.P. d/b/a Jingle Punks ("Ole Media") and seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, disallowing and expunging the Ole Media Claim pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

60873638_6

Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Objection, the Debtors respectfully state as follows:

## BACKGROUND

**I.     The Bankruptcy Cases**

       1.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI, and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

       2.      No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases. On June 24, 2016, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 62].

**II.    The Ole Media Claim**

      3.      The Ole Media Claim, a true and correct copy of which is attached hereto as **Exhibit B**, asserts, solely against Gawker Media, a single claim of $10,000 for music rights license fees.

      4.      The Ole Media Claim arises out of the Non-Exclusive Synchronization/Master Use Blanket License Agreement by and between Ole Media and Gawker Media, dated as of June 15, 2015 (the "Ole Media Contract"). The Ole Media Contract provides for the payment of an annual license fee during its three-year term. According to the Ole Media Claim, the "Year 2 Fee" under the Ole Media Contract totals $10,000 and was payable on or before June 15, 2016.

-2-

**III.     The Assignment of the Ole Media Contract to UniModa, LLC**

5.     On July 8, 2016, the Bankruptcy Court entered the *Order (I) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (II) Authorizing and Approving the Debtors Performance of Pre-Closing Obligations Under the Stalking Horse Asset Purchase Agreement, (III) Approving Notice Procedures, (IV) Scheduling a Sale Hearing and (V) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts* [Docket No. 82] (the "Bidding Procedures Order").  The Bidding Procedures Order specifies, among other things, the procedures regarding the proposed assumption and assignment of the executory contracts and unexpired leases that could have been designated to be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code and assigned pursuant to section 365(f) of the Bankruptcy Code in connection with the sale of substantially all of the Debtors' assets (the "Sale").

6.     On July 15, 2016, pursuant to the Bidding Procedures Order, the Debtors filed the *Notice of (A) Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale and (B) Associated Cure Costs* [Docket No. 105] (the "Cure Notice") which provided a list of the Debtors' executory contracts and unexpired leases that were subject to potential assumption and assignment in connection with the Sale and the cure amount associated therewith (the "Contract and Cure Schedule").  The Ole Media Contract was listed on the Contract and Cure Schedule with a proposed cure amount of $0.

7.     The Cure Notice provided that objections to the proposed assumption and assignment of any of the executory contracts or expired leases listed on the Contract and Cure Schedule or to the cure amount proposed with respect thereto were required to be filed with the

-3-

Court no later than August 5, 2016 at 4:00 p.m. (Eastern Time) (the "Assignment and Cure Objection Deadline"). The Cure Notice further provided in boldface type:

> ***Any party who fails to timely file an objection to its scheduled cure amount listed on the Contract and Cure Schedule or to the assumption and assignment of an executory contract or unexpired lease listed on the Contract and Cure Schedule (i) shall be forever barred from objecting thereto, including (a) making any demands for additional cure amounts or monetary compensation on account of any alleged defaults for the period prior to the applicable objection deadline against the Debtors, their estates or the Stalking Horse Bidder or other Successful Bidder selected at the Auction, if any, with respect to any such an executory contract or unexpired lease and (b) asserting that the Stalking Horse Bidder or other Successful Bidder has not provided adequate assurance of future performance as of the date of the Sale Order and (ii) shall be deemed to consent to the sale of the Acquired Assets as approved by the Sale Order.***

Cure Notice ¶ 9; *see also* Bidding Procedures Order, ¶ 24. Ole Media did not file any pleading in response to the Cure Notice.

8. On August 16, 2016, the Debtors held an auction in connection with the Sale. At the conclusion of the auction, the Debtors, in consultation with the Committee, selected UniModa, LLC ("UniModa") as the successful bidder.

9. On August 22, 2016, the Court approved the Sale to UniModa and authorized the assumption of the executory contracts UniModa sought to assume in connection with the Sale (the "Designated Contracts"). *See Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry Into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 214] (the "Sale Order"). In particular, paragraph 26 of the Sale Order provided in relevant part that:

-4-

> The payment of the applicable Cure Amounts by Buyer shall (i) effect a cure of all defaults existing thereunder as of the Closing . . ., (ii) compensate for any actual pecuniary loss to such non-Debtor counterparty resulting from such default and (iii) together with the assumption fof the Designated Contracts by the Debtors and the assignment of such Designated Contracts to Buyer [UniModa], constitute adequate assurance of future performance thereof.

10. On August 24, 2016, the Debtors filed the list of the Designated Contracts. *See Notice of (A) Sale Transaction and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 223]. The Ole Media Contract was listed on the list of Designated Contracts that was assigned in connection with the Sale. The closing date of the Sale occurred on September 9, 2016. *See Notice of Sale Closing* [Docket No. 258].

## JURISDICTION AND VENUE

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

12. The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007(d), seeking entry of the Order disallowing and expunging the Ole Media Claim in its entirety.

## BASIS FOR RELIEF

13. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden of demonstrating the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns*

-5-

*Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

## OBJECTION

15. The Contract and Cure Schedule lists the Ole Media Contract with a cure amount of $0.00. Cure Notice, Sch. 1 No. 588. Ole Media did not file an objection to the assumption and assignment of the Ole Media Contract or to the cure amount listed on the Contract and Cure Schedule.

16. Pursuant to the Bidding Procedures Order and the Cure Notice, Ole Media is barred from making any demands for additional cure amounts or monetary compensation other than any amounts listed on the Contract and Cure Schedule on account of any alleged defaults for the period prior to the Assignment and Cure Objection Deadline. Therefore, the Debtors have no liability in respect of the Ole Media Claim.

17. If the Ole Media Claim is not disallowed and expunged, then the claimant asserting the Ole Media Claim may potentially receive a wholly improper recovery to the detriment of other parties in these chapter 11 cases. The Debtors request that the Court enter the Order disallowing and expunging the Ole Media Claim in its entirety.

## RESERVATION OF RIGHTS

18. Neither the filing of this Objection nor entry of the Order shall affect any rights of the Debtors, their estates, the Plan Administrator (as defined in the Plan), or any other party in interest in these chapter 11 cases from any and all rights to amend, supplement or

-6-

otherwise modify this Objection or the Order and to file further objections with respect to the Ole Media Claim for any purpose. The Debtors and their estates also reserve any and all rights, claims and defenses with respect to the Ole Media Claim, and nothing included in or omitted from this Objection or the Order is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Ole Media Claim.

## NOTICE

19.     Notice of this Objection has been provided in accordance with the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on July 13, 2016 [Docket No. 93], and the Local Bankruptcy Rules of this Court. The Debtors respectfully submit that further notice of this Objection is neither required nor necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the court (a) enter the Order, and (b) grant such other and further relief as may be just and proper.

Dated: February 17, 2017　　　　　　　　　　*/s/ Gregg M. Galardi*
　　　　New York, New York　　　　　　　　ROPES & GRAY LLP
　　　　　　　　　　　　　　　　　　　　　　Gregg M. Galardi
　　　　　　　　　　　　　　　　　　　　　　D. Ross Martin
　　　　　　　　　　　　　　　　　　　　　　Jonathan M. Agudelo
　　　　　　　　　　　　　　　　　　　　　　1211 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10036-8704
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 596-9000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 596-9090
　　　　　　　　　　　　　　　　　　　　　　gregg.galardi@ropesgray.com
　　　　　　　　　　　　　　　　　　　　　　ross.martin@ropesgray.com
　　　　　　　　　　　　　　　　　　　　　　jonathan.agudelo@ropesgray.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel to the Debtors*
　　　　　　　　　　　　　　　　　　　　　　*and Debtors in Possession*