**Presentment Date: April 7, 2017 at 12:00 p.m. (ET)**
**Objection Deadline: March 31, 2017 at 4:00 p.m. (ET)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Abid Qureshi
One Bryant Park
New York, NY 10036
Telephone: (212) 872-8000
Facsimile: (212) 872-1002

*Counsel to the Special Committee*
*of the Board of Directors of Gawker Media Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

In re                                                    Chapter 11


Gawker Media LLC, *et al.*, [1]                          Case No. 16-11700 (SMB)


                    Debtors.                             (Jointly Administered)

-------------------------------------------------------x

## NOTICE OF PRESENTMENT OF FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL TO THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF GAWKER MEDIA GROUP, INC. FOR THE <u>PERIOD OF AUGUST 3, 2016 THROUGH AND INCLUDING JANUARY 31, 2017</u>

**PLEASE TAKE NOTICE** that upon the annexed *First and Final Application for*

*Allowance of Compensation and Reimbursement of Expenses by Akin Gump Strauss Hauer &*

*Feld LLP as Counsel to the Special Committee of the Board of Directors of Gawker Media*

*Group, Inc. for the Period of August 3, 2016 Through and Including January 31, 2017* (the

"***Application***"), the undersigned will present the *Order Granting First and Final Application for*

---

[1] The last four digits of the taxpayer identification number of the "<u>Debtors</u>" are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66, 1062 Budapest, Hungary.

*Allowance of Compensation and Reimbursement of Expenses by Akin Gump Strauss Hauer & Feld LLP as Counsel to the Special Committee of the Board of Directors of Gawker Media Group, Inc. for the Period of August 3, 2016 Through and Including January 31, 2017,* substantially in the form annexed to the Application as **Exhibit J** (the "***Proposed Order***") signature to the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, on **April 7, 2017 at 12:00 p.m.** prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application and relief requested therein, if any, shall be made in writing and received by chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, and shall be filed with the Court and served in accordance with the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates*, entered on July 13, 2016 (the "***Case Management Order***") [ECF No. 93] no later than **4:00 p.m. prevailing Eastern Time on March 31, 2017** (the "***Objection Deadline***"). Unless objections are received by that time, the Proposed Order approving the Application may be signed and entered without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if any response or objection to the Application is timely filed by the Objection Deadline, a hearing will be scheduled before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, Courtroom 723, United States Bankruptcy Court, One Bowling Green, New York, New York 10004.

New York, New York
Dated:  March 17, 2017

_____*/s/ Abid Qureshi*_____

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Abid Qureshi
One Bryant Park
New York, NY 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
Email:            aqureshi@akingump.com

*Counsel to the Special Committee*
*of the Board of Directors of Gawker Media Group, Inc.*

**Presentment Date: April 7, 2017 at 12:00 p.m. (ET)**
**Objection Deadline: March 31, 2017 at 4:00 p.m. (ET)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Abid Qureshi
One Bryant Park
New York, NY 10036
Telephone: (212) 872-8000
Facsimile: (212) 872-1002

*Counsel to the Special Committee*
*of the Board of Directors of Gawker Media Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| Gawker Media LLC, *et al.*, [1] | Case No. 16-11700 (SMB) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------x

**COVER SHEET FOR FIRST AND FINAL**
**APPLICATION FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES BY AKIN GUMP STRAUSS**
**HAUER & FELD LLP AS COUNSEL TO THE SPECIAL COMMITTEE OF**
**THE BOARD OF DIRECTORS OF GAWKER MEDIA GROUP, INC. FOR THE**
**PERIOD OF AUGUST 3, 2016 THROUGH AND INCLUDING JANUARY 31, 2017**

| | |
|---|---|
| Name of applicant: | Akin Gump Strauss Hauer & Feld LLP |
| Authorized to provide professional services to: | Special Committee of the Board of Directors of Gawker Media Group, Inc. |
| Date of retention: | Order entered on December 14, 2016, approving the retention of Akin Gump *nunc pro tunc* to August 3, 2016 [Docket No. 599] |
| Period for which compensation and reimbursement is sought: | August 3, 2016 through and including January 31, 2016 (the "Compensation Period") |

---

[1] The last four digits of the taxpayer identification number of the "Debtors" are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66, 1062 Budapest, Hungary.

| | |
|---|---|
| Amount of compensation requested: | $87,580.50 |
| Amount of expense reimbursement requested: | $653.91 |
| Total amount of compensation and expense reimbursement requested: | $88,234.41 |
| Amount of compensation previously awarded: | $0 |
| Amount of expense reimbursement previously awarded: | $0 |
| Total amount of compensation and expense reimbursement previously awarded: | $0 |
| Amount of compensation sought in this application already paid pursuant to a monthly fee statement but not yet allowed: | $0 |
| Amount of expense reimbursement sought in this application already paid pursuant to a monthly fee statement but not yet allowed: | $0 |
| Blended hourly rate (attorneys): | $814.13 |
| Blended hourly rate (all timekeepers): | $758.27 |
| Number of attorneys included in this application: | 7 |
| Number of attorneys in this application not included in the client-approved staffing plan: | 0 |

This is a:      __Monthly      __Interim      ✖ Final

The total time expended for the preparation of this first and final fee application during the Compensation Period is approximately 12.80 hours and the corresponding compensation requested in this application for such time is approximately $9,780.00.

**Presentment Date: April 7, 2017 at 12:00 p.m. (ET)**
**Objection Deadline: March 31, 2017 at 4:00 p.m. (ET)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Abid Qureshi
One Bryant Park
New York, NY 10036
Telephone: (212) 872-8000
Facsimile: (212) 872-1002

*Counsel to the Special Committee*
*of the Board of Directors of Gawker Media Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

In re                                            Chapter 11

Gawker Media LLC, *et al.*, [1]                   Case No. 16-11700 (SMB)

         Debtors.                       (Jointly Administered)

-------------------------------------------------------x

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES BY AKIN GUMP**
**STRAUSS HAUER & FELD LLP AS COUNSEL TO THE SPECIAL COMMITTEE**
**OF THE BOARD OF DIRECTORS OF GAWKER MEDIA GROUP, INC. FOR**
**THE PERIOD OF AUGUST 3, 2016 THROUGH AND INCLUDING JANUARY 31, 2017**

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel for the Special

Committee (the "Special Committee")[2] of the Board of Directors (the "Board") of Gawker

Media Group, Inc. ("GMGI"), hereby submits this Application, pursuant to sections 330(a) and

331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1(a) of the Local

---

[1] The last four digits of the taxpayer identification number of the "Debtors" are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66, 1062 Budapest, Hungary.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Debtors' Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as modified and amended, the "Plan"), dated September 30, 2016 [Docket No. 308] and the *Findings of Fact, Conclusions of Law, and Order Confirming Modified Second Amended Joint Plan of Reorganization* (the "Confirmation Order"), dated December 22, 2016 [Docket No. 627], as applicable.

Bankruptcy Rules for the Southern District of New York (the "Local Rules") and the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals,* dated July 13, 2016 [Docket No. 94] (the "Interim Compensation Order"), seeking

(a) final allowance and award of payment for professional services rendered by Akin Gump as

counsel to the Special Committee during the period from August 3, 2016 through and including

January 31, 2017 (the "Compensation Period") in the aggregate amount of $87,580.50,[3]

representing 115.50 hours of professional and paraprofessional services and (b) final allowance

and payment for the reimbursement of actual and necessary expenses incurred by Akin Gump

during the Compensation Period in the amount of $653.91.  In support of this Application, Akin

Gump respectfully represents as follows:

## **INTRODUCTION**

1.      On September 1, 2016 the Debtors filed the *Debtors' Application Pursuant to*

*Sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and*

*Local Rules 2014-1 and 2016-1 for Entry of an Order Authorizing the Retention and Employment*

*of Akin Gump Strauss Hauer & Feld LLP as Special Counsel to Special Committee of Gawker*

*Media, Inc. Effective Nunc Pro Tunc to August 3, 2016* [Docket No. 237] (the "Retention

Application") to enable Akin Gump to provide legal services to the Special Committee in

connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases").

2.      The Debtors sought to appoint Akin Gump as counsel the Special Committee

because the Special Committee required separate and independent counsel to assist it in

addressing matters (the "Interested Matters") in which members of the Board may have an

interest, including interests in certain pending litigations discussed below.  The Debtors' decision

---

[3] Given the limited nature of this engagement, Akin Gump has voluntarily agreed to reduce its requested fees by
approximately $13,000 representing approximately 10 hours of Ira Dizengoff's time.

to retain separate and independent representation for the Special Committee is consistent with

sound corporate governance practices and with case law emphasizing the importance of

insulating a company's decision-making process from the influence of those with potential

conflicts.  *See* Joseph M. McLaughlin, *Essentials of a Special Litigation Committee* 16 (Nov.

2003), http://www.stblaw.com/docs/default-source/cold-fusion-existing-

content/publications/pub428.pdf?sfvrsn=2, in *McLaughlin on Class Actions:  Law and Practice*

(12th ed. 2015) (the "McLaughlin Article"); *see also* Mark D. Gerstein & Bradley C. Faris,

*Special Negotiating Committees:  If, When, Who and How—A Guide for the General Counsel* 24

(Jan. 2012), https://www.lw.com/thoughtLeadership/special-negotiating-committee (citing, *inter*

*alia*, *Biondi v. Scrushy*, 820 A.2d 1148, 1156 (Del. Ch. 2003)) ("[O]ne of the key reasons for the

formation of a [special committee] is to insulate the company's decision making process from the

influence of those under suspicion.").  Indeed, the McLaughlin Article, authored by a partner at

the law firm representing the Official Committee of Unsecured Creditors (the "Creditors'

Committee") in these Chapter 11 Cases, further provides:

> [T]he board should expressly authorize the [Special Committee] . . . to
> retain, at the corporation's expense, any experts and advisors, including
> independent legal counsel, as it deems necessary. . . .  The importance of
> [a Special Committee] retaining reputable, independent counsel that does
> not regularly provide legal services to the corporation to assist the [special
> committee]  . . . cannot be overstated.

McLaughlin Article at 8, 9 (Nov. 2003).  The Debtors' estates were well-served by the legal

advice provided by Akin Gump to the Special Committee because such advice was free from any

potential taint by insiders, who stood to benefit directly from the Interested Matters, and enabled

the Special Committee to be an active participant in the Chapter 11 Cases, including with respect

to settlement discussions.

3.       Given the limited scope and duration of Akin Gump's retention, Akin Gump agreed to a budget of $100,000, which budget has not been exceeded during the Compensation Period.  The *de minimis* size of the fees and expenses incurred by Akin Gump during the Compensation Period relative to other estate-compensated professionals evidences Akin Gump's successful efforts to avoid duplication of work performed by counsel to the Debtors.

4.       In view of the foregoing, Akin Gump respectfully submits that its services rendered to the Special Committee were performed efficiently, effectively and economically, and the results obtained benefited not only the Special Committee, but also the Debtors' estates and creditor body as a whole.

## JURISDICTION

5.       The Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.       General Background and Case Status**

6.       On June 10, 2016, Gawker Media LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 12, 2016, GMGI and Kinja Kft. each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.       On June 16, 2016, the Court entered an order authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6

8.      On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

9.      On September 30, 2016, the Debtors filed the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 308] (as supplemented and amended, the "Disclosure Statement"), which included the Plan as Exhibit A thereto.  Also on September 30, 2016, the Debtors filed the *Debtors' Motion for the Entry of an Order Approving (I) Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures with Respect to Confirmation of the Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., (III) the Form of Ballots and Notices in Connection Therewith, and (IV) the Scheduling of Certain Dates with Respect Thereto* (the "Disclosure Statement Motion") [Docket No. 309].

10.     The Court entered an order approving the Disclosure Statement Motion on November 4, 2016 [Docket No. 413].

11.     Following a hearing on December 13, 2016 to consider confirmation of the Plan (the "Confirmation Hearing"), the Court approved the Plan, and on December 22, 2016, the Court entered the Confirmation Order.

**B.      Akin Gump's Retention and Billing History**

12.     On the September 1, 2016, the Debtors filed the Retention Application. Thereafter, on September 12, 2016, the Creditors' Committee filed an objection to the Retention Application [Docket No. 260] (the "Retention Objection").   Following numerous discussions among the parties in interest, numerous adjournments of the hearing on the Retention

7

Application, and a consensual resolution of the Chapter 11 Cases, the Creditors' Committee

withdrew its objection to the Retention Application during the Confirmation Hearing, and the

Court entered an order [Docket No. 599] (the "Retention Order") on December 13, 2016

approving the Retention Application.

13.     During the pendency of the Compensation Period, Akin Gump rendered

professional services to the Special Committee as requested and as necessary and appropriate in

the context of the Chapter 11 Cases to ensure the Special Committee received adequate

independent advice while simultaneously avoiding duplication of efforts with counsel for the

Debtors.

14.     Akin Gump has received no payment and no promise for payment from any

source for services rendered in connection with the Chapter 11 Cases.  There is no agreement or

understanding between Akin Gump and any other party or person for the sharing of

compensation for the services rendered in the Chapter 11 Cases.  The fees charged by Akin

Gump in connection with the Chapter 11 Cases are billed in accordance with the firm's existing

billing rates and procedures in effect since entry of the Retention Order.[4]  The rates Akin Gump

charged for the services rendered by its professionals and paraprofessionals in connection with

the Chapter 11 Cases are the same rates Akin Gump charges for professional and

paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related

matters.  Akin Gump's fees are reasonable based on the customary compensation charged by

comparably skilled practitioners in comparable cases in a competitive national legal market.

15.     Accordingly, by this Application, Akin Gump requests the allowance and payment

of (a) compensation in the amount of $87,580.50 on account of professional and paraprofessional

services rendered to the Special Committee by Akin Gump and (b) reimbursement of actual and

---

[4] In accordance with ordinary practice, certain billing rates changed as of January 1, 2017.

8

necessary costs and expenses in the amount of $653.91 incurred by Akin Gump during the Compensation Period.

## **SUMMARY OF SERVICES RENDERED**

16.     Akin Gump has used its best efforts to comply with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases,* effective February 5, 2013 (together with Local Rule 2016-1, the "Local Guidelines"), and the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines").

17.     In accordance with the Guidelines, the following exhibits are attached in further support of the compensation and expense reimbursements sought in this Application:

- **Exhibit A** is a certification by Abid Qureshi, Esq. regarding compliance with the Guidelines.

- **Exhibit B** sets forth a timekeeper summary, which includes the respective name, position, department, bar admission (to the extent applicable), hourly billing rate and aggregate hours spent by each Akin Gump professional and paraprofessional who provided services to the Special Committee during the Compensation Period.

- **Exhibit C** sets forth a task code summary, which includes the aggregate hours per task code expended by Akin Gump professionals and paraprofessionals in rendering services to the Special Committee during the Compensation Period.

- **Exhibit D** sets forth a complete itemization of tasks performed by Akin Gump professionals and paraprofessionals in rendering services to the Special Committee during the Compensation Period.

- **Exhibit E** sets forth a disbursement summary, which includes the aggregate expenses, organized by general disbursement category, incurred by Akin Gump in connection with rendering services to the Special Committee during the Compensation Period.

- **Exhibit F** sets forth a complete itemization of disbursements incurred by Akin Gump in connection with services rendered to the Special Committee during the Compensation Period.

- **Exhibit G** sets forth the budget prepared by Akin Gump for the Compensation Period.

- **Exhibit H** sets forth the staffing plan prepared by Akin Gump for the Compensation Period.

- **Exhibit I** sets forth a summary of the average hourly rates for non-bankruptcy timekeepers in Akin Gump's New York and District of Columbia offices from December 2015 through November 2016.[5]  The rates charged by Akin Gump for services rendered to the Special Committee are the same rates that Akin Gump charges generally for professional services rendered to its non-bankruptcy clients.

18.    A monthly summary of amounts billed by Akin Gump during the Compensation Period is set forth below:

| Period | Fees Incurred | Expenses Incurred |
|---|---|---|
| Aug. 3, 2016 – Aug. 31, 2016 | $36,480.00 | $0 |
| Sept. 1, 2016 – Sept. 30, 2016 | $20,967.50 | $336.00 |
| Oct. 1, 2016 – Oct. 31, 2016 | $12,464.50 | $46.95 |
| Nov. 1, 2016 – Nov. 30, 2016 | $5,022.50 | $106.56 |
| Dec. 1, 2016 – Dec. 31, 2016 | $2,866.00 | $65.00 |
| Jan. 1, 2017 – Jan. 31, 2017 | $9,780.00 | $99.40 |
| **Totals:** | $87,580.50 | $653.91 |

19.    Set forth below are task code summaries, which provide high-level summaries of the work performed by Akin Gump professionals and paraprofessionals on behalf of the Special Committee in each category.  The summaries below are not intended to be detailed descriptions of the work performed, but rather represent an attempt to underscore areas in which Akin Gump professionals and paraprofessionals spent significant time providing valuable legal services to the Special Committee during the Compensation Period.  Akin Gump respectfully submits that the services rendered on behalf of the Special Committee were not only necessary and appropriate, but also preserved value for the Debtors' estates and creditors.

---

[5] Consistent with the UST Guidelines, **Exhibit B** hereto discloses the blended hourly rate for 2016 for the aggregate of all timekeepers in the only domestic office of Akin Gump in which timekeepers collectively billed more than 10% of the hours to the Chapter 11 Cases during the Compensation Period, segregated by rank, and excluding all data from timekeepers practicing primarily in the Financial Restructuring group.

A.    **General Case Administration (Task Code 0002)**

Fees:    $7,209.50

Hours:    12.60

20.    This category includes time Akin Gump professionals and paraprofessionals spent creating, organizing and maintaining systems to facilitate the orderly, efficient day-to-day management of services provided to the Special Committee in connection with the Chapter 11 Cases.  These efforts included, among other things: (i) analyzing background materials; (ii) monitoring the Court's docket for upcoming deadlines and hearings; (iii) reviewing, analyzing and summarizing relevant pleadings filed in the Chapter 11 Cases; (iv) maintaining calendars and task lists to track upcoming deadlines and responsibilities; and (v) coordinating efforts among Akin Gump and advisors to the Debtors, the Creditors' Committee and other parties in interest, all in an effort to ensure that the Chapter 11 Cases were managed efficiently and productively.  Efficient organization and case management were critical to enabling the Special Committee to focus on pertinent issues and insuring efforts were not duplicated.

B.    **Retention of Professionals (Task Code 0006)**

Fees:    $22,552.50

Hours:    25.50

21.    This category includes time spent by Akin Gump professionals and paraprofessionals related to Akin Gump's retention as counsel to the Special Committee in these Chapter 11 Cases, including, among other things, preparing the Retention Application and related schedules, discussing the terms of such retention with the Special Committee, Debtors' counsel and the Creditors' Committee, analyzing and responding to the Retention Objection and attending the hearing to consider the Retention Application.  Although the Retention Objection was withdrawn following consensual resolution of the Chapter 11 Cases, a significant amount of

time was expended by Akin Gump professionals and paraprofessionals in connection with the

Retention Application.  Akin Gump agreed on multiple occasions to adjourn its Retention

Application in order to attempt to resolve the issues raised by the Retention Objection.  The

resulting expenditure of time was reasonable and essential to the successful resolution of the

Retention Objection.

**C.     Akin Gump Fee Application/Monthly Billing Reports (Task Code 0003)**

Fees:    $9,780.00

Hours:   12.80

22.     This category includes time spent preparing and drafting this Application.  This

category also includes time spent by Akin Gump professionals reviewing invoices for privilege

and confidentiality.

**D.     Court Hearings (Task Code 0008)**

Fees:    $5,242.50

Hours:   8.40

23.     This category includes time spent by Akin Gump professionals and

paraprofessionals preparing for and attending Court hearings.  During the Compensation Period,

Akin Gump attended three (3) hearings on behalf of the Special Committee, including a hearing

to consider the Disclosure Statement Motion, a hearing on certain claims objections [Docket

Nos. 395, 391, 392] and the Confirmation Hearing.  In connection with these hearings, Akin

Gump professionals and paraprofessionals reviewed all pleadings scheduled for hearing,

analyzed issues as they pertained to the Special Committee and held conference calls and

meetings with the Special Committee to address issues in connection therewith.

E.    **General Claims (Task Code 00012)**

Fees:    $6,335.00

Hours:    10.90

24.    This category includes time spent by Akin Gump professionals and paraprofessionals analyzing the *Order (I) Establishing a Deadline to File Proofs of Claim, Certain Administrative Claims and Procedures Relating thereto and (II) Approving the Form and Manner of Notice Thereof*, dated August 11, 2016 [Docket No. 168] (the "Bar Date Order"). Akin Gump professionals prepared and filed proofs of claim on behalf of Mr. Tillman, a member of the Board of Directors of GMGI and the sole member of the Special Committee, in accordance with the terms of the Bar Date Order and had numerous discussions with the Special Committee in connection therewith.

F.    **Insurance Issues (Task Code 0014)**

Fees:    $4,945.50

Hours:    6.90

25.    This category includes time spent by Akin Gump professionals and paraprofessionals providing advice to the Special Committee regarding the negotiation and purchase of tail coverage in connection with the Debtors' director and officer insurance policies. Specifically, Akin Gump analyzed issues and provided recommendations in connection with such policies to ensure that Mr. Tillman would have adequate protection.

G.    **General Adversary Proceedings/Litigation Matters (Task Code 0017)**

Fees:    $24,528.50

Hours:    29.40

26.    This category includes time spent by Akin Gump professionals and paraprofessionals analyzing pending litigation matters and advising the Special Committee with

13

respect thereto.   Among others things, Akin Gump professionals and paraprofessionals conducted an extensive analysis of *Bollea v. Gawker Media, LLC*, et al., No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.) and *Bollea v. Gawker Media, LLC*, et al., No. 12012447-CI (Fla. 6th Jud. Cir. Pinellas Cty.)  (the "Bollea Actions") and analyzed the likelihood of success of such actions on appeal.  Akin Gump professionals held numerous conferences internally, with Debtors' counsel and with the Special Committee regarding the best path forward with respect to the Bollea Actions.  In addition, Akin Gump provided the Special Committee with essential independent analysis, advice and guidance in connection with negotiations leading to a global settlement of the Bollea Actions, which settlement was approved in connection with the Confirmation Order.[6]

**H.     Exclusivity (00021)**

> Fees:     $262.50

> Hours:   .30

27.     This category includes minimal time spent by Akin Gump professionals and paraprofessionals reviewing and analyzing the Debtors' exclusivity motion.

**I.     Plan and Disclosure Statement (Task Code 00022)**

> Fees:     $2,734.50

> Hours:   4.50

28.     This category includes time spent by Akin Gump professionals and paraprofessionals reviewing and analyzing the Plan, Disclosure Statement and related documents.  Akin Gump professionals and paraprofessionals closely scrutinized the terms of the Plan and Disclosure Statement to ensure it could fully advise the Special Committee with respect

---

[6]  For more information regarding the settlement, see the *Notice of Filing of Revised Plan Supplement Document Pursuant to the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.,* dated December 12, 2016[Docket No. 590], and the Confirmation Order.

thereto. Akin Gump's independent advice in respect of the Plan also facilitated the Special

Committee's involvement in settlement discussions, which discussions lead to the ultimate

consensual resolution of these Chapter 11 Cases.

## ACTUAL AND NECESSARY DISBURSEMENTS

29.     Akin Gump incurred actual out-of-pocket expenses in the amount of $653.91 in

connection with providing professional services to the Special Committee during the

Compensation Period.  By this Application, Akin Gump respectfully requests reimbursement of

these expenses in full.  A schedule of the categories of expenses and amounts for which

reimbursement is requested is attached hereto as **Exhibit E** (summary of disbursements

organized by general disbursement categories) and **Exhibit F** (itemized disbursements).

30.     These expenses have been incurred in accordance with Akin Gump's normal

practice of charging clients for expenses clearly related to and required by the engagement.  Akin

Gump's disbursement policies pass through all out-of-pocket expenses at actual cost or an

estimated actual cost when the actual cost is impractical to determine.  Other reimbursable

expenses (whether the service is performed by Akin Gump in-house or through a third party

vendor) include, but are not limited to, facsimiles, overtime meals, deliveries, court costs,

transcript fees, travel and clerk fees.  Akin Gump has endeavored to minimize these expenses to

the extent practicable.

## ALLOWANCE OF COMPENSATION

31.     Bankruptcy Code section 330 provides, in relevant part, that the Court may award

to a professional person "reasonable compensation for actual, necessary services rendered. . . ."

11 U.S.C. § 330(a)(1).  In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).  The clear congressional intent and policy expressed in Bankruptcy Code section 330 is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.  *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d. Cir. 1994) (citations and internal quotations omitted) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.").

32.    In assessing the "reasonableness" of the fees requested, the United States Court of Appeals for the Second Circuit (the "Second Circuit") has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the

"lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298-99 (5th Cir. 1977) have been adopted by most courts.[7]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 Fed. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

33.    Akin Gump respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

a.    Time and Labor Required.  Akin Gump professionals and paraprofessionals billed a total of 115.50 hours during the Compensation Period.  As described in this Application and the supporting documents, Akin Gump worked diligently, economically and without unnecessary duplication of efforts.

b.    Novelty and Difficulty of the Questions.  Akin Gump tasked knowledgeable attorneys to research, analyze and provide advice on several difficult and complex bankruptcy and litigation issues.  As further described herein, Akin Gump's skilled financial restructuring

---

[7] The factors articulated by the Fifth Circuit in *First Colonial* were first articulated by the Fifth Circuit in *Johnson,* with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

and litigation teams assisted the Special Committee in evaluating the Plan, Disclosure Statement, director and officer insurance policy, and pending litigations. Akin Gump's effective advocacy and creative approach helped clarify and resolve a number of complex issues.

c.  <u>Skill Requisite to Perform the Legal Services</u>.  Akin Gump believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Akin Gump's practice and its creative approach to the resolution of issues contributed to the successful administration of these Chapter 11 Cases and benefited the Debtors' estates and creditors, including by analyzing complex litigation issues and helping to facilitate an overall settlement of the Chapter 11 Cases.

d.  <u>Preclusion of Other Employment by Applicant due to Acceptance of the Representation</u>. Due to the size of Akin Gump's financial restructuring and litigation groups, Akin Gump's representation of the Special Committee did not preclude its acceptance of new clients, but the demand for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on Akin Gump professionals and paraprofessionals working concurrently on other matters.

e.  <u>Customary Fee</u>.  The rates Akin Gump charged for the services rendered by its professionals and paraprofessionals in connection with Chapter 11 Cases are the same rates Akin Gump charges for professional and paraprofessional services rendered in comparable nonbankruptcy matters.  Moreover, Akin Gump's fee structure is consistent with the fee structure used by Akin Gump for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required.  The firm's customary hourly rates and the rate structure employed reflect the fact that restructurings and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and significant time pressures, as is the case here.  Akin Gump's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.  <u>Whether the Fee is Fixed or Contingent</u>.  Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 327 are contingent pending final approval by a bankruptcy court and are subject to adjustment depending upon the services rendered and the results obtained.  The contingency of full and actual compensation to Akin Gump increased the risk Akin Gump was assuming by representing the Special Committee in the Chapter 11 Cases.  Despite this risk, Akin Gump achieved excellent and tangible results for the Special Committee, and therefore the Debtors and their estates.

g.  <u>Time Limitations Imposed by the Client or Other Circumstances</u>.  The Special Committee, the Debtors and Akin Gump agreed that Akin Gump's budget would be $100,000.

h. <u>Amount Involved and Results Obtained</u>.  Akin Gump professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors.  These efforts were extremely successful, culminating is the negotiation of a global settlement and confirmation of the Plan.

i. <u>Experience, Reputation and Ability of Attorneys</u>.  Akin Gump is an international law firm that has been consistently recognized as a top tier firm in the field of creditors' rights and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code.  During the Compensation Period, Akin Gump solicited the skill and expertise of its attorneys and paraprofessionals, a number of whom have practiced law for over 20 years in numerous of jurisdictions and legal disciplines.  Akin Gump attorneys have represented debtors, creditors and creditors' committees, as well as other parties in interest, in a number of the nation's largest Chapter 11 Cases, including *In re Avaya, Inc., et al.,* Case No. 17-10089 (SMB) (Bankr. S.D.N.Y.), *In re SunEdison, Inc., et al.,* Case No. 16-10992 (SMB) (Bankr. S.D.N.Y.), *In re International Shipholding Corporation, et al.,* Case No. 16-12220 (SMB) (Bankr. S.D.N.Y.), *In re Sabine Oil & Gas Corporation, et al.,* Case No. 15-11835 (SCC) (Bankr. S.D.N.Y.), *In re Chassix Holdings, Inc., et al.,* Case No. 15-10578 (MEW) (Bankr. S.D.N.Y.), *In re MPM Silicones, LLC*, 14-22503 (RDD) (Bankr. S.D.N.Y.), *In re NII Holdings, Inc.,* 14-12611 (SCC) (Bankr. S.D.N.Y.) and many others.  Akin Gump's extensive experience enables it to perform the services described herein competently and expeditiously.  In addition to its expertise in the area of corporate reorganization, Akin Gump called upon the expertise of its partners and associates in other practice areas to perform the wide ranging scope of the legal work necessitated by the Chapter 11 Cases, as described herein.

j. <u>"Undesirability" of the Cases</u>.  This factor is not applicable to the Chapter 11 Cases.

a. <u>Nature and Length of Professional Relationship</u>.  Akin Gump has been rendering professional services to the Special Committee since it was selected as counsel to the Special Committee on August 3, 2016.

34.    For the reasons set forth above, the services rendered by Akin Gump were necessary and beneficial to the Special Committee and were performed in a timely and efficient manner.  The compensation sought in this Application is reasonable in light of, among other things, (i) the value of such services to the Special Committee, (ii) Akin Gump's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and (iii) the customary compensation charged by comparably skilled practitioners at Akin Gump.  Accordingly, Akin Gump respectfully submits that the Court should enter an order, substantially in the form attached hereto as **<u>Exhibit J</u>**, (a) allowing Akin Gump

final compensation for professional services rendered to the Special Committee during the

Compensation Period in the aggregate amount of $87,580.50, representing 115.50 hours of

professional and paraprofessional services, (b) allowing Akin Gump payment for reimbursement

of actual and necessary expenses incurred during the Compensation Period in the amount of

$653.91 and (c) authorizing and directing the Debtors to pay to Akin Gump a total of $88,234.41,

representing an amount equal to this award of fees and expenses incurred in connection with

professionals services provided by Akin Gump to the Special Committee during the

Compensation Period.

35.    No prior application has been made in this Court or in any other court for the

relief requested herein as it relates to the Compensation Period.

## ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES

2.    The following is provided in response to the request for addition information set

forth in Section C.5 of the UST Guidelines:

**Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

Response:    No.

**Question:**    If the fees sought in this Application as compared to the fees budgeted for the time period covered by this Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    N/A

**Question:**    Have any of the professionals included in this Application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question:**    Does this Application include time or fees for reviewing time records to redact any privileged or other confidential information?

Response:    Yes.

**Question:**    Does this Application include any rate increases since retention?

Response:    Yes, in accordance with ordinary practice, some billing rates changed as of January 1, 2017.

## NOTICE

3.    Notice of this Application will be provided to: (i) the Debtors, 114 Fifth Avenue, New York, New York 10011, Attn: Heather Dietrick (heather@gawker.com) and William D. Holden (profinvoices@gawker.com); (ii) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); (iii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes and Susan Arbeit; (iv) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, New York 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com); (v) counsel to US VC Partners LP, as Prepetition Second Lien Lender, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: David Heller (david.heller@lw.com) & Keith A. Simon, 885 Third Avenue, New York, New York 10022, Attn: Keith A. Simon (keith.simon@lw.com); and (vi) counsel to Cerberus Business Finance, LLC, as DIP Lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (adam.harris@srz.com).

*[Remainder of this page has been left blank intentionally]*

## **CONCLUSION**

WHEREFORE, Akin Gump respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit J**, granting the relief requested in this Application and (b) grant such other and further relief as the Court may deem just and appropriate.

Dated: March 17, 2017        By: /s/  *Abid Qureshi*
New York, NY

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Abid Qureshi
One Bryant Park
New York, NY 10036
Telephone:      (212) 872-1000
Facsimile:      (212) 872-1002
Email:            aqureshi@akingump.com

*Counsel to the Special Committee of the Board of
Directors of Gawker Media Group, Inc.*

**EXHIBIT A**

**CERTIFICATION OF ABID QURESHI, ESQ.**

AKIN GUMP STRAUSS HAUER & FELD LLP
Abid Qureshi
One Bryant Park
New York, NY 10036
Telephone: (212) 872-8000
Facsimile: (212) 872-1002

*Counsel to the Special Committee*
*of the Board of Directors of Gawker Media Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

In re                                                                  Chapter 11

Gawker Media LLC, *et al.*,[1]                          Case No. 16-11700 (SMB)

                          Debtors.                          (Jointly Administered)

-------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN RESPECT OF FIRST AND FINAL APPLICATION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY
AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL TO THE SPECIAL
COMMITTEE OF THE BOARD OF DIRECTORS OF GAWKER MEDIA
GROUP, INC. FOR THE PERIOD OF AUGUST 3, 2016 THROUGH
AND INCLUDING JANUARY 31, 2017**

I, Abid Qureshi, hereby certify that:

1.      I am a partner with the applicant firm, Akin Gump Strauss Hauer & Feld LLP

("Akin Gump"), counsel to the Special Committee of the Board of Directors of Gawker Media

Group, Inc. (the "Special Committee").

2.      In accordance with Rule 2016-1(a) of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules"), the *Amended Guidelines for Fees and*

*Disbursements for Professionals in Southern District of New York Bankruptcy Cases,* effective

---

[1] The last four digits of the taxpayer identification number of the "Debtors" are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66, 1062 Budapest, Hungary.

February 5, 2013 (together with Local Rule 2016-1, the "Local Guidelines"), the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order"), dated July 13, 2016 [Docket No. 94], this certification is made with respect to Akin Gump's application (the "Application") for the first and final allowance of fees earned and expenses incurred during the period from **August 3, 2016 through and including January 31, 2017** (the "Compensation Period").

3.    Pursuant to Paragraph B.1 of the Local Guidelines, I certify that:

    a.   I have read the Application;

    b.   To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements requested are consistent with the Local Guidelines, except as specifically noted herein or in the Application;

    c.   The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Akin Gump and generally accepted by Akin Gump's clients; and

    d.   In providing a reimbursable service, Akin Gump does not make a profit on that service, whether the service is performed by Akin Gump in-house or through a third party.

4.    Pursuant to Paragraph B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Akin Gump has provided the Special Committee with a statement of Akin Gump's fees and disbursements accrued although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines or the Interim Compensation Order.

2

5.    Pursuant to Paragraph B.3 of the Local Guidelines, Akin Gump has provided a

draft of this Application to the Debtors, the Creditors' Committee, the U.S. Trustee and the

Special Committee at least 14 days before the date set by the Court for filing the Application.

New York, New York
Dated:  March 17, 2017

Abid Qureshi

**AKIN GUMP STRAUSS HAUER & FELD**
**LLP**
Abid Qureshi
One Bryant Park
New York, NY 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
Email:          aqureshi@akingump.com

*Counsel to the Special Committee of the Board of*
*Directors of Gawker Media Group, Inc.*

## EXHIBIT B

### TIMEKEEPER SUMMARY

| Timekeeper | Department | Position | Bar Admission | Rate | Case Total Hours | Case Total Value |
|---|---|---|---|---|---|---|
| Abid Qureshi | Financial Restructuring | Partner | 1994 | $1,175.00 | 8.60 | $10,105.00 |
| Pratik Shah | Litigation | Partner | 2001 | $950.00 | 13.70 | $13,015.00 |
| James Tysse | Litigation | Partner | 2008 | $735.00 | 17.80 | $13,083.00 |
| Rachel Ehrlich Albanese | Financial Restructuring | Senior Counsel | 2001 | $875.00 | 31.60 | $27,650.00 |
| Clayton Matheson | Litigation | Counsel | 2010 | $665.00 | 6.20 | $4,123.00 |
| Sara Brauner | Financial Restructuring | Counsel | 2011 | $850.00 | 8.80 | $7,480.00 |
| Rachelle Rubin | Financial Restructuring | Associate | 2016 | $487.21 | 14.9 | $7,259.50 |
| Tracy Southwell | Financial Restructuring | Paralegal | | $350.00 | 2.70 | $945.00 |
| Dagmara Krasa-Berstell | Financial Restructuring | Paralegal | | $350.00 | 11.20 | $3,920.00 |
| | | | | **Total:** | **115.50** | **$87,580.50** |

## EXHIBIT C

### TASK CODE SUMMARY

| Matter Number | Matter Description | Hours Billed | Fees Requested |
|---|---|---|---|
| 2 | General Case Administration | 12.60 | $7,209.50 |
| 3 | Akin Gump Fee Application | 12.80 | $9,780.00 |
| 6 | Retention of Professionals | 25.50 | $22,552.50 |
| 8 | Court Hearings | 8.40 | $5,242.50 |
| 9 | Financial Reports and Analysis | 4.20 | $3,990.00 |
| 12 | General Claims Analysis | 10.90 | $6,335.00 |
| 14 | Insurance Issues | 6.90 | $4,945.50 |
| 17 | General Adversary Proceedings/Litigation Matters | 29.40 | $24,528.50 |
| 21 | Exclusivity | 0.30 | $262.50 |
| 22 | Plan/Disclosure Statement | 4.50 | $2,734.50 |
| | | | |
| | **Total:** | **115.50** | **$87,580.50** |

# EXHIBIT D

## ITEMIZATION OF FEES



# Akin Gump
### Strauss Hauer & Feld LLP

SPECIAL COMMITTEE OF THE BOARD OF GAWKER
ATTN: SCOTT TILLMAN
THE SPECIAL COMMITTEE OF THE BOARD OF GAWKER MEDIA GROUP, IN
C/O GAWKER MEDIA GROUP, INC.
114 FIFTH AVENUE, 2ND FLOOR
NEW YORK, NY 10011

| | |
|---|---|
| Invoice Number | 1699197 |
| Invoice Date | 02/07/17 |
| Client Number | 697224 |
| Matter Number | 0001 |

Re: GAWKER CHAPTER 11

FOR PROFESSIONAL SERVICES RENDERED THROUGH 01/31/17 :

MATTER SUMMARY OF TIME BILLED BY TASK :

| | | HOURS | VALUE |
|---|---|---|---|
| 0002 | General Case Administrations | 12.60 | $7,209.50 |
| 0003 | Akin Gump Fee Application/Monthly Billing Reports | 12.80 | $9,780.00 |
| 0006 | Retention of Professionals | 25.50 | $22,552.50 |
| 0008 | Court Hearings | 8.40 | $5,242.50 |
| 0009 | Financial Reports and Analysis | 4.20 | $3,990.00 |
| 0012 | General Claims Analysis/Claims Objections | 10.90 | $6,335.00 |
| 0014 | Insurance Issues | 6.90 | $4,945.50 |
| 0017 | General Adversary Proceedings/Litigation Matters | 29.40 | $24,528.50 |
| 0021 | Exclusivity | 0.30 | $262.50 |
| 0022 | Plan/Disclosure Statement/Solicitation and Related Documentation | 4.50 | $2,734.50 |
| | TOTAL | 115.50 | $87,580.50 |

SPECIAL COMMITTEE OF THE BOARD OF GAWKER                                    Page 2
Invoice Number: 1699197                                              February 7, 2017

| Date | Tkpr | | Hours |
|------|------|---|------|
| 08/03/16 | JET | Confer (.1) and correspond (.1) with P. Shah re: case background. | 0.20 |
| 08/03/16 | JET | Confer with S. Tillman re: status of litigation and appeal strategy (.7); prepare for co-counsel meeting (.3); review litigation materials (2.4); multiple conferences with co-counsel and S. Tillman re: status of litigation and next steps (.9). | 4.30 |
| 08/03/16 | PAS | Review email correspondence re: case background (.2); discuss same with J. Tysse (.1); begin review of key pleadings (.5) and follow up emails re: same (.2). | 1.00 |
| 08/03/16 | PAS | Multiple telephone conferences with S. Tillman re: appeal and litigation strategy (.9); review key pleadings and case law with regard to potential appeal issues (3.3). | 4.20 |
| 08/04/16 | RBA | Conduct research re: case background. | 0.40 |
| 08/04/16 | RBA | Emails re: retention app (.3); research re: same (.5). | 0.80 |
| 08/04/16 | PAS | Review case pleading and case law re: potential appeal issues in Bollea actions. | 2.00 |
| 08/05/16 | JET | Prepare appeal analysis (1.7); discuss the same with P. Shah (.4); follow-up re: same (.2). | 2.30 |
| 08/05/16 | RBA | Attention to schedules (.3); prepare retention app and related declarations (2.8); emails to co-counsel re: same (.2). | 3.30 |
| 08/05/16 | PAS | Discuss preliminary assessment of potential appeals issues with J. Tysse (.4) and related follow up (.2). | 0.60 |
| 08/06/16 | JET | Prepare appeal analysis. | 2.00 |
| 08/07/16 | JET | Prepare appeal prospects analysis (3.6); correspondence re: same (.1); review materials re: same (1.1). | 4.80 |
| 08/07/16 | RBA | Prepare retention documents (.1); emails re: same (.1). | 0.20 |
| 08/07/16 | PAS | Email correspondence with J. Tysse re: preliminary analysis of Bollea appeal (.1); email correspondence with S. Tillman re: status update (.3). | 0.40 |
| 08/08/16 | JET | Revise appeal summary (1.9); confer with S. Tillman and P. Shah re: same (.5). | 2.40 |
| 08/08/16 | RBA | Review retention objection info (.7); prepare retention documents (1.6). | 2.30 |
| 08/08/16 | PAS | Review and revise memorandum analysis of potential appeal prospects in Bollea cases (2.5); telephone conference with S. Tillman and J. Tysse re: analysis of Bollea appeal issues (.4). | 2.90 |
| 08/09/16 | RBA | Review background materials re: settlement discussions (.5); emails re: same (.1). | 0.60 |
| 08/10/16 | RBA | Review schedules re: retention. | 0.40 |
| 08/11/16 | RBA | Review schedules re: retention and email re: same. | 0.30 |
| 08/15/16 | RBA | Revise retention documents. | 1.40 |
| 08/16/16 | RBA | Review revised retention documents (.1) and revise the same (.3). | 0.40 |
| 08/17/16 | RBA | Review revised retention documents and revise same (1.4); emails re: same (.2); attention to conflicts check (.7); email to Ropes re: retention documents (.3). | 2.60 |
| 08/18/16 | RBA | Review background materials. | 0.10 |
| 08/19/16 | RBA | Telephone call with S. Dasaro re: case status; email re: same. | 0.10 |
| 08/22/16 | RBA | Emails with Ropes re: retention (.2); telephone call with S. Dasaro (.2) and revise Akin retention pleadings per Ropes comments (.5); emails re: same (.3). | 1.20 |
| 08/25/16 | RBA | Emails with Ropes re: Akin retention pleadings. | 0.10 |
| 08/29/16 | RBA | Follow up with Ropes re: Akin retention (.2) and email to UST re: same (.2). | 0.40 |
| 08/30/16 | RBA | Emails with J. Agudelo and UST re: comments to AG retention docs (.3); call from J. Agudelo re: same (.1); follow up re: | 0.60 |

SPECIAL COMMITTEE OF THE BOARD OF GAWKER                                                   Page 3
Invoice Number: 1699197                                                              February 7, 2017

| Date | Tkpr | | Hours |
|------|------|---|------|
| | | additional conflicts check (.2). | |
| 08/31/16 | RBA | Review Ropes edits to retention documents (.3); emails with UST re: same (.2); follow up re: same (.1); revise same (.3); call to J. Agudelo re: same (.1). | 1.00 |
| 09/01/16 | RBA | Emails with J. Agudelo re: docket issue (.1); calendar dates (.1). | 0.20 |
| 09/01/16 | RBA | Correspondence re: retention documents. | 0.20 |
| 09/08/16 | RBA | Attend to case administrative issues. | 0.30 |
| 09/12/16 | DK | Review case docket (.2); review and organize pleadings for attorneys (.3). | 0.50 |
| 09/12/16 | RBA | Review retention objection. | 0.20 |
| 09/12/16 | RBA | Emails with J. Agudelo re: hearing. | 0.40 |
| 09/13/16 | RBA | Telephone calls to J. Agudelo and court re: hearing (.5); emails re: same (.3). | 0.80 |
| 09/13/16 | RBA | Draft reply to committee objection (1.6); review related research re: special committees (.5) and conduct additional research re: same (1.1). | 3.20 |
| 09/14/16 | AQ | Correspond with Akin team re: retention issues (.2); confer with Ropes re: same (.2). | 0.40 |
| 09/14/16 | DK | Review docket for upcoming hearing dates (.3); update case calendar (.2). | 0.50 |
| 09/14/16 | RBA | Review article and email re: retention (.1); revise response re: same (.2). | 0.30 |
| 09/14/16 | RBA | Emails with J. Agudelo re: hearing and special committee docs. | 0.20 |
| 09/15/16 | AQ | Review retention pleadings (.3); telephone call with Ropes re: Akin retention (.3); correspond with co-counsel re: same (.2). | 0.80 |
| 09/15/16 | DK | Review case docket for upcoming hearing dates. | 0.20 |
| 09/15/16 | RBA | Revise retention response. | 0.20 |
| 09/15/16 | RBA | Email to A. Qureshi re: hearing. | 0.20 |
| 09/15/16 | RBA | Email A. Qureshi re: status (.1); telephone call to R. Martin (.2); follow-up email to A. Qureshi (.1). | 0.40 |
| 09/16/16 | AQ | Telephone call with Ropes re: retention issues (.1); confer with R. Albanese re: same (.4); review related case law (.3). | 0.80 |
| 09/16/16 | DK | Review court docket for upcoming hearing dates. | 0.20 |
| 09/16/16 | RBA | Review hearing notice (.1); email to A. Qureshi re: same (.1). | 0.20 |
| 09/16/16 | RBA | Confer with A. Qureshi re: reply (.4) and follow up re: same (.2); research re: special committee right to independent counsel (.4). | 1.00 |
| 09/16/16 | RBA | Emails with S. Tillman re: bar date and POC (.2); review bar date order (.4). | 0.60 |
| 09/19/16 | AQ | Telephonic call with UCC re: Akin retention (.1); emails re: same (.1). | 0.20 |
| 09/19/16 | DK | Monitor docket for upcoming hearing dates and notices (.1); review case calendar (.2). | 0.30 |
| 09/19/16 | RBA | Emails with S. Tillman re: POC (.3); review bar date order (.1); research re: same (.3). | 0.70 |
| 09/20/16 | TS | Communications with D. Krasa-Berstell re: proofs of claim and administrative expense claims (.2); review bar date notice (.2); research administrative claim format (.3); prepare proofs of claim and administrative expense claims (1.2); email to R. Albanese re: same (.1); revise and finalize same (.3). | 2.30 |
| 09/20/16 | DK | Monitor docket for upcoming hearing dates and notices (.1); review case calendar (.1). | 0.20 |
| 09/20/16 | DK | Confer with R. Albanese re: preparation for filing proofs of claim and requests for payments for the client (.3); review bar date order and procedures (.1); review forms (.2); coordinate drafting of forms necessary for filing (.5); communications with D. Krasa-Berstell and T. Southwell re: same (.2). | 1.30 |

SPECIAL COMMITTEE OF THE BOARD OF GAWKER                                   Page 4
Invoice Number: 1699197                                                February 7, 2017

| Date | Tkpr | | Hours |
|------|------|--|-------|
| 09/20/16 | RBA | Review docket updates. | 0.30 |
| 09/20/16 | RBA | Revise POC (.4); review agreements from S. Tillman (.8); call with S. Tillman (.3); emails with T. Southwell and D. Krasa-Berstell (.2); review and revise POC and admin forms (.5); email to T. Southwell re: same (.1). | 2.30 |
| 09/21/16 | RBA | Finalize proofs of claim. | 0.20 |
| 09/21/16 | RBA | Email A. Qureshi re: exclusivity motion (.1); review the same (.2). | 0.30 |
| 09/21/16 | RBA | Review docket entries (.2) and review organizational documents re: advising special committee (.2). | 0.40 |
| 09/22/16 | DK | Monitor docket (.4); update case calendar (.2). | 0.60 |
| 09/22/16 | DK | Confer with R. Albanese re: draft proofs of claim for S. Tillman (.3); review the same (.2); prepare finalized copies for attorney review (.4). | 0.90 |
| 09/22/16 | RBA | Follow up with D. Krasa-Berstell (.3) and email to Tillman re: proofs of claim (.1); review Tillman response and finalize claims for filing (.2). | 0.60 |
| 09/23/16 | AQ | Email with UCC re: Akin retention. | 0.10 |
| 09/23/16 | AQ | Telephone call with S. Tillman re: next steps (.4); correspondence re: same (.2). | 0.60 |
| 09/23/16 | DK | Monitor docket and review case calendar (.4); correspondence to R. Albanese re: status (.1). | 0.50 |
| 09/26/16 | AQ | Emails re: Akin retention (.1); correspondence with R. Albanese re: reply (.1). | 0.20 |
| 09/26/16 | DK | Monitor docket. | 0.30 |
| 09/26/16 | RBA | Emails re: case status with S. Tillman. | 0.10 |
| 09/26/16 | RBA | Coordinate with Tillman re: proofs of claim. | 0.10 |
| 09/27/16 | DK | Prepare Tillman proofs of claim for filing (.5); coordinate with managing clerk re: above (.2); confer with R. Albanese re: same (.2). | 0.90 |
| 09/27/16 | RBA | Review UCC 2004 motion (.3); email to A. Qureshi re: same (.2); email to S. Tillman re: same (.1). | 0.60 |
| 09/27/16 | RBA | Finalize proofs of claim and confer with D. Krasa-Berstell. | 0.20 |
| 09/28/16 | DK | Monitor docket. | 0.10 |
| 09/28/16 | DK | Compile filed versions of Tillman proofs of claim for R. Albanese. | 0.70 |
| 09/28/16 | RBA | Review UCC letter retention (.1); email A. Qureshi re: same (.1). | 0.20 |
| 09/28/16 | RBA | Email to S. Tillman re: filed proofs of claim. | 0.10 |
| 09/29/16 | DK | Correspondence with R. Albanese re: retention research. | 0.40 |
| 09/29/16 | DK | Monitor docket re: notice of hearing (.2); research and organize relevant documents for attorney (.5). | 0.70 |
| 09/30/16 | DK | Review case docket for notice of hearing. | 0.40 |
| 09/30/16 | RBA | Review retention orders for reply (.4); update reply (.4); email A. Qureshi re: same (.1). | 0.90 |
| 10/03/16 | AQ | Emails with S. Tillman re: Akin retention issues. | 0.10 |
| 10/03/16 | AQ | Review and analyze DS (.9); correspond re: same (.1). | 1.00 |
| 10/03/16 | DK | Review case docket (.3); prepare set of plan and disclosure statement pleadings for attorneys (.7). | 1.00 |
| 10/04/16 | DK | Monitor docket. | 0.30 |
| 10/05/16 | AQ | Emails with Ropes and S. Tillman re: Akin retention. | 0.20 |
| 10/05/16 | DK | Monitor docket and send notice to attorneys. | 0.50 |
| 10/10/16 | RLR | Review background materials and pleadings. | 1.20 |
| 10/13/16 | AQ | Confer with R. Rubin re: DS and hearing. | 0.10 |
| 10/13/16 | AQ | Confer with R. Rubin re: Akin retention reply. | 0.10 |
| 10/13/16 | TS | Set up ECF alerts for attorneys (.2); internal communications re: | 0.40 |

SPECIAL COMMITTEE OF THE BOARD OF GAWKER                                          Page 5
Invoice Number: 1699197                                                      February 7, 2017

| Date | Tkpr | | Hours |
|------|------|------|------|
| | | same (.2). | |
| 10/13/16 | RLR | Confer with A. Qureshi re: retention reply. | 0.10 |
| 10/13/16 | RLR | Confer with A. Qureshi re: disclosure statement and hearing. | 0.10 |
| 10/13/16 | RLR | Email T. Southwell re: case administration. | 0.10 |
| 10/14/16 | RLR | Update case calendar. | 0.20 |
| 10/18/16 | AQ | Review and analyze STN demand letter from UCC re: special committee advice (.6); telephone calls with S. Tillman (.5) and Ropes re: same (.2); emails re: same (.1). | 1.40 |
| 10/19/16 | CNM | Begin analyzing D&O issues for special committee (.7); internal communications re: same (.3). | 1.00 |
| 10/19/16 | RLR | Review and revise retention reply. | 0.90 |
| 10/20/16 | AQ | Emails re: D&O coverage (.3); attention to issues re: same (.4). | 0.70 |
| 10/20/16 | AQ | Review and analyze draft letter from Ropes to UCC (.4); call with S. Tillman re: same (.3). | 0.70 |
| 10/20/16 | CNM | Continue analyzing D&O issues (.6); draft email summarizing conclusions to A. Qureshi (.7). | 1.30 |
| 10/21/16 | PAS | Email correspondence with S. Tillman re: follow up analysis/assessment of litigation prospects (.7); review and annotate settlement letter from C. Harder and materials in other UCC cases (1.4). | 2.10 |
| 10/24/16 | JET | Review materials in preparation for call with S. Tillman and P. Shah (1.4); confer with S. Tillman and P. Shah re: likelihood of success on appeal (.4). | 1.80 |
| 10/24/16 | PAS | Telephone conference with S. Tillman and J. Tysse re: updated assessment of appeal chances in Bollea and other matters (.4); review notes in preparation for call (.1). | 0.50 |
| 10/28/16 | RLR | Update case calendar. | 0.10 |
| 10/31/16 | RLR | Internal communications re: case admin. | 0.20 |
| 11/01/16 | RLR | Emails re: hearing. | 0.20 |
| 11/02/16 | DK | Obtain courtcall line for R. Rubin for upcoming hearing. | 0.40 |
| 11/02/16 | RLR | Review correspondence re: Plan and DS (.5) and emails re: same (.2); telephone call with Debtors re: DS (.1). | 0.80 |
| 11/03/16 | RLR | Telephonically attend hearing (.8); prepare for the same (.5); emails re: same (.6). | 1.90 |
| 11/04/16 | RLR | Emails re: DS (.3); review same (1.2). | 1.50 |
| 11/09/16 | RLR | Update case calendar. | 0.10 |
| 11/11/16 | RLR | Update case calendar. | 0.10 |
| 11/14/16 | CNM | Review D&O policy (1.0); continue analyzing issues related to same (.7); draft summary of analysis (.6); email to A. Qureshi: same (.1). | 2.40 |
| 11/16/16 | CNM | Email S. Tillman re: D&O issues. | 0.20 |
| 11/18/16 | CNM | Analyze issues re: D&O policy (.5); call re: same with W. Holden and broker (.8). | 1.30 |
| 11/29/16 | DK | Obtain courtcall line for R. Rubin for hearing. | 0.30 |
| 11/29/16 | RLR | Emails re: hearing. | 0.20 |
| 12/01/16 | RLR | Telephonically attend hearing. | 1.10 |
| 12/13/16 | AQ | Prepare for (.4) and attend court hearing re: confirmation and Akin retention (partial) (.8). | 1.20 |
| 12/13/16 | RLR | Prepare for (.2); attend confirmation hearing and Akin retention hearing (1.9). | 2.10 |
| 01/03/17 | RLR | Review invoice for privileged information (1.0); begin to prepare fee application (3.0). | 4.00 |
| 01/30/17 | SLB | Review and revise fee application; internal communications re: same. | 3.70 |
| 01/31/17 | SLB | Prepare final fee application. | 5.10 |

SPECIAL COMMITTEE OF THE BOARD OF GAWKER                                          Page 6
Invoice Number: 1699197                                                    February 7, 2017

---

| Date | Tkpr | | Hours |
|------|------|---|-------|
| | | Total Hours | 115.50 |

## EXHIBIT E

### DISBURSEMENT SUMMARY

| Expense Categories | Case Total |
|---|---|
| Computerized Legal Research | $249.36 |
| Document Retrieval | $135.80 |
| Duplication - In House | $128.20 |
| Telephone - Long Distance | $130.00 |
| Travel - Ground Transportation | $10.55 |
| **Total** | **$653.91** |

# **EXHIBIT F**

## **ITEMIZATION OF DISBURSEMENTS**



# Akin Gump
## Strauss Hauer & Feld LLP

SPECIAL COMMITTEE OF THE BOARD OF GAWKER
ATTN: SCOTT  TILLMAN
THE SPECIAL COMMITTEE OF THE BOARD OF GAWKER MEDIA GROUP, IN
C/O GAWKER MEDIA GROUP, INC.
114 FIFTH AVENUE, 2ND FLOOR
NEW YORK, NY  10011

| | |
|---|---|
| Invoice Number | 1699197 |
| Invoice Date | 02/07/17 |
| Client Number | 697224 |
| Matter Number | 0001 |

Re: GAWKER CHAPTER 11

FOR PROFESSIONAL SERVICES RENDERED THROUGH  01/31/17 :

FOR COSTS ADVANCED AND EXPENSES INCURRED:

| Date | | Value |
|---|---|---|
| 09/14/16 | Duplication - In House  Photocopy - Marseille, Sarah-Lynn, NY, 641 page(s) | $128.20 |
| 09/26/16 | Computerized Legal Research - Westlaw User: ALBANESE,RACHEL Date: 9/26/2016 AcctNumber: 1000193694 ConnectTime: 0.0 | $207.80 |
| 10/03/16 | Travel - Ground Transportation VENDOR: ABID QURESHI INVOICE#: 1459365610191501 DATE: 10/19/2016 Taxi/Car Service/Public Transport, 10/03/16, Late taxi home., NYC Taxi | $10.55 |
| 10/05/16 | Document Retrieval  USAGE FROM: 7/1/16 - 9/30/16 VENDOR: PACER SERVICE CENTER; INVOICE#: 2503192-Q32016; DATE: 10/5/2016 | $36.40 |
| 11/09/16 | Computerized Legal Research - Westlaw User: RUBIN,RACHELLE Date: 11/9/2016 AcctNumber: 1000193694 ConnectTime: 0.0 | $41.56 |
| 11/11/16 | Telephone - Long Distance  VENDOR: RACHELLE RUBIN INVOICE#: 1512118911212301 DATE: 11/21/2016 Court Calls, 11/11/16, Court call | $65.00 |

SPECIAL COMMITTEE OF THE BOARD OF GAWKER                                      Page 2
Invoice Number: 1699197                                                February 7, 2017

| | | |
|---|---|---|
| | appearance re: Gawker Media LLC - Court Call ID 7948481, CourtCall | |
| 12/09/16 | Telephone - Long Distance  VENDOR: RACHELLE RUBIN INVOICE#: 1540352812200001 DATE: 12/20/2016 Court Calls, 12/09/16, Court call appearance re: Gawker Media LLC - Court Call ID 7998185, Court Call | $65.00 |
| 01/09/17 | Document Retrieval  IN VARIOUS COURTS VENDOR: PACER SERVICE CENTER; INVOICE#: 2503192-Q42016; DATE: 1/9/2017 | $99.40 |
| | Current Expenses | $653.91 |

## EXHIBIT G

## BUDGET

| Matter Number | Matter Description | Hours Budgeted | Hours Billed | Value Budgeted | Value Billed |
|---|---|---|---|---|---|
| 2 | General Case Administration | 10-20 | 12.60 | $5,000.00-$8,000.00 | $7,209.50 |
| 3 | Akin Gump Fee Application | 10-15 | 12.80 | $8,000.00-$10,000.00 | $9,780.00 |
| 6 | Retention of Professionals | 20-25 | 25.50 | $20,000.00-$25,000.00 | $22,552.50 |
| 8 | Court Hearings | 5-10 | 8.40 | $4,000.00-$6,000.00 | $5,242.50 |
| 9 | Financial Reports and Analysis | 0-5 | 4.20 | $0.00-$4,000.00 | $3,990.00 |
| 12 | General Claims Analysis | 5-15 | 10.90 | $0.00-$4,000.00 | $6,335.00 |
| 14 | Insurance Issues | 5-10 | 6.90 | $5,000.00-$10,000.00 | $4,945.50 |
| 17 | General Adversary Proceedings/Litigation Matters | 25-35 | 29.40 | $20,000.00-$25,000.00 | $24,528.50 |
| 21 | Exclusivity | 0-5 | 0.30 | $0.00-$3,000 | $262.50 |
| 22 | Plan/Disclosure Statement | 0-10 | 4.50 | $3,000.00-$5,000.00 | $2,734.50 |
| | Total: | 80-150 | 115.50 | $65,000.00-$100,000.00 | $87,580.50 |

## EXHIBIT H

### STAFFING PLAN

| Category of Timekeepers | Number of Expected Timekeepers | Number of Actual Timekeepers |
|---|---|---|
| Partners | 3 | 3 |
| Senior Counsel | 1 | 1 |
| Counsel | 2 | 2 |
| Associates | 1 | 1 |
| Paralegals | 2 | 2 |

## EXHIBIT I

### CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES*

|  | Firm | This Application |
|---|---|---|
| PARTNER | $887.77 | $902.82 |
| SENIOR COUNSEL | $700.81 | $875.00 |
| COUNSEL | $669.32 | $773.53 |
| ASSOCIATE | $521.59 | $487.21 |
| PARALEGAL | $229.41 | $350.00 |
| **Aggregated:** |  | $758.27 |

* This chart discloses (i) the blended hourly rate for the preceding year for the aggregate of all timekeepers in the domestic offices of Akin Gump in which timekeepers collectively billed more than 10% of the hours in the Chapter 11 Cases during the Compensation Period, segregated by rank, and excluding all data from timekeepers practicing primarily in the Financial Restructuring group and (ii) the blended hourly rate for timekeepers practicing primarily in the Financial Restructuring group that billed time that was included on this First and Final Fee Application.

** This data is based on information from Akin Gump December 2015 through November 2016. In addition, the blended rates for "Non-FR Timekeepers (NY and DC) for Preceding Year" reflect diverse staffing and fee arrangements, in addition to hourly billing structures, in the included offices.

***The total blended rate for the Non-FR Timekeepers (NY and DC) for Preceding Year was calculated using the billed hours and rates for timekeepers with the same positions as timekeepers in the Application (*i.e.*, partner, senior counsel, associate and paralegal).

2

# EXHIBIT J

## PROPOSED FORM OF ORDER

AKIN GUMP STRAUSS HAUER & FELD LLP
Abid Qureshi
One Bryant Park
New York, NY 10036
Telephone: (212) 872-8000
Facsimile: (212) 872-1002

*Counsel to the Special Committee*
*of the Board of Directors of Gawker Media Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

In re                                                    Chapter 11

Gawker Media LLC, *et al.*,[1]                            Case No. 16-11700 (SMB)

          Debtors.                                       (Jointly Administered)

-------------------------------------------------------x

## ORDER GRANTING FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL TO THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF GAWKER MEDIA GROUP, INC. FOR THE PERIOD OF AUGUST 3, 2016 THROUGH AND INCLUDING JANUARY 31, 2017

Upon the application filed on March 17, 2017 (the "Application")[2] of Akin Gump Strauss

Hauer & Feld LLP ("Akin Gump"), counsel to the special committee (the "Special Committee")

of the Board of Directors of Gawker Media Group, Inc., pursuant to sections 330 and 331 of title

11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule

2016-1(a) of the Local Bankruptcy Rules for the Southern District of New York and the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals,* dated July 13, 2016 [Docket No. 94], the *Amended Guidelines for Fees and*

---

[1] The last four digits of the taxpayer identification number of the "Debtors" are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The offices of Gawker Media LLC and Gawker Media Group, Inc. are located at 114 Fifth Avenue, 2d Floor, New York, NY 10011. Kinja Kft.'s offices are located at Andrassy ut 66, 1062 Budapest, Hungary.

[2] Capitalized terms used and not otherwise defined herein shall have the meaning(s) ascribed to such terms in the Applications.

*Disbursements for Professionals in Southern District of New York Bankruptcy Cases,* effective

February 5, 2013, and the *Appendix B Guidelines for Reviewing Applications for Compensation*

*and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter*

*11 Cases,* seeking entry of an order (a) allowing Akin Gump final compensation for professional

services rendered to the Special Committee during the period from August 3, 2016 through and

including January 31, 2017 (the "Compensation Period") in the aggregate amount of $87,580.50,

representing 115.50 hours of professional and paraprofessional services, (b) allowing Akin Gump

payment for reimbursement of actual and necessary expenses incurred during the Compensation

Period in the amount of $653.91 and (c) authorizing and directing the Debtors to pay to Akin

Gump a total of $88,234.41, representing an amount equal to this award of fees and expenses

incurred in connection with professionals services provided by Akin Gump to the Special

Committee during the Compensation Period; and a hearing having been held before this Court to

consider the Application (the "Final Fee Application Hearing"); and the Court having jurisdiction

to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334; and it appearing that notice of the Application was good and sufficient under the

circumstances and that no other or further notice need be given; and for the reasons set forth

more fully in the Application and on the record during the Final Fee Application Hearing; and

upon the record therein; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Application is granted and the fees and expenses of Akin Gump for the

Compensation Period are approved on a final basis, in the amount of $88,234.41, comprising

$87,580.50 in respect of services rendered by Akin Gump to the Special Committee during the

Compensation Period and $653.91 in expenses incurred by Akin Gump in connection with its representation of the Special Committee during the Compensation Period.

2.     The Debtors are authorized and directed to pay promptly to Akin Gump the amount of $88,234.41, which represents $87,580.50 in fees and $653.91 in expenses outstanding and unpaid to Akin Gump for services rendered and expenses incurred during the Compensation Period.

3.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes airing from or related to the implementation of this Order.

Dated:  New York, New York

_____, 2017

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE