# Exhibit A

# Proposed Order

61937250_1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                    :

In re                                    :         Chapter 11
                                   :

Gawker Media LLC, *et al.*,[1]       :         Case No. 16-11700 (SMB)
                                   :
                Debtors.         :         (Jointly Administered)
                                   :
------------------------------------------------------x

## POST-CONFIRMATION ORDER IN CONNECTION WITH LOCAL RULE 3021-1

This matter having come before this Court on presentment, and the Court having reviewed and considered this order (this "Order") pursuant to the provisions of 11 U.S.C. § 1106(a)(7), Fed. R. Bankr. P. 3021, and Local Rule 3021-1 of the Local Bankruptcy Rules for the Southern District of New York; and it appearing to the Court that proper and adequate notice of the Order has been given and that no further notice is necessary; and no objections having been filed to the presentment of the Order; and the Court having determined that the relief granted herein is appropriate; and good and sufficient cause having been shown; it is hereby DETERMINED, FOUND, ADJUDGED AND ORDERED that:

1.     On December 22, 2016, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (the "Confirmation Order") [Docket No. 638] approving the terms of the Chapter 11 plan annexed thereto (the "Plan")[2]. In accordance with the terms of the Confirmation Order, the effective date of the Plan (the

---

[1]     The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2]     Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Plan.

"Effective Date") occurred on March 17, 2017.  The Plan Administrator has made distributions on account of Allowed Claims and Equity Interests entitled to distribution under the Plan as of the Effective Date.

2.  The Plan Administrator expects additional distributions to occur as soon as reasonably practicable after (i) a Disputed Claim becomes an Allowed Claim and (ii) an Equity Interest becomes entitled to a distribution pursuant to the terms of the Plan.  The deadline for the Plan Administrator to file an objection to a Claim (the "Claims Objection Deadline") is 180 days after the Effective Date, subject to further extension pursuant to Court order.  The Plan Administrator expects to seek entry of a final decree closing each of the Chapter 11 cases upon the resolution of all Disputed Claims and Claims and the distributions thereunder.  The Plan Administrator is responsible for safeguarding and accounting for the proceeds of all recoveries on behalf of the Debtors' estates.

3.  In satisfaction of Local Rule 3021-1(b) and the requirements set forth in 11 U.S.C. § 1106(a)(7), the Plan Administrator will file a status report detailing the actions taken in furtherance of resolution of Claims and the closing of the Chapter 11 cases every six months, with the first status report due no later than on June 30, 2017, until a final decree has been entered closing the Chapter 11 cases.

4.  The Plan Administrator will pay all United States Trustee quarterly fees due under 28 U.S.C. § 1930(a)(6) until the entry of a final decree, dismissal of the case, or conversion of the case to Chapter 7, and shall provide the United States Trustee with related disbursement information on or about the end of the month following each calendar quarter.

*[Remainder of Page Left Intentionally Blank]*

5.  Entry of this Order shall be without prejudice to the Plan Administrator ability to take any and all actions authorized under the Plan, the Confirmation Order, and any other document related to the Plan and the conduct of the Debtors or the Plan Administrator, including pursuing any objection to a Disputed Claim or cause of action, and all other matters over which the Court retains jurisdiction pursuant to the Plan and the Confirmation Order.

New York, New York
Dated: _____, 2017

_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

61910513_2