# Exhibit A

LAW OFFICE OF
# DAVID R. HOUSTON
*STATE AND FEDERAL CRIMINAL DEFENSE*

Criminal Law Office
432 Court Street
Reno, Nevada 89501
Tele: 775.786.4188
Fax: 775.786.5573
Email: dhouston@houstonatlaw.com

David R. Houston, Esq.
*Attorney*
Ke Rosser
*Business Manager*
Alisha Theofanides
*Legal Assistant*
Karen Mourreal
*Secretary*

**Via Federal Express**

Gawker Media
Nick Denton
Publishing & Editorial
210 Elizabeth Street, Fourth Floor
New York, NY 10012

Re:    Terry Bollea v. Gawker Media et al.

SETTLEMENT COMMUNICATION UNDER F.R.E. 408

Dear Mr. Denton:

We are litigation counsel for Terry Bollea, professionally known as Hulk Hogan, in the protection of his right of privacy and his right of publicity, as well as his other trade identify and intellectual property rights.

As you know, Hulk Hogan has worked as a public performer, an actor, a television personality, and a professional wrestler for over 30 years. During this time, our client has made countless public performances in film, television and radio, he has appeared in commercial advertisements, he has endorsed products and services, and he has gained the attention of hundreds of millions of viewers and fans throughout the world. Obviously, Hulk Hogan's trade identity is an extremely valuable asset which our client actively protects. Likewise, Hulk Hogan vigorously protects his privacy interest in the most intimate details of his life.

It has come to our attention an anonymous third party recently approached you about a secretly filmed and unauthorized video depicting sexual relations between Hulk Hogan and an anonymous woman. The acts of secretly filming, releasing, and "shopping" the most intimate, private details of Hulk Hogan's life are morally and legally appalling. From a legal standpoint, the unauthorized use of Hulk Hogan's name, likeness, and other symbols of his celebrity identity by you to your advantage, commercial or otherwise, would result in grave injury to Hulk Hogan, including substantial monetary damages and harm to his future licensing and endorsement opportunities, thereby violating his right to publicity. In addition, the unauthorized display, distribution, and other uses of the video would constitute any one of the four distinct torts included under the rubric of the right to privacy, (1) including public disclosure of Hulk Hogan's

Pg. 2

private facts, (2) intrusion upon Hulk Hogan's solitude or into his private affairs, (3) false light publicity, and (4) appropriation of Hulk Hogan's name and likeness. *See, e.g., Michaels v. Internet Entm't Group, Inc.*, 5 F. Supp. 2d 823 (C.D. Cal. 1998); *Eastwood v. Superior Court (Nat'l Enquirer)*, 198 Cal. Rptr. 342 (Cal. App. 1983). *See also White v. Samsung Electronics America, Inc.*, 971 F.2d 1395 (9th Cir. 1992).

Furthermore, any attempt to hide behind the veil of the "newsworthiness privilege" will fail and cannot possibly save anyone making unauthorized use of the video from liability. At a minimum, the newsworthiness exception to the right of privacy must fail, as it did in *Michaels v. Internet Entm't Group, Inc.*, 5 F. Supp. 2d 823, 841 (C.D. Cal. 1998), because "[i]t is difficult if not impossible to articulate a social value that will be advanced by dissemination of the [video]." Moreover, "a video recording of two individuals engaged in [sexual] relations represents the deepest possible intrusion into such [private] affairs." *Id.*

We can assure you that Hulk Hogan intends to pursue all civil and criminal remedies available against anyone connected with "shopping" around, distributing, or otherwise using the video. To this end, we will commence consultations with federal and state law enforcement about the criminal aspects of this matter. Hulk Hogan would like to end this matter immediately by learning the identity of all persons involved with "shopping" the video to you and any other party. If you immediately disclose the requested information and refrain from becoming involved with any use of the video, Hulk Hogan will consider this matter closed and will not seek legal remedies against you for the issues raised in this letter.

We look forward to receiving your response by immediately.

Sincerely,

David R. Houston

DRH:kc