# EXHIBIT A

CAHILL GORDON & REINDEL LLP
Susan Buckley
Joel H. Levitin
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Special Litigation Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| Gawker Media LLC, *et al.*,[1] | : Case No. 16-11700 (SMB) |
| Debtors. | : (Jointly Administered) |

-------------------------------------------------------x

**DECLARATION OF SUSAN BUCKLEY IN SUPPORT OF THE
FINAL APPLICATION OF CAHILL GORDON & REINDEL LLP
AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM JUNE 10, 2016 THROUGH MARCH 17, 2017**

I, Susan Buckley, being duly sworn, state the following under penalty of perjury:

1. I am a former partner and currently Senior Counsel in the law firm of Cahill Gordon & Reindel LLP ("Cahill"), located at 80 Pine Street, New York, New York 10005. I am

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2. I have read the foregoing fee application (the "Fee Application").[2] To the best of my knowledge, information, and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application generally complies in all material respects with Local Rule 2016-1, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "US Trustee Guidelines"), and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*.[3]

3. In connection therewith, I hereby certify that:

a) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are generally permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b) except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at or below rates customarily employed by Cahill and generally accepted by Cahill's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c) Cahill did not increase hourly rates from those disclosed in the Retention Application during the Fee Period;

d) in providing a reimbursable expense, Cahill does not make a profit on that expense, whether the service is performed by Cahill in-house or through a third party;

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Fee Application.

[3] In light of Cahill's limited role in the bankruptcy cases, the substantial rate discount provided in this matter, and the costs associated with having to produce relevant information, Cahill respectfully requests a waiver of any requirement to provide further information about customary and comparable compensation, as referenced in the US Trustee Guidelines.

- 3 -

  e)  in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between Cahill and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules; and

  f)  all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person, other than Mr. King, as set forth in the Retention Application.

  4.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 20, 2017      Respectfully submitted,
   New York, New York

            /s/ Susan Buckley
            Susan Buckley
            Senior Counsel, Cahill Gordon & Reindel LLP