Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Case No. 16-11700-smb
4  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
5
6  In the Matter of:
7
8  GAWKER MEDIA, LLC,
9
10              Debtor.
11
12 - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              April 18, 2017
19              10:00 a.m.
20
21
22
23  B E F O R E :
24  HON STUART M. BERNSTEIN
25  U.S. BANKRUPTCY JUDGE

Page 2

1    Second Interim Application of Simpson, Thacher & Bartlett,
2    LLP for Approval and Allowance of Compensation for Services
3    Rendered and Reimbursement of Expenses Incurred for Official
4    Committee of Unsecured Creditors of Gawker Media LLC, et
5    al., Other Professional, period: 10/1/2016 to 1/31/2017,
6    fee: $557,908.00, expenses: $41,209.16.
7
8    Debtor's Objection to the Claims of Aladar Baldauf (Claim
9    Nos. 326 and 332)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25    Transcribed by:  Sherri L. Breach, CERT*D-397

Page 3

1  A P P E A R A N C E S :

2  ROPES & GRAY, LLP

3       Attorneys for Debtor

4       1211 Avenue of the Americas

5       New York, New York 10036

6

7  BY:  GREGG M. GALARDI, ESQ.

8

9  SIMPSON THACHER & BARTLETT, LLP

10      Attorneys for Creditors Committee

11      425 Lexington Avenue

12      New York, New York 10017

13

14 BY:  WILLIAM T. RUSSELL, JR., ESQ.

15

16 OFFICE OF THE UNITED STATES TRUSTEE

17      Attorneys for U.S. Trustee

18      U.S. Federal Office Building

19      201 Varick Street, Suite 1006

20      New York, New York 10014

21

22 BY:  GREG ZIPES, ESQ.

23

24

25

Page 4

1        P R O C E E D I N G S
2             THE CLERK:  Please be seated.
3             THE COURT:  Gawker.
4             MR. GALARDI:  Good morning, Your Honor.  Gregg
5    Galardi on behalf of the now gone effective Gawker entities.
6             Your Honor, the agenda is short, two matters to
7    address today.  The others are adjourned.
8             The first is an uncontested matter which is the
9    Simpson and Thacher fee application.  Counsel is here.  I'll
10   let them address that and then turn to the claim.
11            THE COURT:  Okay.
12            MR. RUSSELL:  Good morning, Your Honor.  William
13   Russell of Simpson, Thacher & Bartlett, LLP.  On behalf of
14   the, I guess, now dissolved committee now for the plaintiffs
15   gone effective here on my firm's second interim fee
16   application.  There has been no objection.  Mr. Zipes
17   reached out yesterday with a couple of questions.  We agreed
18   since this is an interim application we would simply kind of
19   try and resolve those issues before our final fee
20   application.
21            THE COURT: All right.  Okay.  When are you going
22   to file the final fee application because you're done?
23            MR. RUSSELL:  We are done.  Yes.  So I think we
24   had actually filed this when the effective date was still
25   moving.  Again, we didn't realize when it was going to take

1    place.  Our goal is to get it done probably the first or
2    second week of May.  I think it's due by like May 20th.
3            MR. GALARDI:  I think it's May -- it's about May
4    15th is the deadline --
5            MR. RUSSELL:  The 15th.
6            MR. GALARDI:  -- Your Honor, to file them and --
7            THE COURT:  All right.
8            MR. GALARDI:  -- I think people are working on it.
9            THE COURT:  Was there a holdback from the first
10   fee application?
11           MR. RUSSELL:  I believe --
12           MR. GALARDI:  Yes.  There's five percent.
13           MR. RUSSELL:  Yeah.  Five percent.
14           MR. GALARDI:  I think we left five percent.
15           MR. RUSSELL:  Yeah.
16           THE COURT:  Are there any objection to the
17   allowance of the interim fee application?
18           MR. ZIPES:  No, Your Honor.
19           THE COURT:  All right.  I'll allow a hundred
20   percent of the application on an interim basis, both fees
21   and expenses subject to review at the time of the final fee
22   application.
23           MR. RUSSELL:  Thank you very much.
24           THE COURT:  You can submit an order.
25           MR. RUSSELL:  Thank you.

1    THE COURT:  Next.

2    MR. GALARDI:  Your Honor, that brings us to the
3    one contested matter which is the claims objection of the
4    debtor's to an administrative claim and a proof of claim
5    filed by Aladar Baldauf.

6    Your Honor, I did submit a declaration yesterday
7    with respect to the response that I had received.

8    Your Honor, if I may approach I just want to give
9    you three documents.

10    THE COURT:  Yes.

11    (Pause)

12    MR. GALARDI:  Your Honor, because this claimant
13    was in Hungary and I had a number of e-mail correspondence
14    about this I thought it was better to have come to the
15    hearing today to present why we believe the objections are
16    well founded and should be overruled and the claim should be
17    disallowed.

18    Your Honor, I've handed up, in addition to Mr.
19    Holden who is in the courtroom today and submitted a
20    declaration explaining the basis of the objection, there is
21    my declaration that set forth his response that was sent to
22    us after the objection deadline.

23    THE COURT:  I -- I don't have the reply or
24    subsequent declaration of yours.

25    MR. GALARDI:  Of mine?

1                THE COURT:  Yeah.

2                MR. GALARDI:  Okay.  Let me hand that up then.

3                THE COURT:  If you will just give me a minute I'll

4    read all this.  Which --

5                MR. GALARDI:  Okay.

6                THE COURT:  -- order should I read it in?

7                MR. GALARDI:  The order that I presented it to

8    Your Honor is the order and I was just going to explain, the

9    one is the very first judgment and we had a translation.  If

10   I may approach, Your Honor?

11               THE COURT:  Yeah.  Let me just read -- let me just

12   read this.

13               MR. GALARDI:  Sure.  If I explain just quickly

14   before you read it may help.

15               The first one is a judgment, September 30th, which

16   Kinja was a party to the judgment and there is a judgment

17   entered.

18               THE COURT:  That's the $44 judgment?

19               MR. GALARDI:  Yes.  The 12,700 florios (sic).

20               The second judgment, as you will see, and I can

21   point to the sentence again translated is the appeal, but

22   Gawker Kinja did not be party to that appeal.

23               And then the third document I handed is proof of

24   the payment of the 12,700 florios (sic) that we were

25   responsible for under the first judgment.

1        (Pause)

2              THE COURT:  Is that $44?

3              MR. GALARDI:  Yeah.  So he wants $35,000.

4              THE COURT:  Okay.  Do you know where he came up

5    with that number?

6              MR. GALARDI:  I don't.  I think it's a

7    combination, if you read the response that's attached to the

8    Galardi declaration, it is, one, there was an appeal and

9    there was some extra money.  But, again, it was only maybe

10   $1,000 U.S.  And then he believes under U.S. law he's

11   entitled to some additional amounts.  And --

12             THE COURT:  Let me just --

13             MR. GALARDI:  -- he also suggests that there was a

14   continuing violation.  However, we sold the blog the day

15   after the judgment was entered.

16             THE COURT:  Let me just read these documents.

17        (Pause)

18             THE COURT:  So I read his response quickly.  He

19   seems to be arguing that there's a continuing violation

20   which entitled him, I guess, to more damages.

21             MR. GALARDI:  Correct, Your Honor.  And as set

22   forth in Mr. Holden's declaration and as of the judgment,

23   the first judgment says we had to take the photo down.  That

24   judgment was entered on September 30th.  We actually sold

25   the blog on October 1st, the actual next day.  So we could

1   not be liable for the continuing violation.

2            The other defendant, who did take an appeal and we

3   did not take the appeal, continued to use the photo --

4            THE COURT:  Right.

5            MR. GALARDI:  -- and then it was subject to that

6   second judgment.  We don't have any dispute.  Maybe he has a

7   claim against them, but as to the continuing violation

8   argument we don't think we can be liable given the sale of

9   the blog on October 1st, the day after the first judgment.

10           He accepted the payment.  That's one of the

11  documents that we gave you.  We did wire the payment in the

12  full amount of the --

13           THE COURT:  Yeah.  I don't think --

14           MR. GALARDI:  -- judgment.

15           THE COURT:  -- the issue is the payment of the

16  judgment.  He's -- again, I've read it quickly -- seems to

17  be saying that there was a continuing violation.

18           MR. GALARDI:  I will only note -- and, again, it's

19  a technicality and it's Hungarian.  The only thing he put in

20  his claim was the first judgment -- well, it was the

21  appellate judgment saying, this is what we're liable for.

22  That's not even 35,000, didn't mention the continuing

23  liability there.  I'll hand up the proof of claim if Your

24  Honor doesn't have it handy.

25           THE COURT:  So are you prepared to allow his claim

Page 10

1  in the amount of a thousand, is that what it is, $1,000?

2        MR. GALARDI: Well, it was 12,700 flora (sic). We

3  already paid it. So the claim has been satisfied.

4        THE COURT: As I understand it, though, you were

5  under an obligation to remove it. You didn't remove it.

6  You simply sold the --

7        MR. GALARDI: We had no ability to remove it once

8  we sold the blog.

9        THE COURT: Well, you could have removed it

10 before.

11       MR. GALARDI: We didn't have the judgment against

12 us before. It was exactly the next day.

13       THE COURT: All right. Okay.

14       MR. GALARDI: October 1st, September 30th.

15       THE COURT: All right.

16       Does anyone else want to be heard?

17       The record should reflect there's no response.

18       I'll grant the application. There are a couple of

19 issues here. The one is this $44 judgment which was paid.

20 The other issue is whether or not you can be liable for a

21 continuing tort after you had sold the blog. I don't have

22 any affidavit of Hungarian law which will inform me on this,

23 and it seems to me he got the judgment against the party

24 that purchased the blog and left his photo up there and is

25 free to enforce it.

1            But there's no basis for him to assert a, what, a
2    $35,000 claim you said?
3            MR. GALARDI:  Right.
4            THE COURT:  I didn't see any basis for that.  So
5    I'll grant the application.  You can submit an order.
6            MR. GALARDI:  Thanks, Your Honor.  We'll submit an
7    order and obviously serve it on him --
8            THE COURT:  Yes.
9            MR. GALARDI:  -- at the --
10           THE COURT:  You know what?  Settle an order on
11   notice --
12           MR. GALARDI:  Okay.
13           THE COURT:  -- since he's in Hungary make it ten
14   days' notice.
15           MR. GALARDI:  That's fine, Your Honor.
16           That concludes our matters today, Your Honor.
17           THE COURT:  So what's going on in the case?
18           MR. GALARDI:  Well, I guess a week from today we
19   have the rescheduled motion on Mr. Teal's -- on our 2004
20   examination request with respect to Mr. Teal.
21           As I mentioned last time we went effective the IRS
22   is audit -- has taken an audit of 2014 and '15.  We've
23   reached an agreement with them to have the hearing on any
24   disputed issues.  I want to say it's roughly 60 days from
25   today.  We have contacted Your Honor.

1               And then we were advised yesterday I believe it is

2    or maybe last Friday, it was actually last Friday, that we

3    had filed our 2016 return which is what we delayed the

4    effective date to do.  We filed the 2016 return.  We made a

5    505(b) request with respect to that and we were advised

6    yesterday or Friday that they are taking that under audit.

7    So we'll have that.

8               Other than that, I think we're almost done with

9    all claims matters so it's really just finishing up the tax

10   liabilities.

11              We are taking steps with respect to Kinja Gawker

12   Hungary to dissolve that company.  Under Hungarian law as of

13   the end of this month, I believe, or May 1st will be the

14   date that we will do that.

15              And then really it's just finishing up and then

16   making further distributions once we know the IRS tax

17   liability issues.

18              THE COURT:  And you have the claim issue with

19   Godman's and Johnson --

20              MR. GALARDI:  We still have -- we're under

21   advisement on the Johnson.  That's the only other litigation

22   --

23              THE COURT:  Right.

24              MR. GALARDI:  -- I think is outstanding --

25              THE COURT:  Okay.

1             MR. GALARDI:  -- yeah, and the tax, Hungarian

2     taxes, I believe.

3             THE COURT:  All right.

4             MR. GALARDI:  And that's it.

5             THE COURT:  Thank you very much.

6             MR. GALARDI:  Thank you, Your Honor.

7             MR. RUSSELL:  Thank you, Your Honor.

8             MR. ZIPES:  Thank you.

9             THE COURT:  Thank you.

10        (Whereupon, these proceedings concluded at 10:11 a.m.)

```
 1                        I N D E X
 2
 3                        RULINGS
 4   DESCRIPTION                                PAGE      LINE
 5   Second Interim Application of Simpson,
 6   Thacher & Bartlett, LLP for Approval and
 7   Allowance of Compensation for Services
 8   Rendered and Reimbursement of Expenses
 9   Incurred for Official Committee of
10   Unsecured Creditors of Gawker Media LLC,
11   et al., Other Professional, period:
12   10/1/2016 to 1/31/2017, fee: $557,908.00,
13   expenses: $41,209.16.                       5         19
14
15   Debtor's Objection to the Claims of
16   Aladar Baldauf (Claim Nos. 326 and 332)    10         18
17
18
19
20
21
22
23
24
25
```

1                  C E R T I F I C A T I O N

2

3     I, Sherri L. Breach, CERT*D-397, certified that the

4 foregoing transcript is a true and accurate record of the

5 proceedings.

6

7 Sherri L Breach

    Digitally signed by Sherri L Breach
    DN: cn=Sherri L Breach, o, ou,
    email=digital1@veritext.com, c=US
    Date: 2017.04.19 12:29:43 -04'00'

8 _____

9 Sherri L. Breach

10 AAERT Certified Electronic Reporter & Transcriber CERT*D-397

11

12 Date: April 18, 2017

13

14

15

16

17

18

19

20

21

22 Veritext Legal Solutions

23 330 Old Country Road

24 Suite 300

25 Mineola, NY 11501