**Exhibit A**
**Galardi Certification**

**EXHIBIT A**

ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
:
In re                                       :     Chapter 11
:
Gawker Media LLC, *et al.*,[1]              :     Case No. 16-11700 (SMB)
:
             Debtors.          :     (Jointly Administered)
:
-------------------------------------------------------x

**CERTIFICATION OF GREGG M. GALARDI PURSUANT TO GENERAL ORDER M-447 REGARDING THE SECOND INTERIM AND FINAL FEE APPLICATION OF ROPES & GRAY LLP AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JUNE 10, 2016 THROUGH AND INCLUDING MARCH 17, 2017**

    I, Gregg M Galardi, certify as follows:

    1.    I am a partner at the law firm of Ropes & Gray LLP ("Ropes & Gray"), with responsibility for the Chapter 11 Cases of Gawker Media and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in respect of among other things, compliance with (a) the Amended Guidelines for Fees and Disbursements for Professionals in Southern

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

61561150_9

District of New York Bankruptcy Cases (the "Local Guidelines") established and adopted by the United States Bankruptcy Court for the Southern District of New York pursuant to General Order M-447, (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, adopted on June 11, 2013 (the "UST Guidelines"), and (c) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 94] (the "Interim Compensation Order" and, together with the Local Guidelines and UST Guidelines, collectively, the "Guidelines").

2. With respect to Section B.1 of the Local Guidelines, I certify that:

(a) I have read Ropes & Gray's submit this second interim and final fee application for compensation and reimbursement of expenses (the "Application") and believe it to be true and correct in all material respects;[2]

(b) To the best of my knowledge, information and belief, and after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines, except as specifically noted in this Certification and described in the Application;

(c) Except to the extent that fees or disbursements are prohibited by the Local Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Ropes & Gray and generally accepted by Ropes & Gray's clients; and

(d) In providing a reimbursable service, Ropes & Gray does not make a profit on the service, whether the service is performed by Ropes & Gray in-house or through a third party.

3. With respect to Section B.2 of the Local Guidelines, in accordance with the terms of the Interim Compensation Order, the Debtors, counsel to the Creditors' Committee and the U.S. Trustee have been previously provided, not later than 21 days after the end of each month, with a statement of the fees and disbursements accrued during the month, except that no separate statement was provided for March 2017, but instead amounts that otherwise would have been in such statement have only been included in the Application, which

---

[2] All capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

61561150_9

statements included a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of services rendered, a reasonably detailed breakdown of disbursements incurred and an explanation of billing practices.

4. With respect to Section B.3 of the Local Guidelines, I certify that the Debtors, counsel to the Creditors' Committee and the U.S. Trustee will each be provided with a copy of the Application concurrently with the filing thereof and will have at least 14 days to review the Application prior to any objection deadline with respect thereto.

5. The following is provided in response to the request for additional information set forth in Section C.5 of the UST Guidelines:

> **Question**: Did you agree to any variations from, or alternatives to your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> **Response**: Yes. As detailed in the Retention Application, Ropes & Gray provided the Debtors with a discount that was partially applied to post-petition fees paid during the Full Compensation Period.
>
> **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> **Response**: Yes.
>
> **Question**: Have any of the professionals included in this fee application varied their hourly rates based on the geographic location of the bankruptcy case?
>
> **Response**: No.
>
> **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? If so, please quantify by hours and fees.
>
> **Response**: Yes. The total hours and fees are included in Category Matter No. 8. As set forth in Section E of the Application, Ropes & Gray estimates that approximately 270 hours and approximately $190,000.00 in fees were spent in preparing the Monthly Fee Statements for the Second Compensation Period and not this Application. This time was primarily time spent revising and/or redacting time entries to ensure the preservation of privilege and work product, maintain the

61561150_9

confidential information regarding the development of the Chapter 11 Plan, litigation claims settlements, and the Debtors' business operations and provide sufficient time entry detail so as to satisfy the UST Guidelines and a review by the Court, the U.S. Trustee and third parties.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: Yes. The total hours and total fees for reviewing time records to redact or revise privileged or other confidential information is included in the estimate of total hours and total fees preparing the Monthly Fee Statements set forth in response to the previous question.

**Question**: Does this fee application include rate increases since retention?

**Response**: Yes. As of February 1, 2017, the rates of timekeepers working on Ropes & Gray's representation of the Debtors increased according to the firm's customary annual rate adjustments. Ropes & Gray notified the Court and the Debtors of these customary rate increases and received approval from the Debtors for the same prior to their taking effect. *See Fourth Supplemental Declaration of Gregg M. Galardi in Support of Debtors' Application for Entry of an Order Authorizing the Retention of Ropes & Gray LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date* [Docket No. 786].

Dated:  May 16, 2017
        New York, New York

Respectfully submitted,

 */s/ Gregg M. Galardi*
Name: Gregg M. Galardi
Title: Partner, Ropes & Gray LLP