**Hearing Date and Time: June 20, 2017 at 10:00 a.m. (ET)**
**Objection Deadline: June 8, 2017 at 4:00 p.m. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
Gawker Media LLC, et al.,[1]                          :    Case No. 16-11700 (SMB)
                                                      :
           Debtors.                                   :    (Jointly Administered)
                                                      :
------------------------------------------------------x

**FINAL FEE APPLICATION OF CITRIN COOPERMAN & COMPANY, LLP FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS INDEPENDENT AUDITOR AND ACCOUNTING SERVICES PROVIDER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 10, 2016 THROUGH MARCH 17, 2017**

| | |
|---|---|
| Name of Applicant: | Citrin Cooperman & Company, LLP |
| Authorized to Provide Professional Services as: | Independent Auditor and Accounting Services Provider to the Debtors and Debtors in Possession |
| Date of Retention: | September 16, 2016 (*nunc pro tunc* to June 10, 2016) [Docket No. 268] |
| Period for Which Fees and Expenses are Incurred: | June 10, 2016 through and including March 17, 2017 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $201,688.65 |
| Less Voluntary Reduction | ($14,233.15) |
| Amount of Expense Reimbursement Sought: | $0.00 |
| Total Amount of Fees and Expenses Sought as Actual, Reasonable, and Necessary: | **$187,455.50** |
| Payments Received: | ($158,791.96)[2] |
| Balance Due: | **$28,663.54** |

This is a: _____ Monthly _____ Interim _____X____ Final Application.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Citrin received an overpayment of $250, which is included in this amount even though the Court has yet to approve such payment.

## PRIOR INTERIM FEE APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Interim Allowed Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11/07/2016 Doc #418 | 06/10/16 - 09/30/16 | $68,770.40 | $0.00 | $65,331.88[3] | $0.00 |
| **TOTALS** | | **$68,770.40** | **$0.00** | **$65,331.88** | **$0.00** |

## MONTHLY FEE STATEMENTS FILED
### For the period of October 1, 2016 – March 17, 2017

| Date Filed Docket No. | Period Covered | Amounts Requested | | Amounts Approved/ Pending Approval | | Holdback Amounts |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees (20%) |
| 11/18/16 #467 | 10/01/16 - 10/31/16 | $32,651.50 | $0.00 | $26,121.20 | $0.00 | $6,530.30 |
| 12/20/16 #625 | 11/01/16 - 11/30/16 | $47,609.60 | $0.00 | $38,087.68 | $0.00 | $9,521.92 |
| 01/20/17 #692 | 12/01/16 - 12/31/16 | $16,001.50 | $0.00 | $12,801.20 | $0.00 | $3,200.30 |
| 02/17/17 #768 | 01/01/17 - 01/31/17 | $6,692.50 | $0.00 | $5,354.00 | $0.00 | $1,338.50 |
| 03/20/17 #829 | 02/01/17 - 02/28/17 | $13,557.50 | $0.00 | $10,846.00 | $0.00 | $2,711.50 |
| N/A | 03/01/17 – 03/17/17 | $2,172.50 | $0.00 | $1,738.00 | $0.00 | $434.50 |
| **TOTALS:** | | **$118,685.10** | **$0.00** | **$94,948.08** | **$0.00** | **$23,737.02** |

## CUMULATIVE TIME SUMMARY BY PROFESSIONAL
### For the Period June 10, 2016 through March 17, 2017

| Name | Position | Billable Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Bonelli, John | Principal | 1.50 | $ 600.00 | $ 900.00 |
| Brack, Allison | Partner | 0.50 | $ 575.00 | $ 287.50 |
| Daily, Paul | Partner | 3.50 | $ 600.00 | $ 2,100.00 |
| Fielstein, Howard | Partner | 2.90 | $ 500.00 | $ 1,450.00 |
| Rhodes, Michael | Partner | 26.75 | $ 560.00 | $ 14,980.00 |
| Rhodes, Michael | Partner | 5.50 | $ 600.00 | $ 3,300.00 |
| Ruvere, Eugene | Partner | 29.50 | $ 475.00 | $ 14,012.50 |
| Ruvere, Eugene | Partner | 0.50 | $ 500.00 | $ 250.00 |
| Schniebolk, Mark | Partner | 6.75 | $ 525.00 | $ 3,543.75 |
| Tsambiras, Soula | Partner | 25.50 | $ 475.00 | $ 12,112.50 |

---

[3] Citrin received an overpayment of $250 which is not included in the amount approved by the Court in connection with the First Interim Fee Application.

| Name | Position | Billable Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Bossin, Oren | Director | 3.75 | $ 415.00 | $ 1,556.25 |
| LiRosi, Paul | Director | 55.25 | $ 460.00 | $ 25,415.00 |
| LiRosi, Paul | Director | 2.25 | $ 462.00 | $ 1,039.50 |
| Freel, Michael | Manager | 8.00 | $ 405.00 | $ 3,240.00 |
| Freel, Michael | Manager | 115.00 | $ 410.00 | $ 47,150.00 |
| Freel, Michael | Manager | 2.75 | $ 412.00 | $ 1,133.00 |
| McCumiskey, Michael | Manager | 61.35 | $ 370.00 | $ 22,699.50 |
| Neri, Joseph | Supervisor | 4.00 | $ 275.00 | $ 1,100.00 |
| Porricelli, Thomas | Supervisor | 23.75 | $ 250.00 | $ 5,937.50 |
| Bloch, Hilary | Staff | 7.25 | $ 185.00 | $ 1,341.25 |
| Buono, Kimberly | Staff | 0.35 | $ 200.00 | $ 70.00 |
| Cianciarus, Michael | Staff | 2.50 | $ 190.00 | $ 475.00 |
| Estera, Domian | Staff | 31.50 | $ 185.00 | $ 5,827.50 |
| Gaebel, Katerina | Staff | 12.75 | $ 170.00 | $ 2,167.50 |
| Kashkin, Alex | Staff | 6.50 | $ 185.00 | $ 1,202.50 |
| Poliseo, Angela | Staff | 81.30 | $ 260.00 | $ 21,138.00 |
| Rogan, John | Staff | 2.25 | $ 170.00 | $ 382.50 |
| Rogan, John | Staff | 5.25 | $ 180.00 | $ 945.00 |
| Singer, Robert | Staff | 5.40 | $ 205.00 | $ 1,107.00 |
| Staron, Karolina | Staff | 17.50 | $ 170.00 | $ 2,975.00 |
| Klein, Brett | Intern | 15.00 | $ 90.00 | $ 1,350.00 |
| Saccomano | Intern | 5.56 | $ 90.00 | $ 500.40 |
| **Total Fees:** | | **572.11** | | **$ 201,688.65** |
| Less Voluntary Reduction: | | | | $ (14,233.15)[4] |
| **Net Total Fees:** | | | | **$ 187,455.50** |

### CUMULATIVE FEES BY CATEGORY SUMMARY
For the Period June 10, 2016 through March 17, 2017

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Other Special Projects | 32.75 | $ 11,663.25 |
| Audit of Employee Benefit Plan | 237.55 | 71,353.25 |
| Bankruptcy-Meeting, Correspond | 18.85 | $ 7,741.25 |
| Taxes – General | 75.30 | $ 34,922.50 |
| Preparation of NYC Commercial Rent Tax Return | 8.00 | $ 1,452.50 |
| State and Local Tax Consulting & Projects | 199.66 | $ 74,555.90 |
| **Total Fees:** | **572.11** | **$ 201,688.65** |
| Less Voluntary Reduction: | | $ (14,233.15)[2] |
| **Net Total Fees:** | | **$ 187,455.50** |

**Average Hourly Rate: $352.53**

---

[4] Voluntary Reduction agreed upon between Citrin and the Debtors

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
: 
In re : Chapter 11
:
Gawker Media LLC, *et al.*,[1]
: Case No. 16-11700 (SMB)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------x

**FINAL FEE APPLICATION OF CITRIN COOPERMAN & COMPANY, LLP FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS INDEPENDENT AUDITOR AND ACCOUNTING SERVICES PROVIDER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 10, 2016 THROUGH MARCH 17, 2017**

Citrin Cooperman & Company, LLP ("Citrin"), independent auditor and accounting services provider for Gawker Media LLC ("Gawker Media") and Gawker Media Group, Inc. ("GMGI" and collectively with Gawker Media, the "Debtors"), hereby seeks final allowance and approval of compensation and reimbursement of expenses pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for the period commencing June 10, 2016 through and including March 17, 2017 (the "Final Application Period").  In support of this final fee application (the "Final Fee Application"), Citrin respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020.  Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

4

## STATUTORY BASIS

2. The statutory predicates for the relief requested herein are: (i) sections 328, 330 and 331 of the Bankruptcy Code; (ii) Rule 2016 of the Bankruptcy Rules; (iii) Rule 2016-1 of the Local Rules; and (iv) the Compensation Order (as defined below).

## BACKGROUND

3. On June 10, 2016 (the "Petition Date"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

4. On June 24, 2016, the United States Trustee for the Southern District of New York appointed the committee of unsecured creditors (the "Committee") [Docket No. 62].

5. On July 13, 2016, the Court signed the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 94] (the "Compensation Order").

6. On September 9, 2016, pursuant to this Court's Order *(I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket no. 214], the Debtors sold substantially all of their assets to Unimoda, LLC ("Unimoda").

7. On December 22, 2016, the Court confirmed the Plan pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC and Gawker Hungary Kft.* [Docket No. 638]. The Effective Date (as defined in the Plan) occurred on March 17, 2017.

## DEBTORS' RETENTION OF CITRIN

8. On August 30, 2016, the *Debtors' Application for Entry of an Order Authorizing and Approving the Employment and Retention of Citrin Cooperman & Company, LLP as Independent Auditor and Accounting Services Provider Nunc Pro Tunc to the Petition Date* [Docket No. 233] was filed.

9. On September 15, 2016, this Court approved Citrin's retention as independent auditor and accounting services provider *nunc pro tunc* to the Petition Date [Docket No. 268] (the "Retention Order").

## PRIOR APPLICATIONS

10. On September 20, 2016, Citrin filed its first monthly fee statement for interim allowance and payment of compensation in the amount of $27,536.65 and reimbursement of expenses in the amount of $0.00 for the period June 10, 2016 through August 31, 2016 [Docket No. 279] (the "First Monthly Statement Period") pursuant to the Compensation Order requesting payment of 80% of the fees and 100% of expenses for the First Monthly Statement Period.

11. On October 20, 2016, Citrin filed its second monthly fee statement for interim allowance and payment of compensation in the amount of $41,233.75 and reimbursement of expenses in the amount of $0.00 for the period September 1, 2016 through September 30, 2016 [Docket No. 367] (the "Second Monthly Statement Period") pursuant to the Compensation Order requesting payment of 80% of the fees and 100% of expenses for the Second Monthly Statement Period.

12. On November 7, 2016, Citrin filed its first interim fee application for interim allowance and approval of compensation in the amount of $68,770.40 and reimbursement of expenses in the amount of $0.00 for the period June 10, 2016 through September 30, 2016 [Docket

6

No. 418] (the "First Interim Application Period") pursuant to the Compensation Order requesting interim approval of 100% of the fees and 100% of expenses for the First Interim Applicaiton Period.

13. On November 18, 2016, Citrin filed its third monthly fee statement for interim allowance and payment of compensation in the amount of $32,651.50 and reimbursement of expenses in the amount of $0.00 for the period October 1, 2016 through October 31, 2016 [Docket No. 467] (the "Third Monthly Statement Period") pursuant to the Compensation Order requesting payment of 80% of the fees and 100% of expenses for the Third Monthly Statement Period.

14. On December 20, 2016, Citrin filed its fourth monthly fee statement for interim allowance and payment of compensation in the amount of $47,609.60.75 and reimbursement of expenses in the amount of $0.00 for the period November 1, 2016 through November 30, 2016 [Docket No. 625] (the "Fourth Monthly Statement Period") pursuant to the Compensation Order requesting payment of 80% of the fees and 100% of expenses for the Fourth Monthly Statement Period.

15. On January 20, 2017, Citrin filed its fifth monthly fee statement for interim allowance and payment of compensation in the amount of $16,001.50 and reimbursement of expenses in the amount of $0.00 for the period December 1, 2016 through December 31, 2016 [Docket No. 692] (the "Fifth Monthly Statement Period") pursuant to the Compensation Order requesting payment of 80% of the fees and 100% of expenses for the Fifth Monthly Statement Period.

16. On February 17, 2017, Citrin filed its sixth monthly fee statement for interim allowance and payment of compensation in the amount of $6,692.50 and reimbursement of expenses in the amount of $0.00 for the period January 1, 2017 through January 31, 2017 [Docket No. 768] (the "Sixth Monthly Statement Period") pursuant to the Compensation Order requesting payment of 80% of the fees and 100% of expenses for the Sixth Monthly Statement Period.

17. On March 20, 2017, Citrin filed its seventh monthly fee statement for interim allowance and payment of compensation in the amount of $13,557.50 and reimbursement of expenses in the amount of $0.00 for the period February 1, 2017 through February 28, 2017 [Docket No. 829] (the "Seventh Monthly Statement Period") pursuant to the Compensation Order requesting payment of 80% of the fees and 100% of expenses for the Seventh Monthly Statement Period.

18. Citrin incurred fees of $2,172.50 during the period March 1, 2016 through March 17, 2017, which were not included in a previously submitted monthly fee statement. Exhibit B provides the details and nature of the fees incurred.

## AMOUNTS PAID

19. Citrin has previously been paid a total of $158,791.96 bringing the balance unpaid to $28,663.54 for the Final Application Period.

## RELIEF REQUESTED

20. By this Final Fee Application, Citrin respectfully seeks final approval and allowance of all fees incurred in the Final Application Period in the amount of $187,455.50 (which includes a voluntary discount of $14,233.15 agreed upon between Citrin and the Debtors), together with reimbursement of its reasonable and necessary expenses incurred in the amount of $0.00 for the Final Application Period. Citrin submits the Final Fee Application in accordance with the Compensation Order and the Retention Order. Citrin submits this application in accordance with the Compensation Order and Retention Order. All services for which Citrin requests compensation were performed for, or on behalf of, the Debtors.

## BASIS FOR RELIEF

21. This Final Fee Application is the final fee application submitted by Citrin in these cases. By this Final Fee Application, Citrin requests final approval of fees in the amount of $187,455.50 (which includes a voluntary discount of $14,233.15 agreed upon between Citrin and

8

the Debtors) incurred during the Final Application Period. The Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors. These records are maintained in the ordinary course of the Applicant's business. Citrin has filed detailed statements of hours spent rendering the professional services to the Debtors in its monthly fee applications. Such monthly applications are incorporated by reference and are not attached hereto for the sake of brevity.

22. No agreement or understanding exists between Citrin and any nonaffiliated or unrelated person or persons for sharing of compensation received or to be received for professional services rendered in or in connection with these cases.

## DESCRIPTION OF SERVICES RENDERED

23. Citrin provides below an overview of the services it rendered as independent auditor and accounting services provider to the Debtors during the Final Application Period. Detailed descriptions of these services, the amount of fees incurred, and the amount of hours spent providing services throughout the Final Application Period are provided in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Monthly Fee Applications previously filed which are incorporated herein by reference.

24. Citrin served or advised the Debtors in the following areas throughout the Final Application Period:

- Citrin performed certain procedures in order to maintain an understanding of the chapter 11 process and the Debtors' potential plans in order to evaluate the potential implications to the other work performed and the advisory services provided.

9

- In connection with the New York State sales tax audit, Citrin has corresponded with the New York State auditor and responded to inquiries posed by the auditor. Further, Citrin has researched historical transactions within the Debtors' accounting systems and accumulated supporting documentation that the auditor has requested. Citrin has calculated potential exposure and provided updates to the Debtors' representatives.

- Citrin has prepared the annual New York City Commercial Rent Tax return for the period June 1, 2015 through May 31, 2016.

- Citrin has prepared the interim New York City Commercial Rent Tax returns for the periods June 1, 2016 through August 31, 2016 and September 1, 2016 through November 30, 2016.

- Citrin has researched historical intercompany accounting transactions between GMGI and Gawker Media and its affiliate in Hungary, Kinja, KFT based on inquiries made by the Debtors' representatives.

- Citrin calculated 2016 net operating loss carryforwards through June 10, 2016, which included calculating tax-basis depreciation for the period January 1, 2016 through June 10, 2016.

- Citrin responded to tax and accounting inquiries posed by the Debtors' representatives.

- Citrin responded to tax notices received from Pennsylvania, Illinois, Maryland and New York City.

10

## ALLOWANCE OF COMPENSATION

25. Because of the benefits realized by the Debtors, the nature of services provided, the amount of work done, the time consumed and skill required, Citrin requests that it be allowed, on a final basis, compensation for the professional services rendered during the Final Application Period in the sum of $187,455.50 (which includes a voluntary discount of $14,233.15 agreed upon between Citrin and the Debtors).

26. During the Final Application Period, allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $352.53.

27. Citrin respectfully submits that the professional services rendered by Citrin during the Final Application Period were reasonable, necessary and appropriate to the administration of these chapter 11 cases and related matters.

## CITRIN'S REQUESTED FEES SHOULD BE ALLOWED BY THIS COURT

28. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered…and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 sets forth the criteria for the award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded…the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including –
>
> (a) the time spent on such services;
>
> (b) the rate charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

(e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29. In the instant case, Citrin respectfully submits that the services for which it seeks compensation in this Final Application Period were necessary for and beneficial to the Debtors and were performed economically, effectively and efficiently. Citrin further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors. Further, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of these services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code. Accordingly, the approval of the compensation sought is warranted.

## CERTIFICATE OF COMPLIANCE AND WAIVER

30. Finally, as set forth in Exhibit A attached hereto, the undersigned representative of Citrin has reviewed the requirements of rule 2016-2 of the Local Rules and that the Final Fee Application substantially complies with the Local Rule. To the extent that the Final Fee Application does not comply in all respects with the requirements of Local Rule 2016-2, Citrin believes that such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, Citrin respectfully requests that the Court enter an order: (i) granting final approval and allowance of compensation for professional services rendered to the Debtors during the Final Application Period in the amount of $187,455.50 (which includes a voluntary discount of $14,233.15 agreed upon between Citrin and the Debtors), which represents 100% of the total compensation for professional services rendered during the Final Application Period; (ii) authorizing and directing the Debtors to pay such amount to Citrin to the extent not already paid; and (iii) granting such other and further relief as is just and proper.

Dated:   May 16, 2017
         New York, NY

Respectfully submitted,
Citrin Cooperman & Company, LLP

Michael E. Rhodes
CITRIN COOPERMAN & COMPANY LLP
529 Fifth Avenue
New York, NY 10017
Telephone:  (212) 697-1000
Facsimile:   (212) 697-1004
mrhodes@citrincooperman.com

*Independent Auditor and Accounting Services Provider to the Debtors and Debtors in Possession*