**Hearing Date and Time: June 29, 2017 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: June 8, 2017 at 4:00 p.m. (Prevailing Eastern Time)**

LEVINE SULLIVAN KOCH & SCHULZ, LLP
Seth D. Berlin
1899 L Street NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888

*Special Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
In re                                                  :        Chapter 11
                                                       :
Gawker Media LLC, *et al.*,[1]                          :        Case No. 16-11700 (SMB)
                                                       :
                               Debtors.                :        (Jointly Administered)
                                                       :
-------------------------------------------------------x

**COVER SHEET FOR THE SECOND INTERIM AND FINAL APPLICATION OF**
**LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION COUNSEL**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF**
**COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD FROM JUNE 10, 2016 THROUGH MARCH 17, 2017**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

| Name of Applicant: | **Levine Sullivan Koch & Schulz, LLP** |
|---|---|
| Date of Retention: | **September 23, 2016 (*nunc pro tunc* to June 10, 2016) [Docket No. 288]** |
| Interim Period for Which Compensation and Reimbursement is Sought: | **October 1, 2016 through and including March 17, 2017 (the "<u>Second Interim Compensation Period</u>")** |
| Amount of Compensation Sought for the Second Interim Compensation Period, as Actual, Reasonable, and Necessary That is Attributable to the Debtors[2]: | **$146,146.00** |
| Amount of Expense Reimbursement Sought for the Second Interim Compensation Period, as Actual, Reasonable, and Necessary: | **$13,763.38** |
| Blended Hourly Rate for Hours Worked By All Attorneys during the Second Interim Compensation Period: | **$445.71** |
| Blended Hourly Rate for Hours Worked By All Paraprofessionals During the Second Interim Compensation Period: | **$215.00** |
| Blended Hourly Rate for All Timekeepers During the Second Interim Compensation Period: | **$368.81** |
| Number of Professionals and Paraprofessionals Included in the Second Interim Compensation Period: | **17** |

---

[2] Pursuant to Paragraph 6 of this Court's Order Authorizing the Retention of Levine Sullivan Koch & Schulz, LLP as Special Litigation Counsel (Dkt. 288) (the "<u>Retention Order</u>"), with respect to compensation of Levine Sullivan for services performed in connection with actions involving Non-Debtor Defendants, the Debtors' shall be liable for 85% of the fees and 100% of expenses for services rendered jointly on behalf of the Debtors and Non-Debtor Defendants. Compensation for the Non-Debtor Defendants' portion of such fees (the "<u>Non-Debtor Allocation</u>") shall be due pursuant to arrangements between Levine Sullivan and the Non-Debtor Defendants. As described in paragraph 11 of the application to retain and employ Levine Sullivan as special litigation counsel to the Debtors (the "<u>Retention Application</u>") (Dkt. 132) and in paragraph 5 of the Declaration of Seth D. Berlin in support thereof (Dkt. 132), these matters are as follows: *Bollea I, Johnson, Terrill, Ayyadurai*, and *Huon*. The Requested Fees noted herein represent the total net fees attributable to the Debtors after the reduction of fees for portions attributable to the Non-Debtor Defendants.

| Increase in Rates: | **None** |
|---|---|
| Final Period for Which Compensation and Reimbursement is Sought: | **June 10, 2016 through and including March 17, 2017 (the "<u>Full Compensation Period</u>")** |
| Amount of Final Compensation Sought as Actual, Reasonable and Necessary That is Attributable to the Debtors: | **$432,150.18[3]** |
| Amount of Final Expense Reimbursement Sought as Actual, Reasonable and Necessary: | **$22,888.54[4]** |
| Total Unpaid Fees and Expenses Sought For the Full Compensation Period: | **$66,598.62** |

This is a(n):    _____ Monthly    __X___ Interim    __X___ Final application.

---

[3] The amount of final compensation sought by Levine Sullivan is comprised of all fees attributable to the Debtors that were incurred during the First Interim Compensation Period (as defined in the Application), including all holdbacks of fees pursuant to the Interim Compensation Order (as defined in the Application) for such period, plus fees attributable to the Debtors for the Second Interim Compensation Period.

[4] The amount of final expense reimbursement sought by Levine Sullivan is equal to the sum of all expenses attributable to the Debtors that were incurred during the First Interim Compensation Period previously approved by this Court, plus the expenses attributable to the Debtors for the Second Interim Compensation period.

## SUMMARY OF MONTHLY FEE STATEMENTS

### Fee Statements for First Interim Compensation Period

| Application | Application Type | Period Covered | Total Fees | Reduction of Fees for Non-Debtor Defendants | Requested Fees | Requested Expenses | Fees Paid to Date | Expenses Paid to Date | Remaining Holdback |
|---|---|---|---|---|---|---|---|---|---|
| 10/20/16-Dkt. 364 | 1st Monthly | 6/10/16-9/30/16 | $324,165.00 | $24,381.23 | $299,783.77 | $9,125.16 | $284,769.17 | $9,144.63 | $15,014.61[5] |
| **TOTALS** | | | **$324,165.00** | **$24,381.23** | **$299,783.77** | **$9,125.16** | **$284,769.17** | **$9,125.16** | **$15,014.61** |

### Fee Statements for Second Interim Compensation Period

| Application | Application Type | Period Covered | Total Fees | Reduction of Fees for Non-Debtor Defendants | Requested Fees | Requested Expenses | Fees Paid to Date | Expenses Paid to Date | Holdback |
|---|---|---|---|---|---|---|---|---|---|
| 11/18/16-Dkt. 466 | 2nd Monthly | 10/1/16-10/31/16 | $93,174.00 | $9,759.91 | $83,414.09 | $2,114.63 | $66,731.28 | $2,114.63 | $16,682.82 |
| 12/20/16-Dkt. 632 | 3rd Monthly | 11/1/16-11/30/16 | $31,491.50 | $2,256.07 | $29,235.43 | $2,311.52 | $23,388.34 | $2,311.52 | $ 5,847.09 |
| N/A | N/A | 12/1/16-3/17/17 | $21,480.50 | $1,763.63 | $19,716.88 | $9,337.23 | $0 | $0 | $29,054.11 |
| **TOTALS** | | | **$146,146.00** | **$13,779.60** | **$132,366.40** | **$13,763.38** | **$90,119.62** | **$4,426.15** | **$51,584.01** |

### Full Compensation Period Totals

| Total Fees | Requested Fees | Requested Expenses | Fees Paid to Date | Expenses Paid to Date | Total Unpaid Fees & Expenses |
|---|---|---|---|---|---|
| **$470,311.00** | **$432,150.18** | **$22,888.54** | **$374,888.79** | **$13,570.78** | **$66,598.62** |

---

[5] Levine Sullivan's First Interim Application [Dkt. 419] was granted pursuant to the Order Granting Interim Fee Applications (Dkt. 637). Pursuant to this same Order, 5% of the fees requested were held back until such time as the Court approves such fees and authorizes the Debtors to pay such amounts.

4

**Summary of Hours Billed by Professionals and Paraprofessionals**

| NAME OF PROFESSIONAL | TITLE | YEAR OF ADMISSION | HOURLY RATE | MATTERS[6] | SECOND INTERIM COMP. PERIOD | | FULL COMP. PERIOD | |
|---|---|---|---|---|---|---|---|---|
| | | | | | HOURS | FEES | HOURS | FEES |
| Seth D. Berlin | Senior Partner | 1991 | $515.00 | *General, Bollea I, Terrill, Bankruptcy, Fee Application, Bollea II, Huon* | 46.80 | $24,102.00 | 186.40 | $95,996.00 |
| Michael Berry | Partner | 2000 | $490.00 | *Bollea I, Bankruptcy, Fee Application, Bollea II* | 10.60 | $5,194.00 | 93.10 | $45,619.00 |
| Katherine M. Bolger | Senior Partner | 1999 | $515.00 | *General, Terrill, Ayyadurai, Bankruptcy, Fee Application* | 64.30 | $33,114.50 | 150.20 | $77,353.00 |
| Chad R. Bowman | Partner | 2003 | $490.00 | *Bankruptcy, Fee Application, Huon* | 43.60 | $21,364.00 | 92.90 | $45,521.00 |
| Jay Ward Brown | Senior Partner | 1992 | $515.00 | *Huon, Bollea II* | .30 | $154.50 | 3.60 | $1,854.00 |
| Lee Levine | Senior Partner | 1980 | $515.00 | *Huon* | .40 | $206.00 | .40 | $206.00 |

---

[6] References to litigated matters are defined in paragraph 11 of the Retention Application (Dkt. 132) and in paragraph 5 of the Declaration of Seth D. Berlin in support thereof (Dkt. 132), as incorporated by paragraph 4(i) of the Retention Order. Separate amounts are also provided herein for (a) general editorial counseling, as defined by paragraph 4(ii) of the Retention Order; (b) assistance provided to bankruptcy counsel regarding the pending lawsuits; and (c) preparing Levine Sullivan's retention application and fee submission (beyond the standard preparation of the firm's invoices). Exhibit D includes detailed breakdowns of time incurred in connection with each of these separate matters.

| NAME OF PROFESSIONAL | TITLE | YEAR OF ADMISSION | HOURLY RATE | MATTERS[6] | SECOND INTERIM COMP. PERIOD | | FULL COMP. PERIOD | |
|---|---|---|---|---|---|---|---|---|
| | | | | | HOURS | FEES | HOURS | FEES |
| Nathan E. Siegel | Senior Partner | 1992 | $515.00 | *General, Bollea I, Terrill, Ayyadurai, Bankruptcy, Bollea II, Johnson* | 6.20 | $3,193.00 | 37.40 | $19,261.00 |
| Alia Smith | Partner | 2001 | $490.00 | *Bollea I, Bankruptcy* | --- | --- | 7.30 | $3,577.00 |
| Rachel F. Strom | Partner | 2007 | $490.00 | *Ayyadurai* | --- | --- | 4.00 | $1,960.00 |
| Michael Sullivan | Senior Partner | 1980 | $515.00 | *Fee Application* | --- | --- | 16.90 | $8,703.50 |
| Matthew E. Kelley | Mid-Level Associate | 2012 | $380.00 | *Huon, Bollea II* | 7.70 | $2,926.00 | 9.20 | $3,496.00 |
| Jeremy A. Kutner | Mid-Level Associate | 2014 | $380.00 | *Ayyadurai, Bankruptcy* | 15.7 | $5,966.00 | 65.30 | $24,814.00 |
| Adam Lazier | Mid-Level Associate | 2016 | $380.00 | *Terrill, Bankruptcy* | 26.30 | $9,994.00 | 65.30 | $24,814.00 |
| Maxwell S. Mishkin | Junior Associate | 2014 | $330.00 | *Bollea I* | 3.50 | $1,155.00 | 13.40 | $4,422.00 |
| Paul Safier | Senior Associate | 2009 | $405.00 | *Bollea I, Bankruptcy* | 27.50 | $11,137.50 | 166.10 | $67,270.50 |
| Thomas Sullivan | Senior Associate | 2009 | $405.00 | *Ayyadurai* | 2.00 | $810.00 | 2.00 | $810.00 |

| NAME OF PROFESSIONAL | TITLE | YEAR OF ADMISSION | HOURLY RATE | MATTERS[6] | SECOND INTERIM COMP. PERIOD | | FULL COMP. PERIOD | |
|---|---|---|---|---|---|---|---|---|
| | | | | | HOURS | FEES | HOURS | FEES |
| Shaina Ward | Senior Associate | 2009 | $405.00 | *Fee Application* | 56.00 | $22,680.00 | 81.70 | $33,088.50 |
| Scott Bailey | Paralegal | N/A | $215.00 | *Terrill, Ayyadurai* | 12.50 | $2,687.50 | 14.70 | $3,160.50 |
| Brian Earl | Paralegal | N/A | $215.00 | *Terrill, Ayyadurai* | 2.70 | $580.50 | 2.70 | $580.50 |
| Cynthia A. Lindsay | Paralegal | N/A | $215.00 | *Terrill, Ayyadurai, Bankruptcy* | --- | --- | 7.80 | $1,677.00 |
| Rebecca N. Pottash | Paralegal | N/A | $215.00 | *General, Bollea I* | --- | --- | 7.20 | $1,548.00 |
| Ryan Relyea | Paralegal | N/A | $215.00 | *General, Bollea I, Terrill, Ayyadurai, Bankruptcy, Johnson, Huon, Williams* | 4.10 | $881.50 | 21.30 | $4,579.50 |
| **TOTALS:** | | | | | **330.20** | **$146,146.00** | **1,048.90** | **$470,311.00** |

**Hearing Date and Time: June 29, 2017 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: June 8, 2017 at 4:00 p.m. (Prevailing Eastern Time)**

LEVINE SULLIVAN KOCH & SCHULZ, LLP
Seth D. Berlin
1899 L Street NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888

*Special Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
Gawker Media LLC, *et al.*,[1]            :    Case No. 16-11700 (SMB)
                                          :
                       Debtors.           :    (Jointly Administered)
                                          :
-----------------------------------------------------x

**SECOND INTERIM AND FINAL APPLICATION OF LEVINE SULLIVAN KOCH &**
**SCHULZ, LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND FOR THE**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM**
**JUNE 10, 2016 THROUGH MARCH 17, 2017**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

Levine Sullivan Koch & Schulz, LLP ("Levine Sullivan"), special litigation attorneys for

Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker

Hungary Kft ("Gawker Hungary",[2] and collectively with Gawker Media and GMGI, the

"Debtors"), submits this Second Interim and Final Application (the "Application") pursuant to

sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") for final

allowance and compensation for services rendered and for reimbursement of expenses incurred

in connection therewith.  In support of this Application, Levine Sullivan respectfully represents:

## INTRODUCTION

1.       By this Application, Levine Sullivan seeks: (a) the interim and final allowance

and payment of compensation in the amount of $146,146.00 for professional services performed,

and the interim and final allowance and payment of actual and necessary expenses in the amount

of $13,763.38 incurred by Levine Sullivan during the period from October 1, 2016 through

March 17, 2017 (the "Second Interim Compensation Period"); (b) final allowance of

compensation in the amount of $432,150.18 for professional services performed, and the final

allowance and reimbursement of actual and necessary expenses in the amount of $22,888.54

incurred by Levine Sullivan the period from June 10, 2016 through March 17, 2017 (the "Full

Compensation Period"); and (c) the approval and payment of the unpaid portion of all such

allowed fees and expenses in the amount of $66,598.62, including (i) the 5% holdback of fees

pursuant to the First Interim Fee Order (as defined herein), (ii) the 20% holdback of fees from

the Monthly Fee Statements submitted during the Second Interim Compensation Period, and

(iii) additional fees and expenses incurred during the period from December 1, 2016 through and

---

[2] Levine Sullivan was originally retained as special litigation attorneys for Kinja Kft ("Kinja"). However, Kinja subsequently changed its name to Gawker Hungary Kft.

including March 17, 2017, for which Levine Sullivan elected not to submit monthly fee statements, as described in Paragraph 11 below.

2.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 94] (the "Interim Compensation Order").

3.      In preparing the Application, Levine Sullivan has complied with the U.S. Trustee *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Appendix B Guidelines") and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Case, effective February 5, 2013 (the "Local Guidelines").  In accordance with the Local Guidelines, a certification by Seth D. Berlin regarding compliance with the Local Guidelines is attached hereto as **Exhibit A**.

<u>**BACKGROUND**</u>

4.      On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 12, 2016, Gawker Media Group, Inc. ("GMGI") and Kinja Kft (now, Gawker Hungary Kft) each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On June 16, 2016 the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].

6.      On June 24, 2016, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.      On September 23, 2016 this Court entered an order authorizing the retention of Levine Sullivan as Special Litigation Counsel to the Debtors [Docket No. 288] (the "Levine Sullivan Retention Order"), *nunc pro tunc* to the Petition Date.  A copy of the Levine Sullivan Retention Order is attached as **Exhibit B**.

8.      On December 22, 2016, the Bankruptcy Court confirmed the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 576, Exhibit A] (the "Chapter 11 Plan") pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638].  The Effective Date (as defined under the Chapter 11 Plan) occurred on March 17, 2017.  *See Notice of (I) Entry of Order Confirming the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. and (II) Occurrence of Effective Date* [Docket No. 825].

9.      Pursuant to the Interim Compensation Order, Levine Sullivan filed and sent to the Debtors and the appropriate notice parties the following monthly fee statements (the "Monthly Fee Statements"):

      a.      a first monthly fee statement, dated October 20, 2016, for compensation and for reimbursement of expenses for services rendered during the period from June 10, 2016, through September 30, 2016, in the amounts of $239,827.02 for fees (at 80%) and $9,125.16 for expenses;

      b.      a second monthly fee statement, dated November 18, 2016, for compensation and for reimbursement of expenses for services rendered during the period from October 1, 2016, through October 31, 2016, in the amounts of $66,731.27 for fees (at 80%) and $2,114.63 for expenses; and

      c.      a third monthly fee statement, dated December 20, 2016, for compensation and for reimbursement of expenses for services rendered during the period from November 1, 2016 through November 30, 2016, in the amounts of $23,388.34 for fees (at 80%) and $2,311.52 for expenses.

10.      Pursuant to the Interim Compensation Order, if no objections are received by the 35th day following the last day of the month for which compensation is sought in a given Monthly Fee Statement, the Debtors shall pay 80% of the fees and 100% of the expenses detailed in such Monthly Fee Statement.

11.      Levine Sullivan did not submit monthly fee statements for the period of December 1, 2016 through March 17, 2017, but elected to wait until the cases were concluded to seek approval for compensation of fees and expenses accrued during that period in order to avoid unnecessary administrative costs in connection with preparing such statements.

12.     On November 7, 2016, Levine Sullivan filed the *First Application of Levine Sullivan Koch & Schulz, LLP as Special Litigation Counsel for the Debtors And Debtors in Possession for Allowance of Compensation and for the Reimbursement of Expenses for the Period from June 10, 2016 through September 30, 2016* [Docket No. 419] (the "First Interim Fee Application" and the period covered therein, the "First Compensation Period").  Pursuant to the First Interim Fee Application, Levine Sullivan sought approval of $239,827.02 in fees and $9,125.16 in expenses for the First Compensation Period.  On December 21, 2016, the Court entered an order authorizing the payment on an interim basis of 75% of the Monthly Fee Holdbacks (as defined in the Interim Compensation Order) relating to the First Compensation Period [Docket No. 637] (the "First Interim Fee Order").

13.     As of the date of this Application, Levine Sullivan has not yet received payments for a total of $66,598.62, representing the total amount of unpaid fees and expenses, including (i) the 5% holdback of fees pursuant to the First Interim Fee Order, (ii) the 20% holdback of fees from the Monthly Fee Statements for the Second Interim Compensation Period, and (iii) fees and expenses incurred during the period from December 1, 2016 through and including March 17, 2017, for which Levine Sullivan elected not to submit monthly fee statements.

14.     Except for the payment arrangements between the Debtors and the Non-Debtor Defendants (and their insurers) detailed in the Cover Sheet at note 2 *supra*, Levine Sullivan has received no promises for payment from any other source for services rendered in connection with the Debtors' chapter 11 cases.  There is no agreement or understanding between Levine Sullivan and any other person for the sharing of compensation to be received for the services rendered in these chapter 11 cases.

## SUMMARY OF SERVICES RENDERED DURING THE
## SECOND INTERIM COMPENSATION PERIOD

15.     During the Second Interim Compensation Period, Levine Sullivan rendered

professional services to the Debtors as special litigation attorneys.  As is its practice with clients,

Levine Sullivan maintains written records of the time expended by attorneys and

paraprofessionals in rendering professional services to the Debtors.  The respective professionals

made these time records contemporaneously with the services rendered, and the presentation of

the time records complies with the Local Bankruptcy Rules, the Appendix B Guidelines and the

Local Guidelines.

16.     Pursuant to Paragraph 6 of the Retention Order, with respect to compensation of

Levine Sullivan for services performed in connection with actions involving Non-Debtor

Defendants, the Debtors' shall be liable for 85% of the fees and 100% of expenses for services

rendered jointly on behalf of the Debtors and Non-Debtor Defendants.  Compensation for the

Non-Debtor Defendants' portion of such fees (the "Non-Debtor Allocation") shall be due

pursuant to arrangements between Levine Sullivan and the Non-Debtor Defendants.  As

described in paragraph 11 of the Retention Application and in paragraph 5 of the Declaration of

Seth D. Berlin in support thereof (Dkt. 132), these matters are as follows: *Bollea I, Johnson,*

*Terrill, Ayyadurai,* and *Huon.*  The Requested Fees noted herein represent the total net fees

attributable to the Debtors after the reduction of fees for portions attributable to the Non-Debtor

Defendants.

17.     A schedule setting forth the number of hours expended and fees incurred by

Levine Sullivan professionals and paraprofessionals during the Second Interim Compensation

Period with respect to each matter is annexed hereto as **Exhibit C**.

18.     A schedule showing the hours expended by the attorneys and paraprofessionals during the Second Interim Compensation Period, their normal hourly rates, and the value of their services is annexed hereto as **Exhibit D**.

19.     Detailed time records showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Second Interim Compensation Period, separately for each matter is annexed hereto as **Exhibit E**.[3]

20.     As is its practice with clients, Levine Sullivan also maintains records of all actual and necessary out-of-pocket expenses incurred in rendering professional services, which are available for inspection.  A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as **Exhibit F**.

21.     A schedule setting forth a complete itemization of expenses, by matter, incurred by Levine Sullivan in connection with services rendered to the Debtors during the Second Interim Compensation Period for which Levine Sullivan seeks reimbursement is annexed hereto as **Exhibit G.**

22.     Levine Sullivan respectfully submits that the professional services it rendered as special litigation attorneys were necessary and appropriate and have directly contributed to the effective administration of this chapter 11 case, and to the benefit of the estates and their creditors.

23.     The following summary highlights certain services Levine Sullivan rendered as special litigation attorneys to the Debtors by matter during the Second Interim Compensation

---

[3] Pursuant to paragraph 5 of the Retention Order (Dkt. 288), Levine Sullivan has redacted time entries to remove information protected by the attorney-client privilege, attorney work-product doctrine, and/or other applicable privileges.  Unredacted copies are being provided to the Court and the United States Trustee.

Period.  It is not intended to be a detailed description of the work performed given that detailed

time records are set forth in **Exhibit E**.  The summary for services rendered by Levine Sullivan

during the First Interim Compensation Period is provided in the First Interim Fee Application

[Dkt. 419], and incorporated herein by reference.

Bollea I (00923-002) [Hours: 49.20/ Total Fees for Debtors: $20,750.50]

24.     During the Second Interim Compensation Period, Levine Sullivan professionals

and paraprofessionals expended time drafting and revising a merits appeal brief; addressing the

subsequent conclusion of this matter, including monitoring and reviewing the appellate dockets

for filing deadlines and status updates directed by the Florida appellate court; reviewing

appellate court documents; and conducting discrete research in connection with the conclusion of

the matter.

Williams (00923-005) [Hours: .10/Total Fees for the Debtors $49.00]

25.     During the Second Interim Compensation Period, Levine Sullivan professionals

and paraprofessionals expended time monitoring the status of trial court proceedings.

Terrill (00923-010) [Hours: 59.10/ Total Fees for the Debtors $25,836.00]

26.     During the Second Interim Compensation Period, Levine Sullivan professionals

and paraprofessionals expended time reviewing and revising pre-motion correspondence to the

Court; drafting and revising a motion to dismiss; conducting legal research and reviewing

various issues in connection therewith; drafting and revising motions to dismiss individual

defendants, and conducting legal research regarding the same; and reviewing issues and drafting

correspondence to the plaintiff, the Debtors and the Court regarding the resolution of this matter.

<u>Johnson (00923-008) [Hours: .20/ Total Fees for the Debtors: $103.00]</u>

27.        During the Second Interim Compensation Period, Levine Sullivan professionals and paraprofessionals expended time reviewing the case file and pleadings to keep current on the matter.

<u>Huon (00923-012) [Hours: 24.50/ Total Fees for the Debtors: $11,243.00]</u>

28.        During the Second Interim Compensation Period, Levine Sullivan professionals and paraprofessionals expended time addressing issues related to the decision issued by the United States Court of Appeals for the Seventh Circuit (for which the automatic stay was lifted to permit the appellate court to rule); conducting research in light of the same and analyzing options with defendants; and exchanging communications with local counsel and plaintiff regarding the status of the case.

<u>Bollea II (00923-014) [Hours: 1.10/ Total Fees for the Debtors: $556.50]</u>

29.        During the Second Interim Compensation Period, Levine Sullivan professionals and paraprofessionals expended time reviewing and revising a status report to the appellate court.

<u>Ayyadurai (00923-015) [Hours: 77.60/ Total Fees for the Debtors: $33,931.00]</u>

30.        During the Second Interim Compensation Period, Levine Sullivan professionals and paraprofessionals expended time drafting and revising a motion to dismiss; exchanging communications with the defendants; and drafting correspondence to the court regarding the status of the case.

<u>Bankruptcy Matters (00923-017) [Hours: 32.40/ Total Fees for the Debtors: $15,959.00]</u>

31.        During the Second Interim Compensation Period, Levine Sullivan professionals and paraprofessionals expended time reviewing drafts of the Chapter 11 Plan and related disclosure statement for accuracy at the request of bankruptcy counsel; preparing materials

requested by the bankruptcy counsel; exchanging communication with the Debtors; reviewing settlement documents; exchanging various communications with bankruptcy counsel; addressing inquiries from the Chief Restructuring Officer; and reviewing filings from the bankruptcy case in connection with the foregoing.

Retention/Fee Applications (00923-018) [Hours: 86.00 / Total Fees for the Debtors: $37,717.50]

32.     During the Second Interim Compensation Period, Levine Sullivan professionals and paraprofessionals expended time addressing issues regarding a request from the U.S. Trustee; addressing fee application objections and inquiries from the Debtors regarding interim compensation; reviewing invoices for redaction in preparation for submission to this Court; drafting and revising the Monthly Fee Statements and the First Interim Fee Application; and exchanging email with bankruptcy counsel regarding issues related to the Second Interim and Final Fee Application.

## ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED DURING THE SECOND INTERIM COMPENSATION PERIOD

33.     The professional services rendered by Levine Sullivan required a high degree of professional competence and skill.  Levine Sullivan respectfully submits that it performed the services rendered to the Debtors in an efficient, effective, and economical manner.

34.     The allowance of compensation for services rendered and reimbursement of expenses in chapter 11 cases is expressly provided for in section 331 of the Bankruptcy Code:

> [A]ny professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

35.     With respect to the level of compensation, section 330(a)(1)(A) of the Bankruptcy

Code provides, in pertinent part, that the Court may award to a professional person "reasonable

compensation for actual, necessary services rendered[.]"  11 U.S.C. § 330(a)(1)(A).  Section

330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded to . . . [a]
> professional person, the court shall consider the nature, the extent, and the value
> of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at
> the time which the service was rendered toward the completion of, a case under
> this title;
>
> (D) whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the problem, issue,
> or task addressed;
>
> (E) whether the compensation is reasonable based on the customary compensation
> charged by comparably skilled practitioners in cases other than cases under this
> title.

11 U.S.C. § 330(a)(3)(A)-(E).

36.     The Congressional policy expressed above provides for adequate compensation in

order to continue to attract qualified and competent professionals to provide legal services to

parties under bankruptcy protection.  In the instant case, the professional services rendered by

Levine Sullivan required a high degree of professional competence and skill, as well as the

background on these matters that Levine Sullivan uniquely possessed.  Providing these services

required Levine Sullivan to expend substantial time and effort on many complex issues.  As

shown by this Application and supporting exhibits, Levine Sullivan spent its time economically

and without unnecessary duplication of time.  Accordingly, Levine Sullivan submits that the

compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors and the Debtors' estate.

37.     During the Second Interim Compensation Period, Levine Sullivan attorneys and paraprofessionals spent 330.20 hours providing services for the Debtors at a blended rate of approximately $445.71 per hour for Attorneys and $215.00 for Paraprofessionals.  The blended rate for all Levine Sullivan timekeepers during this period was $368.81.  Levine Sullivan assigned the work involved in light of the experience and expertise required for a particular task.

38.     Levine Sullivan also respectfully requests reimbursement of $13,763.38, which are the actual out-of-pocket expenses incurred in connection with the rendition of the professional services to the Debtors during this Second Interim Compensation Period.  Levine Sullivan incurred these disbursements and expenses in accordance with Levine Sullivan's normal practice of charging clients for expenses incurred in connection with each client's case other than certain fixed and routine overhead expenses, which are included in Levine Sullivan's normal hourly rates.  Levine Sullivan endeavored to minimize the out-of-pocket expenses for which it requests reimbursement to the fullest extent possible.

39.     No agreement or understanding exists between Levine Sullivan and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with this chapter 11 case.

40.     No prior application has been made in this Court or in any other court for the relief requested herein for the Second Interim Compensation Period.

## REQUEST FOR FINAL APPROVAL AND PAYMENT OF FEES AND EXPENSES

41.     By this Final Application, Levine Sullivan requests final approval of all fees and expenses it incurred that are attributable to the Debtors in this case during the Full Compensation

13

Period of June 10, 2016 through and including March 17, 2017, in the amount of $432,150.18[4]

together with reimbursement for actual and necessary expenses in the amount of $22,888.54.[5]  In

support of its request for the final allowance of all fees and expenses incurred by Levine Sullivan

during the Full Compensation Period, Levine Sullivan incorporates herein by reference each of

its Monthly Fee Statements and its First Interim Fee Application, together with the certifications

of counsel, and orders of this Court relating to the same.

42.    The professional services rendered by Levine Sullivan during the Full

Compensation Period required a high degree of professional competence and skill.  Levine

Sullivan respectfully submits that it performed the services rendered to the Debtors in an

efficient, effective, and economical manner.

43.    As set forth in the Monthly Fee Statements, the First Interim Fee Application, the

above Second Interim Fee Application and in this Final Application, in accordance with the

factors enumerated in 11 U.S.C. § 330(a)(1)(A), Levine Sullivan hereby requests approval, on a

final basis, for the compensation of fees and expenses requested by Levine Sullivan during the

Full Compensation Period.

---

[4] The amount of final compensation sought by Levine Sullivan is comprised of all fees attributable to the Debtors that were incurred during the First Interim Compensation Period (as defined in the Application), including all holdbacks of fees pursuant to the Interim Compensation Order (as defined in the Application) for such period, plus fees attributable to the Debtors for the Second Interim Compensation Period.

[5] The amount of final expense reimbursement sought by Levine Sullivan is equal to the sum of all expenses attributable to the Debtors that were incurred during the First Interim Compensation Period previously approved by this Court, plus the expenses attributable to the Debtors for the Second Interim Compensation period.

**WHEREFORE**, Levine Sullivan respectfully requests that this Court enter an order:

(a) approving the allowance and payment of $146,146.00 for compensation for professional services rendered that are attributable to the Debtors during the Second Interim Compensation Period;

(b) approving the reimbursement of Levine Sullivan's out-of-pocket expenses incurred in connection with the rendering of such services during the Second Interim Compensation Period in the amount of $13,763.38;

(c) approving the final allowance of all fees and expenses incurred by Levine Sullivan in this case during the Full Compensation Period in the amount of $432,150.18, together with reimbursement of all necessary expenses in the amount of $22,888.54;

(d) approving the payment of $66,598.62, representing the allowance and payment of total unpaid fees and expenses incurred by Levine Sullivan during the Full Compensation Period that are attributable to the Debtors, which includes the outstanding holdback of fees from prior fee statements, plus full unpaid fees and expenses that are attributable to the Debtors during the period from October 1, 2016 through and including March 17, 2017; and

(e) granting such other and further relief as this Court may deem just and proper.

Dated: May 16, 2017                         Respectfully submitted,


_____
Seth D. Berlin
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1899 L Street NW
Suite 200
Washington, DC  20036
Telephone:  202-508-1100
Facsimile:  202-861-9888