# Exhibit A

## Certification of Counsel

LEVINE SULLIVAN KOCH & SCHULZ, LLP
Seth D. Berlin
1899 L Street NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1100
Facsimile: (202) 861-9888

*Special Litigation Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :    Case No. 16-11700 (SMB)
                                                      :
            Debtors.                                  :    (Jointly Administered)
                                                      :
------------------------------------------------------x

**CERTIFICATION OF SETH D. BERLIN REGARDING THE SECOND INTERIM AND FINAL APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 10, 2016 THROUGH MARCH 17, 2017**

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft (5056). Their mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

I, Seth D. Berlin, hereby certify that:

1. I am a partner with the applicant firm, Levine Sullivan Koch & Schulz, LLP ("Levine Sullivan"), special litigation counsel to the Debtors and Debtors in Possession.

2. In accordance with Rule 2016-1(a) of the Local Bankruptcy Rules for the Southern District of New York and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective February 5, 2013 (the "Local Guidelines"), this certification is made with respect to Levine Sullivan's Second Interim and Final Application for Allowance and Compensation and for the Reimbursement of Expenses for the Period from June 10, 2016 through March 17, 2017.

3. Pursuant to Paragraph B.1 of the Local Guidelines, I certify that:

   (a) I have read the Application;

   (b) To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements requested are consistent with the Local Guidelines;

   (c) The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Levine Sullivan and generally accepted by Levine Sullivan's clients; and

   (d) In providing reimbursable services, Levine Sullivan does not make a profit on such services, whether performed by Levine Sullivan in-house or through a third party.

4. With respect to B.2 of the Local Guidelines, I certify that Levine Sullivan has previously provided monthly statements for the periods of June 10, 2016 through September 30, 2016 (First Monthly); October 1, 2016 through October 31, 2016 (Second Monthly); and November 1, 2016 through November 30, 2016 (Third Monthly) of Levine Sullivan's fees and disbursements in accordance with section B.2 of the Local Guidelines by filing and serving monthly statements in

accordance with the terms of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 94] entered in these cases.[1]

5. With respect to section B.3 of the Local Guidelines, I certify that: (i) the Debtors, (ii) the U.S. Trustee, and (iii) the Committee have been provided with a copy of the Application concurrently with the filing thereof and will have at least fourteen (14) days' notice of the date set for objections to the Application.

6. The following statement is provided pursuant to ¶ C.5. of the Appendix B Guidelines.

> (a) **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?
>
> **Answer**: No.
>
> (b) **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> **Answer**: N/A.
>
> (c) **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?
>
> **Answer**: No.
>
> (d) **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.
>
> **Answer**: No.

---

[1] Levine Sullivan did not seek further monthly or interim compensation payments for the period of December 1, 2016 through March 17, 2017, but elected to wait until the cases were concluded to seek approval for compensation of fees and expenses accrued during that period in order to avoid unnecessary administration costs.

A-2

(e) **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: Yes. Approximately 14.60 hours were devoted to reviewing and revising certain time records to remove privileged or confidential information in the Second Interim Compensation Period, resulting in approximately $6,861.00 in fees.

(f) **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: N/A.

Dated: May 16, 2017  
Washington, DC

By: _____  
Seth D. Berlin