**Hearing Date and Time; June 20, 2017 at 10:00 a.m. (ET)**
**Objection Deadline: June 8, 2017 at 4:00 p.m. (ET)**

BUSH ROSS, P.A.
Jeffrey W. Warren
1801 N. Highland Avenue
Tampa, Florida 33602
Telephone: (813) 224-9255
Facsimile: (813) 223-9620

*Special Florida Litigation Conflicts Counsel*
*to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                        :
In re                                                   :        Chapter 11
                                                        :
Gawker Media LLC, *et al.*,[1]                          :        Case No. 16-11700 (SMB)
                                                        :
                    Debtors.                            :        (Jointly Administered)
                                                        :
-------------------------------------------------------x


**SUMMARY COVER SHEET TO FINAL APPLICATION OF**
**BUSH ROSS, P.A. AS SPECIAL FLORIDA LITIGATION CONFLICTS**
**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR**
**THE PERIOD FROM OCTOBER 28, 2016 THROUGH MARCH 17, 2017**

        In accordance with the Local Rules for the Southern District of New York, Bush Ross,

P.A. ("**Bush Ross**"), special Florida litigation conflicts counsel to the debtors and debtors in

possession in these proceedings (collectively, the "**Debtors**"), hereby submits this summary (this

"**Summary**") of fees and expenses sought as actual, reasonable, and necessary in the fee

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

application to which this Summary is attached (the "**Fee Application**") for the period from October 28, 2016 through March 17, 2017 (the "**Fee Period**").

Bush Ross submits the Fee Application as a final fee application in accordance with the *Order Granting Debtors' Application for Entry of an Order Authorizing the Debtors to Employ and Retain Bush Ross, P.A. as Special Florida Litigation Counsel Nunc Pro Tunc* entered by this Court on December 12, 2016 [Docket No. 578] (the "**Retention Order**"), and the *Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary KFT* entered by this Court on December 22, 2016 [Docket No. 638] (the "**Confirmation Order**").

## GENERAL INFORMATON

| | |
|---|---|
| Name of Applicant: | Bush Ross, P.A. |
| Authorized to Provide Professional Services to: | The Debtors |
| Petition Date: | June 10, 2016 |
| Date of Retention Order: | December 12, 2016 *nunc pro tunc* to October 29, 2016 |

## SUMMARY OF FEES AND EXPENSES SOUGHT IN THE APPLICATION

| | |
|---|---|
| Period for Which Compensation And/or Reimbursement is Sought: | October 28, 2016 through and including March 17, 2017[2] |
| Total Amount of Compensation Sought at Agreed Rates: | Fees:  $8,250.00 |
| | Expenses:    $0.00 |

---

[2] As noted in the First Monthly Statement of Bush Ross, the *nunc pro tunc* period in the Retention Order should have been October 28, 2016. The billing time for October 28, 2016 was stated in the First Monthly Statement, but not included in the requested payment calculation and reserved the right to seek payment of the fees incurred on October 28, 2016 at the final hearing on the Bush Ross fees.

This is a(n) ___monthly ___interim X final application.  No prior final fee application was filed for this Fee Period. [3]

| | |
|---|---|
| Blended Rate of Attorneys: | $____494.32 |
| Blended Rate of all Timekeepers: | $____402.44 |
| Number of Timekeepers: | 3 |
| Number of Attorneys in this Application not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted And Compensation Sought for the Fee Period: | N/A |
| Number of Attorneys Billing Fewer Than 15 Hours to the Case During The Fee Period: | 1 |
| Increase in Rates: | None |

| Monthly Fee Statements | | | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Paid to Date | Expenses Paid to Date |
| 12/20/2016 | 633 | 10/29/2016 – 11/30/2016 | $5,337.50 | 0 | $4,270.00 | 0 |
| **TOTALS** | | | **$5,337.50** | **0** | **$4,270.00** | **0** |

| Fee Applications | | | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Paid to Date | Expenses Paid to Date |
| 5/16/2017 | | 10/29/2016– 3/17/2017 | $8,250.00 | 0 | $4,270.00 | 0 |
| **TOTALS** | | | **$8,250.00** | **0** | **$4,270.00** | **0** |

---

[3] Notice of this Fee Application will be served in accordance with the Post-Confirmation Order, and any objections to the relief requested in this Application must be addressed in accordance with the Confirmation Order.

| Summary of Professionals | | | | | | |
|---|---|---|---|---|---|---|
| Attorney | Position | Year First Admitted to Bar | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| Jeffrey W. Warren | Partner | 1972 | Restructuring | $500 | 14.7 | $7,350.00 |
| Karen S. Cox | Partner | 1984 | Restructuring | $375 | .7 | $262.50 |
| Maria Linares | Paralegal | | | $125 | 5.1 | $637.50 |
| **TOTALS** | | | | | **20.5** | **$8,250.00** |

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners | $494.32 | 15.4 | $7,612.50 |
| Associate Attorneys | n/a | 0 | 0 |
| Paraprofessionals/Non-Legal Staff | $125.00 | 5.1 | $637.50 |
| Blended Attorney Rate | $494.32 | | |
| Blended Rate for all Timekeepers | $402.44 | | |
| **Total** | **n/a** | **20.5** | **$8,250.00** |

Summary by Project Category

| Project Category | Total Hours Billed | Amount |
|---|---|---|
| Retention/Fee Applications | 8.8 | $2,825.00 |
| Litigation | 11.7 | $5,425.00 |
| **TOTAL** | **20.5** | **$8,250.00** |

Dated:  May 16, 2017
      Tampa, Florida

                                */s/ Jeffrey W. Warren*
                                  Jeffrey W. Warren
                                  BUSH ROSS, P.A.
                                  1801 N. Highland Avenue
                                  Tampa, Florida 33602
                                  Telephone:  (813) 224-9255
                                  Facsimile:   (813) 223-9620
                                  jwarren@bushross.com

                                  *Special Florida Litigation Conflicts Counsel*
                                  *to the Debtors and Debtors in Possession*

**Hearing Date and Time: June 20, 2017 at 10:00 a.m. (ET)**
**Objection Deadline: June 8, 2017 at 4:00 p.m. (ET)**

BUSH ROSS, P.A.
Jeffrey W. Warren
1801 N. Highland Avenue
Tampa, Florida 33602
Telephone: (813) 224-9255
Facsimile: (813) 223-9620

*Special Florida Litigation Conflicts Counsel*
*to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Gawker Media LLC, *et al.*,[1] | : | Case No. 16-11700 (SMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

----------------------------------------------------x

**FINAL APPLICATION OF BUSH ROSS, P.A. AS SPECIAL FLORIDA**
**LITIGATION CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN**
**POSSESSION FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM OCTOBER 28, 2016 THROUGH MARCH 17, 2017**

The law firm of Bush Ross, P.A. ("**Bush Ross**"), special Florida litigation conflicts

counsel to the debtors and debtors in possession in these proceedings (the "**Debtors**") with

respect to the Bollea Litigation (as defined below and in the *Debtors' Application for Entry of an*

*Order Authorizing the Retention and Employment of Bush Ross, P.A.* dated November 18, 2016

(the "**Bush Ross Retention Application**") [Docket No. 464][2]) hereby files this final application

(this "**Fee Application**") for the period of October 28, 2016 through and including March 17,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opporture LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opporture LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] The Bush Ross Retention Application was granted by order dated December 12, 2016 [Docket No. 578].

2017 (the "**Fee Period**") for compensation in the amount of $8,250.00 for the actual and necessary legal services rendered by Bush Ross to the Debtors during the Fee Period.[3] In support of this Fee Application, Bush Ross submits the declaration of Jeffrey W. Warren, a partner at Bush Ross ("**Warren**"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In further support of this Fee Application, Bush Ross respectfully states as follows:

### Preliminary Statement

1.      Throughout the Fee Period, Bush Ross represented the Debtors as special Florida litigation conflicts counsel with respect to limited aspects of the Bollea Litigation.

2.      This representation was necessary and desirable because Gawker Media LLC ("Gawker Media") was engaged in sensitive settlement negotiations of the Bollea Litigation and, in an abundance of caution and to avoid any collateral issues in the proceedings that were ongoing in the Florida courts, the Debtors needed independent Florida representation. Given its limited involvement in this matter, Bush Ross submits that the compensation sought herein for the necessary and beneficial professional services it provided to the Debtors during the Fee Period are reasonable and appropriate, commensurate with the scale, nature, and complexity of the issues Bush Ross was involved with during these chapter 11 cases and, therefore, should be allowed.

### Jurisdiction and Basis for Relief

3.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] Bush Ross is not seeking reimbursement of expenses for the Fee Period.

5.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-l(a) of the Local Rules for the Southern District of New York (the "**Local Rules**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "**US Trustee Guidelines**"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases,* and the *Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary KFT* entered by this Court on December 22, 2016 [Docket No. 638] (the "**Confirmation Order**").

<u>**Background**</u>

**A.      The Bankruptcy Filing and General Case Background.**

6.      Gawker Media, together with its Debtor and non-Debtor affiliates, is an online media company and blog network. The Debtors' current operations are principally located in New York City, New York.

7.      On June 10, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. During the Fee Period, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 16, 2016, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41]. No request for the appointment of a trustee or examiner was made in these chapter 11 cases.

8.      On June 24, 2016, the Office of the United States Trustee for the Southern District of New York (the **"U.S. Trustee"**) formed the official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 62].

9.      On July 13, 2016, the Court entered the *Order Authorizing the Employment and Compensation of Certain Professionals in the Ordinary Course of Business* (Docket No. 86) (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

10.     On September 9, 2016, pursuant to this Court's *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases* [Docket No. 214], the Debtors sold substantially all of their assets to Unimoda, LLC ("**Unimoda**").

11.     On September 30, 2016, the Debtors filed the *Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (as was subsequently modified and amended on November 2, 2016 and December 11, 2016, the "**Plan**").

12.     On December 22, 2016, the Court confirmed the Plan pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638].  The Effective Date (as defined in the Plan) occurred on March 17, 2017.

   **B.      The Debtors' Retention of Bush Ross.**

13.     On November 18, 2016, the Debtors filed the Bush Ross Retention Application.

14.    On December 12, 2016, the Court entered the *Order Authorizing the Debtors to Employ and Retain Bush Ross, P.A. as Special Florida Litigation Conflicts Counsel Effective Nunc Pro Tune to October 29, 2016* [Docket No. 578] (the "**Retention Order**"), attached hereto as **Exhibit B** and incorporated by reference. The Retention Order authorizes the Debtors to compensate and reimburse Bush Ross in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Retention Order also authorizes the Debtors to compensate Bush Ross at regular hourly rates and to reimburse Bush Ross for Bush Ross's actual and necessary out-of-pocket expenses incurred, subject to application to the Court. The particular terms of Bush Ross's engagement are detailed in the Bush Ross Retention Application.

15.    The Retention Order authorized Bush Ross to serve as special Florida conflicts counsel in all matters in connection with the cases captioned *Bollea v. Gawker Media LLC et al., Case No. 12012447,* (6th Circuit Pinellas County)*,* on appeal; *Gawker Media, LLC, et al., v. Bollea*, Case No. 2D16-2535 (Fla. 2d DCA) (Bollea I); and *Bollea v.Buchwald, et. al.*, 16-002861-CI ( 6th Circuit Pinellas County (Bollea II) (collectively, the "**Bollea Litigation**").

**C.    No Adverse Interests of Bush Ross.**

16.    To the best of Bush Ross's knowledge and as disclosed in the *Declaration of Jeffrey W. Warren* submitted in support of and as Exhibit B to the Bush Ross Retention Application, Bush Ross does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Bush Ross has been retained and satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

17.    Bush Ross performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

18.     Pursuant to Bankruptcy Rule 2016(b), Bush Ross has not shared, nor has Bush Ross agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Bush Ross, or (b) any compensation another person or party has received or may receive.

**D.    Prior Fee Statements, Interim Fee Application, and Invoices.**

19.     Pursuant to the Interim Compensation Order, Bush Ross filed and had sent to the Debtors and the appropriate notice parties a monthly fee statement, dated December 20 2016, for compensation and for reimbursement of expenses for services rendered during the period from October 29, 2016 through November 30, 2016, in the amount of $5,337.50 for fees and $0 for expenses (the "**First Monthly Fee Statement**").

20.     Pursuant to the Interim Compensation Order, if no objections were received by the 35th day following the last day of the month for which compensation is sought in a given Monthly Fee Statement, the Debtors were required to promptly pay 80% of the fees and 100% of the expenses detailed in such Monthly Fee Statement. Bush Ross received payments for 80% of the fees ($4,270.00) in the First Monthly Fee Statement.

21.     Except for the payments referred to above, Bush Ross has not received any payment or promises of payment from any other source for services rendered in connection with the Debtors' chapter 11 cases.

**Fees and Expenses Incurred During the Fee Period**

**A.    Customary Billing Disclosures.**

22.     Bush Ross's hourly rates are set at a level designed to compensate Bush Ross fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Bush Ross in these chapter 11 cases

are equivalent to the hourly rates and corresponding rate structure used by Bush Ross for other similar litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

        **B.     Fees Incurred During the Fee Period.**

23.    In the ordinary course of Bush Ross's practice, Bush Ross maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.

24.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit C** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

    (a)    the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

    (b)    each attorney's year of bar admission and their respective practice groups;

    (c)    the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

    (d)    the hourly billing rate for each attorney and each paraprofessional at Bush Ross's current discounted billing rates applicable to this matter; and

    (e)    a calculation of total compensation requested using the rates disclosed in the Retention Application.

25.    The following brief summary of services rendered during the Fee Period is not intended to be a detailed description of the work performed - the time records are set forth in the Invoices, which are attached hereto as **Exhibit D** and incorporated by reference herein.

26.    As discussed above, during the Fee Period, Bush Ross provided professional services to the Debtors in connection with the Bollea Litigation.  As summarized on **Exhibit E**, which is attached hereto and incorporated by reference herein, Bush Ross' services can be broken down into two categories: (A) professional retention and fee applications; and (B) litigation-related matters. The professional services provided by Bush Ross on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

### (A)    Professional Retention and Fee Applications

Fees: $2,825.00; Total Hours: 8.8

27.    Bush Ross was provided with an extensive list of parties-in-interest to determine whether there were any conflict issues. Given its specific and limited role in these bankruptcy cases, Bush Ross endeavored to minimize the costs involved in this process, including working with the Debtors' primary bankruptcy counsel. In addition, Bush Ross prepared and revised its retention application and related supporting declaration. Bush Ross also prepared one Monthly Fee Statement. Because there were minimum amounts sought during the Fee Period, Bush Ross did not submit any additional Monthly Fee Statements or otherwise incur any expenses in connection with monthly billing or fee applications.

### (B)    Litigation-Related Matters

Fees: $5,425.00; Total Hours: 11.7

28.    When Bush Ross was retained as independent Florida conflicts counsel to assist as needed in certain proceedings scheduled for hearing as to non-debtors, the complex Bollea Litigation had progressed to the point of finalization of a sensitive and complex settlement. With the assistance of the Debtors' lead bankruptcy counsel, Bush Ross prepared to appear in certain

Florida state court hearings and appeared in an appeal. Bush Ross assisted the Debtors' lead bankruptcy counsel in developing certain strategies with respect Florida litigation matters that were resolved by the global settlement of the Bollea Litigation.

29.    As a result of such efforts and subsequent efforts, Bush Ross believes that the Debtors avoided concerns about conflicts in achieving the settlement of the Bollea Litigation.

### C.    Actual and Necessary Expenses Incurred During the Fee Period.

30.    In the ordinary course of Bush Ross's practice, Bush Ross maintains a record of expenses Incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought. However, Bush Ross is not seeking recovery of any expenses in this Final Application.

### Bush Ross's Requested Compensation and Reimbursement Should be Allowed

31.    Section 330 the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered ... and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(l). Section 330 also sets forth the criteria for the award of such compensation and reimbursement.

32.    In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including-

(a)    the time spent on such services;

(b)    the rates charged for such services;

(c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

33.    Bush Ross respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors. Bush Ross further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited all parties involved. Bush Ross further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors and all parties in interest.

34.    During the Fee Period, Bush Ross's hourly billing rates for attorneys are equivalent to the rate structure used by Bush Ross for similar matters, whether in court or otherwise, regardless of whether a fee application is required.

35.    In sum, Bush Ross respectfully submits that the professional services provided by Bush Ross on behalf of the Debtors during these chapter 11 cases were necessary and appropriate given the circumstances of these chapter 11 cases, the time expended by Bush Ross employees, the nature and extent of Bush Ross's services provided, the value of Bush Ross's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Bush Ross respectfully submits that the compensation sought herein is warranted and should be approved.

36.      The Debtors will provide notice of this Fee Application to the appropriate parties, including: (i) Plan Administrator for Gawker Media LLC, c/o Opportune LLP,10 East 53rd Street, 33rd Floor, New York, New York 10022, Attn: William D. Holden (profinvoices@gawker.com); (ii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes and Susan Arbeit; and (iii) counsel for the Official Committee of Unsecured Creditors, Simpson Thacher & Bartlett, 425 Lexington Ave., New York, New York 10017, Attn: Sandy Qusba (squsba@stblaw.com) and William T. Russell (wrussell@stblaw.com) (each, a "Notice Party," and collectively, the "**Notice Parties**"). Any party that wishes to object to this Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on the undersigned and the Notice Parties so that it is actually received on or before June 13, 2017, at 4:00 p.m. (prevailing Eastern Time).

### No Prior Request

37.      Other than as described above, no prior application for the relief requested herein has been made to this or any court.

*[Remainder of this page intentionally left blank.]*

WHEREFORE, Bush Ross respectfully requests that the Court enter an order:

(a)    finally approving compensation for professional services provided during the Fee Period in the amount of $8,250.00;

(b)    finally approving the payment of $3,980.00, representing the unpaid portion of Bush Ross's incurred fees and expenses during the Fee Period;

( d)    authorizing and directing the Debtors to pay the fees and expenses awarded; and

( e)    granting such other and further relief as is just and proper under the circumstances.

Dated:  May 16, 2017
          Tampa, Florida

                                        /s/ Jeffrey W. Warren
                                        Jeffrey W. Warren
                                        BUSH ROSS, P.A.
                                        1801 N. Highland Avenue
                                        Tampa, Florida 33602
                                        Telephone:  (813) 224-9255
                                        Facsimile:    (813) 223-9620
                                        jwarren@bushross.com

                                        *Special Florida Litigation Conflicts Counsel
                                        to the Debtors and Debtors in Possession*