# Exhibit "B"

16-11700-smb   Doc 903-2   Filed 05/16/17   Entered 05/16/17 20:48:02   Exhibit B -
16-11700-smb   Doc 578   Filed 12/12/16   Entered 12/12/16 12:03:26   Main Document
                         Retention Order   Pg 2 of 9
                                Pg 1 of 8

SRF 12724

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11
                                          :
Gawker Media LLC, et al.,[1]              :   Case No. 16-11700 (SMB)
                                          :
            Debtors.                      :   (Jointly Administered)
                                          :
-------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN BUSH ROSS, P.A. AS SPECIAL FLORIDA LITIGATION CONFLICTS COUNSEL NUNC PRO TUNC TO OCTOBER 29, 2016

Upon the Application, dated November 18, 2016 (the "Application"),[2] of Gawker Media LLC and its above-captioned debtor affiliates, as debtors and debtors in possession (the "Debtors"), for an order authorizing the Debtors to retain Bush Ross, P.A. ("Bush Ross") to serve as the Debtors' special Florida litigation conflicts counsel effective *nunc pro tunc* to October 29, 2016, in accordance with the terms and conditions of that certain engagement letter between the Debtors and Bush Ross dated as of October 29, 2016, a copy of which is annexed hereto as **Exhibit A**, pursuant to sections 327(a) and 330 of title 11 of the United States Codes (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration of Jeffrey W. Warren, a Partner of Bush Ross (the "Warren Declaration"), the Declaration of D. Ross Martin, a partner of Ropes & Gray, LLP,

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

counsel to the Debtors (the "Martin Declaration"), and the declaration of William D. Holden (the "Holden Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Warren Declaration that (a) Bush Ross does not hold or represent an interest adverse to the Debtors' estates and (b) Bush Ross is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and no objections to the Application having been filed; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, THAT:**

1.  The Application is GRANTED to the extent set forth herein, *nunc pro tunc* to October 29, 2016.

2.  The Debtors, as debtors in possession, are authorized, pursuant to sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 5002, and Local Rule 2014-1 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, to

employ and retain Bush Ross, effective *nunc pro tunc* to October 29, 2016, as special Florida litigation conflicts counsel in accordance with the terms and conditions set forth in the Engagement Agreement attached hereto as **Exhibit 1**.

3. Bush Ross does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

4. The terms of the Engagement Agreement is approved in all respects except as set forth herein.

5. Bush Ross shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") [Docket No. 94]; provided, however, that Bush Ross shall be permitted to redact the time entries submitted to parties other than the Court and the United States Trustee in connection with their Monthly Fee Statements to remove information protected by the attorney-client privilege, attorney work-product doctrine or other applicable privileges, as determined by Bush Ross in its sole discretion.

6. Notwithstanding anything to the contrary set forth above, the U.S. Trustee shall retain rights to respond or object to Bush Ross's interim and final applications for compensation based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Bush Ross shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8. None of the fees payable to Bush Ross shall constitute a "bonus" or fee enhancement under applicable law.

9.  Notwithstanding any otherwise applicable provisions to the contrary, during the pendency of these chapter 11 cases, Bush Ross will not represent present or future clients of Bush Ross on matters adverse to the Debtors in these cases.

10. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

11. To the extent this Order is inconsistent with the Engagement Agreement, this Order shall govern.

12. Notwithstanding anything to the contrary in the Engagement Agreement, the Court retains exclusive jurisdiction with respect to all matters arising from, or related to, the retention of Bush Ross, and any disputes arising from or related to Bush Ross's retention under the Engagement Agreement.

Dated: December 12th, 2016
       New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1 to Proposed Order

**Engagement Letter**

# BUSH|ROSS
ATTORNEYS AT LAW

1801 North Highland Avenue
Tampa, Florida 33602
(813) 224-9255 [Phone]
(813) 223-9620 [Fax]
www.bushross.com

**JEFFREY W. WARREN**
jwarren@bushross.com
(813) 204-6423 [Direct Line]

Mailing Address:
Post Office Box 3913
Tampa, Florida 33601-3913

as of October 29, 2016

William D. Holden
Chief Restructuring Officer
Gawker Media, LLC
114 5th Avenue, 2nd Floor
New York, NY 10011

Re:   Legal Services Agreement

Dear Mr. Holden:

Thank you for your interest in having Bush Ross, P.A. ("Bush Ross" or "we") serve as special counsel to Gawker Media LLC, Gawker Media Group Inc. and Gawker Hungary Kft., all as debtors and debtors in possession (the "Clients" or "you") in connection with the following matters:

1. *Bollea v. Gawker Media, LLC et. al.*, Case No. 12012447 CI-011 (6th Circuit Pinellas County), on appeal;
2. *Gawker Media, LLC, et al., v. Bollea*, Case No. 2D16-2535 (Fla. 2d DCA) (Bollea I); *Bollea v. Buchwald, et. al.*, 16-002861-CI (6th Cir. Pinellas County) (Bollea II); and
3. *Gawker Media LLC, et. al.*, Case No. 16-11700 (SMB) filed in the United States Bankruptcy Court, Southern District of New York, and associated cases.

We are delighted that you selected Bush Ross, and we look forward to a mutually beneficial relationship.

This agreement sets forth the scope, terms and conditions of Bush Ross' engagement as counsel. Although we do not wish to be overly formal in our relationship with you, we have found it a helpful practice to confirm with our clients the terms of our representation.

1.   Limited Scope of Engagement.

Bush Ross has been retained by the Clients with respect to the matter(s) described above, and specifically with respect to such matters insofar as the Clients determine that it is necessary and/or desirable to have separate advice and/or court appearances in Florida courts by counsel that solely represents Gawker Media LLC (and the other Debtors to the extent appropriate) and

not other defendants (such as Mr. A.J. Daulerio). You have informed us that the Clients' primary bankruptcy counsel is Ropes & Gray LLP, and that such firm will advise the Clients as to when our advice is necessary or appropriate. Any new or expanded engagement beyond such matter(s) will require our prior written agreement. Similarly, Bush Ross is entering into an attorney-client relationship only with the Clients. Any representation of any person or entity other than the Clients (such as (a) a parent, subsidiary or other direct or indirect affiliate of the Clients or (b) an officer, director, manager, investor, or controlling person of the Clients or an affiliate of the Client) will require our prior written agreement. For the avoidance of doubt, Bush Ross will not represent Mr. Nicholas Denton or his Chapter 11 estate.

Nothing in this agreement and nothing in our statements to you should be construed as a promise or guarantee about possible results relating to our representation of you. Indeed, although we may offer opinions about possible results, we can neither predict nor guarantee any particular conclusion and we make no such prediction or guarantee.

2. <u>Contact Person, Staffing, and Communication.</u>

You have designated yourself as the primary contact from whom we will take direction and to whom we will report in connection with this engagement. I will be the Partner generally responsible for Bush Ross' representation of the Clients, including matters relating to billing and staffing. I will have primary day-to-day responsibility and will be assisted by such other attorneys and personnel as I deem appropriate from time to time in order to provide the highest quality service in a cost-effective manner.

The legal privilege for attorney-client communications exists to encourage candid and complete communication between attorneys and their clients. We can truly perform beneficial services for a client only if we are aware of all information that might be relevant to our representation. Consequently, we trust that our attorney-client relationship with you will be based on mutual confidence and unrestrained communication that will facilitate our representation of you. In that regard, for as long as we represent you, we agree to inform you of the status of any matters in which we represent you, to respond to your inquiries, and to include you in any important strategies or decisions relating to such representation. Likewise, you agree to keep Bush Ross informed about any events that might affect our ability to perform the services required of us by this agreement and to cooperate with us and comply with all reasonable requests related to our provision of services.

3. <u>Fees and Expenses.</u>

Our fees are generally determined by the time devoted by each attorney or legal assistant involved in the engagement and the hourly billing rates assigned to each such person. Currently, the rates for attorneys at Bush Ross range from $225.00 per hour to $500.00 per hour and the rates for our legal assistants range from $125.00 per hour to $145.00 per hour. Our hourly rates are revised periodically and we reserve the right to revise them from time to time during the course of this engagement. Unless we specifically agree in writing, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs incurred during our representation of them. These costs generally are advanced or incurred as a result of long distance telephone calls, postage, photocopying, travel, computer research services, messenger services, and fees charged by governmental entities for filing, recording, certification and registration. We may request an advance cost deposit if we anticipate that we will be required to incur substantial costs on your behalf. We also may forward to you, for direct payment by you, certain expenses or charges such as fees of experts, court reporters, corporate filing fees, etc., received by us from third party vendors of services or goods for the benefit of the Clients. The Clients will be responsible for making such direct payments in a timely fashion.

We will provide a monthly statement throughout our engagement for a particular matter and seek compensation in accordance with the Bankruptcy Code, the Local Rules, any applicable orders of the Bankruptcy Court, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases M-447 (Jan. 29, 2013, and the U.S. Trustee Guidelines.

4. <u>Termination and Retention of Documents</u>.

Our engagement is terminable at will by either Bush Ross or the Clients, subject to payment of all fees for services performed and costs advanced or incurred through the date of termination as approved by the Bankruptcy Court. Unless previously terminated, our representation of the Clients will terminate upon our sending you our final statement for services rendered. Upon termination, our files pertaining to the engagement will be retained by Bush Ross in accordance with our document retention policy. Subject to our obligations under applicable law, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us after the termination of the engagement.

Thank you for providing us the opportunity to work with you and please do not hesitate to call me if you have any questions concerning any aspect of this agreement.

Very truly yours,

BUSH ROSS, P.A.

By: _____
Jeffrey W. Warren

GAWKER MEDIA LLC
GAWKER MEDIA GROUP INC.
GAWKER HUNGARY KFT.
as debtors and debtors in possession

By: _____
William D. Holden
Chief Restructuring Officer