

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

16 June 2017

<u>Via CM/ECF</u>
Hon. Stuart M. Bernstein
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 723
New York, New York 10004

    Re:    *Request for Status Conference Pursuant to Local Rule 9076-1(b)*
             *In re: Gawker Media, LLC | Case No.: 16-11700 (SMB)*

Dear Judge Bernstein:

This firm is counsel to Claimants Charles C. Johnson and Got News, LLC in the above-referenced matter. Claimants write today to request a status conference with the Court pursuant to Local Rule 9076-1(b).[1]

On September 28, 2016, Claimants timely filed Proofs of Claim numbers 223 and 298 against Debtor.[2] On October 31, 2016, Debtor filed an Objection and Motion to Apply Fed. R. Civ. P. 12(b)(6) & 12(c) as to Claimants' Proofs of Claim. (Dkt. No. 396). Claimants filed their opposition on November 6, 2016 (Dkt. No. 452) and Debtor filed its reply on November 29, 2016 (Dkt. No. 501). A hearing on the Objection was held on December 1, 2016, whereupon the Court ordered the parties to meet and confer to propose a scheduling order for further proceedings. (Dkt. No. 614).

Pursuant to the December 22, 2016, Order Confirming Amended Joint Chapter 11 Plan of Liquidation (Dkt. No. 638) and in resolution of Claimants' Plan confirmation objection (Dkt. No. 540) and their objection to Debtor's claim estimation motion (Dkt. No. 486), Debtor was to establish and fund a single reserve of $1,500,000 (the "GN/Johnson Claims Reserve") upon the Effective Date. The Effective Date of the Plan occurred on March 17, 2017. (Dkt. No. 825).

---

    [1] Pursuant to Local Rule 9076-1(b)(ii), Claimants identify the parties who have a direct interest in these matters as limited to Claimants Charles C. Johnson and Got News, LLC, and Debtor Gawker Media, LLC.

    [2] As the Court is aware, the claims address a series of defamatory statements against Claimants written and published by Debtor between December 9 & 15, 2015. In response, Claimants initially filed a timely suit against Debtor in the Twenty-First Circuit Court for St. Louis County, State of Missouri, as *Johnson, et al. v. Gawker Media, et al.*, Case No. 15SL-CC02099 (June 19, 2015). Debtor removed that matter to the U.S. District Court for the Eastern District of Missouri on July 23, 2015, docketed as Case No. 4:15-cv-01137. In the face of a motion to dismiss for lack of personal jurisdiction, Claimants brought a new action against Debtor in the Superior Court of California, County of Fresno, as *Johnson, et al. v. Gawker Media, et al.*, Case No. 15CECG03734 (Dec. 9, 2015). On June 10, 2016, Debtor filed its petition under Chapter 11 of the U.S. Bankruptcy code, staying that litigation.

In re Gawker Media, LLC | 16-11700 (SMB)
Request for Status Conference
Page 2 of 2



On January 25, 2017, the Court entered a Scheduling Order regarding Debtor's Objections to the Proofs of Claim. (Dkt. No. 703). As specified therein, the parties were to submit a Stage One briefing on two issues, with a hearing to be held on February 14, 2017. Debtor filed its Stage One brief on January 25, 2017 (Dkt. No. 707) and Claimants filed their response on February 8, 2017 (Dkt. No. 745). A hearing on the Stage One issues occurred on February 14, 2017. (Dkt. No. 807).

The January 25, 2017 Scheduling Order also contemplated a potential Stage Two limited discovery and further briefing to address factual issues related to whether the Claimants' claims are "personal injury tort and wrongful death claims," with hearing to be held during the scheduled March 7, 2017 omnibus hearing. The March 7, 2017 omnibus hearing was subsequently cancelled. (Dkt. No. 801). The Notice of Cancellation did not adjourn the Stage Two hearing to any other scheduled date or otherwise address the matter.

Pursuant to Local Rule 9076-1(a), a conference may be held "for any purpose consistent with the Bankruptcy Code, including: 1. to address the posture and efficient administration of the case proceeding; and 2. to establish a case management or scheduling order." As there has not yet been a decision on the Stage One matters and the Stage Two hearing was cancelled by *ex parte* request of Debtors, it is unclear how the Stage Two matters should be addressed. A status conference may help guide the parties as to their expectations for further discovery and briefing. In addition, as the GN/Johnson Claims Reserve was required to be established and funded as of March 17, 2017, a status conference would be beneficial to determine whether and how the GN/Johnson Claims Reserve was established and funded.

Thus, pursuant to Local Rule 9076-1(b)(i), Claimants hereby specify that the matters proposed to be addressed at the conference are:

(a) Discovery, Briefing, and Hearing for the Stage Two matters described in the January 25, 2017 Order; and

(b) The Establishment and Funding of the GN/Johnson Claims Reserve.

In light of the foregoing, Claimants respectfully request the Court hold a status conference for the purposes set forth above.

Sincerely,

Jay Marshall Wolman

cc:    Counsel of Record (via CM/ECF)