ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Plan Administrator
for the Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :    Case No. 16-11700 (SMB)
                                                      :
                Debtors.                              :    (Jointly Administered)
                                                      :
------------------------------------------------------x

**PLAN ADMINISTRATOR'S FIRST POST-CONFIRMATION STATUS REPORT**

The plan administrator (the "Plan Administrator") for the above-captioned debtors (collectively, the "Debtors") hereby submits its first post-confirmation status report in accordance with section 1106(a)(7) of title 11 of the United States Code.

**Consummation of the Plan**

1. On December 22, 2016, this Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638] (the "Confirmation Order"), confirming the Amended Joint Chapter 11 Plan of Liquidation for

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

1

Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. (the "Plan").  On March 17, 2017, the effective date under the Plan occurred (the "Effective Date").

2.      Pursuant to the Plan, on or after the Effective Date, among other things, the Plan Administrator: (a) entered into the Plan Administrator Agreement[2] with the Debtors and (b) made distributions pursuant to the Plan, as further discussed below.  Pursuant to Article IX of the Plan, the injunctions, exculpation, debtor and third party release provisions as set forth therein became effective on the Effective Date.

## Distributions Pursuant to the Plan

3.      Pursuant to paragraph 73 of the Confirmation Order, on December 28, 2016, the Debtors made distributions in respect of the Second Lien Lender Expenses, the Bollea Claims Settlement, the Terrill Claims Settlement, the Ayyadurai Claims Settlement, and such other payments and distributions described on the record at the Confirmation Hearing.  On February 10, 2017, the Debtors made a distribution in respect of claims and administrative expense requests filed by Ian Fette against Gawker Media, in conformity with the *Order Approving Debtors' Motion to Approve Settlement Between Gawker Media LLC and Ian Fette* [Docket No. 752].

4.      Pursuant to Article III of the Plan, since the Effective Date, the Plan Administrator has periodically made distributions to Holders of Allowed Claims.  The Plan Administrator has distributed approximately $46,240,073.38 to Holders of Allowed Claims, inclusive of Allowed Claims held by the Debtors.  The Plan Administrator has also made an initial distribution to Holders of Class 1F – GMGI Preferred Shares in an aggregate amount of $20,007,161.09.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

5. The Plan Administrator intends to make final distributions to holders of Allowed Claims and Equity Interests, as set forth in the Plan, after all residual estate assets have been liquidated and any Disputed Claims have been finally resolved.

### Resolution of Disputed Claims

6. During these chapter 11 cases, 337 proofs of claim and administrative expense requests have been filed and 136 claims were scheduled. The Plan Administrator has made substantial progress in the claim reconciliation process through a combination of informal resolution with claimants, settlement agreements and stipulations with claimants, and the prosecution of claim objections before the Court. In particular, the Debtors and the Plan Administrator have collectively filed 25 claim objections covering a total of 186 claims. As a result of these efforts, of the 473 filed and scheduled claims, only three claims remain outstanding that have not been allowed, satisfied, expunged, withdrawn or objected to. The Plan Administrator has objected to an additional 15 claims, which objections remain outstanding. All other claims have been resolved. The Plan Administrator's current deadline to object to claims is September 13, 2017.

### Rule 2004 Examination

7. On October 11, 2016, the Debtors filed a motion seeking certain targeted discovery pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") against Peter Thiel, Charles Harder, related entities, and others. *Motion of the Debtors for Leave Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to Conduct Discovery Concerning Potential Plan Issues and Potential Causes of Action, and to Establish Discovery Response and Dispute Procedures* [Docket No. 341] (the "Rule 2004 Motion"). The Debtors sought the Rule 2004 discovery in order to determine whether they should commence causes of action against

Mr. Thiel and/or related parties arising from Mr. Thiel's intent to destroy the Debtors' business, among other things. The parties held the Rule 2004 Motion in abeyance through the Effective Date, and subsequently litigated the Rule 2004 Motion with a narrower set of discovery requests and parties. On June 28, 2017, the Court determined that the Plan Administrator had shown good cause to examine Messrs. Thiel and Harder with respect to Mr. Thiel's relationship with Mr. Harder and potential causes of action. *Corrected Memorandum Decision Granting in Part and Denying in Part Plan Administrator's Motion for Leave to Conduct a Rule 2004 Examination* [Docket No. 936] (the "Rule 2004 Opinion"). In conformity with the Rule 2004 Opinion, the Plan Administrators and the targets of the Rule 2004 discovery will meet and confer with a view to submitting an order setting forth the Plan Administrator's discovery requests and the specific limitations on those requests.

Dated: June 30, 2017
      New York, New York

*/s/    Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
D. Ross Martin
Joshua Y. Sturm
Jonathan M. Agudelo
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
ross.martin@ropesgray.com
joshua.sturm@ropesgray.com
jonathan.agudelo@ropesgray.com

*Counsel to the Plan Administrator for the Debtors*

63757761_3