Page 1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 16-11700-smb

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:

6

7  GAWKER MEDIA, LLC,

8

9             Debtor.

10 - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11

12              United States Bankruptcy Court

13              One Bowling Green

14              New York, NY  10004

15

16              July 25, 2017

17              10:10 AM

18

19

20

21 B E F O R E :

22 HON STUART M. BERNSTEIN

23 U.S.  BANKRUPTCY JUDGE

24

25 ECRO:  K. SU

1   HEARING re Status Conference Pursuant to Local Rule 9076-
2   1(b).
3
4   HEARING re Second Interim and Final Application of Levine
5   Sullivan Koch & Schulz LLP as Special Litigation Counsel for
6   the Debtors and Debtors in Possession for Allowance of
7   Compensation and for the Reimbursement of Expenses for the
8   Period from June 10, 2016 Through March 17, 2017 for Levine
9   Sullivan Koch & Schulz LLP, Special Litigation Counsel,
10  period: 6/10/2016 to 3/17/2017, fee: $432,150.18, expenses:
11  $22,888.54.
12
13  HEARING re Case Conference.
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   ROPES & GRAY LLP

 4        Attorneys for the Debtor

 5        1211 Avenue of the Americas

 6        New York, NY 10036

 7

 8   BY:  GREGG M. GALARDI

 9

10   COHEN & GRESSER LLP

11        Attorney for Terry Bollea

12        800 Third Avenue

13        New York, NY 10022

14

15   BY:  DANIEL H. TABAK

16

17   RANDAZZA LEGAL GROUP

18        Attorneys for Charles Johnson and Got News

19        100 Pearl Street, 14th Floor

20        Hartford, CT 06103

21

22   BY:  JAY MARSHALL WOLMAN

23

24

25
```

1  ALSO PRESENT TELEPHONICALLY:
2
3  SETH BERLIN
4  ALEX MCGEE
5  JAY SAKALO
6  ROBERT A. WEBER
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1                    P R O C E E D I N G S

2            THE COURT: Please be seated.

3            CLERK:  Gawker.

4            MR. GALARDI:  Good morning, Your Honor.

5            THE COURT:  Good morning.

6            MR. GALARDI:  For the record, Gregg Galardi, from

7    Ropes & Gray, on behalf of the Gawker Debtors.  There are

8    three separate matters on the agenda.  First is this overall

9    status conference with the case, and then there is a request

10   for status conference on the Johnson matter, and there is

11   the Levine fee application.

12           Let me go through the status conference.  Your

13   Honor, as you know, we confirmed in December, and we went

14   effective, I think it was, in March of this year, there were

15   reserves set up -- until we get to the Johnson matter, there

16   were reserves set up in various claims.  And the

17   distributions were made to Hungary, and Hungary then made

18   distributions to GMGI.

19           With respect to the distributions, there were two

20   tax claims, or potential tax claims out there, one with

21   respect -- we had filed an objection with respect to the

22   IRS's claim for about $1.5 million or so for 2014 and 2015.

23   My understanding is those are now resolved.  We hope to

24   submit a stipulation, and we will be paying $10,000 penalty,

25   but that reserve will ultimately be released.  Your Honor,

1    one of the reasons that we want to confirm in 2016, in

2    December, was to file an estimated tax return for 2016, then

3    set a timeframe under 505 for the IRS to respond, we're

4    working with the IRS, and I expect that to be resolved

5    within the 180-day period. And again, we set up a reserve,

6    the IRS has given us an estimate, but we think we'll work it

7    down, and there won't be any liability, or it will be

8    minimum.

9              Your Honor, we sold all of the assets, or

10    substantially all the assets a year ago.  The one asset that

11    was left outstanding was the actual Gawker.com website.

12    That was subject to an agreement with Univision.  That

13    agreement provided, I think it was about 18 months that we

14    could not advertise or do things with it.  We're at about 12

15    months now, so we are beginning to look into investment

16    bankers for selling the Gawker.com, and I hope that process

17    gets underway.  It may go to 2018, but we're not sure yet.

18              Your Honor entered an order just recently with

19    regard to our request to take a 2004 exam of Mr. Peter

20    Thiel.  I have revised discovery request.  Unfortunately,

21    Mr. Clark and I have met to meet and confer about the

22    discovery request, if that process is underway, to proceed

23    with that.

24              The next step in Hungary, Your Honor, Gawker

25    Hungary needs to be dissolved.  We are working on that

1    disillusion, so that we can then make the next stage of the
2    distributions.  That requires an audit, and it's my
3    understanding that the audit will be done in the next month,
4    I believe.
5              Which brings us to the outstanding matter still
6    with the estate level, other than the sale of Gawker.com.
7    You have on your docket today the final fee application of
8    the Levine Sullivan firm.  Your Honor, unfortunately we
9    weren't able to finish the documentation, so I'm going to
10   ask for an adjournment to August 15th, to get an idea of
11   what has been pending on that.  As Your Honor may recall,
12   Levine was the counsel not only to the Debtors, but also
13   counsel at various points to AJ Daulerio, and also counsel
14   in the Terrill and Ayyadurai matters.
15             We have resolved, on a financial basis, the fees
16   with respect to Levine.  But they also had many documents in
17   the Terrill mater, in the Bollea matter.  And in order for
18   the Debtor to comply with the obligations, and also the
19   various individuals to comply with the obligations, there
20   had to be a destruction, or a return of content.  Levine is
21   working on that; there are protocols.  Bollea's counsel, I
22   think, is here -- Bollea's counsel is here today.  And I
23   think we're pretty much resolved with that.  But we've
24   decided not to go forward today without final documentation.
25   Mr. Carter represents Ms. Terrill, and we are going forward

Page 8

1  with the protocol with him; there was a couple comments last
2  night.
3           So the actual fee application itself, there are no
4  objections, but we didn't want to have an order with the
5  final fee application, when we have various other issues
6  that could still go wrong.  So that, I'm asking for an
7  adjournment with resect to the Levine.  Our next hearing
8  date is August 15th.
9           THE COURT:  Does anybody oppose the request for an
10 adjournment?
11          MR. TABAK:  Your Honor, Dan Tabak, on behalf of
12 Mr. Bollea.  We don't oppose the request for an adjournment.
13 We do have a couple of modest requests.  Under our
14 settlement agreement, we are entitled to request information
15 regarding the third-party claim process, which includes the
16 potential claims against Levine Sullivan.  We have requested
17 what we think is very reasonable information.  We've
18 requested the amount of the fees that Levine Sullivan plans
19 to waive, broken down by the categories of the different --
20 the entitlements to the fees.  We've been told we're not
21 getting those.  And so that's -- that's really our main
22 request.
23          The other request, we want to see, and we've asked
24 can be completely redacted to take out any privileged
25 information, we just want to see retainer agreements with

1  Levine Sullivan, to see what is their entitlement to some of

2  these fees?  So we think that we're entailed to those under

3  our settlement agreement, we think they're reasonable

4  requests that the plan administrator should meet.

5          MR. GALARDI:  Your Honor, first, he has received

6  the information on the (indiscernible) --

7          THE COURT:  Can you keep your voice up?

8          MR. GALARDI:  I'm sorry, Your Honor, he has

9  received information.  We'll give him the more detailed once

10 all of the numbers are actually finalized, I have no problem

11 giving him those numbers.

12          With respect to the engagement letters, we don't

13 have them all.  I think counsel for LSKS is on the email.

14 Again, this goes to a dispute we have.  They can certainly

15 serve us with a request, or an informal document request for

16 that, but we will take it up at that time.  I don't think

17 it's an objection to the fee application, nor to the

18 adjournment, so we can take it up before the next hearing.

19          THE COURT:  Okay, well, look, if you think you're

20 entitled to something, and you're not getting it, I guess

21 you can meet and confer, and if that's not resolved, you can

22 request a conference, but frankly, I don't know what you're

23 talking about.

24          MR. TABAK:  Sure, I mean, we're just asking to

25 figure out what's the value that the estate is getting from

1  this --

2           THE COURT: Why don't you discuss it?

3           MR. TABAK: And we'll meet and confer. Thank you,

4  Your Honor.

5           THE COURT: Thank you.

6           MR. TABAK: All right, thank you.

7           MR. GALARDI: Your Honor, so that moves then to

8  the Johnson matter, which --

9           THE COURT: Why don't we just adjourn the -- I'll

10 carry the case conference to that August 15th date also?

11          MR. GALARDI: Thank you, Your Honor. And then the

12 final matter is that Johnson has requested a status

13 conference with regard to the matter. My understanding is

14 we have it pending before Your Honor, our briefs on bodily

15 injury and personal injury matter.

16          THE COURT: Right. And a decision is forthcoming.

17          MR. GALARDI: Okay. Unless Mr. Johnson's counsel

18 has some matter to bring to attention, that's all the

19 matters for today.

20          MR. WOLMAN: Good morning, Your Honor. Jay Wolman

21 of Randazza Legal Group for Charles Johnson and Got News.

22 We -- thank you, Your Honor, for letting us know that the

23 decision is forthcoming. There were two issues in our

24 request for status conference. One was, how do we handle

25 what was supposed to be the stage two briefing? And I'm

1  sure Your Honor will let us know whether or not there are

2  any issues that need to be factually developed, because

3  there had been a hearing that was continued -- that was

4  scheduled, but then cancelled without any guidance on that.

5           But the second issue is that the claims reserved,

6  that was supposed to be as set forth in the plan

7  confirmation order, a $1.5 million claim reserve established

8  as of the effective date, and one of the issues we raised is

9  what is the status of that?  Basically, what are the bona

10 fides of it, what guarantees are there?  How do we determine

11 that this reserve is funded and will be solvent?

12           THE COURT:  Where's the money?

13           MR. GALARDI:  Your Honor, it is in a separate

14 account that is designated, as we said, and we were ordered

15 to do under the confirmation order, in the United States.

16 Mr. Holden has that information, we have provided to

17 Johnson.  It is separate -- as I said, we were due in the

18 confirmation order, we set up a bank account.  I think it's

19 still Silicon Valley Bank.

20           THE COURT:  Is that the only money that's in that

21 particular account?

22           MR. GALARDI:  There are separate -- no, there's

23 money for the IRS, there's money for that.  But all of the

24 monies, as we told Your Honor, we have a level that is

25 actually designated this this is for this person, this is

```
 1   for person.  So we specifically, as we did in the
 2   confirmation order, said that that's it, no one touches that
 3   unless it's getting released for the claims and the reserves
 4   and we're agreed to.
 5             THE COURT:  So what more information do you need -
 6   -
 7             MR. WOLMAN:  Well, I actually hadn't received any
 8   of that information.
 9             THE COURT:  Okay, well.  Okay.
10             MR. WOLMAN:  So it's at Silicon Valley Bank?
11             MR. GALARDI:  We can give you the specific name
12   and account afterwards.
13             THE COURT:  All right.
14             MR. WOLMAN:  But it's all in one, all the reserves
15   are in a single account?
16             MR. GALARDI:  Yes, as we advised you.
17             THE COURT:  With respect to the first issue, the
18   stage two issues, why don't you wait until the decision is
19   issued, and then we can come back and talk about the stage
20   two issues.
21             MR. WOLMAN:  Thank you, Your Honor.
22             THE COURT:  All right, thanks.
23             MR. GALARDI:  Thank you, Your Honor.
24             (Whereupon these proceedings were concluded at
25   10:19 AM)
```

1                              I N D E X

2

3                              RULINGS

4                                                    Page        Line

5

6    Levine Fee Application Adjourned                10           9

7

8    Case Conference Adjourned                       10           9

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 14

1                        C E R T I F I C A T I O N

2

3       I, Sonya Ledanski Hyde, certified that the foregoing

4 transcript is a true and accurate record of the proceedings.

5

6

7

8   Sonya Ledanski Hyde

*Digitally signed by Sonya Ledanski Hyde*
*DN: cn=Sonya Ledanski Hyde, o=Veritext, ou, email=digital@veritext.com, c=US*
*Date: 2017.07.26 13:40:50 -04'00'*

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  July 26, 2017