Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   Case No. 16-11700-smb
 4   Case No. 16-12239-smb
 5   Adv. Case No. 16-01248-smb
 6   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 7   In the Matter of:
 8
 9   GAWKER MEDIA, LLC,
10
11            Debtor.
12   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
13   In the Matter of:
14
15   NICHOLAS G.A. DENTON,
16
17            Debtor.
18   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
19   TERRY BOLLEA,
20            Plaintiff
21       v.
22   NICHOLAS G.A. DENTON,
23              Defendant.
24   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
25
```

Page 2

1          U.S. Bankruptcy Court
2          One Bowling Green
3          New York, New York
4
5          January 26, 2017
6          10:45 AM
7
8  B E F O R E :
9  HON STUART M. BERNSTEIN
10 U.S. BANKRUPTCY JUDGE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1    HEARING RE:   Case Conference

 2

 3    HEARING RE:   First Interim Fee Application of Deloitte

 4    Financial Advisory Services LLP for Compensation for

 5    Services Rendered and Reimbursement of Expenses Incurred as

 6    Financial Advisor for the Official Committee of Unsecured

 7    Creditors for the Period from June 28, 2016 through

 8    September 30, 2016

 9

10    HEARING RE:   Order to Show Cause Directing Filing of

11    Statement Pursuant to Federal Bankruptcy Rule 2019 as a

12    Condition to being Heard

13

14    HEARING RE:   Case Conference

15

16    HEARING RE:   Pre-Trial Conference

17

18

19

20

21

22

23

24

25    Transcribed by:  Nicole Yawn
```

```
 1  A P P E A R A N C E S :
 2  COLE SCHOTZ, P.C.
 3       Attorney for Debtor, Nicholas Denton
 4       1325 Avenue of the Americas
 5       19th Floor
 6       New York, NY 10019
 7
 8  BY:  WARREN A. USATINE, ESQ.
 9
10  ROPES & GRAY
11       Attorney for Debtor, Gawker Media
12       1211 Avenue of the Americas
13       New York 10036
14
15  BY:  GREGG M. GALARDI, ESQ.
16
17  FREJKA PLLC
18       Attorney for Deloitte
19       205 East 42nd Street
20       20th Floor
21       New York, NY 10017
22
23  BY:  ELISE S. FREJKA, ESQ.
24
25
```

1  COHEN & GRESSER, LLP
2      Attorney for Terry Bollea
3      800 Third Avenue
4      New York, NY 10022
5
6  BY:   DANIEL H. TABAK, ESQ.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1          P R O C E E D I N G S
2          THE COURT: Gawker?
3     (Pause)
4          MR. GALARDI: Yes. Good morning, Your Honor.
5          THE COURT: Good morning.
6          MR. GALARDI: Gregg Galardi, of Ropes & Gray, on
7     behalf of Gawker Media. The first matter on the agenda is a
8     case conference, and to not allow Mr. Denton's counsel to go
9     unnoticed, I thought maybe we would do this as a joint case
10    conference.
11         THE COURT: That's fine.
12         MR. GALARDI: All right. With respect to the
13    Gawker matter, which obviously has the impact on
14    Mr. Denton's case, as Your Honor is aware, we confirmed the
15    Plan in accordance with Your Honor's confirmation order.
16    And Mr. Holden is in the courtroom today. We made
17    distributions before year-end on all of the significant
18    claims.
19         As I had explained to Your Honor in the context of
20    confirmation, those were important for us to reap certain
21    tax benefits. With those distributions made, there was only
22    one condition to the effective date. Your Honor asked me at
23    the end of December why wouldn't we go effective. And I
24    mentioned that there is this agreement with Unamota (ph)
25    that was the asset purchase agreement on agreeing on a tax

1    allocation.

2              To date, we have not yet agreed with them on a tax

3    allocation.  We've had two or three meetings with them, and

4    there's a minor issue.  And I think we'll either resolve it

5    or we'll go forward effective, filing our tax allocation.

6    They may have a disagreement with it.

7              More importantly, Your Honor, with making those

8    year-end payments, the estate is going to be filing its tax

9    returns in both the United States and Hungary, based on an

10   allocation.  Hopes to do so by no later than February 15th.

11   And so, we believe we will go effective and then make

12   distributions, the balance of the distributions, which

13   really are to the equity, which then affects Mr. Denton's

14   case, by the end of February.

15             So we -- there is really nothing holding up the

16   confirmation, other than that effective date condition,

17   which we, frankly, can waive, but we think it's better to

18   try to resolve that before we file our tax returns so

19   there's no inconsistency.  We have met with the Hungarian

20   tax -- with the Hungarian Tax Counsel (ph).  And they are

21   preparing the returns.

22             We're preparing the returns.  And I think then

23   there's adequate reserves, as we talked about at

24   confirmation.  So the claims will be paid.  It's really the

25   mechanics of making distributions to the shareholders.

1   That's my case report.

2           THE COURT:  All right.  And I would assume, in

3   Denton, it is waiting for the distribution to file the plan.

4           MR. USATINE:  Yeah, it's -- Your Honor, sorry.

5   Warren Usatine, Cole Schotz, on behalf of Mr. Denton.

6   That's correct, and I think that we have made the

7   determination for both cost effectiveness, tax efficiency,

8   and speed to conclude Mr. Denton's case by way of presenting

9   Your Honor with a motion to dismiss.  The purpose of the

10  bankruptcy, obviously, having been eliminated by virtue of,

11  not only the Bollea settlements, but the settlements of the

12  other contingent litigation creditors that were on.

13          THE COURT:  He's not a defendant in any of the

14  litigations?

15          MR. USATINE:  He is not a defendant in any other

16  litigation.  He has modest remaining creditors left that,

17  obviously, once he gets his distribution, will have more

18  than sufficient funds to satisfy, including his mortgage, if

19  he chooses to pay it off.

20          THE COURT:  Okay.  What happened with the

21  apartment?

22          MR. USATINE:  Sorry?

23          THE COURT:  What happened with the apartment?

24          MR. USATINE:  He remained in the apartment because

25  shortly after we were here, the Bollea settlement occurred

1   and it became clear that he was going to get a distribution

2   sufficient.

3              THE COURT:  Okay.  All right.

4              MR. USATINE:  It had been listed, but --

5              THE COURT:  All right.  Before we leave that, let

6   me give you a conference date some time in March.

7              MR. GALARDI:  Sure.

8              THE COURT:  By then, you should be able to tell me

9   when you can wrap this case up.

10             MR. GALARDI:  Yes.

11             THE COURT:  Say March 22 at 10 o'clock.  Okay?

12             MR. GALARDI:  March --

13             THE COURT:  Well, you still have that outstanding

14  litigation with Johnson & --

15             MR. GALARDI:  Right.  And let me -- March 22.

16             THE COURT:  It doesn't matter, because I realize

17  the case can't be closed.

18             MR. GALARDI:  Yeah.  Well, no, I mean, we still

19  have -- Your Honor, we have outstanding tax claims and

20  objections.  So we'll still be doing post-confirmation

21  objections.  But we do believe we'll be effective by then.

22             THE COURT:  All right.  Well, March 22 is about 60

23  days off.  That's a little less.  So you can report it that

24  way.

25             MR. USATINE:  We hope to be here before then on

```
 1   our motion.
 2              THE COURT:  Okay.
 3              MR. GALARDI:  May I just ask?  I think that may be
 4   a day that's a conflict.  Is there any chance there's a day
 5   before that day, somewhere --
 6              THE COURT:  I mean, the day's not written in
 7   stone.
 8              MR. GALARDI:  If not, I can --
 9              THE COURT:  I just picked it off the calendar.
10              MR. GALARDI:  Okay.
11              THE COURT:  Let me see.
12              MR. GALARDI:  Would you like us to contact --
13              THE COURT:  March 28th?
14              MR. GALARDI:  Let me check both, and we'll see.
15              THE COURT:  All right.
16              MR. GALARDI:  I'll call this afternoon to confirm
17   one of those days.  I appreciate it.
18              THE COURT:  Okay.
19              MR. GALARDI:  Your Honor, then the next matters on
20   the agenda -- the first one is the interim application of
21   Deloitte.  That's not my matter.  Counsel for Deloitte is
22   here.
23              THE COURT:  All right.
24              MS. FREKLA:  Good morning, Your Honor.  Elise
25   Frejka, Frejka PLLC, appearing on behalf of Deloitte
```

1    Financial Advisory Services, in connection with their

2    services as financial advisor to the Committee.  There have

3    been no objections filed to the application.  I have been

4    authorized to represent that the Committee does consent to

5    the relief.

6         The period covered by this interim application is

7    June 28th, 2016 through September 30th, 2016.  The amount

8    sought is $652,130.50 and expenses of $671.70.  We were

9    slightly off schedule from the other professional fee

10   applications that you heard about a month ago because of the

11   issues with the supplemental retention order for Deloitte.

12        THE COURT:  All right.  And what did I do with the

13   other fee applications?

14        MR. GALARDI:  Your Honor, I think you left a 5

15   percent holdback.

16        THE COURT:  All right.  I'll do the same thing,

17   then, 100 percent of the expenses, 95 percent of the fees,

18   subject to review at the end of the case.

19        MS. FREJKA:  Thank you.  I will submit an order --

20        THE COURT:  Submit an order.

21        MS. FREJKA:  -- consistent with what you marked on

22   the last order that was submitted for the other

23   professionals.

24        THE COURT:  All right.  Okay.

25        MS. FREJKA:  Thank you.

1              MR. GALARDI:  And then the only remaining matter

2      on the agenda, Your Honor, is Your Honor has ordered to show

3      cost of X.P. vehicles.

4              THE COURT:  Right.

5              MR. GALARDI:  Your Honor, we did submit the

6      declaration of Mr. Martin with a supplement.  I think Your

7      Honor received something --

8              THE COURT:  Apparently, that triggered a response

9      that by the name of the copywriter.  We received an email

10     yesterday.

11             MR. GALARDI:  Oh, did you receive it?  I haven't

12     received it.

13             THE COURT:  We haven't been -- we haven't been

14     (indiscernible) emails.

15             MR. GALARDI:  Well, and I got triggered an email

16     personally as well, but nothing of the response, other than

17     teg (ph) money.

18             THE COURT:  Let me ask if there is anybody in

19     court today or on the phone who wants to be heard in

20     connection with the Court's order to show cause relating to,

21     among others, X.P. vehicles.

22             Hearing no response, this is the Court's ruling.

23     By order dated January 3, 2017, hereinafter the order, which

24     includes a background discussion leading up to the order,

25     the Court directed public interest group and X.P. Vehicles

16-11700-smb Doc 998 Filed 09/01/17 Entered 09/07/17 15:48:01 Main Document Pg 13 of 18

Page 13

1    Task Force/X.P. Group/X.P. Vehicles/X.P. Alliance and CODE
2    RED, CODE RED being in all caps, and any similar groups,
3    collectively, the groups, to show cause why an order should
4    not be entered directing the groups or any member of the
5    group to comply with Federal Bankruptcy Rule 2019 and in the
6    event of non-compliance, denying the groups the right to be
7    heard pursuant to Federal Bankruptcy Rule 2019(e)(2)(A).
8            The order also provided that any response or any
9    other submissions by any group member must be signed and
10   filed by an attorney authorized to practice before this
11   Court.  The Court received an unsigned response, which did
12   not deal with the issues raised by the order.  Instead, it
13   contended, among other things, that the information the
14   Court had requested could be extracted from certain link
15   documents to which the Court was directed, and the groups
16   had a right to distribute their evidence regarding certain
17   conspiracies through the servers used by Prime Clerk, the
18   entity retained by the debtors pursuant to 28 U.S.C. Section
19   Sign (ph) 156(c).
20           Rule 2019 requires, in substance, that every group
21   or committee that consists of or represents multiple
22   creditors or equity holders must disclose the name and
23   address of each member and the member's economic interest in
24   the bankruptcy case.  In the event of non-compliance, the
25   Court may, among other things, quote, "refuse to permit the

Veritext Legal Solutions
212-267-6868    www.veritext.com    516-608-2400

1   entity, group, or committee to be heard, or to intervene in
2   the case." Federal Bankruptcy Rule 2019(e)(2)(A).
3           The groups have alleged that Gawker, the debtor
4   herein, has participated in a conspiracy that has caused
5   them damage.  And they are, therefore, creditors, or assert
6   allege to be creditors, although the Court has struck the
7   only claim that was filed or claims that were filed.
8   Accordingly, they are subject to Federal Bankruptcy Rule
9   2019 and must comply with its precondition -- comply with it
10  as a precondition to being heard.
11          In addition, because the groups can only appear
12  through counsel, their counsel must sign any submissions.
13  In other words, a young lawyer cannot represent their
14  interests.  Accordingly, the groups are directed to comply
15  with Federal Bankruptcy Rule 2019 within 7 days of today.
16  And the statement or statements must be signed by attorneys
17  authorized to appear in the court.  In the event one or more
18  members of the groups do not comply and the debtor certifies
19  that non-compliance, the debtor may submit an order in
20  accordance with Federal Bankruptcy Rule 2019(e)(2)(A),
21  denying the groups the right to be heard or intervene in the
22  cases.
23          Thank you.
24          MR. GALARDI:  Your Honor, that concludes the
25  matter for Gawker.  Thank you very much.

```
1                THE COURT:  Oh, before you go, I had some stuff on
2    the Denton calendar, some continuing adversaries.
3                MR. USATINE:  Correct, I think there's a --
4    there's a conference in the Bollea v. Denton 523 action.
5                THE COURT:  Shouldn't we mark that off at this
6    point?
7                MR. USATINE:  Yeah, we --
8                MR. GALARDI:  Yes, Your Honor.
9                MR. USATINE:  Yes.
10               THE COURT:  Why don't you -- okay.  What -- is
11   that an adversary in this court?
12               MR. USATINE:  It is.
13               THE COURT:  All right.  So just submit an order
14   closing the adversary.
15               MR. USATINE:  Well, I think we can probably do
16   that in conjunction with the approval of the settlement that
17   we've struck that we'll present to Your Honor for
18   consideration.  I think it's --
19               THE COURT:  Oh, I thought -- I thought that there
20   was --
21               MR. USATINE:  We had -- we had our own separate --
22               THE COURT:  Did you have a separate settlement?
23               MR. USATINE:  We have a separate settlement.
24               THE COURT:  Okay.
25               MR. TABAK:  Daniel Tabak, on behalf of -- from
```

1   Cohen & Gresser, on behalf of Mr. Bollea.  Yes, Your Honor,

2   we have a separate settlement that will need to be approved

3   by Your Honor.  And once that's approved, the adversary

4   proceeding can be dismissed or withdrawn.

5            THE COURT:  Okay.  I'll adjourn the pretrial to

6   March 28th at 10 o'clock.

7            MR. TABAK:  Thank you, Your Honor.

8            THE COURT:  Thanks.

9            MR. USATINE:  Thank you, Your Honor.

10           THE COURT:  I'll also adjourn the case conference

11  to then, Mr. Usatine.

12           MR. USATINE:  Thank you.  Thank you, Judge.

13       (Whereupon, these proceedings were concluded at 10:57

14  AM)

|   |   |   |
|---|---|---|
| 1 | **I N D E X** |   |
| 2 |   | **PAGE** |
| 3 | Order to Show Cause re: 2019 | 15 |

1                C E R T I F I C A T I O N

3    I, Nicole Yawn certify that the foregoing transcript is a
4    true and accurate record of the proceedings.

*Nicole Yawn*
Digitally signed by Nicole Yawn
DN: cn=Nicole Yawn, o=Veritext, ou, email=digital@veritext.com, c=US
Date: 2017.01.27 10:11:03 -05'00'
_____

8    Nicole Yawn

12   Date:   January 27, 2017

21   Veritext Legal Solutions
22   330 Old Country Road
23   Suite 300
24   Mineola, NY 11501