Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 4   In the Matter of:
 5
 6   GAWKER MEDIA, LLC,              Case No. 16-11700
 7            Debtor.
 8   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 9   In the Matter of:
10
11   NICHOLAS G.A. DENTON,           Case No. 16-12239-smb
12            Debtor.
13   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
14   TERRY BOLLEA,
15                Plaintiff,
16       v.                         Adv. Case No. 16-01248-smb
17   NICHOLAS G.A. DENTON,
18                Defendant.
19   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
20                 U.S. Bankruptcy Court
21                 One Bowling Green
22                 New York, NY
23
24                 MARCH 22, 2017
25                 11:03 AM
```

Page 2

1  B E F O R E :

2  HON STUART M. BERNSTEIN

3  U.S. BANKRUPTCY JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  Hearing re:  Case Conference

2

3  Hearing re:  Motion to Approve Settlement Agreement with

4  Terry Gene Bollea and Dismiss Adversary Proceeding

5

6  Hearing re:  Debtors Motion to Voluntarily Dismiss Chapter

7  11 Case

8

9  Hearing re:  Debtors Motion to Approve Third Stipulation and

10 Order Extending the Deadlines Within Which the Gawker

11 Entities May File a Prepetition Claim Against the Debtor or

12 Seek to Except Such Claim from the Debtors Discharge

13 (related document(s) 140)

14

15 Hearing re:  Pre-trial Conference

16

17

18

19

20

21

22

23

24

25 Transcribed by:  Tracey Williams

```
 1   A P P E A R A N C E S :
 2   ROPES & GRAY LLP
 3        Attorney for Debtor Gawker Media, LLC
 4        1211 Avenue of the Americas
 5        New York, NY  10036-8704
 6
 7   BY:  GREGG M. GALARDI, ESQ.
 8
 9   COLE SCHOTZ
10        Attorney for Debtor Nicholas G.A. Denton
11        Court Plaza North
12        25 Main Street
13        Hackensack, NJ  07601
14
15   BY:  WARREN A. USATINE, ESQ.
16
17   COHEN & GRESSER LLP
18        Attorney for Terry Bollea
19        800 Third Avenue
20        New York, NY  10022
21
22   BY:  DANIEL H. TABAK, ESQ.
23
24
25
```

Page 5

1  A P P E A R A N C E S :  (Contd.)
2  OFFICE OF THE U.S. TRUSTEE
3       Attorney for the U.S. Trustee
4       U.S. Federal Office Building
5       201 Varick Street
6       Suite 1006
7       New York, NY  10014
8
9  BY:  GREG M. ZIPES, ESQ.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1             P R O C E E D I N G S

2             THE COURT: Good morning. Gawker and Denton.

3             MR. GALARDI: Good morning, Your Honor, Gregg

4    Galardi on behalf of the Gawker debtors. Today I think we

5    only have scheduled a status conference, so let me give a

6    quick overview.

7             With respect to the Gawker debtors, since last we

8    met the Gawker debtors filed their 2016 tax returns at the

9    end of February and made a request for 505(b) relief; they

10   have some outstanding claims. We went effective on March

11   17th with respect to all of the estates, Gawker Media,

12   Gawker Hungary, and GMGI, and from what I understand we will

13   be making distributions in accordance with the plan to

14   certain claimants.

15            But more importantly, which will get us -- lead

16   into the Denton case, pursuant to the plan GMGI will be

17   making distributions to its equity holders, which include

18   Mr. Denton. I think they're doing the wires and checks

19   today and tomorrow, so within the next few days Mr. Denton

20   will have part of the initial distribution. The initial

21   distribution is about approximately $20 million, so he will

22   get his share of that according to his stockholdings.

23            And that is the status update, unless Your Honor

24   had questions, and Mr. Denton's lawyer is here for his

25   status update.

1           THE COURT:  Is there any pending litigation or

2    anticipated litigation or claims objections?

3           MR. GALARDI:  Yes, Your Honor.  There is -- so

4    with respect to closing the case --

5           THE COURT:  Well, we have the Johnson, I know the

6    Johnson --

7           MR. GALARDI:  You have Johnson under advisement,

8    and then you have coming up on the 18th of April there is a

9    claims objection outstanding to the IRS regarding taxes for

10   I believe it's years 2014 and 2015.  They did commence an

11   audit, so they're hopefully going to be done with that.  But

12   that's why I mentioned the 2016 and 505(b) relief, because

13   we intentionally did not go effective before we filed those

14   tax returns, I expect there to be an audit.  But those will

15   be the only open issues that really keep the case open and

16   we're hopeful under 505(b) to be able to get that done in

17   short order, but it is the IRS and they are complicated tax

18   issues.

19          THE COURT:  Is there anyone else who wants to be

20   heard in connection with the Gawker case management

21   conference?

22          I'll adjourn this for three months to June 29.

23          MR. GALARDI:  Okay.  Thank you, Your Honor.

24          THE COURT:  At 10:00.  Now we're up to Denton.

25          MR. USATINE:  Good morning, Your Honor, Warren

1  Usatine, Cole Schotz, on behalf of Mr. Denton.

2  There are three motions on the Court's calendar

3  for the Denton case today: one is the motion to approve Mr.

4  Denton's settlement with Terry Jeanne Bollea, one is the

5  motion to dismiss, and then we have a motion that hopefully

6  will be mooted or can be withdrawn based -- to extend the

7  time for the Gawker estates to assert claims against Mr.

8  Denton's estate. If I could take them in that order, Judge.

9  THE COURT: Go ahead.

10  MR. USATINE: With regard to the Bollea

11  settlement, Your Honor is aware that the precipitating --

12  the main precipitating factor for the Denton filing was the

13  Bollea judgment, $125 million, 115 million of which was

14  joint and several with the Gawker debtors and Mr. Delario

15  (ph), and there was a $10 million punitive damage award.

16  Your Honor is familiar with the Gawker-Bollea

17  settlement. That also resolved the compensatory damage

18  claim against Mr. Denton, but the punitive damage claim

19  remained and that is among the things that were resolved in

20  the settlement agreement that's before you now. There is no

21  cash consideration going to Mr. Bollea.

22  The settlement does include some representations

23  and undertakings with regard to, quote, "content" that was

24  up on the Gawker Web site with regard to Mr. Bollea. It

25  also -- and it includes releases, of course, and the

1  extinguishment of the Bollea claim against Mr. Denton, as
2  well as the dismissal of the 523 action that is pending.
3            We have served all creditors.  There's -- I think
4  we filed the motion actually both in the main case and the
5  adversary proceeding, the 523 proceeding, because we're
6  looking to deal obviously both with the Bollea proof of
7  claim as well as the 523 action.  Certifications of service
8  were filed; we received no objections to the motion.
9            THE COURT:  Is there anyone who wants to be heard
10 in connection with these motions?
11           The record should reflect there's no response.
12 They're approved.  I'll need a separate order closing the
13 adversary proceeding --
14           MR. USATINE:  Thanks.
15           THE COURT:  -- or dismissing the adversary
16 proceeding.
17           MR. USATINE:  Thank you, Your Honor.
18           With regard to dismissal, if I might move on to
19 that.
20           THE COURT:  Go ahead.
21           MR. USATINE:  In addition to the Bollea action,
22 Mr. Denton was a named defendant in three other pending
23 litigation claims at the time of his filing, and they're
24 familiar to the Court of course from the Gawker case:  they
25 were the Ayu Dari (ph), Terrell and Hwan (ph) litigations.

1   And I'm sure the Court will recall that those three claims
2   were also settled in the context of the corporate cases and
3   the plan confirmation.  And the settlements in those three
4   cases also extinguished any right of those litigation
5   claimants to continue to pursue claims against Mr. Denton.
6           So with those creditor claims satisfied and with
7   the Bollea settlement that we struck that Your Honor just
8   approved, Mr. Denton has no more contingent claims against
9   him.  And so the precipitating factor, the purpose for
10  seeking the Chapter 11, which was to get the benefit of the
11  automatic stay while Mr. Denton pursued the Bollea appeal,
12  contested those other contingent claims, obviously now no
13  longer exists.
14          In addition, as Mr. Galardi just said, Mr. Denton
15  stands to receive distributions on account of his preferred
16  equity interest in the Gawker cases and he'll get the first
17  of those this week.  And the amount of -- frankly, the
18  amount of that first distribution will far exceed his
19  creditors and we have a schedule that was attached to the
20  motion.
21          So we also filed this motion and served it on all
22  creditors and have received no objections.  We worked with
23  the United States Trustee's Office to make sure that Mr.
24  Denton's quarterly fees have been paid; he's all paid up
25  through the end of 2016.  We've provided Mr. Zipes' office

1   with his disbursements right up through today and we've
2   calculated that his fees for those will be $975, and we will
3   pay those.  We're just waiting for Mr. Zipes' office to
4   confirm that he agrees with that number and Mr. Denton will
5   cut a check for those fees, but the U.S. Trustee, to my
6   understanding, is not objecting or conditioning the
7   dismissal on that.
8           So we have received no other objections, Your
9   Honor, for any creditors or other parties.
10          THE COURT:  Is there anyone who wants to be heard
11  in connection with the motion to dismiss the Denton case?
12          MR. ZIPES:  Greg Zipes with the U.S. Trustee's
13  Office.  And in addition we'll note that the order provides
14  obviously that there's no release and no discharge for the
15  debtor.
16          THE COURT:  Have you seen the order?
17          MR. ZIPES:  It was -- yeah, we've seen the order
18  and it -- other than matters that were settled in this
19  bankruptcy case, it all provides that all parties will
20  retain their rights.
21          THE COURT:  All right.  All right, the motion is
22  granted.  You can submit the order.
23          MR. USATINE:  Thank you, Your Honor.  And then
24  that should make the third motion --
25          THE COURT:  Yeah.

```
                                                              Page 12

 1              MR. USATINE:  -- which can be denied as moot, I
 2   assume, or however you want to handle it?
 3              THE COURT:  I'll mark it up as moot, right.
 4              MR. USATINE:  Thank you, Your Honor.  That's all
 5   we have in the Denton case.
 6              THE COURT:  Why don't you just write a letter or
 7   an email withdrawing the motion, so we'll file that.
 8              MR. USATINE:  We will do that, Judge.  Thank you.
 9              THE COURT:  Okay.  Thank you.
10          (Whereupon these proceedings were concluded at 11:11
11   AM)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                          I N D E X

2

3                          RULINGS

4                                                               PAGE

5    Motion to Approve Settlement Agreement and

6    Dismiss Adversary Proceeding                                 9

7

8    Debtor's Motion to Dismiss Chapter 11                        11

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 14

C E R T I F I C A T I O N

I, Tracey Williams, certify that the foregoing transcript is a true and accurate record of the proceedings.

Tracey Williams
Digitally signed by Tracey Williams
DN: cn=Tracey Williams, o, ou, email=digital1@veritext.com, c=US
Date: 2017.03.23 15:10:06 -04'00'

_____

Tracey Williams

AAERT Certified Electronic Transcriber CET-914

Date:  March 23, 2017

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501