# **EXHIBIT A**

Stipulation and Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                                                   :

In re                                                    :          Chapter 11
                                                      :

Gawker Media LLC, *et al.*,[1]            :          Case No. 16-11700 (SMB)
                                                      :

                        Debtors.          :          (Jointly Administered)
                                                        :
------------------------------------------------------x

**STIPULATION AND ORDER TO PERMIT AIG EUROPE LIMITED**
**TO MAKE PAYMENTS OF ACCRUED INSURED COSTS**
**<u>UNDER CERTAIN INSURANCE POLICY</u>**

This stipulation and order (the "<u>Stipulation and Order</u>") is entered into by and between AIG Europe Limited ("<u>AIG</u>" or "<u>Insurer</u>") and Gawker Media Group, Inc., by and through William Holden as the Plan Administrator (the "<u>Plan Administrator</u>" and, with the Insurer, the "<u>Parties</u>"). This Stipulation and Order is based on the following facts and circumstances:

WHEREAS, the Insurer has requested entry of an order granting relief from Article 9 of the Debtors' Amended Joint Chapter 11 Plan of Liquidation (the "<u>Plan</u>") or any provision of the Confirmation Order confirming the Plan [Docket No. 638], to the extent applicable, to permit the Insurer to advance and/or pay Accrued Insured Costs[2] under the CorporateGuard Directors and Officers Liability Policy No. 33025154 issued to Gawker Media Group, Inc. (the "<u>Policy</u>");

WHEREAS, to avoid unnecessary expense and delay, the Parties have agreed, subject to the reservation of rights contained herein, to consent to relief from any prohibitions in the Plan or

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Plan Administrator, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] "Accrued Insured Costs" means reasonable and necessary unreimbursed costs incurred to date that were or may be reimbursable under the Policy.

the Confirmation Order, to the extent applicable, for the purpose of authorizing the Insurer to pay or advance Accrued Insured Costs under the Policy.

NOW, THEREFORE, subject to Bankruptcy Court approval, in consideration of the mutual covenants, promises, and obligations set forth herein, the parties to the Stipulation agree as follows:

1. To the extent applicable, any injunctive provisions in the Plan or Confirmation Order are hereby modified to the extent necessary to allow the Insurer to advance and/or make payments from the Policy for Accrued Insured Costs for Sam Biddle, John Cook, and Nicholas Guido Anthony Denton. To the extent permitted by the Policy, such advancements shall reduce the limit of liability under the Policy unless or until such amounts are repaid to the Insurer.

2. Nothing in this Stipulation and Order shall: (i) prejudice the arguments of the Insurer, any insured individual defendants or the Plan Administrator with respect to the Policy; (ii) constitute a waiver, modification or limitation or reservation of all rights, remedies and defenses under the Policy, any provision of the Bankruptcy Code, or any bankruptcy rule; (iii) constitute a finding by the Court as to whether the proceeds of the Policy are, or are not, property of the Debtors' estates or as to the applicability of the automatic stay imposed by 11 U.S.C. § 362(a) to the Policy proceeds; or (iv) constitute a finding that any sums are due and owing, or in what amount, under the Policy. All rights and arguments of the Insurer, insureds under the Policy, the Plan Administrator and the Debtors relating to the Policy are hereby expressly reserved.

3. This Stipulation may be executed in any number of counterparts, and each such counterpart is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Further, electronic signatures or transmissions of an originally signed

document by facsimile or Adobe.pdf shall be as fully binding on the parties as an original document.

4.  Each of the parties to the Stipulation and Order represents and warrants that it has full and requisite power and authority to execute, deliver, and perform its obligations under this Stipulation.

5.  This Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation and Order, and all parties submit to the jurisdiction of this Court for purposes of implementing and enforcing this Stipulation.

6.  This Stipulation and Order is immediately valid and fully effected upon its entry and the parties stipulate to the waiver of the 14-day stay pursuant to Fed. R. Bankr. Proc. 4001(a).

Dated: September 18, 2017  
New York, New York

Dated: September 18, 2017  
New York, New York

*/s/ Gregg M. Galardi*  
Gregg M. Galardi  
D. Ross Martin  
ROPES & GRAY LLP  
1211 Avenue of the Americas  
New York, New York  10036-8704  
Telephone:  (212) 596-9000  
Facsimile:  (212) 596-9090

*/s/ Jay W. Brown*  
Jay W. Brown  
LEVINE SULLIVAN KOCH & SCHULZ, LLP  
1899 L Street, N.W., Suite 200  
Washington, D.C.  20036  
Telephone: (202) 508-1136  
Facsimile: (202) 861-9888

*Counsel for the Plan Administrator for the Debtors*

*Counsel for Insureds Biddle, Cook & Denton*

**SO ORDERED.**

_____  
HONORABLE STUART M. BERNSTEIN  
UNITED STATES BANKRUPTCY JUDGE

64494609_5