Hearing Date: September 28, 2017 at 10 a.m. EST

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                        :
In re                                                   :    Chapter 11
                                                        :
Gawker Media LLC, *et al.,*                             :    Case No. 16-11700 (SMB)
                                                        :
            Debtors.                                    :    (Jointly Administered)
-------------------------------------------------------x

**MOTION OF PROPOSED *AMICI CURIAE***
**SOCIETY OF PROFESSIONAL JOURNALISTS,**
**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS,**
**AND 19 OTHER MEDIA ORGANIZATIONS FOR LEAVE TO FILE**
**MEMORANDUM OF LAW AS *AMICI CURIAE***

Non-parties the Society of Professional Journalists, the Reporters Committee for Freedom of the Press, and 19 other media organizations (collectively, "*Amici*"), by and through the undersigned counsel, respectfully file this motion for an order permitting them to submit a memorandum of law as *amici curiae* in support of enforcement of the Sale Order and Chapter 11 Plan and in support of injunction. In support thereof, proposed *Amici* state as follows:

**JURISDICTION & VENUE**

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL HISTORY**

2.    On July 8, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Approving and Authorizing the Debtors' Entry into the Asset Purchase Agreement and (III) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired*

611349463.1

*Leases* [Docket No. 214] (the "Sale Order"), which authorized the sale of certain estate assets (the "Acquired Assets") to Gizmodo Media Group, LLC ("GMG").

3. After entry of the Sale Order, *Amici* filed an amicus brief [Docket No. 547] in support of confirmation of the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* (the "Plan"). The Plan's third-party release and injunction provisions, *Amici* argued, furthered important First Amendment values by continuing the protections of the indemnification guarantee that protected Gawker Media's former reporters, editors, employees, and contractors.

4. On December 13, 2016, the Court conducted a hearing regarding confirmation of the Plan. At that hearing, the Court recognized the relevance and importance of the First Amendment values identified by *Amici*.[1]

5. On December 22, 2016, this Court entered its Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. [Docket No. 638] (the "Confirmation Order").

6. Parallel to the Court's consideration and approval of the Sale Order, the Plan, and related orders, and notwithstanding those orders, Pregame LLC and Randall James Busack (the "Plaintiffs") asserted a claim against Debtor Gawker Media regarding an article authored by Ryan Goldberg and published on Gawker's Deadspin.com website prior to the closing of the asset sale and confirmation of the Plan. Ultimately, on June 22, 2017, Plaintiffs commenced a civil suit against GMG and Goldberg in New York state court alleging defamation, intentional interference with prospective economic advantage, and tortious interference with contractual relations.

---

[1] *See* Tr. of Confirmation Hearing, p. 87.

7. In response to the state court action, GMG and Goldberg have moved this Court on August 21, 2017 to enforce the Amended Joint Chapter 11 Plan of Liquidation and to enjoin Plaintiffs' continued violation of this Court's orders. The Court scheduled a hearing on those motions on September 28, 2017, at 10:00 a.m., New York Time before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York.

## BASIS FOR RELIEF REQUESTED

4. The 21 proposed *Amici* are representatives and members of the news media. They seek to submit an *amicus* memorandum of law in support of GMG's and Goldberg's motions requesting enforcement of the Sale Order and Plan and injunction. The proposed *amicus* memorandum of law is attached to this motion as Exhibit 1.

5. Proposed *amici* are: American Society of News Editors, Association of Alternative Newsmedia, The E.W. Scripps Company, First Look Media Works, Inc., Freedom of the Press Foundation, International Documentary Assn., Investigative Reporting Workshop at American University, The Media Consortium, MediaNews Group, MPA—The Association of Magazine Media, National Press Photographers Association, New England First Amendment Coalition, Online News Association, PEN America, Radio Television Digital News Association, The Reporters Committee for Freedom of the Press, Reporters Without Borders, The Seattle Times Company, Society of Professional Journalists, Tully Center for Free Speech, and Vox Media. Each is described more fully in Appendix A of the proposed *amicus* memorandum of law.

6. These *Amici* have a strong interest in ensuring that First Amendment interests and background principles of media law are considered and upheld in all judicial proceedings,

3

including bankruptcy proceedings. In particular, *Amici* seek to address the interests of journalists in proceedings that affect how the risk of legal liability is allocated between media companies, individual journalists, and unknown plaintiffs. Enforcement of the Plan's third-party release and injunction provisions directly relate to this issue.

7. *Amici* also are uniquely situated to explain the important practical considerations involved in the preservation of journalists' indemnification rights, as reflected in the Plan's third-party release and injunction provisions.

8. *Amici* respectfully submit that the perspectives and arguments contained in their proposed memorandum will augment the existing arguments regarding the Plan and will aid the Court's evaluation of the Plan's third-party release and injunction provisions. *See Auto. Club of N.Y., Inc. v. The Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) ("The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties.").

9. The decision of whether to permit non-parties to appear as *amici curiae* is committed to the Court's discretion. *E.g.*, *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011).

## **NOTICE**

10. This motion is being filed and served in accordance with the procedures set forth in the Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates ("Case Management Order") (Dkt. No. 93).

11. This motion is being filed on September 22, 2017, providing six days' notice in advance of the Hearing. Concurrently with this motion, *Amici* are filing an application for the Court to consider this motion upon shortened time, in accordance with ¶ 18 of the Case

Management Order. *Amici* respectfully submit that the slightly shortened notice time of six days will not prejudice any party or person.

## CONCLUSION

12. For the foregoing reasons, proposed *amici curiae* respectfully request that the Court enter an order granting them leave to submit a memorandum of law as *amici curiae* in support of enforcement of the Sale Order and the Plan and in support of injunction.

September 22, 2017                                    Respectfully submitted,

                                                      BAKER & HOSTETLER LLP

                                                      /s/ *Mark I. Bailen*
                                                      Bruce W. Sanford
                                                      Mark I. Bailen
                                                      Andrew M. Grossman (*Of counsel*)
                                                      Washington Square, Suite 1100
                                                      1050 Connecticut Avenue, N.W.
                                                      Washington, DC 20036-5304
                                                      mbailen@bakerlaw.com
                                                      Phone: (202) 861-1500
                                                      Fax: (202) 861-1783

                                                      Michael A. Sabella
                                                      45 Rockefeller Plaza
                                                      New York, New York 10111
                                                      Phone: (212) 589-4200
                                                      msabella@bakerlaw.com

                                                      *Counsel for Amici Curiae*