```
                                                        Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 16-11700-smb

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    GAWKER MEDIA, LLC,

8

9           Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                   United States Bankruptcy Court

13                   One Bowling Green

14                   New York, NY  10004

15

16                   September 19, 2017

17                   10:20 AM

18

19

20

21   B E F O R E :

22   HON STUART M. BERNSTEIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  TIMOTHY WILSON
```

1   HEARING re Case Conference

2

3   HEARING re Notice of Agenda for Hearing to be Held September

4   19, 2017 at 10:00 A.M. (Prevailing Eastern Time)

5

6   HEARING re second Interim and Final Application of Levine

7   Sullivan Koch & Schulz, LLP as Special Litigation Counsel

8   for the Debtors and Debtors in Possession for Allowance of

9   Compensation And for the Reimbursement of Expenses for the

10  Period from June 10, 2016 Through March 17, 2017 for Levine

11  Sullivan Koch & Schulz, LLP, Special Counsel, period:

12  6/10/2016 to 3/17/2017, fee: $432,150.18, expenses:

13  $22,888.54.

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   ROPES & GRAY LLP

 4       Attorneys for the Debtors and Plan Administrator

 5       1211 Avenue of the Americas

 6       New York, NY 10036

 7

 8   BY:  WILLIAM ALEX MCGEE

 9

10   UNITED STATES DEPARTMENT OF JUSTICE

11       Attorney for the U.S. Trustee

12       201 Varick Street, Room 1006

13       New York, NY 10014

14

15   BY:  ANDREA SCHWARTZ

16

17

18

19

20

21

22

23

24

25
```

Page 4

1              P R O C E E D I N G S
2         THE COURT:  Gawker.
3         MR. MCGEE:  Good morning, Your Honor.  I'm William
4    Alex McGee, Ropes & Gray, on behalf of the Gawker Debtors
5    and the plan administrator.  I believe, Your Honor, I
6    currently have a pro hac vice motion pending before Your
7    Honor.  But if the Court will allow me to proceed this
8    morning, I can walk through the agenda.
9         THE COURT:  Go ahead.
10        MR. MCGEE:  Thank you.  There are two items that
11   remain on the agenda for today, which I will address in the
12   order listed on the agenda.
13        The first item is the case status conference.  As
14   Your Honor is aware, the Court confirmed the Debtor's plan
15   of reorganization in December of 2016 and the plan went
16   effective in March of this year.  Reserve was set up under
17   the plan for unsecured creditors, and since confirmation, we
18   have been in the process of resolving various claims
19   objections in corollary issues.
20        There are about five items I would like to provide
21   an update on this morning.  The first is, since the last
22   status conference, the Court has entered an Order regarding
23   the stipulation we reached with the IRS regarding tax years
24   2014 and 2015, and the Debtors have formally withdrawn their
25   objection to the IRS claims with respect to those tax years.

1          THE COURT:  What were the years, 2015 and what?

2          MR. MCGEE:  2014 and 2015, Your Honor.

3          THE COURT:  Okay.

4          MR. MCGEE:  We are not waiting on the IRS to

5     inform us with respect to tax year 2016, which they now have

6     until October 20th to complete their examination.

7          The second item.  As Your Honor recalls, we sold

8     substantially all of the assets of the Debtor, approximately

9     a little over a year ago.  The one asset that was left

10    outstanding was the Gawker.com website.  We were precluded

11    under the agreement with Univision from advertising the

12    website for a certain period of time.  That period is coming

13    near an end.  So, as we mentioned at the last status

14    conference, we are in discussions with various professionals

15    to assist in conducting that sale.  We hope to move forward

16    with that once the period expires.

17         The next item is, recently, Your Honor, entered an

18    Order with respect to the Debtor's objection to the claims

19    of Charles Johnson in Gawker Media, LLC.  Since that Order

20    was entered, we have been in touch with counsel to Mr.

21    Johnson and got the news to discuss the next steps.  But we

22    have not heard back or agreed on a path forward, so we will

23    continue to reach out and update the Court once able.

24         The next item, Mr. Galardi, my colleague, and Mr.

25    Clarke at Skadden, Arps have been in touch with respect to

1   the 2004 examination of Mr. Peter Thiel. They have not yet
2   had a chance to formally meet and confer, but hope to do so
3   in the near future. So we should be able to have an update
4   on that in the near future.
5           Finally, we are in the process of moving forward
6   with the dissolution of Gawker Hungary in Hungary. In order
7   to do so, we need to complete an audit, which I understand
8   is either nearing completion or has just recently been
9   completed. Once that audit is complete and any other gating
10  items have been taken care of, we'll move forward with the
11  dissolution.
12          With that, unless Your Honor has any questions, I
13  could move on to the next item on the agenda.
14          THE COURT: Is there anyone else who wants to be
15  heard in connection with the status conference? Go ahead.
16          MR. MCGEE: Thank you, Your Honor. Item #2 on the
17  agenda is the Levine Sullivan fee application. As Your
18  Honor may recall from our last hearing, there have been no
19  objections to Levine Sullivan's fee application, but there
20  were a couple of corollary issues that we saw fit to resolve
21  before moving forward with presenting the application to the
22  Court. I'm happy to report that all those issues have now
23  been resolved and we are able to move forward with the
24  application today.
25          Levine Sullivan served as special litigation

1   counsel to the Debtors prior to and during the Chapter 11

2   cases.  The firm also represented certain non-Debtor

3   defendants pursuant to the Court's Order approving Levine

4   Sullivan's retention.  Those are responsible for 85 percent

5   of the firm's fees and 100 percent of their expenses, which

6   is reflected in the application.

7          The final fee application requests final approval

8   for a total of $432,150 and change in fees, and $22,888 and

9   change in expenses.  The total unpaid amount of what is

10  requested is a little over $66,000.

11         Any issues that have been raised by the U.S.

12  Trustee have been resolved at this time.  And as I

13  previously mentioned, there have been no objections to the

14  final fee application.

15         To the extent Your Honor has any questions,

16  counsel to Levine Sullivan, Mr. Sakalo and Mr. Berlin of the

17  Levine Sullivan firm, I believe, are appearing telephonic

18  today and are available to the extent the Court has

19  questions.

20         THE COURT:  Is there anyone who wants to be heard

21  in connection with the fee application?  Anything from the

22  U.S. Trustee?

23         MS. SCHWARTZ:  No, Your Honor.

24         THE COURT:  All right.  The application is

25  granted.  You can submit an Order.

Page 8

1      MR. MCGEE:  Thank you, Your Honor.  I believe all
2 other items on the agenda have been adjourned or withdrawn.
3 So unless Your Honor has anything further.
4      THE COURT:  No.
5      MR. MCGEE:  Thank you, Your Honor.
6      THE COURT:  Thank you.
7      (Whereupon these proceedings were concluded at
8 10:25 AM)

Page 9

**I N D E X**

**RULINGS**

| | Page | Line |
|---|---|---|
| Levine Sullivan Koch & Schulz, LLP | | |
| Fee Application Granted | 7 | 25 |

1           C E R T I F I C A T I O N

2

3       I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6   **Sonya**
    Digitally signed by Sonya Ledanski Hyde
7   **Ledanski Hyde** DN: cn=Sonya Ledanski Hyde, o, ou, email=digital1@veritext.com, c=US
    Date: 2017.09.21 14:28:35 -04'00'

8   **Sonya Ledanski Hyde**

9

10

11

12

13

14

15

16

17

18

19

20  **Veritext Legal Solutions**

21  330 Old Country Road

22  Suite 300

23  Mineola, NY 11501

24

25  Date:   September 21, 2017