# **EXHIBIT A**

Proposed 2004 Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                    :
In re                               :    Chapter 11
                                    :
Gawker Media LLC, *et al.*,[1]      :    Case No. 16-11700 (SMB)
                                    :
            Debtors.                :    (Jointly Administered)
                                    :
------------------------------------------------------x

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE
PLAN ADMINISTRATOR TO CONDUCT DISCOVERY CONCERNING
POTENTIAL CAUSES OF ACTION AND TO ESTABLISH
DISCOVERY RESPONSE AND DISPUTE PROCEDURES**

Upon consideration of the *Motion of the Debtors for Leave Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to Conduct Discovery Concerning Potential Plan Issues and Potential Causes of Action, and to Establish Discovery Response and Dispute Procedures* [Docket No. 341] (the "Motion");[2] and objections to the Motion filed by (i) Peter Thiel and Thiel Capital, LLC, (ii) Terry Bollea, and (iii) Charles Harder and Harder, Mirell & Abrams LLP (collectively, the "Objections"); and the Settlement Agreement between Debtors and Terry Bollea attached as Exhibit C to the Notice of Filing of Revised Plan Supplement Pursuant to the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. [Docket No. 590] (the "Bollea Settlement Agreement"), the Settlement Agreement between Debtors and Shiva Ayyadurai attached as Exhibit D to the Notice of Filing of Plan Supplement Pursuant to the Debtors' Amended Joint Chapter 11 Plan of

---

[1] The last four digits of the taxpayer identification number of the debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Plan Administrator, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

65535455_14

Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. [Docket No. 516] (the "Ayyadurai Settlement Agreement"), and the Settlement Agreement between Debtors and Ashley Terrill attached as Exhibit E to the Notice of Filing of Plan Supplement Pursuant to the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. [Docket No. 516] (the "Terrill Settlement Agreement" and together with the Bollea Settlement Agreement and the Ayyadurai Settlement Agreement, the "Settlement Agreements"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and adequate notice of the Motion having been given, and no other or further notice need be given; and after due deliberation and hearing thereon, and sufficient cause appearing therefore, as further indicated and for the reasons stated in the Court's *Memorandum Decision Granting in Part and Denying in Part Plan Administrator's Motion for Leave to Conduct a Rule 2004 Examination* [Docket No. 934] (the "Opinion"), it is hereby **ORDERED** that:

    1.    The Motion is GRANTED IN PART AND DENIED IN PART.

    2.    The Plan Administrator is hereby authorized pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to conduct an examination of Peter Thiel, Thiel Capital LLC, Charles J. Harder, Esq., and Harder, Mirrell & Abrams LLP concerning potential causes of action, including, without limitation, for *prima facie* tort under New York law, against Mr. Thiel and/or other parties (the "Rule 2004 Examination Topics"). Notwithstanding the foregoing, nothing herein shall constitute a determination in respect of or related to the merits of any such claim or cause of action, including without limitation a determination that the Court has constitutional or

65535455_14

subject matter jurisdiction to adjudicate the same or the governing body of law that may apply to the same.

3. Nothing in this order shall authorize the Plan Administrator to conduct discovery that is prohibited by the Settlement Agreements. The Plan Administrator shall not seek any discovery from Shiva Ayyadurai ("Ayyadurai") or Ashley Terrill ("Terrill") pursuant to the Motion.

4. The Plan Administrator is hereby authorized, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, to (a) issue subpoenas for the production of documents to Peter Thiel, Thiel Capital LLC and any of their respective affiliates including requests for the production of documents in connection with the Rule 2004 Examination Topics and (b) issue subpoenas for the production of documents to Charles J. Harder, Esq., Harder, Mirrell & Abrams LLP and any of their respective affiliates including requests for production of documents in connection with the Rule 2004 Examination Topics. The foregoing authorization to issue subpoenas is without prejudice to the rights of the subpoena recipients to object to the requests set forth therein on any applicable grounds and of Ayyadurai, Terrill and Terry Bollea ("Bollea", and together with Ayyadurai and Terrill, the "Settlement Parties") to object to the requests set forth therein on the grounds that the requests are prohibited by the Settlement Agreements, such rights being expressly preserved.

5. Nothing in this Order shall permit the Plan Administrator to issue subpoenas to the Settlement Parties for the production of documents on the Rule 2004 Examination Topics, nor permit the Plan Administrator to (a) take discovery about Bollea, including, without limitation, discovery concerning the Rule 2004 Examination Topics, litigation funding or finance, the Bollea I Lawsuit, the Bollea II Lawsuit, the Bankruptcy Cases, the Denton Bankruptcy Case, the Daulerio

65535455_14

Collection Proceedings, and/or any and all related proceedings, whatsoever (the "Bollea Carve-Out"),[3] (b) take discovery regarding Ayyadurai, including, without limitation, discovery concerning the Rule 2004 Examination Topics, litigation funding or finance, the Ayyadurai Action, the Gawker BK Action, the Denton BK Action, and any and all related proceedings (the "Ayyadurai Carve-Out"),[4] or (c) take discovery regarding Terrill, including, without limitation, discovery concerning the Rule 2004 Examination Topics, litigation funding or finance, the Terrill Action, the Gawker BK Action, the Denton BK Action, and any and all related proceedings (the "Terrill Carve-Out" and together with the Bollea Carve-Out and the Ayyadurai Carve-Out, the "Carve-Outs").[5]  Notwithstanding the foregoing, nothing in this Order, including, without limitation, the Carve-Outs, precludes the Plan Administrator from (a) seeking from Terrill and Ayyadurai, pursuant to the Settlement Agreements or by further motion, any litigation financing agreement(s) relating to the applicable Lawsuit or claims in such Lawsuit, and any non-privileged retainer agreements with Charles J. Harder, Esq. or the law firm of Harder Mirell & Abrams LLP relating to the applicable Lawsuit or claims in such Lawsuit or (b) disputing the scope, meaning or interpretation of the Bollea Carve-Out.

6. The portion of the Motion requesting discovery related to Scott Sonnenblick's efforts to acquire or facilitate the acquisition of Debtor Gawker Media Group, Inc. is denied without prejudice.

---

[3] Capitalized terms used in this paragraph 5(a) but not defined herein shall have the meanings ascribed to them in the Bollea Settlement Agreement.

[4] Capitalized terms used in this paragraph 5(b) but not defined herein shall have the meanings ascribed to them in the Ayyadurai Settlement Agreement.

[5] Capitalized terms used in this paragraph 5(c) but not defined herein shall have the meanings ascribed to them in the Terrill Settlement Agreement.

65535455_14

7. The Plan Administrator's rights to take depositions in connection with the Rule 2004 Examination Topics upon further motion and further order of the Court and the rights of all parties in interest in connection with any such request are reserved.

8. The Plan Administrator and the parties receiving Rule 2004 Subpoenas shall negotiate in good faith to reach agreement on the form of a mutually acceptable confidentiality protective order. In the event that agreement cannot be reached, the parties may submit their respective proposed forms of confidentiality protective order to the Court. Pending Court approval of such an order, subpoena recipients may produce documents to the Plan Administrator's counsel on a confidential attorneys-eyes-only basis, and such documents shall not be further disclosed.

9. All parties that receive a Rule 2004 Subpoena for the production of documents shall (i) serve on the Plan Administrator within 14 days of service of the Rule 2004 Subpoena any written objections to the requests for production of documents, (ii) complete production of all documents not subject to applicable privileges or objections within 60 days of service of the Rule 2004 Subpoena, and (iii) serve on the Plan Administrator a privilege log in accordance with Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure and Rule 7034-1 of the Local Bankruptcy Rules of the Southern District of New York within 75 days of service of the Rule 2004 Subpoena. Relief from the foregoing deadlines may be sought for cause.

10. All parties that receive a Rule 2004 Subpoena shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Plan Administrator to attempt to agree on appropriate search terms.

11. The Plan Administrator shall provide contemporaneous notice of the Rule 2004 Subpoenas to counsel to the Settlement Parties. The Settlement Parties shall be permitted to object to discovery on the grounds that it violates the Settlement Agreements.

65535455_14

12. Each party that serves objections to a Rule 2004 Subpoena for the production of documents shall, within seven (7) business days of service of such objections, meet and confer with the Plan Administrator to attempt to resolve the objections to production of documents.

13. Parties seeking the Court's assistance in resolving a dispute concerning a Rule 2004 Subpoena shall proceed in accordance with Local Bankruptcy Rule 7007-1 and the Court's chambers procedures. All parties to such a dispute, including all parties whose rights may be affected by the discovery dispute, shall be permitted to participate in any communications with the Court and the Court's chambers regarding such disputes, including scheduling requests.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November __, 2017
      New York, NY                               THE HONORABLE STUART M. BERNSTEIN
                                                UNITED STATES BANKRUPTCY JUDGE