**COHEN & GRESSER LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514
Daniel H. Tabak
Mark Spatz

**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
Samuel S. Kohn
James A. Copeland

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
Gawker Media LLC, *et al.*,                                 :
                                                            :   Case No. 16-11700 (SMB)
                    Debtors.                                :
                                                            :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**OBJECTION OF TERRY G. BOLLEA, CHARLES J. HARDER, ESQ., AND HARDER, MIRELL & ABRAMS LLP TO PLAN ADMINISTRATOR'S PROPOSED ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE PLAN ADMINSITRATOR TO CONDUCT DISCOVERY CONCERNING POTENTIAL CAUSES OF ACTION AND TO <u>ESTABLISH DISCOVERY RESPONSE AND DISPUTE PROCEDURES</u>**

Terry G. Bollea, Charles J. Harder, Esq., and Harder, Mirell & Abrams LLP (collectively, the "Objecting Parties") jointly object to the Plan Administrator's Proposed Order [Dkt. No. 1042] (attached hereto as Exhibit 1) relating to the Court's *Corrected Memorandum Decision*

*Granting In Part and Denying In Part Plan Administrator's Motion for Leave to Conduct a Rule 2004 Examination* [Dkt. No. 936] (the "Opinion") (attached hereto as Exhibit 2) and respectfully request that, if the Court does not grant reargument as requested in the *Thiel Parties' (1) Objection to Plan Administrator's Proposed Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing the Plan Administrator to Conduct Discovery Concerning Potential Causes of Action and to Establish Discovery Response and Dispute Procedures, and (2) Motion for Reargument* filed contemporaneously with this objection (the "Thiel Objection and Motion for Reargument"), the Court adopt the Objecting Parties' Counter-Proposed Form of Order (attached hereto as Exhibit 3).[1] As discussed below, the Counter-Proposed Form of Order more accurately reflects the Opinion and record before the Court.

**COMPARISON OF PLAN ADMINISTRATOR'S PROPOSED ORDER AND COUNTER-PROPOSED FORM OF ORDER**

**A.    Setting Forth the "Specific Limitations":  Counter-Proposed Form of Order Paragraph 1 and Plan Administrator's Proposed Order Paragraphs 2 and 5.**

1.    In the Conclusion section of its Opinion, the Court included two paragraphs. The second paragraph directed the parties to "meet and confer with a view to submitting an order setting forth the Plan Administrator's requests and the specific limitations on those requests." Opinion at 16-17. Those specific limitations were detailed in the first paragraph of the Order's Conclusion, which explains that pursuant to Debtors' settlements with Bollea, Ayyadurai, and Terrill, the "Plan Administrator cannot obtain discovery from Thiel, Harder or anyone else regarding Bollea, Ayyadurai or Terrill." *Id.* at 16.  The only exception is that the Plan Administrator may take discovery from Ayyadurai or Terrill "limited to 'litigation financing agreement(s) relating to the Lawsuit or claims in the lawsuit, and any non-privileged retainer

---

[1] A blackline reflecting the differences between the Counter-Proposed Form of Order and the Plan Administrator's Proposed Order is attached hereto as Exhibit 4.

2

agreements with Charles J. Harder, Esq. or the law firm of Harder, Mirell & Abrams LLP relating to the Lawsuit or claims in the Lawsuit.'" *Id.* The Opinion also accurately notes that the "Plan Administrator is no longer seeking discovery from Ayyadurai or Terrill through the *Rule 2004 Motion*, and there does not appear to be much left that is discoverable." *Id.* (emphasis in original).

2. Consistent with the Opinion, the Counter-Proposed Form of Order sets forth in its Paragraph 1 the specific limitations that the Court identified and expressly incorporates these limitations within the defined scope of the Rule 2004 Examination Topics (which is the same in both proposed orders) so that there is no confusion about the permissible scope of the examination. In defining the limitations, the Counter-Proposed Form of Order tracks the language used by the Court in explaining the "substantial limitations" on the Plan Administrator's requests (with only non-substantive differences).[2]

3. For its part, the Plan Administrator's Proposed Order sets out a scope of Rule 2004 Examination Topics in its Paragraph 2 without any reference to the specific limitations identified by the Court. Instead, Paragraph 5 of the Plan Administrator's Proposed Order sets forth proposed limitations by quoting (incorrectly) the Debtors' settlement agreements with Bollea, Ayyadurai, and Terrill. In doing so, the Plan Administrator's Proposed Order incorporates approximately ten defined terms from those settlements, adds four additional defined terms, and also introduces another term ("Lawsuit") that is not defined anywhere. *See* Ex. 1 ¶ 5. It also carves out solely for the Plan Administrator a unilateral right to "disput[e] the scope, meaning or interpretation of the" limitations on discovery in Debtors' settlement agreement with Bollea. *Id.*

---

[2] *Compare* Ex. 3 ¶ 1("The Plan Administrator may not obtain discovery from anyone regarding Bollea, Ayyadurai or Terrill.") *with* Opinion at 16 ("the Plan Administrator cannot obtain discovery from Thiel, Harder or anyone else regarding Bollea, Ayyadurai or Terrill").

3

4.      The Plan Administrator's Proposed Order goes both too little and too far. The parties fully briefed the scope of the settlements' limitations on discovery, and the Court heard substantial argument on these issues. Indeed, at the April 25, 2017 hearing on the Rule 2004 Motion, counsel for the Plan Administrator acknowledged that "the settlements clearly provide that we cannot ask for the documents about the [sic] Bollea or the Bollea settlement. They also clearly limit that we cannot ask about documents, other than one separate class, with respect to Ayyadurai and Terrill. We are clearly limited by that." April 25, 2017 Transcript of Hearing re: Rule 2004 Motion at 8:23-9:6 [Dkt. No. 891] ("2004 Motion Hearing Transcript"); *accord id.* at 27:8-25 (further acknowledging limitations imposed by settlement). The Court similarly acknowledged that the Plan Administrator "can't get any discovery about [Bollea] from Harder or anybody else," *id.* at 14:25-15:4, and that "as I read the Bollea settlement, he can't ask any questions or get any discovery relating to the financing of the Bollea lawsuit." *Id.* at 16:14-16. The Opinion reflected the resolution of those issues when it specified the substantial limitations on discovery imposed by Debtors' settlements with Bollea, Ayyudarai and Terrill (and those limitations are substantively tracked in the Counter-Proposed Form of Order). *See* Opinion at 16. In short, there is no reason to open the door to revisiting the fully-litigated issue of the meaning of the settlement provisions, much less to give the Plan Administrator a unilateral right to contest the scope of the Bollea settlement provision.

B.      **Subjects of the Examination: Counter-Proposed Form of Order Paragraph 3 and Plan Administrator's Proposed Order Paragraph 4.**

5.      Paragraph 4 of the Plan Administrator's Proposed Order would improperly allow the Plan Administrator to issue subpoenas to unnamed "affiliates" of Peter Thiel, Thiel Capital LLC, Charles J. Harder, Esq., and Harder, Mirell & Abrams LLP. The Rule 2004 Motion did not refer to "affiliates," and the Court did not find cause for such discovery. *See* Ex. 1 ¶ 4. Indeed,

4

the penultimate paragraph of the Opinion specifically provides that the Plan Administrator may "examine Thiel and Harder," terms that were defined earlier in the Opinion to mean only Peter Thiel and Thiel Capital LLC, and Charles J. Harder, Esq. and Harder, Mirell & Abrams LLP, respectively. Opinion at 2, 16. Accordingly, the Counter-Proposed Form of Order limits the parties that may be subpoenaed to those mentioned in the Rule 2004 Motion and the Opinion: Peter Thiel, Thiel Capital LLC, Charles J. Harder, Esq. and Harder, Mirell & Abrams LLP. *See* Ex. 3 ¶ 3.

C.  **Discovery from Ayyadurai and Terrill: Counter-Proposed Form of Order Paragraph 2 and Plan Administrator's Proposed Order Paragraph 3.**

6.  As the Court correctly notes in the Opinion, the Plan Administrator is no longer seeking discovery from Ayyadurai or Terrill through this motion. As there is no independent basis for the Plan Administrator to seek discovery from Ayyadurai or Terrill at this time, Paragraph 2 of the Counter-Proposed Form of Order provides that the Plan Administrator shall not seek discovery from them without further order of the Court. *See* Ex. 3 ¶ 2. The Plan Administrator rejected that language and instead included a vague statement in Paragraph 3 of his Proposed Order that the Plan Administrator shall not seek discovery from Ayyadurai or Terrill "pursuant to the Motion." *See* Ex. 1 ¶ 3. Only after the Plan Administrator insisted on that language did the Objecting Parties discover what the Plan Administrator intended, *i.e.* he incorrectly believes that the Ayyadurai and Terrill settlement agreements give the Plan Administrator an independent right to obtain the litigation financing agreements and non-privileged retainer agreements that are carved out from the otherwise complete bar on obtaining any documents about Ayyadurai and Terrill. In addition, the Plan Administrator has threatened to bring a motion to enforce that purported right and to seek fees and costs for bringing the motion. The Plan Administrator never made this argument in his written submissions or at the

5

hearing, and it is inconsistent with the plain language of the settlement agreements. The Court should therefore reject the Plan Administrator's vague phraseology and novel interpretation of the Debtors' settlement agreements with Ayyadurai and Terrill.

D.  **Identification of Claim**:  Counter-Proposed Form of Order Paragraph 1 and Plan Administrator's Proposed Order Paragraph 2.

7.  At oral argument, the Plan Administrator's counsel explained that the only discovery sought was "with respect to the cause of prima facie tort" and in particular whether Mr. Thiel's actions were "motivated solely by malice" in that context. *See* Rule 2004 Motion Hearing Tr. at 5:23-25, 7:14-22. Any order permitting discovery should therefore be limited specifically to that cause of action. The Plan Administrator's Proposed Order fails to adequately limit discovery to that claim while the Counter-Proposed Form of Order does so in its Paragraph 1.

E.  **Potential Undue Burden of a Privilege Log**:  Counter-Proposed Form of Order Paragraph 7 and Plan Administrator's Proposed Order Paragraph 9.

8.  The Plan Administrator insists in Paragraph 9 of his Proposed Order that, under any and all circumstances, the subpoenaed parties must provide a privilege log of all documents withheld on the basis of privilege. *See* Ex. 1 ¶ 9. Charles J. Harder is an attorney and Harder, Mirell & Abrams LLP is a law firm; accordingly, the vast majority of documents in their possession are subject to privilege (whether attorney-client privilege, work-product privilege or both). In addition, the scope of the Rule 2004 examination necessarily relates to potential litigation of claims, so it is possible that Peter Thiel and Thiel Capital LLC may have a substantial number of privileged documents as well. Federal Rule of Civil Procedure 45(c)(1), which is incorporated by Federal Rule of Bankruptcy Procedure 9016, protects subpoena recipients from undue burden and expense. The Counter-Proposed Form of Order permits the subpoenaed parties to meet and confer with the Plan Administrator on the practicality of

6

providing a privilege log rather than imposing on them an obligation to provide a privilege log no matter how many privileged documents might be responsive to the Plan Administrator's subpoenas. *See* Ex. 3 ¶ 7. Indeed, in an unrelated matter, the Plan Administrator has not provided a privilege log in connection with the discovery now taking place in connection with Ryan Goldberg's motion to enforce an injunction provision in the Plan.[3] This same practice should apply, and the subpoenaed parties should have the opportunity to meet and confer on whether a privilege log is appropriate in responding to the Plan Administrator's subpoenas.

## JOINDER IN THIEL OBJECTION AND MOTION FOR REARGUMENT

9. Charles J. Harder, Esq., and Harder, Mirell & Abrams LLP respectfully join in the Thiel Objection and Motion for Reargument and, due to the confidential nature of the sale issues addressed in the objection, Mr. Bollea respectfully requests that the Court hold an argument in chambers or a closed courtroom so that he can more fully explain why he concurs with the requests made in the Thiel Objection and Motion for Reargument.

---

[3] *See Motion of Ryan Goldberg (I) to Enforce Order Confirming Amended Joint Chapter 11 Plan of Liquidation and (II) to Bar and Enjoin Creditors From Prosecuting Their State Court Action* [Dkt. No. 981].

## CONCLUSION

10. The Objecting Parties agree with the Thiel Objection and Motion for Reargument. However, if the Court enters an order granting in part the Rule 2004 Motion, the Counter-Proposed Form of Order accurately reflects the Opinion without placing undue burden on the parties. Should the Court enter either form of order, the Objecting Parties respectfully request that the Counter-Proposed Form of Order be entered.

Date:   November 22, 2017
        New York, New York

                                          Respectfully submitted

                                             /s/Daniel H. Tabak
                                          Daniel H. Tabak
                                          Mark Spatz
                                          COHEN & GRESSER LLP
                                          800 Third Avenue, 21st Floor
                                          New York, New York 10003
                                          Tel: (212) 957-7600
                                          dtabak@cohengresser.com
                                          mspatz@cohengresser.com

                                          Eric B. Fisher
                                          Jessica L. Jimenez
                                          BINDER & SCHWARTZ LLP
                                          366 Madison Avenue, Sixth Floor
                                          New York, New York 10017
                                          Tel: (212) 933-4551
                                          efisher@binderschwartz.com
                                          jjimenez@binderschwartz.com

                                          Shane B. Vogt (admitted *pro hac vice*)
                                          BAJO CUVA COHEN TURKEL
                                          100 N. Tampa Street, Suite 1900
                                          Tampa, Florida 33602
                                          Tel: (813) 868-6650
                                          shane.vogt@bajocuva.com

                                          *Attorneys for Terry G. Bollea*

   /s/Samuel S. Kohn
Samuel S. Kohn
James A. Copeland
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019
Tel:  (212) 408-1060
samuel.kohn@nortonrosefulbright.com

*Attorneys for Charles J. Harder, Esq. and Harder, Mirell & Abrams LLP*

9