Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 16-11700-smb

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

GAWKER MEDIA, LLC,

      Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

              United States Bankruptcy Court

              One Bowling Green

              New York, NY  10004


              December 12, 2017

              10:29 AM




B E F O R E :

HON STUART M. BERNSTEIN

U.S. BANKRUPTCY JUDGE


ECRO:  F. FERGUSON

Page 2

1  HEARING re Pre-Trial Conference

25  Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   SAUL EWING ARNSTEIN & LEHR LLP

 4        Attorneys for Ryan Goldberg

 5        1037 Raymond Boulevard, Suite 1520

 6        Newark, NJ 07102

 7

 8   BY:  DIPESH PATEL

 9

10   GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

11        Attorneys for Pregame LLC

12        711 Third Avenue, 17th Floor

13        New York, NY 10017

14

15   BY:  JONATHAN FLAXER

16

17   ROPES & GRAY LLP

18        Attorneys for the Plan Administrator

19        1211 6th Avenue

20        New York, NY 10036

21

22   BY:  ELIZABETH BIERUT

23

24

25
```

Page 4

```
 1   HARDER MIRELL & ABRAMS LLP
 2        Attorneys for Pregame LLC
 3        230 Park Avenue, #1000
 4        New York, NY 10169
 5
 6   BY:  DILAN E. ESPER (TELEPHONICALLY)
 7
 8   ALSO PRESENT TELEPHONICALLY:
 9
10   RYAN GOLDBERG
11   THOMAS HENTOFF
12   JASON N. KESTECHER
13   ALEX MCGEE
14   LAN NGUYEN
15   LYNN OBERLANDER
16
17
18
19
20
21
22
23
24
25
```

1                    P R O C E E D I N G S

2            THE COURT:  Gawker.

3            MR. PATEL:  Good morning, Your Honor.

4            THE COURT:  Good morning.

5            MR. PATEL:  Dipesh Patel, Saul Ewing Arnstein &

6    Lehr behalf of Ryan Goldberg.

7            THE COURT:  Okay.

8            MR. FLAXER:  Jonathan Flaxer of Golenbock Eiseman

9    Assor Bell & Peskoe on behalf of Mr. Abusack and Pregame

10   LLC.

11           THE COURT:  Okay.

12           MS. BIERUT:  Elizabeth Bierut of Ropes & Gray on

13   behalf of the plan administrator.

14           THE COURT:  Okay.

15           MR. PATEL:  Good morning, Your Honor.  We're today

16   in connection with a pretrial conference related Ryan

17   Goldberg's motion to enforce the third-party release

18   language and be confirmed --

19           THE COURT:  All right.

20           MR. PATEL:  -- for that plan.  When we were here

21   in September of this year, Your Honor, after some motion

22   hearing, Your Honor directed the parties to conduct

23   discovery.  The deadline to complete discovery was November

24   30th.  The parties did complete discovery.  There are no

25   open discovery disputes, Your Honor.  And today, we ask Your

1    Honor for a trial date, subject to Your Honor's

2    availability.  We are hoping for a time, or a date on

3    February 13th and February 15th.

4             THE COURT:  I don't usually try cases on Tuesday

5    and Thursday.  How about February 14th?  That's a Wednesday.

6             MR. FLAXER:  Your Honor, that's fine with us.  I

7    should have noted that my counsel, Dilan Esper of the

8    firm should be on the phone.  But --

9             MR. DILAN:  Yep, I am.  Good morning, Your Honor.

10            THE COURT:  Good morning.

11            MR. FLAXER:  Your Honor, after discovery, we have

12   a view that can be resolved by dispositive motion.  We don't

13   think there are any -- we don't see any disputes about the

14   facts or the underlying events or any of the documents --

15            THE COURT:  Well, last time we were together, I

16   thought that there were two aspects of the confirmation

17   order that were ambiguous.

18            MR. FLAXER:  Yes.

19            THE COURT:  And you're telling me that they have

20   been resolved?  The ambiguity has been resolved?

21            MR. FLAXER:  No, what we're suggesting is that

22   we've deposed all the witnesses --

23            THE COURT:  Right.

24            MR. FLAXER:  So, all the testimony is recorded.

25   The direct could be submitted by declaration, and we can

1  designate the parts of the transcripts that we think

2  complete the record.  All we have in terms of documents or

3  emails and versions of the plan, which there are no disputes

4  about authenticity or like privilege that I'm aware of.  So,

5  we think it may be a way to save some time --

6         THE COURT:  Sounds to me like --

7         MR. FLAXER:  -- just put it out there.

8         THE COURT:  -- take more time to make a motion for

9  summary judgment, which is what you're really talking about,

10 then to have a trial which sounds like it's going to last

11 maybe day.  And I don't know to what extent there's

12 extrinsic evidence.

13        MR. FLAXER:  Okay.

14        THE COURT:  If that's the bottom line that there's

15 no extrinsic evidence, then I will -- essentially is a

16 motion for summary judgment at that point.

17        MR. FLAXER:  Okay.

18        THE COURT:  If you prefer to have a trial, I'll

19 put it down for February 14th at 10:00 AM.  You can exchange

20 witness lists and exhibits a week before.

21        MR. FLAXER:  I should probably note that shortly

22 we'll be making a Daubert motion with respect to their

23 expert.

24        THE COURT:  An expert on what?

25        MR. PATEL:  On, Your Honor, the second issue with

1   regard to willful misconduct and gross negligence in the

2   media industry.  The two issues before Your Honor --

3           THE COURT:  Isn't it -- this is a provision in the

4   plan, wasn't it?

5           MR. PATEL:  Correct.  But the two issues before

6   Your Honor is what does (indiscernible) received mean, and

7   that's part 1 and part 2, is willful misconduct and gross

8   negligence and whether the types of claims alleged in the

9   State Court complaint takes the protections away from the

10  release.  And the purpose of the expert is to say in the

11  media industry, because our position is you have to look at

12  the context of the industry on a case-by-case basis.  And in

13  the publication industry, willful misconduct and gross

14  negligence has a certain meaning.  And it doesn't mean

15  there's no coverage or insurance coverage.

16          THE COURT:  I don't know if it's an appropriate

17  area for expert testimony, but (indiscernible) witnesses and

18  make your motion.  What's the basis of your motion?  That

19  it's just a legal -- it's a question of interpreting the

20  phrase in the confirmation order?

21          MR. FLAXER:  Yes, more or less.  But I would defer

22  it to Mr. Esper, who took a deposition, if Your Honor would

23  like more than that.

24          THE COURT:  Well, I think I've heard enough about

25  what the proposed testimony is.  All right.  But exchange

1   witness lists and your exhibits a week before.  Okay?

2           MR. PATEL:  Your Honor, in regard to post-trial

3   briefing, we --

4           THE COURT:  You haven't had the trial yet.

5           MR. PATEL:  Oh, understood.  If Your Honor would

6   like a scheduling order with regard to the trial and if we -

7   -

8           THE COURT:  I may not need those trial briefings.

9           MR. PATEL:  Okay.

10          THE COURT:  But does it make sense to have a

11  pretrial order, however short it may be, with designations

12  of testimony in those things in it?

13          MR. FLAXER:  I think so.  I think it'll be

14  helpful.

15          MR. PATEL:  Yes, Your Honor.

16          THE COURT:  All right.  Why don't we do that.  Why

17  don't you submit a proposed pretrial order, and let's say by

18  the 7th?

19          MR. FLAXER:  Of February?

20          THE COURT:  Yeah.  What I would like, though, is -

21  - who's the movant?

22          MAN 1:  They are.

23          THE COURT:  You're the movant.  You can use

24  numbers, you can use letters.  And separately mark your

25  exhibits in the pretrial order.  Don't say all checks or all

1   emails or something, you know, Exhibit 1, that's not
2   helpful.  So separately mark your exhibits.  If you have a
3   packet that's related, I guess you can mark it as one
4   exhibit, and indicate -- I have a form pretrial order on the
5   website which you can use.  Okay.
6           MR. FLAXER:  I have it.
7           THE COURT:  Thanks very much.
8           MR. PATEL:  Thank you.
9           MR. FLAXER:  Thank you, Your Honor.
10          MR. ESPER:  Thank you, Your Honor.
11          THE COURT:  Thank you.
12          (Whereupon these proceedings were concluded at
13  10:36 AM)

1           C E R T I F I C A T I O N

2

3       I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6   Sonya Ledanski Hyde
    Digitally signed by Sonya Ledanski Hyde
    DN: cn=Sonya Ledanski Hyde, o, ou, email=digital1@veritext.com, c=US
    Date: 2017.12.13 16:38:11 -05'00'

7

8   **Sonya Ledanski Hyde**

9

10

11

12

13

14

15

16

17

18

19

20  Veritext Legal Solutions

21  330 Old Country Road

22  Suite 300

23  Mineola, NY 11501

24

25  Date:   December 13, 2017