| | |
|---|---|
| Jonathan L. Flaxer<br>Michael S. Weinstein<br>GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP<br>711 Third Avenue<br>New York, New York 10017<br>(212) 907-7300 | **Hearing Date:**<br>**February 14, 2018 at 10:00 a.m.**<br><br>**Last Date to Object:**<br>**February 7, 2018 at 5:00 p.m.** |

Dilan A. Esper (admitted *pro hac vice*)
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Dr., 4th Floor
Beverly Hills, California 90212
(424) 203-1600

*Counsel to Pregame LLC and Randall James Busak*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
In re                                                        :
                                                             :   Chapter 11
Gawker Media LLC, *et al.*,                                  :
                                                             :   Case No. 16-11700 (SMB)
                                                             :   (Jointly Administered)
                                    Debtors.                 :
----------------------------------------------------------------X

## NOTICE OF MOTION *IN LIMINE* TO EXCLUDE EXPERT

**PLEASE TAKE NOTICE** that a hearing (the "**Hearing**") shall be held before the Honorable Stuart M Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Courtroom 723, One Bowling Green, New York, New York 10004, on **February 14, 2018 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, to consider the Motion *In Limine* to Exclude Expert, dated January 31, 2018, of Pregame LLC and Randall James Busak (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that any reply or opposition to the relief requested in the Motion must (a) state the basis for such reply or opposition in writing, (b) be filed no later than **5:00 p.m.** on **February 7, 2018** with the Bankruptcy Court (along with one copy marked "Chambers Copy" delivered directly to Judge Bernstein's chambers), and (c) be

served no later than **5:00 p.m.** on **February 7, 2018** on Golenbock Eiseman Assor Bell & Peskoe LLP, 711 Third Avenue, New York, New York 10017 (Attn: Jonathan L. Flaxer, Esq.).

**PLEASE TAKE FURTHER NOTICE** that, the Hearing may be adjourned from time to time without further notice to any party in interest other than the announcement of the adjourned date(s) in open court on the date of the Hearing or at any adjourned date thereof.

Dated: New York, New York
January 31, 2018

                                              GOLENBOCK EISEMAN ASSOR BELL
                                               & PESKOE LLP
                                              711 Third Avenue
                                              New York, New York 10017
                                              (212) 907-7300

                                              By: ___/s/ Jonathan L. Flaxer_____
                                                      Jonathan L. Flaxer

                                              *Counsel to Pregame LLC and Randall James Busak*

Jonathan L. Flaxer
Michael S. Weinstein
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
(212) 907-7300

Dilan A. Esper (admitted *pro hac vice*)
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Dr., 4th Floor
Beverly Hills, California 90212
(424) 203-1600

*Counsel to Pregame LLC and Randall James Busak*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                              :
                                                   :       Chapter 11
Gawker Media LLC, *et al.*,                        :
                                                   :       Case No. 16-11700 (SMB)
                                                   :       (Jointly Administered)
                         Debtors.                  :
------------------------------------------------------------X

## MOTION *IN LIMINE* TO EXCLUDE EXPERT

Pregame LLC d/b/a Pregame.com ("**Pregame**") and Randall James Busack, professionally known as RJ Bell ("**Bell**," and together with Pregame, the "**Moving Parties**"), by and through their undersigned counsel, hereby move to exclude the expert witness Chad E. Milton, retained by Ryan Goldberg in this matter (the "**Motion**").

## PRELIMINARY STATEMENT

1.  Mr. Milton was designated to opine on the following issue: "In the specialty insurance field of media liability, insurers provide coverage for defamation and related claims to media insureds without exclusion for gross negligence or willful misconduct. The same is true for employees and nonemployee content providers. Those insurers, having committed to insuring defamation and related claims, understand that it would be unfair and illusory to deny

coverage for conduct that satisfies the elements of the torts." *See* Expert Declaration of Chad E. Milton, dated November 14, 2017 ("**Milton Decl.**"), ¶ 1. The Milton Decl. is annexed hereto as Exhibit A.

2. Mr. Milton's opinion is not relevant to any issue in this proceeding. The issue in this proceeding is whether the above-captioned debtor's (the "**Debtor**") plan of reorganization (the "**Plan**") bars the Moving Parties from suing Mr. Goldberg in state court. Mr. Goldberg claims that the release of third party claims contained therein is broad enough to apply to persons and entities such as the Moving Parties who did not file proofs of claim in the Bankruptcy Court.

3. The Moving Parties have two main arguments as to why the Plan does not bar their claims—first (and not at issue here), the Moving Parties do not believe that the language "deemed to have received a distribution", in the release, applies to the Moving Parties, who did not receive any distribution.

4. Second, the Moving Parties contend that even if they are "deemed to have received a distribution", their claims are claims for "gross negligence and willful misconduct", which are subject to a carve-back from the release under the language of the Plan.

5. Mr. Goldberg's argument is that "gross negligence and willful misconduct" carve-back cannot apply to defamation claims, because of the media context of this case and a supposed intent of the drafters in the Plan to grant writers such as Mr. Goldberg immunities congruent to what they would have contractually received from the Debtor when they were in its employ. However, Mr. Milton, their expert, did not offer any relevant opinion on that issue (and admitted that he had no relevant experience to offer such an opinion). Instead, he simply opined that insurers typically write media insurance policies **without** gross negligence or willful

misconduct exclusions.  This may be true, but it has no relevance whatsoever to how an instrument that **does** contain such an exclusion should be interpreted.

## SUMMARY OF MILTON'S OPINION

6.      Mr. Milton's opinion, as stated in his declaration and his deposition testimony, was as follows.  Mr. Milton worked for years in various capacities in the insurance filed, first working for insurers who wrote policies for media companies, and later as a consultant procuring policies for media industry clients.  In all his years of experience, he never came across a media policy that contained an exclusion for gross negligence and willful misconduct, has no experience interpreting such a policy, and has no opinion as to how such a policy would be interpreted.  *See* Deposition of Chad Milton ("**Milton Depo.**"), at 21:12-22:25, 30:20-32:6, 33:22-35:24.  The transcript of the Milton Depo. is annexed hereto as Exhibit B.

7.      The opinion he did offer is as follows:  "If section 9.05 of the Plan were read to exclude a defamation plaintiff's claims of gross negligence or willful misconduct, it would conceivably exclude any and all defamation claims.  In my experience, the indemnification obligations of a media company to its employees or freelancers do not contain any such exception, as it would render the indemnification obligation almost meaningless.  This is because many if not most defamation lawsuits seek to prove that a defendant's conduct was intentional and wrongful and a purpose of the indemnification obligation is to protect employers and freelancers not only when they win a defamation case but when they lose one."  Milton Decl., Exh A., at ¶ 21.  In other words, Mr. Milton's opinion is that section 9.05 of the Plan's language carving out "gross negligence or willful misconduct" claims from the release should simply be read out of the Plan.

# LEGAL ARGUMENT

I. **APPLICABLE LAW**

8. Expert testimony is only admissible where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The trial judge has a "screening role" to determine whether expert testimony is based on valid scientific premises and will provide real assistance to the trier of fact. *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579, 598 (1993). *Daubert*'s gatekeeping requirement applies to all forms of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999). The Court must make "findings of relevancy and reliability" when admitting expert testimony. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 464 (9th Cir. 2014). Expert testimony is relevant when "the expert's reasoning or methodology can be properly applied to the facts before the court." *Travelers Property & Casualty Corp. v. General Electric Co.*, 150 F.Supp.2d 360, 364 (D. Conn. 2001).

9. Specifically, it is well established that experts may not offer "interpretative" testimony that contradicts the terms of an instrument. *Hill v. Allianz Life Insurance Co.*, 2016 WL 7228746, at *3 (M.D. Fla. Jan. 29, 2016); *Allied Erecting & Dismantling Co. v. U.S. Steel Corp.*, 2015 WL 1530648, at *3 (N.D. Ohio Apr. 6, 2015).

10. Mr. Goldberg has the burden of proof on these issues. *Travelers Property & Casualty Corp.*, 150 F. Supp. 2d at 364.

II. **MILTON DOES NOT OFFER ANY RELEVANT TESTIMONY.**

11. Mr. Milton admitted that he has no relevant expertise or testimony to offer on the issue of what the "gross negligence or willful misconduct" language in the Plan means. He simply testifies that "gross negligence and willful misconduct" is not typically carved out of

media indemnity policies, because such language could exclude the defamation claims that are commonly made against the media. That testimony offers absolutely no information to the trier of fact as to what an instrument that **does** contain an exclusion for gross negligence or willful misconduct means. Thus, this Court should exercise its gatekeeper role and exclude the testimony.

## CONCLUSION

12. For the foregoing reasons, Chad Milton's testimony should be excluded.

Dated: New York, New York
January 31, 2018

         GOLENBOCK EISEMAN ASSOR BELL
          & PESKOE LLP
         711 Third Avenue
         New York, New York 10017
         (212) 907-7300

         By:   /s/ Jonathan L. Flaxer
               Jonathan L. Flaxer
               Michael S. Weinstein

         -and-

         HARDER MIRELL & ABRAMS LLP
         132 S. Rodeo Drive, Fourth Floor
         Beverly Hills, California 90212
         (424) 203-1600

         By:   /s/ Dilan A. Esper
               Dilan A. Esper

         *Co-Counsel to Pregame LLC and*
         *Randall James Busak*