**Hearing Date: TBD**
**Objection Deadline: TBD**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Shana A. Elberg
Jason N. Kestecher

    - and -

One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Anthony W. Clark (admitted *pro hac vice*)
Robert A. Weber (admitted *pro hac vice*)

*Attorneys for Peter Thiel and Thiel Capital LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| GAWKER MEDIA LLC, et al.[1] | : Case No. 16-11700 (SMB) |
| | : |
| | : |
| Reorganized Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --  x

### NOTICE OF THIEL PARTIES' MOTION TO EXTEND CERTAIN DEADLINES UNDER RULE 2004 ORDER

      **PLEASE TAKE NOTICE** that Peter Thiel and Thiel Capital LLC (together, the

"Thiel Parties")[2] hereby file the *Thiel Parties' Motion To Extend Certain Deadlines under Rule*

*2004 Order* (the "Motion").

---

[1]    The last four digits of the taxpayer identification number of the debtors (the "Reorganized Debtors") are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056).  The mailing address for Gawker Media LLC and Gawker Media Group, Inc. are c/o Opportune LLP, Attn. William D. Holden, Chief Restructuring Officer, 10 East 56th Street, 33rd Flr., New York  NY 10020, and the mailing address for Kinja Kft. is c/o Opportune LLP, Attn. William D. Holden (the "Plan Administrator"), 10 East 53rd Street, 33rd Flr., New York  NY 10020.

[2]    In submitting this Motion, the Thiel Parties do not waive or consent to this Court's jurisdiction or the entry of final judgments in any matter or proceeding in which this Court is not constitutionally or statutorily authorized to do so, and reserve all rights.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the

Motion and the relief requested therein, if any, must be made in writing and (a) filed with the

Bankruptcy Court and (b) served so as to be actually received by counsel to the Thiel Parties,

Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn:

Shana A. Elberg (Shana.Elberg@skadden.com), Jason N. Kestecher

(Jason.Kestecher@skadden.com), and 920 N. King Street, Wilmington, Delaware 19801,

Anthony W. Clark anthony.clark@skadden.com, Robert A. Weber

(Robert.Weber@skadden.com).

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held

before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge for the Southern

District of New York, in the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, Courtroom 723, New York, New York 10004 (the "Bankruptcy

Court").

**PLEASE TAKE FURTHER NOTICE** that an objection deadline (the

"Objection Deadline") and a date and time for a hearing (the "Hearing") on the Motion have not

yet been determined, and the Thiel Parties will file and serve notice of the Objection Deadline

and Hearing when such dates have been determined.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the

Motion, with proof of service, is filed with the Bankruptcy Court and a courtesy copy delivered

to the Honorable Stuart M. Bernstein's chambers by the Objection Deadline, the Thiel Parties

may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in

the form of the proposed order attached to the Motion, which order may be entered with no

further notice or opportunity to be heard.

Dated: February 9, 2018
New York, New York

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: */s/ Shana A. Elberg*_____
Shana A. Elberg
Jason N. Kestecher
Four Times Square
New York, New York 10036
(212) 735-3000

- and -

Anthony W. Clark (admitted *pro hac vice*)
Robert A. Weber (admitted *pro hac vice*)
920 N. King Street
Wilmington, Delaware 19801
(302) 651-3000

*Attorneys for Peter Thiel and Thiel Capital
LLC*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Shana A. Elberg
Jason N. Kestecher

     - and -

One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Anthony W. Clark (admitted *pro hac vice*)
Robert A. Weber (admitted *pro hac vice*)

*Attorneys for Peter Thiel and Thiel Capital LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| GAWKER MEDIA LLC, et al.[1] | : Case No. 16-11700 (SMB) |
| | : |
| | : |
| Reorganized Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### THIEL PARTIES' MOTION TO EXTEND CERTAIN DEADLINES <u>UNDER RULE 2004 ORDER</u>

     Peter Thiel and Thiel Capital LLC (together, the "<u>Thiel Parties</u>")[2] hereby move

(the "<u>Motion</u>") this Court to extend[3] the deadlines established under the *Order Pursuant To Rule*

---

[1]     The last four digits of the taxpayer identification number of the debtors (the "<u>Reorganized Debtors</u>") are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The mailing address for Gawker Media LLC and Gawker Media Group, Inc. are c/o Opportune LLP, Attn. William D. Holden, Chief Restructuring Officer, 10 East 56th Street, 33rd Flr., New York NY 10020, and the mailing address for Kinja Kft. is c/o Opportune LLP, Attn. William D. Holden (the "<u>Plan Administrator</u>"), 10 East 53rd Street, 33rd Flr., New York NY 10020.

[2]     In submitting this Motion, the Thiel Parties do not waive or consent to this Court's jurisdiction or the entry of final judgments in any matter or proceeding in which this Court is not constitutionally or statutorily authorized to do so, and reserve all rights.

[3]     Pursuant to Local Rule 9006-2, the deadlines contained in the Rule 2004 Order are automatically extended until the Court resolves this motion.

*2004 Of The Federal Rules Of Bankruptcy Procedure Authorizing The Plan Administrator To Conduct Discovery Concerning Potential Causes Of Action And To Establish Discovery Response And Dispute Procedures* [Docket No. 1059] (the "Rule 2004 Order") for the completion of document production and preparation and service of a privilege log in accordance with Rule 45(e)(2)(A) of the Federal Rules of Civil Procedures and Rule 7034-1 of the Local Bankruptcy Rules of the Southern District of New York as further set forth below. In support, the Thiel Parties respectfully state as follows:

## BACKGROUND

1.      On June 28, 2017, the Court issued the *Corrected Memorandum Decision Granting In Part And Denying In Part Plan Administrator's Motion For Leave To Conduct A Rule 2004 Examination* [Docket No. 936] (the "Opinion"). The Opinion directed the Plan Administrator and the Thiel Parties to settle an order authorizing discovery pursuant to Bankruptcy Rule 2004. The Plan Administrator dragged his feet, waiting months before finally sending a draft order to the Thiel Parties in late September 2017. Not surprisingly, the parties could not reach agreement on the form of order, resulting in further briefing and an additional hearing before the Court entered the Rule 2004 Order on December 4, 2017.

2.      The Rule 2004 Order authorized the Plan Administrator to serve subpoenas on the Thiel Parties and on attorney Charles Harder with respect to certain limited examination topics linked to supposed potential tort claims against the Thiel Parties. On December 14, 2017, the Plan Administrator served its subpoenas on the Thiel Parties (the "Rule 2004 Subpoenas") seeking wide ranging discovery, including with respect to multiple new

2

persons, entities and topics never mentioned in the Plan Administrator's underlying motion and not authorized by the Rule 2004 Order.[4]

3.    On January 10, 2018, the Thiel Parties timely served their objections to the Rule 2004 Subpoenas and the document requests appended thereto.[5]

4.    Although the Rule 2004 Order requires the parties to meet and confer about discovery objections, the Plan Administrator did not reach out to the Thiel Parties regarding their discovery objections.

5.    On January 19, 2018, counsel for the Thiel Parties contacted the Plan Administrator's counsel and proposed a January 29 meet and confer which would include Mr. Harder's counsel, as the underlying Rule 2004 subpoenas to the Thiel Parties and Mr. Harder include identical document requests, and the parties' respective discovery responses and objections include many common issues. Counsel for the Thiel Parties also requested that the Plan Administrator identify or describe his objections to the discovery responses and objections in advance, so that the meet and confer call could be more productive.

6.    On January 24, 2018, nearly a week in advance of the scheduled meet and confer, the Thiel Parties proposed a confidentiality order to counsel to the Plan Administrator.

7.    The Plan Administrator flatly refused the Thiel Parties' requests for a description of the Plan Administrator's issues with the Thiel Parties' discovery responses and

---

[4]    For example, the subpoenas demand that the Thiel Parties produce "[a]ll Communications with Michael Cernovich." It has been reported in the press that Michael Cernovich is currently a bidder for certain of the Reorganized Debtors' assets. See Maya Kosoff , Tina Nguyen, *Mike Cernovich is Bidding $500,000 to Buy Gawker.com*, Vanity Fair (January 30, 2018, 3:19 pm), https://www.vanityfair.com/news/2018/01/mike-cernovich-is-bidding-500000-dollars-to-buy-gawker. But it is unclear how Mr. Cernovich is relevant to any Thiel-related claims that are the purported focus for the Rule 2004 examination.

[5]    In connection with counsel accepting electronic service of the subpoenas, the Plan Administrator consented to extend the Thiel Parties' deadline to serve objections to January 10, 2018.

objections in advance of the meet and confer call.  The Plan Administrator  also refused to allow

Mr. Harder's counsel to participate  in the meet and confer.

        8.      On January 29, 2018, counsel for the Thiel Parties  and the Plan

Administrator  met and conferred telephonically  for well over an hour regarding  the Plan

Administrator's  objections to the Thiel Parties' discovery responses and objections.  Counsel for

Mr. Harder was allowed to listen  in, but the Plan Administrator  continued  to refuse to allow him

to substantively  participate.

        9.      Counsel for the Plan Administrator  identified  numerous objections to the

Thiel Parties' discovery responses and objections,  including  several threshold  issues that will

substantially  impact the scope of the Thiel Parties' and Mr. Harder's document productions.  For

example, the Plan Administrator  insists  that the discovery limitations  imposed  by the

Reorganized Debtors' settlements with V.A. Shiva Ayyadurai, Terry Gene Bollea and Ashley

Terrill  (collectively,  the "Excluded Plaintiffs") only protect documents  from discovery if they

"specifically  and exclusively"  refer to one of the Excluded Plaintiffs,  but that position is contrary

to the plain  language  of the settlement  agreements.

        10.     Likewise,  several of the Plan Administrator's  document requests purport to

require the Thiel Parties and Mr. Harder to search for documents  reflecting  communications  with

unnamed  and otherwise unidentified  "Plaintiffs"  and "Potential  Plaintiffs."  The Thiel Parties

objected and asked the Plan Administrator's  counsel to identify  the persons that he has in mind

(after all, the claims  bar date has long since passed, and all actual creditors of Gawker have been

identified), but counsel refused. The Plan Administrator also refused to agree to any sort of reasonable time period limitation for his discovery requests.[6]

11.     The Thiel Parties agreed to consider the Plan Administrator's objections and respond in due course, and requested that the Plan Administrator provide a set of search terms in the interim, as contemplated by the Rule 2004 Order. However, the Plan Administrator still has not proposed any search terms, which prevents the Thiel Parties from conducting the electronic search for documents in accordance with the Rule 2004 Order.[7]

12.     On February 2, 2018, the Plan Administrator provided an extensive markup of the Thiel Parties' draft confidentiality stipulation and order that raise numerous issues that also will need to be resolved by agreement or the Court before document production can proceed.

13.     The Thiel Parties have endeavored to resolve the Plan Administrator's discovery-related objections and will continue to work in good faith with the Plan Administrator on both the many discovery-related objections and form of confidentiality order before seeking the Court's involvement. In the interim, the Thiel Parties request that the document production and privilege log deadlines[8] under the Rule 2004 Order be suspended pending further order or agreement of the parties.

---

[6]    The Plan Administrator's document requests demand that the Thiel Parties search for documents going back in time as far as 2007, even though the cause of action that the Plan Administrator has suggested he may bring against the Thiel Parties has a one-year statute of limitations under CPLR 215(3). The Thiel Parties proposed to go back in time as far as three years before the Petition Date, but the Plan Administrator refused to negotiate.

[7]    See Rule 2004 Order ¶ 8 ("All parties that receive a Rule 2004 Subpoena shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Plan Administrator to attempt to agree on appropriate search terms.").

[8]    The current deadlines for the Thiel Parties are February 12, 2018 (completion of document production) and February 27, 2018 (service of privilege log). See Rule 2004 Order ¶ 7.

## ARGUMENT

14.     Pursuant to Bankruptcy Rule 9006(b)(1), "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed." Furthermore, the Rule 2004 Order (¶ 7) states that "[r]elief from the foregoing deadlines may be sought for cause."

15.     With so many significant issues outstanding and no agreed-upon confidentiality order between the Thiel Parties and the Plan Administrator, it is not possible for the Thiel Parties to complete their production by February 12, 2018, the deadline originally set in the Rule 2004 Order, or prepare a privilege log. Additionally, in light of the Plan Administrator's penchant for conducting Gawker business, including by disseminating non-public information, in the press,[9] the Thiel Parties are reluctant to produce confidential documents absent a confidentiality protective order. Finally, the Plan Administrator's own delays in pursuing the Rule 2004 examination, and in facilitating the discovery process once the Rule 2004 Order was entered, demonstrates that there is no urgency in completing discovery. Accordingly, a brief

---

[9]    See, e.g., Ryan Mac, *Gawker's Lawyers Don't Think Peter Thiel Is "The Most Able And Logical Purchaser" Of Gawker.com*, BuzzFeed News (Nov. 29, 2017, 6:02 p.m.), https://www.buzzfeed.com/ryanmac/lawyers-dont-think-peter-thiel-is-the-most-able-buyer-for-ga?utm_term=.pbaOqzRyd#.oynvbkxwg  ("We can't have him participate as a bidder up front because it will completely destroy bids from other folks,' said William Holden, Gawker's bankruptcy plan administrator, noting that an opening bid from Thiel could intimidate others from stepping in."); Jessica DiNapoli, *Peter Thiel Submits Bid For Gawker, Faces Challenges,* Reuters (Jan. 11, 2018, 3:55 p.m.), https://www.reuters.com/article/us-gawker-thiel/peter-thiel-submits-bid-for-gawker-faces-challenges-idUSKBN1F02V2 (Jan. 11, 2018) ("Multiple bidders have submitted offers for the site, Holden said in a phone interview on Thursday. Holden will choose a winner as soon as this month…"); Michael M. Grynbaum, *Thiel Makes a Bid for Gawker.com, a Site He Helped Bankrupt*, The New York Times (Jan. 12, 2018), https://www.nytimes.com/2018/01/12/business/media/thiel-gawker-bid.html ("There are going to be multiple factors to consider, which will not be solely economic,' said Will Holden, the administrator of Gawker's bankruptcy plan…. Mr. Holden said the 'ethos' of Gawker –which prided itself on a wry, pirate-ship approach to reporting – would also be considered in determining new ownership of the Gawker name.").

suspension of the deadlines to complete production and provide a privilege log is reasonable under the circumstances.

16.     Counsel for the Thiel Parties has asked the Plan Administrator's counsel to agree to the requested relief sought herein but have not yet received a response, rendering this Motion necessary.

17.     No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Thiel Parties respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
        February 9, 2018

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: *Shana A. Elberg* _____  _____
Shana A. Elberg
Jason N. Kestecher
Four Times Square
New York, New York 10036
(212) 735-3000

 - and -

Anthony W. Clark (admitted *pro hac vice*)
Robert A. Weber (admitted *pro hac vice*)
920 N. King Street
Wilmington, Delaware 19801
(302) 651-3000

*Attorneys for Peter Thiel and Thiel Capital
LLC*

7

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                          : Chapter 11
                                                :
GAWKER MEDIA LLC, et al.[1]                     : Case No. 16-11700 (SMB)
                                                :
                                                :
           Debtors.                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER EXTENDING CERTAIN DEADLINES UNDER RULE 2004 ORDER**

Upon consideration of the *Thiel Parties' Motion To Extend Certain Deadlines Under Rule 2004 Order* [Docket No. [●]] (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and adequate notice of the Motion having been given, and no other or further notice need be given; and after due deliberation and hearing thereon, and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1.       The Motion is granted.

2.       The deadlines set forth in Paragraph 7 of the Rule 2004 Order to complete document production and serve a privilege log are suspended pending further order.

3.       This Order is entered without prejudice to any party's right to seek or oppose further extensions of the deadlines set forth in the Rule 2004 Order.

---

[1]      The last four digits of the taxpayer identification number of the debtors (the "Reorganized Debtors") are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). The mailing address for Gawker Media LLC and Gawker Media Group, Inc. are c/o Opportune LLP, Attn. William D. Holden, Chief Restructuring Officer, 10 East 56th Street, 33rd Flr., New York NY 10020, and the mailing address for Kinja Kft. is c/o Opportune LLP, Attn. William D. Holden (the "Plan Administrator"), 10 East 53rd Street, 33rd Flr., New York NY 10020.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:

New York, NY

THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE