ROPES & GRAY LLP
Gregg M. Galardi
David B. Hennes
Michael S. Winograd
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Plan Administrator
for the Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :    Case No. 16-11700 (SMB)
                                                      :
            Debtors.                                  :    (Jointly Administered)
                                                      :
------------------------------------------------------x

**PLAN ADMINISTRATOR'S OBJECTION TO
THIEL PARTIES' MOTION TO EXTEND CERTAIN DEADLINES
<u>UNDER RULE 2004 ORDER</u>**

William D. Holden, as Plan Administrator for the above-captioned debtors (the "<u>Debtors</u>"), through undersigned counsel, hereby objects to the *Thiel Parties' Motion to Extend Certain Deadlines Under Rule 2004 Order* [Docket No. 1080] (the "<u>Motion</u>"), and respectfully states as follows:

---

[1] The last four digits of the taxpayer identification number of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Plan Administrator, 10 East 53rd Street, 33rd Floor, New York, NY 10022. Gawker Hungary Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10022.

1

67315747_14

**BACKGROUND**

1.     This Motion is the third attempt by Peter Thiel and Thiel Capital LLC (collectively, the "Thiel Parties") to evade their discovery obligations that this Court has ordered under Rule 2004. Like the Thiel Parties' prior two attempts, it should likewise be rejected and the Thiel Parties should not be permitted to further delay these proceedings.

2.     On June 28, 2017, this Court ruled that the Plan Administrator had shown good cause to seek discovery under Federal Rule of Bankruptcy Procedure 2004 from the Thiel Parties and from Charles Harder and Harder, Mirell & Abrams LLP (collectively, the "Harder Parties"). This Court ruled that the Plan Administrator "is entitled to examine Thiel and Harder with respect to Thiel's relationship with Harder and potential causes of action" related to the Thiel Parties' admitted funding of litigation against the Debtors. *Corrected Mem. Decision*, dated June 28, 2017 [Docket No. 936] (the "Memorandum Decision") at 16. The Plan Administrator provided the Thiel Parties and Harder Parties with proposed Rule 2004 discovery requests and a proposed form of order on the Rule 2004 Motion in September 2017.

3.     The Thiel Parties refused to address the proposed Rule 2004 requests, insisting instead that the Court must first enter a Rule 2004 order. Although the parties attempted to resolve their differences and propose to the Court an agreed form of Rule 2004 order, they could not reach agreement. Accordingly, the Plan Administrator separately filed a proposed Rule 2004 order [Docket No. 1042], in response to which the Thiel Parties filed a motion for reconsideration, requesting that the Court reverse its decision granting the Rule 2004 discovery that it had already authorized [Docket No. 1047]. The Court denied the Thiel Parties' motion from the bench and entered the Rule 2004 order substantially in the form proposed by the Plan Administrator (the "Rule 2004 Order"). *See Rule 2004 Order*, dated December 4, 2017 [Docket No. 1059].

4.      In accordance with the Rule 2004 Order, on December 14, 2017, the Plan Administrator served subpoenas on Thiel Parties and Harder Parties (the "<u>Rule 2004 Subpoenas</u>") seeking documents concerning the Thiel Parties' campaign to destroy the Debtors' business, and the Thiel Parties' relationship with the Harder Parties in the course of that campaign.  On January 10, 2018, the Thiel Parties served broad objections to the document requests (the "<u>Thiel Objections</u>"), which sought to substantially and improperly narrow the scope of the document requests and effectively evade large swaths of the discovery authorized by the Court in its Rule 2004 Order.  On January 16, 2018, the Harder Parties served their objections to the document requests, which went one step even further by wholesale refusing to agree to produce even a single document in response to the document requests. By letter dated January 22, 2018, counsel for the Plan Administrator advised the Harder Parties that the Harder Objections were not served in good faith or consistent with the Federal Rules and requested that they serve revised objections, identifying which categories of documents it would produce.  The Harder Rule 2004 Subpoena and Objections are not subjects of the Thiel Parties' motion that is now before the Court.

5.      Although the Rule 2004 Order obligated the Thiel Parties to meet and confer with the Plan Administrator on its objections within seven business days of service of those objections (Rule 2004 Order ¶ 10), counsel for the Thiel Parties waited until the final day of that deadline to reach out and propose a meet and confer, which would take place ten days later, on January 29, 2018.

6.      Prior to the meet and confer, counsel for the Thiel Parties suggested by email that the meet and confer cover both the Thiel and Harder Objections.  Counsel for the Plan Administrator responded that they did not believe doing so would be efficient given that the two sets of objections were substantively different and also at different points procedurally.  Counsel

3

for the Thiel Parties nevertheless insisted that, with or without agreement, counsel for the Thiel Parties would unilaterally invite counsel for the Harder Parties to join the meet and confer. In light of that dictate, counsel for the Plan Administrator acquiesced to counsel for the Harder Parties being on the phone for the meet and confer, but indicated that the subject of the meet and confer would remain limited to the Thiel Objections.

7. Five days before the meet and confer, counsel for the Thiel Parties then demanded that counsel for the Plan Administrator provide — within two days — written objections to the Thiel Objections outlining specifically what issues the Plan Administrator had with any specific Thiel Objections. Counsel for the Plan Administrator responded among other things that (i) neither the Rule 2004 Order nor the Federal Rules contemplate any such written objections to objections, and (ii) the very purpose of the meet and confer was to efficiently discuss the Thiel Objections with the aim of understanding, clarifying, and potentially narrowing or resolving as many of them as possible.

8. On Monday, January 29, 2018, counsel for the Plan Administrator, the Thiel Parties, and the Harder Parties held a call, but the Thiel Parties refused to meet and confer as required by the Rule 2004 Order. At the outset of the call, the Thiel Parties stated that they were not, in fact, prepared to meet and confer to resolve any outstanding issues between the parties, and had no authority whatsoever to do so. Rather, they were on the call only to "listen" and "take notes" as to what the Plan Administrator's issues with the Thiel Objections were. Counsel for the Thiel Parties confirmed that this meant that the meet and confer would be an oral version of the written objections to objections they had initially requested and the Plan Administrator had rejected.

9. Over and over again on the call, counsel for the Thiel Parties stated that they were not authorized to substantively discuss, much less narrow or resolve, any issues. As just one poignant and emblematic example, in response to the Thiel Objection stating that Thiel Parties would not produce documents subject to third party confidentiality requirements, the Plan Administrator requested on the call that the Thiel Parties at a minimum confirm that they would provide notice if any documents were withheld on that basis. Even as to a request as unassailable as that, counsel for the Thiel Parties responded that they were not authorized to agree to anything, but would "take notes" on that request and confer with their client. As a result, over the course of an approximately ninety-minute call, counsel for the Plan Administrator simply went through the Thiel Objections and specified those with which they had issues and what those issues were, and received no substantive response whatsoever.

10. To further delay matters, during the call counsel for the Thiel Parties stated that prior to any further meet and confers, they believed that counsel for the Plan Administrator must propose search terms for electronic discovery (apparently in addition to objections to objections). Counsel for the Plan Administrator responded that neither the Rule 2004 Order nor the Federal Rules contemplate such a proposal. In fact, the Rule 2004 Order expressly contemplates a meet and confer on objections "within seven (7) business days" of service of the objections and then, "prior to conducting an electronic search utilizing search terms, [a] meet and confer to attempt to agree on appropriate search terms." Rule 2004 Order ¶¶ 8, 10. As counsel for the Plan Administrator explained, to do so in reverse order would be nonsensical and put the cart before the horse. In addition, it is customary for the party in possession of the information to propose search terms given that they are in a better position to know the terms and nomenclature used in their own documents. Counsel for the Plan Administrator nevertheless agreed to be the one to

5

propose search terms, but only once the parties had determined which Thiel Objections could be narrowed or resolved and which might require further discussion.

11. At the end of the call, counsel for the Thiel Parties indicated that they had taken careful notes and that they would respond to the issues raised by the Plan Administrator by the end of that week. The conduct of the Thiel Parties on the meet and confer call was an obvious and evident breach of the Rule 2004 Order and the Federal Rules.

12. On Friday, February 2, counsel for the Thiel Parties left a voicemail message for counsel for the Plan Administrator stating that they had discussed the issues raised concerning the Thiel Objections with their client and had answers to some of the issues, but were waiting for answers with respect to others, which they expected to have by early the next week.

13. On Sunday, February 4, counsel for the Plan Administrator responded via email to counsel for the Thiel Parties' voicemail, requesting a call the next day to discuss the Thiel Parties' responses to the issues raised.

14. Having received no response to his email, on or about Monday, February 5, counsel for the Plan Administrator followed up with a voicemail message to counsel for the Thiel Parties requesting a call to discuss the Thiel Parties' responses.

15. Counsel for the Plan Administrator did not receive a response until Friday, February 9 at 2:27 pm, when counsel for the Thiel Parties left a voicemail for counsel for the Plan Administrator stating the Thiel Parties were preparing a letter responding to all of the issues with the Thiel Objections raised by the Plan Administrator and that they expected that letter to be ready "early next week." The voicemail also stated the Thiel Parties would be providing a mark-up of the Plan Administrator's mark-up of the proposed confidentiality order. Finally, the voicemail

6

stated that the Thiel Parties "would like to propose" extending the deadlines for document productions and privilege logs. The following is a transcription of the voicemail, in relevant part:

> We are working on a letter to you addressing all of the different issues and proposals from the meet and confer. It will probably be early next week before we get that to you. In the interim, I will also get you a mark-up of your mark-up of the confidentiality order. In the interim, I would like to propose to suspend the dates to complete the document production and to provide the privilege log -- either suspend them or agree to an adjournment of 60 days. If you could call me back and let me know if that's okay with you. I would appreciate it. 302-651-3144. Thank you.

16. Less than five hours later, without any notice or mention whatsoever, the Thiel Parties filed the Motion to stay discovery deadlines that is now before the Court. The Motion came on the eve of the Thiel Parties' February 12, 2018 document production deadline and without any meaningful notice or attempt to confer on the substance of the Motion, and still without any substantive response to the issues raised by the Plan Administrator on the January 29 call.

17. Still unaware that any motion was being contemplated, much less already filed, at 7:53 pm on Friday, February 9, counsel for the Plan Administrator who had received the voicemail responded to counsel for the Thiel Parties who had left the voicemail by email asking "Can we discuss early next week? Thanks." Having already filed their motion, and again without advising counsel for the Plan Administrator, counsel for the Thiel Parties did not respond until Sunday afternoon, stating "We're available to speak on Wednesday."

18. As of the filing of this Objection, the Thiel Parties' February 12 production deadline has passed and the Thiel Parties are in default of their obligations under the Rule 2004 Order, as they have not produced a single document.[2]

---

[2] The Thiel Parties are in default of their obligations despite in their incorrect assertion that "[p]ursuant to Local Rule 9006-2, the deadlines contained in the Rule 2004 Order are automatically extended until the Court resolves this motion." Motion at 1 n.2. Local Rule 9006-2 only grants automatic extensions of time for timely-filed motions "with a return date that is no later than fourteen (14) days after the date of such filing or, if the Court is unable to schedule

19. The Plan Administrator files this Objection to clarify misstatements or mischaracterizations of fact in the Motion and to oppose the requested relief in the Motion, which represents nothing more than yet another obvious attempt by the Thiel Parties to avoid compliance with the Court's Rule 2004 Order.

## ARGUMENT

20. This Motion is the Thiel Parties' third attempt (after a failed objection to the Plan Administrator's motion for Rule 2004 discovery and a failed motion for reconsideration) to evade discovery obligations that the Court has found are warranted and appropriate under Rule 2004. The Court should not countenance the Thiel Parties' attempt to evade their discovery obligations and relitigate the Rule 2004 motion at every opportunity.

21. As a threshold matter, setting aside that the Thiel Parties waited to file their Motion until the eve of their production deadline, which has now passed (thus placing the Thiel Parties in default under the Rule 2004 Order), they filed the Motion without notice or any attempt to meet and confer. This alone is grounds to deny the Motion. *See* Judge Stuart M. Bernstein Chambers' Rules ("[D]iscovery motions may not be filed until the parties have (a) conferred among themselves to resolve the dispute and (b) participated in a conference with the Court.").

22. In any event, the Rule 2004 Order provides that "[r]elief from [discovery] deadlines may be sought for cause." Rule 2004 Order ¶ 7. But the Thiel Parties have failed to show any cause here. On the contrary, they offer excuses that are explicitly contrary to provisions of the Rule 2004 Order and facially nonsensical, and even seek to use delays that they themselves have

---

a return date within such period, as soon thereafter as the return date may be scheduled by the Court…." Pursuant to Local Rule 5070-1, the Thiel Parties were obligated to contact Chambers to obtain a hearing date prior to filing their Motion, which they have not done, as the Notice appended to the Motion indicates no return date has been set.

8

67315747_14

caused as grounds for requesting an indefinite stay of discovery deadlines. The Thiel Parties offer no basis to continue to withhold Court-ordered discovery that they simply do not want to provide.

23. The Thiel Parties first premise their motion on the fact that the parties have not yet agreed upon a confidentiality order to cover the Rule 2004 discovery. *See* Motion ¶ 15. But the Rule 2004 Order expressly provides for the production of documents prior to the entry of a confidentiality order, allowing the parties to produce documents on an attorney's-eyes-only basis until the confidentiality order is entered. *See* Rule 2004 Order ¶ 6 ("Pending Court approval of [a confidentiality] order, subpoena recipients may produce documents to the Plan Administrator's counsel on a confidential attorneys-eyes-only basis, and such documents shall not be further disclosed.").[3]

24. Next, the Thiel Parties rely on their own lack of diligence and good faith during the meet and confer process — conduct which is flagrantly in violation of their obligations under the Rule 2004 Order and the Federal Rules — as a basis to excuse their failure to meet the Court-ordered deadlines. *See* Motion ¶ 15. As set forth in detail above, any delay in the meet and confer process has been caused by the obstructionist tactics of the Thiel Parties alone. A party's own delay cannot serve as cause for that party to seek an extension of discovery deadlines. *See, e.g., Jones v. J.C. Penny's Dept. Stores Inc.*, 317 Fed Appx 71, 75 (2d Cir 2009) (affirming denial of motion to extend discovery deadlines were delays complained about were caused by movant's own lack of diligence).

25. Finally, the Thiel Parties make the frivolous argument that because the Plan Administrator has not proposed search terms for electronic discovery, it is somehow

---

[3] Although hardly warranting a response, the Thiel Parties baldly and falsely assert that the Plan Administrator has "disseminat[ed] non-public information…in the press." Motion ¶ 15. But they do not identify any confidential information that the Plan Administrator has disseminated, and none has been. In any event, this argument is irrelevant given that pursuant to the Rule 2004 Order, the documents were to be produced on an attorneys' eyes only basis.

67315747_14

"prevent[ed]…from conducting the electronic search for documents in accordance with the Rule 2004 Order." Motion ¶ 11. But, as noted above, discussing search terms in advance of meeting and conferring on the substance of the Thiel Objections would be to put the cart before the horse. And that is precisely why the Rule 2004 Order expressly contemplates a meet and confer on objections "within seven (7) business days" of service of the objections and then, "prior to conducting an electronic search utilizing search terms, [a] meet and confer to attempt to agree on appropriate search terms." Rule 2004 Order ¶¶ 8, 10. Moreover, as noted above, it is the Thiel Parties who are best positioned to provide a proposed list of search terms in the first place. *See William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 135 (S.D.N.Y. 2009) (producing party "[is] in the best position to explain to the parties and the Court the nomenclature its employees used in emails" and thus the producing party must provide "input from the [electronically stored information's] custodians as to the words and abbreviations they use"). Again, it is the Thiel Parties who have caused any delay on which the Motion is premised.

26.    While the Plan Administrator has attempted in good faith to negotiate with the Thiel Parties regarding the Rule 2004 discovery, the Thiel Parties have continued to obstruct the process at every turn. The Thiel Parties have shown no cause for extending the Court-ordered discovery deadlines in this proceeding, including the production deadline that they already have missed and which requires the production of documents that they seem intent on continuing to withhold. The Court should not reward the Thiel Parties' obstructionist conduct by allowing them to delay the Rule 2004 discovery process any more than they already have.

## CONCLUSION

27.     For all of the reasons set forth above, the Plan Administrator respectfully requests that the Court deny the Motion, enter an order requiring the Thiel Parties to comply with the terms of the Rule 2004 Order, and grant such other relief as is just and proper.

Dated:  February 14, 2018          */s/ Gregg M. Galardi*
        New York, New York          ROPES & GRAY LLP
                                          Gregg M. Galardi
                                          David B. Hennes
                                          Michael S. Winograd
                                          1211 Avenue of the Americas
                                          New York, NY 10036-8704
                                          Telephone: (212) 596-9000
                                          Facsimile: (212) 596-9090
                                          gregg.galardi@ropesgray.com
                                          david.hennes@ropesgray.com
                                          michael.winograd@ropesgray.com

                                          *Counsel to the Plan Administrator*
                                          *for the Debtors*

67315747_14