## **Attachment 4**

March 19 Letter

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

THOMAS G. HENTOFF
(202) 569-8441
FAX (202) 824-4190
THentoff@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 19, 2018

BY EMAIL AND REGULAR MAIL

Charles J. Harder, Esquire
Harder LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212

    Re:   *International Scherick, LLC v. Gizmodo Media Group, LLC*,
           No. 157939/2017 (Sup. Ct., N.Y. Cty.)

Dear Charles:

     I write regarding the above-referenced defamation lawsuit brought by your firm on behalf of your clients International Scherick, LLC and Gregory Scherick against our clients Gizmodo Media Group, LLC ("GMG"), Anna Merlan, and Emma Carmichael.

     Although the claims against all three Defendants are without merit and should be dismissed for a number of reasons, I write now specifically to request that Plaintiffs dismiss with prejudice their claims against GMG based on the December 13 and 26, 2017 rulings by the Bankruptcy Court in the Gawker Media, LLC ("Gawker Media") bankruptcy proceedings. These rulings concerned the August 22, 2016 sale order ("Sale Order") in the Gawker Media bankruptcy and New York State's single-publication rule.

     As you know, in the bankruptcy sale that closed on September 9, 2016, GMG acquired certain assets from Gawker Media, including the deadspin.com and jezebel.com websites. As set forth in the S.D.N.Y. Bankruptcy Court's December 13, 2017 opinion in *In re Gawker Media*, and further memorialized in its December 26, 2017 Order, the court held that pursuant to the Sale Order and the single-publication rule, claims cannot be brought against GMG based on GMG's not removing from a website an article that had been posted by Gawker Media prior to the sale. The court accordingly enjoined the plaintiffs in *Pregame LLC v. Gizmodo Media Group, LLC*, No. 155710/2017 (Sup.Ct. N.Y. Cty.) ("the *Pregame* Plaintiffs"), also your clients, from pursuing claims based on GMG not removing from a website an article that Gawker Media had posted on the website pre-sale.

WILLIAMS & CONNOLLY LLP

Charles J. Harder, Esquire
March 19, 2018
Page 2

      Specifically, the Bankruptcy Court held that under the single-publication rule the only cause of action for publication of an article on a website "accrues on the date of the initial publication," which in the *Pregame* case was "the initial posting of the Article" by Gawker Media on June 23, 2016. 12/13/17 Order at 11. Because *"republication does not occur merely by maintaining the information on the website,"* the court ruled that "[a]ccordingly, the [*Pregame*] Plaintiffs are enjoined from asserting [these] claims in state court" against GMG. *Id.* at 12 (emphasis added). The court indeed rejected the *Pregame* Plaintiffs' argument that their complaint only sought relief for post-sale conduct as "disingenuous." *Id.* at 10.

      The Bankruptcy Court's conclusions apply with full force here. The Complaint in this case, *International Scherick*, alleges nothing more than the continued availability after September 9, 2016 of an article about your clients written by Ms. Merlan and posted by Gawker Media on jezebel.com on May 10, 2016. Accordingly, it is foreclosed completely by the Bankruptcy Court's December 2017 Orders, which expressly enjoined the plaintiffs in that case "from asserting any claims against [GMG] . . . derived from Gawker's pre-sale publication of the Article." 12/26/17 Order at 1-2. Further, we are aware of no post-sale conduct by GMG that could amount to a separate republication of the article. Accordingly, in compliance with the Bankruptcy Court's August 2016 Sale Order and its December 2017 Orders on the *Pregame* Plaintiffs' claims, the Plaintiffs here should dismiss the *International Scherick* Complaint with prejudice as to GMG.

      Indeed, since the Complaint on its face is foreclosed by the Bankruptcy Court's rulings, Plaintiffs should not have served it on GMG in the first place as any such lawsuit was specifically prohibited and enjoined by Paragraphs 14 and 21 of the Sale Order and, pursuant to Paragraphs 46 and 47 of the Sale Order, the Bankruptcy Court retained exclusive jurisdiction to interpret the Sale Order. This means that any claims implicating the Sale Order were required to be brought before the Bankruptcy Court. *See also* 12/13/17 Order at 4-5 (quoting all four Sale Order paragraphs). By serving the state court Complaint in January 2018 in direct contravention of a Bankruptcy Court Sale Order that the Bankruptcy Court had reaffirmed just days earlier in connection with the *Pregame* Plaintiffs' claims, Plaintiffs in this case defied the Bankruptcy Court's authority while subjecting GMG to unwarranted expenses in defending the case.

      As noted above, Plaintiffs' claims against all three Defendants are without merit for a number of reasons. This letter is without waiver of any defenses, rights, or remedies available to our clients, all of which are expressly reserved.

                                    Sincerely,

                                    Thomas G. Hentoff