R˜˚˛˝ & G˙ˆˇ LLP
Gregg M. Galardi
Michael S. Winograd
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

*Counsel to the Plan Administrator
for the Gawker Entities*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
: 
In re: : Chapter 11
: 
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION OF STIPULATION AND ORDER BETWEEN
THE PLAN ADMINISTRATOR, ON BEHALF OF THE GAWKER ENTITIES, AND
CHARLES C. JOHNSON AND  GOT NEWS, LLC REGARDING RESOLUTION OF
REMAINING GOT NEWS/JOHNSON CLAIMS**

1. On August 16, 2018, William D. Holden as the plan administrator (the "Plan Administrator") for Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary, Kft. "v.a.", f/k/a Kinja, Kft. ("Gawker Hungary," and together with Gawker Media and GMGI, the "Gawker Entities"), in the above-captioned chapter 11 cases (the "Cases") and Got News LLC ("Got News") and Charles C. Johnson ("Mr. Johnson," and together with Got News, the "Claimants") (each individually, a "Party," and all collectively, the "Parties") filed the *Stipulation and Order Between the Plan Administrator, on Behalf of the*

---

[1] The last four digits of the taxpayer identification number of the Gawker Entities are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056).  The Gawker Entities' mailing addresses are c/o The Boathouse Group, LLC, 44 Lynden Street, Rye, NY 10580, Attn: William D. Holden.

*Gawker Entities, and Charles C. Johnson and Got News LLC Regarding Resolution of Remaining Got News/Johnson Claims* [Docket No. 1162] (the "Stipulation").

2.  The Parties moved by notice of presentment.

3.  On August 16, 2018, Prime Clerk LLC served the Stipulation as set forth in the *Affidavit of Service* [Docket No. 1164].

4.  Responses or objections to the Stipulation were due no later than September 5, 2018, at 10:00 a.m. (prevailing Eastern Time) (the "Objection Deadline").

5.  Pursuant to Local Rule 9075-2(a), undersigned counsel certifies that no objection, responsive pleading, or request for a hearing has been served on the Plan Administrator or the Claimants and that no such objections, responsive pleadings, or request for a hearing has appeared on the Court's docket in the Cases.

6.  Undersigned counsel further certifies that this Certificate of No Objection is filed not less than forty-eight (48) hours after the expiration of the Objection Deadline.

[*Remainder of page intentionally left blank*]

7. There having been no objections, responsive pleadings, or requests for hearing having been received or filed by the Objection Deadline or within forty-eight (48) hours thereafter, the Parties respectfully request that the Court enter the proposed order approving the Stipulation, attached hereto as **<u>Exhibit A</u>**.

Dated: September 7, 2018
New York, New York

<u>/s/ *Gregg M. Galardi*</u>
ROPES & GRAY LLP
Gregg M. Galardi
Michael S. Winograd
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Gregg.Galardi@ropesgray.com
        Michael.Winograd@ropesgray.com

*Counsel to the Plan Administrator
for the Gawker Entities*

# **Exhibit A**

Stipulation and Order

70060760_8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
In re                                                 :   Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :   Case No. 16-11700 (SMB)
                                                      :
            Debtors.                                  :   (Jointly Administered)
------------------------------------------------------x

**STIPULATION AND ORDER
BETWEEN THE PLAN ADMINISTRATOR, ON BEHALF OF
THE GAWKER ENTITIES, AND CHARLES C. JOHNSON AND GOT NEWS, LLC
REGARDING RESOLUTION OF REMAINING GOT NEWS/JOHNSON CLAIMS**

William D. Holden, as the plan administrator (the "Plan Administrator") for Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary, Kft. "v.a.", f/k/a Kinja, Kft. ("Gawker Hungary," and together with Gawker Media and GMGI, the "Gawker Entities"), in the above-captioned chapter 11 cases and Got News LLC ("Got News") and Charles C. Johnson ("Mr. Johnson," and together with Got News, the "Claimants") (each individually, a "Party," and all collectively, the "Parties") by and through their respective counsel, hereby enter into this stipulation for an agreed upon order (the "Stipulation and Order") regarding the Remaining Got News/Johnson Claims (as defined below).

**RECITALS**

WHEREAS, on December 9, 2015, the Claimants commenced a lawsuit against Gawker Media and other non-Debtor parties in the Superior Court of California, County of Fresno (the "California Case"), Case No. 15 CECG03734, captioned *Johnson v. Gawker Media, LLC* (the "Lawsuit");

---

[1] The last four digits of the taxpayer identification number of the Gawker Entities are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary Kft. (f/k/a Kinja Kft.) (5056). The Gawker Entities' mailing addresses are c/o The Boathouse Group, LLC, 44 Lynden Street, Rye, NY 10580, Attn: William D. Holden.

70060760_8

WHEREAS, the Lawsuit alleges, among other things, that several statements appearing on Gawker Media's websites and elsewhere were defamatory as against Mr. Johnson and, as a result, adversely affected Mr. Johnson's media company, Got News;

WHEREAS, on June 10, 2016 (the "Gawker Media Bankruptcy Case"), Gawker Media filed a voluntary petition for relief under chapter 11, of title 11, of the United States Code (the "Bankruptcy Code");

WHEREAS, on June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under the Bankruptcy Code (the "GMGI/Gawker Hungary Bankruptcy Cases," and together with the Gawker Media Bankruptcy Case, the "Cases");

WHEREAS, on September 28, 2016, Got News filed Proofs of Claim Nos. 53, 202, and 298 (the "Got News Claims") in the Gawker Media Bankruptcy Case, which relate to the Lawsuit;

WHEREAS, that same day, on September 28, 2016, Mr. Johnson filed Proofs of Claim Nos. 54, 223, and 246 (the "Johnson Claims," and together with the Got News Claims, the "Got News/Johnson Claims") in the Gawker Media Bankruptcy Case, which too relate to the Lawsuit;

WHEREAS, on October 31, 2016, the Gawker Entities filed the (a) *Debtors' Omnibus Objection to Proofs of Claim Nos. 54, 223, and 246 Filed by Charles C. Johnson, and Motion to Apply Fed. R. Civ. P. 12(b)(6) and 12(c), Pursuant to Bankruptcy Rules 9014 and 7012* [Docket No. 396] (the "Johnson Omnibus Objection") and (b) *Debtor's Omnibus Objection to Proofs of Claim Nos. 53, 202, and 298 Filed by Got News LLC, and Motions to Apply Fed. R. Civ. P.12(b)(6), Pursuant to Bankruptcy Rules 9014 and 7012* [Docket No. 397] (the "Got News Omnibus Objection," and together with the Johnson Omnibus Objection, the "Claims Objections");

2

70060760_8

WHEREAS, on November 16, 2016, the Claimants filed the *Opposition to Omnibus Objections to Proofs of Claim as to Charles C. Johnson and Got News LLC* [Docket No. 452];

WHEREAS, on November 29, 2016, the Gawker Entities filed the *Reply in Support of Omnibus Objections to Proofs of Claim of Got News LLC and Charles C. Johnson* [Docket No. 501];

WHEREAS, on December 1, 2016, the Court held an initial hearing on the Claims Objections, and ordered that the Parties meet and confer and propose a scheduling order for further proceedings in the contested matters commenced by the Claims Objections;

WHEREAS, on December 5, 2016, the Claimants filed the *General Objection of Claimants Charles C. Johnson and Got News LLC to Debtors' Amended Joint Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft* [Docket No. 540] (the "Confirmation Objection");

WHEREAS, the Confirmation Objection was settled, with the terms of that settlement contained in the Confirmation Order (as defined below);

WHEREAS, pursuant to the Confirmation Order, each of the Claimants now has only a single claim remaining against Gawker Media (the "Remaining Got News/Johnson Claims"),[2] all other defendants were released, and the Claimants' aggregate recovery from Reorganized Gawker Media, if any, on the Remaining Got News/Johnson Claims could not exceed $1.5 million, for which the Gawker Entities established a reserve (the "Got News/Johnson Claims Reserve");[3]

---

[2] The allowed Remaining Got News/Johnson Claims are 223, filed by Mr. Johnson, and 298, filed by Got News. *See* Confirmation Order ¶ 87.

[3] *See* Confirmation Order ¶ 82.

3

WHEREAS, on December 11, 2016, the Gawker Entities filed the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 576] (the "Plan");

WHEREAS, on December 22, 2016, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638] (the "Confirmation Order");[4]

WHEREAS, in accordance with the provisions of the Plan, pursuant to Federal Rule of Bankruptcy Procedure 9019 and section 1123(b)(3) of the Bankruptcy Code, without any further notice to or action, order, or approval of the Bankruptcy Code, after the Effective Date (as defined below), the Gawker Entities, acting through the Plan Administrator, may compromise and settle Claims (as defined in the plan) against the Gawker Entities and their estates and Causes of Action (as defined in the Plan) against any person or entity;[5]

WHEREAS, on March 17, 2017, the Plan went effective (the "Effective Date");

WHEREAS, on April 20, 2018, the Claimants served the Gawker Entities with discovery requests in connection with the Remaining Got News/Johnson Claims (the "Discovery Requests");

WHEREAS, following the Gawker Entities' receipt of the Discovery Requests, the Gawker Entities contacted the Claimants seeking a stay of discovery pending resolution of the Claims

---

[4] On January 25, 2017, the Court entered the *Scheduling Order Regarding Debtors' Objections to Proofs of Claim of Got News LLC and Charles Johnson* [Docket No. 703], establishing a briefing schedule to determine the issues of (i) whether the Got News/Johnson Claims are "personal injury tort" claims within the meaning of 28 U.S.C. § 157(b)(2)(B) and (ii) whether the California anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, applies to the Claims Objections, and if so, in what manner. On August 21, 2017, after further briefing by both parties and a hearing having been held on February 14, 2017, the Court issued its *Memorandum Decision Regarding Stage One Issues* and determined that the Court may adjudicate the allowance or disallowance and liquidate the Got News/Johnson Proofs of Claim [Docket No. 979].

[5] *See* Confirmation Order ¶ 57.

4

Objections, and in response thereto, the Claimants indicated that they would consent to a stay of discovery if the Parties entered into mediation (the "Mediation"), which the Gawker Entities agreed to do;

WHEREAS, on May 10, 2017, the Parties jointly filed the *Stipulation and Order Between the Plan Administrator, Charles Johnson, and Got News, LLC, Referring the Claims of Got News LLC and Charles Johnson to Mediation* [Docket No. 1120] (the "Stipulation");

WHEREAS, paragraph 5 of the Stipulation provides that the Mediation shall be deemed concluded upon the Court's approval of a stipulated order or judgment or motion, fully resolving the Remaining Got News/Johnson Claims and Claims Objections;

WHEREAS, the Stipulation was so-ordered by the Court on May 29, 2018 [Docket No. 1133] (the "Stipulated Order");

WHEREAS, on June 19, 2018, the Parties engaged in the Mediation, which resulted in the Parties' entry into a certain Settlement Term Sheet setting forth the essential and material terms and conditions of an agreement, which terms and conditions are reflected in a certain Settlement Agreement, dated July 11, 2018 (the "Settlement Agreement");

WHEREAS, pursuant to the Settlement Agreement, the Parties agreed to be bound by and comply with the provisions set forth in the Settlement Agreement under the heading "Confidentiality," and the Parties have agreed to treat the terms and conditions of the Settlement Agreement as confidential and not disclose anything regarding the Settlement Agreement except as otherwise authorized or unless legally compelled to do so;

WHEREAS, pursuant to the Settlement Agreement, on July 12, 2018, the Claimants filed a Request for Dismissal in the California Case, which was not entered by the Superior Court of

California for the reason "Case is still in Bankruptcy," as set forth by the Clerk of that court on July 13, 2018; and

WHEREAS, on July 19, 2018, the Parties appeared for a status conference before the Superior Court of California, at which time that court indicated that it would not dismiss the California Case absent an order of the bankruptcy court.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND SO ORDERED THAT:**

1. Consistent with Paragraph 82 of the Confirmation Order and in accordance with the terms of the Settlement Agreement, the Remaining Got News/Johnson Claims are fully and finally resolved.

2. The Claims Objections, including, without limitation, all discovery requests in connection therewith, are hereby deemed withdrawn with prejudice.

3. The Mediation is deemed concluded.

4. Any stay in existence as a result of the Cases, Plan, or otherwise, is modified to permit the Parties and the Superior Court of California to dismiss, with prejudice, the California Case.

[*Text continues on the next page*]

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulation and Order.

Dated: August 16, 2018

| | |
|---|---|
| /s/ *Gregg M. Galardi* | /s/ *Jay M. Wolman* |
| Gregg M. Galardi | Jay M. Wolman |
| Michael Winograd | RANDAZZA LEGAL GROUP, PLLC |
| ROPES & GRAY LLP | 100 Pearl Street, 14th Floor |
| 1211 Avenue of the Americas | Hartford, Connecticut 06103 |
| New York, New York 10036 | Telephone: (702) 420-2001 |
| Telephone: (212) 596-9000 | Facsimile: (305) 437-7662 |
| Facsimile: (212) 596-9090 | ecf@randazza.com |
| | |
| *Counsel for the Plan Administrator for the Gawker Entities* | *Counsel for Claimants* |

**SO ORDERED:**
 **Dated: _____, 2018**

**THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE**