HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for Ryan Goldberg*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

GAWKER MEDIA LLC, *et al.*[1]

                Debtors.

Chapter 11
Case No. 16-11700 (SMB)

## APPELLANT'S STATEMENT OF ISSUES PRESENTED ON APPEAL AND DESIGNATION OF THE RECORD ON APPEAL

        Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Ryan

Goldberg (the "Appellant"), by and through his undersigned counsel, submits the following

statement of issues presented on appeal and designation of items for inclusion in the appellate

record in connection with his appeal from (i) *Order Denying Ryan Goldberg's Motion (i) to*

*Enforce Order Confirming Amended Joint Chapter 11 Plan of Liquidation and (ii) to Bar and*

*Enjoin Creditors from Prosecuting Their State Court Action*, entered in the above-captioned

proceeding on August 21, 2018 (ECF No. 1165, the "Order") and (ii) *Memorandum Decision*

*Denying Motion to Enjoin Plaintiffs from Continuing State Court Action Against Ryan Goldberg*,

---

1. The last four digits of the taxpayer identification number of the debtors (the "Debtors") are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Kinja Kft. (5056). Gawker Media LLC and Gawker Media Group, Inc.'s mailing addresses are c/o Opportune LLP, Attn: William D. Holden, Chief Restructuring Officer, 10 East 53rd Street, 33rd Floor, New York, NY 10020. Kinja Kft.'s mailing address is c/o Opportune LLP, Attn: William D. Holden, 10 East 53rd Street, 33rd Floor, New York, NY 10020.

dated August 3, 2018 (ECF No. 1158, the "Decision"), as set forth in his Notice of Appeal filed

on September 4, 2018.  (ECF No. 1168.)

Appellant reserves his right to designate additional items for inclusion in the

record, and further reserves his right to restate issues presented on appeal if any motions are

granted subsequent to the filing of this designation that affect the Order or Decision.  For items

designated, the designation includes all documents referenced with the particular document

number including, without limitation, all exhibits, attachments, declarations, and affidavits

related thereto.

## STATEMENT OF ISSUES ON APPEAL

1. Whether the Bankruptcy Court erred in denying Appellant's motion to

(i) enforce the order confirming the Amended Joint Chapter 11 Plan of Liquidation (the "Plan")

and (ii) bar and enjoin Pregame LLC, d/b/a/ Pregame.com, and Randall James Busack, known

professionally as RJ Bell (together, the "Appellees") from prosecuting claims arising from the

article authored by Appellant and posted on Debtors' Deadspin.com website on June 23, 2016

(the "Article").

2. Whether the Bankruptcy Court erred in holding that the Plan does not bar

and enjoin Appellees from prosecuting claims against Appellant arising from the Article.

## DESIGNATION OF RECORD

Appellant submits the following items for inclusion in the record on appeal.

| Filings in Case No. 16-11700 (SMB) (Bankr. S.D.N.Y) | | | |
|---|---|---|---|
| Designation No. | Date | ECF No. | Description |
| 1 | 6/10/2016 | 1 | Chapter 11 Voluntary Petition |
| 2 | 6/12/2016 | 7 | Declaration of William D. Holden in Support of First Day Motions |

| Filings in Case No. 16-11700 (SMB) (Bankr. S.D.N.Y) | | | |
|---|---|---|---|
| Designation No. | Date | ECF No. | Description |
| 3 | 6/13/2016 | 15 | Motion for Entry of Interim and Final Orders Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors and Foreign Vendors |
| 4 | 7/13/2016 | 87 | Order Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors and Foreign Vendors |
| 5 | 7/20/2016 | 116 | Gawker Media LLC's Schedules of Assets and Liabilities for Non-Individual Debtors |
| 6 | 8/11/2016 | 168 | Order (I) Establishing a Deadline to File Proofs of Claim, Certain Administrative Claims and Procedures Relating Thereto and (II) Approving the Form and Manner of Notice Thereof |
| 7 | 8/18/2016 | 196 | Affidavit of Service of Ingamar D. Ramirez Regarding Bar Date Notice, Retention of Cahill Gordon & Reindell LLP, Third Interim Wages Order, Notice of Retention of Maples and Calder, Notice of Retention of Jalsovszky Ugyvedi Iroda, Notice of Filing of Corrected Gawker Media Group, Inc. Statement of Financial Affairs, Notice of Filing of Corrections to Gawker Media LLC's Statement of Financial Affairs, and Notice of Filing of Corrected Kinja Kft. Schedule A/B |
| 8 | 9/30/2016 | 308 | Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Liquidation |
| 9 | 10/31/2016 | 390 | Reservation of Rights of Certain Former and Current Writers, Employees and Independent Contractors Regarding the Debtors' Disclosure Statement |
| 10 | 10/31/2016 | 394 | Notice of Debtors' First Omnibus Objection to Claims (Director, Officer and Employee Indemnification Claims) |
| 11 | 11/2/2016 | 403 | Disclosure Statement for the Debtors' Amended Joint Chapter 11 Plan of Liquidation |

| Filings in Case No. 16-11700 (SMB) (Bankr. S.D.N.Y) | | | |
|---|---|---|---|
| Designation No. | Date | ECF No. | Description |
| 12 | 11/4/2016 | 413 | Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures with Respect to Confirmation of the Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft., (III) the Form of Ballots and Notices in Connection Therewith, and (IV) the Scheduling of Certain Dates with Respect Thereto |
| 13 | 11//2016 | 427 | Notice of Filing of Solicitation Version of the Disclosure Statement for the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. |
| 14 | 11/14/2016 | 440 | Affidavit of Publication |
| 15 | 11/14/2016 | 442 | Objection of Certain Former and Current Writers, Employees and Independent Contractors to Debtors' First Omnibus Objection to Claims (No Liability Gawker Hungary KFT (f/k/a Kinja KFT) Indemnification Claims) |
| 16 | 11/14/2016 | 446 | Affidavit of Service of Solicitation Materials |
| 17 | 11/17/2016 | 447 | Transcript regarding Hearing Held on 11/03/16 at 10:54 AM |
| 18 | 12/5/2016 | 546 | Response in Support of Confirmation of the Amended Chapter 11 Plan, or in the alternative, Limited Objection and Reservation of Rights |
| 19 | 12/5/2016 | 547-1 | Memorandum of Law of *Amici Curiae* Society of Professional Journalists, Reporters Committee For Freedom of the Press, and 19 Other Media Organizations in Support of Confirmation of the Amended Chapter 11 Plan |
| 20 | 12/6/2016 | 563 | Declaration of James Daloia of Prime Clerk LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Debtors' Amended Joint Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. |

| Filings in Case No. 16-11700 (SMB) (Bankr. S.D.N.Y) | | | |
|---|---|---|---|
| Designation No. | Date | ECF No. | Description |
| 21 | 12/9/2016 | 574 | Debtors' (I) Memorandum of Law in Support of Confirmation of Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. and (II) Omnibus Reply to Objections Thereto |
| 22 | 12/11/2016 | 576 | Notice of Filing of Revised Version of Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. and Proposed Form of Order Approving Such Joint Chapter 11 Plan |
| 23 | 12/14/2016 | 628 | Transcript Regarding Hearing Held on 12/13/16 at 10:34 AM |
| 24 | 12/22/2016 | 638 | Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary KFT. |
| 25 | 3/17/2017 | 825 | Notice of (I) Entry of Order Confirming the Debtors' Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft. and (II) Occurrence of Effective Date |
| 26 | 6/2/2017 | 916 | Notice of Presentment of Stipulation and Order Between the Plan Administrator and Certain Released Employees and Independent Contractors Regarding Proofs of Claim |
| 27 | 6/19/2017 | 928 | Stipulation and Order Between the Plan Administrator and Certain Released Employees and Independent Contractors Regarding Proofs of Claim |
| 28 | 8/21/2017 | 981 | Motion for Entry of an Order (i) Enforcing the Amended Joint Chapter 11 Plan of Liquidation filed by Gawker Media Group, Inc., Gawker Media LLC and Gawker Hungary Kft. and (ii) Barring and Enjoining Pregame LLC, d/b/a Pregame.com, and Randall James Busack |

| Filings in Case No. 16-11700 (SMB) (Bankr. S.D.N.Y) | | | |
|---|---|---|---|
| Designation No. | Date | ECF No. | Description |
| 29 | 9/5/2017 | 997 | Joinder and Reservation of Rights by the Plan Administrator to the Motions of Ryan Goldberg and Gizmodo Media Group, LLC to Enforce the Sale Order and the Confirmation Order and Bar Certain Plaintiffs from Prosecuting Their State Court Actions |
| 30 | 9/15/2017 | 1006 | Objection to Motion of Gizmodo Media Group, LLC and Ryan Goldberg Seeking to Enforce Orders of this Court and Bar Prosecution of a State Court Action and in Response to the Joinder of the Plan Administrator to Such Motions |
| 31 | 9/22/2017 | 1010 | Motion of Proposed *Amici Curiae* Society of Professional Journalists, Reporters Committee for the Freedom of the Press, and 19 Other Media Organizations for Leave to File Memorandum of Law as *Amici Curiae* |
| 32 | 9/25/2017 | 1014 | Reply of Ryan Goldberg to Objection of Pregame LLC and Randall James Busa[c]k to Motion Seeking to Enforce Order Confirming Amended Joint Chapter 11 Plan of Liquidation and Bar Prosecution of a State Court Action |
| 33 | 9/27/2017 | 1022 | Objection to Motion of Proposed *Amici Curiae* Society of Professional Journalists, Reporters Committee for Freedom of the Press, and 19 Other Media Organizations for leave to file Memorandum of Law |
| 34 | 10/02/2017 | 1028 | Scheduling Order Signed on 10/2/2017. Re: To Motion Of Ryan Goldberg (I) To Enforce Order Confirming Amended Joint Chapter 11 Plan Of Liquidation And (II) To Bar And Enjoin Creditors From Prosecuting Their State Court Action |
| 35 | 10/12/2017 | 1032 | Transcript regarding Hearing Held on 09/28/2017 at 10:20 AM |
| 36 | 1/31/2018 | 1073 | Motion *In Limine* to Exclude Expert |
| 37 | 2/7/2018 | 1077 | Memorandum of Law in Opposition to Motion *In Limine* to Exclude Expert |
| 38 | 3/15/2018 | 1089 | Joint Pre-Trial Order |
| 39 | 3/28/2018 | 1098 | Notice of Trial and Hearing on Motion *In Limine* of Pregame LLC, d/b/a Pregame.com and Randall James Busack to Exclude Expert |
| 40 | 4/20/2018 | 1103 | Transcript regarding Hearing Held on 04/09/2018 at 10:05 AM |

| Filings in Case No. 16-11700 (SMB) (Bankr. S.D.N.Y) | | | |
|---|---|---|---|
| Designation No. | Date | ECF No. | Description |
| 41 | 4/23/2018 | 1104 | Order Granting Motion *In Limine* |
| 42 | 4/25/2018 | 1108 | Findings of Fact and Conclusions of Law |
| 43 | 5/9/2018 | 1118 | Findings of Fact and Conclusions of Law (Counter-Proposed) |
| 44 | 5/16/2018 | 1125 | Responses to Counter-Proposed Findings of Fact and Conclusions of Law |
| 45 | 8/3/2018 | 1158 | Memorandum Decision Denying Motion to Enjoin Plaintiffs from Continuing State Court Action Against Ryan Goldberg |
| 46 | 8/9/2018 | 1160 | Notice of Settlement of Order |
| 47 | 8/21/2018 | 1165 | Order Denying Ryan Goldberg's Motion (I) to Enforce Order Confirming Amended Joint Chapter 11 Plan of Liquidation and (II) to Bar and Enjoin Creditors from Prosecuting Their State Court Action |
| 48 | 9/4/2018 | 1168 | Notice of Appeal |
| 49 | 9/18/2018 | 1176 | Notice of Appearance and Request for Service of Papers |

| Filings in Adv. Pro. No. 16-1085 (SMB) (Bankr. S.D.N.Y) | | | |
|---|---|---|---|
| Designation No. | Date | ECF No. | Description |
| 1 | 6/10/2016 | 4 | Motion for Preliminary Injunction and/or Extension of the Automatic Stay |
| 2 | 6/10/2016 | 5 | Memorandum of Law in Support |
| 3 | 6/10/2016 | 6 | Declaration of William D. Holden in Support of the Debtor's Motion for (I) A Preliminary Injunction and/or (II) Extension of the Automatic Stay and the Debtor's Ex Parte Motion for a Temporary Restraining Order |

| Trial Exhibits[2] | |
|---|---|
| 1 | Joint Pre-Trial Order – Movant's Exhibits 1, 2, 3, 5 and 9 |
| 2 | Joint Pre-Trial Order – Respondents' Exhibits A, B, C, D, E, F, G, H, I, J, K, L and M |

---

2.    Pursuant to Local Rule 8009-1 of the United States Bankruptcy Court of the Southern District of New York, the trial exhibits listed above that are not available on the court docket are attached hereto.

Dated:    New York, New York
          September 18, 2018

                              HUGHES HUBBARD & REED LLP

                              By: /s/  James C. Fitzpatrick                    
                                  James C. Fitzpatrick
                                  Karen M. Chau
                              One Battery Park Plaza
                              New York, New York 10004
                              Telephone:  (212) 837-6000
                              Facsimile:  (212) 422-4726
                              Email:  james.fitzpatrick@hugheshubbard.com

                              *Attorneys for Ryan Goldberg*

**Movant's Exhibit 3**

Message

| From: | Galardi, Gregg [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GALARDI, GREGGE2E] |
|---|---|
| Sent: | 11/2/2016 10:14:09 PM |
| To: | Russell Jr, William T (wrussell@stblaw.com) [wrussell@stblaw.com]; Qusba, Sandy (SQusba@stblaw.com) [SQusba@stblaw.com]; Massel, Morris (MMassel@stblaw.com) [MMassel@stblaw.com] |
| CC: | Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3] |
| Subject: | Third Party Releases |

Heads Up – we are going to modify to include a release from not only people who receive distributions under the plan but also from those that do not.  I understand fully the likelihood that they will not be approved, but anything short of the full third party release will be a problem

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

ROPES-GWK-00003224

**Respondents' Exhibit B**

Message

| From: | Galardi, Gregg [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GALARDI, GREGGE2E] |
|---|---|
| Sent: | 10/28/2016 3:02:16 PM |
| To: | Levine, Sharon L. [slevine@saul.com] |
| CC: | Patel, Dipesh [DPatel@saul.com]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3] |
| Subject: | RE: Gawker - Proposed Plan Language |

OK.  Not worried about incendiary.  I am sure the writers have a lot to say, but realize we are their only chance to be out of this

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:50 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

If we have to file a placeholder it will be a non-incendiary reservation of rights. But we are trying to reach the client by Monday in the hopes of making that unnecessary   Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 10:39 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

The problem is the agenda is due on Tuesday.  We can probably go to 11 am on Tuesday, but not longer.  We will not be adjourning the DS hearing and will be filing a revised DS on Tuesday at or shortly after the Agenda is filed.

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:37 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

CONFIDENTIAL

ROPES-GWK-00000046

As a procedural matter since we seem to be moving in the right direction would the debtors consider extending our deadline to object to give us a little bit more time to work through these issues.

Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 7:22 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Understood.  Not trying to have them waive a wage claim or more routine stuff


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:22 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

Let us first coordinate on our side but we understand the request and just need to drill down a little bit further on what other claims might be out there, if any.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 6:57 AM, Galardi, Gregg
<Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>> wrote:

I think we are prepared to extend the releases to the persons below, conditioned upon their (i) voting to accept the plan and (ii) releasing any and all claims they have against the Debtors, whether for contribution, indemnification or otherwise.

If you would like to have a call to discuss, please let me know, but we need consideration from them and their giving up their claims against the company would be quid pro quo for this and  "third party releases"


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

ROPES-GWK-00000047

From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Thursday, October 27, 2016 10:02 PM
To: Galardi, Gregg; McGee, Alex
Cc: Levine, Sharon L.
Subject: Gawker - Proposed Plan Language

Gregg:

In connection with our call from earlier this week, we have confirmed that each of our clients were
either writers or independent contractors. Therefore, we request that the "Release Party" definition
set forth on page 10 of the proposed plan be amended to:

"Released Party" means, each of, and solely in its capacity as such: (i) the Debtors and (ii) the Second
Lien Lender, and (iii) with respect to each of the foregoing entities in clauses (i) and (ii), respective
current and former directors, managers, officers, equity holders, principals, such entity's current and
former members, current and former employees including, without limitation, current and former 1099
employees and current and former independent contractors, agents, advisory board members, financial
advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other
professionals.

Assuming the debtors are amenable to the proposed language, the Releases by the Debtors set forth in
Section 9.03 of the proposed plan would extend to current and former employees and current and former
independent contractors.

Should you have any questions, please feel free to contact us.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com>
<image001.jpg>

From: Patel, Dipesh
Sent: Tuesday, October 18, 2016 4:28 PM
To: 'Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>'
Cc: 'Jonathan.Agudelo@ropesgray.com<mailto:Jonathan.Agudelo@ropesgray.com>'; Levine, Sharon L.
Subject: FW: Gawker - Proposed Plan Language

Dear Greg:

In connection with the disclosure statement and proposed plan, we request that any release granted to the
debtors through the plan also extend to any writer, employee, or independent contractor that provided
services or content on behalf of the debtors. As currently drafted, the proposed plan sets forth the
following:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as
expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all
entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors
and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not),
along with their respective present or former employees, agents, officers, directors or principals, are
permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in
any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without
limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting
the Debtors or the property of any of the Debtors, (ii) enforcing, levying, attaching (including, without
limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means,
whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the property
of any of the Debtors, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or
indirectly, any encumbrance of any kind against the Debtors or the property of any of the Debtors, (iv)
asserting any right of setoff, directly or indirectly, against any obligation due the Debtors or the
property of any of the Debtors, except as contemplated or allowed by the Plan, (v) acting or proceeding

in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

We propose the following language to make it clear that the proposed release is also extended to any content provider:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, present or former independent contractors, present or former content providers, present or former writers, agents, officers, directors or principals (collectively, the "Associated Parties"), are permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, except as contemplated or allowed by the Plan, (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

In addition to the above, we request that the writers and independent contractors be included as a "Released Party" as defined on p. 10 of the plan.


"Released Party" means, each of, and solely in its capacity as such: (i) the Debtors and (ii) the Second Lien Lender, and (iii) with respect to each of the foregoing entities in clauses (i) and (ii), respective current and former directors, managers, officers, equity holders, principals, such entity's current and former members, current and former employees, current and former writers, current and former independent contractors, current and former content providers, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

Please let us know if the Debtors are amenable to the proposed language.

Should you have any questions, please feel free to contact us.

Thanks,

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com>
<image001.jpg>


"Saul Ewing LLP <http://saul.com<http://saul.com>>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~+

**Respondents' Exhibit C**

Message

| From: | Galardi, Gregg [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GALARDI, GREGGE2E] |
|---|---|
| Sent: | 10/28/2016 4:05:11 PM |
| To: | Patel, Dipesh [DPatel@saul.com]; Levine, Sharon L. [slevine@saul.com] |
| CC: | McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3] |
| Subject: | RE: Gawker - Proposed Plan Language |

Not really. The Debtors will release the employees and 1099s, but we are going to add a third party release, and both the Debtors release and a third party release will be based on people voting to accept the plan and waiving their claims against the company. We will send you language and I have been having email correspondence with Sharon

    Gregg M. Galardi
    ROPES & GRAY LLP
    T +1 212 596 9139 | M +1 917 434 3178
    1211 Avenue of the Americas
    New York, NY 10036-8704
    Gregg.Galardi@ropesgray.com
    www.ropesgray.com

-----Original Message-----
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Friday, October 28, 2016 11:53 AM
To: Galardi, Gregg; Levine, Sharon L.
Cc: McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: RE: Gawker - Proposed Plan Language

Gregg:

It appears that the debtors are accepting our request to include language releasing claims against employees and independent contractors, but it is unclear to us who is giving that release. If this is a third-party release we are likely okay taking this language to a non-bankruptcy forum to have a case dismissed in exchange for giving up the indemnification claims against the debtors. However, as we read the plan release language only the debtor estates are giving releases. If this is the case, we might not be able to give up our indemnification claims, if any.

Please give me a call to discuss.

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

-----Original Message-----
From: Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
Sent: Friday, October 28, 2016 11:02 AM
To: Levine, Sharon L.
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: RE: Gawker - Proposed Plan Language

OK. Not worried about incendiary. I am sure the writers have a lot to say, but realize we are their only chance to be out of this

    Gregg M. Galardi
    ROPES & GRAY LLP

CONFIDENTIAL

ROPES-GWK-00000055

T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:50 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

If we have to file a placeholder it will be a non-incendiary reservation of rights. But we are trying to
reach the client by Monday in the hopes of making that unnecessary   Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 10:39 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

The problem is the agenda is due on Tuesday.  We can probably go to 11 am on Tuesday, but not longer.  We
will not be adjourning the DS hearing and will be filing a revised DS on Tuesday at or shortly after the
Agenda is filed.


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:37 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

As a procedural matter since we seem to be moving in the right direction would the debtors consider
extending our deadline to object to give us a little bit more time to work through these issues.

Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 7:22 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Understood.  Not trying to have them waive a wage claim or more routine stuff

CONFIDENTIAL                                                                    ROPES-GWK-00000056

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:22 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

Let us first coordinate on our side but we understand the request and just need to drill down a little
bit further on what other claims might be out there, if any.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 6:57 AM, Galardi, Gregg
<Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>> wrote:

I think we are prepared to extend the releases to the persons below, conditioned upon their (i) voting to
accept the plan and (ii) releasing any and all claims they have against the Debtors, whether for
contribution, indemnification or otherwise.

If you would like to have a call to discuss, please let me know, but we need consideration from them and
their giving up their claims against the company would be quid pro quo for this and  "third party
releases"


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>



This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Thursday, October 27, 2016 10:02 PM
To: Galardi, Gregg; McGee, Alex
Cc: Levine, Sharon L.
Subject: Gawker - Proposed Plan Language


Gregg:

In connection with our call from earlier this week, we have confirmed that each of our clients were
either writers or independent contractors.  Therefore, we request that the  "Release Party" definition
set forth on page 10 of the proposed plan be amended to:

CONFIDENTIAL    ROPES-GWK-00000057

"Released Party" means, each of, and solely in its capacity as such: (i) the Debtors and (ii) the Second Lien Lender, and (iii) with respect to each of the foregoing entities in clauses (i) and (ii), respective current and former directors, managers, officers, equity holders, principals, such entity's current and former members, current and former employees including, without limitation, current and former 1099 employees and current and former independent contractors, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

Assuming the debtors are amenable to the proposed language, the Releases by the Debtors set forth in Section 9.03 of the proposed plan would extend to current and former employees and current and former independent contractors.

Should you have any questions, please feel free to contact us.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com>
<image001.jpg>

From: Patel, Dipesh
Sent: Tuesday, October 18, 2016 4:28 PM
To: 'Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>'
Cc: 'Jonathan.Agudelo@ropesgray.com<mailto:Jonathan.Agudelo@ropesgray.com>'; Levine, Sharon L.
Subject: FW: Gawker - Proposed Plan Language

Dear Greg:

In connection with the disclosure statement and proposed plan, we request that any release granted to the debtors through the plan also extend to any writer, employee, or independent contractor that provided services or content on behalf of the debtors. As currently drafted, the proposed plan sets forth the following:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, agents, officers, directors or principals, are permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the property of any of the Debtors, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the property of any of the Debtors, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the property of any of the Debtors, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors or the property of any of the Debtors, except as contemplated or allowed by the Plan, (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

We propose the following language to make it clear that the proposed release is also extended to any content provider:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, present or former independent contractors, present or former content providers, present or former writers, agents, officers, directors or principals (collectively, the "Associated Parties"), are permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the property of any of the Debtors, the

ROPES-GWK-00000058

Associated Parties, or the property of any of the Associated Parties, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, except as contemplated or allowed by the Plan, (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

In addition to the above, we request that the writers and independent contractors be included as a " Released Party" as defined on p. 10 of the plan.

"Released Party" means, each of, and solely in its capacity as such: (i) the Debtors and (ii) the Second Lien Lender, and (iii) with respect to each of the foregoing entities in clauses (i) and (ii), respective current and former directors, managers, officers, equity holders, principals, such entity's current and former members, current and former employees, current and former writers, current and former independent contractors, current and former content providers, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

Please let us know if the Debtors are amenable to the proposed language.

Should you have any questions, please feel free to contact us.

Thanks,

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com>
<image001.jpg>

"Saul Ewing LLP <http://saul.com<http://saul.com>>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~+

ROPES-GWK-00000059

**Respondents' Exhibit D**

Message

| From: | Galardi, Gregg [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GALARDI, GREGGE2E] |
| --- | --- |
| Sent: | 10/28/2016 4:09:06 PM |
| To: | Levine, Sharon L. [slevine@saul.com] |
| CC: | Patel, Dipesh [DPatel@saul.com]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3] |
| Subject: | RE: Gawker - Proposed Plan Language |

It is the Third party release we will request to waive.  The Company will release affirmative claims
against directors with certain exceptions (Denton for now), but will preserve all defenses to claims by
employees and 1099s.  For example we do not believe that they all have indemnification or contribution
claims and certainly not from GMGI or Gawker Hungary


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 12:07 PM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

We were both confused.

If we are included in the third party release then releasing or waiving our claims is an easier lift.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 9:05 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Not really.  The Debtors will release the employees and 1099s, but we are going to add a third party
release, and both the Debtors release and a third party release will be based on people voting to accept
the plan and waiving their claims against the company.  We will send you language and I have been having
email correspondence with Sharon


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----
From: Patel, Dipesh [mailto:DPatel@saul.com]

    ROPES-GWK-00000065

Sent: Friday, October 28, 2016 11:53 AM
To: Galardi, Gregg; Levine, Sharon L.
Cc: McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: RE: Gawker - Proposed Plan Language

Gregg:

It appears that the debtors are accepting our request to include language releasing claims against employees and independent contractors, but it is unclear to us who is giving that release. If this is a third-party release we are likely okay taking this language to a non-bankruptcy forum to have a case dismissed in exchange for giving up the indemnification claims against the debtors. However, as we read the plan release language only the debtor estates are giving releases. If this is the case, we might not be able to give up our indemnification claims, if any.

Please give me a call to discuss.

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com


-----Original Message-----
From: Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
Sent: Friday, October 28, 2016 11:02 AM
To: Levine, Sharon L.
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: RE: Gawker - Proposed Plan Language

OK. Not worried about incendiary. I am sure the writers have a lot to say, but realize we are their only chance to be out of this


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.
-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:50 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

If we have to file a placeholder it will be a non-incendiary reservation of rights. But we are trying to reach the client by Monday in the hopes of making that unnecessary    Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 10:39 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

CONFIDENTIAL

ROPES-GWK-00000066

The problem is the agenda is due on Tuesday.  We can probably go to 11 am on Tuesday, but not longer.  We will not be adjourning the DS hearing and will be filing a revised DS on Tuesday at or shortly after the Agenda is filed.


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:37 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

As a procedural matter since we seem to be moving in the right direction would the debtors consider extending our deadline to object to give us a little bit more time to work through these issues.

Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 7:22 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Understood.  Not trying to have them waive a wage claim or more routine stuff


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:22 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

Let us first coordinate on our side but we understand the request and just need to drill down a little bit further on what other claims might be out there, if any.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 6:57 AM, Galardi, Gregg
<Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>> wrote:

I think we are prepared to extend the releases to the persons below, conditioned upon their (i) voting to accept the plan and (ii) releasing any and all claims they have against the Debtors, whether for contribution, indemnification or otherwise.

If you would like to have a call to discuss, please let me know, but we need consideration from them and their giving up their claims against the company would be quid pro quo for this and "third party releases"


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>



This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.


From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Thursday, October 27, 2016 10:02 PM
To: Galardi, Gregg; McGee, Alex
Cc: Levine, Sharon L.
Subject: Gawker - Proposed Plan Language


Gregg:

In connection with our call from earlier this week, we have confirmed that each of our clients were either writers or independent contractors. Therefore, we request that the "Release Party" definition set forth on page 10 of the proposed plan be amended to:

"Released Party" means, each of, and solely in its capacity as such: (i) the Debtors and (ii) the Second Lien Lender, and (iii) with respect to each of the foregoing entities in clauses (i) and (ii), respective current and former directors, managers, officers, equity holders, principals, such entity's current and former members, current and former employees including, without limitation, current and former 1099 employees and current and former independent contractors, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.


Assuming the debtors are amenable to the proposed language, the Releases by the Debtors set forth in Section 9.03 of the proposed plan would extend to current and former employees and current and former independent contractors.

Should you have any questions, please feel free to contact us.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com>
<image001.jpg>

From: Patel, Dipesh
Sent: Tuesday, October 18, 2016 4:28 PM
To: 'Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>'

CONFIDENTIAL

Cc: 'Jonathan.Agudelo@ropesgray.com<mailto:Jonathan.Agudelo@ropesgray.com>'; Levine, Sharon L.
Subject: FW: Gawker - Proposed Plan Language

Dear Greg:

In connection with the disclosure statement and proposed plan, we request that any release granted to the debtors through the plan also extend to any writer, employee, or independent contractor that provided services or content on behalf of the debtors. As currently drafted, the proposed plan sets forth the following:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, agents, officers, directors or principals, are permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the property of any of the Debtors, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the property of any of the Debtors, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the property of any of the Debtors, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors or the property of any of the Debtors, except as contemplated or allowed by the Plan, (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

We propose the following language to make it clear that the proposed release is also extended to any content provider:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, present or former independent contractors, present or former content providers, present or former writers, agents, officers, directors or principals (collectively, the "Associated Parties"), are permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, except as contemplated or allowed by the Plan, (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

In addition to the above, we request that the writers and independent contractors be included as a "Released Party" as defined on p. 10 of the plan.

"Released Party" means, each of, and solely in its capacity as such: (i) the Debtors and (ii) the Second Lien Lender, and (iii) with respect to each of the foregoing entities in clauses (i) and (ii), respective current and former directors, managers, officers, equity holders, principals, such entity's current and former members, current and former employees, current and former writers, current and former independent contractors, current and former content providers, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

Please let us know if the Debtors are amenable to the proposed language.

Should you have any questions, please feel free to contact us.

Thanks,

Dipesh Patel

Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com>
<image001.jpg>

"Saul Ewing LLP <http://saul.com<http://saul.com>>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If
you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or
retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~~~+

ROPES-GWK-00000070

Message

| | |
|---|---|
| **From:** | Levine, Sharon L. [slevine@saul.com] |
| **Sent:** | 10/28/2016 4:33:59 PM |
| **To:** | Galardi, Gregg [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Galardi, Gregge2e] |
| **CC:** | Patel, Dipesh [DPatel@saul.com]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3] |
| **Subject:** | Re: Gawker - Proposed Plan Language |

Please share your proposed new language. If we are getting third party releases along side the debtor parties we will waive. If it is just a release from the debtor to use but we can still be sued by third parties we might need to reserve our rights - but would still vote for the plan.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 9:09 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

It is the Third party release we will request to waive.  The Company will release affirmative claims against directors with certain exceptions (Denton for now), but will preserve all defenses to claims by employees and 1099s.  For example we do not believe that they all have indemnification or contribution claims and certainly not from GMGI or Gawker Hungary


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 12:07 PM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

We were both confused.

If we are included in the third party release then releasing or waiving our claims is an easier lift.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 9:05 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Not really.  The Debtors will release the employees and 1099s, but we are going to add a third party release, and both the Debtors release and a third party release will be based on people voting to accept the plan and waiving their claims against the company.  We will send you language and I have been having email correspondence with Sharon

CONFIDENTIAL

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Friday, October 28, 2016 11:53 AM
To: Galardi, Gregg; Levine, Sharon L.
Cc: McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: RE: Gawker - Proposed Plan Language

Gregg:

It appears that the debtors are accepting our request to include language releasing claims against
employees and independent contractors, but it is unclear to us who is giving that release.  If this is a
third-party release we are likely okay taking this language to a non-bankruptcy forum to have a case
dismissed in exchange for giving up the indemnification claims against the debtors.  However, as we read
the plan release language only the debtor estates are giving releases.  If this is the case, we might not
be able to give up our indemnification claims, if any.

Please give me a call to discuss.

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com


-----Original Message-----
From: Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
Sent: Friday, October 28, 2016 11:02 AM
To: Levine, Sharon L.
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: RE: Gawker - Proposed Plan Language

OK.  Not worried about incendiary.  I am sure the writers have a lot to say, but realize we are their
only chance to be out of this


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----

CONFIDENTIAL

ROPES-GWK-00000072

From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:50 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

If we have to file a placeholder it will be a non-incendiary reservation of rights. But we are trying to
reach the client by Monday in the hopes of making that unnecessary   Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 10:39 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

The problem is the agenda is due on Tuesday.  We can probably go to 11 am on Tuesday, but not longer.  We
will not be adjourning the DS hearing and will be filing a revised DS on Tuesday at or shortly after the
Agenda is filed.


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com



This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:37 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

As a procedural matter since we seem to be moving in the right direction would the debtors consider
extending our deadline to object to give us a little bit more time to work through these issues.

Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 7:22 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Understood.  Not trying to have them waive a wage claim or more routine stuff


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com



This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:22 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

Let us first coordinate on our side but we understand the request and just need to drill down a little
bit further on what other claims might be out there, if any.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 6:57 AM, Galardi, Gregg
<Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>> wrote:

I think we are prepared to extend the releases to the persons below, conditioned upon their (i) voting to
accept the plan and (ii) releasing any and all claims they have against the Debtors, whether for
contribution, indemnification or otherwise.

If you would like to have a call to discuss, please let me know, but we need consideration from them and
their giving up their claims against the company would be quid pro quo for this and "third party
releases"

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>


This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Thursday, October 27, 2016 10:02 PM
To: Galardi, Gregg; McGee, Alex
Cc: Levine, Sharon L.
Subject: Gawker - Proposed Plan Language


Gregg:

In connection with our call from earlier this week, we have confirmed that each of our clients were
either writers or independent contractors. Therefore, we request that the "Release Party" definition
set forth on page 10 of the proposed plan be amended to:

"Released Party" means, each of, and solely in its capacity as such: (i) the Debtors and (ii) the Second
Lien Lender, and (iii) with respect to each of the foregoing entities in clauses (i) and (ii), respective
current and former directors, managers, officers, equity holders, principals, such entity's current and
former members, current and former employees including, without limitation, current and former 1099
employees and current and former independent contractors, agents, advisory board members, financial
advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other
professionals.


Assuming the debtors are amenable to the proposed language, the Releases by the Debtors set forth in
Section 9.03 of the proposed plan would extend to current and former employees and current and former
independent contractors.

CONFIDENTIAL

Should you have any questions, please feel free to contact us.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com>
<image001.jpg>

From: Patel, Dipesh
Sent: Tuesday, October 18, 2016 4:28 PM
To: 'Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>'
Cc: 'Jonathan.Agudelo@ropesgray.com<mailto:Jonathan.Agudelo@ropesgray.com>'; Levine, Sharon L.
Subject: FW: Gawker - Proposed Plan Language

Dear Greg:

In connection with the disclosure statement and proposed plan, we request that any release granted to the debtors through the plan also extend to any writer, employee, or independent contractor that provided services or content on behalf of the debtors.  As currently drafted, the proposed plan sets forth the following:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, agents, officers, directors or principals, are permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the property of any of the Debtors, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the property of any of the Debtors, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the property of any of the Debtors, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors or the property of any of the Debtors, except as contemplated or allowed by the Plan, (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

We propose the following language to make it clear that the proposed release is also extended to any content provider:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, present or former independent contractors, present or former content providers, present or former writers, agents, officers, directors or principals (collectively, the "Associated Parties"), are permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the Associated Parties, except as contemplated or allowed by the Plan, (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

CONFIDENTIAL

**Respondents' Exhibit E**

Message

| | |
|---|---|
| **From:** | Levine, Sharon L. [slevine@saul.com] |
| **Sent:** | 10/28/2016 4:33:59 PM |
| **To:** | Galardi, Gregg [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Galardi, Gregge2e] |
| **CC:** | Patel, Dipesh [DPatel@saul.com]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3] |
| **Subject:** | Re: Gawker - Proposed Plan Language |

Please share your proposed new language. If we are getting third party releases along side the debtor parties we will waive. If it is just a release from the debtor to use but we can still be sued by third parties we might need to reserve our rights - but would still vote for the plan.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 9:09 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

It is the Third party release we will request to waive.  The Company will release affirmative claims against directors with certain exceptions (Denton for now), but will preserve all defenses to claims by employees and 1099s.  For example we do not believe that they all have indemnification or contribution claims and certainly not from GMGI or Gawker Hungary

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 12:07 PM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

We were both confused.

If we are included in the third party release then releasing or waiving our claims is an easier lift.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 9:05 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Not really.  The Debtors will release the employees and 1099s, but we are going to add a third party release, and both the Debtors release and a third party release will be based on people voting to accept the plan and waiving their claims against the company.  We will send you language and I have been having email correspondence with Sharon

CONFIDENTIAL

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Friday, October 28, 2016 11:53 AM
To: Galardi, Gregg; Levine, Sharon L.
Cc: McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: RE: Gawker - Proposed Plan Language

Gregg:

It appears that the debtors are accepting our request to include language releasing claims against
employees and independent contractors, but it is unclear to us who is giving that release. If this is a
third-party release we are likely okay taking this language to a non-bankruptcy forum to have a case
dismissed in exchange for giving up the indemnification claims against the debtors. However, as we read
the plan release language only the debtor estates are giving releases. If this is the case, we might not
be able to give up our indemnification claims, if any.

Please give me a call to discuss.

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com


-----Original Message-----
From: Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
Sent: Friday, October 28, 2016 11:02 AM
To: Levine, Sharon L.
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: RE: Gawker - Proposed Plan Language

OK. Not worried about incendiary. I am sure the writers have a lot to say, but realize we are their
only chance to be out of this


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

-----Original Message-----

CONFIDENTIAL

From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:50 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

If we have to file a placeholder it will be a non-incendiary reservation of rights. But we are trying to
reach the client by Monday in the hopes of making that unnecessary    Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 10:39 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

The problem is the agenda is due on Tuesday.  We can probably go to 11 am on Tuesday, but not longer.  We
will not be adjourning the DS hearing and will be filing a revised DS on Tuesday at or shortly after the
Agenda is filed.


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com



This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.
-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:37 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

As a procedural matter since we seem to be moving in the right direction would the debtors consider
extending our deadline to object to give us a little bit more time to work through these issues.

Thank you.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 7:22 AM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Understood.  Not trying to have them waive a wage claim or more routine stuff


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
http://www.ropesgray.com



This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

CONFIDENTIAL                                                                                    ROPES-GWK-00000073

-----Original Message-----
From: Levine, Sharon L. [mailto:slevine@saul.com]
Sent: Friday, October 28, 2016 10:22 AM
To: Galardi, Gregg
Cc: Patel, Dipesh; McGee, Alex; Martin, D. Ross; Sturm, Joshua
Subject: Re: Gawker - Proposed Plan Language

Let us first coordinate on our side but we understand the request and just need to drill down a little
bit further on what other claims might be out there, if any.

Sharon L. Levine
Saul Ewing LLP
973-286-6713 office
973-768-9861 mobile
Sent from my iPhone

On Oct 28, 2016, at 6:57 AM, Galardi, Gregg
<Gregg.Galardi.com<mailto:Gregg.Galardi@ropesgray.com>> wrote:

I think we are prepared to extend the releases to the persons below, conditioned upon their (i) voting to
accept the plan and (ii) releasing any and all claims they have against the Debtors, whether for
contribution, indemnification or otherwise.

If you would like to have a call to discuss, please let me know, but we need consideration from them and
their giving up their claims against the company would be quid pro quo for this and "third party
releases"

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi.com<mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>

This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.

From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Thursday, October 27, 2016 10:02 PM
To: Galardi, Gregg; McGee, Alex
Cc: Levine, Sharon L.
Subject: Gawker - Proposed Plan Language

Gregg:

In connection with our call from earlier this week, we have confirmed that each of our clients were
either writers or independent contractors.  Therefore, we request that the "Release Party" definition
set forth on page 10 of the proposed plan be amended to:

"Released Party" means, each of, and solely in its capacity as such: (i) the Debtors and (ii) the Second
Lien Lender, and (iii) with respect to each of the foregoing entities in clauses (i) and (ii), respective
current and former directors, managers, officers, equity holders, principals, such entity's current and
former members, current and former employees including, without limitation, current and former 1099
employees and current and former independent contractors, agents, advisory board members, financial
advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other
professionals.

Assuming the debtors are amenable to the proposed language, the Releases by the Debtors set forth in
Section 9.03 of the proposed plan would extend to current and former employees and current and former
independent contractors.

CONFIDENTIAL

Should you have any questions, please feel free to contact us.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com>
<image001.jpg>

From: Patel, Dipesh
Sent: Tuesday, October 18, 2016 4:28 PM
To: 'Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>'
Cc: 'Jonathan.Agudelo@ropesgray.com<mailto:Jonathan.Agudelo@ropesgray.com>'; Levine, Sharon L.
Subject: FW: Gawker - Proposed Plan Language

Dear Greg:

In connection with the disclosure statement and proposed plan, we request that any release granted to the
debtors through the plan also extend to any writer, employee, or independent contractor that provided
services or content on behalf of the debtors. As currently drafted, the proposed plan sets forth the
following:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as
expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all
entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors
and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not),
along with their respective present or former employees, agents, officers, directors or principals, are
permanently enjoined, on and after the Effective Date, from (i) commencing, conducting, or continuing in
any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without
limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting
the Debtors or the property of any of the Debtors, (ii) enforcing, levying, attaching (including, without
limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means,
whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the property
of any of the Debtors, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or
indirectly, any encumbrance of any kind against the Debtors or the property of any of the Debtors, (iv)
asserting any right of setoff, directly or indirectly, against any obligation due the Debtors or the
property of any of the Debtors, except as contemplated or allowed by the Plan, (v) acting or proceeding
in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the
Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

We propose the following language to make it clear that the proposed release is also extended to any
content provider:

9.02 - Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, except as
expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all
entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors
and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not),
along with their respective present or former employees, present or former independent contractors,
present or former content providers, present or former writers, agents, officers, directors or principals
(collectively, the "Associated Parties"), are permanently enjoined, on and after the Effective Date,
from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action,
or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral,
administrative or other forum) against or affecting the Debtors, the property of any of the Debtors, the
Associated Parties, or the property of any of the Associated Parties, (ii) enforcing, levying, attaching
(including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any
manner or means, whether directly or indirectly, any judgment, award, decree, or order against the
Debtors, the property of any of the Debtors, the Associated Parties, or the property of any of the
Associated Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or
indirectly, any encumbrance of any kind against the Debtors, the property of any of the Debtors, the
Associated Parties, or the property of any of the Associated Parties, (iv) asserting any right of setoff,
directly or indirectly, against any obligation due the Debtors, the property of any of the Debtors, the
Associated Parties, or the property of any of the Associated Parties, except as contemplated or allowed
by the Plan, (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or
comply with the provisions of the Plan, and (vi) taking any actions to interfere with the implementation
or consummation of the Plan.

CONFIDENTIAL

**Respondents' Exhibit F**

Message

| | |
|---|---|
| **From:** | Patel, Dipesh [DPatel@saul.com] |
| **Sent:** | 11/2/2016 7:56:40 PM |
| **To:** | Galardi, Gregg [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Galardi, Gregge2e]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3]; Levine, Sharon L. [slevine@saul.com] |
| **CC:** | Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b] |
| **Subject:** | RE: Amended Plan And Disclosure Statement |

Gregg:

Looking for some clarification in connection with 9.05. Currently reads:

**ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, PROVIDED, HOWEVER, THAT THE FOREGOING THIRD PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.**

What does "deemed to have received distribution(s)" mean? If there is a third party who has not filed a lawsuit or a proof of claim, is that party "deemed to have received a distribution" for the purposes of section 9.05?

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com



From: **Galardi, Gregg** [mailto:Gregg.Galardi@ropesgray.com]
Sent: Wednesday, November 02, 2016 3:03 PM
To: Sturm, Joshua; Patel, Dipesh; Levine, Sharon L.
Cc: Martin, D. Ross; McGee, Alex
Subject: RE: Amended Plan And Disclosure Statement

We will clean up the language. Any issues with your clients on the amended Plan? Thoughts on the 3d party release?

CONFIDENTIAL

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Sturm, Joshua
**Sent:** Wednesday, November 02, 2016 2:30 PM
**To:** Galardi, Gregg; Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Yes.

**Joshua Y. Sturm**
**ROPES & GRAY LLP**
T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Joshua.Sturm@ropesgray.com
www.ropesgray.com

**From:** Galardi, Gregg
**Sent:** Wednesday, November 02, 2016 2:29 PM
**To:** Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

I think so Josh?

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 2:28 PM
**To:** Galardi, Gregg; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

We see references to **"THE RELEASED EMPLOYEE PARTIES"** in section 9.02 of the Plan, but we do not see this as a defined term. Is **"THE RELEASED EMPLOYEE PARTIES"** meant to be "Released Employees and Independent Contractors" as defined on p. 12 of the plan?

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

**Saul Ewing**

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 12:10 PM
**To:** Levine, Sharon L.; Patel, Dipesh
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** Amended Plan And Disclosure Statement

We just filed Amended Plan and Disclosure Statement. Once you have reviewed, give me a call to discuss any issues.

Gregg

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

"Saul Ewing LLP <saul.com>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+

ROPES-GWK-00000177

**Respondents' Exhibit G**

| Message | |
|---|---|
| **From:** | Galardi, Gregg [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GALARDI, GREGGE2E] *→ Sent before email to UCC.* |
| **Sent:** | 11/2/2016 10:06:40 PM |
| **To:** | Patel, Dipesh [DPatel@saul.com]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3]; Levine, Sharon L. [slevine@saul.com] |
| **CC:** | Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b] |
| **Subject:** | RE: Amended Plan And Disclosure Statement |

Dipesh: Here is the problem and you tell me how you want to address.

1. I cannot say that the third parties received a distribution if not proof of claim.
2. So, we have three options:

    a. A try to bind everyone – but then no consideration to some, Judge will likely not approve and if he doesn't I do not want the argument that their votes were based on consideration they did not receive and so need to resolicit

    b. We keep as is – likely your clients don't vote for the plan because of release of indemnity rights and claims that only partially protect them,

    c. drop third party releases altogether. Not desirable for you or us, because then I have to object to the indemnity claims

What would you like to do?

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 3:57 PM
**To:** Galardi, Gregg; Sturm, Joshua; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

Looking for some clarification in connection with 9.05. Currently reads:

**ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER**

ROPES-GWK-00000178

OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE THAT
ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS
DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR
INDEMNIFICATION OBLIGATIONS, PROVIDED, HOWEVER, THAT THE FOREGOING THIRD
PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT
CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT
EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND
RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR
INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND
OWING AS OF THE EFFECTIVE DATE.

What does "deemed to have received distribution(s)" mean? If there is a third party who has not filed a lawsuit or a proof of claim, is that party "deemed to have received a distribution" for the purposes of section 9.05?

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com



---

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 3:03 PM
**To:** Sturm, Joshua; Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

We will clean up the language. Any issues with your clients on the amended Plan? Thoughts on the 3d party release?


**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Sturm, Joshua
**Sent:** Wednesday, November 02, 2016 2:30 PM
**To:** Galardi, Gregg; Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Yes.


**Joshua Y. Sturm**
**ROPES & GRAY LLP**

T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Joshua.Sturm@ropesgray.com
www.ropesgray.com

---

**From:** Galardi, Gregg
**Sent:** Wednesday, November 02, 2016 2:29 PM
**To:** Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

I think so Josh?


**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

---

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 2:28 PM
**To:** Galardi, Gregg; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement


Gregg:

We see references to "**THE RELEASED EMPLOYEE PARTIES**" in section 9.02 of the Plan, but we do not see this as a defined term. Is "**THE RELEASED EMPLOYEE PARTIES**" meant to be "Released Employees and Independent Contractors" as defined on p. 12 of the plan?

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

**Saul Ewing**

---

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 12:10 PM
**To:** Levine, Sharon L.; Patel, Dipesh
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** Amended Plan And Disclosure Statement

We just filed Amended Plan and Disclosure Statement. Once you have reviewed, give me a call to discuss any issues.

CONFIDENTIAL

ROPES-GWK-00000180

Gregg

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.


"Saul Ewing LLP <saul.com>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+

CONFIDENTIAL

ROPES-GWK-00000181

**Respondents' Exhibit H**

Message

| | |
|---|---|
| **From:** | Patel, Dipesh [DPatel@saul.com] |
| **Sent:** | 11/2/2016 10:36:28 PM |
| **To:** | Galardi, Gregg [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Galardi, Gregge2e]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3] |
| **CC:** | Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Levine, Sharon L. [slevine@saul.com] |
| **Subject:** | RE: Amended Plan And Disclosure Statement |

Gregg:

Is section 9.02 subject to the third-party release set forth in 9.05? The way we read 9.02 is that any party who may hold a claim (regardless of whether a proof of claim is filed) is enjoined from commencing a lawsuit against the debtors and the released employees and independent contractors. If the injunction in 9.02 extends to the "released employees and independent contractors", we may be fine with the language of 9.05.

Please let us know.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

**Saul Ewing**

---

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 6:07 PM
**To:** Patel, Dipesh; Sturm, Joshua; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Dipesh: Here is the problem and you tell me how you want to address.

1. I cannot say that the third parties received a distribution if not proof of claim.
2. So, we have three options:

   a. A try to bind everyone – but then no consideration to some, Judge will likely not approve and if he doesn't I do not want the argument that their votes were based on consideration they did not receive and so need to resolicit
   b. We keep as is -- likely your clients don't vote for the plan because of release of indemnity rights and claims that only partially protect them,
   c. drop third party releases altogether. Not desirable for you or us, because then I have to object to the indemnity claims

What would you like to do?

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please
delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 3:57 PM
**To:** Galardi, Gregg; Sturm, Joshua; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

Looking for some clarification in connection with 9.05. Currently reads:

ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND
VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A
CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER
THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES
AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES,
DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR
UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN
LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION,
TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE
THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER,
AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, PROVIDED, HOWEVER, THAT THE
FOREGOING THIRD PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS
WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND
INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR
DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE
EFFECTIVE DATE.

What does "deemed to have received distribution(s)" mean? If there is a third party who has not filed a lawsuit or a
proof of claim, is that party "deemed to have received a distribution" for the purposes of section 9.05?

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

                                                          ROPES-GWK-00000191



**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 3:03 PM
**To:** Sturm, Joshua; Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

We will clean up the language. Any issues with your clients on the amended Plan? Thoughts on the 3d party release?

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Sturm, Joshua
**Sent:** Wednesday, November 02, 2016 2:30 PM
**To:** Galardi, Gregg; Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Yes.

**Joshua Y. Sturm**
**ROPES & GRAY LLP**
T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Joshua.Sturm@ropesgray.com
www.ropesgray.com

**From:** Galardi, Gregg
**Sent:** Wednesday, November 02, 2016 2:29 PM
**To:** Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

I think so Josh?

**Gregg M. Galardi**
**ROPES & GRAY LLP**

ROPES-GWK-00000192

T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

---

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 2:28 PM
**To:** Galardi, Gregg; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

We see references to **"THE RELEASED EMPLOYEE PARTIES"** in section 9.02 of the Plan, but we do not see this as a defined term. Is **"THE RELEASED EMPLOYEE PARTIES"** meant to be "Released Employees and Independent Contractors" as defined on p. 12 of the plan?

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

Saul Ewing

---

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 12:10 PM
**To:** Levine, Sharon L.; Patel, Dipesh
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** Amended Plan And Disclosure Statement

We just filed Amended Plan and Disclosure Statement. Once you have reviewed, give me a call to discuss any issues.

Gregg

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

CONFIDENTIAL

ROPES-GWK-00000193

"Saul Ewing LLP <saul.com>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~+

CONFIDENTIAL

ROPES-GWK-00000194

**Respondents' Exhibit I**

| Message | |
|---|---|
| **From:** | Galardi, Gregg [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GALARDI, GREGGE2E] |
| **Sent:** | 11/2/2016 10:38:28 PM |
| **To:** | Patel, Dipesh [DPatel@saul.com]; Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3] |
| **CC:** | Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Levine, Sharon L. [slevine@saul.com] |
| **Subject:** | RE: Amended Plan And Disclosure Statement |

If that solves the problem, I can make that change. Of course someone can come back and say they need relief from the injunction, but that is likely a lot of work and the statute of limitations is only a year from what I understand

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 6:36 PM
**To:** Galardi, Gregg; Sturm, Joshua
**Cc:** Martin, D. Ross; McGee, Alex; Levine, Sharon L.
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

Is section 9.02 subject to the third-party release set forth in 9.05? The way we read 9.02 is that any party who may hold a claim (regardless of whether a proof of claim is filed) is enjoined from commencing a lawsuit against the debtors and the released employees and independent contractors. If the injunction in 9.02 extends to the "released employees and independent contractors", we may be fine with the language of 9.05.

Please let us know.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

**Saul Ewing**

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 6:07 PM
**To:** Patel, Dipesh; Sturm, Joshua; Levine, Sharon L.

**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Dipesh: Here is the problem and you tell me how you want to address.

1.  I cannot say that the third parties received a distribution if not proof of claim.
2.  So, we have three options:

    a.  A try to bind everyone – but then no consideration to some, Judge will likely not approve and if he doesn't I do not want the argument that their votes were based on consideration they did not receive and so need to resolicit
    b.  We keep as is – likely your clients don't vote for the plan because of release of indemnity rights and claims that only partially protect them,
    c.  drop third party releases altogether. Not desirable for you or us, because then I have to object to the indemnity claims

What would you like to do?

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 3:57 PM
**To:** Galardi, Gregg; Sturm, Joshua; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

Looking for some clarification in connection with 9.05. Currently reads:

**ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, PROVIDED, HOWEVER, THAT THE FOREGOING THIRD**

ROPES-GWK-00000196

**PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.**

What does "deemed to have received distribution(s)" mean? If there is a third party who has not filed a lawsuit or a proof of claim, is that party "deemed to have received a distribution" for the purposes of section 9.05?

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

**Saul Ewing**

---

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 3:03 PM
**To:** Sturm, Joshua; Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

We will clean up the language. Any issues with your clients on the amended Plan? Thoughts on the 3d party release?


**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Sturm, Joshua
**Sent:** Wednesday, November 02, 2016 2:30 PM
**To:** Galardi, Gregg; Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Yes.


**Joshua Y. Sturm**
**ROPES & GRAY LLP**
T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Joshua.Sturm@ropesgray.com
www.ropesgray.com

ROPES-GWK-00000197

**From:** Galardi, Gregg
**Sent:** Wednesday, November 02, 2016 2:29 PM
**To:** Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

I think so Josh?

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 2:28 PM
**To:** Galardi, Gregg; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

We see references to **"THE RELEASED EMPLOYEE PARTIES"** in section 9.02 of the Plan, but we do not see this as a defined term. Is **"THE RELEASED EMPLOYEE PARTIES"** meant to be "Released Employees and Independent Contractors" as defined on p. 12 of the plan?

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

Saul Ewing

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 12:10 PM
**To:** Levine, Sharon L.; Patel, Dipesh
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** Amended Plan And Disclosure Statement

We just filed Amended Plan and Disclosure Statement. Once you have reviewed, give me a call to discuss any issues.

Gregg

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas

ROPES-GWK-00000198

New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

"Saul Ewing LLP <saul.com>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+

CONFIDENTIAL

ROPES-GWK-00000199

**Respondents' Exhibit J**

| Message | |
|---------|---|
| **From:** | Sturm, Joshua [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=STURM, JOSHUA7A3] |
| **Sent:** | 11/2/2016 10:46:09 PM |
| **To:** | Galardi, Gregg [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Galardi, Gregge2e]; Patel, Dipesh [DPatel@saul.com] |
| **CC:** | Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Levine, Sharon L. [slevine@saul.com] |
| **Subject:** | RE: Amended Plan And Disclosure Statement |

That's actually how we read the current language of 9.02 as well (i.e. without any changes). We'd also prefer not to make a change to 9.05 to draw further attention to the issue reduce the likelihood of getting that section approved. Let us know if you're ok with the language as drafted below (with the fix to pick up "released employees and independent contractors")?

-Josh

9.02 INJUNCTION AGAINST INTERFERENCE WITH PLAN. UPON THE ENTRY OF THE CONFIRMATION ORDER, EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN, THE CONFIRMATION ORDER, OR A SEPARATE ORDER OF THE BANKRUPTCY COURT, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR EQUITY INTERESTS IN ANY OR ALL OF THE DEBTORS AND OTHER PARTIES IN INTEREST (WHETHER PROOF OF SUCH CLAIMS OR EQUITY INTERESTS HAS BEEN FILED OR NOT), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, PRESENT OR FORMER INDEPENDENT CONTRACTORS, PRESENT OR FORMER CONTENT PROVIDERS, PRESENT OR FORMER WRITERS, AGENTS, OFFICERS, DIRECTORS OR PRINCIPALS ARE PERMANENTLY ENJOINED, ON AND AFTER THE EFFECTIVE DATE, FROM (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING, WITHOUT LIMITATION, ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER FORUM) AGAINST OR AFFECTING THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (II) ENFORCING, LEVYING, ATTACHING (INCLUDING, WITHOUT LIMITATION, ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR OTHERWISE RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (III) CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ENCUMBRANCE OF ANY KIND AGAINST THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (IV) ASSERTING ANY RIGHT OF SETOFF, DIRECTLY OR INDIRECTLY, AGAINST ANY OBLIGATION DUE THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, EXCEPT AS CONTEMPLATED OR ALLOWED BY THE PLAN, (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN, AND (VI) TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.

9.05 THIRD-PARTY RELEASES OF RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS. ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER

OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, PROVIDED, HOWEVER, THAT THE FOREGOING THIRD PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.


**Joshua Y. Sturm**
**ROPES & GRAY LLP**
T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Joshua.Sturm@ropesgray.com
www.ropesgray.com

**From:** Galardi, Gregg
**Sent:** Wednesday, November 02, 2016 6:38 PM
**To:** Patel, Dipesh; Sturm, Joshua
**Cc:** Martin, D. Ross; McGee, Alex; Levine, Sharon L.
**Subject:** RE: Amended Plan And Disclosure Statement

If that solves the problem, I can make that change. Of course someone can come back and say they need relief from the injunction, but that is likely a lot of work and the statute of limitations is only a year from what I understand


**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 6:36 PM
**To:** Galardi, Gregg; Sturm, Joshua
**Cc:** Martin, D. Ross; McGee, Alex; Levine, Sharon L.
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

Is section 9.02 subject to the third-party release set forth in 9.05? The way we read 9.02 is that any party who may hold a claim (regardless of whether a proof of claim is filed) is enjoined from commencing a lawsuit against the debtors and the released employees and independent contractors. If the injunction in 9.02 extends to the "released employees and independent contractors", we may be fine with the language of 9.05.

Please let us know.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426

CONFIDENTIAL

ROPES-GWK-00000201

DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com



---

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 6:07 PM
**To:** Patel, Dipesh; Sturm, Joshua; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Dipesh: Here is the problem and you tell me how you want to address.

1. I cannot say that the third parties received a distribution if not proof of claim.
2. So, we have three options:

    a. A try to bind everyone – but then no consideration to some, Judge will likely not approve and if he doesn't I do not want the argument that their votes were based on consideration they did not receive and so need to resolicit
    b. We keep as is – likely your clients don't vote for the plan because of release of indemnity rights and claims that only partially protect them,
    c. drop third party releases altogether. Not desirable for you or us, because then I have to object to the indemnity claims

What would you like to do?

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 3:57 PM
**To:** Galardi, Gregg; Sturm, Joshua; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

Looking for some clarification in connection with 9.05. Currently reads:

**ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH**

ROPES-GWK-00000202

**OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, PROVIDED, HOWEVER, THAT THE FOREGOING THIRD PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.**

What does "deemed to have received distribution(s)" mean? If there is a third party who has not filed a lawsuit or a proof of claim, is that party "deemed to have received a distribution" for the purposes of section 9.05?

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com



---

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 3:03 PM
**To:** Sturm, Joshua; Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

We will clean up the language. Any issues with your clients on the amended Plan? Thoughts on the 3d party release?


**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Sturm, Joshua
**Sent:** Wednesday, November 02, 2016 2:30 PM
**To:** Galardi, Gregg; Patel, Dipesh; Levine, Sharon L.

**Cc:** Martin, D. Ross; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Yes.

**Joshua Y. Sturm**
**ROPES & GRAY LLP**
T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Joshua.Sturm@ropesgray.com
www.ropesgray.com

**From:** Galardi, Gregg
**Sent:** Wednesday, November 02, 2016 2:29 PM
**To:** Patel, Dipesh; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

I think so Josh?

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3173
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

**From:** Patel, Dipesh [mailto:DPatel@saul.com]
**Sent:** Wednesday, November 02, 2016 2:28 PM
**To:** Galardi, Gregg; Levine, Sharon L.
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** RE: Amended Plan And Disclosure Statement

Gregg:

We see references to **"THE RELEASED EMPLOYEE PARTIES"** in section 9.02 of the Plan, but we do not see this as a defined term. Is **"THE RELEASED EMPLOYEE PARTIES"** meant to be "Released Employees and Independent Contractors" as defined on p. 12 of the plan?

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com

Saul Ewing

CONFIDENTIAL

ROPES-GWK-00000204

**From:** Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]
**Sent:** Wednesday, November 02, 2016 12:10 PM
**To:** Levine, Sharon L.; Patel, Dipesh
**Cc:** Martin, D. Ross; Sturm, Joshua; McGee, Alex
**Subject:** Amended Plan And Disclosure Statement

We just filed Amended Plan and Disclosure Statement. Once you have reviewed, give me a call to discuss any issues.

Gregg

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

"Saul Ewing LLP <saul.com>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+

ROPES-GWK-00000205

**Respondents' Exhibit K**

| Message | |
| --- | --- |
| **From:** | Galardi, Gregg [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GALARDI, GREGGE2E] |
| **Sent:** | 11/2/2016 11:39:21 PM |
| **To:** | Patel, Dipesh [DPatel@saul.com] |
| **CC:** | Sturm, Joshua [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sturm, Joshua7a3]; Martin, D. Ross [/o=Ropes & Gray/ou=RGEX/cn=Recipients/cn=RMartin]; McGee, Alex [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=McGee, William89b]; Levine, Sharon L. [slevine@saul.com] |
| **Subject:** | RE: Amended Plan And Disclosure Statement |

Yes  I thought that had happened but will  Much appreciated


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

-----Original Message-----
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Wednesday, November 02, 2016 7:12 PM
To: Galardi, Gregg
Cc: Sturm, Joshua; Martin, D. Ross; McGee, Alex; Levine, Sharon L.
Subject: Re: Amended Plan And Disclosure Statement

By change, we mean changing "the released employees" to "released employees and independent contractors" in 9.02.


Dipesh Patel
Saul Ewing LLP
Sent from my iPhone

On Nov 2, 2016, at 7:06 PM, Galardi, Gregg <Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>> wrote:

Without change?


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Wednesday, November 02, 2016 7:05 PM
To: Sturm, Joshua
Cc: Galardi, Gregg; Martin, D. Ross; McGee, Alex; Levine, Sharon L.
Subject: Re: Amended Plan And Disclosure Statement

Josh:

CONFIDENTIAL                                                          ROPES-GWK-00000223

With the change to 9.02, we are good with the language of 9.05.

Dipesh

Dipesh Patel
Saul Ewing LLP
Sent from my iPhone

On Nov 2, 2016, at 6:46 PM, Sturm, Joshua
<Joshua.Sturm@ropesgray.com<mailto:Joshua.Sturm@ropesgray.com><mailto:Joshua.Sturm@ropesgray.com>> wrote:

That's actually how we read the current language of 9.02 as well (i.e. without any changes).  We'd  also
prefer not to make a change to 9.05 to draw further attention to the issue reduce the likelihood of
getting that section approved.  Let us know if you're ok with the language as drafted below (with the fix
to pick up "released employees and independent contractors")?

-Josh

9.02        INJUNCTION AGAINST INTERFERENCE WITH PLAN.  UPON THE ENTRY OF THE CONFIRMATION ORDER, EXCEPT
AS EXPRESSLY PROVIDED IN THE PLAN, THE CONFIRMATION ORDER, OR A SEPARATE ORDER OF THE BANKRUPTCY COURT,
ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR EQUITY INTERESTS IN ANY OR ALL OF THE
DEBTORS AND OTHER PARTIES IN INTEREST (WHETHER PROOF OF SUCH CLAIMS OR EQUITY INTERESTS HAS BEEN FILED OR
NOT), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, PRESENT OR FORMER INDEPENDENT CONTRACTORS,
PRESENT OR FORMER CONTENT PROVIDERS, PRESENT OR FORMER WRITERS, AGENTS, OFFICERS, DIRECTORS OR PRINCIPALS
ARE PERMANENTLY ENJOINED, ON AND AFTER THE EFFECTIVE DATE, FROM (I) COMMENCING, CONDUCTING, OR CONTINUING
IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING,
WITHOUT LIMITATION, ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER FORUM) AGAINST OR
AFFECTING THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT
CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (II)
ENFORCING, LEVYING, ATTACHING (INCLUDING, WITHOUT LIMITATION, ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR
OTHERWISE RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE,
OR ORDER AGAINST THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT
CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (III)
CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ENCUMBRANCE OF
ANY KIND AGAINST THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT
CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (IV) ASSERTING
ANY RIGHT OF SETOFF, DIRECTLY OR INDIRECTLY, AGAINST ANY OBLIGATION DUE THE DEBTORS, THE PROPERTY OF ANY
OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE
RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, EXCEPT AS CONTEMPLATED OR ALLOWED BY THE PLAN, (V) ACTING
OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE
PROVISIONS OF THE PLAN, AND (VI) TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION
OF THE PLAN.

9.05        THIRD-PARTY RELEASES OF RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS.  ON THE EFFECTIVE
DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE
CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY
INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE
DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT
CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES,
CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR
UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE
OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE
TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR
WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION
OBLIGATIONS, PROVIDED, HOWEVER, THAT THE FOREGOING THIRD PARTY RELEASES WILL APPLY ONLY TO RELEASED
EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH
SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST
THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF
THE EFFECTIVE DATE.

Joshua Y. Sturm
ROPES & GRAY LLP
T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Joshua.Sturm@ropesgray.com<mailto:Joshua.Sturm@ropesgray.com><mailto:Joshua.Sturm@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>

CONFIDENTIAL                                                                          ROPES-GWK-00000224

This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.


From: Galardi, Gregg
Sent: Wednesday, November 02, 2016 6:38 PM
To: Patel, Dipesh; Sturm, Joshua
Cc: Martin, D. Ross; McGee, Alex; Levine, Sharon L.
Subject: RE: Amended Plan And Disclosure Statement

If that solves the problem, I can make that change.  Of course someone can come back and say they need
relief from the injunction, but that is likely a lot of work and the statute of limitations is only a
year from what I understand


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com><mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Wednesday, November 02, 2016 6:36 PM
To: Galardi, Gregg; Sturm, Joshua
Cc: Martin, D. Ross; McGee, Alex; Levine, Sharon L.
Subject: RE: Amended Plan And Disclosure Statement

Gregg:

Is section 9.02 subject to the third-party release set forth in 9.05?  The way we read 9.02 is that any
party who may hold a claim (regardless of whether a proof of claim is filed) is enjoined from commencing
a lawsuit against the debtors and the released employees and independent contractors.  If the injunction
in 9.02 extends to the "released employees and independent contractors", we may be fine with the language
of 9.05.

Please let us know.

Thanks,
Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com><mailto:dpatel@saul.com>
<image001.jpg>

From: Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]<mailto:[mailto:Gregg.Galardi@ropesgray.com]>
Sent: Wednesday, November 02, 2016 6:07 PM
To: Patel, Dipesh; Sturm, Joshua; Levine, Sharon L.
Cc: Martin, D. Ross; McGee, Alex
Subject: RE: Amended Plan And Disclosure Statement

Dipesh:  Here is the problem and you tell me how you want to address.


1.     I cannot say that the third parties received a distribution if not proof of claim.

2.     So, we have three options:


a.     A try to bind everyone — but then no consideration to some, Judge will likely not approve and if
he doesn't I do not want the argument that their votes were based on consideration they did not receive
and so need to resolicit

b.     We keep as is — likely your clients don't vote for the plan because of release of indemnity
rights and claims that only partially protect them,

                                                                      ROPES-GWK-00000225

c.      drop third party releases altogether.  Not desirable for you or us, because then I have to object to the indemnity claims

What would you like to do?

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com><mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Wednesday, November 02, 2016 3:57 PM
To: Galardi, Gregg; Sturm, Joshua; Levine, Sharon L.
Cc: Martin, D. Ross; McGee, Alex
Subject: RE: Amended Plan And Disclosure Statement

Gregg:

Looking for some clarification in connection with 9.05.  Currently reads:

ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE OR EXISTING ON OR PRIOR TO THE PETITION DATE THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, PROVIDED, HOWEVER, THAT THE FOREGOING THIRD PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.

What does "deemed to have received distribution(s)" mean?  If there is a third party who has not filed a lawsuit or a proof of claim, is that party "deemed to have received a distribution" for the purposes of section 9.05?

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com><mailto:dpatel@saul.com>
<image001.jpg>

From: Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]<mailto:[mailto:Gregg.Galardi@ropesgray.com]>
Sent: Wednesday, November 02, 2016 3:03 PM
To: Sturm, Joshua; Patel, Dipesh; Levine, Sharon L.
Cc: Martin, D. Ross; McGee, Alex
Subject: RE: Amended Plan And Disclosure Statement

We will clean up the language.  Any issues with your clients on the amended Plan?  Thoughts on the 3d party release?


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178

CONFIDENTIAL                                                    ROPES-GWK-00000226

1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com><mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>


This message (including attachments) is privileged and confidential. If you are not the intended
recipient, please delete it without further distribution and reply to the sender that you have received
the message in error.


From: Sturm, Joshua
Sent: Wednesday, November 02, 2016 2:30 PM
To: Galardi, Gregg; Patel, Dipesh; Levine, Sharon L.
Cc: Martin, D. Ross; McGee, Alex
Subject: RE: Amended Plan And Disclosure Statement

Yes.


Joshua Y. Sturm
ROPES & GRAY LLP
T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Joshua.Sturm@ropesgray.com<mailto:Joshua.Sturm@ropesgray.com><mailto:Joshua.Sturm@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>
From: Galardi, Gregg
Sent: Wednesday, November 02, 2016 2:29 PM
To: Patel, Dipesh; Levine, Sharon L.
Cc: Martin, D. Ross; Sturm, Joshua; McGee, Alex
Subject: RE: Amended Plan And Disclosure Statement

I think so  Josh?


Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com><mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Wednesday, November 02, 2016 2:28 PM
To: Galardi, Gregg; Levine, Sharon L.
Cc: Martin, D. Ross; Sturm, Joshua; McGee, Alex
Subject: RE: Amended Plan And Disclosure Statement


Gregg:

We see references to "THE RELEASED EMPLOYEE PARTIES" in section 9.02 of the Plan, but we do not see this
as a defined term.  Is "THE RELEASED EMPLOYEE PARTIES" meant to be "Released Employees and Independent
Contractors" as defined on p. 12 of the plan?

Dipesh

Dipesh Patel
Saul Ewing LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
DirectTel.: 973-286-6718
DirectFax: 973-286-6818
dpatel@saul.com<mailto:dpatel@saul.com><mailto:dpatel@saul.com>
<image001.jpg>

From: Galardi, Gregg [mailto:Gregg.Galardi@ropesgray.com]<mailto:[mailto:Gregg.Galardi@ropesgray.com]>
Sent: Wednesday, November 02, 2016 12:10 PM
To: Levine, Sharon L.; Patel, Dipesh
Cc: Martin, D. Ross; Sturm, Joshua; McGee, Alex
Subject: Amended Plan And Disclosure Statement

CONFIDENTIAL

We just filed Amended Plan and Disclosure Statement.  Once you have reviewed, give me a call to discuss any issues.

Gregg

Gregg M. Galardi
ROPES & GRAY LLP
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com><mailto:Gregg.Galardi@ropesgray.com>
http://www.ropesgray.com<http://www.ropesgray.com>

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.


"Saul Ewing LLP <http://saul.com<http://saul.com>>" made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~+

CONFIDENTIAL

ROPES-GWK-00000228

**Respondents' Exhibit L**

Message

| | |
|---|---|
| **From:** | Patel, Dipesh [Dipesh.Patel@saul.com] |
| **Sent:** | 9/28/2017 7:03:21 PM |
| **To:** | Galardi, Gregg [/o=Ropes & Gray/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Galardi, Gregge2e] |
| **CC:** | Levine, Sharon L. [Sharon.Levine@saul.com] |
| **Subject:** | Gawker |

Gregg:

Thanks for the support today.  Are you available for a call Monday morning, October 2, 2017?

Dipesh

Dipesh Patel
Saul Ewing Arnstein & Lehr LLP
Direct: 973-286-6718
Mobile: 908-296-0998
dipesh.patel@saul.com

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+

ROPES-GWK-00001221

**Respondents' Exhibit M**

Message
___

| From: | Galardi, Gregg [/O=ROPES & GRAY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GALARDI, GREGGE2E] |
| --- | --- |
| Sent: | 10/10/2017 7:19:26 PM |
| To: | Levine, Sharon L. [Sharon.Levine@saul.com]; Patel, Dipesh (Dipesh.Patel@saul.com) [Dipesh.Patel@saul.com] |
| Subject: | FW: Amended Plan And Disclosure Statement |

This is what we found and what I recall.  Distinction between injunction and release.  Assume this is the same email you had

-----Original Message-----
From: Galardi, Gregg
Sent: Wednesday, November 02, 2016 7:39 PM
To: Patel, Dipesh <DPatel@saul.com>
Cc: Sturm, Joshua <Joshua.Sturm@ropesgray.com>; Martin, D. Ross <Ross.Martin@ropesgray.com>; McGee, Alex <William.McGee@ropesgray.com>; Levine, Sharon L. <slevine@saul.com>
Subject: RE: Amended Plan And Disclosure Statement

Yes  I thought that had happened but will  Much appreciated


    Gregg M. Galardi
    ROPES & GRAY LLP
    T +1 212 596 9139 | M +1 917 434 3178
    1211 Avenue of the Americas
    New York, NY 10036-8704
    Gregg.Galardi@ropesgray.com
    www.ropesgray.com

-----Original Message-----
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Wednesday, November 02, 2016 7:12 PM
To: Galardi, Gregg
Cc: Sturm, Joshua; Martin, D. Ross; McGee, Alex; Levine, Sharon L.
Subject: Re: Amended Plan And Disclosure Statement

By change, we mean changing "the released employees" to "released employees and independent contractors" in 9.02.


Dipesh Patel
Saul Ewing LLP
Sent from my iPhone

On Nov 2, 2016, at 7:06 PM, Galardi, Gregg <Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>> wrote:

Without change?


    Gregg M. Galardi
    ROPES & GRAY LLP
    T +1 212 596 9139 | M +1 917 434 3178
    1211 Avenue of the Americas
    New York, NY 10036-8704
    Gregg.Galardi@ropesgray.com<mailto:Gregg.Galardi@ropesgray.com>
    http://www.ropesgray.com


This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-----Original Message-----
From: Patel, Dipesh [mailto:DPatel@saul.com]
Sent: Wednesday, November 02, 2016 7:05 PM

To: Sturm, Joshua
Cc: Galardi, Gregg; Martin, D. Ross; McGee, Alex; Levine, Sharon L.
Subject: Re: Amended Plan And Disclosure Statement

Josh:

With the change to 9.02, we are good with the language of 9.05.

Dipesh

Dipesh Patel
Saul Ewing LLP
Sent from my iPhone

On Nov 2, 2016, at 6:46 PM, Sturm, Joshua
<Joshua.Sturm@ropesgray.com<mailto:Joshua.Sturm@ropesgray.com><mailto:Joshua.Sturm@ropesgray.com>> wrote:

That's actually how we read the current language of 9.02 as well (i.e. without any changes). We'd also prefer not to make a change to 9.05 to draw further attention to the issue reduce the likelihood of getting that section approved. Let us know if you're ok with the language as drafted below (with the fix to pick up "released employees and independent contractors")?

-Josh

9.02        INJUNCTION AGAINST INTERFERENCE WITH PLAN. UPON THE ENTRY OF THE CONFIRMATION ORDER, EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN, THE CONFIRMATION ORDER, OR A SEPARATE ORDER OF THE BANKRUPTCY COURT, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR EQUITY INTERESTS IN ANY OR ALL OF THE DEBTORS AND OTHER PARTIES IN INTEREST (WHETHER PROOF OF SUCH CLAIMS OR EQUITY INTERESTS HAS BEEN FILED OR NOT), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, PRESENT OR FORMER INDEPENDENT CONTRACTORS, PRESENT OR FORMER CONTENT PROVIDERS, PRESENT OR FORMER WRITERS, AGENTS, OFFICERS, DIRECTORS OR PRINCIPALS ARE PERMANENTLY ENJOINED, ON AND AFTER THE EFFECTIVE DATE, FROM (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING, WITHOUT LIMITATION, ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER FORUM) AGAINST OR AFFECTING THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (II) ENFORCING, LEVYING, ATTACHING (INCLUDING, WITHOUT LIMITATION, ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR OTHERWISE RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (III) CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ENCUMBRANCE OF ANY KIND AGAINST THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, (IV) ASSERTING ANY RIGHT OF SETOFF, DIRECTLY OR INDIRECTLY, AGAINST ANY OBLIGATION DUE THE DEBTORS, THE PROPERTY OF ANY OF THE DEBTORS, THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, OR THE PROPERTY OF ANY OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS, EXCEPT AS CONTEMPLATED OR ALLOWED BY THE PLAN, (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN, AND (VI) TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.

9.05        THIRD-PARTY RELEASES OF RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS. ON THE EFFECTIVE DATE AND EFFECTIVE SIMULTANEOUSLY WITH THE EFFECTIVENESS OF THIS PLAN, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMITTED UNDER APPLICABLE LAW, EACH HOLDER OF A CLAIM OR EQUITY INTEREST THAT HAS RECEIVED OR IS DEEMED TO HAVE RECEIVED DISTRIBUTION(S) MADE UNDER THE PLAN SHALL BE DEEMED TO HAVE FOREVER RELEASED UNCONDITIONALLY EACH OF THE RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEBTS, RIGHTS, REMEDIES, CAUSES OF ACTION, AND LIABILITIES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE OR MAY BE BASED IN WHOLE OR IN PART UPON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE PETITION DATE THAT ARE NOT THE RESULT OF GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY A FINAL ORDER, AND FOR WHICH THE DEBTORS HAVE DEBTOR INDEMNIFICATION OBLIGATIONS, PROVIDED, HOWEVER, THAT THE FOREGOING THIRD PARTY RELEASES WILL APPLY ONLY TO RELEASED EMPLOYEES AND INDEPENDENT CONTRACTORS WHO VOTE IN FAVOR OF THE PLAN, AND ONLY TO THE EXTENT THAT EACH SUCH RELEASED EMPLOYEE AND INDEPENDENT CONTRACTOR WAIVES AND RELEASES ANY AND ALL OF ITS CLAIMS AGAINST THE DEBTORS FOR DEBTOR INDEMNIFICATION OBLIGATIONS, EXCEPT FOR ANY AMOUNTS ALREADY DUE AND OWING AS OF THE EFFECTIVE DATE.

Joshua Y. Sturm
ROPES & GRAY LLP
T +1 617 951 7926 | M +1 646 831 6496
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600

CONFIDENTIAL

ROPES-GWK-00001359