**Hearing Date**: March 14, 2019 at 10:00 a.m. (prevailing Eastern Time)
**Objection Deadline**: March 7, 2019 at 4:00 p.m. (prevailing Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

*Counsel to the Plan Administrator for the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                                                     :
In re:                                               :  Chapter 11
                                                     :
Gawker Media LLC, *et al.*,[1]                       :  Case No. 16-11700 (SMB)
                                                     :
            Debtors.                                 :  (Jointly Administered)
                                                     :
-----------------------------------------------------x

### NOTICE OF HEARING ON PLAN ADMINISTRATOR'S MOTION, ON BEHALF OF THE DEBTORS, FOR ENTRY OF ORDER AUTHORIZING DESTRUCTION OF BOOKS AND RECORDS

**PLEASE TAKE NOTICE** that, on June 10, 2016, Gawker Media LLC ("Gawker Media") filed a voluntary petition for relief under chapter 11, of title 11, of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that, on June 12, 2016, Gawker Media Group, Inc. ("GMGI") and Gawker Hungary, Kft. "v.a.", f/k/a Kinja, Kft. ("Gawker Hungary," and together with Gawker Media and GMGI, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, on the date hereof, William D. Holden, as the plan administrator (the "Plan Administrator") for the Debtors, filed the annexed *Plan Administrator's Motion, on Behalf of the Debtors, for Entry of Order Authorizing Destruction of Books and Records* (the "Motion").

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary, Kft. "v.a." (5056). The offices of the Debtors are located at 44 Lynden Street, Rye, New York 10580.

**PLEASE TAKE FURTHER NOTICE** that, a hearing on the Motion has been scheduled for **March 14, 2019 at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing") before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 723, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed electronically in text searchable portable document format (PDF) with the Court in accordance with General Order M-399 (General Order M-399 can be found at www.nysb.uscourts.gov, the official website for the Court), by registered users of the Court's case filing system and by all other parties in interest (with a hard-copy delivered directly to the Judge's Chambers), and be served in accordance with General Order M-399, and upon (i) Ropes & Gray LLP (US), 1211 Avenue of the Americas, New York, New York 10036 (Attn: Gregg M. Galardi, Esq. and Kimberly J. Kodis, Esq.) and (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Greg M. Zipes, Esq. & Susan Arbeit, Esq.), **so as to be actually received on or before 4:00 p.m. (prevailing Eastern Time) on March 7, 2019**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served, then such objection will be heard at the Hearing. Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no objection is timely filed, an order on the Motion, substantially in the form attached thereto, may be entered without a hearing.

Dated: February 25, 2019
New York, New York

                                        */s/ Gregg M. Galardi*
                                    ROPES & GRAY LLP
                                    Gregg M. Galardi
                                    Kimberly J. Kodis
                                    1211 Avenue of the Americas
                                    New York, New York 10036-8704
                                    Telephone: (212) 596-9000
                                    Facsimile: (212) 596-9090
                                    Email: Gregg.Galardi@ropesgray.com
                                                       Kimberly.Kodis@ropesgray.com

                                    *Counsel to the Plan Administrator for the Debtors*

**Hearing Date**: March 14, 2019 at 10:00 a.m. (prevailing Eastern Time)
**Objection Deadline**: March 7, 2019 at 4:00 p.m. (prevailing Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to the Plan Administrator for the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
Gawker Media LLC, *et al.*,[1]                        :    Case No. 16-11700 (SMB)
                                                      :
            Debtors.                                  :    (Jointly Administered)
                                                      :
------------------------------------------------------x

**PLAN ADMINISTRATOR'S MOTION, ON BEHALF OF THE DEBTORS, FOR ENTRY OF ORDER AUTHORIZING DESTRUCTION OF BOOKS AND RECORDS**

William D. Holden, as the plan administrator (the "Plan Administrator") for Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary, Kft. "v.a.", f/k/a Kinja, Kft. ("Gawker Hungary"), the debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), respectfully submits this motion (the "Motion"), pursuant to sections 105(a) and 554(a) of chapter 11, of title 11, of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the immediate destruction of books and records, which include, but are

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary, Kft. "v.a." (5056). The offices of the Debtors are located at 44 Lynden Street, Rye, New York 10580.

70114480_6

not limited to, those listed on **Exhibit B** of this Motion (the "Books and Records"). In support of the Motion, the Plan Administrator respectfully states the following:

## PRELIMINARY STATEMENT

1. During the ordinary course of the operation of the Debtors' business, the Plan Administrator generated, accumulated, and maintained substantial documentation, files, and other books and records. The Books and Records include, but are not limited to, G-Suite accounts, DropBox accounts, Basecamp accounts, QuickBooks accounts, and third party document and storage accounts. The Plan Administrator does not believe that any of the Books and Records are implicated in any current or anticipated future litigation.

2. The Books and Records are not only obsolete, but are voluminous and burdensome to the Plan Administrator insofar as the Plan Administrator continues to pay the costs associated with maintaining and storing such documents (the "Maintenance Costs"). The Maintenance Costs are approximately $8,000.00 to $9,000.00 per month. Further, the Plan Administrator anticipates dissolving the Debtors and closing the Cases within the next six months. Once the Debtors have been dissolved and the Cases are closed there will be no resources, financial or human, to maintain the Books and Records in perpetuity.

3. In light of the foregoing, the Plan Administrator has determined, in his sound business judgment that good cause exists to permit the destruction of the Books and Records.

## BACKGROUND

4. On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On August 22, 2016, the Court entered an order authorizing and approving the sale (the "Unimoda Sale") of substantially all of the Debtors' assets pursuant to that certain Asset

Purchase Agreement, dated August 10, 2016 (the "Unimoda APA"), by and among the Debtors and UniModa (the "UniModa"). Under the Unimoda APA, UniModa declined to acquire the Gawker.com website and certain related assets (the "Remaining Assets"), and the Debtors agreed not to undertake the sale of the Remaining Assets until March 2018.

6. On December 11, 2016, the Debtors filed the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 576] (the "Plan"), which incorporated that certain Settlement Agreement, dated December 9, 2016, by and between Mr. Terry Gene Bollea and the Debtors and which obligated the Plan Administrator to attempt to sell the Remaining Assets (the "Bollea Settlement"). *See* Plan § 4.01(c).

7. On December 22, 2016, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638] (the "Confirmation Order").

8. On March 17, 2017, the Plan went effective (the "Effective Date"). On the Effective Date, pursuant to section 1141(b) of the Bankruptcy Code, "all property of the estate of each Debtor not otherwise distributed or released . . . vest[ed] in that Debtor for the benefit of the holders of Claims against and Equity Interests." Plan § 4.06.

9. In early 2018, pursuant to the terms of the Plan, the UniModa APA, and the Bollea Settlement, the Plan Administrator initiated a sale process for the Remaining Assets. See *Plan Administrator's Motion for (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and Approving the Plan Administrator's, on Behalf of the Debtors, Entry Into the Stalking Horse Asset Purchase Agreement, (C) Approving Notice Procedures, (D) Scheduling a Sale Hearing and (E) Approving*

*Procedures for Assignment of Certain Contracts and (II) an Order (A) Authorizing the Sale of the Debtors' Gawker. Com Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Plan Administrator, on Behalf of the Debtors, to Assign Certain Executory Contracts of the Debtors* [Docket No. 1135].

10. On July 19, 2018, the Court entered an order authorizing and approving the sale of the Remaining Assets (the "BDG GMGI Sale," and together with the UniModa Sale, the "Sales") to BDG GMGI Acquisition, Inc.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007.

## RELIEF REQUESTED

12. By this Motion, the Plan Administrator hereby moves the Court, pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the immediate destruction of the Books and Records, including, without limitation, those listed on **Exhibit B** of this Motion.

## BASIS FOR RELIEF

**I.    Standard of Review**

13. In relevant part, section 105(a) of the Bankruptcy Code provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

-4-

14. Section 554(a) of the Bankruptcy Code permits a trustee or debtor in possession to abandon and destroy its interest in property of the estate if the property is "burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). *See* Fed. R. Bankr. P. 6007(a) (authorizing abandonment on advance notice); *see also In re Cult Awareness Network*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997) (the court must examine the trustee's decision to abandon property to ensure it reflects a business judgment made in good faith); *Sarf v. New York State Dept. of Health (In re Adelphi Hosp. Corp.)*, 579 F.2d 726, 727 (2d Cir. 1978) (affirming the decision authorizing a trustee to dispose of medical records that no longer benefited the estate).

15. A debtor's business judgment is satisfied where "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

16. Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts generally will not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Accordingly, courts are hesitant to interfere with corporate decisions and will uphold such decisions where they are attributable to any "rational business purpose." *In re Integrated Res., Inc.*, 147 B.R. at 656 (citations omitted). *See also In re Glob. Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003) ("[C]ourts are loathe to interfere with corporate decision absent a showing of bad faith, self-interest, or gross negligence.").

70114480_6

17. The Plan Administrator has inspected and/or reviewed all of the Books and Records, including, without limitation, those listed on **Exhibit B**, and determined that, to the best of the Plan Administrator's knowledge, the Books and Records have no value, are not necessary for winding down the Debtors businesses or for any regulatory or governmental purposes, and are not relevant to any known or reasonably foreseeable claims or litigation against the Debtors.

18. The UniModa Sale divested the Debtors of substantially all of their material assets.[2] The BDG GMGI Sale, which closed on July 25, 2018, divested the Debtors of the Remaining Assets. As such, the Books and Records are no longer necessary for the administration of these Cases or the wind down of the Debtors' operations. That is, the Books and Records do not have any value to the Debtors. If the Plan Administrator is required to maintain the Books and Records, the Maintenance Costs would constitute an unnecessary administrative expense to the Debtors.

19. Furthermore, no parties would be prejudiced by the destruction of the Books and Records. The Books and Records that are to be destroyed are obsolete.

## II. The Plan Provides for the Court's Retention of Post-Confirmation Jurisdiction over the Motion.

20. A bankruptcy court may exercise post-confirmation jurisdiction over a matter when two requirements are satisfied. *See Penthouse Media Grp. v. Guccione (In re Gen. Media, Inc.)*, 335 B.R. 66, 73-74 (Bankr. S.D.N.Y. 2005) (Bernstein, J.). First, "the matter must have a 'close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan or incorporated litigation trust agreement.'" *Id.* at 73 (quoting *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 168-69 (3d Cir. 2004)). Second, "the plan must provide for retention of jurisdiction over the dispute." *Id.* at 73-74.

---

[2] The UniModa Sale closed nearly two years ago, in September 2016.

-6-

70114480_6

21. Here, the Plan Administrator is seeking to destroy Books and Records in connection with the dissolution of the Debtors and the closing of the Debtors' Cases.

22. Second, pursuant to the Plan, the Court has jurisdiction over approval of the Motion. As set forth in Section 8.01 on the Plan,[3] the Court retained exclusive jurisdiction, to the extent legally permissible, *inter alia*:

> "to issue orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code." Plan § 8.01(h);

> "to make such determinations and enter such orders as may be necessary to effectuate all the terms and conditions of this Plan, including distributions from the Debtors." *See* Plan § 8.01(p).

23. Furthermore, the Confirmation Order provides that "the Court shall retain jurisdiction over the Bankruptcy Cases and all matters arising out of, or related to, the Bankruptcy Cases and the Plan." Confirmation Order ¶ 46.

24. As a result of the provisions contained within Section 8.01 of the Plan and the Confirmation Order, the Court retained jurisdiction to enter an order on this Motion.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

26. Notice of this Motion is being given to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Internal Revenue Service; (c) the United States Attorney for the Southern District of New York; (d) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (e) all other parties in interest in accordance with the procedures set

---

[3] Furthermore, Section 8.01 of the Plan provides that "[t]he foregoing [jurisdictional] list is illustrative only and not intended to limit in any way the Bankruptcy Court's exercise of jurisdiction." Plan § 8.01.

70114480_6

forth in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 93].

## CONCLUSION

27. WHEREFORE, the Plan Administrator respectfully requests entry of the Order granting the relief requested herein and such other and further relief as may be just and proper.

Dated: February 25, 2019
New York, New York

                                                    */s/ Gregg M. Galardi*
ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Gregg.Galardi@ropesgray.com
          Kimberly.Kodis@ropesgray.com

*Counsel to the Plan Administrator for the Debtors*

# Exhibit A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Gawker Media LLC, *et al.*,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 16-11700 (SMB)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE PLAN ADMINISTRATOR TO DESTROY
THE DEBTORS' BOOKS AND RECORDS**

Upon the motion (the "<u>Motion</u>")[2] of the Plan Administrator for entry of an order, pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, authorizing the destruction of the Debtors' books and records, including, without limitation, the books and records listed on **<u>Exhibit B</u>** of the Motion (the "<u>Books and Records</u>"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested pursuant to the Motion is in the best interests of the Debtors:

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED to the extent set forth herein.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary, Kft. "v.a." (5056). The offices of the Debtors are located at 44 Lynden Street, Rye, New York 10580.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

-2-

-3-

2. The Plan Administrator is authorized to immediately destroy, cause to be destroyed, or hire third parties to destroy the Books and Records.

3. The Plan Administrator is authorized to execute and deliver all instruments and documents and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

4. This Order shall be effective and enforceable immediately upon entry.

5. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____, 2019
       New York, New York

                    STUART M. BERNSTEIN
                    UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

## Books and Records

| Vendor | Type of Books and Records | Reason |
|---|---|---|
| G-Suite | Individual Google email, calendar, contacts, and document storage accounts of former employees of the Debtors' various business units, including, but not limited to, Gawker, Gizmodo, Kotaku, Jalopnik, Lifehacker, Deadspin, and Jezebel. | The Books and Records are obsolete, and maintaining the Books and Records is costly. The Books and Records unnecessarily consume storage space that could otherwise be used for an alternative purpose. |
| DropBox | Historical records saved to cloud accounts from all departments, including, but not limited to, legal and finance. | The Books and Records are obsolete, and maintaining the Books and Records is costly. The Books and Records unnecessarily consume storage space that could otherwise be used for an alternative purpose. |
| Basecamp | Archived communications among the Debtors' employees on messaging platform utilitzed for project management and other tasks.[1] | The Books and Records are obsolete, and maintaining the Books and Records is costly. The Books and Records unnecessarily consume storage space that could otherwise be used for an alternative purpose. |
| QuickBooks | Accounting information, including, but not limited to, sales and transactions, daily transactions, invoices, bill pay, payroll, and reports regarding tax filings. | The Books and Records are obsolete, and maintaining the Books and Records is costly. The Books and Records unnecessarily consume storage space that could otherwise be used for an alternative purpose. |

---

[1] These records were previously subject to a preservation order entered by the Sixth Judicial Circuit of Pinellas County, Florida that was lifted on February 8, 2017.