**Hearing Date**: August 27, 2019, at 10:00 a.m. (prevailing Eastern Time)
**Response Deadline**: August 20, 2019, at 4:00 p.m. (prevailing Eastern Time)

ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
Roy G. Dixon
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
Email: Gregg.Galardi@ropesgray.com
      Kimberly.Kodis@ropesgray.com
      Roy.Dixon@ropesgray.com

*Counsel to the Plan Administrator for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re: : Chapter 11
:
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
:
      Debtors. : (Jointly Administered)
:
---------------------------------------------------------x

**(NON-SUBSTANTIVE) OMNIBUS OBJECTION OF THE PLAN**
**ADMINISTRATOR, ON BEHALF OF THE DEBTORS, TO CERTAIN CLAIMS**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE IN THEIR ENTIRETY CERTAIN PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND SCHEDULE 2 ATTACHED TO EXHIBIT A**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, GREGG M. GALARDI, AT (212) 596-9000.**

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary, Kft. "v.a." (5056).  The Debtors' mailing addresses are c/o AlixPartners, Attn:  William D. Holden, 909 Third Avenue, 30th Floor, New York, NY 10022.

William D. Holden, as the plan administrator (the "Plan Administrator") for Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI"), and Gawker Hungary, Kft. "v.a.", f/k/a Kinja, Kft. ("Gawker Hungary"), the debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), hereby files this omnibus objection (the "Objection"), pursuant to section 502, of Title 11, of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) disallowing and expunging in its entirety the claim identified on **Schedule 1** to the Proposed Order (the "Late Filed Claim") because it was not timely filed and (ii) disallowing and expunging in its entirety the claim identified on **Schedule 2** to the Proposed Order (the "No Liability Claim") because the Debtors have no liability on account of the claim. In support of the Objection, the Plan Administrator submits the *Declaration of William D. Holden in Support of the (Non-Substantive) Omnibus Objection of the Plan Administrator, on Behalf of the Debtors, to Certain Claims* (the "Holden Declaration"), attached hereto as **Exhibit B**. In further support of the Objection, Plan Administrator respectfully represents as follows:

## BACKGROUND

1. On June 10, 2016 and continuing thereafter (the "Petition Date), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On July 14, 2016, the Court entered an order appointing Prime Clerk LLC ("Prime Clerk") as the notice and claims agent in the Cases [Docket No. 100]. Among other things, Prime Clerk is authorized to (i) receive, maintain, and record and otherwise administer the proofs of claim filed in the Cases and (ii) maintain the official claims register for the Debtors.

3.  On August 11, 2016, the Bankruptcy Court entered an order [Docket No. 168] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in the Cases. Specifically, among other things, the Court established December 9, 2016, for all governmental units (as such term is defined in section 101(27) of the Bankruptcy Code) asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date to file written proofs of claim (the "Governmental Units Bar Date").

4.  In accordance with the Bar Date Order, the Debtors provided written notice of the Governmental Units Bar Dates to all known potential creditors of the Debtors according to the Debtors' books and records. The Debtors also provided written notice of the Governmental Units Bar Date to each of the parties and entities identified as creditors on each of the Debtors' schedules, and, on September 14, 2016, the Debtors published notice of the Governmental Units Bar Date in the national edition of *USA TODAY* [Docket No. 271].

5.  On December 11, 2016, the Debtors filed the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 576] (the "Plan"). Pursuant to the Plan and on the Effective Date (as defined herein), the Debtors became managed by the Plan Administrator, the individual responsible for the liquidation of any remaining assets of the Debtors.

6.  On December 22, 2016, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638] (the "Confirmation Order").

7.  On March 17, 2017, the Plan went effective (the "Effective Date").

3

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

9. By the Objection, the Plan Administrator, on behalf of the Debtors, requests entry of the Proposed Order, attached hereto as **Exhibit A**, (i) disallowing and expunging in its entirety the Late Filed Claim identified on **Schedule 1** to the Proposed Order because it was not timely filed and (ii) disallowing and expunging in its entirety the No Liability Claim identified on **Schedule 2** to the Proposed Order because the Debtors have no liability on account of the claim.

## BASIS FOR RELIEF

### I. Standard of Review

10. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) provides that a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under Bankruptcy Code section 502(a). *See Vanegas v. Windsor Fed. Sav. & Loan Ass'n (In re Vanegas)*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 n.13 (Bankr. S.D.N.Y. 2000). To receive the benefit of *prima facie* validity, however, "the proof of claim must 'set forth facts necessary to support the claim.'" *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

11. A debtor has the duty to object to the allowance of any claim that is improper. *See* 11 U.S.C. § 1106(a)(1). A debtor may object to a claim on any ground that would be reason to

4

deny the claim outside of bankruptcy. *See* 11 U.S.C. § 502(b)(1); *Travelers Cas. & Sur. Co. of N. Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007). A party objecting to a claim must introduce evidence sufficient to rebut the presumption of validity afforded a properly filed proof of claim. *See In re Rockefeller Ctr. Props.*, 272 B.R. at 539; *Waterman Steamship Corp. v. Aguiar (In re Waterman Steamship Corp.)*, 200 B.R. 770, 774–75 (Bankr. S.D.N.Y. 1996). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by preponderance of the evidence." *See In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997). That is, the claimant must prove the claim, not sit back while the objector attempts to disprove it. *In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988).

**II.    The Late Filed Proof of Claim**

12.    The Plan Administrator has examined the Late Filed Claim, filed by the Commonwealth of PA - UCTS on July 7, 2017 for alleged liabilities that arose prior to the Petition Date (March 2015), and has determined that the claim was filed after the Governmental Units Bar Date and therefore should be disallowed and expunged in its entirety.

13.    As stated above, the Bar Date Order established December 9, 2016 as the Governmental Units Bar Date. The Plan Administrator, on behalf of the Debtors, objects to the Late Filed Claim because it (i) arose prior to the Petition Date, (ii) was subject to the Governmental Units Bar Date and (iii) was filed after the Governmental Units Bar Date. Moreover, the Plan Administrator believes that the claimant was provided adequate notice of the Governmental Units Bar Date.

14.    To allow the Late Filed Claim, absent the holder of the claim providing cause or sufficient justification (*e.g.*, excusable neglect) for the claim's lateness, will signal an inappropriate

opportunity for other creditors to seek authority to file late claims. To allow the Late Fled Claim would be to the detriment of holders of claims (and Equity Interest (as defined in the Plan), the ultimate recipients of remaining distributions, if any) who complied with the Bar Date Order and timely filed their claims by reducing the ultimate distribution to the holders of those claims.

### III. The No Liability Claim

15.     The Plan Administrator has examined the No Liability Claim, filed by the Michigan Department of Treasury on December 27, 2017 for alleged liabilities that arose between April 1, 2017 and September 30, 2017, and has determined that the Debtors did not have any employees or ongoing operations in Michigan during that timeframe. Moreover, the Debtors have no liability on account of the No Liability Claim because the alleged liabilities arose post-Effective Date.

### IV. The Plan Provides for the Court's Retention of Post-Confirmation Jurisdiction over the Objection

16.     A bankruptcy court may exercise post-confirmation jurisdiction over a matter when two requirements are satisfied. *See Penthouse Media Grp. v. Guccione (In re Gen. Media, Inc.)*, 335 B.R. 66, 73-74 (Bankr. S.D.N.Y. 2005) (Bernstein, J.). First, "the matter must have a 'close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan or incorporated litigation trust agreement.'" *Id.* at 73 (quoting *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 168-69 (3d Cir. 2004)). Second, "the plan must provide for retention of jurisdiction over the dispute." *Id.* at 73-74.

17.     Here, the Plan Administrator, on behalf of the Debtors, is seeking to object to the Late Filed Claim and the No Liability Claim in connection with the dissolution of the Debtors and the closing of the Cases. Specifically, the Plan Administrator anticipates dissolving the Debtors and closing the Cases within the next six months.

18. Second, pursuant to the Plan, the Court has jurisdiction over approval of the Objection. As set forth in Section 8.01 on the Plan,[2] the Court retained exclusive jurisdiction, to the extent legally permissible, *inter alia*:

> "to determine any and all objections to the allowance of Claims and Equity Interests, if any." *Plan* § 8.01(b);
>
> "to issue orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code." *Plan* § 8.01(h); and
>
> "to make such determinations and enter such orders as may be necessary to effectuate all the terms and conditions of this Plan, including distributions from the Debtors." *Plan* § 8.01(p).

19. Furthermore, the Confirmation Order provides that "the Court shall retain jurisdiction over the Bankruptcy Cases and all matters arising out of, or related to, the Bankruptcy Cases and the Plan." *Confirmation Order* ¶ 46.

20. Pursuant to the provisions contained within Section 8.01 of the Plan and the Confirmation Order, the Court retained jurisdiction to enter an order on the Objection.

## NO PRIOR REQUEST

21. No prior request for the relief sought in the Objection has been made to this or any other court.

## RESERVATION OF RIGHTS

22. Neither the filing of the Objection nor entry of the Proposed Order shall affect any rights of the Plan Administrator or any other party in interest in the Cases to further object to the Late Filed Claim and/or the No Liability Claim for any purposes, including, without limitation, allowance and distribution under the Plan or any rights of the holders of any claim to contest any objection.

---

[2] Furthermore, Section 8.01 of the Plan provides that "[t]he foregoing [jurisdictional] list is illustrative only and not intended to limit in any way the Bankruptcy Court's exercise of jurisdiction." *Plan* § 8.01.

7

23. The Plan Administrator reserves any and all rights to amend, supplement or otherwise modify the Objection and to file additional objections with respect to any and all claims filed in the Cases, including, without limitation, the Late Filed Claim and/or the No Liability Claim. The Plan Administrator also reserves any and all rights, claims, and defenses with respect to the Late Filed Claim and/or the No Liability Claim, and nothing included in or omitted from the Objection or the Proposed Order is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Plan Administrator with respect to the Late Filed Claim and/or the No Liability Claim.

## NOTICE

24. Notice of the Objection is being given to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Internal Revenue Service; (ii) the United States Attorney for the Southern District of New York; (iii) the Commonwealth of PA –UCTS; (iv) the Michigan Department of Treasury; (v) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (vi) all other parties in interest in accordance with the procedures set forth in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 93].

[*Remainder of page intentionally left blank*]

**CONCLUSION**

25. WHEREFORE, the Plan Administrator, on behalf of the Debtors, respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as may be just and proper.

Dated: July 25, 2019
New York, New York

/s/ Gregg M. Galardi
ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
Roy G. Dixon
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
Email: Gregg.Galardi@ropesgray.com
        Kimberly.Kodis@ropesgray.com
        Roy.Dixon@ropesgray.com

*Counsel to the Plan Administrator for the Debtors*