Presentment Date and Time:  October 30, 2019, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  October 23, 2019, at 4:00 p.m. (prevailing Eastern Time)

**ROPES & GRAY LLP**
Gregg M. Galardi
Kimberly J. Kodis
Roy G. Dixon
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
Email: Gregg.Galardi@ropesgray.com
           Kimberly.Kodis@ropesgray.com
           Roy.Dixon@ropesgray.com

*Counsel to the Plan Administrator for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
Gawker Media LLC, *et al.*,[1]                             :    Case No. 16-11700 (SMB)
                                                           :
                    Debtors.                               :    (Jointly Administered)
                                                           :
----------------------------------------------------------x

**PLAN ADMINISTRATOR'S, ON BEHALF OF THE DEBTORS, APPLICATION FOR ENTRY OF A FINAL DECREE CLOSING CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

William D. Holden, as the plan administrator (the "Plan Administrator") for Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI") and Gawker Hungary, Kft. "v.a.", f/k/a Kinja, Kft. ("Gawker Hungary"), the debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases, submits this application (the "Application") for entry of a final decree, substantially in the form attached hereto as **Exhibit A**, closing these chapter 11 cases.  In support of the Application, the Plan Administrator respectfully represents as follows:

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary, Kft. "v.a." (5056).  The offices of the Debtors are located at c/o Alix Partners, Attn: William D. Holden, 909 Third Avenue, 30th Floor, New York, New York 10022.

**Jurisdiction**

1.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to Article 8 of the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 576] (the "Plan"),[2] which was approved by the Confirmation Order (as defined herein), the Court retained jurisdiction to enter a final decree closing these chapter 11 cases. *Plan* § 8.01(m). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein is section 350(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

**Background**

3.  On June 10, 2016, Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 12, 2016, GMGI and Gawker Hungary each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.  On December 22, 2016, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.* [Docket No. 638] (the "Confirmation Order"), thereby confirming the Plan. The Plan was substantially consummated on March 17,

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Plan.

2

2017 (the "Effective Date"). As of the date hereof, the Debtors have resolved all outstanding prepetition claims and made all distributions on account of such claims in a manner consistent with the Plan. Additionally, there are no motions, contested matters or adversary proceedings that remain unresolved in these chapter 11 cases.

## Relief Requested

5. By this Application, the Plan Administrator respectfully requests that the Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing these chapter 11 cases.

## Basis for Relief

6. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. P. 3022.

7. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth non-exclusive factors for consideration in determining whether a case has been fully administered. In relevant part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all

3

>motions, contested matters, and adversary proceedings have been finally resolved.
>
>The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

FED. R. BANKR. P. 3022 advisory committee's note.

8. Courts generally use the six factors listed in the Advisory Committee Notes to determine whether a case has been fully administered. *See Schwartz v. Aquatic Dev. Grp., Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co.*, Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999). The six factors, however, are merely guidelines that may aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Kliegl Bros.*, 238 B.R. at 542; *Ericson v. IDC Servs., Inc. (In re IDC Servs., Inc.)*, 97 Civ. 3081 (TPG), 1998 U.S. Dist. LEXIS 13449, at *10–*11 (S.D.N.Y. Aug. 28, 1998) (noting that the factors provide a "flexible standard" and holding that the bankruptcy court, Bernstein, J., was not clearly erroneous in closing the debtors' chapter 11 cases when the plan had been confirmed and all disputed claims, save one, had been resolved); *In re SLI, Inc.*, No. 02–12608 (WS), 1113, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (stating that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed"). In addition to the factors set forth in the Advisory Committee Notes, bankruptcy courts have considered whether the plan of reorganization has been substantially consummated. *See In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997); *Walnut Assocs.*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).

9. Here, the Court entered the Confirmation Order on December 22, 2016 and such order is a final order. Following entry of the Confirmation Order, the Debtors worked diligently and in good faith to ensure that the conditions to the effectiveness of the Plan, as set forth in Article 6 of the Plan, were met, and on March 17, 2017, the Effective Date occurred and the Plan was substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

10. All property contemplated to be transferred or distributed pursuant to the Plan has been transferred or disbursed to all creditors entitled to such distributions. Among other things, the Debtors have:

- Paid outstanding fees due to the United States Trustee; *Plan* §§ 2.05(a)(ii), 2.06(a)(ii), 2.07(a)(ii);
- Paid outstanding fees due to professionals; *Plan* §§ 2.05(a)(iii), 2.06(a)(iii), 2.07(a)(iii);
- Paid holders of Allowed Administrative Claims, in full and final satisfaction and discharge of such holders' claims, Cash equal to the unpaid portion of such Allowed Administrative Claim; *Plan* §§ 2.05(a)(i); 2.06(a)(i); 2.07(a)(i);
- Paid, in full and final satisfaction and discharge of such holders' claims, Allowed Priority Tax Claims; *Plan* §§ 2.05(a)(iv); 2.06(a)(iv); 2.07(a)(iv);
- Resolved Claims of (i) each Debtor against the other Debtors; (ii) the Second Lien Lender against each Debtor with respect to the Second-Lien Make-Whole Claims; (iii) the Debtors and Bollea; and (iv) among certain creditors and each of the Debtors; *Plan* § 4.01 (Plan Settlements);
- Sold the Gawker.com Assets; *Plan* § 4.11; *Docket Nos.* 214 and 1153;
- All distributions have been made with respect to classified claims in accordance with the Plan; *Plan* §§ 3.01; 3.02; 3.03.
- Gawker Hungary and Gawker Media have had their existence terminated in accordance with the laws of Hungary and the State of Delaware, respectively, and all bank accounts have been closed.

11. Additionally, as of the date hereof, all motions, contested matters and adversary proceedings with respect to these chapter 11 cases have been resolved.

12. The Debtors also request that the Court close these chapter 11 cases in light of section 1930(a)(6) of title 28 of the United States Code, which requires that quarterly fees be paid

5

to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Such fees are a financial burden on the Debtors and approval of this Application would result in the Debtors saving more than $975.00 per quarter. As of the date hereof, the Debtors have paid all fees due and payable pursuant to section 1930(a)(6) of title 28 of the United States Code. The Debtors will make any final payments due to the Office of the United States Trustee in connection with the Application.

13. Based on the foregoing, ample justification exists for entry of a final decree closing certain of these chapter 11 cases. The United States Trustee has reviewed and supports the relief requested in this Application.

### The Closing Report

14. In accordance with the requirements of Local Bankruptcy Rule 3022-1, attached hereto as **Exhibit B** is a copy of the closing report (the "Closing Report"), which includes a summary of the fees and expenses awarded to the professionals retained by the Debtors during the chapter 11 case, as well as additional information regarding distributions made pursuant to the Plan. The Closing Report has been filed with the Clerk of the Court contemporaneously herewith and served upon the United States Trustee pursuant to Local Bankruptcy Rule 3022-1.

### No Prior Request

15. No prior request for the relief sought in this Application has been made to this or any other court.

### Notice

16. Notice of this Application is being given to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Internal Revenue Service; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) all other parties in interest in

accordance with the procedures set forth in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates* [Docket No. 93]. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Plan Administrator, on behalf of the Debtors, respectfully requests that the Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems appropriate.

Dated: New York, New York
October 16, 2019

By:  */s/ Gregg M. Galardi*
**ROPES & GRAY LLP**
Gregg M. Galardi
Kimberly J. Kodis
Roy G. Dixon
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Gregg.Galardi@ropesgray.com
Kimberly.Kodis@ropesgray.com
Roy.Dixon@ropesgray.com