UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
: 
In re: : Chapter 11
: 
Gawker Media LLC, *et al.*,[1] : Case No. 16-11700 (SMB)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**FINAL DECREE CLOSING CHAPTER 11 CASES PURSUANT TO
SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Upon the application (the "Application")[2] of William D. Holden, as the plan administrator (the "Plan Administrator") for Gawker Media LLC ("Gawker Media"), Gawker Media Group, Inc. ("GMGI") and Gawker Hungary, Kft. "v.a.", f/k/a Kinja, Kft. ("Gawker Hungary"), the debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases, for entry of a final decree closing the Debtors' chapter 11 cases pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Article 8 of the *Amended Joint Chapter 11 Plan of Liquidation for Gawker Media Group, Inc., Gawker Media LLC, and Gawker Hungary Kft.*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no

---

[1] The last four digits of the taxpayer identification numbers of the Debtors are: Gawker Media LLC (0492); Gawker Media Group, Inc. (3231); and Gawker Hungary, Kft. "v.a." (5056). The offices of the Debtors are located at c/o Alix Partners, Attn: William D. Holden, 909 Third Avenue, 30th Floor, New York, New York 10022.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Application.

other or further notice need be provided; and the Court having reviewed the Application; and there being no timely objections to the requested relief, after due notice; and the Court hereby finding and determining that the (i) relief sought in the Application and granted herein is in the best interests of the Debtors, their estates and all parties in interest and (ii) legal and factual bases set forth in the Application demonstrate sufficient and just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is GRANTED, as set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules, the Debtors' chapter 11 cases are closed; *provided, however*, that the Court shall retain such jurisdiction as is provided in Article 8 of the Plan, which provides for the retention of the Court's exclusive jurisdiction over all matters arising out of, or related to, these chapter 11 cases and the Plan, and the entry of this Final Decree is without prejudice to the rights of the Debtors or any party in interest to seek to reopen these chapter 11 cases for good cause shown.

3. The Clerk of the Court shall provide an appropriate entry on the docket of Debtors' chapter 11 cases providing that a final decree has been entered in the Debtors' chapter 11 cases and that such bankruptcy cases are deemed closed as of the date hereof.

4. The Debtors shall reserve sufficient funds to pay the United States Trustee the appropriate amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid within twenty (20) days of the entry of this Final Decree. Upon the payment of such quarterly fees, the

Debtors simultaneously shall provide to the United States Trustee an affidavit indicating cash disbursements, if any, for the quarter in which this Final Decree is entered.

5. The appointment and services of Prime Clerk LLC (the "Claims Agent") as the notice and claims agent shall be terminated effective thirty (30) days from the entry of this Final Decree; *provided, however*, that the Claims Agent shall prepare final claims registers for the for the Clerk's Office of the Court (the "Clerk's Office") pursuant to the Judicial Conference Guidelines for the Implementation of section 156(c) of title 28 of the United States Code and shall box and transport original proofs of claim to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, Missouri 64064 or (ii) to such other place as requested by the Clerk's Office. The Claims Agent is authorized to shred or otherwise dispose of all noticing or other documents that have been returned by the United States Post Office or similar carrier as undeliverable mail.

6. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

7. To the extent that this Final Decree is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Final Decree shall govern.

8. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Application.

Dated: **November 6, 2019**
　　　　New York, New York

　　　　　　　　　　　　　　　　　　**/s/ STUART M. BERNSTEIN**
　　　　　　　　　　　　　　　　　　Stuart M. Bernstein
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge